**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| GREGORY GREENE, individually and on behalf of all others similarly situated, <br><br> *Plaintiff*, <br><br> v. <br><br> MTGOX INC., a Delaware corporation, MT. GOX KK, a Japanese corporation, TIBANNE KK, a Japanese corporation, and MARK KARPELES, an individual, <br><br> *Defendants*. | Case No. 1:14-cv-01437 <br><br> **DECLARATION OF ATTORNEY STEVEN WOODROW WITH RESPECT TO NOTICE OF MOTION FOR TEMPORARY RESTRAINING ORDER UNDER RULE 65(b)** |

I, Steven Woodrow, on oath declare:

1.      I am over the age of 18 and am fully competent to make this declaration. I am one of the attorneys at Edelson P.C. whose appointment as Class Counsel is sought in this matter. I make this declaration upon my personal knowledge.

2.      With respect to providing notice to the Defendants of the Motion for Temporary Restraining Order ("TRO") in accordance with Federal Rule of Civil Procedure 65(b), on March 4, 2014, two to three hours prior to filing the Motion for TRO, I placed a telephone call to counsel retained by Defendants in pending litigation in the W.D. Wash., leaving a message for Daniel Valles of Baker & McKenzie in Palo Alto, CA. I had tried to leave a message for Tod Gamlen directly but could not do so through the firm's automated phone tree. My message notified them of the filing, offered to send them a copy of filed documents, and requested that they advise us as to whether they would be representing Mt. Gox in the case;

3.      On March 5, 2014 (day after filing, 6 days before the hearing) I, together with staff at our law firm:

      a.      Emailed a copy of the filed documents and notice of hearing together with all exhibits to the Baker & McKenzie lawyers in Palo Alto, Tod Gamlen and Daniel Vallas, (*see* "Email to T. Gamlen" a true and accurate copy of which is attached as Ex. A)[1];

      b.      caused to be served by process server a hard copy of the filed motion, notice, and all exhibits on Defendant MTGox, Inc.'s registered agent in Delaware, (*see* "Proof of Service," a true and accurate copy of which is attached as Ex. B); and

      c.      caused a hard copy to be mailed to Defendants MtGox Co., Ltd./Mark Karpeles's address in Japan as it appears on the Mt. Gox website, MtGox Co., Ltd., Shibuya 2-11-5, Shibuya-ku, Tokyo, Japan, 150-0002 due to arrive no later than Sunday, March 9, 2014—2 days prior to the hearing (*see* "Tracking Information & Receipt, Tracking ID EK 095662775 US," a true and accurate copy of which is attached as Ex. C).

      4.      On March 6, 2014 (5 days before the hearing), I emailed a copy of the filed motion for TRO and notice of hearing, together with all exhibits, to counsel retained by Defendant Mt. Gox KK (a/k/a Mt. Gox Co. Ltd.) in their Japanese insolvency proceedings at Baker & McKenzie's Tokyo office—Junko Suetomi (junko.suetomi@bakermckenzie.com) and Hideyuki Yamamoto (Hideyuki.Yamamoto@bakermckenzie.com)—and Akio Shinomiya (a-shinomiya@yglpc.com) of Yodoyabashi and Yamagami LPC in Osaka. I again included attorney Gamlen on this email. (*See* "Mar. 6, 2014 Email," a true and accurate copy of which is attached as Ex. D.)

      5.      On March 9, 2014 (2 days before the hearing), I emailed a copy of the filed motion for TRO and notice of hearing, translated into Japanese, together with all exhibits, to

---

[1]     Baker & McKenzie attorneys Tod Gamlen and Daniel Vallas are attorneys of record in litigation pending in the Western District of Washington (*Coinlab Inc. v. Mt. Gox KK et al.*, 2:13-cv-00777-MJP) and their partners in Baker & McKenzie's Japan Office are handling Defendant Mt. Gox KK's insolvency proceeding.

counsel retained by Defendant Mt. Gox KK (a/k/a Mt. Gox Co. Ltd.) in their Japanese

insolvency proceedings at Baker & McKenzie's Tokyo office—Junko Suetomi

(junko.suetomi@bakermckenzie.com) and Hideyuki Yamamoto

(Hideyuki.Yamamoto@bakermckenzie.com)—and Akio Shinomiya (a-shinomiya@yglpc.com)

of Yodoyabashi and Yamagami LPC in Osaka. I again included attorney Gamlen on this email.

(*See* "Mar. 10, 2014 Email," a true and accurate copy of which is attached as Ex. E.)

6. In addition to the foregoing forms of direct notice, notice of the TRO has also

been made public through media reports, including in *The New York Times* online Dealbook

(available at URL http://dealbook.nytimes.com/2014/03/05/plaintiffs-in-suit-seek-to-freeze-mt-

goxs-u-s-assets/?_php=true&_type=blogs&_r=0) (last visited Mar. 7, 2014) and on Bloomberg

Technology (available at URL http://www.bloomberg.com/news/2014-03-05/bitcoin-holder-

greene-asks-court-to-freeze-mt-gox-assets-1-.html) (last visited Mar. 7, 2014).

6. On March 9, 2014, Mt. Gox Co., Ltd. commenced a case under Chapter 15 of the

Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Texas,

Dallas Division wherein they plainly acknowledge that they are aware that the instant Motion for

TRO/Preliminary Injunction has been filed. *See In re MtGox Co., Ltd*, Case No. 14-31229-15

(Bankr. N.D. Tex. Mar. 9, 2014).

Further affiant sayeth not.

I declare under penalty of perjury that the foregoing is true and correct. Executed this

10th day of March, 2014 in Denver, Colorado.


/s/ Steven L. Woodrow
Steven L. Woodrow