IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREGORY GREENE, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>MTGOX INC., a Delaware corporation, MT. GOX KK, a Japanese corporation, TIBANNE KK, a Japanese corporation, and MARK KARPELES, an individual,<br><br>        Defendants. | No. 14 C 1437<br><br>Judge Feinerman |

**TEMPORARY RESTRAINING ORDER**

Plaintiff Gregory Greene ("Greene" or "Plaintiff"), having filed this suit against Defendants MtGox Inc., Mt. Gox KK, Tibanne KK, and Mark Karpeles (collectively, with the exception of Mt. Gox KK, "Defendants"),[*] and having moved for a Temporary Restraining Order and Preliminary Injunction, and the court having considered the Complaint, declarations, exhibits, and memorandum of law filed in support of such motion, counsel for Plaintiff and Defendant Mt. Gox KK, and no counsel or other representative appearing on behalf of Defendants, and now being advised in the premises, the court finds that:

**FINDINGS**

1.      The court has jurisdiction over the subject matter of this case, and there is good cause to believe it will have jurisdiction over Defendants.

2.      Venue lies properly with this court.

---

[*]     As stated in the 3/11/2014 order (Doc. 31), this case is stayed as to Mt. Gox KK due to the bankruptcy proceeding in the Northern District of Texas (*see* Doc. 24). This Order imposes no obligations on Mt. Gox KK.

1

3.       Plaintiff has demonstrated a likelihood of success on the merits with respect to his claims under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*, common law fraud, for an accounting, and for his claims of negligence and conversion related to Defendants' provision or management of the Bitcoin exchange known as Mt. Gox.

4.       There is good cause to believe that immediate and irreparable damage to the court's ability to grant effective final relief for consumers in the form of monetary restitution will occur from the sale, transfer, assignment, or other disposition or concealment by Defendants of their assets or records, unless Defendants are immediately restrained and enjoined by this order.

5.       Weighing the equities and considering the Plaintiff's likelihood of ultimate success, this temporary restraining order ("TRO" or "Order") is in the public interest.

6.       Notice of the TRO motion was served in accordance with Federal Rule of Civil Procedure 65(b) and Defendants had notice of these proceedings, for the reasons stated on the record in open court.

7.       Plaintiff shall post bond in the amount of $5,000 to serve as security for this Order.  *See* Fed. R. Civ. P. 65(c).  The amount of the bond is subject to revision in light of the magnitude of the Assets frozen by this Order.

**DEFINITIONS**

1.       "Asset" or "Assets" means any legal or equitable interest in, right to, or claim to, any real or personal property, including, but not limited to, "goods," "instruments," "equipment," "fixtures," "general intangibles," "inventory," "checks," or "notes" (as these terms are defined in the Uniform Commercial Code), lines of credit, chattels, commodities, bitcoins, leaseholds, contracts, mail or other deliveries, shares of stock, lists of consumer names, accounts, credits, premises, receivables, funds, and all cash and Fiat Currency, wherever located.

2. "Bitcoin" means and refers to the internet commodity and method of peer-to-peer payments available for purchase on the Internet. The term "bitcoin" (lower case "b") means and refers to individual units of the commodity.

3. "Document" or "Documents" means any materials listed in Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate Document within the meaning of the term.

4. "Electronic data host" means any Person that stores, hosts, or otherwise maintains electronically stored information or computer equipment.

5. "Fiat Currency" means and refers to paper money issued by a government (i.e., U.S. dollars, Swiss francs, Russian ruble etc.) that may be held on a Bitcoin exchange or in a Member's bitcoin wallet.

6. "Internet service provider" means a company that provides third parties with access to the Internet.

7. "Mark Karpeles" refers to Mark Karpeles, the CEO of Mt. Gox KK and 88% owner of Tibanne KK, Mt. Gox KK's parent company.

8. "Person" means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

9. "Plaintiff's Counsel" means Edelson PC, attn. Jay Edelson, 350 North LaSalle Street, Suite 1300, Chicago, Illinois 60654.

