**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

GREGORY GREENE and JOSEPH LACK, individually and on behalf of all others similarly situated,

*Plaintiffs*,

v.

MTGOX INC., a Delaware corporation, MT. GOX KK, a Japanese corporation, TIBANNE KK, a Japanese corporation, MT. GOX NORTH AMERICA, INC., a New York corporation, MIZUHO BANK, LTD., a Japanese financial institution, MARK KARPELES, an individual, GONZAGUE GAY-BOUCHERY, an individual, JED MCCALEB, an individual, and JOHN DOE DEFENDANTS,

*Defendants*.

Case No. 1:14-cv-01437

Hon. Gary Feinerman

Magistrate Judge Susan Cox

**PLAINTIFFS' MOTION TO EXTEND TEMPORARY RESTRAINING ORDER**

Plaintiffs Gregory Greene and Joseph Lack ("Plaintiffs"), individually and on behalf of putative Classes of similarly situated individuals and in accordance with Federal Rule of Civil Procedure 65, hereby move the Court to extend the temporary restraining order ("TRO") currently in effect against Defendants Mark Karpeles, Tibanne KK and Mt. Gox Inc. ("Mt. Gox Defendants"), while the Court considers and rules upon Plaintiffs' forthcoming motion for a preliminary injunction against the Mt. Gox Defendants, Gonzague Gay-Bouchery, and Mt. Gox North America Inc. In support of their Motion, Plaintiffs state as follows:

## I. The Court's Entry of the TRO and Plaintiffs' Forthcoming Motion for Preliminary Injunction Against the Mt. Gox Defendants, Gonzague Gay Bouchery, and Mt. Gox North America.

1. On March 11, 2014, on Plaintiff Greene's motion, the Court entered a TRO against Defendants Mark Karpeles, Tibanne KK, and Mt. Gox Inc., which, *inter alia*, enjoined the disposition of any of their assets located in the United States and allowed Plaintiff Greene to conduct expedited discovery of Defendants and third parties. (*See* Dkt. 33.)

2. Plaintiff Greene's motion for a TRO was uncontested. The Court observed at the hearing that the affected Defendants "deliberately decided not to appear . . . and oppose [the TRO motion]." (March 11, 2014 Hearing Transcript ("TRO Hr'g Tr."), a true and accurate copy of which is attached hereto as Exhibit A, at 19:23 – 20:13, 24:9 – 17 (Also finding that "[t]he notice provided to the three-non-appearing defendants was sufficient [because] Mt. Gox, Inc., the Delaware corporation, was served [and] Mr. Karpeles and Tibanne KK certainly have notice of this proceeding through the involvement of Mt. Gox KK.").)

3. As such, in granting the TRO, the Court made several findings that were, in the Court's words, "good only for the purposes of [the] TRO and not good for anything else [because] the factual predicate is almost certainly going to change." (*See* TRO Hr'g Tr. at 24:24 – 25:9).

4. On March 17, 2014, Plaintiffs filed their Corrected First Amended Complaint, and named Gonzauge Gay-Bouchery, Mt. Gox North America Inc., Jed McCaleb, Mizuho Bank, Ltd., and John Doe Defendants as additional defendants, and added Joseph Lack as an additional named Plaintiff. (Dkt. 37.)

5. During a status conference held on March 20, 2014, the Court extended the TRO to April 8, 2014 at 11:30 a.m. (Dkt. 38.) At that time, Plaintiffs' counsel informed the Court that Plaintiffs (i) planned to move for a preliminary injunction; (ii) were, pursuant to the TRO,

continuing to gather facts in support of their claims from third party sources; and (iii) had received no responses from any of the Mt. Gox Defendants or other Parties to the discovery requests propounded by Plaintiffs on each of them, or pursuant to the express instructions of the TRO itself (*see* Dkt. 33 at §§ I.C, II.B., and IV).

6. Plaintiffs continue to gather and analyze evidence in support of their claims (i.e., evidence collected through subpoenas issued pursuant to the TRO and through the cooperation of other affected and interested parties) and will file a comprehensive—and in all likelihood uncontested—motion seeking a preliminary injunction against the Mt. Gox Defendants, Gonzague Gay-Bouchery, and Mt. Gox North America Inc. by April 7, 2014 or April 8, 2014.

## II. The Court Should Extend the TRO While it Considers Plaintiffs' Forthcoming Motion For Preliminary Injunction.

7. Plaintiffs request that the Court extend the TRO against the Mt. Gox Defendants while the Court considers, and until the Court rules upon, Plaintiffs' forthcoming motion for a preliminary injunction.

