# Exhibit 2

David W. Parham
State Bar No. 15459500
John E. Mitchell
State Bar No. 00797095
2300 Trammell Crow Center
2001 Ross Avenue
Dallas, Texas 75201
Telephone: (214) 978-3000
Facsimile: (214) 978-3099
Email: david.parham@bakermckenzie.com
Email: john.mitchell@bakermckenzie.com

- and -

Erin E. Broderick *(pro hac vice pending)*
Illinois Bar No. 6295974
300 East Randolph Drive, Suite 5000
Chicago, Illinois 60602
Telephone: (312) 861-8000
Facsimile: (312) 861-2899
Email: erin.broderick@bakermckenzie.com

*Attorneys for the Petitioner Robert Marie Mark Karpeles,*
*Foreign Representative of MtGox Co., Ltd., a/k/a MtGox KK*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

|  |  |
|---|---|
| In re | ) Chapter 15 |
|  | ) |
| MtGox Co., Ltd.(a/k/a MtGox KK) | ) Case No. 14-_____ (___) |
|  | ) |
| Debtor in a Foreign Proceeding. | ) |
|  | ) |

## DECLARATION OF ROBERT MARIE MARK KARPELES

I, Robert Marie Mark Karpeles ("Karpeles"), pursuant to 28 U.S.C. § 1746, hereby

declare under penalty of perjury under the laws of the United States of America as follows:

1.  I am Chief Executive Officer and the sole Board Member of MtGox Co., Ltd., a/k/a MtGox KK (the "Debtor" or "MtGox"). As explained below, under the civil rehabilitation proceeding which application has been accepted by the Tokyo District Court, Twentieth Civil Division (the "Tokyo Court") on February 28, 2014 under Japanese law (the "Japan Proceeding"), I have the powers to act as MtGox's foreign representative in this Chapter 15 case (the "Petitioner"). Further this appointment has been duly reported to the supervisor/examiner appointed by the Tokyo Court to supervise the Japan Proceeding. All facts set forth in this declaration are based on: (i) my personal knowledge; (ii) my review of relevant documents; or (iii) my opinion based on my experience and knowledge of the Debtor's operations.

2.  I submit this declaration in support of: (i) MtGox's Verified Petition for Recognition and Chapter 15 Relief (the "Petition"); and (ii) MtGox's Application for Order Granting Provisional Relief, Scheduling Recognition Hearing, and Specifying Form and Manner of Notice (the "Application").[1]

## *MtGox's Business*

3.  MtGox is a Japanese corporation located in Tokyo, Japan. Until on or around February 25, 2014, it operated an online bitcoin exchange through the website mtgox.com. MtGox has operated this exchange since the summer of 2011. There were times during this period that MtGox was reported to be the largest online bitcoin exchange in the world, but that is no longer the case.

4.  Bitcoin is a form of digital currency that was first conceived of in 2008 by a person or group going by the name of Satoshi Nakamoto. The first actual bitcoin was created,

---

[1]  Any capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Petition or the Application, as applicable.

or "mined" in 2009. There are several ways in which a person can obtain bitcoin, including the following:

- o Bitcoins are "created" through a computer software algorithm which, at any point in time, resides on thousands of computers on the Internet. Persons who accept to certify bitcoin transactions over the bitcoin peer-to-peer network are remunerated by the issuance of a fixed number of bitcoins which evolves over time. The certification is done by the solving of an "algorithm" with the use of ever-more powerful computers. These persons are called "miners" and the process of obtaining bitcoin in this fashion is called "mining."

- o A person can also obtain bitcoins that have already been mined by buying them from another. These transactions can consist of "one-to-one" transactions between a buyer and seller. In addition, a person can buy or sell bitcoin through an online exchange, such as the exchange operated by MtGox on the mtgox.com website. In these exchange transactions, the buyer and seller create accounts at the exchange and then fund the account with currency funds, bitcoin or both. The user can then enter a buy or sell order online and the website will match the buy or sell order with one or more sell or buy orders. The buyer receives an increase in bitcoin in his/her account and the seller receives an increase in currency in his/her account. The bitcoin exchange receives a fee or commission for the transaction.

- o A person can also obtain and use bitcoin through commercial or merchant transactions; that is, a person can use bitcoin in certain circumstances to pay for goods and services.

5. Users store bitcoins in a digital "wallet" using either the software provided as part of the bitcoin software or a wallet provided by various providers. MtGox provides a wallet feature. A wallet can be materialized on a piece of paper and bitcoins need not be stored on a computer.

6. The MtGox exchange allowed persons with MtGox accounts to buy and sell bitcoin among themselves. In this regard, a person was to first open an account at MtGox and was assigned an account number. Once a user wanted to start buying or selling bitcoin on the mtgox website, he or she would need to "fund" the account with currency, bitcoin, or both. In addition, the account holder would be subject to "anti-money laundering" ("AML") procedures. Once the account was "funded," the account holder would have a "currency balance" in the

account, corresponding to the amount of currency he or she had a right to withdraw; and, a "bitcoin balance" in the account, corresponding to the amount of bitcoin he or she had a right to withdraw.

### MtGox's Capital Structure

7.     MtGox has approximately ¥6.5 billion ($63.9 million) in liabilities and approximately ¥3.84 billion ($37.7 million) of assets at present.  MtGox has no secured debt. Approximately 12% of the equity in MtGox is held by the developer of the initial MtGox software, Jed MacCaleb, with the remaining equity held by Tibanne Co., Ltd., aka Tibanne KK, a Japanese corporation located in Japan.

### Business Challenges

8.     The mtgox.com website has been subject to numerous attempts by persons to breach its security, create denial of service ("DOS") situations, or to otherwise "hack" the system, and this has been the case since MtGox started operating the website in July 2011.  In certain circumstances such attempts have led to the company shutting down the site for periods at a time.

9.     On February 7, 2014, all bitcoin withdrawals were halted by MtGox due to  the theft or disappearance of hundreds of thousands of bitcoins owned by MtGox  customers as well as MtGox itself.  The cause of the theft or disappearance is the subject of intensive investigation by me and others -- as of the present time I believe it was caused or related to a defect or "bug" in the bitcoin software algorithm, which was exploited by one or more persons who had "hacked" the bitcoin network.   On February 24, 2014, MtGox suspended all trading after internal investigations discovered a loss of 744,408 bitcoins presumably from this method of theft. These events caused among others MtGox to become insolvent and to file the Japan Proceeding.

