# Exhibit 10

[translation]

2014 (rehabilitation) no. 12

March 10, 2014

(Supervisor's opinion)

I consent to the application below.

March 10, 2014

       Supervisor    Attorney-at-law Nobuaki Kobayashi (seal and signature)

Supervisor    Attorney-at-law Nobuaki Kobayashi

Application for consent of supervisor (assets disposal)

Counsel of Applicant MtGox Co., Ltd.
Baker & McKenzie
Attorney-at-law Hideyuki Yamamoto
Attorney-at-law Junko Suetomi
Yodoyabashi & Yamagami LPC
Attorney-at-law Akio Shinomiya
Attorney-at-law Kazumasa Kawai

1. Purpose of the application

The rehabilitation debtor hereby requests consent to execute an entrustment agreement with David W Parham of Baker & McKenzie Dallas Office with regard to the following matters:

1. A petition to have this civil rehabilitation proceeding accepted under US Federal Insolvency Law Chapter 15.
2. A petition to stay the proceedings of the US lawsuits listed in exhibit.

Provided, however, the Foreign Representative for the purpose of the above procedures shall be Mark Marie Robert Karpeles, representative director of the rehabilitation debtor.

2. Reasons for the application

1.      In relation with the application for commencement of a civil rehabilitation procedure made on February 28, 2014 (Tokyo District Court 2014 (rehabilitation) no. 12), the applicant received from the Tokyo District Court an order prohibiting the disposal of assets (the "Preservation Order").

2.      The rehabilitation debtor has assets in the United States of America ("US").

3.      Lawsuit no. 1 in the attached exhibit of US lawsuits is continuing in the US against the rehabilitation debtor. In addition, the class action listed as no. 2 (the class is not certified yet) has been initiated and a request has been made to obtain a court order to freeze the assets held by the rehabilitation debtor in the US (the "Class Action Preservation Order").

4.      The first oral hearing in relation with the Class Action Preservation Order shall take place on March 11, 2014 (US Central Standard Time) and the rehabilitation debtor needs to take defensive action since its US assets risk being attached.

5.      Further, the US assets of the rehabilitation debtor consist mainly of cash deposits. The sums attached by the US Department of Homeland Security could be used as operating capital should it be released which means that the Class Action Preservation Order may have a negative impact on the progress of this civil rehabilitation. In addition, should the Class Action Preservation Order be accepted and should a situation where the plaintiffs of the class action would get the preference over the rehabilitation creditors with regard to the US assets arise, a situation of unfairness among the rehabilitation creditors would arise and there would be a risk that the fair repayment to creditors be impeded.

6.      As indicated above, it is highly necessary to stop the class action proceeding and prevent the plaintiffs in the class action to get a preservation order over the US assets of the rehabilitation debtor and further taking into account the planned first hearing on March 11, 2014, it is urgent to take defensive action.

7.      The analysis made by US lawyers indicates that in order to preserve the US assets of the rehabilitation debtor and stop the class action, the rehabilitation debtor should demand the recognition of a foreign insolvency procedure under Chapter 15 of the US Federal Bankruptcy Law (the "Chapter 15 Petition") and obtain the extension over US assets of the effect of the civil rehabilitation. In addition, should this petition be granted, during the 30 days period until an automatic stay comes into effect, it is also necessary to demand a stay of the proceedings under the US lawsuit and the class action on the basis of the Chapter 15 Petition in each competent jurisdiction (federal district courts).

8.       It is obvious that the Chapter 15 Petition and the demands in each federal

district courts will be more efficiently and speedily done by US insolvency law experts.

9. The rehabilitation debtor has asked David W Parham of the Dallas Office of Baker & McKenzie, an expert in US insolvency law and with whom consultations have already taken place, to prepare for proceeding with the Chapter 15 Petition.

10. We believe that it is appropriate to execute an entrustment agreement with said law firm (Exhibit 2), to pay an estimate of USD 75,000 (approximately JPY 7.5 million) as fees for the Chapter 15 Petition and the petitions for stays and to quickly start said petitions.

11. In addition the payment of said fees of USD 75,000 is not likely to impede the financing of the rehabilitation debtor.

12. Accordingly, this application is being made since there is a need to promptly pay these lawyers fees in accordance with said entrustment agreement and further since this payment is possible.

Exhibits

1. List of US lawsuits
2. Entrustment agreement