# Exhibit 12

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GREGORY GREENE, individually and on behalf of all others similarly situated,

Plaintiffs,

-vs-

MTGOX, INC., a Delaware corporation; MT. GOX KK, a Japanese corporation; TIBANNE KK, a Japanese corporation; and MARK KARPELES, an individual,

Defendants.

Case No. 14 C 1437

Chicago, Illinois
March 11, 2014
10:40 a.m.

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE GARY FEINERMAN

APPEARANCES:

For the Plaintiffs: EDELSON, P.C.
BY: MR. JAY EDELSON
MR. STEVEN L. WOODROW
MR. CHRISTOPHER L. DORE
MS. ALICIA E. HWANG
350 North LaSalle Street
Suite 1300
Chicago, Illinois 60654
(312) 589-6370

Court Reporter:

CHARLES R. ZANDI, CSR, RPR, FCRR
Official Court Reporter
United States District Court
219 South Dearborn Street, Room 2128
Chicago, Illinois 60604
Telephone: (312) 435-5387
email: Charles_zandi@ilnd.uscourts.gov

APPEARANCES: (Continued)

For Defendant Mt. Gox KK:

BAKER & McKENZIE, LLP
BY: MR. JOHN M. MURPHY
300 East Randolph Street
Suite 5000
C/hicago, Illinois 60601-6342
(312) 861-8000

BAKER & McKENZIE, LLP
BY: MR. TOD L. GAMLEN
660 Hansen Way
Palo Alto, California 94304
(415) 856-2400

BAKER & McKENZIE, LLP
BY: MR. JOHN E. MITCHELL
2001 Ross Avenue
Suite 2300
Dallas, Texas 75201
(214) 978-3037

(Proceedings heard in open court:)

THE CLERK: 14 C 1437, Greene versus Mt. Gox.

MR. EDELSON: Good morning, your Honor. Jay Edelson for the plaintiff and putative class.

MR. MURPHY: Good morning, your Honor. My name is John Murphy. Yesterday, I filed my appearance as local counsel for Mt. Gox KK, one of the four defendants in the action.

I'm here this morning with two of my colleagues, Mr. Tod Gamlen, Mr. John Mitchell, from California and Texas, respectively. They filed their applications yesterday for *pro hac vice* admission. They paid their fees. I'd ask the Court to grant those motions or permit Mr. Mitchell and Mr. Gamlen to present on behalf of our common client this morning.

THE COURT: Any objection?

MR. EDELSON: No objection, your Honor.

THE COURT: Okay. The Court will grant the motions for leave to appear *pro hac vice*. I think those are docket Nos. 23 and 25.

Anyone else?

MR. WOODROW: Yes, your Honor. Steven Woodrow for the plaintiff and the putative class.

MR. DORE: Good morning, your Honor. Chris Dore on behalf of the plaintiff and putative class.

MS. HWANG: Alicia Hwang on behalf of the plaintiff and putative class.

MR. EDELSON: And, your Honor, just for the record, our client, Greg Greene, is at counsel's table.

MR. GREENE: Good morning, your Honor.

THE COURT: All right. Good morning. So, we have a number of matters before the Court this morning. All or most are all related to the motion for a TRO and a preliminary injunction.

The first order of business is this bankruptcy matter in the Northern District of Texas -- well, actually, let me take care of a preliminary matter.

Counsel for Mt. Gox KK, is that right?

MR. GAMLEN: That's correct, your Honor.

THE COURT: Are you appearing on behalf of any of the other defendants?

MR. GAMLEN: No, your Honor, we're not. We're only appearing on behalf of Mt. Gox KK, the Japanese corporation.

THE COURT: And do you know whether anybody's going to appear on behalf of Karpeles or the two other entities?

MR. GAMLEN: At the hearing this morning, your Honor? At this morning's hearing?

THE COURT: No. I'm assuming nobody's going to appear for them this morning. At any point in the near future -- I figure you -- I'm asking you because I'm just

counsel for their written submissions and for their presentations here in court.

The Court's going to grant in part and deny in part the motion for a TRO and preliminary injunction. The Court's not going to -- going to deny it with respect to the preliminary injunction in its entirety. The Court's going to enter a limited TRO with respect to all the defendants other than Mt. Gox KK, for which this action is stayed.

The notice provided to the three non-appearing defendants was sufficient. Mt. Gox, Inc., the Delaware corporation, was served. And Mr. Karpeles and Tibanne KK certainly have notice of this proceeding through the involvement of Mt. Gox KK.

Tibanne is the majority parent of KK, and Karpeles owns 100 percent of Tibanne. So, they certainly know about this matter, and they've elected not to appear, which is fine. But they had a chance to oppose the TRO, and they didn't.

So, I'm making this ruling without the benefit of having argument from the three defendants against whom this action is not stayed.

The Court finds that there's a sufficient likelihood of success on the merits to warrant the granting of a TRO in light of the other factors, which I'll get to in a moment.

And let me make this perfectly clear. The Court's operating on a very limited record. It's hearing from one

side. So, everything the Court's about to say about the merits is subject to reexamination and revision. This is the most preliminary of findings, and it's good -- these findings are good only for purposes of this TRO and not good for anything else.

So, later on in the case, I don't want to hear, "But, Judge, you said such and such in the TRO." I did say it, but it's only for purposes of the TRO because the factual predicate is almost certainly going to change.

The statutory fraud, common law fraud, accounting and conversion claims, based upon the facts that are now before the Court, strike the Court as having a sufficient likelihood of success. Mr. Greene's and the putative class members' Bitcoin currency and fiat currency were taken or disappeared or they can no longer access it. And there were -- in the events of late last year and the first couple of months of this year, there certainly were communications from Mt. Gox, and I'm using Mt. Gox collectively at this point, that -- that turned out not to have been true.

And I understand that the exchange itself is operated by KK and the web site itself is operated by KK; but the relationship among the four defendants, with the exception of Inc., so I'll just say the relationship between KK, Karpeles, and Tibanne is such that the plaintiffs have made a decent showing at the TRO stage that Karpeles and Tibanne were part

THE COURT: Oh, I'm sorry. Texas and California counsel, if you're going to be -- if you'd like to appear at any of the hearings, you're welcome to do so. And if you want to call in, you can just make arrangements with the courtroom deputy.

MR. MITCHELL: We will. Thank you, your Honor. Appreciate it.

MR. GAMLEN: Thank you, your Honor.

(Which were all the proceedings heard.)

CERTIFICATE

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

*/s/Charles R. Zandi* *March 11, 2014*

Charles R. Zandi
Official Court Reporter

Date