# Exhibit 25

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

GREGORY GREENE and JOSEPH LACK,
Individually and on behalf of all others
Similarly situated,

       *Plaintiffs,*

v.

MTGOX INC., a Delaware corporation, MT.
GOX KK, a Japanese corporation, TIBANNE
KK, a Japanese corporation, MT. GOX
NORTH AMERICA, INC., a New York
Corporation, MIZUHO BANK, LTD., a
Japanese financial institution, MARK
KARPELES, an individual, GONZAGUE
GAY-BOUCHERY, an individual, JED
MCCALEB, an individual, and JOHN DOE
DEFENDANTS,

       *Defendants.*

Case No. **1:14-CV-01437**

## AFFIDAVIT OF JOHN PIERCEALL REGARDING THE PROGRESS OF SERVICE ON MTGOX ET AL.,

STATE OF GEORGIA
COUNTY OF FULTON

1. My name is JOHN PIERCEALL and I am competent in all respects to testify regarding the matters set forth herein. This Declaration is given voluntarily in support of Plaintiff's Request for a Status Report.

2. I am a staff attorney for Ancillary Legal Corporation, a company that routinely serves international legal process pursuant to all existing international treaties, by letters rogatory, the Foreign Sovereigns Immunities Act, as well as by private international process server and by United States International Mail. I am a citizen of the United States, a non-party to this action, and am not related by employment or otherwise to Plaintiff or to the Defendant in the above case.

3. I have over 25 years of experience in serving international process, have caused thousands of Summons and other initial pleadings and original process in civil actions to be served abroad in accordance with the treaty provisions of both international treaties to which the United States is a party. I have no interest in the outcome of this action.

4. The Defendant's principal place of business is in Japan. Japan and the United States are both parties to an international service of process treaty commonly known as the Hague Process Convention, cited as *The Hague Convention on the Service Abroad of Judicial and Extra Judicial Documents in Civil or Commercial Matters*, 20 UST 361, 658 U.N.T.S. 163 T.I.A.S. #1007.

5. The Ministry of Foreign Affairs, 2-2-1 Kasumigaseki Chiyoda-ku, Tokyo, 100-8919, Japan is the established Central Authority under that treaty by the Japanese government. Documents are processed generally in the following manner: After a thorough review of the documentation by a lawyer in the Ministry which can take 4 or more weeks, they are sent to the Court where the defendant is located, where they are again reviewed and handled under the judicial rules of that province/state. They are then given to an official (similar to a sheriff's deputy) for service. Then the proof of service returns to the United States following the same reverse route, being reviewed and logged in at every station. Local rules for handling these documents vary widely with the Court or district. This whole procedure can normally take 16 weeks or more. It is not unusual for a defendant to make an appearance through his U.S. counsel 4 to 8 weeks before the proof is returned to the United States.

6. The documents for service were received by Ancillary Legal Corporation on March 18, 2014. They were translated into Japanese and sent to the Central Authority in Japan via Federal Express on April 2, 2014. We expect the documents to be delivered to the Central Authority in Japan by April 4, 2014. We anticipate service to be completed and to have a proof returned to our office in approximately 20 weeks.

7. The Federal Rules of Civil Procedure mandate the use of the treaty procedures when applicable, (FRCP Rule 4(f)(1), and acknowledges that because of the length of time necessary to serve process abroad, the 120 day service rule does not apply (FRCP Rule 4(m).

8. As a consequence of the length of time involved in serving an international defendant, the treaty also provides a practical solution in the event that service is not effective or a proof of service is not obtained within 6 months of the submittal of the documents. Pursuant to the second paragraph of Article 15, a sender is allowed to seek a default judgment or take whatever additional action the trial court orders, after the Central Authority has had the documents for 6 months and the sender has not received a certificate of service, provided three conditions are met and subject to the Due Process Saving Provisions of Article 16:

**Article 15**
*Where a writ of summons or an equivalent document had to be transmitted abroad for the purpose of service, under the provisions of the present Convention, and the defendant has not appeared, judgment shall not be given until it is established that –*
*a) the document was served by a method prescribed by the internal law of the State addressed for the service of documents in domestic actions upon persons who are within its territory, or*
*b) the document was actually delivered to the defendant or to his residence by another method provided for by this Convention,*
*and that in either of these cases the service or the delivery was effected in sufficient time to enable the defendant to defend.*
*Each Contracting State shall be free to declare that the judge, notwithstanding the provisions of the first paragraph of this Article, may give judgment even if no certificate of service or delivery has been received, if all the following conditions are fulfilled-*
*a) the document was transmitted by one of the methods provided for in this Convention,*
*b) a period of time of not less than six months, considered adequate by the judge in the particular case, has elapsed since the date of the transmission of the document,*

c) *no certificate of any kind has been received, even though every reasonable effort has been made to obtain it through the competent authorities of the State addressed.*

*Notwithstanding the provisions of the preceding paragraphs the judge may order, in case of urgency, any provisional or protective measures. The Hague Convention on the Service Abroad of Judicial and Extra Judicial Documents in Civil and Commercial Matters, 20 UST 361, 658 U.N.T.S. 163.*

### Article 16

*When a writ of summons or an equivalent document had to be transmitted abroad for the purpose of service, under the provisions of the present Convention, and a judgment has been entered against a defendant who has not appeared, the judge shall have the power to relieve the defendant from the effects of the expiration of the time for appeal from the judgment if the following conditions are fulfilled –*

*a) the defendant, without any fault on his part, did not have knowledge of the document in sufficient time to defend, or knowledge of the judgment in sufficient time to appeal, and*

*b) the defendant has disclosed a prima facie defense to the action on the merits.*

*An application for relief may be filed only within a reasonable time after the defendant has knowledge of the judgment.*

*Each Contracting State may declare that the application will not be entertained if it is filed after the expiration of a time to be stated in the declaration, but which shall in no case be less than one year following the date of the judgment.*

*This Article shall not apply to judgments concerning status or capacity of persons.*

9. The aforementioned six month period of Article 15 will expire 6 months from the date the Central Authority receives the documents, after which time this court may enter a default judgment in accordance with *The Hague Convention on the Service Abroad of Judicial and Extra Judicial Documents in Civil or Commercial Matters, 20 UST 361, 658 U.N.T.S. 163 T.I.A.S. #10072*, in the event that a certificate of service has not been returned.

_____
John V. Pierceall

Sworn to and subscribed before me
This 2nd day of April, 2014

_____
Notary Public

[Notary Seal: BENJAMIN FOSS BAKER, NOTARY PUBLIC, CLAYTON COUNTY, GEORGIA, MY COMMISSION EXPIRES JANUARY 5, 2016]