**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| GREGORY GREENE and JOSEPH LACK, individually and on behalf of all others similarly situated, | |
| *Plaintiffs*, | Case No. 1:14-cv-01437 |
| v. | Hon. Gary Feinerman |
| MTGOX INC., a Delaware corporation, MT. GOX KK, a Japanese corporation, TIBANNE KK, a Japanese corporation, MT. GOX NORTH AMERICA, INC., a New York corporation, MIZUHO BANK, LTD., a Japanese financial institution, MARK KARPELES, an individual, GONZAGUE GAY-BOUCHERY, an individual, JED MCCALEB, an individual, and JOHN DOE DEFENDANTS, | Magistrate Judge Susan Cox |
| *Defendants*. | |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE *INSTANTER***
**AN OVERSIZED MOTION FOR PRELIMINARY INJUNCTION**

Plaintiffs Gregory Greene and Joseph Lack ("Plaintiffs") by and through their undersigned counsel, respectfully move this Court for leave to file *instanter* their Motion for Preliminary Injunction in excess of the fifteen-page limitation dictated by Local Rule 7.1. In support, Plaintiffs state as follows:

1.      On February 27, 2014, Plaintiff Greene filed the instant lawsuit alleging claims against Defendants Mt. Gox Inc., Mt. Gox KK, Tibanne KK, and Mark Karpeles for consumer fraud, fraud in the inducement, negligence, breach of fiduciary duty, breach of contract, unjust enrichment/restitution, trespass to chattels, and conversion. (Dkt. 1.)

2.      On March 4, 2014, Plaintiff Greene filed his Motion for Temporary Restraining Order and Preliminary Injunction. (Dkt. 8.) That same day, Plaintiff sought leave to file an oversized motion (28 pages in length) so as to fully detail the various factors that the Court was required to consider in granting a temporary restraining order and/or preliminary injunction. (Dkt. 6.)

3.      On March 5, 2014, the Court granted Plaintiff Greene's motion for leave to file an oversized motion. (Dkt. 12.)

4.      On March 11, 2014, the Court granted in part and denied in part Plaintiff Greene's Motion for Temporary Restraining Order and Preliminary Injunction. (Dkt. 31.) Specifically, the Court entered an Order granting the TRO with respect to the non-debtor Defendants and entering a stay of all proceedings as to Mt. Gox KK. (Dkt. 33). The Court also granted Plaintiff leave to conduct expedited discovery into the non-debtor Defendants' U.S. assets. (*Id.*)

5.      Following the entry of the TRO, Plaintiffs have propounded discovery on Defendants in accordance with the expedited discovery schedule ordered by the Court. (*See* Dkt. 57 at ¶¶ 2-11.)

6.      On March 14, 2014, Plaintiff filed a First Amended Complaint (Dkt. 36) naming Mizuho Bank, Ltd. ("Mizuho"), Jed McCaleb, Mt. Gox North America, Inc., Gonzague Gay-Bouchery, and John Doe Defendants as additional defendants in this matter, and adding Joseph Lack as a named Plaintiff. The complaint also alleged additional causes of action against the Defendants.

7.      On March 17, 2014, Plaintiffs filed their Corrected First Amended Complaint. (Dkt. 37.)

8.      On March 20, 2014, on Plaintiffs' oral motion, the Court extended the TRO until April 8, 2014 at 11:30 a.m. (Dkt. 38).

9.      On March 27, 2014, the Court held a status hearing. During the hearing, the Court scheduled a status hearing regarding the TRO for April 7, 2014, so as to address whether the TRO could be extended a second time (i.e., past its April 8th expiration). (Dkt. 47.) Plaintiffs' counsel informed the Court that Plaintiffs intended to file a motion for preliminary injunction.

10.     On April 2, 2014, Plaintiffs moved the Court to "extend" the TRO while Plaintiffs' anticipated motion for a preliminary injunction was submitted, considered, and ruled upon. (Dkt. 49.)

11.     On April 7, 2014, the Court held a status and motion hearing, at which counsel for Plaintiffs, Mizuho Bank, Ltd., Tibanne KK, and Mark Karpeles appeared. At that hearing, the Court: (i) granted Tibanne KK and Mark Karpeles leave to file a Rule 12 motion contesting jurisdiction and service; (ii) granted Plaintiffs' motion to "extend" the previously entered TRO; and, accordingly, (iii) ordered that the TRO set to expire on April 8, 2014 at 11:30 a.m. would be converted into a preliminary injunction. (*See* Dkt. 57 at ¶¶ 24-27; Dkt. 59.) Plaintiffs further informed the Court that they would be filing their Motion for Preliminary Injunction prior to the natural expiration of the TRO on April 8, 2014 at 11:30 a.m.

12.     While Plaintiffs have endeavored to keep their briefing regarding their Motion for Preliminary Injunction as succinct as possible, Plaintiffs once again require additional room to fully set forth and explain the many factors supporting their Motion. In particular, and since the filing of their Motion for a TRO, Plaintiffs have (i) added additional counts, (ii) named additional defendants, and (iii) conducted substantial factual research on their claims pursuant to the TRO entered by the Court—which is of particular import to set forth here, given that the

3

Defendants have been wholly unresponsive to the entirety of Plaintiffs' discovery requests. (*See*

Dkt. 57 at ¶¶ 2-12.)

13.     Accordingly, Plaintiffs respectfully request that the Court grant them leave to file

*instanter* an oversized Motion for Preliminary Injunction totaling thirty four (34) pages in length.

14.     Plaintiffs' proposed 34-page Memorandum of Law is filed at Dkt. 56. In

accordance with Local Rule 7.1, a Table of Contents and Table of Authorities are included in the

Memorandum of Law. Should the Court deny this Motion, Plaintiffs will withdraw that

Memorandum from the docket and attempt to re-file a truncated brief.

**WHEREFORE**, Plaintiffs Gregory Greene and Joseph Lack respectfully request that the

Court enter an Order granting them leave to file *instanter* a Motion for Preliminary Injunction

totaling thirty four (34) pages in length.

Respectfully submitted,

**GREGORY GREENE and JOSEPH LACK**,
individually, and on behalf of a class of similarly
situated individuals,

Dated: April 8, 2014                          By:     /s/ Steven L. Woodrow
                                                      One of Plaintiffs' Attorneys

Steven L. Woodrow                             Jay Edelson
swoodrow@edelson.com                          jedelson@edelson.com
Megan Lindsey                                 Christopher L. Dore
mlindsey@edelson.com                          cdore@edelson.com
EDELSON PC                                    David I. Mindell
999 West 18th Street, Suite 3000              dmindell@edelson.com
Denver, Colorado 80202                        Alicia Hwang
Tel: 303.357.4878                             ahwang@edelson.com
Fax: 303.446.9111                             EDELSON PC
                                              350 North LaSalle Street, Suite 1300
                                              Chicago, Illinois 60654
                                              Tel: 312.589.6370
                                              Fax: 312.589.6378

                                              *Counsel for Plaintiffs and the Putative*
                                              *Classes*

4

**CERTIFICATE OF SERVICE**

       I, Steven L. Woodrow, an attorney, hereby certify that I served the above and foregoing *Plaintiffs' Motion for Leave to File* **Instanter** *An Oversized Motion for Preliminary Injunction*, by causing true and accurate copies of such paper to be transmitted to all counsel of record via the Court's CM/ECF electronic filing system on April 8, 2014.

/s/ Steven L. Woodrow

Steven L. Woodrow