# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GREGORY GREENE and JOSEPH LACK, individually and on behalf of all others similarly situated, | |
| *Plaintiffs*, | Case No. 1:14-cv-01437 |
| v. | Hon. Gary Feinerman |
| MTGOX INC., a Delaware corporation, MT. GOX KK, a Japanese corporation, TIBANNE KK, a Japanese corporation, MT. GOX NORTH AMERICA, INC., a New York corporation, MIZUHO BANK, LTD., a Japanese financial institution, MARK KARPELES, an individual, GONZAGUE GAY-BOUCHERY, an individual, JED MCCALEB, an individual, and JOHN DOE DEFENDANTS, | Magistrate Judge Susan Cox |
| *Defendants*. | |

### DEFENDANT GAY-BOUCHERY'S MOTION TO QUASH
### PLAINTIFFS' FIRST SET OF REQUESTS TO ADMIT OR IN THE ALTERNATIVE
### FOR EXTENSION OF TIME TO ANSWER REQUESTS

Defendant, Gonzague Gay-Bouchery ("Gay –Bouchery"), by his attorney Daniel J. Fumagalli, moves to quash Plaintiffs' First Set of Requests to Admit Facts to Defendant Gonzague Gay-Bouchery, or in the alternative for an extension of time to serve his responses to the Requests to Admit, and states as follows:

### BACKGROUND

Plaintiff Gregory Greene filed his original Complaint in this action on February 27, 2014. (Doc. 1.) Gay Bouchery was not named as a defendant in the original Complaint.

On March 11, 2014 the Court entered a Temporary Restraining Order ("TRO") against certain defendants, not including Gay Bouchery. The TRO included in its Section III provisions regarding expedited discovery (Doc. 33, pp. 6-7.)

On March 14, 2014 Plaintiffs filed their First Amended Complaint which named Gay-Bouchery and others as additional defendants for the first time. (Doc. 36.) Plaintiffs later filed a Corrected First Amended Complaint on March 17, 2014 (Doc. 37) and issued a summons to be served on Gay-Bouchery on March 18, 2014. To date, no service of the summons has been effected.

On March 21, 2014 Plaintiffs' counsel sent Gay-Bouchery by e-mail Plaintiff Gregory Greene's First Set of Requests to Admit Fact. The First Set of Requests to Admit included 440 requests, comprising 74 pages not including the exhibits. A copy of the Requests (not including its exhibits) is attached hereto as Exhibit A.

Plaintiffs indicated in their Motion for Preliminary Injunction, filed on April 8, 2014, their intention to seek admissions as to requests to admit. (Doc. 56, p. 9, fn. 21.)

On April 14, 2014 undersigned counsel filed his appearance on behalf of Gay-Bouchery. (Doc. 62.) At the presentation of Plaintiff's Motion for Preliminary Injunction, set by Plaintiffs for April 14, 2014, the Court set a briefing schedule on Gay-Bouchery's motion to dismiss (Doc. 63), which will include a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction. The Court also entered and continued the Motion for Preliminary Injunction to May 1, 2014.

**REQUEST TO QUASH OR, IN THE ALTERNATIVE, FOR AN EXTENSION OF TIME TO RESPOND TO THE REQUESTS TO ADMIT**

Gay-Bouchery requests that the Court quash the First Set of Requests to Admit that were sent to him by email. The 440 requests were sent to Gay-Bouchery based on the provisions of the March 11, 2014 TRO which was entered before Gay-Bouchery was even named as a

defendant in the action. If Plaintiffs wished to bind Gay-Bouchery to the provisions of expedited discovery in the TRO it was incumbent on Plaintiffs to so move after adding Gay-Bouchery and other defendants on March 14, 2014. The First Set of Requests was also sent to Gay-Bouchery before he was formally served with process.

In addition, the sheer number of requests – 440 – is both daunting and oppressive at any stage of the proceedings, let alone the early stages. As Magistrate Cole noted in *Robinson v. Stanley,* 2009 WL 3233909 (N.D.Ill. Oct. 8, 2009) at *2: "Courts routinely disallow requests for admission that run into the hundreds on the grounds that they are abusive, unreasonable, and oppressive. *See e.g., Joseph v. Connecticut Department of Children and Families,* 225 F.R.D. 400, 403 (D.Conn.2005) (163 requests). *See also, Misco, Inc. v. United States Steel Corp.,* 784 F.2d 198, 206 (6th Cir.1986)."

To the extent the First Set of Requests was intended to relate strictly to the TRO, many of the 440 requests go beyond the scope of the TRO and, therefore, the First Set of Requests should be quashed.

Furthermore, the submission of a proposed interim order for preliminary injunction moots any prior expedited discovery that was set forth in the TRO entered prior to Gay-Bouchery's being named a defendant. In his objections to the draft interim order, Gay-Bouchery proposed that the prior requests to admit sent to him be stricken and that any future requests to admit served by Plaintiffs be limited to fifty (50) absent prior approval of the Court.

For all these reasons, the Gay-Bouchery requests that the First Set of Requests to Admit be quashed.

In the alternative, if the First Set of Requests to Admit is not quashed, then Gay-Bouchery requests that the Court grant him an extension of thirty (30) days, to May 20, 2014, to

respond to the First Set of Requests to Admit. Given the large number of requests, along with the recent engagement of counsel by Gay-Bouchery, the extension requested herein is reasonable.

WHEREFORE, for all the reasons set forth above, Defendant Gonzague Gay-Bouchery requests that the Court quash Plaintiff's First Set of Requests to Admit Facts sent to Gay-Bouchery, or in the alternative, grant Gay-Bouchery an extension of time, to May 20, 2014, to serve his response to the First Set of Requests to Admit, and for any other relief the Court deems fair and appropriate.

Respectfully submitted,

GONZAGUE GAY-BOUCHERY

By:   /s Daniel J. Fumagalli
His attorney

Daniel J. Fumagalli
Chuhak & Tecson, P.C.
30 S. Wacker Drive, Suite 2600
Chicago, IL 60606
(312) 855-4330
dfumagalli@chuhak.com