IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREGORY GREENE and JOSEPH LACK, individually and on behalf of all others similarly situated,<br><br>    *Plaintiffs*,<br><br>v.<br><br>MTGOX INC., a Delaware corporation, MT. GOX KK, a Japanese corporation, TIBANNE KK, a Japanese corporation, MT. GOX NORTH AMERICA, INC., a New York corporation, MIZUHO BANK, LTD., a Japanese financial institution, MARK KARPELES, an individual, GONZAGUE GAY-BOUCHERY, an individual, JED MCCALEB, an individual, and JOHN DOE DEFENDANTS,<br><br>    *Defendants*. | Case 14 C 1437<br><br>Hon. Gary Feinerman<br><br>Magistrate Judge Susan Cox |

**ORDER ENTERING INTERMIM PRELIMINARY INJUNCTION AND <u>SETTING HEARING ON PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION</u>**

Plaintiffs Gregory Greene and Joseph Lack ("Plaintiffs") having filed a Motion to Extend Temporary Restraining Order ("Motion to Extend TRO") (Dkt. 49) originally entered March 11, 2014 (and as extended on March 20, 2014 to April 8, 2014) (the "TRO"), and for the reasons stated on the record, the Court hereby extends the TRO, converting the same to an interim preliminary injunction, until the Court is able to hear and decide Plaintiffs' Motion for a Preliminary Injunction. Accordingly, and for the reasons set forth below, an interim preliminary injunction is issued against Defendants Mark Karpeles, Tibanne KK, Mt. Gox Inc., Mt. Gox North America, Inc., and Gonzague Gay-Bouchery (the "Mt. Gox Defendants" or "Defendants")

and converted to a preliminary injunction pending the Court's decision on the merits as to whether a preliminary injunction should issue for the duration of this litigation.[1]

## FINDINGS

1. Rule 65(d) requires both a TRO and a preliminary injunction to "state the reasons why it issued." Rule 52(a)(2) requires a statement of findings of fact and conclusions of law for decisions granting or refusing an "interlocutory injunction."

2. On March 11, 2014, this Court granted in part and denied in part Plaintiff's Motion for a Temporary Restraining Order and for Other Relief. Specifically, the Court entered a stay as to Mt. Gox KK based upon provisional relief ordered by the Bankruptcy Court for the Northern District of Texas on March 10, 2014 (*In re Mt.Gox*, 14-31229-sgj15). The Court granted Plaintiff's motion for a TRO against the Defendants, while denying the remainder of the motion (which also sought a preliminary injunction) without prejudice.

3. This Court had jurisdiction over the subject matter of this case for the purpose of entering the TRO. Notwithstanding Defendants Karpeles and Tibanne's jurisdictional objections, for which a briefing schedule has been set (Dkt. 59), the Court further finds that it has jurisdiction to issue an interim preliminary injunction pending a hearing and decision on such jurisdictional objections and Plaintiffs' Motion for a Preliminary Injunction filed April 8, 2014. (Dkt. 56.)

4. For the purposes of issuing an interim preliminary injunction, venue lies properly with this Court.

---

[1] As all proceedings are presently stayed, no TRO or preliminary injunction is entered with respect to the debtor entity, Mt. Gox KK. Further, no TRO or preliminary injunction is entered with respect to the assets of Mizuho Bank, Ltd. or Jed McCaleb. However, this Order's provisions regarding expedited discovery and preserving the Mt.Gox Defendants' assets in the United States shall apply to Mizuho Bank and McCaleb to the extent any such discovery is pursued or assets are being held.

5. As found with respect to the TRO, as explained on the record both through the Court's TRO Order (Dkt. 33) and in open court, and as otherwise found herein, Plaintiffs have demonstrated a probable likelihood of success on the merits with respect to their claims against the Defendants under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*, common law fraud, for an accounting, and for claims of negligence and conversion related to Defendants' provision or management of the Bitcoin exchange known as Mt. Gox. The pleadings, as set forth in the *Corrected* First Amended Complaint (Dkt. 37), and which have not been controverted at this time, allege that the Mt. Gox defendants breached their agreements with exchange members and caused the loss of exchange member bitcoins and Fiat Currency. Further, public reports and other public filings, including Mt. Gox's "Commencement for Civil Rehabilitation" in Japan and its Chapter 15 Petition for Recognition in the Northern District of Texas acknowledge that the exchange members' bitcoins and Fiat Currency have been lost and are presently unaccounted for, that the exchange has been taken offline, that exchange members cannot access their bitcoins or Fiat Currency, and that an examiner in Japan is presently investigating and considering whether Mt. Gox KK will go into rehabilitation or liquidation.

