**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GREGORY GREENE and JOSEPH LACK, individually and on behalf of all others similarly situated,<br><br>    *Plaintiffs*,<br><br>v.<br><br>MTGOX INC., a Delaware corporation, MT. GOX KK, a Japanese corporation, TIBANNE KK, a Japanese corporation, MT. GOX NORTH AMERICA, INC., a New York corporation, MIZUHO BANK, LTD., a Japanese financial institution, MARK KARPELES, an individual, GONZAGUE GAY-BOUCHERY, an individual, JED MCCALEB, an individual, and JOHN DOE DEFENDANTS,<br><br>    *Defendants*. | No. 14 C 1437<br><br>Judge Gary Feinerman<br><br>Magistrate Judge Susan Cox |

**ORDER GRANTING
<u>STIPULATED MOTION TO STAY PROCEEDINGS</u>**

THIS MATTER having come before the Court on the Stipulated Motion to Stay Proceedings submitted by Plaintiffs Gregory Greene and Joseph Lack (the "Plaintiffs") and Defendants Mark Karpeles, and Tibanne KK, and joined without objection on the oral motion of Mizuho Bank, Ltd. (together, the "Stipulating Parties"), and being duly advised in the premises, it is hereby ORDERED as follows:

  1.  The Stipulated Motion to Stay is GRANTED;

  2.  The litigation as against Karpeles, Tibanne KK, and Mizuho Bank is hereby stayed pending the earlier of: (a) this Court's failure to grant preliminary or final approval of Plaintiffs' Proposed Settlement; (b) any rejection of or material failure to implement the Mt. Gox

Rehabilitation Plan (the "Plan") by the Japanese bankruptcy court and/or officials, as set forth in the Addendum to Plaintiffs' Proposed Settlement, (Dkt. 79-2, Ex. A); or (c) any official decision by "New Gox" (as defined in the Plan) to not independently pursue claims that overlap with Plaintiffs' claims in this litigation, (*see* Dkt. 79 § 2.3(a); Dkt. 79-2, Ex. A ("Recovery Commitments," ¶ 1));

    3.    Plaintiffs, Karpeles, Tibanne KK, and/or Mizuho Bank may move at any time to lift the proposed litigation stay for good cause shown and, where any such motion is made, the non-moving party or parties may oppose lifting the stay;

    4.    Karpeles and Tibanne have withdrawn their objection to Plaintiff's Motion for Preliminary Approval without waiver of any right(s) they may have to later object to the Proposed Settlement and/or the Plan in this or any other appropriate forum, including, without limitation, the Japanese bankruptcy court;

    5.    By withdrawing their objection to the Motion, neither Karpeles nor Tibanne express any opinion as to the merits of the Motion, and the withdrawal of the objection will not be otherwise used against them in this litigation in any manner, including, without limitation, with respect to any defenses or motions they may assert based on lack of personal jurisdiction or inadequate service of process.

May 9, 2014

                         *United States District Judge*