**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GREGORY GREENE and JOSEPH LACK, individually and on behalf of all others similarly situated,<br><br>     *Plaintiffs*,<br><br>v.<br><br>MTGOX INC., a Delaware corporation, MT. GOX KK, a Japanese corporation, TIBANNE KK, a Japanese corporation, MT. GOX NORTH AMERICA, INC., a New York corporation, MIZUHO BANK, LTD., a Japanese financial institution, MARK KARPELES, an individual, GONZAGUE GAY-BOUCHERY, an individual, JED MCCALEB, an individual, and JOHN DOE DEFENDANTS,<br><br>     *Defendants*. | No. 14 C 1437<br><br>Judge Gary Feinerman<br><br>Magistrate Judge Susan Cox |

**ORDER PRELIMINARILY APPROVING CLASS ACTION
SETTLEMENT, CERTIFYING SETTLEMENT CLASS, APPROVING PROCEDURE
AND FORM OF NOTICE, AND SCHEDULING FINAL APPROVAL HEARING**

This matter having come before the Court on the motion for preliminary approval (the

"Motion for Preliminary Approval") of a proposed class action settlement of the above-captioned

matter (the "Action") between Plaintiffs Gregory Greene, Joseph Lack, and the Settlement Class

(as defined herein and together with Greene and Lack the "Plaintiffs"), Defendants Jed McCaleb

and Gonzague Gay-Bouchery (together, "Settling Defendants"), and Sunlot Holdings Limited

("Sunlot") (Plaintiffs, Sunlot, and the Settling Defendants are collectively referred to as the

"Parties"), pursuant to the Parties' Stipulation of Partial Class Action Settlement (the "Settlement

Agreement" or "Settlement"), and having duly considered the papers and arguments of counsel, the Court hereby finds and orders as follows:

1.      Unless defined herein, all defined terms in this Order shall have the respective meanings set forth in the Settlement Agreement.

2.      The Court finds that, subject to the Final Approval Hearing, the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Class set forth below. The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action, and provides substantial relief to the Class without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal. The Court also finds that the Settlement (a) has been negotiated in good faith at arm's-length between experienced attorneys familiar with the legal and factual issues of this case and was reached with the assistance of Wayne Andersen of JAMS as mediator; (b) is sufficient to warrant notice of the settlement and the Final Approval Hearing to the Settlement Class; (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23, and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715; and (d) is not a finding or admission of liability by the Settling Defendants or any other parties.

**Settlement Class Certification**

3.      Pursuant to Federal Rule of Civil Procedure 23(b)(3), and for settlement purposes only, the Court conditionally certifies the proposed Settlement Class, consisting of:

> All Persons in the United States and its territories who had bitcoins or Fiat Currency stored with the Mt. Gox Exchange on February 24, 2014.

The following entities and individual, however, are excluded from the Settlement Class:

> (1) MTGOX, Inc., Mt. Gox KK, Tibanne KK, Mt. Gox North America, Inc., Mizuho Bank, Ltd., Mark Karpeles, and any entity in which their parents have a controlling interest and their current and former employees, officers, and

2

directors, (2) the Judge or Magistrate Judge to whom this case is assigned and the Judge's or Magistrate Judge's immediate family, (3) Persons who execute and file a timely request for exclusion, (4) all persons who have previously had claims similar to those alleged herein finally adjudicated or who have released their claims, and (5) the Settling Defendants.

4.      For settlement purposes only, the Court hereby appoints Greene and Lack as Class Representatives and Jay Edelson of Edelson PC as Class Counsel.  The Court finds that Class Counsel is competent and capable and that Class Representatives will fairly and adequately protect the interests of the Settlement Class.  The Court thus finds that Class Counsel and Class Representatives have the full power and authority to act on behalf of the Settlement Class in all manners consistent with the Settlement Agreement including, but not limited to, the power and authority to: (i) present the Mt. Gox Rehabilitation Plan to the Japanese Bankruptcy Court and/or Texas Bankruptcy Court; (ii) request that the Japanese Bankruptcy Court release to the Settlement Administrator and Class Counsel a list of all names, telephone numbers, U.S. Mail Addresses, and email addresses associated with each member of the Settlement Class registered with the Mt. Gox Exchange; (iii) and represent the Settlement Class for purposes of entering into and implementing the Settlement Agreement.

