# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| GREGORY GREENE, et al., | ) |
| | ) |
| Plaintiffs, | )    Case No. 1:14-cv-01437 |
| | ) |
| v. | )    Judge Gary Feinerman |
| | ) |
| MTGOX INC., et al., | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF FILING

PLEASE TAKE NOTICE that, pursuant to this Court's Order dated August 5, 2014, Defendants Mark Karpeles and Tibanne KK caused to be filed with the U.S. District Court for the Northern District of Illinois, an Order, dated October 28, 2014, entered by the Honorable Marsha J. Pechman, who is presiding over the matter styled *CoinLab, Inc. v. Mt. Gox KK, et al.*, Case No. 2:13-cv-777-MJP, currently pending in the United States District Court for the Western District of Washington, a copy of which is attached hereto and served upon you.

Respectfully submitted,

MARK KARPELES and TIBANNE KK

By:    /s/ Amanda M.H. Wolfman
            One Of Their Attorneys

Eric N. Macey
emacey@novackmacey.com
Richard G. Douglass
rdouglass@novackmacey.com
Amanda M.H. Wolfman
awolfman@novackmacey.com
NOVACK AND MACEY LLP
100 N. Riverside Plaza
Chicago, Illinois 60606
Tel: (312) 419-6900
Fax: (312) 419-6928

*Attorneys for Defendants*
*Mark Karpeles and Tibanne KK*

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10    COINLAB INC,                                      CASE NO. C13-777 MJP

11                        Plaintiff,                    ORDER ON PLAINTIFF'S MOTION
                                                        FOR RELIEF FROM STAY
12          v.

13    MT GOX KK, et al.,

14                        Defendants.

15

16          THIS MATTER comes before the Court on Plaintiff's Motion for Relief from Stay.

17    (Dkt. No. 97.)  Having considered the Parties' briefing and all related papers, the Court

18    GRANTS the motion.

19                                    **Background**

20          This Court entered a stay on April 30, 2014 because of MtGox's ongoing bankruptcy

21    proceedings in Japan.  (Dkt. No. 62.)  Although Tibanne, MtGox's parent company, was not and

22    is not currently in bankruptcy, the Court extended the stay to cover both Defendants because: (1)

23    allowing the action to proceed may result in inconsistent obligations for Defendants; (2)

24    proceeding would unnecessarily burden the Court's docket by causing it to preside over two

1 │ separate actions as opposed to one; and (3) Plaintiff Coinlab had not alleged that it would suffer

2 │ harm if the Court stayed the entire action. (Dkt. No. 62 at 3.)

3 │      On July 22, 2014, the Court granted Plaintiff's motion for relief from the stay and for a

4 │ temporary restraining order preventing Tibanne from dissipating its assets. (Dkt. No. 69.)

5 │ Plaintiff had alleged that Tibanne was selling its remaining assets and would be judgment-proof

6 │ by the time MtGox's bankruptcy proceedings finished. The TRO was extended on August 5,

7 │ 2014, and an August 14, 2014 show cause hearing was scheduled. (Dkt. No. 75.)

8 │      At the show cause hearing, the Parties agreed that a more definitive resolution to the

9 │ issues presented by the stay and the TRO was required. (Dkt. No. 94.) Rather than continuing to

10 │ file TROs, Plaintiff agreed to file a motion to permanently lift the stay as to Tibanne so that the

11 │ Parties could fully brief, and the Court could fully consider, the issues. A placeholder TRO or

12 │ preliminary injunction was contemplated while the Court considered lifting the stay, but Plaintiff

13 │ has since decided not to pursue that option. (Dkt. No. 92.) Plaintiff now moves to lift the stay.

14 │ **Discussion**

15 │ I.    Legal Standard

16 │      Automatic bankruptcy stays generally apply only to the debtor; the district court,

17 │ however, has "the inherent power to control its own docket and calendar." Mediterranean Enter.,

18 │ Inc. v. Ssangyong Corp., 708 F.2d 1458, 1465 (9th Cir. 1983). The district court may stay an

19 │ action "pending resolution of independent proceedings which bear upon the case" if it finds "it is

20 │ efficient for its own docket and the fairest course for the parties." Leyva v. Certified Grocers of

21 │ Cal., Ltd., 593 F.2d 857, 863 (9th Cir. 1979). Courts weigh the competing interests that would

22 │ be affected by granting or refusing a stay. See, e.g., Lockyer v. Mirant Corp., 398 F.3d 1098,

23 │ 1110 (9th Cir. 2005). Those competing interests are "the possible damage which may result

24 │

ORDER ON PLAINTIFF'S MOTION FOR RELIEF
FROM STAY- 2

1 | from the granting of a stay, the hardship or inequity which a party may suffer in being required

2 | to go forward, and the orderly course of justice." Id. (internal citations omitted).

3 |     II.    Prejudice to Plaintiff

4 |     Plaintiff argues that it is prejudiced by the stay because Tibanne will sell off all of its

5 | assets and become judgment-proof before Plaintiff has a chance to litigate its claims. (Dkt. No.

