**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GREGORY GREENE and JOSEPH LACK, individually and on behalf of all others similarly situated, | |
| *Plaintiffs*, | Case No. 1:14-cv-01437 |
| v. | Hon. Gary Feinerman |
| MTGOX INC., a Delaware corporation, MT. GOX KK, a Japanese corporation, TIBANNE KK, a Japanese corporation, MT. GOX NORTH AMERICA, INC., a New York corporation, MIZUHO BANK, LTD., a Japanese financial institution, MARK KARPELES, an individual, GONZAGUE GAY-BOUCHERY, an individual, JED MCCALEB, an individual, and JOHN DOE DEFENDANTS, | Magistrate Judge Susan Cox |
| *Defendants*. | |

<u>**JOINT STATUS REPORT**</u>

Pursuant to the Court's December 10, 2014 Order (Dkt. 120), Plaintiffs Gregory Greene

and Joseph Lack ("Plaintiffs") and Defendants Mizuho Bank, Ltd. ("Mizuho Bank"), Gonzague

Gay-Bouchery ("Gay-Bouchery"), and Jed McCaleb ("McCaleb") hereby submit this Joint

Status Report.

**A.      Status of the MtGox Bankruptcy**

Defendant MtGox Co., Ltd., a/k/a MtGox KK ("MtGox KK") is the subject of a

bankruptcy proceeding under Japanese law, which is pending before the Tokyo District Court in

Japan. On June 19, 2014, the U.S. Bankruptcy Court for the Northern District of Texas entered

an Order recognizing MtGox KK's Japanese bankruptcy proceeding as a "foreign main

proceeding" under Chapter 15 of the Bankruptcy Code, and as a result, the claims against MtGox

KK in this action are automatically stayed as a matter of law. *See* 11 U.S.C. § 1520(a)(1).

Accordingly, this Joint Status Report does not address and is not applicable to litigation of the

claims asserted against MtGox KK in this action. The parties reserve all rights with respect to

those claims, and nothing set forth herein shall constitute the waiver of such rights.

**B.     Nature of the Case**

      1.     <u>Attorneys of record and lead trial counsel for each party</u>.

**For Plaintiffs**:  Jay Edelson, Ari J. Scharg, Benjamin S. Thomassen, and Alicia E. Hwang of EDELSON PC.

**For Defendant Mizuho Bank**: Jerome S. Fortinsky, John A. Nathanson, and Jeffrey Resetarits of SHEARMAN & STERLING LLP.

**For Defendant Gay-Bouchery**: Daniel J. Fumagalli and Michael A. Eurich of CHUHAK & TECSON, PC.

**For Defendant McCaleb**: Ethan Jacobs of KELLER, SLOAN, ROMAN & HOLLAND LLP.

**For Defendants Tibanne KK and Mark Karpeles**: Eric N. Macey**,** Richard Douglass, and Amanda Wolfman of NOVACK AND MACEY, LLP.[1]

**For Defendant MtGox KK:** Daniel J. Saval and David J. Molton of BROWN RUDNICK LLP and Brian I. Tanenbaum of THE LAW OFFICES OF BRIAN I. TANENBAUM, LTD.[2]

      2.     <u>Basis for federal subject matter jurisdiction</u>.

Plaintiffs assert that this Court has subject matter jurisdiction over this case under 28

U.S.C. §1332(d)(2) because (a) at least one member of the putative class is a citizen of a state

different from Defendants, (b) the amount in controversy exceeds $5,000,000, exclusive of

interest and costs, and (c) none of the exceptions under that subsection apply to this action.

      3.     <u>Nature of the claim(s) and any counterclaim(s), including the amount of damages and other relief sought</u>.

---

[1] Counsel for Defendants Tibanne KK and Mark Karpeles have declined to participate in this Joint Status Report on the basis that they have moved to withdraw.
[2] Mt. Gox, Inc. and Mt. Gox North America have not appeared.

This putative class action arises from the loss of approximately $470 million worth of bitcoins and fiat currency from the Mt. Gox Bitcoin exchange. Given the recent developments regarding MtGox KK's bankruptcy proceedings, and in light of new information obtained since the filing of their first amended complaint, Plaintiffs intend to amend the pleadings to dismiss the Mt. Gox-related entities (i.e., MtGox KK, Mt. Gox, Inc., and Mt. Gox North America, Inc.) and refocus the allegations on the remaining defendants. Plaintiffs propose to file (or, if necessary, seek leave to file) their second amended complaint by February 5, 2015.

4.  Whether the defendant will answer the complaint or, alternatively, whether the defendant will otherwise plead to the complaint.

Defendant Mizuho Bank intends to file a motion to dismiss, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, based on Plaintiffs' (i) inability to establish personal jurisdiction over Mizuho Bank and (ii) failure to plead facts that state a claim against Mizuho Bank. If the Court allows Plaintiffs to file a second amended complaint, Defendant Mizuho Bank may assert additional grounds for dismissal based on the claims and allegations in the new complaint.

