UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

TIBANNE CO., LTD., a/k/a K.K. Tibanne

Debtor in a Foreign Proceeding.

Chapter 15

Case No. 15-10255 (REG)

**ORDER TO SHOW CAUSE WHY PROVISIONAL RELIEF SHOULD NOT BE GRANTED PENDING RECOGNITION OF A FOREIGN MAIN PROCEEDING WITH TEMPORARY RESTRAINING ORDER, AND ESTABLISHING PROCEDURES FOR NOTICE AND SETTING A HEARING ON RECOGNITION**

Petitioner Taro Awataguchi ("**Petitioner**"), is the duly appointed bankruptcy trustee of Tibanne Co., Ltd., a/k/a K.K. Tibanne ("**Tibanne**"), a debtor in a foreign proceeding (the "**Japan Proceeding**"), as defined in section 101(23) of title 11 of the United States Code (the "**Bankruptcy Code**"), pending before the Twentieth Civil Division of Tokyo District Court, Japan (the "**Tokyo Court**"). Petitioner, through his attorneys, Reid Collins & Tsai LLP, filed, pursuant to sections 105(a) and 1519 of the Bankruptcy Code, (i) an Ex Parte Application for Provisional Relief Pending Recognition of a Foreign Main Procedding (the "**Application**"), (ii) the Verified Petition of Foreign Representative Taro Awataguchi in Support of Application for Recognition of Foreign Main Proceeding Pursuant to 11 U.S.C. § 1517 (the "**Verified Petition**") and supporting documents, (iii) the Declaration of Taro Awataguchi with all exhibits thereto, and (iv) the Memorandum of Law in Support of Verified Petition. ((i)-(iv) and supporting documents the "**Moving Documents**"). Based on the Moving Documents, the Certification of Angela J. Somers in Support of Entry of Order to Show Cause, and the hearing held on February 4, 2015, the Court finds and concludes that a showing has been made as follows:

(a)  Petitioner has demonstrated a likelihood of success that Petitioner will be able to demonstrate that the Japan Proceeding is a foreign main proceeding pursuant to

1

(a) section 1517 of Chapter 15 of the Bankruptcy Code, that Petitioner is Tibanne's duly appointed foreign representative pursuant to section 101(23) and 1502(4) of the Bankruptcy Code, and that Tibanne and Petitioner, in his capacity as foreign representative of Tibanne, are entitled to protections afforded by sections 1520 and 1521 of the Bankruptcy Code, and that;

(b) The commencement or continuation of any action or proceeding, specifically including the U.S. Actions[1] as defined in the Application, in the United States against Tibanne or any of its assets or proceeds thereof within the territorial jurisdiction of the United States should be temporarily and provisionally, to the extent provided herein, enjoined pursuant to sections 105(a) and 1519 of the Bankruptcy Code and Fed. R. Bankr. P. 7065(b) to permit the expeditious and economical administration of Tibanne's foreign estate in the Japan Proceeding and the relief requested will not cause either an undue hardship or that hardship to parties in interest that is not outweighed by the benefits;

(c) Petitioner has established that unless a temporary restraining order is issued, there is a material risk that Tibanne will suffer further cognizable injury by (i) the costly ongoing U.S. Actions; (ii) a default judgment in the Washington Action, and (iii) the potential for Tibanne's assets to be subject to attack by creditors in the U.S., thereby interfering with the jurisdictional mandate of this Court under Chapter 15 of the Bankruptcy Code, interfering and causing harm to the Petitioner's efforts to liquidate Tibanne's assets in accordance with the Japan Proceeding, and undermining Petitioner's efforts to achieve an equitable result for

---

[1] All capitalized terms not defined herein shall be ascribed the definition provided for them in the Application.

2

        the benefit of all of the Company's creditors, and, as a result, Tibanne will suffer immediate and irreparable injury for which it will have no adequate remedy at law and therefore it is necessary that the Court grant the relief requested without prior notice to parties in interest or their counsel;

    (d)    The interest of the public will be served by this Court's granting the relief requested by Petitioner;

    (e)    Petitioner, as Tibanne's foreign representative, is provisionally entitled to the protections and rights afforded pursuant to section 1519(a)(1)-(3) of the Bankruptcy Code, to the extent provided herein; and

    (f)    Venue is proper in this District pursuant to 28 U.S.C. § 1410.

