**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GREGORY GREENE and JOSEPH LACK, individually and on behalf of all others similarly situated, | |
| *Plaintiffs*, | Case No. 1:14-cv-01437 |
| v. | [Hon. Gary Feinerman] |
| MTGOX INC., a Delaware corporation, MT. GOX KK, a Japanese corporation, TIBANNE KK, a Japanese corporation, MT. GOX NORTH AMERICA, INC., a New York corporation, MIZUHO BANK, LTD., a Japanese financial institution, MARK KARPELES, an individual, GONZAGUE GAY-BOUCHERY, an individual, JED MCCALEB, an individual, and JOHN DOE DEFENDANTS, | Magistrate Judge Susan Cox |
| *Defendants*. | |

**PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE PLEADINGS**

Plaintiffs Gregory Greene and Joseph Lack (collectively, the "Plaintiffs") respectfully move the Court, pursuant to Federal Rule of Civil Procedure 15(a)(2), for leave to file a Second Amended Complaint. In support of their motion, Plaintiffs state as follows:

**I.   INTRODUCTION**

This putative class action lawsuit arises from the collapse of the Mt. Gox Exchange and the loss of more than $400 million worth of its users' bitcoins and cash ("Fiat Currency"). Although the case was stayed on May 9, 2014 in light of Plaintiffs' proposed class action settlement (which was contingent upon the sale of the Mt. Gox's assets to Sunlot Holdings), litigation resumed on January 12, 2015 when the assets were sold to a different investor (and the proposed settlement was rendered *void ab initio*). Since that time, there have been two

developments affecting the landscape of this litigation that make amendment of the pleadings appropriate at this time.

First, the Mt. Gox KK and Tibanne KK bankruptcies pending in the Tokyo District Court have been formally recognized as "foreign main proceedings" under Chapter 15 of the U.S. Bankruptcy Code, and thus, those entities are no longer viable defendants in this lawsuit.

Second, over the course of the last three months, Plaintiffs have engaged in discussions with Defendants Mizuho Bank, Ltd. ("Mizuho"), Gonzague Gay-Bouchery ("Gay-Bouchery"), and Jed McCaleb ("McCaleb") in the hopes of narrowing the legal and factual issues in dispute. To that end, Plaintiffs provided Mizuho with a detailed presentation of their legal theories during an in-person meeting on January 13, 2015, and thereafter exchanged several rounds of informal discovery with Mizuho, including information relevant to their respective claims and defenses. Plaintiffs also conducted a telephone interview of Gay-Bouchery on January 30, 2015 and received a sworn declaration from McCaleb detailing the circumstances surrounding his sale of the Mt. Gox Exchange to Defendant Karpeles in 2011. The information obtained through this process has narrowed and refocused Plaintiffs' view of the claims moving forward.

In light of these developments, Plaintiffs respectfully seek leave to amend the pleadings by (i) dismissing the Mt. Gox-related entities and Tibanne KK, (ii) dismissing the individual defendants, Gay-Bouchery and McCaleb, (iii) dismissing certain claims, including civil conspiracy and violation of the Racketeer Influenced and Corrupt Organizations Act, (iv) refocusing the conversion, negligence, fraud, unjust enrichment, and tortious interference claims against the remaining defendants—Mark Karpeles and Mizuho, and (v) narrowing the proposed class definitions. (Plaintiffs' proposed Second Amended Complaint is attached hereto as Exhibit A.)

As discussed below, the instant motion is procedurally proper and would promote judicial economy. First, Plaintiffs' request for leave to amend is timely because the Court has not yet set amendment deadlines and none of the defendants have yet answered or otherwise responded to the complaint. Next, no party would suffer any undue prejudice if leave is granted as the parties have not yet commenced formal discovery, and the proposed amendments do not seek to add any new claims or parties. To the contrary, Plaintiffs are seeking the proposed amendments for the purpose of streamlining the litigation by narrowing the claims and parties at issue, and bringing the allegations in line with the information obtained over the past three months from Gay-Bouchery, McCaleb, and Mizuho.

The Court should therefore grant Plaintiffs' instant motion for leave to file a Second Amended Complaint.

