UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREGORY GREENE and JOSEPH LACK, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>MTGOX INC., a Delaware corporation, MT. GOX KK, a Japanese corporation, TIBANNE KK, a Japanese corporation, MT. GOX NORTH AMERICA, INC., a New York corporation, MIZUHO BANK, LTD., a Japanese financial institution, MARK KARPELES, an individual, GONZAGUE GAY-BOUCHERY, an individual, JED MCCALEB, an individual, and JOHN DOE DEFENDANTS,<br><br>*Defendants*. | Case No. 1:14-cv-01437<br><br>Hon. Gary Feinerman<br><br>Magistrate Judge Susan Cox |

**MEMORANDUM OF LAW OF DEFENDANT MIZUHO BANK, LTD. IN SUPPORT
OF ITS MOTION TO DISMISS THE SECOND AMENDED CLASS ACTION
<u>COMPLAINT FOR LACK OF PERSONAL JURISDICTION</u>**

**TABLE OF CONTENTS**

                                                                                                                                               **Page**

PRELIMINARY STATEMENT .................................................................................................. 1

BACKGROUND .......................................................................................................................... 2

ARGUMENT ................................................................................................................................ 3

      I.      THE COURT LACKS GENERAL PERSONAL JURISDICTION OVER
             MIZUHO BANK .................................................................................................. 4

      II.     THE COURT LACKS SPECIFIC PERSONAL JURISDICTION OVER
             MIZUHO BANK .................................................................................................. 6

CONCLUSION ........................................................................................................................... 10

# **TABLE OF AUTHORITIES**

Page

**Cases**

*Abelesz v. OTP Bank*,
    692 F.3d 638 (7th Cir. 2012) ...............................................................................................4

*Advanced Tactical Ordinance Sys., LLC v. Real Action*,
    751 F.3d 796 (7th Cir. 2014) ...............................................................................................7

*Daimler AG v. Bauman*,
    134 S. Ct. 746 (2014)................................................................................................ *passim*

*Felland v. Clifton*,
    682 F.3d 665 (7th Cir. 2012) ...............................................................................................8

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
    131 S. Ct. 2846 (2011)..........................................................................................................6

*Gucci Am., Inc. v. Weixing Li*,
    768 F.3d 122 (2d Cir. 2014)..................................................................................................5

*Horizon Matrix, LLC v. Whalehaven Cap. Fund, Ltd.*,
    2012 WL 379601 (N.D. Ill. Feb. 3, 2012) .............................................................................7

*J. McIntyre Mach., Ltd. v. Nicastro*,
    131 S. Ct. 2780 (2011)..........................................................................................................6

*Kipp v. Ski Enterprise Corp. of Wisc., Inc.*,
    2015 WL 1692875 (7th Cir. April 15, 2015) ........................................................................4

*Mobile Anesthesiologists Chicago, LLC v. Anesthesia Assocs. of Houston
    Metroplex, P.A.*, 623 F.3d 440 (7th Cir. 2010) ...............................................................6, 8, 9

*Primack v. Pearl B. Polto, Inc.*,
    649 F. Supp. 2d 884 (N.D. Ill. 2009) ...................................................................................9

*Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*,
    338 F.3d 773 (7th Cir. 2003) ............................................................................................2, 3

*Tamburo v. Dworkin*,
    601 F.3d 693 (7th Cir. 2010) ...............................................................................................9

*Walden v. Fiore*,
    134 S. Ct. 1115 (2014).....................................................................................................4, 7

Defendant Mizuho Bank, Ltd. ("Mizuho Bank") respectfully submits this memorandum of law in support of its motion, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, to dismiss the plaintiffs' Second Amended Class Action Complaint (the "Complaint" or "SAC") for lack of personal jurisdiction.[1]

## PRELIMINARY STATEMENT

This is a case about a Japanese financial institution (Mizuho Bank) and its relationship with one of its Japanese customers (Mt. Gox) where all of the alleged acts that give rise to the plaintiffs' claims occurred in Japan. Because the plaintiffs have not alleged any jurisdictionally relevant facts that occurred in Illinois, this Court lacks personal jurisdiction over Mizuho Bank.

