# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GREGORY GREENE and JOSEPH LACK, individually and on behalf of all others similarly situated,<br><br>   *Plaintiffs*,<br><br>v.<br><br>MIZUHO BANK, LTD., a Japanese financial institution, and MARK KARPELES, an individual,<br><br>   *Defendants*. | Case No. 1:14-cv-01437<br><br>Judge Gary Feinerman<br>Magistrate Judge Susan Cox |

## DEFENDANT MIZUHO BANK, LTD.'S MOTION
## TO CLARIFY NOVEMBER 16, 2015 MINUTE ORDER

Defendant Mizuho Bank, Ltd. ("Mizuho Bank"), by its attorneys, respectfully moves this Court to clarify its November 16, 2015 Minute Order [Dkt. 166]. In support of this motion (the "Motion"), Mizuho Bank states as follows:

1. On November 16, 2015, this Court entered a Minute Order [Dkt. 166] stating that the "parties should operate on the assumption that the motion to dismiss [148] will be denied." In that Order, this Court also re-set the status conference, which had been scheduled for November 18, 2015, for December 15, 2015 and ordered the parties to serve initial disclosures by December 18, 2015.

2. As this Court may recall, the parties discussed scheduling at the Court's April 16, 2015 hearing on the plaintiffs' motion for leave to file a second amended complaint.

3. Prior to the April 16 hearing, the parties had agreed that Mizuho Bank would consent to the plaintiffs' motion for leave to file a second amended complaint, and the plaintiffs would consent to the defendants' proposal to separate their proposed motion to dismiss into two

parts: first, a motion to dismiss for lack of personal jurisdiction, and then, if the Court were to deny that motion, a motion to dismiss for failure to state a claim. In pages 15-18 of the transcript of the April 16, 2015 proceeding (attached hereto as **Exhibit A**), this Court approved that plan and authorized Mizuho Bank to file sequential Rule 12(b) motions.

4. In the event that this Court denies Mizuho Bank's pending motion to dismiss for lack of personal jurisdiction [Dkt. 148], Mizuho Bank intends to file a motion to dismiss for failure to state a claim, as approved by the Court at the April 16, 2015 hearing.

5. The Court's November 16, 2015 Minute Order makes no reference to Mizuho Bank's second motion to dismiss and appears to assume that a denial of Mizuho Bank's pending motion will bring the dispositive Rule 12(b) motions to a close.

6. In light of this Court's previous authorization for Mizuho Bank to file a second motion to dismiss, Mizuho Bank seeks a clarification of this Court's November 16, 2015 Minute Order as to whether this Court intended for discovery to begin prior to a ruling on Mizuho Bank's second motion. Neither the plaintiffs nor Mizuho Bank sought any discovery during the pendency of the first motion to dismiss.

7. Alternatively, if this Court intended for discovery to begin, Mizuho Bank respectfully requests a stay of discovery pending this Court's ruling on Mizuho Bank's second motion to dismiss.

8. "Under Rules 26(c) and (d), Federal Rules of Civil Procedure, a court may limit the scope of discovery or control its sequence." *Bilal v. Wolf*, Case No. 06 C 6978, 2007 U.S. Dist. LEXIS 41983, *2 (N.D. Ill. June 6, 2007). "District courts have extremely broad discretion in controlling discovery." *Id.*

9. "[P]ostponement of discovery may be appropriate when a defendant files a motion to dismiss for failure to state a claim on which relief can be granted …." *Id.*; *see also Beck v. Dobrowski*, 559 F.3d 680, 682 (7th Cir. 2009) ("[*Twombly*] teaches that a defendant should not be burdened with the heavy costs of pretrial discovery that are likely to be incurred in a complex case unless the complaint indicates that the plaintiff's case is a substantial one."). Indeed, "stays of discovery are not disfavored and are often appropriate where the motion to dismiss can resolve the case – at least as to the moving party …." *Bilal*, 2007 U.S. Dist. LEXIS 41983 at *4; *see also Hoffman v. Roadlink Workforce Solutions, LLC*, Case No. 12 C 7323, 2014 U.S. Dist. LEXIS 105081, *3-*4 (N.D. Ill. Aug. 1, 2014) (Feinerman, J.) (noting that court "initially stayed discovery pending resolution of the motions" to dismiss).

10. In the interest of efficiency, Mizuho Bank therefore requests that the Court suspend the requirement of serving initial disclosures and stay other discovery until after this Court rules on Mizuho Bank's motion to dismiss for failure to state a claim. While it would not be excessively burdensome for Mizuho Bank to prepare initial disclosures, engaging in other discovery now, prior to a resolution of Mizuho Bank's forthcoming Rule 12(b)(6) motion, would require substantial resources.

WHEREFORE, Mizuho Bank, Ltd. respectfully requests that this Court grant its Motion, clarify its November 16, 2015 Minute Order in light of Mizuho Bank, Ltd.'s intention to file a second motion to dismiss, and stay discovery pending a ruling on such motion.

MIZUHO BANK, LTD.


By:   */s/* Jason A. Frye
                One of Its Attorneys

Jonathan S. Quinn (#6200495)
jquinn@ngelaw.com
Jason A. Frye (#6292848)
jfrye@ngelaw.com
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street
Chicago, IL 60602-3801
(312) 269-8000

Jerome S. Fortinsky (admitted *Pro Hac Vice*)
jfortinsky@shearman.com
John A. Nathanson (admitted *Pro Hac Vice*)
john.nathanson@shearman.com
Jeffrey J. Resetarits (admitted *Pro Hac Vice*)
jeffrey.resetarits@shearman.com
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022-6069
(212) 848-4000

*Attorneys for Defendant Mizuho Bank, Ltd.*


Dated: December 1, 2015


099997.0584:22121336.3

4