UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREGORY GREENE and JOSEPH LACK, individually and on behalf of all others similarly situated, | )<br>)<br>)<br>) |
| *Plaintiffs*, | ) Case No. 14 C 01437<br>) |
| v. | ) Judge Gary Feinerman<br>) Magistrate Judge Susan E. Cox |
| MIZUHO BANK, LTD., a Japanese financial institution, and MARK KARPELES, an individual, | )<br>)<br>)<br>) |
| *Defendants*. | ) |

**DEFENDANT MIZUHO BANK, LTD.'S MOTION TO
DISMISS FOR FAILURE TO STATE A CLAIM OR
ALTERNATIVELY ON *FORUM NON CONVENIENS* GROUNDS**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, defendant Mizuho Bank, Ltd. ("Mizuho"), by and through its undersigned counsel, respectfully moves this Court for an order dismissing with prejudice the plaintiffs' Second Amended Class Action Complaint (the "Complaint" or "SAC") for failure to state a claim. Alternatively, Mizuho respectfully moves this Court for an order dismissing with prejudice the Complaint on *forum non conveniens* grounds because the balance of factors favors litigation in Japan. In support of its Motion, Mizuho states as follows:

1. For the reasons set forth in the Memorandum of Law of Defendant Mizuho Bank, Ltd. in Support of Its Motion to Dismiss the Second Amended Class Action Complaint for Failure to State a Claim (the "Memorandum of Law"), and the Declaration of Jerome S. Fortinsky, which will be filed on January 29, 2016, the Complaint fails to plead the necessary elements of any of the four causes of action asserted against Mizuho.

2. The facts that the plaintiffs allege in the Complaint do not state a tortious interference claim for several independently sufficient reasons, even assuming that Illinois or California (rather than Japanese) law applies. First, Mizuho could not have caused Mt. Gox to breach its contracts with the plaintiffs because Mt. Gox would have collapsed, and the plaintiffs would have lost their money, regardless of any of Mizuho's alleged conduct. According to the Complaint, defendant Mark Karpeles exploited security "bugs" in Mt. Gox "to steal his users' bitcoins." (SAC ¶¶ 19-20.) Second, Mizuho was justified in allegedly distancing itself from Mt. Gox to protect itself from being associated with Mt. Gox in light of widespread public reports suggesting that Mt. Gox might have been engaged in illegal activity, and Mizuho's conduct was therefore, as a matter of law, not tortious. And third, neither of the named plaintiffs had funds on deposit with Mizuho at the time of the Mizuho conduct in question, and therefore neither can assert that he was unable to withdraw funds because of anything Mizuho did or failed to do.

3. The plaintiffs also do not allege a claim for fraudulent concealment for several independent reasons. First, the plaintiffs do not allege a relationship that would give rise to a duty to disclose – a basic element of a claim for fraudulent concealment – because Mizuho did not have a fiduciary or fiduciary-like (or any other) relationship with the plaintiffs. Second, the plaintiffs do not allege that Mizuho had any intent to defraud them. Last, the plaintiffs do not allege that the supposed concealment caused them any damages.

4. The plaintiffs' claims of unjust enrichment and for an accounting must be dismissed, because there is no independent cause of action for either claim under applicable law.

5. The plaintiffs have therefore failed to state any claim, and this Court should dismiss the Complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, in its entirety and with prejudice.

6. This Court should also dismiss the Complaint on the independent ground of *forum non conveniens*, because Japan is an adequate and available alternative forum, and all of the public and private interest factors that courts consider under this doctrine weigh heavily in favor of holding these proceedings in Japan. As explained in Mizuho's Memorandum of Law, the relevant witnesses and documents are in Japan, Japan has a far greater interest in the dispute, Japanese law governs the plaintiffs' claims, and litigating this dispute in the Japanese civil court system would be far more efficient than keeping the case here.

WHEREFORE, for the foregoing reasons, and as set forth more fully in its Memorandum of Law to be filed on January 29, 2016, defendant Mizuho Bank, Ltd. respectfully requests that this Court: (i) grant its Motion; (ii) dismiss the plaintiffs' Complaint against Mizuho with prejudice; and (iii) award any other relief the Court deems just and equitable.

                    MIZUHO BANK, LTD.

                By:   */s/* Jason A. Frye
                          One of Its Attorneys

Jonathan S. Quinn (#6200495)
jquinn@ngelaw.com
Jason A. Frye (#6292848)
jfrye@ngelaw.com
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street
Chicago, IL 60602-3801
(312) 269-8000

Jerome S. Fortinsky (admitted *pro hac vice*)
jfortinsky@shearman.com
John A. Nathanson (admitted *pro hac vice*)
john.nathanson@shearman.com
Jeffrey J. Resetarits (admitted *pro hac vice*)
jeffrey.resetarits@shearman.com
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022-6069
(212) 848-4000


Dated: January 26, 2016