UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREGORY GREENE and JOSEPH LACK, individually and on behalf of all others similarly situated, | ) ) ) ) |
| *Plaintiffs*, | ) Case No. 14 C 01437 ) |
| v. | ) Judge Gary Feinerman ) Magistrate Judge Susan E. Cox |
| MIZUHO BANK, LTD., a Japanese financial institution, and MARK KARPELES, an individual, | ) ) ) ) |
| *Defendants*. | ) |

**DEFENDANT MIZUHO BANK, LTD.'S MOTION TO STAY DISCOVERY**

Pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure, defendant Mizuho Bank, Ltd. ("Mizuho"), by and through its undersigned counsel, respectfully moves this Court to stay discovery pending disposition of its Motion to Dismiss for Failure to State a Claim Or Alternatively on *Forum Non Conveniens* Grounds (the "Motion to Dismiss"), filed contemporaneously herewith. In support of this motion, Mizuho states as follows:

1. For the reasons set forth more fully in the Memorandum of Law of Defendant Mizuho Bank, Ltd. in Support of its Motion to Stay Discovery, which will be filed on January 29, 2016 (the "Memorandum of Law"), discovery should be stayed pending the disposition of the Motion to Dismiss because it would be wasteful for the parties to spend time and resources on discovery when the Motion to Dismiss sets out legitimate and definitive grounds for dismissal.

2. As set forth more fully in Mizuho's Memorandum of Law, Mizuho should not have to engage in the expensive and burdensome efforts needed to respond to the plaintiffs' broad discovery requests where all of the relevant witnesses are located in Japan and all of the

relevant documents are written in Japanese unless and until this Court determines that the plaintiffs have a valid claim.

3. A stay of discovery here is particularly warranted in light of the recent amendment to Rule 26(b) of the Federal Rules of Civil Procedure, which permits discovery only where it is proportional to the needs to the case. The plaintiffs' discovery requests are especially disproportionate while Mizuho's motion to dismiss is pending. If the motion is granted, those discovery requests will be moot and any efforts undertaken to respond to them will have been entirely wasteful.

WHEREFORE, for the foregoing reasons, and as set forth more fully in its Memorandum of Law to be filed on January 29, 2016, Mizuho respectfully requests that this Court grant its motion to stay discovery.

                        MIZUHO BANK, LTD.

                        By:   */s/* Jason A. Frye
                                  One of Its Attorneys

Jonathan S. Quinn (#6200495)
jquinn@ngelaw.com
Jason A. Frye (#6292848)
jfrye@ngelaw.com
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street
Chicago, IL  60602-3801
(312) 269-8000

Jerome S. Fortinsky (admitted *pro hac vice*)
jfortinsky@shearman.com
John A. Nathanson (admitted *pro hac vice*)
john.nathanson@shearman.com
Jeffrey J. Resetarits (admitted *pro hac vice*)
jeffrey.resetarits@shearman.com
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022-6069
(212) 848-4000


Dated:  January 26, 2016