IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREGORY GREENE and JOSEPH LACK, individually and on behalf of all others similarly situated,<br><br>    *Plaintiffs*,<br><br>v.<br><br>MIZUHO BANK, LTD., a Japanese financial institution, and MARK KARPELES, an individual,<br><br>    *Defendants*. | Case No. 1:14-cv-01437<br><br>Judge Gary Feinerman<br><br>Magistrate Judge Susan Cox |

## STIPULATED PROTECTIVE ORDER

   IT IS HEREBY STIPULATED AND AGREED, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, by and between Plaintiffs Gregory Greene and Joseph Lack ("Plaintiffs") and Defendant Mizuho Bank, Ltd. ("Defendant" or "Mizuho")[1] (collectively, the "Parties"), that:

*Proceedings and Information Governed*

   1.  This Stipulated Protective Order and any amendments or modifications hereto ("Protective Order") shall govern the disclosure and use of any document, information (including electronically stored information), or other thing furnished by any Party in the above-captioned action (the "Action"). The documents and information protected includes, but is not limited to, answers to interrogatories, answers to requests for admission, responses to requests for

---

[1] Neither the execution by the Parties of this Stipulated Protective Order nor the signing and entry of this Stipulated Protective Order by the Court in any way prejudices Mizuho Bank, Ltd.'s forthcoming motion to stay all discovery until the Court rules on the motions to dismiss. In addition, in signing this Stipulated Protective Order, Mizuho Bank, Ltd. does not waive any defenses, including its defense of lack of personal jurisdiction.

production of documents, transcripts and videotapes, testimony, exhibits, compiled or un-compiled source code, and other records or writings or things produced, given, or filed in this Action that are designated by a Party as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," in accordance with the terms of this Protective Order, as well as any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information ("Discovery Material"). Plaintiffs Gregory Greene and Joseph Lack and Defendant Mizuho Bank, Ltd., as well as their officers, directors, employees, agents, consultants, experts, and legal counsel (and their support staff), are referred to in the singular as a "Party" or collectively as the "Parties" for the purposes of this Protective Order.

*Designation and Maintenance of Discovery Materials as Confidential*

2. Any Party may, in good faith, designate any Discovery Material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" subject to the terms of this Protective Order.

3. A Party may designate any Discovery Material as "CONFIDENTIAL" where counsel has a good-faith belief that the Discovery Material contains or reflects non-public, confidential, proprietary, personal, customer, client, financial, or otherwise sensitive information that requires the protection provided in this Protective Order, including, but not limited to, any information that constitutes confidential information under Rule 26(c) of the Federal Rules of Civil Procedure and applicable foreign and domestic laws or regulations.

4. A Party may designate any Discovery Material as "ATTORNEYS' EYES ONLY" where counsel has a good-faith belief that the Discovery Material contains or reflects material regarding trading or investment strategies, pricing and cost information, customer names or lists, customer account information, personal data or information, business strategy,

trade secrets, and other commercial or financial information the disclosure of which to another Party or non-party would (a) create a risk of causing the disclosing Party to suffer competitive or commercial disadvantage or (b) implicate an applicable foreign or domestic law, including, but not limited to, bank secrecy or data privacy laws and regulations.

5. A Party may designate Discovery Material as "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" by (i) providing written notice to the other Party; (ii) making a statement to that effect on the record of any proceeding; or (iii) stamping the Discovery Material with the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." If a Party designates Discovery Material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by written or oral notice, the Party must reproduce that document stamped with the appropriate legend. On documents with multiple pages, each page where "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" material appears shall be separately stamped, unless the producing Party represents that the entire document is "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." All deposition testimony shall be treated as "ATTORNEYS' EYES ONLY" for thirty business days following receipt of the final transcript in order to allow time for counsel to review it and make any additional designations.

