IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREGORY GREENE and JOSEPH LACK, individually and on behalf of all others similarly situated, | |
| *Plaintiffs*, | Case No. 1:14-cv-01437 |
| v. | [Hon. Gary Feinerman] |
| MIZUHO BANK, LTD., a Japanese financial institution, and MARK KARPELES, an individual, | Magistrate Judge Susan Cox |
| *Defendants*. | |

**PLAINTIFFS' MOTION TO COMPEL DEFENDANT
MIZUHO BANK, LTD. TO RESPOND TO DISCOVERY**

I.  **INTRODUCTION**

Despite this Court's December 2nd Order clearly instructing Defendant Mizuho Bank, Ltd. ("Mizuho") to proceed with discovery in this case, it has refused to do so. Instead, Mizuho has answered Plaintiff's discovery requests by stating only that it will agree to "*meet and confer* [] *on a time to respond* [] based on the scope of the agreed-upon discovery… within ten days of any disposition of its forthcoming motion to stay." This "response" is tantamount to none at all. And its unilateral decision to refuse to answer or produce discovery—without even a pending motion to stay on file at the time—flies in the face of this Court's express (and repeated) admonitions regarding the "strong presumption" that "discovery is not stayed during the pendency of a Rule 12(b)(6) motion."[1] (Dkt. 169.)

Accordingly, under Federal Rule of Civil Procedure 37 and Local Rule 37.2, Plaintiffs Gregory Greene and Joseph Lack (collectively, the "Plaintiffs") respectfully move the Court for an Order compelling Mizuho to respond to Plaintiff's discovery requests.

II.  **FACTUAL BACKGROUND**

  A.  **Procedural History.**

This putative class action lawsuit arises from the collapse of the Mt. Gox Bitcoin Exchange and the loss of more than $470 million worth of its users' bitcoins and currency. (Dkt. 146.) As Mt. Gox's exclusive banking partner for the United States, Defendant Mizuho Bank directly contributed to such losses by refusing to allow customers to withdraw from the exchange (yet continuing to accept their deposits)—despite knowing of and contributing to Mt. Gox's imminent collapse at the hands of co-Defendant Mark Karpeles. (*Id*. ¶¶ 26-38.) Plaintiffs were Mt. Gox users who suffered losses as a result of Defendants' tortious actions. Because they were

---

[1] Mizuho only filed its motion to stay discovery on January 26, 2016. (Dkt. 174.)

among the many who were injured as a result of Defendants' unlawful conduct, on February 27, 2014, they filed this putative class action in this Court. (Dkt. 1.)[2]

On May 14, 2015, Mizuho filed a motion to dismiss Plaintiffs' claims for lack of personal jurisdiction, which was fully briefed and argued by the parties. (*See* Dkts. 148, 151, 155.) On November 16, 2015, the Court informed the parties that they "should operate on the assumption that the motion to dismiss [148] will be denied" and proceed with issuing Rule 26(a)(1) disclosures. (Dkt. 166.) Later that week, counsel for Mizuho sent an *ex parte* email communication (without first notifying Plaintiffs' counsel) to the chambers of this Court, explaining that it intended to file a second motion to dismiss (this time based upon failure to state a claim)[3] and "request that the Court suspend the requirement of serving initial disclosures until after [the Court] rules" on such motion. (*See* Declaration of Alexander Nguyen ["Nguyen Decl."] attached as Exhibit A, ¶ 4.) On November 23, 2015, this Court's courtroom deputy issued an email response, noting that "absent a motion to stay discovery, discovery will not be stayed pending a Rule 12(b)(6) motion []." (*Id.* ¶ 5.)

On December 1, 2015, Mizuho filed a four-page motion "to clarify November 16, 2015 Minute Order," asking the Court to clarify "whether [it] intended for discovery to begin prior to ruling on Mizuho's [upcoming motion to dismiss for failure to state a claim]." (Dkt. 167 at ¶ 6.) Mizuho's motion for clarification further stated that if discovery was to commence, then it "respectfully requests a stay of discovery pending this Court's ruling on [its] second motion to dismiss," in the "interest of efficiency." (*Id.* ¶¶ 7, 10.) ("While it would not be excessively burdensome [] to prepare initial disclosures, engaging in other discovery now, prior to a

---

[2] Defendants Mt. Gox KK and Tibanne KK were later dismissed from the suit in light of the automatic litigation stays afforded to recognized foreign bankruptcy proceedings. (*See* Dkt. 147.)
[3] Plaintiffs do not dispute the parties' prior agreement permitting Mizuho to file a successive Rule 12(b)(6) motion following its jurisdictional motion.

