# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GREGORY GREENE and JOSEPH LACK,
individually and on behalf of all others
similarly situated,

                    *Plaintiffs*,

        v.

MIZUHO BANK, LTD., a Japanese financial
institution, and MARK KARPELES, an
individual,

                    *Defendants.*

Case No. 1:14-cv-01437

Hon. Gary Feinerman

Magistrate Judge Susan Cox

## DECLARATION OF ALEXANDER T.H. NGUYEN
## IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL

Pursuant to 28 U.S.C. § 1746, I, Alexander T.H. Nguyen, hereby declare and state as follows:

    1.     I am over the age of eighteen and am fully competent to make this declaration. This declaration is based upon my personal knowledge, except where expressly noted otherwise. I make this declaration in support of *Plaintiffs' Motion to Compel Defendant Mizuho Bank, Ltd. to Respond to Discovery*. If called upon to testify as to the matters stated herein, I could and would competently do so.

    2.     I am an attorney admitted to practice in the State of Illinois and in the United States District Court for the Northern District of Illinois.

    3.     I am a partner at the law firm of Edelson PC, which has been retained to represent Plaintiffs Gregory Greene and Joseph Lack (collectively, "Plaintiffs") in this matter.

    4.     On November 20, 2015, counsel for Defendant Mizuho Bank Ltd., Jonathan S. Quinn, sent an email to Ms. Jackie Deanes, the Courtroom Deputy for the Honorable Gary

Feinerman. Though my colleague, Ari J. Scharg, was cc'ed on the email, Mr. Quinn did not notify or confer with him or Plaintiffs' other counsel prior to sending the email. The email explained that Mizuho intended to file a motion to dismiss for failure to state a claim and requested that the Court "suspend the requirement of serving initial disclosures" until after it ruled on Mizuho's forthcoming motion. A true and accurate copy of Mr. Quinn's November 20th email is attached as Exhibit 1.

5.      On November 23, 2015, Ms. Deanes responded to the email, stating that "[a]bsent a motion to stay discovery, discovery will not be stayed pending a Rule 12(b)(6) motion, as this is not a PSLRA case." A true and accurate copy of Ms. Deanes' November 23rd email response is attached as Exhibit 2.

6.      The parties held their Rule 26(f) conference on December 14, 2015. During the conference, Mizuho's counsel stated that Mizuho intended to file motions to dismiss and stay discovery. Mizuho's counsel further stated its position that discovery should not proceed while those motions were pending and requested that Plaintiffs' counsel stipulate to a stay of discovery. I declined the stay, on the basis that the case had already been pending for nearly two years and class member interests needed to be protected. I also made clear that Plaintiffs intended to pursue discovery without delay.

7.      The parties exchanged their initial disclosures on December 18, 2015. On December 22, 2015, Plaintiffs propounded their first set of Interrogatories and Requests for Production on Mizuho. On December 18, 2015, Plaintiffs' counsel drafted and circulated a Stipulated Protective Order to govern the exchange of confidential information produced in this matter. After negotiations, the parties submitted their proposed to Stipulated Protective Order to the Court on January 13, 2016.

8.      Plaintiffs received Mizuho's written responses on January 25, 2016. Mizuho's responses asserted numerous "general objections," "objections to definitions and instructions," and "specific objections" to each of Plaintiff's requests. Mizuho did not provide any substantive answer to Plaintiffs' Interrogatories or provide any documents or substantive response to any of Plaintiffs' document requests. True and accurate copies of Mizuho's Responses to Plaintiff's Interrogatories and Mizuho's Responses to Plaintiff's Requests for Production are attached as Exhibits 3 and 4, respectively.

9.      The morning after receiving Mizuho's responses, I immediately reached out to Mizuho's counsel to request a meet and confer on its deficient discovery responses. Counsel for Mizuho stated that they not available to meet and confer until January 27, 2016, the following morning.

10.     On the morning of January 27, 2016, I, along with my colleague Alicia E. Hwang, conferred by telephone with Mizuho's counsel, Jerome Fortinsky and Jeffrey A. Resetarits, regarding Mizuho's discovery responses. During the meet and confer, Mizuho's counsel explained that Mizuho's position on discovery was set forth in its motion to stay and confirmed that no further responses (or production) would be forthcoming.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 27, 2016 at Chicago, Illinois.


_____

Alexander T.H. Nguyen

# Exhibit 1



**Alicia Hwang <ahwang@edelson.com>**

___

## Fwd: Greene v. MtGox Inc. et al. -- Case No. 14-cv-01437

**Ari Scharg** <ascharg@edelson.com>                    Wed, Jan 27, 2016 at 11:46 AM
To: Alicia Hwang <ahwang@edelson.com>

Ari

Begin forwarded message:

**From:** "Quinn, Jonathan S." <jquinn@ngelaw.com>
**Date:** November 20, 2015 at 3:24:21 PM EST
**To:** "Jackie_Deanes@ilnd.uscourts.gov" <Jackie_Deanes@ilnd.uscourts.gov>
**Cc:** Jerome Fortinsky <JFortinsky@Shearman.com>, Jeffrey Resetarits
<Jeffrey.Resetarits@Shearman.com>, "Frye, Jason A." <jfrye@ngelaw.com>,
"ascharg@edelson.com" <ascharg@edelson.com>
**Subject: Greene v. MtGox Inc. et al. -- Case No. 14-cv-01437**

Ms. Deanes:

We represent Mizuho Bank, Ltd. in the above-referenced case.  I am writing in connection with
Judge Feinerman's 11/16/15 Minute Order [166], in which Judge Feinerman states that the "parties
should operate on the assumption that the motion to dismiss [148] will be denied."  In that Order,
Judge Feinerman re-set the status conference for 12/15/15 and ordered the parties to serve initial
disclosures by 12/18/15.

As you may know, the parties discussed scheduling with the Court at the 4/16/15 hearing on the
plaintiffs' motion for leave to file a second amended complaint.  Before the hearing, the parties had
agreed that Mizuho Bank would consent to the plaintiffs' motion for leave to file a second amended
complaint and the plaintiffs would consent to the defendants' proposal to separate their proposed
motion to dismiss into two parts:  first, a motion to dismiss based on personal jurisdiction, and then,
if the Court were to deny that motion, a second motion to dismiss for failure to state a claim.  As you
can see from the attached transcript (pages 15-18), Judge Feinerman approved that plan, and
authorized Mizuho Bank to file serial 12(b) motions, as the parties had agreed.

In the event that Judge Feinerman denies our pending motion to dismiss, Mizuho Bank intends to
file a motion to dismiss for failure to state a claim, as discussed at the 4/16/15 hearing.  Judge
Feinerman's minute order requiring the parties to serve initial disclosures makes no reference to
that motion and appears to assume, incorrectly, that a denial of the pending motion will bring the
dispositive motions to a close.  Under the circumstances, therefore, we would like to ask your
guidance as to how to proceed.  Assuming Judge Feinerman ultimately denies Mizuho Bank's
motion to dismiss for lack of personal jurisdiction [148], and in the interest of efficiency, we would
request that the Court suspend the requirement of serving initial disclosures until after Judge
Feinerman rules on Mizuho Bank's motion to dismiss for failure to state a claim.

If you would kindly let us know how the Court wishes Mizuho Bank to proceed, we would be very appreciative.


Regards,


**Jonathan S. Quinn**

NEAL ▪ GERBER ▪ EISENBERG

Neal, Gerber & Eisenberg LLP
Two North LaSalle Street ▪ Suite 1700
Chicago IL ▪ 60602-3801
312.269.8093 phone ▪ 312.429.3531 fax

jquinn@ngelaw.com ▪ www.ngelaw.com


cc:     Ari Scharg, Esq.



**MTGOX 041615x2.pdf**
83K

# Exhibit 2



**Alicia Hwang <ahwang@edelson.com>**

---

## Fwd: Greene v. MtGox Inc. et al. -- Case No. 14-cv-01437

**Ari Scharg** <ascharg@edelson.com>                    Wed, Jan 27, 2016 at 11:47 AM
To: Alicia Hwang <ahwang@edelson.com>

    Ari

    Begin forwarded message:

        **From:** Jackie_Deanes@ilnd.uscourts.gov
        **Date:** November 23, 2015 at 8:51:04 AM EST
        **To:** "Quinn, Jonathan S." <jquinn@ngelaw.com>
        **Cc:** "'ascharg@edelson.com'" <ascharg@edelson.com>, 'Jeffrey Resetarits'
        <Jeffrey.Resetarits@Shearman.com>, 'Jerome Fortinsky' <JFortinsky@Shearman.com>, "Frye,
        Jason A." <jfrye@ngelaw.com>
        **Subject: RE: Greene v. MtGox Inc. et al. -- Case No. 14-cv-01437**

        Absent a motion to stay discovery, discovery will not be stayed pending a Rule 12(b)(6) motion, as
        this is not a PSLRA case.

        From:     "Quinn, Jonathan S." <jquinn@ngelaw.com>
        To:        "'Jackie_Deanes@ilnd.uscourts.gov'" <Jackie_Deanes@ilnd.uscourts.gov>
        Cc:        'Jerome Fortinsky' <JFortinsky@Shearman.com>, 'Jeffrey Resetarits' <Jeffrey.Resetarits@Shearman.com>, "Frye, Jason
        A." <jfrye@ngelaw.com>, "'ascharg@edelson.com'" <ascharg@edelson.com>
        Date:     11/20/2015 09:03 PM
        Subject:   RE: Greene v. MtGox Inc. et al. -- Case No. 14-cv-01437

        [Quoted text hidden]

Exhibit 3

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

GREGORY GREENE and JOSEPH LACK,
individually and on behalf of all others
similarly situated,

          *Plaintiffs,*

v.

MIZUHO BANK, LTD., a Japanese financial
institution, and MARK KARPELES, an
individual,

          *Defendants.*

Case No. 1:14-cv-01437

Judge Gary Feinerman
Magistrate Judge Susan Cox

## MIZUHO BANK LTD.'S RESPONSES AND OBJECTIONS TO
## PLAINTIFFS' FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rule 33.1 of the

Local Civil Rules of the United States District Court for the Northern District of Illinois,

Defendant Mizuho Bank, Ltd. ("Mizuho"), by and through its undersigned attorneys, hereby

responds and objects to Plaintiffs' First Set of Interrogatories dated December 22, 2015 (the

"Interrogatories").

Mizuho makes this response without in any way waiving or intending to waive, but to the

contrary, intending to reserve and reserving:

    (i)     all questions as to competency, relevancy, materiality, privilege, and admissibility

            as evidence for any purpose, at any trial or hearing in this case, or in any related

            or subsequent action or proceeding, of any information provided pursuant to the

            Interrogatories;

(ii)     the right to object on any ground to the use of information provided pursuant to the Interrogatories at any trial or hearing in this case or in any related or subsequent action or proceeding;

(iii)    the right to object on any ground, at any time, to a demand for further responses, document production, or information;

(iv)     the right to move for the entry of a protective order with respect to any current or future request for documents or information;

(v)      the right at any time to revise, supplement, correct, or add to any responses or objections herein; and

(vi)     the right to assert any potential defenses in this action, including the lack of personal jurisdiction.

## **GENERAL OBJECTIONS**

The following General Objections apply to each individually numbered Interrogatory and shall have the same force and effect as if set forth in full in response to each Interrogatory:

1.       Mizuho objects to the Interrogatories to the extent they seek to impose obligations on Mizuho beyond those set forth in the Local Civil Rules of the United States District Court for the Northern District of Illinois (the "Local Civil Rules"), the Federal Rules of Civil Procedure (the "Federal Rules"), the Court's Individual Rules and Procedures for Civil Cases (the "Court's Individual Practice Rules") or any other applicable statutes, rules, or laws.

2.       Mizuho objects to the Interrogatories because they are premature until the Court has ruled on Mizuho's forthcoming motion to stay discovery pending disposition of its motions to dismiss the plaintiffs' Second Amended Class Action Complaint (the "Complaint").

3.       Mizuho objects to the Interrogatories to the extent they are not proportional to the needs of the case, considering the importance of the discovery in resolving

the issues, and because the burden and expense of the proposed discovery outweighs its likely benefit.

4.      Mizuho objects to the Interrogatories to the extent they seek information not reasonably calculated to lead to the discovery of admissible evidence in the above-captioned action (the "Action").

5.      Mizuho objects to the Interrogatories to the extent they seek information irrelevant to the subject matter of the Action.

6.      Mizuho objects to the Interrogatories to the extent they are vague, ambiguous, overbroad, unduly burdensome, fail to specify the information sought with reasonable particularity, and/or seek cumulative or duplicative information.

7.      Mizuho objects to the Interrogatories to the extent they seek information protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the common interest privilege, or any other legally cognizable privilege or protection. To the extent that any Interrogatory purports to seek information that Mizuho is legally barred from producing and disclosing the existence of, Mizuho objects to identifying any such information.  Nothing herein shall be deemed an acknowledgment that such information exists. Any inadvertent disclosure of any privileged or protected information shall not be deemed or construed to constitute a waiver of any privilege or right, including the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the common interest privilege, or any other legally cognizable privilege or protection.

8.     Mizuho objects to the Interrogatories to the extent they seek information protected by applicable Japanese foreign data protection, data privacy, and bank secrecy laws, or a bank's duty of confidentiality to its customers (collectively, "Japanese Data Privacy Laws").[1]

9.     Mizuho objects to the Interrogatories to the extent they seek information the disclosure of which would violate a duty of confidentiality owed by Mizuho to a regulatory body or government agency, or which is protected from disclosure by any rule, policy or statement by any governmental body, or foreign or domestic regulator, and to the extent the Interrogatories seek information provided to any governmental body, or foreign or domestic regulator, unless and until the relevant regulatory bodies have an adequate opportunity to assert, and the Court has an adequate opportunity to resolve, any objections the regulatory bodies may have to providing the requested information.

