UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREGORY GREENE and JOSEPH LACK, individually and on behalf of all others similarly situated, | ) ) ) ) |
| *Plaintiffs*, | ) Case No. 14 C 01437 ) |
| v. | ) Judge Gary Feinerman ) Magistrate Judge Susan E. Cox |
| MIZUHO BANK, LTD., a Japanese financial institution, and MARK KARPELES, an individual, | ) ) ) ) |
| *Defendants*. | ) ) ) |

**MEMORANDUM OF LAW OF DEFENDANT MIZUHO BANK, LTD.
IN SUPPORT OF ITS MOTION TO STAY DISCOVERY AND IN
<u>OPPOSITION TO THE PLAINTIFFS' MOTION TO COMPEL</u>**

**TABLE OF CONTENTS**

Page

BACKGROUND AND PROCEDURAL HISTORY ................................................................... 1

ARGUMENT .................................................................................................................................. 4

I.    THIS COURT HAS GOOD CAUSE TO STAY DISCOVERY BECAUSE THE
MOTION TO DISMISS WILL RESOLVE ALL CLAIMS AGAINST MIZUHO ............ 6

    A.    Failure To State A Claim ....................................................................................... 6

    B.    *Forum Non Conveniens* ........................................................................................ 7

II.    THIS COURT HAS GOOD CAUSE TO STAY DISCOVERY BECAUSE
DISCOVERY WOULD BE ESPECIALLY COSTLY AND BURDENSOME ................. 8

CONCLUSION ............................................................................................................................. 10

## **TABLE OF AUTHORITIES**

Page

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ..................................................................................................... 9

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ..................................................................................................... 9

*Bilal v. Wolf*,
    2007 WL 16877253 (N.D. Ill. June 6, 2007) .............................................................. 4

*Cataldo v. City of Chicago*,
    2002 WL 91903 (N.D. Ill. Jan. 24, 2002) ............................................................... 4, 7

*Cemail v. Viking Dodge, Inc.*,
    1997 WL 359962 (N.D. Ill. June 17, 1997) .............................................................. 10

*Chicago Bd. Options Exch., Inc. v. Conn. Gen. Life Ins. Co.*,
    95 F.R.D. 524 (N.D. Ill. 1982) ..................................................................................... 7

*Coss v. Playtex Prods., LLC*,
    2009 WL 1455358 (N.D. Ill. May 21, 2009) .............................................................. 9

*Crawford-El v. Britton*,
    523 U.S. 574 (1998) ..................................................................................................... 4

*DSM Desotech Inc. v. 3D Sys. Corp.*,
    2008 WL 4812440 (N.D. Ill. Oct. 28, 2008) ............................................................... 4

*Hoffman v. RoadLink Workforce Solutions, LLC*,
    2014 WL 3808930 (N.D. Ill. Aug. 1, 2014) ................................................................ 4

*Limestone Dev. Corp. v. Vill. of Lemont, Ill.*,
    520 F.3d 797 (7th Cir. 2008) ....................................................................................... 9

*Sprague v. Brook*,
    149 F.R.D. 575 (N.D. Ill. 1993) ................................................................................... 9

*In re Sulfuric Acid Antitrust Litig.*,
    231 F.R.D. 331 (N.D. Ill. 2005) ............................................................................. 4, 5

**Rules**

Fed. R. Civ. P. 26(b) ...........................................................................................................5, 9

Fed. R. Civ. P. 26(c)(1)...........................................................................................................4

Defendant Mizuho Bank, Ltd. ("Mizuho") respectfully submits this memorandum of law (i) in support of its motion, pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure, to stay discovery pending disposition of its motion to dismiss the plaintiffs' Second Amended Class Action Complaint (the "Complaint") for failure to state a claim upon which relief can be granted or alternatively based on *forum non conveniens* grounds, and (ii) in opposition to the plaintiffs' motion to compel. (ECF No. 180.)

Mizuho's motion to stay discovery and the plaintiffs' motion to compel (filed one day later) address the same question: whether the plaintiffs should be permitted to proceed with discovery despite the pendency of a motion to dismiss that is, at a minimum, potentially dispositive and, from Mizuho's point of view, truly compelling. In keeping with the guidance issued by the Court in its minute order of December 2, 2015, Mizuho has filed its motion to stay discovery in tandem with its motion to dismiss for failure to state a claim, so that the Court can, in the words of the December 2 order, "make an informed (though necessarily tentative) judgment as to the likelihood of the motions being granted." Based on the strength of the motion to dismiss, the Court should stay discovery, and deny the motion to compel, so that Mizuho does not have to engage in expensive and burdensome discovery—particularly where all of the relevant witnesses are located in Japan and all of the relevant documents are in Japanese—unless and until the Court determines that the plaintiffs have stated a valid claim.

