UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY GREENE and JOSEPH LACK, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| *Plaintiffs*, | ) ) | Case No. 14 C 01437 |
| v. | ) ) ) | Judge Gary Feinerman Magistrate Judge Susan E. Cox |
| MIZUHO BANK, LTD., a Japanese financial institution, and MARK KARPELES, an individual, | ) ) ) ) | |
| *Defendants*. | ) | |

**DEFENDANT MIZUHO BANK, LTD.'S SUPPLEMENTAL MEMORANDUM OF LAW TO ADDRESS RECENT ADDITIONAL AUTHORITY IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Defendant Mizuho Bank, Ltd. ("Mizuho"), by its attorneys, respectfully submits this supplemental memorandum of law to address two recent cases, *Noboa v. Barceló Corporación Empresarial*, *SA*, No. 15-2001 (7th Cir. Feb. 4, 2016) and *Gullen v. Facebook.com*, 2016 WL 245910 (N.D. Ill. Jan. 21, 2016), that support its Motion to Dismiss for Lack of Personal Jurisdiction. (Dkt. 148.) In its motion, Mizuho argued (among other things) that, based on the Supreme Court's decision in *Walden v. Fiore*, 134 S. Ct. 1115 (2014), this Court must dismiss the case against Mizuho for lack of specific personal jurisdiction because the plaintiffs have not alleged any intentional contacts by Mizuho with the state of Illinois. (Dkt. 149 at 6-9; Dkt. 155 at 1-5.) The two new cases provide additional insight into the scope and meaning of *Walden* and further support Mizuho's motion to dismiss.

In *Noboa*, a resident of Illinois booked a trip to Mexico online, traveled to Mexico, and then died in an accident while on a tour she signed up for in her hotel lobby in Mexico. *Noboa*,

at 1-2. The plaintiffs (as executors of the decedent's estate) argued that the court had specific personal jurisdiction because the decedent's death was linked to Illinois "through a causal chain" that began in Illinois (the decedent's location when she booked the trip) and ultimately connected to Mexico (the site of her fatal accident). *Id.* at 2. The Seventh Circuit rejected the plaintiffs' "causal chain" argument and affirmed the lower court's decision dismissing the case for lack of specific personal jurisdiction. In reaching this decision, the Seventh Circuit explained that, under *Walden*, the pertinent question in determining whether a court has specific jurisdiction "is whether the defendant has links to the jurisdiction in which the suit was filed." *Id.* at 3. It is not relevant, the court said, "whether the *plaintiff* has such links – or whether the loss flowed through a causal chain from the plaintiff's contacts with the jurisdiction of suit." *Id.* (emphasis added). Instead, under *Walden*, "[o]nly intentional contacts by the defendant with the forum jurisdiction can support specific jurisdiction." *Id.* Under this test, the Seventh Circuit ruled that the district court lacked specific personal jurisdiction because the defendants did not have any suit-related contacts with Illinois and the decedent's contacts with Illinois were not relevant to the jurisdictional analysis. *Id.* at 3-4.

  The same reasoning applies here. The plaintiffs cannot point to a single intentional contact by Mizuho with Illinois. The only reason this case was filed in Illinois is that one of the named plaintiffs lives there. But under *Noboa* and *Walden*, the plaintiff's contacts with the forum are not germane to the jurisdictional analysis. *Noboa*, at 3; *Walden*, 134 S. Ct. at 1122 (stating that "the plaintiff cannot be the only link between the defendant and the forum"). That is equally true whether the plaintiff's contacts consist of sitting at a computer in Illinois and wiring funds to a Japanese business via a Japanese bank, sitting at a computer in Illinois and booking a trip to a Mexican hotel, or just maintaining a residence somewhere in the state.

The plaintiffs argue that this case is different because Mizuho allegedly failed to tell Mt. Gox's customers that Mizuho was no longer providing certain services to Mt. Gox, such as outbound international wire transfers. (Dkt. 151 at 1, noting that Mizuho allegedly "hid what it was doing from the public".) But Mizuho's purported inaction in Japan does not constitute activity in Illinois of any kind, let alone conduct sufficient to confer jurisdiction over Mizuho in this Court. As noted in Mizuho's reply brief, after *Walden*, not even the defendant's knowledge that the plaintiff resides in Illinois (or the defendant's ability to "foresee . . . harm" to the plaintiff in that forum) is enough to enable an Illinois court to exercise personal jurisdiction. (Dkt. No. 155 at 4 (citing *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 802 (7th Cir. 2014)).)[1]

