# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GREGORY GREENE and JOSEPH LACK, individually and on behalf of all others similarly situated, | ) ) ) ) |
| *Plaintiffs*, | ) Case No. 14 C 01437 ) |
| v. | ) Judge Gary Feinerman ) Magistrate Judge Susan E. Cox |
| MIZUHO BANK, LTD., a Japanese financial institution, and MARK KARPELES, an individual, | ) ) ) ) |
| *Defendants*. | ) ) ) |

## DEFENDANT MIZUHO BANK, LTD.'S MOTION
## FOR CERTIFICATION FOR INTERLOCUTORY APPEAL

Defendant Mizuho Bank, Ltd. ("Mizuho"), by its attorneys, and pursuant to 28 U.S.C. § 1292(b), respectfully moves for certification for interlocutory appeal of the Court's March 14, 2016 Order (the "Order") denying Mizuho's motion to dismiss for lack of personal jurisdiction [Dkt. 200.] In support of this motion (the "Motion"), Mizuho states as follows:

1.  This Court's Order denying Mizuho's motion to dismiss for lack of personal jurisdiction is apparently the first reported opinion to address a novel question: whether a foreign defendant's alleged silence or inaction (in this case, when accepting funds for deposit) can constitute intentional contact with a forum state sufficient by itself to support personal jurisdiction.

2.  In deciding the motion to dismiss for lack of personal jurisdiction, the Court also had to determine whether a foreign bank defendant's alleged adoption of a policy that equally affected thousands of individuals around the world (in this case, a policy in which it allegedly continued to accept incoming international wire transfers but stopped processing outbound

international wire transfers), or the foreign bank defendant's failure to disclose this policy to its customer's customers, was sufficient to subject it to personal jurisdiction in any forum state where any of those individuals might be located.

3. Because these are (i) "controlling questions of law," (ii) as to which there is a "substantial ground for difference of opinion," and (iii) resolving these issues would "materially advance the ultimate termination of the litigation," they satisfy the requirements for certification under Section 1292(b).

4. Mizuho therefore respectfully requests that the Court certify the following questions of law for immediate appellate review:

(a) May a foreign defendant's alleged silence or inaction (in this case, when accepting funds for deposit) constitute intentional contact with a forum state sufficient by itself to support personal jurisdiction consistent with the requirements of the Due Process Clause of the United States Constitution?

(b) May a foreign defendant's adoption of a policy that equally affects thousands of individuals around the world, or its failure to disclose such a policy to those individuals, subject it to personal jurisdiction in each forum state where any of those individuals may be located consistent with the requirements of the Due Process Clause of the United States Constitution?

5. The points and authorities supporting Mizuho's Motion are set forth in its Memorandum of Law, which is filed contemporaneously with its Motion.

WHEREFORE, Mizuho Bank, Ltd. respectfully requests that this Court grant its Motion and certify the foregoing questions of law for immediate appellate review in accordance with 28 U.S.C. § 1292(b).

MIZUHO BANK, LTD.

By:   /s/ Jason A. Frye
        One of Its Attorneys

Jonathan S. Quinn (#6200495)
jquinn@ngelaw.com
Jason A. Frye (#6292848)
jfrye@ngelaw.com
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street
Chicago, IL  60602-3801
(312) 269-8000

Jerome S. Fortinsky (admitted *Pro Hac Vice*)
jfortinsky@shearman.com
John A. Nathanson (admitted *Pro Hac Vice*)
john.nathanson@shearman.com
Jeffrey J. Resetarits (admitted *Pro Hac Vice*)
jeffrey.resetarits@shearman.com
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022-6069
(212) 848-4000

*Attorneys for Defendant Mizuho Bank, Ltd.*


Dated:  April 21, 2016