# **EXHIBIT B**

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREGORY GREENE and JOSEPH LACK, individually and on behalf of all others similarly situated, | )<br>)<br>)<br>) |
| Plaintiffs, | ) Case No. 14 C 01437<br>) |
| v. | ) Judge Gary Feinerman<br>) Magistrate Judge Susan E. Cox |
| MIZUHO BANK, LTD., a Japanese financial institution, and MARK KARPELES, an individual, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

## DECLARATION OF HIROTAKA URANAKA

I, Hirotaka Uranaka, declare as follows:

1. I am an attorney admitted to practice law in Japan. I was admitted to the Japanese bar and began practicing law in 1997 (Attorney Registration 25144).

2. I am a partner in the law firm of Iwata Godo in Tokyo, Japan. At Iwata Godo, I practice and specialize in commercial litigation. My legal practice includes general corporate affairs and legal advice on a daily basis to financial institutions (Japanese mega-banks, regional banks, foreign banks, leasing companies) and to business corporations in a variety of industries. My representation of and advice to financial institutions covers a wide variety of topics, including, but not limited to, advice in connection with lawsuits (e.g., complex multi-party commercial litigation, securities litigation, debt collection), business insolvency, execution of judgments, and analysis of regulations. A *curriculum vitae* setting forth my professional qualifications and experience is annexed hereto as Exhibit 1.

1

3. I am admitted to practice law in New York State, and have been since 2003 (Attorney Registration #4176483).

4. The information set forth in this declaration is based on my knowledge of Japanese law and experience practicing law in Japan.

5. I submit this declaration in support of Mizuho Bank, Ltd.'s Motion To Dismiss The Second Amended Class Action Complaint For Failure To State A Claim Or Alternatively For *Forum Non Conveniens* in the above-captioned case.

6. I understand that the plaintiffs in this case ("Plaintiffs") have asserted three causes of action against Mizuho Bank, Ltd. ("Mizuho"): tortious interference with contract, unjust enrichment, and fraudulent concealment).

7. In this declaration, I provide a brief overview of the Japanese judicial system and explain the elements of the causes of action available under Japanese law that I consider to be most similar to the causes of action asserted by the Plaintiffs. I also explain how a Japanese court would analyze the law and apply it to the specific facts of a case.

**Japanese Judicial System and the Civil Code of Japan**

8. The Constitution of Japan provides that judicial power is independent of legislative and executive powers, and is vested only in a Supreme Court and in such lower courts as are established by law. These principles are based on the same concept of the "separation of powers" reflected in the U.S. Constitution.[1] One of the characteristics of the Japanese judicial system that is different from the U.S. judicial system is that Japan has adopted a civil law system. Under this system, prior judicial decisions do not serve as an official source of law in the sense that they do not on their own have a binding force on the courts (though they

---

[1] For details of the court system in Japan, see Supreme Court website at http://www.courts.go.jp/english/judicial_sys/Court_System_of_Japan/index.html

2

are strongly relied on in practice by the courts and attorneys in the interpretation and application of statutory law).

9. In terms of civil litigation, the Civil Code (Act No. 89, April 27, 1896) is the fundamental, comprehensive and substantive statute related to the rights and obligations in civil matters. Most causes of action in civil lawsuits are prescribed in the Civil Code, and the three causes of action against Mizuho in this case (tortious interference with contract, fraudulent concealment and unjust enrichment) could be formulated as causes of action under the Civil Code as a general tort (Article 709 of the Civil Code), unjust enrichment (Article 703 of the Civil Code), and/or breach of contract (Article 415 of the Civil Code), the requisite elements of which I describe below. Japanese law provides a means of redress for plaintiffs that prove tortious interference with contract, unjust enrichment or fraudulent concealment, but the formulation of each of these causes of action under Japanese law is different from what I am told is the formulation of each of these causes of action under Illinois law.

**Tortious Interference with Contract**

10. A person's interference with another's contractual relationship in any form could fall under the general tort prescribed in Article 709 of the Civil Code, which states as follows:

> "A person who has intentionally or negligently infringed any right of others, or legally protected interest of others, shall be liable to compensate any damages resulting in consequence."

