# EXHIBIT C

Court File No. CV-14-500253-00CP

# ONTARIO
# SUPERIOR COURT OF JUSTICE

**B E T W E E N**

DAVID JOYCE, SANCHO McCANN,
ALEXANDRE PEPIN and PAUL COLLIN

Plaintiffs

and

MTGOX INC., MT. GOX KK, TIBANNE KK, MT. GOX NORTH AMERICA INC.,
MIZUHO BANK, LTD., MARK KARPELES and JED MCCALEB

Defendants

Proceeding under the *Class Proceedings Act, 1992*

# MOTION RECORD
### (Motion for Dismissal)

Date: May 4, 2016

**CHARNEY LAWYERS**
151 Bloor Street W., Ste. 602
Toronto ON   M5S 1P7

Theodore P. Charney
LSUC #26853E
Brendan O'Grady
LSUC #66419D

Tel:    416.964.7950
Fax:    416.964.7416

**Lawyers for the plaintiffs**

TO:

**MCCARTHY TETRAULT LLP**
Suite 5300, TD Bank Tower
Box 48, 66 Wellington Street West
Toronto ON M5K 1E6

Paul Steep
Shane D'Souza

Tel: 416-601-8196
Fax: 416-868-0673

**Lawyers for Mizuho Bank, Ltd.**

-AND-

**LENCZNER SLAGHT ROYCE SMITH GRIFFIN LLP**
130 Adelaide St. W. Suite 2600
Toronto, ON M5H 3P5

Matthew B. Lerner
Tel: 416-865-2940
Fax: 416-865-2840

**Lawyers for Mark Karpeles & Tibanne KK**

# Tab 1

Court File No. CV-14-500253-00CP

**ONTARIO**
**SUPERIOR COURT OF JUSTICE**

B E T W E E N

**DAVID JOYCE, SANCHO McCANN,**
**ALEXANDRE PEPIN and PAUL COLLIN**

Plaintiffs

and

**MTGOX INC., MT. GOX KK, TIBANNE KK, MT. GOX NORTH AMERICA**
**INC., MIZUHO BANK, LTD., MARK KARPELES and JED MCCALEB**

Defendants

Proceeding under the *Class Proceedings Act, 1992*

**NOTICE OF MOTION**

**THE PLAINTIFFS** will make a motion to the Honourable Justice Paul M. Perell on Monday May 10, 2016 at 10:30 a.m, or soon after that time as the motion can be heard, at 130 Queen Street West, Toronto, ON.

**PROPOSED METHOD OF HEARING:**

1.      Orally.

**THE MOTION IS FOR THE FOLLOWING RELIEF:**

1.      An Order dismissing the action on consent against the defendants, Mizuho Bank, Ltd and Mark Karpeles on a without costs basis;

2.      Notice of the settlement will be disseminated by:

a.      Email to all putative class members who registered with class counsel;

b.      Posting to online discussion forums on www.Reddit.com;

c.      Posting to a dedicated Facebook maintained by class counsel; and

d.      Requesting that it be posted to www.Wizsec.jp, a prominent website reporting on the subject matter.

3.      Such further and other relief as this Honourable Court deems just.

**THE GROUNDS FOR THIS MOTION ARE:**

1.      The plaintiffs have all consented to dismissing the action on a without costs basis;

2.      There is no prospect of recovering against Mark Karpeles;

3.      The potential damages against Mizuho Bank Ltd do not justify a class action;

4.      The defendant, Mark Karpeles, does not appear to have any responsive insurance coverage or assets against which the class could recover on a judgment;

5.      The defendant, Mizuho Bank Ltd, may not be liable for losses of bitcoins which represent the vast majority of losses sustained by the putative class;

6.      The total value of government-issued currency lost by the putative class for which Mizuho Bank Ltd may be found liable is probably less than $1,000,000; and

7.      Mizuho Bank Ltd is domiciled in Japan and has moved to challenge the jurisdiction of this Court to hear the class action.

