# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |
|---|---|
| GREGORY GREENE, JOSEPH LACK, and ANTHONY MOTTO, individually and on behalf of all others similarly situated, | |
| *Plaintiffs*, | No. 1:14-cv-01437 |
| v. | Hon. Gary Feinerman |
| MIZUHO BANK, LTD., a Japanese financial institution, and MARK KARPELES, an individual, | Magistrate Judge Susan Cox |
| *Defendants*. | |

## PLAINTIFFS' RESPONSE TO MIZUHO'S SUPPLEMENTAL MEMORANDUM

Pursuant to the Court's order (Doc. 219), Plaintiffs Gregory Greene, Joseph Lack, and Anthony Motto hereby submit their reply to Mizuho's supplemental memorandum (Doc. 220):

In its motion to dismiss this case, either for failure to state a claim or for *forum non conveniens*, Mizuho asserted—without providing any analysis—that Japanese law should apply to this dispute. Mizuho has now filed a supplemental memorandum and "expert" declaration, which purports to conduct the analysis it omitted from its earlier briefing. But, Mizuho once again fails to justify a choice-of-law analysis.

To recap, Illinois's choice-of-law rules govern in this action. *See Auto-Owners Inc. Co. v. Websolv Computing, Inc.*, 580 F.3d 543, 547 (7th Cir. 2009). Under Illinois's rules, the law of the forum state—Illinois—applies unless a choice-of-law analysis dictates otherwise. *Sterling Fin. Mgmt., LP v. UBS Paine Webber, Inc.*, 782 N.E.2d 895, 899 (Ill. App. Ct. 2002), *abrogated in unrelated part by Bridgeview Health Care Ctr. Ltd. v. State Farm Fire & Cas. Co.*, 10 N.E.3d 902, 909 (Ill. 2014). But Illinois law requires a "threshold showing" before conducting a choice-

of-law analysis that might displace the application of this forum's law. *Spitz v. Proven Winners N. Am., LLC* 759 F.3d 724, 729 (7th Cir. 2014). Under Illinois law, "a choice-of-law determination is required only when a difference in law will make a difference in the outcome." *Bridgeview Health Care Ctr.*, 10 N.E.3d at 905. Demonstrating that a material conflict exists is Mizuho's burden. *Id.* And any conflict, the Illinois Supreme Court has made clear, must be "actual," rather than "potential." *Id.* at 909.

Mizuho's belatedly proffered expert declaration on Japanese law does not cure the deficiencies in Mizuho's motion to dismiss. Once again, Mizuho falls woefully short of demonstrating that an actual, material conflict of law exists to justify a choice of law determination. To the contrary, Mizuho appears to give the game away, as its catalog of the various elements of the three torts under both Japanese and Illinois law shows only that the torts have strikingly similar elements under both bodies of law. On its face, Mizuho's memorandum and Mr. Uranaka's declaration show that there is no conflict of law. Moreover, Mr. Uranaka does not opine in any way on how the application of Japanese law would differ *in this case* from the application of Illinois law. (See generally Doc. 220-2.) Mr. Uranaka informs the Court that "scholarly theories and judicial precedent" (Doc. 220-2, pp. 4-6) might be relevant to this case, but neither identifies any such scholarship or precedent, nor suggests how this unidentified scholarship and precedent would affect the outcome of the case. Neither does Mizuho assert that there is a material conflict between Japanese and Illinois law, instead asserting only that any differences in the laws of the two jurisdictions cannot be assumed away. (Doc. 220, p. 4.)

But, even if we assume that a material conflict exists, Illinois law defaults to "the law of the state where the injury occurred." *Hunter v. Pepsico, Inc.*, 631 F. App'x 445, 446 (7th Cir. 2015). When, as here, the injury is pecuniary, the place of the injury is the plaintiff's domicile.

