# Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| GREGORY GREENE, JOSEPH LACK, and ANTHONY MOTTO, individually and on behalf of all others similarly situated, | |
| *Plaintiffs*, | Case No. 1:14-cv-01437 |
| v. | Hon. Gary Feinerman |
| MIZUHO BANK, LTD., a Japanese financial institution, and MARK KARPELES, an individual, | Magistrate Judge Susan Cox |
| *Defendants*. | |

**DECLARATION OF BENJAMIN S. THOMASSEN**

I, Benjamin S. Thomassen, declare as follows:

1.      I am an adult over the age of 18 and a resident of the State of Illinois. I am an attorney at the law firm of Edelson PC, which has been retained to represent the Plaintiffs in this matter and I am admitted to practice before this Court. I make this Declaration in support of Plaintiff's Renewed Motion to Approve Alternative Service on Defendant Mark Karpeles, and am fully competent to do so. I have personal knowledge of all matters set forth herein unless otherwise indicated, and, if called upon to testify, I could and would competently do so.

2.      On January 15, 2015, attorneys from my firm emailed the summons issued to Mark Karpeles and Tibanne KK and all filings made or entered in this litigation (i.e., dkts. 1-129) to Eric Macey (emacey@novackandmacey.com) and Amanda M. Hinkley (ahinkley@novackmacey.com). Hard copies of these same documents were hand-delivered to the Novack and Macey law firm the following day.

3.      In March 2014, my firm began the process of serving Mr. Karpeles through the Hague Convention, via the Central Authority in Japan. On August 11, 2014, we received a certificate from the Court Clerk of the Tokyo District Court of Civil Affairs, advising us that service through this process was not completed because Mr. Karpeles did not retrieve the relevant papers from his post office and additional attempts at delivery to his address (i.e., after the post office's mail retention period expired) were not successful. A copy of that certificate is attached hereto as Exhibit 1.

4.      On February 5, 2016, an attorney (Alicia Hwang) from my firm emailed counsel for Mr. Karpeles (Matthew Lerner) in the case of *Joyce v. Mt. Gox*, which was pending in the Ontario Superior Court of Justice. Ms. Hwang requested assistance in contacting Mr. Karpeles. In response, Mr. Lerner stated both that "I don't have instructions to assist you connecting with Mr. Karpeles," and "We are [Mr. Karpeles's] counsel. I am not able to assist you further." A true and accurate copy of that email exchange is attached hereto as Exhibit 2.

I declare under penalty of perjury that the above and foregoing is true and accurate.

Executed this September 13, 2016 at Chicago, Illinois.


/s/ Benjamin S. Thomassen

# Exhibit 1

*English translation

# CERTIFICATE- MARK KARPELES

The undersigned authority has the honour to certify, in conformity with Article 6 of the Convention,

1) * that the document has been served
- the (date)
- at (place, street, number)
- in one of the following methods authorized by Article 5:

( ) (a) in accordance with the provisions of sub-paragraph (a) of the first paragraph of Article 5 of the Convention.*

( ) (b) in accordance with the following particular method:*

( ) (c) by delivery to the addressee, who accepted it voluntarily.*

The documents referred to in the request have been delivered to:

- (identity and description of person)

- relationship to the addressee (family, business or other):

**2) * that the document has not been served, by reason of the following facts**:
 Recipient did not receive the documents during Meguro post office's mail retention period. The post office attempted to redeliver the documents after the mail retention period, but the recipient was absent.

In conformity with the second paragraph of Article 12 of the Convention, the applicant is requested to pay or reimburse the expenses detailed in the attached statement. *

--ANNEXES-Documents returned:
**Letter to be sent
Returned envelop**

**I**n appropriate cases, documents establishing the service:

**Done at , the        Tokyo June 17, 2014
Signature and/or stamp**

**Tokyo District Court of Civil Affairs
Court Clerk Mizuho Miyakawa**

# Exhibit 2

                                          **Ben Thomassen <bthomassen@edelson.com>**

---

## Fwd: Mark Karpeles

**Alicia Hwang** <ahwang@edelson.com>                        Thu, Sep 1, 2016 at 3:13 PM
To: Aaron Lawson <alawson@edelson.com>, Ben Thomassen <bthomassen@edelson.com>

---------- Forwarded message ----------
From: **Matthew Lerner** <mlerner@litigate.com>
Date: Fri, Feb 5, 2016 at 7:49 PM
Subject: Re: Mark Karpeles
To: Alicia Hwang <ahwang@edelson.com>
Cc: Alex Nguyen <anguyen@edelson.com>, Andrew Porter <APorter@litigate.com>, Scott Rollwagen <srollwagen@litigate.com>

We are his counsel. I am not able to assist you further.


