IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREGORY GREENE, JOSEPH LACK, and ANTHONY MOTTO, individually and on behalf of all others similarly situated, *Plaintiffs*, v. MIZUHO BANK, LTD., a Japanese financial institution, and MARK KARPELES, an individual, *Defendants*. | Case No. 1:14-cv-01437 Hon. Gary Feinerman Magistrate Judge Susan Cox |

**PLAINTIFFS GREENE, LACK, AND MOTTO'S MOTION
FOR LEAVE TO AMEND THIRD AMENDED CLASS ACTION COMPLAINT**

Plaintiffs Gregory Greene, Joseph Lack, and Anthony Motto, through their undersigned counsel, respectfully move this Court for leave to amend their Third Amended Class Action Complaint (the "TAC"). Plaintiffs seek only to add a fourth representative plaintiff—Gregory Pearce—and, based on his allegations, a new subclass. They do not seek to alter their Complaint, adjust their theory of liability, or add claims against Defendants Mizuho Bank, Ltd ("Mizuho") or Mark Karpeles ("Karpeles"). Further, Mr. Pearce's claims fall within this Court's understanding of the case, as articulated in its Memorandum Order in response to Defendant's Motion to Dismiss, (dkt. 230) (the "Order"). As a result, the proposed amendment would not require re-litigation of any issues nor would the addition of Mr. Pearce disrupt Defendant's ongoing efforts in discovery. Under Rule 15's liberal standard, the proposed amendment should be permitted.

1

Counsel for Plaintiffs conferred with counsel for Defendant Mizuho Bank, Ltd. regarding this proposed amendment on February 23, 2017. Given the short notice (and the fact that Mizuho is located in Japan), counsel for Defendant indicated that they were unlikely to confirm whether their client would provide written consent to the amendment by Friday, February 24, 2017. *See* Fed. R. Civ. P. 15(a)(2). Counsel for Plaintiffs, in turn, advised that they would file this Motion for Leave, but would notice the Motion for a late presentment, so as to give Mizuho sufficient time to review the proposed pleading before deciding whether further briefing is necessary.

In support of the instant motion, Plaintiffs state as follows:

**I.     BACKGROUND**

The current dispute predominately concerns the now-defunct, Tokyo-based Mt. Gox Bitcoin Exchange ("Mt. Gox" or the "Exchange) and Mizuho, the bank partner of Mt. Gox that facilitated certain customers' deposits into and withdrawals from the Exchange. Plaintiffs allege that in mid-2013, Mizuho began to limit and then fully barred withdrawals from Mt. Gox—even as the bank continued to accept deposits and collect service fees on those deposits. (TAC ¶¶ 2-3, 34–39.) On February 24, 2014, the Mt. Gox website "went dark," and customers lost the ability to view or access their accounts. (*Id.* ¶ 40.) Four days later, on February 28, 2014, Mt. Gox filed for bankruptcy. (*Id.* ¶ 41.)

On April 4, 2016, Plaintiffs Greene, Lack, and Motto filed their Third Amended Class Action Complaint, seeking to certify one class and one subclass pursuant to Federal Rule of Civil Procedure 23(b)(3). The TAC explains that Greene lost approximately $25,000 in Bitcoin when the Exchange went dark, (*id.* at ¶ 56), while Lack and Motto lost $40,000 USD and $1,000 USD, respectively, which they had wired to Mizuho in attempting to deposit funds into their Mt. Gox accounts, (*id.* at ¶¶ 59, 70). As the Order notes, none of the current Plaintiffs attempted to

withdraw fiat currency from the Exchange in this same time period. (*See* dkt. 230 at 12.)

The TAC included a total of seven counts, four of which concern Mizuho. Count IV is brought by Plaintiffs on behalf of the entire putative class; it alleges that Mizuho, in limiting withdrawals from Mt. Gox's bank account, tortiously interfered with Plaintiffs' contracts with Mt. Gox. (TAC ¶¶ 111-119.) Count V alleges, on behalf of the Deposit Class, that Mizuho unjustly enriched itself by accepting transaction fees in connection with incoming wire transfers from Deposit Subclass members after it had halted Mt. Gox withdrawals without disclosing that it had done so. (*Id.* at ¶¶ 120-127.) Count VI alleges that Mizuho fraudulently concealed from the Deposit Subclass that it had halted such withdrawals. (*Id.* at ¶¶ 128-139.). And Count VII sought an accounting of Mizuho's transactions relating to the Deposit Class's assets. (*Id.* at ¶¶ 140-143.).

Mizuho moved to dismiss Counts IV-VII for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Dkt. 172.) The Court denied Defendant's motion with respect to all claims except Greene's tortious interference claims—because "Greene had no contact with Mizuho, and Plaintiffs [did] not allege that Greene ever attempted to sell his bitcoins and withdraw fiat currency from Mt. Gox," (dkt. 230 at 12)—and Plaintiffs' accounting claims, *(id.* at 21-22). The Court thereafter entered a scheduling order, which set a deadline of February 24, 2017 to amend the pleadings or add new parties. (Dkt. 231.)

