IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREGORY GREENE, JOSEPH LACK, ANTHONY MOTTO, and GREGORY PEARCE, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>MIZUHO BANK, LTD., a Japanese financial institution, and MARK KARPELES, an individual,<br><br>*Defendants*. | Case No. 14 C 01437<br><br>Judge Gary Feinerman<br>Magistrate Judge Susan E. Cox |

**DEFENDANT MIZUHO BANK, LTD.'S MOTION TO APPROVE
ALTERNATIVE SERVICE ON DEFENDANT MARK KARPELES**

Defendant Mizuho Bank, Ltd. ("Mizuho"), by its attorneys, and pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure, respectfully moves for the Court to approve alternative service of Mizuho's Answer and Affirmative Defenses to the Plaintiffs' Fourth Amended Class Action Complaint and Crossclaims Against Defendant Mark Karpeles on Mark Karpeles by email. In support of this motion (the "Motion"), Mizuho states as follows:

1. The plaintiffs in this case attempted to serve Mr. Karpeles with the summons and complaint through various channels, but those efforts were unsuccessful. The plaintiffs thereafter filed a motion to approve alternative service, which the Court granted. (ECF No. 235.)

2. Mizuho has recently encountered similar difficulties in trying to serve Mr. Karpeles with its Answer and Affirmative Defenses to the Plaintiffs' Third Amended Class Action Complaint and Crossclaims Against Defendant Mark Karpeles. (ECF No. 236, the "Crossclaims.")

3. Mizuho recently learned of an active email account that Mr. Karpeles currently uses, and its counsel has communicated with Mr. Karpeles using that account.

4. Rule 4 of the Federal Rules of Civil Procedure governs service of process on individuals abroad and provides that service may be effected by "means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). Other courts have authorized service by email in appropriate circumstances. Service of process by email would give Mr. Karpeles adequate notice here because Mizuho's counsel's exchange of emails with him demonstrates that he receives emails sent to him at that email account. The points and authorities supporting the Motion are set forth in the Memorandum of Law of Defendant Mizuho Bank, Ltd. in Support of Its Motion To Approve Alternative Service on Defendant Mark Karpeles, which is filed contemporaneously with the Motion.

WHEREFORE, Mizuho requests that the Court grant its motion to serve Mark Karpeles with its Answer and Affirmative Defenses to the Plaintiffs' Fourth Amended Class Action Complaint and Crossclaims Against Defendant Mark Karpeles (ECF No. 246) (and any subsequent documents that the parties may serve, until such time as Mr. Karpeles is represented by counsel in this case) by email in accordance with Rule 4(f)(3) of the Federal Rules of Civil Procedure.

        MIZUHO BANK, LTD.

        By:   /s/ Jason A. Frye
                One of Its Attorneys

Jonathan S. Quinn (#6200495)
jquinn@ngelaw.com
Jason A. Frye (#6292848)
jfrye@ngelaw.com
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street
Chicago, IL  60602-3801
(312) 269-8000

Jerome S. Fortinsky (admitted *pro hac vice*)
jfortinsky@shearman.com
John A. Nathanson (admitted *pro hac vice*)
john.nathanson@shearman.com
Jeffrey J. Resetarits (admitted *pro hac vice*)
jeffrey.resetarits@shearman.com
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022-6069
(212) 848-4000


Dated:  May 2, 2017