UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREGORY GREENE, JOSEPH LACK, ANTHONY MOTTO, and GREGORY PEARCE, individually and on behalf of all others similarly situated, | |
| *Plaintiffs*, | Case No. 14 C 01437 |
| v. | Judge Gary Feinerman<br>Magistrate Judge Susan E. Cox |
| MIZUHO BANK, LTD., a Japanese financial institution, and MARK KARPELES, an individual, | |
| *Defendants*. | |

**MEMORANDUM OF LAW OF DEFENDANT MIZUHO
BANK, LTD. IN SUPPORT OF ITS MOTION TO APPROVE
<u>ALTERNATIVE SERVICE ON DEFENDANT MARK KARPELES</u>**

Defendant Mizuho Bank, Ltd. ("Mizuho") submits this memorandum of law in support of its motion to approve alternative service on defendant Mark Karpeles.

## PRELIMINARY STATEMENT

As this Court is aware, the parties in this litigation have had difficulty serving pleadings on Mr. Karpeles by traditional means. Earlier in this case, the plaintiffs attempted to serve Mr. Karpeles with the summons and complaint through various channels, but those efforts were unsuccessful. As a result, the plaintiffs filed a motion to approve alternative service, which the Court granted. (ECF No. 235.) Mizuho has recently encountered similar difficulties in trying to serve Mr. Karpeles with its Answer and Affirmative Defenses to the Plaintiffs' Third Amended Class Action Complaint and Crossclaims Against Defendant Mark Karpeles. (ECF No. 236, the "Crossclaims.") Mizuho, however, recently learned of an active email account that Mr. Karpeles currently uses, and its counsel has communicated with him at that email address. Mizuho therefore requests that the Court approve its motion to serve Mr. Karpeles with its Answer and Affirmative Defenses to the Plaintiffs' Fourth Amended Class Action Complaint and Crossclaims Against Defendant Mark Karpeles (ECF No. 246) by email.[1] Service by email will put Mr. Karpeles on notice of Mizuho's crossclaims, will afford him an opportunity to respond, and is a reasonable alternative to the customary forms of service because of the difficulties the parties have confronted in serving him by traditional means.

## BACKGROUND

### A. The Court Granted Plaintiffs' Motion For Alternative Service

The difficulties surrounding service on Mr. Karpeles are well known to the Court. Soon

---

[1] The crossclaims that Mizuho asserted in its Answer and Affirmative Defenses to the Plaintiffs' Fourth Amended Class Action Complaint and Crossclaims Against Defendant Mark Karpeles (ECF No. 246) are identical to the crossclaims originally asserted against Mr. Karpeles in the Crossclaims (that is, in conjunction with the answer and affirmative defenses to the plaintiffs' third amended complaint (ECF No. 236)).

after filing this action in February 2014, the plaintiffs attempted to serve Mr. Karpeles by various means, but none were successful. For example, on April 20, 2014, the plaintiffs attempted to serve the First Amended Complaint through the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention") by sending a translation of the complaint and summons to the Central Authority in Japan. (ECF No. 54-1, ¶ 9.) On August 11, 2014, however, an international process server notified plaintiffs' counsel that the attempted service on Mr. Karpeles had been unsuccessful. (ECF No. 232-1, ¶ 3.)

On March 12, 2014, the plaintiffs attempted to serve copies of the Court's Temporary Restraining Order on Mr. Karpeles by international mail, by email, and by delivery to the registered agent. (ECF No. 54-1, ¶¶ 11-12.) Two days later, on March 14, the plaintiffs also attempted to serve discovery requests made under the Temporary Restraining Order, as well as a copy of the First Amended Complaint, to Mr. Karpeles by international mail, by email, and by delivery to the registered agent – all to no avail. (*Id.* ¶ 14.)

In light of these difficulties, the plaintiffs filed a motion to approve alternative service on Mr. Karpeles, which the Court granted on September 21, 2016. In its order, the Court said it would deem Mr. Karpeles to be properly served if the First Amended Complaint were served on his counsel at the Chicago law firm of Novack and Macey LLP. (ECF No. 235.)

