IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREGORY GREENE, JOSEPH LACK, ANTHONY MOTTO, and GREGORY PEARCE, individually and on behalf of all others similarly situated, | |
| *Plaintiffs*, | Case No. 14 C 01437 |
| v. | Judge Gary Feinerman |
| MIZUHO BANK, LTD., a Japanese financial institution, and MARK KARPELES, an individual, | Magistrate Judge Susan E. Cox |
| *Defendants*. | |

**DEFENDANT MIZUHO BANK, LTD.'S
<u>MOTION FOR SANCTIONS UNDER RULE 11</u>**

Defendant Mizuho Bank, Ltd. ("Mizuho"), by its attorneys, and pursuant to Rule 11 of the Federal Rules of Civil Procedure, respectfully moves for the Court to order Edelson PC ("Edelson") to remove from the complaint all allegations that it was impossible for Mt. Gox users to make withdrawals from their Mt. Gox accounts (as reflected in Exhibit B to the Declaration of Michael Grunfeld). In support of this motion (the "Motion"), Mizuho states as follows:

1. Edelson has advanced throughout this litigation the allegation that Mizuho's decision to halt outbound international wire transfers in June 2013 made it "impossible" for Mt. Gox's customers in the U.S. to withdraw fiat currency from their Mt. Gox accounts. This allegation is central to plaintiffs' legal claims against Mizuho.

2. ███████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

██████████████████████████████

3. Even though Edelson learned that it was not, in fact, impossible for U.S. customers to withdraw fiat currency from Mt. Gox, Edelson continued to advance, and even added to, its "impossibility" allegations when it signed and filed the Fourth Amended Complaint ("FAC") months later on February 24, 2017.

4. Rule 11 provides that "[b]y presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . . (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3).

5. Edelson was presented with clear evidence that it was not impossible for Mt. Gox's U.S. customers to withdraw fiat currency from Mt. Gox after June 2013. Despite this evidence, Edelson continued to advance its "impossibility" allegations in the FAC. This conduct constitutes a clear violation of Rule 11.

6. The points and authorities supporting this Motion are set forth in the Memorandum Of Law Of Defendant Mizuho Bank, Ltd. In Support Of Its Motion For Sanctions Under Rule 11, which is filed contemporaneously with the Motion.

WHEREFORE, Mizuho requests that the Court grant its Motion For Sanctions Under Rule 11 and order Edelson PC to remove from the complaint all allegations based on the allegation that it was impossible for Mt. Gox users to make withdrawals from their Mt. Gox accounts (as reflected in Exhibit B to the Declaration of Michael Grunfeld).[1]

MIZUHO BANK, LTD.

By: /s/ Jonathan S. Quinn
One of Its Attorneys

Jonathan S. Quinn (#6200495)
jquinn@ngelaw.com
Jason A. Frye (#6292848)
jfrye@ngelaw.com
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street
Chicago, IL 60602-3801
(312) 269-8000

Jerome S. Fortinsky (admitted *pro hac vice*)
jfortinsky@shearman.com
John A. Nathanson (admitted *pro hac vice*)
john.nathanson@shearman.com
Jeffrey J. Resetarits (admitted *pro hac vice*)
jeffrey.resetarits@shearman.com
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022-6069
(212) 848-4000

Dated: July 7, 2017

---

[1] On May 14, 2015, Mizuho moved to dismiss this case for lack of personal jurisdiction. (Dkt. 148.) On March 14, 2016, the Court denied Mizuho's motion. (Dkt. 199.) Mizuho continues to contest this Court's personal jurisdiction over it in this litigation.

## CERTIFICATE OF SERVICE

The undersigned attorneys hereby certify that on the 7th day of July, 2017, they caused **Defendant Mizuho Bank, Ltd.'s Motion for Sanctions Under Rule 11** to be served by causing true and accurate copies of such paper to be transmitted via ECF to all counsel of record,

/s/ Jonathan S. Quinn

and via electronic mail to Mark Karpeles.

/s/ Michael Grunfeld