UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREGORY GREENE, JOSEPH LACK, ANTHONY MOTTO, and GREGORY PEARCE individually and on behalf of all others similarly situated,<br><br>        *Plaintiffs*,<br><br>v.<br><br>MIZUHO BANK, LTD., a Japanese financial institution, and MARK KARPELES, an individual,<br><br>        *Defendants*. | No. 1:14-cv-01437<br><br>Hon. Gary Feinerman<br><br>Magistrate Judge Susan Cox |

**PLAINTIFFS' RESPONSE TO MIZUHO'S MOTION
FOR SANCTIONS UNDER FED. R. CIV. P. 11**

Defendant Mizuho Bank, Ltd.'s motion for Rule 11 sanctions (the "Motion") need not detain the Court for long. Plaintiffs set forth their position on Mizuho's motion in a short letter, which was sent to Mizuho's counsel on June 28, 2017 (the "Letter"). Once Mizuho stated its intent to move forward, counsel for Plaintiff requested that Mizuho include the Letter with its filing, so that the Motion could be resolved at the presentment hearing without further briefing or expenditure of resources. Counsel for Mizuho refused to do so, only citing an unexplained "need for redactions." At the same time, counsel for Mizuho also indicated it would file an amended version of its motion for sanctions—a proposal that literally violated Rule 11 and underscored Mizuho's improper motivations in bringing Motion in the first instance.[1]

---

[1] Rule 11(c)(2) requires that any motion brought under the Rule be served on counsel 21 days before being filed with the court. Mizuho's originally proposed motion (which was served in compliance with the Rule) also threatened that Mizuho would seek attorneys' fees and costs. Upon learning that Mizuho was opting to alter its motion before filing (i.e., by eliminating an

1

As set out in Plaintiffs' Letter—which is attached as Exhibit A to the Declaration of Jay Edelson (filed contemporaneously herewith) and submitted in lieu of a re-formatted memorandum response—the Motion does not make a case for Rule 11 sanctions. At its core (and among its many other shortcomings), the Motion is based on an incredible proposition: that a single email from Mark Karpeles (Mizuho's co-defendant, who is accused of massive fraud and is—as of July 11th—standing trial for "embezzlement and data manipulation" in Japan[2]) was sufficient to negate Plaintiffs' own experiences; the experiences of hundreds of putative class members; public media reports; first hand and contemporaneous accounts from former-defendant Mr. Gay-Bouchery, who worked with Mr. Karpeles at the Mt. Gox Exchange; and the rest of Plaintiffs' counsel's investigation—all of which have *confirmed* that, following Mizuho's decision to cut off currency withdrawals in June 2013, it was "impossible" for putative class members to withdraw currency from the Exchange. This is, of course, not the law. *See, e.g.*, *Lord v. High Voltage Software, Inc.*, 2017 WL 1178147, at *3 (N.D. Ill. March 30, 2017) ("a lawyer should not be sanctioned for using discovery to investigate all the circumstances (which may themselves be susceptible to multiple interpretations)"); *Lotocky v. Elmira City Sch. Dist.*, 102 F. Supp. 3d 455, 457 (W.D.N.Y. 2016) (denying Rule 11 motion because even though a portion of the plaintiff's deposition testimony undercut his claims, other portions could be used to support successful claim); *Aronson v. Advanced Cell Tech., Inc.*, 972 F. Supp. 2d 123, 138 (D. Mass. 2013) (denying Rule 11 motion because, although some documentary evidence directly contradicted plaintiff's claim, other evidence supported it).

---

entire section regarding fees and costs), counsel for Plaintiff noted that the Rule required Mizuho to serve its *actual* proposed motion 21 days prior to its filing. In response, counsel for Mizuho only stated that Mizuho "disagree[d]" and proceeded with its amended filing.

[2] *See* "Head of Mt Gox bitcoin exchange on trial for embezzlement and loss of millions," available at https://www.theguardian.com/technology/2017/jul/11/gox-bitcoin-exchange-mark-karpeles-on-trial-japan-embezzlement-loss-of-millions (last accessed July 11, 2017).

Mizuho's Motion is only an attempt to bully Plaintiffs and their lawyers. By declining to provide the Court with Plaintiffs' July 28, 2017 letter as requested and then proceeding with an amended version of the Motion, Mizuho's conduct has resulted in wasted time and expense, and also violated Rule 11(c)(2)'s notice requirement. Plaintiffs therefore ask that the Court deny Mizuho's motion in full and award Plaintiffs' their reasonable fees and costs expended in preparing this response. *Divane v. Krull Elec. Co.*, 319 F.3d 307, 320 (7th Cir. 2003) ("Rule 11 allows the court, in its discretion, to award to the prevailing party the reasonable attorney's fees and expenses incurred in presenting or opposing the Rule 11 motion.").

Respectfully submitted,

**GREGORY GREENE, JOSEPH LACK, ANTHONY MOTTO,** and **GREGORY PEARCE** individually and on behalf of all others similarly situated,

Dated: July 17, 2017

By: /s/ Jay Edelson
      One of Plaintiffs' Attorneys

Jay Edelson
jedelson@edelson.com
Benjamin S. Thomassen
bthomassen@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Rafey S. Balabanian
rbalabanian@edelson.com
J. Aaron Lawson
alawson@edelson.com
Nina Eisenberg
neisenberg@edelson.com
Edelson PC
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: 415.212.9300

Fax: 415.373.9495

Counsel for Plaintiffs and the Putative Classes

**CERTIFICATE OF SERVICE**

  I, Jay Edelson, hereby certify that I served the above and foregoing document by causing true and accurate copies of such paper to be transmitted to all counsel of record via the Court's CM/ECF electronic filing system on July 17, 2017.

            /s/ Jay Edelson