IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREGORY GREENE, JOSEPH LACK, ANTHONY MOTTO, and GREGORY PEARCE, individually and on behalf of all others similarly situated,<br><br>   *Plaintiffs*,<br><br>v.<br><br>MIZUHO BANK, LTD., a Japanese financial institution, and MARK KARPELES, an individual,<br><br>   *Defendants*. | Case No. 14 C 01437<br><br>Judge Gary Feinerman<br><br>Magistrate Judge Susan E. Cox |

**DEFENDANT MIZUHO BANK, LTD.'S
MOTION FOR PARTIAL RECONSIDERATION OF ITS
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
<u>IN LIGHT OF NEW AND CONTROLLING SUPREME COURT PRECEDENT</u>**

  Defendant Mizuho Bank, Ltd. ("Mizuho"), by its attorneys, and pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, respectfully moves the Court for partial reconsideration of its March 14, 2016 order denying Mizuho's motion to dismiss for lack of personal jurisdiction. (Dkt. No. 200); *Greene v. Mizuho Bank, Ltd.*, 169 F. Supp. 3d 855 (N.D. Ill. 2016). In support of this motion (the "Motion"), Mizuho states as follows:

  1. On June 19, 2017, the Supreme Court, in *Bristol-Myers Squibb Co. v. Supreme Court of California, San Francisco County*, 137 S. Ct. 1773, 1771 (2017), held that a state court lacks specific personal jurisdiction against a nonresident defendant where there is no connection between the forum and the nonresident plaintiffs' claims, even if that court has jurisdiction over similar claims against that defendant brought by residents of the forum state. *Id.*

2.	Prior to the Supreme Court's decision in *Bristol-Myers Squibb*, this Court held that it had specific personal jurisdiction over Mizuho in connection with nonresident plaintiff Joseph Lack's claims because an Illinois resident (Anthony Motto) was asserting the same claims. *Greene v. Mizuho Bank, Ltd.*, 169 F. Supp. 3d 855, 867 (N.D. Ill. 2016). While this Court may have specific personal jurisdiction over Mizuho in connection with the claims asserted by plaintiff Motto (an Illinois resident),[1] this Court can no longer assert specific personal jurisdiction over Mizuho in connection with the claims asserted by nonresident plaintiffs Joseph Lack (a California resident) and Gregory Pearce (a Pennsylvania resident). *Bristol-Myers Squibb* requires the dismissal of all claims asserted by both Lack and Pearce.

3.	This Motion is properly brought under Rule 54(b) of the Federal Rules of Civil Procedure because a significant change in the law has occurred since the issue was submitted to the Court. *See* Fed. R. Civ. P. 54(b) ("any order or decision . . . that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"); *see also Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) ("A motion for reconsideration performs a valuable function where" there has been "a controlling or significant change in the law or facts since the submission of the issue to the Court.").

4.	The points and authorities supporting this Motion are set forth in the Memorandum Of Law In Support Of Defendant Mizuho Bank, Ltd.'s Motion For Partial Reconsideration Of Its Motion To Dismiss For Lack Of Personal Jurisdiction In Light Of New And Controlling Supreme Court Precedent, which is filed contemporaneously with the Motion.

---

[1] Mizuho continues to contest this Court's exercise of personal jurisdiction over it with respect to Illinois-based plaintiff Motto's claims. Nothing herein is intended to waive that position, and Mizuho reserves the right to challenge on appeal the Court's exercise of personal jurisdiction as to Motto's claims.

WHEREFORE, Mizuho requests that the Court grant its Motion For Partial Reconsideration Of Its Motion To Dismiss For Lack Of Personal Jurisdiction In Light Of New And Controlling Supreme Court Precedent, and dismiss the claims of nonresident plaintiffs Lack and Pearce in their entirety.

    MIZUHO BANK, LTD.

    By: /s/ Jason A. Frye
        One of Its Attorneys

Jonathan S. Quinn (#6200495)
jquinn@ngelaw.com
Jason A. Frye (#6292848)
jfrye@ngelaw.com
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street
Chicago, IL 60602-3801
(312) 269-8000

Jerome S. Fortinsky (admitted *pro hac vice*)
jfortinsky@shearman.com
John A. Nathanson (admitted *pro hac vice*)
john.nathanson@shearman.com
Jeffrey J. Resetarits (admitted *pro hac vice*)
jeffrey.resetarits@shearman.com
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022-6069
(212) 848-4000

Dated: August 15, 2017

## CERTIFICATE OF SERVICE

The undersigned attorneys hereby certify that on the 15th day of August, 2017, they caused **Defendant Mizuho Bank, Ltd.'s Motion To Dismiss For Lack Of Personal Jurisdiction In Light Of New And Controlling Supreme Court Precedent** to be served by causing true and accurate copies of such paper to be transmitted via ECF to all counsel of record,

/s/ Jason A. Frye

and via electronic mail to Mark Karpeles.

/s/ Sarah C. C. Tishler