IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREGORY GREENE, JOSEPH LACK, ANTHONY MOTTO, and GREGORY PEARCE, individually and on behalf of all others similarly situated, | |
| *Plaintiffs*, | Case No. 14 C 01437 |
| v. | Judge Gary Feinerman |
| MIZUHO BANK, LTD., a Japanese financial institution, and MARK KARPELES, an individual, | Magistrate Judge Susan E. Cox |
| *Defendants*. | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
MIZUHO BANK, LTD.'S MOTION FOR PARTIAL RECONSIDERATION
OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
IN LIGHT OF NEW AND CONTROLLING SUPREME COURT PRECEDENT**

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................... iii

PRELIMINARY STATEMENT ............................................................................................... 1

PROCEDURAL BACKGROUND............................................................................................ 2

RELEVANT FACTS ................................................................................................................. 3

ARGUMENT .............................................................................................................................. 4

    I.    The Supreme Court's New And Controlling Opinion In *Bristol-Myers Squibb* Compels Partial Reconsideration Of This Court's Ruling On Personal Jurisdiction ...... 4

    II.    The Court Lacks Specific Personal Jurisdiction Over Out-of-State Plaintiffs Lack And Pearce's Claims Against Mizuho...................................................................................... 4

CONCLUSION........................................................................................................................... 9

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Bank of Waunakee v. Rochester Cheese Sales, Inc.*,
   906 F.2d 1185 (7th Cir. 1990) ...................................................................................................4

*Bristol-Myers Squibb Co. v. Supreme Court of California, San Francisco County*,
   137 S. Ct. 1773 (2017)..................................................................................................... passim

*Burger King Corp. v. Rudzewicz*,
   471 U.S. 462 (1985)...................................................................................................................7

*Ferguson v. Lurie*,
   1991 WL 277638 (N.D. Ill. Dec. 19, 1991)...............................................................................4

*Greene v. Mizuho Bank, Ltd.*,
   169 F. Supp. 3d 855 (N.D. Ill. 2016) .............................................................................1, 2, 3, 5

*Jordan v. Bayer Corp.*,
   2017 WL 3006993 (E.D. Mo. July 14, 2017) ...........................................................................7

*Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*,
   484 U.S. 97 (1987).................................................................................................................7, 8

*Purdue Research Foundation v. Sanofi Synthelabo, S.A.*,
   338 F.3d 773 (7th Cir. 2003) .....................................................................................................7

*Siegfried v. Boehringer Ingelheim Pharm., Inc.*,
   2017 WL 2778107 (E.D. Mo. June 27, 2017) ..........................................................................6

*Walden v. Fiore*,
   134 S. Ct. 1115 (2014)...............................................................................................................6

**Statutes and Rules**

7 U.S.C. § 25....................................................................................................................................7

15 U.S.C. § 22..................................................................................................................................7

15 U.S.C. § 78aa..............................................................................................................................7

18 U.S.C. § 1965..............................................................................................................................7

Fed. R. Civ. P. 54(b) ...............................................................................................................1, 3, 4

Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, defendant Mizuho Bank, Ltd. ("Mizuho") respectfully submits this motion for partial reconsideration of the Court's March 14, 2016 order denying Mizuho's motion to dismiss for lack of personal jurisdiction.

## **PRELIMINARY STATEMENT**

On June 19, 2017, the Supreme Court of the United States issued a decision on personal jurisdiction with jurisdictional facts similar to those in this case. In *Bristol-Myers Squibb Co. v. Supreme Court of California, San Francisco County*, 137 S. Ct. 1773 (2017), the Supreme Court held that a California state court lacked specific personal jurisdiction over a nonresident defendant because there was no connection between the forum and the nonresident plaintiffs' claims. *Id*. at 1781. The Supreme Court emphasized that, when analyzing whether a court has specific personal jurisdiction over a nonresident plaintiff's claims against a nonresident defendant, it does not matter that the court has jurisdiction over a resident's claims, even if those claims are identical to the claims brought by the nonresident. *Id.* In order for the court to have specific personal jurisdiction over a nonresident plaintiff's claims against a nonresident defendant, there must be an independent and adequate link between the forum and the nonresident's claims. *Id*.

Prior to the Supreme Court's decision in *Bristol-Myers Squibb*, this Court held that it had specific personal jurisdiction nonresident plaintiff Joseph Lack's claims against Mizuho, a nonresident defendant, because an Illinois resident (Anthony Motto) was asserting the same claims. *Greene v. Mizuho Bank, Ltd.*, 169 F. Supp. 3d 855, 867 (N.D. Ill. 2016). This ruling is no longer tenable after the Supreme Court's decision in *Bristol-Myers Squibb*. Even if this Court has specific personal jurisdiction over the claims asserted by Motto (an Illinois resident) against

Mizuho,[1] it can no longer exercise specific personal jurisdiction over the claims asserted by nonresident plaintiffs Joseph Lack (a California resident) and Gregory Pearce (a Pennsylvania resident). *Bristol-Myers Squibb* requires the dismissal of all claims asserted by both Lack and Pearce.

