IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREGORY GREENE, JOSEPH LACK, ANTHONY MOTTO, and GREGORY PEARCE, individually and on behalf of all others similarly situated,<br><br>   *Plaintiffs*,<br><br>v.<br><br>MIZUHO BANK, LTD., a Japanese financial institution, and MARK KARPELES, an individual,<br><br>   *Defendants*. | Case No. 14 C 01437<br><br>Judge Gary Feinerman<br><br>Magistrate Judge Susan E. Cox |

**REPLY MEMORANDUM OF LAW OF DEFENDANT MIZUHO BANK, LTD. IN FURTHER SUPPORT OF ITS MOTION FOR PARTIAL RECONSIDERATION OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION <u>IN LIGHT OF NEW AND CONTROLLING SUPREME COURT PRECEDENT</u>**

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................. 1

ARGUMENT ............................................................................................................................ 2

    I.    *Bristol-Myers Squibb* Requires Dismissal Of Lack's And Pearce's Claims Against Mizuho For Lack Of Personal Jurisdiction ...................................................................... 2

    II.   Mizuho Has Preserved Its Personal Jurisdiction Defense Throughout This Litigation ... 4

    III.  *Phillips Petroleum Co. v. Shutts* Is Irrelevant To The Issue Raised By Mizuho's Motion ............................................................................................................................ 7

    IV.  The Plaintiffs Misconstrue The Doctrine Of Pendent Personal Jurisdiction, Especially In The Wake Of *Bristol-Myers Squibb* ............................................................. 8

CONCLUSION ....................................................................................................................... 11

# TABLE OF AUTHORITIES

Page

**Cases**

*Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185 (7th Cir. 1990) ..................... 4

*Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*, 137 S. Ct. 1773 (2017) .............................. passim

*CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066 (9th Cir. 2011) ................................ 10

*DeMaria v. Nissan North America, Inc.*, 2016 WL 374145 (N.D. Ill. Feb. 1, 2016) ..................... 9

*Famular v. Whirlpool Corp.*, 2017 WL 2470844 (S.D.N.Y. June 7, 2017) .................................. 9

*Fitzhenry-Russell v. Dr. Pepper Snapple Grp., Inc.*, 2017 WL 4224723 (N.D. Cal. Sept. 22, 2017) .......................................................................................................... 4

*Gen. Elec. Capital Corp. v. Mackzilla, LLC*, 2016 WL 1509529 (S.D. Tex. Mar. 17, 2016) ....... 10

*Greene v. Mizuho Bank, Ltd.*, 169 F. Supp. 3d 855 (N.D. Ill. 2016) ........................................... 5

*Hargrave v. Oki Nursery, Inc.*, 646 F.2d 716 (2d Cir. 1980) ..................................................... 10

*Harmon v. Gordon*, 712 F.3d 1044 (7th Cir. 2013) .................................................................... 7

*Jackson v. N'Genuity Enters. Co.*, 2010 WL 3025015 (N.D. Ill. Aug. 2, 2010) ......................... 10

*Judge v. First Nat'l Bank*, 259 F. Supp. 2d 586 (E.D. Ky. 2003) .............................................. 10

*Long v. Parry*, 921 F. Supp. 2d 269 (D. Vt. 2013) ................................................................... 10

*MaxLite, Inc. v. ATG Elec., Inc.*, 193 F. Supp. 3d 371 (D.N.J. 2016) ....................................... 10

*In re Mexico Money Transfer Litig.*, 267 F.3d 743 (7th Cir. 2001) ............................................. 8

*Miner v. Gillette Co.*, 428 N.E.2d 478 (Ill. 1981) ....................................................................... 8

*Morrison v. YTB Int'l, Inc.*, 649 F.3d 533 (7th Cir. 2011) .......................................................... 8

*Parker v. Franklin Cty. Cmty. Sch. Corp.*, 667 F.3d 910 (7th Cir. 2012) .................................... 7

*Phillips Exeter Academy v. Howard Phillips Fund, Inc.*, 196 F.3d 284 (1st Cir. 1999) ............. 6

*Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985) ....................................................... 1, 7, 8

