# EXHIBIT 19

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

GREGORY GREENE, JOSEPH LACK,
ANTHONY MOTTO, and GREGORY
PEARCE, individually and on behalf of all
others similarly situated,

          *Plaintiffs*,

v.

MIZUHO BANK, LTD., a Japanese financial
institution, and MARK KARPELES, an
individual,

          *Defendants*.

Case No. 1:14-cv-01437

Hon. Gary Feinerman

Magistrate Judge Susan Cox

**PLAINTIFFS' ANSWERS TO DEFENDANT MIZUHO BANK LTD.'S
THIRD SET OF INTERROGATORIES TO PLAINTIFFS JOSEPH LACK AND
ANTHONY MOTTO, AND SECOND SET OF INTERROGATORIES
TO PLAINTIFF GREGORY PEARCE**

Plaintiffs Joseph Lack, Anthony Motto, and Gregory Pearce ("Plaintiffs"), by and

through their undersigned counsel, hereby provide the following supplemental answers to

Defendant Mizuho Bank, Ltd.'s ("Defendant") Third Set of Interrogatories to Plaintiffs Joseph

Lack and Anthony Motto, and Second Set of Interrogatories to Plaintiff Gregory Pearce. All

responses contained herein are based only upon such information and documents presently

available to Plaintiffs. Further discovery, investigation, research, and analysis may supply

additional facts and/or meaning to known facts. Moreover, the responses below are given

without prejudice to Plaintiffs' right to later produce additional information.

## PLAINTIFFS' ANSWERS

**INTERROGATORY NO. 1:** State all facts set forth in any notes or interview memoranda prepared by Your counsel in connection with any interviews or oral Communications that Your counsel had with any of the Individual Defendants.

**ANSWER:** Plaintiffs object to this Interrogatory to the extent that it seeks information that is protected by the attorney-client privilege and/or work-product doctrine. Plaintiffs also object on the basis that the request is overbroad and unduly burdensome, as it calls for Plaintiffs to identify "all facts" set forth in "any" notes or interview memoranda (wherein, for example, any fact collected by Plaintiffs' counsel, no matter how informal, would be responsive).

Subject to and without waiving the foregoing objections, Plaintiffs represent as follows:

On January 30, 2015, a former Edelson PC attorney, Alicia Hwang, interviewed Gonzague Gay-Bouchery (accompanied by his counsel) for approximately 1.5 hours starting around 5pm PST. Ms. Hwang contemporaneously memorialized her interview notes in an email to Edelson PC attorneys Jay Edelson, Ari Scharg, and Benjamin S. Thomassen, which was sent at 6:38pm PST on the same evening. Mr. Gay-Bouchery's counsel, Daniel Fumagalli, was present for this call.

During the call, Mr. Gay-Bouchery stated as follows: Mizuho Bank was the primary financial institution that Mt. Gox used for its operations in Japan, and was the only way U.S. users could deposit money into their Mt. Gox accounts. Typically, users would make withdrawal requests through their Mt. Gox account pages, the requests would be vetted by Mt. Gox, and then a summary list of withdrawal requests would be provided to Mizuho Bank. However, this process changed in late 2013,[1] when Mizuho informed Mt. Gox that it no longer wanted to do business with Mt. Gox, and that Mt. Gox had six months to find a new banking partner. Mizuho was alarmed by the high volume of withdrawal requests and

---

[1] Mr. Gay-Bouchery did not recall the precise date on which the withdrawal process changed, but he recalled that it may have been September of 2013.

