# EXHIBIT 38

# JURY INSTRUCTIONS: FRAUD
## 50 State Survey[1]

# ALABAMA

**APJI 18.05 Concealment [PL]**

Plaintiff (name of plaintiff) says that (he/she/it) was harmed because defendant (name of defendant) hid or withheld important fact(s) from (him/her/it). To recover, (name of plaintiff) must prove to your reasonable satisfaction by all the evidence all of the following:

1. That (state the disputed fact(s) the trial judge has determined, if true, impose a duty to disclose on the defendant);
2. (Name of defendant) hid or withheld an important fact from (name of plaintiff);
3. (Name of plaintiff) did not know of the important fact; and
4. Because (name of plaintiff) did not know the important fact, (name of plaintiff) (acted/did not act) and was harmed.

If (name of plaintiff) proves all these things, you must find for (him/her/it); and then you must determine what amount of money to award (him/her/it) for the harm. If (name of plaintiff) does not prove all these things, you must find for (name of defendant)

1 Ala. Pattern Jury Instr. Civ. 18.05 (3d. ed.)

**APJI 18.06 Concealment—Obligation to Make Known As Jury Issue [PL]**

Plaintiff (name of plaintiff) must prove to your reasonable satisfaction that Defendant (name of defendant) was under an obligation to make known the important fact to (name of plaintiff). In deciding whether (name of defendant) was under an obligation to make known the important fact, you can consider the parties (intelligence, educational background, experience, knowledge and power) and whether (name of defendant) had knowledge, power or expertise not shared by (name of plaintiff).

1 Ala. Pattern Jury Instr. Civ. 18.06 (3d. ed.)

---

[1]     These instructions are compiled from Westlaw/LexisNexis or the website of the relevant state court system. Where instructions were not freely available, the elements of the tort as established by the courts of the state are included.

# ALASKA

Available at: http://www.courts.alaska.gov/rules/juryins.htm

## 17.03  JUSTIFIABLE RELIANCE

The plaintiff justifiably relied on the statement if:

> (1) a reasonable person would consider the statement important when deciding whether to act; or
>
> (2) the defendant knew or had reason to know that this particular plaintiff would consider the statement important when deciding whether to act.

## 17.06  NONDISCLOSURE

The plaintiff alleges that [he][she] was harmed because the defendant failed to disclose information related to a transaction.  To win on this claim, the plaintiff must prove it is more likely true than not true that:

> (1) the defendant had a duty to disclose information to the plaintiff regarding the transaction;
>
> (2) the defendant failed to take reasonable steps to disclose this information to the plaintiff;
>
> (3) the information was known to the defendant before the transaction was completed;
>
> (4) the defendant knew that the information could affect the plaintiff's decision about the transaction;
>
> (5) the plaintiff justifiably relied on an understanding of the transaction that was based on the absence of the information;
>
> (6) the plaintiff suffered a monetary loss; and
>
> (7) the defendant's failure to disclose the information was a substantial factor in causing the plaintiff's loss.

## 17.07  DUTY TO DISCLOSE

You must decide whether the defendant had a duty to disclose information to the plaintiff.  A party to a transaction has a duty to use reasonable care to disclose information to the other party before the transaction is completed if:

> (1) there is a fiduciary relationship or other relation of trust and confidence between the parties; or
>
> (2) the defendant has information that [he][she] knows is necessary to prevent the plaintiff from misunderstanding the facts as presented by the defendant; or
>
> (3) the defendant acquires information that [he][she] knows will make the defendant's previous statement untrue or misleading; or

(4) The defendant made a false or misleading statement without expecting that the plaintiff would rely on the statement, but the defendant later learns that the plaintiff is about to rely on the statement; or

(5) the defendant knows the plaintiff is about to enter into the transaction based upon a mistake concerning a basic fact, and the plaintiff would reasonably expect the defendant to correct the mistake because of the plaintiff's relationship to the defendant, customs of the trade, or other circumstances. A basic fact is an important fact that is assumed by the parties and that relates to a fundamental element of the transaction.

# ARIZONA

**COMMERCIAL TORTS 24 Common Law Fraud**

[*Name of plaintiff*] claims that [*name of defendant*] defrauded [*name of plaintiff*]. To establish this claim, [*name of plaintiff*] must prove by clear and convincing evidence:

1. [Name of defendant] made a representation to [name of plaintiff];
2. The representation was false;
3. The representation was material, which means that it was sufficiently important to influence [name of plaintiff]'s [a reasonable person's] actions;
4. [Name of defendant] knew that the representation was false;
5. [Name of defendant] intended that [name of plaintiff] would act upon the representation in the manner reasonably contemplated by [name of defendant];
6. [Name of plaintiff] did not know that the representation was false;
7. [Name of plaintiff] relied on the truth of the representation;
8. [Name of plaintiff]'s reliance was reasonable and justified under the circumstances; and
9. As a result, [name of plaintiff] was damaged.

RAJI (Civil) CTI 24 (5th ed.)

"Where the defendant has a legal or equitable obligation to reveal material information, his failure to do so is equivalent to a misrepresentation and may therefore support a claim of actionable fraud where the remaining elements of that tort are proved." *Haisch v. Allstate Ins. Co.*, 5 P.3d 940, 944 (Ct. App. Ariz. 2000). Arizona follows Restatement (Second) of Torts § 551 for simple nondisclosure claims. *Gould v. Marshall & Isley Bank*, 860 F. Supp. 2d 985, 989 (D. Ariz. 2012).

# ARKANSAS

**AMI 402 Issues—Claim for Damages Based Upon Deceit—Burden of Proof**

(Plaintiff) claims damages from (defendant) for deceit and has the burden of proving each of the following five essential propositions:

> First, that [he][she] has sustained damages;

> Second, that a false representation of a material fact was made by (defendant);

> Third, that (defendant)[either][knew or believed that the representation was false], [or] [(he)(she) knew or believed that (he)(she) did not have a sufficient basis of information to make the representation]

> Fourth, that (defendant) intended to induce (plaintiff)[to act][or][to refrain from acting] in reliance upon the misrepresentation; and

> Fifth, that (plaintiff) justifiably relied upon the representation in [acting][or][refraining from acting] and as a result sustained damages.

A fact or statement of fact is material if it was a substantial factor in influencing (plaintiff)'s decision. It is not necessary, however, that it be the paramount or decisive factor, but only one that a reasonable person would attach importance to in making a decision.

[If you find from the evidence in this case that each of these propositions has been proved, then your verdict should be for (plaintiff) (against the party or parties who made the false representation); but if, on the other hand, you find from the evidence that any of these propositions has not been proved, then your verdict should be for (defendant).]

Ark. Model Jury Instr., Civil AMI 402

Comment: *See* RESTATEMENT (SECOND) OF TORTS § 551 (1976) for a discussion of occasions when a duty to disclose arises in a business transaction.

# CALIFORNIA

**1901  Concealment**

[*Name of plaintiff*] claims that [he/she] was harmed because [*name of defendant*] concealed certain information. To establish this claim, [*name of plaintiff*] must prove all of the following:

> [1. (a) That [*name of defendant*] and [*name of plaintiff*] were [*insert type of fiduciary relationship, e.g., "business partners"*]; and

(b) That [*name of defendant*] intentionally failed to disclose certain facts to [*name of plaintiff*];]

*[or]*

[1. That [*name of defendant*] disclosed some facts to [*name of plaintiff*] but intentionally failed to disclose [other/another] fact[s], making the disclosure deceptive;]

*[or]*

[1. That [*name of defendant*] intentionally failed to disclose certain facts that were known only to [him/her/it] and that [*name of plaintiff*] could not have discovered;]

*[or]*

[1. That [*name of defendant*] prevented [*name of plaintiff*] from discovering certain facts;]
2. That [*name of plaintiff*] did not know of the concealed fact[s];
3. That [*name of defendant*] intended to deceive [*name of plaintiff*] by concealing the fact[s];
4. That had the omitted information been disclosed, [*name of plaintiff*] reasonably would have behaved differently;
5. That [*name of plaintiff*] was harmed; and
6. That [*name of defendant*]'s concealment was a substantial factor in causing [*name of plaintiff*]'s harm.

Judicial Council of California Civil Jury Instruction 1901


## 1907   Reliance

[*Name of plaintiff*] relied on [*name of defendant*]'s [misrepresentation/concealment/false promise] if:

1. The [misrepresentation/concealment/false promise] substantially influenced [him/her/it] to [*insert brief description of the action, e.g., "buy the house"*]; and
2. [He/She/It] would probably not have [*e.g., bought the house*] without the [misrepresentation/concealment/false promise].

It is not necessary for a [misrepresentation/concealment/false promise] to be the only reason for [*name of plaintiff*]'s conduct.

Judicial Council of California Civil Jury Instruction 1907

**1908   Reasonable Reliance**

In determining whether [*name of plaintiff*]'s reliance on the [misrepresentation/concealment/false promise] was reasonable, [he/she/it] must first prove that the matter was material. A matter is material if a reasonable person would find it important in determining his or her choice of action.

If you decide that the matter is material, you must then decide whether it was reasonable for [*name of plaintiff*] to rely on the [misrepresentation/concealment/false promise]. In making this decision, take into consideration [*name of plaintiff*]'s intelligence, knowledge, education, and experience.

However, it is not reasonable for anyone to rely on a [misrepresentation/concealment/false promise] that is preposterous. It also is not reasonable for anyone to rely on a [misrepresentation/concealment/false promise] if facts that are within [his/her] observation show that it is obviously false.

Judicial Council of California Civil Jury Instruction 1908

# COLORADO

**19:2   Nondisclosure or Concealment—Elements of Liability**

For the plaintiff, *(name)*, to recover from the defendant, *(name)*, on (his) (her) claim of deceit based on fraud, you must find all of the following have been proved by a preponderance of the evidence:

1. The defendant (concealed a past or present fact) (failed to disclose a past or present fact which [he] [she] had a duty to disclose);
2. The fact was material;
3. The defendant (concealed it) (failed to disclose it) with the intent of creating a false impression of the actual facts in the mind of the plaintiff;
4. The defendant (concealed) (failed to disclose) the fact with the intent that the plaintiff take a course of action (he) (she) might not take if (he) (she) knew the actual facts;
5. The plaintiff took such action or decided not to act relying on the assumption that the (concealed) (undisclosed) fact did not exist or was different from what it actually was;
6. The plaintiff's reliance was justified; and
7. This reliance caused (injuries) (damages) (losses) to the plaintiff.

If you find that any one or more of these *(number)* statements has not been proved, then your verdict must be for the defendant.

On the other hand, if you find that all of these *(number)* statements have been proved, (then your verdict must be for the plaintiff) (then you must consider the defendant's affirmative defense(s) of *[insert any affirmative defense that would be a complete defense to plaintiff's claim]*).

If you find that (this affirmative defense has) (any one or more of these affirmative defenses have) been proved by a preponderance of the evidence, then your verdict must be for the defendant.

However, if you find that (this affirmative defense has not) (none of these affirmative defenses have) been proved, then your verdict must be for the plaintiff.

Colo. Jury Instr., Civil 19:2

## 19:5 Nondisclosure—Duty to Disclose

The defendant, *(name)*, had a duty to disclose material facts if (he) (she) knew about them and if:

1. The defendant and the plaintiff were in a [confidential] [or] [fiduciary] relationship (or)
2. The defendant stated some facts, but not all material facts, knowing that they would create a false impression in the mind of the plaintiff (or)
3. The defendant knew that by [his] [her] own unclear or deceptive words or conduct that [he] [she] created a false impression of the actual facts in the mind of the plaintiff (or)
4. The defendant knew that the plaintiff was not in a position to discover the facts for [himself] [herself] (or)
5. The defendant communicated material facts that were true or that [he] [she] believed were true at the time the time they were communicated. Later, the defendant learned that the material facts were [not] [no longer] true and knew that the plaintiff was acting under the impression that the facts were true (or)
6. The defendant promised to perform an act or communicated an intention to perform an act knowing that undisclosed facts made [his] [her] performance unlikely.

