# EXHIBIT 39

# JURY INSTRUCTIONS: <u>INTENTIONAL INTERFERENCE</u>
## 50 State Survey[1]

# <u>ALABAMA</u>

**APJI 10.16 Action for Interference with Contract [PL]**

Plaintiff (name of plaintiff) says defendant (name of defendant) intentionally interfered with the contract between (him/her/it) and (name of third party). To recover damages on this claim, (name of plaintiff) must prove to your reasonable satisfaction all of the following:

1. That there was a contract between (name of plaintiff) and (name of third party);
2. That (name of defendant) knew about the contract;
3. That (name of defendant) was not a party to the contract, was not an agent of or related to anyone in the contract and had no financial stake in the contract;
4. That (name of defendant) intentionally disrupted or interfered with the performance of this contract; and
5. That (name of plaintiff) was harmed by (name of defendant)'s conduct.

If (name of plaintiff) proves all these things, you must find for (him/her/it) and then you must decide how much money will reasonably compensate (name of plaintiff). If (name of plaintiff) does not prove all these things, you must find for (name of defendant).

1 Ala. Pattern Jury Instr. Civ. 10.16 (3d. ed.)

# <u>ALASKA</u>

Available at: http://www.courts.alaska.gov/rules/juryins.htm

**19.01A        INTENTIONAL INTERFERENCE WITH CONTRACT – ELEMENTS**

The plaintiff claims that [he][she] was harmed because the defendant intentionally interfered with a contract between the plaintiff and [insert name of third party]. To win on this claim, the plaintiff must prove it is more likely true than not true that:

(1) the plaintiff had a contract with [insert name of third party];
(2) the defendant knew about the contract;

---

[1]        These instructions are compiled from Westlaw/LexisNexis or the website of the relevant state court system. Where instructions were not freely available, the elements of the tort as established by the courts of the state are included.

(3) the defendant intended to induce [insert name of third party] to breach the contract; a breach of contract occurs when a person fails without excuse to do what [he][she] promised to do in the contract;
(4) [insert name of third party] breached the contract;
(5) the defendant's conduct caused the breach;
(6) the plaintiff was damaged as a result of the breach; and
(7) the defendant's conduct was not privileged or justified.

If the plaintiff proves all seven elements, you must find for the plaintiff on this claim. But if the plaintiff fails to prove any one of the elements, you must find for the defendant on this claim.

## 19.02 Intentional Interference with Contract or Prospective Economic Advantage – DEFINITION OF INTENT

The defendant's actions were intentional if they were for the purpose of [inducing [name of third person] to breach the contract] [disrupting or preventing the plaintiff from achieving the potential business relationship] or if the defendant believed that [breach of the contract] [disruption of the relationship] was substantially certain to follow from [his][her] actions.

## 19.03 INTENTIONAL INTERFERENCE WITH CONTRACT OR PROSPECTIVE ECONOMIC ADVANTAGE – JUSTIFICATION AND PRIVILEGE

The plaintiff claims that the defendant's conduct was not privileged or justified.

In order for the plaintiff to prevail, you must decide that one of the following statements is more likely true than not true:

(1) the defendant's conduct was primarily motivated by something other than [protection of [his][her][its] economic interests] [safety concerns]; or
(2) the defendant used improper means to achieve [his][her][its] objective.

# ARIZONA

## COMMERCIAL TORTS 11 Interference With Contract or Business Expectancy (Elements)

[*Name of plaintiff*] claims that [*name of defendant*] improperly interfered with [*name of plaintiff*]'s contract with [*name of third party*].
To establish this claim, [*name of plaintiff*] must prove:

1. [*Name of plaintiff*] had a [*contract*] or [*business expectancy*] with;
2. [*Name of defendant*] knew about the [*contract*] or [*business expectancy*];

3. [*Name of defendant*] intentionally interfered with the [*name of plaintiff*]'s [*contractual relationship*] or [*business expectancy*] with [*third party*] which caused a breach or termination of that [*relationship*] or [*expectancy to be realized*];
4. [*Name of defendant*]'s conduct was improper; and
5. [*Name of plaintiff*] suffered damage caused by the breach or termination of [*name of plaintiff*]'s [*contractual relationship*] or [*the business expectancy to be realized*] with __ _____ .

RAJI (Civil) CTI 11 (5th ed.)


**COMMERCIAL TORTS 12 Interference With Contractor Business Expectancy (Damages)**

If you find that [*name of defendant*] improperly interfered with [*name of plaintiff*]'s [*contract*] or [*business expectancy*] with, you must then decide the full amount of money that will reasonably and fairly compensate [*name of plaintiff*] for each of the following elements of damages proved by the evidence to have resulted from the interference with the [*contract*] or [*business expectancy*].

1. The net [profit] [benefit] that [*name of plaintiff*] would have received had [*the contract been performed*] or [*the business expectancy realized*];
2. Damage to [*name of plaintiff*]'s reputation; and
3. Any emotional suffering sustained by [*name of plaintiff*].

RAJI (Civil) CTI 12 (5th ed.)


# ARKANSAS

**AMI 403 Issues—Interference with Contractual Relationship or Business Expectancy—Burden of Proof**

(Plaintiff) claims damages from (defendant) and has the burden of proving each of the following five essential propositions:

First, that *[he][she][it]* sustained damages;

Second, that (plaintiff) had a *[valid contractual relationship][and][or][business expectancy]*;

Third, that (defendant) had knowledge of the *[contractual relationship][and][or][business expectancy]*;

Fourth, that by intentional and improper interference (defendant) induced or caused a disruption or termination of the *[contractual relationship][and][or][business expectancy] and*;

Fifth, that the disruption or termination was a proximate cause of (plaintiff)'s damages.

[As a defense to the claim of (plaintiff), (defendant) contends that *[his][her][its]* conduct was privileged because *[he][she][it]* had *(an interest in)(a duty to)* the *(person)(business)* with which the (plaintiff) contends that *[he][she][it]* had a *(contractual relationship)(and)* or *(business expectancy)*. As to this defense, (defendant) has the burden of proving each of three essential propositions:

First, that *[he][she][it]* had *(an interest in)(a duty to)* this *(person)(business)*;

Second, that *[he][she][it]* acted in furtherance of that *(interest)(duty)*; and

Third, that *[he][she][it]* acted without bad faith.]

When I use the phrase "bad faith," I mean conduct that is dishonest, oppressive, or carried out with a state of mind characterized by hatred, ill will, or a spirit of revenge.]

[If you find from the evidence in this case that (plaintiff) has proved each of the five propositions essential to *[his][her][its]* claim and that (defendant) has failed to prove one or more of the propositions essential to *[his][her][its]* defense of privilege, then your verdict should be for (plaintiff); but if, on the other hand, you find from the evidence that any of the five propositions has not been proved by (plaintiff) or that (defendant) has proved each of the three propositions essential to *[his][her][its]* defense of privilege, then your verdict should be for (defendant).]

Ark. Model Jury Instr., Civil AMI 403

## AMI 404 Interference with Contractual Relationship or Business Expectancy— Definition—Impropriety

(Plaintiff) contends that (defendant)'s conduct was improper because [describe succinctly the nature of conduct at issue]. In determining whether (plaintiff) has met *[his][her][its]* burden to prove the conduct was improper, you may consider the following factors:

(a) the nature of the conduct;
(b) the (defendant)'s motive;
(c) the interest of (plaintiff) with which the conduct interfered;
(d) the interest sought to be advanced by (defendant);
(e) the social interests in protecting the freedom of action of (defendant) and the contractual interests of (plaintiff);
(f) the proximity or remoteness of the (defendant)'s conduct to the interference; and
(g) the relations between the parties.

