# EXHIBIT 44

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JASON BERNAL, | NO. 5:11-cv-00820 EJD |
| | NO. 5:11-cv-01075 EJD |
| MICHAEL RURA, | NO. 5:11-cv-01218 EJD |
| | NO. 5:11-cv-01309 EJD |
| | NO. 5:11-cv-01359 EJD |
| PETER COMSTOCK, | NO. 5:11-cv-00379 EJD |
| | |
| MICHAEL SEVY, | **ORDER GRANTING PLAINTIFFS'** |
| | **MOTION TO CONSOLIDATE;** |
| ERIC WIZENBERG, | **APPOINTING INTERIM CLASS** |
| | **COUNSEL** |
| JEFF MILANS, | |
| Plaintiff(s), | |
| v. | |
| NETFLIX, INC., | |
| Defendant(s). | |

Presently before the court are two matters. The first is the joint motion of Plaintiffs Jason Bernal ("Bernal") and Michael Rura ("Rura") who seek to consolidate their currently-related cases against Defendant Netflix, Inc. ("Netflix") with another related case pending before this court, namely <u>Milans v. Netflix, Inc</u>. Bernal and Rura also request the appointment of their respective

attorneys as co-lead interim class counsel.[1] The second matter is the competing motion of Plaintiff Jeff Milans ("Milans") to appoint his own attorneys as interim class counsel.[2] Having had the benefit of a hearing on these matters, they are each addressed by the court in turn.

## I.  THE MOTION TO CONSOLIDATE

The district court may consolidate actions involving common questions of law and fact. Fed. R. Civ. P. 42(a)(2). The court exercises "broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." Morin v. Turpin, 778 F. Supp. 711, 733 (S.D.N.Y 1991) (citing 6 C. Wright & A. Miller, Federal Practice and Procedure § 1471, at 359 (1971)). In exercising this discretion, the court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." Huene v. United States, 743 F.2d 703, 704 (9th Cir. 1984). Consolidation may occur upon motion by a party or sua sponte. In re Adams Apple, Inc., 829 F.2d 1484, 1487 (9th Cir. 1987).

Here, Bernal and Rura seek to consolidate their actions with Milans. Upon review of the Complaints in each action, the court finds that each case presents virtually identical factual and legal issues. The plaintiffs allege in both actions that Netflix is improperly retaining their personal identification information and video viewing history after termination of their accounts in violation of the same federal and state statutes, save for one additional claim brought by Bernal and Rura. The three actions are in the same procedural stage as Netflix has not yet filed an Answer per stipulation of the parties. Moreover, since the claims for each case arise from the same nucleus of activity, discovery issues relating to each action will be parallel. Based on the circumstances presented, there is no basis to find that consolidation would cause inconvenience, delay or expense, especially since Milans, Netflix and all other parties seemingly agree with the consolidation request.

---

[1] The joint motion appears as Docket Item Nos. 5 and 13 in the Bernal action (5:11-cv-00820) and Docket Item Nos. 15 and 46 in the Milans action (5:11-cv-00379). All references to this motion will be to the most recent filing, Docket Item No. 46.

[2] Milans' motion appears as Docket Item Nos. 22 and 47 in the Milans action (5:11-cv-00379). As above, all references to this motion will be to Docket Item No. 47.

United States District Court
For the Northern District of California

As such, the court finds consolidation appropriate. The joint motion of Bernal and Rura will therefore be granted.

The question that remains is whether the court should sua sponte consolidate the remaining three related actions - Comstock v. Netflix, Inc., Sevy v. Netflix, Inc., and Wizenberg v. Netflix, Inc. - with the consolidated Bernal, Rura and Milans actions.[3] The court has reviewed the Complaints underlying these three actions and has determined they each present identical factual and legal issues as those raised in Bernal, Rura and Milans. The six cases also are in the same stage procedurally. Although the Complaint in Wizenberg has not yet been served, Netflix does not object to consolidation on that ground and, in fact, supports consolidation. See Def. Netflix Inc.'s Response to Motions to Consolidate and to Appoint Interim Lead Class Counsel, Docket Item No. 52, at p. 3. Thus, court finds consolidation of all six related cases is appropriate as the time and effort saved through consolidation outweighs any potential inconvenience, delay, or expense that may result.

