IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREGORY GREENE, JOSEPH LACK, ANTHONY MOTTO, and GREGORY PEARCE, individually and on behalf of all others similarly situated, | |
| *Plaintiffs*, | Case No. 14 C 01437 |
| v. | Judge Gary Feinerman |
| MIZUHO BANK, LTD., a Japanese financial institution, and MARK KARPELES, an individual, | Magistrate Judge Susan E. Cox |
| *Defendants*. | |

**SUPPLEMENTAL MEMORANDUM OF LAW
IN FURTHER SUPPORT OF DEFENDANT
MIZUHO BANK, LTD.'S MOTION FOR PARTIAL RECONSIDERATION
OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
<u>IN LIGHT OF NEW AND CONTROLLING SUPREME COURT PRECEDENT</u>**

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................... ii

I. Mizuho Did Not Waive Or Forfeit The Right To Contest Personal Jurisdiction Over Lack's And Pearce's Claims Based On *Bristol-Myers Squibb* ........................................ 1

II. *Bristol-Myers Squibb* Makes Clear That This Court's Ruling Concerning Personal Jurisdiction Over The Out-of-State Plaintiffs' Claims Is Erroneous .............................. 3

III. Pearce Will Not Be Prejudiced By A Dismissal Of His Claim For The Purpose Of Allowing Him To Refile In Another Court .................................................................... 6

CONCLUSION .......................................................................................................................... 7

# TABLE OF AUTHORITIES

Page

**Cases**

*American Pipe & Constr. Co. v. Utah*,
   414 U.S. 538 (1974) ...................................................................................................6

*Bandy v. Janssen Research & Development, LLC,*
   2017 WL 4224035 (S.D. Ill. Sept. 22, 2017) ...............................................................5

*BeRousse v. Janssen Research & Development, LLC*,
   2017 WL 4255075 (S.D. Ill. Sept. 26, 2017) ...............................................................5

*Braun v. Janssen Research & Development, LLC*,
   2017 WL 4224034 (S.D. Ill. Sept. 22, 2017) ...............................................................5

*Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*,
   137 S. Ct. 1773 (2017) ........................................................................................*passim*

*Covington v. Janssen Pharm., Inc.*,
   2017 WL 3433611 (E.D. Mo. Aug. 10, 2017) ............................................................5

*Douthit v. Janssen Research & Development, LLC*,
   2017 WL 4224031 (S.D. Ill. Sept. 22, 2017) ...............................................................5

*Estate of Fox v. Johnson & Johnson*,
   2017 WL 4629383 (Mo. Ct. of App. Oct. 17, 2017) ...................................................5

*Jinright v. Johnson & Johnson, Inc.*,
   2017 WL 3731317 (E.D. Mo. Aug. 30, 2017) ............................................................5

*Jordan v. Bayer Corp.*,
   2017 WL 3006993 (E.D. Mo. July 14, 2017) .............................................................5

*Pirtle v. Janssen Research & Development, LLC*,
   2017 WL 4224036 (S.D. Ill. Sept. 22, 2017) ...............................................................5

*Robinson Eng'g Pension Plan & Trust v. George*,
   223 F.3d 445 (7th Cir. 2000) .......................................................................................4

*Roland v. Janssen Research & Development, LLC*,
   2017 WL 4224037 (S.D. Ill. Sept. 22, 2017) ...............................................................5

*Santamarina v. Sears, Roebuck & Co.*,
   466 F.3d 570 (7th Cir. 2006) ...................................................................................2, 5


*Siegfried v. Boehringer Ingelheim Pharm., Inc.*,
  2017 WL 2778107 (E.D. Mo. June 27, 2017) ..................................................................5

*Sprately v. FCA US LLC*,
  2017 WL 4023348 (N.D.N.Y. Sept. 12, 2017) ..................................................................5

*Starks v. City of Waukegan*,
  946 F. Supp. 2d 780 (N.D. Ill. 2013)..................................................................................6

*Woodall v. Janssen Research & Development, LLC*,
  2017 WL 4237924 (S.D. Ill. Sept. 22, 2017)......................................................................5

**Other**

Amanda Bronstad, *Access to Plaintiff-Friendly Jurisdictions Constrained in
  'Game-Changing' SCOTUS Ruling*, National Law Journal (June 20, 2017),
  http://www.law.com/nationallawjournal/almID/1202790739736 ............................................3

