IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREGORY GREENE, JOSEPH LACK, ANTHONY MOTTO, and GREGORY PEARCE, individually and on behalf of all others similarly situated, | |
| *Plaintiffs*, | Case No. 14 C 01437 |
| v. | Judge Gary Feinerman |
| MIZUHO BANK, LTD., a Japanese financial institution, and MARK KARPELES, an individual, | Magistrate Judge Susan E. Cox |
| *Defendants*. | |

### DEFENDANT MIZUHO BANK, LTD.'S MOTION TO EXCLUDE THE REPORT AND TESTIMONY OF M. TODD HENDERSON

Defendant Mizuho Bank, Ltd. ("Mizuho"), by its attorneys, and pursuant to Rule 702 of the Federal Rules of Evidence, respectfully moves this Court to exclude the report and testimony of plaintiff's expert, M. Todd Henderson.[1] In support of this motion (the "Motion"), Mizuho states as follows:

1. The plaintiff submitted Mr. Henderson's expert report on October 2, 2017. Mizuho's attorneys took Mr. Henderson's deposition on December 21, 2017.

2. The opinions set forth in Mr. Henderson's report and deposition testimony are exclusively legal arguments. He testified that ███████████████████████████████████ ███████████████████████████████████████████████████████

---

[1] Mizuho continues to contest this Court's personal jurisdiction over it in this litigation, and does not consent to jurisdiction by virtue of this filing, but is instead filing necessary documents in this litigation to avoid being found in default, or otherwise prejudicing its position, and reserves all rights.

3. Mr. Henderson does not have scientific, technical, or other specialized knowledge that will help the trier of fact to understand the evidence because he has no non-legal expertise that is relevant to this case.

4. Mr. Henderson's opinions are not the product of reliable principles and methods. Mr. Henderson's opinions are based solely on his experience and his evaluation of the facts. He offers no way to test his conclusions.

5. Mr. Henderson's opinions are not based on facts or data in the case. He uncritically assumed the truth of all allegations presented to him by the plaintiff. Moreover, in reaching conclusions about ████████████████████████████████████████████████████████████████████████████████████████████████████████████

6. The points and authorities supporting this Motion are set forth in the Memorandum of Law in Support Of Defendant Mizuho Bank, Ltd.'s Motion to Exclude the Report and Testimony of M. Todd Henderson.

WHEREFORE, Mizuho requests that the Court grant its Motion to Exclude the Report and Testimony of M. Todd Henderson.

                                        MIZUHO BANK, LTD.

                                        By: /s/ Jerome S. Fortinsky
                                                     One of Its Attorneys

Jonathan S. Quinn (#6200495)
jquinn@ngelaw.com
Jason A. Frye (#6292848)
jfrye@ngelaw.com
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street
Chicago, IL 60602-3801
(312) 269-8000

Jerome S. Fortinsky (admitted *pro hac vice*)
jfortinsky@shearman.com
John A. Nathanson (admitted *pro hac vice*)
john.nathanson@shearman.com
Jeffrey J. Resetarits (admitted *pro hac vice*)
jeffrey.resetarits@shearman.com
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022-6069
(212) 848-4000

Dated: February 1, 2018

## CERTIFICATE OF SERVICE

The undersigned attorneys hereby certify that on the 1st day of February, 2018, they caused **Defendant Mizuho Bank, Ltd.'s Motion To Exclude the Report and Testimony of M. Todd Henderson** to be served by causing true and accurate copies of such paper to be transmitted via ECF to all counsel of record,

/s/ Jerome S. Fortinsky

and via electronic mail to Mark Karpeles.

/s/ Chad M. Remus