**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

GREGORY GREENE, JOSEPH LACK,
ANTHONY MOTTO, and GREGORY
PEARCE, individually and on behalf of all
others similarly situated,

        *Plaintiffs*,

v.

MIZUHO BANK, LTD., a Japanese financial
institution, and MARK KARPELES, an
individual,

        *Defendants*.

Case No. 14 C 01437

Judge Gary Feinerman

Magistrate Judge Susan E. Cox

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
MIZUHO BANK, LTD.'S MOTION TO EXCLUDE THE
<u>REPORT AND TESTIMONY OF M. TODD HENDERSON</u>**

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ......................................................................................... 1

BACKGROUND .................................................................................................................. 2

ARGUMENT ........................................................................................................................ 3

    I.    The Court Should Exclude Mr. Henderson's Opinions As Nothing More Than Legal Argument ........................................................................................................... 4

    II.    The Court Should Exclude Mr. Henderson's Opinions Because He Is Not "Qualified As An Expert By Knowledge, Skill, Experience, Training, Or Education" .................... 7

    III.    The Court Should Exclude Mr. Henderson's Opinions Because They Are Not The "Product Of Reliable Principles and Methods" ........................................................ 9

    IV.    The Court Should Exclude Mr. Henderson's Opinions Because They Are Not Based "On Facts Or Data In The Case" ...................................................................... 13

CONCLUSION .................................................................................................................. 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Honda Motor Co.* v. *Allen*,
    600 F.3d 813 (7th Cir. 2010) ................................................................10

*Angelopoulos v. Keystone Orthopedic Specialists S.C.*,
    2017 WL 2178504 (N.D. Ill. May 16, 2017) ........................................4

*Callahan v. City of Chicago*,
    78 F. Supp. 3d 791 (N.D. Ill. 2015) ......................................................9

*CDX Liquidating Trust v. Venrock Assocs.*,
    411 B.R. 571 (N.D. Ill. 2009) ................................................................4

*Church v. Church Mut. Ins. Co.*,
    2016 WL 772787 (N.D. Ill. Feb. 29, 2016) ....................................10, 14

*Clark v. Takata Corp.*,
    192 F.3d 750 (7th Cir. 1999) ................................................................10

*Daubert v. Merrell Dow Pharm., Inc.*,
    43 F.3d 1311 (9th Cir. 1995) ................................................................10

*Daubert v. Merrell Dow Pharm., Inc.*,
    509 U.S. 579 (1993) ............................................................................3, 9

*Elorac, Inc. v. Sanofi-Aventis Canada, Inc.*,
    2017 WL 3592775 (N.D. Ill. Aug. 21, 2017) ......................................13

*Essex Ins. Co. v. Structural Shop, Ltd.*,
    2017 WL 2224879 (N.D. Ill. May 22, 2017) ......................................5, 6

*Gayton v. McCoy*,
    593 F.3d 610 (7th Cir. 2010) ..............................................................8, 9

*Good Shepherd Manor Found., Inc. v. City of Momence*,
    323 F.3d 557 (7th Cir. 2003) ..................................................................6

*Howard v. Securitas Sec. Servs. USA, Inc.*,
    2013 WL 1337150 (N.D. Ill. Mar. 28, 2013)..........................................6

*Huey v. United Parcel Serv., Inc.*,
    165 F.3d 1084 (7th Cir. 1999) ................................................................7

*Kumho Tire Co. v. Carmichael*,
  526 U.S. 137 (1999)............................................................................................4, 10

*Lang v. Kohl's Food Stores, Inc.*,
  217 F.3d 919 (7th Cir. 2000) ...........................................................................14

*Lewis v. CITGO Petroleum Corp.*,
  561 F.3d 698 (7th Cir. 2009) .............................................................................4

*Loeffel Steel Prods. v. Delta Brands, Inc.*,
  387 F. Supp. 2d 794 (N.D. Ill .2005) ...........................................................13, 14

*Minasian v. Standard Chartered Bank, PLC*,
  109 F.3d 1212 (7th Cir. 1997) .......................................................................12, 13

*In re Novatel Wireless Sec. Litig.*,
  2012 WL 5463214 (S.D. Cal. Nov. 8, 2012) ......................................................4

*Obrycka v. City of Chicago*,
  792 F. Supp. 2d 1013 (N.D. Ill. 2011) ...........................................................9, 12

*Robroy Industries-Texas, LLC v. Thomas & Betts Corp.*,
  2017 WL 1319553 (E.D. Tex. Apr. 10, 2017)....................................................14

