**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GREGORY GREENE, JOSEPH LACK, ANTHONY MOTTO, and GREGORY PEARCE, individually and on behalf of all others similarly situated, | |
| *Plaintiffs*, | Case No. 14 C 01437 |
| v. | Judge Gary Feinerman |
| MIZUHO BANK, LTD., a Japanese financial institution, and MARK KARPELES, an individual, | Magistrate Judge Susan E. Cox |
| *Defendants*. | |

**MOTION FOR LEAVE TO FILE MIZUHO'S MEMORANDUM OF LAW IN
OPPOSITION TO MOTION FOR CLASS CERTIFICATION AND CERTAIN
ACCOMPANYING EXHIBITS UNDER SEAL**

Defendant Mizuho Bank, Ltd. ("Mizuho"), by its attorneys, and pursuant to Northern

District of Illinois Local Rule 26.2, respectfully moves for an Order of this Court allowing it to

file Mizuho's Memorandum of Law in Opposition to Class Certification ("Opposition to Class

Certification") and certain accompanying exhibits under seal.[1]

1.      Mizuho's Opposition to Class Certification quotes from and discusses the

substance of the following 25 documents, each of which the parties have marked

"CONFIDENTIAL" OR "ATTORNEYS' EYES ONLY" (the "Confidential Documents")

pursuant to the Stipulated Protective Order entered by this Court in this case on January 26, 2016

---

[1] Mizuho continues to contest this Court's personal jurisdiction over it in this litigation, and does not consent to jurisdiction by virtue of this filing, but is instead filing necessary documents in this litigation to avoid being found in default, or otherwise prejudicing its position, and reserves all rights.

(Doc. No. 178), and is submitted as an exhibit (denoted below as "Ex. __") to the Declaration of Jerome S. Fortinsky (the "Fortinsky Declaration") accompanying the Opposition to Class Certification:

(1)     the expert report of Mark T. Williams, dated November 16, 2017 (Ex. 8);

(2)     excerpts from the transcript of the August 9, 2017 deposition of Mizuho Bank, Ltd., by Yasuo Imaizumi (Ex. 9);

(3)     Mizuho Bank Ltd.'s Second Supplemental Response to Plaintiffs' First Set of Interrogatories, dated November 11, 2016 (Ex. 10);

(4)     a certified translation of an internal Mizuho business record, dated June 7, 2013, produced by Mizuho bearing Bates numbers MIZ_0003441 through MIZ_0003442 (Ex. 13);

(5)     a certified translation of an internal Mizuho business record, dated June 21, 2013, produced by Mizuho bearing Bates numbers MIZ_0003764 through MIZ_0003766 (Ex. 14);

(6)     a certified translation of an internal Mizuho business record, dated June 28, 2013, produced by Mizuho bearing Bates numbers MIZ_0003467 through MIZ_0003468 (Ex. 15);

(7)     a certified translation of an internal Mizuho business record, dated July 29, 2013, produced by Mizuho bearing Bates numbers MIZ_0003474 through MIZ_0003475 (Ex. 16);

(8)     a certified translation of an internal Mizuho business record, dated August 19, 2013, produced by Mizuho bearing Bates numbers MIZ_0003480 through MIZ_0003484 (Ex. 17);

(9)     a certified translation of an internal Mizuho business record, dated September 30, 2013, produced by Mizuho bearing Bates number MIZ_0003376 (Ex. 18);

(10)    a certified translation of an internal Mizuho business record, dated October 31, 2013, produced by Mizuho bearing Bates number MIZ_0003165 (Ex. 19);

(11)    a certified translation of an internal Mizuho business record, dated November 30, 2013, produced by Mizuho bearing Bates number MIZ_0003343 (Ex. 20);

(12)    a printout of an internal Mizuho business record, produced by Mizuho in native format bearing Bates number MIZ_0002568 (Ex. 21);

(13)    a printout of a spreadsheet, which was produced by non-party Deutsche Bank in native format bearing Bates number DB_000001 (Ex. 22);

(14)    Mizuho Bank Ltd.'s Responses and Objections to Plaintiff Anthony Motto's First Set of Interrogatories, dated June 13, 2017 (Ex. 23);

(15)    a certified translation of an internal Mizuho business record, dated July 17, 2013, produced by Mizuho bearing Bates number MIZ_0003472 (Ex. 24);

