FILED
2/2/2018
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT
PK
14-CV-1437
JUDGE FEINERMAN
MAGISTRATE JUDGE COX

# BEFORE THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE MT. GOX LITIGATION | MDL-_____ |

### PLAINTIFF ANTHONY MOTTO'S MEMORANDUM IN SUPPORT OF MOTION FOR CONSOLIDATION AND TRANSFER PURSUANT TO 28 U.S.C. § 1407

**I.  INTRODUCTION**

These separate actions began as a single action in the Northern District of Illinois before the Honorable Gary Feinerman. Well into the case, however, Defendant Mizuho Bank, citing the Supreme Court's recent decision in *Bristol-Myers Squibb Co. v. Superior Court of Cal.*, 137 S. Ct. 1773 (2017), moved to partially reconsider the denial of an earlier motion to dismiss for lack of personal jurisdiction. Judge Feinerman ultimately granted the motion for partial reconsideration. *See Greene v. Mizuho Bank Ltd.*, No. 14 C 1437, dkt. 312 (N.D. Ill. Dec. 11, 2017). Based on Judge Feinerman's interpretation of *Bristol-Myers*, several plaintiffs were forced to file separate actions in the jurisdictions in which they reside. Notwithstanding Judge Feinerman's decision, the actions share almost everything in common: the proposed classes overlap, the claims are essentially identical, the factual issues that must be resolved are common across the actions, and the necessary evidentiary record is identical for each class. Plaintiffs therefore respectfully move to consolidate these actions before Judge Feinerman under 28 U.S.C. § 1407. Consolidation will minimize duplicative discovery, eliminate the possibility for conflicting rulings, especially on key evidentiary issues, and generally conserve judicial

1

resources. And consolidation before Judge Feinerman is especially appropriate, given that the *Greene* action has been pending before him since 2014. Since that time he has issued orders on three substantial dispositive motions, presided over significant procedural motion practice, managed the discovery process, and presently has pending before him a comprehensively briefed motion for class certification. His familiarity with the case makes his courtroom an ideal forum for consolidating these cases.

## II.  FACTUAL BACKGROUND

The claims at issue in these actions arise out of the collapse of the Mt. Gox bitcoin exchange. *See* Fourth Amended Complaint, *Greene*, No. 14 C 1437, dkt. 245. Prior to its collapse Tokyo-based Mt. Gox was a major player in the bitcoin ecosystem. *See id.* ¶ 13. It boasted on its website that more than 80% of bitcoin-denominated transactions occurred on its platform. Unsurprisingly, then, thousands of individuals suffered economic losses related to the exchange's collapse. *Id.* ¶ 1.

Three days after the exchange "went dark" in February 2013 (that is, it no longer permitted users to access the trading platform and refused access to their accounts on the exchange's platform) Gregory Greene, a Chicago citizen, sued the corporate entities that owned the exchange (Mt. Gox K.K. and Tibanne K.K.) as well as various corporate officers (including Mark Karpeles, Gonzague Gay-Bouchery, and Jed McCaleb (who was a former officer)). *Greene*, No. 14 C 1437, dkt. 1. Shortly thereafter the complaint was amended to add Joseph Lack, a California citizen, as a plaintiff, and Mizuho Bank Ltd., which had served as Mt. Gox's principal banking partner, as a defendant. *Greene*, No. 14 C 1437, dkt. 37.

Against the Mt. Gox defendants, Greene and Lack, on behalf of a class of all Mt. Gox customers in the United States, brought claims for—among other things—fraud, conversion, and

2

negligence. *Greene*, No. 14 C 1437, dkt. 37 ¶¶ 75–213. These entities and individuals, plaintiffs alleged, had withheld vital information about security flaws, leading to the loss of bitcoin and government-issued currency (known in the bitcoin world as "fiat currency") held in accounts on the exchange. *See, e.g., id.* ¶¶ 77–96.

Against Mizuho, Greene and Lack brought claims for tortious interference with contract and breach of contract. *Id.* ¶¶ 128–131, 207–213. Mizuho was the only financial institution servicing Mt. Gox's American users but, plaintiffs alleged, had made the unilateral decision to cease processing international wire withdrawal requests. *Id.* ¶¶ 14, 28, 37. Thousands of such requests, submitted by American customers of Mt. Gox, had gone unfulfilled due to Mizuho's policies, interfering with the contractual relationship between plaintiffs and Mt. Gox. And Mizuho had concealed its actions, thereby withholding information plainly material to the decision to purchase bitcoin on Mt. Gox. *Id.* ¶¶ 4, 36, 42, 94, 211.

