Exhibit 10

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREGORY GREENE and JOSEPH LACK, individually and on behalf of all others similarly situated,<br><br>    *Plaintiffs*,<br><br>v.<br><br>MIZUHO BANK, LTD., a Japanese financial institution, and MARK KARPELES, an individual,<br><br>    *Defendants*. | Case No. 1:14-cv-01437<br><br>Judge Gary Feinerman<br>Magistrate Judge Susan Cox |

## MIZUHO BANK, LTD.'S SECOND SUPPLEMENTAL RESPONSE TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rule 33.1 of the Local Civil Rules of the United States District Court for the Northern District of Illinois, Defendant Mizuho Bank, Ltd. ("Mizuho"), by and through its undersigned attorneys, hereby further supplements its responses and objections to the plaintiffs' first set of interrogatories, dated December 22, 2015 (the "Interrogatories").[1]

## RESERVATION OF RIGHTS

Mizuho incorporates by reference its reservation of rights as stated in Mizuho Bank Ltd.'s Responses and Objections to Plaintiffs' First Set of Interrogatories, dated January 25, 2016 (the "Responses"), and Mizuho Bank Ltd.'s Supplemental Response to Plaintiffs' First Set of Interrogatories, dated April 22, 2016 (the "First Supplemental Response"). Mizuho also reserves the right to modify, correct, or further supplement its responses herein. Mizuho's responses to

---

[1] Defined terms shall have the same meaning as they do in the Responses and First Supplemental Response unless otherwise noted herein.

the Interrogatories should not be construed to prejudice its right to conduct further investigation, discovery and research, or to limit Mizuho's right to utilize any additional evidence that may be discovered.

## GENERAL OBJECTIONS

Mizuho incorporates by reference its General Objections as stated in the Responses.

## OBJECTIONS TO DEFINITION AND INSTRUCTIONS

Mizuho incorporates by reference its Objections to Definitions and Instructions as stated in the Responses.

## SPECIFIC OBJECTIONS AND SECOND SUPPLEMENTAL RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1:

Describe Your business relationship with Mt. Gox or Mark Karpeles, Including Identifying:

(a) any contract, agreement, or written or oral understandings (and amendments thereto) between You and Mt. Gox or Mark Karpeles;

(b) the date You entered into any business relationship with Mt. Gox or Mark Karpeles;

(c) the date that Your business relationship with Mt. Gox or Mark Karpeles was terminated;

(d) the number and type of accounts You held on behalf of Mt. Gox or Mark Karpeles; and

(e) any financial benefit, including any commissions, fees, or payments and total amount, which You received through or as a result of Your relationship with Mt. Gox or Mark Karpeles.

### RESPONSE TO INTERROGATORY NO. 1:

Mizuho objects to this Interrogatory on the ground that it is overbroad and unduly burdensome because it seeks information for a time period covering more than six years. Mizuho further objects to this Interrogatory to the extent it seeks information protected by Japanese Data Privacy

Laws. Mizuho further objects to this Interrogatory because "business relationship," "written or oral understandings," "amendments thereto," and "financial benefit" are vague and ambiguous and undefined. Mizuho further objects to this Interrogatory on the ground that it contains multiple discrete subparts that, when considered with the other Interrogatories, would exceed the plaintiffs' limit of twenty-five interrogatories. Mizuho further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, or any other legally cognizable privilege or protection. Mizuho further objects to this Interrogatory to the extent it seeks information irrelevant to the subject matter of the Action. Mizuho further objects to this Interrogatory to the extent it seeks information that is more easily obtained by deposition or by reviewing documents produced by Mizuho. Mizuho further objects to this Interrogatory to the extent it seeks information about Mizuho's business relationship with anyone other than Mt. Gox Co., Ltd. ("Mt. Gox").

Subject to and without waiving any of its objections, and based on information currently known and available to Mizuho, Mizuho responds to Interrogatory No. 1 as follows:

Mt. Gox opened bank accounts at Mizuho's Shibuya Branch in September and October 2012 and closed the accounts in July 2014. The agreements governing the bank accounts can be found at MIZ_0000001 to MIZ_0000016 and MIZ_0000063 to MIZ_0000095. Mt. Gox maintained two deposit accounts for yen and a number of deposit accounts for foreign currencies, including U.S. dollars. From October 2012 to approximately August 11, 2013, Mizuho charged Mt. Gox (i) a handling fee of JPY1,000 for inbound cash wire transfers, and (ii) a fee of JPY1,000 for outbound cash wire transfers when Mt. Gox used online banking services to initiate the outbound cash wire transfer. As it often did with large corporations or corporations that had a large volume of transactions, Mizuho gave Mt. Gox a discount from its

3

standard fees. Starting on or around August 12, 2013, Mizuho started charging Mt. Gox its standard fees, which were (i) a handling fee of JPY1,500 for inbound cash wire transfers, (ii) a fee of JPY4,000 for outbound cash wire transfers when Mt. Gox used online banking services to initiate the outbound cash wire transfer to another bank, and (iii) a general fee of .05% of the amount transferred with a minimum fee of JPY2,500. Mizuho charged separate fees for foreign currency exchange transactions.

