Exhibit 23

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| GREGORY GREENE, JOSEPH LACK, ANTHONY MOTTO, and GREGORY PEARCE, individually and on behalf of all others similarly situated,<br><br>        *Plaintiffs,*<br><br>v.<br><br>MIZUHO BANK, LTD., a Japanese financial institution, and MARK KARPELES, an individual,<br><br>        *Defendants.* | Case No. 1:14-cv-01437<br><br>Judge Gary Feinerman<br>Magistrate Judge Susan Cox |

## MIZUHO BANK LTD.'S RESPONSES AND OBJECTIONS TO PLAINTIFF ANTHONY MOTTO'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rule 33.1 of the Local Civil Rules of the United States District Court for the Northern District of Illinois, Defendant Mizuho Bank, Ltd. ("Mizuho"), by and through its undersigned attorneys, hereby responds and objects to Plaintiff Anthony Motto's First Set of Interrogatories, dated March 22, 2017 (the "Interrogatories").

Mizuho makes this response without in any way waiving or intending to waive, but to the contrary, intending to reserve and reserving:

(i)     all questions as to competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose, at any trial or hearing in this case, or in any related or subsequent action or proceeding, of any information provided pursuant to the Interrogatories;

    (ii)    the right to object on any ground to the use of information provided pursuant to the Interrogatories at any trial or hearing in this case or in any related or subsequent action or proceeding;

    (iii)    the right to object on any ground, at any time, to a demand for further responses, document production, or information;

    (iv)    the right to move for the entry of a protective order with respect to any current or future request for documents or information;

    (v)    the right at any time to revise, supplement, correct, or add to any responses or objections herein; and

    (vi)    the right to assert any potential defenses in this action, including the lack of personal jurisdiction.

## GENERAL OBJECTIONS

The following General Objections apply to each individually numbered Interrogatory and shall have the same force and effect as if set forth in full in response to each Interrogatory:

1.    Mizuho objects to the Interrogatories to the extent they seek to impose obligations on Mizuho beyond those set forth in the Local Civil Rules of the United States District Court for the Northern District of Illinois (the "Local Civil Rules"), the Federal Rules of Civil Procedure (the "Federal Rules"), the Court's Individual Rules and Procedures for Civil Cases (the "Court's Individual Practice Rules") or any other applicable statutes, rules, or laws.

2.    Mizuho objects to the Interrogatories to the extent they are not proportional to the needs of the case, considering the importance of the discovery in resolving the issues, and because the burden and expense of the proposed discovery outweighs its likely benefit.

2

3.     Mizuho objects to the Interrogatories to the extent they seek information not reasonably calculated to lead to the discovery of admissible evidence in the above-captioned action (the "Action").

4.     Mizuho objects to the Interrogatories to the extent they seek information irrelevant to the subject matter of the Action.

5.     Mizuho objects to the Interrogatories to the extent they are vague, ambiguous, overbroad, unduly burdensome, fail to specify the information sought with reasonable particularity, and/or seek cumulative or duplicative information.

6.     Mizuho objects to the Interrogatories to the extent they seek information protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the common interest privilege, or any other legally cognizable privilege or protection. To the extent that any Interrogatory purports to seek information that Mizuho is legally barred from producing and disclosing the existence of, Mizuho objects to identifying any such information. Nothing herein shall be deemed an acknowledgment that such information exists. Any inadvertent disclosure of any privileged or protected information shall not be deemed or construed to constitute a waiver of any privilege or right, including the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the common interest privilege, or any other legally cognizable privilege or protection.

7.     Mizuho objects to the Interrogatories to the extent they seek information protected by applicable Japanese foreign data protection, data privacy, and bank secrecy laws, or a bank's duty of confidentiality to its customers (collectively, "Japanese Data Privacy Laws").[1]

---

[1]     The relevant legal authority for these protections includes, but is not limited to, (i) the Japanese Act on the Protection of Personal Information (Act No. 57 of 2003); (ii) the Banking Act of Japan; (iii) the Japanese Financial Service Agency's Comprehensive Guidelines for Supervision of Major Banks; and (iv) the Supreme Court of Japan's decisions on a bank's duty of confidentiality.

