**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GREGORY GREENE, JOSEPH LACK, ANTHONY MOTTO, and GREGORY PEARCE, individually and on behalf of all others similarly situated, | |
| *Plaintiffs*, | Case No. 14 C 01437 |
| v. | Judge Gary Feinerman |
| MIZUHO BANK, LTD., a Japanese financial institution, and MARK KARPELES, an individual, | Magistrate Judge Susan E. Cox |
| *Defendants*. | |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANT MIZUHO BANK, LTD.'S MOTION TO EXCLUDE
THE REPORT AND TESTIMONY OF M. TODD HENDERSON**

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ........................................................................................................ ii

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT ............................................................................................................................... 4

    I.    The Court Should Exclude Mr. Henderson's Opinions As Legal Argument ........................... 4

    II.    The Court Should Exclude Mr. Henderson's Opinions Because He Is Not An Expert On Any Relevant Subject ......................................................................................... 8

    III.    The Court Should Exclude Mr. Henderson's Opinions Because He Has No Methodology Other Than Asking Himself What He Thinks ................................................. 10

    IV.    The Court Should Exclude Mr. Henderson's Opinions Because They Are Not Based On "Facts Or Data In The Case" ................................................................................... 14

CONCLUSION .......................................................................................................................... 15

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*In re Actiq Sales & Mktg. Pract. Litig.*,
   No. 07-4492, 2014 WL 3572932 (E.D. Pa. July 21, 2014) ...........................................................11

*Am. Honda Motor Co.* v. *Allen*,
   600 F.3d 813 (7th Cir. 2010) .....................................................................................................6, 7

*Amari Co. v. Burgess*,
   No. 07-C-01425, 2012 WL 5389787 (N.D. Ill. Nov. 2, 2012) .......................................................11

*Cincinnati Ins. Co. v. E. Atl. Ins. Co.*,
   260 F.3d 742 (7th Cir. 2001) ...........................................................................................................6

*Clark v. Takata Corp.*,
   192 F.3d 750 (7th Cir. 1999) ...........................................................................................................3

*Daubert v. Merrell Dow Pharm., Inc.*,
   509 U.S. 579 (1993).........................................................................................................10, 11, 13

*Ferguson v. City of Chicago*,
   No. 13 C 4084, 2016 WL 3226529 (N.D. Ill. June 13, 2016) .......................................................12

*Gentieu v. Tony Stone Images/Chicago, Inc.*,
   214 F. Supp. 2d 849 (N.D. Ill. 2002) .............................................................................................15

*In re Guidant Corp. S'holders Deriv. Litig.*,
   2006 WL 290524 (S.D. Ind. Feb. 6, 2006) ....................................................................................11

*In re James Wilson Assocs.*,
   965 F. 2d 160 (7th Cir. 1992) ........................................................................................................14

*Kemper Mobile Elecs., Inc. v. Southwestern Bell Mobile Sys.*,
   428 F.3d 706 (7th Cir. 2005) .........................................................................................................13

*Klaczak v. Consol. Med. Transport*,
   458 F. Supp. 2d 622 (N.D. Ill. 2006) ........................................................................................8, 13

*Kumho Tire Co. v. Carmichael*,
   526 U.S. 137 (1999)..........................................................................................................................3

*Levin v. Dalva Bros., Inc.*,
   459 F.3d 68 (1st Cir. 2006) ..............................................................................................................8

*Liberty Media Corp. v. Vivendi Universal, S.A.*,
  874 F. Supp. 2d 169 (S.D.N.Y. 2012) ...........................................................................11

*Nilssen v. Motorola, Inc.*,
  No. 93 C 6333, 1998 WL 851493 (N.D. Ill. Dec. 1, 1998) ...........................................13

*United States v. Caputo*,
  517 F.3d 935 (7th Cir. 2008) .....................................................................................1, 4

*Wojtas v. Capital Guardian Trust Co.*,
  477 F.3d 924 (7th Cir. 2007) .....................................................................................6, 7

*Zenith Elecs. Corp. v. WH-TV Broadcasting Corp.*,
  395 F.3d 416 (7th Cir. 2005) .........................................................................................11

**Rules**

Fed. R. Evid. 702(a) ...............................................................................................................7, 10

Fed. R. Evid. 702(c) ...................................................................................................................10

Fed R. Evid. Rule 703 ..................................................................................................................3

