UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREGORY GREENE and ANTHONY MOTTO, individually and on behalf of all others similarly situated, | |
| *Plaintiffs*, | No. 1:14-cv-01437 |
| v. | Hon. Gary Feinerman |
| MIZUHO BANK, LTD., a Japanese financial institution, and MARK KARPELES, an individual, | Magistrate Judge Susan Cox |
| *Defendants*. | |

**JOINT STATUS REPORT**

Pursuant to the Court's order of June 7, 2018, plaintiffs Gregory Greene and Anthony Motto (together, "Plaintiffs") and defendant Mizuho Bank, Ltd. ("Mizuho," and, together with Plaintiffs, the "Parties") hereby provide their respective positions on the appropriate next steps in the case, following the Court's denial of Plaintiff Motto's motion for class certification. (Dkt. 373.)

**Plaintiffs' Position**: Given the Court's recent decision on the motion for class certification—which was denied only as to "Plaintiff's Motto's effort to serve as a class representative of the Deposit Subclass," (dkt. 373)—the Court should permit the substitution of an unnamed Deposit Subclass member as a new putative class representative. *See Phillips v. Ford Motor Co.*, 435 F.3d 785, 787 (7th Cir. 2006) ("Substitution of unnamed class members for named plaintiffs who fall out of the case because of settlement or other reasons is a common and normally an unexceptionable ('routine') feature of class action litigation … in the federal courts."). One such absent class member already has contacted counsel, so this step would not

cause undue delay. Here, the narrowness of the Court's opinion leaves all the critical issues pertaining to class certification of Deposit Subclass members' claims against Mizuho in place and ready for a complete decision as to the issue of Rule 23(b)(3) class certification. And while there are other putative class actions pending in other districts—including Lack's (which is proceeding in the Central District of California, following the denial of Mizuho's motion to dismiss under Rules 12(b)(2) and 12(b)(6)) and Pearce's (which is proceeding in the Eastern District of Pennsylvania, where a motion to dismiss is fully briefed)—the Supreme Court has recently made clear that Rule 23 favors "assertion of competing class representative claims." *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1807 (2018). More, given the discretionary nature of class certification and that the effect of the Supreme Court's decision in *Bristol-Myers Squibb Co. v. Superior Court of Cal.*, 137 S. Ct. 1773 (2017), remains unsettled, absent class members should not be forced to rely on the *Lack* litigation to protect their interests.

Further, while the case has been pending since early 2014, it has been actively litigated for less than two years, during which time the parties only sought an extension to complete class expert depositions and Plaintiffs filed a motion for class certification ahead of schedule. (Dkts. 231, 316, 341.) Moreover, the proposed substitution is timely: the need for a substitute representative was not even apparent until an intervening legal development required the dismissal of another Deposit Subclass representative (Lack) whose claim is not plagued by the issues identified by the Court in its order. (See Dkts. 312, 374.) At the time of Lack's dismissal, the motion for class certification was already pending; thus, Plaintiff now seeks substitution at the first available opportunity.

Accordingly, Plaintiffs believe that the substitution of a class representative, who does not share the idiosyncratic issues attendant to Motto's claim, is the most efficient path forward.

That course would leverage the parties' substantial litigation and discovery efforts to date, would not cause undue prejudice to Mizuho (who would only be tasked with reviewing a handful of new documents and taking one additional deposition), and—given the procedural posture and the Court's intimate familiarity with the complex facts and legal issues of the case—would be an efficient use of court resources. Should the Court permit substitution, Plaintiff Motto would voluntarily dismiss his claims against Mizuho without prejudice, and then he and Plaintiff Greene would move for the entry of default against Mark Karpeles.

  **Mizuho's Position:** Mizuho opposes Plaintiffs' suggestion that the Court should permit substitution of a new named plaintiff for Motto at this late stage of this case—*i.e.*, nearly four and a half years after the initial complaint was filed, nearly a year and a half after the Court's February 24, 2017 deadline for motions to amend or add parties (*see* Dkt. 316), ten months after the close of fact discovery, five months after the close of expert discovery, and following denial of class certification based on long-known deficiencies in Motto's claims that would foreseeably prevent him from meeting the typicality and adequacy requirements of Rule 23. Although, as Plaintiffs note, "[s]ubstitution of unnamed putative class members for named plaintiffs who fall out of the case because of settlement or other reasons is a common and normally and unexceptional ("routine") feature of class action litigation" (*Phillips v. Ford Motor Co.*, 435 F.3d 785, 787 (7th Cir. 2006)), substitution at this late stage of the case is by no means "routine." To the contrary, this kind of late-stage substitution is routinely denied in circumstances like those here. *See, e.g., Randall v. Rolls-Royce Corp.*, 637 F.3d 818, 826-27 (7th Cir. 2011); *Chavez v. Illinois State Police*, 251 F.3d 612, 632-33 (7th Cir. 2001); *see also Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 560-61 (9th Cir. 2010) (affirming district court's decision not to allow intervention by proposed new plaintiff where original named plaintiffs were not qualified to

