UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREGORY GREENE and ANTHONY MOTTO, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> MARK KARPELES, an individual, <br><br> Defendant. | Case No. 14-cv-01437 <br><br> Hon. Gary Feinerman <br><br> Magistrate Judge Susan Cox |

**DEFENDANT MARK KARPELES' MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2) AND OPPOSITION TO PLAINTIFFS' REQUEST FOR ENTRY OF DEFAULT AGAINST HIM**

Defendant Mark Karpeles contests that this Court has personal jurisdiction over him in these proceedings. Mr. Karpeles submits this Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(2) and Opposition to Plaintiffs' Request for Entry of Default Against Him in accordance with the Court Order dated August 13, 2018. [Dkt. No. 387.] Pursuant to Federal Rule of Civil Procedure 12(b)(2), this case must be dismissed against Mr. Karpeles based on the lack of personal jurisdiction. The Court must determine this threshold issue before any further proceedings occur, including the potential entry of a default against Mr. Karpeles. In support of this Motion and Opposition, Mr. Karpeles states as follows:

1. Mr. Karpeles, an individual, is a citizen of France living in Japan.

2. Mr. Karpeles does not have the necessary "minimum contacts" with this forum such that the "maintenance of the suit does not 'offend traditional notions of fair play and substantial justice.'" *Advanced Tactical Ordinance Sys., LLC v. Real Actional Paintball, Inc.*, 751 F.3d 796, 800-801 (7th Cir. 2014) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) and *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

3. Mr. Karpeles has not "purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in that state" nor does the "alleged injury [arise] out of the defendant's forum-related activities." *Tamburo v. Dworkin*, 601 F.3d 693, 702 (7th Cir. 2010) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).

4. Plaintiffs merely assert the legal conclusion that "[t]hrough Tibanne KK and the Mt. Gox Exchange, Karpeles conducted business throughout this District, the State of Illinois, and the United States." (Fourth Amend. Compl. ¶ 8 [Dkt. No. 245].) Plaintiffs do not allege any personal activities of Mr. Karpeles, such as conducting his own business, in any of this District, the State of Illinois and the United States, or any specific activities of Mr. Karpeles.

5. Plaintiffs bear the burden of establishing personal jurisdiction. *Advanced Tactical Ordinance Sys.*, 751 F.3d at 800. Blanket, conclusory assertions that this Court has personal jurisdiction are insufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.")

6. Mr. Karpeles expressly asserts that this Court lacks personal jurisdiction over him and preserves this objection and argument for all purposes.

7. Because this Court lacks personal jurisdiction over Mr. Karpeles, this proceeding against him must be dismissed with no further actions taken, including but not limited to the entry of any default.

8. Mr. Karpeles requests that, if there is any question about the Court's lack of personal jurisdiction over him, the Court enter a briefing schedule for Mr. Karpeles to further support his position.

9. In light of the lack of personal jurisdiction and Mr. Karpeles' preserved objection on this point, no entry of default or default judgment could stand against him in any event. [Dkt. No. 386.] *See, e.g., Swaim v. Moltan Co.*, 73 F.3d 711, 718 (7th Cir. 1996) (holding that if the court finds itself without personal jurisdiction over a defendant upon motion to vacate a default, "[t]he default judgment is void" as the court has no authority over the defendant).

WHEREFORE, for all of the reasons stated above, those in any further written submissions to the Court, and in any oral argument, Defendant Mark Karpeles respectfully requests that this Court:

A. Grant this Motion to Dismiss these proceedings against him with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction;

B. In the alternative, set a briefing schedule on this Motion to Dismiss and continue it to a later date;

C. Subject to his continuing objection that this Court lacks personal jurisdiction over him, conduct no further proceedings in this matter until the issue of personal jurisdiction is decided, including but not limited to the Court not entering any default against him; and

D. Grant all other just relief.

Dated: August 24, 2018

Respectfully submitted,

Mark Karpeles

By: */s/ Bevin M. Brennan*
     One of His Attorneys

Bevin Brennan
Matthew Schmidt
PEDERSEN & HOUPT
161 North Clark Street, Suite 2700
Chicago, Illinois 60601
(312) 641-6888
bbrennan@pedersenhoupt.com
mschmidt@pedersenhoupt.com

*Attorneys for Defendant Mark Karpeles*