# EXHIBIT A

RAFEY S. BALABANIAN (SBN 315962)
rbalabanian@edelson.com
J. AARON LAWSON (SBN 319306)
alawson@edelson.com
EDELSON PC
123 Townsend Street, Suite 100
San Francisco, California 94107
Telephone: (415) 212-9300
Facsimile: (415) 373-9435

*Attorneys for Plaintiff Joseph Lack*

JOHN F. COVE, JR. (SBN 212213)
john.cove@shearman.com
EMILY V. GRIFFEN (SBN 209162)
emily.griffen@shearman.com
SHEARMAN & STERLING LLP
535 Mission Street, 25th Floor
San Francisco, CA 94105
Telephone: (415) 616-1100
Facsimile: (415) 616-1199

JEROME S. FORTINSKY (admitted *pro hac vice*)
jfortinsky@shearman.com
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 848-4000
Facsimile: (212) 848-7179

*Attorneys for Defendant Mizuho Bank, Ltd.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH LACK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MIZUHO BANK, LTD. and MARK KARPELES,<br><br>Defendants. | Case No. 2:18-cv-00617-RGK-GJS<br><br>**RULE 26(f) REPORT** |

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26-1, Plaintiff Joseph Lack ("Lack" or "Plaintiff") and Defendant Mizuho Bank, Ltd. ("Mizuho," and, together with Lack, the "Parties") submit this proposed discovery plan and report.

## I. Nature, Status, and Circumstances of the Case

Lack initiated his case against Defendants Mizuho and Mark Karpeles ("Karpeles") on March 14, 2014 in the District Court for the Northern District of Illinois, approximately a month after the collapse of the Mt. Gox bitcoin exchange. That action was captioned *Greene v. MtGox Inc., et al.*, No. 14-cv-1437. Mt. Gox and its related entities (who had been defendants since the case was first filed in February 2014) were dismissed from the case later that year, following the recognition of bankruptcy proceedings in Japan by the U.S. Bankruptcy Court for the Northern District of Texas on June 19, 2014.

Lack's case proceeded into discovery. During that time, the Parties took fact and expert discovery and Lack, along with his co-plaintiffs, moved for class certification on October 13, 2017. Before that motion was fully briefed, Mizuho renewed an earlier request that the *Greene* Court dismiss Lack's claim for lack of personal jurisdiction in light of the Supreme Court's ruling in *Bristol-Myers Squibb Co. v. Supreme Court of California, San Francisco County*, 137 S. Ct. 1773 (2017). The *Greene* Court granted Mizuho's motion, and Lack was dismissed from the *Greene* matter on December 11, 2017. *See Greene*, 14-cv-1437, dkt. 312 (N.D. Ill. Dec. 11, 2017). Lack then filed this case against Defendants Mizuho and Karpeles on January 24, 2018.

On June 22, 2018, the Tokyo District Court converted the Japanese bankruptcy to a new civil rehabilitation proceeding. The effect of this new Japanese proceeding is potentially significant to claims asserted in this case, particularly because the appointed rehabilitation trustee announced that the Mt. Gox estate may

1

RULE 26(f) REPORT — Case No. 2:18-cv-00617-RGK-GJS

have sufficient assets (following the sale of a sum of bitcoins held by the estate, which has left the estate with cash assets greater than $617M in USD, along with over 143,000 in bitcoin) to pay in full the claims of Mt. Gox users who lost money or bitcoin when Mt. Gox collapsed, including Lack and potential members of the putative class alleged here.[1] The rehabilitation claims period closes on October 22, 2018. According to documents published by the rehabilitation trustee, those claims will be approved (or not) by January 24, 2019, followed by the submission of a proposed rehabilitation plan (providing for any modifications to rights of civil rehabilitation creditors and a payment plan) on February 14, 2019.

In light of the unique posture of this case and to best conserve the Court's limited resources, the Parties recommend that the case against Mizuho be stayed until February 28, 2019. At that time, the Parties expect to have an indication of whether Plaintiff and other members of the putative class are likely to receive full or partial recoveries through the Japanese civil rehabilitation proceeding (an outcome that may affect the scope of the class that Plaintiff will seek to certify in this case) and, thus, will be better positioned to make an informed recommendation to the Court about appropriate next steps in the case, including whether the stay should be lifted at that time. This brief stay should not materially affect the expeditious resolution of this matter because, as discussed below, discovery is already largely, if not totally, complete based on discovery in *Greene*. In addition, the recommended stay will provide Plaintiff with additional time to complete service on Karpeles and will potentially give the Parties a better indication of whether Karpeles will participate in these proceedings. If Karpeles appears in this case, the Parties anticipate a need for discovery from Karpeles, which will impact the case schedule.

If the Court is inclined to impose a stay, the Parties also respectfully suggest that the Scheduling Conference scheduled for October 15, 2018, is unnecessary at

---

[1] The value of bitcoin has increased greatly since Mt. Gox collapsed.

2

RULE 26(f) REPORT          Case No. 2:18-cv-00617-RGK-GJS

this time and suggest that it be rescheduled for shortly after the suggested February 28, 2019 date, with the Parties submitting an updated status report by February 21, 2019.

## II. Rule 26(f) Discovery Plan

### A. What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.

The Parties already exchanged initial disclosures in *Greene*, and agree that if the case against Mizuho proceeds, any amendments to those disclosures shall be exchanged 2 weeks after the proposed stay of the case against Mizuho is lifted.

### B. The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.

The Parties already litigated this case through discovery in *Greene* and agree that the written answers and documents produced in that matter should be used in this case as well. Accordingly, except to the extent that Karpeles appears in this case and discovery is needed from him, and except to the extent that it becomes necessary for Mizuho to take discovery of Lack concerning his attempt to recover his alleged losses by submitting claims to the Tokyo District Court or in the civil rehabilitation proceeding, the Parties agree that fact discovery in this case is complete and there is no need for the phasing or limitation of discovery.

