UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY GREENE and ANTHONY MOTTO, individually and on behalf of all others similarly situated, | ) ) ) ) | Case No. 14-cv-01437 |
| Plaintiffs, | ) ) ) | Hon. Gary Feinerman |
| v. | ) ) | Magistrate Judge Susan Cox |
| MARK KARPELES, an individual, | ) ) ) | |
| Defendant. | ) | |

**DEFENDANT MARK KARPELES' MOTION TO STAY THE CASE
BASED ON IMPENDING MOOTNESS, OR IN THE
ALTERNATIVE TO STRIKE CLASS ALLEGATIONS**

Defendant Mark Karpeles, by and through his undersigned counsel,[1] hereby moves this Court to stay this case in light of civil rehabilitation proceedings in Japan that are likely to provide full recovery to Plaintiffs. In the alternative, Mr. Karpeles moves to strike the class allegations in Plaintiffs' Fourth Amended Complaint because a class action is not the superior method to resolve this controversy. In support, Mr. Karpeles states as follows:

1. Plaintiffs Gregory Greene and Anthony Motto seek to hold Mr. Karpeles personally liable for any losses they sustained from their investments in bitcoin on the Mt. Gox exchange that they could not recover as claimants in Mt. Gox's bankruptcy proceedings.

2. But through a series of events, notably the recovery of a significant amount of lost bitcoins and the rise in the value of bitcoins, the likelihood that Plaintiffs and others will obtain a

---

[1] The parties await the Court's ruling on Mr. Karpeles' Motion to Dismiss for Lack of Personal Jurisdiction. By submitting this Motion, Mr. Karpeles does not waive his right to contest that this Court lacks personal jurisdiction over him and expressly maintains his objection to the personal jurisdiction of this Court over him. As ordered by the Court, Mr. Karpeles is "proceed[ing] on the assumption that [his] motion to dismiss will be denied." [Dkt. No. 401.] Mr. Karpeles also reserves his right to seek further relief based on the Court's forthcoming ruling on that motion to dismiss, including but not limiting to seeking to certify the issue for interlocutory appeal and/or a stay pending appeal.

full recovery in Mt. Gox's Japanese legal proceedings is high. Whether that will happen should be known within a matter of months.

3. In light of the status of the Japanese proceedings, this case should be stayed in order to conserve judicial resources and to preclude unnecessary legal expenses.

4. In the alternative, the Court should strike the class allegations, as a class action is not the superior method to adjudicate this controversy.

5. With respect to a stay, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Tex. Indep. Producers & Royalty Owners Ass'n v. EPA*, 410 F.3d 964, 980 (7th Cir. 2005), quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

6. Courts must "balance the competing interests of the parties and the interest of the judicial system," *Markel Am. Ins. Co. v. Dolan*, 787 F. Supp. 2d 776, 779 (N.D. Ill. 2011), and consider the following factors when deciding whether to enter a stay: "(i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." *Pfizer Inc. v. Apotex Inc.*, 640 F. Supp. 2d 1006, 1007 (N.D. Ill. 2009).

7. In addition to their inherent authority to stay cases, courts have the discretion to stay cases while litigation takes place in a foreign jurisdiction under the *Colorado River* doctrine *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 818 (1976).

8.     Regardless of the mode of analysis, the outcome is the same: this case should at least be stayed until the Japanese proceedings progress to a point where Plaintiffs know whether they will be fully compensated for their alleged damages.

9.     In the alternative, if the Court does not grant the motion to stay, the class allegations should be stricken.

10.    This case is unique, and Mr. Karpeles moves now on very limited grounds: a class action is not the superior method to resolve this controversy in light of the extensive civil rehabilitation proceedings of Mt. Gox taking place in Japan. In light of those proceedings, Plaintiffs cannot satisfy the requirement of Rule 23(b)(3) that a class is the superior method to resolve this controversy. That standing alone requires that the class allegations be stricken.

11.    "Courts in this District . . . evaluate motions to strike class allegations under Rule 23, not Rule 12(f)." *Buonomo v. Optimum Outcomes, Inc.*, 301 F.R.D. 292, 295 (N.D. Ill. 2014). Rule 23(c)(1)(A) provides that "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." Fed. R. Civ. P. 23(c)(1)(A). "Failing to meet any one of [Rule 23's] requirements precludes class certification." *Buonomo*, 301 F.R.D. at 296, quoting *Harper v. Sheriff of Cook County*, 581 F.3d 511, 513 (7th Cir. 2009).

12.    Plaintiffs here have brought their class allegations pursuant to Rule 23(b)(3). (Fourth Amend. Compl. ¶ 89.) One of the requirements of Rule 23(b)(3) is "that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

13.    In determining whether a class action is the superior method for resolving this controversy, Rule 23(b)(3) includes the following list of factors to consider: "(A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B)

the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action." Fed. R. Civ. P. 23(b)(3)(A)-(D).

14. Plaintiffs' cannot satisfy these requirements, and the class allegations should be stricken for failure to be the superior method to adjudicate this controversy.

## PRAYER FOR RELIEF

WHEREFORE, for all of the reasons stated above, in the accompanying Memorandum filed in support of this Motion, and in any further pleadings or oral argument to this Court, Defendant Mark Karpeles respectfully requests that this Court grant this Motion and: (i) stay the proceedings pending the resolution of exchange-related claims pursuant to the civil rehabilitation plan in the Japanese proceedings; (2) in the alternative, strike the class claims; and (iii) grant all other just relief.

Dated: February 25, 2019					Respectfully submitted,

											MARK KARPELES

											By: /s/ Bevin Brennan
												One of His Attorneys

Bevin Brennan
Matthew Schmidt
PEDERSEN & HOUPT
161 North Clark Street, Suite 2700
Chicago, Illinois 60601
(312) 641-6888
bbrennan@pedersenhoupt.com
mschmidt@pedersenhoupt.com

*Attorneys for Defendant Mark Karpeles*

4