IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREGORY GREENE and ANTHONY MOTTO, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>MARK KARPELES, an individual,<br><br>*Defendant*. | Case No. 1:14-cv-01437<br><br>Hon. Gary Feinerman<br><br>Magistrate Judge Susan Cox |

**MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE**

Plaintiff Anthony Motto moves the Court, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, for an order granting him leave to voluntarily dismiss his individual claim against Defendant Mark Karpeles without prejudice. The motion should be granted because Karpeles will suffer no legal prejudice whatsoever: The case will continue with Plaintiff Greene as a putative class representative; Karpeles will gain access to the substantial discovery produced and given by Motto in response to former Defendant Mizuho Bank, Ltd.'s discovery efforts; and Karpeles has not moved for summary judgment, asserted any counterclaims against Motto, or spent any effort litigating the case against him in particular. In further support of this Motion, Motto states as follows:

1. Plaintiff Motto joined this case on April 4, 2016. (Dkt. 205.) At that time, Karpeles was not participating in the case in any capacity. Over the coming months and years, Plaintiff Motto vigorously prosecuted his claims against former Defendant Mizuho Bank, Ltd., including by participating in discovery (i.e., providing written discovery responses, documents, and testimony) and moving for appointment as a class representative. (Declaration of Benjamin S. Thomassen ("Thomassen Decl.") ¶ 3.) The Court denied Motto's motion to certify on June 7, 2018. (Dkt. 374.)

2. Defendant Karpeles appeared in this case on August 24, 2018 to oppose entry of default judgment against him and—at long last—to file a Rule 12(b)(1) motion to dismiss on personal jurisdiction grounds. (*See* dkt. 390.) The Court denied Karpeles's motion on March 12, 2019. (Dkt. 410.)

3. Karpeles answered the Fourth Amended Complaint on April 2, 2019. (Dkt. 412.) He did not assert any counterclaims against Plaintiff Motto. He has not moved for summary judgment. He has not noticed Plaintiff Motto's deposition. (Thomassen Decl. ¶ 5.) He has propounded written discovery on Plaintiff Motto (which Motto has not answered), but those written discovery requests are word-for-word identical to the ones he propounded on Plaintiff Gregory Greene (which Greene has answered). (*Id*. ¶ 4.) Karpeles has requested all the discovery provided by Motto earlier in the case, and Plaintiffs have agreed to provide it in due course. (*Id.* ¶ 6.)

4. Because both he and Plaintiff Greene now assert identical claims against (and, thus, are equally situated with respect to) Karpeles, Motto believes it is in the class's best interests for him to step down as a representative plaintiff. (*See* dkt. 374 at 10-16.) Thus, he seeks leave to voluntarily dismiss his remaining claims without prejudice pursuant to Rule 41(a)(2) and participate in the case as an absent class member.

5. A district court has discretion whether to grant a motion for voluntary dismissal under Fed. R. Civ. P. 41(a)(2). "It is the intent of Rule 41(a) (2) to prevent voluntary dismissals which unfairly affect the opposing party." *Stern v. Barnett*, 452 F.2d 211, 213 (7th Cir. 1971) (citation omitted). Thus, "[i]n exercising its discretion the [district] court follows the traditional principle that dismissal should be allowed unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Id. Accord Fluker v. Cty. of Kankakee*, 741 F.3d 787, 794 (7th Cir. 2013) (quoting *Stern*, 452 F.2d at 213).

6. For the reasons noted above, Karpeles will suffer no plain legal prejudice from Motto's dismissal from this case without prejudice. No efforts Karpeles has expended in this case will be wasted,

as they apply equally to the case against Greene, which will proceed in the normal course. Likewise, because Motto would not seek appointment as a representative plaintiff against Karpeles, there is no reason that Karpeles would be prejudiced in responding to a motion for class certification put forward by Greene. Further, Motto does not seek to avoid or unwind any negative rulings that could potentially affect his individual case against Karpeles by voluntarily dismissing his case (e.g., an adverse discovery ruling, a pending motion for summary judgment, etc.). To the contrary, and as noted above, Motto simply believes that the class would be better represented by Plaintiff Greene alone, given the Court's findings that aspects of Motto's conduct could subject him to unique defenses. (*See* dkt. 374 at 14-15.) And while it's certainly true that a dismissal without prejudice would entitle Motto to sue again, that is true of every other absent class member in this case and, in any event, is no reason to deny a Rule 41(a)(2) motion to voluntarily dismiss. *Fluker*, 741 F.3d at 794 (quoting *Stern*, 452 F.2d at 213).

7. Because Karpeles will not suffer plain legal prejudice, "dismissal should be allowed." *Stern*, 452 F.2d at 213.

WHEREFORE, Plaintiff Motto respectfully requests that the Court enter an order, pursuant to Fed. R. Civ. P. 41(a)(2) dismissing his claims against Mark Karpeles without prejudice.

Respectfully submitted,

DATED: June 3, 2019        EDELSON PC

By: /s/ Benjamin S. Thomassen
   One of Plaintiffs' Attorneys

Benjamin S. Thomassen
bthomassen@edelson.com
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

J. Aaron Lawson
alawson@edelson.com
EDELSON PC

123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: 415.212.9300
Fax: 415.373.9495

*Counsel for Anthony Motto*

5

**CERTIFICATE OF SERVICE**

  I, Benjamin S. Thomassen, an attorney, hereby certify that I served the above and foregoing ***Plaintiff Motto's Motion for Voluntary Dismissal Without Prejudice***, by causing true and accurate copies of such paper to be transmitted to all counsel of record via the Court's CM/ECF electronic filing system on June 3, 2019.

                     /s/ Benjamin S. Thomassen