IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREGORY GREENE and ANTHONY MOTTO, individually and on behalf of all others similarly situated, | |
| *Plaintiffs*, | Case No. 1:14-cv-01437 |
| v. | Hon. Gary Feinerman |
| MARK KARPELES, an individual, | Magistrate Judge Susan Cox |
| *Defendant*. | |

**DECLARATION OF BENJAMIN S. THOMASSEN**

I, Benjamin S. Thomassen, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am an attorney at Edelson PC, which has been retained to represent Plaintiffs Gregory Greene and Anthony Motto in this matter. I have personal knowledge of all matters set forth herein. If called to testify to such matters, I could and would competently do so.

2. On May 29, 2019, I conferred with counsel for Karpeles (Bevin Brennan) via telephone and noted that Motto sought to voluntarily dismiss his claims under Rule 41. On that call, Ms. Brennan stated that she believed Karpeles would likely stipulate to Plaintiff Motto's dismissal without prejudice under Rule 41(a)(1)(A)(ii). In a follow up email on May 30, 2019, Ms. Brennan advised that Karpeles would only stipulate to dismissal if Plaintiff Motto first answered Karpeles's written discovery requests. The parties exchanged emails after that point but did not reach an agreement as to the stipulated dismissal of Plaintiff Motto's claims.

3. During his participation in this case as a class representative (i.e., relating to his claims against former defendant Mizuho Bank, Ltd.), Plaintiff Motto provided written answers to

interrogatories, produced documents in response to document requests, and sat for an in-person deposition.

4. Defendant Karpeles propounded interrogatories and document requests on Plaintiffs Motto and Greene. By the agreement of the parties, answers to that discovery were due on Wednesday, May 29, 2019. Apart from naming the individual plaintiffs in each document (i.e., Greene versus Motto), the written discovery propounded by Karpeles on each Plaintiff is word-for-word identical. Plaintiff Greene provided timely responses to Karpeles's discovery requests. Plaintiff Motto has not provided responses, in light of his stated intention of seeking voluntary dismissal.

5. Defendant Karpeles has not noticed Plaintiff Motto's deposition.

6. Through his requests for the production of documents, Karpeles seeks the production of all documents previously produced by any party or non-party in this case. Plaintiff Greene has agreed to produce such documents once Karpeles is bound by the protective order entered in this case (or an identical one), which would include the production of all discovery produced and given by Plaintiff Motto over the course of the case.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 3, 2019                              /s/ Benjamin S. Thomassen