UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY GREENE and ANTHONY MOTTO, individually and on behalf of all others similarly situated, | ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 14-cv-01437 |
| | | Hon. Gary Feinerman |
| Plaintiffs, | | |
| | | Magistrate Judge Susan Cox |
| v. | | |
| MARK KARPELES, an individual, | | |
| Defendant. | | |

**DEFENDANT MARK KARPELES' RESPONSE TO PLAINTIFF ANTHONY MOTTO'S
MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE**

Defendant Mark Karpeles, by and through his undersigned counsel, hereby responds to Plaintiff Anthony Motto's Motion for Voluntary Dismissal Without Prejudice [Dkt. No. 414] ("Motion for Voluntary Dismissal"). Mr. Karpeles requests that this Court condition Mr. Motto's dismissal on his providing full and complete responses to the outstanding written discovery served by Mr. Karpeles. In the alternative, Mr. Karpeles requests that this Court stay the Motion for Voluntary Dismissal to allow Mr. Karpeles time to review any previous discovery responses submitted by Mr. Motto to other parties to this litigation and allow Mr. Karpeles to then supplement this position. In support, Mr. Karpeles states as follows:

1. Defendant Mark Karpeles does not object to Mr. Motto's ultimate voluntary dismissal from this case at some point. [Dkt. No. 414.] Mr. Karpeles objects, however, to allowing Mr. Motto to be dismissed prior to responding to the outstanding written discovery served on him by Mr. Karpeles.

2. Mr. Karpeles served his written discovery requests on Mr. Motto on March 21, 2019. Mr. Karpeles agreed to an extension for Plaintiffs' responses to that written discovery to

1

May 15, 2019, commensurate with this Court's stay of discovery for Mr. Karpeles' responses to Plaintiffs' written discovery. His counsel again agreed to Plaintiffs' counsel's request for another extension to May 29, 2019.

3. At 3 p.m. on May 29, 2019 -- the day that discovery responses were due to be served by all remaining parties -- Mr. Motto's counsel informed Mr. Karpeles' counsel by telephone that he intended to seek a voluntary dismissal. At that time, Mr. Karpeles' counsel stated that while she did not believe that she would ultimately object to Mr. Motto's request, she would need to consider it. There was no agreement at any time that Mr. Karpeles would agree to the request without conditions. (*Accord* Declaration of Benjamin S. Thomassen [Dkt. No. 414-1 at ¶ 2 ("Dec. of B. Thomassen")].)

4. Upon considering the request, Mr. Karpeles' counsel responded the next day and informed Plaintiffs' counsel that Mr. Motto should provide responses to all outstanding written discovery before dismissal. (*See* Exhibit A at p. 4, e-mail from B. Brennan dated May 30, 2019 at 4:11 p.m.) Mr. Motto's counsel adamantly refused, calling any such condition "frivolous" and refusing to respond to Mr. Karpeles' questions about why Mr. Motto would not agree. (*See Id.* at pp. 1, 3, e-mails from B. Thomassen dated May 30, 2019 at 5:27 p.m. and June 3, 2019 at 5:19 p.m. in response to e-mails from B. Brennan.)

5. Mr. Karpeles' position is anything but frivolous. Federal Rule of Civil Procedure 41(b)(2) expressly provides that, absent a stipulation, when a party has filed an answer (as is the case here), "an action may be dismissed at the plaintiff's request only by court order, **on terms that the court considers proper**." (emphasis added.) As the case cited by Plaintiff Motto holds, "the allowance of a motion to dismiss under Rule 41(a)(2) is discretionary with the district court." *Stern v. Barnett*, 452 F.2d 211, 213 (7th Cir. 1971) (reversing grant of dismissal pursuant

2

to Rule 41(a)(2)). (Mot. ¶ 5.) "In exercising its discretion the court follows the traditional principle that dismissal should be allowed unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Id. See also Fluker v. County of Kankakee*, 741 F.3d 787, 794-95 (7th Cir. 2013) (affirming denial of the plaintiffs' motion for voluntary dismissal pursuant to Rule 41(a)). (Mot. ¶ 5.)

6. "When a plaintiff seeks to bow out as a proposed class representative, voluntary dismissal can be properly conditioned on the plaintiff's responding to outstanding discovery requests." *In re Navistar Maxxforce Mktg., Sales Practices & Prods. Liab. Litig.*, No. 14-cv-10318, 2018 U.S. Dist. LEXIS 1873, at *29-30 (N.D. Ill. Jan. 4, 2018).

7. "In the end, the focus under Rule 41(a)(2) must remain on whether the defendants will suffer prejudice and, if so, what terms and conditions will cure it." *Id*. at *32-33.

