| | |
|---|---|
| **From:** | Ben Thomassen |
| **To:** | Brennan, Bevin |
| **Cc:** | Schmidt, Matthew; Aaron Lawson |
| **Subject:** | Re: Greene v. Karpeles |
| **Date:** | Monday, June 03, 2019 5:19:04 PM |

Bevin:

Thanks for your response. Like you said, it looks like we disagree on this. I haven't seen anything that would obligate Motto to respond to the outstanding discovery prior to a voluntary dismissal, particularly under the circumstances at play here. We'll proceed with the motion.

Thanks,
Ben

On Fri, May 31, 2019 at 9:25 AM Brennan, Bevin <bbrennan@pedersenhoupt.com> wrote:

> I am equally perplexed by your position. If your client has in fact provided similar discovery responses, why would it be so onerous to have him provide responses, or at least direct us to any previously produced responses? It also appears that "near overlap" means that he has not provided all responsive information that we have requested. Nor, in light of Mr. Greene's responses, do I have any comfort that he responded previously in full to all requests. Last, if Mr. Motto is willing to respond to the same requests in a subpoena, there is no reason not to respond now, rather than cause additional expense and delay just re-issuing the same requests. A subpoena also does not include interrogatories.
>
> My point, which I have now stated on multiple occasions, is that pursuant to Rule 41(c), unless by stipulation at this point, the court can dismiss a plaintiff at his or her request "on terms that the court considers proper." That can include a proposed class representative being required to provide responses to outstanding discovery requests. That is what I am proposing, and to which your client apparently will not agree.
>
> In the alternative, there is no urgency to Mr. Motto's dismissal. If you'd prefer, we can wait until you actually produce to us what Mr. Motto has previously responded to and produced to see if there are any deficiencies or if what he has provided is sufficient to us. It may also narrow any issues. I can't make that decision without seeing what he has previously provided in discovery by the bank. Without that production, it would be premature for us to stipulate to Mr. Motto's dismissal without him being required to respond to my client's outstanding discovery requests.
>
> I am preparing for and in a deposition for most of the rest of the day.

-- Bevin



Bevin Brennan
Attorney at Law
161 North Clark Street, Suite 2700
Chicago, Illinois 60601
312-261-2186
bbrennan@pedersenhoupt.com

**From:** Ben Thomassen [mailto:bthomassen@edelson.com]
**Sent:** Thursday, May 30, 2019 9:06 PM
**To:** Brennan, Bevin
**Cc:** Schmidt, Matthew; Aaron Lawson
**Subject:** Re: Greene v. Karpeles

Bevin:

Let's take a step back. The point of discussing this now is to see whether we are at issue. I told you that, once the protective order is figured out, you'd have access to the substantial discovery that Motto has already produced and provided in the case (interrogatory responses, documents, and testimony) -- even though he wouldn't be proceeding as a class rep. There is near-complete overlap between that discovery and what you seek here. And even if you determine there is not after reviewing his information, you can always seek to fill in gaps via a subpoena. Given that, I'm really trying to figure out the thrust of your opposition.

If you don't want to engage in this process I can't force you to, but I really don't understand the point you're making.

Thanks,

Ben

On Thu, May 30, 2019 at 5:36 PM Brennan, Bevin <bbrennan@pedersenhoupt.com> wrote:

This does not appear to be productive.  You can note my position in whatever you file.  Class certification involves many issues.  You apparently have done your own research and have come to a different view with respect to Rule 41.  I would not ask you for your case law supporting that position.  We can debate it in front of the judge.

-- Bevin



Bevin Brennan
Attorney at Law
161 North Clark Street, Suite 2700
Chicago, Illinois 60601
312-261-2186
bbrennan@pedersenhoupt.com

**From:** Ben Thomassen [mailto:bthomassen@edelson.com]
**Sent:** Thursday, May 30, 2019 5:27 PM
**To:** Brennan, Bevin
**Cc:** Schmidt, Matthew; Aaron Lawson
**Subject:** Re: Greene v. Karpeles

Bevin:

I don't understand that at all. Mr. Motto wouldn't be a proposed class representative, so what possible prejudice could Karpeles suffer in opposing a motion for class certification presented by Mr. Greene -- much less plain legal prejudice? If you can give me a case supporting your position I'm happy to look at it, given that you've looked at the case law. Otherwise, we will move and note your opposition (which, based on my own read of the case law, is frivolous -- but I am more than happy to be corrected in that regard).

Thanks,

Ben

On Thu, May 30, 2019 at 4:30 PM Brennan, Bevin <bbrennan@pedersenhoupt.com> wrote:

Mr. Karpeles will be prejudiced in his ability to oppose class certification if one of two plaintiffs is allowed to voluntarily dismiss his claims now, without any conditions.



Bevin Brennan
Attorney at Law
161 North Clark Street, Suite 2700
Chicago, Illinois 60601
312-261-2186
bbrennan@pedersenhoupt.com

**From:** Ben Thomassen [mailto:bthomassen@edelson.com]
**Sent:** Thursday, May 30, 2019 4:15 PM
**To:** Brennan, Bevin
**Cc:** Schmidt, Matthew; Aaron Lawson
**Subject:** Re: Greene v. Karpeles

We'll just move if you aren't willing to stipulate without conditions. What prejudice do you contend that Karpeles would suffer from a R 41 dismissal?

