following Mt. Gox's bankruptcy has absolutely no relevance to this case. Plaintiff will limit his response to his Cryptocurrency transactions that occurred before Mt. Gox's bankruptcy.

Subject to and without waiving the foregoing objections, Plaintiff states that he did not sell any Cryptocurrency during the relevant time period.

*     *     *     *

**INTERROGATORY NO. 12**: Identify all facts and basis that support the allegations contained in Paragraph 19 of the Fourth Amended Complaint that that "As President, CEO, and majority shareholder of Mt. Gox, Karpeles controlled all aspects of Mt. Gox's business from the ground up. In fact, Karpeles was involved in nearly every detail of the Exchange, from the technical (Karpeles wrote and designed the software used to run Mt. Gox) to the operational (Karpeles handled all of Mt. Gox's third party negotiations and contracts)."

**RESPONSE:** Plaintiff objects that this interrogatory seeks information outside of Plaintiff's knowledge, custody, or control. Plaintiff will answer based on his and his attorneys' present knowledge. Plaintiff anticipates that discovery will reveal additionally responsive facts. Plaintiff further objects that there are many articles and other writings online that generally detail Mr. Karpeles's involvement with and control over the Mt. Gox exchange, which are equally accessible to Defendant. Plaintiff's identification of every single one of these documents would be unduly burdensome. Finally, Plaintiff objects to the extent that this request seeks the production of information protected by the attorney work product doctrine and/or attorney-client privilege.

Subject to and without waiving the foregoing objections, and in addition to the factual allegations set forth in his class action complaint, Plaintiff directs Karpeles to the declaration he submitted in support of his Rule 12(b)(1) motion to dismiss, which admits many of the facts alleged in the identified paragraph. Plaintiff additionally states that his attorney conducted interviews with Mr. Gonzague Gay-Bouchery on two occasions, wherein Mr. Gay-Bouchery generally confirmed the level of control Mr.

Karpeles exercised over the Mt. Exchange, including that Karpeles was the primary individual responsible for (a) overseeing the Mt. Gox website, including the terms of use and any press releases; (b) signing paperwork related to banking relationships with Mizuho; and (c) controlling all business conducted by Mt. Gox and Tibanne. Mr. Gay-Bouchery also confirmed that Mr. Karpeles was aware of bitcoins that had been lost on the Mt. Gox exchange as of January 2014, but publicly framed transactional delays as technical issues to which he was responding. Mr. Gay-Bouchery also stated that Mr. Karpeles sought and received input from Baker & McKenzie at many points, including with respect to Mt. Gox's decision to file for bankruptcy and the loss of funds from Mt. Gox. Finally, Plaintiff notes that Karpeles communicated directly with attorneys at Edelson PC about many of these same topics, including via Skype and email. The statements and responses made therein (which are equally accessible to Karpeles) provide additional support for many of the allegations in the referenced paragraph. Plaintiff believes that discovery will reveal additional information and sources that support the referenced paragraph and reserves the right to supplement his answer to this Interrogatory as additional information becomes known to him.

*      *      *      *

**INTERROGATORY NO. 13**: Identify all facts and basis that support the allegations contained in Paragraph 20 of the Fourth Amended Complaint that "Karpeles likewise directed the drafting and dissemination of Mt. Gox's public statements and representations (including those made through its Terms of Use), as well the statements made through Mt. Gox's customer service department. In addition, Karpeles handled all aspects of Mt. Gox's accounting (including its maintenance of user and operational accounts) and banking affairs—personally representing Mt. Gox in its negotiations and discussions with banks and third-party payment processors."

**RESPONSE:** Plaintiff objects that this interrogatory seeks information outside of Plaintiff's knowledge, custody, or control. Plaintiff will answer based on his and his attorneys' present knowledge. Plaintiff