IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREGORY GREENE and ANTHONY MOTTO, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>MARK KARPELES, an individual,<br><br>*Defendant*. | Case No. 1:14-cv-01437<br><br>Hon. Gary Feinerman<br><br>Magistrate Judge Susan Cox |

**PLAINTIFF GREGORY GREENE'S FIRST ANSWERS TO
DEFENDANT MARK KARPELES'S FIRST SET OF REQUESTS FOR PRODUCTION**

Plaintiff Gregory Greene ("Plaintiff"), by and through his undersigned counsel, hereby provides the following answers to Defendant Mark Karpeles's ("Defendant") First Set of Requests for Production. All responses contained herein are based only upon such information and documents presently available to Plaintiff. Further discovery, investigation, research, and analysis may supply additional facts and/or meaning to known facts. Moreover, the responses below are given without prejudice to Plaintiff's right to later produce additional information.

\* \* \* \*

**REQUEST NO. 1**: All Documents related to Your participation in any Creditors Groups in the Japanese Proceedings.

**RESPONSE**: Plaintiff objects to the extent that this Request calls for the production of attorney-client communications or attorney work product. Plaintiff will not produce these documents. Plaintiff objects to this request as overbroad and unduly burdensome, in as much as it seeks "All Documents related to" the described subject matter without any limitation whatsoever, and therefore would sweep in any number of

1

documents unrelated to any claim or defense in this matter. Plaintiff will limit his production to documents within the scope of Fed. R. Civ. P. 26(b)(1). Plaintiff additionally objects to the extent this or any other Request seeks documents outside of Plaintiff's custody or control. Plaintiff has no obligation to produce or identify such documents. Plaintiff further objects that this Request seeks documents in Defendant's possession or in the public domain (*e.g.*, documents presently available on the www.mtgox.com website) and are therefore readily obtainable by Defendant with less burden and expense. Plaintiff will not produce such documents.

  Subject to and without waiving the foregoing objections, Plaintiff has no responsive documents.

    \*    \*    \*    \*

**REQUEST NO. 2**: All Documents related to claims You have submitted in the Japanese Proceedings.

**RESPONSE**: Plaintiff objects to the extent that this Request calls for the production of attorney-client communications or attorney work product. Plaintiff will not produce these documents. Plaintiff objects to this request as overbroad and unduly burdensome, in as much as it seeks "All Documents related to" the described subject matter without any limitation whatsoever, and therefore would sweep in any number of documents unrelated to any claim or defense in this matter. Plaintiff will limit his production to documents within the scope of Fed. R. Civ. P. 26(b)(1). Plaintiff additionally objects to the extent this or any other Request seeks documents outside of Plaintiff's custody or control. Plaintiff has no obligation to produce or identify such documents. Plaintiff further objects that this Request seeks documents in Defendant's possession or in the public domain (*e.g.*, documents presently available on the www.mtgox.com website) and are therefore readily obtainable by Defendant with less burden and expense. Plaintiff will not produce such documents.

  Subject to and without waiving the foregoing objections, Plaintiff states that the documents produced at GREENE_000001-13 are responsive to this request.

    \*    \*    \*    \*

**REQUEST NO. 3**: All Documents related to the determination by the trustee of the Japanese Proceedings related to any claims You have submitted in the Japanese Proceedings.

**RESPONSE**: Plaintiff objects to the extent that this Request calls for the production of attorney-client communications or attorney work product. Plaintiff will not produce these documents. Plaintiff objects to this request as overbroad and unduly burdensome, in as much as it seeks "All Documents related to" the described subject matter without any limitation whatsoever, and therefore would sweep in any number of documents unrelated to any claim or defense in this matter. Plaintiff will limit his production to documents within the scope of Fed. R. Civ. P. 26(b)(1). Plaintiff additionally objects to the extent this or any other Request seeks documents outside of Plaintiff's custody or control. Plaintiff has no obligation to produce or identify such documents. Plaintiff further objects that this Request seeks documents in Defendant's possession or in the public domain (*e.g.*, documents presently available on the www.mtgox.com website) and are therefore readily obtainable by Defendant with less burden and expense. Plaintiff will not produce such documents.

