IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREGORY GREENE and ANTHONY MOTTO, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>MARK KARPELES, an individual,<br><br>*Defendant*. | Case No. 1:14-cv-01437<br><br>Hon. Gary Feinerman<br><br>Magistrate Judge Susan Cox |

**REPLY IN SUPPORT OF MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE**

Plaintiff Anthony Motto hereby submits the following reply in support of his Motion to Voluntarily Dismiss his claims against Defendant Mark Karpeles:

1. All agree that (1) the court has the authority to set the terms upon which Motto's motion can be granted, *see* Fed. R. Civ. P. 41(a)(2), but that (2) "dismissal should be allowed unless the defendant will suffer some plain legal prejudice," *Stern v. Barnett*, 452 F.2d 211, 213 (7th Cir. 1971). Motto proposes to dismiss his individual claims without prejudice, noting that Karpeles will suffer no articulable prejudice from his dismissal because Gregory Greene remains in the case, and presses identical class claims against Karpeles, and Karpeles will receive all the discovery that Motto provided to Mizuho Bank, Ltd. (Dkt. 414, ¶¶ 3-4.) Karpeles responds that further discovery is necessary because his lawyer simply does not believe that Motto's previous productions or testimony were complete. (Dkt. 417, ¶¶ 16-17.)

2. Karpeles makes no attempt to demonstrate "plain legal prejudice," nor could he given Greene's continued desire to litigate identical claims against Karpeles. *See Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996) ("In determining what will amount of legal prejudice,

1

courts have examined whether a dismissal without prejudice would result in the loss of a federal forum, or the right to a jury trial, or a statute-of-limitations defense."); *Young v. LG Chem Ltd.*, 2015 WL 8269448, at *4 (N.D. Cal. Dec. 9, 2015) (improper to seek dismissal with prejudice under the guise of "legal prejudice" in order to prevent new class representative from asserting the same claims). Instead, Karpeles vaguely notes a desire to show that individual issues predominate within Greene's class claim. (Dkt. 417, ¶ 8.) But that unexplained reasoning is insufficient to warrant conditioning Motto's dismissal on the provision of *new* discovery responses, as Karpeles's principal case shows.

3. In *In re Navistar MaxxForce Engines Mktg., Sales Practices, and Products Liability Litigation*, Judge Gottschall rejected nearly the same argument. *See* 2018 WL 316369, at *4 (N.D. Ill. Jan. 4, 2018) (finding no legal prejudice or need for conditions despite defendants' contention that "several proposed dismissed plaintiffs possess discoverable information about specific individualized issues"). The defendants in *Navistar* contended that several plaintiffs who moved to voluntarily dismiss their claims had information that would demonstrate that several individual issues precluded class certification. *See id.* But the defendant could "not explain, beyond conclusory assertions," why the requested discovery was necessary given that different plaintiffs would continue to represent the class. *Id.* Absent some specific explanation about why the defendants would be prejudiced at the certification stage without discovery from individuals who would soon be absent class members, the court refused to condition dismissal on that discovery. *Id.* Judge Gottschall reached a similar conclusion in *Feldman v. Motorola, Inc.*, as well, concluding that two plaintiffs who sought to dismiss their claims should not be compelled to sit for depositions because the defendant had not identified any specific need for the testimony they sought, and because discovery had only just begun. *See* 1992 WL 415382, at *5 (N.D. Ill. Nov. 5, 1992).

4. Karpeles responds that the *Navistar* defendants were in a different situation because they already knew something about the plaintiffs who sought to dismiss their claims, whereas he knows

nothing about Motto. (Dkt. 417, ¶ 13.) But *Navistar* turned on the defendants' inability to articulate what prejudice, exactly, they would suffer absent discovery from dismissed plaintiffs. *See Navistar*, 2018 WL 316369, at *4. And on that score, Karpeles is in exactly the same situation. *See Feldman*, 1992 WL 415382, at *5.

5. What's more, Karpeles isn't completely in the dark. The parties have agreed that Karpeles will have access to all discovery material Motto previously produced. Karpeles insists he should be able to review this material before determining if he needs more information (Dkt. 417, ¶ 12), but that response implicitly acknowledges the obvious: Karpeles may well not need any more information from Motto. There can be no "plain" prejudice to Karpeles given his own inability to say one way or the other whether further documents even will be needed. Karpeles attempts to paper over this problem by inferring from Greene's Rule 26 disclosures (which can be and have been amended as the litigation progresses) that Motto's previous productions were insufficient. The Court should give no heed to this attempt to poison the well. As the Court well knows from presiding over this case for the several years before Karpeles appeared, Motto and his counsel diligently worked through discovery issues with Defendant Mizuho Bank, Ltd., who had every incentive to ensure that Motto's discovery responses were fulsome. And the Court is well aware that the parties created a thorough record. There is simply no reason to believe at this stage that Karpeles will in fact need more information.

6. Finally, even if Karpeles does need more information, he can easily issue a third-party subpoena to obtain whatever else it is he ultimately decides he needs. That is how the court approached the issue in *Young*. There, as in *Navistar* and *Feldman*, the defendant sought discovery from departing class representatives, asserting with little elaboration that such discovery was needed to buttress arguments against class certification. *See* 2015 WL 8269448, at *6. The court concluded that the requested discovery was "only marginally relevant" to the defendant's opposition to class certification, so it would allow only a subset of the requested discovery, and would count it "against Defendants' overall

deposition limits for non-party depositions," effectively treating it as non-party discovery, just as Motto proposed. *Id.* Here, of course, Karpeles hasn't even demonstrated marginal relevance. If and when he does, he may issue an appropriately tailored subpoena to obtain necessary information. But that future contingency is no reason not to allow Motto to dismiss his claims without prejudice at this stage.

7. Thus, because Karpeles will not suffer plain legal prejudice, "dismissal should be allowed." *Stern*, 452 F.2d at 213.

WHEREFORE, Plaintiff Motto respectfully requests that the Court enter an order, pursuant to Fed. R. Civ. P. 41(a)(2) dismissing his claims against Mark Karpeles without prejudice.

Respectfully submitted,

DATED: June 17, 2019    EDELSON PC

By: /s/ Benjamin S. Thomassen
   One of Plaintiffs' Attorneys

Benjamin S. Thomassen
bthomassen@edelson.com
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

J. Aaron Lawson
alawson@edelson.com
EDELSON PC
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: 415.212.9300
Fax: 415.373.9495

*Counsel for Anthony Motto*

**CERTIFICATE OF SERVICE**

  I, Benjamin S. Thomassen, an attorney, hereby certify that I served the above and foregoing document by causing true and accurate copies of such paper to be transmitted to all counsel of record via the Court's CM/ECF electronic filing system on June 17, 2019.

                 /s/ Benjamin S. Thomassen