UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY GREENE and ANTHONY MOTTO, individually and on behalf of all others similarly situated, | )<br>)<br>) | Case No. 14-cv-01437 |
| | ) | Hon. Gary Feinerman |
| Plaintiffs, | ) | |
| | ) | Magistrate Judge Susan Cox |
| v. | ) | |
| | ) | |
| MARK KARPELES, an individual, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT MARK KARPELES' STATUS REPORT REGARDING
HIS RESPONSE TO PLAINTIFF ANTHONY MOTTO'S MOTION
FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE**

Defendant Mark Karpeles, by and through his undersigned counsel, hereby submits this status report on his Response [Dkt. No. 417] to Plaintiff Anthony Motto's Motion for Voluntary Dismissal Without Prejudice [Dkt. No. 414] ("Motion for Voluntary Dismissal"). Mr. Karpeles states as follows:

1.  Mr. Karpeles previously requested that this Court condition Mr. Motto's voluntary dismissal pursuant to Federal Rule of Civil Procedure 41 on his providing full and complete responses to the outstanding written discovery served by Mr. Karpeles.

2.  At the hearing on June 18, 2019 on the Motion for Voluntary Dismissal, the Court entered and continued the motion pending Plaintiff Gregory Greene's document production to Mr. Karpeles, which could eliminate or narrow the issues. The Court entered and continued the Motion for Voluntary Dismissal to July 11, 2019 at 9:00 a.m. [Dkt. No. 422.] The hearing has subsequently been set for the same date at 9:15 a.m. [Dkt. No. 424.]

3.  Plaintiff Greene produced documents to Mr. Karpeles on June 20, 2019.

4. After reviewing the document production, on July 2, 2019, Mr. Karpeles' counsel proposed a resolution to Mr. Motto's counsel that significantly narrowed the issue. (*See* July 2, 2019 e-mail from B. Brennan to B. Thomassen, attached hereto as Exhibit A.)

5. Of the initial 18 interrogatories, Mr. Karpeles proposed that Mr. Motto respond to five of them: Interrogatories Nos. 3-5 and 7-8. (*See id.*) The first four seek information relating to Mr. Motto's involvement or interaction with creditors' groups and relating to the Japanese rehabilitation proceedings of Mt. Gox, information that would post-date the interrogatories previously served by former co-defendant Mizuho Bank. (*See* Interrogatories No. 3-5 and 7, attached hereto as Exhibit B.) The last interrogatory seeks information relating to what Mr. Motto reviewed prior to purchasing cryptocurrency from Mt. Gox, which was not requested in full from Mizuho Bank. (Ex. B, Interrogatory No. 8.)

6. Of the 24 document requests that Mr. Karpeles served on Mr. Motto, Mr. Karpeles requests that Mr. Motto respond to six of them (Document Requests Nos. 1-5 and 22) and update one category of documents. (Ex. A, July 2, 2019 e-mail from B. Brennan to B. Thomassen.) Corresponding to the interrogatories, the first five document requests seek documents relating to creditors' groups and the Japanese rehabilitation proceedings of Mt. Gox that are specific to Mr. Motto. (*See* Document Requests Nos. 1-5, attached hereto as Exhibit C.) The last document request is similar, seeking documents relating to his interrogatory responses. (Ex. C, Document Request No. 22.)

7. The final request is for Mr. Motto to produce any supplementary documents relating to Mr. Karpeles or two others with connections to Mt. Gox, Jed McCaleb and Gonzague Guy-Bouchery, as these supplemental documents relate to numerous prior requests. (*See, e.g.*, Ex. C, Document Requests Nos. 8, 10, 16, 18-21.)

8. During a telephone call on Monday, July 8, 2019, Plaintiffs' counsel advised Mr. Karpeles' counsel that he was conferring with his client to determine whether he would agree to this proposal. As of this filing, Mr. Karpeles' counsel has not yet received a response. Mr. Karpeles provides this update to inform the Court of the current status in advance of the continued hearing scheduled for July 11, 2019.

9. In the event that the parties are not able to reach an agreement, contrary to the argument made by Mr. Motto's counsel at the hearing on June 18, 2019, Federal Rule of Civil Procedure 41 and related case law absolutely allow the Court to require Mr. Motto to respond to these requests prior to being dismissed from the case without prejudice. (*See* Response ¶¶ 5-7.)

10. These discovery requests are relevant and important to Mr. Karpeles' opposition to class certification, his defenses to claims of conversion, negligence and consumer fraud, and his affirmative defenses of payment, satisfaction and accord, mootness and failure to mitigate.

11. This is a proper basis to require Mr. Motto to respond to this additional, limited discovery. In his Reply in support of his Motion for Voluntary Dismissal [Dkt. No. 421], Mr. Motto includes only part of a non-exhaustive list of what the Ninth Circuit Court of Appeals has found to constitute "legal prejudice" to require a plaintiff seeking dismissal to provide discovery, but conspicuously leaves out the one relevant here: where the discovery will allow a defendant to adequately defend itself against the charges. (Reply ¶ 2, citing *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996).) This is exactly what Mr. Karpeles seeks.

12. The only other two new cases in Mr. Motto's Reply hold that a party seeking to be voluntarily dismissed may be required to fulfill some discovery obligations, as Mr. Karpeles requests here. (Reply ¶ 2, citing *Young v. LG Chem. Ltd.*, Case No. 13-md-02420-YGR (DMR), 2015 U.S. Dist. LEXIS 165248, at *50 (N.D. Cal. Dec. 9, 2015) (allowing the defendants "to

3

take the depositions of up to five departing class representatives of their choosing"); *id.* ¶ 3, citing *Feldman v. Motorola, Inc.*, No. 90 C 5887, 1992 U.S. Dist. LEXIS 20586, at *20-22 (N.D. Ill. Nov. 5, 1992) (in bifurcated case, court noted that the "defendants may obtain information concerning these two [departing] plaintiffs' other securities transactions after the conclusion of the liability phase of this litigation," and requiring "some statement of their reasons [for seeking withdrawal as class representatives] … in connection with the motion to be dropped as parties").)

13. For all of these reasons, and the reasons stated in Mr. Karpeles' Response, Mr. Karpeles requests that Mr. Motto's voluntarily dismissal be conditioned on him first providing complete responses to Mr. Karpeles' First Set of Interrogatories Nos. 3-5 and 7-8 and First Set of Document Requests Nos. 1-5 and 22 and supplementing his document production with any additional documents relating to Mr. Karpeles, Mr. McCaleb and Mr. Guy-Bouchery, whether by agreement of the parties or by Court order.

WHEREFORE, Defendant Mark Karpeles respectfully requests that this Court:

(1) Require Plaintiff Anthony Motto to respond to Defendant Mark Karpeles' First Set of Interrogatories Nos. 3-5 and 7-8 and First Set of Document Requests Nos. 1-5 and 22 and supplement his document production with any additional documents relating to Mr. Karpeles, Mr. McCaleb and Mr. Guy-Bouchery as a pre-condition to granting his Motion for Voluntary Dismissal Without Prejudice; and

(2) Grant Mr. Karpeles all other just relief.

Dated: July 10, 2019                                       Respectfully submitted,

                                                           Mark Karpeles

                                                           By:   /s/  Bevin Brennan
                                                                   One of His Attorneys

Bevin Brennan
Matthew Schmidt
PEDERSEN & HOUPT
161 North Clark Street, Suite 2700
Chicago, Illinois 60601
(312) 641-6888
bbrennan@pedersenhoupt.com
mschmidt@pedersenhoupt.com

*Attorneys for Defendant Mark Karpeles*