# EXHIBIT B

### UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY GREENE and ANTHONY MOTTO, individually and on behalf of all others similarly situated, | ) ) ) | Case No. 14-cv-01437 |
| | ) | |
| Plaintiffs, | ) ) | Hon. Gary Feinerman |
| | ) | Magistrate Judge Susan Cox |
| v. | ) ) | |
| MARK KARPELES, an individual, | ) ) | |
| Defendant. | ) ) | |

### DEFENDANT MARK KARPELES' FIRST SET OF INTERROGATORIES TO PLAINTIFF ANTHONY MOTTO PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 33

Defendant, Mark Karpeles ("Karpeles"), by and through his undersigned counsel, pursuant to Federal Rules of Civil Procedure 26 and 33, directs Plaintiff Anthony Motto ("Motto") to answer the following interrogatories separately and fully in writing, under oath, and in the manner provided in Rule 33 within thirty (30) days of the date on which they were served. Answers are to be served on Karpeles at the offices of Karpeles' counsel. In answering the interrogatories, Motto is directed to use the following definitions and instructions:

### Definitions and Instructions

A.    Your answer to each interrogatory should include all knowledge within your possession, custody or control. Where facts are set forth in your answers or portions thereof are supplied upon information and belief rather than actual knowledge, so state and specifically describe or identify the source or sources of such information and belief. If any estimate can reasonably be made in place of unknown information, set forth your best estimate, clearly designated as such, in place of unknown information, and describe the basis upon which such

estimate is made. If you cannot answer the interrogatory in full after exercising due diligence to secure the information requested, so state and answer to the fullest extent possible, specifying your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

B.     To the extent that any interrogatory is objected to, set forth all the reasons therefore. If privilege is claimed as a ground for not answering any interrogatory in whole or in part, describe the factual basis for your claim of privilege, identify the author(s) of or participants in any document or communication claimed to be privileged, identify all persons receiving or hearing such document or communication, state the date of such documents or communications and state the general subject matter to which the communication or document relates and the circumstances thereto in sufficient detail so as to permit the Court to adjudicate the validity of the claim. If you object in part to any interrogatory, answer the remainder completely.

C.     If you exercise your option pursuant to F.R.C.P. 33(d) to produce documents in lieu of an answer, clearly segregate and label the documents from which a complete answer may be derived by interrogatory number.

D.     Pursuant to Federal Rule 26(e), these interrogatories shall be deemed continuing so that any additional information relating in any way to these interrogatories which you acquire or which becomes known to you at any time up to and including the time of trial, shall be furnished promptly after such information is acquired or becomes known.

E.     "Person" means any natural person, corporation, association, firm, partnership or other business or legal entity.

F.     "Identify," when referring to an individual person, means to set forth (1) the name of the person, (2) his or her current or last known business address and home address, and (3) his

or her current or last known employer and job title. If the interrogatory applies to a previous period of time, give the above information *and* the above information as it existed at the time covered by the interrogatory.

G. "Identify," when referring to a business entity, means to set forth (1) the name of the entity, (2) the nature of the entity, (3) the address of its principal place of business, (4) for corporations, the state of incorporation and (5) the names, titles and current addresses of the businesses officers, directors, partners or members.

H. "Identify," when referring to a communication, means to set forth (1) the type of communication (*e.g.*, telephone call, letter, face-to-face conversation), (2) the date the communication occurred, (3) the place at which the communication occurred, (4) the name and address of each person who participated in the communication, (5) the name and address of each person who did not participate in, but overheard or was present during any part of the communication, (6) the full content of what each person said during or in the communication, and (7) if the communication was memorialized in a writing or mechanical or other recording, state the date and present location of said writing or mechanical or other recording.

I. "Relating to" and "concerning" as used herein with reference to a subject shall include, but is not necessarily limited to containing, comprising, constituting, stating, setting forth, or recording, contradicting, referring to, alluding to, responding to, connected with, in connection with, commenting on, in respect of, about, regarding, discussing, showing, describing, mentioning, reflecting, analyzing, interpreting, identifying, or in any way pertaining to or evidencing, in whole or in part, that subject.

