# EXHIBIT C

**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GREGORY GREENE and ANTHONY MOTTO, individually and on behalf of all others similarly situated, | ) ) ) | Case No. 14-cv-01437 |
| | ) | |
| Plaintiffs, | ) ) | Hon. Gary Feinerman |
| | ) | Magistrate Judge Susan Cox |
| v. | ) ) | |
| MARK KARPELES, an individual, | ) ) | |
| Defendant. | ) ) | |

**DEFENDANT MARK KARPELES' FIRST SET OF REQUESTS**
**FOR PRODUCTION TO PLAINTIFF ANTHONY MOTTO**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 34**

Defendant, Mark Karpeles ("Karpeles"), by and through his undersigned counsel, pursuant to Federal Rules of Civil Procedure 26 and 34, hereby requests that Plaintiff Anthony Motto ("Motto") produce at the offices of Defendant's undersigned counsel, or at such other place and time as may be agreeable to counsel for both parties, within thirty (30) days of service of these requests the following documents and things as may be in Motto's possession, custody, or control. In answer these document requests, Motto directed to use the following definitions and instructions:

**DEFINITIONS AND INSTRUCTIONS**

A.      Your production in response to each request should include all documents within your possession, custody or control, including, without limitation, those documents held by any of you agents, employees, representatives, consultants, attorneys and others acting on your behalf, whether or not such documents are on the your personal or business premises. If any person is unwilling to have his or her files searched, or is unwilling to produce responsive

documents, you must provide the following information as to each such person: his or her name, address, telephone number and relationship to you.

      B.      If any portion of any document is responsive to any request, the entire document should be produced.

      C.      In the event that your answer to a request is "not applicable" or any similar phrase or answer, explain in detail why the request is not applicable.

      D.      In the event that your answer to a request for documents is that you lack knowledge or "unknown" or a similar phrase or answer, explain in detail all efforts made by you, including your attorneys or representatives, to obtain the documents requested.

      E.      If any of the documents or information requested herein are not in your possession but are known or believed to be in the possession of another person, identify that person by name, work and home address, work and home telephone number.

      F.      To the extent that any request is objected to, set forth all the reasons therefore. If privilege is claimed as a ground for not producing any document in whole or in part, describe the factual basis for your claim of privilege, identify the author(s) of any document claimed to be privileged, identify all persons receiving such document, state the date of such documents and state the general subject matter to which the document relates and the circumstances thereto in sufficient detail so as to permit the court to adjudicate the validity of the claim. If you object in part to any request, produce documents responsive to the remainder.

      G.      Consistent with Rule 34(b) of the Federal Rules of Civil Procedure, it is requested that all documents be produced, or allowed to be inspected, in the file folders and file cartons in which they have been kept in the usual course of business, clipped, stapled, or otherwise

arranged in the same form and manner as they were found. Each of the file folders or file cartons shall indicate to which of the requests for documents it is responsive.

H.     If any document requested has been destroyed or discarded, (a) identify the document's date, subject matter, number of pages and appendices or attachments; (b) identify the name, address and telephone numbers of each person to whom the document was addressed, directed, circulated or shown and each person to whom its contents were disclosed; (c) set forth the date of the document's destruction or discard, and the reason for its destruction or discard; and (d) identify each person who authorized or carried out such destruction or discard.

I.     Except for privileged material, you should produce each responsive document in its entirety by including all attachments and all pages, regardless of whether they directly relate to the specified subject matter. You should submit any appendix, table, or other attachment by either physically attaching it to the responsive document or clearly marking it to indicate the responsive document to which it corresponds. Except for privileged material, you should not mask, cut, expunge, edit, or delete any responsive document or portion thereof in any manner.

J.     "Relating to" and "concerning" as used herein with reference to a subject shall include, but is not necessarily limited to containing, comprising, constituting, stating, setting forth, or recording, contradicting, referring to, alluding to, responding to, connected with, in connection with, commenting on, in respect of, about, regarding, discussing, showing, describing, mentioning, reflecting, analyzing, interpreting, identifying, or in any way pertaining to or evidencing, in whole or in part, that subject.

