# Exhibit B

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREGORY GREENE and ANTHONY MOTTO, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>MARK KARPELES, an individual,<br><br>*Defendant*. | No. 1:14-cv-01437<br><br>Hon. Gary Feinerman<br><br>Magistrate Judge Susan Cox |

**PLAINTIFF GREGORY GREENE'S FIRST SET OF INTERROGATORIES TO DEFENDANT MARK KARPELES**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Gregory Greene requests that Defendant Mark Karpeles answer the following Interrogatories under oath within thirty (30) days of service hereof.

**DEFINITIONS**

1. "Class" or "class members" means all persons in the United States who had bitcoins or money stored with Mt. Gox on February 24, 2014.

2. "Describe" when used in relation to any process, policy, act, or event means explain the process, policy, act or event in complete and reasonable detail, stating the time, ate, and location, identifying all persons participating or present, and identifying all documents relating thereto.

3. "Document" or "documents" includes all documents, communications, information, or tangible things within the scope of Federal Rules of Civil Procedure 26 and 34, including ESI, and all versions and drafts of documents.

4. "ESI" or "electronically stored information" means information that is stored in electronic media, regardless of the media or whether it is in the original format in which it is created, and that is retrievable in perceivable form and includes metadata, system data, deleted data, and fragmented data.

5. "Identify," when used with respect to a natural person, means to state the person's full name, present or last known business affiliation and position, past and present home address and past position and business affiliation, if any, with any of the patties herein.

6. "Identify," when used with respect to a company or other business entity, means to state the company's legal name, the names under which it does business, its form (e.g., partnership, corporation, etc.), the address of its principal place of business, and to identify its principal proprietors, officers and/or directors.

7. "Identify," when used with respect to a document, means to state the date(s) prepared, drafted or generated, the author(s), intended and actual recipient(s), type of document (e.g., "letter," "terms of service," "email," etc.), and to identify its last known custodian or location.

8. "Identify," when used in reference to an event, transaction, or occurrence, means to Describe the act in complete and reasonable detail; state the time, date, location; identify all Persons participating or present; and identify all documents relating thereto.

9. "Including" means "including, but not limited to;" "includes" means "includes, but not limited to."

10. "Mt. Gox" or "exchange" means the Mt. Gox bitcoin exchange.

11. "Person" or "persons" means or refers to any natural person, corporation, partnership, association, organization, joint ventures, or other entity of any type or nature, including any business governmental entity of association.

12. "Plaintiffs" means Gregory Greene and Anthony Motto.

13. "Relevant time period" means or refers to February 27, 2010 through the present.

14. "User" means persons that used Mt. Gox, including persons that opened accounts on Mt. Gox, deposited (or attempted to deposit) fiat currency or bitcoin to their Mt. Gox accounts, transferred (or attempted to transfer) fiat currency or bitcoin to or from their Mt. Gox accounts, or withdrew (or attempted to withdraw) fiat currency or bitcoin from their Mt. Gox accounts

15. "You," "Your," "Defendant," or "Karpeles" means or refers to Defendant Mark Karpeles.

## INSTRUCTIONS

1. If you object or otherwise refuse to respond to any portion of any interrogatory, (1) state the nature and basis of the objection or reason for such refusal in sufficient fashion to permit the Court to rule on the validity of the objection; and (2) answer all portions of such Interrogatory that are not claimed to be objectionable.

2. The singular form of a word shall be interpreted as plural, and the plural form of a word shall be interpreted as singular, whichever makes the interrogatory broadest.

3. As used herein, "any" and "all" shall each be construed to mean "any and all," so as to acquire the broadest meaning possible.

4. As used herein, the present tense shall also include the past tense.

5. "And" and "or" when used herein shall be construed conjunctively or disjunctively as necessary to make each Interrogatory inclusive rather than exclusive.

6. "Each" shall be construed to include and encompass "all."

7. For any term used herein, which is not otherwise specifically defined, the common and usual meaning of such term is intended. Any ambiguity in these interrogatories

3

shall be resolved so as to construe these interrogatories as broadly as possible. Defined terms need not be capitalized to retain their defined meaning.

