# Exhibit D

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY GREENE and ANTHONY MOTTO, individually and on behalf of all others similarly situated, | ) ) ) ) | Case No. 14-cv-01437 |
| Plaintiffs, | ) ) ) | Hon. Gary Feinerman |
| | ) | Magistrate Judge Susan Cox |
| v. | ) ) | |
| MARK KARPELES, an individual, | ) ) | |
| Defendant. | ) | |

**DEFENDANT MARK KARPELES' RESPONSES AND OBJECTIONS
TO PLAINTIFF GREGORY GREENE'S FIRST SET OF
<u>REQUESTS FOR PRODUCTION OF DOCUMENTS</u>**

NOW COMES Defendant, MARK KARPELES, by and through his attorneys PEDERSEN & HOUPT, and hereby objects and responds to Plaintiff Gregory Greene's First Set of Requests for the Production of Documents as follows:

<u>**REQUESTS TO PRODUCTION**</u>

1. Documents sufficient to identify all former employees and agents of Mt. Gox, including documents sufficient to identify each individual's name, job title at Mt. Gox (e.g., "President and CEO"), last known mailing address, and last known email address.

<u>**RESPONSE**</u>: Karpeles has no documents responsive to this request.

2. Documents sufficient to identify all former employees and agents of Tibanne KK that were in any way associated with or performed work in connection with Mt. Gox, including documents sufficient to identify each individual's name, job title ( e.g., "President and CEO"), last known mailing address, and last known email address.

<u>**RESPONSE**</u>: Karpeles has no documents responsive to this request.

3. All documents referencing Plaintiffs.

<u>**RESPONSE**</u>: Karpeles has no non-privileged documents responsive to this request.

4. All communications between you and any class member.

**OBJECTION**: Karpeles objects to this request as vague, overly broad, and unduly burdensome. Karpeles further objects as he is not aware of who is a "class member," and to the extent it implies that a class has been certified in this case.

**RESPONSE**: Subject to his Objection, Karpeles has no documents responsive to this request.

5. All communications to, from, or concerning any former Defendant named in this case (including Jed McCaleb, Gonzague Gay Bouchery, and Mizuho Bank, Ltd.) related to Mt. Gox, including all audio records of oral communications.

**OBJECTION**: Karpeles objects to this request as vague, overly broad, and unduly burdensome.

**RESPONSE**: Subject to his Objection, Karpeles will produce documents responsive to this request, if any.

6. All communications relating to this or any other judicial proceeding or dispute concerning Mt. Gox, including those concerning CoinLab, Inc., Marko Simovic, or the Mt. Gox bankruptcy and civil rehabilitation procedures.

**OBJECTION**: Karpeles objects to this request to the extent that it calls for documents protected under attorney-client privilege, work product doctrine, or any other applicable privilege. Karpeles also objects to this interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

7. Documents sufficient to identify all class members, including documents sufficient to identity each user's name, last known mailing address, and last known email address.

**OBJECTION**: Karpeles objects to this request to the extent it implies that a class has been certified in this case.

**RESPONSE**: Karpeles has no documents responsive to this request.

8. All documents submitted by class members to verify their Mt. Gox accounts, as described in paragraph 15 of the Fourth Amended Complaint, including documents submitted as proofs of identity (e.g., state issued identification cards, utility bills, etc.).

2

**OBJECTION**: Karpeles objects to this request to the extent it implies that a class has been certified in this case.

**RESPONSE**: Karpeles has no documents responsive to this request.

9. Documents sufficient to identify all class members' bitcoin and fiat currency balances on Mt. Gox when the exchange went offline.

**OBJECTION**: Karpeles objects to this request to the extent it implies that a class has been certified in this case.

**RESPONSE**: Karpeles has no documents responsive to this request.

10. Documents sufficient to identify all attempted but unsuccessful withdrawals of fiat currency or bitcoin made by class members, including documents sufficient to identify the user, dates, and amount associated with each attempted withdrawal.

**OBJECTION**: Karpeles objects to this request to the extent it implies that a class has been certified in this case.

**RESPONSE**: Subject to his Objection, Karpeles has no documents responsive to this request.

11. All documents relating to your ability to access Mt. Gox's systems, accounts, user information, platform, or website.

