# Exhibit E



Ben Thomassen <bthomassen@edelson.com>

# Greene v. Karpeles

**Brennan, Bevin** <bbrennan@pedersenhoupt.com>  Fri, Aug 2, 2019 at 11:26 AM
To: Ben Thomassen <bthomassen@edelson.com>
Cc: "Schmidt, Matthew" <mschmidt@pedersenhoupt.com>, Aaron Lawson <alawson@edelson.com>

Ben:

Following up on our discovery related discussions, I address the issues you raised in our call and in your letter that remain outstanding.

1. General Issue:

Mark can currently access his magicaltux@gmail.com e-mail.  He also has access to the Mt. Gox database (including some e-mails and other data), but he cannot share or produce that.  As previously explained, this is part of discovery in a criminal case and cannot be shared under Japanese law.  I previously provided you with the relevant criminal statute.  Sharing such information can subject Mark to criminal and civil liability under Japanese law.

In early 2015, the trustee for Mt. Gox asked Mark and other employees to confirm that they had provided him the database and given him any remaining documents so that they had nothing more in their own possession.

As of today the relevant data is held by:

· Database: MtGox trustee (since MtGox bankruptcy in early 2014), Japanese law enforcement

· Emails relevant to MtGox: MtGox trustee (since MtGox bankruptcy in early 2014), Japanese law enforcement

· Emails relevant to Tibanne, including mark@tibanne.com: Tibanne trustee (since Tibanne bankruptcy in early 2015), Japanese law enforcement

2. Interrogatory No. 4:

Mark only had one Reddit account while at Mt. Gox: MagicalTux. He used the same name for bitcointalk.org, and it is the only name there as well. At Twitter, he used with MagicalTux or Mt. Gox accounts for Mt. Gox related information.

3. Interrogatory No. 11:

Mt. Gox bitcoins were only held by MtGox, and while the system handled many automated transactions, Mark did not facilitate any transaction manually. The whole process of buying or selling cryptocurrencies is fully

automated, and customers directly deposited to Mt. Gox or withdrew from MtGox.  There is no additional responsive information.

4.      Japanese trial transcripts:

There are transcripts (in Japanese, of course) from Mark's criminal trial.  His understanding is that they are subject to the same disclosure restrictions as other documentary evidence.

5.      Baker & McKenzie:  potential privilege log

His exchanges with Baker & McKenzie at that time were primarily done in person or by phone, because Mark could not read Japanese at the time.  To the extent there are any e-mails, those were through his mtgox email address, not his gmail account, which is in the hands of the Mt. Gox trustee.

6.      Document Request No. 19:

This is subject to an ongoing criminal trial in Japan.  I need to do more follow-up to understand what Japanese law prohibits and allows.  I suspect it too is subject to restrictions on disclosure.

7.      Document Request No. 15:

Mark had salaries at Tibanne and Mt. Gox but did not receive any fee per transaction, commissions or anything similar.

I can draft supplemental responses for Interrogatories Nos. 4 and Document Request No. 15.  The remainder are more geared to attempting to gain an understanding and resolve objections.  Please let me know if you'd like to discuss further.

[Quoted text hidden]
[Quoted text hidden]