# Exhibit G



Ben Thomassen <bthomassen@edelson.com>

# Karpeles v. Greene: Japanese law on disclosure

**Ben Thomassen** <bthomassen@edelson.com>  Wed, Aug 14, 2019 at 2:23 PM
To: "Brennan, Bevin" <bbrennan@pedersenhoupt.com>
Cc: Aaron Lawson <alawson@edelson.com>, "Schmidt, Matthew" <mschmidt@pedersenhoupt.com>

Bevin:

Following up on this as well. We looked up the sources in your email and noted that the copy of the relevant criminal code provisions you provided via email (Articles 281-4 and 281-5) includes typos that, on our review, change this analysis completely. Specifically, your email gives the following account of Section 281-4:

> (1)   The accused and his/her counsel (including the counsel provided for in Article 440) or those who were formerly in such position shall not deliver, present or send by telecommunication lines to others copies and other materials which the public prosecutor **was given** the opportunity to inspect or copy unless for the intention of use in the following procedures or for the preparation thereof:

However, the text from the source you cite (which we don't have any reason to doubt) provides a narrower explanation—i.e., that a defendant (and his counsel) cannot publicly disclose information *made available to him by the prosecution*:

> Article 281-4   (1)   The accused or the defense counsel (including the defense counsel provided for in Article 440) or those who were formerly in such position must not deliver, present or send by telecommunication lines to others copies and other materials which the public prosecutor **has given** the opportunity to inspect or copy for the preparation of the proceedings of a case charged to the court, unless for the intention of use in the following procedures or for the preparation thereof:

(The same typo is apparent in Article 281-5, which concerns information that the public prosecutor "has given the opportunity to inspect or copy.")

This later language (which, again, is pulled directly from the source you cited) is consistent with other areas of the criminal code. For example, Articles 316-14 and 316-15 generally state that the prosecutor must let the defendant and his counsel "inspect and copy" documents and other information that will be used at the defendant's trial. Article 281-3, in turn, provides that the defendant and his counsel must keep any custody over any disclosed documents. Articles 281-4 and 281-5 then prohibit the defendant or his counsel from distributing any disclosed documents publicly, including for profit. (You'll also note that the language of Articles 281-4 and 281-5 is parallel to the language in Articles 316-14 and 316-15, which address information that a defendant or his counsel was able to "inspect and copy.") And where the code intends to impose mutual obligations on the prosecution and defense, it does so explicitly. (*Compare* 316-14 and 316-15 *with* 316-18 and 316-19.) But we can find no companion to Articles 281-4 and 281-5 concerning a party's duty to not disclose information provided by the defense to the prosecutor, (e.g., pursuant to Articles 316-18 and 316-19), or information in the defendant's possession that relate to the defendant's criminal case more generally. Finally, this account is consistent with other sources we're seeing, which note that Articles 281-4 and 281-5 are designed to protect against the further disclosure of information disclosed by the prosecutor to the defendant. (See, e.g., Kingston, J. (2017), *Press Freedom in Contemporary Japan*, pp. 101-102, Routledge 2017.)

In light of the above, we ask that you either provide additional authority to in support of your understanding that Karpeles is generally prohibited from disclosing any information "relating to his criminal prosecution," or withdraw the contention and produce documents immediately.

Thanks,
Ben

On Tue, Jul 9, 2019 at 1:54 PM Brennan, Bevin <bbrennan@pedersenhoupt.com> wrote:
[Quoted text hidden]

[Quoted text hidden]