10. "The Bitcoin exchange known as Mt. Gox" means the Internet website where Class Members could buy, sell, convert, and trade their bitcoins and Fiat Currency.

## I. ASSET PRESERVATION

**IT IS HEREBY ORDERED** that:

A. Defendants, and their officers, agents, servants, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, are hereby temporarily restrained and enjoined from directly or indirectly selling, transferring, alienating, liquidating, encumbering, pledging, loaning, assigning, concealing, dissipating, converting, withdrawing or making any other disposition of any assets or any interest therein, wherever located in the United States that are owned, controlled or held by, or for the benefit of, in whole or in part, Defendants, or in the actual or constructive possession of Defendants, other than those assets that are used for actual, ordinary, and necessary business or living expenses that Defendants reasonably incur.

B. The Assets affected by this Section shall include both existing assets and assets acquired after the effective date of this Order.

C. To the extent that Defendants withdraw, transfer, encumber, or otherwise dissipate Assets pursuant to Section I.A of this Order, they shall provide an accounting of their expenses to Plaintiff's Counsel for each calendar month.

## II. PRESERVATION OF WEBSITE, EXCHANGE DATA, RECORDS AND EQUIPMENT; REPORT OF NEW BUSINESS ACTIVITY

**IT IS FURTHER ORDERED** that immediately upon service of this Order upon them, Defendants, and their officers, agents, servants, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation,

subsidiary, division, or other device, or any of them, and any other Person served with a copy of this Order, shall

    A.    Prevent the destruction or erasure of any websites used by Defendants for the ownership, design, management, and maintenance of the Bitcoin exchange known as Mt. Gox by preserving such websites in the format in which they were maintained on February 24, 2014 prior to being shut down, if in fact the Persons subject to this Order have possession, custody, or control over such websites or over Persons with possession, custody, or control over such websites; and

    B.    Immediately notify Plaintiff's Counsel of all websites operated or controlled by Defendants.

Such Persons are hereby further temporarily restrained and enjoined from:

    C.    Failing to create and maintain books, records, accounts, bank statements, current accountants' reports, general ledgers, general journals, cash receipts ledgers, cash disbursements ledgers and source documents, documents indicating title to real or personal property, and any other data which, in reasonable detail, accurately, fairly, and completely reflect Defendants' income, and the disbursements, transactions, dispositions, and uses of Defendants' assets;

    D.    Destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any documents, including electronically stored materials and any data on mobile devices or other equipment used in the ownership, design, management, and maintenance of the Bitcoin exchange known as Mt. Gox, that relate in any way to: the business practices or business or personal finances of Defendants and Mt. Gox KK; the business practices or finances of entities directly or indirectly under the control of

Defendants or Mt. Gox KK; or the business practices or finances of entities directly or indirectly under common control of any other Defendant or Mt. Gox KK;

  E. Selling, transferring, destroying, damaging, altering, concealing, or otherwise disposing of, in any manner, directly or indirectly, any equipment used in the ownership, design, management, and maintenance of the Bitcoin exchange known as Mt. Gox; and

  F. Creating, operating, or exercising any control over any business entity, whether newly-formed or previously inactive, including any partnership, limited partnership, joint venture, sole proprietorship, or corporation, without first providing lawyers for the Plaintiff with a written statement disclosing: (1) the name of the business entity; (2) the address, telephone number, e-mail address, and website address of the business entity; (3) the names of the business entity's officers, directors, principals, managers, and employees; and (4) a description of the business entity's intended activities.

### III. EXPEDITED DISCOVERY

**IT IS FURTHER ORDERED** that in accordance with Federal Rules of Civil Procedure 30(a), 31(a), 34, and 45, and notwithstanding the provisions of Federal Rules of Civil Procedure 26(d) and (f), 30(a)(2)(A), and 31(a)(2)(A), Plaintiff is granted leave, at any time after entry of this TRO to:

  A. Take the deposition of any Person, whether or not a party, for the purpose of discovering the nature, location, status, and extent of the assets of Defendants and Defendants' affiliates and subsidiaries, whether or not located in the United States; the nature and location of documents reflecting the business transactions of Defendants and Defendants' affiliates and subsidiaries; the location of any premises where Defendants, directly or through any third party,

conduct business operations; the Defendants' whereabouts; and/or the applicability of any evidentiary privileges to this action; and