8. Federal Rule of Civil Procedure 65(b)(2) requires that TROs expire within 14 days unless a court, for good cause, extends the order "for a like period or the adverse party consents to a longer extension." *See H-D Michigan, LLC v. Hellenic Duty Free Shops S.A.*, 694 F.3d 827, 844 (7th Cir. 2012) ("In our view, the language of Rule 65(b)(2) and the great weight of authority support the view that 28 days is the outer limit for a TRO without the consent of the enjoined party, regardless of whether the TRO was issued with or without notice.").

9. Many courts have recognized that, consistent with Rule 65, "[w]hile TROs cannot be extended indefinitely, they can be extended pending a ruling on a motion for a preliminary

injunction."[1] *S.E.C. v. Comcoa Ltd.*, 887 F.Supp. 1521, 1526 (S.D. Fla. 1995) *aff'd sub nom. Levine v. Comcoa Ltd.*, 70 F.3d 1191 (11th Cir. 1995) (quoting *S.E.C. v. Unifund Sal*, 910 F.2d 1028, 1034 (2d Cir.1990)) ("Nothing in Rule 65 of the Federal Rules of Civil Procedure prevents a district court from continuing a TRO while reserving decision on a motion for a preliminary injunction.").

10. Accordingly, it is well-settled that courts may extend TROs during the pendency of a motion for a preliminary injunction by consent of the parties. *See, e.g.*, *Jackson v. N'Genuity Enterprises Co.*, 09 C 6010, 2011 WL 4628683, at *1 (N.D. Ill. Oct. 3, 2011) (noting that "counsel for all the parties expressly agreed to extend the TRO until ruling on the motion for preliminary injunction.").

11. And even without consent of the enjoined party, the Seventh Circuit "recognize[s] there will be cases where the maximum 28–day limit [of Rule 65(b)(2)] does not give the parties sufficient time to prepare for a preliminary injunction hearing, let alone time for the district court to decide it." *H-D Michigan*, 694 F.3d at 845 (7th Cir. 2012). In such cases, "[w]hen a TRO is extended beyond the 28-day limit without the consent of the enjoined party, it becomes in effect a preliminary injunction that is appealable, but the order remains effective." *Id.* at 844; *accord Jackson v. N'Genuity Enterprises Co.*, 09 C 6010, 2011 WL 4628683, at *1 (N.D. Ill. Oct. 3, 2011) (citing *Chicago United Industries, Ltd. v. City of Chicago,* 445 F.3d 940, 942 (7th Cir. 2006)); *United Airlines, Inc. v. U.S. Bank N.A.*, 406 F.3d 918, 923 (7th Cir. 2005)).

---

[1] Notably, other courts (including courts within the Seventh Circuit) have specifically extended TROs for the purpose of giving a plaintiff time to effect service through the Hague Convention—a process that can take months. *See, e.g.*, *H-D Michigan, LLC v. Hellenic Duty Free Shops S.A.*, No. 2:11-CV-00742, 2011 WL 4368418, at *1–2 (E.D. Wis. Sept. 19, 2011) (granting extension of temporary restraining order "for three or four months," until plaintiffs have effected service pursuant to the Hague Convention); *Almetals, Inc. v. Wickeder Westfalenstahl*, GMBH, No. 08-10109, 2008 WL 624067, at *2–3 (E.D. Mich. Mar. 6, 2008) (granting plaintiff's request to extend TRO until plaintiff could effect service through the Hague).

12. Here, because the Mt. Gox Defendants refuse to participate in this case in any way, Plaintiffs cannot extend (or seek to extend) the TRO by consent.

13. Nonetheless, the requested extension of the TRO is appropriate, even considering its effective, albeit temporary, conversion into a preliminary injunction. Because the Mt. Gox Defendants have continued to ignore this matter and refuse to participate in this case, the "factual predicate" supporting Plaintiff Greene's uncontested motion for a TRO has not been diminished in any way. (*See* TRO Hr'g Tr. at 25:6-9.) If anything, given Plaintiffs' fact gathering and other revelations, the facts supporting preliminary injunctive relief have only grown stronger. Accordingly, given that the elements required for temporary restraining orders and preliminary injunctions are identical in this District, *Bernina of America, Inc. v. Fashion Fabrics Int'l, Inc.*, No. 01 C 585, 2001 WL 128164, at *1 (N.D. Ill. Feb. 9, 2001); *Long v. Bd. of Educ., Dist. 128*, 167 F. Supp. 2d 988, 990 (N.D. Ill. 2001), there are well-founded legal and factual bases for the requested extension.[2]