*MtGox's Japan Proceeding and Civil Rehabilitation under the JCRA*

10.    In order to protect the MtGox business as a going concern and retain its value while MtGox investigates the theft of the bitcoins under its control and addresses security defects in the bitcoin exchange, MtGox filed a petition (the "Japan Petition") for the commencement of the Japan Proceeding in the Tokyo Court pursuant to Article 21(1) of the JCRA on February 28, 2014, reporting that the company had lost almost 750,000 of its customers' bitcoins, and around 100,000 of its own bitcoins, totaling around 7% of all bitcoins in the world, and worth around $473 million near the time of the filing.  The Japan Petition is attached hereto as **Exhibit A**.[2] The Japan Proceeding is a civil rehabilitation.  The purpose of a civil rehabilitation proceeding is to formulate a rehabilitation plan as consented to by a requisite number of creditors and confirmed by the court, to appropriately coordinate the relationships of rights between creditors and the debtor, with the aim of ensuring rehabilitation of the debtor's business or economic life. In addition to the petition for commencement, MtGox also filed applications for a temporary restraining order and for a comprehensive prohibition order which were issued by the Tokyo Court on February 28, 2014. At the same time, the Tokyo Court issued orders for the appointment of a supervisor and examiner (collectively, the "Tokyo Court Orders").  The Tokyo Court Orders are attached hereto, together with their English translation, as **Exhibits B**, **C**, **D**, and **E** respectively.

11.    The Tokyo Court appointed Mr. Nobuaki Kobayashi, a Japanese attorney, as MtGox's supervisor and examiner. Under the Tokyo Court Orders, the Debtor cannot execute any agreement with any third party without the consent of the supervisor and examiner. The Debtor however remains free to initiate or pursue any legal proceeding provided that the costs of

---

[2]    An English translation of the Japanese Petition will be submitted to the Court when available.

these proceedings be approved by the supervisor and examiner. On March 10, 2014, Mr. Kobayashi, pursuant to the powers conferred upon him by the Tokyo Court Orders, issued a consent allowing the Debtor to hire Baker & McKenzie to file this Chapter 15 case as counsel of Debtor, allowing the payment of Baker & McKenzie's fees and further acknowledging that this consent was granted at the condition that MtGox's sole Director and Chief Executive Officer, Mr. Karpeles, file this Chapter 15 case as the foreign representative of MtGox. A true and correct copy of the application for consent and the consent issued by Mr. Kobayashi is attached hereto, together with an English translation, as **Exhibit F**.

12. Under the current status of the Japan Proceeding, the supervisor/examiner does not have the powers to manage the assets of the Debtor. As a consequence, the current management of MtGox remains in place and is allowed to continue to operate its businesses as a debtor-in-possession. I understand that this is permitted under the JCRA and that MtGox has submitted the evidence legally required for the relief to be granted upon formal commencement.

13. I understand that the schedule for the Japan Proceeding will be determined by the Tokyo Court's commencement order, and that counsel has agreed to inform this Court of that schedule promptly after it is set.

14. I respectfully seek entry of an order (the "Recognition Order") recognizing me as MtGox's "foreign representative," as defined in 11 U.S.C. § 101(24), and recognizing the Japan Proceeding as a foreign main proceeding as defined in 11 U.S.C. §§ 1517(a) and (b)(1). I also seek, on an emergency basis, certain provisional relief pending recognition in order to, as set forth in the Declaration of Tod L. Gamlen ("Gamlen Declaration"), to preserve MtGox's assets and to allow MtGox a necessary breathing period for it to focus on its restructuring efforts

without the distraction that would result if certain litigation currently pending in the United States were allowed to proceed.

15.    When the Tokyo Court issues its final order approving MtGox's reorganization plan, I will seek this Court's assistance in enforcing such final order.

16.    Under the auspices of the Tokyo Court and with the ancillary assistance of this Court, the ultimate goal of the Japan Proceeding is to permit MtGox the breathing room necessary to address technical defects in its processing software, investigate the theft of bitcoins through its exchange, and confirm a rehabilitation plan.  To effectuate this goal, I respectfully request the relief requested in the Petition and in the Application.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is, to the best of my knowledge, information and belief, complete, true and correct.

Executed on this 10th of March, 2014
in Tokyo, Japan.

Robert Marie Mark Karpeles



再生手続開始申立書

平成２６年２月２８日

東京地方裁判所民事第２０部　民事再生係　御中

〒150‐0002　東京都渋谷区渋谷二丁目１１番５号
　　　　　　申立人株式会社ＭＴＧＯＸ

　　　　　　上記代表者代表取締役　カルプレス・マルク・マリ・ロベート

〒106‐0032　東京都港区六本木１－９－１０
　　　　　　アークヒルズ仙石山森タワー２８Ｆ　（送達場所）
　　　　　　ベーカー＆マッケンジー法律事務所　（外国法共同事業）
　　　　　　上記申立人代理人弁護士　　山　本　英　幸
　　　　　　　　　同　　　　　　　　　末　冨　純　子
　　　　　　電話：　０３－６２７１－９９００　（代表）
　　　　　　ＦＡＸ：０３－５５４９－７７３６ 

〒100‐0005　東京都千代田区丸の内２－３－２
　　　　　　郵船ビルディング４階
　　　　　　弁護士法人淀屋橋・山上合同
　　　　　　上記申立人代理人弁護士　　四　宮　章　夫
　　　　　　　　　同　　　　　　　　　川　井　一　将
　　　　　　電話：　０３－６２６７－１２４１
　　　　　　ＦＡＸ：０３－６２６７－１２１０

添付書類
１．資格証明書（疎明資料甲２と共通）
１．取締役決定書
１．委任状

1

EXHIBIT A

申　立　の　趣　旨

申立人について，再生手続を開始する。
との決定を求める。

申　立　の　理　由

第１　再生手続開始の原因となる事実
　　申立人（債務者）株式会社ＭＴＧＯＸ（以下「申立人」という。）の概要及
　び現在の資産・負債の状況は下記のとおりであるが，申立人は事業の継続に著
　しい支障をきたすことなく弁済期にある債務を弁済することができず，債務超
　過のおそれもあるため，破産原因が生じる恐れがある。なお，開始原因を生ず
　るに至った事情は後述する。

第２　債務者の概要
　１　会社の概要
　（１）商号
　　　　「株式会社ＭＴＧＯＸ」である。

　（２）会社の目的
　　　　①　ＩＴ（情報技術）システムの構築及びコンサルティング
　　　　②　インターネットのウェブコンテンツの開発,製作及びコンサルティン
　　　　　グ
　　　　③　コンピューター及びサーバーの企画，開発，設計
　　　　④　インターネットサイトの運営及び管理
　　　　⑤　前各号に附帯する一切の事業