6. There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for consumers in the form of monetary restitution will occur from the sale, transfer, assignment, or other disposition or concealment by the Defendants of their assets or records unless the Defendants are immediately restrained and enjoined by order of this Court. The Plaintiffs set forth equitable claims and the Defendants will likely be unable to satisfy a complete judgment. Mt. Gox KK has filed for bankruptcy protection and has had a stay entered in its favor. Therefore, there is good cause for continuing the entry of

the order preserving the Defendants' assets and prohibiting the Defendants from destroying records.

7. Weighing the equities and the balance of harm, and considering the Plaintiffs' probable likelihood of ultimate success, extending the TRO while the Court considers the merits of Plaintiffs' Motion for a Preliminary Injunction and Defendants Karpeles and Tibanne KK's jurisdictional objections is in the public interest. The harm to the Plaintiffs in being unable to have a judgment satisfied outweighs the harm to the Defendants. Defendants Karpeles and Tibanne KK have claimed through their attorneys they are 99% sure that any assets in the United States have been seized by the Department of Homeland Security. The continued preservation of such assets or other assets in the United States will not cause undue harm to the Defendants.

8. The Court finds that, pursuant to Rule 65(a), the parties bound by this Order were provided with sufficient notice. The Court previously found that notice of the Motion for TRO and Preliminary Injunction was served in accordance with Federal Rule of Civil Procedure 65(b) and Defendants, whose attorneys at Baker & McKenzie (on behalf of Mt. Gox KK only) appeared before the Court for the TRO on March 11, 2014, as well as through Novack and Macey LLP (on behalf of Tibanne KK and Karpeles only) for the presentment hearing on the instant Motion to Extend TRO, had notice of these proceedings as stated on the record.

9. The Court finds that Plaintiff has already posted bond in the amount of $5,000 to serve as security for the TRO and that this bond is sufficient for the interim preliminary injunction. *See* Fed. R. Civ. P. 65(c)

## DEFINITIONS

1. "Asset" or "Assets" means any legal or equitable interest in, right to, or claim to, any real or personal property, including, but not limited to, "goods," "instruments," "equipment,"

4

"fixtures," "general intangibles," "inventory," "checks," or "notes" (as these terms are defined in the Uniform Commercial Code), lines of credit, chattels, commodities, bitcoins, leaseholds, contracts, mail or other deliveries, shares of stock, lists of consumer names, accounts, credits, premises, receivables, funds, and all cash and Fiat Currency, in the United States.

2. "Bitcoin" means and refers to the internet commodity and method of peer-to-peer payment available for purchase on the Internet. "Bitcoins" mean and refer to individual units of the commodity.

3. "Document" or "Documents" means any materials listed in Federal Rule of Civil Procedure 34(a) and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, into reasonably usable form through detection devices. A draft or non-identical copy is a separate Document within the meaning of the term.

4. "Electronic data host" means any person or entity that stores, hosts, or otherwise maintains electronically stored information or computer equipment.

5. "Fiat Currency" means and refers to paper money issued by a government (ie., U.S. dollars, Swiss francs, Russian ruble etc.) that may be held on a Bitcoin exchange or in a Members' bitcoin wallet or bitcoin address.

8. "Internet service provider" means a company that provides third parties with access to the Internet.

9. "Mt. Gox," "Defendants," or "Mt. Gox Defendants" means and refers to the Defendants covered by this order (Karpeles, Tibanne KK, Mt. Gox Inc., Mt. Gox North America, Inc., and Gonzague Gay-Bouchery) collectively. "Defendants" as used herein shall not refer to

Mt. Gox KK, against which all proceedings have been stayed in light of the Chapter 15 proceeding commenced by Mt. Gox KK in the Northern District of Texas.

10. "Mark Karpeles" means and refers to Mark Karpeles, head of Mt. Gox and 100% owner of Tibanne KK, Mt.Gox KK's parent company.

11. "Person" means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

12. "Plaintiffs" means Gregory Greene and Joseph Lack.

13. "Plaintiffs' Counsel" means Edelson PC, attn. Jay Edelson, 350 North LaSalle Street, Suite 1300, Chicago, Illinois 60654.

14. "The Bitcoin exchange known as Mt. Gox" means and refers to the Internet website where Class Members could buy, sell, convert, and trade their bitcoins and Fiat Currency.