5.      The Court finds, subject to the Final Approval Hearing referred to in Paragraph 14 below, that the Settlement Agreement is fundamentally fair, adequate, and reasonable, and for the purposes of settlement only, that the Settlement Class satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

**Notice and Administration**

6.      The Court approves the proposed Notice Plan for giving direct notice to the Settlement Class by U.S. Mail and E-Mail, and for giving publication notice via press release, Internet publication, and advertisement in *Investors Business Daily*, as set forth in the Settlement

Agreement and Exhibits A and B thereto. The Notice Plan, in form, method, and content, fully complies with the requirements of Rule 23 and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled thereto. The Court finds that the Notice is reasonably calculated to, under all circumstances, reasonably apprise the members of the Settlement Class of the pendency of this action, the terms of the Settlement Agreement, and the right to object to the settlement and to exclude themselves from the Settlement Class. The Court directs the Parties and the Settlement Administrator to complete all aspects of the Notice Plan in accordance with the terms of the Settlement Agreement by no later than the Notice Date (*i.e.*, no later than twenty-eight (28) days after receipt of the Class List from the Japanese Bankruptcy Court).

7.     Pursuant to the Settlement Agreement, Epiq Systems, Inc. is hereby appointed as Settlement Administrator and shall be required to perform all the duties of the Settlement Administrator as set forth in the Settlement Agreement and this Order.

8.     Pursuant to paragraph 4.2 of the Settlement Agreement, the Settlement Administrator shall provide Notice by First Class U.S. Mail and email to each address and email address on the Class List no later than twenty-eight (28) days after receipt of the Class List from the Japanese Bankruptcy Court, which shall be the "Notice Date." The Settlement Administrator or Class Counsel shall further distribute a press release to local, national, and syndicated news organizations discussing the terms of the Settlement Agreement that in no way disparages the Settling Defendants. The Settlement Administrator shall likewise provide Notice via Internet Publication on an agreed-upon settlement website, as well as effectuate Publication Notice through a one-time 1/8 page advertisement in *Investors Business Daily*. The Settlement Administrator shall also provide CAFA Notice, pursuant to 28 U.S.C. § 1715, to the Attorneys

General of each U.S. State, the Attorney General of the United States, and other required government officials, giving notice of the proposed settlement no later than ten days after the Agreement is filed with the Court.

**Exclusion**

9.       All persons who meet the definition of the Settlement Class and who wish to exclude themselves from the Settlement Class must submit their request for exclusion in writing, identifying the case name *Greene v. MtGox Inc. et al*, No. 14 C 1437, stating their name and address, and providing the username and email associated with their Mt. Gox Exchange account(s).  The request for exclusion must also contain a statement that he/she/it wishes to be excluded from the Settlement Class for purposes of this Settlement and must be personally signed by the Settlement Class member requesting exclusion.  The request must be mailed to the Settlement Administrator at the address provided in the notice and postmarked no later than the Objection / Exclusion Deadline, which shall be set as forty-five days after the Notice Date. A request for exclusion that does not include all of the foregoing information, that is sent to an address other than the one designated in the Notice, or that is not postmarked within the time specified, shall be invalid and any person(s) serving such a request shall be deemed a member of the Settlement Class, and shall be bound as a Settlement Class Member(s) by the Settlement.

10.      Members of the Settlement Class who exclude themselves from the Settlement Agreement will relinquish their rights to benefits under the Settlement Agreement and will not release their claims. However, members of the Settlement Class who fail to submit a valid and timely request for exclusion shall be bound by all terms of the Settlement Agreement and the Final Judgment, regardless of whether they have requested exclusion from the Settlement Agreement.