6 | 97 at 7.) The Parties agree that MtGox's bankruptcy proceedings will continue for several years,

7 | and that Tibanne is selling assets. (Dkt Nos. 97, 100, 101.) Plaintiff argues Tibanne is

8 | dissipating assets so as to become judgment-proof; Tibanne asserts it is selling assets only in the

9 | ordinary course of business in order to pay operating expenses and legal fees. (Dkt No. 101 at

10 | 5.)

11 |     III.    Prejudice to Defendants

12 |     Defendants argue Plaintiff's claims against them are inextricably intertwined, and that

13 | allowing litigation against Tibanne to proceed would prejudice MtGox. (Dkt. No. 100 at 6.)

14 | Defendants contend that Plaintiff's claims allege breach of the same contract, for the same

15 | reasons, by both Defendants, and thus any findings of fact or conclusions of law by the Court in

16 | relation to Tibanne will have substantial effect on MtGox's case, even though MtGox will not

17 | have been a party to the litigation. MtGox explicitly raises the issue of collateral estoppel (or

18 | issue preclusion), and asks that any order from the Court lifting the stay explicitly state that any

19 | findings of fact or conclusions of law in the case against Tibanne may not be used in any case

20 | against MtGox. (Dkt. No. 100 at 7-8.)

21 |     Plaintiff responds by pointing to MtGox's assertion that any claims by Plaintiff against

22 | MtGox belong in the Japanese bankruptcy proceeding, and not in this Court, (Dkt. No. 100 at 7),

23 | and argues that MtGox should not be allowed to argue both that collateral estoppel does not

24 |

1 | apply because the claims belong in Japan, and also that the stay should not be lifted because of

2 | collateral estoppel concerns. (Dkt. No. 104 at 3.)  Defendants contend that either way, holding

3 | two trials on the same breach of contract claim could result in inconsistent obligations from

4 | Defendants. (Dkt. No. 101 at 3.)

5 |      Plaintiff also argues that changed circumstances have decreased any prejudice to

6 | Defendants. (Dkt. Nos. 97 at 1-2, 104 at 3-4.)  Plaintiff asserts that an important reason for the

7 | Court's original stay was that Mark Karpeles was overseeing both the MtGox bankruptcy and

8 | serving as Tibanne's representative for litigation in the United States.  Now that Mr. Karpeles

9 | has been replaced by a Japanese bankruptcy trustee in the MtGox proceedings, Plaintiff argues,

10 | Karpeles is free to devote his time to this litigation.  Defendants argue this was never part of the

11 | Court's reasoning for extending the stay to Tibanne, and is irrelevant as to whether the stay

12 | should now be lifted. (Dkt. No. 100 at 2.)

13 |      IV.    Efficiency of the Court's Docket

14 |      Defendants argue that proceeding with litigation against Tibanne now would result in

15 | piecemeal litigation and duplicative trials, and would unnecessarily burden the Court's docket.

16 | (Dkt. No. 101 at 3-4.)  Defendants also contend that even though Plaintiff's claims against

17 | MtGox belong in the Japanese bankruptcy proceeding, their contract's forum-selection clause

18 | still applies, and thus MtGox's counterclaims against Plaintiff would have to be brought

19 | separately in the Western District of Washington. (Dkt. No. 101 at 4.)  Stated differently,

20 | Defendants contend that regardless of whether Coinlab's claims against MtGox are resolved in

21 | Japan, proceeding with litigation against Tibanne will result in two trials because MtGox will

22 | bring claims against Coinlab after its bankruptcy proceedings end.

23

24

1                              **Conclusion**

2          While both Plaintiff and Defendants make compelling arguments, the Court finds

3   Plaintiff's arguments more persuasive.  Although lifting the stay and litigating the merits could

4   result in inconsistent obligations from Defendants in duplicative trials, maintaining the stay

5   allows Tibanne to continue selling assets for two to three years until the bankruptcy proceedings

6   of an entirely separate entity finish.  Tibanne is not in bankruptcy and there is no reason why it is

7   not capable of litigating the merits of the case.  Perhaps most significantly, MtGox's bankruptcy

8   proceedings will continue into 2016 and beyond.  While inconsistent obligations and duplicative

9   trials should be avoided, allowing Plaintiff's claims against Tibanne to go unheard for years

10  while an entirely separate entity goes through a foreign bankruptcy is also a result to be avoided.

11  Having weighed the competing interests involved, the Court finds lifting the stay to be the fairest

12  course for the Parties, and hereby GRANTS Plaintiff's Motion for Relief from Stay.

13

14         The clerk is ordered to provide copies of this order to all counsel.

15         Dated this 27th day of October, 2014.

16

17

18                                    Marsha J. Pechman
19                                    Chief United States District Judge

20

21

22

23

24

## <u>CERTIFICATE OF SERVICE</u>

Amanda M.H. Wolfman, an attorney, hereby certifies that, on October 29, 2014, she caused a true and correct copy of the foregoing *Notice Of Filing* to be filed electronically with the Court's CM/ECF system. Notice of this filing was sent to all parties who are registered CM/ECF users by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

_____/s/ Amanda M.H. Wolfman_____