Defendant Gay-Bouchery shall file his Motion to Dismiss based on lack of personal jurisdiction, pursuant to Rule 12(b)(2), and possibly Rule 12(b)(6) for failure to state a claim as to Gay-Bouchery, and Rule 12(b)(4) and (5) for lack of sufficient process under Rule 12(b)(4) and (5), within 60 days after the filing of Plaintiffs' amended pleading.

5.  Principal legal and factual issues.

The parties respectfully submit that it is premature to identify the principal legal and factual issues in this case prior to the filing of Plaintiffs' second amended complaint, which will dismiss certain defendants and certain claims, and assert additional factual allegations and modified legal theories against the remaining defendants.

6.   <u>Which defendants have been served with process, which defendants have not been served, and the status of efforts to effect service on the unserved defendants.</u>

Plaintiffs have served Defendants Mizuho Bank, McCaleb, Mt. Gox North America, Inc. and Mt. Gox, Inc. via process server. Plaintiffs have also completed service on Defendant Gay-Bouchery in Japan through the Hague Convention. Plaintiffs have attempted to serve process on Defendants Karpeles and Tibanne through the Hague Convention, through international mail, and through e-mail, but their efforts to date were unsuccessful. Further, given that Karpeles' and Tibanne's mailing addresses are unknown to Plaintiffs, they have filed a Motion to Approve Service by Alternative Means, which seeks to serve Defendants Karpeles and Tibanne through their attorneys that appeared in this case. (Dkt. 54.)

**C.   Proceedings to Date.**

1.   <u>Summary of all substantive rulings (including discovery rulings) to date</u>.

On March 11, 2014, the Court granted Plaintiff Greene's motion and entered a temporary restraining order ("TRO") freezing the U.S. assets of Defendants Mt. Gox, Inc., Tibanne, and Mark Karpeles and allowing expedited discovery with respect to those assets. (Dkt. 33.) At that time, the lawsuit against MtGox KK was also stayed pending its Chapter 15 bid for recognition in the Northern District of Texas. (Dkt. 31.) On April 7, 2014, the Court granted Plaintiffs' motion to extend the TRO over Mt. Gox, Inc., Tibanne, and Karpeles, and to enlarge the scope to include the U.S. assets of Defendants Gay-Bouchery and Mt. Gox North America. (Dkts. 59, 71.)

Thereafter, on April 28, 2014, Plaintiffs and Defendants Gay-Bouchery and McCaleb moved for preliminary approval of their proposed class action settlement—which was contingent upon the Japanese bankruptcy trustee's sale of the Mt. Gox Bitcoin exchange's remaining assets to third party investor, Sunlot Holdings—which was granted by this Court on May 8, 2014 (Dkt. 94.) The Court likewise granted the parties' stipulated motion to stay all proceedings against all

Defendants. (Dkt. 95.) However, on November 26, 2014, the Japanese bankruptcy trustee announced an agreement with a different party that prevents the sale to Sunlot Holdings from going forward. Accordingly, Plaintiffs' proposed class settlement is *void ab initio*.

      2.    <u>Description of all pending motions, including date of filing and briefing schedule.</u>

On April 7, 2014, having been unsuccessful in serving Defendants Karpeles and Tibanne, Plaintiffs filed their Motion to Approve Service by Alternative Means (i.e., through their retained attorneys at Novak & Macey). (Dkt. 54.) On April 8, 2014, Plaintiffs moved for a preliminary injunction, which sought to freeze certain Defendants' U.S. assets. (Dkt. 56.) Both motions were entered and continued (Dkt. 63), and the Motion to Approve Service remains pending.

Further, on December 19, 2014, counsel for Defendants Karpeles and Tibanne moved to withdraw as counsel. (Dkt. 121.) Hearing on that motion—which Plaintiffs intend to oppose given their pending motion for alternative service—is set for January 8, 2015. (Dkt. 124.)

Looking forward, Plaintiffs propose to file their second amended complaint (through either stipulation or motion) by February 5, 2015. Defendant Mizuho Bank seeks permission to file its motion to dismiss, pursuant to Rules 12(b)(1) and 12(b)(2), 60 days after the Court rules on Plaintiffs' motion for leave to file a second amended complaint. Defendant Gay-Bouchery also seeks permission to file his motion to dismiss pursuant to Rules 12(b)(2), 12(b)(4), 12(b)(5) and 12(b)(6), 60 days after the Court rules on Plaintiffs' motion for leave to file a second amended complaint.

**D.    Discovery and Case Plan.**

      1.    <u>Summary of discovery, formal and informal, that has already occurred</u>.

Plaintiffs initially propounded limited written discovery on certain defendants regarding their U.S. assets, but given that Plaintiffs are no longer pursuing a preliminary injunction, such

discovery is now moot and has since been withdrawn. Plaintiffs are also in the process of exchanging informal discovery with certain individual defendants.

      2.    <u>Whether discovery will encompass electronically stored information, and the parties' plan to ensure that such discovery proceeds appropriately.</u>

Plaintiffs expect that discovery will include electronically stored information and intend to meet and confer with the remaining defendants after the filing of their second amended complaint regarding the scope and nature of such discovery, and to develop a plan to ensure that such discovery proceeds appropriately.