**NOW THEREFORE, IT IS HEREBY**

    **ORDERED**, that all parties in interest come before the Honorable Robert E. Gerber, United States Bankruptcy Judge for the Southern District of New York, for a hearing ("**Provisional Relief Hearing**") *at a time and date to be determined*, at the United States Bankruptcy Court, Alexander Hamilton Custom House, Room 621, One Bowling Green, New York, New York 10004, or as soon thereafter as counsel may be heard, to show cause why a preliminary injunction should not be granted:

    (a)    Provisionally staying the U.S. Actions and provisionally enjoining the commencement or continuation of any other action in the United States against Petitioner, Tibanne, or its assets or proceeds thereof located within the territorial jurisdiction of the United States;

    (b)    Provisionally enjoining the enforcement of any judicial, quasi-judicial, administrative, or regulatory judgment, assessment, or order, or arbitration award

        against Petitioner, Tibanne, or its assets located within the territorial jurisdiction of the United States;

    (c)    Provisionally enjoining the commencement or continuation of any action to create, perfect, or enforce any lien, set-off, or other claim against Petitioner, Tibanne, or against any of its property; and it is further

**ORDERED**, that pending the Provisional Relief Hearing, all persons and entities are hereby temporarily enjoined from

    (a)    commencing or continuing any litigation or action, including, without limitation, the U.S. Actions, against or involving Petitioner (in his capacity as the foreign representative of Tibanne), Tibanne, or any assets or rights, obligations or liabilities of Tibanne;

    (b)    securing or enforcing any judicial, quasi-judicial, administrative or regulatory judgment, assessment, attachment, order or arbitration award against Petitioner (with respect to Tibanne), Tibanne, or any assets in the United States; and

    (c)    commencing or continuing any action to create, perfect or enforce any lien, setoff, attachment, or other claim against Petitioner (with respect to Tibanne), Tibanne, or any of its assets located in the United States.

**ORDERED**, that pursuant to Rule 7065(b) of the Federal Rules of Bankruptcy Procedure, notice of this Order is sufficient; and it is further

**ORDERED**, that any party in interest may make a motion seeking relief from or modification of this Order by filing a motion, on not less than two (2) business days' notice to counsel for the Petitioner at Reid Collins & Tsai LLP (c/o Anne M. Bahr), One Penn Plaza, 49th Floor, New York, New York 10119, seeking an order of this Court vacating or modifying the

4

injunction entered in this proceeding, and any such request shall be the subject matter of a hearing as scheduled by the Court and any party in interest may file objections and be heard by the Court in accordance with the terms of any order of the Court providing for a hearing in the future on any subsequent relief sought by Petitioners in this proceeding; and it is further

**ORDERED**, that pursuant to Rule 7065 of the Federal Rules of Bankruptcy Procedure, the security provisions of Rule 65(c) of the Federal Rules of Civil Procedure be, and the same hereby are, waived; and it is further

**ORDERED**, that (i) copies of this Order, and the Moving Documents shall be served upon (a) parties, through their counsel, to the U.S. Actions, (b) Tibanne's known creditors; (c) the U.S. Trustee; and (d) any party who filed a notice of appearance in this case (collectively, the "**Notice Parties**"); by United States mail, first class postage prepaid or by courier or by email within three (3) business days following the time any such party is identified by Petitioner, and (ii) such notice on the Notice Parties shall be deemed to comply with Rule 2002(q), and (iii) that that the notice requirements set forth in section 1514(c) of the Bankruptcy Code are inapplicable or are hereby waived, and (iv) that the requirement pertaining to service and summons specified in Bankruptcy Rule 1010 is hereby waived to the extent applicable; and it is further

**ORDERED**, that service in accordance with this Order shall constitute adequate and sufficient service and notice; and it is further

**ORDERED**, that the Order and Moving Documents shall also be made available by Petitioner upon request at the offices of Reid Collins & Tsai LLP (c/o Angela Somers), One Penn Plaza, 49th Floor, New York, New York 10119; and it is further

**ORDERED**, that objections, if any, submitted for the purpose of opposing the Petitioner's request for a preliminary injunction on the terms described above must be (i) filed

5

with the Bankruptcy Court with proof of service to be received by 5:00 p.m. (Eastern time) *on a date to be determined*; (ii) in writing; (iii) state the name and address of the responding party and nature of the claim or interest of such party; (iv) state with particularity the legal and factual bases of any response; (v) conform to the Bankruptcy Rules, the Local Bankruptcy Rules, and this Court's Administrative Order 399; and (vi) be served on Petitioner's counsel at Reid Collins & Tsai LLP, One Penn Plaza, 49th Floor New York, NY 10119 (Attention: Anne Bahr), with any reply to be served and filed *by a time and date to be determined*, except that the foregoing is without prejudice to the right of any party-in-interest to seek, upon appropriate notice and hearing, to terminate or limit this temporary restraining order.