## II. ARGUMENT

Under Rule 15, leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This generous standard reflects the Rule's liberal attitude towards the amendment of pleadings." *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008). Under the Seventh Circuit's "liberal amendment policy . . . a district court's denial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Westport Ins. Corp.*, 2012 WL 698540, at *1 (N.D. Ill. Feb. 29, 2012); *Sides v. City of Champaign*, 496 F.3d 820, 825 (7th Cir. 2007). Because none of the factors militating against amendment are present in this case—and give that the allegations have not yet been challenged through a motion to dismiss or otherwise—the Court should grant Plaintiffs leave to file their proposed Second Amended

2

Complaint.

### A. Plaintiffs' Request for Amendment is Timely Brought and Will Not Result in Undue Delay.

First, the instant motion for leave to amend is timely filed and will not result in any undue delay. Motions for leave to amend are generally denied on the basis of undue delay when they are filed after extensive litigation. *Hoenig v. Karl Knauz Motors, Inc.*, 983 F. Supp. 2d 952, 959-60 (N.D. Ill. 2013); *see also Alinsky v. United States,* 415 F.3d 639, 648 (7th Cir. 2005) (affirming denial of a motion for leave to amend where it was filed "approximately three years after the start of the litigation and approximately eight months after the plaintiffs completed discovery").

Here, the litigation is still at an early stage—none of the defendants have yet answered or moved to dismiss the pleadings, no scheduling deadlines have yet been entered, and the parties have not yet commenced formal discovery. Likewise, the events giving rise to the proposed amendments only recently occurred. The Mt. Gox KK and Tibanne KK bankruptcies were formally recognized by U.S. Bankruptcy Courts on June 18, 2014 and April 2, 2015,[1] respectively, and Plaintiffs' discussions with Mizuho concluded toward the end of March 2015. As such, Plaintiffs' proposed amendments are timely and will not result in any undue delay.

### B. The Proposed Amendments Will Not Unduly Prejudice the Remaining Defendants as They Have Yet to Answer the Complaint or Begin Discovery.

Second, Plaintiffs' proposed amendments will not cause undue prejudice to the remaining defendants, Mark Karpeles or Mizuho Bank. "Undue prejudice occurs when the amendment brings entirely new and separate claims, adds new parties, or at least entails more than an

---

[1] *See In re MtGox*, Case No. 14-31229-sgj15 (Bankr. N.D. Tex.) (formal recognition granted on June 18, 2014); *see also In re: Tibanne Co., Ltd., a/k/a KK,* Case No. 15-10255 (REG) (Bankr. S.D.N.Y.) (formal recognition granted on April 2, 2015).

3

alternative claim or a change in the allegations of the complaint and when the additional discovery is expensive and time-consuming." *In re Ameritech Corp.*, 188 F.R.D. 280, 283 (N.D. Ill. 1999). Absent such circumstances, "a defendant must make a specific showing of prejudice" to defeat a motion to amend. *Parker v. EMC Mortgage Corp.*, 2014 WL 7205474, at *4 (N.D. Ill. Dec. 18, 2014).

In this case, the proposed amendments do not bring new claims nor add new parties, but rather, seek to narrow the claims that have already been alleged. Further, given that discovery has not yet commenced, Karpeles and Mizuho Bank will not incur any additional discovery expenses resulting from the proposed amendments, and will have adequate time to investigate and respond to the allegations. Accordingly, the proposed amendments will not result in any undue prejudice.

**IV.     CONCLUSION**

WHEREFORE, Plaintiffs Gregory Greene and Joseph Lack respectfully request that this Court enter an Order (i) granting leave to the file their proposed Second Amended Class Action Complaint (attached hereto as Exhibit A) and (ii) granting such other and further relief as the Court deems equitable and just.

Respectfully submitted,

**GREGORY GREENE and JOSEPH LACK**,
individually, and on behalf of a class of similarly situated individuals,

Dated: April 9, 2015				By:/s/   Ari J. Scharg
One of Plaintiffs' Attorneys

Jay Edelson
jedelson@edelson.com
Ari J. Scharg
ascharg@edelson.com

Benjamin S. Thomassen
bthomassen@edelson.com
Alicia Hwang
ahwang@edelson.com

EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Counsel for Plaintiffs and the Putative Class*

# CERTIFICATE OF SERVICE

      I, Ari J. Scharg, an attorney, hereby certify that I served the above and foregoing ***Plaintiffs' Motion for Leave to File Second Amended Complaint***, by causing true and accurate copies of such paper to be transmitted to all counsel of record via the Court's CM/ECF electronic filing system on April 9, 2015.

                                                  s/ Ari J. Scharg