Personal jurisdiction comes in two forms – general and specific – and both forms have been narrowed by the Supreme Court recently. In *Daimler AG v. Bauman*, 134 S. Ct. 746, 760-62 (2014), the Supreme Court held that a court may assert general personal jurisdiction over a nonresident corporation only if the corporation is "essentially at home" in the forum state. In determining where a corporation is "at home," the Supreme Court said, courts should look to the company's place of incorporation and principal place of business. Here, it is undisputed that Mizuho Bank is incorporated under the laws of Japan and has its principal place of business in Japan. As a result, Mizuho Bank is not "at home" in Illinois (or anywhere in the United States), and the Court does not have general personal jurisdiction over Mizuho Bank.

The Court likewise lacks specific personal jurisdiction over Mizuho Bank because the plaintiffs' lawsuit is not one that "aris[es] out of or relate[s] to" the activities in Illinois. *Daimler*, 134 S. Ct. at 754 (internal quotation omitted). The crux of the plaintiffs' claims against

---

[1] Pursuant to the order of the Court on the record at the hearing on April 16, 2015, Mizuho Bank is moving to dismiss the Complaint initially under Rule 12(b)(2), while preserving its right to move to dismiss under Rule 12(b)(6) afterwards in the event the Court does not grant this motion. In submitting the present motion to dismiss, Mizuho Bank expressly preserves all its rights and defenses under U.S. and Japanese law.

Mizuho Bank is that the plaintiffs were allegedly injured when Mizuho Bank stopped processing international wire withdrawals for Mt. Gox Co., Ltd. ("Mt. Gox") after Mizuho Bank learned through news reports that U.S. regulators were investigating Mt. Gox for alleged money laundering. All of the activities, however, that give rise to the plaintiffs' claims occurred in Japan, not Illinois. Mt. Gox's bank accounts with Mizuho Bank were located at Mizuho Bank's Shibuya Branch in Japan; the Mizuho Bank employees who made the policies and decisions related to Mt. Gox's bank accounts with Mizuho Bank were located in Japan; and all wire transfers related to Mt. Gox's bank accounts were processed by Mizuho Bank in Japan. No bank accounts related to Mt. Gox were opened with Mizuho Bank in Illinois, and no wire transfers related to Mt. Gox were processed by or transmitted through any Mizuho Bank branch in Illinois. The only connection between the plaintiffs' claims and Illinois is the residence of one of the named plaintiffs. It is well established, however, that the residence of a plaintiff has no bearing on the Court's personal jurisdiction over a defendant.

Because the plaintiffs have not established, and cannot establish, either general or specific personal jurisdiction over Mizuho Bank, the plaintiffs' claims against Mizuho Bank should be dismissed with prejudice.

## **BACKGROUND**[2]

Mizuho Bank is a financial institution that is incorporated under the laws of Japan and has its principal place of business in Japan. (Imaizumi Decl. ¶¶ 2-3; SAC ¶ 7.) In Japan, Mizuho Bank has over 20,000 employees and over 450 branch offices or sub-branches. (Imaizumi Decl. ¶ 4.) Outside Japan, Mizuho Bank has 45 branches or representative offices, including a branch

---

[2] The facts set forth herein are taken from the Complaint and the Declaration of Yasuo Imaizumi on behalf of Mizuho Bank, Ltd. (the "Imaizumi Decl."). On a motion pursuant to Rule 12(b)(2), courts may rely upon materials outside the pleadings, including affidavits and declarations. *See Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782-83 (7th Cir. 2003).

in Chicago, Illinois (the "Chicago Branch"). (*Id.* ¶ 5.) Mizuho Bank's Chicago Branch employs fewer than 30 people and generates less than one percent of Mizuho Bank's revenue. (*Id.* ¶ 6.)