*Disclosure and Use of Confidential Discovery Materials*

6. All Discovery Material, including Discovery Material designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," shall be used solely for the purposes of the prosecution or defense of this Action and for no other purpose whatsoever. In no event shall any person receiving Discovery Material designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," use it for commercial or competitive purposes or make any public or unauthorized private disclosure of its contents. A person with custody of "CONFIDENTIAL" or

"ATTORNEYS' EYES ONLY" Discovery Material shall maintain them in a manner that assures that access to them is strictly limited to persons entitled to receive said Discovery Material in accordance with the provisions of this Protective Order. However, nothing contained in this Protective Order shall affect the right of the designating Party to disclose information designated solely by it under this Protective Order.

7. The inadvertent production or disclosure of any "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" Discovery Material without a "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation shall be without prejudice to the Parties' rights under this Protective Order, and the parties shall retain the right thereafter to designate such Discovery Material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." In the event that a Party notifies the other Party in writing that it wishes to designate previously produced Discovery Material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," the Parties shall from that point forward treat such Discovery Material in accordance with such designation, and shall undertake good faith efforts to correct any disclosure contrary to the new designation, including retrieving such materials from all recipients who, as a result of the subsequent designation, are no longer entitled to receive such materials under the terms of this Protective Order.

8. Discovery Material designated as "CONFIDENTIAL" shall not be disclosed to any person except:

    a. Counsel for the Parties, including employees and independent contractors of such counsel, secretaries, legal assistants, and internal copying and electronic discovery support services;

    b. employees or representatives of a Party, but only to the extent necessary to

fulfill their duties and responsibilities with respect to the conduct or resolution of this litigation;

      c.      deponents or potential deponents in this Action and their counsel, provided that the counsel for the Party disclosing the Discovery Material to any such deponents reasonably believes the Discovery Material was authored by, created by, received by or was already known to the deponent and provided that neither such deponent nor, if the deponent is a non-party deponent, his or her counsel, retains a copy of such Discovery Material;

      d.      any person indicated on the face of the document to be the author, addressee or a copy recipient of the document;

      e.      court reporters employed in connection with this action;

      f.      outside legal support services such as electronic discovery vendors, graphics or design consultants retained to prepare demonstrative or other exhibits for use in this Action, jury or trial consultants and persons employed or retained by them, document imaging and database services, and other similar legal vendors retained to assist counsel in this matter;

      g.      experts retained or formally consulted by the Parties in this action, whether or not ultimately called to testify; and

      h.      the Judge or Magistrate and their employees.

9.      Discovery Material designated as "ATTORNEYS' EYES ONLY" shall not be disclosed without the express written consent of the designating party to any person except to those persons identified in Paragraph 8, subparagraphs (a), (d), (e) (f), (g), and (h).

10.      Discovery Material designated as "ATTORNEYS' EYES ONLY" shall not be

disclosed without the express written consent of the designating party to any person identified in subparagraphs 8(b) and 8(c) unless such person has first reviewed this Protective Order and then executed the "Acknowledgment and Agreement to be Bound," attached as Exhibit A. Such signed agreements shall be retained by counsel for the Party disclosing "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" Discovery Material and shall be provided to counsel for the other Party on a good faith showing of a reasonable belief that a violation of a term hereof has occurred.

11. The attorneys of record for a party who wishes to disclose information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to persons other than those identified in paragraphs 8–10 shall notify the attorneys of record for the other Party. The Attorneys shall discuss in good faith whether disclosure can be made. If they cannot agree, the Party seeking disclosure may move the Court, on reasonable notice, for an order permitting disclosure. No disclosure of the information to persons other than those identified in paragraphs 8–10 shall be made pending a ruling by the Court.

12. Nothing herein shall impose any restrictions on the use or disclosure of documents, material, or information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" that have been obtained lawfully by such Party independently of the discovery proceedings in this action, and nothing herein shall restrict a Party's use of its own documents.

13. No person who receives information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall use or disclose to any person, at any time, such materials, or information contained therein, except in conformance with this Order.

14. All persons who receive information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall maintain such information in a secure and safe area and

shall exercise due and proper care in storing, maintaining, using, and/or disseminating such information.

15. No person who receives information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" may copy, reproduce, or otherwise duplicate any such information and materials, except, as provided herein, for the work the recipient does in conjunction with this proceeding.