2

resolution of Mizuho Bank's forthcoming Rule 12(b)(6) motion, would require substantial resources.") The following day, the Court issued a minute order denying Mizuho's motion to clarify, on the basis that its November 16, 2015 order was "sufficiently clear." (Dkt. 169.) The Order likewise denied, without prejudice, Mizuho's request to stay discovery, noting that "the strong presumption [] is that discovery is not stayed during the pendency of a Rule 12(b)(6) motion," and Mizuho had made no showing as to "how the presumption has been rebutted under the facts and circumstances of this particular case." (*Id.*)

      **B.**      **Plaintiffs' Discovery Requests.**

Following the Court's order, the parties held a Rule 26(f) conference on December 14, 2015. (Nguyen Decl. ¶ 6.) During the conference, Mizuho stated that it intended to file motions to dismiss and stay discovery, and that its position was that discovery should not proceed while those motions were pending. (*Id.*) Accordingly, it requested that Plaintiffs stipulate to a stay of discovery. (*Id.*) Plaintiffs declined—on the basis that the case had already been pending for nearly two years and class member interests needed to be protected—and made clear that they intended to pursue discovery without delay. (*Id.*) The parties thereafter exchanged initial disclosures on December 18, 2015. (*Id.* ¶ 7.) On December 22, 2015, Plaintiffs propounded their first set of Interrogatories and Requests for Production on Mizuho. (*Id.*) During this time, Plaintiffs drafted and circulated a Stipulated Protective Order to govern the exchange of confidential information to be produced in this matter. (*Id.*) After negotiations, on January 13, 2016, the Parties submitted the Stipulated Protective Order to the Court, which the Court entered on January 26, 2016. (Dkt. 178).

Plaintiffs received Mizuho's written responses on January 25, 2016. (Nguyen Decl. ¶ 8.) In addition to asserting a litany of "general objections" and "objections to definitions and

3

instructions," Mizuho set forth a list of "specific objections" to each of Plaintiffs' requests (*e.g.*, for burden, relevance, that the requests were premature, and privilege). (*Se*e Mizuho's Responses attached as Exs. 3 and 4 to Nguyen Decl.) Mizuho did not answer a single one of Plaintiffs' twenty-two Interrogatories or provide a substantive response to any of Plaintiffs' forty document requests. (Nguyen Decl. ¶ 8.) Instead, in response to each and every discovery request, Mizuho repeated the following:

> Subject to and without waiving any of its objections, Mizuho will, within ten days of any disposition of its forthcoming motion to stay, meet and confer with the plaintiffs on a time to respond to this Interrogatory based on the scope of the agreed-upon discovery. (*See* Ex. 3, Mizuho Resp. to Interrogs. Nos. 1-22.)

> Subject to and without waiving any of its objections, Mizuho will, within ten days of any disposition of its forthcoming motion to stay, meet and confer with the plaintiffs on a time to respond based on the scope of the agreed-upon discovery. (*See* Ex. 4, Mizuho Resp. to Doc. Reqs. Nos. 1-40.)

On the morning of January 26, 2016, Plaintiffs' counsel reached out to defense counsel and stated their position that Mizuho's refusal to produce discovery violated the Court's repeated admonitions that discovery would not be stayed pending the outcome of the second motion. (Nguyen Decl. ¶ 9.) As such, Plaintiffs requested an immediate meet-and-confer in hopes of resolving the dispute. (*Id*.) Counsel for Defendant stated that they were not available to meet and confer until the following morning. (*Id*.) Later that day, Mizuho filed its motions to stay discovery and to dismiss for failure to state a claim (as well as an agreed motion for leave to file an oversized dismissal brief and to enter a proposed briefing schedule). (Dkts. 172, 174, 176.) Mizuho did not file an accompanying memorandum of law with either its motion to stay or its motion to dismiss. (Dkts. 172, 174.) Instead, the motions provided a single page cursory explanation of the relief requested and noted that further reasons would be "set forth" in memoranda to "be filed

4

on January 29, 2016." (*Id*.).

The parties subsequently met and conferred on January 27, 2016. (Nguyen Decl. ¶ 10.) During the meet and confer, Mizuho's counsel explained that Mizuho's position on discovery was set forth in its motion to stay and confirmed that no further responses (or production) would be forthcoming. (*Id*.)

**III.     ARGUMENT**

Under Federal Rule of Civil Procedure 26(b), parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. *Robbins v. Provena Saint Joseph Med. Ctr*., No. 03 C 1371, 2004 WL 502327, at * 1 (N.D. Ill. Mar. 11, 2004). (quoting *Eirhart v. Libbey-Owens-Ford Co.,* 93 F.R.D. 370, 371 (N.D. Ill. 1981)). For "good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." *Robbins*, 2004 WL 502327 at * 1. The rule vests the court with "wide discretion in determining the scope and effect of discovery." *Amey, Inc. v. Gulf Abstract & Title, Inc.,* 758 F.2d 1486, 1505 (11th Cir. 1985).

Parties and their counsel have a duty to respond. Under Federal Rule 37:

> A party seeking discovery may move for an order compelling an answer, designation, production, or inspection…if…(iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34.

Fed. R. Civ. P. 37(a)(3)(B)(iii) and (iv). Further, "evasive or incomplete disclosures, answers or responses are to be treated as failures to disclose, answer or respond." *In re Thomas Consol. Indus., Inc*., 456 F.3d 719, 725 (7th Cir. 2006) (citing Fed. R. Civ. P. 37(a)(3)).