10.     Mizuho objects to the Interrogatories to the extent they seek confidential, proprietary or trade secret information, the disclosure of which would cause irreparable competitive injury to Mizuho, without providing adequate assurances that such information will not be disclosed.  All confidential or proprietary materials or information will be disclosed and/or produced only upon entry of an appropriate protective order.

11.     Mizuho objects to the Interrogatories to the extent they seek information that is subject to confidentiality or non-disclosure agreements with third parties, or any other confidentiality obligations.  In particular, but without limiting this objection, Mizuho objects to the Interrogatories to the extent that they call for information not in the possession, custody, or control of Mizuho or its predecessors, successors, or affiliates.

---

[1]     The relevant legal authority for these protections includes, but is not limited to, (i) the Japanese Act on the Protection of Personal Information; (ii) the Banking Act of Japan; (iii) the Japanese Financial Service Agency's Comprehensive Guidelines for Supervision of Major Banks; and (iv) the Supreme Court of Japan's decisions on a bank's duty of confidentiality.

12.     Mizuho objects to the use of any term in the Interrogatories where such a term could have more than one meaning and is not defined.

13.     Mizuho objects to the Interrogatories to the extent that they rely on or call for any legal conclusion or would require Mizuho to speculate as to the nature and/or scope of the information sought.

14.     Mizuho objects to the Interrogatories to the extent they seek information already in the possession of the parties to the Action, or otherwise publicly available, as cumulative and duplicative and imposing an undue burden and expense on Mizuho.

15.     Mizuho objects to the Interrogatories where they seek information that is more burdensome for Mizuho to obtain than it is for the plaintiffs to obtain, or where it is equally available to the plaintiffs from other sources that are more convenient, less burdensome or less expensive.

16.     Mizuho objects to the Interrogatories to the extent they purport to require any search for information beyond a reasonable search (including any search before disposition of Mizuho's motions to dismiss) because such interrogatories are not proportional to the needs of the case, considering the importance of the discovery in resolving the issues, and because the burden and expense of the proposed discovery outweighs its likely benefit.

17.     Mizuho objects to the Interrogatories to the extent that they assume the existence of facts or events that do not exist or did not take place.  Any answer provided by Mizuho to an Interrogatory shall not be construed as an admission that any characterization of facts, circumstances, or legal obligations stated in that Interrogatory is accurate.  Mizuho reserves the right to contest any such characterization as inaccurate.

18.     Mizuho objects and will not provide information protected by any applicable privilege, protection and/or immunity, including but not limited to, Suspicious Activity Reports ("SAR") and any SAR-decision making information, the existence of which Mizuho is prohibited from disclosing under 31 U.S.C. §5318(g), 31 C.F.R. §1020.320(e), 12 C.F.R. §21.11(k), or other applicable laws, rules or regulations.  To the extent that any Interrogatory purports to seek information that Mizuho is legally barred from disclosing the existence of, Mizuho objects to identifying any such information.  Nothing herein shall be deemed an acknowledgment that such information exists.

19.     Mizuho objects to the Interrogatories to the extent they require review and translation of information in Japanese on the grounds of undue burden and cost.

20.     Mizuho objects to the Interrogatories to the extent they purport to impose a continuing duty to supplement.

21.     Mizuho objects to the Interrogatories on the ground that a party may serve no more than 25 written interrogatories, including all discrete subparts, on another party under Rule 33(a)(1) of the Federal Rules.

22.     The responses contained herein are based only upon the information and documentation that is presently available to and known to Mizuho.  It is possible that further investigation, discovery, and research may result in the ascertainment of additional or different information or documentation or different factual and legal contentions.   Accordingly, Mizuho reserves the right to modify, correct, or supplement its responses herein.   The responses to the Interrogatories should not be construed to prejudice Mizuho's right to conduct further investigation, discovery and research, or to limit Mizuho's right to utilize any additional evidence that may be discovered.

23.     The objection, failure to object, or any indication herein that Mizuho will provide responsive information does not constitute a representation by Mizuho that any such information exists or is within its possession, custody, or control.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

The following Objections to the Definitions and Instructions apply to each individually numbered Interrogatory and shall have the same force and effect as if set forth in full in response to each Interrogatory:

24.     Mizuho objects to the definition of "Document" in Definition No. 3 on the ground that it is vague, ambiguous, overbroad, and unduly burdensome, seeks information not in Mizuho's possession, custody, or control, seeks information protected by the attorney-client privilege, the attorney work product doctrine, and other legally cognizable privileges or protections, and seeks to impose on Mizuho conditions and obligations beyond those authorized by the Local Civil Rules, the Federal Rules, the Court's Individual Practice Rules, or any other applicable statutes, rules, or laws.

25.     Mizuho objects to the definitions of "Identify" in Definition Nos. 4, 5, 6, 7 and 8 on the ground that they are vague, ambiguous, overbroad, and unduly burdensome.

26.     Mizuho objects to the definition of "Mt. Gox" in Definition No. 11 on the ground that it is overbroad, unduly burdensome, and not relevant to the claims and defenses in the case or proportional to the needs of the case.

27.     Mizuho objects to the definition of "Mt. Gox Customers" in Definition No. 13 on the ground that it is ambiguous, vague, and seeks information not in Mizuho's possession, custody, or control.

28.     Mizuho objects to the definition of "Relevant Time Period" in Definition No. 17 on the ground that it is overbroad, unduly burdensome, and not relevant to the claims and

defenses in the case or proportional to the needs of the case. Mizuho agrees to meet and confer with the plaintiffs to negotiate a reasonable time period for the Interrogatories.

29.     Mizuho objects to the definitions of "You," "Your," "Defendant," and "Mizuho" in Definition No. 18 to the extent that it defines these terms as including Mizuho's "divisions, subsidiaries, related companies, predecessors, and successors, all present and former officers, directors, agents, attorneys, employees, and all Persons acting or purporting to act on behalf of any of them" on the ground that it is vague, ambiguous, overbroad and unduly burdensome, seeks information not in Mizuho's possession, custody, or control, seeks information protected by the attorney-client privilege, the attorney work product doctrine, and other legally cognizable privileges or protections, and seeks to impose on Mizuho conditions and obligations beyond those authorized by the Local Civil Rules, the Federal Rules, the Court's Individual Practice Rules, or any other applicable statutes, rules, or laws.

30.     Mizuho objects to Instruction Nos. 1 and 7 to the extent they purport to impose obligations beyond those required by the Local Civil Rules, the Federal Rules, the Court's Individual Practice Rules, or any other applicable statutes, rules, or law.

## SPECIFIC OBJECTIONS AND RESPONSES TO THE INTERROGATORIES

Subject to the foregoing General Objections and Objections to the Definitions and Instructions, that are incorporated into each response below, whether or not repeated for emphasis, and the specific objections set forth below, and expressly stating that its responses are subject to all such objections, Mizuho responds to each specific Interrogatory as follows:

## INTERROGATORY NO. 1:

Describe Your business relationship with Mt. Gox or Mark Karpeles, Including Identifying:

> (a)     any contract, agreement, or written or oral understandings (and amendments thereto) between You and Mt. Gox or Mark Karpeles;

8

(b)    the date You entered into any business relationship with Mt. Gox or Mark Karpeles;

(c)    the date that Your business relationship with Mt. Gox or Mark Karpeles was terminated;

(d)    the number and type of accounts You held on behalf of Mt. Gox or Mark Karpeles; and

(e)    any financial benefit, including any commissions, fees, or payments and total amount, which You received through or as a result of Your relationship with Mt. Gox or Mark Karpeles.

## RESPONSE TO INTERROGATORY NO. 1:

Mizuho objects to this Interrogatory on the ground that it is overbroad and unduly burdensome to the extent it seeks information for a time period starting four years prior to the date the Complaint was filed to the present. Mizuho further objects to this Interrogatory to the extent it seeks information protected by Japanese Data Privacy Laws. Mizuho further objects to this Interrogatory on the ground that "business relationship," "written or oral understandings," "amendments thereto," and "financial benefit" are vague and ambiguous and undefined. Mizuho further objects to this Interrogatory on the ground that it contains multiple discrete subparts that, when considered with the other Interrogatories, would exceed the plaintiffs' allowance of twenty-five interrogatories. Mizuho further objects to this Interrogatory because it is premature until the Court has ruled on Mizuho's forthcoming motion to stay discovery pending disposition of its motions to dismiss the Complaint.

Subject to and without waiving any of its objections, Mizuho will, within ten days of any disposition of its forthcoming motion to stay, meet and confer with the plaintiffs on a time to respond to this Interrogatory based on the scope of the agreed-upon discovery.

**INTERROGATORY NO. 2:**

Identify and Describe the number, type of account You maintained, date account was opened and closed, transaction history, name, and address associated with each Mt. Gox Customer.

**RESPONSE TO INTERROGATORY NO. 2:**

Mizuho objects to this Interrogatory on the ground that it is overbroad and unduly burdensome to the extent it seeks information for a time period starting four years prior to the date the Complaint was filed to the present. Mizuho further objects to this Interrogatory to the extent it seeks information protected by Japanese Data Privacy Laws. Mizuho further objects to this Interrogatory on the ground that it seeks information not relevant to the claims and defenses in the case. Mizuho further objects to this Interrogatory on the ground that it contains multiple discrete subparts that, when considered with the other Interrogatories, would exceed the plaintiffs' allowance of twenty-five interrogatories. Mizuho further objects to this Interrogatory because it is premature until the Court has ruled on Mizuho's forthcoming motion to stay discovery pending disposition of its motions to dismiss the Complaint. Mizuho further objects to this Interrogatory because it is not proportional to the needs of the case, considering the importance of the discovery in resolving the issues, and because the burden and expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any of its objections, Mizuho will, within ten days of any disposition of its forthcoming motion to stay, meet and confer with the plaintiffs on a time to respond to this Interrogatory based on the scope of the agreed-upon discovery.

**INTERROGATORY NO. 3:**

Identify and Describe any accounts, assets, property, and banking services You provided to Mark Karpeles, Mt. Gox, the Mt. Gox Exchange, Including but not limited to, any services Related To the deposit or withdrawal of funds and wire transfers.

**RESPONSE TO INTERROGATORY NO. 3:**

Mizuho objects to this Interrogatory on the ground that it is overbroad and unduly

burdensome to the extent it seeks information for a time period starting four years prior to

the date the Complaint was filed to the present. Mizuho further objects to this

Interrogatory on the ground that it contains multiple discrete subparts that, when

considered with the other Interrogatories, would exceed the plaintiffs' allowance of

twenty-five interrogatories. Mizuho further objects to this Interrogatory on the ground

that it seeks information not relevant to the claims and defenses in the case. Mizuho

further objects to this Interrogatory to the extent it seeks information protected by

Japanese Data Privacy Laws. Mizuho further objects to this Interrogatory because it is

premature until the Court has ruled on Mizuho's forthcoming motion to stay discovery

pending disposition of its motions to dismiss the Complaint. Mizuho further objects to

this Interrogatory because it is not proportional to the needs of the case, considering the

importance of the discovery in resolving the issues, and because the burden and expense

of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any of its objections, Mizuho will, within ten days of any

disposition of its forthcoming motion to stay, meet and confer with the plaintiffs on a time to

respond to this Interrogatory based on the scope of the agreed-upon discovery.

**INTERROGATORY NO. 4:**

Identify and Describe the total number and amount of deposits You received from Mt. Gox Customers in the United States for or on behalf of Mt. Gox and/or the Mt. Gox Exchange,

Including Identifying the date You received and processed each individual deposit, the amount of each deposit, any transaction fee You charged, whether and in what amount the deposit has been withdrawn, and the address from which each deposit originated/was sent.

## RESPONSE TO INTERROGATORY NO. 4:

Mizuho objects to this Interrogatory on the ground that it is overbroad and unduly burdensome to the extent it seeks information for a time period starting four years prior to the date the Complaint was filed to the present. Mizuho further objects to this Interrogatory to the extent it seeks information protected by Japanese Data Privacy Laws. Mizuho further objects to this Interrogatory on the ground that it contains multiple discrete subparts that, when considered with the other Interrogatories, would exceed the plaintiffs' allowance of twenty-five interrogatories. Mizuho further objects to this Interrogatory because it is premature until the Court has ruled on Mizuho's forthcoming motion to stay discovery pending disposition of its motions to dismiss the Complaint. Mizuho further objects to this Interrogatory because it is not proportional to the needs of the case, considering the importance of the discovery in resolving the issues, and because the burden and expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any of its objections, Mizuho will, within ten days of any disposition of its forthcoming motion to stay, meet and confer with the plaintiffs on a time to respond to this Interrogatory based on the scope of the agreed-upon discovery.

## INTERROGATORY NO. 5:

Identify and Describe the total number of wire withdrawals You processed for Mt. Gox Customers in the United States for or on behalf of Mt. Gox and/or the Mt. Gox Exchange, Including Identifying the date You received each individual withdrawal request, whether You processed the withdrawal and when, the amount of each withdrawal, any transaction fee You charged, and the address to where each withdrawal was sent.

12

**RESPONSE TO INTERROGATORY NO. 5:**

Mizuho objects to this Interrogatory on the ground that it is overbroad and unduly burdensome to the extent it seeks information for a time period starting four years prior to the date the Complaint was filed to the present. Mizuho further objects to this Interrogatory to the extent it seeks information protected by Japanese Data Privacy Laws. Mizuho further objects to this Interrogatory on the ground that it contains multiple discrete subparts that, when considered with the other Interrogatories, would exceed the plaintiffs' allowance of twenty-five interrogatories. Mizuho further objects to this Interrogatory because it is premature until the Court has ruled on Mizuho's forthcoming motion to stay discovery pending disposition of its motions to dismiss the Complaint. Mizuho further objects to this Interrogatory because it is not proportional to the needs of the case, considering the importance of the discovery in resolving the issues, and because the burden and expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any of its objections, Mizuho will, within ten days of any disposition of its forthcoming motion to stay, meet and confer with the plaintiffs on a time to respond to this Interrogatory based on the scope of the agreed-upon discovery.