## BACKGROUND AND PROCEDURAL HISTORY

On February 27, 2014, the plaintiffs filed their initial complaint against Mark Karpeles, the CEO of the Mt. Gox bitcoin exchange, and certain entities related to Mt. Gox. (ECF No. 1.) On March 14, 2014, after certain Mt. Gox entities filed for bankruptcy in Japan, the plaintiffs amended their complaint and added Mizuho as a defendant. (ECF No. 36-37.) Soon after amending the complaint, the plaintiffs sought and obtained a stay of the case as they attempted to

obtain final approval of a settlement agreement with certain defendants (other than Mizuho, which declined to participate in a settlement). The stay remained in place for the remainder of 2014.

On December 10, 2014, the plaintiffs informed the Court that their preliminary settlement of the case with certain defendants (though not Mizuho) could not proceed because Mt. Gox's bankruptcy trustee in Japan reached an agreement with a third party that prevented the proposed settlement from being consummated. The Court then ordered the parties to file a joint status report proposing how the case should proceed. (ECF No. 120.) On January 5, 2015, the parties filed a joint status report in which (i) the plaintiffs stated that they planned to file a second amended complaint, and (ii) Mizuho stated that it intended to file a motion to dismiss for lack of personal jurisdiction and for failure to state a claim, and that it would meet and confer with the plaintiffs to discuss a scheduling order and discovery after the resolution of those motions, if necessary. (ECF No. 126.) Over the next three and half months, the plaintiffs sought and obtained four extensions of time to file their second amended complaint (ECF Nos. 132, 135, 139, 140), and filed it on April 17, 2015. (ECF No. 146.) Pursuant to an agreement between the parties and with the approval of the Court, Mizuho bifurcated its motion to dismiss briefing and filed a motion to dismiss for lack of personal jurisdiction on May 14, 2015 (ECF No. 149), with the understanding that it would file a second motion to dismiss if the Court denied its personal jurisdiction motion.

On November 16, 2015, the Court issued a minute order stating that the parties "should operate on the assumption that the motion to dismiss [for lack of personal jurisdiction] will be denied," and directing the parties to serve their Rule 26(a)(1) disclosures by December 18, 2015. (ECF No. 166.) On November 20, 2015, counsel for Mizuho emailed the Court's clerk (with a

copy to plaintiffs' counsel)[1] to seek clarification of the Court's instruction in light of the parties' prior agreement that Mizuho could file a second motion to dismiss. (ECF No. 180-1, Exhibit 1.) Following this email, Mizuho filed a motion for clarification and a motion to stay discovery. (ECF No. 167.) On December 2, 2015, the Court issued an order denying the motion to stay without prejudice and stating that "Mizuho may renew its motion at any time; if it does so, it should consider simultaneously filing its Rule 12(b)(6) motion, so the Court can make an informed (though necessarily tentative) judgment as to the likelihood of the motion's being granted." (ECF No. 169.) Consistent with this guidance (and in anticipation of the February 2, 2016 status conference set by the Court), on January 26, 2016, Mizuho filed its motion to dismiss for failure to state a claim, or in the alternative, for *forum non conveniens*, together with its motion to stay discovery. (ECF Nos. 172, 174.)

From the time the plaintiffs sought a stay of the litigation in May 2014 until the Court's minute order of November 16, 2015 (ECF Nos. 88, 166), the parties did not serve discovery requests on one another or otherwise provide one another with any discovery. Then, on December 18, 2015, consistent with this Court's order (ECF No. 166), the parties served their initial disclosures, and on December 22, 2015, the plaintiffs served document requests and interrogatories on Mizuho. On January 25, 2016, Mizuho served responses and objections to the plaintiffs' far-reaching discovery requests. In addition to other general and specific objections to each request and interrogatory, Mizuho—in keeping with the position it has consistently taken in this litigation—objected to responding to the requests and interrogatories until the Court has decided Mizuho's motions to dismiss. Mizuho also objected to the discovery requests on the

---

[1] The plaintiffs inaccurately state in their motion to compel that "Mizuho sent an *ex parte* email communication" to the chambers of the Court. (ECF No. 180 at 2.) As the exhibits to the plaintiffs' declaration clearly demonstrate, however, the plaintiffs' counsel was copied on the email. (*See* ECF No. 180-1, Exhibit 1.)