A recent case from the Northern District of Illinois provides further support for Mizuho's argument that, under *Walden*, the Court lacks specific personal jurisdiction. *See Gullen v. Facebook.com*, 2016 WL 245910 (N.D. Ill. Jan. 21, 2016). In *Gullen*, the plaintiff sued Facebook for collecting and storing biometric information about the plaintiff's face from pictures that were loaded onto Facebook. *Id.* at *1. According to the plaintiff, the court had specific personal jurisdiction over Facebook because Facebook "target[s] its facial recognition technology to millions of users who are residents of Illinois." *Id.* at *2. The court rejected this argument because Facebook uses "facial recognition software on all uploaded photos, not just those uploaded in or by residents of Illinois." *Id.* at *3. Because Facebook's practices affect all users the same way and were not specifically targeted at Illinois, the court ruled that it lacked specific personal jurisdiction. *Id.* at *2.

---

[1] Moreover, the Supreme Court's recent decision in *OBB Personenverkehr AG v. Sachs*, 136 S. Ct. 390 (2015), which was cited by the Seventh Circuit in *Noboa*, rejects the plaintiffs' argument (albeit in a slightly different context). The Supreme Court explained that "any plaintiff could recast virtually any claim of intentional tort . . . as a claim of failure to warn, simply by charging the defendant with an obligation to announce its own tortious propensity before indulging in it." *Id.* at 396.

3

Again, the same reasoning applies here. Mizuho's alleged decision to stop outbound wire transfers was not directed at the plaintiffs in Illinois, but was directed at its client, Mt. Gox, in Japan. To the extent that its decision had any impact on the plaintiffs – a contention Mizuho strongly disputes – it affected all Mt. Gox customers the same and was not in any way targeted at Illinois. Where, as here, a defendant's actions allegedly affect all users the same and are not specifically targeted at the forum, the court lacks specific personal jurisdiction. *See Advanced Tactical*, 751 F.3d at 802-03 (even though the defendant sent "two allegedly misleading emails to a list of subscribers that included Indiana residents and maint[ained] an interactive website," the court lacked specific personal jurisdiction because there was no "evidence that a defendant in some way targeted residents of a specific state, perhaps through geographically-restricted online ads"); *Gullen*, 2016 WL 245910, at *3 (no specific jurisdiction because the practices in question – namely, the use of facial recognition software – were applied to all photos, "not just those uploaded in or by residents of Illinois").

The absence of any activity by Mizuho intentionally targeted at Illinois is further reinforced by the absence of any Illinois-specific facts in the complaint. If, for example, the named plaintiffs happened to live in Michigan and Florida, instead of Illinois and California, the plaintiffs could have filed the very same lawsuit without changing one word (other than the residence of the plaintiffs), because nothing happened in Illinois that is relevant to this case. If the Court were to find specific personal jurisdiction over Mizuho here, Mizuho could equally be subject to specific personal jurisdiction in any state. According to the Seventh Circuit, such a ruling "where there is no limiting principle" would be inconsistent with *Walden* and offensive to "traditional notions of fair play and substantial justice." *See Advanced Tactical*, 751 F.3d at 803.

4

For these reasons and the reasons stated in Mizuho's memorandum of law and reply memorandum of law in support of its motion to dismiss for lack of personal jurisdiction, the Court should dismiss the case against Mizuho with prejudice.

MIZUHO BANK, LTD.

By:     */s/* Jason A. Frye
One of Its Attorneys

Jonathan S. Quinn (#6200495)
jquinn@ngelaw.com
Jason A. Frye (#6292848)
jfrye@ngelaw.com
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street
Chicago, IL 60602-3801
(312) 269-8000

Jerome S. Fortinsky (admitted *pro hac vice*)
jfortinsky@shearman.com
John A. Nathanson (admitted *pro hac vice*)
john.nathanson@shearman.com
Jeffrey J. Resetarits (admitted *pro hac vice*)
jeffrey.resetarits@shearman.com
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022-6069
(212) 848-4000


Dated: February 12, 2016

## **CERTIFICATE OF SERVICE**

I, Jason A. Frye, an attorney, hereby certify that I caused a true and correct copy of **Defendant Mizuho Bank, Ltd.'s Supplemental Memorandum of Law to Address Recent Additional Authority in Support of Its Motion to Dismiss for Lack of Personal Jurisdiction** to be served upon all counsel of record using the Court's CM/ECF electronic filing system on the 12th day of February, 2016.

                                                                   /s/ Jason A. Frye