11. There are four requisite elements for a general tort prescribed in Article 709 of the Civil Code:

(a) Infringement of a right or legally protected interest

3

The determination of whether or not a right has been infringed is made by comparing the extent of the legal protection of the right and the extent of the illegality of the infringement.

(b) Defendant's intent or negligence regarding item (a)

"Intent" means a state of mind whereby one acts to knowingly infringe on the rights of another or otherwise with the awareness that facts may arise which will be regarded to be illegal. "Negligence" means a state of mind where one does not recognize the potential of these facts due to a lack of care.

(c) Occurrence and amount of damages (damages)

"Damages" includes property damages as well as pain and suffering.

(d) Causal relationship between item (a) and item (c) (causal relationship)

A "causal relationship" is determined from the viewpoint of whether or not it would be proper to hold an actor responsible for the results (damages) based on the circumstances foreseen or foreseeable to the actor as of the time of the infringement.

12. In practice, it is understood that the item (a) requirement of an infringement of a right is particularly important and difficult because the court must determine whether or not the infringement on a contractual relationship of another constitutes a tort. In order to do so, judges make a determination on a case by case basis taking into consideration the nature and features of the specific contract at issue (the extent of the legal protection of the plaintiff's rights under the contract) and the manner of the infringement (whether it is construed as a violation of a criminal law, violation of administrative law, violation of public order and good morals, or like violation, and the degree of such violation). There is an accumulation of scholarly theories and judicial

4

precedent on how the elements of the tort are to be interpreted and how the principles are to be applied to different types of disputes, and as such, courts seek to apply the law in a manner that is consistent with these theories and precedent.

**Unjust Enrichment**

13. Article 703 of the Civil Code prescribes the following with regard to unjust enrichment:

> "A person who has benefited (hereinafter, in this Chapter referred to as a "beneficiary") from the property or labor of others without legal cause and has thereby caused loss to others shall assume an obligation to return that benefit, to the extent such benefit exists."

14. The requisite elements for unjust enrichment as set forth in Article 703 of the Civil Code are as follows:

   (a) Loss on the part of the plaintiff;

   (b) Benefit on the part of the defendant;

   (c) A causal relationship between item (a) and item (b);

   (d) A lack of a legal cause for item (b).

15. With regard to the benefit referenced in item (b) above, the scope of a defendant's obligation to return the benefit varies depending on whether or not the defendant was aware of the lack of a "legal cause" referenced in item (d). Defendants who are unaware of a lack of a legal cause owe a duty to return the benefit "to the extent such benefit exists" (Civil Code, Article 703), while defendants who are aware of the lack of a legal cause must return the benefit with interest, and are obligated to compensate any damages (Civil Code, Article 704).

5

16. As with the elements for general tort, the elements of unjust enrichment are open to interpretation, and there is an accumulation of scholarly theories and judicial precedent on how the elements of unjust enrichment are to be interpreted and how the principles are to be applied to different types of disputes. Although interpretive guidance exists, a consensus has not yet been reached as to all aspects of the law on unjust enrichment, including, for instance, (i) the issue of whether the causal relationship of item (c) above is limited to a direct relationship or whether it may include an indirect relationship, and (ii) the scope of the "to the extent such benefit exists" language, and other important requirements. In reality, judges take into consideration the accumulated scholarly theories and judicial precedents on a case by case basis according to the type of the dispute to reach a substantively reasonable conclusion.

**Fraudulent Concealment**

17. The act of failing to disclose or explain certain facts could constitute breach of contract liability between parties in a contractual relationship (Article 415 of the Civil Code) or could constitute a general tort for a party that is not in a contractual relationship. The requirements for general tort are addressed in items 10 through 12 above, and will not be repeated here.

18. Article 415 of the Civil Code prescribes the following with regard to breach of contract liability:

> "If an obligor fails to perform consistent with the purpose of its obligation, the obligee shall be entitled to demand damages arising from such failure. The same shall apply in cases it has become impossible to perform due to reasons attributable to the obligor."

19. The requisite elements for breach of contract in connection with a concealment of information are as follows:

   (a) A contractual relationship exists between the plaintiff and defendant;

   (b) The defendant owes a contractual or legal duty to disclose or explain facts;

   (c) There is a breach of this duty;

   (d) Damages are suffered;

   (e) There is a causal relationship.