8.      Notice to the putative Class of the settlement can be effectively achieved by means proposed by counsel

**THE FOLLOWING DOCUMENTARY EVIDENCE** will be used at the hearing of the motion:

3

1.     Affidavit of Brendan O'Grady sworn May 4, 2016;

2.     Affidavit of Alexandre Pepin sworn April 27, 2016;

3.     Affidavit of Paul Collin sworn April 27, 2016;

4.     Affidavit of David Joyce sworn April 28, 2016; and

5.     Affidavit of Sancho McCann sworn April 29, 2016.

Date: May 4, 2016

**CHARNEY LAWYERS PC**
151 Bloor St. W, Suite 602
Toronto, ON   M5S 1P7

Tel:  (416) 964-7950
Fax: (416) 964-7416

**Theodore P. Charney**
**(LSUC #26853E)**
**Brendan O'Grady**
**(LSUC #66419D)**

Lawyers for the Plaintiffs

TO:      **Paul Steep and Shane D'Souza**

MCCARTHY TETRAULT LLP
Suite 5300, TD Bank Tower
Box 48, 66 Wellington Street West
Toronto ON M5K 1E6

Email:  psteep@mccarthy.ca; sdsouza@mccarthy.ca
Fax No: 416-868-0673

*Lawyers for Mizuho Bank Ltd*

**AND TO:**     **Matthew B. Lerner**
LENCZNER SLAGHT ROYCE
SMITH GRIFFIN LLP
130 Adelaide St. W. Suite 2600
Toronto, ON M5H 3P5

Email: mlerner@litigate.com
Fax No: 416-865-2840

*Lawyer for Mark Karpeles & Tibanne KK*

| JOYCE, et al. | | | |
|---|---|---|---|
| **Plaintiffs** | | | |
| | v. | | **Court File No.:** CV-14-500253-00CP |
| MTGOX INC., et al. | | | *Ontario* |
| **Defendants** | | | **SUPERIOR COURT OF JUSTICE** |
| | | | Proceeding commenced at Toronto |

**NOTICE OF MOTION**

**CHARNEY LAWYERS**
151 Bloor Street West, Suite 602
Toronto ON M5S 1P7

**Theodore P. Charney**
LSUC No.: 26853E
**Brendan O'Grady**
LSUC No.: 66419D

**Tel:** (416) 964-7950
**Fax:** (416) 964-7416

Lawyer for the Plaintiffs

# Tab 2

Court File No. CV-14-500253-00CP

**ONTARIO**
**SUPERIOR COURT OF JUSTICE**

**B E T W E E N**

DAVID JOYCE, SANCHO McCANN,
ALEXANDRE PEPIN and PAUL COLLIN

Plaintiffs

and

MTGOX INC., MT. GOX KK, TIBANNE KK, MT. GOX NORTH AMERICA INC.,
MIZUHO BANK, LTD., MARK KARPELES and JED MCCALEB

Defendants

Proceeding under the *Class Proceedings Act, 1992*

**AFFIDAVIT OF BRENDAN O'GRADY**
**Sworn May 4, 2016**
**(Motion for Dismissal)**

I, BRENDAN O'GRADY, of the City of Toronto, in the Province of Ontario,

MAKE OATH AND SAY:

1.      I am an associate with the law firm of Charney Lawyers PC, counsel of record for

the plaintiffs.  As such, I have knowledge of the matters to which I hereinafter depose,

except where the statements are based on information and belief, in which case I have

disclosed the source of the information, and I believe the information to be true.

**Introduction**

2.    I make this affidavit in support of the plaintiffs' motion for approval of a settlement to this class action whereby the claims against the two remaining defendants, Mizuho Bank, Ltd and Mark Karpeles, are dismissed on consent and on a without costs basis.

**Background Information about The Class Action**

3.    This class action arose from the collapse of the MtGox Bitcoin exchange, which was an online marketplace to trade "**bitcoins**", an unregulated digital currency, in exchange for government-issued currency ("**fiat currency**"). Users of the exchange could store their bitcoins in digital vaults maintained by the exchange (although bitcoins were allegedly misappropriated) and user's fiat currency was allegedly stored in the exchange's bank accounts at Mizuho Bank Ltd.

4.    In October 2013, the MtGox Bitcoin exchange abruptly went offline and most of its users have since been unable to retrieve their bitcoins from the exchange. Some users also had fiat currency stored at MtGox that has been irretrievable since the exchange went offline.