*See* Restatement (Second) Conflict of Laws § 148 cmt. c. Under the Restatement, "[t]he plaintiff's domicile or residence…are contacts of substantial significance when the loss is pecuniary in nature…because a financial loss will usually be of greatest concern to the state with which the person suffering the loss has the closest relationship." *Id.* § 148, cmt. *i*. Further, "[t]he domicile, residence and place of business of the plaintiff are more important than are similar contacts on the part of the defendant." *Id.* Thus, the domicile of the injured party stands in for "the place where the tort occurred" as the jurisdiction with the greatest interest in the dispute. *See, e.g.*, *Rowell v. Franconia Minerals Corp.*, 572 F. Supp. 2d 1031, 1038 (N.D. Ill. 2008) ("Under this approach, Illinois law would likely apply to the fraudulent concealment claim since Rowell is a resident of Illinois and was victimized by the alleged fraud in Illinois.").

Although its argument does not suffice to justify applying Japanese law, Mizuho tries to sidestep this problem by suggesting that its showing is sufficient to justify a *forum non conveniens* dismissal because the simple act of untangling differences between Japanese and Illinois law would be unduly burdensome. (Doc. 220, p. 6.) Mizuho's argument asks for too much, as it would require dismissal whenever foreign law could potentially be at issue, however tenuous the connection may be.

Mizuho cites two cases from the 7th Circuit that affirmed dismissals for *forum non conveniens* without conducting a full-fledged conflicts analysis. But neither opinion is helpful here. The first, *Fischer v. Magyar Allamvasutak Zrt.*, 777 F.3d 847 (7th Cir. 2015), was an attempt to litigate the decision of certain Hungarian banks to finance the Holocaust. The uncertainty about whether Hungarian law would apply derived from uncertainty over the jurisdictional basis for the suit, which would determine whether an Illinois district court applied Hungarian *or international* law. *Id.* at 871. No such uncertainty exists here, nor is the Court

faced with choosing between applying two sets of unfamiliar legal principles. In *U.S.O. Corp. v.*

*Mizuho Holding Co.*, Japanese law "almost certainly" applied because both parties were

Japanese. 547 F.3d 749, 751-52 (7th Cir. 2008). Here, none of the plaintiffs will be Japanese.

(And the court's statement in *Apotex Corp. v. Istituto Biologico Chemioterapico S.p.a.*, 2003 WL

21780965, at *10 (N.D. Ill. July 30, 2003), that the possibility of applying Italian law favored

dismissal was made simply to buttress a dismissal that was otherwise mandated by a forum-

selection clause. *Id.* at *6-7.)[1]

In sum, Mizuho's "new" authority does not move the needle one bit. As before, it's

motion to dismiss should be denied.

<div style="margin-left: 50%;">

Respectfully submitted,

**GREGORY GREENE, JOSEPH LACK, and ANTHONY MOTTO**, individually, and on behalf of a class of similarly situated individuals,

</div>

Dated: June 10, 2016

<div style="margin-left: 50%;">

By:/s/ Ari J. Scharg
One of Plaintiffs' Attorneys

Ari J. Scharg
ascharg@edelson.com
J. Aaron Lawson
alawson@edelson.com
EDELSON PC
350 North LaSalle Street, 13th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Counsel for Plaintiffs and the Putative Class*

</div>

---

[1]    Separately, regarding Mizuho's note about the case *Joyce v. MtGox, Inc.*, soon to be dismissed from the Ontario Superior Court of Justice, the reasons given by the Canadian lawyers for choosing to dismiss the case—under their theory of the case Mizuho would not be liable for lost bitcoin—do not conceivably apply to Plaintiffs Lack or Motto, or anyone else in the Deposit Subclass, nor is it at all clear whether and to what extent the losses suffered by the Mt. Gox Class were "only" in bitcoin.

## CERTIFICATE OF SERVICE

I, J. Aaron Lawson, an attorney, hereby certify that I served the foregoing ***Plaintiffs' Response to Mizuho's Supplemental Memorandum***, by causing true and accurate copies of such paper to be transmitted to all counsel of record via the Court's CM/ECF electronic filing system on June 10, 2016.


/s/ J. Aaron Lawson