Matthew Lerner
Lenczner Slaght
416-865-2940

On: 05 February 2016 20:23, "Alicia Hwang" <ahwang@edelson.com> wrote:

Mr. Lerner,

I appreciate you getting back to me so quickly. However, I'm a bit confused by your message. Do you mean to say that Mr. Karpeles has not provided instructions or just that you are under no obligation? I certainly did not mean to suggest that you're obligated to help us reach him in any way.

I'm simply asking whether or not Mr. Karpeles is your client, and if so, whether you're still in contact with him. Please let me know if you're able to confirm.

Thanks,

Alicia



On Fri, Feb 5, 2016 at 4:53 PM, Matthew Lerner <mlerner@litigate.com> wrote:

  Ms. Hwang:

  Thank you for your voicemail and email.

  I don't have instructions to assist you with connecting with Mr. Karpeles.

  Regards,


  Matthew Lerner
  Lenczner Slaght
  416-865-2940

  On: 05 February 2016 18:53, "Alicia Hwang" <ahwang@edelson.com> wrote:

Mr. Lerner,

I'm an attorney representing plaintiffs in the U.S. class action case of *Greene v. Mizuho Bank et al*., brought on behalf of U.S. residents who lost money from the collapse of the Mt. Gox bitcoin exchange. In addition to Mizuho Bank, Mark Karpeles (the CEO/owner of Mt. Gox) is a named defendant in our suit.

We've had trouble getting in contact with Mr. Karpeles after his attorneys withdrew from representation during the pendency of our suit. From my research, I understand that you remain counsel of record for Mr. Karpeles in the case of *Joyce v. Mt. Gox,* pending in the Ontario Superior Court of Justice. As such, I'd greatly appreciate a chance to discuss with you how to best get in touch with your client. Please let me know whether you're available for a call.

Regards,

Alicia

--

Alicia E. Hwang | Edelson PC

329 Bryant Street, Suite 2C
San Francisco, California 94107
415.234.5343 (direct) | 415.212.9300 (firm) | 415.373.9435 (fax) ahwang@edelson.com | www.edelson.com

CONFIDENTIALITY AND LIABILITY FOR MISUSE. The information contained in this communication is the property of Edelson PC. It is confidential, may be attorney work product, attorney-client privileged or otherwise exempt from disclosure under applicable law, and is intended only for the use of the addressee(s). Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited. If you have received this communication in error, please notify Edelson PC immediately by return e-mail and destroy this communication and all copies thereof, including all attachments. Pursuant to requirements related to practice before the U.S. Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

--

Alicia E. Hwang | Edelson PC

329 Bryant Street, Suite 2C
San Francisco, California 94107
415.234.5343 (direct) | 415.212.9300 (firm) | 415.373.9435 (fax) ahwang@edelson.com | www.edelson.com

CONFIDENTIALITY AND LIABILITY FOR MISUSE. The information contained in this communication is the property of Edelson PC. It is confidential, may be attorney work product, attorney-client privileged or otherwise exempt from disclosure under applicable law, and is intended only for the use of the addressee(s). Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited. If you have received this communication in error, please notify Edelson PC immediately by return e-mail and destroy this communication and all copies thereof, including all attachments. Pursuant to requirements related to practice before the U.S. Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

--

Alicia E. Hwang | Edelson PC

123 Townsend Street, Suite 100

San Francisco, California 94107
415.234.5343 (direct) | 415.212.9300 (firm) | 415.373.9435 (fax)
ahwang@edelson.com | www.edelson.com

 @EdelsonPC    Edelson-PC    EdelsonLaw

_____

CONFIDENTIALITY AND LIABILITY FOR MISUSE.  The information contained in this communication is the property of Edelson PC.  It is confidential, may be attorney work product, attorney-client privileged or otherwise exempt from disclosure under applicable law, and is intended only for the use of the addressee(s).  Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited.  If you have received this communication in error, please notify Edelson PC immediately by return e-mail and destroy this communication and all copies thereof, including all attachments.  Pursuant to requirements related to practice before the U.S. Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.