Plaintiffs now seek leave to amend their Third Amended Complaint to add a fourth named plaintiff, a new subclass, and round out their allegations. As set out in the proposed Fourth Amended Complaint (a copy of which is attached hereto as Exhibit A), Mr. Gregory Pearce had Bitcoin *and* fiat currency in the Exchange in January 2014 and tried (unsuccessfully) to withdraw fiat currency in late January 2014, shortly before Mt. Gox collapsed. (Ex. A ¶¶ 82-

3

83.) He seeks to represent a subclass of individuals "who initiated a request to withdrawal Fiat Currency from their Mt. Gox account after the date in which Mizuho Bank stopped processing withdrawals, and whose withdrawal request was not fulfilled." (*Id.* ¶ 89.)

## II. ARGUMENT

Federal Rule of Civil Procedure 15(a) provides that a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "The rule prescribes a liberal standard for amendment and "require[s] a district court to allow amendment unless there is a good reason ... for denying leave to amend." *Lyons v. Cook Cty.*, No. 14 C 6361, 2015 WL 6673901, at *2 (N.D. Ill. Oct. 30, 2015) (quoting *Life Plans, Inc., v. Sec. Life of Denver Ins. Co.*, 800 F.3d 343, 358 (7th Cir. 2015)) (internal quotations omitted). Under the Rule's "liberal amendment policy . . . a district court's denial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Westport Ins. Corp.*, 2012 WL 698540, at *1 (N.D. Ill. Feb. 29, 2012) (citing Fed. R. Civ. P. 15(a)).

None of these defects are present here. The proposed amendment is brought in good faith at an appropriate time, will not prejudice Mizuho, and lines up with theories of liability that have already withstood a motion to dismiss. Accordingly, the Court should grant Plaintiffs leave to amend their Third Amended Class Action Complaint.

### A. This Motion was filed without undue delay and is not brought in bad faith.

To start, there is no delay or improper motive present here. Motions for leave to amend are generally denied on the basis of undue delay when they are filed after extensive litigation. *Hoenig v. Karl Knauz Motors, Inc.*, 983 F. Supp. 2d 952, 959-60 (N.D. Ill. 2013). And even then,

4

"delay on its own is usually not reason enough for a court to deny a motion to amend." *Johnson v. Cypress Hill*, 641 F.3d 867, 872 (7th Cir. 2011); *see also Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 793 (7th Cir.2004) ("[D]elay by itself is normally an insufficient reason to deny a motion for leave to amend. Delay must be coupled with some other reason.").

No unreasonable delay or improper motive is present here. In terms of timing, Plaintiffs seek leave to amend in line with the Court's deadline to amend and add new parties. (Dkt. 231.) And here, Plaintiffs' only "motive" for amending is to fill in the gap identified in the Court's Order on Mizuho's motion to dismiss—i.e., that while Lack and Motto represented putative class members who attempted to get money *into* the Exchange, no current Plaintiff represents class members who attempted to get money *out*. (Dkt. 230 (dismissing Greene's tortious interference claim because "Greene had no contact with Mizuho, and Plaintiffs do not allege that Greene ever attempted to sell his bitcoins and withdraw fiat currency from Mt. Gox.").) Because Mr. Pearce fills that role, the proposed amended pleading would ensure that all class members are covered under the current claims.

As such, Plaintiffs' proposed amendments are timely and brought in good faith.

**B.     The proposed amendment causes no undue prejudice.**

Plaintiffs' proposed amendment also will not unduly prejudice Mizuho. While "nearly every pleading amendment results in some prejudice" to the non-movant, *Hollinger Int'l, Inc. v. Hollinger Inc.*, No. 04 C 698, 2007 WL 1029089, at *3 (N.D. Ill. Mar. 29, 2007), "undue prejudice may occur if the opposing party will not have an adequate opportunity to respond to the new allegations." *Wilson v. Wilson*, No. 89-cv-9620, 1991 WL 247711, at *1 (N.D. Ill. Nov. 12, 1991) (*citing Ippolito v. WNS, Inc.*, 864 F.2d 440, 454 (7th Cir. 1988); *Samuels v. Wilder*, 871 F.2d 1346, 1351 (7th Cir. 1989)). *See, e.g., In re Ameritech Corp.*, 188 F.R.D. 280, 283

5

(N.D. Ill. 1999) (finding prejudice where defendant sought a counterclaim after discovery was closed and additional discovery would be necessary); *Ocean Atl. Woodland Corp. v. DRH Cambridge Homes, Inc.*, No. 02 C 2523, 2003 WL 22848968, at *1 (N.D. Ill. Dec. 1, 2003) (holding there was undue prejudice where extensive additional discovery was necessary and fact discovery was essentially closed).