      **B.**      **Mizuho Has Not Been Able To Serve Its Crossclaims By Using Traditional Channels**

On September 30, 2016, Mizuho filed its Answer and Affirmative Defenses to the Plaintiffs' Third Amended Class Action Complaint, which also contained crossclaims against Mr. Karpeles. (ECF No. 236.) Around this time, Mizuho's counsel ran internet searches, which showed that Mr. Karpeles – who had been arrested and charged with embezzlement in

2

September 2015 by Japanese authorities – had been released on bail in July 2016 and was living in Japan. (Resetarits Decl. Ex. 1.) On November 18, 2016, Mizuho's counsel obtained Certificates of Registered Matters in Respect of Representative for Mt. Gox KK and Tibanne KK (the "Certificates") from the Tokyo Legal Affairs Bureau of the Ministry of Justice of Japan, which listed Mr. Karpeles as the registered representative director for the two entities and provided his current address.[2] (Resetarits Decl. ¶ 3.)

On November 24, 2016, Mizuho's counsel sent a copy of the Crossclaims to Mr. Karpeles by registered mail through Japan Post at the address found in the Certificates. (Resetarits Decl. ¶ 5.) On November 25, 2016, Mizuho's counsel learned from Japan Post's website that the Crossclaims could not be delivered and would be returned to the Tokyo office of Mizuho's counsel. (Resetarits Decl. ¶ 6.)

Around the same time, Mizuho's counsel also contacted Mr. Karpeles's former counsel at Novack and Macey LLP to inquire if the firm still represented Mr. Karpeles. (Resetarits Decl. ¶ 7.) Mr. Karpeles's former counsel, however, stated that his firm no longer represented Karpeles and could not accept service on his behalf.

On January 29, 2017, Mizuho's counsel sent an email to magicaltux@gmail.com, which appeared to be Mr. Karpeles's personal email address. (Resetarits Decl. ¶ 8.) Mizuho's counsel received a response from Mr. Karpeles within an hour of sending the email. (*See* Resetarits Decl. Ex. 5.)

---

[2] When Mizuho's counsel obtained the Certificates, a staff member at the Legal Affairs Bureau stated that the information contained therein was the latest on file, and the address of the registered representative director on the Certificates could therefore be treated as current. (Resetarits Decl. ¶ 4.)

**ARGUMENT**

The Court should permit Mizuho to serve its crossclaims on Mr. Karpeles by email. As explained above, the plaintiffs' counsel and Mizuho's counsel have tried to serve him by traditional means, but have not succeeded. Mizuho's counsel has established contact with Mr. Karpeles by email, however, and email is therefore an appropriate method to give him notice of Mizuho's crossclaims (and any subsequent documents that the parties may serve, until such time as Mr. Karpeles is represented by counsel in this case).

**ALTERNATIVE SERVICE IS APPROPRIATE HERE**

Rule 4 of the Federal Rules of Civil Procedure governs service of process on individuals abroad and provides that service may be effected by "means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). The decision whether to allow service by alternative means under Rule 4(f)(3) is committed to the "sound discretion of the district court." *In re Potash Antitrust Litig.*, 667 F. Supp. 2d 907, 929 (N.D. Ill. 2009). Courts will often require that a moving party show that it has made reasonable attempts to serve the complaint before exercising their discretion to allow alternative service. *Flava Works, Inc. v. Does 1-26*, No. 12 C 5844, 2013 WL 1751468, at *7 (N.D. Ill. Apr. 19, 2013). There is no hierarchy of methods of service that must be attempted under Rule 4(f), nor does the law require that particular methods of service be attempted if they are known to be futile. *See id.*; *see also Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002) (holding that plaintiff "needed only to demonstrate that the facts and circumstances of the present case necessitated the district court's intervention."); *FMAC Loan Receivables v. Dagra*, 228 F.R.D. 531, 534 (E.D. Va. 2005) ("[A] district court, in exercising the discretionary power permitted by Rule 4(f)(3), may require the plaintiff to show that they [sic] have 'reasonably attempted to effectuate service on defendant and that the circumstances are such that the district court's intervention is necessary to obviate

the need to undertake methods of service that are unduly burdensome or that are untried but likely futile.'") (internal citation omitted).

### A. Mizuho's Attempts At Traditional Service Were Reasonable

Here, Mizuho made reasonable efforts to locate and serve Mr. Karpeles with the Crossclaims. As set forth above, the plaintiffs' repeated efforts to serve Mr. Karpeles were unsuccessful. Mizuho, to avoid redoing the plaintiffs' futile attempts to serve him, attempted service by Japan Post at the address it obtained from the Tokyo Legal Affairs Bureau of the Ministry of Justice of Japan. (Resetarits Decl. ¶ 5.) Despite its diligent efforts, Mizuho was unable to locate Mr. Karpeles's current address, and delivery by Japan Post failed. (Resetarits Decl. ¶ 6.) Mizuho then contacted Mr. Karpeles's former counsel at Novack and Macey, also to no avail. (Resetarits Decl. ¶ 7.) The cumulative efforts of the plaintiffs and Mizuho plainly demonstrate the difficulty of locating and serving Mr. Karpeles in Japan.