## PROCEDURAL BACKGROUND

On May 14, 2015, Mizuho moved to dismiss the claims in this case on the basis that this Court lacked personal jurisdiction over nonresident defendant Mizuho. (Doc. No. 148.) After full briefing, oral argument, and Mizuho's submission of supplemental authority (Doc. Nos. 149, 151, 155, 158, 189), the Court denied Mizuho's motion by order dated March 14, 2016. *Greene*, 169 F. Supp. 3d at 863. The Court found that it lacked specific personal jurisdiction over Mizuho with respect to the claims of Illinois-resident plaintiff Gregory Greene, but that California-resident plaintiff Joseph Lack alleged sufficient case-related contacts between Mizuho and California to support the exercise of specific jurisdiction over Lack's claims in California. *Id*. at 863-865. Specifically, the Court found that "Mizuho created the necessary relationship with California by accepting Lack's deposit, knowing that it arrived from a California [bank] branch and a California resident, and profiting from the associated fees . . . while concealing its [alleged] no-withdrawal policy." *Id*. The Court acknowledged, however, that it could not retain the case in Illinois in the absence of a named plaintiff with a claim as to which Mizuho was subject to specific personal jurisdiction in Illinois. *Id*. at 866 ("Specific personal jurisdiction can arise only from the claims of the named plaintiffs, not those of absent class members."). Rather than transferring the case to California, the Court allowed the plaintiffs' counsel to designate a

---

[1] Mizuho continues to contest this Court's exercise of personal jurisdiction over it with respect to Illinois-based plaintiff Motto's claims. Nothing herein is intended to waive that position, and Mizuho reserves the right to challenge on appeal the Court's exercise of personal jurisdiction as to Motto's claims.

2

new named plaintiff whose claims would, in accordance with the Court's decision, give rise to personal jurisdiction over Mizuho. *Id*. at 867. The plaintiffs' counsel thereafter filed their Third Amended Complaint, adding plaintiff Anthony Motto – an Illinois resident with claims similar to Lack's – as an additional named plaintiff. (Doc. No. 205.) On April 21, 2016, Mizuho moved for certification of an interlocutory appeal from this Court's denial of its motion to dismiss for lack of personal jurisdiction, which was denied on April 27, 2016. (Doc. Nos. 208-210, 212.) On March 7, 2017, the plaintiffs filed their Fourth Amended Complaint, which added plaintiff Gregory Pearce – a Pennsylvania resident – as an additional named plaintiff. (Doc. No. 245.)

On June 19, 2017, the U.S. Supreme Court issued its opinion in *Bristol-Myers Squibb*, which held that a California court could not exercise specific jurisdiction over an out-of-state plaintiff's claims against an out-of-state defendant in circumstances virtually identical to those applicable to plaintiffs Lack and Pearce in this case. In light of this new and controlling precedent, Mizuho moves pursuant to Fed. R. Civ. P. 54(b) for reconsideration of this Court's March 14, 2016 order. Mizuho respectfully submits that, in light of *Bristol-Myers Squibb*, this Court lacks specific personal jurisdiction over, and must dismiss, Lack's and Pearce's claims.

## **RELEVANT FACTS**[2]

Mizuho is a financial institution incorporated under the laws of Japan, with its principal place of business in Japan. (Doc. No. 149-1, ¶¶ 2-3; FAC ¶ 9.) Named plaintiff Joseph Lack alleges that he is a resident of California, who, in January 2014, transmitted money to Mt. Gox by wiring funds from his own bank account in California to Mt. Gox's bank account at Mizuho. (FAC ¶¶ 5, 60.) Named plaintiff Gregory Pearce alleges that he is a resident of Pennsylvania,

---

[2] The Court is familiar with the facts of this case. Accordingly, Mizuho recites only the jurisdictional facts relevant to the present motion. The allegations of the FAC are accepted as true solely for purposes of this motion.

3

who joined Mt. Gox in or around November 2013 and, on January 29, 2014, initiated a request to withdraw fiat currency from his Mt. Gox account with instructions to deposit the funds into his U.S. bank account. (FAC ¶¶ 7, 83.)