*In re Real Estate Title & Settlement Servs. Antitrust Litig.*, 869 F.2d 760 (3d Cir. 1989) .......... 8

*Rice v. Nova Biomed. Corp.*, 763 F. Supp. 961 (N.D. Ill. 1991) ........................................... 9, 10

*Robinson Eng'g Pension Plan & Trust v. George*, 223 F.3d 445 (7th Cir. 2000) ...................... 9, 10

*Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266 (5th Cir. 2006) ............................................. 6

*Sprately v. FCA US LLC*, 2017 WL 4023348 (N.D.N.Y. Sept. 12, 2017) ................................. 3, 4

*Stromberg Metal Works, Inc. v. Press Mech., Inc.*, 77 F.3d 928 (7th Cir. 1996) .......................... 10

*In re Testosterone Replacement Therapy Prods. Liab. Litig. Coordinated Pretrial Proceedings*, 164 F. Supp. 3d 1040 (N.D. Ill. 2016) .................................................................. 9

*Tulsa Cancer Inst., PLLC v. Genentech Inc.*, 2016 WL 141859 (N.D. Okla. Jan. 12, 2016) .......... 9

*United States v. Botefuhr*, 309 F.3d 1263 (10th Cir. 2002) ............................................................ 10

*Williams v. Gen. Elec. Capital Auto Lease, Inc.*, 159 F.3d 266 (7th Cir. 1998) .............................. 8

**Statutes & Rules**

28 U.S.C. § 1367 ................................................................................................................................ 9

Fed. R. Civ. P. 12(b)(2) ................................................................................................................. 5, 6

Defendant Mizuho Bank, Ltd. ("Mizuho") respectfully submits this reply memorandum of law in further support of its motion for partial reconsideration of the Court's March 14, 2016 order denying Mizuho's motion to dismiss for lack of personal jurisdiction.

## PRELIMINARY STATEMENT

The plaintiffs attempt to dodge the obvious implications for this case of the Supreme Court's important June 2017 decision in *Bristol-Myers Squibb Co. v. Superior Court of California*, 137 S. Ct. 1773 (2017), by concocting three baseless arguments that evaporate under scrutiny.

First, the plaintiffs have no basis to say that Mizuho waived its right to make the arguments in its motion for reconsideration. The Supreme Court's decision in *Bristol-Myers Squibb*, which was issued just a few weeks before Mizuho filed this motion, constitutes new and controlling law that is appropriate for Mizuho to bring to this Court's attention through a motion for reconsideration. Indeed, Mizuho would have been remiss not to bring the *Bristol-Myers Squibb* opinion to the Court's attention, because it effectively holds that this Court's exercise of jurisdiction over the claims asserted by out-of-state plaintiffs Lack and Pearce against out-of-state defendant Mizuho is unfounded. Far from waiving any argument, Mizuho has repeatedly reaffirmed – in its answer, in its discovery responses and at depositions – that the Court lacks personal jurisdiction over it.

Second, contrary to the plaintiffs' assertion, *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985), has no relevance to Mizuho's motion, just as the Supreme Court held that *Shutts* had "no bearing on the question presented" in *Bristol-Myers Squibb*. The issue here is whether the Court has personal jurisdiction over nonresident defendant Mizuho for purposes of nonresident plaintiffs' claims, whereas the issue in *Shutts* was whether the court had properly asserted personal jurisdiction over absent class members. The plaintiffs in *Bristol-Myers Squibb* made

the same argument as the plaintiffs do here, and, the Court rejected it because "the authority of a State to entertain the claims of nonresident class members is entirely different from its authority to exercise jurisdiction over an out-of-state defendant." 137 S. Ct. at 1783 (citing *Shutts*, 472 U.S. at 808-12).

Finally, the plaintiffs urge that this Court can sidestep *Bristol-Myers Squibb* by exercising pendent personal jurisdiction over a nonresident defendant for purposes of out-of-state plaintiffs' claims. The doctrine of pendent personal jurisdiction permits a court to exercise personal jurisdiction over a defendant as to a claim brought by a plaintiff if the court already has jurisdiction based on another claim brought by the *same* plaintiff. It does not permit a court to exercise personal jurisdiction over a defendant as to a plaintiff's claim based on the court's jurisdiction over a *different* plaintiff's claims. To the extent a court did permit such a broad form of pendent personal jurisdiction, a court no longer has that latitude under the Supreme Court's decision in *Bristol-Myers Squibb*.