Doc ID: 69e88ce03f11df6436a021575de7fcbfd0beb8fe

intermediary banks' refusal to re-route withdrawals from Mt. Gox due to its associating with bitcoins generally. Although Mizuho wanted to close Mt. Gox's account on the basis of these concerns, Mizuho did not believe it could do so without proof of illegal conduct by the account-holder under applicable Japanese law. Because Mr. Karpeles refused to voluntarily close Mt. Gox's account with Mizuho Bank, Mizuho would attempt to hinder its provision of services to Mt. Gox, in an attempt to change Mr. Karpeles' mind. Mizuho established numerous obstacles to Mt. Gox's use of its Mizuho account, including (a) raising the withdrawal/ deposit fees; (b) taking away Mt. Gox's access to automatic system withdrawals and requiring that requests be processed on paper via post office; (c) telling Mr. Karpeles that Mizuho would no longer process international wire transfers.[2]

Mizuho Bank did not want Mt. Gox to make an announcement to its users that delays in processing transactions were attributable to Mizuho, and was disgruntled when a statement to that effect was posted on the Mt. Gox website. Mr. Gay-Bouchery was not aware of the identity of the employee at Mizuho that was disgruntled by the posting, nor the substance of Mizuho's objection.

Mr. Karpeles was the primary individual responsible for (a) overseeing the Mt. Gox website, including the terms of use and any press releases; (b) signing paperwork related to banking relationships with Mizuho; and (c) controlling all business conducted by Mt. Gox and Tibanne. Although Mt. Gox had retained an accountant from a firm called Aoyana, Mr. Gay-Bouchery had heard – after the Mt. Gox exchange had collapsed – that the accountant had not reconciled any numbers to confirm that Mt. Gox's accounts were accurate. Further, Mr. Gay-Bouchery had heard that Mt. Gox employees were not familiar with the accountant's identity or scope of work. Mr. Karpeles was aware of the lost bitcoins as of

---

[2] Mr. Gay-Bouchery did not recall if Mizuho actually ceased processing all international withdrawals at the time. He believed that there were some (non-U.S.) countries that were still able to process requests, but did not recall which ones.

January 2014, but publicly framed transactional delays as technical issues to which he was responding.

Finally, Mr. Gay-Bouchery said he felt "conned" by Mr. Karpeles and his mismanagement of Mt. Gox. Mr. Gay-Bouchery stated that Mr. Karpeles sought and received input from Baker & McKenzie at many points, including with respect to Mt. Gox's decision to file for bankruptcy and the loss of funds from Mt. Gox. Mr. Gay-Bouchery did not know where the missing fiat currency could have gone.

On October 11, 2016, Benjamin S. Thomassen, Aaron Lawson, Jay Edelson, Chistopher Dore and Ari Scharg participated in a Skype call with Mr. Karpeles. The content of this conversation was memorialized in an email from Benjamin S. Thomassen to Mr. Karpeles on October 12, 2016, which was produced as Edelson007235-007246.

On April 21, 2017, Benjamin S. Thomassen and Aaron Lawson participated in another call with Mr. Gay-Bouchery. Mr. Gay-Bouchery's counsel, Daniel Fumagalli, was present for this call.

During the call, Mr. Gay-Bouchery stated as follows: Japanese banking relationships were not under his purview when he was employed by Mt. Gox. Generally, although he has been in Japan since 2002, Mr. Gay-Bouchery does not speak Japanese well enough to conduct meetings in Japanese.[3] For this reason, his understanding of Mizuho Bank's relationship with Mt. Gox originated primarily from conversations with Mr. Karpeles, including Mizuho's decision to alter its relationship with Mt. Gox. Because of Mr. Karpeles' poor English speaking skills, Mr. Gay-Bouchery functioned as liaison (rather than decision-maker) between Mt. Gox and other companies.

---

[3] Mr. Gay-Bouchery did recall that he was asked to attend one meeting primarily in Japanese – the Shibuya meeting. Counsel for Mt. Gox was also present.

Doc ID: 69e88ce03f11df6436a021575de7fcbfd0beb8fe

Mt. Gox had access to other banking partners, but none that could handle the transaction volume necessary to support Mt. Gox.[4] Although Mr. Gay-Bouchery did not recall the specifics of the announcement made by Mt. Gox, he did recall that Mark told him that Mt. Gox had to remove an initial press release from the website at Mizuho's behest because it didn't "please" Mizuho.[5] He did recall that transactions were "moved to paper," which he saw increased processing times substantially. At one point, transactions slowed so much that only some (non-U.S.) wires were going through, but Mr. Gay-Bouchery does not recall their destinations.