Colo. Jury Instr., Civil 19:5

## 19:6 Concealment—Defined

The defendant, *(name)*, concealed a fact that (he) (she) knew, if, by conduct, or by written or oral words, or by a combination of conduct and words, (he) (she) created a false impression of the actual fact in the mind of the plaintiff, *(name)*:

1. By covering up the truth) (or)
2. By preventing the plaintiff from discovering the actual fact for [himself] [herself].

Colo. Jury Instr., Civil 19:6

**19:7     False Representation—Reliance—Defined**

The plaintiff, *(name)*, relied on the claimed representation if (he) (she) believed it was true, and based on that representation:

> 1. Took action [he] [she] otherwise would not have taken (or)
> 2. Decided not to take action [he] [she] otherwise would have taken.

Colo. Jury Instr., Civil 19:7

**19:9     Justifiable Reliance—Nondisclosure or Concealment—Defined**

When dealing with someone else, a person is justified in assuming that the other person will not intentionally (fail to disclose a past or present material fact which the other person knows and has a duty to disclose) (conceal a material fact).

However, a person is not justified in relying on this assumption when someone of the same or similar intelligence, education, or experience would not rely on it.

Colo. Jury Instr., Civil 19:9

# <u>CONNECTICUT</u>

Available at: https://www.jud.ct.gov/JI/Civil/Civil.pdf

**3.16-2  Fraud or Intentional Misrepresentation**

The plaintiff claims that the defendant committed fraud when (he/she/it) *<insert relevant facts>*.

> First, the plaintiff must prove that the defendant made a false representation as a statement of fact.

> Second, the plaintiff must prove that the statement was untrue and known to be untrue by the defendant or that the defendant made the statement with reckless disregard for the truth of the matter.

> Third, the plaintiff must prove that the defendant made the statement to induce the plaintiff to act on it.

> Fourth, the plaintiff must prove that the plaintiff did act on the statement to (his/her/its) injury.

The plaintiff must prove the first three elements by clear and convincing evidence and the fourth element by a preponderance of the evidence.

Note: If the alleged fraud is based on an omission to state a material fact when the defendant has a duty to speak, the instruction needs to be revised.

# DELAWARE

**FRAUD**

Fraud consists of the following five elements:

1) the false representation of a fact that is important to another;
2) the knowledge or belief that this representation was false, or was made with reckless indifference to the truth, or [had a special duty to know whether the representation was false];
3) the intent to induce [*plaintiff's name*] to act on the false representation, or to decline to act;
4) the fact that [*Plaintiff's name*] acted, or declined to act, in justifiable reliance on the false representation; and
5) damage to [*Plaintiff's name*] as a result of this reliance.

A false representation may be asserted by words or by conduct. A fact is important if it would cause a reasonable person to decide to act in a particular way, or if the maker of the misrepresentation knew another person would regard it as important.

If you find that [*plaintiff's name*] has proved all of the above elements by a preponderance of the evidence, then [*defendant's name*] is liable for fraud.

Del. P.J.I. Civ. § 16.1 (2000)


**INTENTIONAL CONCEALMENT OF FACTS**

Fraud does not merely consist of overt misrepresentations. Fraud may also occur when someone deliberately conceals facts important to a transaction, causing [*plaintiff's name*] to rely on the deception to [*his/her/its*] detriment. This concealment can occur by a person's silence in the face of a duty to disclose the facts or by some action taken to prevent [*plaintiff's name*] from discovering the facts important to the transaction.

Del. P.J.I. Civ. § 16.3 (2000)

# DISTRICT OF COLUMBIA

## § 20.01 FRAUDULENT MISREPRESENTATION—ELEMENTS OF THE CLAIM

### [1] Instruction 20-1 Fraudulent Misrepresentation—Elements of the Claim (D.C. Std. Civ. Jury Instr. No. 20-1)

The plaintiff [name] has alleged that the defendant [name] committed fraudulent misrepresentation. To receive damages for fraudulent misrepresentation, the plaintiff must prove each of the following elements of the claim:

(1) that the defendant made a false representation of a material fact;
(2) that the defendant either made the representation knowing that the representation was false, or made the representation recklessly without knowing if it was true;
(3) that the defendant made the representation with the intent to deceive the plaintiff;
(4) [that the plaintiff justifiably relied on the representation]; and
(5) that the plaintiff suffered damages as a result of [his] [her] reliance on the representation.

1-20 Civil Jury Instructions for DC § 20.01 (2017)

## § 20.02  FRAUDULENT MISREPRESENTATION—ELEMENTS DEFINED

### [1] Instruction 20-2 Fraudulent Misrepresentation—Elements Defined (D.C. Std. Civ. Jury Instr. No. 20-2)

A. A person can make a fraudulent misrepresentation by written or spoken words, or by conduct amounting to an assertion. Words or acts asserting the existence of a fact constitute a misrepresentation if the fact does not exist. A statement that is literally true may still be a fraudulent misrepresentation if the person makes it to create a false impression. If a person owes a duty to disclose a material fact, the failure to disclose that fact may be a fraudulent misrepresentation.

B. To be fraudulent, a misrepresentation must be of a material fact. A fact is material if it would influence a reasonable person to act or not to act. A fact is material if it is a fact that the maker of the representation knew would likely be important to the person to whom it is made, even if a reasonable person would not think that fact it was important.

C. For the maker of a statement to be liable for fraud, the maker must have known or believed that the statement was false. If the maker of a representation makes it recklessly without knowledge of its truth, then the maker is deemed to have known it was false.

D. Intent to deceive means that the maker of the statement must have specifically intended that the representation be made, that it be made to the person to who actually received it, that it

should convey a certain meaning, that it be believed by the person to whom it was made, and that it be acted upon in a certain way by the person to whom it was made. Intent means that a person had the purpose to do something. In other words, to do an act with intent means to do it consciously and voluntarily and not inadvertently or accidentally. Intent ordinarily cannot be proved directly, because there is no way to look inside another person's mind, but you may infer intent from the surrounding circumstances. You may consider any statement made, or act done or omitted, by the person making the representation, and all other evidence which indicates his state of mind. You may assume that a person ordinarily intends the kinds of likely results following from that person's knowing actions or inaction.

E. A person who receives a false representation can receive damages from its maker for harm caused by his reliance upon it only if his reliance is justifiable. A person is not justified in relying upon a false representation if he knows it is false, if its falsity is obvious to him, or if he had no confidence in the representation. For a person's reliance to be justified, his conduct must not be so unreasonable, in light of all of the information available to him and the circumstances of the transaction, that it is proper to decide that his loss is his own responsibility.

F. For the maker of the misrepresentation to be liable for damages, the fraudulent misrepresentation must directly cause damage to the person who justifiably relies on it. For damages to be the direct result of a false representation, it must be shown that the misrepresentation caused the person to act or not to act, thus causing his loss.

1-20 Civil Jury Instructions for DC § 20.02 (2017)

# **FLORIDA**

Available at: http://www.floridasupremecourt.org/civ_jury_instructions/instructions.shtml

## **409.7   ISSUES ON PLAINTIFF'S CLAIM — FRAUDULENT MISREPRESENTATION**

The issues for you to decide on (claimant's) claim [for fraudulent misrepresentation] are:

*The bracketed language should be used for clarity when there are also claims for negligent misrepresentation and/or negligently supplying false information for the guidance of others.*

> First, whether (defendant) [intentionally] made a false statement concerning a material fact;

> Second, whether (defendant) knew the statement was false when [he] [she] [it] made it or made the statement knowing [he] [she] [it] did not know whether it was true or false;

> Third, whether (defendant) intended that another would rely on the false statement;

> Fourth, whether (claimant) relied on the false statement; and, if so,

Fifth, whether the false statement was a legal cause of [loss] [injury] [or] [[[damage] to (claimant).

[On this claim for fraudulent misrepresentation, the] (claimant) may rely on a false statement, even though its falsity could have been discovered if (claimant) had made an investigation. However, (claimant) may not rely on a false statement if [he] [she] [it] knew it was false or its falsity was obvious to [him] [her] [it].

# GEORGIA

## 26.040  Fraud and Deceit; Misrepresentation and Concealment

Misrepresentation of a material fact, if acted on by the opposite party, constitutes legal fraud, whether the misrepresentation was intentional or not.

If there is a willful misrepresentation of a material fact, which was made to induce another person to act and causes that person to act and the person is injured, then the person who is injured has a right of action. Mere concealment of a fact, unless done in a manner to deceive and mislead, will not support an action.

In all cases of deceit, knowledge of the falsehood constitutes an essential element. However, fraudulent or reckless misrepresentation of facts as true, which the party may not know to be false, if intended to deceive, is equivalent to a knowledge of the falsehood

Georgia Suggested Pattern Jury Instructions, Civil 26.040

# HAWAII

No pattern jury instructions related to common law fraud.

The elements of fraud are:

> (1) false representations made by the defendant;
> (2) with knowledge of their falsity (or without knowledge of their truth or falsity);
> (3) in contemplation of plaintiff's reliance upon them; and
> (4) plaintiff's detrimental reliance.

*Miyashiro v. Roehrig, Roehrig, Wilson & Hara*, 228 P.3d 341, 362–63 (Haw. Ct. App. 2010).

In Hawai'i, claims for nondisclosure are governed by the Restatement (Second) of Torts § 551 (Am. Law Inst.1977). *Santiago v. Tanaka*, 366 P.3d 612, 624 (Haw. 2016).

# IDAHO

Available at: https://isc.idaho.gov/main/civil-jury-instructions

**IDJI 4.60 – Fraud - issues**

The plaintiff has the burden of proving each of the following propositions by clear and convincing evidence:

1. That the defendant stated a fact to the plaintiff;
2. The statement was false;
3. The statement was material;
4. The defendant either knew the statement was false or was unaware of whether the statement was true at the time the statement was made.
5. The plaintiff did not know that the statement was false;
6. The defendant intended for the plaintiff to rely upon the statement and act upon it in a manner reasonably contemplated;
7. The plaintiff did rely upon the truth of the statement;
8. The plaintiff's reliance was reasonable under all the circumstances;
9. The plaintiff suffered damages proximately caused by reliance on the false statement;
10. The nature and extent of the damages to the plaintiff, and the amount thereof.

If you find from your consideration of all the evidence that the elements of fraud have been proved by clear and convincing evidence, then your verdict should be for the plaintiff on this issue. If you find from your consideration of all the evidence that any of the foregoing propositions has not been proved by clear and convincing evidence, then your verdict should be for the defendant.

No pattern instruction for fraud by nondisclosure. *Cf. Watts v. Krebs*, 962 P.2d 387 (Idaho 1998) (recognizing cause of action for fraud by nondisclosure).

# ILLINOIS

**800.08 Fraud and Deceit—Fraudulent Concealment—Issues Made by the Pleadings—One Defendant**

The plaintiff claims that the defendant knowingly [concealed from] [withheld from] the plaintiff the following fact[s]:
[*Here insert or paraphrase the alleged fact(s) claimed to have been concealed or withheld.*]

The plaintiff further claims that the fact[s] [concealed] [withheld] [was] [were] [a] material fact[s].

The plaintiff further claims that the defendant [concealed] [withheld] the fact[s] with the intent to deceive the plaintiff and to induce the plaintiff to [act] [describe what the plaintiff did, e.g., "buy the farm"].

The plaintiff further claims that he [acted] [describe what the plaintiff did, e.g., "bought the farm"] in justifiable reliance on the facts as he knew them.

The plaintiff further claims that he sustained damages as a result of the [concealment] [withholding] of [a] material fact[s] by the defendant.