Ark. Model Jury Instr., Civil AMI 404

# CALIFORNIA

## 2201 Intentional Interference With Contractual Relations—Essential Factual Elements

[*Name of plaintiff*] claims that [*name of defendant*] intentionally interfered with the contract between [him/her/it] and [*name of third party*]. To establish this claim, [*name of plaintiff*] must prove all of the following:

1. That there was a contract between [*name of plaintiff*] and [*name of third party*];
2. That [*name of defendant*] knew of the contract;
3. That [*name of defendant*]'s conduct prevented performance or made performance more expensive or difficult;
4. That [*name of defendant*] [intended to disrupt the performance of this contract/ [or] knew that disruption of performance was certain or substantially certain to occur];
5. That [*name of plaintiff*] was harmed; and
6. That [*name of defendant*]'s conduct was a substantial factor in causing [*name of plaintiff*]'s harm.

Judicial Council of California Civil Jury Instruction 2201

# COLORADO

## 24:1 Intentional Interference with Contractual Relations - Elements of Liability

For the plaintiff, *(name)*, to recover from the defendant, *(name)*, on (his) (her) claim of intentional interference with contract, you must find that all of the following have been proved by a preponderance of the evidence:

1. The plaintiff had a contract with *(name of third person)* in which *(name of third person)* agreed to *(describe the substance of the promise the defendant allegedly interfered with)*;
2. The defendant knew or reasonably should have known of the contract;
3. The defendant by words or conduct, or both, intentionally (caused *[name of third person]* [not to perform] [to terminate] [his] [her] contract with the plaintiff) (or) (interfered with *[name of third person]*'s performance of the contract, thereby causing *[name of third person]* [not to perform] [to terminate] the contract with the plaintiff);
4. The defendant's interference with the contract was improper; and
5. The defendant's interference with the contract caused the plaintiff (damages) (losses).

If you find any one or more of these *(number)* statements has not been proved, then your verdict must be for the defendant.

On the other hand, if you find that all of these statements have been proved, (then your verdict must be for the plaintiff) (then you must consider the defendant's affirmative defense(s) of *[insert any affirmative defense that would be a complete defense to the plaintiff's claim]*).

If you find that (this affirmative defense has) (any one or more of these affirmative defenses have) been proved by a preponderance of the evidence, then your verdict must be for the defendant.

(In determining whether the affirmative defense of privilege *[describe privilege]* has been proved, you must also determine whether the plaintiff proved by a preponderance of the evidence that the defendant abused that privilege as explained in Instruction No. *[insert instruction number that corresponds to 24:6]*.)

However, if you find that (this affirmative defense has not) (none of these affirmative defenses have) been proved, then your verdict must be for the plaintiff.

Colo. Jury Instr., Civil 24:1


**24:2 Intentional Conduct—Defined**

Conduct is intentional if a person acts or speaks for the purpose, in whole or in part, of bringing about a particular result, or if a person knows his or her acts or words are likely to bring about that result. It is not necessary that a person act or speak with malice or ill will, but the presence or absence of malice or ill will may be considered by you in determining if the conduct is intentional.

Colo. Jury Instr., Civil 24:2


# CONNECTICUT

Available at: https://www.jud.ct.gov/JI/Civil/Civil.pdf

**3.15-1 Tortious Interference - General**

The plaintiff has claimed that the defendant tortiously interfered with its existing contract with <*name of contracting party*> [and/or with its business expectancy] to <*identify subject matter of contract*>.

First, the plaintiff must prove that it had an existing contract with <*name of contracting party*> [or that it had a business expectancy].

Second, the plaintiff must prove that the defendant knew of that contract [or business expectancy].

Third, the plaintiff must prove that the defendant tortiously interfered with that contract [or business expectancy].

Finally, the plaintiff must prove it suffered an actual loss as a result of the defendant's alleged tortious interference. I will explain each of these four elements for you.

### 3.15-4 Tortious Interference - Knowledge

The plaintiff must prove that the defendant knew of the plaintiff's (contract / business expectancy). The defendant had to be actually aware that the plaintiff's (contract / business expectancy) existed. The defendant did not have to be aware of the details, merely that the (contract / business expectancy) existed. The plaintiff cannot recover for an unknowing interference.

### 3.15-5 Tortious Interference - Interference Must be Tortious

The plaintiff must show that the defendant interfered with *<insert contract or business expectancy>* and that the interference was tortious. Interference is tortious if it is wrongful. Not every act that disturbs a (contract / business expectancy) is wrongful. For example, competing for the same business is not by itself wrongful. To prove that the interference was tortious, the plaintiff must show that when the defendant interfered, (he/she/it) *<include only those that are claimed:>*
- engaged in (fraud / misrepresentation / intimidation / molestation
- acted maliciously. To act maliciously means to act intentionally without justification.

The plaintiff has the burden of proving that the defendant did not have justification for the interference.

# DELAWARE

### INTENTIONAL INTERFERENCE WITH A CONTRACTUAL RELATIONSHIP

One who intentionally and improperly induces or otherwise intentionally causes a third party not to perform a contract with another party is responsible to that other party for the loss suffered as a result of the breach of contract.

One who intentionally and improperly induces or otherwise intentionally prevents another from performing a contract with a third party or makes the performance of the contract more costly is

responsible to the other party for the loss suffered as a result of the prevention or interference with the contract.

One who purposely and improperly induces or otherwise purposely causes a third party not to enter into or continue a prospective contractual relation with another is responsible to that other party for the loss suffered as a result of the prevention or interference with the contractual relationship.

You must determine whether or not [*defendant's name*]'s conduct was improper. In doing so, you may consider the following factors:

(1) the nature of [*defendant's name*]'s conduct;
(2) [*defendant's name*]'s motive;
(3) [*plaintiff's name*]'s interests;
(4) the expectations of the parties involved;
(5) the relations between the parties involved;
(6) the interest that [*defendant's name*] sought to advance;
(7) whether [*defendant's name*]'s act was done for the purpose of causing the interference or whether it was merely incidental to another purpose;
(8) the proximity or remoteness of [*defendant's name*]'s conduct to the interference; and
(9) society's interest in protecting business competition as well as its interest in protecting the individual against interference with the pursuit of gain.

Del. P.J.I. Civ. § 12.7 (2000)

# DISTRICT OF COLUMBIA

## § 25.01 TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONSHIP

In this action, the Plaintiff has alleged the defendant intentionally interfered with a contract that existed between the Plaintiff and [*name of third party in a contractual relationship with the plaintiff*]. You must consider whether the evidence establishes the following four elements:

1. there was a contract between the Plaintiff and [*third party*];
2. the Defendant had knowledge of that contract;
3. the Defendant acted intentionally to interfere with the performance of the contract in a way that induced or caused [*third party*] [to breach] [to not perform on] the contract with the Plaintiff; and
4. the Plaintiff suffered damages caused by the Defendant's intentional interference.

If you find a preponderance of the evidence establishes all four elements, then you should find in favor of the Plaintiff.

1-25 Civil Jury Instructions for DC § 25.01 (2017)

# FLORIDA

### 408.5 ISSUES ON PLAINTIFF'S CLAIM — INTERFERENCE WITH CONTRACT NOT TERMINABLE AT WILL

The issues for you to decide on (claimant's) claim against (defendant) are
whether (defendant) intentionally interfered with a contract between (claimant) and (name); and, if so, whether such interference was a legal cause of [loss] [injury] [or] [damage] to (claimant).