Accordingly, having granted the motion to consolidate Bernal, Rura, and Milans, the court sua sponte consolidates Comstock, Sevy and Wizenberg with those cases, as detailed in the order which follows.

## II. APPOINTMENT OF INTERIM CLASS COUNSEL

Bernal and Rura move to appoint their attorneys, Bursor & Fisher, P.A. and Faruqi & Faruqi, LLP, as co-lead interim class counsel. In a rival motion, Milans moves to appoint his attorney, Jay Edelson of Edelson McGuire, LLC as lead interim class counsel. For their part, Sevy and Wizenberg support the appointment of Edelson, and while Netflix takes no position on the identity of interim counsel, it requests the court choose one of the competing firms rather than appoint the three as joint counsel.

Pursuant to Federal Rule of Civil Procedure 23(g)(3), the court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class

---

[3] The Comstock action has been assigned case number 5:11-cv-01218 EJD. The Sevy and Wizenberg actions are case numbers 5:11-cv-01309 EJD and 5:11-cv-01359 EJD respectively.

3
NO. 5:11-cv-00379 EJD
ORDER GRANTING PLAINTIFFS' MOTION TO CONSOLIDATE; APPOINTING INTERIM CLASS COUNSEL
(EJDLC1)

1 action." "Instances in which interim class counsel is appointed are those in which overlapping,
2 duplicative, or competing class suits are pending before a court, so that appointment of interim
3 counsel is necessary to protect the interests of class members." White v. TransUnion, LLC, 239
4 F.R.D. 681, 683 (C.D. Cal. 2006) (citing Manual for Complex Litigation (Fourth) § 21.11 (2004)).
5 Although Rule 23(g)(3) does not provide a standard for appointment of interim counsel, the court
6 may consider the factors contained in Federal Rule of Civil Procedure 23(g)(1). Under that section,
7 the court considers: "(I) the work counsel has done in identifying or investigating potential claims in
8 the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types
9 of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the
10 resources that counsel will commit to representing the class." Fed. R. Civ. Proc. 23(g)(1)(A). The
11 court may also "consider any other matter pertinent to counsel's ability to fairly and adequately
12 represent the interests of the class." Fed. R. Civ. Proc. 23(g)(1)(B).

13 Both Bursor & Fisher, P.A. and Faruqi & Faruqi, LLP are experienced class action firms.
14 See Declaration of Timothy Fisher ("Fisher Decl."), Docket Item No. 46, at ¶ 2; see also Declaration
15 of Vahn Alexander ("Alexander Decl."), Docket Item No. 47, at ¶¶ 2, 3. Bursor & Fisher, P.A. have
16 been previously appointed to represent customers of Verizon Wireless, AT&T Wireless, Cingular
17 Wireless, Sprint and T-Mobile, as well we purchasers of Avacor and Xenadrine in other class action
18 suites. See Fisher Decl. at ¶ 2. Faruqi & Faruqi, LLP have also served as lead or co-lead counsel in
19 numerous high-profile class action cases. See Alexander Decl. at ¶ 3. For this case, the firms have
20 conducted extensive investigation of the potential class action claims through document review,
21 research, and interviews with potential class members. See Fisher Decl. at ¶ 4; see also Alexander
22 Decl. at ¶ 4.

23 Edelson McGuire, LLP is a similarly experienced class action law firm, and specializes in
24 class actions relating to consumer technology and privacy issues. See Declaration of Jay Edelson,
25 Docket Item No. 47, at ¶¶ 2, 6, 9. The firm maintains its own information technology practice group
26 that focuses on consumer data protection, privacy and related claims. Id. at ¶ 6. Specific to this
27 case, Edelson McGuire, LLP has interviewed dozens of current and former Netflix subscribers,
28

4
NO. 5:11-cv-00379 EJD
ORDER GRANTING PLAINTIFFS' MOTION TO CONSOLIDATE; APPOINTING INTERIM CLASS COUNSEL
(EJDLC1)

1  analyzed Netflix's information retention practices, and is prepared to commit significant resources to
2  this litigation. Id. at ¶¶ 17, 18. The firm has also made an effort to bring together all counsel
3  representing the various plaintiffs on these related cases. Id. at ¶¶ 26-33.
4       Upon review of the extensive papers filed for these motions, the court finds that Jay Edelson
5  of Edleson McGuire, LLP is the appropriate choice here. While the court commends all three firms
6  on their impressive resumes and litigation experience, the efforts already expended by Edelson
7  McGuire, LLP to identify and investigate the claims, coupled with that firm's significant and
8  particularly specialized expertise in electronic privacy litigation and class actions, renders them
9  superior to represent the putative class. Accordingly, the court appoints Jay Edelson of Edelson
10 McGuire, LLP as Interim Class Counsel.