Gary Mennitt, *et al.*, *SCOTUS Tackles Venue and Jurisdiction Issues in Trio of
  Decisions*, New York Law Journal (June 29, 2017),
  www.law.com/newyorklawjournal/almID/1202791743573 ....................................................3

*Supreme Court Continues Its Restrictive Approach to Personal Jurisdiction,
  Barring 'Mass Actions' by Plaintiffs from Multiple States against an Out-of-
  State Corporate Defendant*, Clifford Chance Client Briefing (June, 20 2017),
  https://www.cliffordchance.com/briefings/2017/06/supreme_court_continuesit
  srestrictiveapproac.html.................................................................................................3, 5

Richard Levick, *The Game Changes: Is Bristol-Myers Squibb The End Of An
  Era?*, FORBES (July 11, 2017),
  https://www.forbes.com/sites/richardlevick/2017/07/11/the-game-changes-is-
  bristol-myers-squibb-the-end-of-an-era/#5d8816b02e83...................................................3, 5

Tony Mauro, *SCOTUS Narrows Forum-Shopping in Big Pharma Action*, National
  Law Journal (June 19, 2017),
  www.law.com/nationallawjournal/almID/1202790435129 ...................................................3

On October 17, 2017, the Court heard oral argument on defendant Mizuho Bank, Ltd.'s ("Mizuho") motion for partial reconsideration of the Court's March 14, 2016 order denying Mizuho's motion to dismiss for lack of personal jurisdiction. At the Court's invitation during oral argument, Mizuho respectfully submits this supplemental memorandum of law in further support of its motion for partial reconsideration.

I. **Mizuho Did Not Waive Or Forfeit The Right To Contest Personal Jurisdiction Over Lack's And Pearce's Claims Based On *Bristol-Myers Squibb***

The procedural history of this case shows that Mizuho never waived or forfeited its right to seek reconsideration of the Court's exercise of personal jurisdiction over Mizuho in connection with out-of-state plaintiffs' claims. To the contrary, as demonstrated below, any such challenge would have been futile at any time prior to the Supreme Court's decision in *Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*, 137 S. Ct. 1773 (2017).

When Mizuho first filed its motion to dismiss for lack of personal jurisdiction in May 2015, this was a case brought against Mizuho, which is based in Japan, by an Illinois resident, Gregory Greene, and a California resident, Joseph Lack. Mizuho argued in its motion that it was not subject to personal jurisdiction in this case because *none* of the claims asserted against it by either plaintiff involved conduct *by Mizuho* in Illinois giving rise to a connection between Mizuho and Illinois.[1]

In its March 14, 2016 decision, the Court agreed that it lacked personal jurisdiction over Mizuho in connection with the claims alleged by named plaintiffs Greene and Lack, but disagreed with Mizuho's analysis of its lack of contacts with Illinois. The Court determined that, if a Mt. Gox customer in Illinois wired a deposit into Mt. Gox's bank account at Mizuho in

---

[1] Discovery has since confirmed that all of Mizuho's conduct at issue in this case occurred exclusively in Japan, including Mizuho's decision to stop processing withdrawal requests for its customer, Mt. Gox, and all of the discussions between Mizuho and Mt. Gox concerning that decision.

Japan, that would be enough to show that Mizuho had sufficient contacts with Illinois. Neither of the named plaintiffs' claims alleged such contacts with Illinois. But instead of dismissing those plaintiffs' claims for lack of personal jurisdiction, the Court held that it could exercise jurisdiction over those same plaintiffs' claims if the plaintiffs' counsel added to the case an Illinois-based named plaintiff who claimed to have transmitted money to Mt. Gox's Mizuho account after Mizuho stopped processing withdrawals for Mt. Gox. In effect, the Court ruled that it could exercise specific personal jurisdiction over Mizuho to adjudicate state law claims that independently lacked a connection with Illinois if a new named plaintiff could allege similar state law claims with a connection between Mizuho and Illinois. Mizuho could not have anticipated that the Court would resolve its motion to dismiss for lack of personal jurisdiction by allowing the original plaintiffs to rely on the jurisdictional contacts of another plaintiff's claims in this way.

When the Court issued its ruling on March 14, 2016 and allowed the plaintiffs to file their Third Amended Complaint adding Anthony Motto as a named plaintiff, that ruling became the law of the case.[2] Under the law of the case doctrine, a court's ruling of law should govern the same issue in subsequent stages of the same case unless "there is a compelling reason, such as a change in, or clarification of, law that makes clear that the earlier ruling was erroneous." *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 572 (7th Cir. 2006). Therefore, when the plaintiffs again amended their complaint in March 2017 to add another out-of-state plaintiff,

---

[2] Mizuho sought leave to certify the Court's ruling for interlocutory appeal, but the Court denied Mizuho's motion. (Doc. Nos. 208-210, 212.)