*Scottsdale Ins. Co. v. City of Waukegan*,
  689 F. Supp. 2d 1018 (N.D. Ill. 2010) ...............................................................6

*SEC v. Pasternak*,
  2008 WL 2281627 (D.N.J. May 29, 2008) .........................................................8

*United States v. Brownlee*,
  744 F.3d 479 (7th Cir. 2014) ...........................................................................14

*United States v. Caputo*,
  517 F.3d 935 (7th Cir. 2008) .............................................................................4

*United States v. Frazier*,
  387 F.3d 1244 (11th Cir. 2004) .........................................................................7

*United States v. Kokenis*,
  662 F.3d 919 (7th Cir. 2011) ...........................................................................6, 7

*United States v. Neushwander*,
  2017 WL 4572212 (N.D. Ill. Oct. 14, 2017).........................................4, 9, 12, 13

*United States ex rel. Kokoraleis v. Dir. of Illinois Dep't of Corr.*,
  963 F. Supp. 1473 (N.D. Ill. 1997) .....................................................................4

*Winters v. Fru-Con, Inc.*,
    498 F.3d 734 (7th Cir. 2007) ...................................................................................4

*Zenith Elecs. Corp. v. WH-TV Broad. Corp.*,
    395 F.3d 416 (7th Cir. 2005) .................................................................................12

**Rules**

Fed. R. Evid. 702 ............................................................................................. *passim*

Fed. R. Evid. 702(c) ...........................................................................................1, 9

Fed. R. Evid. 703 ..............................................................................................2, 13

Defendant Mizuho Bank, Ltd. ("Mizuho") respectfully submits this memorandum of law in support of its motion to exclude the report and testimony of the plaintiff's expert, M. Todd Henderson.

## PRELIMINARY STATEMENT

The plaintiff seeks to introduce the expert report and testimony of M. Todd Henderson, a law professor at the University of Chicago and social acquaintance of the plaintiff's lead counsel, who testified that his only assignment was to offer his opinion as to whether ██████████ ████████████████████████████████ Mr. Henderson's legal opinions, which are based on ████████████████████████████████████████ ████████████████████████████████ should be excluded for the numerous independent reasons set forth below.

*First*, Mr. Henderson's opinions are exclusively legal arguments. Despite Mr. Henderson's understanding ████████████████████████ and despite the fact that courts have twice excluded (parts of) his testimony as consisting of legal conclusions, he nevertheless consistently used his report and testimony to ████████████████████ ████████████████████████ Such testimony impermissibly invades the role of the court and is a sufficient basis to exclude his purported expert testimony in its entirety.

*Second*, Mr. Henderson has no non-legal expertise that is relevant to this case and hence does not satisfy Rule 702's requirement that the proposed expert have "scientific, technical, or other specialized knowledge [that] will help the trier of fact to understand the evidence." Fed. R. Evid. 702. He does not consider himself to be a bitcoin expert, yet he opines on ████████ ████████████████████████████████████

*Third*, Mr. Henderson's report and testimony are devoid of any methodology and thus do not satisfy Rule 702's requirement that expert testimony be "the product of reliable principles

and methods." Fed. R. Evid. 702(c). Instead, his testimony is nothing more than his personal opinion, which he formulated based on incomplete, and at times, inaccurate facts. He offers no objective criteria or methodologies to support his opinions.

*Fourth*, Mr. Henderson's opinions are not based on "facts or data in the case." *See* Fed. R. Evid. 703. Mr. Henderson acknowledged that ███████████████████████████ ████████████████████████████ but he nevertheless assumed the truth of the allegations in the complaint. Mr. Henderson merely parroted the testimony of the plaintiff and admitted that ████████████████████████████

███████████████████████████████████

██████████████████████████████████████

███████████████████████████████████

████████████████████████

As discussed in more detail below, the Court should exclude Mr. Henderson's report, testimony and opinions in their entirety.

## BACKGROUND

This case involves "the demise of the Mt. Gox Bitcoin Exchange." (Dkt. 245, ¶ 1.) The plaintiff alleges that Mizuho fraudulently concealed "that it had stopped providing cash wire withdrawal services to Mt. Gox." (*Id.* ¶ 140.) The plaintiff has retained M. Todd Henderson, a professor at the University of Chicago Law School, as an expert whose only assignment was to

██████████████████████████████████████

███████████████████████████████████

██████████████████████████████████████

███████████████████████████████████



Mr. Henderson's relationship with the plaintiff's counsel, Edelson PC, predates his knowledge of bitcoin and Mt. Gox.