(16)    a printout of an internal Mizuho business record, produced by Mizuho in native format bearing Bates number MIZ_0002569 (Ex. 25);

(17)    excerpts from the transcript of the January 11, 2018 deposition of Andrew J. Rasmussen (Ex. 26);

(18)    a document produced in discovery by former plaintiff Gregory Pearce bearing Bates numbers Pearce 001455 through Pearce 001459 (Ex. 27);

(19) a certified translation of an internal Mizuho business record, dated August 30, 2013, bearing Bates numbers MIZ_0003485 through MIZ_0003486 (Ex. 32);

(20) excerpts from the transcript of the July 26, 2017 deposition of Anthony Motto (Ex. 33);

(21) a document produced in discovery by plaintiff Anthony Motto bearing Bates numbers MOTTO 00201 through MOTTO 00203 (Ex. 34);

(22) the Declaration of Shuichiro Mita, dated January 30, 2018, with Exhibits A-G (Ex. 35);

(23) a document produced in discovery by plaintiff Anthony Motto bearing Bates number MOTTO 001104 (Ex. 36);

(24) excerpts of a document produced in discovery by former plaintiff Gregory Pearce bearing Bates numbers Pearce 000025 through Pearce 001446 (Ex. 37); and

(25) the expert report of Bruce Strombom, Ph.D., dated February 1, 2018 (Ex. 40).

2. The aforementioned Stipulated Protective Order provides that "[a]ny Discovery Material designated as 'CONFIDENTIAL' or 'ATTORNEYS' EYES ONLY' submitted to the Court (including documents or materials containing information therefrom), shall be labeled 'CONFIDENTIAL' or 'ATTORNEYS' EYES ONLY' as the case may be, and shall be filed under seal." Doc. No. 178 at ¶ 18.

3. Because the Opposition to Class Certification and Exhibits 8-10, 13-27, 32-37, and 40 to the accompanying Fortinsky Declaration constitute or quote from and discuss the substance of the Confidential Documents, Mizuho requests that the Court grant it leave to file the Opposition to Class Certification and Exhibits 8-10, 13-27, 32-37, and 40 to the accompanying

Fortinsky Declaration under seal with access limited to the Court, attorneys of record, and parties to this case. *See, e.g.*, *Cusack v. Bank United of Texas FSB*, 159 F.3d 1040, 1042 (7th Cir. 1998) (affirming the district judge's order that certain information be filed under seal with the court, noting the "low public value of disclosure in the circumstances weighed against the possible costs to the defendant of that disclosure").

4.     Mizuho is filing redacted versions of the Opposition to Class Certifications and Exhibits 8-10, 13-27, 32-37, and 40 to the accompanying Fortinsky Declaration on the public docket, and is filing unredacted versions of these documents under seal, subject to the Court's ruling on this Motion for Leave to File Under Seal.

WHEREFORE, Defendant Mizuho respectfully requests the Court to enter an Order granting it leave to file its Opposition to Class Certification and Exhibits 8-10, 13-27, 32-37, and 40 to the accompanying Fortinsky Declaration under seal.

MIZUHO BANK, LTD.

By:____/s/ Jerome S. Fortinsky_____
     One of Its Attorneys

Jonathan S. Quinn (#6200495)
jquinn@ngelaw.com
Jason A. Frye (#6292848)
jfrye@ngelaw.com
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street
Chicago, IL  60602-3801
(312) 269-8000

Jerome S. Fortinsky (admitted *pro hac vice*)
jfortinsky@shearman.com
John A. Nathanson (admitted *pro hac vice*)
john.nathanson@shearman.com
Jeffrey J. Resetarits (admitted *pro hac vice*)
jeffrey.resetarits@shearman.com
SHEARMAN & STERLING LLP
599 Lexington Avenue

New York, NY 10022-6069
(212) 848-4000

Dated: February 1, 2018

**CERTIFICATE OF SERVICE**

The undersigned attorneys hereby certify that on February 1, 2018 we caused a true and accurate copy of the foregoing **Motion For Leave To File Mizuho's Memorandum of Law in Opposition to Motion for Class Certification and Certain Accompanying Exhibits** to be served upon all counsel of record via ECF and via electronic mail to Mark Karpeles.

/s/ Jerome S. Fortinsky

/s/ Chad M. Remus