Mt. Gox K.K. and Tibanne K.K. petitioned for bankruptcy in Japan, and quickly sought domestic recognition of those proceedings. *Greene*, No. 14 C 1437, dkts. 24, 31. Bankruptcy courts in New York and Dallas granted those requests in 2014, forcing Greene and Lack to dismiss those defendants to avoid the effect of the bankruptcy stay. *Greene*, No. 14 C 1437, dkts. 106, 107, 146 at ¶¶ 44–45. McCaleb and Gay-Bouchery settled on an individual basis and were dismissed from the case as defendants. *Greene*, No. 14 C 1437, dkts. 143, 147. Karpeles announced his intention to contest personal jurisdiction and whether he had been properly served, *Greene*, No. 14 C 1437, dkt. 77 ¶ 3, but then ceased participating in the litigation, *Greene*, No. 14 C 1437, dkts. 121, 128.[1] In light of these developments, a second amended

---

[1] Judge Feinerman later approved plaintiffs' request to serve Karpeles by alternative

3

complaint was filed in April 2015, which refocused the litigation on Mark Karpeles and Mizuho Bank as the sole defendants, *Greene*, No. 14 C 1437, dkt. 146.

Mizuho moved to dismiss for lack of personal jurisdiction, arguing that it did not have minimum contacts with Illinois. *Id.*, dkt. 148. Judge Feinerman rejected that motion in 2016 on the condition that a putative Deposit Subclass representative from Illinois step forward to represent the subclass. *Greene*, No. 14 C 1437, dkts. 199–200. Shortly thereafter, Plaintiff Anthony Motto joined the lawsuit with the filing of Plaintiffs' Third Amended Complaint. *Greene*, No. 14 C 1437, dkt. 205.

Mizuho then moved to dismiss for failure to state a claim and under the doctrine of *forum non conveniens*. *Greene*, No. 14 C 1437, dkts. 217, 220. The motion was granted with respect to Greene's claim against the bank, but denied with respect to Lack's and Motto's claims against the bank for fraud and intentional interference with contract. *Greene*, No. 14 C 1437, dkts. 229, 230. The complaint was amended a final time to add Gregory Pearce, a Pennsylvania resident, who had unsuccessfully sought to withdraw fiat currencies from his account at Mt. Gox. *Greene*, No. 14 C 1437, dkt. 245. As against Mizuho, Pearce alleged only a claim for tortious interference with contract. *Id.* ¶¶ 122–130.

The parties then commenced more than nine months of fact discovery, including the exchange of thousands of documents, the depositions of Lack, Motto, and Pearce, the deposition of Mizuho, and third party discovery. Following the close of fact discovery, the parties commenced expert discovery. Lack, Motto, and Pearce designated two experts to testify on their behalf, and Mizuho designated two of its own. The parties are still working to complete expert depositions, and expect to do so within the next two months.

4

During the pendency of expert discovery, two motions were filed. First, Mizuho asked Judge Feinerman to reconsider his earlier ruling regarding personal jurisdiction in light of *Bristol-Myers Squibb Co. v. Superior Court of California*, 137 S. Ct. 1773 (2017). *Greene*, No. 14 C 1437, dkt. 282. Mizuho contended that *Bristol-Myers* required the court to dismiss the claims of Lack and Pearce because they had no connection to Illinois. *Id.* For their part, Lack, Motto, and Pearce moved for class certification, submitting a comprehensive 37-page motion supported by hundreds of pages of exhibits derived from the parties' intense discovery efforts. *Greene*, No. 14 C 1437, dkts. 294, 295.

Judge Feinerman granted Mizuho's motion to reconsider, but recognized that having the dismissed parties proceed in another state "while the rest of the case proceeds in Illinois is sub-optimal from an efficiency standpoint." *Greene*, No. 14 C 1437, dkt. 312, at 13. The motion for class certification remains pending. *Id.* at 12–13.