### INTERROGATORY NO. 2:

Identify and Describe the number, type of account You maintained, date account was opened and closed, transaction history, name, and address associated with each Mt. Gox Customer.

### RESPONSE TO INTERROGATORY NO. 2:

Mizuho objects to this Interrogatory on the ground that it is overbroad and unduly burdensome because it seeks information for a time period covering more than six years. Mizuho further objects to this Interrogatory to the extent it seeks information protected by Japanese Data Privacy Laws. Mizuho further objects to this Interrogatory on the ground that it contains multiple discrete subparts that, when considered with the other Interrogatories, would exceed the plaintiffs' limit of twenty-five interrogatories. Mizuho further objects to this Interrogatory to the extent it seeks information irrelevant to the subject matter of the Action. Mizuho further objects to this Interrogatory because it seeks discovery that is not proportional to the needs of the case, considering the importance of the discovery in resolving the issues, and because the burden and expense of the proposed discovery outweigh its likely benefit.

Subject to and without waiving any of its objections, and based on information currently known and available to Mizuho, Mizuho responds to Interrogatory No. 2 as follows:

Mizuho did not maintain any bank accounts for Mt. Gox customers in connection with the customers' relationship with Mt. Gox.

**INTERROGATORY NO. 3:**

Identify and Describe any accounts, assets, property, and banking services You provided to Mark Karpeles, Mt. Gox, and Mt. Gox Exchange, Including but not limited to, any services Related To the deposit or withdrawal of funds and wire transfers.

**RESPONSE TO INTERROGATORY NO. 3:**

Mizuho objects to this Interrogatory on the ground that it is overbroad and unduly burdensome because it seeks information for a time period covering more than six years. Mizuho further objects to this Interrogatory to the extent it seeks information protected by Japanese Data Privacy Laws. Mizuho further objects to this Interrogatory on the ground that it contains multiple discrete subparts that, when considered with the other Interrogatories, would exceed the plaintiffs' limit of twenty-five interrogatories. Mizuho further objects to this Interrogatory to the extent it seeks information irrelevant to the subject matter of the Action. Mizuho further objects to this Interrogatory to the extent it seeks information that is more easily obtained by deposition or by reviewing documents produced by Mizuho. Mizuho further objects to this Interrogatory because it seeks discovery that is not proportional to the needs of the case, considering the importance of the discovery in resolving the issues, and because the burden and expense of the proposed discovery outweigh its likely benefit. Mizuho further objects to this Interrogatory to the extent it seeks information about Mizuho's business relationship with anyone other than Mt. Gox.

Subject to and without waiving any of its objections, and based on information currently known and available to Mizuho, Mizuho responds to Interrogatory No. 3 as follows:

Pursuant to the agreements between Mizuho Bank, Ltd. (Shibuya Branch) and Mt. Gox, which can be found at MIZ_000001 to MIZ_0000016 and MIZ_0000063 to MIZ_0000095, Mt. Gox had access to various banking services, including e-banking, currency exchange, and wire transfer services.

**INTERROGATORY NO. 4:**

Identify and Describe the total number and amount of deposits You received from Mt. Gox Customers in the United States for or on behalf of Mt. Gox and/or the Mt. Gox Exchange, Including Identifying the date You received and processed each individual deposit, the amount of each deposit, any transaction fee You charged, whether and in what amount the deposit has been withdrawn, and the address from which each deposit originated/was sent.

**RESPONSE TO INTERROGATORY NO. 4:**

Mizuho objects to this Interrogatory on the ground that it is overbroad and unduly burdensome because it seeks information for a time period covering more than six years. Mizuho further objects to this Interrogatory to the extent it seeks information protected by Japanese Data Privacy Laws. Mizuho further objects to this Interrogatory because "processed" is vague and ambiguous and undefined. Mizuho further objects to this Interrogatory on the ground that it contains multiple discrete subparts that, when considered with the other Interrogatories, would exceed the plaintiffs' limit of twenty-five interrogatories. Mizuho further objects to this Interrogatory to the extent it seeks information that is more easily obtained by deposition or by reviewing documents produced by Mizuho. Mizuho further objects to this Interrogatory because it seeks discovery that is not proportional to the needs of the case, considering the importance of the discovery in resolving the issues, and because the burden and expense of the proposed discovery outweigh its likely benefit.