8.      Mizuho objects to the Interrogatories to the extent they seek information the disclosure of which would violate a duty of confidentiality owed by Mizuho to a regulatory body or government agency, or which is protected from disclosure by any rule, policy or statement by any governmental body, or foreign or domestic regulator, and to the extent the Interrogatories seek information provided to any governmental body, or foreign or domestic regulator, unless and until the relevant regulatory bodies have an adequate opportunity to assert, and the Court has an adequate opportunity to resolve, any objections the regulatory bodies may have to providing the requested information.

9.      Mizuho objects to the Interrogatories to the extent they seek confidential, proprietary or trade secret information, the disclosure of which would cause irreparable competitive injury to Mizuho, without providing adequate assurances that such information will not be disclosed. All confidential or proprietary materials or information will be disclosed and/or produced only upon entry of an appropriate protective order.

10.     Mizuho objects to the Interrogatories to the extent they seek information that is subject to confidentiality or non-disclosure agreements with third parties, or any other confidentiality obligations. In particular, but without limiting this objection, Mizuho objects to the Interrogatories to the extent that they call for information not in the possession, custody, or control of Mizuho or its predecessors, successors, or affiliates.

11.     Mizuho objects to the use of any term in the Interrogatories where such a term could have more than one meaning and is not defined.

12.     Mizuho objects to the Interrogatories to the extent that they rely on or call for any legal conclusion or would require Mizuho to speculate as to the nature and/or scope of the information sought.

4

13.     Mizuho objects to the Interrogatories to the extent they seek information already in the possession of Plaintiffs, or otherwise publicly available, as cumulative and duplicative and imposing an undue burden and expense on Mizuho.

14.     Mizuho objects to the Interrogatories where they seek information that is more burdensome for Mizuho to obtain than it is for the Plaintiffs to obtain, or where it is equally available to the Plaintiffs from other sources that are more convenient, less burdensome or less expensive.

15.     Mizuho objects to the Interrogatories to the extent they purport to require any search for information beyond a reasonable search because such interrogatories are not proportional to the needs of the case, considering the importance of the discovery in resolving the issues, and because the burden and expense of the proposed discovery outweighs its likely benefit.

16.     Mizuho objects to the Interrogatories to the extent that they assume the existence of facts that do not exist or events that did not take place.  Any answer provided by Mizuho to an Interrogatory shall not be construed as an admission that any characterization of facts, circumstances, or legal obligations stated in that Interrogatory is accurate.  Mizuho reserves the right to contest any such characterization as inaccurate.

17.     Mizuho objects and will not provide information protected by any applicable privilege, protection and/or immunity, including, but not limited to, Suspicious Activity Reports ("SAR") and any SAR-decision making information, the existence of which Mizuho is prohibited from disclosing under 31 U.S.C. §5318(g), 31 C.F.R. §1020.320(e), 12 C.F.R. §21.11(k), or other applicable laws, rules or regulations.  To the extent that any Interrogatory purports to seek information that Mizuho is legally barred from disclosing the

existence of, Mizuho objects to identifying any such information. Nothing herein shall be deemed an acknowledgment that such information exists.

18.     Mizuho objects to the Interrogatories to the extent they require review and translation of information in Japanese on the grounds of undue burden and cost.

19.     Mizuho objects to the Interrogatories to the extent they purport to impose a continuing duty to supplement.

20.     Mizuho objects to the Interrogatories on the ground that a party may serve no more than 25 written interrogatories, including all discrete subparts, on another party under Rule 33(a)(1) of the Federal Rules. When considered with the other interrogatories served by other Plaintiffs in this Action, the Interrogatories would exceed the Plaintiffs' limit of twenty-five requests. Pursuant to the agreement between Mizuho and the Plaintiffs, dated June 6, 2017, the Plaintiffs must file a motion with the Court and obtain a Court order before serving additional interrogatories on Mizuho beyond those served to date.

21.     The responses contained herein are based only upon the information and documentation that is presently available to and known to Mizuho. It is possible that further investigation, discovery, and research may result in additional or different information or documentation or different factual and legal contentions.   Accordingly, Mizuho reserves the right to modify, correct, or supplement its responses herein.   The responses to the Interrogatories should not be construed to prejudice Mizuho's right to conduct further investigation, discovery and research, or to limit Mizuho's right to utilize any additional evidence that may be discovered.