**Other Authorities**

Consumer Financial Protection Bureau, CFPB Warns Consumers About Bitcoin (Aug.
  11, 2014), *available at* https://www.consumerfinance.gov/about-us/newsroom/cfpb-
  warns-consumers-about-bitcoin/ ...............................................................................10

United States Securities Exchange Commission, Statement on Potentially Unlawful
  Online Platforms for Trading Digital Assets (Mar. 7, 2018), *available at*
  https://www.sec.gov/news/public-statement/enforcement-tm-statement-potentially-
  unlawful-online-platforms-trading ...............................................................................9

Defendant Mizuho Bank, Ltd. ("Mizuho") respectfully submits this reply memorandum of law in further support of its motion to exclude the report and testimony of M. Todd Henderson, one of the plaintiff's proposed experts.

## PRELIMINARY STATEMENT

In opposing Mizuho's motion to exclude Mr. Henderson's report and testimony, the plaintiff persistently tries to recast Mr. Henderson's assignment as something different from what Mr. Henderson himself said at his deposition. The plaintiff tells the Court that he "retained ████████████████████████████████████████████[1] But Mr. Henderson testified that ████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████[2] This testimony, which the plaintiff never addresses in his opposition brief, confirms that (as is abundantly evident from the report itself) the point of his entire report is to use his credentials as a law professor to make legal arguments that prop up the plaintiff's dubious legal position and to urge the factfinder to find Mizuho liable. That is why, based on the principle that "the only legal expert in a federal courtroom is the judge,"[3] this Court should grant Mizuho's motion to exclude.

The four points we made in our original motion survive the plaintiff's opposition brief unscathed. Each is independently sufficient to warrant granting the motion.

*First*, as noted above, the opinions set forth in Mr. Henderson's report (and deposition) are opinions about what the law is, or should be, based on his legal knowledge as a law

---

[1]    Dkt. 342 (Plaintiffs' Opposition to Defendant Mizuho Bank, Ltd.'s Motion to Exclude the Report and Testimony of M. Todd Henderson) at 3.

[2]    Declaration of Jerome S. Fortinsky ("Fortinsky Decl.") Ex. 1 (Transcript of Deposition of M. Todd Henderson, dated December 21, 2017) at 39:7-18.

[3]    *United States v. Caputo*, 517 F.3d 935, 942 (7th Cir. 2008).

professor, and accordingly invade the province of this Court, after hearing argument from the attorneys in the case, to say what the law is. The plaintiff essentially acknowledges that legal arguments masquerading as expert opinions are out of bounds, but dismisses Mr. Henderson's repeated pronouncements on the law as "stray comments"[4] at his deposition (the transcript of which we now submit in its entirety, so the Court can judge for itself). In fact, Mr. Henderson's testimony ██████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████ – the same arguments one would expect a party's lawyer to make.[5]

*Second*, once Mr. Henderson's opinions on legal issues are put aside, he has no relevant expertise. The plaintiff pretends that Mr. Henderson is an expert ████████████████████████ ████████████████████████████████████████████████████████ ███████[6] But until Mr. Henderson submitted his report, ████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████

---

[4]     Dkt. 342 at 1, 5.

[5]     Dkt. 321, Ex. 2 to the Declaration of Jerome S. Fortinsky, dated February 1, 2018 (Expert Report of M. Todd Henderson, dated October 2, 2017) (hereinafter "Dkt. 321, Ex. 2") at 10.

[6]     Dkt. 342 at 1, 8.

███████████████████████████████████████████

████████████████████████████████████████████████████

█████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████

████████

*Third*, Mr. Henderson's methodology is wholly unreliable.  Despite the Supreme Court's requirement that an expert must "employ[] in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field,"[7] and despite the Seventh Circuit's reminder that even a "supremely qualified expert cannot waltz into the courtroom and render opinions unless those opinions are based upon some recognized scientific methods."[8]  Mr. Henderson's method is essentially introspection.  Challenged to identify Mr. Henderson's methods, █████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████  (Dkt. 342 at 12.)  This "what do I think" approach is a long distance from "intellectual rigor" or a "recognized scientific method."

*Finally*, Mr. Henderson's opinions are not based on "facts or data in the case" and hence do not satisfy Rule 703.  ████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████████

---

[7]     *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999).

[8]     *Clark v. Takata Corp.*, 192 F.3d 750, 759 n.5 (7th Cir. 1999).