represent a class); *In re Sonus Networks, Inc. Secs. Litig.*, 229 F.R.D. 339 (D. Mass. 2005) (denying motion of absent class member to intervene as proposed class representative after one proposed class representative was found inadequate and the other withdrew as class representative); *In re Safeguard Scientifics*, 220 F.R.D. 43 (E.D. Pa. 2004) (denying motion of absent class member to intervene as named plaintiff where motion was made more than two and a half years after original complaints were filed, after the conclusion of fact discovery, and after denial of class certification on grounds that the claims of the proposed class representatives were atypical and subject to unique defenses, and intervention would have required additional class discovery and a second class certification motion, resulting in prejudice and undue delay).

In *Randall*, the Seventh Circuit affirmed the district court's denial of a motion pursuant to Rule 24(b) to substitute new named plaintiffs for the original named plaintiffs after class certification was denied because the original named plaintiffs failed to satisfy the typicality and adequacy requirements of Rule 23. *Id*. The Seventh Circuit held that the district judge "was on sound ground in ruling that the motion came too late" because, as the plaintiffs are proposing here, the motion to intervene was filed after class certification was denied, almost four years after the lawsuit was filed and "long after it was plain that there were substantial doubts" about the original named plaintiffs' ability to satisfy typicality and adequacy. *Id*. The Seventh Circuit concluded that "[i]ntervention shouldn't be allowed just to give class action lawyers multiple bites at the certification apple, when they have chosen, as should have been obvious from the start, patently inappropriate candidates to be the class representatives." *Id*.

In *Chavez*, the Seventh Circuit affirmed the district court's denial of leave to amend to join an additional named plaintiff after the conclusion of fact discovery and denial of class certification due to the original proposed class representative's lack of standing. 251 F.3d at

4

630-31. The Seventh Circuit agreed with the district court's determination that the motion was untimely and joinder would be "heavily prejudicial to the defendants" because it would have required additional deposition testimony from the proposed intervenor. *Id*. at 631-32. While the plaintiffs were prepared to allow that additional testimony, the district court declined that proposal, and explained that "[t]he court is entitled both to set deadlines and to expect that they will be honored, especially when the plaintiffs are before the court in 1999 shortly before trial seeking to extend a 1997 cut off based on events happening and known to them in 1996." *Id*. at 633.

     As the Court knows well, this case has been pending for almost four and a half years. During that time, Plaintiffs' counsel have amended their complaint four times, including amendments adding named plaintiffs Motto, Lack and Pearce, none of whom has proved adequate to represent a putative class or subclass in this case. The time set by the Court for seeking leave to file any additional amendments or to add any new parties expired nearly a year and a half ago, on February 24, 2017. The infirmities in Motto's case have been apparent since at least the time of his deposition nearly a year ago (although presumably Plaintiffs' counsel would have uncovered them when they first investigated his claims and proposed to add him as an additional named plaintiff in June 2015 (*see* Dkt. 151)), and were further crystallized during the five-month class certification and class expert discovery phase of this case. Against this backdrop, Mizuho, like the defendants in *Randall* and *Chavez*, would be prejudiced if the Court were to allow the late intervention or joinder of a proposed new plaintiff sought by Plaintiffs' counsel. At a minimum, Mizuho would be required to litigate class certification all over again, including seeking documents and deposition testimony from the proposed new plaintiff, obtaining updated reports from Mizuho's bitcoin and class certification experts, Mark Williams