Lack notes that Karpeles may have information relevant to the claims against Mizuho, including information concerning, but not limited to: (i) the number of unfulfilled fiat currency withdrawal requests made by Mt. Gox customers made between June 2013 and February 2014; and (ii) communications and documents concerning Mt. Gox's relationship with Mizuho. Mizuho contends that none of this information is relevant to the claims against it.

Mizuho notes that Karpeles is likely to have information showing that the claims asserted against Mizuho by Lack are meritless and supporting Mizuho's

3

cross-claims against Karpeles, including, but not limited to, information concerning (i) Mt. Gox's ability to fulfill its users' withdrawal requests through other banks and payment processors; (ii) Mt. Gox's communications with its users, including communications concerning withdrawal delays and difficulties; and (iii) the reasons Mt. Gox did not fulfill certain users' withdrawal requests.

**C. Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

To the extent any additional discovery is disclosed or produced, the Parties agree to discuss in good faith the applicable form or forms of production as needed. Other than as described herein, no additional discovery is anticipated.

**D. Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

The Parties do not anticipate any issues about claims of privilege or work product protection at this time, but will discuss submitting a proposed order pursuant to Federal Rule of Evidence 502 for the Court's approval.

**E. What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

Given the state of discovery discussed herein, the Parties do not believe that any changes to discovery limits are required.

**F. Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

The Parties will submit a proposed protective order for the Court's consideration to govern the discovery already adduced in the *Greene* litigation and any additional discovery to be conducted in this case. Additionally, the Parties

recommend that the Court include the following dates in any scheduling order entered pursuant to Rule 16(b)(1)[2]:

| Event | Date |
|---|---|
| Deadline to file status report regarding stay of case against Defendant Mizuho | February 21, 2019 |
| Deadline to update Rule 26(a)(1) disclosures | 2 weeks after stay of case against Mizuho is lifted |
| Deadline to exchange Rule 26(a)(2) disclosures | 4 weeks after stay of case against Mizuho is lifted |
| Deadline to complete expert discovery | 12 weeks after stay of case against Mizuho is lifted |
| Deadline for Plaintiff to move for class certification | 16 weeks after stay of case against Mizuho is lifted |
| Deadline for dispositive motions | 8 weeks following the Court's ruling on Plaintiff's motion for class certification |

III. **Local Rule 26-1**

A. **Complex Cases.**

This case is a putative class action involving two defendants, one of whom has not yet appeared. The stay proposed above is consistent with the Manual for Complex Litigation's recommendation that class proceedings be coordinated with related matters (here, the Japanese civil rehabilitation proceeding in Japan). *See* Relationship with Other Cases, Manual Complex Litigation § 21.42 (4th ed. 2018). If the case against Mizuho proceeds as a certified class action, the Parties anticipate that additional procedures aimed at evaluating and auditing damages claimed by

---

[2] Given the Parties' prior litigation in *Greene*, the Parties agree that deadlines to amend the pleadings and complete fact discovery as to the case against Mizuho are not necessary. If Karpeles appears in the case, however, the Parties anticipate recommending deadlines for the joining of parties, amendment of pleadings, and discovery with respect to the claims and cross-claims against Karpeles.

5

members of any certified class (particularly in light of the civil rehabilitation proceedings relating to the Mt. Gox bitcoin exchange discussed above) may be necessary. *See* Trials, Manual Complex Litigation § 21.5 (4th ed. 2018). If this case proceeds through and past the class certification stage, the Parties recommend proposing any additional procedures following the Court's ruling on certification, so as to tailor any recommendations to the nature and scope of any certified class.

### B. Motion Schedule.

The Parties anticipate filing motions for complete or partial summary judgment following the Court's ruling on Plaintiff's motion for class certification. Pursuant to the schedule recommended above, the Parties suggest that the deadline for any such dispositive motions be set for 8 weeks following the Court's decision on class certification (*i.e.*, in line with the deadline previously set in *Greene*).

### C. ADR.

The Parties agree that ADR Procedure No. 3 is best suited to the circumstances of this case, and recommend that any such procedure occur following the Court's ruling on class certification.

### D. Trial Estimate.

The Parties anticipate that trial will last approximately 5-7 days.

### E. Additional Parties.

Plaintiff expects that Karpeles will appear once he is either served with the complaint and summons in this case or the Court grants a motion to approve alternative service (*i.e.*, if Plaintiff's efforts to serve him via the Hague Convention prove unsuccessful). For context, Karpeles is a defendant in the *Greene* litigation, but appeared only recently after the court granted a motion to approve alternative service and after the plaintiffs moved for entry of default.

**E. Expert Witnesses.**

The Parties recommend that any Rule 26(a)(2) disclosures be made 4 weeks after the stay of the case against Mizuho is lifted. The Parties completed expert disclosures in *Greene* and anticipate using the same Rule 26(a)(2)(B) reports in this matter, subject to any revisions required by the facts of this case. For example, the written report of Mizuho's expert on class certification issues did not directly address Lack's allegations because that report was submitted following Lack's dismissal from the *Greene* case in December 2017. Following any updated Rule 26(a)(2) disclosures, the Parties recommend an additional 8-week period to complete expert discovery.

Respectfully submitted,

DATED: October 1, 2018    EDELSON P.C.

By: /s/ J. Aaron Lawson
　　J. Aaron Lawson

*Attorneys for Plaintiff Joseph Lack*

DATED: October 1, 2018    SHEARMAN & STERLING LLP

By: /s/ Jerome S. Fortinsky
　　Jerome S. Fortinsky

*Attorneys for Defendant Mizuho Bank, Ltd.*