8. Mr. Karpeles will be prejudiced if Mr. Motto is allowed to be voluntarily dismissed without being required to respond to the outstanding written discovery. As one of only two remaining named plaintiffs, Mr. Karpeles should be permitted to receive discovery because potential individual issues may preclude class certification. As of now, the only two plaintiffs left in this lawsuit are Mr. Motto and Gregory Greene. Discovery from both of them is necessary to compare and contrast their individual claims.

9. In fact, Mr. Motto appears to concede that his discovery responses could implicate individual issues, stating that "aspects of [Mr.] Motto's conduct could subject him to unique defenses." (Mot. at ¶ 6.) Those unique defenses, at issue in a prior opinion of this Court, "concern[] Mizuho's conduct," [Dkt. 374 at 14], but they give a reasonable indication that individual issues may plague his (and therefore a potential class') claims against Mr. Karpeles as well. (Mot. at ¶ 6.)

3

10. The claim that the discovery requests are the same as those Mr. Karpeles propounded on the other Plaintiff, Mr. Greene, is of no moment: the questions and requests are not the issue. (Mot. at ¶ 3.) The individual *answers* are what Mr. Karpeles needs to adequately defend himself. Without being provided those responses, Mr. Karpeles will suffer plain legal prejudice.

11. Unlike in the *Navistar* case, Mr. Karpeles does not have information about any potential plaintiffs or class members other than what was provided in Mr. Greene's limited interrogatory responses. Mr. Motto has produced nothing. Plaintiff Greene has not provided any production documents in response to Mr. Karpeles' document requests or any of Mr. Motto's prior responses, instead standing behind a claim that they first need a protective order to produce prior discovery to Mr. Karpeles. (Dec. of B. Thomassen ¶ 6.) Mr. Karpeles agreed on May 30, 2019 to the terms of a protective order, the day Plaintiffs' counsel first notified his counsel of the issue. But Plaintiffs have not provided Mr. Karpeles with the requested draft protective order that includes him. (*See* Ex. A at pp. 4-5, B. Brennan e-mail dated May 30, 2019 at 4:11 p.m.) Mr. Karpeles requested the protective order again via a letter regarding outstanding discovery issues on June 3, 2019 before Mr. Motto filed this Motion for Voluntary Dismissal, but still has not received any response.

12. Plaintiff cannot succeed in his argument that such a voluntary dismissal should be granted without any conditions based on his prior discovery responses to Mizuho Bank (which was in a very different position than Mr. Karpeles) but not even allow Mr. Karpeles to review that information and production before determining whether Mr. Motto's prior responses do in fact respond in full to Mr. Karpeles' requests. (Mot. at ¶¶ 1 and 3; Dec. of B. Thomassen ¶¶ 3 and 6.)

4

13. Mr. Karpeles cannot raise any more precise specific issues with respect to Mr. Motto, because he has no discovery at all from him. That is the Catch-22. This distinguishes this case from the end result in *Navistar*. The underlying principle remains: this Court can (and should) require Mr. Motto to respond to the outstanding discovery requests in order to allow him to fully defend himself in this proposed class action. Failing to require those responses will result in plain legal prejudice to Mr. Karpeles in his defense.

14. Mr. Karpeles' concerns about Plaintiffs' participation in other aspects of discovery justify and bolster his concerns here. Plaintiffs provided their Rule 26(a)(1) disclosures on February 28, 2019, where they listed "agents" of various corporate entities with no names as potential witnesses. (*See* Plaintiffs' Rule 26(a)(1)(A)(i) disclosures attached hereto as Exhibit B.) Yet when written discovery responses came due three months later, Mr. Greene now named a specific individual who was formerly an employee of one of those corporate entities as a basis for his claims. (*See* Greene Response to Interrogatory No. 12, attached hereto as Exhibit C.) He even responded that his counsel has had multiple conversations with this individual. (*Id.*) Plaintiffs' counsel has also represented that they have engaged in discovery with Mizuho Bank, including depositions of individuals from the bank, but Plaintiffs did not name a single individual from Mizuho Bank in their Rule 26(a)(1)(A)(i) disclosures, again relying on the ambiguous phrase "agents." (Ex. B.) These are clear violations of Rule 26, which Mr. Karpeles has had to seek to have Plaintiffs rectify (and unfortunately may ultimately require Court intervention depending on the amended responses).

15. Mr. Greene's responses to requests for production likewise are littered with blanket, inapplicable and unnecessary objections. (*See* Greene Responses to Requests for Production, attached hereto as Exhibit D.) None of this approach to discovery by Plaintiffs gives

5

Mr. Karpeles any comfort that Mr. Motto has responded in full to prior discovery requests that are important for Mr. Karpeles' defense or that those responses in fact encompass everything Mr. Karpeles requested.  Plaintiff Motto asks Mr. Karpeles to proceed on blind faith with respect to what discovery he has previously provided and what Mr. Greene may produce.  Mr. Karpeles cannot do that, particularly in light of Plaintiffs' incomplete and non-compliant Rule 26 disclosures and Mr. Greene's excessive and improper objections to Mr. Karpeles' discovery requests.