On Thu, May 30, 2019 at 4:11 PM Brennan, Bevin <bbrennan@pedersenhoupt.com> wrote:

> With respect to the protective order, I don't have any issues with the language, but I don't think just signing the exhibit is sufficient, given the definition of "Parties." I would propose: (1) that I sign the exhibit on behalf of Karpeles to encompass all previously produced documents; and (2) we then enter into a separate protective order using the same language, just substituting Karpeles for Mizuho. If you have the Word version of the agreement, that seems relatively easy. Yes?
>
> With respect to the proposed stipulation, since we spoke, I looked at Rule 41 and case law. We would agree to stipulate to Mr. Motto's dismissal if he agrees to respond to the outstanding discovery that we served on him. Please advise if he is willing to do so.
>
> -- Bevin



Bevin Brennan
Attorney at Law
161 North Clark Street, Suite 2700
Chicago, Illinois 60601
312-261-2186
bbrennan@pedersenhoupt.com

**From:** Ben Thomassen [mailto:bthomassen@edelson.com]
**Sent:** Thursday, May 30, 2019 10:44 AM
**To:** Brennan, Bevin
**Cc:** Schmidt, Matthew; Aaron Lawson
**Subject:** Greene v. Karpeles

Bevin:

Per our conversation yesterday, attached please find a draft stipulation of dismissal for Mr. Motto and the protective order that was entered in the case (dkt. 178). Let me know if we can proceed on the stipulation or if you'd like edits.

Thanks,

Ben


--

Ben Thomassen | Edelson PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois  60654
312.572.7208 (direct) | 312.589.6370 (firm) | 312.589.6378 (fax)
bthomassen@edelson.com | www.edelson.com



Please consider the environment before printing this e-mail.


CONFIDENTIALITY AND LIABILITY FOR MISUSE.

The information contained in this communication is the property of Edelson PC.  It is confidential, may be attorney work

product, attorney-client privileged or otherwise exempt from disclosure under applicable law, and is intended only for the use of the addressee(s).  Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited.  If you have received this communication in error, please notify Edelson PC immediately by return e-mail and destroy this communication and all copies thereof, including all attachments.

Pursuant to requirements related to practice before the U.S. Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

-----------

Information contained in this e-mail transmission is privileged and confidential. If you are not the intended recipient, do not read, distribute or reproduce this transmission (including any attachments). If you have received this e-mail in error, please notify the sender by e-mail reply.
-----------

--

Ben Thomassen | Edelson PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois  60654
312.572.7208 (direct) | 312.589.6370 (firm) | 312.589.6378 (fax)
bthomassen@edelson.com | www.edelson.com



Please consider the environment before printing this e-mail.

CONFIDENTIALITY AND LIABILITY FOR MISUSE.

The information contained in this communication is the property of Edelson PC.  It is confidential, may be attorney work product, attorney-client privileged or otherwise exempt from disclosure under applicable law, and is intended only for the use of the addressee(s).  Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited.  If you have received this communication in error, please notify Edelson PC immediately by return e-mail and destroy this communication and all copies thereof, including all attachments.

Pursuant to requirements related to practice before the U.S. Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

-----------

Information contained in this e-mail transmission is privileged and confidential. If you are not the intended recipient, do not read, distribute or reproduce this transmission (including any attachments). If you have received this e-mail in error, please notify the sender by e-mail reply.
-----------

--

Ben Thomassen | Edelson PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois  60654
312.572.7208 (direct) | 312.589.6370 (firm) | 312.589.6378 (fax)
bthomassen@edelson.com | www.edelson.com

Please consider the environment before printing this e-mail.


CONFIDENTIALITY AND LIABILITY FOR MISUSE.

The information contained in this communication is the property of Edelson PC.  It is confidential, may be attorney work product, attorney-client privileged or otherwise exempt from disclosure under applicable law, and is intended only for the use of the addressee(s).  Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited.  If you have received this communication in error, please notify Edelson PC immediately by return e-mail and destroy this communication and all copies thereof, including all attachments.


Pursuant to requirements related to practice before the U.S. Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.



-----------

Information contained in this e-mail transmission is privileged and confidential. If you are not the intended recipient, do not read, distribute or reproduce this transmission (including any attachments). If you have received this e-mail in error, please notify the sender by

> e-mail reply.
> -----------
>
> --
>
> Ben Thomassen | Edelson PC
> 350 North LaSalle Street, 14th Floor
> Chicago, Illinois  60654
> 312.572.7208 (direct) | 312.589.6370 (firm) | 312.589.6378 (fax)
> bthomassen@edelson.com | www.edelson.com
>
> Please consider the environment before printing this e-mail.
>
> CONFIDENTIALITY AND LIABILITY FOR MISUSE.
>
> The information contained in this communication is the property of Edelson PC.  It is confidential, may be attorney work product, attorney-client privileged or otherwise exempt from disclosure under applicable law, and is intended only for the use of the addressee(s).  Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited.  If you have received this communication in error, please notify Edelson PC immediately by return e-mail and destroy this communication and all copies thereof, including all attachments.
>
> Pursuant to requirements related to practice before the U.S. Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.
>
> -----------
>
> Information contained in this e-mail transmission is privileged and confidential. If you are not the intended recipient, do not read, distribute or reproduce this transmission (including any attachments). If you have received this e-mail in error, please notify the sender by e-mail reply.
> -----------

--
Ben Thomassen | Edelson PC

350 North LaSalle Street, 14th Floor
Chicago, Illinois  60654
312.572.7208 (direct) | 312.589.6370 (firm) | 312.589.6378 (fax)
bthomassen@edelson.com | www.edelson.com

Please consider the environment before printing this e-mail.

CONFIDENTIALITY AND LIABILITY FOR MISUSE.

The information contained in this communication is the property of Edelson PC.  It is confidential, may be attorney work product, attorney-client privileged or otherwise exempt from disclosure under applicable law, and is intended only for the use of the addressee(s).  Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited.  If you have received this communication in error, please notify Edelson PC immediately by return e-mail and destroy this communication and all copies thereof, including all attachments.

Pursuant to requirements related to practice before the U.S. Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.