Subject to and without waiving the foregoing objections, Plaintiff states that the documents identified in response to Request No. 2 are responsive to this request.

    \*    \*    \*    \*

**REQUEST NO. 4**: All Communications and Correspondence related to or concerning in any way the Japanese Proceedings.

**RESPONSE**: Plaintiff objects to the extent that this Request calls for the production of attorney-client communications or attorney work product. Plaintiff will not produce these documents. Plaintiff objects to this request as overbroad and unduly burdensome, in as much as it seeks "Communications and Correspondence related to" the described subject matter without any limitation whatsoever, and therefore would sweep in any number of documents unrelated to any claim or defense in this matter. Plaintiff will limit his production to documents within the scope of Fed. R. Civ. P. 26(b)(1). Plaintiff additionally

objects to the extent this or any other Request seeks documents outside of Plaintiff's custody or control. Plaintiff has no obligation to produce or identify such documents. Plaintiff further objects that this Request seeks documents in Defendant's possession or in the public domain (*e.g.*, documents presently available on the www.mtgox.com website) and are therefore readily obtainable by Defendant with less burden and expense. Plaintiff will not produce such documents.

    Subject to and without waiving the foregoing objections, Plaintiff states that the documents identified in response to Request No. 2 are responsive to this request.

    \*        \*        \*        \*

**REQUEST NO. 5**: All Communications and Correspondence related to or concerning in any way the Creditors Groups.

**RESPONSE**: Plaintiff objects to the extent that this Request calls for the production of attorney-client communications or attorney work product. Plaintiff will not produce these documents. Plaintiff objects to this request as overbroad and unduly burdensome, in as much as it seeks "All Communications and Correspondence related to" the described subject matter without any limitation whatsoever, which would necessarily sweep in any number of documents unrelated to any claim or defense in this matter. Plaintiff will limit his production to documents within the scope of Fed. R. Civ. P. 26(b)(1). Plaintiff additionally objects to the extent this or any other Request seeks documents outside of Plaintiff's custody or control. Plaintiff has no obligation to produce or identify such documents. Plaintiff further objects that this Request seeks documents in Defendant's possession or in the public domain (*e.g.*, documents presently available on the www.mtgox.com website) and are therefore readily obtainable by Defendant with less burden and expense. Plaintiff will not produce such documents.

    Subject to and without waiving the foregoing objections, Plaintiff has no responsive documents.

    \*        \*        \*        \*

**REQUEST NO. 6**: All Documents including, but not limited to, terms of services, advertisements or press releases, which you reviewed, studied or considered before investing via Mt. Gox.

**RESPONSE**: Plaintiff objects to this request as overbroad and unduly burdensome, as it literally asks for every document that Plaintiff has reviewed since the beginning of time up until he "invest[ed] via Mt. Gox." Plaintiff will limit his production to documents within the scope of Fed. R. Civ. P. 26(b)(1).

Subject to and without waiving the foregoing objections, Plaintiff has no responsive documents.

\*    \*    \*    \*

**REQUEST NO. 7**: All Documents related to transactions between You and Mt. Gox, including all Documents demonstrating purchases, withdrawals and trades via Mt. Gox.

**RESPONSE**: Plaintiff objects to the extent that this Request calls for the production of attorney-client communications or attorney work product. Plaintiff will not produce these documents. Plaintiff objects to this request as overbroad and unduly burdensome, in as much as it seeks "All Documents related to" the described subject matter without any limitation whatsoever, which would necessarily sweep in any number of documents unrelated to any claim or defense in this matter. Plaintiff will limit his production to documents within the scope of Fed. R. Civ. P. 26(b)(1). Plaintiff additionally objects to the extent this or any other Request seeks documents outside of Plaintiff's custody or control. Plaintiff has no obligation to produce or identify such documents. Plaintiff further objects that this Request seeks documents in Defendant's possession or in the public domain and are therefore readily obtainable by Defendant with less burden and expense. Plaintiff will not produce such documents.

Subject to and without waiving the foregoing objections, Plaintiff states that the documents produced at GREENE_000001-2, 14-20 are responsive to this request.