J. "Document" shall have the broadest meaning permitted by Federal Rule of Civil Procedure 34 and shall include, without limiting the scope of its meaning, inter-office

memoranda, intra-office memoranda, letters, telegrams, and other Correspondence (defined below), tape recordings, handwritten or typed notes and memoranda of officers, directors, managers, employees, agents and attorneys, calendar pads, appointment books, telegrams, facsimiles, photographs, films, negatives, work papers, promissory notes, letters of credit, meeting or visit minutes, notes relating to telephone calls or face-to-face conversations, meetings and/or discussions, statements of account, contracts, checks, reports, diaries, guarantees, surveys, studies, microfilm, microfiche, CD-ROM discs, data processing discs or readable computer produced interpretations thereof, data processing tapes or readable computer produced interpretations thereof, hold or save harmless agreements, guarantees, financial statements, credit reports, books, records, ledgers and journals, inter-office mail, electronic mail, compilations, computer generated print-outs or reports, other communications and all other writings, evidences and papers of whatever nature, regardless of whether originals, duplicates or copies, compiled, written, produced or received to the date of responding to this First Set of Interrogatories. The term also includes electronically-stored information as that term is used in F.R.C.P. 26 and 34 including, but without limitation, software, e-mails and facsimiles. Sources of electronically-stored information include but are not limited to, the following:

     a.    Desktop personal computers ("PC's") and workstations; PC's, workstations, minicomputers and mainframes used as file servers, application servers, or mail servers; laptops, notebooks, tablets, other portable computers, iPods, smart phones, and smart devices whether assigned to individuals or in pools of computers available for shared use; and home computers used for work-related purposes; and

      b.     All storage media including thumb drives, cloud storage, external hard drives, backup disks and tapes, archive disks and tapes, and other forms of offline storage, whether stored onsite with the computer used to generate them, stored offsite in another facility or stored offsite by a third-party, such as a in a disaster recovery center.

      K.     "Communication" means all occasions in which information, opinions, inquiries, understandings, demands, suggestions, results, and/or conclusions were conveyed from one person to another by any means including, but not limited to, meetings, discussions, face-to-face conversations, telephone calls, and Correspondence.

      L.     "Correspondence" includes, but is not limited to, letters, memoranda, telegrams, telefaxes, telexes, text or SMS messages, iMessages, Google Chat or "GChat," any form of instant messaging, electronic mail, mailgrams, speed messages, lettergrams, and teletypes.

      M.     "And" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the Request any documents that might otherwise be construed to be outside its scope.

      N.     As used herein "all" refers to any and all, and the term "any" likewise refers to any and all.

      O.     Any word written in the singular shall be construed as plural and any word written in the plural shall be construed as singular as necessary in order to bring within the scope of the interrogatory all information which might otherwise be construed to be outside the scope of the interrogatory.

      P.     The word "person" shall include any individual or business entity.

Q.    With respect to each and any document responsive to any interrogatory which has been lost or destroyed or which was but is no longer in Your possession, custody or control, identify the document, state the interrogatory to which it would be responsive and give the full particulars or circumstances surrounding the loss, destruction or transfer of the document including the document's present location and custodian, if applicable.

R.    In answering each interrogatory, state whether the information furnished is within the personal knowledge of the officer or agent answering the interrogatory and, if not, the name of each person to whom the information is a matter of personal knowledge, if known.

S.    Unless otherwise specified, the time period covered by each interrogatory is July 18, 2010, to the present.

T.    The terms "you," "your," "and "Plaintiff" as used herein means Plaintiff Anthony Motto, and all of his past or present agents, employees, representatives, consultants, attorneys and others acting on his behalf, including all predecessors thereof.

U.    The term "Karpeles" means Mark Karpeles.

V.    The term "Mt. Gox" means Mt. Gox Co., Ltd. and all of its past or present agents, employees, representatives, consultants, attorneys and others acting on its behalf, including all predecessors thereof.

W.    "Japanese Proceedings" refers to the Japanese rehabilitation proceedings, initially instituted by Mt. Gox as Bankruptcy proceedings on February 28, 2014, with Rehabilitation Debtor MTGOX Co., Ltd. and a Rehabilitation Trustee Nobuyaki Kobyashi, Attorney-at-law, Case No. 2017 (sai) No. 35.

X.     "Fourth Amended Complaint" refers to the Fourth Amended Complaint at Law filed by Plaintiff and others in the United States District Court for the Northern District of Illinois, Eastern District, Case No. 1:14-cv-01437, Dkt. No. 245.

Y.     The term "Creditor Groups" shall include every group formed by Mt. Gox creditors for the purpose of commencing the Japanese Proceedings or participating in the Japenese Proceedings, including, but not limited to the entities known as "Mtgoxlegal," "Mt. Gox Creditors," and all other groups of Mt. Gox creditors.

Z.     The term "Cryptocurrency" means any form of currency that only exists digitally, that usually has no central issuing or regulating authority but instead uses a decentralized system to record transactions and manage the issuance of new units, and that relies on cryptography to prevent counterfeiting and fraudulent transactions.  This includes, but is not limited to:  Bitcoin; Litecoin; Ethereum; Ripple; Bitcoin Cash; Ethereum Classic; Zcash; Cardano; NEM; Stellar; NEO; IOTA; Dash; Monero; Tron; and all other types of digital currency.

## INTERROGATORIES

1.     Describe in detail all damages you claim in this lawsuit, including but not limited to amounts that you claim to have lost via your purchase of Cryptocurrency through Mt. Gox individually and amounts you claim to represent on behalf of a class.