K.     "Document" shall have the broadest meaning permitted by Federal Rule of Civil Procedure 34 and shall include, without limiting the scope of its meaning, inter-office memoranda, intra-office memoranda, letters, telegrams, and other Correspondence (defined

below), tape recordings, handwritten or typed notes and memoranda of officers, directors, managers, employees, agents and attorneys, calendar pads, appointment books, telegrams, facsimiles, photographs, films, negatives, work papers, promissory notes, letters of credit, meeting or visit minutes, notes relating to telephone calls or face-to-face conversations, meetings and/or discussions, statements of account, contracts, checks, reports, diaries, guarantees, surveys, studies, microfilm, microfiche, CD-ROM discs, data processing discs or readable computer produced interpretations thereof, data processing tapes or readable computer produced interpretations thereof, hold or save harmless agreements, guarantees, financial statements, credit reports, books, records, ledgers and journals, inter-office mail, electronic mail, compilations, computer generated print-outs or reports, other communications and all other writings, evidences and papers of whatever nature, regardless of whether originals, duplicates or copies, compiled, written, produced or received to the date of responding to this Request. The term also includes electronically-stored information as that term is used in F.R.C.P. 26 and 34 including, but without limitation, software, e-mails and facsimiles. Sources of electronically-stored information include but are not limited to, the following:

      a.    Desktop personal computers ("PC's") and workstations; PC's, workstations, minicomputers and mainframes used as file servers, application servers, or mail servers; laptops, notebooks, tablets, other portable computers, iPods, smart phones, and smart devices whether assigned to individuals or in pools of computers available for shared use; and home computers used for work-related purposes; and

      b.    All storage media including thumb drives, cloud storage, external hard drives, backup disks and tapes, archive disks and tapes, and other forms of

offline storage, whether stored onsite with the computer used to generate them, stored offsite in another facility or stored offsite by a third-party, such as a in a disaster recovery center.

L.    "Communication" means all occasions in which information, opinions, inquiries, understandings, demands, suggestions, results, and/or conclusions were conveyed from one person to another by any means including, but not limited to, meetings, discussions, face-to-face conversations, telephone calls, and Correspondence.

M.    "Correspondence" includes, but is not limited to, letters, memoranda, telegrams, telefaxes, telexes, text or SMS messages, iMessages, Google Chat or "GChat," any form of instant messaging, electronic mail, mailgrams, speed messages, lettergrams, and teletypes.

N.    "And" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the Request any documents that might otherwise be construed to be outside its scope.

O.    As used herein "all" refers to any and all, and the term "any" likewise refers to any and all.

P.    Any word written in the singular shall be construed as plural and any word written in the plural shall be construed as singular as necessary in order to bring within the scope of the document request all information which might otherwise be construed to be outside the scope of the document request.

Q.    With respect to each and any document responsive that has been lost or destroyed or which was but is no longer in Your possession, custody or control, identify the document, state the document request to which it would be responsive and give the full particulars or

circumstances surrounding the loss, destruction or transfer of the document including the document's present location and custodian, if applicable.

R.      Unless otherwise specified, the time period covered by each document request is July 18, 2010, to the present.

S.      The terms "you," "your," "and "Plaintiff" as used herein means Plaintiff Anthony Motto, and all past or present agents, employees, representatives, consultants, attorneys and others acting on his behalf, including all predecessors thereof.

T.      The terms "Defendant" and "Karpeles" as used herein means Defendant Mark Karpeles.

U.      The term "Mt. Gox" means Mt. Gox Co., Ltd. and all of its past or present agents, employees, representatives, consultants, attorneys and others acting on its behalf, including all predecessors thereof.

V.      "Japanese Proceedings" refers to the Japanese rehabilitation proceedings, initially instituted by Mt. Gox as Bankruptcy proceedings on February 28, 2014, in which Mt. Gox creditors are able to submit claims for reimbursement of monies owed by Mt. Gox.

W.      "Fourth Amended Complaint" refers to the Fourth Amended Complaint at Law filed by Plaintiffs in the United States District Court for the Northern District of Illinois, Eastern District, Case No. 1:14-cv-01437, Dkt. No. 245.

X.      The term "Creditor Groups" shall include every group formed by Mt. Gox creditors for the purpose of commencing the Japanese Proceedings or participating in obtaining the relief they deserve, including, but not limited to, "Mtgoxlegal," "Mt. Gox Creditors," and all other similarly situated groups of Mt. Gox creditors.