      8.      Unless otherwise stated, all interrogatories pertain to the relevant time period.

## INTERROGATORIES

**INTERROGATORY NO. 1.**

Identify the name, address, and occupation of all persons who participated in responding to these Interrogatories and Plaintiff's Requests for the Production of Documents. For each person so identified, state the person's employer and their position or title, describe their knowledge relevant to these proceedings, and, if applicable, identify the Interrogatories and/or Requests for Production of Documents.

**INTERROGATORY NO. 2.**

Identify your current residential and mailing address.

**INTERROGATORY NO. 3.**

Identify all former employees and agents of Mt. Gox, including by providing each individual's name, job title at Mt. Gox (e.g., "President and CEO"), last known mailing address, last known phone number, and last known email address.

**INTERROGATORY NO. 4.**

Identify all email addresses (e.g., "magicaltux+mk@gmail.com") and usernames (e.g., u/MagicalTux on Reddit.com) you have used to communicate about Mt. Gox in any capacity.

**INTERROGATORY NO. 5.**

Identify all facts supporting your contention that "Mt. Gox observed all corporate formalities and kept corporate records." (Dkt. 392-1 ¶ 20.)

**INTERROGATORY NO. 6.**

Describe your relationship with Mt. Gox, including by identifying any relevant contracts, agreements, or written or oral understandings and by identifying and describing whether your relationship with Mt. Gox changed over time.

**INTERROGATORY NO. 7.**

Describe the process through which class members could request to withdraw, deposit, or transfer bitcoin or fiat currency from their Mt. Gox accounts, including by identifying and describing any changes to relevant polices, processes, procedures, or requirements made during the relevant time period.

**INTERROGATORY NO. 8.**

Identify and describe all steps, policies, procedures, or actions you approved, facilitated, or arranged, or had approved, facilitated or arranged, to notify class members that their ability to make withdrawals from Mt. Gox had changed in or after June 2013.

**INTERROGATORY NO. 9.**

Identify and describe all withdrawals you approved, facilitated, or arranged, or had approved, facilitated or arranged, from Mt. Gox during the months of June 2013 through March 2014, including the persons, account names, or account numbers to which such withdrawals were made and whether such withdrawals included the withdrawal of bitcoins, fiat currency, or both.

**INTERROGATORY NO. 10.**

Identify and describe the fiat currency and bitcoin balances of all class members at the time that Mt. Gox went offline in February 2014.

**INTERROGATORY NO. 11.**

Identify and describe any transactions or sales made, approved, facilitated, or otherwise arranged by you involving bitcoins, including the exchange of bitcoins for fiat currency or cash.

**INTERROGATORY NO. 12.**

Identify and describe all facts supporting your contention, if any, that the bitcoins or fiat currency of class members were lost due to a hack, transaction malleability, a computer bug, or through any other method.

**INTERROGATORY NO. 13.**

Identify any bitcoin addresses or wallets used or accessed by you, including by identifying relevant block chain transactions.

**INTERROGATORY NO. 14.**

Identify all facts supporting any affirmative defense asserted by you in this litigation.

**GREGORY GREENE and ANTHONY MOTTO**
individually and on behalf of all others similarly situated,

Dated: February 12, 2019     By: _____
One of Plaintiffs' Attorneys

Benjamin S. Thomassen
bthomassen@edelson.com
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

J. Aaron Lawson
alawson@edelson.com
Edelson PC
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: 415.212.9300
Fax: 415.373.9495

Counsel for Plaintiffs and the Putative Classes

8

## CERTIFICATE OF SERVICE

I, Benjamin S. Thomassen, hereby certify that I served the above and foregoing document by causing true and accurate copies of such paper to be transmitted to the following individuals via email on February 12, 2019:

Bevin Brennan (bbrennan@pedersenhoupt.com)
Matthew Schmidt (mschmidt@pedersenhoupt.com)
PEDERSEN & HOUPT
161 North Clark Street, Suite 2700
Chicago, Illinois 60601

By: _____