**OBJECTION**: Karpeles objects to this request as vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Karpeles further objects to this request to the extent it seeks documents used in connection with his criminal trial in Japan. Karpeles believes Japanese law bars him from producing such responsive documents.

**RESPONSE**: Subject to his Objection, Karpeles has no documents responsive to this request

12. All documents evidencing security audits, reviews, or investigations of Mt. Gox's systems, accounts, user information, platform, or website.

3

**OBJECTION**: Karpeles objects to this request as vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Karpeles further objects to this request to the extent it seeks documents used in connection with his criminal trial in Japan. Karpeles believes Japanese law bars him from producing such responsive documents.

**RESPONSE**: Subject to his Objection, Karpeles has no documents responsive to this request.

13. All access logs or other documents evidencing instances where Mt. Gox user accounts or bitcoin/fiat currency balances were accessed, or potentially accessed, by individuals other than the user him or herself.

**OBJECTION**: Karpeles objects to this request as vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Karpeles further objects to this request to the extent it seeks documents used in connection with his criminal trial in Japan. Karpeles believes Japanese law bars him from producing such responsive documents.

**RESPONSE**: Subject to his Objection, Karpeles has no documents responsive to this request.

14. All documents evidencing access credentials (e.g., usernames) that you used, or could have used, to access Mt. Gox's systems, accounts, user information, platform, or website.

**OBJECTION**: Karpeles will produce non-privileged communications responsive to this request that are in his possession, custody or control, if any.

15. All documents relating to:

- Bitcoin withdrawal delays on Mt. Gox;
- Fiat currency withdrawal delays on Mt. Gox;
- "unusual activity" concerning Mt. Gox's systems or accounts;
- Issues of "transaction malleability" concerning Mt. Gox's systems or accounts;
- "bugs" concerning Mt. Gox's systems or accounts; and

4

- "hacks," whether actual or attempted, of Mt. Gox's systems or accounts.

**OBJECTION**: Karpeles objects to this request as vague, overly broad, and unduly burdensome. Karpeles further objects to this request to the extent it seeks documents used in connection with his criminal trial in Japan. Karpeles believes Japanese law bars him from producing such responsive documents.

**RESPONSE**: Subject to his Objection, Karpeles has no documents responsive to this request.

16. All documents relating the suspension of user activity on Mt. Gox, including documents relating to the decision to take the Mt. Gox website offline in February 2014.

**OBJECTION**: Karpeles objects to this request as vague, overly broad, and unduly burdensome. Karpeles further objects to this request to the extent it seeks documents used in connection with his criminal trial in Japan. Karpeles believes Japanese law bars him from producing such responsive documents.

**RESPONSE**: Subject to his Objection, Karpeles has no documents responsive to this request.

17. Documents sufficient to identify all bitcoin wallets controlled or accessible by you.

**OBJECTION**: Karpeles objects to this request as vague, overly broad, and unduly burdensome.

**RESPONSE**: Subject to his Objection, Karpeles has no documents responsive to this request.

18. Documents sufficient to identify all transfers into or out of bitcoin wallets controlled or accessible by you.

**OBJECTION**: Karpeles objects to this request as vague, overly broad, and unduly burdensome. Karpeles further objects to this request to the extent it seeks documents used in

5

connection with his criminal trial in Japan. Karpeles believes Japanese law bars him from producing such responsive documents.

19. All documents related to the use of bots, or the decision to use bots, to purchase or sell bitcoin on Mt. Gox.

**OBJECTION**: Karpeles objects to this request as vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE**: Subject to his Objection, Karpeles has no documents responsive to this request.

20. All documents related to the use of a "Willy Bot" or "obligation exchange" on Mt. Gox.

**OBJECTION**: Karpeles objects to this request as vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Karpeles further objects to this request to the extent it seeks documents used in connection with his criminal trial in Japan. Karpeles believes Japanese law bars him from producing such responsive documents.

**RESPONSE**: Subject to his Objection, Karpeles has no documents responsive to this request.

21. All documents evidencing Mt. Gox's procedures for protecting, safeguarding, and segregating user accounts, including users' bitcoin and fiat currency balances.

**OBJECTION**: Karpeles objects to this request as vague, overly broad, and unduly burdensome. Karpeles further objects to this request to the extent it seeks documents used in connection with his criminal trial in Japan. Karpeles believes Japanese law bars him from producing such responsive documents.