        B.      Demand the production of Documents from any Person, whether or not a party, relating to the nature, status, and extent of the assets of Defendants and Defendants' affiliates and subsidiaries whether or not located in the United States; the nature and location of documents reflecting the business transactions of Defendants and Defendants' affiliates and subsidiaries; the location of any premises where Defendants, directly or through any third party, conduct business operations; Defendants' whereabouts; and/or the applicability of any evidentiary privileges to this action.

        Five business days notice shall be deemed sufficient for any such deposition, and five business days notice shall be deemed sufficient for the production of any such Documents, including any Documents that are maintained or stored only as electronic data. The provisions of this Section shall apply both to parties to this case and to non-parties. The limitations and conditions set forth in Federal Rules of Civil Procedure 30(a)(2)(A)(ii) and 31(a)(2)(A)(ii) regarding subsequent depositions of an individual shall not apply to depositions taken in accordance with this Section. Any such depositions taken pursuant to this Section shall not be counted toward any limit on the number of depositions under the Federal Rules of Civil Procedure or this court's Local Rules, including those set forth in Federal Rules of Civil Procedure 30(a)(2)(A) and 31(a)(2)(A). Service of discovery upon a party, taken pursuant to this Section, shall be sufficient if made through the means described in Section V of this Order.

        C.      Any party or non-party may move for a protective order under Federal Rule of Civil Procedure 26(c) or move to quash or modify a subpoena under Federal Rule of Civil Procedure 45(d) to seek relief from any discovery requests served or subpoenas issued under the

authority of Section III. Any such motion shall be noticed for presentment on the second business day after its filing.

## IV. DISTRIBUTION OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy of this Order to each of their corporations, subsidiaries, affiliates, divisions, directors, officers, agents, partners, successors, assigns, employees, attorneys, agents, representatives, sales entities, sales persons, independent contractors, and any other Persons in active concert or participation with them. By March 21, 2014, each Defendant shall serve on Plaintiff's Counsel an affidavit identifying the name, title, address, telephone number, date of service, and manner of service of each Person Defendants served with a copy of this Order.

## V. SERVICE OF ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission, electronic mail, personal or overnight delivery, or by Priority or Certified U.S. Mail, by agents and employees of Plaintiff's Counsel, by any law enforcement agency, or by private process server, upon any Person that may have possession or control of any Document of Defendants, or that may be subject to any provision of this Order.

## VI. CONSUMER REPORTING AGENCIES

**IT IS FURTHER ORDERED** that, pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1), any consumer reporting agency may furnish a consumer or credit report concerning any Defendant to Plaintiff's Counsel.

## VII. DURATION OF THE TEMPORARY RESTRAINING ORDER

**IT IS FURTHER ORDERED** that the Temporary Restraining Order granted herein shall expire on March 25, 2014, at 11:30 am (Central Time), unless, within such time, for good

cause shown, the Order is extended, or unless, as to any Defendant, the Defendant consents that it should be extended for a longer period of time.

### VIII. SETTING OF STATUS CONFERENCE

**IT IS FURTHER ORDERED** that a status conference is set before the court (on the 21st floor of the Dirksen Federal Courthouse, 219 S. Dearborn Street, Chicago, Illinois 60604) for March 20, 2014, at 9:30 a.m.

### IX. CORRESPONDENCE WITH AND NOTICE TO PLAINTIFF

**IT IS FURTHER ORDERED** that, for purposes of this Order, all correspondence and pleadings to the Plaintiff shall be addressed to:

> Jay Edelson
> Edelson PC
> 350 North LaSalle St. Ste. 1300
> Chicago, Illinois 60654
> (312) 589-6375 [Telephone]
> (312) 589-6378 [Facsimile]

### X. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction on this matter for all purposes.

\* \* \* \*

**IT IS SO ORDERED**, this 11th day of March, 2014, at 11:30 a.m.

_____
United States District Judge