14. Further, because an extension of the TRO past 11:30 a.m. on April 8, 2014 would convert the order into a preliminary injunction, the Mt. Gox Defendants are insulated against any prejudice that could potentially result from a one-sided, non-appealable order. Indeed, here, the Mt. Gox Defendants have the option of either appearing in the case and contesting this Motion,

---

[2] In fact, given the identical legal standards, identical factual predicates (at least with respect to the Defendants themselves), and the Mt. Gox Defendants' non-participation, there's nothing preventing the Court from entering a preliminary injunction now based on Plaintiffs' previous motion, (*see* Dkt. 8), which also sought a preliminary injunction (i.e., one that covers the duration of the litigation, rather than the limited period sought here). *See Esperanza Aviation 2007-Sky King, LLC v. City Skies*, *Inc.*, 09 C 5086, 2009 WL 2947228, at *1 (N.D. Ill. Sept. 14, 2009) (granting motion for preliminary injunction after noting that, "[a]lthough notified, neither defendant has participated in the hearings for the TRO, its extension, or the hearing for preliminary injunction[.] Plaintiff's affidavits, motions and briefs on all three occasions have been uncontested. Thus the facts are not contested."). However, and especially in light of this Court's concern about making rulings on a limited factual record, (*see* TRO Hr'g Tr. at 24:18 – 20), Plaintiffs wish to apprise the Court of their ongoing factual investigation and further demonstrate why the injunctive relief they seek is warranted through a separate memorandum of law.

or, if they later object to an interim TRO extension granted by the Court, immediately seeking appeal pursuant to 28 U.S.C. § 1292(a)(1). *See Commodity Futures Trading Comm'n v. Lake Shore Asset Mgmt. Ltd.*, 496 F.3d 769, 771 (7th Cir. 2007) ("A temporary restraining order that remains in force longer than 20 days[3] must be treated as a preliminary injunction, which allows an appeal under 28 U.S.C. § 1292(a)(1).").

15. Finally, just as the Court previously found "good cause to believe that immediate and irreparable damage to the [C]ourt's ability to grant effective final relief for consumers in the form of monetary restitution will occur from the sale, transfer, assignment, or other disposition or concealment by Defendants of their assets or records, unless Defendants are immediately restrained and enjoined," (Dkt. 33 at ¶ 4), allowing the TRO to lapse prior to the Court's ruling on Plaintiffs' forthcoming motion would likewise cause immediate and irreparable damage to the Plaintiffs and the Classes.

**WHEREFORE**, Plaintiffs respectfully request that this Court enter an order:

1. Granting this motion;

2. Extending the temporary restraining order previously entered by the Court (Dkt. 33) as against Defendants Mark Karpeles, Tibanne KK, and Mt. Gox Inc. until Plaintiffs' forthcoming motion for a preliminary injunction is considered and ruled upon; and

3. Granting such other and further relief as this Court deems necessary and proper.

//

//

//

[3] The 20-day rule changed with the 2009 amendment to Fed. R. Civ. P. 65.

Respectfully submitted,

**GREGORY GREENE and JOSEPH LACK**, individually and on behalf of all others similarly situated,

Dated: April 2, 2014

By: /s/ Benjamin S. Thomassen
One of Plaintiffs' Attorneys

Steven L. Woodrow
swoodrow@edelson.com
Megan Lindsey
mlindsey@edelson.com
EDELSON PC
999 18th Street, Suite 3000
Denver, Colorado 80202
Tel: 303.357.4878
Fax: 303.446.9111

Jay Edelson
jedelson@edelson.com
Christopher L. Dore
cdore@edelson.com
David I. Mindell
dmindell@edelson.com
Alicia Hwang
ahwang@edelson.com
Benjamin S. Thomassen
bthomassen@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Counsel for Plaintiffs and the Putative Classes*

**CERTIFICATE OF SERVICE**

I, Benjamin S. Thomassen, an attorney, hereby certify that I served the above and foregoing ***Motion to Extend Temporary Restraining Order***, by causing true and accurate copies of such paper to be transmitted to all counsel of record via the Court's CM/ECF electronic filing system on April 2, 2014

/s/ Benjamin S. Thomassen
Benjamin S. Thomassen