　（３）株式及び資本の額
　　　　発行する株式の総数　　　　１万株
　　　　発行済株式総数　　　　　５００株
　　　　資本の額　　　　　　金５００万円

　（４）設立年月日
　　　　平成２３年８月９日

　（５）会社の株主

　　会社の株主は，下記の２名であり，申立人の代表者であるカルプレス・マルク・マリ・ロベート（以下「申立人代表者」という。）が発行済株式の１００％を保有する株式会社ＴＩＢＡＮＮＥ（以下「親会社」又は「ＴＩＢＡＮＮＥ」という。）が４４０株を有している（発行済み株式総数の８８％を保有）。

　　　　　　株式会社ＴＩＢＡＮＮＥ　　　４４０株（発行済株式の８８％）
　　　　　　Ｊｅｄ　ＭｃＣａｌｅｂ(個人) ６０株（発行済株式の１２％）

（６）会社の役員
　　代表取締役　カルプレス・マルク・マリ・ロベート
　　上記のとおり，申立人代表者は，親会社の代表取締役及び唯一の株主でもある。

（７）本店の所在地
　　東京都渋谷区渋谷二丁目１１番５号

２　申立人の事業内容
　　申立人の主たる事業は，仮想通貨であるビットコイン等の売買ができるオンライン交換取引所の運営である。

３　工場，営業所等の施設
　　会社の営業施設は，東京都渋谷区渋谷２丁目１１番５号（本店所在地）所在の本社事務所のみである。
　　同事務所は，親会社が賃借し，申立人は，ＴＩＢＡＮＮＥから賃借をしている。

４　従業員
　　申立人が直接雇用している従業員は存在せず，親会社と業務委託契約を締結し，親会社からサービスの提供を受けている。親会社の従業員（正社員，契約社員，アルバイト）は３２名である。

3

第3　申立人の資産と負債の状況
1　直近2期の貸借対照表
　　申立人の設立以降の貸借対照表は、提出した疎明資料のとおりであるが、その概要は以下の通りである。

(単位：千円)

| 貸借対照表 | H23.8.9～H24.3.31 | H24.4.1～H25.3.31 |
|---|---|---|
| 流動資産 | 95 | 3,838,803 |
| 資産合計 | 95 | 3,838,803 |
| 流動負債 | 21,232 | 3,831,393 |
| 負債合計 | 21,232 | 3,831,393 |
| 純資産合計 | ▲ 21,137 | 7,410 |
| 負債及び純資産合計 | 95 | 3,838,803 |

2　直近2期の損益計算書
　　申立人の設立以降の損益計算書は、提出した疎明資料のとおりであるが、その概要は以下の通りである。

(単位：千円)

| 損益計算書 | H23.8.9～H24.3.31 | H24.4.1～H25.3.31 |
|---|---|---|
| 売上高 | 0 | 135,072 |
| 売上総利益 | 0 | 131,085 |
| 営業利益（損失） | ▲ 26,138 | 21,205 |
| 経常利益金額 | 0 | 29,395 |
| 当期純利益（損失） | ▲ 26,137 | 28,548 |

3　資産の内容
　　申立人の資産の内容は，財産目録のとおりであり，主な資産の状況等は，以下のとおりである。
　（流動資産）
　（1）現金預金
　　申立人は，銀行及び支払サービス・プロバイダーに総額513,988,952円の現金・預金を有する。

　（2）BTC勘定
　　申立人の取引所におけるビットコイン交換取引により取引所の利用者（以下「ユーザー」という。）がビットコインを売ることにより，申立人は，その約0．6％のビットコインを手数料として得る。このようにして手数料と

4

して得たビットコインを「ＢＴＣ勘定」としてこれを資産に計上している。
申立時において約９０１百万円。

（３）棚卸資産
　　ＯＴＰカードが 18,627,790 円，Yubikey が 3,419,440 円，合計 22,047,230 円。

（４）前渡金
　　コンピュータに興味がある人を対象とした E LOGIC というフランスで行われるイベントに年１回参加しており，その前払い費用 7,968,000 円。

（５）短期貸付金
　　申立人が，申立人の関連会社に対して負担した費用，及びこれに対する貸付金。短期貸付金総額 801,249,564 円。

（６）他社預金
　　申立人の銀行口座以外のところにあるユーザーからの預り金であり，他社預金総額 1,384,057,302 円。

（固定資産）
（７）工具器具備品
　　　申立人の備品等の固定資産は，パソコン，ハードウェア・サーバー等合計 107,510,694 円。

（８）開発費
　　　開発費は，ソフトウェア開発費，ホーム・ページ開発費，モバイル電話開発費等が含まれる。合計 91,964,675 円

（９）敷金
　　　賃貸スペースの敷金 540,000 円。

（１０）差入保険金
　　　仮処分命令に基づく差押え
　　　10,586,875 円

　　資産合計　　　　　　　　　　　　　　　　　　　　　3,841,866,163 円

5

4 負債の内容
　　申立人の負債は以下のとおり。
（１）買掛金
　　　　買掛金の金額については，一部含まれていないものがあるが，概ね
　　は判明しており，その総額は 19,033,902 円。

（２）ＢＴＣ仮受金　　　　　　　　　　　　　　　901,952,870 円
　　　　同じ金額で，流動資産勘定がある。

（３）預り金　　　　　　　　　　　　　　　　　5,502,576,538 円
　　　　ユーザーから預かっている現金（ユーザーの数は約１２万７０００
　　人）。

第４　申立人の財産に関してされている他の手続または処分
１　日本国内の訴訟手続
　　　　事件番号　東京地方裁判所平成２５年（ワ）第３３８７２号　預り金
　　　　　　　　　返還請求事件
　　　　事件概要　ユーザー（個人）から約１０００万円の預託金の返還請求
　　　　　　　　　を受けているものである。

２　アメリカ合衆国での民事訴訟
　　　　申立人は，デラウェア州法人よりライセンス契約の債務不履行に基づ
　　く７５００万米ドルの賠償請求を受け，他方で，同法人に対して申立人
　　が５００万米ドルの返還を請求する訴訟がアメリカ合衆国（以下「米国」
　　という。）のワシントン西部地区合衆国地方裁判所にて継続中である。

３　米国国土安全保障省による預金差押え
　　　　米国の国土安全保障省から，申立人の関連会社の預金約５００万米ドル
　　の差押えを受けている。かかる預金は，申立人自身ではなく，申立人の関
　　連会社名義の預金ではあるが，その原資は申立人がユーザー（殆ど米国内
　　のユーザー）から預託を受けた資金である。