## I. ASSET PRESERVATION

**IT IS HEREBY ORDERED** that:

A. Defendants, and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, are hereby temporarily restrained and enjoined from directly or indirectly selling, transferring, alienating, liquidating, encumbering, pledging, loaning, assigning, concealing, dissipating, converting, withdrawing or making any other disposition of any assets or any interest therein, wherever located in the United States that are owned, controlled or held by, or for the benefit of, in whole or in part, Defendants,

or in the actual or constructive possession of Defendants, other than those assets that are used for actual, ordinary, and necessary business or living expenses that Defendants reasonably incur.

B. The assets affected by this Section shall include both existing assets and assets acquired after the effective date of this Order.

C. To the extent that Defendants withdraw, transfer, encumber, or otherwise dissipate assets pursuant to Section I.A of this Order, they shall provide an accounting of their expenses to Plaintiffs' Counsel for each calendar month.

## II. PRESERVATION OF WEBSITE, EXCHANGE DATA, RECORDS AND EQUIPMENT; REPORT OF NEW BUSINESS ACTIVITY

**IT IS FURTHER ORDERED** that immediately upon service of this Order upon them, Defendants, and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, and any other person or entity served with a copy of this Order, shall

A. Prevent the destruction or erasure of any website used by Defendants for the ownership, design, management, and maintenance of the Bitcoin exchange known as Mt. Gox by preserving such websites in the format in which they were maintained on February 24, 2014 prior to being shut down;

B. Immediately notify Plaintiffs' Counsel of all websites operated or controlled by Defendants.

Such entities and persons are hereby further temporarily restrained and enjoined from:

C. Failing to create and maintain books, records, accounts, bank statements, current accountants' reports, general ledgers, general journals, cash receipts ledgers, cash disbursements

7

ledgers and source documents, documents indicating title to real or personal property, and any other data which, in reasonable detail, accurately, fairly, and completely reflect Defendants' income, and the disbursements, transactions, dispositions, and uses of Defendants' assets;

  D. Destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any documents, including electronically-stored materials and any data on mobile devices or other equipment used in the ownership, design, management, and maintenance of the Bitcoin exchange known as Mt. Gox, that relate in any way to: the business practices or business or personal finances of Defendants; the business practices or finances of entities directly or indirectly under the control of Defendants; or the business practices or finances of entities directly or indirectly under common control with any other Defendant;

  E. Selling, transferring, destroying, damaging, altering, concealing, or otherwise disposing of, in any manner, directly or indirectly, any equipment used in the ownership, design, management, and maintenance of the Bitcoin exchange known as Mt. Gox; and

  F. Creating, operating, or exercising any control over any business entity, whether newly-formed or previously inactive, including any partnership, limited partnership, joint venture, sole proprietorship, or corporation, without first providing lawyers for the Plaintiffs with a written statement disclosing: (1) the name of the business entity; (2) the address, telephone number, e-mail address, and website address of the business entity; and (3) a description of the business entity's intended activities.

### III. EXPEDITED DISCOVERY

**IT IS FURTHER ORDERED** that in accordance with Federal Rules of Civil Procedure 30(a), 31(a), 33, 34, 36, and 45, and notwithstanding the provisions of Federal Rules of Civil

Procedure 26(d) and (f), 30(a)(2)(A), and 31(a)(2)(A), and without prejudice to any objections, the Plaintiff is granted leave, at any time after entry of this Order to:

      A.      Take the deposition of any person, whether or not a party, for the purpose of discovering the nature, location, status, and extent of the assets of Defendants, and Defendants' affiliates and subsidiaries, whether or not located in the United States; the nature and location of documents reflecting the business transactions of Defendants, and Defendants' affiliates and subsidiaries; the location of any premises where Defendants, directly or through any third party, conduct business operations; the Defendants' whereabouts; and/or the applicability of any evidentiary privileges to this action; and

      B.      Demand the production of Documents from any person, whether or not a party, relating to the nature, status, and extent of the assets of Defendants, and Defendants' affiliates and subsidiaries whether or not located in the United States; the nature and location of documents reflecting the business transactions of Defendants and Defendants' affiliates and subsidiaries; the location of any premises where Defendants, directly or through any third party, conduct business operations; Defendants' whereabouts; and/or the applicability of any evidentiary privileges to this action.; and