**Objections**

11.     Any member of the Settlement Class may comment in support of or in opposition to the Settlement; provided, however, that all comments and objections must be filed with the Court prior to the Final Approval Hearing.  A Settlement Class Member who objects to the Settlement need not appear at the Final Approval Hearing for his, her or its comment to be considered by the Court; however, all papers, briefs, pleadings, or other documents that any objector would like the Court to consider ("Objections") must be filed with the Court no later than the Objection / Exclusion Deadline of forty-five days after the Notice Date.  All Objections shall include: (i) the Settlement Class Member's full name and address; (ii) a signed statement that he or she believes himself or herself to be a member of the Settlement Class; (iii) the username and email associated with the Settlement Class Member's Mt. Gox Exchange account; (iv) all arguments, citations, and evidence supporting the objection (including copies of any documents relied on); and (v) a statement indicating whether the objecting Settlement Class Member intends to appear at the Final Approval Hearing with or without counsel.  Any objection made by a Settlement Class Member represented by counsel must be filed through the Court's CM/ECF system.  At least fourteen (14) days prior to the Objection / Exclusion Deadline, papers supporting the Fee Award shall be filed with the court and posted to the settlement website.

12.     Any Settlement Class Member who fails to timely file a written objection with the Court and notice of his or her intent to appear at the Final Approval Hearing as prescribed herein shall be deemed to have waived his, her, or its objections and forever be barred from making any such objections in this Action or in any other action or proceeding.  If a Settlement Class Member does not submit a written comment on the proposed Settlement or the application of Class Counsel for attorneys' fees and expenses in accordance with the deadline and procedure set

forth in the Notice, and the Settlement Class Member is not granted relief by the Court, such Settlement Class Member will be deemed to have waived his, her, or its right to be heard at the Final Approval Hearing.

**Final Approval Hearing**

13.     This matter has been set for status on July 8, 2014 at which time the Court shall, unless otherwise notified of the Notice Date by the parties, confirm the date for the Final Approval Hearing to be held before this Court in Courtroom 2125 of the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604 to determine (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable and adequate and should be given final approval by the Court; (b) whether a judgment and order of dismissal with prejudice should be entered; and (c) whether to approve Class Counsel's application for attorneys' fees and expenses, and in what amount. The Court may adjourn the Final Approval Hearing without further notice to members of the Settlement Class, but any changes will posted to the settlement website.

14.     Papers in support of final approval of the Settlement Agreement and in response to any objections shall be filed with the Court at least fourteen days prior to the Final Approval Hearing.

**Further Matters**

15.     The Settlement Agreement and the proceedings and statements made pursuant to the Settlement Agreement or papers filed relating to the approval of the Settlement Agreement, and this Order, are not and shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or an

admission of any kind by any of the Parties of (i) the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in the Action, any other litigation, court of law or equity, proceeding, arbitration, tribunal, investigation, government action, administrative proceeding, or other forum, or (ii) any liability, responsibility, fault, wrongdoing, or otherwise of the Parties. Settling Defendants have denied and continue to deny the claims asserted by Plaintiffs. Nothing contained herein shall be construed to prevent the Parties from offering the Settlement Agreement into evidence for the purposes of enforcement of the Settlement Agreement.

16.     The Action (including any motions, discovery, or other pleadings) shall be stayed as to the Settling Defendants and held in abeyance pending further order of the Court.

17.     The certification of the Settlement Class shall be binding only with respect to the settlement of the Action.  In the event that the Settlement Agreement is terminated pursuant to its terms or is not approved in all material respects by the Court, or such approval is reversed, vacated, or modified in any material respect by this or any other court, the certification of the Settlement Class shall be deemed vacated, the Action shall proceed as if the Settlement Class had never been certified (including Settling Defendants' right to oppose any subsequent motion for class certification), and no reference to the Settlement Class, the Settlement Agreement, or any documents, communications, or negotiations related in any way thereto shall be made for any purpose.

May 9, 2014                          _____
                                                United States District Judge

8