      3.    <u>Proposed scheduling order</u>.

Given that Plaintiffs intend to amend the pleadings to dismiss certain defendants and claims and assert additional factual allegations and modified legal theories against the remaining defendants, the parties believe that submitting a proposed discovery schedule at this juncture is premature, but disagree as to when such a proposed discovery schedule would be appropriate.

Plaintiffs propose that the parties meet and confer and submit a proposed schedule order within 30 days after the filing of their second amended complaint.

Defendant Mizuho Bank intends to file a motion to dismiss based on a lack of personal jurisdiction and a failure to state a claim, and as such, proposes that the parties meet and confer pursuant to Rule 26(f) and submit a proposed scheduling order pursuant to Rule 16(b) promptly after the resolution of such motions, if necessary.

Defendant Gay-Bouchery intends to file a motion to dismiss based on lack of personal jurisdiction pursuant to Rule 12(b)(2) and possibly Rule 12(b)(6) for failure to state a claim as to Gay-Bouchery, and Rule 12(b)(4) and 12(b)(5), and proposes that the parties meet and confer as set forth in the paragraph above.

      4.    <u>Whether there has been a jury demand</u>.

Plaintiffs have requested that this case be tried before a jury.

    5.    <u>Estimated length of trial</u>.

Plaintiffs estimate that trial will last approximately 5-7 days. Defendants respectfully submit that estimating the length of trial at this juncture (i.e., before the filing of Plaintiffs' second amended complaint) is premature.

**E.**    **Settlement.**

    1.    <u>Describe settlement discussions to date and whether those discussions remain ongoing.</u>

Plaintiffs previously reached a class action settlement with Defendants McCaleb and Gay-Bouchery, which was contingent upon MtGox KK being sold to Sunlot Holdings, Inc. (Dkt. 79.) Although the settlement was preliminarily approved on May 8, 2014 (Dkt. 94), MtGox KK, through its bankruptcy trustee, reached an agreement with a different party that prevents the sale to Sunlot Holding from going forward, and thus, the proposed settlement is now *void ab initio*.

Plaintiffs are currently engaged in discussions with certain defendants regarding the possibility of settlement.

    2.    <u>Whether the parties request a settlement conference</u>.

Plaintiffs do not believe that a settlement conference would be productive at this time.

**F.**    **Magistrate Judge.**

    1.    <u>Whether the parties consent to proceed before a magistrate judge for all purposes</u>.

Plaintiffs do not consent to proceed before a magistrate judge for all purposes.

    2.    <u>Any particular matters that already have been referred to the magistrate judge, and the status of those proceedings</u>.

There are no current matters that have been referred to a magistrate judge.

Dated: January 5, 2015          EDELSON PC
                               Attorneys for Plaintiffs

                               By:/s/ Ari J. Scharg
                               Jay Edelson
                               Ari J. Scharg
                               Benjamin S. Thomassen
                               Alicia E. Hwang
                               EDELSON PC
                               350 North LaSalle Street, Suite 1300
                               Chicago, Illinois 60654

Dated: January 5, 2015          BROWN RUDNICK LLP
                               Attorneys for Defendant Mt. Gox KK

                               By:/s/ Brian I. Tanenbaum (w/ permission)
                               Brian I. Tanenbaum
                               THE LAW OFFICES OF BRIAN IRA TANENBAUM, LTD.
                               The Executive Center
                               2970 Maria Avenue, Suite 207
                               Northbrook, Illinois 60062

                               Daniel J. Saval
                               David J. Molton
                               BROWN RUDNICK LLP
                               7 Times Square
                               New York, NY 10036

Dated: January 5, 2015          SHEARMAN & STERLING LLP
                               Attorneys for Defendant Mizuho Bank, Ltd.

                               By:/s/ Jeffrey Resetarits (w/ permission)
                               Jerome S. Fortinsky
                               John A. Nathanson
                               Jeffrey Resetarits
                               599 Lexington Avenue
                               New York, NY 10022
                               212-848-4000

                               Jonathan S. Quinn
                               NEAL, GERBER & EISENBERG
                               Two North LaSalle Street
                               Suite 1700
                               Chicago, IL 60602
                               312-269-8093

Dated: January 5, 2015     CHUCAK & TECSON, PC
            Attorneys for Defendant Gonzague Gay-Bouchery

            By:/s/ Daniel J. Fumagalli (w/ permission)
            Daniel J. Fumagalli
            Michael A. Eurich
            CHUCAK & TECSON, PC
            30 S. Wacker Drive, Suite 2600
            Chicago, Illinois 60606


Dated: January 5, 2015     KELLER, SLOAN, ROMAN & HOLLAND LLP
            Attorneys for Defendant Jed McCaleb

            By:/s/ Ethan Jacobs (w/ permission)
            Ethan Jacobs
            KELLER, SLOAN, ROMAN & HOLLAND LLP
            555 Montgomery Street, 17th Floor
            San Francisco, CA 94111