> **Deleted:** to be received on or before 5:00 p.m. (Eastern time) on the date that is no less than ____ days prior to the Provisional Relief Hearing,

      **ORDERED**, that in accordance with Bankruptcy Rule 2002(q), a hearing on recognition (the "**Recognition Hearing**") shall be held before the Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, *at a time and date to be determined*, and that notice shall be served on all Notice Parties substantially in the form of **Exhibit 1** attached hereto; and it is further

      **ORDERED**, that objections or answers, if any, to the relief requested in the Verified Petition must be (i) filed with the Bankruptcy Court with proof of service to be received by 5:00 p.m. (Eastern time) on the date that is no less than seven days prior to the Recognition Hearing; (ii) in writing; (iii) state the name and address of the responding party and nature of the claim or interest of such party; (iv) state with particularity the legal and factual bases of any response; (v) conform to the Bankruptcy Rules, the Local Bankruptcy Rules, and this Court's Administrative Order 399; and (vi) be served on Petitioner's counsel at Reid Collins & Tsai LLP, One Penn Plaza, New York, NY 10119 (Attention Anne Bahr) to be received on or before 5:00 p.m.

(Eastern time) on the date that is no less than seven days prior to the Recognition Hearing; it is further

**ORDERED**, that in the event any responses or objections are timely filed to the relief requested in the Verified Petition, Petitioner may file a reply to such responses or objections by 5:00 p.m. (Eastern time) on the day two days prior to the Recognition Hearing.

Dated: New York, New York
       February 4, 2015 at 3:38 p.m. (EST)

                                         *s/ Robert E. Gerber*
                                         Honorable Robert E. Gerber
                                         United States Bankruptcy Judge

EXHIBIT 1 – Form of Notice

**REID COLLINS & TSAI LLP**
Angela J. Somers
R. Adam Swick
Anne M. Bahr
Yonah Jaffe
One Penn Plaza, 49th Floor
New York, New York 10119
Tel.: (212) 344-5200

*Counsel to Taro Awataguchi,*
*Foreign Representative of Tibanne Co., Ltd.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>TIBANNE CO., LTD., a/k/a K.K. Tibanne,<br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 15-10255 (REG) |

       **PLEASE TAKE NOTICE** that, on March \_\_\_\_, 2015, Petitioner Taro Awataguchi ("**Petitioner**"), as the bankruptcy trustee of Tibanne Co., Ltd., a/k/a K.K. Tibanne ("**Tibanne**") and as a foreign representative, filed (a) the Official Form B1 Chapter 15 petition commencing this Chapter 15 case; (b) the Verified Petition[1] of Foreign Representative along with the exhibits thereto; (c) the Declaration of Taro Awataguchi along with all exhibits thereto; and (d) the Memorandum of Law in Support of Verified Petition (collectively, the "**Chapter 15 Documents**").

       **PLEASE TAKE FURTHER NOTICE** that copies of the Chapter 15 Documents are available on the Bankruptcy Court's electronic case filing system, which can be accessed from the Bankruptcy Court's website at http://www.nysb.uscourts.gov/ (a PACER login and password

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Verified Petition.

1

EXHIBIT 1 – Form of Notice

are required to retrieve the documents) or upon written request to Petitioner's United States counsel at the address below:

> Reid Collins & Tsai LLP
> One Penn Plaza, 49th Floor
> New York, New York 10119
> Attention: Anne Bahr
> abahr@rctlegal.com

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Order To Show Cause Why Provisional Relief Should Not be Granted Pending Recognition of a Foreign Main Proceeding with Temporary Restraining Order, Establishing Procedures for Notice and Setting a Hearing on Recognition, dated _____, 2015, the Bankruptcy Court has scheduled a hearing to be held in the Bankruptcy Court, on _____, 2015 at _____ _.m. prevailing New York time (the "**Recognition Hearing**") to consider the relief requested in the Verified Petition, as set forth in the proposed Order Granting Recognition (the "**Recognition Order**") annexed to the Verified Petition.

**PLEASE TAKE FURTHER NOTICE** that any objection or other response to the Verified Petition must (i) be filed by _____, 2015 to be received on or before 5:00 p.m. (Eastern time) with the Bankruptcy Court with proof of service, (ii) be in writing, (iii) state the name and address of the responding party and nature of the claim or interest of such party; (iv) state with particularity the legal and factual bases of any response; (v) conform to the Bankruptcy Rules and Local Bankruptcy Rules; and (vi) be served on Petitioner's counsel at Reid Collins & Tsai LLP, One Penn Plaza, 49th Floor, New York, NY 10119 (Attention: Anne Bahr) to be received on or before 5:00 p.m. (Eastern time) on March [ ], 2015.

**PLEASE TAKE FURTHER NOTICE** that all parties in interest opposed to the Verified Petition must appear at the Recognition Hearing at the time and place set forth above.

2

EXHIBIT 1 – Form of Notice

**PLEASE TAKE FURTHER NOTICE** that the Recognition Hearing may be adjourned from time to time without further notice other than an announcement in open court at the Recognition Hearing of the adjourned date or dates or any further adjourned hearing.

**PLEASE TAKE FURTHER NOTICE** that if no response is filed and served as provided above, the Bankruptcy Court may grant the relief requested by Petitioner and enter the Recognition Order without further notice.