In September 2012, Mt. Gox opened bank accounts at Mizuho Bank's Shibuya Branch located at 1-24-16 Shibuya, Shibuya-ku, Tokyo 150-0002, Japan. (*Id.* ¶ 7; SAC ¶ 22.) The plaintiffs allege that, beginning in 2013, Mizuho Bank became concerned by public reports that "U.S. authorities were investigating Mt. Gox for business dealings related to money laundering." (SAC ¶ 26.) Based on these concerns, in mid-2013, Mizuho Bank allegedly "stopped processing international wire withdrawals for Mt. Gox," and the plaintiffs were allegedly injured by this action. (*Id.* ¶¶ 2-3; 29.) The decision to stop processing international wire transfers for Mt. Gox – and all other policies and decisions relating to Mt. Gox's bank accounts – were made by Mizuho Bank employees in Japan. (Imaizumi Decl. ¶ 7.) No policies or decisions regarding Mt. Gox were made by employees in Mizuho Bank's Chicago Branch, and no wire transfers related to Mt. Gox were processed by or transmitted through Mizuho Bank's Chicago Branch. (*Id.*)

## ARGUMENT

In order to survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a *prima facie* showing that the Court has jurisdiction over the defendant. *See Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). "[O]nce the defendant has submitted affidavits or other evidence in opposition to the exercise of jurisdiction, the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Purdue*, 338 F.3d at 783. Here, the plaintiffs have not provided any facts – and none exist – that could establish general or specific personal jurisdiction over Mizuho Bank. Accordingly, the plaintiffs' claims against Mizuho Bank should be dismissed.

3

**I.      THE COURT LACKS GENERAL PERSONAL JURISDICTION OVER MIZUHO BANK**

The Due Process Clause of the United States Constitution limits a court's authority to assert personal jurisdiction over a defendant.[3] *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014). Consistent with this limitation, a court may assert general or "all purpose" personal jurisdiction over a nonresident corporation only when the corporation's affiliations with the state are "so continuous and systematic as to render [it] essentially at home in the forum State." *Daimler*, 134 S. Ct. at 761 (internal quotation marks omitted). In determining the place where a foreign corporation is "at home," the Supreme Court has stated that courts should look to "the place of incorporation and principal place of business." *Id.* at 760. Those locations, the Supreme Court explained, "have the virtue of being unique – that is, each ordinarily indicates only one place – as well as easily ascertainable." *Id.* The Supreme Court purposefully established a "demanding standard" that is difficult to meet because "the consequences for the defendant can be severe." *Abelesz v. OTP Bank*, 692 F.3d 638, 654 (7th Cir. 2012). "Where a court has general jurisdiction over a defendant, that defendant may be called into that court to answer for any alleged wrong, committed in any place, no matter how unrelated to the defendant's contacts with the forum." *Id.* (internal quotation omitted).

Based on these principles, the plaintiffs have no basis to assert general personal jurisdiction over Mizuho Bank. Mizuho Bank is not incorporated in Illinois and does not have its principal place of business in Illinois. Instead, Mizuho Bank is incorporated under the laws of Japan and has its principal places of business in Japan. (Imaizumi Decl. ¶¶ 2-3.) Under the rule

---

[3] A federal district court sitting in diversity – as this Court is – must "apply the personal jurisdiction rules of the state in which it sits." *Kipp v. Ski Enter. Corp. of Wis., Inc.*, 2015 WL 1692875, at *2 (7th Cir. Apr. 15, 2015). In Illinois, the governing statute "permits its courts to exercise personal jurisdiction up to the limits of the Due Process Clause of the Fourteenth Amendment." *Id.*

4

announced by the Supreme Court in *Daimler*, Mizuho Bank is not "at home" in Illinois, and the plaintiffs cannot establish general personal jurisdiction over it here.

The plaintiffs cannot avoid this outcome by alleging that Mizuho Bank has a branch in Illinois. (SAC ¶ 7.) In *Daimler*, the Supreme Court rejected as "unacceptably grasping" the argument that a foreign corporation is subject to general jurisdiction in every state where it "engages in a substantial, continuous, and systematic course of business." *Daimler*, 134 S. Ct. 761. In so doing, the Supreme Court disapproved of earlier Supreme Court cases that permitted general jurisdiction on the basis that a foreign corporation conducted business in a local office. *Id.* at 761 n.18. The Supreme Court explained that corporations often operate in many places, but they can "scarcely be deemed at home in all of them." *Id.* at 762 n.20.