16. The Parties agree that any person not authorized to receive Discovery Material designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" under the terms of this Protective Order present at any deposition in this Action, that person may be asked to leave that deposition for the period of time during which such confidential information is the subject of questioning.

*Expert Reports*

17. In the event that an expert incorporates "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" Discovery Material in his or her expert report, that section of the report shall be marked with the appropriate confidentiality designation and may be disclosed only to those parties permitted to review such information under Paragraphs 8–10.

*Filing of Confidential Information*

18. Any Discovery Material designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" submitted to the Court (including documents or materials containing information therefrom), shall be labeled "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" as the case may be, and shall be filed under seal and maintained thereunder by the Clerk of the Court. The Parties shall follow Rule 26.2 of the Local Rules of the United States District Court for the Northern District of Illinois regarding the procedure for filing material in redacted form and

under seal. In the event the Court declines to seal Discovery Material designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to this Protective Order and such Discovery Material is publicly filed, thereafter such Discovery Material may be treated as though it had not been designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

*Use of Confidential Documents or Information at Trial*

19. Notwithstanding the Parties' designation of Discovery Material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," any trial or court hearing in which reference will likely be made to any such information shall in the Court's discretion be held in open court unless the Court rules otherwise. The designating Party may request that the proceeding shall be conducted in camera, out of the presence of all persons unqualified under this Order to receive "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," information, and any transcript relating thereto may be designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

*Non-Party Discovery Materials*

20. Any document, material, or information supplied by a non-party may be designated by such non-party or by any party to this proceeding as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" under the terms of this Protective Order, and such designation by any non-party shall have the same force and effect as if made by a Party.

*Additional Protection of Discovery Material*

21. Nothing in the provisions of this Protective Order shall be deemed to preclude any Party from seeking and obtaining, on an appropriate showing, such additional protection with respect to Discovery Material designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" as that Party may consider reasonably appropriate. The Parties shall first meet and

confer before seeking such relief from the Court.

*Challenges by a Party to Designation as "Confidential" or "Attorneys' Eyes Only"*

22. If a Party challenges a designation of information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," it or they shall send or give notice to the other party and to any non-party who designated the information and shall attempt in good faith to resolve any challenge on an expedited and informal basis. Upon receipt of such notice, the Party that designated the information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be required to state the basis for such designation in writing to the other Party. If the challenge cannot be expeditiously and informally resolved, the Party seeking disclosure may, on reasonable notice, apply for an appropriate ruling from the Court. The information and/or documents at issue shall continue to be treated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" until the Court orders otherwise.

*Inadvertent Disclosure of Confidential Discovery Materials*

23. If "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" Discovery Material is disclosed in violation of this Protective Order, the Party learning of such disclosure shall immediately inform the designating Party of all pertinent facts relating to the disclosure in writing, and shall use its best efforts to retrieve all copies of the protected material and make every effort to prevent any further disclosure, including any disclosure by any person who received any "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" material in violation of this Protective Order.

*Obligations on Conclusion of Litigation*

24. The provisions of this Protective Order shall, absent written agreement of the Parties, or further order of the Court, continue to be binding throughout and after the conclusion

of this action, including any appeals therefrom. In the event any legal or natural person violates or threatens to violate the terms of this Protective Order, an aggrieved party or non-party may immediately apply to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Protective Order. The Parties and any other person subject to the terms of this Protective Order agree that this Court shall retain jurisdiction over it and them for purposes of enforcing this Stipulated Protective Order.

25. Jurisdiction of this action is to be retained by this Court, after final determination, for purposes of enabling any party to this Protective Order to apply to the Court for such direction, order or further decree as may be appropriate for the construction, modification, enforcement or compliance herewith or for the punishment of any violation hereof, or for such additional relief as may become necessary to realize the intentions of the Protective Order. Within ninety days after receiving notice of the entry of an Order, judgment or decree finally disposing of this action, including any appeals therefrom, all persons listed in paragraphs 8(a), (b),(c), (f), and (g) who received any materials containing information designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall return to counsel for the producing Party, or non-party producing documents or information, all originals and copies of all Discovery Material designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" or shall destroy such material and all copies thereof (by shredding or other form of mutilation) and shall certify in writing that all documents, material and information containing any information designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by any other Party or non-party have been destroyed. Counsel of record shall make reasonable efforts to ensure that any experts and outside legal vendors it has retained abide by this provision. Counsel shall provide a certification to counsel for the other Party that to the best of their knowledge after a good faith inquiry, the

persons listed in paragraphs 8–10 to whom Counsel provided any information designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" have complied with the provisions of this paragraph.