Here, as noted below, Plaintiffs' discovery requests—served two years after filing suit—are timely and seek relevant information. The Court has likewise ordered discovery to proceed

5

(over Mizuho's express objections and request for clarification). *See also* Judge Feinerman's Standing Order on Discovery and Discovery Motions ("unless provided for under applicable law, the pendency of a dispositive motion does not, in itself, operate to stay discovery").[4] As such, Mizuho's unilateral refusal to respond on the basis of a "forthcoming" (and meritless) motion to stay is patently improper, as it violates not only the Federal Rules, but also this Court's Standing Order and previous instructions. Accordingly, the Court should compel Mizuho to answer Plaintiffs' Interrogatories and produce the documents requested in Plaintiffs' Requests for Production.

### A. Mizuho Has Refused to Respond to Plaintiffs' Discovery.

As set forth above, Mizuho has utterly failed to respond—in any meaningful way—to Plaintiffs' discovery requests. Rather than provide an answer to any Interrogatory or Request for Production, Mizuho states only that it will "meet and confer with Plaintiffs" at a later time, and only *following* the disposition of a motion to stay that had not even been filed. In light of the Court's express denial of its previous requests to stay discovery, Mizuho was surely on notice that the Court expected (and in fact, ordered) it to proceed with discovery, even if it later filed a motion to dismiss. As such, Mizuho's unilateral refusal to provide discovery is completely improper and cannot stand.

To be sure, the discovery requested from Mizuho is necessary in this case. Plaintiffs seek, for instance, information and documents relating to: (i) Mizuho's business relationship with Mt. Gox and co-Defendant Mark Karpeles, and the services it provided to each (Interrog. Nos. 1, 3, 12, 14; Doc. Req. Nos. 10, 11, 13, 14, 23, 26); (ii) the customer accounts it held on behalf of Mt. Gox (Interrog. No. 2; Doc. Req. Nos. 12, 30); (iii) the wire deposits and withdrawals that it

---

[4] http://www.ilnd.uscourts.gov/judge-info.aspx?9Ngnz/3CoOs=

6

processed for Mt. Gox customers (Interrog. No. 4-10; Doc. Req. Nos. 2, 3, 21, 22, 24, 25, 40): and (iv) its knowledge, awareness, and/or investigation into Mt. Gox's business practices, security, and finances (Interrog. Nos. 15, 16, 19; Doc. Req. Nos. 29). Such information has clear relevance to Plaintiffs' allegations that Mizuho, in conjunction with Mt. Gox, defrauded Mt. Gox customers by, *inter alia*, terminating withdrawals while continuing to accept deposits. (Dkt. 146.) The requested information also goes to Mizuho's knowledge of (and contribution to) Mt. Gox's ultimate collapse, which is relevant to Plaintiffs' claims of tortious interference with their contracts with Mt. Gox. (Dkt. 146 at ¶¶ 101-129.) The claims are likewise relevant to Plaintiffs' request for an accounting, so that customers may discern and calculate their damages and determine the party in possession of their assets. (Dkt. 146 at ¶¶ 130-133.) In the end, Mizuho has no justifiable reason for refusing to respond to discovery. The Court should therefore compel them to do so.

**IV.   CONCLUSION**

WHEREFORE, Plaintiffs Gregory Greene and Joseph Lack respectfully request that this Court enter an Order compelling Mizuho Bank, Ltd. to immediately and timely respond to their interrogatories and document requests and/or granting such other and further relief as the Court deems equitable and just.

Respectfully submitted,

**GREGORY GREENE and JOSEPH LACK**,
individually, and on behalf of a class of similarly situated individuals,

Dated: January 27, 2016        By: /s/Alexander T.H. Nguyen
                                One of Plaintiffs' Attorneys

Jay Edelson
jedelson@edelson.com

7

        Ari J. Scharg
        ascharg@edelson.com
        Alexander T.H. Nguyen
        anguyen@edelson.com
        Alicia E. Hwang
        ahwang@edelson.com
        EDELSON PC
        350 North LaSalle Street, 13th Floor
        Chicago, Illinois 60654

        *Counsel for Plaintiffs and the Putative Class*

**CERTIFICATION OF CONFERENCE UNDER LOCAL RULE 37.2**

      I, Alexander T.H. Nguyen, hereby certify that the parties have met and conferred in attempts to resolve the issues that are the subject of the herein motion and have been unable to reach agreement. The meet and confer was held telephonically on January 27, 2016, at 10:30 am (CST) and attended by Alicia E. Hwang and myself on behalf of Plaintiffs, and Jerome Fortinsky and Jeffrey Resetarits on behalf of Defendant Mizuho Bank Ltd.

      s/ Alexander T.H. Nguyen

**CERTIFICATE OF SERVICE**

      I, Alexander T.H. Nguyen, an attorney, hereby certify that I served the above and foregoing *Plaintiffs' Motion to Compel*, by causing true and accurate copies of such paper to be transmitted to all counsel of record via the Court's CM/ECF electronic filing system on January 27, 2016.

                                            s/ Alexander T.H. Nguyen