**INTERROGATORY NO. 6:**

Describe the process through which Mt. Gox Customers could request to withdraw funds from their accounts on the Mt. Gox Exchange, including any changes to relevant policies, processes or requirements You made during the Relevant Time Period, Including describing the information required to complete the withdrawal, associated transaction fees charged, and Identifying the key Persons responsible for compiling and processing requests.

**RESPONSE TO INTERROGATORY NO. 6:**

Mizuho objects to this Interrogatory on the ground that it is overbroad and unduly burdensome to the extent it seeks information for a time period starting four years prior to

the date the Complaint was filed to the present. Mizuho further objects to this

Interrogatory on the ground that it contains multiple discrete subparts that, when

considered with the other Interrogatories, would exceed the plaintiffs' allowance of

twenty-five interrogatories. Mizuho further objects to this Interrogatory on the ground

that it seeks information not in Mizuho's possession, custody, or control. Mizuho further

objects to this Interrogatory to the extent it seeks information protected by Japanese Data

Privacy Laws. Mizuho further objects to this Interrogatory because it is premature until

the Court has ruled on Mizuho's forthcoming motion to stay discovery pending

disposition of its motions to dismiss the Complaint. Mizuho further objects to this

Interrogatory because it is not proportional to the needs of the case, considering the

importance of the discovery in resolving the issues, and because the burden and expense

of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any of its objections, Mizuho will, within ten days of any

disposition of its forthcoming motion to stay, meet and confer with the plaintiffs on a time to

respond to this Interrogatory based on the scope of the agreed-upon discovery.

**INTERROGATORY NO. 7:**

Describe the process through which Mt. Gox Customers could deposit funds into the Mt.
Gox Exchange, including any changes to relevant policies, processes or requirements You made
during the Relevant Time Period, Including describing the information required to complete the
deposit, the name of the account where deposits were sent, and Identifying the key Persons
responsible for accepting deposits.

**RESPONSE TO INTERROGATORY NO. 7:**

Mizuho objects to this Interrogatory on the ground that it is overbroad and unduly

burdensome to the extent it seeks information for a time period starting four years prior to

the date the Complaint was filed to the present. Mizuho further objects to this

Interrogatory on the ground that it seeks information not in Mizuho's possession,

custody, or control. Mizuho further objects to this Interrogatory to the extent it seeks

information protected by Japanese Data Privacy Laws. Mizuho further objects to this

Interrogatory on the ground that it contains multiple discrete subparts that, when

considered with the other Interrogatories, would exceed the plaintiffs' allowance of

twenty-five interrogatories. Mizuho further objects to this Interrogatory because it is

premature until the Court has ruled on Mizuho's forthcoming motion to stay discovery

pending disposition of its motions to dismiss the Complaint. Mizuho further objects to

this Interrogatory because it is not proportional to the needs of the case, considering the

importance of the discovery in resolving the issues, and because the burden and expense

of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any of its objections, Mizuho will, within ten days of any

disposition of its forthcoming motion to stay, meet and confer with the plaintiffs on a time to

respond to this Interrogatory based on the scope of the agreed-upon discovery.

**INTERROGATORY NO. 8:**

State the date on which You stopped processing wire withdrawal requests for or on behalf of Mt. Gox and/or Mt. Gox Customers, Describe with specificity Your reason(s) for doing so, Identify the persons involved in this decision, and Describe the steps You took to implement this decision.

**RESPONSE TO INTERROGATORY NO. 8:**

Mizuho objects to this Interrogatory to the extent it seeks information protected by

Japanese Data Privacy Laws. Mizuho further objects to this Interrogatory on the ground that it

contains multiple discrete subparts that, when considered with the other Interrogatories, would

exceed the plaintiffs' allowance of twenty-five interrogatories. Mizuho further objects to this

Interrogatory on the ground that it seeks information protected by the attorney-client privilege,

the attorney work product doctrine, and other legally cognizable privileges and protections.

Mizuho further objects to this Interrogatory because it is premature until the Court has ruled on Mizuho's forthcoming motion to stay discovery pending disposition of its motions to dismiss the Complaint.

Subject to and without waiving any of its objections, Mizuho will, within ten days of any disposition of its forthcoming motion to stay, meet and confer with the plaintiffs on a time to respond to this Interrogatory based on the scope of the agreed-upon discovery.

**INTERROGATORY NO. 9:**

Identify each wire deposit including the date and amount You accepted for or on behalf of Mt. Gox and/or Mt. Gox Customers after the date on which You stopped processing wire withdrawal requests for or on behalf of Mt. Gox and/or Mt. Gox Customers.

**RESPONSE TO INTERROGATORY NO. 9:**

Mizuho objects to this Interrogatory to the extent it seeks information protected by Japanese Data Privacy Laws. Mizuho further objects to this Interrogatory to the extent it seeks information not relevant to the claims and defenses in the case. Mizuho further objects to this Interrogatory because it is premature until the Court has ruled on Mizuho's forthcoming motion to stay discovery pending disposition of its motions to dismiss the Complaint. Mizuho further objects to this Interrogatory because it is not proportional to the needs of the case, considering the importance of the discovery in resolving the issues, and because the burden and expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any of its objections, Mizuho will, within ten days of any disposition of its forthcoming motion to stay, meet and confer with the plaintiffs on a time to respond to this Interrogatory based on the scope of the agreed-upon discovery.

**INTERROGATORY NO. 10:**

State the date on which You stopped accepting wire deposits for or on behalf of Mt. Gox and/or Mt. Gox Customers, Describe with specificity Your reason(s) for doing so, Identify the persons involved in this decision, and Describe the steps You took to implement this decision.

**RESPONSE TO INTERROGATORY NO. 10:**

Mizuho objects to this Interrogatory to the extent it seeks information protected by

Japanese Data Privacy Laws. Mizuho further objects to this Interrogatory on the ground that it

seeks information protected by the attorney-client privilege, the attorney work product doctrine,

and other legally cognizable privileges and protections. Mizuho further objects to this

Interrogatory because it is premature until the Court has ruled on Mizuho's forthcoming motion

to stay discovery pending disposition of its motions to dismiss the Complaint.

Subject to and without waiving any of its objections, Mizuho will, within ten days of any

disposition of its forthcoming motion to stay, meet and confer with the plaintiffs on a time to

respond to this Interrogatory based on the scope of the agreed-upon discovery.

**INTERROGATORY NO. 11:**

Describe any decision Relating to whether You or Mt. Gox would or would not notify Mt. Gox Customers that You were no longer providing withdrawal services for or on behalf of Mt. Gox, Identify the means and date(s) through which such notice was provided, and Identify the persons involved in this decision.

**RESPONSE TO INTERROGATORY NO. 11:**

Mizuho objects to this Interrogatory on the ground that it is overbroad and unduly

burdensome to the extent it seeks information for a time period starting four years prior to the

date the Complaint was filed to the present. Mizuho further objects to this Interrogatory to the

extent it seeks information protected by Japanese Data Privacy Laws. Mizuho further objects to

this Interrogatory on the ground that it seeks information not in Mizuho's possession, custody, or

control. Mizuho further objects to this Interrogatory on the ground that it contains multiple

discrete subparts that, when considered with the other Interrogatories, would exceed the plaintiffs' allowance of twenty-five interrogatories. Mizuho further objects to this Interrogatory because it is premature until the Court has ruled on Mizuho's forthcoming motion to stay discovery pending disposition of its motions to dismiss the Complaint.

Subject to and without waiving any of its objections, Mizuho will, within ten days of any disposition of its forthcoming motion to stay, meet and confer with the plaintiffs on a time to respond to this Interrogatory based on the scope of the agreed-upon discovery.

**INTERROGATORY NO. 12:**

State the date on which You terminated Your business relationship with Mt. Gox or Mark Karpeles, Describe with specificity Your reason(s) for doing so, Identify the persons involved in this decision, and Describe the steps you took to implement this decision.

**RESPONSE TO INTERROGATORY NO. 12:**

Mizuho objects to this Interrogatory to the extent it seeks information protected by Japanese Data Privacy Laws. Mizuho further objects to this Interrogatory on the ground that "business relationship" is vague and ambiguous and undefined. Mizuho further objects to this Interrogatory on the ground that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and other legally cognizable privileges and protections. Mizuho further objects to this Interrogatory on the ground that it contains multiple discrete subparts that, when considered with the other Interrogatories, would exceed the plaintiffs' allowance of twenty-five interrogatories. Mizuho further objects to this Interrogatory because it is premature until the Court has ruled on Mizuho's forthcoming motion to stay discovery pending disposition of its motions to dismiss the Complaint. Mizuho further objects to this Interrogatory because it is not proportional to the needs of the case, considering the importance of the discovery

in resolving the issues, and because the burden and expense of the proposed discovery

outweighs its likely benefit.

Subject to and without waiving any of its objections, Mizuho will, within ten days of any

disposition of its forthcoming motion to stay, meet and confer with the plaintiffs on a time to

respond to this Interrogatory based on the scope of the agreed-upon discovery.

**INTERROGATORY NO. 13:**

Describe all the circumstances surrounding and Relating to Your decision to (i) limit the
number and amount of Mt. Gox Customer withdrawals that You would process on a weekly or
monthly basis, (ii) remove Mt. Gox's access to Your automated withdrawal processes and
require Mt. Gox to submit user withdrawal requests manually (i.e. by paper), and (iii) refuse to
process certain international wire transfer requests, including Your decision to raise Your
banking fees, including Identifying all persons involved in these decisions, Identifying all
Documents related to these decisions, and state whether Your other customers were subject to
the same changes.

**RESPONSE TO INTERROGATORY NO. 13:**

Mizuho objects to this Interrogatory on the ground that it is overbroad and unduly

burdensome to the extent it seeks information for a time period starting four years prior to

the date the Complaint was filed to the present. Mizuho further objects to the Document

Requests to the extent that they assume the existence of facts or events that do not exist

or did not take place. Mizuho further objects to this Interrogatory on the ground that

"automated withdrawal processes," and "Your other customers," and "same changes" are

vague and ambiguous and undefined. Mizuho further objects to this Interrogatory on the

ground that it seeks information protected by the attorney-client privilege, the attorney

work product doctrine, and other legally cognizable privileges and protections. Mizuho

further objects to this Interrogatory on the ground that it contains multiple discrete

subparts that, when considered with the other Interrogatories, would exceed the plaintiffs'

allowance of twenty-five interrogatories. Mizuho further objects to this Interrogatory to

the extent it seeks information protected by Japanese Data Privacy Laws. Mizuho further objects to this Interrogatory because it is premature until the Court has ruled on Mizuho's forthcoming motion to stay discovery pending disposition of its motions to dismiss the Complaint.

Subject to and without waiving any of its objections, Mizuho will, within ten days of any disposition of its forthcoming motion to stay, meet and confer with the plaintiffs on a time to respond to this Interrogatory based on the scope of the agreed-upon discovery.

**INTERROGATORY NO. 14:**

Describe all communications between You and Mark Karpeles (whether by telephone, email, or in person) regarding terminating Your business relationship with him and/or Mt. Gox, and Identify the date(s) of each communication and the Persons present at each communication, and Identify all Documents reflecting such communications.

**RESPONSE TO INTERROGATORY NO. 14:**

Mizuho objects to this Interrogatory to the extent it seeks information protected by Japanese Data Privacy Laws. Mizuho further objects to this Interrogatory on the ground that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and other legally cognizable privileges and protections. Mizuho further objects to this Interrogatory on the ground that it contains multiple discrete subparts that, when considered with the other Interrogatories, would exceed the plaintiffs' allowance of twenty-five interrogatories. Mizuho further objects to this Interrogatory because it is premature until the Court has ruled on Mizuho's forthcoming motion to stay discovery pending disposition of its motions to dismiss the Complaint.

Subject to and without waiving any of its objections, Mizuho will, within ten days of any disposition of its forthcoming motion to stay, meet and confer with the plaintiffs on a time to respond to this Interrogatory based on the scope of the agreed-upon discovery.

**INTERROGATORY NO. 15:**

Identify and Describe when and how You first became aware that the security of the Mt. Gox Exchange had been compromised, any communications or correspondence between you and Mt. Gox or Mark Karpeles related thereto, and any action You took in response.

**RESPONSE TO INTERROGATORY NO. 15:**

Mizuho objects to this Interrogatory to the extent it seeks information protected by

Japanese Data Privacy Laws. Mizuho further objects to this Interrogatory on the ground that it

seeks information protected by the attorney-client privilege, the attorney work product doctrine,

and other legally cognizable privileges and protections. Mizuho further objects to this

Interrogatory on the ground that it contains multiple discrete subparts that, when considered with

the other Interrogatories, would exceed the plaintiffs' allowance of twenty-five interrogatories.

Mizuho further objects to this Interrogatory because it is premature until the Court has ruled on

Mizuho's forthcoming motion to stay discovery pending disposition of its motions to dismiss the

Complaint.

Subject to and without waiving any of its objections, Mizuho will, within ten days of any

disposition of its forthcoming motion to stay, meet and confer with the plaintiffs on a time to

respond to this Interrogatory based on the scope of the agreed-upon discovery.

**INTERROGATORY NO. 16:**

Identify and Describe when and how You first became aware that Mt. Gox or Mark Karpeles intended to shut down the Mt. Gox Exchange and/or file for bankruptcy, any communications or correspondence related to this decision, and any action You took in response.