3

grounds that, in light of the motions to dismiss, they were inconsistent with the newly amended Federal Rules of Civil Procedure because they were "not proportional to the needs of the case, considering the importance of discovery in resolving the case, and because the burden and expense of proposed discovery outweighs its likely benefit." (ECF No. 180-1, Exhibit 3.) Consistent with this specific objection, as well as its other objections, Mizuho stated that it would meet and confer with the plaintiffs within ten days of the disposition of its forthcoming motion to stay, which Mizuho filed the following day, on January 26, 2016. One day later, on January 27, 2016, the plaintiffs moved to compel Mizuho to respond to their discovery requests. (*Id.*)

## ARGUMENT

"District courts enjoy broad discretion in controlling discovery." *DSM Desotech Inc. v. 3D Sys. Corp.*, 2008 WL 4812440, at *1 (N.D. Ill. Oct. 28, 2008) (*citing Crawford-El v. Britton*, 523 U.S. 574, 598 (1998)). Rule 26(c) provides that discovery may be stayed "for good cause" to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1). Courts regularly find good cause to stay discovery where "discovery may be especially burdensome and costly to parties," *DSM Desotech Inc.*, 2008 WL 4812440, at *2, or where a motion to dismiss can resolve the case in its entirety as to the moving party, *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 337 (N.D. Ill. 2005).[2] *See, e.g.*, *Bilal v. Wolf*, 2007 WL 16877253, at *2 (N.D. Ill. June 6, 2007) (granting stay of discovery pending motion to dismiss); *DSM Desotech Inc.*, 2008 WL 4812440, at *3 (granting motion to stay discovery); *Hoffman v. RoadLink Workforce Solutions, LLC*, 2014 WL 3808930, at *1 (N.D.

---

[2] In considering a motion to stay discovery, courts are permitted to review the motion to dismiss in order to determine whether there is a "legitimate possibility that the case could be dismissed." *Cataldo v. City of Chicago*, 2002 WL 91903, at *2 (N.D. Ill. Jan. 24, 2002); *see also In re Sulfuric Acid*, 231 F.R.D. at 338 n.7.

4

Ill. Aug. 1, 2014) (Feinerman, J.) (noting that the court had stayed discovery pending disposition of motions to dismiss); *see also In re Sulfuric Acid*, 231 F.R.D. at 336 n.6 (collecting cases where courts have stayed discovery).

Both factors are present here. If discovery were to proceed immediately, Mizuho would face the burdensome and costly challenge of responding to the plaintiffs' broad discovery requests for Japanese language documents and information located in Japan. And it would have to face this burden even though such discovery would be completely unnecessary if the Court were to grant either of Mizuho's two pending motions to dismiss. It would be wasteful for Mizuho to spend time, energy and money on discovery now, while either motion to dismiss stands some meaningful chance of being granted.

Moreover, while district courts have always had discretion to limit discovery for good cause under Rule 26(c), recent amendments to the Federal Rules (effective December 1, 2015) give them added impetus to exercise that discretion. Rule 26(b) now permits discovery only where it is "proportional to the needs of the case, considering . . . the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b). If Mizuho's grounds for dismissal are well founded, then the discovery the plaintiffs are seeking is not "proportional to the needs of the case." The requests made by the plaintiffs will not assist in "resolving the issues," because the legal issues before the Court will not and cannot be resolved on the basis of such evidence, and the "burden or expense of the proposed discovery" unquestionably "outweighs its likely benefit" —which, assuming the grounds for dismissal are well founded, is zero. Even if the Court were to assume that Mizuho's motions to dismiss stood only a partial chance of succeeding once fully briefed, moving ahead with discovery that might turn out to be a complete waste of time is out of step

with the new requirement that discovery be "proportional to the needs of the case." Nothing in the plaintiffs' motion to compel changes that conclusion.

I. **THIS COURT HAS GOOD CAUSE TO STAY DISCOVERY BECAUSE THE MOTION TO DISMISS WILL RESOLVE ALL CLAIMS AGAINST MIZUHO**

Concurrent with the filing of its motion to stay, Mizuho filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or alternatively on *forum non conveniens* grounds.[3] That motion, which Mizuho hereby incorporates by reference into its motion to stay,[4] provides two independent grounds for dismissing this case in its entirety against Mizuho—the plaintiffs' failure to state a claim, and the filing of the Complaint in an inconvenient forum.

A. **Failure To State A Claim**

Mizuho seeks dismissal of the Complaint because it fails to plead the necessary elements of any of the causes of action asserted against Mizuho.