20. The duty to disclose or explain in item (b) is construed to exist in any of the following cases:

   (i) If there is an express agreement that such a duty exists in the corresponding contract;

   (ii) If such a duty exists by law (Act on Sales, etc. of Financial Instruments[2], Financial Instruments and Exchange Act[3], Building Lots and Buildings Transaction Business Act[4], etc.); or,

   (iii) If a duty to explain is construed (by a judge) to exist under the principle of good faith as a duty incidental to the essence of a certain contractual obligation (judicial analysis is required regarding the duty to explain under the principle of good faith since the scope of this duty is difficult to generalize, and an individual examination is needed in each case).

**Practical Application of Law in Japanese Courts**

---

[2] Act No. 101 of May 31, 2000
[3] Act No. 25 of April 13, 1948
[4] Act No. 176 of June 10, 1952

7

21. As presented above, the requisite elements for tort, unjust enrichment, and breach of contract under the Civil Code have intentionally adopted broad wording to maintain the nature of the Civil Code as general and basic law.

22. As such, when judges in Japan apply the laws of Japan, in particular the Civil Code, to a particular dispute, often they rely on judicial precedent of the Supreme Court or lower courts regarding the meaning and interpretation of the respective requirements for the cause of action, and the limits on the application thereof, and ordinarily judges require counsel to present relevant rulings to support their arguments. In addition, consideration is given to the scope of the application of other laws and ordinances so that the scope of the application of the Civil Code does not contradict the scope of the application of other laws and ordinances of Japan.

23. Further, since Mizuho, one of the defendants in this case, is a licensed commercial bank in Japan which is subject to strict banking regulations of Japan, I believe that the competent court exercising its jurisdiction over this case should be familiar with and take into consideration such Japanese banking regulations when determining whether requisite elements of the causes of actions (e.g., infringement, intent/negligence for tort, a lack of legal cause for unjust enrichment, and disclosure duty for breach of contract concealment, etc.) are met.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 24th day of May 2016 in Tokyo, Japan.

_____
Hirotaka Uranaka


**IWATA GODO**
Established 1902

**CURRICULUM VITAE**  URANAKA, Hirotaka  Exhibit 1
Attorney-at-law (Japan and NY)
Partner

**Practice Areas**
- Commercial Litigation
- Corporate Restructuring & Bankruptcy
- Banking & Finance
- Corporate Law/M&A

**Biography**
Mr. Uranaka's practice mainly focuses on commercial litigation representing Japanese banks and various bankruptcy matters. Also, he routinely represents and provides major Japanese financial institutions and manufacturing companies listed on the Tokyo Stock Exchange with legal advices in financial and corporate areas ranging from various lawsuits (e.g. debt collection; damage compensation for tort and breach of contract, etc.), business insolvency, execution of judgements, analysis of regulations, documentation, corporate restructuring, corporations law and to mergers and acquisitions.

**Experiences**
His experience in handling various litigations includes multi-party lawsuits (by representing plaintiff consumers for class actions), disputes both between companies and against government agencies regarding damage compensation, online defamation, leakage of information, product liability, system development conflict, and overwork death and harassment, international double suits, and recognition and enforcement of foreign judgments in Japan. He also acted as a legal counsel and deputy trustee in high-profile business bankruptcy cases (e.g., Mita Kogyo, Nippon Lease and Nippon Auto Lease).

**Education**
LL.M., New York University, 2002
LL.B., University of Kyoto, 1995

**Bar Admissions**
- Japan (1997)
- New York (2003)

**Recent Publication**
- Q&A for civil rehabilitation proceedings (Economic Legal Research Institute, 2000) (co-author)
- Legal issues posed by electronic commerce – Current situations and challenges (No.1565, 1566, 1570 of Kinyu Homu Jijo, 1999, 2000)
- The status of discussion on rights plan (trust-type and pre-warning-type) (No.602 of Minji Kenshu, 2007)

**Language**
- Japanese (first language)
- English

www.iwatagodo.com I © Iwata Godo 2016 I MARUNOUCHI BLDG. 10th FLOOR, 2-4-1 MARUNOUCHI, CHIYODA-KU, TOKYO 100-6310 JAPAN, TEL: 81-3-3214-6205 FAX: 81-3-3214-6209