5.    The class action was commenced on behalf of all Canadian users of the MtGox

Bitcoin exchange in March 2014.The intention was to seek certification for settlement

purposes in order coordinate with a class action for United States class members to make

a joint proposal in bankruptcy proceedings in Japan.


6.    On April 24, 2014, Mt. Gox Co. Ltd. obtained bankruptcy protection in Japan. The

trustee in bankruptcy, Nobuaki Kobayashi, applied to the Ontario Superior Court to stay

the class action against Mt Gox which was granted by Justice Newbould.


7.    The action was certified for settlement purposes by order of Justice Conway dated

September 23, 2014, attached as **Exhibit "A"**.


8.    The Class proposal was rejected by the trustee at which time the plaintiffs applied

for an order setting aside the certification order.


9.    MtGox had no insurance that could respond to the class action. Attached as

**Exhibit "B"** is an email from Canadian counsel for the bankruptcy trustee of MtGox,

dated February 3, 2016, which confirmed that MtGox did not maintain any liability or

director and officer insurance. I believe the contents of this email to be truthful.


10.    The following persons were originally named as defendants:

      (a)    Mt. Gox KK, which is also known as Mt. Gox Co., Ltd ("**MtGox**")

    (b)    MtGox Inc, Mt. Gox North America Inc, Tibanne KK, which are corporate entities related to MtGox;

    (c)    Jed McCaleb, the founder and former owner of MtGox;

    (d)    Mark Karpeles, the owner and chief executive of MtGox; and

    (e)    Mizuho Bank Ltd, the banker of MtGox ("**Mizuho Bank**").

11.    The claims against MtGox Inc, Mt Gox KK, Tibanne KK, Mt. Gox North America Inc were discontinued on consent by order of Justice Perell dated November 3, 2015. Claims against Jed McCaleb were also discontinued on consent because he had sold MtGox to Mark Karpeles before the subject time period and had not involvement thereafter with MtGox.

12.    Only claims against Mark Karpeles and Mizuho Bank were maintained.  However, for reasons explained below, it is now apparent to my law firm and the representative plaintiffs that the class action is unsustainable.

13.    According to news reports, Tokyo police discovered a massive fraud perpetrated by Mark Karpeles and the majority of users' bitcoins still remain at large. Mark Karpeles was arrested by Tokyo police and, according to his lawyer in these proceedings, remains incarcerated pending trial for offences relating to MtGox.

**Mark Karpeles**

14.    I have read in the media and I heard Matthew Lerner, counsel for Mark Karpeles,
submit to the Court in a case conference on January 21, 2016 that Mr. Karpeles was at
that time incarcerated in Japan. Given Mr. Karpeles's alleged role in a massive, global
fraud, I doubt that he has any free assets. It also seems unlikely that he has any assets in
Ontario where the plaintiffs and class could recover without engaging in complex and
costly, trans-jurisdictional enforcement efforts.

15.    For this reason, it is the opinion of Charney Lawyers PC that, even if judgment is
obtained against Mr. Karpeles, it would be difficult if not impossible to recover upon.

**Mizuho Bank**

16.    The four representative plaintiffs advised me and deposed in their affidavits
included in this record, and I verily believe, that they all lost Bitcoin in the collapse of
MtGox and none lost fiat currency because none had deposited fiat currency into MtGox.
They only deposited Bitcoins which they had either purchased or "mined" (i.e. created
over time with software).  All of the representative plaintiffs joined this lawsuit in order
to recover the lost value of their bitcoins.

17.     From my review of media and industry reports, and from conversations with the plaintiffs, I do not believe that Mizuho Bank ever handled Bitcoins, nor had any role in storing, transferring or tracing Bitcoins. Mizuho Bank only handled fiat currency.

18.     For this reason, it is the opinion of Charney Lawyers PC that Mizuho Bank may be held liable for lost currency however Mizuho Bank may not be held liable for the value of lost bitcoins.