Here, and as noted above, Plaintiffs seek leave to amend in line with the Court's case schedule. (Dkt. 231.) Discovery has not closed, and Mizuho has until August 31, 2017 to complete any discovery it wishes to conduct on Mr. Pearce. (Dkt. 231.). Further, granting leave to amend here will neither upset any dispositive motions (none are pending), nor will it change Plaintiffs' prevailing theories of liability. *See T&M Industries v. Great Lakes Salt, Inc.*, No. 15 C 3107, 2016 WL 693231, at *6 (N.D. Ill. Feb. 22, 2016) (holding that a motion for leave to amend would not unduly prejudice opposing party where discovery was ongoing and there were no dispositive motions in front of the court). *See also Babych v. Psychiatric Sols., Inc.*, No. 09 C 8000, 2011 WL 5507374, at *9 (N.D. Ill. Nov. 9, 2011) (granting plaintiffs' motion to add a named plaintiff where doing so would not "materially" change the complaint and the new plaintiff asserted "substantially the same claim").

As a result, the proposed amendments will not unduly prejudice Mizuho.

### C.     Plaintiffs' amendment is not futile.

Finally, Plaintiffs' addition of a new representative plaintiff would not be futile, given that Mr. Pearce's claims mirror those that the Court already approved in its Order. (Dkt. 230.). Courts "may refuse to entertain a proposed amendment on futility grounds when the new pleading would not survive a motion to dismiss." *McDaniel v. Loyola Univ. Med. Ctr.*, 317 F.R.D. 72, 78 (N.D. Ill. 2016) (quoting *Gandhi v. Sitara Capital Management, LLC*, 721 F.3d

6

865, 869 (7th Cir.2013)); *see also Bower v. Jones*, 978 F.2d 1004, 1008 (7th Cir. 1992) ("[A]n amendment may be futile when it fails to state a valid theory of liability or could not withstand a motion to dismiss.").

The Court has already ruled on Mizuho's motion to dismiss. Because Mr. Pearce's claims fall within the bounds of this case (i.e., as set out by the Court's Order), this factor likewise weighs in favor of granting leave to amend. In its Order, the Court granted Defendant's Motion to Dismiss with respect to Plaintiff Greene's tortious interference claim because Plaintiffs did "not allege that Greene ever attempted to sell his bitcoins and withdraw fiat currency from Mt. Gox." (*Id.* at 12.)[1] Because "[t]he same is not true for Lack and Motto," however, the Court denied Defendant's motion on that same claim for those two Plaintiffs. (*Id.*)

Here, Mr. Pearce's claims are analogous to those of Lack and Motto and do not share the deficiencies the Court identified in Greene's tortious interference claim. Mizuho's role as Mt. Gox's bank partner thrust it into the position of intermediary between Pearce and the Exchange, just as it did with Lack and Motto. (Ex. A ¶¶ 87–88.) And, similar to Lack and Motto, Pearce was injured as a result of Mizuho's unannounced interference with customers' ability to fully access their accounts; specifically, Mizuho frustrated Pearce's attempts to withdraw fiat currency from his Mt. Gox account in January 2014. (*Id.*at ¶¶ 83–88.) Also—and just like Lack and Motto—had Pearce known at the time he considered moving Bitcoin into the Mt. Gox Exchange that Mizuho had already ceased processing withdrawals (and, in fact, had done so *months* before Pearce made the decision to invest), he never would have joined the Exchange in the first place. (*Id.*at ¶ 88.)

---

[1] As noted above, the Court also granted Mizuho's motion to dismiss with respect to Plaintiffs' request for an accounting. To avoid any confusion, Plaintiffs have stricken that count from the proposed amended complaint.

Thus, and just as the Court held with respect to Lack and Motto's tortious interference claim, "[g]iven these circumstances, [Pearce's] losses were a 'likely result of [Mizuho's] conduct,' and not 'so highly extraordinary that imposing liability is not justified.'" (Dkt. 230 at 13 (quoting *Turcios v. DeBruler Co.*, 32 N.E.3d 1117, 1124 (Ill. 2015).) The proposed amendment is not futile.

### III. CONCLUSION

For the reasons discussed herein, Plaintiffs Gregory Greene, Joseph Lack, and Anthony Motto respectfully request that this Court enter an Order (i) granting their Motion for Leave to Amend, (ii) permitting Plaintiffs to file their proposed Fourth Amended Class Action Complaint, attached hereto as Exhibit A, *instanter*, and (iii) granting such other and further relief as the Court deems equitable and just.

Respectfully submitted,

**GREGORY GREENE, JOSEPH LACK, and ANTHONY MOTTO,** individually, and on behalf of a class of similarly situated individuals,

Dated: February 24, 2016

By: /s/ Benjamin S. Thomassen
One of Plaintiffs' Attorneys

Jay Edelson
jedelson@edelson.com
Benjamin S. Thomassen
bthomassen@edelson.com
J. Aaron Lawson
alawson@edelson.com
EDELSON PC
350 North LaSalle Street, 13th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Counsel for Plaintiffs and the Putative Class*

8

## CERTIFICATE OF SERVICE

  I, Benjamin S. Thomassen, an attorney, hereby certify that I served the above and foregoing ***Plaintiffs' Motion for Leave to Amend Their Third Amended Complaint***, by causing true and accurate copies of such paper to be transmitted to all counsel of record via the Court's CM/ECF electronic filing system on February 24, 2017.

        /s/ Benjamin S. Thomassen