### B. Alternative Service Is Proper Under Rule 4(f)(3)

Alternative service may be effected under Rule 4(f)(3) if the service satisfies due process and does not violate any international agreement. *See In re Potash Antitrust Litig.*, 667 F. Supp. 2d at 931 (collecting cases). In order to meet the former requirement, the proposed alternative method of service "must be reasonably calculated, under all of the circumstances, to apprise the [party being served] of the pendency of this action and afford them an opportunity to present objections." *MacLean-Fogg Co. v. Ningbo Fastlink Equipment Co., Ltd.*, No. 08 CV 2593, 2008 WL 5100414, at *2 (N.D. Ill. Dec. 1, 2008). Here, Mizuho's counsel knows Mr. Karpeles's email address because he responded to a January 29, 2017 email sent by Mizuho's counsel in this action. (Resetarits Decl. ¶ 8.) Serving Mr. Karpeles at that email address will therefore put him on notice of Mizuho's crossclaims. *See MacLean-Fogg*, 2008 WL 5100414, at *1 (concluding that service of complaint by email and fax is reasonable under Rule 4(f)(3)); *see also Rio Props.*,

5

284 F.3d at 1018-19 (9th Cir. 2002) (holding that district court properly exercised its discretion when it ordered service by email); *AMTO, LLC v. Beford Asset Mgmt., LLC*, No. 14-CV-9913, 2015 WL 3457452, at *9-10 (S.D.N.Y. June 1, 2015) (holding that alternative service by email was proper where there was evidence that email address at issue was in use); *Nanya Tech. Corp. v. Fujitsu Ltd.*, No. CIV 06-00025, 2007 WL 269087 (D. Guam Jan. 26, 2007) (granting alternative service by email and international mail on Japanese defendant pursuant to Rule 4(f)(3)); *Acushnet Co. v. Thiede*, No. CV 12-02508, 2013 WL 5428758 (D. Ariz. Sept. 27, 2013) (granting plaintiff's motion for alternative service by email).

Service by email is not prohibited by international agreement. Indeed, courts in various jurisdictions have held that the Hague Convention does not prohibit service by email. *MacLean-Fogg*, 2008 WL 5100414, at *2; *see Facebook, Inc. v. Banana Ads, LLC*, No. C-11-3619, 2012 WL 1038752, at *2 (N.D. Cal. Mar. 27, 2012) ("[T]he Hague Service Convention does not expressly prohibit email service"); *Bazarian Int'l Fin. Assocs., L.L.C. v. Desarrollos Aerohotelco, C.A.*, 168 F. Supp. 3d 1, 17 (D.D.C. 2016) (collecting cases holding that the Hague Convention does not prohibit service by email).

Because the proposed alternative service – service by email – comports with due process and is not prohibited by any international agreement, it should be approved under Rule 4(f)(3).

## CONCLUSION

For the reasons stated above, Mizuho respectfully requests that the Court grant its Motion to Approve Alternative Service and allow email service on Mark Karpeles of Mizuho's Answer and Affirmative Defenses to the Plaintiffs' Fourth Amended Class Action Complaint and Crossclaims Against Defendant Mark Karpeles (and any subsequent documents that the parties may serve, until such time as Mr. Karpeles is represented by counsel in this case).

6

        Respectfully submitted,

        MIZUHO BANK, LTD.


By:   /s/ Jason A. Frye
                One of Its Attorneys


Jonathan S. Quinn (#6200495)
jquinn@ngelaw.com
Jason A. Frye (#6292848)
jfrye@ngelaw.com
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street
Chicago, IL  60602-3801
(312) 269-8000

Jerome S. Fortinsky (admitted *pro hac vice*)
jfortinsky@shearman.com
John A. Nathanson (admitted *pro hac vice*)
john.nathanson@shearman.com
Jeffrey J. Resetarits (admitted *pro hac vice*)
jeffrey.resetarits@shearman.com
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022-6069
(212) 848-4000


Dated: May 2, 2017