**ARGUMENT**

**I.   The Supreme Court's New And Controlling Opinion In *Bristol-Myers Squibb* Compels Partial Reconsideration Of This Court's Ruling On Personal Jurisdiction**

Reconsideration of a non-final order pursuant to Rule 54(b) of the Federal Rules of Civil Procedure is appropriate where, as here, a significant change in the law has occurred since the issue was submitted to the court. *See* Fed. R. Civ. P. 54(b) ("any order or other decision . . . that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"). Indeed, the Seventh Circuit has noted that "[a] motion for reconsideration performs a valuable function where" there has been "a controlling or significant change in the law or facts since the submission of the issue to the Court." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990); *see also Ferguson v. Lurie*, 1991 WL 277638 (N.D. Ill. Dec. 19, 1991) (granting motion for reconsideration based on Supreme Court decision effecting significant change in statute of limitations for federal securities fraud claims).

This Court's exercise of specific personal jurisdiction over out-of-state plaintiffs Lack and Pearce's claims against Mizuho falls squarely within the scope of the Supreme Court's June 19, 2017 *Bristol-Myers Squibb* decision. Reconsideration of the Court's March 14, 2016 order as to those claims is therefore appropriate.

**II.  The Court Lacks Specific Personal Jurisdiction Over Out-of-State Plaintiffs Lack And Pearce's Claims Against Mizuho**

Neither Lack nor Pearce alleges that Mizuho had any contact with Illinois in connection with their claims, as would be required for this Court to exercise specific jurisdiction over their

4

claims against Mizuho. Indeed, this Court already held that specific jurisdiction over Lack's claims lies in California, not in Illinois. *Greene v. Mizuho Bank, Ltd.*, 169 F. Supp. 3d 855, 863 (N.D. Ill. 2016). By the same token, specific personal jurisdiction over Pearce's claims also cannot lie in Illinois.

Although this Court held that it could exercise jurisdiction over Lack's claims based on the claims of an Illinois-based plaintiff, that ruling is at odds with the Supreme Court's decision in *Bristol-Myers Squibb*, which held that a court's jurisdiction over *other* plaintiffs' claims does not suffice to establish specific personal jurisdiction over a nonresident plaintiff's claims against a nonresident defendant. In *Bristol-Myers Squibb*, California residents and non-California residents filed suit together in California against a common defendant, Bristol-Myers Squibb ("BMS"), and alleged common claims based on the plaintiffs' use of the drug Plavix, manufactured and sold by BMS. 137 S. Ct. at 1778. BMS was not subject to general jurisdiction in California, but did not contest the California court's exercise of specific jurisdiction as to the claims of the California residents, who were prescribed, obtained and ingested Plavix in California. *Id*. at 1778-79, 1781. The issue before the Supreme Court was whether the California court could exercise specific jurisdiction over BMS in connection with the non-California residents' claims, even though those claims did not arise from any contacts between BMS and California. *Id*. at 1779.

The Supreme Court concluded that the California court could not exercise specific personal jurisdiction over BMS in connection with the non-California residents' claims. "The mere fact that *other* plaintiffs [who reside in California] were prescribed, obtained, and ingested Plavix in California—and allegedly sustained the same injuries as did the nonresidents—does not allow the State to assert specific jurisdiction over the nonresidents' claims." *Id*. at 1781. In

5

analyzing the issue, the Supreme Court explained that its earlier statement in *Walden v. Fiore*, 134 S. Ct. 1115, 1123 (2014), that "a defendant's relationship with a . . . third party, standing alone, is an insufficient basis" for specific jurisdiction "remains true even when third parties (here, the plaintiffs who reside in California) can bring claims similar to those brought by the nonresidents." 137 S. Ct. at 1781. With respect to the nonresident plaintiffs' claims, the Supreme Court observed that "[w]hat is needed—and what is missing here—is a connection between the forum and the specific claims at issue." *Id*.

The Supreme Court's analysis and holding applies with equal force to the claims of out-of-state plaintiffs Lack and Pearce here. Just as the California court in *Bristol-Myers Squibb* lacked specific personal jurisdiction over a nonresident defendant in connection with nonresident plaintiffs' claims, so, too, does this Court lack specific personal jurisdiction over Mizuho in connection with claims by nonresident plaintiffs Lack and Pearce. And, as in *Bristol-Myers Squibb*, it does not matter that the Court may have jurisdiction over a resident plaintiff's claims. "What is needed—and what is missing here—is a connection between the forum and the specific claims at issue." *Bristol-Myers Squibb*, 137 S. Ct. at 1781.