For these reasons and those set forth in Mizuho's opening brief, the Court should dismiss the claims of out-of-state named plaintiffs Lack and Pearce for lack of personal jurisdiction.

## ARGUMENT

I.  *Bristol-Myers Squibb* Requires Dismissal Of Lack's And Pearce's Claims Against Mizuho For Lack Of Personal Jurisdiction

In *Bristol-Myers Squibb*, the Supreme Court made clear that when personal jurisdiction is challenged by a nonresident defendant in a multi-plaintiff action, the court must assess the defendant's contacts with the forum state for each plaintiff's claims separately, regardless of the similarity of the claims asserted by the various plaintiffs. 137 S. Ct. at 1781 ("What is needed—and what is missing here—is a connection between the forum and the specific claims at issue."). Thus, pursuant to *Bristol-Myers Squibb*, if a non-resident plaintiff cannot demonstrate that its

2

state law claim arises out of contacts between the non-resident defendant and the forum state, it cannot proceed in that forum just because a different plaintiff's claim does. *Id.*

The plaintiffs here contend that, because *Bristol-Myers Squibb* was a "mass action," not a class action, its analysis, reasoning and holding do not apply to Lack.[1] But this is a distinction without a difference. This case, like *Bristol-Myers Squibb*, is one in which multiple plaintiffs, including plaintiffs who do not reside in the forum state, have sued a non-resident defendant. The plaintiffs offer no principled reason why courts, for purposes of assessing specific personal jurisdiction over an out-of-state defendant, should treat the state law claims of out-of-state named plaintiffs in an uncertified class action any differently than the state law claims of out-of-state named plaintiffs in a an action in which class action status is not sought.[2] And, although the plaintiffs try to tease some significance out of the fact that *Bristol-Myers Squibb* was a product liability case, they cannot and do not offer any authority to suggest that the nature of the claims has any relevance to the jurisdictional analysis here.

Apparently the only district court that has considered *Bristol-Myers Squibb*'s application to claims of out-of-state named plaintiffs in the class action context supports Mizuho's position. In *Sprately v. FCA US LLC*, 2017 WL 4023348, at * 6-7 (N.D.N.Y. Sept. 12, 2017), a court in the Northern District of New York addressed almost the same situation presented here: a putative class action against a nonresident defendant brought by residents of New York and four other states as individual named plaintiffs. The court held that it could exercise specific personal jurisdiction over a New York plaintiff's claims, but, pursuant to *Bristol-Myers Squibb*, it lacked

---

[1] *See* Opposition to Motion for Partial Reconsideration ("Opposition" or Opp.") at 7. The plaintiffs proffer that argument solely as to Lack, and thereby waive that argument as to Pearce, the other named plaintiff.

[2] Contrary to the plaintiffs' suggestion (Opp. at 11), this motion is not appropriately addressed to "the propriety of certifying a multi-state class," but rather to the threshold jurisdictional question of whether this Court has authority to decide named plaintiffs' claims against Mizuho.

3

specific personal jurisdiction over the nonresident plaintiffs' claims because they had not shown any connection between their claims and the defendant's contacts with New York. *Id*. at *6-7. The court also declined to exercise pendent personal jurisdiction over the nonresident plaintiffs' claims, and dismissed them. *Id*. at *7-8.[3]

The same logic and reasoning applies to Mizuho's motion. The fact that this case is a putative class action, whereas *Bristol-Myers Squibb* was a mass action, does not provide a reasoned basis for treating the state law claims of the out-of-state *named* plaintiffs in this case differently than the state law claims of the out-of-state plaintiffs in *Bristol-Myers Squibb* for purposes of assessing specific personal jurisdiction over Mizuho. The court should dismiss the claims of Lack and Pearce for lack of personal jurisdiction over Mizuho because, as in *Bristol-Myers Squibb*, "[w]hat is needed—and what is missing here—is a connection between the forum and the specific claims at issue." 137 S. Ct. at 1781.