*     *     *

**INTERROGATORY NO. 2:** For each Communication between Your counsel and any prospective class member in this Action, state the date of the Communication, the names of all people who were present at the Communication (if the Communication was in person or by telephone or videoconference) or the names of all people who sent or received the Communication (if the Communication was in writing), and all facts Communicated to Your counsel by any prospective class member in this Action.

 **ANSWER:** Plaintiffs object to this Interrogatory to the extent that it seeks information that is protected by the attorney-client privilege and/or work-product doctrine. Plaintiffs also object on the basis that the request is overbroad and unduly burdensome, as it calls for Plaintiffs to identify "all facts" communicated in "each Communication" (wherein, for example, any fact collected by Plaintiffs' counsel, no matter how informal, would be responsive).

 Subject to and without waiving the foregoing objections, Plaintiffs respond as follows: see document produced as Edelson025918.

*     *     *

---

[4] Mr. Gay-Bouchery noted that Mt. Gox had many difficulties finding banking partners in Japan, so he did not find it strange that Mizuho decided to alter its policies with respect to Mt. Gox.

[5] Mr. Gay-Bouchery recalled that there were Mt. Gox employees that communicated with Mizuho on a daily basis around this time, but that different employee teams were segregated within the office. He noted that only Mr. Karpeles had access to all 'silos.'

*As to Objections:*

**EDELSON PC,**

Dated: August 28, 2017          By:     /s/ Benjamin S. Thomassen
                                        One of Plaintiffs' Attorneys

                                        Benjamin S. Thomassen
                                        bthomassen@edelson.com
                                        EDELSON PC
                                        350 North LaSalle Street, Suite 1300
                                        Chicago, Illinois 60654
                                        Tel: 312.589.6370
                                        Fax: 312.589.6378

                                        *Counsel for Plaintiffs and the Putative Class*

Doc ID: 69e88ce03f11df6436a021575de7fcbfd0beb8fe

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.

As to Answers,

Joseph Lack

_____

Date: August 28, 2017

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2017, I served the above and foregoing by causing a true and accurate copy of such paper to be placed in a postage prepaid envelope addressed to the persons shown below and depositing such envelope in the U.S. Mailbox located at 350 North LaSalle Street, Chicago, Illinois 60654, and further, by causing a true and accurate copy of such paper to be delivered to the persons shown below via electronic mail:

/s/  Benjamin S. Thomassen

Jonathan S. Quinn (#6200495)
jquinn@ngelaw.com
Jason A. Frye (#6292848)
jfrye@ngelaw.com
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street Chicago, IL 60602-3801
Tel.: (312) 269-8000

Jerome S. Fortinsky (admitted *Pro Hac Vice*)
jfortinsky@shearman.com
John A. Nathanson (admitted *Pro Hac Vice*)
john.nathanson@shearman.com
Jeffrey J. Resetarits (admitted *Pro Hac Vice*)
jeffrey.resetarits@shearman.com
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022-6069
Tel.: (212) 848-4000

 **HELLOSIGN**

Audit Trail

| | |
|---|---|
| **TITLE** | Plaintiff Answers to Rogs Set Three |
| **FILE NAME** | Greene v MtGox [P...ific 8.28.17].pdf |
| **DOCUMENT ID** | 69e88ce03f11df6436a021575de7fcbfd0beb8fe |
| **STATUS** | ● Completed |

## Document History

| | | |
|---|---|---|
| **SENT** | **08/28/2017** 18:15:36 UTC | Sent for signature to Joseph Lack (josephlack@icloud.com) IP: 173.164.131.25 |
| **VIEWED** | **08/28/2017** 19:47:58 UTC | Viewed by Joseph Lack (josephlack@icloud.com) IP: 107.77.230.201 |
| **SIGNED** | **08/28/2017** 20:00:56 UTC | Signed by Joseph Lack (josephlack@icloud.com) IP: 107.77.230.201 |
| **COMPLETED** | **08/28/2017** 20:00:56 UTC | The document has been completed. |