The defendant [denies that he knowingly (concealed) (withheld) any material fact(s) from the plaintiff,] [denies that he (concealed) (withheld) any fact(s) with the intent to deceive the plaintiff or to induce the plaintiff to (act) (describe what the plaintiff did, e.g., "buy the farm"),] [denies that the plaintiff (acted) (describe what the plaintiff did, e.g., "bought the farm") in justifiable reliance on the facts as he knew them,] [and] [denies that damage resulted to the plaintiff from his reliance on the facts as he knew them].

Ill. Pattern Jury Instr.-Civ. 800.08

# INDIANA

Available at: http://www.indianajudgesassociation.org/pdf/Civil%20Jury%20Instructions% 20September%202015.pdf

### 3103    Fraud—Definition

Fraud is an act, course of action, omission, or concealment by which a person cheats or deceives another person.

"Omission" means leaving out.

"Concealment" means hiding.

### 3105    Fraud—Elements—Burden of Proof

To recover damages for fraud, [plaintiff] must prove by the greater weight of the evidence that:

    (1) [defendant] made false statements of important past or existing fact[s];
    (2) [defendant] knew the statements were false, or made them recklessly without
        knowing whether they were true or false;
    (3) [defendant] made the statements to cause [plaintiff] to act upon them;
    (4) [plaintiff] justifiably or reasonably relied and acted upon the statements; and (5)
        [plaintiff] was damaged as a result.

**3109   Fraud—Reliance**

[Plaintiff] must use reasonable care in guarding against fraud.

Reasonable care means being careful and using good judgment and common sense.

# IOWA

**810.1   Fraudulent Misrepresentation - Essentials For Recovery.**

The plaintiff must prove the following propositions by a preponderance of clear, satisfactory and convincing evidence:

1. The defendant on or about the _____ day of _____, 19___, made a representation to [plaintiff] [plaintiff as one of a class of persons] that [set forth the representation made].
2. The representation was false.
3. The representation was material.
4. The defendant knew the representation was false.

5. The defendant intended to deceive [plaintiff] [plaintiff as one of a class of persons].
6. The plaintiff acted in reliance on the truth of the representation and was justified in relying on the representation.
7. The representation was a proximate cause of the plaintiff's damage.
8. The amount of damage.

If the plaintiff has failed to prove any of these propositions, the plaintiff cannot recover damages. If the plaintiff has proved all of these propositions, the plaintiff is entitled to recover damages in some amount.  [If an affirmative defense is submitted, delete the second sentence and insert the following:  If the plaintiff has proved all of these propositions, you will consider the defense of _____, as explained in Instruction No. _____.]

**810.2   Fraudulent Nondisclosure - Essentials For Recovery.**

The plaintiff must prove all of the following propositions by a preponderance of clear, satisfactory, and convincing evidence:

1. Special circumstances existed which gave rise to a duty of disclosure between the plaintiff and the defendant.  (Describe the relationship found to give rise to a duty of disclosure.)
2. While such relationship existed, the defendant [was aware of the following facts] [intended the following course of action] (state the facts or intent alleged to have been withheld).

3. While such relationship existed, the defendant concealed or failed to disclose [the knowledge or intent alleged to have been withheld].
4. The undisclosed information was material to the transaction.
5. The defendant knowingly failed to make the disclosure.
6. The defendant intended to deceive the plaintiff by withholding such information.
7. The plaintiff acted in reliance upon the defendant's failure to disclose and was justified in such reliance.
8. The failure to disclose was a proximate cause of the plaintiff's damage.
9. The nature and extent of the plaintiff's damage.

If the plaintiff has failed to prove any of these propositions, the plaintiff cannot recover damages. If the plaintiff has proved all of these propositions, the plaintiff is entitled to recover damages in some amount.

## 810.3  Fraudulent Misrepresentation - Definition Of Representation.

Concerning proposition no. 1 of Instruction No. [810.1], "a representation" is any word or conduct asserting the existence of a fact.  [It may include silence if the defendant fails to disclose information which the defendant has a duty to disclose and which the (plaintiff) (plaintiff as one of a class) has reason to believe will be disclosed.]  [A seller's statement of the amount of (land) (goods) being sold is representation of fact, even if the words "more or less" are used.  The words "more or less" indicate that the amount of (land) (goods) being sold is substantially the same as stated by the seller.]  [A representation of fact includes an opinion expressed for the deliberate purpose of deceiving another.]  [A representation of fact includes a promise to perform a future act.]

A representation also includes an opinion.  An opinion is a statement of a person's belief that a fact exists or their judgment as to quality, value, authenticity, or similar matter.  A representation of fact implies that the maker has definite knowledge or information supporting their statement; a representation of opinion does not.  You must consider all of the surrounding circumstances, including the exact words used, in deciding whether a representation is one of fact or opinion.

## 810.8  Fraudulent Misrepresentation - Reliance - Generally.

Concerning proposition [No. 6 of Instruction No. [810.1]] [No. 7 of Instruction No. [810.2]], the plaintiff must rely on the representation and the reliance must be justified.

It is not necessary that the representation be the only reason for the plaintiff's action.  It is enough if the representation was a substantial factor in bringing about the action.

Whether reliance is justified depends on what the plaintiff can reasonably be expected to do in light of their own information and intelligence.  Reliance is not justified if the representation is of an unimportant fact or is obviously false.

# <u>KANSAS</u>

**127.41 Fraud Through Silence—Elements**

The plaintiff claims fraud through silence on the part of the defendant. To constitute fraud by silence the plaintiff must prove:

1. The defendant has knowledge of material facts which plaintiff did not have and which the plaintiff could not have discovered by the exercise of reasonable diligence;
2. The defendant was under an obligation to communicate the material facts to the plaintiff;
3. The defendant intentionally failed to communicate to plaintiff the material facts;
4. The plaintiff justifiably relied upon the defendant to communicate the material facts to the plaintiff; and
5. The plaintiff sustained damages as a result of the defendant's failure to communicate this to the plaintiff.

A fact is material if it is one to which a reasonable man would attach importance in determining *(his)(her)* choice of action in the transaction in question.

A party is justified in relying without investigation upon another to communicate the facts material to a transaction unless *(he)(she)* knows or has reason to know of facts which make *(his)(her)* reliance unreasonable.

Pattern Inst. Kan. Civil 127.41

# <u>KENTUCKY</u>

No pattern jury instructions related to common law fraud.

In a Kentucky action for fraud, the party claiming harm must establish six elements of fraud by clear and convincing evidence as follows:

a) material representation
b) which is false
c) known to be false or made recklessly
d) made with inducement to be acted upon
e) acted in reliance thereon and
f) causing injury.

*United Parcel Serv. Co. v. Rickert*, 996 S.W.2d 464, 468 (Ky. 1999).

A fraud by omission claim is grounded in a duty to disclose. To prevail, a plaintiff must prove:

(1) the defendant had a duty to disclose the material fact at issue;
(2) the defendant failed to disclose the fact;
(3) the defendant's failure to disclose the material fact induced the plaintiff to act; and
(4) the plaintiff suffered actual damages as a consequence.

The existence of a duty to disclose is a matter of law for the court. *Giddings & Lewis, Inc. v. Indus. Risk Insurers*, 348 S.W.3d 729, 747 (Ky. 2011) (citations omitted).

# MAINE

**§ 7-30A Fraudulent Concealment. Instruction.**

[The plaintiff] is claiming damages for fraudulent concealment. To prevail in this action for fraudulent concealment, [the plaintiff] must prove the following facts by clear and convincing evidence:

1. [the defendant], had a [special relationship] with the [plaintiff] [the defendant was the plaintiff's doctor] [classroom teacher] [mental health care-giver];
2. [the defendant was aware of facts that, without disclosure to [the plaintiff] [the plaintiff's parent], could cause harm to the [plaintiff];
3. [the defendant] failed to disclose to [plaintiff] a material fact;
4. with the intent of inducing [the plaintiff] to act or to refrain from acting in reliance on the non-disclosure; and
5. [the plaintiff] relied on the non-disclosure and acted [choose not to act] on it, causing [him][harm][damage].

A plaintiff may justifiably rely on the silence of a defendant who has a duty to disclose without independently investigating to determine whether the undisclosed material fact exists. Reliance by the plaintiff is unjustified only if the plaintiff is on notice that the undisclosed material fact exists or its existence is obvious to him.

[A material fact is a fact that, if disclosed, would influence a person's decision to act, or to refrain from acting, regarding the transaction at issue.]

If you find that [the plaintiff] has proven each of these elements, by clear and convincing evidence, you shall award a verdict to [the plaintiff].

If you find that [the plaintiff] has failed to establish any one or more of these elements, by clear and convincing evidence, you must find for [the defendant].

1-7 Maine Jury Instruction Manual § 7-30A (2017)

# MARYLAND

**MPJI-Cv 11:1 FRAUD OR DECEIT**

To recover damages for deceit, it must be shown that:

> (1) the defendant made a false representation of a material fact;
> (2) the defendant knew of its falsity or made it with such reckless indifference to the truth
>     that it would be reasonable to charge the defendant with knowledge of its falsity;
> (3) the defendant intended that the plaintiff would act in reliance on such statements;
> (4) plaintiff did justifiably rely on the representations of the defendant; and
> (5) plaintiff suffered damages as a result of that reliance.

MPJI-Cv 11:1


**MPJI-Cv 11:2 NON-DISCLOSURE OR CONCEALMENT**

To recover damages for deceit by non-disclosure or concealment, it must be shown:

> (1) that defendant intentionally concealed a material fact that he or she had a duty to
>     disclose;
> (2) with the intent to induce the plaintiff to act differently from how the plaintiff would
>     have acted had he or she known the true facts;
> (3) that because of the concealment the plaintiff acted in a manner different from how he
>     or she would have acted had the plaintiff known the true facts; and
> (4) plaintiff suffered damages as a result of that reliance.

MPJI-Cv 11:2


**MPJI-Cv 11:3 FALSE REPRESENTATION--DEFINED**

A false representation is a statement, conduct, or act by which one intentionally misleads another person about a material fact.

A statement of opinion, judgment, prediction of a future event, or promise may constitute false representation of a material fact.

A promise to do something may be a false representation if the person did not intend to do the promised act when the promise was made.

MPJI-Cv 11:3

# MASSACHUSETTS

## § 20.1 INTENTIONAL MISREPRESENTATION (FRAUD/DECEIT)—ELEMENTS

In this case, the plaintiff claims that the defendant intentionally misrepresented an important fact, and as a result, the plaintiff [insert relevant facts], which the plaintiff says [he/she] would not have done if [he/she] had known the true state of affairs. The defendant denies that [he/she] misrepresented any important fact to the plaintiff.

The plaintiff may recover money damages from the defendant if and only if [he/she] proves the following by a fair preponderance of the credible evidence:

1. that the defendant made a false statement to the plaintiff, and that statement concerned some fact that a reasonable person would consider important, or material, to the decision that the plaintiff was about to make;
2. that when the defendant made the statement, the defendant either knew that the statement was false, or recklessly made the statement by willfully disregarding its truth or falsity;
3. that the defendant made the false statement with the intention that the plaintiff would rely on that statement in making [his/her] decision;
4. that in making the plaintiff's decision, [he/she] did in fact rely on the defendant's statement as true, and that [his/her] reliance was reasonable under the circumstances; and
5. that plaintiff suffered some financial loss as a result of relying on the defendant's false statement.

If the plaintiff has proved these five things by a preponderance of the credible evidence, your verdict will be for the plaintiff, and you must then go on to determine the amount of money damages to be awarded to the plaintiff. If the plaintiff has failed to prove any one of these five things, then your verdict must be for the defendant.