A person interferes with a contract between two [or more] other persons if he or she induces or otherwise causes one of them to breach or refuse to perform the contract.

Intentional interference with another person's contract is improper. Interference is intentional if the person interfering knows of the contract with which he or she is interfering, knows he or she is interfering, and desires to interfere or knows that interference is substantially certain to occur as a result of his or her action.

If the greater weight of the evidence does not support (claimant's) claim, then your verdict should be for (defendant). However, if the greater weight of the evidence supports (claimant's) claim, then your verdict should be for (claimant) and against (defendant). If you find for (defendant), you will not consider the matter of damages.

But, if you find for (claimant), you should award (claimant) an amount of money that the greater weight of the evidence shows will fairly and adequately compensate(claimant) for the [loss] [injury] [or] [damage] that was caused by the intentional interference.

Substantive Instructions, JICIV FL-CLE 4-1

# GEORGIA

No pattern jury instruction for intentional interference with contract.

The elements of intentional interference with contract are:

   (1) improper action or wrongful conduct by the defendant without privilege;
   (2) the defendant acted purposely and with malice with the intent to injure;
   (3) the defendant induced a breach of a contractual obligation or caused
       a party or third party to discontinue or fail to enter into
       an anticipated business relationship with the plaintiff; and
   (4) the defendant's tortious conduct proximately caused damage to the plaintiff.

*Miller v. Lomax*, 596 S.E.2d 232, 241 (Ga. Ct. App. 2004)

# HAWAII

No pattern jury instructions related to intentional interference.

The requisite elements of intentional or tortious interference with contractual relations [are]
> (1) a contract between the plaintiff and a third party;
> (2) the defendant's knowledge of the contract;
> (3) the defendant's intentional inducement of the third party to breach the contract;
> (4) the absence of justification on the defendant's part;
> (5) the subsequent breach of the contract by the third party; and (6) damages to the plaintiff.

*Kahala Royal Corp. v. Goodsill Anderson Quinn & Stifel*, 151 P.3d 732, 749 (Haw. 2007)

# IDAHO

Available at: https://isc.idaho.gov/main/civil-jury-instructions

**IDJI 4.70 Tortious interference with contract – issues**

With respect to the plaintiff's claim for tortious interference with contract, the plaintiff has the burden of proving each of the following propositions:

> (1) The plaintiff was a party to an existing contract;
> (2) The defendant knew of the contract;
> (3) The defendant intentionally interfered with the contract, causing a breach;
> (4) The plaintiff was damaged as a proximate result of the defendant's interference; and
> (5) The nature and extent of damage, and the amount thereof.

# ILLINOIS

No pattern instruction for intentional interference with contract.

The elements of the tort of intentional interference with existing contract rights are:

> (1) the existence of a valid and enforceable contract between the plaintiff and another;
> (2) the defendant's awareness of this contractual relation;
> (3) the defendant's intentional and unjustified inducement of a breach of the contract;
> (4) a subsequent breach by the other, caused by the defendant's wrongful conduct; and
> (5) damages.

*Simmons v. Campion*, 991 N.E.2d 924, 930 (Ill. App. Ct. 2013).

# INDIANA

Available at: http://www.indianajudgesassociation.org/pdf/Civil%20Jury%20Instructions%20September%202015.pdf

**3131 Wrongful Interference with Contractual Relations—Elements—Burden of Proof**

To recover damages for wrongful interference with contractual relations, [plaintiff] must prove by the greater weight of the evidence that:

> (1) a valid and enforceable contract existed between [plaintiff] and [name of third party]
> (2) [defendant] knew the contract existed;
> (3) [defendant] intentionally caused a breach of the contract;
> (4) no justification existed for [defendant]'s conduct; and
> (5) [plaintiff] was damaged as a result.

# IOWA

**1200.1  Intentional Interference With Contract - Essentials For Recovery.**

The Plaintiff must prove all of the following propositions:

1. The plaintiff had a contract with (name of third person).
2. The defendant knew of the contract.
3. The defendant intentionally and improperly interfered with the contract by (set out the particulars supported by the evidence).
4. a. The interference caused [(name of third person)] [the plaintiff] not to perform the contract; or
   b. The interference caused the plaintiff's performance of the contract to be more burdensome or expensive.
5. The nature and amount of damage.

If the plaintiff has failed to prove any one or more of these propositions, the plaintiff is not entitled to damages.  If the plaintiff has proved all of these propositions, the plaintiff is entitled to damages in some amount.  [If an affirmative defense is submitted, delete the second sentence and insert the following:  If the plaintiff has proved all of these propositions, then you will consider the defense of _____ as explained in Instruction No. _____.]

**1200.4  Interference With Contract - Knowledge.**

The defendant "knew" of the contract if the defendant either had actual knowledge of the contract or else had knowledge of facts which, if followed by reasonable inquiry, would have led to disclosure of the contract between (names of parties).

**1200.5  Interference With Contract - Improper.**

In determining whether a defendant's conduct in intentionally interfering with a contract is improper you should determine whether the conduct was fair and reasonable under the circumstances.  In determining whether the conduct was improper you may consider:

1. The nature of the conduct.
2. The defendant's motive.
3. The interests of the party with which the conduct interferes.
4. The interest sought to be advanced by the defendant.
5. The social interests in protecting the freedom of action of the defendant and the contractual interests of the other party.
6. The nearness or remoteness of the defendant's conduct to the interference.
7. The relations between the parties.

**1200.6  Intentional Interference**.

A defendant's interference with a [contract] [prospective contractual relationship] [prospective business relationship] is intentional if the defendant either interferes with the [contract] [prospective contractual relationship] [prospective business relationship] on purpose or knows the conduct is substantially certain to interfere with the [contract] [prospective contractual relationship] [prospective business relationship].

# KANSAS

**124.91 Tortious Interference—Existing Contractual Relations**

The plaintiff may recover damages from the defendant for tortious interference with an existing contract if plaintiff proves:

1. the existence of a contract;
2. the defendant's knowledge thereof;
3. the defendant's intentional bringing about of its breach;
4. the absence of justification; and
5. damages resulting therefrom.

Additionally, the plaintiff must prove malicious conduct by the defendant.

Pattern Inst. Kan. Civil 124.91

**103.05 Malice Defined**

Malice is the intent to do harm without any reasonable justification or excuse

Pattern Inst. Kan. Civil 103.05

**127.41 Fraud Through Silence—Elements**

The plaintiff claims fraud through silence on the part of the defendant. To constitute fraud by silence the plaintiff must prove:

1. The defendant has knowledge of material facts which plaintiff did not have and which the plaintiff could not have discovered by the exercise of reasonable diligence;
2. The defendant was under an obligation to communicate the material facts to the plaintiff;
3. The defendant intentionally failed to communicate to plaintiff the material facts;
4. The plaintiff justifiably relied upon the defendant to communicate the material facts to the plaintiff; and
5. The plaintiff sustained damages as a result of the defendant's failure to communicate this to the plaintiff.

A fact is material if it is one to which a reasonable man would attach importance in determining *(his)(her)* choice of action in the transaction in question.

A party is justified in relying without investigation upon another to communicate the facts material to a transaction unless *(he)(she)* knows or has reason to know of facts which make *(his)(her)*reliance unreasonable.