### III. ORDER

Based on the foregoing, the joint motion of Bernal and Rura to consolidate their actions with the Milans action is GRANTED. With these three actions, the court also sua sponte consolidates the Comstock, Sevy and Wizenberg actions as follows:

1. The court consolidates case numbers 5:11-cv-00820 EJD, 5:11-cv-01075 EJD, 5:11-cv-01218 EJD, 5:11-cv-01309 EJD, 5:11-cv-01359 EJD, 5:11-cv-00379 EJD into one action. The Clerk of the Court shall consolidate these actions such that the earliest-filed action, 5:11-cv-00379 EJD, is the lead case. All future filings shall be in 5:11-cv-00379 EJD and shall bear the caption: "In re Netflix Privacy Litigation." All future related cases shall be automatically consolidated and administratively closed. Since the later actions are now subsumed by the first-filed action, the Clerk shall administratively close 5:11-cv-00820 EJD, 5:11-cv-01075 EJD, 5:11-cv-01218 EJD, 5:11-cv-01309 EJD, and 5:11-cv-01359 EJD.

2. The court appoints Jay Edelson of Edelson McGuire, LLP as Interim Lead Class Counsel for the putative class.

3. On or before September 12, 2011, Plaintiffs in In re Netflix Privacy Litigation shall filed a Consolidated Amended Class Action Complaint.

5
NO. 5:11-cv-00379 EJD
ORDER GRANTING PLAINTIFFS' MOTION TO CONSOLIDATE; APPOINTING INTERIM CLASS COUNSEL
(EJDLC1)

The courts sets a Case Management Conference in <u>In re Netflix Privacy Litigation</u> for October 7, 2011, at 9:00 a.m. The parties shall file a Joint Case Management Statement on or before September 27, 2011.

This order terminates Docket Item Nos. 5 and 13 in the <u>Bernal</u> action (5:11-cv-00820) and Docket Item Nos. 15, 22, 46 and 47 in the <u>Milans</u> action (5:11-cv-00379).

**IT IS SO ORDERED.**

Dated: August 12, 2011

EDWARD J. DAVILA
United States District Judge

6
NO. 5:11-cv-00379 EJD
ORDER GRANTING PLAINTIFFS' MOTION TO CONSOLIDATE; APPOINTING INTERIM CLASS COUNSEL
(EJDLC1)

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Vahn Alexander valexander@faruqilaw.com
Rafey Sarkis Balabanian rbalabanian@edelson.com
Jay Edelson jedelson@edelson.com
Lawrence Timothy Fisher ltfisher@bursor.com
Marc Lawrence Godino mgodino@glancylaw.com
William C Gray wgray@edelson.com
David Christopher Parisi dcparisi@parisihavens.com
Sean Patrick Reis sreis@edelson.com
Benjamin Harris Richman brichman@edelson.com
Ari Jonathan Scharg ascharg@edelson.com
Joseph Jeremy Siprut jsiprut@siprut.com
Rodney Grant Strickland, Jr rstrickland@wsgr.com
Sarah Nicole Westcot swestcot@bursor.com
Dale Richard Bish dbish@wsgr.com
Keith E. Eggleton keggleton@wsgr.com
Suzanne L. Havens Beckman shavens@parisihavens.com
Azita Moradmand amoradmand@parisihavens.com

Dated: August 12, 2011                    Richard W. Wieking, Clerk

                                          By:    /s/ EJD Chambers
                                                 Elizabeth Garcia
                                                 Courtroom Deputy

7
NO. 5:11-cv-00379 EJD
ORDER GRANTING PLAINTIFFS' MOTION TO CONSOLIDATE; APPOINTING INTERIM CLASS COUNSEL
(EJDLC1)