2

Gregory Pearce, this Court's March 14, 2016 ruling governed, and Mizuho had no binding precedent on which to argue that the ruling should not apply to Pearce's claims.[3]

But that changed on June 19, 2017, with the issuance of the Supreme Court's *Bristol-Myers Squibb* opinion. *Bristol-Myers Squibb* rejected the exercise of personal jurisdiction over out-of-state plaintiffs' claims with no connection between the defendant and forum state by piggybacking onto the claims of another in-state plaintiff – precisely what this Court allowed in its March 14, 2016 ruling. Only then, on June 19, 2017, did the Court's ruling become ripe for reconsideration in light of new, binding precedent.

## II. *Bristol-Myers Squibb* Makes Clear That This Court's Ruling Concerning Personal Jurisdiction Over The Out-of-State Plaintiffs' Claims Is Erroneous

The Supreme Court's decision in *Bristol-Myers Squibb* has been heralded by legal commentators as "game-changing" and the "end of an era" because of its "potentially broad implications for aggregation of claims in a single case."[4] In the first binding precedent of its kind, *Bristol-Myers Squibb* clarified the limitations on a state's exercise of specific personal

---

[3] To the best of our knowledge, prior to *Bristol-Myers Squibb*, the issue had never been considered by the Seventh Circuit or by any other federal appellate court.

[4] Amanda Bronstad, *Access to Plaintiff-Friendly Jurisdictions Constrained in 'Game-Changing' SCOTUS Ruling*, National Law Journal (June 20, 2017), available at http://www.law.com/nationallawjournal/almID/1202790739736 (*Bristol-Myers Squibb* "has already had a massive impact," resulting in a mistrial in a mass tort litigation involving multi-state plaintiffs; "tightened the rules on where corporate defendants can be sued"; "makes clear what doesn't establish specific jurisdiction"); Richard Levick, *The Game Changes: Is Bristol-Myers Squibb The End Of An Era?*, FORBES (July 11, 2017), available at https://www.forbes.com/sites/richardlevick/2017/07/11/the-game-changes-is-bristol-myers-squibb-the-end-of-an-era/#5d8816b02e83 ("It fundamentally changes the rules governing where corporate defendants can be sued . . . ."); *Supreme Court Continues Its Restrictive Approach to Personal Jurisdiction, Barring 'Mass Actions' by Plaintiffs from Multiple States against an Out-of-State Corporate Defendant,* Clifford Chance Client Briefing (June 20, 2017), https://www.cliffordchance.com/briefings/2017/06/supreme_court_continuesitsrestrictiveapproac.html; *see also* Tony Mauro, *SCOTUS Narrows Forum-Shopping in Big Pharma Action*, National Law Journal (June 19, 2017), available at www.law.com/nationallawjournal/almID/1202790435129 ("[T]he U.S. Supreme Court on Monday tightened jurisdictional rules that determine where companies can be sued."); Gary Mennitt, *et al.*, *SCOTUS Tackles Venue and Jurisdiction Issues in Trio of Decisions*, New York Law Journal (June 29, 2017), available at www.law.com/newyorklawjournal/almID/1202791743573 (*Bristol-Myers Squibb* "created new obstacles for plaintiffs and new opportunities for defendants to avoid lawsuits in far-flung jurisdictions . . . . [T]he court clarified that . . . [t]he requisite connection is between the suit and the defendant's forum state contacts. Whether the defendant might . . . be subject to litigation of other claims in the state will not impact the specific jurisdiction analysis.").

3

jurisdiction over an out-of-state defendant in a case involving state law claims of both in-state and out-of-state plaintiffs in a single forum.

According to our research, at the time Mizuho filed its motion to dismiss for lack of personal jurisdiction on May 14, 2015, neither the Seventh Circuit nor any other federal court of appeals had yet considered whether a court could exercise pendent specific personal jurisdiction over an out-of-state defendant in these circumstances – *i.e.*, where in-state and out-of-state plaintiffs assert similar claims governed exclusively by state law, and the in-state plaintiffs' claims allege a sufficient connection between the defendant and the forum, but the out-of-state plaintiffs' claims do not.[5] The Supreme Court's *Bristol-Myers Squibb* decision definitively answered this question in the negative.