Both have worked on this case. Edelson PC previously retained Mr. Henderson as an expert in another case.[2]

Mr. Henderson filed his report on October 2, 2017. Counsel for Mizuho took Mr. Henderson's deposition on December 21, 2017.

## **ARGUMENT**

Under Rule 702 of the Federal Rules of Evidence, a district court must serve a gatekeeping function to determine whether proffered expert testimony is reliable and relevant before accepting a witness as an expert. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579,

---

[1]

[2] Mr. Henderson prepared an expert report on attorneys' fees in class action litigation in federal court in *Birchmeier v. Caribbean Cruise Lines, Inc., et al.*, Case No. 12-cv-04069 (N.D. Ill.).

597 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999); *Winters v. Fru-Con, Inc.*, 498 F.3d 734, 741 (7th Cir. 2007). The expert's proponent (here, the plaintiff) bears the burden of proving by a preponderance of the evidence that the expert's testimony satisfies Rule 702. *See Lewis v. CITGO Petroleum Corp.*, 561 F.3d 698, 705 (7th Cir. 2009).

## I.     THE COURT SHOULD EXCLUDE MR. HENDERSON'S OPINIONS AS NOTHING MORE THAN LEGAL ARGUMENT

"The only legal expert in a federal courtroom is the judge." *United States v. Caputo*, 517 F.3d 935 (7th Cir. 2008). An expert who offers legal testimony "is no more expert than any of the lawyers in this case." *United States ex rel. Kokoraleis v. Dir. of Ill. Dep't of Corr.*, 963 F. Supp. 1473, 1487 (N.D. Ill. 1997). In determining whether purported expert testimony "improperly invade[s] the judge's role as the sole source of the relevant law at a trial," the court must distinguish "between stating a legal conclusion (which is not permitted) and providing concrete information against which to measure abstract legal concepts (which is permitted)." *Angelopoulos v. Keystone Orthopedic Specialists S.C.*, 2017 WL 2178504, at *6 (N.D. Ill. May 16, 2017). If the terms used by the expert "have a separate, distinct and specialized meaning in the law different from that present in the vernacular, the opinion is a legal one and likely impermissible." *United States v. Neushwander*, 2017 WL 4572212, at *4 (N.D. Ill. Oct. 14, 2017). The Court should exclude Mr. Henderson's ███████████████████ in its entirety because it consists of nothing but legal conclusions.

Mr. Henderson acknowledged ██████████████████████████████████████ ████████████████████████ Courts have excluded his testimony in part on at least two occasions to the extent that they consisted of legal conclusions.[3] Nevertheless, Mr. Henderson

---

[3]     *See CDX Liquidating Trust v. Venrock Assocs.*, 411 B.R. 571 (N.D. Ill. 2009); *In re Novatel Wireless Sec. Litig.*, 2012 WL 5463214 (S.D. Cal. Nov. 8, 2012). When asked about ████████████████████████

followed plaintiff's counsel's sole instruction, ███████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████ In effect, Mr. Henderson's assignment was to determine whether Mizuho should be liable for the conduct alleged by the plaintiff — that is, to form a legal conclusion.

Mr. Henderson's report and testimony are littered with legal conclusions. For example, in Mr. Henderson's own words, █████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

Nearly all Mr. Henderson's opinions fall into one of four categories. First, Mr. Henderson concludes that ████████████████████████████████ ████ █████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

██████████████████████████████████ ███████████████████████████████

████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████

---

████████████████████████████████████████████████

[4] The Court should also exclude Mr. Henderson's testimony as to ████████████████████████████ because he "lacks personal knowledge of these issues and his speculative testimony would be unhelpful to the jury." *See Essex Ins. Co. v. Structural Shop, Ltd.*, 2017 WL 2224879, at *6 (N.D. Ill. May 22, 2017) (excluding expert testimony as to what an individual "believed or would have done had Essex acted differently").