### III. JUDGE FEINERMAN'S RULING ON PERSONAL JURISDICTION

In granting Mizuho's motion to reconsider, Judge Feinerman concluded that the Supreme Court's *Bristol-Myers* decision required him to dismiss the claims of Lack and Pearce because *Bristol-Myers* required a plaintiff-by-plaintiff inquiry into personal jurisdiction and the claims of Lack and Pearce did not generate the kind of suit-based contacts with the forum necessary to exercise specific personal jurisdiction over Mizuho. *Greene*, No. 14 C 1437, dkt. 312, at 6–8. He noted that this did not necessarily foreclose the possibility that Motto could still represent a multi-state class, as other courts have noted. *Id.* at 8–9; *see Feller v. TransAmerica Life Ins. Co.*, 2017 WL 6496803, at *17 (C.D. Cal. Dec. 11, 2017); *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 2017 WL 5971622, at *12-*17 (E.D. La. Nov. 30, 2017); *Fitzhenry-Russell v. Dr. Pepper Snapple Grp., Inc.*, 2017 WL 4224723, at *3-*5 (N.D. Cal. Sept. 22, 2017). And

Judge Feinerman also noted that while separating the case into multiple lawsuits in multiple states would be inefficient, under *Bristol-Myers* it appeared that the Constitution required such a result. *Id.* at 13.

Shortly thereafter Lack and Pearce filed separate complaints in their home states. (*See* Lack Complaint and Docket, attached hereto as Exhibit A; Pearce Complaint and Docket, attached hereto as Exhibit B.) As is clear from the attached complaints, the allegations in the *Lack* and *Pearce* actions are virtually identical to the allegations in the *Greene* action. In all cases, the plaintiffs seek redress for losses caused by (1) Mark Karpeles's failure reasonably to safeguard the Mt. Gox Exchange; (2) Mark Karpeles's decision to conceal the security problems associated with the Exchange; (3) Mizuho Bank's decision not to process any outbound wire transfers from the Exchange's bank account at Mizuho; and (4) Mizuho's decision to conceal same. (Ex. A ¶¶ 58–84; Ex. B ¶¶ 62–101.) In light of Judge Feinerman's order several other individuals, who would have been members of the putative class, also have come forward wishing to file their own actions. Counsel anticipates that several more complaints, alleging materially identical injuries premised on identical facts, will be filed shortly and flagged here as potential tagalong actions. JPML Rule 1.1(h).

## IV. ARGUMENT

In these circumstances, consolidation of the actions listed in the contemporaneously-filed Schedule of Actions under 28 U.S.C. § 1407, along with any tag-along actions that will be filed in the coming weeks, before Judge Feinerman in the Northern District of Illinois is in the best interests of all parties. The MDL statute provides for transfer and consolidation of actions containing allegations with common questions of fact, if transfer "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C.

§ 1407(a). "The objective of transfer is to eliminate duplication in discovery avoid conflicting rulings and schedules, reduce litigation cost, and save the time and effort of the parties, the attorneys, the witnesses, and the courts." *Manual for Complex Litig.*, § 20.131 (4th ed. 2004). These considerations counsel strongly in favor of consolidation here. (Because it is unknown when or if Mr. Karpeles will ever participate in any of these United States-based proceedings, this motion focuses solely on the claims against Mizuho Bank. Regardless, consolidating the litigation against Mr. Karpeles is appropriate for the same reasons that consolidating the litigation against Mizuho is.)

### A. The constituent actions present numerous common questions of fact.

First, there are several issues of fact common to the claims against Mizuho Bank:

1. Whether Mizuho in fact ceased processing outbound international wire requests;

2. If so, for what reason did Mizuho cease processing such wire requests;

3. Whether Mizuho acted to conceal that it had ceased processing international wire requests;

4. Whether Mizuho was under a duty to disclose that it had ceased processing outbound international wire requests;

5. Whether customers of Mt. Gox relied upon the ability to withdraw fiat currencies from their accounts on Mt. Gox;

6. Whether any such reliance was reasonable under the circumstances; and

7. Whether Mizuho proximately caused any losses suffered by Mt. Gox customers.

The cases sought to be consolidated present two separate claims. The *Pearce* action presents a claim for intentional interference with contract. The *Lack* and *Greene* actions present claims for fraud (under a theory of omission or concealment). Factual issues 1 through 3 and 7 apply to both sets of cases. All seven common issues apply to the *Lack* and *Greene* actions. As

7

this Panel has observed, "the presence of additional facts or differing legal theories is not significant where, as here, the actions still arise from a common factual core." *In re Auto Body Shop Antitrust Litig.*, 37 F. Supp. 3d 1388, 1390 (J.P.M.L. 2014); *see In re Glaceau VitaminWater Mktg. & Sales Practices Litig.*, 764 F. Supp. 2d 1349, 1351 (J.P.M.L. 2011) (noting that "Section 1407 does not require a complete identity or even a majority of common factual or legal issues as a prerequisite to transfer" and ordering consolidation despite that some constituent actions potentially presented unique legal issues). It is indisputable that the actions listed in Schedule of Actions all share a common nucleus of operative fact—indeed, until very recently, all were being addressed in a single proceeding before Judge Feinerman in the Northern District of Illinois—making consolidation especially appropriate.