Subject to and without waiving any of its objections, and based on information currently known and available to Mizuho, Mizuho responds to Interrogatory No. 4 as follows:

Mizuho has produced documents that can be found at MIZ_000096 to MIZ_0002568 that provides information responsive to this Interrogatory.

**INTERROGATORY NO. 5:**

Identify and Describe the total number of wire withdrawals You processed for Mt. Gox Customers in the United States for or on behalf of Mt. Gox and/or the Mt. Gox Exchange, Including Identifying the date You received each individual withdrawal request, whether You processed the withdrawal and when, the amount of each withdrawal, any transaction fee You charged, and the address to where each withdrawal was sent.

**RESPONSE TO INTERROGATORY NO. 5:**

Mizuho objects to this Interrogatory on the ground that it is overbroad and unduly burdensome because it seeks information for a time period covering more than six years. Mizuho further objects to this Interrogatory to the extent it seeks information protected by Japanese Data Privacy Laws. Mizuho further objects to this Interrogatory because "processed" is vague and ambiguous and undefined. Mizuho further objects to this Interrogatory on the ground that it contains multiple discrete subparts that, when considered with the other Interrogatories, would exceed the plaintiffs' limit of twenty-five interrogatories. Mizuho further objects to this Interrogatory to the extent it seeks information that is more easily obtained by deposition or by reviewing documents produced by Mizuho. Mizuho further objects to this Interrogatory because it seeks discovery that is not proportional to the needs of the case, considering the importance of the discovery in resolving the issues, and because the burden and expense of the proposed discovery outweigh its likely benefit. Mizuho further objects to this Interrogatory because it is unclear whether it seeks information about wire withdrawals for Mt. Gox's customers or Mt. Gox.

Subject to and without waiving any of its objections, and based on information currently known and available to Mizuho, Mizuho responds to Interrogatory No. 5 as follows:

Mizuho has produced documents that can be found at MIZ_000096 to MIZ_0002567 and MIZ_0002569 that provides information responsive to this Interrogatory.

**INTERROGATORY NO. 6:**

Describe the process through which Mt. Gox Customers could request to withdraw funds from their accounts on the Mt. Gox Exchange, including any changes to relevant policies, processes or requirements You made during the Relevant Time Period, Including describing the information required to complete the withdrawal, associated transaction fees charged, and Identifying the key Persons responsible for compiling and processing requests.

**RESPONSE TO INTERROGATORY NO. 6:**

Mizuho objects to this Interrogatory on the ground that it is overbroad and unduly burdensome because it seeks information for a time period covering more than six years. Mizuho further objects to this Interrogatory to the extent it seeks information protected by Japanese Data Privacy Laws. Mizuho further objects to this Interrogatory on the ground that it contains multiple discrete subparts that, when considered with the other Interrogatories, would exceed the plaintiffs' limit of twenty-five interrogatories. Mizuho further objects to this Interrogatory to the extent it seeks information that is more easily obtained by deposition or by reviewing documents produced by Mizuho. Mizuho further objects to this Interrogatory because it seeks discovery that is not proportional to the needs of the case, considering the importance of the discovery in resolving the issues, and because the burden and expense of the proposed discovery outweigh its likely benefit. Mizuho further objects to this Interrogatory on the ground that it seeks information not in Mizuho's possession, custody, or control.

Subject to and without waiving any of its objections, and based on information currently known and available to Mizuho, Mizuho responds to Interrogatory No. 6 as follows:

Mizuho did not communicate with Mt. Gox's customers and does not know the process that Mt. Gox's customers used to request cash from their accounts with Mt. Gox. Mizuho processed outbound wire transfers based on instructions from its customer, Mt. Gox.

**INTERROGATORY NO. 7:**

Describe the process through which Mt. Gox Customers could deposit funds into the Mt. Gox Exchange, including any changes to relevant policies, processes or requirements You made during the Relevant Time Period, Including describing the information required to complete the deposit, the name of the account where deposits were sent, and Identifying the key Persons responsible for accepting deposits.