6

22.     The objection, failure to object, or any indication herein that Mizuho will provide responsive information does not constitute a representation by Mizuho that any such information exists or is within its possession, custody, or control.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

The following Objections to the Definitions and Instructions apply to each individually numbered Interrogatory and shall have the same force and effect as if set forth in full in response to each Interrogatory:

23.     Mizuho objects to the definition of "Complaint" in Definition No. 1 on the ground that the phrase "any amendments thereto" is vague and ambiguous. Mizuho will construe the term "Complaint" to mean Plaintiffs' Fourth Amended Class Action Complaint filed in the United States District Court for the Northern District of Illinois on March 7, 2017 (Dkt. No. 245).

24.     Mizuho objects to the definition of "Describe" in Definition No. 2 to the extent it requires Mizuho to identify "all Persons" and "all Documents" and to the extent it requires Mizuho to identify the "starting time, Date, and location" of "any process, policy, act or event" on the ground that it is overbroad and unduly burdensome.

25.     Mizuho objects to the definition of "Document" in Definition No. 3 on the ground that it is vague, ambiguous, overbroad, and unduly burdensome, seeks information not in Mizuho's possession, custody, or control, seeks information protected by the attorney-client privilege, the attorney work product doctrine, and other legally cognizable privileges or protections, and seeks to impose on Mizuho conditions and obligations beyond those authorized by the Local Civil Rules, the Federal Rules, the Court's Individual Practice Rules, or any other applicable statutes, rules, or laws.

7

26.     Mizuho objects to the definitions of "Identify" in Definition Nos. 4, 5, 6, 7 and 8 on the ground that they are vague, ambiguous, overbroad, and unduly burdensome.

27.     Mizuho objects to the definition of "Mt. Gox" in Definition No. 11 on the ground that it is overbroad, unduly burdensome, and not relevant to the claims and defenses in the case or proportional to the needs of the case.  Mizuho will construe the term "Mt. Gox" to mean Mt. Gox Co., Ltd.

28.     Mizuho objects to the definition of "Mt. Gox Customers" in Definition No. 13 on the ground that it is ambiguous, vague, and seeks information not in Mizuho's possession, custody, or control.

29.     Mizuho objects to the definition of "Relevant Time Period" in Definition No. 17 on the ground that it is overbroad, unduly burdensome, and not relevant to the claims and defenses in the case or proportional to the needs of the case.  Mizuho will construe the "Relevant Time Period" to mean September 1, 2012 until March 1, 2014.

30.     Mizuho objects to the definitions of "You," "Your," "Defendant," and "Mizuho" in Definition No. 18 to the extent they define these terms as including Mizuho's "divisions, subsidiaries, related companies, predecessors, and successors, all present and former officers, directors, agents, attorneys, employees, and all Persons acting or purporting to act on behalf of any of them" on the ground that they are vague, ambiguous, overbroad and unduly burdensome, seek information not in Mizuho's possession, custody, or control, seek information protected by the attorney-client privilege, the attorney work product doctrine, and other legally cognizable privileges or protections, and seek to impose on Mizuho conditions and obligations beyond those authorized by the Local Civil Rules, the Federal Rules, the Court's Individual Practice Rules, or any other applicable statutes, rules, or laws.

8

31.   Mizuho objects to Instruction Nos. 1 and 7 to the extent they purport to impose obligations beyond those required by the Local Civil Rules, the Federal Rules, the Court's Individual Practice Rules, or any other applicable statutes, rules, or law.

## SPECIFIC OBJECTIONS AND RESPONSES TO THE INTERROGATORIES

Subject to the foregoing General Objections and Objections to the Definitions and Instructions, that are incorporated into each response below, whether or not repeated for emphasis, and the specific objections set forth below, and expressly stating that its responses are subject to all such objections, Mizuho responds to each specific Interrogatory as follows:

## INTERROGATORY NO. 1:

Identify all "employees who made the policies and decisions related to Mt. Gox's bank accounts." (Dkt. No. 149 at 2).

## RESPONSE TO INTERROGATORY NO. 1:

Mizuho objects to this Interrogatory on the ground that it is overbroad and unduly burdensome because it seeks the names of "all" employees.  Mizuho further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, or any other legally cognizable privilege or protection.  Mizuho further objects to this Interrogatory to the extent it seeks information that is more easily obtained by deposition or by reviewing documents produced by Mizuho.