3

██████████████████████████████████████████████ Although the plaintiff
makes the uncontroversial observations that Mr. Henderson reviewed some evidence in the case
and that, under certain circumstances, it is permissible for an expert to accept assumptions
supplied by counsel, ███████████████████████████████████████
███████████████ The Court should accordingly exclude Mr. Henderson's report and
testimony.

## ARGUMENT

### I.    The Court Should Exclude Mr. Henderson's Opinions As Legal Argument

It is undisputed that an expert may not provide legal conclusions. *United States v.
Caputo*, 517 F.3d 935 (7th Cir. 2008); *see also* Dkt. 321 at 4-7. Even Mr. Henderson
acknowledged that ████████████████████████████ (Fortinsky Decl. Ex. 1 at
83:8-10.) The plaintiff also recognizes that an expert is not permitted to state bare legal
conclusions or tell the jury what result to reach. (Dkt. 342 at 5-6.) To try to save Mr.
Henderson's opinions from being excluded as legal argument, the plaintiff effectively rewrites
Mr. Henderson's report to white out all the legal conclusions and portrays Mizuho's arguments
as based merely on "stray comments" at his deposition. (Dkt. 342 at 1, 5.)

Mr. Henderson's opinions are based on his views as a law professor and are
fundamentally legal in nature. He himself testified that ████████████████████████
████████████████████████████████████████████████████
████████ (Fortinsky Decl. Ex. 1 at 39:9-11.) And his report reflects that. The two paragraphs
of his "overview" that describe his opinions "in this case" are densely packed with legal
conclusions:

- ████████████████████████████████████████████████

- 
- 
- 
- 

(Dkt. 321, Ex. 2 at 10.)  Our opening brief discusses his legal conclusions in additional detail.

(Dkt. 321 at 5-7.)

      Undoubtedly recognizing the problem with Mr. Henderson's report, the plaintiff uses his

opposition brief to pivot away from Mr. Henderson's own testimony.  Now, instead of accepting

that his task was to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮[9] (Dkt. 342 at

3.)

      But even while trying to pivot away from the legal conclusions that pervade Mr.

Henderson's report (as well as his deposition testimony ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮[10]), the plaintiff keeps digging the same hole.

Repeatedly, he underscores the essentially legal nature of Mr. Henderson's report by saying in

his brief that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[9]    The plaintiff's wording here – ▮▮▮▮▮▮▮ – is consistent with the ▮▮▮▮▮▮ that Mr.
Henderson admits doing.  (Dkt. 342 at 3.)  *See also* Dkt. 342 at 7 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮

[10]    Fortinsky Decl. Ex. 1 at 117:8-9.

████████████████████████ [11] Moreover, the plaintiff has effectively conceded that Mr.

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

because he does not respond to Mizuho's analysis of these points in his opposition brief. *See Wojtas v. Capital Guardian Trust Co.*, 477 F.3d 924, 926 (7th Cir. 2007) (finding that the "failure to oppose an argument permits an inference of acquiescence and 'acquiescence operates as a waiver'") (quoting *Cincinnati Ins. Co. v. E. Atl. Ins. Co.*, 260 F.3d 742, 747 (7th Cir. 2001)).

In his opposition brief, the plaintiff purports to distill Mr. Henderson's report into five ████████████████████ (Dkt. 342 at 4.) This presentation of Mr. Henderson's conclusions, however, is not Mr. Henderson's, and is not found in the report itself. [12] But even in the form presented, it is easy to see that Mr. Henderson's opinions are legal conclusions masquerading as expert testimony. ████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████ [13] The fourth conclusion is that Mizuho "████████████████████████████████████████████

████████████████████████████████████████ – which is a warmed-over reiteration of Mr.

Henderson's conclusions that "████████████████████████████████████████

████████████████████████████████████████████



---

[11]      Dkt. 342 at 1, 2, 6, 7.

[12]      Mizuho seeks to exclude Mr. Henderson's testimony not only at trial but also for purposes of class certification, contrary to what the plaintiff claims in his opposition brief. (Dkt. 342 at 6 n.3.) It is appropriate for the Court to exclude expert testimony in its entirety at the class certification stage. *See Am. Honda Motor Co.* v. *Allen,* 600 F.3d 813, 816 (7th Cir. 2010) (finding district court abused its discretion by failing to rule on challenge to expert testimony because class certification was an "early stage of the proceeding").