and Bruce Strombom, to reflect the specific circumstances of the proposed new plaintiff's investment in Mt. Gox (just as their original reports did for Motto's), and rebriefing the issues of typicality and adequacy (which were already fully briefed and decided) in the context of an entirely new proposed class representative. *See, e.g., In re Sonus*, 229 F.R.D. at 346 (holding that defendants would be prejudiced by intervention of a new proposed named plaintiff after expending considerable time and money on litigating the adequacy of the original named plaintiffs as class representatives so that it "would be unfair to require defendants to incur substantial additional expense to investigate and litigate whether [the proposed new plaintiff] is an adequate class representative"); *In re Safeguard*, 220 F.R.D. at 47 (defendant would be prejudiced by the need for additional discovery concerning suitability of proposed new plaintiffs to serve as class representatives and the filing of a second class certification motion, "particularly in terms of additional attorneys' fees and legal expenses"). As the Seventh Circuit explained in *Randall*, [i]ntervention shouldn't be allowed just to give [the plaintiffs' counsel] multiple bites at the certification apple, when they have chosen, as should have been obvious from the start, [a] patently inappropriate candidate[s] to be the class representative." 637 F.3d at 827.[1]

As an alternative, the Court should stay this case pending the outcome of Mt. Gox's new civil rehabilitation proceeding in Japan, in which it is anticipated that all Mt. Gox customers who file timely proofs of claim before the October 22, 2018 deadline will receive a full recovery.[2] On June 22, 2018, the Japanese court in Tokyo overseeing Mt. Gox's insolvency proceedings

---

[1] Plaintiffs state that the Supreme Court has recently made clear that Rule 23 favors "assertion of competing class representative claims." *See supra* at 2 (citing *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1807 (2018)). But the actual quote from *China Agritech* is that Rule 23 "favors *early* assertion of competing class representative claims." *Id.* (emphasis added). A request to add a new named plaintiff four and half years after the start of the case and a year and a half after the deadline for adding new parties is not an "early" assertion of a competing class representative claim.

[2] The value of Mt. Gox's assets has increased significantly since 2014. At the time of its bankruptcy on April 24, 2014, the price of bitcoin was $483, whereas now, the price of bitcoin is more than $6,500 and recently traded at nearly $20,000 per bitcoin.

commenced a new civil rehabilitation proceeding, thereby staying the previously commenced bankruptcy (liquidation) proceedings.  According to a June 22, 2018 notice posted on Mt. Gox's website (http://www.mtgox.com/) by the court-appointed Civil Rehabilitation Trustee, all claimants who seek to recover in Mt. Gox's civil rehabilitation must file proofs of claim by the October 22, 2018 deadline regardless of whether they previously filed timely or untimely proofs of claim in Mt. Gox's bankruptcy proceedings and claimants who seek to recover bitcoin will be able to recover bitcoin rather than having their claims converted into monetary claims valued at the time of the commencement of the civil rehabilitation proceedings.  In light of these new developments, all members of the proposed putative class and subclasses in this case now have a new opportunity to seek a full recovery in the civil rehabilitation proceeding on any claimed losses incurred on bitcoin or currency held at Mt. Gox at the time of its demise in February 2014. As a result, this litigation is now duplicative and wasteful of the Court's and the parties' resources and should be stayed pending the outcome of the Japanese civil rehabilitation proceeding.

Dated: July 13, 2018

By: /s/ Benjamin S. Thomassen
       One of Plaintiffs' Attorneys

Jay Edelson
jedelson@edelson.com
Benjamin S. Thomassen
bthomassen@edelson.com
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Rafey S. Balabanian
rbalabanian@edelson.com
J. Aaron Lawson

<div style="margin-left: 40%;">

alawson@edelson.com
EDELSON PC
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: 415.212.9300
Fax: 415.373.9495

Counsel for Plaintiffs and the Putative Classes

</div>

Dated: July 13, 2018                    By: /s/ Jerome S. Fortinsky
                                            One of Mizuho Bank, Ltd.'s Attorneys

<div style="margin-left: 40%;">

Jonathan S. Quinn (#6200495)
jquinn@ngelaw.com
Jason A. Frye (#6292848)
jfrye@ngelaw.com
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street
Chicago, IL 60602-3801
(312) 269-8000

Jerome S. Fortinsky (admitted *pro hac vice*)
jfortinsky@shearman.com
Jeffrey J. Resetarits (admitted *pro hac vice*)
jeffrey.resetarits@shearman.com
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022-6069
(212) 848-4000

</div>

## **CERTIFICATE OF SERVICE**

    I, Benjamin S. Thomassen, an attorney, hereby certify that on July 9, 2018, I caused to be served the above and foregoing document by causing a true and accurate copy of such paper to be filed and served on all counsel of record via the court's CM/ECF electronic filing system.

                                               /s/ Benjamin S. Thomassen