16. The prejudice to Mr. Karpeles is real, and the burden on Mr. Motto minimal.  As Mr. Karpeles' counsel previously asked Mr. Motto's counsel (with no response), if Mr. Motto has in fact provided similar discovery responses, there does not appear to be any burden in either responding now, or at least directing Mr. Karpeles to the prior answers. (Ex. A at pp. 1-2, e-mail from B. Brennan dated May 31, 2019 at 9:25 a.m.)  Mr. Motto's counsel has never contended that the discovery sought by Mr. Karpeles was identical to the prior requests of Mizuho Bank, instead claiming there was an ambiguous "near-complete overlap." (*Id.* at p. 2, e-mail from B. Thomassen dated May 30, 2019 at 9:06 p.m.)  It would be expected that Mr. Karpeles would require some discovery that Mizuho Bank did not.  Mr. Karpeles never received any response to these points; instead of responding, Mr. Motto filed this Motion for Voluntary Dismissal. (*Id.* at p. 1, e-mail from B. Thomassen dated June 3, 2019 at 5:19 p.m.)

17. Finally, Mr. Motto's counsel previously stated Mr. Karpeles could "always seek to fill in gaps via a subpoena." (Ex. A at p. 2, e-mail from B. Thomassen dated May 30, 2019 at 9:06 p.m.)  If Mr. Motto is willing to respond to the same requests in a subpoena, there is no reason not to require him to respond to the requests now, rather than cause additional expense and delay by making Mr. Karpeles just re-issue the same requests.  A subpoena also does not

include interrogatories. Mr. Karpeles' counsel raised these points with Mr. Motto's counsel before this Motion for Voluntary Dismissal was filed, again with no response. (*Id.* at p. 1, e-mail from B. Brennan dated May 31, 2019 at 9:25 a.m. and e-mail from B. Thomassen dated June 3, 2019 at 5:19 p.m.)

18. For all of these reasons, Mr. Karpeles respectfully requests that this Court condition Mr. Motto's voluntary dismissal on him first providing full and complete responses to the outstanding written discovery issued by Mr. Karpeles.

19. In the alternative, as Mr. Karpeles' counsel previously proposed to Mr. Motto's counsel, the Court should wait to dismiss Mr. Motto until after Plaintiffs actually provide their prior discovery responses (including document production) to Mr. Karpeles. That way, Mr. Karpeles can assess those responses and see if he believes there are any deficiencies or if the prior responses and productions suffice. At the very least, that could narrow the issues. (Ex. A at p. 1, e-mail from B. Brennan dated May 31, 2019 at 9:25 a.m.)

20. Like all of the prior questions and points raised by Mr. Karpeles' counsel in an attempt to resolve this dispute, Plaintiffs' counsel did not respond to that alternative proposal. (Ex. A at p. 1, e-mail from B. Thomassen dated June 3, 2019 at 5:19 p.m.) In the alternative to conditioning a dismissal upon Mr. Motto providing full and complete discovery requests to Mr. Karpeles' outstanding written discovery requests, Mr. Karpeles requests that this Court issue a stay of the Motion for Voluntary Dismissal pending Plaintiff Greene's production of all prior discovery responses (including production documents) and Mr. Karpeles' examination of those materials. After that review, Mr. Karpeles can advise the Court of his position.

WHEREFORE, Defendant Mark Karpeles respectfully requests that this Court:

(1) Require Plaintiff Anthony Motto to respond to all outstanding written discovery requests in full before and as a condition to granting his Motion for Voluntary Dismissal Without Prejudice;

(2) In the alternative, stay his Motion for Voluntary Dismissal Without Prejudice and continue it to a date after Plaintiffs have produced to Defendant Mark Karpeles all of the prior discovery relating in any way to Mr. Motto (including interrogatory responses, responses to requests to admit, document productions and deposition transcripts) for evaluation by Mr. Karpeles; and

(3) Grant Mr. Karpeles all other just relief.

Dated: June 10, 2019                          Respectfully submitted,

                                              Mark Karpeles

                                              By:  /s/  Bevin Brennan
                                                    One of His Attorneys

Bevin Brennan
Matthew Schmidt
PEDERSEN & HOUPT
161 North Clark Street, Suite 2700
Chicago, Illinois 60601
(312) 641-6888
bbrennan@pedersenhoupt.com
mschmidt@pedersenhoupt.com

*Attorneys for Defendant Mark Karpeles*