\*    \*    \*    \*

**REQUEST NO. 8**: All Documents related to transactions between You and Defendant.

**RESPONSE**: Plaintiff objects to the extent that this Request calls for the production of attorney-client communications or attorney work product. Plaintiff will not produce these documents. Plaintiff objects to this request as overbroad and unduly burdensome, in as much as it seeks "All Documents related to" the described subject matter without any limitation whatsoever, which would necessarily sweep in any number of documents unrelated to any claim or defense in this matter. Plaintiff will limit his production to documents within the scope of Fed. R. Civ. P. 26(b)(1). Plaintiff additionally objects to the extent this or any other Request seeks documents outside of Plaintiff's custody or control. Plaintiff has no obligation to produce or identify such documents. Plaintiff further objects that this Request seeks documents in Defendant's possession or in the public domain and are therefore readily obtainable by Defendant with less burden and expense. Plaintiff will not produce such documents.

Subject to and without waiving the foregoing objections, Plaintiff states that the documents identified in response to Request No. 7 are responsive to this Request.

\*      \*      \*      \*

**REQUEST NO. 9**: All Communications and Correspondence between You and Mt. Gox.

**RESPONSE**: Plaintiff objects to the extent that this Request calls for the production of attorney-client communications or attorney work product. Plaintiff will not produce these documents. Plaintiff objects to this request as overbroad and unduly burdensome, in as much as it seeks "All Communications and Correspondence between" the described subject matter without any limitation whatsoever, which would necessarily sweep in any number of documents unrelated to any claim or defense in this matter. Plaintiff will limit his production to documents within the scope of Fed. R. Civ. P. 26(b)(1). Plaintiff additionally objects to the extent this or any other Request seeks documents outside of Plaintiff's custody or control. Plaintiff has no obligation to produce or identify such documents. Plaintiff further objects that this Request seeks documents in Defendant's possession or in the public domain and are therefore readily obtainable by Defendant with less burden and expense. Plaintiff will not produce such documents.

Subject to and without waiving the foregoing objections, Plaintiff states that the documents identified in response to Request No. 7 are responsive to this Request.

* * * *

**REQUEST NO. 10**: All Communications and Correspondence between You and Defendant.

**RESPONSE**: Plaintiff objects to the extent that this Request calls for the production of attorney-client communications or attorney work product. Plaintiff will not produce these documents. Plaintiff objects to this request as overbroad and unduly burdensome, in as much as it seeks "All Communications and Correspondence between" the described subject matter without any limitation whatsoever, which would necessarily sweep in any number of documents unrelated to any claim or defense in this matter. Plaintiff will limit his production to documents within the scope of Fed. R. Civ. P. 26(b)(1). Plaintiff additionally objects to the extent this or any other Request seeks documents outside of Plaintiff's custody or control. Plaintiff has no obligation to produce or identify such documents. Plaintiff further objects that this Request seeks documents in Defendant's possession or in the public domain and are therefore readily obtainable by Defendant with less burden and expense. Plaintiff will not produce such documents.

Subject to and without waiving the foregoing objections, Plaintiff states that the documents identified in response to Request No. 7 are responsive to this Request.

* * * *

**REQUEST NO. 11:** All Documents relating to any Cryptocurrency You own or have owned during the time period at issue.

**RESPONSE:** Plaintiff objects to the extent that this Request calls for the production of attorney-client communications or attorney work product. Plaintiff will not produce these documents. Plaintiff objects to this request as overbroad and unduly burdensome, in as much as it seeks "All Documents relating to" the described subject matter without any limitation whatsoever, which would necessarily sweep in any number of documents unrelated to any claim or defense in this matter. Plaintiff will limit his production

to documents within the scope of Fed. R. Civ. P. 26(b)(1). Plaintiff additionally objects to the extent this or any other Request seeks documents outside of Plaintiff's custody or control. Plaintiff has no obligation to produce or identify such documents. Plaintiff further objects that this Request seeks documents in Defendant's possession or in the public domain and are therefore readily obtainable by Defendant with less burden and expense. Plaintiff will not produce such documents. Plaintiff additionally objects that this Request calls for the production of documents relating to cryptocurrencies, or cryptocurrency transactions, which Plaintiff owned or made *after* the relevant time period in this case. Plaintiff will not produce such documents as they do not bear on any party's claims or defenses in this case.