2.     Describe, in detail, all efforts You have made to recover the alleged value of Cryptocurrency or Fiat Currency that you claim to have lost by Mt. Gox.

3.     Identify all communications by You with any of the Creditors Groups in the Japanese Proceedings.

4.     Identify all participation by You with any of the Creditors Groups in the Japanese Proceedings.

01115428v1                                                          7

5.      Identify every claim You have submitted in the Japanese Proceedings, including the date of the claim, the amount of the claim, and the method in which the claim was submitted. If you have not submitted a claim in the Japanese Proceedings, explain the reason for not submitting a claim in the Japanese Proceedings.

6.      Identify the specific determination made by the Trustee in the Japanese Proceedings for each claim You have submitted in the Japanese Proceedings, including: whether the claim was approved or denied; the amount of the claim that was approved or denied; and when the claim was approved or denied.

7.      For any claim that you submitted in the Japanese Proceedings that was denied, explain all bases provided for the denial.

8.      Identify all Documents including, but not limited to, advertisements, press releases and terms of services agreements relating to Mt. Gox, you reviewed prior to purchasing Cryptocurrency via Mt. Gox, and the dates You reviewed each Document for the first time.

9.      Identify all transactions between You and Mt. Gox including, but not limited to, all deposits, withdrawals and trades, including the nature of the transaction; the amount of the transaction; and the date of the transaction.

10.     Identify all Cryptocurrencies You own or have owned, including for each the type of Cryptocurrency: the amount of Cryptocurrency; where the Cryptocurrency was purchased and for how much; how the Cryptocurrency was purchased; when the Cryptocurrency was purchased; and the current value of the Cryptocurrency.

11.     If You have sold any Cryptocurrency, specify when the sale was completed, how the sale was completed and the amount of each such sale.

12.    Identify all facts and basis that support the allegations contained in Paragraph 19 of the Fourth Amended Complaint that that "As President, CEO, and majority shareholder of Mt. Gox, Karpeles controlled all aspects of Mt. Gox's business from the ground up. In fact, Karpeles was involved in nearly every detail of the Exchange, from the technical (Karpeles wrote and designed the software used to run Mt. Gox) to the operational (Karpeles handled all of Mt. Gox's third party negotiations and contracts)."

13.    Identify all facts and basis that support the allegations contained in Paragraph 20 of the Fourth Amended Complaint that "Karpeles likewise directed the drafting and dissemination of Mt. Gox's public statements and representations (including those made through its Terms of Use), as well the statements made through Mt. Gox's customer service department. In addition, Karpeles handled all aspects of Mt. Gox's accounting (including its maintenance of user and operational accounts) and banking affairs—personally representing Mt. Gox in its negotiations and discussions with banks and third-party payment processers."

14.    Identify all facts and basis that support the allegations contained in Paragraph 22 of the Fourth Amended Complaint that "On information and belief, Karpeles exploited the security bugs on the Exchange to steal his users' bitcoins."

15.    Identify all facts and basis that support the allegations contained in Paragraph 23 of the Fourth Amended Complaint that "In the alternative, rather than correcting the security bugs (or informing users of their existence), Karpeles knowingly concealed the defects from the public and falsely assured users that their bitcoins and money were safe in their accounts."

16.    Describe the terms of the settlement of this lawsuit with Jed McCaleb.

17.     Identify all facts and basis that support the allegations contained in Paragraph 54 of the Fourth Amended Complaint; specifically identify the allegations that Mt. Gox customer service responded to You "at Karpeles' direction."

18.     Identify all Documents that you may use at any stage of this proceeding to support any causes of action.

Dated:  March 21, 2019                          Respectfully submitted,

                                                Mark Karpeles

                                                By:   /s/   Matthew J. Schmidt
                                                        One of His Attorneys

Bevin Brennan
Matthew Schmidt
PEDERSEN & HOUPT
161 North Clark Street, Suite 2700
Chicago, Illinois 60601
(312) 641-6888
bbrennan@pedersenhoupt.com
mschmidt@pedersenhoupt.com
mwilson@pedersenhoupt.com

*Attorneys for Defendant Mark Karpeles*

<u>**CERTIFICATE OF SERVICE**</u>

I, Matthew J. Schmidt, an attorney, hereby certify that I caused copies of the foregoing ***Defendant Mark Karpeles' First Set of Interrogatories to Plaintiff Anthony Motto Pursuant to Federal Rule of Civil Procedure 33*** to be served on the following individuals by email on March 21, 2019:

Benjamin S. Thomassen
Aaron Lawson
EDELSON PC
350 North LaSalle Street,
13th Floor Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378
bthomassen@edelson.com
alawson@edelson.com

By: _____ /s/ Matthew J. Schmidt _____
        Matthew J. Schmidt

01115428v1