01115428v1                                    6

Y.     The term "Cryptocurrency" means any form of currency that only exists digitally, that usually has no central issuing or regulating authority but instead uses a decentralized system to record transactions and manage the issuance of new units, and that relies on cryptography to prevent counterfeiting and fraudulent transactions. This includes, but is not limited to: Bitcoin; Litecoin; Ethereum; Ripple; Bitcoin Cash; Ethereum Classic; Zcash; Cardano; NEM; Stellar; NEO; IOTA; Dash; Monero; Tron; and all other types of digital currency.

## DOCUMENT REQUESTS

1.     All Documents related to Your participation in any Creditors Groups in the Japanese Proceedings.

2.     All Documents related to claims You have submitted in the Japanese Proceedings.

3.     All Documents related to the determination by the trustee of the Japanese Proceedings related to any claims You have submitted in the Japanese Proceedings.

4.     All Communications and Correspondence related to or concerning in any way the Japanese Proceedings.

5.     All Communications and Correspondence related to or concerning in any way the Creditors Groups.

6.     All Documents including, but not limited to, terms of services, advertisements or press releases, which you reviewed, studied or considered before investing via Mt. Gox.

7.     All Documents related to transactions between You and Mt. Gox, including all Documents demonstrating purchases, withdrawals and trades via Mt. Gox.

8.     All Documents related to transactions between You and Defendant.

9.     All Communications and Correspondence between You and Mt. Gox.

10.     All Communications and Correspondence between You and Defendant.

11.    All Documents relating to any Cryptocurrency You own or have owned during the time period at issue.

12.    All Documents related to this litigation previously produced by any other party (whether as a party to this litigation, in response to a subpoena or in response to an informal or voluntary request).

13.    All written discovery responses provided by any party in this litigation.

14.    All deposition transcripts previously taken in this litigation.

15.    All deposition transcripts taken in any another lawsuit against Karpeles or Mt. Gox regarding cryptocurrency for which any parties agreed that the transcript could be used in this litigation.

16.    All Documents purporting to demonstrate the minimum contacts between Defendant and the forum state required for the exercise of personal jurisdiction over Karpeles in this Court.

17.    All Documents related to the settlement between Plaintiffs and Mizuho Bank, Ltd.

18.    All Documents relating to Your allegation that Defendant "controlled all aspects of Mt. Gox's business from the ground up." (Fourth Amended Complaint ¶ 19.)

19.    All Documents relating to Your allegations that Mt. Gox customer service was operating under Karpeles' direction.

20.    All Documents relating to Your allegations that Karpeles "exploited the security bugs on the Exchange to steal his users' bitcoins." (Fourth Amended Complaint ¶ 22.)

21.    All Documents relating to Communications and Correspondence with Jed McCaleb, including but limited to any settlement agreement.

22.     All Documents of any nature whatsoever referred, considered or relied upon in answering Karpeles' Interrogatories to You.

23.     All Documents of any nature whatsoever referred, considered or relied upon in the Fourth Amended Complaint and any prior and future iterations of the operative complaint in this case.

24.     All Documents that You may use at any stage of this proceeding to support any causes of action.

Dated:  March 21, 2019                     Respectfully submitted,

                                           Mark Karpeles

                                           By:   /s/ Matthew J. Schmidt_____
                                                    One of His Attorneys

Bevin Brennan
Matthew Schmidt
PEDERSEN & HOUPT
161 North Clark Street, Suite 2700
Chicago, Illinois 60601
(312) 641-6888
bbrennan@pedersenhoupt.com
mschmidt@pedersenhoupt.com
mwilson@pedersenhoupt.com

*Attorneys for Defendant Mark Karpeles*

## CERTIFICATE OF SERVICE

I, Matthew J. Schmidt, an attorney, hereby certify that I caused copies of the foregoing ***Defendant Mark Karpeles' First Set of Requests for Production to Plaintiff Anthony Motto Pursuant to Federal Rule of Civil Procedure 34*** to be served on the following individuals by email on March 21, 2019:

Benjamin S. Thomassen
Aaron Lawson
EDELSON PC
350 North LaSalle Street,
13th Floor Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378
bthomassen@edelson.com
alawson@edelson.com

By:      /s/Matthew J. Schmidt
          Matthew J. Schmidt

01115428v1