**RESPONSE**: Subject to his Objection, Karpeles has no documents responsive to this request.

22. All contracts, agreements, and written and oral understandings between you and Mt. Gox.

6

**OBJECTION**: Karpeles objects to this request to the extent that it requests Defendant obtain documents not currently in his possession, custody or control.

**RESPONSE**: Subject to his Objections, Karpeles does not have documents responsive to this request in his possession, custody or control.

23. All contracts, agreements, and written and oral understandings between you and/or Mt. Gox, on the one hand, and any financial institution, on the other, concerning users' ability to deposit or withdraw fiat currency from the exchange.

**RESPONSE**: Karpeles has no documents responsive to this request.

24. All documents relating to your acquisition of Jed McCaleb's interest in Mt. Gox, including documents sufficient to identity any benefits received or consideration given by you relating to such acquisition.

**OBJECTION**: Karpeles objects to this request as not reasonably calculated to lead to the discovery of admissible evidence. Karpeles further objects on the basis that he did not acquire Jed McCaleb's interest in Mt. Gox.

**RESPONSE**: Subject to his Objections, Karpeles does not have documents responsive to this request in his possession, custody or control.

25. Documents sufficient to identity any financial benefit (commissions, fees, salaries, payments, etc.) you received as a result of your relationship with Mt. Gox.

**OBJECTION**: Karpeles objects to this request as not reasonably calculated to lead to the discovery of admissible evidence.

26. All communications between you and Baker McKenzie (including Jean-Denis Marx) relating to:

- Your or Mt. Gox's relationship with Mizuho Bank, Ltd.;
- Your or Mt. Gox's relationship with Citibank;
- Your or Mt. Gox's decision to not publicly disclose information related to transfer limitations on the exchange.

**OBJECTION**: Karpeles objects to this request to as seeking information protected from disclosure by the attorney-client privilege, work product doctrine or any other applicable

7

privilege. Karpeles further objects to this interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE**: Subject to his Objection, Karpeles has no documents responsive to this request.

27. All documents evidencing "Mizuho efforts to get MtGox to close its account (which also included but not limited to and not at the same timing: delaying deposits, requiring deposits to be processed by hand, and possibly more)," as referenced by you in the following statement from your October 12, 2016 email to bthomassen@edelson.com.

**RESPONSE**: Karpeles has no documents responsive to this request.

28. Documents sufficient to identify all "third parties" referenced by you in the following statement from your October 12, 2016 email to bthomassen@edelson.com: "8. Based on recent investigation results in cooperation with third parties we have found the following."

**OBJECTION**: Karpeles objects to this request to the extent it seeks documents used in connection with his criminal trial in Japan. Karpeles believes Japanese law bars him from producing such responsive documents.

**RESPONSE**: Subject to his Objection, Karpeles has no documents responsive to this request.

29. All documents relating to any "investigations" referenced by you in your October 12, 2016 email to bthomassen@edelson.com, including investigations relating to Mt. Gox, the theft of bitcoin on the Mt. Gox Exchange, evidence of a "third party acting in the theft" of bitcoins on Mt. Gox, and Jed McCaleb.

**OBJECTION**: Karpeles objects to this request to the extent it seeks documents used in connection with his criminal trial in Japan. Karpeles believes Japanese law bars him from producing such responsive documents.

**RESPONSE**: Subject to his Objection, Karpeles has no documents responsive to this request. Further answering, Karpeles directs Plaintiffs to the Superseding Indictment of Alexander Vinnik in the District Court for the Northern District of California in case number CR 16-00227 SI, specifically paragraphs 51-56.

8

30. All documents relating to fiat currency "allegedly stolen by an individual known as 'baron' by exploiting a security vulnerability in MtGox in January 2011," as referenced by you in your October 12, 2016 email to bthomassen@edelson.com.

**OBJECTION**: Karpeles objects to this request to the extent it seeks documents used in connection with his criminal trial in Japan. Karpeles believes Japanese law bars him from producing such responsive documents.

**RESPONSE**: Subject to his Objection, Karpeles has no documents responsive to this request.

31. Documents evidencing "Jed's code," including any documents concerning your review or analysis of such code, as referenced by you in your October 12, 2016 email to bthomassen@edelson.com.

**OBJECTION**: Karpeles objects to this request as it requests Defendant obtain documents not currently in his possession, custody or control.