第５　労働組合の有無
　　　なし

第６　外国倒産処理手続きの有無

6

なし

第７　会社の設立または目的である事業について官庁その他の機関の許可
　　　なし

第８　関係会社
　　　　　申立人の関係会社は疎明資料のとおりであり，申立人の子会社が２社
　　　　存するほか，申立人の親会社であるＴＩＢＡＮＮＥには申立人以外の子
　　　　会社が多数存する。
　　　　　かかる法人は主に２つに分類することができ，１つめは，金融取引に
　　　　関する規制から日本国法人である申立人が金融機関口座を開設できない
　　　　国において金融機関口座を確保するために（申立人のユーザーは世界各
　　　　国に散らばっているため，ユーザーから預託を受けるために多くの金融
　　　　機関に保有する必要がある），当該国法に基づく法人として設立したも
　　　　のであり，２つめは，ビットコインのオンライン交換事業とは直接かか
　　　　わらない事業を行い又は行うことを目的に設立されている法人である。

第９　手続開始原因の存在
１　申立てに至る経緯
（１）申立人の設立について
　　　　　申立人の事業は，申立人の株主の１人であるＪｅｄ　ＭｃＣａｌｅｂが
　　　　ビットコインとの名称の仮想通貨をオンライン上（インターネット上）で
　　　　交換することができるソフトウェアを開発し，２０１０年（平成２２年）
　　　　頃にオンライン交換所を開設したことに端を発しており，２０１１年（平
　　　　成２３年）２月ごろ，ＴＩＢＡＮＮＥが，Ｊｅｄ　ＭｃＣａｌｅｂから，
　　　　オンライン交換取引事業（オンライン交換所に係るシステムのみならず，
　　　　顧客，保有するビットコインを含む）を譲り受け，平成２３年８月９日，
　　　　かかる事業の受け皿会社として申立人が設立された。
　　　　　かかる事業の譲渡の際に，ＴＩＢＡＮＮＥは，買収代金の一部を申立人
　　　　の株式６０株で支払ったため，申立人の株主はＴＩＢＡＮＮＥ及びＪｅｄ
　　　　ＭｃＣａｌｅｂとなっている。

（２）申立人の事業拡大
　　　　　ＴＩＢＡＮＮＥが事業を承継した直後の２０１１年（平成２３年）６月，
　　　　第三者からのハッキング攻撃を受け，ＴＩＢＡＮＮＥは，一時的にオンライ

ン交換機能を停止し，新たにソフトウェアを開発し，数週間後にオンライン交換を再開し，それ以降，急成長を遂げた。

申立人は，一時的に世界最大のビットコイン取引所へと成長した。

（３）申立人の事業に関するトラブル

２０１３年（平成２５年）５月，米国の国土安全保障省（U.S. Department of Homeland Security）（以下「ＤＨＳ」という。）により，申立人の関連会社（Mutum Sigillum LLC）の米国における金融機関口座及び資金送金業者の口座への預金約５００万ドルが差し押さえられた。

差押えの理由は，申立人が米国の資金移動業の資格を有していないというものであった。差し押さえを受けた金額の返還については，現在まで，半年以上交渉が継続しているが解決の目処は経っていない。

また，申立人は，米国における業法上の問題を解決するため，米国で協力企業を探し，２０１２（平成２４年）年１１月にＣｏｉｎＬａｂ　Ｉｎｃ.とライセンス契約を締結した。このライセンス契約は，米国での事業をライセンシーたるＣｏｉｎＬａｂ　Ｉｎｃ.へ移転することを目的とするものであり，移行を円滑に行うことを主たる目的として定められた一定期間経過後に事業を移転することとされていたが，ＣｏｉｎＬａｂ　Ｉｎｃ.は申立人のサイトとの通信連絡テストを利用して，同期間中にユーザーから膨大な資金を自分の銀行口座に集める不当な行為を行った。かかる資金の一部は申立人に返還されたが約５００万米ドルはまだ申立人に返還されていない。申立人は，現在，米国の裁判所において，ＣｏｉｎＬａｂ　Ｉｎｃ.と訴訟中であり，返還を受ける目途は立っていない。

（４）申立の契機となったトラブル

平成２６年２月初め頃，ビットコインの基礎ソフト（ビットコインの移転，認証，発掘等を管理するソフト）における「Transaction Malleability」と呼ばれるシステムのバグを悪用した不正アクセスにより，ビットコインの送金（ビットコインの引出）が正常に完了しない取引が増え，また，かかるバグを悪用した不正アクセスにより，ビットコインが不正に引き出されている可能性があることが判明した。申立人は，平成２６年２月１０日に，そのバグの影響をなくすべく，申立人のソフトのアップグレードを開発，テストするため，ビットコインの引出取引を停止した。なお，当該バグの存在そのものは２０１１年５月から既に認識されていたが，当該バグにより上記のような大量の正常に完了しない取引が発生されることは平成２６年１月末ごろま

ではなかったし，また，不正引き出しの危険性があることが認識されるようになったのは平成２６年１月末頃からである。

その後，申立人の調査によって大量のビットコインがなくなっていたことが分かり，正確な状況はいまでも判明していないものの，平成２６年２月２４日頃までに，ユーザーの取引履歴上のビットコイン保有高であるおよそ７５万ビットコイン，及び，申立人自身の取引履歴上の保有ビットコインである約１０万ビットコインのほぼ全てがなくなっていることが判明した。この７５万ビットコインを現実の通貨で換算する場合，申立人が交換サービスを停止した同月２５日の申立人の交換所における最終の交換レート（１ビットコイン＝１万３４７２．７９円）での換算で約１１４億６千万円となる。申立人は，なくなったビットコインは上記のバグが悪用により盗まれた可能性が高いと考えており，現在，刑事告訴の検討，手続を専門家に依頼している。

また，同月２４日，ユーザーからの現実の預り金の総額と，かかる預り金を管理している金融機関への預金残高の総額に多額の齟齬があり，預金残高が大幅に不足していること（金額は調査中であり変動する可能性が高いが最大約２８億円程度）が判明した。

申立人は上記問題の原因は現在調査中であるが，第三者によるハッキングによる被害を含めて，複数の原因があると見込まれるため，原因究明のためには過去の膨大な取引を調査する必要がある。そのため，現時点では，問題の原因はおろか，なくなったビットコインの総数や預り金残高に対して不足している預金残高の額も確定できていない。

申立人は，上記のビットコインの消失及び預り金残高と預金残高の齟齬が発覚したことから，平常の事業運営が困難であると判断し，同月２５日の昼頃（日本時間）に申立人のサイトへのアクセスを全面的に停止した。

2　支払不能，債務超過

上記事情に鑑みると，申立人の財産状況は，資産総額約３８億円に対し，申立人の流動負債が約６４億円となり，現時点で申立人が債務超過であることは明らかである。

また，上記のビットコインの消失や預金残高の不足が生じていることを公にした場合には，現実の通貨の引き出しの停止やオンライン交換サービスの停止により既に不安が生じている申立人の信用が急激に悪化し，ユーザーからの現実の通貨やビットコインの引き出しが殺到し，申立てがその全てを弁済することが不可能であることは明らかであり，申立人が事業に著しい支障を来すことなく弁済期にある債務を弁済できないこともまた明らかである。