      C.      Propound Interrogatories on any person whether or not a party, relating to the nature, status, and extent of the assets of Defendants, and Defendants' affiliates and subsidiaries whether or not located in the United States; the nature and location of documents reflecting the business transactions of Defendants and Defendants' affiliates and subsidiaries; the location of any premises where Defendants, directly or through any third party, conduct business operations; Defendants' whereabouts; and/or the applicability of any evidentiary privileges to this action; and

  D. Serve requests for admission on any person, whether or not a party, relating to the nature, status, and extent of the assets of Defendants, and Defendants' affiliates and subsidiaries whether or not located in the United States; the nature and location of documents reflecting the business transactions of Defendants and Defendants' affiliates and subsidiaries; the location of any premises where Defendants, directly or through any third party, conduct business operations; Defendants' whereabouts; and/or the applicability of any evidentiary privileges to this action. Six (6) days notice shall be deemed sufficient for any such deposition, ten (10) days notice shall be deemed sufficient for the production of any such documents, forty-eight (48) hours notice shall be deemed sufficient for the production of any such documents that are maintained or stored only as electronic data, ten (10) days shall be deemed sufficient for answers to interrogatories, and twenty (20) days shall be deemed sufficient for answering requests for admission.

  The provisions of this Section shall apply both to parties to this case and to non-parties. The limitations and conditions set forth in Federal Rules of Civil Procedure 30(a)(2)(A)(ii) and 31(a)(2)(A)(ii) regarding subsequent depositions of an individual shall not apply to depositions taken in accordance with this Section. Any such discovery undertaken pursuant to this Section shall not be counted toward any limit on the number of requests for documents, depositions, interrogatories, or requests for admission under the Federal Rules of Civil Procedure or the Local Rules of Civil Procedure for the United States District Court for the Northern District of Illinois. Service of discovery upon a party, taken pursuant to this Section, shall be sufficient if made through the means described in Section V of this Order.  Any party or non-party may move for a protective order under Federal Rule of Civil Procedure 26(c) or move to quash or modify a

subpoena under Federal Rule of Civil Procedure 45(c) to seek relief from any discovery requests served or subpoenas issued under the authority of this Section.

## IV. DISTRIBUTION OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy of this Order to each of their corporations, subsidiaries, affiliates, divisions, directors, officers, agents, partners, successors, assigns, employees, attorneys, agents, representatives, sales entities, sales persons, independent contractors, and any other persons in active concert or participation with them. Within ten (10) calendar days from the date of entry of this Order, each Defendant shall serve on Plaintiffs' Counsel an affidavit identifying the name, title, address, telephone number, date of service, and manner of service of each person or entity Defendants served with a copy of this Order in compliance with this provision.

## V. SERVICE OF ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission, electronic mail, personal or overnight delivery, or by U.S. Mail, by agents and employees of Plaintiffs' Counsel, by any law enforcement agency, or by private process server, upon any person that may have possession or control of any document of Defendants, or that may be subject to any provision of this Order.

## VI. CONSUMER REPORTING AGENCIES

**IT IS FURTHER ORDERED** that, pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1), any consumer reporting agency may furnish a consumer or credit report concerning any Defendant to Plaintiffs' Counsel.

## VII. DURATION OF THE EXTENDED TEMPORARY RESTRAINING ORDER/HEARING ON PRELIMINARY INJUNCTION

11

**IT IS FURTHER ORDERED** that the TRO extended as set forth herein shall remain in effect until the Court is able to hear and decide Plaintiffs' Motion for Preliminary Injunction and Defendants' jurisdictional objections, unless the Defendants consent that it should be extended for a longer period of time. The Court reiterates that it has entered this Order without the benefit of any argument in opposition or contrary presentation of evidence. If any parties bound by this Order wish to contest it prior to its natural expiration, the Court encourages any of them—to the extent any desire to do so—to bring a motion to vacate this Order to the Court's attention for hearing and consideration. The briefing schedule and hearing on Plaintiffs' Motion for Preliminary Injunction will be set at some future status hearing.

### VIII. CORRESPONDENCE WITH AND NOTICE TO PLAINTIFFS

**IT IS FURTHER ORDERED** that, for purposes of this Order, all correspondence and pleadings to the Plaintiffs shall be addressed to:

> Jay Edelson
> Edelson PC
> 350 North LaSalle St. Ste. 1300
> Chicago, Illinois 60654
> (312) 589-6375 [Telephone]
> (312) 589-6378 [Facsimile]
> jedelson@edelson.com

### IX. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction on this matter for all purposes.

April 8, 2014

_____
United States District Judge

Gary Feinerman