The Supreme Court then applied this standard to Daimler's California operations. Although Daimler's U.S. subsidiary had "multiple California-based facilities, including a regional office in Costa Mesa, a Vehicle Preparation Center in Carson, and Classic Center in Irvine," the Court held that, even if those offices were "imputable to Daimler, there would still be no basis to subject Daimler to general jurisdiction in California." *Id.* at 752, 760.

The same is true here. Mizuho Bank is not "at home" in Illinois simply because it operates a branch office there. It is "at home" in Japan, where it is incorporated and has its principal place of business. Thus, under the rule announced in *Daimler*, the plaintiffs cannot establish general personal jurisdiction over Mizuho Bank. *See Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 135 (2d Cir. 2014) (ruling that after *Daimler*, a district court "may not properly exercise general personal jurisdiction over [a foreign bank]" that "has branch offices in the forum, but is incorporated and headquartered elsewhere").

5

## II. THE COURT LACKS SPECIFIC PERSONAL JURISDICTION OVER MIZUHO BANK

The plaintiffs also cannot establish specific jurisdiction over Mizuho Bank. Specific or "conduct-linked" jurisdiction is more limited than general jurisdiction and "depends on an affiliatio[n] between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Goodyear Dunlop Tires Operations*, *S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011). For a court to have specific jurisdiction over a nonresident defendant, the plaintiff must allege facts establishing that (i) the defendant has "purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws" and (ii) the plaintiff's claims "aris[e] out of or relate[] to the defendant's contacts with the forum." *J. McIntyre Mach., Ltd. v. Nicastro*, 131 S. Ct. 2780, 2787-88 (2011); *see also Mobile Anesthesiologists Chicago, LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440, 444 (7th Cir. 2010) ("Specific personal jurisdiction is appropriate when the defendant purposefully directs its activities at the forum state and the alleged injury arises out of those activities.").

Here, the Court lacks specific jurisdiction because the plaintiffs' claims do not "arise out of or relate to" Mizuho Bank's purported contacts with Illinois. In the Complaint, the plaintiffs allege that they were injured when Mizuho Bank stopped processing international wire withdrawals for Mt. Gox after Mizuho Bank learned through media reports that U.S. authorities were investigating Mt. Gox for alleged money laundering. (SAC ¶¶ 26-29.) None of the activities that purportedly give rise to the plaintiffs' claims occurred in Illinois; they occurred exclusively in Japan. Specifically, all policies and decisions relating to Mt. Gox's bank accounts at Mizuho Bank were made by Mizuho Bank employees in Japan, including the policies and

6

decisions in connection with (i) international (*i.e.*, outside of Japan) wire transfers into and out of Mt. Gox's bank accounts, (ii) fees charged to Mt. Gox in connection with international wire transfers and other services, and (iii) the status of Mt. Gox's bank accounts with Mizuho Bank, including whether to suspend or terminate certain services. (Imaizumi Decl. ¶ 7.) In contrast, Mizuho Bank's Chicago Branch did not open or maintain any accounts for Mt. Gox; it did not make any policies or decisions related to Mt. Gox's bank accounts; and it did not process any wire transfers related to Mt. Gox. (*Id.*) The fact that Mizuho Bank happens to have a branch in Chicago is completely incidental to the plaintiffs' claims. Indeed, if the Chicago Branch did not exist, the plaintiffs' claims would be exactly the same. Because none of the relevant activities took place in Illinois and the plaintiffs' claims do not arise out of or relate to Mizuho Bank's limited connections to Illinois, the plaintiffs cannot establish specific personal jurisdiction over Mizuho Bank.[4] *See Horizon Matrix, LLC v. Whalehaven Cap. Fund, Ltd.*, 2012 WL 379601, at \*4 (N.D. Ill. Feb. 3, 2012) (granting motion to dismiss for lack of specific personal jurisdiction because the tortious inference claim did not "arise out of" defendants' specific contacts with the forum state).