26. Outside counsel for the Parties shall be entitled to retain court papers, depositions and trial transcripts, and attorney work product and all exhibits to any of the foregoing that contain or reflect "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" material, provided that such outside counsel, and employees of such outside counsel, shall maintain the confidentiality thereof and shall not disclose any "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" information contained in such court papers or attorney work product or exhibits thereto to any person except pursuant to court order (with notice to the producing party) or the written consent of the producing party.

*Non-Waiver Provisions*

27. Pursuant to Federal Rule of Evidence 502(d), this Court orders that the inadvertent production of any Discovery Material that would be protected from disclosure pursuant to the attorney-client privilege; the work product doctrine; other state, federal, or foreign law, rule, or regulation regarding privilege; or any other applicable privilege or legal doctrine will not constitute a waiver of the applicable privilege or doctrine in this Court or in any other Federal or State court proceeding.

28. If any Discovery Material that a producing Party reasonably believes is protected from disclosure pursuant to the attorney-client privilege, the work product doctrine, any other state, federal, or foreign law, rule, or regulation regarding privilege, or any other applicable privilege or legal doctrine is inadvertently produced, within ten days after the discovery of the inadvertent disclosure, the producing Party will provide to the receiving Party written notice

11

describing the basis for the claim that the Discovery Material is privileged or otherwise protected from disclosure. Within fourteen days of receiving the notice of inadvertent production, the receiving party may move the Court for an order that such Discovery Material is not protected from disclosure by any privilege, law, or doctrine and may submit the Discovery Material at issue to the Court for filing under seal in connection with that motion. In any such motion, the receiving Party shall not assert waiver due to the inadvertent production as a ground for such motion. While the motion is pending, the receiving Party shall not use or disseminate the challenged Discovery Material for any purpose other than such motion.

29. In the event that either (a) the Party who has been notified of an inadvertent production pursuant of protected Discovery Materials declines to file a motion with the Court challenging the claim that the Discovery Materials are protected from disclosure, or (b) the Court determines that the Discovery Materials are protected from disclosure, then the receiving Party shall: (a) promptly destroy the Discovery Material (or redact the protected portions of the Discovery Material in the event that the entire Discovery Material is not claimed or found to be protected from disclosure) and all copies thereof; (b) permanently delete any electronic versions of the Discovery Material from any data source, or any database it maintains; (c) retrieve all paper copies of the Discovery Material provided to any non-parties, including experts; (d) retrieve from non-parties all electronic copies contained on physical storage media where practicable, or if not, direct that any such electronic versions be permanently deleted; (e) destroy the portion of any notes that reveal the substance of the protected information; (f) provide a certification of counsel that the Discovery Material has been destroyed; and (g) make no further use of the protected information contained in the Discovery Material. In the event that only a portion of the Discovery Material is claimed or found to be protected from disclosure, the Party

claiming protection shall produce a new version of all Discovery Material that included the protected information with such information redacted.

30. Any Party who notifies the other of the inadvertent production of Discovery Material claimed to be protected from disclosure shall retain the materials that are claimed to be protected until the end of the case, including any appeals.

*Discovery Material Subpoenaed or Ordered Produced in Other Litigation*

31. If, at any time, any Discovery Material governed by this Protective Order is subpoenaed or requested by any court, administrative body, or regulatory authority, or by any person or entity purporting to have authority to require the production of such documents, the Party to whom the subpoena or request is directed shall, to the extent permitted by applicable law and the rules and requirements of any relevant governmental or regulatory authority, promptly, and in any event within five (5) business days, give written notice to the disclosing party, which shall include a copy of the subpoena or request.