**RESPONSE TO INTERROGATORY NO. 16:**

Mizuho objects to this Interrogatory to the extent it seeks information protected

by Japanese Data Privacy Laws. Mizuho further objects to this Interrogatory on the

ground that it is not relevant to the claims and defenses in this Action. Mizuho further

objects to this Interrogatory on the ground that it seeks information protected by the

attorney-client privilege, the attorney work product doctrine, and other legally cognizable

privileges and protections. Mizuho further objects to this Interrogatory on the ground

that it contains multiple discrete subparts that, when considered with the other

Interrogatories, would exceed the plaintiffs' allowance of twenty-five interrogatories.

Mizuho further objects to this Interrogatory because it is premature until the Court has

ruled on Mizuho's forthcoming motion to stay discovery pending disposition of its

motions to dismiss the Complaint.

Subject to and without waiving any of its objections, Mizuho will, within ten days

of any disposition of its forthcoming motion to stay, meet and confer with the plaintiffs

on a time to respond to this Interrogatory based on the scope of the agreed-upon

discovery.

**INTERROGATORY NO. 17:**

State whether You ever conducted an accounting/balancing of any account You held for or on behalf of Mt. Gox, Including Identifying the date(s) on which any accounting/balancing took place, the Persons who conducted each accounting/balance, and the outcome of each accounting/balance.

**RESPONSE TO INTERROGATORY NO. 17:**

Mizuho objects to this Interrogatory on the ground that it is overbroad and unduly

burdensome to the extent it seeks information for a time period starting four years prior to

the date the Complaint was filed to the present. Mizuho further objects to this

Interrogatory on the ground that "accounting/balancing of any account" is vague and

ambiguous and undefined. Mizuho further objects to this Interrogatory on the ground

that it is not relevant to the claims and defenses in this Action. Mizuho further objects to

this Interrogatory to the extent it seeks information protected by Japanese Data Privacy

Laws. Mizuho further objects to this Interrogatory on the ground that it contains multiple

discrete subparts that, when considered with the other Interrogatories, would exceed the plaintiffs' allowance of twenty-five interrogatories. Mizuho further objects to this Interrogatory because it is premature until the Court has ruled on Mizuho's forthcoming motion to stay discovery pending disposition of its motions to dismiss the Complaint. Mizuho further objects to this Interrogatory because it is not proportional to the needs of the case, considering the importance of the discovery in resolving the issues, and because the burden and expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any of its objections, Mizuho will, within ten days of any disposition of its forthcoming motion to stay, meet and confer with the plaintiffs on a time to respond to this Interrogatory based on the scope of the agreed-upon discovery.

**INTERROGATORY NO. 18:**

Identify all government and/or regulatory investigations made or conducted against You Related to Mark Karpeles, Mt. Gox, the Mt. Gox Exchange, and/or any Mt. Gox Customer, Including:

    (a)     the name of the investigating or complaining party;

    (b)     the subject and/or topics of investigation; and

    (c)     the outcome of the investigation, Including whether the investigation was settled, dismissed, or if a judgment was obtained.

**RESPONSE TO INTERROGATORY NO. 18:**

Mizuho objects to this Interrogatory on the ground that it is overbroad and unduly burdensome to the extent it requires Mizuho to provide information that would violate a duty of confidentiality owed to a regulatory body or government agency. Mizuho further objects to this Interrogatory on the ground that it is overbroad and unduly burdensome to the extent it seeks information for a time period starting four years prior to the date the

Complaint was filed to the present. Mizuho further objects to this Interrogatory on the ground that it contains multiple discrete subparts that, when considered with the other Interrogatories, would exceed the plaintiffs' allowance of twenty-five interrogatories. Mizuho further objects to this Interrogatory on the ground that it seeks information not relevant to the claims and defenses in the case. Mizuho further objects to this Interrogatory because it is premature until the Court has ruled on Mizuho's forthcoming motion to stay discovery pending disposition of its motions to dismiss the Complaint.

Subject to and without waiving any of its objections, Mizuho will, within ten days of any disposition of its forthcoming motion to stay, meet and confer with the plaintiffs on a time to respond to this Interrogatory based on the scope of the agreed-upon discovery.

**INTERROGATORY NO. 19:**

Identify and Describe any investigation, review, examination, testing, analysis, quality control, or diligence You performed into Mt. Gox or Mark Karpeles prior to or during the Relevant Time Period, including an Identification of all persons involved and all Documents reviewed or analyzed.

**RESPONSE TO INTERROGATORY NO. 19:**

Mizuho objects to this Interrogatory on the ground that it is overbroad and unduly burdensome to the extent it seeks information for an indeterminate time period. Mizuho further objects to this Interrogatory to the extent it seeks information protected by Japanese Data Privacy Laws. Mizuho further objects to this Interrogatory on the ground that "investigation, review, examination, testing, analysis, quality control, or diligence" is vague and ambiguous and undefined. Mizuho further objects to this Interrogatory on the ground that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and other legally cognizable privileges and protections. Mizuho further objects to this Interrogatory on the ground that it contains multiple discrete

24

subparts that, when considered with the other Interrogatories, would exceed the plaintiffs'

allowance of twenty-five interrogatories. Mizuho further objects to this Interrogatory on

the ground that it seeks information not relevant to the claims and defenses in the case.

Mizuho further objects to this Interrogatory because it is premature until the Court has

ruled on Mizuho's forthcoming motion to stay discovery pending disposition of its

motions to dismiss the Complaint. Mizuho further objects to this Interrogatory because it

is not proportional to the needs of the case, considering the importance of the discovery

in resolving the issues, and because the burden and expense of the proposed discovery

outweighs its likely benefit.

Subject to and without waiving any of its objections, Mizuho will, within ten days of any

disposition of its forthcoming motion to stay, meet and confer with the plaintiffs on a time to

respond to this Interrogatory based on the scope of the agreed-upon discovery.

### INTERROGATORY NO. 20:

Identify and Describe all transactions that you facilitated or enabled involving the transfer
of fiat currency between any Mt. Gox Customer and: (1) Mt. Gox or Mark Karpeles,
(2) JPMorgan Chase Bank, N.A., (3) Wells Fargo Bank, N.A., (4) Citibank, N.A., (5) Bank of
America, N.A., (6) Coinlab, (7) or Dwolla, Related to the Bitcoin Exchange Known as Mt. Gox.

### RESPONSE TO INTERROGATORY NO. 20:

Mizuho objects to this Interrogatory on the ground that it is overbroad and unduly

burdensome to the extent it seeks information for a time period starting four years prior to

the date the Complaint was filed to the present. Mizuho further objects to this

Interrogatory to the extent it seeks information protected by Japanese Data Privacy Laws.

Mizuho further objects to this Interrogatory on the ground that it contains multiple

discrete subparts that, when considered with the other Interrogatories, would exceed the

plaintiffs' allowance of twenty-five interrogatories. Mizuho further objects to this

Interrogatory on the ground that it seeks information not relevant to the claims and defenses in the case. Mizuho further objects to this Interrogatory because it is premature until the Court has ruled on Mizuho's forthcoming motion to stay discovery pending disposition of its motions to dismiss the Complaint. Mizuho further objects to this Interrogatory because it is not proportional to the needs of the case, considering the importance of the discovery in resolving the issues, and because the burden and expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any of its objections, Mizuho will, within ten days of any disposition of its forthcoming motion to stay, meet and confer with the plaintiffs on a time to respond to this Interrogatory based on the scope of the agreed-upon discovery.

**INTERROGATORY NO. 21:**

Describe in detail the position or title of Hirotaka Shimizu, Hiroaki Aikawa, and Shuuichirou Mita, Describe in detail their knowledge relevant to the matters asserted in the Complaint, and Describe their involvement in the events asserted in the Complaint.

**RESPONSE TO INTERROGATORY NO. 21:**

Mizuho objects to this Interrogatory on the ground that it is overbroad and unduly burdensome to the extent it seeks information for a time period starting four years prior to the date the Complaint was filed to the present. Mizuho further objects to this Interrogatory to the extent it seeks information protected by Japanese Data Privacy Laws. Mizuho further objects to this Interrogatory on the ground that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and other legally cognizable privileges and protections. Mizuho further objects to this Interrogatory on the ground that it contains multiple discrete subparts that, when considered with the other Interrogatories, would exceed the plaintiffs' allowance of twenty-five interrogatories. Mizuho further objects to this Interrogatory because it is

premature until the Court has ruled on Mizuho's forthcoming motion to stay discovery pending disposition of its motions to dismiss the Complaint. Mizuho further objects to this Interrogatory because it is not proportional to the needs of the case, considering the importance of the discovery in resolving the issues, and because the burden and expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any of its objections, Mizuho will, within ten days of any disposition of its forthcoming motion to stay, meet and confer with the plaintiffs on a time to respond to this Interrogatory based on the scope of the agreed-upon discovery.

**INTERROGATORY NO. 22:**

Identify the name, address, and occupation of all Persons who participated in responding to these Interrogatories, Plaintiffs' First Set of Requests for the Production of Documents, and any other of Your discovery responses and, for each Person so Identified, state the person's employer and their position or title, Describe in detail their knowledge relevant to the matters asserted in the Complaint, and, if applicable, Identify the Interrogatories or Requests for Production of Documents, or other discovery that they assisted in answering.

**RESPONSE TO INTERROGATORY NO. 22:**

Mizuho objects to this Interrogatory to the extent it seeks information protected by Japanese Data Privacy Laws. Mizuho further objects to this Interrogatory on the ground that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and other legally cognizable privileges and protections. Mizuho further objects to this Interrogatory on the ground that it contains multiple discrete subparts that, when considered with the other Interrogatories, would exceed the plaintiffs' allowance of twenty-five interrogatories. Mizuho further objects to this Interrogatory on the ground that it seeks information not relevant to the claims and defenses in the case. Mizuho further objects to this Interrogatory because it is premature until the Court has ruled on Mizuho's forthcoming motion to stay discovery pending disposition of its motions to dismiss the Complaint.

27

Subject to and without waiving any of its objections, Mizuho will, within ten days of any disposition of its forthcoming motion to stay, meet and confer with the plaintiffs on a time to respond to this Interrogatory based on the scope of the agreed-upon discovery.

MIZUHO BANK, LTD.

By: _____
One of Its Attorneys

Jonathan S. Quinn (#6200495)
jquinn@ngelaw.com
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street
Suite 1700
Chicago, IL 60602-3801
312-269-8000

-And-

Jerome S. Fortinsky (admitted *pro hac vice*)
jfortinsky@shearman.com
John A. Nathanson (admitted *pro hac vice*)
john.nathanson@shearman.com
Jeffrey J. Resetarits (admitted *pro hac vice*)
jeffrey.resetarits@shearman.com
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022-6069
212-848-4000

*Attorneys for Defendant Mizuho Bank, Ltd.*

Dated:  January 25, 2016

# Exhibit 4

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| GREGORY GREENE and JOSEPH LACK, individually and on behalf of all others similarly situated, | |
| *Plaintiffs,* | Case No. 1:14-cv-01437 |
| v. | Judge Gary Feinerman |
| | Magistrate Judge Susan Cox |
| MIZUHO BANK, LTD., a Japanese financial institution, and MARK KARPELES, an individual, | |
| *Defendants.* | |

**DEFENDANT MIZUHO BANK, LTD.'S RESPONSES AND OBJECTIONS TO**
**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Mizuho Bank, Ltd. ("Mizuho"), by and through its undersigned attorneys, hereby responds and objects to the plaintiffs' First Set of Requests for Production to Defendant Mizuho Bank, Ltd., dated December 22, 2015 (the "Document Requests" or the "Requests").

Mizuho makes this response without in any way waiving or intending to waive, but to the contrary, intending to reserve and reserving:

(i)     all questions as to competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose, at any trial or hearing in this case, or in any related or subsequent action or proceeding, of any of the documents produced or information provided pursuant to the Document Requests;

(ii)    the right to object on any ground to the use of documents produced or information provided pursuant to the Document Requests at any trial or hearing in this case or in any related or subsequent action or proceeding;

(iii)    the right to object on any ground, at any time, to a demand for further responses, document production, or information;

(iv)    the right to move for the entry of a protective order with respect to any current or future request for documents or information;

(v)    the right at any time to revise, supplement, correct, or add to any responses or objections herein; and

(vi)    the right to assert any potential defenses in this action, including the lack of personal jurisdiction.

## GENERAL OBJECTIONS

The following General Objections apply to each individually numbered Document Request and shall have the same force and effect as if set forth in full in response to each Document Request:

1.    Mizuho objects to the Document Requests to the extent they seek to impose obligations on Mizuho beyond those set forth in the Local Civil Rules of the United States District Court for the Northern District of Illinois (the "Local Civil Rules"), the Federal Rules of Civil Procedure (the "Federal Rules"), the Court's Individual Rules and Procedures for Civil Cases (the "Court's Individual Practice Rules") or any other applicable statutes, rules, or laws.

2.    Mizuho objects to the Document Requests because they are premature until the Court has ruled on Mizuho's forthcoming motion to stay discovery pending disposition

of its motions to dismiss the plaintiffs' Second Amended Class Action Complaint (the "Complaint").

3.      Mizuho objects to the Document Requests to the extent they are not proportional to the needs of the case, considering the importance of the discovery in resolving the issues, and because the burden and expense of the proposed discovery outweighs its likely benefit.

4.      Mizuho objects to the Document Requests to the extent they seek documents or information not reasonably calculated to lead to the discovery of admissible evidence in the above-captioned action (the "Action").

5.      Mizuho objects to the Document Requests to the extent they seek documents or information irrelevant to the subject matter of the Action.

6.      Mizuho objects to the Document Requests to the extent they are vague, ambiguous, overbroad, unduly burdensome, fail to specify the documents or information sought with reasonable particularity, and/or seek cumulative or duplicative documents or information.