- Tortious Interference: The plaintiffs cannot state a claim for tortious interference because they do not—and cannot—allege that Mizuho caused Mt. Gox to breach its contracts with the plaintiffs or that Mizuho caused the plaintiffs' purported injury. Instead, the Complaint is clear that the plaintiffs could not withdraw their money from their Mt. Gox accounts because of Mt. Gox's and Mark Karpeles's theft of their money (or, at a minimum, gross negligence). The facts alleged by the plaintiffs show that Mizuho's actions were completely justified in light of news reports regarding improper activity at Mt. Gox, and, as a matter of law, that is enough to defeat the plaintiffs' claim. The plaintiffs' claim should also be

---

[3] Mizuho also filed a motion to dismiss pursuant to Rule 12(b)(2) for lack of personal jurisdiction on May 14, 2015, which is pending before this Court. (Def.'s Mot. To Dismiss, ECF No. 148-49.) As detailed in the motion, Mizuho asserts that the plaintiffs cannot establish personal jurisdiction over Mizuho, because the plaintiffs have not alleged any jurisdictionally relevant facts that occurred in Illinois. Not only is Mizuho incorporated under the laws of Japan (with its principal place of business in Japan), but the central facts that give rise to the claims in this action arise out of activities in Japan. Mt. Gox's bank accounts were in Japan, the employees involved in Mt. Gox's account were located in Japan, and the wire transfers were processed in Japan. (*Id.* at 2.)

[4] Mizuho also incorporates herein the contemporaneously filed memorandum of law in support of its motion to dismiss for failure to state a claim.

6

>     dismissed because neither of them had funds on deposit with Mizuho at the relevant time.
>
> - Fraudulent Concealment:  The plaintiffs cannot state a claim for fraudulent concealment because they do not—and cannot—allege any relationship between Mizuho and the plaintiffs that would give rise to a duty by Mizuho to disclose to the plaintiffs any information about its business relationship with Mt. Gox.  The plaintiffs also have not asserted fraudulent concealment because they do not allege any facts from which to infer that Mizuho intended to defraud them, or that Mizuho's alleged conduct caused any damages.
>
> - Unjust Enrichment:  The plaintiffs' unjust enrichment claim against Mizuho must fall, because unjust enrichment is not an independent cause of action under the applicable law.
>
> - Accounting:  The plaintiffs cannot state a claim for accounting, because it is a remedy, not an independent cause of action.  The plaintiffs also cannot allege facts that would warrant an accounting; the plaintiffs clearly allege that the relevant named plaintiff paid a fixed sum into his Mt. Gox account.  Under these circumstances, he cannot show any need for an accounting.

### B. *Forum Non Conveniens*

Mizuho also seeks dismissal of the Complaint on *forum non conveniens* grounds, because Japan is a more appropriate and available forum and this forum would be more burdensome to Mizuho than convenient to the plaintiffs.  The plaintiffs cannot allege otherwise for several reasons:  (1) the relevant documents and witnesses, including Mark Karpeles, are located in Japan, (2) Japan has a greater interest in regulating its own financial institutions, and (3) Japanese law should apply to this case because the relevant events occurred in Japan.

Because the motion to dismiss raises legitimate grounds for dismissing all claims against Mizuho, the Court should stay all discovery until it issues its decision.  *Cataldo*, 2002 WL 91903, at *2 (granting motion to stay discovery because of possibility that case could be dismissed); *Chicago Bd. Options Exch., Inc. v. Conn. Gen. Life Ins. Co.*, 95 F.R.D. 524, 525 (N.D. Ill. 1982) (granting motion to stay discovery pending disposition of motion to dismiss

because plaintiffs' "allegations either do or do not state a cause of action, and discovery does not seem to bear on that determination at all").

## II. THIS COURT HAS GOOD CAUSE TO STAY DISCOVERY BECAUSE DISCOVERY WOULD BE ESPECIALLY COSTLY AND BURDENSOME

The Court should temporarily stay discovery, and deny the plaintiffs' motion to compel, in order to spare Mizuho the potentially immense cost, burden and inconvenience of responding to wide-ranging discovery requests, even though the whole exercise may turn out to be pointless if the Court grants either of Mizuho's motions to dismiss. On December 22, 2015, the plaintiffs served on Mizuho forty wide-ranging document requests that would require Mizuho to, among other things, collect and review a large volume of electronic and paper documents (all of which are located in Japan and the vast majority of which are in Japanese) for potentially dozens of custodians[5] over four-and-a-half years, including, among other things, documents relating to Mt. Gox's accounts with Mizuho, all transactions into and out of Mt. Gox's accounts, Mizuho's relationship with Mt. Gox and Karpeles, board meeting minutes and internal memoranda discussing Mt. Gox, Karpeles, or events alleged in the Complaint.