**Reported Losses in Canada**

19.     On February 3, 2016, Mr. Charney wrote to Margaret Sims, Canadian counsel for the MtGox Trustee in Bankruptcy, requesting a list of Canadian creditors outlining their total losses. Ms. Sims replied on February 8, 2016 that "the trustee has never agreed to, and does not agree to, providing the requested Canadian creditor list or estimated claim amounts." This correspondence is attached as **Exhibit "C"**.

20.     Charney Lawyers PC created a website for the class action which explains basic information about the litigation. This website also contains a questionnaire which allows putative class members to register their names and contact details, and report their losses and other details relating to their experience with MtGox. I am responsible for monitoring and maintaining the website and the registration system.

21.     One hundred and seven former users of the MtGox have completed the registration questionnaire. These registrants claim to reside in Canada. These registrants claimed to have lost approximately 10,500 Bitcoin. I previously deposed in an Affidavit sworn January 13, 2016 that one bitcoin was at that time worth $614.77 CAD, meaning 10,500 bitcoins were worth approximately $6,460,000 CAD.

22.     Only forty eight registrants claimed to have lost fiat currency. Their reported losses total approximately $126,000 USD, $18,800 CAD and $528,000 in unspecified currency ($672,800 total). Regarding the US currency, after removing two outliers reporting losses of $15,000 and $91,000, the average reported claim is for $1,322 USD. Regarding the Canadian currency, after removing one outlier reporting losses of $9,750, the average reported claim is for $1,500. Regarding the currency not specified to be US or Canadian, after removing outliers reporting losses of $10,000, $11,504, $12,253, $16,000, $33,000, $34,407, $130,000 and $250,000, the average reported claim is for $1,969.19.

23.     Judging from the reported losses of the online registrants and the experiences of the putative representative plaintiffs, and having reviewed extensive media coverage and reports of the bankruptcy trustee, bitcoin losses rather than fiat currency losses appear to represent the majority of losses sustained by the putative class members in the collapse of MtGox. Our one hundred and seven registrants total losses are $7,132,800 but the currency losses are only 10%.

24.     According to the Affidavit of Nobuaki Kobayashi, MtGox Trustee in Bankruptcy, sworn September 22, 2014, there are 2,458 known Canadians who has bitcoins or fiat currency deposited with MtGox at the time of Japanese bankruptcy petition.

25.     If we assume that 10% of the creditors lost fiat currency, and accepting that the average fiat currency losses reported to class counsel are commensurate with average losses across the putative class, then the total claims for lost currency is roughly $490,000 as follows:

    245 users          10% of total Canadian users of MtGox
    × ~ $2000          average reported lost currency
    = ~ $490,000

26.     It therefore appears that the only solvent entity against whom judgment can be recovered, Mizuho Bank, could only be held liable for a fraction of the total losses sustained by the putative class.

**There is a Significant Jurisdiction Challenge**

27.     Mizuho Bank and Mark Karpeles brought a motion to challenge this Court's jurisdiction to hear the class action. Our firm has vigorously defended the motion by filing extensive affidavits, bringing motions and preparing for argument.

28.     I have discussed this motion with Mr. Theodore Charney, senior counsel at

Charney Lawyers PC. We are of the opinion that there is a reasonable prospect that

Mizuho Bank's jurisdiction motion may be dismissed but the motion is not entirely

without merit. Hence there is a risk it may succeed and there is a real prospect of appeals

which will increase costs and legal fees before the certification motion even proceeds, as

well as the ultimate trial of this matter.

**Cost Consequences**

29.     Class counsel provided each representative plaintiff a complete indemnity against

adverse costs awards.

30.     It is the opinion of Charney Lawyers PC that this action is unlikely to settle before

certification.

31.     As a result, there is significant costs exposure in the jurisdiction motion as well as

the certification motion, in addition to likely appeals from each.

**Charney Lawyers PC and the Proposed Representative Plaintiffs Regard the Class**

**Action as Unsustainable**

32.     I was present during phone calls between Mr. Charney and each of the representative plaintiffs. Mr. Charney explained his view that the resources that must be devoted to this matter, the risks of the case being dismissed and the risks of adverse costs cannot be justified when the amount in issue could be as little as $700,000 in currency.