Other courts that have had occasion to apply the Supreme Court's holding in *Bristol-Myers Squibb* concur. For example, in *Siegfried v. Boehringer Ingelheim Pharm., Inc.*, 2017 WL 2778107, at *5 (E.D. Mo. June 27, 2017), the court dismissed claims of out-of-state plaintiffs even though the claims were similar to claims of non-resident plaintiffs based on similar injuries against the same defendant. It explained that, in *Bristol-Myers Squibb*, the Supreme Court "rejected the argument that personal jurisdiction could be asserted merely because a defendant treated a nonresident in the same way it treated plaintiffs in the forum state, or because

6

nonresident and resident plaintiffs made similar claims based on similar injuries." *See also Jordan v. Bayer Corp.*, 2017 WL 3006993, at *4 (E.D. Mo. July 14, 2017) (same).

Although the Supreme Court in *Bristol-Myers Squibb* expressly reserved decision on "whether the Fifth Amendment imposes the same restrictions on the exercise of personal jurisdiction by a federal court," 137 S. Ct. at 1784 (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.,* 484 U.S. 97, 102, n. 5 (1987)), that reservation does not apply here, where the federal court is sitting in diversity jurisdiction. In federal diversity cases—just as in state court cases like *Bristol-Myers Squibb*—the relevant personal jurisdiction inquiry "concerns due process limits on the exercise of specific jurisdiction by a State" under the Fourteenth Amendment, not the Fifth Amendment. *Bristol-Myers Squibb*, 137 S. Ct. at 1783; *see Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 464 ("The question presented is whether th[e] exercise of long-arm jurisdiction [by a federal district court sitting in diversity] offended 'traditional conception[s] of fair play and substantial justice' embodied in the Due Process Clause of the Fourteenth Amendment.") (citation omitted); *Purdue Research Foundation v. Sanofi Synthelabo, S.A.*, 338 F.3d 773, 779 (7th Cir. 2003) ("A district court sitting in diversity has personal jurisdiction over nonresident defendants only if a court of the state in which it sits would have jurisdiction."). The personal jurisdiction analysis in federal court under the Fifth Amendment might be different where a plaintiff asserts federal claims, including claims under the Commodity Exchange Act, the Racketeer Influenced and Corrupt Organizations Act, the Clayton Act, or the Securities Exchange Act of 1934, because those federal statutes explicitly provide for nationwide service of process and permit a defendant to be sued in any federal district where the violation occurred. *See* 7 U.S.C. § 25; 15 U.S.C. § 22; 15 U.S.C. § 78aa; 18 U.S.C. § 1965. In that situation (which is not present here), a federal court might have to evaluate the nonresident defendants' contacts

7

with the entire country, rather than a specific state. *See Omni Capital*, 484 U.S. at 102, n. 5 (1987) ("Under Omni's theory, a federal court could exercise personal jurisdiction, consistent with the Fifth Amendment, based on an aggregation of the defendant's contacts with the Nation as a whole, rather than on its contacts with the State in which the federal court sits. . . . '[W]e have no occasion' to consider the constitutional issues raised by this theory." (citation omitted)). Because this case is in federal court based on diversity jurisdiction (rather than federal question jurisdiction) and because it raises state law claims only, the holding of *Bristol-Myers Squibb* applies and the claims asserted by nonresident plaintiffs Lack and Pearce must be dismissed.

8

## **CONCLUSION**

For the foregoing reasons, this Court should grant Mizuho's motion for partial reconsideration of its motion to dismiss for lack of personal jurisdiction, and should dismiss the claims of out-of-state plaintiffs Lack and Pearce in their entirety.

                                                 MIZUHO BANK, LTD.

                                                 By: /s/ Jason A. Frye
                                                         One of Its Attorneys

Jonathan S. Quinn (#6200495)
jquinn@ngelaw.com
Jason A. Frye (#6292848)
jfrye@ngelaw.com
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street
Chicago, IL 60602-3801
(312) 269-8000

Jerome S. Fortinsky (admitted pro hac vice)
jfortinsky@shearman.com
John A. Nathanson (admitted pro hac vice)
john.nathanson@shearman.com
Jeffrey J. Resetarits (admitted pro hac vice)
jeffrey.resetarits@shearman.com
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022-6069
(212) 848-4000

Dated: August 15, 2017

**CERTIFICATE OF SERVICE**

The undersigned attorneys hereby certify that on the 15th day of August, 2017, they caused this **Memorandum Of Law In Support Of Defendant Mizuho Bank, Ltd.'s Motion For Partial Reconsideration Of Its Motion To Dismiss For Lack Of Personal Jurisdiction In Light Of New And Controlling Supreme Court Precedent** to be served by causing true and accurate copies of such paper to be transmitted via ECF to all counsel of record,

/s/ Jason A. Frye

and via electronic mail to Mark Karpeles.

/s/ Sarah C. C. Tishler