## II. Mizuho Has Preserved Its Personal Jurisdiction Defense Throughout This Litigation

As explained in our opening brief, "[a] motion for reconsideration performs a valuable function where" there has been "a controlling or significant change in the law or facts since the submission of the issue to the Court." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted); Memorandum of Law in Support of Defendant Mizuho Bank, Ltd.'s Motion for Partial Reconsideration ("Opening Brief") (Doc. No. 283) at 4. The plaintiffs attempt to avoid dismissal of Lack's and Pearce's claims based on the new, controlling legal precedent announced by the Supreme Court in *Bristol-Myers Squibb* by

---

[3] *Fitzhenry-Russell v. Dr. Pepper Snapple Grp., Inc.*, 2017 WL 4224723, at *3-5 (N.D. Cal. Sept. 22, 2017), does not apply because all of the named plaintiffs were residents of the forum state, whereas here, the named plaintiffs that are subject to this motion (Lack and Pearce) are not residents of the forum state and their claims do not arise out of Mizuho's alleged contacts with the forum state.

4

claiming that Mizuho waived the legal argument made in this motion. *See* Opp. at 3-4, 15 n.5. The history of this case shows otherwise.

Contrary to the plaintiffs' assertion, Mizuho had no opportunity before the Supreme Court's new and controlling decision in *Bristol-Myers Squibb* to make the argument set forth in this motion. Mizuho, in its original motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2) (Doc. No. 149), argued that this Court lacked personal jurisdiction in connection with any of the named plaintiffs' claims and advanced specific arguments concerning certain named plaintiffs. (Doc. No. 149 at 7, 8; Doc. No. 155 at 9.) Moreover, in deciding that motion, this Court engaged in a plaintiff-by-plaintiff analysis of personal jurisdiction. *Greene v. Mizuho Bank, Ltd.*, 169 F. Supp. 3d 855 (N.D. Ill. 2016). The Court concluded that it lacked personal jurisdiction over Mizuho for purposes of the claims brought by plaintiff Gregory Greene, a resident of Illinois, and that, as to the claims asserted by Lack, a resident of California, "personal jurisdiction lies over Mizuho in California but not Illinois." *Id*. at 865-66. Nonetheless, the Court denied Mizuho's motion to dismiss for lack of personal jurisdiction conditioned on the addition of a named plaintiff from Illinois who was purportedly a member of the putative deposit subclass. *Id*. at 867. Plaintiffs Motto (a resident of Illinois) and Pearce (a resident of Pennsylvania) were later added in the Third and Fourth Amended Complaints, respectively. (Doc. Nos. 205, 245.)

On June 19, 2017, more than fifteen months after this Court's March 14, 2016 decision, the Supreme Court issued its decision in *Bristol-Myers Squibb*. Contrary to the plaintiffs' unsupported assertions, *Bristol-Myers Squibb* is the first binding precedent that directly addresses and endorses the legal theory advanced in this motion: *i.e.*, that, in the absence of an independent and adequate link between Illinois and the out-of-state plaintiffs' state law claims,

5

this Court cannot exercise specific personal jurisdiction over those claims against Mizuho simply because an Illinois-resident plaintiff is asserting the same claims against Mizuho.[4]

Moreover, nothing Mizuho has said or done in the course of this litigation constitutes a waiver, and nothing in any of the authorities cited by the plaintiffs implies any waiver of Mizuho's right to have this Court consider its personal jurisdiction decision in light of the Supreme Court's new, controlling precedent in *Bristol-Myers Squibb*. Indeed, Mizuho has continuously contended that it is not subject to personal jurisdiction in Illinois as to *any* of the claims asserted against it by *any* plaintiff in this case, and it has repeatedly reiterated this position in its motions, its answer and affirmative defenses, its discovery responses, and on the record at the start of the deposition of each named plaintiff.[5]

The plaintiffs' footnoted assertion that "Mizuho has forfeited its personal jurisdiction defense against Pearce . . . through its conduct in this litigation" (Opp. at 15 n.5) fails for all of the same reasons. Although Pearce was not added as a named plaintiff until several months after the Court's March 2016 decision on Mizuho's Rule 12(b)(2) motion, Mizuho has preserved its objection to the Court's jurisdiction over Pearce's claims in its answer and affirmative defenses,