Massachusetts Superior Court Civil Practice Jury Instructions § 20.1


## § 20.1.1 Subject of Misrepresentation—False Statement of Fact

The defendant can be held responsible for an intentional misrepresentation about an existing fact. A fact, as opposed to an opinion, estimate, or intention, is a statement whose truth or falsity is capable of being determined with certainty. Generally, the defendant cannot be held responsible for a statement about a future event, although there is an exception to that rule if the defendant had greater expertise about the particular future event that was being discussed. The defendant can also be held responsible for intentionally misrepresenting what the law is if [he/she] used [his/her] superior knowledge to take advantage of the plaintiff's relative ignorance of the law. Fraud may be perpetrated by an implied as well as an express representation.

Massachusetts Superior Court Civil Practice Jury Instructions § 20.1.1

### § 20.1.3 Subject of Misrepresentation—Materiality of Statement

A "material" fact is one to which a reasonable person would attribute importance for his or her decision in the transaction at issue. It must be one of the principal grounds, but not necessarily the sole ground, causing the plaintiff's decision.

Massachusetts Superior Court Civil Practice Jury Instructions § 20.1.3


### § 20.1.4 False Statement—Half-Truths, Silence, and Statements and Conduct Calculated to Mislead

The defendant can be held responsible not only for outright untrue statements, but also for giving misleading partial information or for telling half-truths. The defendant cannot, however, be held responsible to the plaintiff based solely on [his/her] silence on a matter about which [he/she] was not asked. Although the defendant was under no duty to volunteer information, if the defendant spoke on a given point, either voluntarily or at the plaintiff's request, [he/she] must have spoken honestly and must have divulged all material facts of which [he/she] knew bearing upon the point.

Additionally, deception need not be direct to come within the reach of the law. If you find that the defendant's statements and conduct combined were calculated to mislead the plaintiff, that they did, in fact, mislead the plaintiff, and that the plaintiff was acting reasonably, then this is enough to constitute intentional misrepresentation.

Massachusetts Superior Court Civil Practice Jury Instructions § 20.1.4


### § 20.1.7 Reasonable Reliance

The plaintiff must prove that [he/she] relied on the defendant's misrepresentation. Furthermore, the plaintiff may recover only if [his/her] reliance on the defendant's statement was reasonable and justifiable under the circumstances. Ordinarily, the plaintiff is not required to investigate the truth of assertions that are made to [him/her]. The recipient of a fraudulent misrepresentation of fact is ordinarily justified in relying on its truth, although [he/she] might have ascertained the falsity of the representation had [he/she] made an investigation. On the other hand, the plaintiff is not entitled to rely on what in the circumstances was obviously meant as puffery or sales talk, nor may [he/she] rely upon misrepresentations that are preposterous or palpably false.

Plaintiff is not entitled to rely on a representation that [he/she] knows to be false or if its falsity is obvious to [him/her]. If a mere cursory glance would have disclosed the falsity of the representation, its falsity is regarded as obvious. A person claiming justifiable reliance is required to use his senses, and cannot recover if [he/she] blindly relies upon

a misrepresentation the falsity of which would be obvious if [he/she] utilized the opportunity to make a cursory examination or investigation.

If the defendant's representations were such as to induce the plaintiff not to undertake an independent examination of the pertinent facts, lulling [him/her] into placing confidence in the defendant's assurances, then the plaintiff's failure to ascertain the truth through investigation does not preclude recovery. [This is so even though the defendant's representations were not consciously false.]

Massachusetts Superior Court Civil Practice Jury Instructions § 20.1.7

# <u>MICHIGAN</u>

### M Civ JI 128.01 Fraud Based on False Representation

Plaintiff claims that defendant defrauded [him / her / it]. To establish fraud, plaintiff has the burden of proving each of the following elements by clear and convincing evidence:

> (a) Defendant made a representation of [a material fact / material facts].
> (b) The representation was false when it was made.
> (c) Defendant knew the representation was false when [he / she / it] made it, or defendant made it recklessly, that is, without knowing whether it was true.
> (d) Defendant made the representation with the intent that plaintiff rely on it.
> (e) Plaintiff relied on the representation.
> (f) Plaintiff was damaged as a result of [his / her / its] reliance.

Your verdict will be for the plaintiff (on the claim of fraud) if you decide that plaintiff has proved each of these elements by clear and convincing evidence.

Your verdict will be for the defendant (on the claim of fraud) if you decide that plaintiff has failed to prove any one of these elements by clear and convincing evidence.

M Civ JI 128.01

### M Civ JI 128.02 Fraud Based on Failure to Disclose Facts (Silent Fraud)

Plaintiff claims that defendant defrauded [him / her / it] by failing to disclose material facts. To establish this, plaintiff has the burden of proving each of the following elements by clear and convincing evidence:

> (a) Defendant failed to disclose [a material fact / material facts] about [*insert subject matter of the claim*].
> (b) Defendant had actual knowledge of the [fact / facts].

(c) Defendant's failure to disclose the [fact / facts] caused plaintiff to have a false impression.

(d) When defendant failed to disclose the [fact / facts], defendant knew the failure would create a false impression.

(e) When defendant failed to disclose the [fact / facts], defendant intended that plaintiff rely on the resulting false impression.

(f) Plaintiff relied on the false impression.

(g) Plaintiff was damaged as a result of [his / her / its] reliance.

Your verdict will be for the plaintiff (on the claim of fraud) if you decide that plaintiff has proved each of these elements by clear and convincing evidence.

Your verdict will be for the defendant (on the claim of fraud) if you decide that plaintiff has failed to prove any one of these elements by clear and convincing evidence.

M Civ JI 128.02

**M Civ JI 128.11 Reliance—Definition**

When I use the word relied, I mean that plaintiff would not have [entered into the contract / [*describe other action*]] if defendant had not made the [representation / false impression / promise], even if the [representation / false impression / promise] was not the only reason for plaintiff's action.

M Civ JI 128.11

# <u>MINNESOTA</u>

**CIVJIG 57.10 Fraud and Misrepresentation**

Fraud by misrepresentation must include all five of these elements:

**False representation**

1. *(Defendant)* falsely represented a past or present material fact to *(plaintiff)*.

A fact is "material" if it would have influenced the other person's judgment or decision had *(he)(she)* known about it.*[The fact must be something that is knowable. This means it must be possible to discover the fact.]*

**Knowledge**

2. At the time the false representations were made, *(defendant)*

      a. *[Knew the representations were false]*
      b. *[Represented that (he) (she) knew about these facts when (he) (she) did not know if*
         *they were true or false.]*

**Intent**

3. The false representations were made by *(defendant)* intending that *(plaintiff)* would rely on
  them.

**Reliance**

4. *(Plaintiff)* relied and acted on the false representations.

**Harm occurred**

5. *(Plaintiff)* was harmed as a direct result of relying on the false representations.

CIVJIG 57.10


**CIVJIG 57.15 Fraud—Reasonable Reliance**

**Reasonable reliance on information**

A person is negligent in relying on information provided by another person if a reasonable
person would not have relied on that information.

CIVJIG 57.15


**CIVJIG 57.30 Duty to Disclose Material Facts**

**Duty to disclose material facts**

There is no duty to disclose material facts to another person. However:

      [a. A person who speaks must say enough to prevent his or her words from misleading the
         other person]
      [b. A person who has special knowledge of material facts that the other person is unable to
         get has a duty to disclose these facts]
      [c. A person who stands in a confidential or fiduciary relationship has a duty to disclose
         material facts].

**Fiduciary relationship**

[A "fiduciary relationship" exists when one person places confidence in another person who, as a result of having this confidence placed in him or her, assumes a position of superiority and influence.
The relationship may be legal, moral, social, domestic, or merely personal.]

CIVJIG 57.30


# MISSOURI

**23.05 [2007 Revision] Fraudulent Misrepresentations—Pecuniary Loss**

Your verdict must be for plaintiff if you believe:

> First, defendant *(describe act such as "represented to plaintiff that the motor vehicle was never in an accident")*, and

> Second, such representation was made by defendant with the intent that plaintiff rely on such representation in *(purchasing the motor vehicle)*, and

> Third, the representation was false, and

> Fourth, [defendant knew that it was false] [defendant knew that it was false at the time the representation was made] [defendant made the representation without knowing whether it was true or false][1,] and

> Fifth, the representation was material to the *(purchase of the motor vehicle)*, and

> Sixth, plaintiff relied on the representation in *(making the purchase)*, and such reliance was reasonable under the circumstances, and

> Seventh, as a direct result of such representation, plaintiff sustained damage.

Mo. Approved Jury Instr. (Civil) 23.05 (7th ed.)

No pattern jury instruction for fraud by nondisclosure. *Cf. Richards v. ABN AMRO Mortg. Grp., Inc.*, 261 S.W.3d 603 (Mo. Ct. App. 2008) (recognizing theory of fraudulent nondisclosure).


# MONTANA

No publicly available pattern jury instructions.

A party asserting a claim of actual fraud must establish the following elements:

(1) a representation;
(2) the falsity of that representation;
(3) the materiality of the representation;
(4) the speaker's knowledge of the representation's falsity or ignorance of its truth;
(5) the speaker's intent that the representation should be acted upon by the person and in the manner reasonably contemplated;
(6) the hearer's ignorance of the representation's falsity;
(7) the hearer's reliance upon the truth of the representation;
(8) the hearer's right to rely upon the representation; and
(9) the hearer's consequent and proximate injury or damages caused by their reliance on the representation.

*Morrow v. Bank of Am., N.A.*, 324 P.3d 1167, 1182 (Mont. 2014).

# NEBRASKA

**NJI2d Civ. 9.01 Fraudulent Misrepresentation**

Before the plaintiff can recover against the defendant [on *(his, her, its)* claim of *(misrepresentation, fraudulent misrepresentation, false representation, deceit)*], the plaintiff must prove, by the greater weight of the evidence, each and all of the following:

1. That the defendant made the claimed representation;
2. That the representation was false;
3. That the representation was made fraudulently;
4. That, when *(he, she, it)* made the representation, the defendant intended that the plaintiff would rely on it;
5. That the plaintiff did rely on the representation;
6. That the plaintiff's reliance on the representation was reasonable;
7. That this representation was a proximate cause of some damage to the plaintiff; and
8. The nature and extent of that damage.

NJI2d Civ. 9.01

Comment: This instruction encompasses nondisclosure claims.

# NEVADA

Available at: http://www.clan.lib.nv.us/polaris/search/searchresults.aspx?ctx=57.1033.0.0.1
&type=Exact&term=nevada%20jury%20instructions--civil&by=TI&sort=RELEVANCE
&limit=AB=57&query=&page=0&searchid=1

**Instruction 10FR.1: Fraudulent Misrepresentation: Introductory Instruction**

The plaintiff seeks to recover damages based upon a claim of fraud. Conduct may be fraudulent if any of the following occur:

1. An intentional misrepresentation;
2. A false promise;
3. The concealment of information (where there is a duty not to conceal);
4. A failure to disclose information (where this is a duty to disclose); or
5. A negligent misrepresentation.

**Instruction 10FR.4: Concealment**

In order to establish a claim of fraud for concealment, the plaintiff must show by clear and convincing evidence that:

1. The defendant assumed the responsibility to give information;
2. The defendant concealed or suppressed a material fact;
3. The defendant was under a duty to disclose the fact to the plaintiff;
4. The defendant knew [he] [she] [it] was concealing the fact;
5. The defendant intended to induce the plaintiff to act or refrain from acting in a manner different than the plaintiff would had [he] [she] [it] known the truth;
6. The plaintiff was unaware of the fact and would not have acted as [he] [she] [it] did had [he] [she] [it] known of the concealed or suppressed fact; and
7. The concealment or suppression of the fact caused the plaintiff to sustain damage.

**Instruction 10FR.5: Fraud by Nondisclosure (Silence)**

In order to establish a claim of fraud by nondisclosure, the plaintiff must show by clear and convincing evidence that:

1. The defendant assumed the responsibility to give information;
2. The defendant was silent regarding a material fact;
3. The defendant was under a duty to disclose the fact to the plaintiff;
4. The defendant knew [he] [she] [it] was omitting the fact;
5. The defendant intended to induce the plaintiff to act or refrain from acting in a manner different than the plaintiff would had [he] [she] [it] known the truth;
6. The plaintiff was unaware of the fact and would not have acted as [he] [she] [it] did had [he] [she] [it] known of the omitted fact; and
7. The omission of the fact caused the plaintiff to sustain damage.