Pattern Inst. Kan. Civil 127.41

# <u>KENTUCKY</u>

No pattern jury instructions related to intentional interference.

To recover for a claim for intentional interference with contractual relations, a plaintiff must establish the following elements:

(1) the existence of a contract;
(2) Defendants' knowledge of this contract;
(3) that it intended to cause its breach;
(4) its conduct caused the breach;
(5) this breach resulted in damages to [the plaintiff]; and

(6) Defendant had no privilege or justification to excuse its conduct.

*Epps Chevrolet Co. v. Nissan N. Am., Inc.*, 99 F. Supp. 3d 692, 704 (E.D. Ky. 2015)

# MAINE

**§ 7-33 Interference with Contract or Advantageous Relationship. Instruction.**
For a tortious interference with contract claim, the plaintiff must prove, that it is more likely than not that:

1. the plaintiff had a valid contract or prospective economic advantage;
2. the defendant, by fraud or intimidation;
3. induced [a third party] to break a contract or advantageous relationship with the plaintiff;
4. the contract or advantageous relationship would have continued but for such wrongful interference; and
5. the plaintiff has been damaged by the interference.

A person acts by fraud when that person:

1. makes a false representation;
2. of material fact;
3. with knowledge of its falsity or in reckless disregard of whether it is true or false;
4. for the purpose of inducing another to act or to refrain from acting in reliance on it; and
5. the [third person] justifiably relies on the representation as true and acts upon it damaging the plaintiff.

A person engages in intimidation when that person:

1. communicates a statement [or threat] to a third person;
2. that suggests adverse physical, economic or emotional consequences to the third person;
3. for the purpose of inducing the third person to act [ or fail to act] regarding the plaintiff; and
4. the third person acts based on the statement or threat, damaging the plaintiff.

1-7 Maine Jury Instruction Manual § 7-33 (2017)

# MARYLAND

## MPJI-Cv 7:1 INTERFERENCE WITH CONTRACTS--ELEMENTS OF LIABILITY

A person who knows or has knowledge of facts showing that two people have entered into a contract may not intentionally persuade one of those two people to break that contract or deliberately interfere with the carrying out of the contract.

MPJI-Cv 7:1

# MASSACHUSETTS

## § 12.4 TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONSHIP
## § 12.4.1 In General

The plaintiff claims in this case that it had a contract with XYZ Company, and that the defendant improperly interfered with XYZ Company's performance of its obligations under this contract.

In order to prevail on this claim of improper interference with a contractual relationship, the plaintiff must prove by a preponderance of the evidence that:

1. the plaintiff had a binding contract with XYZ Company;
2. the defendant knew about the contract and intentionally induced or persuaded XYZ Company not to perform its obligations under the contract;
3. the defendant's interference with XYZ's performance of its obligations under the contract, in addition to being intentional, was improper in motive or in means;
4. the plaintiff was harmed by the defendant's actions.

Moreover, where a defendant is a corporate official acting within the scope of his corporate responsibilities, a plaintiff has a heightened burden of showing the improper motive or means constitute "actual malice," which is a spiteful, malignant purpose, unrelated to the legitimate corporate interest

Massachusetts Superior Court Civil Practice Jury Instructions § 12.4.1


## § 12.4.4 Requirement of Intent

A person's intent is [his/her] objective or purpose.

Under the law, an actor is presumed to have intended the consequences of [[[his/her] act if the actor either desired to cause those consequences or knew that the consequences were certain, or substantially certain, to result from [[[his/her] act. In the present case, therefore, in determining whether the defendant intended to interfere with XYZ Company's performance of the contractual

obligation owed to the plaintiff, you should consider whether the defendant either desired to achieve that result or knew that such interference was certain, or substantially certain, to result from [his/her] actions.

Massachusetts Superior Court Civil Practice Jury Instructions § 12.4.4


### § 12.4.5 Knowledge/Intent of a Corporation

One of the defendants claimed by the plaintiff to have committed tortious interference is a corporation. A corporation is an artificial person created by law that has the same rights as a natural person to do business, to make contracts, and to own property. When considering what a corporate party knew, or what its intent may have been, keep in mind that a corporation can only acquire knowledge or a state of mind through its people—its controlling principals, employees, and agents. A corporation is therefore charged with the knowledge of all facts that those people knew or should have known, while they were acting in the course of their jobs, and within the scope of their particular authority for that corporation.

In other words, a corporation is charged with the knowledge of its board members, managers, employees, and other agents who are authorized to work with, and to know, the particular information at issue. You are to decide what in your judgment the defendant, as a business entity, knew or should have known about the facts giving rise to the plaintiff's claims, and what the intent or state of mind of the corporation was as a result of that knowledge.

Massachusetts Superior Court Civil Practice Jury Instructions § 12.4.5


### § 12.4.6 Improper Motive or Means

In general, a business enterprise does not act improperly when it intentionally interferes with or disrupts a competitor's contractual relationship [prospective business relationship] so long as the defendant's conduct was fair, and reasonable under the circumstances.

In determining whether a defendant acted improperly in interfering with a plaintiff's contractual relation, you should weigh both the defendant's motive and the means the defendant used to interfere. The plaintiff need only establish either improper means or improper motive, not both, to sustain a claim of tortious interference.

You may want to consider several factors in deciding whether the motive or the means was improper:

    1. the nature of the defendant's conduct,
    2. the defendant's motive,
    3. the interests of the other with which the defendant's conduct interferes,
    4. the interests the defendant sought to advance,

5. the social interests in protecting the freedom of the defendant and the contractual interests of the other,
6. the proximity or remoteness of the defendant's conduct to the interference, and
7. the relations between the parties.

These factors are not determinative on their own and should be considered in light of the specific circumstances.

For example, with respect to the nature of the defendant's conduct, if the manner in which the defendant caused harm to the plaintiff involved physical violence, fraud, or other unlawful conduct, you should consider that to strongly support a finding of improper interference. The defendant may also have used economic pressure to cause harm to the plaintiff. In determining whether or not this pressure was improper, you should give weight to the surrounding context, including the level of coercion and the extent of the harm threatened. You may not find that the defendant acted for an improper purpose if you find that the pressure was a reasonable way to accomplish the defendant's objective. Mere persuasion or even limited economic pressure is not enough to constitute an improper means of interfering with a competitor's prospective business relationship, unless the pressure involves matters which are unrelated to the business in which the defendant and the other are competing.

You should also consider the defendant's motive. The law permits a party to act in a way that promotes [his/her/its] own legitimate business interests. Pursuit of a legitimate financial interest, in and of itself, is not an improper motive. Rather, the plaintiff must prove that a defendant acted in such a way that [his/her/its] improper motive or means was spiteful or malignant toward the plaintiff and unrelated to any legitimate competition or business interest of its own. In the present case, if you find that XYZ Company acted with actual malice, that factor should weigh strongly in favor of a finding of improper interference.

If, however, the primary motive of the intentional interference was something entirely different, such as the defendant lawfully competing with the plaintiff and promoting its own business interests, the defendant's motive will not weigh heavily towards a finding of improper interference.

Massachusetts Superior Court Civil Practice Jury Instructions § 12.4.6

## § 12.4.3 Requirement of Knowledge

To find for the plaintiff, you must also find that the defendant knew of the existence of the contract between the plaintiff and XYZ Company. For this purpose, the defendant need not have had actual knowledge of this specific contract or its precise terms. The requirement of knowledge may be found if, from the facts and circumstances of which the defendant had knowledge, the defendant should have known of the existence of the contractual relationship between the plaintiff and XYZ Company.