In *Bristol-Myers Squibb*, the Supreme Court clarified how to apply its "settled principles regarding specific jurisdiction" in such circumstances. 137 S. Ct. at 1781. Rejecting the exercise of specific jurisdiction over nonresidents' claims based on "[t]he mere fact that *other* plaintiffs . . . allegedly sustained the same injuries," the Supreme Court explained that "[w]hat is needed—and what is missing here—is a connection between the forum and the *specific claims at issue*." *Bristol-Myers Squibb*, 137 S. Ct. at 1781 (emphasis added). In other words, when multiple plaintiffs aggregate their claims in a single litigation, the claims of different plaintiffs *cannot* be aggregated for purposes of determining whether the requisite connection with the forum is present. Rather, each of "the specific claims at issue" – *i.e.*, each claim of each named plaintiff individually – has to have the requisite connection with the forum. Thus, while *Bristol-Myers Squibb* "did not articulate a new standard for specific jurisdiction," the opinion

---

[5] As explained in our Reply Brief (Doc. No. 292, at 9-10), the Seventh Circuit had considered pendent personal jurisdiction only in the context of multiple claims by the *same* named plaintiff. *See Robinson Eng'g Pension Plan & Trust v. George*, 223 F.3d 445, 449 (7th Cir. 2000) (holding that a court could exercise pendent personal jurisdiction over a state law claim by a single named plaintiff if it had personal jurisdiction over a separate federal law claim by that same plaintiff).

4

"*clarified—and narrowed*—the sorts of contacts that can subject a defendant to personal jurisdiction in a specific state."[6]

The Seventh Circuit has warned that when there is a "change in, or *clarification of*, law that makes clear that the earlier ruling was erroneous, . . . [n]ot to reconsider in such circumstances would condemn the parties to the unedifying prospect of continued litigation when they knew that a possibly critical ruling was in error and, unless it became moot in the course of the proceedings, would compel a reversal of the final judgment at the end of the case." *Santamarina*, 466 F.3d at 572 (emphasis added). The Supreme Court's opinion in *Bristol-Myers Squibb* makes clear that the aggregation of out-of-state plaintiffs' claims with an in-state plaintiff's claims in this case is no longer tenable. This Court's continued exercise of jurisdiction over Lack's and Pearce's claims against Mizuho would therefore violate Mizuho's constitutional due process rights. Seventh Circuit precedent calls for reconsideration on the merits in these

---

[6] *Supreme Court Continues Its Restrictive Approach to Personal Jurisdiction, Barring 'Mass Actions' by Plaintiffs from Multiple States against an Out-of-State Corporate Defendant*, Clifford Chance Client Briefing (June 20, 2017), at 1 (emphasis added). In fact, *Bristol-Myers Squibb* has already resulted in dismissals of many out-of-state plaintiffs' claims against out-of-state defendants in several cases, including one class action, and that trend is expected to continue. *See, e.g., BeRousse v. Janssen Research & Development, LLC*, 2017 WL 4255075, at *3-5 (S.D. Ill. Sept. 26, 2017); *Bandy v. Janssen Research & Development, LLC*, 2017 WL 4224035 (S.D. Ill. Sept. 22, 2017); *Braun v. Janssen Research & Development, LLC*, 2017 WL 4224034 (S.D. Ill. Sept. 22, 2017); *Douthit v. Janssen Research & Development, LLC*, 2017 WL 4224031 (S.D. Ill. Sept. 22, 2017); *Pirtle v. Janssen Research & Development, LLC*, 2017 WL 4224036 (S.D. Ill. Sept. 22, 2017); *Roland v. Janssen Research & Development, LLC*, 2017 WL 4224037 (S.D. Ill. Sept. 22, 2017); *Woodall v. Janssen Research & Development, LLC*, 2017 WL 4237924 (S.D. Ill. Sept. 22, 2017); *Sprately v. FCA US LLC*, 2017 WL 4023348, at * 6-7 (N.D.N.Y. Sept. 12, 2017); *Jinright v. Johnson & Johnson, Inc.*, 2017 WL 3731317, at *3-5 (E.D. Mo. Aug. 30, 2017); *Covington v. Janssen Pharm., Inc.*, 2017 WL 3433611 (E.D. Mo. Aug. 10, 2017); *Jordan v. Bayer Corp.*, 2017 WL 3006993, at *4 (E.D. Mo. July 14, 2017); *Siegfried v. Boehringer Ingelheim Pharm., Inc.*, 2017 WL 2778107, at *5 (E.D. Mo. June 27, 2017); Richard Levick, *The Game Changes: Is Bristol-Myers Squibb The End Of An Era?*, FORBES (July 11, 2017).