[5] ████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████

The Court should exclude Mr. Henderson's opinions on all these issues ███████

█████████████████████████████ because they are clearly legal in nature.[6] *See, e.g.,*

*Essex*, 2017 WL 2224879, at *6 (holding that expert cannot "testify as to Essex's legal duties or

opine that Essex violated these duties" and noting that it "is not surprising [ ] that numerous

courts have excluded expert testimony as to the existence of agency and attorney-client

relationships"). Readily admitting that his opinions are legal in nature, Mr. Henderson opined

that █████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████

████████████████████ "Expert testimony as to legal conclusions that will determine the

outcome of the case is inadmissible." *Good Shepherd Manor Found., Inc. v. City of Momence*,

323 F.3d 557, 564 (7th Cir. 2003); *see also Scottsdale Ins. Co. v. City of Waukegan*, 689 F. Supp.

2d 1018, 1024 (N.D. Ill. 2010) (excluding expert opinions that address "legal duties" because

each opinion "merely tells the trier of fact what result to reach . . . and therefore is not

admissible") (internal quotations omitted); *Howard v. Securitas Sec. Servs. USA, Inc.*, 2013 WL

1337150, at *3 (N.D. Ill. Mar. 28, 2013) (Feinerman, J.) (finding inadmissible expert testimony

---

[6]     To the extent that this Court determines that Mr. Henderson's conclusions on these issues are properly the
        subject of expert testimony, these opinions are irrelevant and should alternatively be excluded on that basis.
        *See United States v. Kokenis*, 662 F.3d 919 (7th Cir. 2011) (excluding expert testimony that is irrelevant).
        The plaintiff alleged that Mizuho fraudulently concealed information. (Dkt. 245.) The plaintiff has not
        brought claims under theories of ██████████████████████████ Mr. Henderson's testimony
        on these matters is thus irrelevant and runs a risk of confusing the jury.

that defendant violated statutes willfully because they were "opinions which would merely tell the trier of fact what result to reach") (internal citations omitted).

Mr. Henderson admitted that ██████████████████████████████████████ ████████████████████████████████████████████ The Court should exclude this testimony because it "offers nothing more than what lawyers for the parties can argue." *United States v. Frazier*, 387 F.3d 1244, 1262-63 (11th Cir. 2004). Mr. Henderson goes even further than arguing ████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████

Stripped of Mr. Henderson's legal opinions, his report just discusses ██████████ █████████████████████████████████████████ The Court should exclude these opinions because these issues are not at stake in this litigation. *See Kokenis*, 662 F.3d 919 (excluding expert testimony that is irrelevant, confusing, and misleading).

## II. THE COURT SHOULD EXCLUDE MR. HENDERSON'S OPINIONS BECAUSE HE IS NOT "QUALIFIED AS AN EXPERT BY KNOWLEDGE, SKILL, EXPERIENCE, TRAINING, OR EDUCATION"

Rule 702 of the Federal Rules of Evidence provides that "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." Expertise is a necessary but not a sufficient condition of admissibility under Rule 702. *Huey v. United Parcel Serv., Inc.*, 165 F.3d 1084, 1087 (7th Cir. 1999). Whether a witness is qualified to give expert

testimony must be determined by "comparing the area in which the witness has superior knowledge, skill, experience, or education with the subject matter of the witness's testimony." *Gayton v. McCoy*, 593 F.3d 610, 616 (7th Cir. 2010).

Mr. Henderson has no "scientific, technical, or other specialized knowledge" that will "assist the trier of fact." Mr. Henderson claims that his areas of specialty include 

This case "involves the demise of the Mt. Gox Bitcoin Exchange,"[7] not

Not only is Mr. Henderson not qualified as an expert in

The Court should exclude Mr. Henderson's testimony because he is not qualified in the particular industry at issue. *See SEC v. Pasternak*, 2008 WL 2281627 (D.N.J. May 29, 2008) (excluding purported testimony of expert whose "extensive experience as a trader and market maker is impressive" but who "lacks any experience in the particular industry in which the disputed events of this case occur").

---

[7]     Dkt. 245, ¶ 1.

Because Mr. Henderson has expertise only in ███████████████████████

███████████ (which are not part of the plaintiff's complaint and therefore not at issue here) and

lacks specific expertise ██████████████████████, his qualifications do not "provide a

foundation for him to answer a specific question." *See Gayton*, 593 F.3d at 616. In an analogous

case, the plaintiff's expert, despite his "impressive credentials and extensive research in many

areas of policing," was deemed unqualified to opine on the culture of the Chicago police force

because he had "never conducted any research on the Chicago Police Department. Besides

reviewing the materials Plaintiff's counsel sent him, [the expert] failed to familiarize himself

with the culture, structure and policies of the CPD—the specific subject of his expert testimony."