**B.  Consolidation is necessary to avoid conflicting and repetitive rulings.**

Given the substantial number of common issues, consolidation is especially warranted to avoid any conflicting and repetitive rulings. First, should the actions remain in separate courts, Mizuho is sure to renew its contentions regarding personal jurisdiction, creating the possibility that courts will reach inconsistent conclusions regarding the import of the Supreme Court's recent decisions regarding personal jurisdiction.

Second, each plaintiff proposes to represent a class. (Ex. A ¶¶ 52–57; Ex. B ¶¶ 56–61.) These will necessarily be multi-state classes, the reach of which will be determined in part by the trial court's conclusions regarding who the plaintiffs can adequately represent and what classes will be manageable. As presented by the complaints, the proposed classes overlap in attempting to represent "[a]ll persons in the United States who had bitcoins or money stored with Mt. Gox on February 24, 2014." (Ex. A ¶ 52; Ex. B ¶ 56.) Consolidation is therefore necessary to avoid the very real possibility of inconsistent class-certification decisions. *See, e.g., In re LLRice 601*

*Contamination Litig.*, 466 F. Supp. 2d 1351, 1352 (J.P.M.L. 2006) (highlighting need to avoid inconsistent rulings on class certification); *In re Enron Sec. Derivative & ERISA Litig.*, 196 F. Supp. 2d 1375, 1376 (J.P.M.L. 2002) (same); *see also In re Glaceau*, 764 F. Supp. 2d at 1350-51 (ordering actions consolidated when constituent actions shared a common factual core even though actions arguably presented "questions of law [] unique to the various jurisdictions in which actions have been filed").

Third, following any order(s) on class certification, the parties will doubtlessly move for summary judgment. Should the matters remain in different courts for pretrial decisions, this again runs the risk of inconsistent rulings on identical facts. *See, e.g.*, *In re Temporomandibular Joint (TMJ) Implants Prod. Liab. Litig.*, 844 F. Supp. 1553, 1554 (J.P.M.L. 1994) (finding centralization under Section 1407 was necessary to "prevent inconsistent pretrial rulings (especially with respect to class certifications and summary judgments)"). For all these reasons, transfer and consolidation of the actions under Section 1407 is appropriate.

### C. Consolidation will conserve the resources of the parties, counsel, and the judiciary.

Given the complex motion practice already exhibited throughout the course of the *Greene* matter, consolidation will produce significant efficiencies for the court system. As the *Greene* action shows, motion practice in these cases promises to be particularly complex. *See* No. 14 C 1437, dkts. 149, 172, 178, 183, 207, 294–95. Indeed, Judge Feinerman recognized that his dismissal of Lack and Pearce on jurisdictional grounds would cause inefficiencies once their cases were refiled. *Greene*, No. 14 C 1437, dkt. 312, at 13. Under these circumstances, it would be far more efficient to require the parties to litigate the many complex motions only once. Consolidation will conserve judicial resources by requiring only one judge to familiarize him- or herself with the evidence and the relevant law, and rule on the complex legal and factual

questions present in the case. Consolidation will also conserve the resources of the parties and their counsel, by eliminating any potential need for duplicative discovery or to litigate the same legal and factual issues in several fora.

### D. Transfer to the Northern District of Illinois is most appropriate here.

Finally, Judge Feinerman's courtroom in the Northern District of Illinois is the most appropriate transferee forum. The statute provides no explicit criteria for determining the appropriate transferee forum, but it is clear that the Panel's choice should further the statute's goal of "promot[ing] the just and efficient conduct" of the constituent actions. 28 U.S.C. § 1407(a).