**RESPONSE TO INTERROGATORY NO. 7:**

Mizuho objects to this Interrogatory on the ground that it is overbroad and unduly burdensome because it seeks information for a time period covering more than six years. Mizuho further objects to this Interrogatory to the extent it seeks information protected by Japanese Data Privacy Laws. Mizuho further objects to this Interrogatory on the ground that it contains multiple discrete subparts that, when considered with the other Interrogatories, would exceed the plaintiffs' limit of twenty-five interrogatories. Mizuho further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, or any other legally cognizable privilege or protection. Mizuho further objects to this Interrogatory to the extent it seeks information that is more easily obtained by deposition or by reviewing documents produced by Mizuho. Mizuho further objects to this Interrogatory because it seeks discovery that is not proportional to the needs of the case, considering the importance of the discovery in resolving the issues, and because the burden and expense of the proposed discovery outweigh its likely benefit.

Subject to and without waiving any of its objections, and based on information currently known and available to Mizuho, Mizuho responds to Interrogatory No. 7 as follows:

Mizuho did not communicate with Mt. Gox's customers and does not know the process they used to send cash to Mt. Gox. Mizuho received cash wire transfers in the same way it would for any customer: the party initiating the wire transfer identified the beneficiary (in this

9

case, Mt. Gox), identified Mizuho as the beneficiary's bank and supplied the necessary bank identification code for Mizuho.

**INTERROGATORY NO. 8:**

State the date on which You stopped processing wire withdrawal requests for or on behalf of Mt. Gox and/or Mt. Gox Customers, Describe with specificity Your reason(s) for doing so, Identify the persons involved in this decision, and Describe the steps You took to implement this decision.

**RESPONSE TO INTERROGATORY NO. 8:**

Mizuho objects to this Interrogatory to the extent it seeks information protected by Japanese Data Privacy Laws. Mizuho further objects to this Interrogatory on the ground that it contains multiple discrete subparts that, when considered with the other Interrogatories, would exceed the plaintiffs' limit of twenty-five interrogatories. Mizuho further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and other legally cognizable privilege or protection. Mizuho further objects to this Interrogatory to the extent it seeks information that is more easily obtained by deposition or by reviewing documents produced by Mizuho.

Subject to and without waiving any of its objections, and based on information currently known and available to Mizuho, Mizuho responds to Interrogatory No. 8 as follows:

In the spring of 2013, Mizuho became concerned about reports that U.S. authorities were investigating Mt. Gox for business dealings related to money laundering. Around the same time, certain banks contacted Mizuho with concerns about transactions related to Mt. Gox. Based on these and similar concerns, Mizuho evaluated whether it could close Mt. Gox's account by compulsion, but it determined that it did not have a legal basis to do so because it did not have evidence that Mt. Gox had violated any laws, regulations, or public customs or order ("koujo-

ryozoku" in Japanese). Absent such evidence, Mizuho was concerned that Mt. Gox would sue Mizuho for any losses it suffered based on Mizuho's unilateral closure of Mt. Gox's account.

On or about June 17, 2013, representatives of Mizuho met with representatives of Mt. Gox to request, among other things, that Mt. Gox (i) stop asking Mizuho to process outbound cash wire transfers and (ii) stop designating Mizuho as its beneficiary bank. During the meeting, Mt. Gox also informed Mizuho that it was in the process of opening new accounts with additional banks. Following this meeting, Mt. Gox complied with Mizuho's request and stopped sending Mizuho requests to process outbound cash wire transfers. The meeting was attended by individuals from Mizuho and Mt. Gox, including Hirotaka Shimizu, Shinji Akiyama, and Hiroaki Aikawa from Mizuho, and Mark Karpeles and Aki Utaki from Mt. Gox.

**INTERROGATORY NO. 9:**

Identify each wire deposit including the date and amount You accepted for or on behalf of Mt. Gox and/or Mt. Gox Customers after the date on which You stopped processing wire withdrawal requests for or on behalf of Mt. Gox and/or Mt. Gox Customers.

**RESPONSE TO INTERROGATORY NO. 9:**

Mizuho objects to this Interrogatory to the extent it seeks information protected by Japanese Data Privacy Laws. Mizuho further objects to this Interrogatory because "processing" is vague and ambiguous and undefined. Mizuho further objects to this Interrogatory to the extent it seeks information irrelevant to the subject matter of the Action. Mizuho further objects to this Interrogatory to the extent it seeks information that is more easily obtained by deposition or by reviewing documents produced by Mizuho. Mizuho further objects to this Interrogatory because it seeks discovery that is not proportional to the needs of the case, considering the importance of the discovery in resolving the issues, and because the burden and expense of the proposed discovery outweigh its likely benefit.