Subject to and without waiving any of its objections, and based on information currently known and available to Mizuho, Mizuho responds to Interrogatory No. 1 as follows:

A number of Mizuho employees participated in meetings during which they discussed Mt. Gox's bank account with Mizuho's Shibuya Branch, including, but not limited to, Hirotaka Shimizu, Shinji Akiyama, Hiroaki Aikawa, Masakatsu Sakamoto, Masahiko Morinaga, Shuuichirou Mita, Ichihei Yamamoto, Akihiko Kanno, Hideto Oomura, Junichi Sugiyama, and

Takehiko Yasuhira. Mizuho reserves the right to revise, correct, supplement, or clarify its response to this Interrogatory based on further investigation and discovery.

## INTERROGATORY NO. 2:

Identify all facts supporting Your contention that "[t]his action cannot be maintained as a class action as a matter of law and fact." (See dkt. 240 at 44.)

## RESPONSE TO INTERROGATORY NO. 2:

Mizuho objects to this Interrogatory to the extent it seeks information based on legal conclusions. Mizuho further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, or any other legally cognizable privilege or protection. Mizuho further objects to this Interrogatory to the extent it seeks information that is more easily obtained by deposition or by reviewing documents produced by Mizuho. Mizuho further objects to this Interrogatory on the ground that it is premature because fact discovery is ongoing and expert discovery has not yet commenced. Mizuho further objects to this Interrogatory on the ground that it improperly and prematurely seeks information that is the subject of expert discovery.

## INTERROGATORY NO. 3:

Identify and describe all efforts You contend that Plaintiffs should have taken "to mitigate, minimize, or avoid any losses or damages alleged in the Complaint."

## RESPONSE TO INTERROGATORY NO. 3:

Mizuho objects to this Interrogatory on the ground that it seeks information not in Mizuho's possession, custody, or control. Mizuho further objects to this Interrogatory to the extent it seeks information that is still the subject of ongoing discovery. Mizuho further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, or any other legally cognizable privilege or protection.

Mizuho further objects to this Interrogatory on the ground that it seeks information that is equally available to the Plaintiffs from other sources that are more convenient, less burdensome or less expensive.

Subject to and without waiving any of its objections, and based on information currently known and available to Mizuho, Mizuho responds to Interrogatory No. 3 as follows:

Plaintiffs could mitigate, minimize, or avoid losses or damages alleged in the Complaint in a number of different ways, including, but not limited to, filing a claim in the Mt. Gox bankruptcy proceedings taking place in Japan before the Twentieth Civil Division of the Tokyo District Court, having Mt. Gox send them fiat currency through means other Mizuho (such as through Japan Post Bank), purchasing Bitcoins before Mt. Gox went bankrupt and transferring the Bitcoins to another exchange or to the individual investor's own Bitcoin wallet, or selling on the secondary market their right to any Bitcoins or fiat currency that were lost or stolen on the Mt. Gox Exchange. Mizuho reserves the right to revise, correct, supplement, or clarify its response to this Interrogatory based on further investigation and discovery.

**INTERROGATORY NO. 4:**

Describe all methods by which You contend that Mt. Gox customers could have ascertained that You were no longer processing international wire withdrawal requests for or on behalf of Mt. Gox and/or Mt. Gox customers.

**RESPONSE TO INTERROGATORY NO. 4:**

Mizuho objects to this Interrogatory to the extent it seeks information that is more easily obtained by deposition or by reviewing documents produced by Mizuho. Mizuho further objects to this Interrogatory to the extent it seeks information protected by Japanese Data Privacy Laws. Mizuho further objects to this Interrogatory on the ground that it seeks information not in Mizuho's possession, custody, or control.

Subject to and without waiving any of its objections, and based on information currently known and available to Mizuho, Mizuho responds to Interrogatory No. 4 as follows:

Mizuho did not communicate directly with Mt. Gox's customers and as a general matter does not communicate with the customers of its customer. Mt. Gox controlled what information it provided to its customers and when to convey that information, as demonstrated, for example, by the following: MIZ_0003109, MIZ_0003022, MIZ_0003367 to MIZ_0003371, MIZ_0003361 to MIZ_0003362, MIZ_0003343 to MIZ_0003346, MIZ_0003377, MIZ_0003472, press releases issued by Mt. Gox on July 4, 2013 and July 10, 2013, Motto_000075, Motto_000080-000082, Motto_000089, Exhibit C to Declaration of Steven L. Woodrow Regarding Motion For Temporary Restraining Order (Dkt. 11-C), and Edelson002265 to Edelson002266. Mizuho reserves the right to revise, correct, supplement, or clarify its response to this Interrogatory based on further investigation and discovery.