[13]      Again, this is based on the plaintiff's very approximate paraphrase of the Henderson report. For example, Mr. Henderson never used the term ████████████ in his report.

██████████████████████ albeit without the legal terms that Mr. Henderson actually used. (Dkt. 342 at 18.) The fifth conclusion is, in short, ████████████████████████████ ████████████████████████████████████████████████████████████ ████ and violates the principle, conceded by the plaintiff (Dkt. 342 at 6), that an expert is not permitted to offer legal conclusions that "tell the jury what result to reach."[14] (*Id.*)

Finally, the plaintiff ignores, and therefore concedes, Mizuho's argument that the Court should exclude Mr. Henderson's testimony because he argues based on what he thinks the law should be, not what the law is. (*See* Dkt. 321 at 7.) He admitted at his deposition ████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████ (Fortinsky Decl. Ex. 1 at 117:4-18.) That is classic legal argument. Even though Mr. Henderson ████████████████████████████████ (Dkt. 321, Ex. 2 at 23) ████████████████████████████████████████ (Fortinsky Decl. Ex. 1 at 119:12-14), ████████████████████████████████████ ████████████████ (Dkt. 321, Ex. 2 at 10, 25-26, 32-33.) His argument as to "how the law should be extended to these facts" is not appropriate expert testimony.

---

[14] *Id.* The other two conclusions, both of which paraphrase imprecisely what Mr. Henderson said in his report, also do not provide a basis for the Court to deny Mizuho's motion. ████████████████████████████████  As reflected in the SEC's recent release on cryptocurrency exchanges, the term "exchange" is also not necessarily appropriate for all platforms that provide a place for investors to buy and sell cryptocurrencies, including bitcoin. *See infra* p. 9.

## II.  The Court Should Exclude Mr. Henderson's Opinions Because He Is Not An Expert On Any Relevant Subject

Being a lawyer, or even a law professor, is not enough for a witness to qualify as an expert under Rule 702.  The proposed expert must have "scientific, technical, or other specialized knowledge" that "will help the trier of fact to understand the evidence or to determine a fact in issue."  Fed. R. Evid. 702(a).  In response to our opening brief, the plaintiff contends, ███████████████████████████████████████████ ███████████████████████████████████████████ ███████████  That is not enough.

*First*, although the plaintiff presents Mr. Henderson as an ███████████████ ███████████████████████████████████████████ ███████████████████████████████████████████ ███████████████████████████████████████████ ████████████████████████████████████  (*See* Dkt. 342 at 10 (describing Mr. Henderson's qualifications but referring ████████████ ██████████████████).)

The plaintiff argues that bitcoin exchanges are only "different in degree" from the stock exchanges that Mr. Henderson studies in his academic work and that Mr. Henderson believes they are analogous.  (Dkt. 342 at 9.)  But the plaintiff and Mr. Henderson are bootstrapping.  The argument that bitcoin exchanges are just like stock exchanges is essentially the same argument that Mr. Henderson makes in the report itself.  Before he can be accepted as an expert – before he can make that argument – the plaintiff first has to demonstrate that he qualifies as an expert on the relevant subject matter.  And it stands to reason that, in order to give an expert opinion on

how two specialized fields compare to each other, one must have expertise in both.[15] ███

████████████████████████████████████████████████████████████████

██████████████████████████████

  The plaintiff's facile comparison between securities exchanges and bitcoin exchanges has just recently been crushed by the United States Securities and Exchange Commission. In a public statement dated March 7, 2018, the SEC expressed concern that many bitcoin trading platforms (which would have included Mt. Gox before its collapse) "refer to themselves as 'exchanges,'" even though that term may not properly apply. The SEC said that the use of this terminology "can give the misimpression to investors that they are regulated or meet the regulatory standards of a national securities exchange."[16] In other words, one should not assume that bitcoin platforms, or marketplaces, can be viewed as exchanges, because they are not regulated like securities exchanges. ███████████████████████████████

██████████████████████[17]

---

[15] *See Klaczak v. Consol. Med. Transport*, 458 F. Supp. 2d 622, 668 (N.D. Ill. 2006) (excluding purported testimony and warning against "proffered expert's taking an actual expertise or basis to offer competent expert testimony in one area and improperly attempting to use that basis to offer 'expert' testimony about materially distinct subject."); *see also Levin v. Dalva Bros., Inc.*, 459 F.3d 68, 78 (1st Cir. 2006) ("That a witness qualifies as an expert with respect to certain matters or areas of knowledge, does not mean that or she is qualified to express expert opinions as to other fields.") (internal quotations omitted).