Subject to and without waiving the foregoing objections, Plaintiff states that the documents identified in response to Request No. 7 are responsive to this Request.

\*            \*            \*            \*

**REQUEST NO. 12**: All Documents related to this litigation previously produced by any other party (whether as a party to this litigation, in response to a subpoena or in response to an informal or voluntary request).

**RESPONSE:** Plaintiff objects to the extent that this Request calls for the production of attorney-client communications or attorney work product. Plaintiff will not produce these documents. Plaintiff objects to this request as vague, ambiguous, and potentially overbroad with respect to the phrase "in response to an informal or voluntary request," as it could be construed to cover a number of documents that are not relevant to any party's claim or defense and, thus, beyond the scope of permissible discovery. Plaintiff will limit his production to documents within the scope of Fed. R. Civ. P. 26(b)(1).

Subject to and without waiving the foregoing objections, Plaintiff states that because a large number of responsive documents were produced pursuant to the protective order entered in this case, Plaintiff will produce responsive documents after meeting and conferring regarding the order's application to Karpeles.

\* \* \* \*

**REQUEST NO. 13**: All written discovery responses provided by any party in this litigation.

**RESPONSE:** Plaintiff states that because responsive documents are covered by the protective order entered in this case, Plaintiff will produce responsive documents after meeting and conferring regarding the order's application to Karpeles.

\* \* \* \*

**REQUEST NO. 14**: All deposition transcripts previously taken in this litigation.

**RESPONSE:** Plaintiff states that because responsive documents are covered by the protective order entered in this case, Plaintiff will produce responsive documents after meeting and conferring regarding the order's application to Karpeles.

\* \* \* \*

**REQUEST NO. 15**: All deposition transcripts taken in any another lawsuit against Karpeles or Mt. Gox regarding cryptocurrency for which any parties agreed that the transcript could be used in this litigation.

**RESPONSE:** Plaintiff objects that this request seeks documents outside of Plaintiff's custody or control, and which are more easily obtainable by Karpeles with less burden and expense. Plaintiff also objects that this request is vague and ambiguous in its use of the term "any parties." Plaintiff will only produce information where all parties in any other lawsuit (along with any relevant third parties) have agreed that relevant deposition transcripts can be used in this litigation.

Subject to and without waiving the foregoing objections, Plaintiff has no responsive documents.

\* \* \* \*

**REQUEST NO. 16**: All Documents purporting to demonstrate the minimum contacts between Defendant and the forum state required for the exercise of personal jurisdiction over Karpeles in this Court.

9

**RESPONSE:** Plaintiff objects to the extent that this Request calls for the production of attorney-client communications or attorney work product. Plaintiff will not produce these documents. Plaintiff additionally objects to this Request as impermissibly vague: there is no way to identify a document "purporting to demonstrate" a legal concept. Plaintiff additionally objects to the extent this or any other Request seeks documents outside of Plaintiff's custody or control. Plaintiff has no obligation to produce or identify such documents. Plaintiff further objects that this Request seeks documents in Defendant's possession or in the public domain and are therefore readily obtainable by Defendant with less burden and expense. Plaintiff will not produce such documents.

\*     \*     \*     \*

**REQUEST NO. 17**: All Documents related to the settlement between Plaintiffs and Mizuho Bank, Ltd.

**RESPONSE:** Plaintiff objects that this request seeks information that is not relevant to any party's claims or defenses and therefore seeks information outside the bounds of permissible discovery. The terms of any settlement relating to Mizuho Bank, Ltd. has no relevance to the claims asserted against Karpeles, or to any defense that Karpeles has or may assert in this matter. Further, Plaintiff responds to this Request on the assumption that "Plaintiffs" was intended to mean "Plaintiff." To the extent the term "Plaintiffs" was intended, Plaintiff objects that the request is impermissibly vague and ambiguous.

Subject to and without waiving the foregoing objections, Plaintiff has no responsive documents.