**RESPONSE**: Subject to his Objection, Karpeles has no documents responsive to this request.

32. All contracts or other written understandings that you contend govern Plaintiffs' or class members' relationship with Mt. Gox.

**RESPONSE**: Karpeles has no documents responsive to this request.

33. All documents relating to any government and/or regulatory investigations related to you, Mt. Gox, and/or any class member.

**OBJECTION**: Karpeles objects to this request to the extent it seeks documents used in connection with his criminal trial in Japan. Karpeles believes Japanese law bars him from producing such responsive documents.

**RESPONSE**: Subject to his Objection, Karpeles has no documents responsive to this request. Further answering, Karpeles directs Plaintiffs to the Superseding Indictment of Alexander Vinnik in the District Court for the Northern District of California in case number CR 16-00227 SI, specifically paragraphs 51-56.

9

34. All documents that you contend support any affirmative defenses you have raised or intend to raise in this case.

**OBJECTION**: Karpeles objects to this request to the extent that it requests Defendant obtain documents not currently in his possession, custody or control. Karpeles further objects to this request to the extent that it seeks information protected from disclosure by the attorney-client privilege, work product doctrine or any other applicable privilege.

**RESPONSE**: Subject to his Objections documents related to Karpeles' affirmative defenses of payment, satisfaction and accord, mootness, and failure to mitigate can be located on the Mt. Gox civil rehabilitation website located at https://www.mtgox.com/. Documents related to Karpeles' affirmative defense of lack of personal jurisdiction include his Motion to Dismiss for lack of Personal Jurisdiction and Memorandum in support of that motion [Dkts. 390, 392], his September 25, 2018 declaration [Dkt. 392-1], and his Reply in support of that motion [Dkt. 394].

35. All documents that you contend support the statements made in your September 25, 2018 declaration (Dkt. 392-1).

**OBJECTION**: Karpeles objects to this request to the extent that it seeks information protected from disclosure by the attorney-client privilege, work product doctrine or any other applicable privilege. Karpeles further objects to this request as seeking "all documents" as overly broad and unduly burdensome. Karpeles further objects to this request as it requests Defendant obtain documents not currently in his possession, custody or control. Karpeles objects to this request to the extent it seeks documents used in connection with his criminal trial in Japan. Karpeles believes Japanese law bars him from producing such responsive documents.

36. All documents that you used, referenced, or relied upon in drafting your answers to plaintiff Greene's First Set of Interrogatories and First Set of Requests for the Production of Documents.

10

**OBJECTION**: Karpeles objects to this request to the extent that it seeks information protected from disclosure by the attorney-client privilege, work product doctrine or any other applicable privilege. Karpeles further objects to this request as seeking "all documents" as overly broad and unduly burdensome.

**RESPONSE**: Subject to his Objection, Karpeles will produce non-privileged documents responsive to this request.

37. All documents relating to your data destruction, disposal, and/or preservation policies.

**RESPONSE**: Karpeles has no documents responsive to this request.

38. All documents relating to any insurance agreements or policies under which any person carrying on as an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment, or that may provide, or upon which you may make claims for coverage relating to the subject matter of this lawsuit, including all such policies themselves.

**RESPONSE**: Karpeles has no documents responsive to this request.

Dated: May 29, 2019                                  Respectfully submitted,
                                                     Mark Karpeles,

Bevin Brennan                                        By:    /s/ Bevin Brennan
Matthew Schmidt                                      One of His Attorneys
PEDERSEN & HOUPT
161 North Clark Street, Suite 2700
Chicago, Illinois 60601
(312) 641-6888
bbrennan@pedersenhoupt.com
mschmidt@pedersenhoupt.com

Attorneys for Defendant Mark Karpeles

11

## **CERTIFICATE OF SERVICE**

I, Bevin Brennan, an attorney, on oath state that I caused copies of the foregoing **DEFENDANT MARK KARPELES' RESPONSES AND OBJECTIONS TO PLAINTIFF GREGORY GREENE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** to be served upon the following via e-mail on May 29, 2019:

Benjamin S. Thomassen
Aaron Lawson
EDELSON PC
350 North LaSalle Street,
13th Floor Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378
bthomassen@edelson.com
alawson@edelson.com


/s/     Bevin M. Brennan
          Bevin Brennan