第１０　再生計画案作成の方針についての申立人の意見

1　再建の方法

　　申立人の主たる収入源はオンライン交換所におけるビットコインの売買に際して得られる手数料収入（売主及び買主がそれぞれ売買金額のおよそ 0.6% を申立人に支払う）であるところ，申立人のオンライン交換所を利用するユーザーの中には，ビットコインを日常の資金決済方法として利用している者や，現実通貨との交換レートがオンライン交換所毎に異なることに着目して投機的な目的で交換取引を行う利用者も多数存することから，民事再生手続の申立てにより，申立人に預託した通貨やビットコインの使用，交換又は換金が不可能となったとしても，申立人のオンライン交換システムが再開され，かつ，経営者の交代によって業務への信頼を回復することができれば，申立人のオンライン交換所でビットコインの取引を再開し又は新たに開始する者は多数存すると見込んでいる。

　　よって，オンライン交換システムを問題なく再度稼働させることができれば，オンライン交換システムに資金を拠出する者を探すことは可能であるため，かかる者にオンラインシステムを承継することで事業を再生し，且つ，承継の対価として調達する資金によって再生債権に対する弁済原資を確保することが申立人の再生の方針である。

2　今後の資金繰りの予定

　　手許資金は十分に存するため資金繰りは問題がない。

3　債権者，従業員及び主要取引先の協力の見込み

（１）債権者について

　　債権者については，預託している通貨やビットコインの引き出しが不可能となったことに対しては相当の反発が予想される。

　　この点について，本件申立ての原因となったビットコインや預金の消失に関して，徹底的な調査を行って損害の実態，原因を究明し，損害の回復に向けた活動，捜査当局に対する被害申告及び捜査への協力を可能な限り行う必要があるが，かかる調査，損害回復に向けた活動，捜査機関への申告・協力等の活動を実施するとしても，事業の再開がほぼ不可能となる破産手続よりも，事業の再開を前提とする民事再生手続の方が，債権者の理解を得やすいことから，債権者の協力は見込めるものと思料している。

　　なお，一部報道によれば，菅義偉官房長官より，申立人については関係省庁で情報収集していて実態を把握して必要があれば対応するとの発言

10

が記者会見でなされたと報じられているが，申立人としては，捜査機関は
もちろんのこと，また，国内・国外を問わず関係機関から実態調査等の要
請があれば，全面的に協力して早期の実態究明に努める所存である。
（２）従業員，主要な取引先について
　　　親会社であるＴＩＢＡＮＮＥの協力は得られるため，従業員の協力につ
いての問題はない。また，申立人の取引先は，オンライン交換所を利用す
るユーザーが主であり，再生手続申立後に継続して協力を受けることに問
題はない。

疎明資料

| | |
|---|---|
| 甲１ | 定款 |
| 甲２ | 登記全部事項証明書 |
| 甲３ | 株主名簿 |
| 甲４，５ | 決算報告書及び勘定科目明細書 |
| 甲６ | 債権者一覧表（買掛金） |
| | （会員債権者についてはメールアドレスしかわからない者多数 |
| | 　あるため、精査の上で、追って提出する） |
| 甲７ | 財産目録 |
| 甲８ | 関係会社図 |

以上

平成２６年（再）第１２号　再生手続開始申立事件

決　　定

東京都渋谷区渋谷二丁目１１番５号
再生債務者　株式会社ＭＴＧＯＸ
代表者代表取締役　カルプレス・マルク・マリ・ロベート

主　　文

1　株式会社ＭＴＧＯＸについて監督委員による監督を命ずる。
2　監督委員として，次の者を選任する。
　　東京都千代田区紀尾井町３番１２号　紀尾井町ビル
　　長島・大野・常松法律事務所
　　弁護士　小林　信明
3　監督委員は，再生債務者が，民事再生法１２０条１項に規定する行為によって生ずべき相手方の請求権を共益債権とする旨の裁判所の許可に代わる承認をすることができる。
4　再生債務者が次に掲げる行為をするには，監督委員の同意を得なければならない。ただし，再生計画認可決定があった後は，この限りでない。
　(1) 再生債務者が所有又は占有する財産に係る権利の譲渡，担保権の設定，賃貸その他一切の処分（常務に属する取引に関する場合を除く。）
　(2) 再生債務者の有する債権について譲渡，担保権の設定その他一切の処分（再生債務者による取立てを除く。）
　(3) 財産の譲受け（商品の仕入れその他常務に属する財産の譲受けを除く。）
　(4) 貸付け
　(5) 金銭の借入れ（手形割引を含む。）及び保証
　(6) 債務免除，無償の債務負担行為及び権利の放棄
　(7) 別除権の目的である財産の受戻し
　(8) 事業の維持再生の支援に関する契約及び当該支援をする者の選定業務に関する契約の締結
5　再生債務者は，平成２６年２月２８日以降毎月末日締切りにより，再生債務者の業務及び財産の管理状況についての報告書をその翌月１０日までに当裁判所及び監督委員に提出しなければならない。
　　ただし，再生計画認可決定があった後は，この限りではない。

平成２６年２月２８日

東京地方裁判所民事第２０部

裁判長裁判官　鹿　子　木　　　康

裁判官　金　澤　秀　樹

裁判官　樋　口　正　樹

これは正本である。

同日同庁

裁判所書記官　櫻　庭　一　威　

EXHIBIT B

[translation]

2014 (rehabilitation) no. 12 Application for commencement of civil rehabilitation

DECISION

Shibuya 2-11-5, Shibuya-ku, Tokyo

Rehabilitation debtor MtGox Co., Ltd.

Representative Director Robert Marie Mark Karpeles

JUDGMENT

1. We order the supervision of MtGox Co., Ltd. to be conducted by a supervisor.

2. We hereby appoint as supervisor:

   Attorney-at-law Nobuaki Kobayashi

   Nagashima Ohno & Tsunematsu

   Kioicho Building, Kioicho 3-12, Chiyoda-ku, Tokyo

3. The supervisor shall be authorize to grant permission in lieu of the Court to the effect that the other party's claim arising from an act stipulated in Article 120.1 of the Civil Rehabilitation Law shall be a common benefit claim.