The plaintiffs also cannot establish specific personal jurisdiction by alleging that one of the named plaintiffs (Gregory Greene) is a resident of Illinois and was allegedly injured there. (SAC ¶ 4.) It is well established that the "mere fact that [the defendant's] conduct affected plaintiffs with connections to the forum State does not suffice to authorize jurisdiction." *Walden*, 134 S. Ct. at 1126; *see Advanced Tactical Ordinance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 802 (7th Cir. 2014) ("after *Walden* there can be no doubt that the plaintiff cannot

---

[4] For the same reason, the allegation in the Complaint that the Court "has personal jurisdiction over Defendants because they conduct business in this District and the unlawful conduct alleged in the Complaint occurred in, was directed to, and/or emanated from this District" is woefully insufficient. (SAC ¶ 9.)

be the only link between the defendant and the forum"). Instead, to establish specific personal jurisdiction based on an alleged injury to a plaintiff, the plaintiff must allege facts showing (i) "intentional conduct" by the defendant, (ii) "expressly aimed at the forum state," (iii) "with the defendant's knowledge that the effects would be felt – that is, the plaintiff would be injured – in the forum state." *Felland v. Clifton*, 682 F.3d 665, 674-75 (7th Cir. 2012). The Seventh Circuit refers to this test as the "express aiming test" because "[i]t properly focuses attention on whether the defendant intentionally aimed its conduct at the forum state, rather than on the possibly incidental and constitutionally irrelevant effects of that conduct on the plaintiff." *Mobile Anesthesiologists*, 623 F.3d at 445 n.1.

Here, the plaintiffs have not alleged any facts showing that Mizuho Bank "intentionally" took any action "expressly aimed" at Mr. Greene or any other Mt. Gox customer in Illinois. The act that allegedly injured Mr. Greene – *i.e.*, Mizuho Bank's decision to stop processing international wire withdrawals – was instead, the plaintiffs assert, a response to public reports that "U.S. authorities were investigating Mt. Gox for business dealings related to money laundering." (SAC ¶ 26.) In addition, any impact on Mt. Gox's customers (*Id.* ¶ 28) was purely "incidental" and not intentional, because Mizuho Bank had no information as to when Mt. Gox's customers made withdrawal requests, how Mt. Gox responded to those requests, and whether Mt. Gox utilized other banks to process those requests. (Imaizumi Decl. ¶¶ 8-9.) Mt. Gox's customers made withdrawal requests directly to Mt. Gox. (*Id.* ¶ 8.)

Because the plaintiffs have not alleged any facts demonstrating that Mizuho Bank intentionally took any action expressly aimed at injuring Mt. Gox customers in Illinois, the plaintiffs cannot establish specific personal jurisdiction over Mizuho Bank under the "express aiming" test. *See, e.g., Mobile Anesthesiologists*, 623 F.3d at 444-46 (affirming dismissal based

on lack of specific personal jurisdiction because the plaintiff failed to allege that the defendant "expressly aim[ed] its actions at the state with the knowledge that they would cause harm to the plaintiff there"); *Tamburo v. Dworkin*, 601 F.3d 693, 708 (7th Cir. 2010) (affirming the dismissal for lack of specific personal jurisdiction because foreign company did not act "with the specific purpose of inflicting injury" on the plaintiff in Illinois); *Primack v. Pearl B. Polto, Inc.*, 649 F. Supp. 2d 884, 890 (N.D. Ill. 2009) (granting the motion to dismiss for lack of jurisdiction because defendant did not have the "requisite knowledge or intent" to harm the plaintiff in the forum).

## CONCLUSION

For the foregoing reasons, this Court should dismiss the Complaint with prejudice against Mizuho Bank.

                                   MIZUHO BANK, LTD.

                                   By:   */s/* Jonathan S. Quinn
                                                   One of Its Attorneys

Jonathan S. Quinn (#6200495)
jquinn@ngelaw.com
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street
Suite 1700
Chicago, IL  60602-3801
312-269-8000

-And-

Jerome S. Fortinsky (admitted *Pro Hac Vice*)
jfortinsky@shearman.com
John A. Nathanson (admitted *Pro Hac Vice*)
john.nathanson@shearman.com
Jeffrey J. Resetarits (admitted *Pro Hac Vice*)
jeffrey.resetarits@shearman.com
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022-6069
212-848-4000

*Attorneys for Defendant Mizuho Bank, Ltd.*


Dated: May 14, 2015

10