32. The Party to whom the subpoena or request is directed also must immediately inform in writing the party who caused the subpoena or request to issue that some or all of the material covered by the subpoena or request is subject to this Protective Order and deliver a copy of this Protective Order promptly to the party.

33. The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the disclosing party in this Action an opportunity to protect its confidentiality interest in the court from which the subpoena, request, or order is issued. The disclosing party shall bear all responsibility for any objections to the production of such Discovery Material, except that the Party receiving any subpoena or request shall not voluntarily make any production of another Party's "Confidential" or "Attorneys' Eyes Only"

Discovery Material until resolution of any objections interposed by the disclosing party, unless compelled by court order issued after giving notice to the disclosing party. Nothing in this Protective Order shall be construed as authorizing or requiring a Party to disobey any law, court order, or information request or subpoena from any federal, state, or foreign regulatory agency or self-regulatory organization requiring the production of Discovery Material, or as limiting the authority of the Court.

*Reservation of Rights*

34. Nothing in this Protective Order shall be construed as granting any person or entity a right to receive specific documents or information where a court has entered an order precluding that person or entity from obtaining access to such documents or information or where the production of documents or information would violate any state, federal, or foreign law or regulation. The Parties agree that by stipulating to entry of this Protective Order they do not waive any right they otherwise would have to object to disclosing or producing any documents or information on any ground. Similarly, no Party waives any right to object on any ground to the use as evidence of any of the Disclosure Material covered by this Protective Order.

Respectfully submitted,

Dated: January 13, 2016  **GREGORY GREENE** and **JOSEPH LACK**,
individually and on behalf of all others similarly situated,

By:/s/ Alicia E. Hwang
One of Plaintiffs' attorneys

Alexander T.H. Nguyen
Alicia E. Hwang
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654

Dated: January 13, 2016          **MIZUHO BANK, LTD.**

                                         By:/s/ Jeffrey Resetarits (w/ permission)
                                         One of Defendant's attorneys

                                         Jerome S. Fortinsky
                                         John A. Nathanson
                                         Jeffrey Resetarits
                                         SHEARMAN & STERLING LLP
                                         599 Lexington Avenue
                                         New York, NY 10022
                                         212-848-4000

                                         Jonathan S. Quinn
                                         NEAL, GERBER & EISENBERG
                                         Two North LaSalle Street
                                         Suite 1700
                                         Chicago, IL 60602
                                         312-269-8093

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED:___1/26/2016                  _____
                                         HON. GARY FEINERMAN
                                         UNITED STATES DISTRICT JUDGE

# **EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GREGORY GREENE and JOSEPH LACK, individually and on behalf of all others similarly situated,<br><br>   *Plaintiffs*,<br><br>v.<br><br>MIZUHO BANK, LTD., a Japanese financial institution, and MARK KARPELES, an individual,<br><br>   *Defendants*. | Case No. 1:14-cv-01437<br><br>Judge Gary Feinerman<br><br>Magistrate Judge Susan Cox |

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____, of _____ hereby declare as follows:

1. I have received a copy of the Stipulated Protective Order ("Order") governing the use and disclosure of confidential information and entered in the above-captioned matter.

2. I have read the Order, I understand the terms, conditions and restrictions imposed on me by the Order, and I agree to be bound by all of the terms, conditions and restrictions imposed by the Order. By agreeing to the terms of the Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Northern District of Illinois for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Order could subject me to punishment for contempt of Court. I also consent to accept service of process in connection with this action or any proceedings related to enforcement of the Order by certified letter, return receipt requested, at the address below, in lieu of personal service or other methods of service.

3. I further agree not to use any confidential Discovery Material disclosed to me pursuant to the Order except for purposes of the above-captioned litigation and not to disclose any such materials to persons other than those specifically authorized by said Order, without the express written consent of the Party who designated the materials as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" or by order of the Court.

4. I further understand that I am to retain all documents or materials designated as or containing "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in a secure manner, and that all such documents and materials are to remain in my custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing and Confidential information are to be returned to counsel who provided me with such documents and materials.

\*       \*       \*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:_____

_____
Signature

_____
Name (printed)

_____
Employer

_____
Business Address, City, State and Zip

_____
Business Telephone