7.      Mizuho objects to the Document Requests to the extent they seek documents or information protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the common interest privilege, or any other legally cognizable privilege or protection.  To the extent that any request purports to seek documents or information that Mizuho is legally barred from producing and disclosing the existence of, Mizuho objects to identifying any such information.  Nothing herein shall be deemed an acknowledgment that such information exists.  Certain documents may be produced in a form that  indicates that information has been redacted on the ground that it (a) was protected by an applicable privilege and/or work product doctrine and/or (b) was irrelevant to the subject matter

3

involved in this Action and not reasonably calculated to lead to the discovery of admissible evidence in this Action. Any inadvertent disclosure of any privileged or protected information shall not be deemed or construed to constitute a waiver of any privilege or right, including the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the common interest privilege, or any other legally cognizable privilege or protection.

8.      Mizuho objects to the Document Requests to the extent they seek documents protected by applicable Japanese foreign data protection, data privacy, and bank secrecy laws, or a bank's duty of confidentiality to its customers (collectively, "Japanese Data Privacy Laws").[1]

9.      Mizuho objects to the Document Requests to the extent they seek documents or information the production of which would violate a duty of confidentiality owed by Mizuho to a regulatory body or government agency, or which are protected from disclosure by any rule, policy or statement by any governmental body, or foreign or domestic regulator, and to the extent the Document Requests seek documents or information provided to any governmental body, or foreign or domestic regulator, unless and until the relevant regulatory bodies have an adequate opportunity to assert, and the Court has an adequate opportunity to resolve, any objections the regulatory bodies may have to the requested production.

10.      Mizuho objects to the Document Requests to the extent they seek confidential, proprietary or trade secret information, the disclosure of which would cause irreparable competitive injury to Mizuho, without providing adequate assurances that such

---

[1]     The relevant legal authority includes, but is not limited to, (i) the Japanese Act on the Protection of Personal Information; (ii) the Banking Act of Japan; (iii) the Japanese Financial Service Agency's Comprehensive Guidelines for Supervision of Major Banks; and (iv) the Supreme Court of Japan's decisions on a bank's duty of confidentiality.

information will not be disclosed.  All confidential or proprietary materials or information will be disclosed and/or produced only upon entry of an appropriate protective order.

11.     Mizuho objects to the Document Requests to the extent they seek documents or information that is subject to confidentiality or non-disclosure agreements with third parties, or any other confidentiality obligations.  In particular, but without limiting this objection, Mizuho objects to the Document Requests to the extent that they call for documents or information not in the possession, custody, or control of Mizuho or its predecessors, successors, or affiliates.

12.     Mizuho objects to the use of any term in the Document Requests where such a term could have more than one meaning and is not defined.

13.     Mizuho objects to the Document Requests to the extent that they rely on or call for any legal conclusion or would require Mizuho to speculate as to the nature and/or scope of the information sought.

14.     Mizuho objects to the Document Requests to the extent they seek documents or information already in the possession of the parties to the Action, or otherwise publicly available, as cumulative and duplicative and imposing an undue burden and expense on Mizuho.

15.     Mizuho objects to the Document Requests where they seek documents that are more burdensome for Mizuho to obtain than they would be for the plaintiffs to obtain, or where they are equally available to the plaintiffs from other sources that are more convenient, less burdensome or less expensive.

16.     Mizuho objects to the Document Requests to the extent they purport to require any search for information beyond a reasonable search (including any search before

disposition of Mizuho's motions to dismiss) because such requests are not proportional to the

needs of the case, considering the importance of the discovery in resolving the issues, and

because the burden and expense of the proposed discovery outweighs its likely benefit. If

Mizuho produces documents in response to the Document Requests, Mizuho will conduct a

reasonable search of those files in Mizuho's possession in which information responsive to the

Document Requests (as limited by these objections) is reasonably likely to be located.

17.     Mizuho objects to the Document Requests to the extent that they assume

the existence of facts or events that do not exist or did not take place. Any answer of Mizuho to

a Document Request shall not be construed as an admission that any characterization of facts,

circumstances, or legal obligations stated in that Document Request is accurate. Mizuho reserves

the right to contest any such characterization as inaccurate.

18.     Mizuho objects to the Document Requests on the grounds that they call for

the creation of documents, reports, spreadsheets, or data compilations that do not currently exist.

19.     Mizuho objects to the Document Requests to the extent they seek

electronically stored or other information from sources that are not reasonably accessible because

of undue burden or cost.

20.     Mizuho objects to the Document Requests and will not produce

documents protected by any applicable privilege, protection and/or immunity, including but not

limited to, Suspicious Activity Reports ("SAR") and any SAR-decision making information, the

existence of which Mizuho is prohibited from disclosing under 31 U.S.C. §5318(g), 31 C.F.R.

§1020.320(e), 12 C.F.R. §21.11(k), or other applicable laws, rules or regulations. To the extent

that any request purports to seek information that Mizuho is legally barred from producing and

disclosing the existence of, Mizuho objects to identifying any such information. Nothing herein shall be deemed an acknowledgment that such information exists.

21. Mizuho objects to the Document Requests to the extent they require review and translation of documents or information in Japanese on the grounds of undue burden and cost.

22. Mizuho objects to the Document Requests to the extent they purport to impose a continuing duty to supplement.

23. Mizuho objects to the Document Requests to the extent they call for the production of "All documents" on the ground that it is overbroad and unduly burdensome. Mizuho further objects to each individual demand for "All documents" where production of a subset of all documents would be reasonable and sufficient to show the pertinent information.

24. The responses contained herein are based only upon the information and documentation that is presently available to and known to Mizuho. It is possible that further investigation, discovery, and research may result in the ascertainment of additional or different information or documentation or different factual and legal contentions. Accordingly, Mizuho reserves the right to modify, correct, or supplement its responses herein. The responses to the Document Requests should not be construed to prejudice Mizuho's right to conduct further investigation, discovery and research, or to limit Mizuho's right to utilize any additional evidence that may be discovered.

25. The objection, failure to object, or any indication herein that Mizuho will produce responsive documents or information does not constitute a representation by Mizuho that any such documents or information exists or is within its possession, custody, or control.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

The following Objections to the Definitions and Instructions apply to each individually numbered Document Request and shall have the same force and effect as if set forth in full in response to each Document Request:

26.     Mizuho objects to definitions of "Communications," "Computer," "Computer Equipment," and "Documents" in Definitions Nos. 2, 3, and 5 on the ground that they are vague, ambiguous, overbroad, and unduly burdensome, seek documents not in Mizuho's possession, custody, or control, seek documents or information protected by the attorney-client privilege, the attorney work product doctrine, and other legally cognizable privileges or protections, and seek to impose on Mizuho conditions and obligations beyond those authorized by the Local Civil Rules, the Federal Rules, the Court's Individual Practice Rules, or any other applicable statutes, rules, or laws.

27.     Mizuho objects to the definitions of "Identify" in Definition Nos. 7, 8, 9, 10 and 11 on the ground that they are vague, ambiguous, overbroad and unduly burdensome. Mizuho further objects to the definitions on the ground that they improperly seek the creation of expository information in response to a document request.

28.     Mizuho objects to the definition of "Mt. Gox" in Definition No. 15 on the ground that it is overbroad, unduly burdensome, and not relevant to the claims and defenses in the case or proportional to the needs of the case.

29.     Mizuho objects to the definition of "Mt. Gox Customers" in Definition No. 17 on the ground that it is vague, ambiguous and seeks information not in Mizuho's possession, custody, or control.

30.     Mizuho objects to the definition of "Relevant Time Period" in Definition No. 22 on the ground that it is overbroad, unduly burdensome, and not relevant to the claims and

defenses in the case or proportional to the needs of the case. Mizuho agrees to meet and confer with the plaintiffs to negotiate a reasonable time period for the document productions.

31.     Mizuho objects to the definition of "You," "Your," "Defendant," and "Mizuho" in Definition No. 23 to the extent that it defines these terms as including Mizuho's "divisions, subsidiaries, related companies, predecessors, and successors, all present and former officers, directors, agents, attorneys, employees, and all Persons acting or purporting to act on behalf of any of them" on the ground that it is vague, ambiguous, overbroad and unduly burdensome, seeks documents not in Mizuho's possession, custody, or control, seeks documents or information protected by the attorney-client privilege, the attorney work product doctrine, and other legally cognizable privileges or protections, and seeks to impose on Mizuho conditions and obligations beyond those authorized by the Local Civil Rules, the Federal Rules, the Court's Individual Practice Rules, or any other applicable statutes, rules, or laws.

32.     Mizuho objects to Instruction Nos. 1, 2, and 3 to the extent they purport to require Mizuho to produce any electronic documents in more than one form or in "native format" on the ground that it is unduly burdensome, would impose undue expense, and would impose obligations beyond those required by the Local Civil Rules, the Federal Rules, the Court's Individual Practice Rules, or any other applicable statutes, rules or law. Mizuho will produce all electronic documents in single page TIFF format, with optical character recognition and a standard Concordance load file.

33.     Mizuho objects to Instruction No. 4 to the extent it purports to impose obligations beyond those required by the Local Civil Rules, the Federal Rules, the Court's Individual Practice Rules, or any other applicable statutes, rules, or laws.

34.     Mizuho objects to Instruction No. 5 to the extent it purports to impose obligations beyond those required by the Local Civil Rules, the Federal Rules, the Court's Individual Practice Rules, or any other applicable statutes, rules or laws.  Mizuho further objects to Instruction No. 5 on the ground that it seeks documents and information not within Mizuho's possession, custody, or control.  Mizuho further objects to Instruction No. 5 on the ground that it improperly seeks the creation of expository information in response to a document request.

## SPECIFIC OBJECTIONS AND RESPONSES TO THE DOCUMENT REQUESTS

Subject to the foregoing General Objections and Objections to the Definitions and Instructions, that are incorporated into each response below, whether or not repeated for emphasis, and the specific objections set forth below, and expressly stating that its responses are subject to all such objections, Mizuho responds to each specific Document Request as follows:

## DOCUMENT REQUEST NO. 1

All Documents that You used, referenced, or relied upon in drafting Your answers to Plaintiff Greene's First Set of Interrogatories and First Set of Requests for the Production of Documents.

## RESPONSE TO DOCUMENT REQUEST NO. 1:

Mizuho objects to this Request on the ground that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, and other legally cognizable privileges and protections.  Mizuho further objects to this Request to the extent it seeks documents protected by Japanese Data Privacy Laws.  Mizuho further objects to this Request because it is premature until the Court has ruled on Mizuho's forthcoming motion to stay discovery pending disposition of its motions to dismiss the Complaint.

Subject to and without waiving any of its objections, Mizuho will, within ten days

of any disposition of its forthcoming motion to stay, meet and confer with the plaintiffs

on a time to respond based on the scope of the agreed-upon discovery.

**DOCUMENT REQUEST NO. 2**

Documents sufficient to Identify every wire deposit You accepted from Mt. Gox
Customers in the United States for or on behalf of Mt. Gox and/or the Mt. Gox Exchange,
Including:
- (a)     the Date You received each wire deposit;
- (b)     the Date You processed/completed each wire deposit;
- (c)     the amount of each wire deposit;
- (d)     the transaction fee charged for each wire deposit;
- (e)     the Identity of the bank and Mt. Gox Customer that sent each deposit;
- (f)     the address from which each deposit was sent; and
- (g)     the account where each deposit was deposited.

**RESPONSE TO DOCUMENT REQUEST NO. 2:**

Mizuho objects to this Request on the ground that it is overbroad and unduly

burdensome to the extent it seeks documents for a time period starting four years prior to

the date the Complaint was filed to the present. Mizuho further objects to this Request to

the extent it seeks documents protected by Japanese Data Privacy Laws. Mizuho further

objects to this Request because it is premature until the Court has ruled on Mizuho's

forthcoming motion to stay discovery pending disposition of its motions to dismiss the

Complaint. Mizuho further objects to this Request because it is not proportional to the

needs of the case, considering the importance of the discovery in resolving the issues, and

because the burden and expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any of its objections, Mizuho will, within ten days

of any disposition of its forthcoming motion to stay, meet and confer with the plaintiffs

on a time to respond based on the scope of the agreed-upon discovery.

### DOCUMENT REQUEST NO. 3

Documents sufficient to Identify the total number of wire withdrawals You processed for Mt. Gox Customers in the United States on behalf of Mt. Gox and/or the Mt. Gox Exchange, Including:

(a)      the Date You received each withdrawal request;
(b)      the Date You processed/completed each withdrawal;
(c)      the amount of each withdrawal;
(d)      the transaction fee charged for each withdrawal;
(e)      the Identity of the Mt. Gox Customer that requested each withdrawal; and
(f)      the bank and address to where each withdrawal was sent.

### RESPONSE TO DOCUMENT REQUEST NO. 3:

Mizuho objects to this Request on the ground that it is overbroad and unduly burdensome to the extent it seeks documents for a time period starting four years prior to the date the Complaint was filed to the present. Mizuho further objects to this Request to the extent it seeks documents protected by Japanese Data Privacy Laws. Mizuho further objects to this Request because it is premature until the Court has ruled on Mizuho's forthcoming motion to stay discovery pending disposition of its motions to dismiss the Complaint. Mizuho further objects to this Request because it is not proportional to the needs of the case, considering the importance of the discovery in resolving the issues, and because the burden and expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any of its objections, Mizuho will, within ten days of any disposition of its forthcoming motion to stay, meet and confer with the plaintiffs on a time to respond based on the scope of the agreed-upon discovery.

### DOCUMENT REQUEST NO. 4

All Communications by or between You and Plaintiffs.