Also on December 22, 2015, the plaintiffs served on Mizuho twenty-two wide-ranging interrogatories, many of which have numerous subparts. These requests seek information about, among other things, Mizuho's relationship with and knowledge about Mt. Gox and Karpeles, transactions into and out of Mt. Gox's account at Mizuho and transactions involving Mt. Gox's customers, including those that do not involve Mt. Gox, and Mizuho's internal processes and policies relating to wire transfers. In order to respond to these requests, Mizuho would have to

---

[5] The document requests are directed at Mizuho and "its divisions, subsidiaries, related companies, predecessors, and successors, all present and former officers, directors, agents, attorneys, employees, and all Persons acting or purporting to act on behalf of any of them." Pls.' First Set Of Requests For Production To Defendant Mizuho Bank, Ltd., Definition No. 23.

8

review a large volume of documents that are located in Japan and that are in Japanese, as well as interview a significant number of Mizuho employees located in Japan.

Because of the substantial burden on Mizuho to respond to the plaintiffs' broad document requests and interrogatories, the Court should stay discovery until after it rules on the pending motions to dismiss. Such a course of action would follow the path lit by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007) and by the judges in this district. *See Limestone Dev. Corp. v. Vill. of Lemont, Ill.*, 520 F.3d 797, 802-03 (7th Cir. 2008) ("[*Twombly*] teaches that a defendant should not be forced to undergo costly discovery unless the complaint contains enough detail, factual or argumentative, to indicate that the plaintiff has a substantial case."); *Sprague v. Brook*, 149 F.R.D. 575, 578 (N.D. Ill. 1993) (A "court will grant a motion to stay discovery pursuant to Rule 26(c) in order to secure the just, *speedy* and *inexpensive* determination of every action.") (emphasis in original) (internal quotations omitted); *see, e.g.*, *Coss v. Playtex Prods., LLC*, 2009 WL 1455358, at *5 (N.D. Ill. May 21, 2009) (granting motion to stay voluminous and costly document requests in putative class action pending motion to dismiss). These concerns carry added weight when read in light of the new amendments to the Federal Rules of Civil Procedure, which instruct that discovery must be "proportional to the needs of the case, considering . . . the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b).

A stay of discovery would not prejudice the interests of the plaintiffs. Mizuho submitted its motion to stay at the same time as its motion to dismiss, and the issues raised by the motion can be decided as soon as the briefs are filed by the parties and reviewed by the Court. Thus, if the motion to dismiss is granted, Mizuho "will be spared the expense of discovery"; if the motion

9

to dismiss is denied, "plaintiffs will suffer only a brief delay." *Cemail v. Viking Dodge, Inc.*, 1997 WL 359962, at *1 (N.D. Ill. June 17, 1997). Under these circumstances, the plaintiffs cannot demonstrate any prejudice from a short stay.

## CONCLUSION

For the foregoing reasons, Mizuho respectfully requests that this Court enter an order staying discovery in this action until the disposition of Mizuho's two motions to dismiss, and denying the plaintiffs' motion to compel.

                    MIZUHO BANK, LTD.

                    By:     */s/* Jason A. Frye
                            One of Its Attorneys

Jonathan S. Quinn (#6200495)
jquinn@ngelaw.com
Jason A. Frye (#6292848)
jfrye@ngelaw.com
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street
Chicago, IL 60602-3801
(312) 269-8000

Jerome S. Fortinsky (admitted *pro hac vice*)
jfortinsky@shearman.com
John A. Nathanson (admitted *pro hac vice*)
john.nathanson@shearman.com
Jeffrey J. Resetarits (admitted *pro hac vice*)
jeffrey.resetarits@shearman.com
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022-6069
(212) 848-4000

Dated: January 29, 2016

**CERTIFICATE OF SERVICE**

I, Jason A. Frye, an attorney, hereby certify that I caused a true and correct copy of the **Memorandum of Law of Defendant Mizuho Bank, Ltd. in Support of Its Motion to Stay Discovery And in Opposition to the Plaintiffs' Motion to Compel** to be served upon all counsel of record using the Court's CM/ECF electronic filing system on the 29th day of January, 2016.

           /s/ Jason A. Frye