33.     Mr. Charney explained his view that there is no purpose to prosecuting claims against Mark Karpeles in light of how there is no responsive insurance coverage, the improbability of him having any free assets, and the difficulty in recovering against any assets he may have even if a judgment were to be obtained.

34.     Mr. Charney explained his view that prosecuting claims against Mizuho Bank is not worthwhile because the time, expenses, resources and costs exposure outweighs the potential recovery when Mizuho Bank is likely not responsible for the lost bitcoins which represent most of the losses sustained by the putative class. Mr. Charney further explained how the relative dearth of lost fiat currency reported to class counsel, the serious jurisdiction challenge, and the significant ongoing costs exposure to prosecuting the claims all supported the conclusion that the action should not be maintained.

35.     Each of the representative plaintiffs agreed with these conclusions and consented to dismissing the action on a without costs basis.

36.     To date, Charney Lawyers PC has incurred $13,049.53 in disbursements and docketed in the range of $256,000. Unfortunately, the recoverable damages in this class action appear to be too small to warrant the continuation of the proceeding.

**Notice to the Putative Class**

37.     If this motion is granted, Class Counsel would propose to inform the putative class members about this motion through online means.

38.     I believe that it is reasonable to assume that Bitcoin users tend to be technologically-inclined and aware of online discussions. Online means of informing the putative class of this motion are, in my opinion, the most likely means of reaching the most people.

39.     I would post a notice of this motion, substantially in the form of the draft notice attached as **Exhibit "D"**, on the class action webpage.

40.     I have also maintained a private Facebook group to which some of the putative class members have subscribed. I would post the notice of this motion on the Facebook group webpage.

12

41.    I have seen discussion boards on the website Reddit.com which continue to host active conversations about the collapse of MtGox and resultant lawsuits. I would post notice of this motion on Reddit and similar forums, where the notice may be shared and reposted onto other forums.

42.    One prominent website, Wizsec.jp, has performed detailed forensic investigations of the collapse of MtGox and regularly reports on the Japanese insolvency and related matters. I would contact this website and request that the notice of this motion be posted there.

43.    I would also send notice of this motion via email to all of the registrants.

44.    I swear this affidavit for no improper purpose.


SWORN BEFORE ME at the City of          )
  Toronto, in the Province of Ontario,          )
this 4th day of May, 2016          )
          )
_____          )
Commissioner for taking affidavits

_____
BRENDAN O'GRADY

| JOYCE, et al. | v. | MTGOX INC., et al. | Court File No.: CV-14-500253-00CP |
|---|---|---|---|
| Plaintiffs | | Defendants | |

*Ontario*
SUPERIOR COURT OF JUSTICE

Proceeding commenced at Toronto

AFFIDAVIT OF BRENDAN O'GRADY
Sworn May 4, 2016
(Motion for Dismissal)

CHARNEY LAWYERS
151 Bloor Street West, Suite 602
Toronto ON M5S 1P7

Theodore P. Charney
LSUC No.: 26853E
Brendan O'Grady
LSUC No.: 66419D

Tel: (416) 964-7950
Fax: (416) 964-7416

Lawyer for the Plaintiffs

**Court File No.:** CV-14-500253-00CP

JOYCE, et al.                    v.              MTGOX INC., et al.

**Plaintiffs**                                   **Defendants**

---

*Ontario*
**SUPERIOR COURT OF JUSTICE**

Proceeding commenced at Toronto

---

**MOTION RECORD**
(Motion for Dismissal)

---

May 10, 2016.

The plaintiffs seek an order dismissing this proposed class action pursuant to s.29 of the Class Proceedings Act, 1992, S.O. 1992 c. 6. The action has already been discontinued against all but two defendants, who consent to the plaintiffs' motion. Having read the motion record, I am satisfied that pursuant to s. 29 of the Act, the motion should be granted as requested. I am also satisfied with the notice plan, with the dismissal to take effect on June 17, 2016.

Perell. J.

**CHARNEY LAWYERS**
151 Bloor Street West, Suite 602
Toronto ON M5S 1P7

**Theodore P. Charney**
LSUC No.: 26853E
**Brendan O'Grady**
LSUC No.: 66419D

**Tel:** (416) 964-7950
**Fax:** (416) 964-7416

Lawyer for the Plaintiffs