---

[4] The plaintiffs cite a handful of cases in support of their assertion that "authority for the proposition Mizuho now seeks to press predated Mizuho's original motion to dismiss." Opp. at 4. However, unlike the Supreme Court's recent decision in *Bristol-Myers Squibb*, none of those decisions has ever been controlling precedent in this Court. And, in any event, neither the Fifth Circuit's decision in *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 275 n.6 (5th Cir. 2006), nor the First Circuit's decision in *Phillips Exeter Academy v. Howard Phillips Fund, Inc.*, 196 F.3d 284, 289 (1st Cir. 1999), involved claims of both in-state and out-of-state named plaintiffs, as this case and *Bristol-Myers Squibb* do.

[5] *See, e.g.*, Memorandum of Law of Defendant Mizuho Bank, Ltd. in Support of its Motion to Dismiss the Second Amended Class Action Complaint for Lack of Personal Jurisdiction (Doc. No. 149), at 7-9; Opening Brief (Doc. No. 283), at 2 n.1; Reply Memorandum of Law of Defendant Mizuho Bank, Ltd. in Further Support of its Motion to Dismiss the Second Amended Class Action Complaint for Lack of Personal Jurisdiction (Doc. No. 155), at 10; Defendant Mizuho Bank, Ltd.'s Answer and Affirmative Defenses to the Plaintiffs' Fourth Amended Class Action Complaint (Doc. No. 246), at 39, First Affirmative Defense; Transcript of July 26, 2017 Deposition of Anthony Patrick Motto at 7:8-17 ("Mizuho continues to contest that the Court has jurisdiction over Mizuho."); Transcript of August 2, 2017 Deposition of Joseph Lack at 8:25-9:1 ("Mizuho continues to contest that the Court has personal jurisdiction over Mizuho."); Transcript of August 16, 2017 Deposition of Gregory Pearce at 4:25-5:1 ("Mizuho continues to contest that the Court has jurisdiction over Mizuho.").

in subsequent motion papers, and during the course of discovery, including, as the plaintiffs are aware, with a statement on the record at the outset of Pearce's deposition that Mizuho continued to contest the Court's personal jurisdiction. *See* n.5 and accompanying text, *supra*. Furthermore, under well-established Seventh Circuit precedent, the plaintiffs have waived their argument as to Pearce by raising it in an undeveloped footnote that cites no binding authority. *See, e.g., Harmon v. Gordon*, 712 F.3d 1044, 1053 (7th Cir. 2013); *Parker v. Franklin Cty. Cmty. Sch. Corp.*, 667 F.3d 910, 924 (7th Cir. 2012).

### III. *Phillips Petroleum Co. v. Shutts* Is Irrelevant To The Issue Raised By Mizuho's Motion

The next argument offered by the plaintiffs takes the Court on a confusing and misleading detour from the issue raised by Mizuho's motion. The plaintiffs criticize Mizuho's motion as to named plaintiff Lack for "fail[ing] to grapple with *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985), which," according to the plaintiffs, "permits the exercise of personal jurisdiction in order to resolve the claims of out-of-state class members." Opp. at 2. But the plaintiffs' statement simply cannot be squared with the Supreme Court's holding in *Shutts*, which was limited to a court's authority to bind a nonresident *absent class member* to a judgment, and has no application to the issue presented by this motion.

In *Shutts*, the Supreme Court held that absent class members could be bound by a judgment for damages without having minimum contacts with the forum state so long as "minimal procedural due process" requirements – notice with an opportunity to be heard, an opportunity to opt out, and adequate representation – are met. 472 U.S. at 808-10.[6] As the

---

[6] The plaintiffs' assertion that "the [*Shutts*] Court held that the contacts created by the named plaintiff's claims sufficed to authorize jurisdiction over the claims of every class member" (Opp. at 6) is an obvious distortion of the Court's holding, as is apparent from the absence of any citation to the Court's opinion.

7

Supreme Court explained in *Bristol-Myers Squibb*, "*Shutts* concerned the due process rights of *plaintiffs*, [and therefore] has no bearing on the question presented here." 137 S. Ct. at 1783.