**Instruction 10FR.6: Duty to Disclose**

To recover for fraud by nondisclosure or concealment, the plaintiff must show that the defendant is under a duty to exercise reasonable care to disclose the facts at issue.

To establish that the defendant had a duty to disclose, the plaintiff must show:

1. There was a special relationship between the parties. Special relationships are found in situations where:
    a. One party gives confidence in the other because of the person's position, experience, or knowledge; and
    b. The person in confidence is aware that the other party is giving that confidence.


**Instruction 10FR.9: Justifiable Reliance**

The plaintiff must show by clear and convincing evidence that [he] [she] [it] justifiably relied on a misrepresentation or false promise in order to recover under a claim of fraud.

In order for the plaintiff to establish that [he] [she] [it] justifiably relied on the false representation or promise, the plaintiff must show:

1. The representation or promise played a substantial and material part in influencing the plaintiff's course of action; and
2. None of the facts surrounding the transaction would serve as a danger signal indicating a falsehood to a normal person of the plaintiff's intelligence and experience;
3. The misrepresentation or promise need not be the sole cause of the plaintiff's actions if it appears that the reliance upon the representation or promise substantially influenced the party's action, even though other influences operated as well; and
4. The plaintiff does not have a duty to investigate if there are no facts in the surrounding circumstances that should alert the plaintiff of potential fraud.

The plaintiff may not recover for fraud if the defense can show:

1. The plaintiff was aware that the statements were false at the time of making [his] [her] [its] decision; or
2. The plaintiff was unaware that the statement was false, but [he] [she] [it] was not influenced by it in any way and [he] [she] [it] would have done the same thing without the false statement for other reasons.

# NEW HAMPSHIRE

**22.1 Fraudulent Misrepresentation**

In order to recover for fraudulent misrepresentation or deceit, the plaintiff must prove by clear and convincing evidence all of the following:

1. The defendant misrepresented a material fact to the plaintiff;
2. With a fraudulent intent;
3. That the plaintiff relied upon it;
4. That the plaintiff, honestly believing the misrepresentation, justifiably relied upon it; and
5. As a result of the plaintiff's reliance upon the misrepresentation he/she sustained damages.

1-22 New Hampshire Civil Jury Instruction 22.1 (2016)


**22.4 Reliance**

You must decide whether plaintiff or someone acting for its benefit and guidance justifiably relied on the representation and was damaged as a result. In other words, you will have to decide if plaintiff or someone acting on its behalf acted on the issues in question because of an express misrepresentation about character or quality and if they were justified in relying on those statements. If plaintiff, in your view, has not introduced clear and convincing evidence of such justifiable reliance because he/she has not met his/her burden of proof, you must find in favor of the defendant.

1-22 New Hampshire Civil Jury Instruction 22.4 (2016)


**22.5 Negligent Misrepresentation**

In order to recover for negligent misrepresentation, the plaintiff must prove that it is more probable than not that:

1. The defendant negligently made a misrepresentation either express or implied;
2. The misrepresentation was made for the purpose of inducing the plaintiff to act;
3. The misrepresentation was with respect to fact which was material to the transaction;
4. The misrepresentation was not true;
5. The plaintiff justifiably relied on the misrepresentation; and
6. As a result, the plaintiff suffered damages.

1-22 New Hampshire Civil Jury Instruction 22.5 (2016)

# NEW JERSEY

## Misrepresentation

Plaintiff seeks to recover damages which he/she claims he/she sustained as a result of a misrepresentation made to him/her by the defendant. One who represents as true that which is false with the intent to deceive the person to whom the representation is made is liable to that person if he/she, believing the representation to be true (acts, refrains from acting) in justifiable reliance upon it and suffers damage as a result.

The burden of proof is on the plaintiff to establish by clear and convincing evidence each of the following elements. First, that defendant made a false representation of fact to him/her. Second, that defendant knew or believed it to be false. Third, that defendant intended to deceive plaintiff. Fourth, that plaintiff believed and justifiably relied upon the statement and was induced by it to (action taken or omitted). Fifth, that as a result of plaintiff's reliance upon the statement, he/she sustained damage.

The first question for you to determine is what defendant said to the plaintiff. If it was a statement of opinion rather than a statement of fact, defendant cannot be held responsible, for opinions are matters of judgment for which under the circumstances of this case, the law does not impose liability and your verdict will be for the defendant. If on the other hand you find that defendant stated in words or substance that (recite the representations claimed) your finding will be that defendant made a representation of fact.

If you find that defendant made a representation of fact, you will next consider whether that representation was true or false. If you find it was true, your verdict will be for the defendant. If you find it was false, you will then determine whether defendant knew or believed it was false and made the representation with intent to deceive the plaintiff. A false statement is made with intent to deceive if it is made with knowledge that it is false.

Whether the plaintiff was justified in relying on the representation depends upon whether the fact represented is one that a reasonable man would consider important in reaching a decision in the transaction in question. Even though it is not such an important fact, reliance may be justified if the defendant in making the representation knew that the plaintiff considered it important and would rely upon it.

If you ultimately conclude that there was no justifiable reliance by the plaintiff or even if there was not a substantial factor in plaintiff's decision to enter into the transaction, your verdict will be for the defendant.

If you find that a reasonable person would have considered the representation important in deciding whether to proceed with the transaction or that defendant knew that plaintiff considered the fact important and would rely on it, and you find that plaintiff's belief of the representation was a substantial factor in his/her decision to engage in the transaction, your verdict would be for the plaintiff and your attention would then turn to the nature and extent of plaintiff's damage.

3.30E Fraud-Deceit (Approved 2/92), NJ J.I. CIV 3.30E

# NEW MEXICO

**UJI 13-1633. FRAUD**

A party is liable for damages proximately caused by [his] [her] fraudulent misrepresentation.

To prove fraud, _____ (*party claiming fraud*) must prove:

>   First, a representation of fact was made which was not true;

>   Second, either the falsity of the representation was known to the party making it or the representation was recklessly made;

>   Third, the representation was made with the intent to deceive and to induce _____ (*party claiming fraud*) to rely on the representation; and

>   Fourth, _____ (*party claiming fraud*) did in fact rely on the representation. Each of these elements must be proved by clear and convincing evidence.

UJI 13-1633

# NEW YORK

**PJI 3:20 Intentional Torts—Fraud And Deceit**

As you have heard, the plaintiff AB seeks to recover damages that (he, she, it) claims were caused by a fraud committed by the defendant CD. Specifically, AB claims that [*state AB's claims*]. CD denies that (he, she, it) committed fraud and contends that [*state CD's contentions*]. In order to recover for fraud, AB must prove by clear and convincing evidence that

>   (1) CD made a statement of material fact;
>   (2) the statement was false;
>   (3) CD either knew that the statement was false or made the statement recklessly without regard to whether it was true or false;
>   (4) CD made the statement to convince AB to rely upon it;
>   (5) AB did rely on CD's statement;
>   (6) AB's reliance on CD's statement was justifiable; and
>   (7) AB sustained damages because of (his, her, its) reliance on CD's statement.

Clear and convincing evidence means evidence that satisfies you that there is a high degree of probability that there was fraud as I have defined it for you. To decide for AB by clear and

convincing evidence, it is not enough to find that the evidence supporting (his, her, its) case more nearly represents what actually happened than the evidence that is opposed to it. AB must satisfy you that the evidence makes it highly probable that what (he, she) claims is what actually happened.

If, upon all the evidence, you are satisfied that there is a high probability that there was fraud, you must decide for AB. If you are not satisfied that there is such a high probability, you must decide for CD.

The first question you will be asked to decide is whether CD stated [*state representation on which AB's claim is based*]. If you decide that CD did not state [*state representation on which AB's claim is based*], you need proceed no further on the claim of fraud. If you decide that CD did state [*state representation on which AB's claim is based*], the next question you must decide is whether that statement was material. A statement of fact is material if a reasonable person would consider it important. If you decide that CD's statement was not material, you need proceed no further on the claim of fraud. If you decide that CD's statement was material, you must next decide whether the statement was false.

The next question you will be asked to decide is whether CD's statement was false. A statement is false if, taken as a whole, it communicates something that is untrue when considered from the viewpoint of an ordinary person. If you decide that the statement was true, you need proceed no further on the claim of fraud. If you decide that the statement was false, you must next decide whether CD either knew it was false or made the statement recklessly without regard to whether it was true or false. A statement is made recklessly if it is made when the person making it does not have an honest and reasonable belief in its truth.

If you decide that CD did not know that the statement was false and that CD did not make the statement recklessly, you need proceed no further on the claim of fraud. If you decide that CD did know that the statement was false or that CD acted recklessly in making the statement, you must next decide whether the statement was made to convince AB to [*state action taken or omitted*].

If you decide that CD did not make the statement in order to convince AB to [*state action taken or omitted*], you need proceed no further on the claim of fraud. If you decide that CD did make the statement in order to convince AB to [*state action taken or omitted*], you must next decide whether AB relied on the statement.

The next question you will be asked to decide is whether AB relied on CD's statement in [*state action taken or omitted*]. If you decide that AB did not rely on CD's statement in [*state action taken or omitted*], you need proceed no further on the claim of fraud. If you decide that CD did rely on CD's statement in [*state action taken or omitted*], you must next decide whether AB was justified in relying on the statement.

Whether a person is justified in relying on a statement depends on whether a reasonable person would [*state action taken or omitted*] without further effort to determine the truth or accuracy of the statement. If you decide that AB was not justified in relying on CD's statement, you need

proceed no further on the claim of fraud. If you decide that AB was justified in relying on the statement, you must next decide whether AB sustained damages because (he, she, it) relied on CD's statement.

If you decide that AB did not sustain any damage as a result of the fraud, you will find for CD on the claim of fraud. If you decide that AB did sustain damage as a result of the fraud, you must next decide the actual monetary loss sustained. In determining the amount of damages AB sustained, you should consider only the actual amounts that AB spent [*state where appropriate*: or incurred] in reliance on CD's false statement [*substitute where appropriate*: the difference between the actual amounts that AB spent in reliance on CD's false statement and the value, if any, of the (*state benefit or property plaintiff received*) at the time AB received it]. You should not consider any lost profits or other amounts that AB may have expected to, but did not, receive because CD's statement was false.

N.Y. Pattern Jury Instr.-Civil 3:20

Notes: 5. Nondisclosure, Partial Disclosure and Concealment: Under the "special facts" doctrine, even in the absence of a fiduciary relationship, a duty to disclose may arise when one party's superior knowledge of essential facts renders nondisclosure inherently unfair.

# <u>NORTH CAROLINA</u>

## 800.00 FRAUD

The (state number) issue reads:

"Was the plaintiff damaged by the fraud of the defendant?"

On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by the greater weight of the evidence, six things:

> First, that the defendant [made a false representation of] [concealed] a material past or existing fact. (A statement of opinion, belief, recommendation, future prospects or a promise ordinarily is not a representation of fact. However, a promise can be a false representation of fact if, at the time it is made, the person making the promise has no intention of carrying it out.) (A concealment occurs when a person fails to disclose that which, under the circumstances, he should disclose. A person has a duty to disclose all facts material to a transaction or event when [he is a fiduciary] [he has made a partial or incomplete representation] [he is specifically questioned about them] [in an arm's length transaction, he has taken affirmative steps to conceal material facts from the other party] [state any other situation where a duty to disclose is imposed by law]).