Massachusetts Superior Court Civil Practice Jury Instructions § 12.4.3

# MICHIGAN

**M Civ JI 125.01 Tortious Interference with Contract: Elements**

Plaintiff claims that defendant intentionally and improperly interfered with plaintiff's contract with [*name of other party to contract*]. In order to establish the claim, plaintiff has the burden of proving each of the following:

> (a) Plaintiff had a contract with [*name of other party to contract*] at the time of the claimed interference.
> (b) Defendant knew of the contract at that time.
> (c) Defendant intentionally interfered with the contract.
> (d) Defendant improperly interfered with the contract.
> (e) Defendant's conduct caused [*name of breaching party*] to breach the contract.
> (f) Plaintiff was damaged as a result of defendant's conduct.

Your verdict will be for plaintiff if you find that plaintiff has proved all of these elements. Your verdict will be for defendant if you find that plaintiff has failed to prove any one of these elements.

M Civ JI 125.01


**M Civ JI 125.04 Tortious Interference with Contract: Improper--Definition**

Improper interference is conduct that is fraudulent, not lawful, not ethical, or not justified under any circumstances. If defendant's conduct was lawful, it is still improper if it was done without justification and for the purpose of interfering with plaintiff's contractual rights, but plaintiff must specifically show affirmative acts by defendant that corroborate that defendant had the wrongful purpose of interfering with plaintiff's contractual rights.

M Civ JI 125.04


# MINNESOTA

**CIVJIG 40.30 Interference With Contractual Relationships**

Definition of "intentional interference with a contractual relationship"

There is an intentional interference with a contractual relationship if:

> 1. There was a contract

    2. *(Defendant)* knew about the contract
    3. *(Defendant)* intentionally caused the breach of the contract
    4. *(Defendant's)* actions were not justified.

CIVJIG 40.30

# MISSOURI

**23.11 [1981 Revision] Tortious Interference With Contract**

Your verdict must be for plaintiff if you believe:

> First, a contract existed between plaintiff and *(insert name of third party)* which was [breached] [terminated] by *(insert name of third party)*, and

> Second, defendant caused *(insert name of third party)* to [breach] [terminate] the contract with plaintiff, and

> Third, defendant did so intentionally and without justification or excuse, and

> Fourth, plaintiff was thereby damaged.

Mo. Approved Jury Instr. (Civil) 23.11 (7th ed.)

# MONTANA

No publicly available pattern jury instructions.

In order to establish a prima facie case of interference with contractual or business relations, it must be shown that the acts:

> (1) were intentional and willful,
> (2) were calculated to cause damage to the plaintiff in his or her business,
> (3) were done with the unlawful purpose of causing damage or loss, without right or justifiable cause on the part of the actor, and
> (4) that actual damages and loss resulted.

*Bolz v. Myers*, 651 P.2d 606, 611 (Mont. 1982)

# NEBRASKA

**NJI2d Civ. 17.02. Interference with Business Relationship or Expectancy**

Before the plaintiff can recover against the defendant [on *(his, her, its)* claim of interference with a *(valid business relationship or expectancy)*], the plaintiff must prove, by the greater weight of the evidence, each and all of the following:

1. That the claimed *(valid business relationship or expectancy)* existed;
2. That the defendant knew the *(valid business relationship or expectancy)* existed;
3. That the defendant interfered with the *(valid business relationship or expectancy)(as claimed, in one or more of the ways claimed)*;
4. That the interference was intentional;
5. That the interference was unjustified;
6. That the interference was a proximate cause of some damage to the plaintiff; and
7. The nature and extent of that damage.

NJI2d Civ. 17.02

# NEVADA

Available at: http://www.clan.lib.nv.us/polaris/search/searchresults.aspx?ctx=57.1033.0.0.1 &type=Exact&term=nevada%20jury%20instructions--civil&by=TI&sort=RELEVANCE &limit=AB=57&query=&page=0&searchid=1

**Instruction 14CR.1: Interference with Contractual Relationships: Elements**

In order to establish a claim for intentional interference with contractual relations, a plaintiff must establish the following elements by a preponderance of the evidence:

1. A valid and existing contract;
2. The defendant's knowledge of the contract;
3. Intentional acts intended or designed to disrupt the contractual relationship;
4. Actual disruption of the contract; and
5. Resulting damage.

**Instruction 14CR.2: Interference with Contractual Relationships: Knowledge of Existing Contract**

Interference with contractual relations is an intentional tort. Therefore, the plaintiff must demonstrate that the defendant knew of the existing contract, or, at the very least, knew of facts from which the existence of the contract can reasonably be inferred.

**Instruction 14CR.4: Interference with Contractual Relationships: Intent to Induce Breach**

Because intentional interference with contractual relations is an intentional tort, the plaintiff must prove that the defendant intended to induce the third party to breach its contract with the plaintiff. Mere knowledge of the contract is insufficient to establish that the defendant intended or designed to disrupt the plaintiff's contractual relationship; instead, the plaintiff must demonstrate that the defendant intended to induce the other party to breach the contract with the plaintiff.

# NEW HAMPSHIRE

**32.30 Intentional Interference with Contract**

The plaintiff claims that the defendant intentionally interfered with his/her contractual relations with [third party]. In order to prevail in such a claim, the plaintiff must prove, by a balance of probabilities, as I have explained that term to you, as follows:

1. The plaintiff had a contractual relationship with [third party];
2. The defendant knew of that contractual relationship;
3. The defendant intentionally, improperly, wrongfully and in bad faith induced the third party to breach its agreement with the plaintiff; and
4. The plaintiff was damaged by the interference.

1-32 New Hampshire Civil Jury Instruction 32.30 (2016)

# NEW JERSEY

No pattern jury instruction for intentional interference with contract.

One who intentionally and improperly interferes with the performance of a contract (except a contract to marry) between another and a third person by inducing or otherwise causing the third person not to perform the contract, is subject to liability to the other for the pecuniary loss resulting to the other from the failure of the third person to perform the contract. *Nostrame v. Santiago*, 61 A.3d 893, 901 (N.J. 2013)

# NEW MEXICO

There is no pattern jury instruction for intentional interference with contract.

To succeed, Plaintiff must prove:

(1) Defendants had knowledge of the contract;
(2) Plaintiff was unable to fulfill her contract obligations;
(3) Defendants played an active and substantial part in causing Plaintiff to lose the benefits of the contract;
(4) Plaintiff suffered damages resulting from the breach; and
(5) Defendants induced the breach without justification or privilege to do so.

*Deflon v. Sawyers*, 137 P.3d 577, 583 (N.M. 2006), *as corrected* (June 29, 2006).

# NEW YORK

**PJI 3:56 Intentional Torts—Business Torts—Interference with Contract, Inducing Breach**

As you have heard, the plaintiff AB makes the following six claims:

(1) that (he, she, it) had a contract with EF [*describe nature of the alleged contract*],
(2) that the defendant CD knew about the contract,
(3) that CD intentionally induced EF to breach the contract by [*state manner in which CD allegedly induced the breach*],
(4) that EF did, in fact, breach the contract by [*state manner in which EF allegedly breached the contract*],
(5) that EF would not have breached the contract if it had not been for CD's conduct and
(6) that AB sustained damages as a result of EF's breach.