*Bristol-Myers Squibb* has even resulted in *vacatur* of a $72 million jury verdict against Johnson & Johnson, after an appellate court in Missouri held that the Missouri trial court lacked personal jurisdiction over the claims of an out-of-state plaintiff that had been joined in a mass tort action with claims brought by two Missouri plaintiffs and 62 other out-of-state plaintiffs. *See Estate of Fox v. Johnson & Johnson*, 2017 WL 4629383 (Mo. Ct. of App. Oct. 17, 2017).

5

circumstances. Accordingly, the Court should reconsider its March 14, 2016 ruling in light of *Bristol-Myers Squibb*, and should dismiss the claims of Lack and Pearce.[7]

### III. Pearce Will Not Be Prejudiced By A Dismissal Of His Claim For The Purpose Of Allowing Him To Refile In Another Court

The Court asked us to address whether Pearce would be prejudiced by the statute of limitations on his claim if the Court were to dismiss and he sought to refile his claim against Mizuho in Pennsylvania. Based on our current research, we believe that pursuant to *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974), the statute of limitations was tolled for Pearce's tortious interference claim from March 14, 2014, when Mizuho was added as a defendant in the First Amended Complaint (Doc. No. 36), until March 7, 2017, when Pearce was added as a named plaintiff in the Fourth Amended Complaint (Doc. No. 245). Consequently, we do not believe that the statute of limitations has run on Pearce's claim.

Moreover, insofar as counsel for the plaintiffs suggested that Pearce and the purported class might be prejudiced because the case has been ongoing for more than three years and is already close to the end of discovery, that suggestion is misleading. As the plaintiffs know, Pearce was not added to this case until over three years after the plaintiffs filed their original complaint. Accordingly, Pearce cannot have suffered and, if the Court were to grant the pending motion, would not suffer any unfair prejudice because of the age or stage of this case.

---

[7] In *Starks v. City of Waukegan*, 946 F. Supp. 2d 780 (N.D. Ill. 2013) (Feinerman, J.), this Court granted a motion for reconsideration on grounds that the Court's earlier ruling was erroneous, even though those grounds had not been raised in the moving party's earlier briefing. The Court noted that the parties had not directly addressed the argument made on reconsideration in their original briefing "[f]or reasons . . . that cannot be blamed entirely on" the plaintiff. *Id*. at 801. As shown in Section I above, Mizuho similarly cannot be blamed for not raising an issue that was not ripe until the Court ruled on Mizuho's motion to dismiss and permitted the plaintiffs to add Motto to the case. The Court should grant Mizuho's motion for reconsideration on the merits, as it did in *Starks*.

6

**CONCLUSION**

For the foregoing reasons, this Court should grant Mizuho's motion for partial reconsideration of its motion to dismiss for lack of personal jurisdiction, and should dismiss the claims of out-of-state plaintiffs Lack and Pearce in their entirety.

                              MIZUHO BANK, LTD.

                              By:  /s/ Jason A. Frye
                                       One of Its Attorneys

Jonathan S. Quinn (#6200495)
jquinn@ngelaw.com
Jason A. Frye (#6292848)
jfrye@ngelaw.com
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street
Chicago, IL 60602-3801
(312) 269-8000

Jerome S. Fortinsky (admitted pro hac vice)
jfortinsky@shearman.com
John A. Nathanson (admitted pro hac vice)
john.nathanson@shearman.com
Jeffrey J. Resetarits (admitted pro hac vice)
jeffrey.resetarits@shearman.com
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022-6069
(212) 848-4000

Dated: October 24, 2017

## CERTIFICATE OF SERVICE

The undersigned attorneys hereby certify that on the 24th day of October, 2017, they caused this **Supplemental Memorandum Of Law In Further Support Of Defendant Mizuho Bank, Ltd.'s Motion For Partial Reconsideration Of Its Motion To Dismiss For Lack Of Personal Jurisdiction In Light Of New And Controlling Supreme Court Precedent** to be served by causing true and accurate copies of such paper to be transmitted via ECF to all counsel of record,

/s/ Jason A. Frye

and via electronic mail to Mark Karpeles.

/s/ Sarah C. C. Tishler