*Obrycka v. City of Chicago*, 792 F. Supp. 2d 1013, 1023-24 (N.D. Ill. 2011); *see also Callahan*

*v. City of Chicago*, 78 F. Supp. 3d 791 (N.D. Ill. 2015) (finding expert who worked in Chicago's

Department of Transportation unqualified where it was "not apparent that . . . [the expert]

acquired any specialized knowledge about tourism in Chicago, or about how the provision of

taxicab services intersects (or to what extent) with that industry").

## III.  THE COURT SHOULD EXCLUDE MR. HENDERSON'S OPINIONS BECAUSE THEY ARE NOT THE "PRODUCT OF RELIABLE PRINCIPLES AND METHODS"

Rule 702 of the Federal Rules of Evidence requires that a court exclude purported expert

testimony if it is not "the product of reliable principles and methods." Fed. R. Evid. 702(c). The

Supreme Court in *Daubert* laid out a non-exhaustive list of guideposts for determining

reliability: (1) whether the scientific theory can be or has been tested; (2) whether the theory has

been subjected to peer review and publication; and (3) whether the theory has been generally

accepted in the scientific community. *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579, 593-

94 (1993). Reliability "focuses on the methodology of the expert." *Neushwander*, 2017 WL

4572212, at *3. While it is true that expert testimony "is not unreliable simply because it is

founded on a witness's experience rather than on data,"[8] even a "supremely qualified expert cannot waltz into the courtroom and render opinions unless those opinions are based upon some recognized scientific method." *Clark v. Takata Corp.*, 192 F.3d 750, 759 n.5 (7th Cir. 1999). To offer a reliable opinion, an expert must "employ[ ] in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999).

As a preliminary matter, Mr. Henderson's purported testimony is suspect because he developed his "opinions expressly for purposes of testifying." *See Daubert v. Merrell Dow Pharm., Inc.*, 43 F.3d 1311, 1317 (9th Cir. 1995). As Mr. Henderson describes his approach, he

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

████████████ The Court should scrutinize Mr. Henderson's theory closely because it was created solely for purposes of testifying in this case. *See Am. Honda Motor Co.* v. *Allen,* 600 F.3d 813, 817 (7th Cir. 2010) (noting that theories created solely for litigation are subject to greater scrutiny).

Mr. Henderson was unable to identify a reliable methodology upon which he relied. His approach was to ████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

███████████████████████████████████████████ Each of these blocks ██████

██████████████████████████████████████████████████████████ build upon one another. Each requires the Court to take Mr. Henderson at his word.

[8]     *Church v. Church Mut. Ins. Co.*, 2016 WL 772787 (N.D. Ill. Feb. 29, 2016) (Feinerman, J.) (quoting *Metavante Corp. v. Emigrant Sav. Bank*, 619 F.3d 748, 761 (7th Cir. 2010).

The foundation of Mr. Henderson's opinions is the assumption that ████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

██████████████████████

Mr. Henderson makes these conclusions even though he admitted that ████████████

████████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

This unreliable opinion has far-reaching effects because it was the foundation for Mr.

Henderson's conclusions.  For example, Mr. Henderson's opinion that ████████████

████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

██████████████████████

The Court should exclude Mr. Henderson's testimony because his opinions are only

linked to the facts of this case to the extent the Court accepts ████████████████

█████████ *See Zenith Elecs. Corp. v. WH-TV Broad. Corp.*, 395 F.3d 416, 418 (7th Cir. 2005) ("[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence which is connected to existing data only by the *ipse dixit* of the expert."); *Minasian v. Standard Chartered Bank, PLC*, 109 F.3d 1212, 1215 (7th Cir. 1997) ("Apparently we are supposed to take this on faith, because [the expert] did not gather any data on the subject, survey the published literature, or do any of the other things that a genuine expert does before forming an opinion."); *Obrycka*, 792 F. Supp. 2d at 1025 (excluding testimony where expert "does not explain how he arrived at those conclusions, or cite material(s) he relied upon"). The Court should exclude Mr. Henderson's testimony because he fails to explain how he "applied any specific expertise to the facts of this case." *See Neushwander*, 2017 WL 4572212, at *3 (excluding testimony where the expert "offers no methodology or process to show how he reached his conclusions; instead he merely gives his personal opinion on the facts.").

The Court should also exclude Mr. Henderson's testimony because his failure to provide objective criteria against which one could measure the facts of the case renders his opinions incapable of testing. *See Zenith*, 395 F.3d at 419 (noting that "expert intuition is neither normal among social scientists nor testable—and conclusions that are not falsifiable aren't worth much to either science or the judiciary").