Here, it is clear that transferring the instant actions to Judge Feinerman's courtroom is the most efficient way to proceed. Judge Feinerman has presided over the *Greene* matter for going on four years and during that time, has ruled on several complex motions, and has had the opportunity to consider many of the relevant factual issues presented by the litigation. The Panel has frequently recognized that transfer to the court with the most advanced constituent action is often the best course. *See, e.g., In re Glaceau*, 764 F. Supp. 2d at 1351 (transferring action to court because "the action in that district has been pending for two years, and is far more advanced than any other in this litigation"); *In re Activated Carbon-Based Hunting Clothing Mktg. & Sales Practices Litig.*, 626 F. Supp. 2d 1358, 1359 (J.P.M.L. 2009) (transferring action to the District of Minnesota and observing that "it is likely that substantial efficiencies will occur by including the Minnesota action in MDL No. 2059 proceedings so that discovery and other pretrial proceedings already completed in the Minnesota action can inure to the benefit of the newly-filed actions"); *In re Cintas Corp. Overtime Pay Arb. Litig.*, 444 F. Supp. 2d 1353, 1355 (J.P.M.L. 2006) (transferring actions to "the district [] where the first filed and significantly more

advanced action is pending before a judge already well versed in the issues presented by the litigation"). The same result is appropriate here. "There are real economies in transferring [these] cases" to Judge Feinerman, "who has been handling [this] litigation for several years." *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990). Additionally, as this Panel has observed, Judge Feinerman is "an able and experienced jurist." *In re 100% Grated Parmesan Cheese Mktg. & Sales Practices Litig.*, 201 F. Supp. 3d 1375, 1379 (J.P.M.L. 2016) (assigning cases to Judge Feinerman for coordinated or consolidated pretrial proceedings).

## V.     CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Panel centralize the Mizuho Bank actions for coordinated or consolidated pretrial proceedings in the Northern District of Illinois before Judge Feinerman.

Dated: January 31, 2018

Respectfully submitted,

By: /s/ Rafey S. Balabanian
*An Attorney for Plaintiff Anthony Motto*

Benjamin S. Thomassen
bthomassen@edelson.com
Edelson PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Rafey S. Balabanian
rbalabanian@edelson.com
J. Aaron Lawson
alawson@edelson.com
Edelson PC
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: 415.212.9300
Fax: 415.373.9495

11

*Counsel for Plaintiff Anthony Motto*

*Attorneys for Plaintiffs:*

Case No. 1:14-cv-00441, *Greene v. Mizuho Bank, Ltd., et al.*, in the United States District Court for the Northern District of Illinois

Case No. 2:18-cv-00617, *Lack v. Mizuho Bank, Ltd., et al.*, in the United States District Court for the Central District of California

Case No. 2:18-cv-00306, *Pearce v. Mizuho Bank, Ltd., et al.*, in the United States District Court for the Eastern District of Pennsylvania

## BEFORE THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE MT. GOX LITIGATION

MDL-_____

### SCHEDULE OF ACTIONS

|   | Caption and Parties | District/Division | Case Number | Judge |
|---|---|---|---|---|
| 1. | **Plaintiffs:**<br>GREGORY GREENE and ANTHONY MOTTO, individually and on behalf of all others similarly situated<br>**Defendants:**<br>MIZUHO BANK, LTD., a Japanese financial institution, and MARK KARPELES, an individual | Northern District of Illinois, Eastern Division | 1:14-cv-01437 | Hon. Gary Feinerman |
| 2. | **Plaintiff:**<br>JOSEPH LACK, individually and on behalf of all others similarly situated<br>**Defendant:**<br>MIZUHO BANK, LTD., a Japanese financial institution, and MARK KARPELES, an individual | Central District of California, Western Division | 2:18-cv-00617 | Hon. R. Gary Krause |
| 3 | **Plaintiff:**<br>GREGORY PEARCE, individually and on behalf of all others similarly situated<br>**Defendant:**<br>MIZUHO BANK, LTD., a Japanese financial institution, and MARK KARPELES, an individual | Eastern District of Pennsylvania, Philadelphia Division | 2:18-cv-00306 | Hon. Robert F. Kelly |

Dated: January 31, 2018

Respectfully submitted,

EDELSON PC
By: /s/ Rafey S. Balabanian

Jay Edelson
jedelson@edelson.com
Benjamin S. Thomassen
bthomassen@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Rafey S. Balabanian
rbalabanian@edelson.com
J. Aaron Lawson
alawson@edelson.com
EDELSON PC
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: 415.212.9300
Fax: 415.373.9495

*Attorneys for Plaintiffs*:

Case No. 1:14-cv-01437, *Greene v. Mizuho Bank, Ltd., et al.*, in the United States District Court for the Northern District of Illinois

Case No. 2:18-cv-00617, *Lack v. Mizuho Bank, Ltd., et al.*, in the United States District Court for the Central District of California

Case No. 2:18-cv-00306, *Pearce v. Mizuho Bank, Ltd., et al.*, in the United States District Court for the Eastern District of Pennsylvania.