Subject to and without waiving any of its objections, and based on information currently known and available to Mizuho, Mizuho responds to Interrogatory No. 9 as follows:

Mizuho has produced documents that can be found at MIZ_000096 to MIZ_0002568 that provides information responsive to this Interrogatory.

**INTERROGATORY NO. 10:**

State the date on which You stopped accepting wire deposits for or on behalf of Mt. Gox and/or Mt. Gox Customers, Describe with specificity Your reason(s) for doing so, Identify the persons involved in this decision, and Describe the steps You took to implement this decision.

**RESPONSE TO INTERROGATORY NO. 10:**

Mizuho objects to this Interrogatory to the extent it seeks information protected by Japanese Data Privacy Laws. Mizuho further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, or any other legally cognizable privilege or protection. Mizuho further objects to this Interrogatory to the extent it seeks information that is more easily obtained by deposition or by reviewing documents produced by Mizuho.

Subject to and without waiving any of its objections, and based on information currently known and available to Mizuho, Mizuho responds to Interrogatory No. 10 as follows:

Mizuho incorporates by reference its response to Interrogatory No. 8. Mizuho also states that on or about June 17, 2013, and periodically after that date, Mizuho asked Mt. Gox to stop designating Mizuho as its beneficiary bank and to halt all inbound cash wire transfers. Mt. Gox repeatedly informed Mizuho that it was in the process of opening new accounts with additional banks. Until the collapse of Mt. Gox, Mizuho continued to receive inbound cash wire transfers where the party initiating the wire transfer designated Mt. Gox as the beneficiary.

**INTERROGATORY NO. 21:**

Describe in detail the position or title of Hirotaka Shimizu, Hiroaki Aikawa, and Shuuichirou Mita, Describe in detail their knowledge relevant to the matters asserted in the Complaint, and Describe their involvement in the events asserted in the Complaint.

**RESPONSE TO INTERROGATORY NO. 21:**

Mizuho objects to this Interrogatory on the ground that it is overbroad and unduly burdensome because it seeks information for a time period covering more than six years. Mizuho further objects to this Interrogatory to the extent it seeks information protected by Japanese Data Privacy Laws. Mizuho further objects to this Interrogatory on the ground that it contains multiple discrete subparts that, when considered with the other Interrogatories, would exceed the plaintiffs' limit of twenty-five interrogatories. Mizuho further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, or any other legally cognizable privilege or protection. Mizuho further objects to this Interrogatory to the extent it seeks information that is more easily obtained by deposition or by reviewing documents produced by Mizuho. Mizuho further objects to this Interrogatory because it seeks discovery that is not proportional to the needs of the case, considering the importance of the discovery in resolving the issues, and because the burden and expense of the proposed discovery outweigh its likely benefit.

Subject to and without waiving any of its objections, and based on information currently known and available to Mizuho, Mizuho responds to Interrogatory No. 21 as follows:

Hirotaka Shimizu was employed at Mizuho's Shibuya branch. Hiroaki Aikawa and Shuuichirou Mita were employed in Mizuho's Compliance Promotion Division No. 2.

MIZUHO BANK, LTD.

By:     /s/ Jeffrey J. Resetarits
    One of Its Attorneys

Jerome S. Fortinsky (admitted *Pro Hac Vice*)
jfortinsky@shearman.com
John A. Nathanson (admitted *Pro Hac Vice*)
john.nathanson@shearman.com
Jeffrey J. Resetarits (admitted *Pro Hac Vice*)
jeffrey.resetarits@shearman.com
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022-6069
212-848-4000

-And-

Jonathan S. Quinn (#6200495)
jquinn@ngelaw.com
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street
Suite 1700
Chicago, IL 60602-3801
312-269-8000

*Attorneys for Defendant Mizuho Bank, Ltd.*

Dated: November 11, 2016

## VERIFICATION

Yasuo Imaizumi, Deputy General Manager of Legal Department, Mizuho Bank, Ltd., being duly sworn, deposes and says that he has read the foregoing, and that the responses to Interrogatory Nos. 1 through 10 and 21 are, to the best of his knowledge, information, and belief, true and correct.

Executed on this 10TH day of November 2016

_____
Yasuo Imaizumi

## CERTIFICATE OF SERVICE

I, Jeffrey J. Resetarits, an attorney, hereby certify that on the 11th day of November, 2016, I caused **Defendant Mizuho Bank, Ltd.'s Second Supplemental Response to Plaintiffs' First Set of Interrogatories** to be served by causing true and accurate copies of such paper to be transmitted via USPS and electronic mail to all counsel of record.

/s/ Jeffrey J. Resetarits