INTERROGATORY NO. 5:

Identify and describe all categories of information (e.g., customer name, address, identity of bank sending deposit) that You received when You accepted and/or processed international wire deposits on behalf of Mt. Gox and, for each category, state how long you retain or retained such information.

RESPONSE TO INTERROGATORY NO. 5:

Mizuho objects to this Interrogatory on the ground that it is overbroad and unduly burdensome because it seeks "all categories of information." Mizuho further objects to this Interrogatory to the extent it seeks information protected by Japanese Data Privacy Laws. Mizuho further objects to this Interrogatory to the extent it seeks information that is more easily obtained by reviewing documents produced by Mizuho.

Subject to and without waiving any of its objections, and based on information currently known and available to Mizuho, Mizuho responds to Interrogatory No. 5 as follows:

12

Mizuho has produced documents that provide information responsive to this Interrogatory, including MIZ_0002568 to MIZ_0002569.

**INTERROGATORY NO. 6:**

Identify all bases, including by identifying all applicable communications from Mt. Gox or Mark Karpeles, for Your belief that "Mt. Gox would use other banks to service its customers and gradually move away from Mizuho." (See dkt. No. 207 at 15-16.)

**RESPONSE TO INTERROGATORY NO. 6:**

Mizuho objects to this Interrogatory on the ground that it is overbroad and unduly burdensome because it seeks "all applicable communications." Mizuho further objects to this Interrogatory to the extent it seeks information protected by Japanese Data Privacy Laws. Mizuho further objects to this Interrogatory on the ground that it seeks information not in Mizuho's possession, custody, or control. Mizuho further objects to this Interrogatory to the extent it seeks information that is still the subject of ongoing discovery. Mizuho further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, or any other legally cognizable privilege or protection. Mizuho further objects to this Interrogatory to the extent it seeks information that is more easily obtained by deposition or by reviewing documents produced by Mizuho.

Subject to and without waiving any of its objections, and based on information currently known and available to Mizuho, Mizuho responds to Interrogatory No. 6 as follows:

Starting in May 2013, representatives of Mizuho met with representatives of Mt. Gox on a regular basis to discuss Mt. Gox using accounts at other banks to service its customers. For example, on or about June 17, 2013, representatives of Mizuho met with representatives of Mt. Gox, who informed Mizuho that it had received permission to open a new account with another bank, and they planned on moving forward with it. Following this meeting, Mt. Gox stopped sending Mizuho requests to process outbound cash wire transfers. Mt. Gox further informed

13

Mizuho on or about July 17, 2013 that it was at that time making outbound payments through Japan Post Bank. Mt. Gox further informed Mizuho on or about August 19, 2013, that it had started using an overseas money transfer service, and it had opened a Yen savings account at Japan Post Bank. In addition, Karpeles has stated that "[a]fter June 2013, transfers from other methods than Mizuho were not affected" and that during that time period, "[i]n total over US$35 million went through Japan Post to customers around the world, including in the US." Furthermore, Mizuho and the plaintiffs have produced documents that provide additional information responsive to this Interrogatory, including, but not limited to, MIZ_0003435, MIZ_0003440, MIZ_0003441 to MIZ_0003442, MIZ_0003457, MIZ_0003361 to MIZ_0003362, MIZ_0003467 to MIZ_0003468, MIZ_0003472, MIZ_0003474 to MIZ_0003475, MIZ_0003476, MIZ_0003480 to MIZ_0003484, MIZ_0003485 to MIZ_0003486, MIZ_0003327 to MIZ_0003328, MIZ_0003363 to MIZ_0003366, MIZ_0003375, MIZ_0003376, MIZ_0003385, MIZ_0003343 to MIZ_0003346, MIZ_0003165, MIZ_0003022, MIZ_0002705, MIZ_0002706, MIZ_0002613, MIZ_0002707, and Edelson002264 to Edelson002266. Mizuho reserves the right to revise, correct, supplement, or clarify its response to this Interrogatory based on further investigation and discovery.

## INTERROGATORY NO. 7:

Identify and describe all instances where You requested or made any change to Your relationship with Mt. Gox and/or Mark Karpeles, and, for each, identify (i) who made the request or change, (ii) when the request or change was made, (iii) how the request or change was communicated, and (iv) Mt. Gox's or Mark Karpeles' response (if any) to the request or change.