[16] United States Securities Exchange Commission, Statement on Potentially Unlawful Online Platforms for Trading Digital Assets (Mar. 7, 2018), *available at* https://www.sec.gov/news/public-statement/enforcement-tm-statement-potentially-unlawful-online-platforms-trading.

[17] The plaintiff's claim that ████████████████████████████████████████████ SEC Chairman Jay Clayton, in the same statement quoted selectively by the plaintiff, states that many cryptocurrency "trading platforms are even referred to as 'exchanges.' I am concerned that this appearance is deceiving." Likewise, the plaintiff cites a news article (not the SEC's complaint) which states that a "cryptocurrency exchange" was run as "an unregistered securities exchange." In the SEC's complaint, the SEC describes the defendant, BitFunder, as a company that allowed its user to "create, offer, buy and sell shares in various enterprises" (primarily businesses related to cryptocurrencies). Complaint, *SEC v. Montroll*, Case No. 1:18-cv-01582 (S.D.N.Y. 2018). On the platform, users purchased shares in businesses using bitcoins, but did not use fiat currency to purchase bitcoins. ███████████████████████████████████████████████████████████████████

*Second*, 

Accordingly, expert opinion on the nature of ████████████ will not "help the trier of fact to understand the evidence or to determine a fact at issue." Fed. R. Evid. 702(a).

*Third*, as a factual matter, bitcoin platforms (exchanges) are quite different from securities exchanges. Mt. Gox operated in what the United States Consumer Finance Protection Bureau referred to as the "Wild West" of the financial world.[18] Moreover, Mt. Gox was a company incorporated in Japan and not subject to the securities laws of the United States. In its relationship with Mt. Gox, Mizuho was not governed by the regulations applicable to stock brokers. ████████████████ (Fortinsky Decl. Ex. 1 at 218:16-22.) ████

████████████████████████████████████

## III. The Court Should Exclude Mr. Henderson's Opinions Because He Has No Methodology Other Than Asking Himself What He Thinks

The plaintiff acknowledges, as he must, that Mr. Henderson's opinions cannot be admitted unless his methods (among other things) are capable of being tested and are generally accepted by the scientific community. (Dkt. 342 at 12); *see also Daubert v. Merrell Dow Pharm., Inc*., 509 U.S. 579, 593-94 (1993). Similarly, Rule 702 provides that a court cannot

---

████████████████ (*See* Fortinsky Decl. Ex. 2 (Expert Report of Mark Williams, dated November 16, 2017) at 21-26

████████████████████████████████

[18] *See* Consumer Financial Protection Bureau, CFPB Warns Consumers About Bitcoin (Aug. 11, 2014), *available at* https://www.consumerfinance.gov/about-us/newsroom/cfpb-warns-consumers-about-bitcoin/.

admit expert testimony if it is not "the product of reliable principles and methods." Fed. R. Evid. 702(c).

Pressed to justify Mr. Henderson's methods, ████████████████████████████

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████ (Dkt. 342 at 12.) When Mr. Henderson says

that ████████████████████████████████████████████████████████████████

████████████████████████ It did not involve any scientific, economic or other objective testing that

could be replicated by third parties.[19] ████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

████████████████ (Dkt. 342 at 13), and then cites three cases that also purportedly involved law-

and-economics. But to say that other cases (none from the Seventh Circuit or this District) have

in some fashion involved law-and-economics is not to say that the specific method he used here

– ████████████████████████████████████████████████ – is supported by any of these

cases.[20]

---

[19]    *Zenith Elecs. Corp. v. WH-TV Broadcasting Corp.*, 395 F.3d 416, 418 (7th Cir. 2005) (explaining that "[s]omeone else using the same data and methods must be able to replicate the result for an approach to be considered reliable); *Amari Co. v. Burgess*, No. 07-C-01425, 2012 WL 5389787, at *16 (N.D. Ill. Nov. 2, 2012) (finding that the defendants had not satisfied Rule 702 and *Daubert* in part because "extrapolating from personal experience is not an objective or replicable methodology.").