\*     \*     \*     \*

**REQUEST NO. 18:** All Documents relating to Your allegation that Defendant "controlled all aspects of Mt. Gox's business from the ground up." (Fourth Amended Complaint ¶ 19.)

**RESPONSE**: Plaintiff objects to the extent that this Request calls for the production of attorney-client communications or attorney work product. Plaintiff will not produce these documents. Plaintiff objects to this request as overbroad and unduly burdensome, in as much as it seeks "All Documents relating to" the described subject matter without any limitation whatsoever, which would necessarily sweep in any

10

number of documents unrelated to any claim or defense in this matter. Plaintiff will limit his production to documents within the scope of Fed. R. Civ. P. 26(b)(1). Plaintiff additionally objects to the extent this or any other Request seeks documents outside of Plaintiff's custody or control. Plaintiff has no obligation to produce or identify such documents. Plaintiff further objects that this Request seeks documents in Defendant's possession (such as emails between Plaintiff's counsel and Karpeles) or in the public domain and are therefore readily obtainable by Defendant with less burden and expense. Plaintiff will not produce such documents.

Subject to and without waiving the foregoing objections, Plaintiff states that because responsive documents were produced or created pursuant to the protective order entered in this case, Plaintiff will produce responsive documents after meeting and conferring regarding the order's application to Karpeles.

\*          \*          \*          \*

**REQUEST NO. 19**: All Documents relating to Your allegations that Mt. Gox customer service was operating under Karpeles' direction.

**RESPONSE:** Plaintiff objects to the extent that this Request calls for the production of attorney-client communications or attorney work product. Plaintiff will not produce these documents. Plaintiff objects to this request as overbroad and unduly burdensome, in as much as it seeks "All Documents relating to" the described subject matter without any limitation whatsoever, which would necessarily sweep in any number of documents unrelated to any claim or defense in this matter. Plaintiff will limit his production to documents within the scope of Fed. R. Civ. P. 26(b)(1). Plaintiff additionally objects to the extent this or any other Request seeks documents outside of Plaintiff's custody or control. Plaintiff has no obligation to produce or identify such documents. Plaintiff further objects that this Request seeks documents in Defendant's possession (such as emails between Plaintiff's counsel and Karpeles) or in the public domain

and are therefore readily obtainable by Defendant with less burden and expense. Plaintiff will not produce such documents.

Subject to and without waiving the foregoing objections, Plaintiff states that because responsive documents were produced or created pursuant to the protective order entered in this case, Plaintiff will produce responsive documents after meeting and conferring regarding the order's application to Karpeles.

*     *     *     *

**REQUEST NO. 20**: All Documents relating to Your allegations that Karpeles "exploited the security bugs on the Exchange to steal his users' bitcoins." (Fourth Amended Complaint ¶ 22.)

**RESPONSE:** Plaintiff objects to the extent that this Request calls for the production of attorney-client communications or attorney work product. Plaintiff will not produce these documents. Plaintiff objects to this request as overbroad and unduly burdensome, in as much as it seeks "All Documents relating to" the described subject matter without any limitation whatsoever, which would necessarily sweep in any number of documents unrelated to any claim or defense in this matter. Plaintiff will limit his production to documents within the scope of Fed. R. Civ. P. 26(b)(1). Plaintiff additionally objects to the extent this or any other Request seeks documents outside of Plaintiff's custody or control. Plaintiff has no obligation to produce or identify such documents. Plaintiff further objects that this Request seeks documents in Defendant's possession (such as emails between Plaintiff's counsel and Karpeles) or in the public domain and are therefore readily obtainable by Defendant with less burden and expense. Plaintiff will not produce such documents.

Subject to and without waiving the foregoing objections, Plaintiff states that because responsive documents were produced or created pursuant to the protective order entered in this case, Plaintiff will produce responsive documents after meeting and conferring regarding the order's application to Karpeles.

\*     \*     \*     \*

**REQUEST NO. 21**: All Documents relating to Communications and Correspondence with Jed McCaleb, including but limited to any settlement agreement.