4. The rehabilitation debtor shall require the consent of the supervisor with regard to any of the acts listed below:

   (1) transfer of right, establishment of a security interest, lease or any other disposition with regard to properties held or owned by the rehabilitation debtor (except for transactions in the ordinary course of business)

   (2) transfer, establishment of security interests or any other disposition with regard to a claim of the rehabilitation debtor (except with regard to collection done by the rehabilitation debtor)

   (3) transfer of property (except for the purchase of products and other transactions done in the ordinary course of business)

   (4) lending

   (5) borrowing of money (including discounting of bills) and guarantees

   (6) discharge of debts, renunciation to rights or to assumptions of debts without consideration

   (7) redemption of the collateral for a right of separate satisfaction

(8)    execution of agreements which may assist in the maintenance or rehabilitation of the rehabilitation debtor's business and of agreements related to the selection of parties which may provide said assistance.

5.    From February 28, 2014 onward, the rehabilitation debtor shall submit to the Court and to the supervisor no later than on the 10th of the following month a written report on the situation of the business and the administration of the property of the rehabilitation debtor as of the end of each month.

February 28, 2014

Tokyo District Court 20th Civil Chamber

Head Judge    Yasushi Kanokogi

Judge    Hideki Kanazawa

Judge    Masaki Higuchi

This is an original.

Same date, same court

Court clerk    Kazui Sakuraba [seal]

平成２６年（再）第１２号　再生手続開始申立事件

決　　　　　定

東京都渋谷区渋谷二丁目１１番５号

再生債務者　株式会社ＭＴＧＯＸ

代表者代表取締役　カルプレス・マルク・マリ・ロベート

主　　　　　文

１　株式会社ＭＴＧＯＸについて調査委員による調査を命ずる。

２　調査委員として，次の者を選任する。

東京都千代田区紀尾井町３番１２号　紀尾井町ビル

長島・大野・常松法律事務所

弁護士　小林　信明

３　調査委員は，次の事項について調査し，その結果を平成２６年３月２８日までに書面で提出しなければならない。

(1)　再生手続開始の原因となる事実の有無

(2)　民事再生法２５条２号から４号までに掲げる事由の有無

(3)　再生債務者の業務及び財産の状況

(4)　その他裁判所が調査報告又は意見の陳述を求める事項

平成２６年２月２８日

東京地方裁判所民事第２０部

裁判長裁判官　　鹿　子　木　　　　康

裁判官　　金　澤　秀　樹

裁判官　　樋　口　正　樹

これは正本である。
平成２６年２月２８日
東京地方裁判所民事第２０部
裁判所書記官　櫻　庭　一　歳



EXHIBIT C

[translation]

2014 (rehabilitation) no. 12 Application for commencement of civil rehabilitation

DECISION

Shibuya 2-11-5, Shibuya-ku, Tokyo

Rehabilitation debtor MtGox Co., Ltd.

Representative Director Robert Marie Mark Karpeles

JUDGMENT

1. We order an investigation of MtGox Co., Ltd. to be conducted by an examiner.

2. We hereby appoint as examiner:

Attorney-at-law Nobuaki Kobayashi

Nagashima Ohno & Tsunematsu

Kioicho Building, Kioicho 3-12, Chiyoda-ku, Tokyo

3. The examiner shall investigate the following matters and report in writing its findings no later than on March 28, 2014:

(1) Existence of a cause for commencement of civil rehabilitation

(2) Existence of causes listed in Article 25.2(2) to (4) of the Civil Rehabilitation Law

(3) Situation of the business and properties of the rehabilitation debtor

(4) Other matters of report or opinion requested by the Court.

February 28, 2014

Tokyo District Court 20th Civil Chamber

Head Judge      Yasushi Kanokogi

Judge      Hideki Kanazawa

Judge      Masaki Higuchi

This is an original.

February 28, 2014

Tokyo District Court 20th Civil Chamber

Court clerk      Kazui Sakuraba [seal]

平成２６年（再）第１２号

## 決　　定

東京都渋谷区渋谷二丁目１１番５号
再生債務者　株式会社ＭＴＧＯＸ
代表者代表取締役　カルプレス・マルク・マリ・ロベート

　当裁判所は，民事再生法２７条１項に規定する特別の事情があるものと認め，次のとおり決定する。

## 主　　文

　本件再生手続開始の申立てにつき決定があるまでの間，すべての再生債権者は，再生債務者の財産に対し，再生債権に基づく強制執行又は仮差押え若しくは仮処分の執行をしてはならない。


平成２６年２月２８日
　　東京地方裁判所民事第２０部
　　　　　　　裁判長裁判官　　鹿　子　木　　　　　康

　　　　　　　　裁判官　　金　澤　秀　　樹

　　　　　　　　裁判官　　樋　口　正　　樹



　これは正本である。

　　同日同庁
　　　　裁判所書記官　　櫻　庭　一　威 


EXHIBIT D

[translation]

2014 (rehabilitation) no. 12

DECISION

Shibuya 2-11-5, Shibuya-ku, Tokyo

Rehabilitation debtor MtGox Co., Ltd.

Representative Director Robert Marie Mark Karpeles

The Court acknowledges the existence of special circumstances as stipulated under Article 27.1 of the Civil Rehabilitation Law and hereby decides as follows.

JUDGMENT

No forced execution or preliminary attachment or disposition shall be made by a rehabilitation creditor on the basis of a rehabilitation debt with regard to the properties of the rehabilitation debtor during the period until a decision shall be made with regard to the application for commencement of civil rehabilitation.

February 28, 2014

Tokyo District Court 20th Civil Chamber

| | |
|---|---|
| Head Judge | Yasushi Kanokogi |
| Judge | Hideki Kanazawa |
| Judge | Masaki Higuchi |

This is an original.

Same date, same court

| | |
|---|---|
| Court clerk | Kazui Sakuraba [seal] |

平成２６（再）第１２号

決　　　定

東京都渋谷区渋谷二丁目１１番５号
　　再生債務者　　株式会社ＭＴＧＯＸ
　　代表者代表取締役　　カルプレス・マルク・マリ・ロベート

主　　　文

再生債務者は，下記の行為をしてはならない。

記

１　平成２６年２月２７日までの原因に基づいて生じた債務（次のものを除く。）
　　の弁済及び担保の提供
　　　　租税その他国税徴収法の例による徴収される債務
　　　　再生債務者とその従業員との雇用関係により生じた債務
　　　　再生債務者の事業所の賃料，水道光熱費，通信に係る債務
２　再生債務者が所有又は占有する財産に係る権利の譲渡，担保権の設定，賃貸そ
　　の他一切の処分（常務に属する取引に関する場合を除く。）
３　再生債務者の有する債権について譲渡，担保権の設定その他一切の処分（再生
　　債務者による取立てを除く。）
　　　　　平成２６年２月２８日
　　　　　東京地方裁判所民事第２０部

　　　　　　　　裁判長裁判官　　鹿　子　木　　　　　康

　　　　　　　　　　裁判官　　金　澤　秀　樹

　　　　　　　　　　裁判官　　樋　口　正　樹

　　　　これは正本である。
　　　　平成２６年２月２８日
　　　　東京地方裁判所民事第２０部
　　　　　　　　裁判所書記官　　櫻　庭　一　威 

EXHIBIT E

[translation]
2014 (rehabilitation) no. 12

DECISION

Shibuya 2-11-5, Shibuya-ku, Tokyo
Rehabilitation debtor MtGox Co., Ltd.
Representative Director Robert Marie Mark Karpeles

JUDGMENT

The rehabilitation debtor is hereby prohibited to do any of the following.