**RESPONSE TO DOCUMENT REQUEST NO. 4:**

Mizuho objects to this Request on the ground that it is overbroad and unduly burdensome to the extent it seeks "All Communications," including those that are not relevant to specific allegations in this Action. Mizuho further objects to this Request on the ground that it is overbroad and unduly burdensome to the extent it seeks documents for a time period starting four years prior to the date the Complaint was filed to the present. Mizuho further objects to this Request on the ground that it seeks documents that are more burdensome for Mizuho to obtain than they would be for the plaintiffs to obtain, or are equally available to the plaintiffs from other sources that are more convenient, less burdensome or less expensive. Mizuho further objects to this Request to the extent it seeks documents protected by Japanese Data Privacy Laws. Mizuho further objects to this Request because it is premature until the Court has ruled on Mizuho's forthcoming motion to stay discovery pending disposition of its motions to dismiss the Complaint. Mizuho further objects to this Request because it is not proportional to the needs of the case, considering the importance of the discovery in resolving the issues, and because the burden and expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any of its objections, Mizuho will, within ten days of any disposition of its forthcoming motion to stay, meet and confer with the plaintiffs on a time to respond based on the scope of the agreed-upon discovery.

**DOCUMENT REQUEST NO. 5**

All Documents referring or Relating To Plaintiffs.

**RESPONSE TO DOCUMENT REQUEST NO. 5:**

Mizuho objects to this Request on the ground that it is overbroad and unduly burdensome to the extent it seeks "All Documents referring or Relating To Plaintiffs" without limitation. Mizuho further objects to this Request on the ground that it is overbroad and unduly burdensome to the extent it seeks documents for a time period starting four years prior to the date the Complaint was filed to the present. Mizuho further objects to this Request on the ground that it seeks information not in Mizuho's possession, custody, or control. Mizuho further objects to this Request to the extent it seeks documents protected by Japanese Data Privacy Laws. Mizuho further objects to this Request because it is premature until the Court has ruled on Mizuho's forthcoming motion to stay discovery pending disposition of its motions to dismiss the Complaint. Mizuho further objects to this Request because it is not proportional to the needs of the case, considering the importance of the discovery in resolving the issues, and because the burden and expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any of its objections, Mizuho will, within ten days of any disposition of its forthcoming motion to stay, meet and confer with the plaintiffs on a time to respond based on the scope of the agreed-upon discovery.

**DOCUMENT REQUEST NO. 6**

All Communications by or between You and Anthony Motto.

**RESPONSE TO DOCUMENT REQUEST NO. 6:**

Mizuho objects to this Request on the ground that it is overbroad and unduly burdensome to the extent it seeks "All Communications," including those that are not relevant to specific allegations in this Action. Mizuho further objects to this Request on the ground that it is overbroad and unduly burdensome to the extent it seeks documents

for a time period starting four years prior to the date the Complaint was filed to the present. Mizuho further objects to this Request on the ground that it seeks documents that are more burdensome for Mizuho to obtain than they would be for the plaintiffs to obtain, or are equally available to the plaintiffs from other sources that are more convenient, less burdensome or less expensive. Mizuho further objects to this request on the ground that it seeks documents not relevant to the claims and defenses in the case. Mizuho further objects to this Request to the extent it seeks documents protected by Japanese Data Privacy Laws. Mizuho further objects to this Request because it is premature until the Court has ruled on Mizuho's forthcoming motion to stay discovery pending disposition of its motions to dismiss the Complaint. Mizuho further objects to this Request because it is not proportional to the needs of the case, considering the importance of the discovery in resolving the issues, and because the burden and expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any of its objections, Mizuho will, within ten days of any disposition of its forthcoming motion to stay, meet and confer with the plaintiffs on a time to respond based on the scope of the agreed-upon discovery.

## DOCUMENT REQUEST NO. 7

All Documents referring or Relating To Anthony Motto.

## RESPONSE TO DOCUMENT REQUEST NO. 7:

Mizuho objects to this Request on the ground that it is overbroad and unduly burdensome to the extent it seeks "All Documents referring or Relating To Anthony Motto" without limitation. Mizuho further objects to this Request on the ground that it is overbroad and unduly burdensome to the extent it seeks documents for a time period starting four years prior to the date the Complaint was filed to the present. Mizuho

further objects to this Request on the ground that it seeks information not in Mizuho's possession, custody, or control. Mizuho further objects to this Request to the extent it seeks documents protected by Japanese Data Privacy Laws. Mizuho further objects to this Request because it is premature until the Court has ruled on Mizuho's forthcoming motion to stay discovery pending disposition of its motions to dismiss the Complaint. Mizuho further objects to this Request because it is not proportional to the needs of the case, considering the importance of the discovery in resolving the issues, and because the burden and expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any of its objections, Mizuho will, within ten days of any disposition of its forthcoming motion to stay, meet and confer with the plaintiffs on a time to respond based on the scope of the agreed-upon discovery.

**DOCUMENT REQUEST NO. 8**

All Documents referring or Relating To any deposits received from Plaintiff Lack.

**RESPONSE TO DOCUMENT REQUEST NO. 8:**

Mizuho objects to this Request on the ground that it is overbroad and unduly burdensome to the extent it seeks documents for a time period starting four years prior to the date the Complaint was filed to the present. Mizuho further objects to this Request to the extent it seeks documents protected by Japanese Data Privacy Laws. Mizuho further objects to this Request because it is premature until the Court has ruled on Mizuho's forthcoming motion to stay discovery pending disposition of its motions to dismiss the Complaint. Mizuho further objects to this Request because it is not proportional to the needs of the case, considering the importance of the discovery in resolving the issues, and because the burden and expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any of its objections, Mizuho will, within ten days of any disposition of its forthcoming motion to stay, meet and confer with the plaintiffs on a time to respond based on the scope of the agreed-upon discovery.

**DOCUMENT REQUEST NO. 9**

All Documents referring or Relating To any deposits received from Anthony Motto.

**RESPONSE TO DOCUMENT REQUEST NO. 9:**

Mizuho objects to this Request on the ground that it is overbroad and unduly burdensome to the extent it seeks documents for a time period starting four years prior to the date the Complaint was filed to the present. Mizuho further objects to this Request to the extent it seeks documents protected by Japanese Data Privacy Laws. Mizuho further objects to this request on the ground that it seeks documents not relevant to the claims and defenses in the case. Mizuho further objects to this Request because it is premature until the Court has ruled on Mizuho's forthcoming motion to stay discovery pending disposition of its motions to dismiss the Complaint. Mizuho further objects to this Request because it is not proportional to the needs of the case, considering the importance of the discovery in resolving the issues, and because the burden and expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any of its objections, Mizuho will, within ten days of any disposition of its forthcoming motion to stay, meet and confer with the plaintiffs on a time to respond based on the scope of the agreed-upon discovery.

**DOCUMENT REQUEST NO. 10**

All Documents related to contracts, agreements, and written and oral understandings (and amendments thereto) between You and Mt. Gox.

**RESPONSE TO DOCUMENT REQUEST NO. 10:**

Mizuho objects to this Request on the ground that it is vague and ambiguous to the extent it seeks "All Documents related to . . . oral understandings (and amendments thereto)." Mizuho further objects to this Request on the ground that it is overbroad and unduly burdensome to the extent it seeks documents for a time period starting four years prior to the date the Complaint was filed to the present. Mizuho further objects to this request on the ground that it seeks documents not relevant to the claims and defenses in the case. Mizuho further objects to this Request on the ground that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, and other legally cognizable privileges and protections. Mizuho further objects to this Request to the extent it seeks documents protected by Japanese Data Privacy Laws. Mizuho further objects to this Request because it is premature until the Court has ruled on Mizuho's forthcoming motion to stay discovery pending disposition of its motions to dismiss the Complaint. Mizuho further objects to this Request because it is not proportional to the needs of the case, considering the importance of the discovery in resolving the issues, and because the burden and expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any of its objections, Mizuho will, within ten days of any disposition of its forthcoming motion to stay, meet and confer with the plaintiffs on a time to respond based on the scope of the agreed-upon discovery.

**DOCUMENT REQUEST NO. 11**

All Documents related to contracts, agreements, and written and oral understandings (and amendments thereto) between You and Mark Karpeles.

**RESPONSE TO DOCUMENT REQUEST NO. 11:**

Mizuho objects to this Request on the ground that it is vague and ambiguous to the extent it seeks "All Documents related to . . . oral understandings (and amendments thereto)." Mizuho further objects to this Request on the ground that it is overbroad and unduly burdensome to the extent it seeks documents for a time period starting four years prior to the date the Complaint was filed to the present. Mizuho further objects to this Request on the ground that it seeks documents not relevant to the claims and defenses in the case. Mizuho further objects to this Request on the ground that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, and other legally cognizable privileges and protections. Mizuho further objects to this Request to the extent it seeks documents protected by Japanese Data Privacy Laws. Mizuho further objects to this Request because it is premature until the Court has ruled on Mizuho's forthcoming motion to stay discovery pending disposition of its motions to dismiss the Complaint. Mizuho further objects to this Request because it is not proportional to the needs of the case, considering the importance of the discovery in resolving the issues, and because the burden and expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any of its objections, Mizuho will, within ten days of any disposition of its forthcoming motion to stay, meet and confer with the plaintiffs on a time to respond based on the scope of the agreed-upon discovery.

**DOCUMENT REQUEST NO. 12**

Documents sufficient to Identify each account (including account details, balance, transaction history, related correspondence) You held on behalf of Mt. Gox.

**RESPONSE TO DOCUMENT REQUEST NO. 12:**

Mizuho objects to this Request on the ground that it is overbroad and unduly burdensome to the extent it requires Mizuho to Identify financial benefits resulting from Mizuho's relationship with Mt. Gox, including those that are not relevant to specific allegations in this Action. Mizuho further objects to this Request on the ground that it is overbroad and unduly burdensome to the extent it seeks documents for a time period starting four years prior to the date the Complaint was filed to the present. Mizuho further objects to this request on the ground that it seeks documents not relevant to the claims and defenses in the case. Mizuho further objects to this Request to the extent it seeks documents protected by Japanese Data Privacy Laws. Mizuho further objects to this Request because it is premature until the Court has ruled on Mizuho's forthcoming motion to stay discovery pending disposition of its motions to dismiss the Complaint. Mizuho further objects to this Request because it is not proportional to the needs of the case, considering the importance of the discovery in resolving the issues, and because the burden and expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any of its objections, Mizuho will, within ten days of any disposition of its forthcoming motion to stay, meet and confer with the plaintiffs on a time to respond based on the scope of the agreed-upon discovery.

**DOCUMENT REQUEST NO. 13**

Documents sufficient to Identify any financial benefit (commissions, transaction fees, other fees) You received through or as a result of Your relationship with Mt. Gox, Including the type and amount of service fees You received for processing deposits or withdrawals.

**RESPONSE TO DOCUMENT REQUEST NO. 13:**

Mizuho objects to this Request on the ground that it is overbroad and unduly burdensome to the extent it requires Mizuho to Identify financial benefits resulting from

Mizuho's relationship with Mt. Gox, including those that are not relevant to specific allegations in this Action. Mizuho further objects to this Request on the ground that it is overbroad and unduly burdensome to the extent it seeks documents for a time period starting four years prior to the date the Complaint was filed to the present. Mizuho further objects to this Request on the ground that "other fees" is vague and ambiguous and not defined. Mizuho further objects to this Request to the extent it seeks documents protected by Japanese Data Privacy Laws. Mizuho further objects to this Request because it is premature until the Court has ruled on Mizuho's forthcoming motion to stay discovery pending disposition of its motions to dismiss the Complaint. Mizuho further objects to this Request because it is not proportional to the needs of the case, considering the importance of the discovery in resolving the issues, and because the burden and expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any of its objections, Mizuho will, within ten days of any disposition of its forthcoming motion to stay, meet and confer with the plaintiffs on a time to respond based on the scope of the agreed-upon discovery.

## DOCUMENT REQUEST NO. 14

Documents sufficient to Identify each account (including account details, balance, transaction history, related correspondence) You held on behalf of Mark Karpeles.

## RESPONSE TO DOCUMENT REQUEST NO. 14:

Mizuho objects to this Request on the ground that it is overbroad and unduly burdensome to the extent it requires Mizuho to Identify transactions and correspondence, including those that are not relevant to specific allegations in this Action. Mizuho further objects to this Request on the ground that it is overbroad and unduly burdensome to the extent it seeks documents for a time period starting four years prior to the date the

Complaint was filed to the present. Mizuho further objects to this Request to the extent it seeks documents protected by Japanese Data Privacy Laws. Mizuho further objects to this Request because it is premature until the Court has ruled on Mizuho's forthcoming motion to stay discovery pending disposition of its motions to dismiss the Complaint. Mizuho further objects to this Request because it is not proportional to the needs of the case, considering the importance of the discovery in resolving the issues, and because the burden and expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any of its objections, Mizuho will, within ten days of any disposition of its forthcoming motion to stay, meet and confer with the plaintiffs on a time to respond based on the scope of the agreed-upon discovery.

## DOCUMENT REQUEST NO. 15

Documents sufficient to Identify any financial benefit You received through or as a result of Your relationship with Mark Karpeles.

## RESPONSE TO DOCUMENT REQUEST NO. 15:

Mizuho objects to this Request on the ground that it is overbroad and unduly burdensome to the extent it requires Mizuho to Identify financial benefits resulting from Mizuho's relationship with Mark Karepeles, including those that are not relevant to specific allegations in this Action. Mizuho further objects to this Request on the ground that it is overbroad and unduly burdensome to the extent it seeks documents for a time period starting four years prior to the date the Complaint was filed to the present. Mizuho further objects to this Request on the ground that "financial benefit" is vague and ambiguous and not defined. Mizuho further objects to this Request to the extent it seeks documents protected by Japanese Data Privacy Laws. Mizuho further objects to this Request because it is premature until the Court has ruled on Mizuho's forthcoming

22

motion to stay discovery pending disposition of its motions to dismiss the Complaint. Mizuho further objects to this Request because it is not proportional to the needs of the case, considering the importance of the discovery in resolving the issues, and because the burden and expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any of its objections, Mizuho will, within ten days of any disposition of its forthcoming motion to stay, meet and confer with the plaintiffs on a time to respond based on the scope of the agreed-upon discovery.