The question presented in *Bristol-Myers Squibb* (and in Mizuho's motion) concerns the due process rights of a *nonresident defendant*, not a *nonresident absent class member*. Despite the plaintiffs' efforts to confuse these two distinct issues, both *Shutts* and *Bristol-Myers Squibb* make clear that "the authority of a State to entertain the claims of nonresident class members is entirely different from its authority to exercise jurisdiction over an out-of-state defendant." *Bristol-Myers Squibb*, 137 S. Ct. at 1783 (citing *Shutts*, 472 U.S. at 808-12). The more stringent due process protection of "minimum contacts" between a nonresident defendant and the forum state therefore is required to bind a nonresident defendant to a judgment in the forum state. *Shutts*, 472 U.S. at 808-10. Accordingly, *Shutts* has no bearing on questions relating to personal jurisdiction over an out-of-state defendant like Mizuho.[7]

## IV. The Plaintiffs Misconstrue The Doctrine Of Pendent Personal Jurisdiction, Especially In The Wake Of *Bristol-Myers Squibb*

In their final plea to salvage the Court's jurisdiction over the claims of Lack and Pearce, the plaintiffs urge this Court to exercise "pendent personal jurisdiction" over those claims. According to the plaintiffs, the doctrine of pendent personal jurisdiction gives a court discretion to exercise personal jurisdiction over claims as to which it lacks independent personal

---

[7] Like *Shutts*, each of the other cases cited by the plaintiffs focuses on the rights of absent plaintiff class members, not whether a nonresident defendant like Mizuho could be subject to personal jurisdiction in connection with state law claims asserted by nonresident named plaintiffs. *See* Opp. at 7 (citing *In re Mexico Money Transfer Litig.*, 267 F.3d 743 (7th Cir. 2001) (involving appeal by absent plaintiff class members who objected to a class settlement of RICO claims); *Miner v. Gillette Co.*, 428 N.E.2d 478 (Ill. 1981) (holding that unlike the "minimum contacts" required for exercising personal jurisdiction over a nonresident defendant, the only due process requirements for exercising jurisdiction over absent plaintiff class members are notice, an opportunity to be heard, and adequate representation); *Morrison v. YTB Int'l, Inc.*, 649 F.3d 533 (7th Cir. 2011) (addressing diversity jurisdiction question and whether non-Illinois plaintiff class members could assert valid claims under Illinois's Consumer Fraud Act); *Williams v. Gen. Elec. Capital Auto Lease, Inc.*, 159 F.3d 266 (7th Cir. 1998) (addressing collateral attack on class settlement by absent plaintiff class members); *In re Real Estate Title & Settlement Servs. Antitrust Litig.*, 869 F.2d 760 (3d Cir. 1989) (same)).

8

jurisdiction if the claims "'arise out of a common nucleus of facts with claims as to which personal jurisdiction exists.'" Opp. at 11-12 (quoting *Rice v. Nova Biomed. Corp.*, 763 F. Supp. 961, 966 (N.D. Ill. 1991)). The plaintiffs, however, vastly overstate the scope of the doctrine of pendent personal jurisdiction and fail to address its continued validity in light of *Bristol-Myers Squibb*.

Even before *Bristol-Myers Squibb* was decided, courts routinely rejected the broad theory of pendent personal jurisdiction urged by the plaintiffs here in which a court would purportedly have jurisdiction over a nonresident plaintiff's claims if it had jurisdiction over a resident plaintiff's claims. *See, e.g., Famular v. Whirlpool Corp.*, 2017 WL 2470844, at *7 (S.D.N.Y. June 7, 2017) (rejecting pendent personal jurisdiction over claims of out-of-state named plaintiffs); *DeMaria v. Nissan North America, Inc.*, 2016 WL 374145, at *8 (N.D. Ill. Feb. 1, 2016) (same); *In re Testosterone Replacement Therapy Prods. Liab. Litig. Coordinated Pretrial Proceedings*, 164 F. Supp. 3d 1040, 1048 (N.D. Ill. 2016) (same); *Tulsa Cancer Inst., PLLC v. Genentech Inc.*, 2016 WL 141859, at *4 (N.D. Okla. Jan. 12, 2016) (holding that "[t]he doctrine of pendent personal jurisdiction does not negate Plaintiffs' obligation to establish jurisdiction based on the relationship between Defendant, the forum, and each Plaintiff's claims").