> Second, that the [false representation] [concealment] was reasonably calculated to deceive. [A representation is calculated to deceive when the person who makes it knows it to be false, or makes it recklessly, without any knowledge of its truth or falsity, as a

positive assertion.] [A concealment is calculated to deceive when the person who makes it knows there is a duty to disclose, or is recklessly indifferent to a duty to disclose].

Third, that the [false representation was made] [concealment was done] with the intent to deceive and with the intent that it be acted upon.

Fourth, that the plaintiff was, in fact, deceived by the [false representation] [concealment] and acted upon it.

Fifth, that the plaintiff's reliance upon the [false representation] [concealment] was reasonable. The plaintiff's reliance would be reasonable if, under the same or similar circumstances, a reasonable person, in the exercise of ordinary care for his own welfare, [would have relied on the false representation] [would not have discovered the concealment].

And Sixth, that the plaintiff suffered damages proximately caused by the defendant's [false representation] [concealment].

Proximate cause is a cause which in a natural and continuous sequence produces a person's damage, and is a cause which a reasonable and prudent person could have foreseen would probably produce such damage or some similar injurious result.

There may be more than one proximate cause of damage. Therefore the plaintiff need not prove that the defendant's [false representation] [concealment] was the sole proximate cause of the plaintiff's damages. The plaintiff must prove, by the greater weight of the evidence, only that the defendant's [false representation] [concealment] was a proximate cause.

Finally, as to the (state number) issue on which the plaintiff has the burden of proof, if you find by the greater weight of the evidence that the defendant [made a false representation of] [concealed] a past or existing material fact, that the [false representation] [concealment] was reasonably calculated to deceive, that the [false representation was made] [concealment was done] with the intent to deceive and with the intent that it be acted upon, that the plaintiff was deceived by the [false representation] [concealment] and acted upon it, that the plaintiff's reliance upon the [false representation] [concealment] was reasonable, and that the plaintiff suffered damages proximately caused by the [false representation] [concealment], then it would be your duty to answer this issue "Yes" in favor of the plaintiff.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the defendant.

N.C.P.I.—Civil 800.00

# NORTH DAKOTA

**§ C - 8.00 Deceit 2014**

One who willfully deceives another person with intent to induce that person to alter [his] [her] position to that person's injury or risk is liable for any damage the person thereby suffers.

As used in these instructions, a "deceit" is:

    1)  The suggestion as a fact of that which is not true by one who does not believe it to be true;

    2)  The assertion as a fact of that which is not true by one who has no reasonable ground for believing it to be true;

    3)  The suppression of a fact by one who is bound to disclose it, or who gives information of other facts that are likely to mislead for want of communication of that fact; or

    4)  A promise made without any intention of performing.

ND. J.I. Civ. § C - 8.00

# OHIO

**CV 449.03 Elements of fraud**

1. ELEMENTS. The plaintiff must prove by the greater weight of the evidence each of the following elements:

    (***Use appropriate alternative***)

    (A)(1) A false representation of fact was made with knowledge of its falsity or with utter disregard and recklessness about its falsity that knowledge may be (concluded) (found).

    (***or***)

    (A)(2) A knowing concealment of fact which was done (when) (where) there was a duty to disclose.

    (***and***)

    (B) The (representation) (concealment) was material to the transaction.

    (C) The (representation) (concealment) was made with the intent of misleading plaintiff into relying upon it.

    (D) The plaintiff was justified in relying on the (representation) (concealment), and did, in fact, so rely.

    (E) The plaintiff was injured and the injury was (proximately) (directly) caused by his reliance on the (representation) (concealment).

2. MATERIAL REPRESENTATION. The representation must be material; that is, it must be important, necessary or having influence on the transaction. It must be so substantial and important that it influenced the person (to whom it was made) (from whom it was concealed).

3. FALSE. A representation is false when it is not substantially true. The truth or falsity of a representation depends on the natural and obvious meanings of the words taking into consideration all the surrounding circumstances.

4. KNOWLEDGE. A person knows a representation is false when he is aware it is not substantially true.

5. RECKLESS. A representation is made with utter disregard and recklessness when the person who makes the representation is (totally) (completely) careless or indifferent to the consequences or the risk that the representation will cause the person to whom it is made to do or not do certain things. If a person has no knowledge of fact, but asserted it as true when it was false, you may find that he made the representation with utter disregard and recklessness. A representation recklessly made without knowledge of the truth is the same as a false representation knowingly made.

6. DUTY TO DISCLOSE.

7. INTENT TO MISLEAD. A person intends to mislead another to rely on a representation when it is his purpose to mislead. A person's intent is known only to himself unless he expresses it to others or indicates it by his conduct. Intent is determined from the way in which the representation is made, the means used and all the facts and circumstances in evidence.

8. JUSTIFIABLE RELIANCE. There is a justifiable reliance in a (representation) (concealment) when a person of ordinary care would rely on it under the same or similar circumstances.

9. RESULTING DAMAGE. The plaintiff must be directly damaged by the reliance on the (representation) (concealment). This means that the damage was caused by the (representation) (concealment) in a natural and continuous sequence and without which the damage would not have occurred.

1 CV Ohio Jury Instructions 449.03.

# OKLAHOMA

**Instruction No. 18.2 Nondisclosure or Concealment—Elements of Liability**

In order for [Plaintiff] to recover from [Defendant] on [his/her] claim of deceit, you must find that all of the following have been established by clear and convincing evidence:

1. That [Defendant] concealed or failed to disclose a past or present fact which he had a duty to disclose;

    2. That the fact was material;

    3. That [Defendant] concealed or failed to disclose it with the intent of creating a false impression of the actual facts in the mind of *[Plaintiff]*;

    4. That [Defendant] concealed or failed to disclose it with the intention that it should be acted upon by [Plaintiff];

    5. That [Plaintiff] acted in reliance upon it; and

    6. That [Plaintiff] thereby suffered injury.

Vernon's Okla. Forms 2d, OUJI-CIV 18.2 (2d ed.)

**Instruction No. 18.5 Nondisclosure—Duty to Disclose**

When dealing with another, a person has a duty to disclose a material fact if it is known to *[him/her]* and

    [(1) *[He/She]* and the other person are in a *[confidential/fiduciary]* relationship, or;]

    [(2) *[He/She]* has stated another fact which was true at the time *[he/she]* stated it but which subsequently became untrue, and *[he/she]* knows the other person is acting under the impression that the fact as originally stated is still true, or;]

    [(3) *[He/She]* states other facts which are true but which *[he/she]* knows will create a false impression of the actual facts in the mind of the other person if the material fact is not disclosed, or;]

    [(4) *[He/She]* knows by *[his/her]* own ambiguous words or conduct *[he/she]* has created a false impression of the actual facts in the mind of the other person, or;]

    [(5) *[He/She]* knows the fact is peculiarly within *[his/her]* knowledge and the other person is not in a position to discover the fact for *[himself/herself]*, or;]

    [(6) *[He/She]* has previously represented the fact to be otherwise with an honest belief in its truth, and afterwards learned that the actual fact was other than as first represented.]

Vernon's Okla. Forms 2d, OUJI-CIV 18.5 (2d ed.)

# <u>OREGON</u>

**FRAUDULENT MISREPRESENTATION/DECEIT/FRAUD--GENERAL**

To prevail on a claim of [fraudulent misrepresentation / deceit / fraud], the plaintiff must prove all of the following:

    (1) The defendant made a false representation of a material matter;

    (2) The defendant [knew that the representation was false / recklessly made the representation without knowing if it was true or false];

    (3) The defendant [intended to mislead the plaintiff / knew that (he / she) was misleading the plaintiff / recklessly disregarded whether (he / she) was misleading the plaintiff];

    (4) The plaintiff reasonably relied on the representation; and

(5) The plaintiff was damaged as a direct result of [his / her] reliance on the representation.

Oregon UCJI No. 42.01


**FRAUDULENT MISREPRESENTATION--MATERIAL**

A false representation of a material matter is one that would be likely to affect the conduct of a reasonable person with regard to a transaction with another person.

Oregon UCJI No. 42.02


**FRAUDULENT MISREPRESENTATION--FALSE REPRESENTATION--FAILURE TO DISCLOSE (SPECIAL RELATIONSHIP)**

[The court has determined that a (*specify type of relationship*) relationship existed between the parties and as a result / If you find there was a special relationship between the plaintiff and the defendant], the defendant had a duty to disclose to the plaintiff all material matters of which the defendant had knowledge and silence or failure to disclose a material matter may be a false representation.

Oregon UCJI No. 42.03


**FRAUDULENT MISREPRESENTATION--FALSE REPRESENTATION-- CONCEALMENT**

A person may make a false representation of a material matter by concealing the truth. A false representation by concealment occurs when a person, by any word or act, conceals a material matter either by creating a false impression covering up the truth, or by removing an opportunity that might otherwise have led to the discovery of the truth.

Oregon UCJI No. 42.05


**FRAUDULENT MISREPRESENTATION--REASONABLE RELIANCE**

In determining whether the plaintiff's reliance on the statements of the defendant was reasonable, you must consider the totality of the parties' circumstances and conduct. In doing so, you may consider factors such as:

(1) Any information known or obvious to the plaintiff to confirm or refute the defendant's statement;
(2) The relative status, knowledge, and experience of the plaintiff and the defendant;

(3) The previous experience of the plaintiff and the defendant in similar transactions;
(4) Whether the statement was specific or general; and
(5) Whether the statement was a statement of fact or the expression of an opinion.

Oregon UCJI No. 42.06

# PENNSYLVANIA

**17.240 (Civ) FRAUD**

(1) A person who makes a fraudulent misrepresentation of material fact to another person is responsible for all injuries resulting from that other person's reliance on the fraudulent misrepresentation. In order for the plaintiff to recover against the defendant, you must find

  (a) that the defendant made a misrepresentation to the plaintiff,
  (b) that the misrepresentation made by the defendant to the plaintiff was fraudulent,
  (c) that the misrepresentation was of a material fact,
  (d) that the defendant intended that the plaintiff rely on the defendant's misrepresentation,
  (e) that the plaintiff relied on the defendant's misrepresentation, and
  (f) that the plaintiff's reliance on the defendant's misrepresentation was a factual cause of
      the harm suffered by the plaintiff .

(2) A misrepresentation is any assertion, by words or conduct, that is not in accordance with the facts. An assertion by words may, for example, arise from statements contained in the labeling or in the advertising of a product. An assertion by conduct may, for example, arise from a usage of trade or a course of dealing. A usage of trade is any practice or method of dealing that has been regularly observed among persons in a particular place, trade, or vocation. Because a usage of trade is so regularly observed, a buyer may justifiably expect it to be observed by the seller in any sale. A course of dealing arises from the previous conduct between the buyer and seller. The course of dealing establishes a common basis for understanding each other's expressions or conduct. An assertion by conduct may also arise when the seller knows the particular purpose for which the user or consumer requires the goods or product, and the seller furnishes the goods or product for that particular purpose.

(3) A misrepresentation is fraudulent when the person making the misrepresentation

  (a) knows that it is untrue, or
  (b) does not believe it is true or is indifferent as to whether it is true, or
  (c) by reason of special circumstance has a duty to know whether it is true.

(4) A fact is material if it is one that would be of importance to a reasonable person in determining a choice of action. A material fact need not be the sole or even a substantial factor in inducing or influencing a reasonable person's decision. A fact is also material if the maker of the misrepresentation knows that the person to whom it is made is likely to regard it as important even though a reasonable person would not regard it as important.

"Reliance" means a person would not have acted (or would not have failed to act) as he or she did unless he or she considered the misrepresentation to be true.

Pa. SSJI (Civ) § 17.240 (2013)

## 17.260 (Civ) FRAUDULENT MISREPRESENTATION OR NONDISCLOSURE

A person must use reasonable care to disclose a material fact if:

> *First*, the person knows he or she is making or later learns he or she has made a misrepresentation, or

> *Second*, the person knows he or she is making or later learns he or she has made a misleading representation, or

> *Third*, the person knows he or she is making a misrepresentation or misleading representation or later learns that another is about to act in reliance upon it. If that person fails to do so, he or she is responsible for all harm resulting from that other person's reliance on the misrepresentation or misleading representation.