CD denies [*state as appropriate*:

(1) that AB had a contract with EF,
(2) that CD knew about the contract,
(3) that CD intentionally induced EF to breach the contract,
(4) that EF, in fact, breached the contract,
(5) that EF would not have breached the contract had it not been for CD's conduct, and
(6) that AB sustained damages as a result of EF's breach of contract].

For AB to recover, AB must prove that (he, she, it) had a contract with EF and that CD knew about that contract. To prove that CD knew about the contract between AB and EF, it is not necessary that CD had knowledge of the contract's specific terms. AB must also prove that CD intentionally induced EF to breach the contract. An act is intentional if it is done deliberately and for the purpose of inducing a party to a contract to breach it. AB must also prove that EF, in fact, breached the contract and that EF would not have breached had it not been for CD's conduct. A contract is breached when one of the parties fails to do what (he, she, it) promised to do under the contract. An act induces a breach if it causes a party who otherwise would have complied with the contract not to do so. Additionally, AB must prove that (he, she, it) sustained damages as a result of EF's breach.

[*Where defendant claims economic interest or justification as a defense, state*: CD claims that, even if (his, her, its) actions induced EF to breach the contract with AB, CD's actions were justified because [*state factual basis for defendant's claim of justification such as*: CD was a director of EF and claims to have been acting in that capacity to protect EF's economic interest)]. Inducing a breach of contract is justified when a (person, corporation, entity) (who, that) is responsible for protecting the interests of a (business, other entity) acts to protect those interests.

A (person, corporation, entity) is not justified in inducing a breach of contract if the (person's, corporation's, entity's) sole purpose is to gain profit for (himself, herself, itself), or to cause harm to a contracting party, rather than to protect the interests of the (business, other entity).]

[*Where plaintiff claims that defendant's justification defense is negated by defendant's motive to secure personal gain or intent to harm plaintiff, state*: AB claims that CD's conduct was not justified because (*state AB's claims*)].

[*Where plaintiff claims that defendant's justification defense is negated by defendant's use of wrongful means, state*: A (person, corporation, entity) is not justified in inducing a breach of contract if the (person, corporation, entity) uses wrongful means. In this case, AB claims that CD used wrongful means in that: *set forth claimed conduct constituting wrongful means.*)]

If you decide

       (1) that AB had a contract with EF,
       (2) that CD knew about the contract between AB and EF,
       (3) that CD intentionally induced EF to breach the contract,
       (4) that EF, in fact, breached the contract,
       (5) that EF would not have breached the contract had it not been for CD's conduct, and
       (6) that AB sustained damages as a result of EF's breach; [*where economic interest or justification defense has been raised, add as appropriate*:
       (7) that CD acted solely to secure personal gain, CD acted solely to harm AB, CD used wrongful means in that: *set forth claimed conduct constituting wrongful means*)], you will find CD liable to AB and will proceed to consider the amount of AB's damages.

On the other hand, if you decide [*state as appropriate*:

       (1) that AB did not have a contract with EF, or
       (2) that CD did not know about the contract between AB and EF, or
       (3) that CD did not intentionally induce EF to breach that contract, or
       (4) that EF did not, in fact, breach the contract, or
       (5) that EF would have breached the contract with AB even if it had it not been for CD's conduct, or
       (6) that AB did not sustain damages as a result of EF's breach], [*where the economic interest or justification defense has been raised, add as appropriate*: or
       (7) [*state as appropriate*: that CD did not act solely to secure personal gain, CD did not act solely to harm AB, CD did not use wrongful means by (*set forth claimed conduct*

*constituting wrongful means*)], you will find that CD is not liable to AB and you will proceed no further [*state where appropriate*: on this claim].

I am going to provide you with a written verdict form. You will decide this case by answering the following questions: *see* PJI 3:56 SV.

N.Y. Pattern Jury Instr.-Civil 3:56

# <u>NORTH CAROLINA</u>

## 807.00 WRONGFUL INTERFERENCE WITH CONTRACT RIGHT

The *(state number)* issue reads:

"Did the defendant wrongfully interfere with a contract right between
the plaintiff and *(name other party to contract)*?"
On this issue the burden of proof is on the plaintiff. This means that
the plaintiff must prove, by the greater weight of the evidence, five things:

> First, that a valid contract right existed between the plaintiff and
> *(name other party to contract)*.

> Second, that the defendant had knowledge of the facts giving rise to the plaintiff's
> contract right with *(name other party to contract)*. (It does not matter that the defendant
> was mistaken as to the legal significance of these facts or that the defendant believed that
> no contract right existed.)

> Third, that the defendant intentionally induced *(name other party to contract)* [not to
> perform] [to alter adversely the performance of] [not to renew] [to terminate] the contract
> right to which the plaintiff was entitled.

> Fourth, that the defendant acted without justification.

> And Fifth, that the defendant's actions resulted in actual damages to the plaintiff.

Finally, as to the *(state number)* issue on which the plaintiff has the burden of proof, if you find,
by the greater weight of the evidence, that the defendant wrongfully interfered with a contract
right between the plaintiff and *(name other party to contract)*, then it would be your duty to
answer this issue "Yes" in favor of the plaintiff.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in
favor of the defendant.

N.C.P.I.—Civil 807.00

# NORTH DAKOTA

**§ C - 24.00 Intentional Interference With Contract 2004**

To establish a claim for intentional interference with contract, [the Plaintiff] must prove by the greater weight of the evidence:

1) A valid contract existed;
2) The contract was breached;
3) [The Defendant] intentionally instigated the breach, or acted with knowledge that the breach would result, and
4) There was no justification for [the Defendant's] act.

An act that interferes with a contract is justified if it is done with a legitimate business purpose and no improper means are used.

An act that interferes with a contract is not justified if its indirect purpose is to injure [the Plaintiff] or benefit [the Defendant] at [the Plaintiff's] expense.

ND. J.I. Civ. § C - 24.00

# OHIO

**CV 453.03 Tortious interference with contractual relations *[Rev. 2-23-08]***

1. GENERAL. The plaintiff claims that the defendant (purposely) (intentionally) interfered with the plaintiff's contractual relations with (*insert name of third party*) by (*describe nature of alleged interference*), and that the plaintiff was damaged as a result. Before you can find for the plaintiff, you must find by the greater weight of the evidence that

(A) there was a contract between the plaintiff and (*insert name of third party*); and
(B) the defendant knew of the contract; and
(C) the defendant acted with the (purpose) (intent) to procure the contract's breach; and
(D) the defendant lacked a (justification) (privilege); and
(E) the plaintiff was injured as a (proximate) (direct) result of the act(s) of the defendant.

1 CV Ohio Jury Instructions 453.03

# OKLAHOMA

**Instruction No. 24.1 Interference with Contract—Elements**

*[Plaintiff]* claims that *[he/she/it]* had a contract with *[Third Party]* in which they had agreed to *[Describe the terms of the contract]*. *[Plaintiff]* also claims that *[Defendant]* intentionally and wrongfully interfered with this contract, and that *[he/she/it]* suffered damages as a direct result.

In order to win on the claim of intentional interference with a contract, *[Plaintiff]* must show by the weight of the evidence that:

1. *[Plaintiff]* had a contract with *[Third Party]*;
2. *[Defendant]* knew *[or under the circumstances reasonably should have known]* about the contract;
3. *[Defendant]* interfered with the contract *[or induced the Third Party to breach the contract, or made it impossible for the contract to be performed]*;
4. *[Defendant]*'s actions were intentional;
5. *[Defendant]* used improper or unfair means; and
6. *[Plaintiff]* suffered damages as a direct result of *[Defendant]*'s actions.