It is not an "acceptable methodology" for an expert to "[t]alk[ ] off the cuff—deploying neither data nor analysis." *See Neushwander*, 2017 WL 4572212, at *3; *Minasian*, 109 F.3d at 1216 (affirming exclusion of expert affidavit where expert "does not identify and test any hypothesis; he does not identify hypotheses considered and rejected; indeed, he does not suggest any way in which his views may be falsified"). That is what Mr. Henderson did here. The Court should exclude his report and testimony.

## IV. THE COURT SHOULD EXCLUDE MR. HENDERSON'S OPINIONS BECAUSE THEY ARE NOT BASED "ON FACTS OR DATA IN THE CASE"

Rule 703 of the Federal Rules of Evidence provides that an expert "may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted." But if "the underlying assumptions cannot be proven by admissible, competent evidence, [an expert's opinion] would have no evidentiary support and would be irrelevant." *Loeffel Steel Prods. v. Delta Brands, Inc.*, 387 F. Supp. 2d 794, 808 (N.D. Ill .2005). Rule 703 is "not intended to abolish the hearsay rule and to allow a witness, under the guise of giving expert testimony, to in effect become the mouthpiece of the witnesses on whose statement or opinions the expert purports to base his opinion." *Id.*

Mr. Henderson's opinions are not based on facts or data in the case. As discussed above, he did not ███████████████████████████████████████████████████████████

███████████████████████████████████ An expert's reliance on ███████████████

fails to "rise above subjective belief or unsupported speculation." *See Elorac, Inc. v. Sanofi-Aventis Canada, Inc.*, 2017 WL 3592775, at *14 (N.D. Ill. Aug. 21, 2017) (excluding expert

opinion that was "not reliably rooted in facts or data because it is based on assumptions that are essentially speculative").  The Court should find inadmissible Mr. Henderson's opinions premised on this ████████████████ because experts in his field would not rely on such a ████████████████ in forming an opinion.

Mr. Henderson is effectively the mouthpiece of the plaintiff.  He admitted that ████

████████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████ The Court should exclude Mr. Henderson's opinions because he has "in effect become the mouthpiece of the witnesses on whose statements or opinions the expert purports to base his opinion."  *Loeffel*, 387 F. Supp. 2d at 808.  Reiterating what the plaintiffs told him is not proper testimony for an expert.  *See United States v. Brownlee*, 744 F.3d 479, 482 (7th Cir. 2014) (noting that an expert who "parrots an out-of-court statement is not giving expert testimony; he is a ventriloquist's dummy"); *Lang v. Kohl's Food Stores, Inc.*, 217 F.3d 919, 924 (7th Cir. 2000) ("Relaying the plaintiffs' likely testimony is not an example of expertise."); *Church*, 2016 WL 772787, at *5 (noting that plaintiffs cannot "deploy [an expert] as a vehicle to introduce . . . lay observations regarding what caused . . . damage"); *see also Robroy Industries-Texas, LLC v. Thomas & Betts Corp.*, 2017 WL 1319553 (E.D. Tex. Apr. 10, 2017) (collecting cases).

These hearsay concerns are especially acute because Mr. Henderson frequently ████

████████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████

## **CONCLUSION**

For the foregoing reasons, this Court should exclude the report and deposition testimony

of M. Todd Henderson.

MIZUHO BANK, LTD.

By: /s/ Jerome S. Fortinsky
One of Its Attorneys

Jonathan S. Quinn (#6200495)
jquinn@ngelaw.com
Jason A. Frye (#6292848)
jfrye@ngelaw.com
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street
Chicago, IL 60602-3801
(312) 269-8000

Jerome S. Fortinsky (admitted pro hac vice)
jfortinsky@shearman.com
John A. Nathanson (admitted pro hac vice)
john.nathanson@shearman.com
Jeffrey J. Resetarits (admitted pro hac vice)
jeffrey.resetarits@shearman.com
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022-6069
(212) 848-4000

Dated: February 1, 2018

---

[9] ████████████████████████████████████████

## CERTIFICATE OF SERVICE

The undersigned attorneys hereby certify that on the 1st day of February, 2018, they

caused this **Memorandum Of Law In Support Of Defendant Mizuho Bank, Ltd.'s Motion**

**To Exclude The Report and Testimony Of M. Todd Henderson** to be served by causing true

and accurate copies of such paper to be transmitted via ECF to all counsel of record,


/s/ Jerome S. Fortinsky


and via electronic mail to Mark Karpeles.


/s/ Chad M. Remus