2

# BEFORE THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE MT. GOX LITIGATION | MDL-_____ |

## PROOF OF SERVICE

I, Rafey S. Balabanian, hereby certify that I caused to be served the foregoing Motion, Memorandum in Support of Motion, Schedule of Actions, and Exhibits A through C, and this Proof of Service by email through the ECF system or by First Class Mail, as indicated below, on January 31, 2018 to the following individuals:

**Mizuho Bank, Ltd.**

Jonathan S. Quinn
Jason A. Frye
Neal, Gerber & Eisenberg LLP
Two North LaSalle Street
Chicago, IL 60602-3801

Jerome S. Fortinsky
John A. Nathanson
Jeffrey J. Resetarits
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY 10022-6069
(212) 848-4000

*Attorneys for Defendant Mizuho Bank, Ltd.*

**Clerks of Court**

Clerk of Court
Everett McKinley Dirksen
United States Courthouse

1

219 South Dearborn Street
Chicago, IL 60604

Clerk of Court
U.S. District Court, Eastern District of Pennsylvania
2609 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1797

Clerk of Court
U.S. District Court, Central District of California
312 North Spring Street
Los Angeles, CA 90012-4701

**Mark Karpeles**

I further caused the foregoing Motion, Memorandum in Support of Motion, Schedule of Actions, and Exhibits A through C, and this Proof of Service to be transmitted to and served upon **Defendant Mark Karpeles** via email at magicaltux@gmail.com and through Certified United States Mail on his former counsel, Richard Douglass, Novack and Macey, LLP, 100 North Riverside Plaza, Suite 1500, Chicago, IL 60606. Mr. Karpeles lives in Japan and our office presently knows of no way to physically mail or—apart from the methods identified above—serve him with copies of any legal documents. Our prior attempts to do so are well-documented in a Motion to Approve Alternative Service on Defendant Mark Karpeles, which was filed at Docket Number 232 in the *Greene v. Mizuho Bank, Ltd., et. al*, No. 1:14-cv-01437 (N.D. Ill.) litigation, and included attempted service through Mr. Karpeles' previously-utilized service agents in the United States, along with the processes set out through *The Hague Convention on the Service Abroad of Judicial and Extra Judicial Documents in civil or Commercial Matters*.

In the *Greene* litigation, Judge Feinerman granted Plaintiff's Motion to Approve Alternative Service, (dkt. 235), and otherwise permitted service on Mark Karpeles "via his personal email address (magicaltux@gmail.com), and also via certified mail and email on his

2

former counsel, Richard Douglass, Novack and Macey, LLP, 100 North Riverside Plaza, Suite 1500, Chicago, IL 60606," (dkt. 264). While Mr. Karpeles is named in the *Greene* litigation and has occasionally corresponded with both counsel for plaintiffs and counsel for Mizuho Bank about the matter (via email from the "magicaltux@gmail.com" address), he has not participated in the case since his counsel at Novak and Macey withdrew from the case in January 2015.

Dated: January 31, 2018

Respectfully submitted,

**EDELSON PC**
By: /s/ Rafey S. Balabanian

Jay Edelson
jedelson@edelson.com
Benjamin S. Thomassen
bthomassen@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Rafey S. Balabanian
rbalabanian@edelson.com
J. Aaron Lawson
alawson@edelson.com
EDELSON PC
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: 415.212.9300
Fax: 415.373.9495

*Attorneys for Plaintiffs:*

Case No. 1:14-cv-01437, *Greene v. Mizuho Bank, Ltd., et al.*, in the United States District Court for the Northern District of Illinois

Case No. 2:18-cv-00617, *Lack v. Mizuho Bank, Ltd., et al.*, in the United States District Court for the Central District of California

3

Case No. 2:18-cv-00306, *Pearce v. Mizuho Bank, Ltd., et al.*, in the United States District Court for the Eastern District of Pennsylvania.