## RESPONSE TO INTERROGATORY NO. 7:

Mizuho objects to this Interrogatory on the ground that it is overbroad and unduly burdensome because it seeks "all instances." Mizuho further objects to this Interrogatory to the extent it seeks information protected by Japanese Data Privacy Laws. Mizuho further objects to

this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the

attorney work product doctrine, or any other legally cognizable privilege or protection. Mizuho

further objects to this Interrogatory to the extent it seeks information that is more easily obtained

by deposition or by reviewing documents produced by Mizuho.

Subject to and without waiving any of its objections, and based on information currently

known and available to Mizuho, Mizuho responds to Interrogatory No. 7 as follows:

Mizuho and the plaintiffs have produced documents that provide information responsive

to this Interrogatory, including, but not limited to, MIZ_0003440, MIZ_0003441 to

MIZ_0003442, MIZ_0003457, MIZ_0003455, MIZ_0003467 to MIZ_0003468, MIZ_0003474

to MIZ_0003475, MIZ_0003476, MIZ_0003480 to MIZ_0003484, MIZ_0003485 to

MIZ_0003486, MIZ_0003376, MZ_0003363 to MIZ_0003366, MIZ_0003361 to MIZ_0003362,

MIZ_0003347 to MIZ_0003348, MIZ_0003343 to MIZ_0003346, MIZ_0003327 to

MIZ_0003328, MIZ_0003385, MIZ_0003022, MIZ_0003165, MIZ_0002705, MIZ_0002706,

MIZ_0002707, MIZ_0002712, MIZ_0002613, and Edelson002264 to Edelson002266. Mizuho

reserves the right to revise, correct, supplement, or clarify its response to this Interrogatory based

on further investigation and discovery.

### INTERROGATORY NO. 8:

Identify and describe all "legitimate business purpose[s]" that You contend justified Your
conduct with respect to Mt. Gox, Mark Karpeles, Plaintiffs, and other putative Class members.

### RESPONSE TO INTERROGATORY NO. 8:

Mizuho objects to this Interrogatory on the ground that whether its conduct was justified

as a legitimate business purpose is a question of law. Mizuho further objects to this

Interrogatory on the ground that it is overbroad and unduly burdensome because it seeks "all

legitimate business purpose[s]." Mizuho further objects to this Interrogatory to the extent it

seeks information protected by Japanese Data Privacy Laws. Mizuho further objects to this

Interrogatory to the extent it seeks information that is still the subject of ongoing discovery.

Mizuho further objects to this Interrogatory because "Your conduct" is vague and ambiguous

and undefined. Mizuho further objects to this Interrogatory to the extent it seeks information

protected by the attorney-client privilege, the attorney work product doctrine, or any other

legally cognizable privilege or protection. Mizuho further objects to this Interrogatory to the

extent it seeks information that is more easily obtained by deposition or by reviewing documents

produced by Mizuho.

Subject to and without waiving any of its objections, and based on information currently

known and available to Mizuho, Mizuho responds to Interrogatory No. 8 as follows:

Mizuho and the plaintiffs have produced documents that provide information responsive

to this Interrogatory, including, but not limited to, MIZ_0003235, MIZ_0003180, MIZ_0003250,

MIZ_0003420, MIZ_0003441 to MIZ_0003442, Edelson007137, and Edelson002266.

Additionally, Plaintiffs' Fourth Amended Complaint includes allegations that are responsive to

this Interrogatory, including, for example, the allegation that "due to fears that the partnership

would expose it to liability and cause significant reputational harm, Mizuho Bank decided that it

wanted to distance itself from Karpeles and Mt. Gox." (Dkt. 245).

**INTERROGATORY NO. 9:**

Identify and describe all facts and bases that You contend prohibited you from
"disclosing information concerning [Your] banking relationship with Mt. Gox," including by
identifying the specific "Japanese laws" referenced by You in Your NINETEENTH
AFFIRMATIVE DEFENSE.

**RESPONSE TO INTERROGATORY NO. 9:**

Mizuho objects to this Interrogatory on the ground that it is overbroad and unduly

burdensome because it seeks "all facts and bases." Mizuho further objects to this Interrogatory

16

to the extent it seeks information protected by Japanese Data Privacy Laws. Mizuho further

objects to this Interrogatory to the extent it seeks information protected by the attorney-client

privilege, the attorney work product doctrine, or any other legally cognizable privilege or

protection. Mizuho further objects to this Interrogatory to the extent it seeks information that is

more easily obtained by deposition or by reviewing documents produced by Mizuho. Mizuho

further objects to this Interrogatory on the ground that it is premature because fact discovery is

ongoing and expert discovery has not yet commenced. Mizuho further objects to this

Interrogatory on the ground that it improperly and prematurely seeks information that is the

subject of expert discovery.