[20]    The frailty of plaintiff's support is evident in the *Liberty Media* case, which the plaintiff ████████████
████████████████    (Dkt. 342 at 13-14.) In that case, a professor of law-and-economics, who was previously a mergers and acquisitions attorney, was permitted to testify as a mergers and acquisitions expert and did not utilize a law-and-economics approach. *See Liberty Media Corp. v. Vivendi Universal, S.A.*, 874 F. Supp. 2d 169, 177 (S.D.N.Y. 2012) ("As an experienced M & A professional, Coates's testimony is admissible because he applies the same level of rigor in his analysis that an M & A professional would apply in negotiating or analyzing a MAC clause.") Another case dealt not with a *Daubert* challenge, but a

Moreover, Mr. Henderson's test does not contain objective criteria by which to assess his conclusions.  (*See* Dkt. 321 at 12-13.)  ███████████████████████████████ of anything is a highly subjective undertaking.  Mr. Henderson cites no support for his determination of what the ███████████████████████████████████ ████████████  Such an approach would require the Court to take Mr. Henderson at his word, rather than rely on any reliable methodology.  *Ferguson v. City of Chicago*, No. 13 C 4084, 2016 WL 3226529, at *2 (N.D. Ill. June 13, 2016) (citing methodology as reliable because expert testified about her training on the methodology, how professionals in the field apply the methodology, and how she applied the method to reach her opinions").

Another method Mr. Henderson uses is ████████████████████████████ ███████████████████████████  This is an inherently unreliable methodology for an expert.  (Dkt. 321 at 11-12.)

Mr. Henderson begins by ██████████████████████████████ ████████████  It did not.  Mt. Gox had a deposit account at Mizuho and was a regular banking customer.  ██████████████████████████████████████████ ███████████████████████████████████████████

(Fortinsky Decl. Ex. 1 at 25:7-11.)

Mr. Henderson makes other methodological errors, too.  He admitted in his deposition that ██████████████████████████████████████ ████████████  (Fortinsky Decl. Ex. 1 at 14:10-21.)   Of course, he had no basis to make that

---

preliminary injunction, where the law-and-economics expert compared termination fees in merger transactions.  *In re Guidant Corp. S'holders Deriv. Litig.*, 2006 WL 290524 (S.D. Ind. Feb. 6, 2006).  The third involves an expert who calculated damages, and referred to the "law and economics concept of profit disgorgement."  *In re Actiq Sales & Mktg. Pract. Litig.*, No. 07-4492, 2014 WL 3572932, at *8 (E.D. Pa. July 21, 2014).  None of the approaches taken by the experts in the aforementioned cases ████████ ██████████████████████████████████  Simply invoking the term "law-and-economics" does not by itself make any particular analysis or test a reliable methodology.

assumption – an assumption that, as noted above, the SEC has now punctured.[21]   In addition,

████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████   But

according to the plaintiff's own bitcoin expert, ███████████████████████████████

███████   (Fortinsky Decl. Ex. 3 (Transcript of deposition of Andrew Rasmussen, dated January

11, 2018) at 110:23-25.) ████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████   (Fortinsky Decl. Ex. 3 at 109:18-24 (emphasis

added).) ████████████████████████████████████████

████████████████████████   This, too, is an inappropriate methodology,

because depositary banks in Japan are subject to specific obligations.[22]

In short, Mr. Henderson's methods are thoroughly unreliable.  The Court should exclude

his report and testimony in their entirety.[23]

---

[21]      The plaintiff also argues that Mr. Henderson should be ████████████████████████
████████████████████  (Dkt. 342 at 8.) ██████████████████████████████████
█████████████████████████████████████████████████████████████████
██████████████████  (Dkt. 321, Ex. 2 at 24-25.)

[22]      ████████████████████████████████  as demonstrated by the expert report of Hirotada
Inoshita.  (Fortinsky Decl. Ex. 4 (Expert Report of Hirotada Inoshita, dated November 16, 2017).)