**RESPONSE:** Plaintiff objects to the extent that this Request calls for the production of attorney-client communications or attorney work product. Plaintiff will not produce these documents. Plaintiff objects to this request as overbroad and unduly burdensome, in as much as it seeks "All Documents relating to" the described subject matter without any limitation whatsoever, which would necessarily sweep in any number of documents unrelated to any claim or defense in this matter. Plaintiff will limit his response to "communications and correspondence with Jed McCaleb" that are within the scope of Fed. R. Civ. P. 26(b)(1). Plaintiff additionally objects to the extent this or any other Request seeks documents outside of Plaintiff's custody or control. Plaintiff has no obligation to produce or identify such documents. Plaintiff further objects that this Request seeks documents in Defendant's possession (such as emails between Plaintiff's counsel and Karpeles) or in the public domain and are therefore readily obtainable by Defendant with less burden and expense. Plaintiff will not produce such documents.

Subject to and without waiving the foregoing objections, Plaintiff states that because responsive documents were produced or created pursuant to the protective order entered in this case, Plaintiff will produce responsive documents after meeting and conferring regarding the order's application to Karpeles.

\*     \*     \*     \*

**REQUEST NO. 22**: All Documents of any nature whatsoever referred, considered or relied upon in answering Karpeles' Interrogatories to You.

**RESPONSE:** Plaintiff objects to the extent that this Request calls for the production of attorney-client communications or attorney work product. Plaintiff will not produce these documents. Plaintiff objects to this request as overbroad and unduly burdensome, in as much as it seeks "All Documents" related to the

13

described subject matter without any limitation whatsoever, which would necessarily sweep in any number of documents unrelated to any claim or defense in this matter. Plaintiff will limit his production to documents within the scope of Fed. R. Civ. P. 26(b)(1).

*       *       *       *

**REQUEST NO. 23**: All Documents of any nature whatsoever referred, considered or relied upon in the Fourth Amended Complaint and any prior and future iterations of the operative complaint in this case.

**RESPONSE:** Plaintiff objects to the extent that this Request calls for the production of attorney-client communications or attorney work product. Plaintiff will not produce these documents. Plaintiff objects to this request as overbroad and unduly burdensome, in as much as it seeks "All Documents" related to the described subject matter without any limitation whatsoever, which would necessarily sweep in any number of documents unrelated to any claim or defense in this matter. Plaintiff will limit his production to documents within the scope of Fed. R. Civ. P. 26(b)(1).

*       *       *       *

**REQUEST NO. 24**: All Documents that You may use at any stage of this proceeding to support any causes of action.

**RESPONSE**: Plaintiff objects to the extent that this Request calls for the production of attorney-client communications or attorney work product. Plaintiff will not produce these documents. Plaintiff objects to this request as overbroad and unduly burdensome, in as much as it seeks "All Documents" related to the described subject matter (which, itself, is unlimited, as it calls for documents that "may" be used) without any limitation whatsoever, which would necessarily sweep in any number of documents unrelated to any claim or defense in this matter. Plaintiff reserves the right to use all documents produced by any party or non-party in this case, along with any other documents that are later produced by any party or non-party.

**Edelson PC,**

Dated: May 29, 2019  By: /s/ Benjamin S. Thomassen
One of Plaintiffs' Attorneys

Benjamin S. Thomassen
bthomassen@edelson.com
Edelson PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

J. Aaron Lawson
alawson@edelson.com
Edelson PC
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: 415.212.9300
Fax: 415.373.9495

*Counsel for Plaintiffs and the Putative Class*

## CERTIFICATE OF SERVICE

    I hereby certify that on May 29, 2019, I served the above and foregoing document by causing a true and accurate copy of such paper to be delivered to the persons shown below via electronic mail:

**Bevin Megan Brennan**
Pedersen & Houpt, P.C.
161 N. Clark Street
Suite 2700
Chicago, IL 60601
(312) 261-2186
Not a member (fax)
bbrennan@pedersenhoupt.com

**Matthew J. Schmidt**
Pedersen & Houpt
161 N. Clark Street
Suite 2700
Chicago, IL 60601
(312) 261-2281
Not a member (fax)
mschmidt@pedersenhoupt.com

                   /s/ Benjamin S. Thomassen