1.      Repayment or provision of security with regard to any debt (except those listed below) having its cause February 27, 2014 or earlier

Debts collected pursuant to public levy or other national tax law;

Debts arising from the employment relationship between the rehabilitation debtor and its employees

Debts related to the rent, utilities and communications of the premises of the rehabilitation debtor

2.      The transfer, lease or any other disposition of any rights related to properties owned or held by the rehabilitation debtor (except those made in the ordinary course of trade)

3.      The transfer, establishment of a security interest or any other disposition of any claim of the rehabilitation debtor.

February 28, 2014

Tokyo District Court 20th Civil Chamber

| | |
|---|---|
| Head Judge | Yasushi Kanokogi |
| Judge | Hideki Kanazawa |
| Judge | Masaki Higuchi |

This is an original.
February 28, 2014
Tokyo District Court 20th Civil Chamber

        Court clerk      Kazui Sakuraba [seal]

平成26年（再）第12号

平成 26 年 3 月 10 日

---

（監督委員意見）

　下記申請につき，同意する。

平成 26 年 3 月 10 日

　　　　　　　　　　　監督委員　小林 信明　㊞

---

監督委員　弁護士　小林信明　先生

監督委員の同意申請書（財産の処分）

申立人株式会社ＭＴＧＯＸ代理人
ベーカー＆マッケンジー法律事務所
弁護士　山本　英幸

同　　末冨　純子

弁護士法人淀屋橋・山上合同
弁護士　四宮　章夫

同　　川井　一将

第１　申立の趣旨

　再生債務者が，ベーカー＆マッケンジー法律事務所ダラス事務所デービッド・Ｗ・バームとの間における下記事項に係る委任契約の締結についての同意を求める。

記

１　アメリカ合衆国連邦破産法第１５章に基づく本件民事再生手続の承認の申立て
２　別紙米国訴訟目録記載の訴訟手続の進行を停止する申立て
但し，上記申立てにあたっては，再生債務者代表取締役カルプレス・マルク・マリ・ロベートを手続き上の外国代表者（Foreign Representative）とする。

第２　申立の理由

1

EXHIBIT F

１．申立人は，平成２６年２月２８日に申し立てた民事再生手続開始の申立て（東京地裁
　　平成２６年（再）第１２号）に伴い，東京地方裁判所より，財産処分等を禁ずる保全処
　　分（以下「本件保全処分」という。）を受けている。

２．再生債務者は，資産をアメリカ合衆国（以下「米国」という。）内に有している。

３．再生債務者に対しては，米国内において，別紙米国訴訟目録記載１の訴訟が係属して
　　いるが，これに加えて，同目録記載２の集団訴訟（ただし，クラスは未だ認証されていない。）
　　を提起され，同訴訟の原告ら再生債務者が米国内に有する資産の凍結（処分禁止）等
　　を求める保全処分（以下「集団訴訟保全処分」という。）の申立を受けた。

４．この集団訴訟保全処分の申立については，裁判所における第一回の口頭聴聞が平成２
　　６年３月１１日（米国中部時間）に予定されているが，再生債務者において防御の対応
　　をとらなければ，集団訴訟保全処分により再生債務者の上記２．の米国内の財産に対し
　　て，差押等の保全処分が行われる怖れがある。

５．また，再生債務者の米国内の財産は，そのほとんどが預金であり，米国国土安全保障
　　省による差押えが解除された場合には運転資金として利用できるため，集団訴訟保全処
　　分が認められると本件再生手続の遂行に悪影響を及ぼす。さらに，集団訴訟保全処分が
　　認められることにより集団訴訟の原告らが再生債務者の米国内資産から他の再生債権者
　　に優先して回収を図るような事態になれば，再生債権者間の不平等が生じ，債権者に対
　　する公平な弁済が阻害される怖れがある。

６．以上のとおり，集団訴訟の原告からの保全処分から再生債務者の米国内資産を保全し，
　　集団訴訟の進行を止める必要性が高いが，集団訴訟保全処分の第１回審尋期日が平成２
　　６年３月１１日に予定されていることに鑑みれば，早急に防御活動に着手する必要があ
　　る。

７．現在相談している米国の弁護士の分析によれば，再生債務者の米国内の資産を保全し，
　　集団訴訟の進行を止めるためには，再生債務者が，米国連邦破産法第１５章に基づく外
　　国倒産手続承認の申立（以下「米国連邦破産法第１５章に基づく申立て」という。）を行
　　うことにより，本件民事再生手続の効力を再生債務者の米国における資産にも及ぼす必
　　要がある。これに加えて，同申立てが承認されて，米国内においていわゆるオートマテ
　　ィックステイの効果が生じるまでの３０日間の間に，米国訴訟や集団訴訟の管轄裁判所
　　（連邦地区裁判所）に対して，連邦破産裁判所が米国連邦破産法第１５章に基づく申立
　　てを判断するまでの間，審理の進行を中断することを申し立てる必要がある。

８．この点，米国連邦破産法第１５章に基づく申立や上記の連邦地区裁判所に対する申立
　　ては，米国にて申し立てる必要があるため，米国連邦破産法の専門家に依頼することが
　　最も効率的かつ迅速であることは明らかである。

９．再生債務者が既に相談している米国連邦破産法の専門家であるベーカー＆マッケンジ
　　ー法律事務所ダラス事務所デービッド・Ｗ・パーム（David W. Parham）弁護士は，米国

2

連邦破産法第15章に基づく申請を進める用意をしている。

１０．ひいては，同法律事務所と委任契約（以下「本件委任契約」という。）（甲２）を締結し，再生債務者の連邦破産法第15章の申立，及び裁判所への審理の中断の申立にかかる費用として，９万米国ドル（約９００万円）の見込みの範囲内で支払い，早期に同申立準備を開始することが妥当であると考えられる（但し，追加費用が発生する場合には，別途同意申請を行う。）。