## DOCUMENT REQUEST NO. 16

All Communications between You and Mt. Gox.

## RESPONSE TO DOCUMENT REQUEST NO. 16:

Mizuho objects to this Request on the ground that it is overbroad and unduly burdensome to the extent it seeks "All Communications," including those that are not relevant to specific allegations in this Action. Mizuho further objects to this Request on the ground that it is overbroad and unduly burdensome to the extent it seeks documents for a time period starting four years prior to the date the Complaint was filed to the present. Mizuho further objects to this Request to the extent it seeks documents protected by Japanese Data Privacy Laws. Mizuho further objects to this Request because it is premature until the Court has ruled on Mizuho's forthcoming motion to stay discovery pending disposition of its motions to dismiss the Complaint. Mizuho further objects to this Request because it is not proportional to the needs of the case, considering the importance of the discovery in resolving the issues, and because the burden and expense of the proposed discovery outweighs its likely benefit.

23

Subject to and without waiving any of its objections, Mizuho will, within ten days of any disposition of its forthcoming motion to stay, meet and confer with the plaintiffs on a time to respond based on the scope of the agreed-upon discovery.

**DOCUMENT REQUEST NO. 17**

All Communications between You and Mark Karpeles, Including any audio recordings of conversations.

**RESPONSE TO DOCUMENT REQUEST NO. 17:**

Mizuho objects to this Request on the ground that it is overbroad and unduly burdensome to the extent it seeks "All Communications," including those that are not relevant to specific allegations in this Action. Mizuho further objects to this Request on the ground that it is overbroad and unduly burdensome to the extent it seeks documents for a time period starting four years prior to the date the Complaint was filed to the present. Mizuho further objects to this Request to the extent it seeks documents protected by Japanese Data Privacy Laws. Mizuho further objects to this Request because it is premature until the Court has ruled on Mizuho's forthcoming motion to stay discovery pending disposition of its motions to dismiss the Complaint. Mizuho further objects to this Request because it is not proportional to the needs of the case, considering the importance of the discovery in resolving the issues, and because the burden and expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any of its objections, Mizuho will, within ten days of any disposition of its forthcoming motion to stay, meet and confer with the plaintiffs on a time to respond based on the scope of the agreed-upon discovery.

**DOCUMENT REQUEST NO. 18**

Any applicable Japanese statutes or regulations that governed Your relationship with Mt. Gox.

**RESPONSE TO DOCUMENT REQUEST NO. 18:**

Mizuho objects to this Request on the ground that it is overbroad and unduly burdensome to the extent it seeks documents for a time period starting four years prior to the date the Complaint was filed to the present. Mizuho further objects to this Request on the ground that it requires Mizuho to make legal conclusions. Mizuho further objects to this Request on the ground that the information sought is equally available to the plaintiffs from other sources. Mizuho further objects to this Request because it is premature until the Court has ruled on Mizuho's forthcoming motion to stay discovery pending disposition of its motions to dismiss the Complaint. Mizuho further objects to this Request because it is not proportional to the needs of the case, considering the importance of the discovery in resolving the issues, and because the burden and expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any of its objections, Mizuho will, within ten days of any disposition of its forthcoming motion to stay, meet and confer with the plaintiffs on a time to respond based on the scope of the agreed-upon discovery.

**DOCUMENT REQUEST NO. 19**

All Communications between You and Mt. Gox Customers.

**RESPONSE TO DOCUMENT REQUEST NO. 19:**

Mizuho objects to this Request on the ground that it is overbroad and unduly burdensome to the extent it seeks documents for a time period starting four years prior to the date the Complaint was filed to the present. Mizuho further objects to this request on the ground that it seeks documents not relevant to the claims and defenses in the case. Mizuho further objects to this Request to the extent it seeks documents protected by Japanese Data Privacy Laws. Mizuho further objects to this Request because it is

premature until the Court has ruled on Mizuho's forthcoming motion to stay discovery pending disposition of its motions to dismiss the Complaint. Mizuho further objects to this Request because it is not proportional to the needs of the case, considering the importance of the discovery in resolving the issues, and because the burden and expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any of its objections, Mizuho will, within ten days of any disposition of its forthcoming motion to stay, meet and confer with the plaintiffs on a time to respond based on the scope of the agreed-upon discovery.

**DOCUMENT REQUEST NO. 20**

All Communications between You and Mt. Gox's bankruptcy trustee.

**RESPONSE TO DOCUMENT REQUEST NO. 20:**

Mizuho objects to this Request on the ground that it is overbroad and unduly burdensome to the extent it seeks "All Communications," including those that are not relevant to specific allegations in this Action. Mizuho further objects to this Request on the ground that it is overbroad and unduly burdensome to the extent it seeks documents for a time period starting four years prior to the date the Complaint was filed to the present. Mizuho further objects to this Request because it is premature until the Court has ruled on Mizuho's forthcoming motion to stay discovery pending disposition of its motions to dismiss the Complaint. Mizuho further objects to this Request because it is not proportional to the needs of the case, considering the importance of the discovery in resolving the issues, and because the burden and expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any of its objections, Mizuho will, within ten days of any disposition of its forthcoming motion to stay, meet and confer with the plaintiffs on a time to respond based on the scope of the agreed-upon discovery.

**DOCUMENT REQUEST NO. 21**

All Documents Related to any policies and/or procedures for processing withdrawal requests from Mt. Gox Customers for or on behalf of Mt. Gox.

**RESPONSE TO DOCUMENT REQUEST NO. 21:**

Mizuho objects to this Request on the ground that it is overbroad and unduly burdensome to the extent it seeks documents for a time period starting four years prior to the date the Complaint was filed to the present. Mizuho further objects to this Request because it is premature until the Court has ruled on Mizuho's forthcoming motion to stay discovery pending disposition of its motions to dismiss the Complaint. Mizuho further objects to this Request because it is not proportional to the needs of the case, considering the importance of the discovery in resolving the issues, and because the burden and expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any of its objections, Mizuho will, within ten days of any disposition of its forthcoming motion to stay, meet and confer with the plaintiffs on a time to respond based on the scope of the agreed-upon discovery.

**DOCUMENT REQUEST NO. 22**

All Documents Related to any policies and/or procedures for accepting wire deposits from Mt. Gox Customers for or on behalf of Mt. Gox.

**RESPONSE TO DOCUMENT REQUEST NO. 22:**

Mizuho objects to this Request on the ground that it is overbroad and unduly burdensome to the extent it seeks documents for a time period starting four years prior to

the date the Complaint was filed to the present. Mizuho further objects to this Request because it is premature until the Court has ruled on Mizuho's forthcoming motion to stay discovery pending disposition of its motions to dismiss the Complaint. Mizuho further objects to this Request because it is not proportional to the needs of the case, considering the importance of the discovery in resolving the issues, and because the burden and expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any of its objections, Mizuho will, within ten days of any disposition of its forthcoming motion to stay, meet and confer with the plaintiffs on a time to respond based on the scope of the agreed-upon discovery.

**DOCUMENT REQUEST NO. 23**

Any internal Communications referencing or Relating To the banking services You provided to Mt. Gox.

**RESPONSE TO DOCUMENT REQUEST NO. 23:**

Mizuho objects to this Request on the ground that it is overbroad and unduly burdensome to the extent it seeks documents for a time period starting four years prior to the date the Complaint was filed to the present. Mizuho further objects to this Request on the ground that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, and other legally cognizable privileges and protections. Mizuho further objects to this Request on the ground that "banking services" is vague and ambiguous and not defined. Mizuho further objects to this Request to the extent it seeks documents protected by Japanese Data Privacy Laws. Mizuho further objects to this Request because it is premature until the Court has ruled on Mizuho's forthcoming motion to stay discovery pending disposition of its motions to dismiss the Complaint. Mizuho further objects to this Request because it is not proportional to the needs of the

case, considering the importance of the discovery in resolving the issues, and because the burden and expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any of its objections, Mizuho will, within ten days of any disposition of its forthcoming motion to stay, meet and confer with the plaintiffs on a time to respond based on the scope of the agreed-upon discovery.

## DOCUMENT REQUEST NO. 24

Any internal Communications referencing or Relating To Your acceptance of deposits from Mt. Gox Customers.

## RESPONSE TO DOCUMENT REQUEST NO. 24:

Mizuho objects to this Request on the ground that it is overbroad and unduly burdensome to the extent it seeks documents for a time period starting four years prior to the date the Complaint was filed to the present. Mizuho further objects to this Request on the ground that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, and other legally cognizable privileges and protections. Mizuho further objects to this Request to the extent it seeks documents protected by Japanese Data Privacy Laws. Mizuho further objects to this Request because it is premature until the Court has ruled on Mizuho's forthcoming motion to stay discovery pending disposition of its motions to dismiss the Complaint. Mizuho further objects to this Request because it is not proportional to the needs of the case, considering the importance of the discovery in resolving the issues, and because the burden and expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any of its objections, Mizuho will, within ten days of any disposition of its forthcoming motion to stay, meet and confer with the plaintiffs on a time to respond based on the scope of the agreed-upon discovery.

**DOCUMENT REQUEST NO. 25**

Any internal Communications referencing or Relating To Your processing of withdrawal requests from Mt. Gox Customers.

**RESPONSE TO DOCUMENT REQUEST NO. 25:**

Mizuho objects to this Request on the ground that it is overbroad and unduly burdensome to the extent it seeks documents for a time period starting four years prior to the date the Complaint was filed to the present. Mizuho further objects to this Request on the ground that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, and other legally cognizable privileges and protections. Mizuho further objects to this Request to the extent it seeks documents protected by Japanese Data Privacy Laws. Mizuho further objects to this Request because it is premature until the Court has ruled on Mizuho's forthcoming motion to stay discovery pending disposition of its motions to dismiss the Complaint. Mizuho further objects to this Request because it is not proportional to the needs of the case, considering the importance of the discovery in resolving the issues, and because the burden and expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any of its objections, Mizuho will, within ten days of any disposition of its forthcoming motion to stay, meet and confer with the plaintiffs on a time to respond based on the scope of the agreed-upon discovery.

**DOCUMENT REQUEST NO. 26**

Any internal Communications referencing or Relating To Your decision to terminate Your business relationship with Mt. Gox.

**RESPONSE TO DOCUMENT REQUEST NO. 26:**

Mizuho objects to this Request on the ground that it is overbroad and unduly burdensome to the extent it seeks documents for a time period starting four years prior to

the date the Complaint was filed to the present. Mizuho further objects to this Request on the ground that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, and other legally cognizable privileges and protections. Mizuho further objects to this Request to the extent it seeks documents protected by Japanese Data Privacy Laws. Mizuho further objects to this Request because it is premature until the Court has ruled on Mizuho's forthcoming motion to stay discovery pending disposition of its motions to dismiss the Complaint. Mizuho further objects to this Request because it is not proportional to the needs of the case, considering the importance of the discovery in resolving the issues, and because the burden and expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any of its objections, Mizuho will, within ten days of any disposition of its forthcoming motion to stay, meet and confer with the plaintiffs on a time to respond based on the scope of the agreed-upon discovery.

**DOCUMENT REQUEST NO. 27**

Any internal Communications referencing or Relating To Mark Karpeles.

**RESPONSE TO DOCUMENT REQUEST NO. 27:**

Mizuho objects to this Request on the ground that it is overbroad and unduly burdensome to the extent it seeks documents for a time period starting four years prior to the date the Complaint was filed to the present. Mizuho further objects to this Request on the ground that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, and other legally cognizable privileges and protections. Mizuho further objects to this Request to the extent it seeks documents protected by Japanese Data Privacy Laws. Mizuho further objects to this Request because it is premature until the Court has ruled on Mizuho's forthcoming motion to stay discovery pending

disposition of its motions to dismiss the Complaint. Mizuho further objects to this Request because it is not proportional to the needs of the case, considering the importance of the discovery in resolving the issues, and because the burden and expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any of its objections, Mizuho will, within ten days of any disposition of its forthcoming motion to stay, meet and confer with the plaintiffs on a time to respond based on the scope of the agreed-upon discovery.

**DOCUMENT REQUEST NO. 28**

Any internal Communications referencing or Relating To the shutdown of the Mt. Gox Exchange.

**RESPONSE TO DOCUMENT REQUEST NO. 28:**

Mizuho objects to this Request on the ground that it is overbroad and unduly burdensome to the extent it seeks documents for a time period starting four years prior to the date the Complaint was filed to the present. Mizuho further objects to this Request on the ground that it is not relevant to the claims and defenses in this Action. Mizuho further objects to this Request on the ground that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, and other legally cognizable privileges and protections. Mizuho further objects to this Request to the extent it seeks documents protected by Japanese Data Privacy Laws. Mizuho further objects to this Request because it is premature until the Court has ruled on Mizuho's forthcoming motion to stay discovery pending disposition of its motions to dismiss the Complaint. Mizuho further objects to this Request because it is not proportional to the needs of the case, considering the importance of the discovery in resolving the issues, and because the burden and expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any of its objections, Mizuho will, within ten days of any disposition of its forthcoming motion to stay, meet and confer with the plaintiffs on a time to respond based on the scope of the agreed-upon discovery.

**DOCUMENT REQUEST NO. 29**

Any internal Communications referencing or Relating To Mt. Gox's bankruptcy.