The plaintiffs make the bold statement that the Seventh Circuit "has approved the exercise of pendent personal jurisdiction along the same lines as the authority granted by 28 U.S.C. § 1367." Opp. at 12 (citing *Robinson Eng'g Pension Plan & Trust v. George*, 223 F.3d 445, 449-50 (7th Cir. 2000)). But the Seventh Circuit in *Robinson* much more narrowly construed pendent personal jurisdiction, and held that a court could exercise pendent personal jurisdiction over a claim by a single named plaintiff if it had personal jurisdiction over a separate

9

claim by the *same* named plaintiff. *Robinson*, 223 F.3d at 449.[8] The Seventh Circuit did not rule that if a court had personal jurisdiction over a defendant in connection with one named plaintiff's claims, it could assert pendent personal jurisdiction over a nonresident defendant in connection with a separate nonresident named plaintiff's claims. To the extent that any court has made such a ruling, those cases are no longer good law because they are contrary to the Supreme Court's holding and reasoning in *Bristol-Myers Squibb*.

---

[8] The other cases cited by the plaintiffs are narrow, like *Robinson*, and have no bearing on the outcome of this motion. *See CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1080 (9th Cir. 2011); *United States v. Botefuhr*, 309 F.3d 1263, 1272 (10th Cir. 2002); *Stromberg Metal Works, Inc. v. Press Mech., Inc.*, 77 F.3d 928, 932 (7th Cir. 1996); *Hargrave v. Oki Nursery, Inc.*, 646 F.2d 716, 719-20 (2d Cir. 1980); *Gen. Elec. Capital Corp. v. Mackzilla, LLC*, 2016 WL 1509529, at *6-7 (S.D. Tex. Mar. 17, 2016); *MaxLite, Inc. v. ATG Elec., Inc.*, 193 F. Supp. 3d 371, 390 (D.N.J. 2016); *Long v. Parry*, 921 F. Supp. 2d 269, 274 (D. Vt. 2013); *Jackson v. N'Genuity Enters. Co.*, 2010 WL 3025015, at *6 (N.D. Ill. Aug. 2, 2010); *Judge v. First Nat'l Bank*, 259 F. Supp. 2d 586, 596-97 (E.D. Ky. 2003); *Rice*, 763 F. Supp. at 966.

10

## **CONCLUSION**

For the foregoing reasons, this Court should grant Mizuho's motion for partial reconsideration of its motion to dismiss for lack of personal jurisdiction, and should dismiss the claims of out-of-state plaintiffs Lack and Pearce in their entirety.

                                                MIZUHO BANK, LTD.

                                                By:  /s/ Jason A. Frye
                                                            One of Its Attorneys

Jonathan S. Quinn (#6200495)
jquinn@ngelaw.com
Jason A. Frye (#6292848)
jfrye@ngelaw.com
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street
Chicago, IL 60602-3801
(312) 269-8000

Jerome S. Fortinsky (admitted pro hac vice)
jfortinsky@shearman.com
John A. Nathanson (admitted pro hac vice)
john.nathanson@shearman.com
Jeffrey J. Resetarits (admitted pro hac vice)
jeffrey.resetarits@shearman.com
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022-6069
(212) 848-4000

Dated: October 4, 2017

11

**CERTIFICATE OF SERVICE**

The undersigned attorneys hereby certify that on the 4th day of October, 2017, they caused this **Reply Memorandum Of Law Of Defendant Mizuho Bank, Ltd. In Further Support Of Its Motion For Partial Reconsideration Of Its Motion To Dismiss For Lack Of Personal Jurisdiction In Light Of New And Controlling Supreme Court Precedent** to be served by causing true and accurate copies of such paper to be transmitted via ECF to all counsel of record,

/s/ Jason A. Frye

and via electronic mail to Mark Karpeles.

/s/ Sarah C. C. Tishler