A misrepresentation is any assertion by words or conduct that is not in accordance with the facts.

A misleading representation is an assertion by words or conduct that is likely to mislead another regarding the facts.

An assertion by words may, for example, arise from statements contained in the labeling or in the advertising of a product. An assertion by conduct may, for example, arise from a usage of trade or course of dealing. A usage of trade is any practice or method of dealing that has been regularly observed among persons in a particular place, trade, or vocation. Because a usage of trade is so regularly observed, a buyer may justifiably expect it to be observed by the seller in any sale. A course of dealing arises from the previous conduct between the buyer and seller. The course of dealing establishes a common basis for understanding each other's expressions or conduct. An assertion by conduct may also arise when the seller knows the particular purpose for which the user or consumer requires the goods or product, and the seller furnishes the goods or product for that particular purpose.

A fact is material if it is one that would be of importance to a reasonable person in determining a choice of action. A material fact, however, need not be the sole or even a substantial factor in inducing or influencing a reasonable person's decision. A fact is also material if the person who fails to disclose it knows that the person to whom it is made is likely to regard it as important even though a reasonable person would not regard it as important.

"Reliance" means a person would not have acted as he or she did or would not have failed to act unless he or she considered the misrepresentation or misleading representation to be true.

Pa. SSJI (Civ) § 17.260 (2013)

# RHODE ISLAND

## 2501.1 Elements of Fraud

In this case the plaintiff has made a claim for fraudulent misrepresentation. Specifically, the plaintiff alleges that the defendant [detail the allegations concerning the specific misrepresentation and the conduct alleged to be fraudulent]. In order to prevail on this claim the plaintiff must prove certain elements.

The plaintiff must prove that the defendant made a false representation about a material fact concerning the contract/transaction/existing circumstances, that the defendant knew his/her representation was false when made, that the defendant intended to deceive the plaintiff by inducing the plaintiff to rely on the false representation in [entering into the contract/transaction] [engaging in the activity], that the plaintiff did rely on the false representation, that the plaintiff's reliance on the false representation was reasonable under the circumstances, and that the plaintiff suffered some loss or harm as a proximate result of the defendant's representation.

RI Jury Instructions Civil § 2501.1

## 2506 Concealment - Liability for Non-disclosure

In this case, the plaintiff contends that the defendant failed to exercise reasonable care in disclosing certain facts or information to plaintiff. Generally, a person is not required to disclose facts or information to another person. However, there are circumstances under which a person will have an affirmative duty to speak and, in those, situations, that person is liable for the harm caused by his/her [silence/concealment of facts/information]. In this case, the special relationship between the plaintiff and defendant imposed a duty on the defendant to provide information to the plaintiff.

A person who is under a duty to speak and is liable for nondisclosure if he/she fails to exercise reasonable care to disclose a material or important fact which may justifiably induce the other person to act or refrain from acting and the non disclosing one knows or should know that the failure to disclose such information to the other party may put the other person at risk.

RI Jury Instructions Civil § 2506

# SOUTH CAROLINA

**§ 18-1 Fraud - Defined**

Fraud has been defined as an intentional perversion of truth for the purpose of inducing another in reliance upon it to part with some valuable thing belonging to him or to surrender a legal right. Fraud is a false representation of a matter of fact, whether by words or by conduct, by false or misleading allegations, or by concealment of that which should have been disclosed, which deceives and is intended to deceive another so that he shall act upon it to his legal injury.

Actual fraud consists of deceit, artifice, trick, design, some direct and active operation of the mind. It includes cases of the intentional and successful employment of any cunning, deception or artifice used to circumvent or cheat another. It is something said, done, or omitted by a person with the design of perpetrating what he knows to be a cheat or deception.

Fraud occurs where one person or party intentionally deceives another by word or conduct for the purpose of inducing that other party to part with some property or surrender some legal right and the party thereby accomplishes his purpose. It involves the elements of dishonesty and deceit. Fraud involves deceitful practices in depriving or endeavoring to deprive another of his known rights by means of some artful device or plan contrary to the plain rules of common honesty.

Fraud, in its general sense, comprises anything calculated to deceive, including all acts, omissions and concealments involving a breach of legal or equitable duty, trust, or confidence justly reposed and resulting in damage to another.

Anderson, S.C. Requests to Charge – Civil, 18-1

**§ 18-2 Fraud - Elements**

To establish fraud [sometimes referred to as a cause of action for fraud and deceit], the plaintiff must prove the following nine elements:

> (1) a representation;
> (2) the falsity of the representation;
> (3) the materiality of the representation;
> (4) the speaker's knowledge of its falsity or a reckless disregard for its truth or falsity;
> (5) the speaker's intent that the representation be acted upon by the person hearing the representation;
> (6) the hearer's ignorance of its falsity;
> (7) the hearer's reliance on its truth;
> (8) the hearer's right to rely thereon; and
> (9) the hearer's consequent and proximate injury.

Each and every one of these elements must be proven by clear, cogent, and convincing evidence. The failure to prove any element of fraud is fatal to recovery. Fraud is never presumed in the law.

Were the representations made which the plaintiff claims? The defendants say they were not. If you find that no statements or representations were made to the plaintiff, you need not consider the case further. There would be no basis for fraud.

To establish actionable fraud, there must first be a false representation. The representation must be a statement or a set of actions which concerns an existing or pre-existing fact. The false representation must be one of fact as distinguished from the mere expression of an opinion. The false representation must be predicated upon misstatements of fact rather than upon an expression of opinion, an expression of intention, or an expression of confidence that a bargain will be satisfactory. The distinction between a matter of fact and a matter of opinion is generally characterized by what is susceptible of exact knowledge when the statement is made. Statements of opinion, predictions of future events, mere puffing, sales talk, and broken promises normally do not amount to fraud. As a general rule, fraud cannot be predicated on a statement that constitutes an expression of an intention. An exception to the general rule is recognized for unfulfilled promises which were made by a party who never intended to fulfill the promise and only made it to induce the performance of another party.

An actionable representation cannot consist of a mere broken promise, even if a party acts in reliance on the promise. An action in fraud, however, can be based on an unfulfilled promise to perform in the future made with a present undisclosed intention not to perform, which is made for the purpose of inducing one to sign a paper or do some other act.

The representation must be false. A fraudulent act is characterized by dishonesty in fact, unfair dealing, or unlawful appropriation of another's property by design. Bad faith is the test of fraud. Nondisclosure, or silence, becomes fraudulent when it is the duty of the party having knowledge of the facts to uncover them to the other. The truth or falsity of a representation must be determined as of the time it was made or acted on and not at some later date.

The representation must be material. If an objective, reasonable person using the misrepresentation would have viewed the representation as sufficiently important and significant that it would have played a role in the decision to enter into a contractual relationship, the representation may be deemed material. The matter is material if:

    (1) a reasonable person would attach importance to its existence or nonexistence in determining his choice of action in the transaction in question; or
    (2) the maker of the representation knows or has reason to know that its recipient regards or is likely to regard the matter as important in determining his choice of action, although a reasonable man would not so regard it.

The knowledge of falsity extends to statements made in reckless disregard of the truth. Reckless disregard exists where one makes a statement and knows he lacks the knowledge necessary to be confident that the statement is true.

A defendant may be held liable for misrepresentations made to the persons or class of persons whom he intends or has reason to expect to act or to refrain from action in reliance upon the fraudulent misrepresentation.

To recover for fraud, the plaintiff must have relied on the misrepresentation. If the plaintiff knew the misrepresentation was false, there is no cause of action because there could not have been any reliance on the truth of the statement. A victim of fraud has a right to rely on a misrepresentation so long as his reliance is not reckless or grossly negligent. The legitimacy of the plaintiff's reliance on the misrepresentation is an issue to be decided by you, the jury.

There is no cause of action for a fraudulent statement unless the plaintiff is injured.

Anderson, S.C. Requests to Charge – Civil, 18-1


## § 18-4 Fraud - Nondisclosure as Representation

A fraudulent or intentional misrepresentation may be made either by an affirmative statement that is itself false, or by concealing or not disclosing certain facts that render the facts that are disclosed misleading. Generally, the failure to disclose is not necessarily a misrepresentation.

Yet, at times, nondisclosure may serve as the "representation" underlying fraud. This can occur in four ways:

(1) If the defendant chooses to speak, he must disclose enough of what he knows to prevent his words from being misleading. In situations where the defendant has made an incomplete or ambiguous statement or half truth that he knew was misleading, he is then under a duty to clarify and to disclose the whole truth.

(2) If the defendant subsequently acquires new information that makes his original statement misleading, he is under a duty to disclose the after-acquired facts.

(3) If there is a confidential or fiduciary relationship, the disclosure requirements may be greater. A duty to disclose may arise when one party has information the other party has a right to know because of a fiduciary or other relation of trust or confidence between them. If the plaintiff and the defendant are in some special fiduciary relationship to each other, there is a duty of full disclosure.

(4) The defendant may be held to a higher standard if he has a special knowledge not available to the plaintiff and such knowledge would probably affect the plaintiff's decision. A duty to disclose can arise when one party to a transaction has superior knowledge of certain information and that information is not readily available to the other party and the first party knows the second party is acting on the basis of the mistaken knowledge.

A misrepresentation in words is not required. A misrepresentation need not be express. It may be implied or inferred from circumstances that are, in fact, equivalent to a positive representation.

It is not essential that a misrepresentation be directly made in order to find fraud. If a false impression is made by words or acts in order to mislead and has such effect, it may be sufficient. Fraudulent representations may also be by arts or artifices which are calculated to deceive. Concealment, when a duty to disclose is imposed on the defendant, may form the basis of a charge of fraud, as in the case of active misrepresentations.

Nondisclosure becomes fraudulent only when it is the duty of the party having knowledge of the facts to uncover them to the other party to the transaction. Thus, nondisclosure is fraudulent when there is a duty to speak. The duty to disclose may be reduced to three distinct classes:

(1) where it arises from a pre-existing definite fiduciary relation between the parties;
(2) where one party expressly reposes a trust and confidence in the other with reference to the particular transaction in question, or else from the circumstances of the case, the nature of their dealings, or their position towards each other, such a trust and confidence in the particular case is necessarily implied;
(3) where the very contract or transaction itself, in its essential nature, is intrinsically fiduciary and necessarily calls for perfect good faith and full disclosure without regard to any particular intention of the parties.

Where either party to a transaction conceals some material fact within his own knowledge, which it is his duty to disclose, he is guilty of actual fraud. Nondisclosure becomes fraudulent concealment only when it is the duty of the party having knowledge of the facts to make them known to the other party to the transaction. The concealment of material facts that one is bound to disclose may constitute fraud. Suppression of a material fact which one is duty bound to disclose is equivalent to a false misrepresentation. Fraud may be committed by a suppression of the truth as well as by the suggestion of falsehood.

Where material facts are accessible to the seller only and he knows that they are not within the reach of the diligent attention, observation and judgment of the purchaser, the seller is bound to disclose such facts and make them known to the purchaser. When in such a situation the seller fails to disclose these facts to the buyer, the seller's nondisclosure of these facts is equivalent to fraudulent concealment.

Concealment of material facts or latent defects in property sold which, under the circumstances, one is bound to disclose may constitute fraud.

Anderson, S.C. Requests to Charge – Civil, 18-4


## § 18-5 Fraud - Right to Rely

The right to rely on the representation is a necessary element that must be proved in a fraud action. The right to rely must be determined in light of the plaintiff's duty to use reasonable prudence and diligence under the circumstances in ascertaining the truth with respect to the representations made to him.