Vernon's Okla. Forms 2d, OUJI-CIV 24.1 (2d ed.)

# OREGON

## INTENTIONAL INTERFERENCE WITH ECONOMIC OR PROSPECTIVE ECONOMIC RELATIONS

The plaintiff has alleged a claim for intentional interference with [prospective] economic relations. This requires the plaintiff to prove each of the following:

(1) The plaintiff had a [contract / professional or business relationship / prospective economic relationship / prospective inheritance];

(2) The defendant was not a party to the [contract / professional or business relationship / prospective economic relationship / prospective inheritance];

(3) The defendant intended to interfere with the [contract / professional or business relationship / prospective economic relationship / prospective inheritance];

(4) The defendant interfered through improper means or for an improper purpose in one or more of the ways alleged by the plaintiff;

(5) The defendant's interference caused harm to the [contract / professional or business relationship / prospective economic relationship / prospective inheritance]; and

(6) The defendant's interference resulted in damages to the plaintiff.

Oregon UCJI No. 40.05

# PENNSYLVANIA

## 7.280 (Civ) INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS

[One who intentionally induces or otherwise intentionally causes a third person not to perform a contract with another is responsible to the other for the loss he or she suffered as a result of the breach of contract.]

[One who intentionally induces or otherwise intentionally prevents another from performing a contract with a third person or makes the performance of the contract more expensive is responsible to the other for the loss he or she suffered as a result of the prevention or interference with the contract.]

[One who purposely induces or otherwise purposely causes a third person not to enter into or continue a prospective contractual relation with another is responsible to the other for the loss he or she suffered as a result of the prevention or interference with the contractual relationship.]

A person induces another when he or she forces that other to choose one course of conduct rather than another.

I have decided as a matter of law that the defendant was privileged to *[e.g., intentionally induce or otherwise cause A not to perform his or her contract with the plaintiff]* because *[state privilege and purpose of privilege]*. However, it is for you, the jury, to decide whether the defendant abused this privilege and if you find that the defendant abused this privilege, you will return a verdict in favor of the plaintiff and against the defendant. The *[state privilege]* is abused when the conduct of the person using the privilege was not justifiable under the circumstances.

To decide whether the defendant's conduct was justifiable, you will consider the following factors:

> *First*, whether the defendant's conduct was otherwise wrongful or tortious *[e.g., whether the defendant's conduct constituted defamation, misrepresentation, injurious falsehood, or whether the defendant threatened violence or unjustified litigation]*;

> *Second*, the expectations of the parties involved;

> *Third*, the relations between the parties involved;

> *Fourth*, the interest the defendant sought to advance;

> *Fifth*, whether the defendant's act was done for the purpose of causing the interference or whether it was merely incidental to another purpose.

You will also consider society's interest in protecting business competition as well as its interest in protecting the individual against interference with his or her pursuit of gain.

Pa. SSJI (Civ) § 17.280 (2013)

# RHODE ISLAND

No pattern jury instruction for intentional interference.

To establish a *prima facie* claim for intentional interference with contractual relations, the aggrieved party must demonstrate:

> (1) the existence of a contract;
> (2) the alleged wrongdoer's knowledge of the contract;
> (3) his [or her] intentional interference; and
> (4) damages resulting therefrom. . . .

If the plaintiff establishes these *prima facie* elements, the burden then shifts to the defendant to prove that the contractual interference was indeed justified. *Lomastro v. Iacovelli*, 126 A.3d 470, 474 (R.I. 2015)

# SOUTH CAROLINA

**§ 33-1 Tortious Interference with Contract - Elements - Existing Contract**

One who intentionally and improperly interferes with the performance of a contract between another and a third person by inducing or otherwise causing the third person not to perform the contract is subject to liability to the other for the pecuniary loss resulting to the other from the failure of the third person to perform the contract.

The theory of this doctrine is that the parties to a contract have a property right in the contract which a third person has no more right maliciously to deprive them of, or injure them in, than he would have to injure their property. Such an injury, without sufficient justification, amounts to a tort for which the injured party may seek damages.

To establish an action for intentional interference with an existing contractual relationship, sometimes referred to as tortious interference with an existing contractual relationship, the plaintiff must prove:

> (1) the existence of the contract;
> (2) the wrongdoer's knowledge of the contract;
> (3) the intentional procurement of the contract's breach;
> (4) the absence of justification; and
> (5) resulting damages.

The rule presupposes the existence of a valid contract. That is, there must be a valid and enforceable contract for a cause of action for tortious interference with an existing contractual relationship to exist. The particular agreement must be in force and effect at the time of the breach that the defendant has caused. If for any reason it is entirely void, there is no liability for causing its breach.

A contract terminable at will is a contract upon which an action for intentional interference may be brought. Until the at will contract has been terminated, the contract is valid and subsisting, and the defendant may not improperly interfere with it. The fact that the contract is terminable at will, however, is to be taken into account in determining the damages that the plaintiff has suffered by reason of its breach.

Knowledge of the existence of a contract is a condition of liability for interference with it. Therefore, a defendant cannot be liable for interfering with a contract of which the defendant was unaware. There is no liability where the party charged with procuring a breach of contract has acted in ignorance of the existence of any contract. It is not necessary to prove actual knowledge. It is enough to show that the defendant had knowledge of facts which, if followed by reasonable inquiry, would have led to complete disclosure of the contractual relations and the rights of the parties.

For a cause of action to arise, a breach must be <u>intentionally</u> procured. The plaintiff must prove that the outsider intentionally induced the third person not to perform his contract with the plaintiff. The essential element is the intent to cause the result. If the defendant does not have this intent, his conduct does not subject him to liability.

The tort of intentional interference with a contractual relationship requires that the third party's interference in fact procure the breach complained of. The alleged act of interference must influence, induce or coerce one of the parties to the contract to abandon the relationship or breach the contract. The plaintiff must show that, but for the interference, the contractual relationship would have continued.

Regardless of the defendant's behavior, there must actually be a breach of the underlying contract before there can be an interference with an existing contractual relationship.

The absence of justification may be inferred. Interference with a contract is justified when it is motivated by a legitimate business purpose. The exercise in good faith of a legal right by a party to a contract affords no basis for an action by the second party for intentional interference with a contract even though the consequence of the legal right by the first party is to cause a third party not to perform another contract with the second party.

One who intentionally causes a third person not to continue an existing contract terminable at will does not interfere improperly with the other's relation if:

> (a) the relation concerns a matter involved in the competition between the actor and the other; and
> (b) the actor does not employ wrongful means; and

(c) his action does not create or continue an unlawful restraint of trade; and

(d) his purpose is at least in part to advance his interest in competing with the other.

The fact that one is a competitor of another for the business of a third person does not prevent his causing a breach of an existing contract with the other from being an improper interference if the contract is not terminable at will. In other words, an existing contract, if not terminable at will, involves established interests that are not subject to interference on the basis of competition alone.

Generally, mere inducement of an employee to move to a competitor is not itself actionable where the employment is terminable at will, but such inducement is actionable if the party offering the inducement either has an unlawful or improper purpose or uses unlawful or improper means.

While one cannot interfere as a matter of malice or spite with an at-will contract, it is altogether legitimate for a provider of services to persuade potential purchasers of those services that it can do the superior job. Business tort law should reinforce legitimate contractual arrangements, not undermine them. Business rivalry that promotes lower prices, better products, or more efficient services is justified. Promising better services fits squarely into the privilege for legitimate business activity. A competitor has an absolute right to take away as much of the other fellow's business as he can lawfully. The plaintiff has no right to be protected against competition.