Subject to and without waiving any of its objections, and based on information currently

known and available to Mizuho, Mizuho responds to Interrogatory No. 9 as follows:

Mizuho was prohibited from disclosing information concerning its banking relationship

with Mt. Gox by virtue of the Japanese Data Privacy Laws, the Japanese Banking Act (Act No.

59 of 1981, as amended), Article 247 (Breach of Trust) of the Japanese Penal Code (Act No. 45

of 1907, as amended), court decisions (*e.g.*, Saikō Saibansho [Sup. Ct.] Dec.11, 2007, Hei 19

(kyo) no.9, 61 Saikō Saibansho Minji Hanreishū 3364 (Japan); Tokyo District Court's judgment

on November 9, 1981, 467 Hanrei taimuzu 14)), and its agreements with its banking customer

(Mt. Gox).

**INTERROGATORY NO. 10:**

Identify all counsel that provided You with advice, guidance, statements, and/or comments in connection with Your relationship with Mt. Gox, Mark Karpeles, Plaintiffs, and other putative Class members.

**RESPONSE TO INTERROGATORY NO. 10:**

Mizuho objects to this Interrogatory on the ground that it is overbroad and unduly

burdensome because it seeks information about "all counsel." Mizuho further objects to this

17

Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, or any other legally cognizable privilege or protection. Mizuho further objects to this Interrogatory to the extent it seeks information that is more easily obtained by deposition or by reviewing documents produced by Mizuho.

Subject to and without waiving any of its objections, and based on information currently known and available to Mizuho, Mizuho responds to Interrogatory No. 10 as follows:

Mizuho consulted with both internal and external counsel, including, but not limited to, Takehiko Yasuhira, Kunio Shimada, and Shinya Kato.

### INTERROGATORY NO. 11:

Identify and describe all communications to and from counsel, whether written or oral, wherein You solicited, responded to, or were provided with advice, guidance, statements, and/or comments in connection with Your relationship with Mt. Gox, Mark Karpeles, Plaintiffs, and other putative Class members.

### RESPONSE TO INTERROGATORY NO. 11:

Mizuho objects to this Interrogatory on the ground that it is overbroad and unduly burdensome because it seeks "all communications to and from counsel." Mizuho further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, or any other legally cognizable privilege or protection. Mizuho further objects to this Interrogatory to the extent it seeks information that is more easily obtained by deposition or by reviewing documents produced by Mizuho.

Subject to and without waiving any of its objections, and based on information currently known and available to Mizuho, Mizuho responds to Interrogatory No. 11 as follows:

Mizuho is continuing to assess whether it plans to assert the defense that it is not subject to liability because it reasonably relied upon the advice of its counsel. Mizuho will provide additional information in response to this request if it decides to assert that defense.

MIZUHO BANK, LTD.

By: _____
                    One of Its Attorneys

Jonathan S. Quinn (#6200495)
jquinn@ngelaw.com
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street
Suite 1700
Chicago, IL 60602-3801
312-269-8000

-And-

Jerome S. Fortinsky (admitted *pro hac vice*)
jfortinsky@shearman.com
John A. Nathanson (admitted *pro hac vice*)
john.nathanson@shearman.com
Jeffrey J. Resetarits (admitted *pro hac vice*)
jeffrey.resetarits@shearman.com
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022-6069
212-848-4000

*Attorneys for Defendant Mizuho Bank, Ltd.*

Dated:  June 13, 2017

## VERIFICATION

Yasuo Imaizumi, Deputy General Manager of Legal Department, Mizuho Bank, Ltd., being duly sworn, deposes and says that he has read the foregoing, and that the responses to Interrogatory Nos. 1 through 11 are, to the best of his knowledge, information, and belief, true and correct.

Executed on this 7th day of June 2017

_____
Yasuo Imaizumi

20

## CERTIFICATE OF SERVICE

I, Michael Grunfeld, an attorney, hereby certify that I caused a true and correct copy of **Defendant Mizuho Bank Ltd.'s Responses And Objections To Plaintiff Anthony Motto's First Set Of Interrogatories** to be served upon all counsel of record via email and USPS on the 13th day of June, 2017.

21