[23]      The plaintiff contends that the Court should at least admit the portion of Mr. Henderson's report that
consists of "background information."  We disagree. ████████████████████████████  *See
supra* Section II; *see also Nilssen v. Motorola, Inc.*, No. 93 C 6333, 1998 WL 851493, at *2 (N.D. Ill. Dec.
1, 1998) ("It is thus especially important to keep such uninformed and irrelevant expert testimony from the
jury."); *Kemper Mobile Elecs., Inc. v. Southwestern Bell Mobile Sys.*, 428 F.3d 706, 713 (7th Cir. 2005)
(holding that the "district court properly applied Federal Rule of Evidence 702 to exclude the damages
evidence by [the plaintiff's] expert as irrelevant and inapplicable to its theory of liability.").  Second, for
the reasons discussed above, and as the SEC has recently emphasized, *see supra* Section II, █████████
██████████████████████████████████████████  *Id*.  Third, the "background
information" in the report does not pass the *Daubert* tests of reliability (including testability and acceptance
in the scientific community).  Finally, ████████████████████████████████████  for the

## IV. The Court Should Exclude Mr. Henderson's Opinions Because They Are Not Based On "Facts Or Data In The Case"

As discussed in Mizuho's opening brief, Mr. Henderson's report and testimony are insufficiently grounded in fact because ███████████████████████████████████ ████████████████████████████████████ (Dkt. 321 at 13-15.) The plaintiff responds that Mr. Henderson's opinions were based on facts in the case because he ████████████████████████████████████████████ ████████████ █████ (Dkt. 342 at 14-15.)

The plaintiff, however, fails to respond to Mizuho's argument regarding Mr. Henderson's ██████████████████████████ (*See* Dkt. 321 at 13-14.) Instead, the plaintiff broadly asserts that Mizuho's challenge "is an attack on his theories' correctness." (Dkt. 342 at 14.) This assertion is not accurate. In its opening brief, Mizuho challenged Mr. Henderson's ████████████████████████████████████████████ ████████████████████████ (Dkt. 321 at 14.)

In defense of its expert, the plaintiff tries to distinguish *In re James Wilson Assocs.*, 965 F. 2d 160, 173 (7th Cir. 1992), by saying that this case is not one where a party is trying to prove a fact by asking the expert to assume the truth of that fact. (Dkt. 342 at 15.) But indeed it is. For example, in the plaintiff's words, ██████████████████████████████ ████████████████████ (Dkt. 342 at 4, 6.) Mr. Henderson ████████████████ ████████████████████████████████████████████

---

████████████████████████████████████████ *See Klaczak*, 458 F. Supp. 2d at 665 (observing that expert must possess sufficient specialized expertise to render his or her opinion reliable, and that the expert's competence in the general field must extend to his or her specific testimony on the pending matter).

24 ████████████████████████████████████████████████ ████████████████████ (Fortinsky Decl. Ex. 1 at 46:4-8; 61; 13-23.) ████████████████████ (Fortinsky Decl. Ex. 1 at 25:7-11.)

14

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████ (Fortinsky Decl. Ex. 1 at 131:4-10.)  Mr. Henderson assumes that

██████████████████████████████████████████████████████

██████████████████████████████████████████████████ The

plaintiff essentially asked Mr. Henderson to assume the conclusion that he purportedly reached.

This is an improper basis for expert testimony.  *See Gentieu v. Tony Stone Images/Chicago, Inc.*,

214 F. Supp. 2d 849, 853 (N.D. Ill. 2002) (excluding expert report "because of his unquestioning

reliance on what [plaintiff] told him as the basis for his various conclusions" and where expert's

conclusions "are without sufficient factual underpinning").

<u>**CONCLUSION**</u>

For the foregoing reasons, and those set forth in Mizuho's opening brief, this Court

should exclude the report and deposition testimony of M. Todd Henderson.

MIZUHO BANK, LTD.

By:  /s/ Jerome S. Fortinsky
     One of Its Attorneys

Jonathan S. Quinn (#6200495)
jquinn@ngelaw.com
Jason A. Frye (#6292848)
jfrye@ngelaw.com
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street
Chicago, IL 60602-3801
(312) 269-8000

Jerome S. Fortinsky (admitted *pro hac vice*)
jfortinsky@shearman.com
John A. Nathanson (admitted *pro hac vice*)
john.nathanson@shearman.com
Jeffrey J. Resetarits (admitted *pro hac vice*)
jeffrey.resetarits@shearman.com

SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022-6069
(212) 848-4000


Dated:  March 26, 2018

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorneys hereby certify that on the 26th day of March, 2018, they caused this **Reply Memorandum Of Law In Further Support Of Defendant Mizuho Bank, Ltd.'s Motion To Exclude The Report and Testimony Of M. Todd Henderson** to be served by causing true and accurate copies of such paper to be transmitted via ECF to all counsel of record.

<u>/s/ Jerome S. Fortinsky</u>

and via electronic mail to Mark Karpeles.

<u>/s/ Sayuri A. Shimoda</u>