１１．また，本件委任契約に基づく弁護士報酬は９万米国ドル（約９００万円）の範囲であり，これを支払うことにより再生債務者の資金繰りに支障が生じるおそれはない。

１２．以上により，本件委任契約に基づく弁護士報酬を速やかに弁済する必要があり，かつ，これをする許容性もあるので，この申立に及んだものである。

疎明資料

甲第１号証　米国係属訴訟の概要
甲第２号証　委任契約書

添付書類

１．保全処分命令　　　　　１通
３．甲号証の写し　　　　　各１通

3

米国訴訟目録

1．CoinLab, Inc.との民事訴訟

　　訴訟提起日：平成２５年５月２日
　　原告　　　：CoinLab, Inc.（米国デラウェア州法人）
　　被告　　　：株式会社ＭＴＧＯＸ
　　　　　　　　株式会社ＴＩＢＡＮＮＥ
　　請求内容：原告は，被告とのライセンス契約の債務不履行に基づき，７５００万米国
　　　　　　　　ドルの損害賠償請求を行っている。
　　進行状況：陪審による審尋は，平成２６年１１月に予定されている。
　　　　　　　　ディスカバリーは終了。
　　　　　　　　原告の社長の証人尋問が平成２６年２月末に終了。


2．集団訴訟
　　訴訟提起日：平成２６年２月２７日
　　原告　　　：Gregory Greene 外
　　被告　　　：MTGOX INC.（米国デラウェア州法人）
　　　　　　　　株式会社ＭＴＧＯＸ（日本法人，再生債務者）
　　　　　　　　株式会社ＴＩＢＡＮＮＥ（日本法人，再生債務者の親会社）
　　　　　　　　Mark Karpeles（個人，再生債務者代表者）
　　請求内容：消費者詐欺，誘引詐欺，過失，信義則違反，契約違反，不当利得，財産侵
　　　　　　　　害及び横領等に基づく損害賠償請求。
　　進行状況：訴状が送達されたばかり。陪審裁判が要求されている。

3．集団訴訟に基づく仮処分申立
　　申立日：平成２６年３月４日
　　申立人：Gregory Greene 外
　　被申立人：MTGOX INC.（米国デラウェア州法人）
　　　　　　　　株式会社ＭＴＧＯＸ（日本法人，再生債務者）
　　　　　　　　株式会社ＴＩＢＡＮＮＥ（日本法人，再生債務者の親会社）
　　　　　　　　Mark Karpeles（個人，再生債務者代表者）
　　申立内容：集団訴訟原告団の利益のために，被告の資産の凍結とそれへの信託の設定
　　　　　　　　を要求。

4

[translation]

2014 (rehabilitation) no. 12

March 10, 2014

---

(Supervisor's opinion)

I consent to the application below.

March 10, 2014

      Supervisor    Attorney-at-law Nobuaki Kobayashi (seal and signature)

---

Supervisor       Attorney-at-law Nobuaki Kobayashi

Application for consent of supervisor (assets disposal)

      Counsel of Applicant MtGox Co., Ltd.
      Baker & McKenzie
      Attorney-at-law Hideyuki Yamamoto
      Attorney-at-law Junko Suetomi
      Yodoyabashi & Yamagami LPC
      Attorney-at-law Akio Shinomiya
      Attorney-at-law Kazumasa Kawai

1.      Purpose of the application

The rehabilitation debtor hereby requests consent to execute an entrustment agreement with David W Parham of Baker & McKenzie Dallas Office with regard to the following matters:

1.      A petition to have this civil rehabilitation proceeding accepted under US Federal Insolvency Law Chapter 15.

2.      A petition to stay the proceedings of the US lawsuits listed in exhibit.

Provided, however, the Foreign Representative for the purpose of the above procedures shall be Mark Marie Robert Karpeles, representative director of the rehabilitation debtor.

2.      Reasons for the application

1.      In relation with the application for commencement of a civil rehabilitation procedure made on February 28, 2014 (Tokyo District Court 2014 (rehabilitation) no. 12), the applicant received from the Tokyo District Court an order prohibiting the disposal of assets (the "Preservation Order").

2.      The rehabilitation debtor has assets in the United States of America ("US").

3.      Lawsuit no. 1 in the attached exhibit of US lawsuits is continuing in the US against the rehabilitation debtor. In addition, the class action listed as no. 2 (the class is not certified yet) has been initiated and a request has been made to obtain a court order to freeze the assets held by the rehabilitation debtor in the US (the "Class Action Preservation Order").

4.      The first oral hearing in relation with the Class Action Preservation Order shall take place on March 11, 2014 (US Central Standard Time) and the rehabilitation debtor needs to take defensive action since its US assets risk being attached.

5.      Further, the US assets of the rehabilitation debtor consist mainly of cash deposits. The sums attached by the US Department of Homeland Security could be used as operating capital should it be released which means that the Class Action Preservation Order may have a negative impact on the progress of this civil rehabilitation. In addition, should the Class Action Preservation Order be accepted and should a situation where the plaintiffs of the class action would get the preference over the rehabilitation creditors with regard to the US assets arise, a situation of unfairness among the rehabilitation creditors would arise and there would be a risk that the fair repayment to creditors be impeded.

6.      As indicated above, it is highly necessary to stop the class action proceeding and prevent the plaintiffs in the class action to get a preservation order over the US assets of the rehabilitation debtor and further taking into account the planned first hearing on March 11, 2014, it is urgent to take defensive action.

7.      The analysis made by US lawyers indicates that in order to preserve the US assets of the rehabilitation debtor and stop the class action, the rehabilitation debtor should demand the recognition of a foreign insolvency procedure under Chapter 15 of the US Federal Bankruptcy Law (the "Chapter 15 Petition") and obtain the extension over US assets of the effect of the civil rehabilitation. In addition, should this petition be granted, during the 30 days period until an automatic stay comes into effect, it is also necessary to demand a stay of the proceedings under the US lawsuit and the class action on the basis of the Chapter 15 Petition in each competent jurisdiction (federal district courts).

8.       It is obvious that the Chapter 15 Petition and the demands in each federal

district courts will be more efficiently and speedily done by US insolvency law experts.

9.       The rehabilitation debtor has asked David W Parham of the Dallas Office of Baker & McKenzie, an expert in US insolvency law and with whom consultations have already taken place, to prepare for proceeding with the Chapter 15 Petition.

10.     We believe that it is appropriate to execute an entrustment agreement with said law firm (Exhibit 2), to pay an estimate of USD 75,000 (approximately JPY 7.5 million) as fees for the Chapter 15 Petition and the petitions for stays and to quickly start said petitions.

11.     In addition the payment of said fees of USD 75,000 is not likely to impede the financing of the rehabilitation debtor.

12.     Accordingly, this application is being made since there is a need to promptly pay these lawyers fees in accordance with said entrustment agreement and further since this payment is possible.

Exhibits

1.      List of US lawsuits

2.      Entrustment agreement