**RESPONSE TO DOCUMENT REQUEST NO. 29:**

Mizuho objects to this Request on the ground that it is overbroad and unduly burdensome to the extent it seeks documents for a time period starting four years prior to the date the Complaint was filed to the present. Mizuho further objects to this Request on the ground that it is not relevant to the claims and defenses in this Action. Mizuho further objects to this Request on the ground that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, and other legally cognizable privileges and protections. Mizuho further objects to this Request to the extent it seeks documents protected by Japanese Data Privacy Laws. Mizuho further objects to this Request because it is premature until the Court has ruled on Mizuho's forthcoming motion to stay discovery pending disposition of its motions to dismiss the Complaint. Mizuho further objects to this Request because it is not proportional to the needs of the case, considering the importance of the discovery in resolving the issues, and because the burden and expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any of its objections, Mizuho will, within ten days of any disposition of its forthcoming motion to stay, meet and confer with the plaintiffs on a time to respond based on the scope of the agreed-upon discovery.

**DOCUMENT REQUEST NO. 30**

All accounting reports, results, or summaries Related To any account You held for or on behalf of Mt. Gox.

**RESPONSE TO DOCUMENT REQUEST NO. 30:**

Mizuho objects to this Request on the ground that it is overbroad and unduly

burdensome to the extent it seeks documents for a time period starting four years prior to

the date the Complaint was filed to the present. Mizuho further objects to this Request on

the ground that "accounting reports, results, or summaries" is vague and ambiguous and

undefined. Mizuho further objects to this Request to the extent it seeks documents

protected by Japanese Data Privacy Laws. Mizuho further objects to this Request

because it is premature until the Court has ruled on Mizuho's forthcoming motion to stay

discovery pending disposition of its motions to dismiss the Complaint. Mizuho further

objects to this Request because it is not proportional to the needs of the case, considering

the importance of the discovery in resolving the issues, and because the burden and

expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any of its objections, Mizuho will, within ten days

of any disposition of its forthcoming motion to stay, meet and confer with the plaintiffs

on a time to respond based on the scope of the agreed-upon discovery.

**DOCUMENT REQUEST NO. 31**

All contracts, agreements, and written understandings between You and Plaintiffs.

**RESPONSE TO DOCUMENT REQUEST NO. 31:**

Mizuho objects to this Request on the ground that it is overbroad and unduly

burdensome to the extent it seeks documents already in the possession of the plaintiffs.

Mizuho further objects to this Request on the ground that it is overbroad and unduly

burdensome to the extent it seeks documents for a time period starting four years prior to the date the Complaint was filed to the present. Mizuho further objects to this Request on the ground that "written understandings" is vague and ambiguous and not defined. Mizuho further objects to this Request because it is premature until the Court has ruled on Mizuho's forthcoming motion to stay discovery pending disposition of its motions to dismiss the Complaint. Mizuho further objects to this Request because it is not proportional to the needs of the case, considering the importance of the discovery in resolving the issues, and because the burden and expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any of its objections, Mizuho will, within ten days of any disposition of its forthcoming motion to stay, meet and confer with the plaintiffs on a time to respond based on the scope of the agreed-upon discovery.

## DOCUMENT REQUEST NO. 32

All Documents referring or Relating To any complaints, grievances, or Communications You received from Mt. Gox Customers.

## RESPONSE TO DOCUMENT REQUEST NO. 32:

Mizuho objects to this Request on the ground that it is overbroad and unduly burdensome to the extent it seeks documents for a time period starting four years prior to the date the Complaint was filed to the present. Mizuho further objects to this request on the ground that "complaints" and "grievances" are vague and ambiguous and undefined. Mizuho further objects to this Request to the extent it seeks documents protected by Japanese Data Privacy Laws. Mizuho further objects to this Request because it is premature until the Court has ruled on Mizuho's forthcoming motion to stay discovery pending disposition of its motions to dismiss the Complaint. Mizuho further objects to

this Request because it is not proportional to the needs of the case, considering the importance of the discovery in resolving the issues, and because the burden and expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any of its objections, Mizuho will, within ten days of any disposition of its forthcoming motion to stay, meet and confer with the plaintiffs on a time to respond based on the scope of the agreed-upon discovery.

**DOCUMENT REQUEST NO. 33**

All Documents referring or Relating To any government and/or regulatory investigations made or conducted against You Related to Mark Karpeles, Mt. Gox, the Mt. Gox Exchange, and/or any Mt. Gox Customer.

**RESPONSE TO DOCUMENT REQUEST NO. 33:**

Mizuho objects to this Request on the ground that it is overbroad and unduly burdensome the extent it requires Mizuho to produce documents that would violate a duty of confidentiality owed to a regulatory body or government agency. Mizuho further objects to this Request on the ground that it is overbroad and unduly burdensome to the extent it seeks documents for a time period starting four years prior to the date the Complaint was filed to the present. Mizuho further objects to this Request on the ground that it seeks documents not relevant to the claims and defenses in the case. Mizuho further objects to this Request on the ground that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, and other legally cognizable privileges and protections. Mizuho further objects to this Request to the extent it seeks documents protected by Japanese Data Privacy Laws. Mizuho further objects to this Request because it is premature until the Court has ruled on Mizuho's forthcoming motion to stay discovery pending disposition of its motions to dismiss the Complaint. Mizuho further objects to this Request because it is not proportional to the needs of the

case, considering the importance of the discovery in resolving the issues, and because the burden and expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any of its objections, Mizuho will, within ten days of any disposition of its forthcoming motion to stay, meet and confer with the plaintiffs on a time to respond based on the scope of the agreed-upon discovery.

## DOCUMENT REQUEST NO. 34

All Communications with any government and/or regulatory agency Related to Mark Karpeles, Mt. Gox, the Mt. Gox Exchange, and/or any Mt. Gox Customer.

## RESPONSE TO DOCUMENT REQUEST NO. 34:

Mizuho objects to this Request on the ground that it is overbroad and unduly burdensome to the extent it requires Mizuho to produce documents that would violate a duty of confidentiality owed to a regulatory body or government agency. Mizuho further objects to this Request on the ground that it is overbroad and unduly burdensome to the extent it seeks documents for a time period starting four years prior to the date the Complaint was filed to the present. Mizuho further objects to this Request on the ground that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, and other legally cognizable privileges and protections. Mizuho further objects to this Request to the extent it seeks documents protected by Japanese Data Privacy Laws. Mizuho further objects to this Request because it is premature until the Court has ruled on Mizuho's forthcoming motion to stay discovery pending disposition of its motions to dismiss the Complaint. Mizuho further objects to this Request because it is not proportional to the needs of the case, considering the importance of the discovery in resolving the issues, and because the burden and expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any of its objections, Mizuho will, within ten days of any disposition of its forthcoming motion to stay, meet and confer with the plaintiffs on a time to respond based on the scope of the agreed-upon discovery.

**DOCUMENT REQUEST NO. 35**

All Documents Relating To Your data destruction, disposal, and/or preservation policies.

**RESPONSE TO DOCUMENT REQUEST NO. 35:**

Mizuho objects to this Request on the ground that it is overbroad and unduly burdensome to the extent it seeks documents for a time period starting four years prior to the date the Complaint was filed to the present. Mizuho further objects to this Request on the ground that "data destruction, disposal, and/or preservation policies" is vague and ambiguous and undefined. Mizuho further objects to this Request on the ground that it seeks documents not relevant to the claims and defenses in the case. Mizuho further objects to this Request because it is premature until the Court has ruled on Mizuho's forthcoming motion to stay discovery pending disposition of its motions to dismiss the Complaint. Mizuho further objects to this Request because it is not proportional to the needs of the case, considering the importance of the discovery in resolving the issues, and because the burden and expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any of its objections, Mizuho will, within ten days of any disposition of its forthcoming motion to stay, meet and confer with the plaintiffs on a time to respond based on the scope of the agreed-upon discovery.

**DOCUMENT REQUEST NO. 36**

All Documents Relating To any insurance agreements or policies under which any Person carrying on as an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment,

or that may provide, or upon which You may make claims for coverage Relating To the subject matter of this lawsuit, Including all such policies themselves.

**RESPONSE TO DOCUMENT REQUEST NO. 36:**

Mizuho objects to this Request on the ground that it is premature until the Court

has ruled on Mizuho's forthcoming motion to stay discovery pending disposition of its

motions to dismiss the Complaint.

Subject to and without waiving any of its objections, Mizuho is not aware of any

insurance agreements or policies under which any insurance business may be liable to

satisfy all or part of any judgment that may be entered in the action or to indemnify or

reimburse for payments made to satisfy the judgment.

**DOCUMENT REQUEST NO. 37**

All Documents Relating To Your decision to (i) limit the number and amount of Mt. Gox Customer withdrawals that You would process on a weekly or monthly basis, (ii) remove Mt. Gox's access to Your automated withdrawal processes and require Mt. Gox to submit user withdrawal requests manually (i.e. by paper), and (iii) refuse to process certain international wire transfer requests, including Your decision to raise Your banking fees.

**RESPONSE TO DOCUMENT REQUEST NO. 37:**

Mizuho objects to this Request on the ground that it is overbroad and unduly

burdensome to the extent it seeks documents for a time period starting four years prior to

the date the Complaint was filed to the present. Mizuho further objects to the Document

Requests to the extent that they assume the existence of facts or events that do not exist

or did not take place. Mizuho further objects to this Request on the ground that it seeks

documents protected by the attorney-client privilege, the attorney work product doctrine,

and other legally cognizable privileges and protections. Mizuho further objects to this

Request to the extent it seeks documents protected by Japanese Data Privacy Laws.

Mizuho further objects to this Request because it is premature until the Court has ruled

on Mizuho's forthcoming motion to stay discovery pending disposition of its motions to

dismiss the Complaint.  Mizuho further objects to this Request because it is not

proportional to the needs of the case, considering the importance of the discovery in

resolving the issues, and because the burden and expense of the proposed discovery

outweighs its likely benefit.

Subject to and without waiving any of its objections, Mizuho will, within ten days

of any disposition of its forthcoming motion to stay, meet and confer with the plaintiffs

on a time to respond based on the scope of the agreed-upon discovery.

**DOCUMENT REQUEST NO. 38**

All Documents Relating To Hirotaka Shimizu, Hiroaki Aikawa, and Shuuichirou Mita
and their involvement in the events described in the Complaint, including a complete
organizational chart containing their role, board meeting minutes, and internal memoranda
Referring To Mt. Gox, Mark Karpeles, and the events described in the Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 38:**

Mizuho objects to this Request on the ground that it is overbroad and unduly

burdensome to the extent it seeks documents for a time period starting four years prior to

the date the Complaint was filed to the present.  Mizuho further objects to this Request on

the ground that it seeks documents protected by the attorney-client privilege, the attorney

work product doctrine, and other legally cognizable privileges and protections.  Mizuho

further objects to this Request to the extent it seeks documents protected by Japanese

Data Privacy Laws.  Mizuho further objects to this Request because it is premature until

the Court has ruled on Mizuho's forthcoming motion to stay discovery pending

disposition of its motions to dismiss the Complaint.  Mizuho further objects to this

Request because it is not proportional to the needs of the case, considering the

importance of the discovery in resolving the issues, and because the burden and expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any of its objections, Mizuho will, within ten days of any disposition of its forthcoming motion to stay, meet and confer with the plaintiffs on a time to respond based on the scope of the agreed-upon discovery.

**DOCUMENT REQUEST NO. 39**

All Documents Relating To public statements (including statements in the media, court proceedings, to government agencies, and shareholders) You made related to Mt. Gox, Mark Karpeles, and the events described in the Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 39:**

Mizuho objects to this Request on the ground that it is overbroad and unduly burdensome to the extent it seeks documents already in the possession of the plaintiffs or otherwise publicly available. Mizuho further objects to this Request on the ground that it is overbroad and unduly burdensome to the extent it seeks documents for a time period starting four years prior to the date the Complaint was filed to the present. Mizuho further objects to this Request because it is premature until the Court has ruled on Mizuho's forthcoming motion to stay discovery pending disposition of its motions to dismiss the Complaint. Mizuho further objects to this Request because it is not proportional to the needs of the case, considering the importance of the discovery in resolving the issues, and because the burden and expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any of its objections, Mizuho will, within ten days of any disposition of its forthcoming motion to stay, meet and confer with the plaintiffs on a time to respond based on the scope of the agreed-upon discovery.

## DOCUMENT REQUEST NO. 40

All Documents Relating to Your policies and decisions in connection with international wire transfers into and out of Mt. Gox's bank accounts, fees charged to Mt. Gox in connection with international wire transfers and other services, and the status of Mt. Gox's bank accounts with You, including whether to suspend certain services.

## RESPONSE TO DOCUMENT REQUEST NO. 40:

Mizuho objects to this Request on the ground that it is overbroad and unduly burdensome to the extent it seeks documents for a time period starting four years prior to the date the Complaint was filed to the present. Mizuho further objects to this Request on the ground that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, and other legally cognizable privileges and protections. Mizuho further objects to this Request to the extent it seeks documents protected by Japanese Data Privacy Laws. Mizuho further objects to this Request because it is premature until the Court has ruled on Mizuho's forthcoming motion to stay discovery pending disposition of its motions to dismiss the Complaint. Mizuho further objects to this Request because it is not proportional to the needs of the case, considering the importance of the discovery in resolving the issues, and because the burden and expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any of its objections, Mizuho will, within ten days of any disposition of its forthcoming motion to stay, meet and confer with the plaintiffs on a time to respond based on the scope of the agreed-upon discovery.

MIZUHO BANK, LTD.

By: _____
                One of Its Attorneys

Jonathan S. Quinn (#6200495)
jquinn@ngelaw.com
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street
Suite 1700
Chicago, IL 60602-3801
312-269-8000

-And-

Jerome S. Fortinsky (admitted *pro hac vice*)
jfortinsky@shearman.com
John A. Nathanson (admitted *pro hac vice*)
john.nathanson@shearman.com
Jeffrey J. Resetarits (admitted *pro hac vice*)
jeffrey.resetarits@shearman.com
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022-6069
212-848-4000

*Attorneys for Defendant Mizuho Bank, Ltd.*

Dated: January 25, 2016