The principle of the right of reliance upon representations is closely bound up with a duty on the part of the plaintiff to use some measure of protection and precaution to safeguard his own interest. With respect to the right to rely upon representations, every person must use reasonable diligence for his own protection. In other words, a plaintiff must exercise reasonable prudence for his own protection even if the defendant made representations that were false and fraudulent.

The plaintiff cannot rely on the misstatement of fact if the truth is easily within his reach.

There is no right to rely, as required to establish fraud, where there is no confidential or fiduciary relationship and there is an arm's length transaction between mature, educated people. This is especially true in circumstances where one should have utilized precaution and protection to safeguard one's interests.

If you find that the plaintiff relied upon the statements, you must determine:

> (1) whether reliance upon the representation was justifiable or excusable;
> (2) what constitutes reasonable prudence and diligence with respect to such reliance; and
> (3) what conduct constitutes a reckless or conscious failure to exercise such prudence.

In making these determinations, you may take into consideration:

> (1) the form and materiality of the representation;
> (2) the respective intelligence, experience, age, mental and physical conditions of the parties; and
> (3) the relation and respective knowledge and means of knowledge of the parties.

If you find from the testimony that the defendant committed fraud, but then you also find the plaintiff failed to exercise ordinary diligence or due care in protecting himself, the plaintiff would not be permitted to recover. Every person must use reasonable prudence and diligence for his own protection.

Anderson, S.C. Requests to Charge – Civil, 18-5

# **SOUTH DAKOTA**

There is no freely available pattern jury instruction for common-law fraud.

The essential elements required to sustain an action for fraud include:

> (1) a false representation made as a statement of fact;
> (2) knowledge (or recklessness) by the party making the representation that it is untrue;
> (3) an intention that the representation should induce the other party to act; and
> (4) reliance on the representation to the detriment of the innocent party.

*Pickering v. Pickering*, 434 N.W.2d 758, 761 (S.D. 1989).

South Dakota has adopted Restatement (Second) of Torts § 551(2)(e). *Decheneaux v. Miller*, 488 N.W.2d 902, 912-13 (S.D. 1992).

# **TENNESSEE**

### **T.P.I.—CIVIL 8.38 Misrepresentation by Concealment**

1. The defendant concealed or suppressed a material fact;
2. The defendant was under a duty to disclose the fact to the plaintiff;
3. The defendant intentionally concealed or suppressed the fact with the intent to deceive the plaintiff;
4. The plaintiff was not aware of the fact and would have acted differently if the plaintiff knew of the concealed or suppressed fact; and
5. As a result of the concealment or suppression of the fact, the plaintiff sustained damage.

8 Tenn. Prac. Pattern Jury Instr. T.P.I. – Civil 8.38 (2017 ed.)

### **T.P.I.—CIVIL 8.39 Nondisclosure of Known Facts**

The failure of one party to disclose material facts known by that party and not the other party is not fraud unless there is some relationship between the parties that creates a duty to disclose those facts.

There is a duty to disclose known facts when the party having knowledge of the facts is in a fiduciary or a confidential relationship with the other party. There is a fiduciary or confidential relationship when one person may reasonably trust or have confidence in the integrity and fidelity of another.

In the absence of a fiduciary or a confidential relationship a duty to disclose known facts arises where one party knows of material facts and also knows that those facts are neither known nor readily accessible to the other party.

8 Tenn. Prac. Pattern Jury Instr. T.P.I. – Civil 8.39 (2017 ed.)

### **T.P.I.—CIVIL 8.47 Right to Rely**

A person claiming to have been damaged by a false representation must not only have acted in reliance on the representation but must have been justified in that reliance. That is, it must be reasonable for the person, in the light of the circumstances and that person's intelligence, experience, and knowledge, to accept the representation without making an independent inquiry or investigation.

8 Tenn. Prac. Pattern Jury Instr. T.P.I. – Civil 8.47 (2017 ed.)

# <u>TEXAS</u>

**PJC 105.2 Instruction on Common-Law Fraud--Intentional Misrepresentation**

Fraud occurs when—

1. a party makes a material misrepresentation, and
2. the misrepresentation is made with knowledge of its falsity or made recklessly without any knowledge of the truth and as a positive assertion, and
3. the misrepresentation is made with the intention that it should be acted on by the other party, and
4. the other party relies on the misrepresentation and thereby suffers injury.

"Misrepresentation" means--
*[Insert appropriate definitions from PJC 105.3A-105.3E.]*

PJC 105.2

**PJC 105.4 Instruction on Common-Law Fraud--Failure to Disclose When There Is Duty to Disclose**

Fraud occurs when—

1. a party fails to disclose a material fact within the knowledge of that party, and
2. the party knows that the other party is ignorant of the fact and does not have an equal opportunity to discover the truth, and
3. the party intends to induce the other party to take some action by failing to disclose the fact, and
4. the other party suffers injury as a result of acting without knowledge of the undisclosed fact.

PJC 105.4

# UTAH

**CV1801 Elements of fraud.**

[Name of plaintiff] claims that [name of defendant] defrauded [him] by making a false [oral/written], statement of fact that caused [him] harm. To succeed in this claim, [name of plaintiff] must prove each of the following by clear and convincing evidence:

> (1) [name of defendant] made a false statement about an important fact; and
> (2) either [name of defendant] made the statement knowing it was false, or [he] made the statement recklessly and without regard for its truth; and
> (3) [name of defendant] intended that [name of plaintiff] would rely on the statement; and
> (4) [name of plaintiff] reasonably relied on the statement; and
> (5) [name of plaintiff] suffered damages as a result of relying on the statement.

MUJI 2d CV CV1801

**CV1806 Important statement of fact.**

A statement of fact is important if knowing that it is false would influence a reasonable person's judgment, or [his] decision to act or not to act.

MUJI 2d CV CV1806

**CV1808 Intent to induce reliance.**

You must decide whether [name of defendant] intended [name of plaintiff] to rely on a false statement, even though [name of defendant] did not make it directly to [name of plaintiff].

[Name of defendant] intended [name of plaintiff] to rely on the false statement if

> [(1) [Name of defendant] made the statement to a group of people that included [name of plaintiff]].

> [(2) [Name of defendant] made the statement to another person, with the intent or the belief that it would be communicated to [name of plaintiff]].

MUJI 2d CV CV1808

**CV1809 Intent.**

Intent ordinarily cannot be proved directly because there is no way to read people's minds. However, you may determine intent from the surrounding circumstances and find that [name of

defendant] intended the natural and probable consequences of acts done knowingly. You may consider any statement made or acts done by [name of defendant] and all other facts and circumstances that may show intent.

MUJI 2d CV CV1809


**CV1810 Reasonable reliance.**

In deciding whether [name of plaintiff]'s reliance on the false statement was reasonable, you must take into account all relevant circumstances, such as [his] age, mental capacity, knowledge, experience, and [his] relationship to [name of defendant].

MUJI 2d CV CV1810


**CV1811 Concealment or fraudulent non-disclosure.**

I have determined that [name of plaintiff] was in a [type of relationship] that gave [name of defendant] a duty to disclose an important fact to [name of plaintiff]. You must decide whether [name of defendant] failed to disclose an important fact. To establish that [name of defendant] failed to disclose an important fact, [name of plaintiff] must prove all of the following:

> (1) that [name of defendant] knew [describe the important fact] and failed to disclose it to [name of plaintiff];
> (2) that [name of plaintiff] did not know [describe the important fact]; and
> (3) that [name of defendant]'s failure to disclose [describe the important fact] was a substantial factor in causing [name of plaintiff]'s damages.

MUJI 2d CV CV1811


# <u>VERMONT</u>

No relevant pattern jury instructions.

To maintain a cause of action for fraud, plaintiff must demonstrate five elements:

> (1) intentional misrepresentation of a material fact;
> (2) that was known to be false when made;
> (3) that was not open to the defrauded party's knowledge;
> (4) that the defrauded party act[ed] in reliance on that fact; and
> (5) is thereby harmed.

*Felis v. Downs Rachlin Martin PLLC*, 133 A.3d 836, 842 (Vt. 2015).

# VIRGINIA

**§ 53:1. Elements—Actual fraud**

If you believe by clear and convincing evidence that

1. *[Specification of alleged fraudulent statement]* made by *[name of defendant]* to *[name of plaintiff]* was

   A false representation of a material fact,

   Made intentionally and knowingly by *[name of defendant]*,

   With the intention to mislead *[name of plaintiff]* into taking action based on the representation, and

2. *[Name of plaintiff]* took action, or forbore to take action, in reliance on the representation, and

3. *[Name of plaintiff]*'s reliance on the representation caused *[name of plaintiff]* damage, then you shall return your verdict in favor of the plaintiff.

Va. Prac. Jury Instruction § 53:1

# WASHINGTON

**WPI 160.01 Elements of Fraud**

There are nine elements of fraud. They are:

(1) Representation of an existing fact;
(2) Materiality of the representation;
(3) Falsity of the representation;
(4) The speaker's knowledge of its falsity;
(5) The speaker's intent that it be acted upon by the plaintiff;
(6) Plaintiff's ignorance of the falsity;
(7) Plaintiff's reliance on the truth of the representation;
(8) Plaintiff's right to rely upon it; and
(9) Resulting damage.

Wash. Pattern Jury Instr. Civ. WPI 160.01

**WPI 165.03 Negligent Misrepresentation—Failure To Disclose Information—Duty To Disclose**

A party to a business transaction has a duty to disclose to the other party, before the transaction is completed, the following information under [any of] these circumstances:

> [(a) matters known to him or her that the other is entitled to know because of a fiduciary relationship between them;]
>
> [(b) facts basic to the transaction, if the party knows that the other is about to enter into it under a mistake as to them, and that the other, because of the relationship between them, the customs of the trade or other objective circumstances, would reasonably expect a disclosure of those facts;]
>
> [(c) matters known to him or her that the other is entitled to know because of a relationship of trust and confidence between them;]
>
> [(d) matters known to the party that he or she knows to be necessary to prevent his or her partial or ambiguous statement of the facts from being misleading;]
>
> [(e) subsequently acquired information that the party knows will make untrue or misleading a previous representation that when made was true or believed to be so;]
>
> [(f) the falsity of a representation made without the expectation that it would be acted upon, if the party subsequently learns that the other is about to act in reliance upon it in their transaction].
>
> [Other than in these circumstances, a party to a business transaction is not required to disclose information to the other party.]

Wash. Pattern Jury Instr. Civ. WPI 165.03

# WEST VIRGINIA

No publicly available pattern jury instructions.

The essential elements in an action for fraud are:

> (1) that the act claimed to be fraudulent was the act of the defendant or induced by him;
>
> (2) that it was material and false; that plaintiff relied upon it and was justified under the circumstances in relying upon it; and
>
> (3) that he was damaged because he relied on it.

*Gaddy Eng'g Co. v. Bowles Rice McDavid Graff & Love, LLP*, 746 S.E.2d 568, 576 (W. Va. 2013)

# WISCONSIN

No publicly available pattern jury instructions.

All misrepresentation claims share the following required elements:

> 1) the defendant must have made a representation of fact to the plaintiff;
> 2) the representation of fact must be false; and
> 3) the plaintiff must have believed and relied on the misrepresentation to his detriment or damage.

*Tietsworth v. Harley-Davidson, Inc.*, 677 N.W.2d 233, 239 (Wis. 2004).

Wisconsin has adopted Restatement (Second) of Torts § 551(2)(e), but uses a "material fact" standard rather than a "basic fact" standard. *Kaloti Enters., Inc. v. Kellogg Sales Co.*, 699 N.W. 205, 215 (Wis. 2005).

# WYOMING

No publicly available pattern jury instructions.

The elements of fraud are:

> (1) the defendant made a false representation intended to induce action by the plaintiff;
> (2) the plaintiff reasonably believed the representation to be true; and
> (3) the plaintiff relied on the false representation and suffered damages.

*Singer v. Lajaunie*, 339 P.3d 277, 285 (Wyo. 2014)