An essential element of the tort of interference with a contractual relationship is that damages resulted from the breach. In an action for interference with a contract, the plaintiff may recover such damages sustained by him as are a natural and proximate consequence of the interference.

The measure of damages includes:

(1) unforeseen expenses;

(2) damage to reputation;

(3) damage for loss of employees;

(4) damage for loss of customers;

(5) damage for loss of goodwill.

Where the damages alleged are lost profits, the plaintiff must prove:

(1) that it is reasonably certain that profits would have been realized but for the tort; and

(2) that such lost profits can be ascertained and measured from the evidence produced with reasonable certainty.

Where the result of the interference is to put the plaintiff out of business, his damages are the difference between the value of his business in the absence of the interference and the amount realized by liquidation.

Aggravated, unjustified interference with contractual rights, in reckless disregard of the rights of the contracting parties, justifies the award of punitive damages.

Anderson, S.C. Requests to Charge – Civil, 33-1

**§ 33-3 Tortious Interference with Contract - Factors in Determining Whether Interference is Improper**

In determining whether a defendant's conduct in intentionally interfering with a contract [a prospective contractual relation] of another is improper, you should consider the following factors:

>  (1) the nature of the defendant's conduct;
>  (2) the defendant's motive;
>  (3) the interests of the other with which the defendant's conduct interferes;
>  (4) the interests sought to be advanced by the defendant;
>  (5) the social interests in protecting the freedom of action of the defendant and the contractual interests of the other;
>  (6) the proximity or remoteness of the defendant's conduct to the interference; and
>  (7) the relations between the parties.

Anderson, S.C. Requests to Charge – Civil, 33-3

# SOUTH DAKOTA

There is no freely available pattern jury instruction for intentional interference with contract.

The essential elements required to sustain an action for intentional interference with contract include:

>  (1) the existence of a valid contractual relationship,
>  (2) intentional interference with that relationship,
>  (3) by a third party,
>  (4) accomplished through improper means or for an improper purpose,
>  (5) a causal effect between the interference and damage to the relationship, and
>  (6) damages.

*Gruhlke v. Sioux Empire Fed. Credit Union, Inc.*, 756 N.W.2d 399, 406 (S.D. 2016).

South Dakota has adopted Restatement (Second) of Torts § 551(2)(e). *Decheneaux v. Miller*, 488 N.W.2d 902, 912-13 (S.D. 1992).

# TENNESSEE

**T.P.I.—CIVIL 13.14 Procurement of Breach of Contract**

The plaintiff is entitled to recover for procurement of breach of contract if the plaintiff establishes all of the following:

1. There was a contract;
2. The defendant had knowledge of the existence of the contract;
3. The defendant intended to bring about or cause its breach;
4. The defendant acted maliciously;
5. The contract was in fact breached;
6. Defendant's actions were the legal cause of the breach;
7. Plaintiff suffered damages as a result of the breach.

8 Tenn. Prac. Pattern Jury Instr. T.P.I. – Civil 13.14 (2017 ed.)

# TEXAS

**PJC 106.1 Question and Instruction--Intentional Interference with Existing Contract**

Did *Don Davis* intentionally interfere with [*identify contract*]?

Interference is intentional if committed with the desire to interfere with the contract or with the belief that interference is substantially certain to result.

PJC 106.1

# UTAH

No pattern jury instructions for intentional interference with contract.

To succeed on such a claim, a plaintiff must demonstrate that:

(1) the defendant intentionally interfered with the plaintiff's existing or potential economic relations,
(2) for an improper purpose or by improper means,
(3) causing injury to the plaintiff.

*Anderson Dev. Co. v. Tobias*, 116 P.3d 323, 331 (Utah 2005).

# VERMONT

No relevant pattern jury instructions.

The elements of the tort are as follows:

> (1) the existence of a valid business relationship or expectancy;
> (2) knowledge by the interferer of the relationship or expectancy;
> (3) an intentional act of interference on the part of the interferer;
> (4) damage to the party whose relationship or expectancy was disrupted; and
> (5) proof that the interference caused the harm sustained.

*Gifford v. Sun Data, Inc.*, 686 A.2d 472, 474 (Vt. 1996)

# VIRGINIA

**§ 50:1. Elements**

If you believe from a preponderance of the evidence:

> (1) That the plaintiff had *[a valid contractual relationship/[other description of business expectancy of plaintiff]]*, and
> (2) That the defendant knew of the relationship, and
> (3) That the defendant intentionally interfered thereby inducing or causing a breach or termination of any such relationship, and
> (4) That any such interference was the proximate cause of damage to the plaintiff,

then you shall return your verdict in favor of the plaintiff.

Va. Prac. Jury Instruction § 50:1

# WASHINGTON

**WPI 352.01 Tortious Interference With Contract—Burden of Proof on the Issues—No Affirmative Defense**

To recover on a claim of tortious interference with contract, (name of plaintiff) has the burden of proving each of the following propositions:

> (1) That at the time of the conduct at issue, (name of plaintiff) was a party to a valid contract with (name of breaching party) [to (state purpose of contract)];
> (2) That (name of defendant) knew of the existence of that contract;

      (3) That (name of defendant) intentionally induced or caused (name of breaching party) to breach the contract with (name of plaintiff);

      (4) That (name of defendant's) interference was for an improper purpose or by improper means, as defined later in these instructions; and

      (5) That the conduct of (name of defendant) was a proximate cause of damages to (name of plaintiff).

If you find from your consideration of all the evidence that each of these propositions has been proved, then your verdict should be for (name of plaintiff) [on this claim]. On the other hand, if you find that any of these propositions has not been proved, your verdict should be for (name of defendant) [on this claim].

Wash. Pattern Jury Instr. Civ. WPI 352.01

# WEST VIRGINIA

No publicly available pattern jury instructions.

To establish prima facie proof of tortious interference, a plaintiff must show:

      (1) existence of a contractual or business relationship or expectancy;
      (2) an intentional act of interference by a party outside that relationship or expectancy;
      (3) proof that the interference caused the harm sustained; and
      (4) damages.

If a plaintiff makes a prima facie case, a defendant may prove justification or privilege, affirmative defenses. *Tiernan v. Charleston Area Med. Ctr., Inc.*, 506 S.E.2d 578, 591–92 (W. Va. 1998)

# WISCONSIN

No publicly available pattern jury instructions.

The elements of a claim for intentional interference with a contract are:

      (1) the plaintiff had a contract or prospective contractual relationship with a third party;
      (2) the defendant interfered with the relationship;
      (3) the interference was intentional;
      (4) a causal connection exists between the interference and the damages; and
      (5) the defendant was not justified or privileged to interfere.

*Brew City Redevelopment Grp., LLC v. Ferchill Grp.*, 724 N.W.2d 879, 889 n.9 (Wis. 2006).

# WYOMING

No publicly available pattern jury instructions.

The elements of a claim of intentional interference with a contract are:

(1) the existence of a contract between the plaintiff and a third party;
(2) the defendant's knowledge of the contract;
(3) the defendant's intentional and improper interference with the contract which induced or caused a breach; and
(4) resulting damages.

*Sunshine Custom Paints & Body, Inc. v. S. Douglas Highway Water & Sewer Dist.*, 173 P.3d 398, 404 (Wyo. 2007).