# EXHIBIT B

Code of Criminal Procedure（Part I and Part II）

Act No. 131 of July 10, 1948

Part I General Provisions

Article 1　The purpose of this Code is to clarify the factual background of criminal cases and to adopt and implement criminal laws and regulations quickly and appropriately, while maintaining public welfare and guaranteeing the fundamental human rights of individuals.

Chapter I Jurisdiction of Courts

Article 2　The territorial jurisdiction of courts is determined by the place where the crime was committed, the place where the domicile or the residence of the accused is located, or the place where the accused is at present.

(2)　With respect to crimes committed on board a Japanese vessel while outside Japanese territory, the territorial jurisdiction will be determined, in addition to the places prescribed in the preceding paragraph, by the place of the port of registry of such vessel or the place of the port of call after said crime was committed.

(3)　With respect to crimes committed in a Japanese aircraft while outside Japanese territory, the territorial jurisdiction will be determined, in addition to the places prescribed in paragraph (1), by the place where such aircraft lands (including landing on water) after the crime was committed.

Article 3　If two or more related cases fall under the subject-matter jurisdiction of different courts, a higher court may jointly exercise jurisdiction over all of said cases.

(2)　If a case falls under special jurisdiction of a high court and other cases are related to said case, the high court may jointly exercise jurisdiction over all of said cases.

Article 4　If two or more related cases falling under the subject-matter jurisdiction of different courts are pending before a higher court and there is any case which need not be jointly tried, the higher court may make a ruling to transfer such case to a lower court which has jurisdiction over it.

Article 5　If two or more related cases are separately pending before a higher court and a lower court, the higher court may, irrespective of the subject-matter jurisdiction, make a ruling to jointly try the case falling under the jurisdiction of the lower court.

(2)　If a case falling under the special jurisdiction of a high court is pending before it and a related case is pending before a lower court, the high court may make a ruling to jointly try the case falling under the jurisdiction of the lower court.

Article 6　If two or more cases falling under the territorial jurisdiction of different courts are related to each other, any court which has jurisdiction over one of these cases may exercise jurisdiction over the other cases jointly; provided, however, that such court may not exercise jurisdiction over a case which falls under the jurisdiction of a particular court pursuant to the provisions of other acts.

Article 7　If two or more related cases falling under the territorial jurisdiction of different courts are pending before one court and there is any case which need not be jointly tried, the court may make a ruling to transfer such case to another court which has jurisdiction over it.

Article 8   If two or more related cases are separately pending before different courts which have the same subject-matter jurisdiction, each court may, upon the request of a public prosecutor or the accused, make a ruling that they are jointly tried in one court.

(2)   If the rulings of several courts as given in the preceding paragraph have not come to an accord, the next higher court common to all of these courts may, upon the request of a public prosecutor or the accused, make a ruling that the cases are to be jointly tried in one court.

Article 9   Two or more cases are deemed to be related when:

(i)   one person has committed several crimes;

(ii)   several persons have committed the same crime or several separate crimes together;

(iii)   several persons have conspired with each other, and each of them has committed crimes separately.

(2)   The crimes of harboring criminals, tampering with evidence, perjury, giving false expert evidence or interpretation and crimes concerning property obtained through a property crime will be deemed to have been committed together with a crime committed by the principal offender.

Article 10   When the same case is pending before several courts differing in subject-matter jurisdiction, said case will be tried by a higher court.

(2)   The higher court may, upon the request of a public prosecutor or the accused, make a ruling that a lower court which has jurisdiction over the case tries said case.

Article 11   When the same case is pending before several courts which have the same subject-matter jurisdiction, said case will be tried by the court in which prosecution was first instituted.

(2)   The next higher court common to all of these courts may, upon the request of a public prosecutor or the accused, make a ruling that the case is tried by a court in which prosecution was later instituted.

Article 12   When it is necessary for the purpose of discovering facts, a court may execute its duties outside the district under its jurisdiction.

(2)   The provisions of the preceding paragraph apply mutatis mutandis to commissioned judges.

Article 13   Court proceedings do not lose their effect due to lacking jurisdiction.

Article 14   In cases requiring urgency, a court may, even when it has no jurisdiction, take the measures necessary for the discovery of facts.

(2)   The provisions of the preceding paragraph apply mutatis mutandis to commissioned judges.

Article 15   A public prosecutor must request the next higher court common to all of the relevant courts of first instance to designate the court which is to have jurisdiction when:

(i)   the competent court of jurisdiction cannot be determined since the jurisdictional district is not clear;

(ii)   there is no other court with jurisdiction over a case with respect to which a decision that a certain court lacks jurisdiction has become final.

Article 16   When no court has jurisdiction under law, or when it is impossible to ascertain such court, the Prosecutor-General must request the Supreme Court to designate the court which is to have

jurisdiction.

Article 17    A public prosecutor must request the next higher court of the court concerned to effect a
change of jurisdiction when:

(i)    the competent court is unable to exercise its jurisdiction owing to legal reasons or special
circumstances;

(ii)    there is a concern that the impartiality of the trial cannot be maintained owing to the general
sentiment of the local people in the district, the state of the proceedings, or due to any other
circumstances.

(2)    In the cases prescribed in each of the items of the preceding paragraph, the accused may also
request a change of jurisdiction.

Article 18    If, owing to the nature of the crime, the general sentiment of the local people in the district,
or due to any other circumstances, there is a concern that public safety will be disrupted if the case
were to be tried by the court which has jurisdiction over it, the Prosecutor-General must request the
Supreme Court to effect a change of jurisdiction.

Article 19    When a court deems it appropriate, the court may rule to, either upon the request of a public
prosecutor or the accused, or ex officio, transfer a case under its jurisdiction to another competent
court which has the same subject-matter jurisdiction.

(2)    The ruling of a transfer may not be made once examination of the evidence for the case has
commenced.

(3)    Only when a ruling in favor of a transfer or a ruling dismissing a request for a transfer seriously
impairs the interests of a party may an immediate appeal against such ruling be filed by a prima facie
showing of such grounds.

Chapter II Disqualification and Recusal of Court Officials

Article 20    A judge is disqualified from execution of its duties when:

(i)    the judge is the victim;

(ii)    the judge is or was a relative of the accused or the victim;

(iii)    the judge is a legal representative, supervisor of a guardian, curator, supervisor of a curator,
assistant, or supervisor of an assistant for the accused or the victim;

(iv)    the judge has become a witness or an expert witness in the case;

(v)    the judge has become a representative, defense counsel or assistant for the accused in the case;

(vi)    the judge has executed its duties of a public prosecutor or a judicial police officer in the case;

(vii)    with regard to the case, the judge has participated in a ruling prescribed in Article 266, item (ii),
summary order or the decision of the lower court, or in the original judgment of a case which was
sent back or transferred pursuant to the provisions of Articles 398 to 400, 412, or 413, or in the
examination of evidence which formed the basis of such decisions; provided, however, that this
does not apply when said judge participated as a delegated judge.

Article 21    When a judge is to be disqualified from the execution of its duties, or there is a concern that
said judge may make a prejudicial decision, a public prosecutor or the accused may recuse said judge.

(2)    The defense counsel may recuse a judge on behalf of the accused; provided, however, that such recusal is not contrary to the intent expressed by the accused.

Article 22    Once a request or a statement has been made with regard to a case, a party cannot recuse a judge on the grounds that there is a concern that said judge may make a prejudicial decision; provided, however, that this does not apply when the party did not know of the existence of a cause for recusal or when such cause occurred later.

Article 23    When a judge who is a member of a panel is recused, the court to which said judge is assigned must make the ruling. In this case, when the court is a district court, the ruling must be made by a panel.

(2)    When an individual judge who is assigned to a district court or a judge assigned to a family court is recused, a panel which is assigned to the same district or family court must make the ruling. When an individual judge who is assigned to a summary court is recused, a panel which is assigned to the district court which has jurisdiction must make the ruling; provided, however, that when the recused judge admits that the recusal has cause, such ruling will be deemed to have been made.

(3)    The recused judge may not participate in the ruling prescribed in the preceding two paragraphs.

(4)    When the court is unable to make a ruling because of the withdrawal of the recused judge, the ruling must be rendered by the next higher court.

Article 24    When it is clear that the recusal of a judge has been made merely for the purpose of delaying proceedings, such recusal must be dismissed by a ruling. Paragraph (3) of the preceding Article does not apply to such case. The same applies to a ruling of dismissal against a recusal which was made in violation of Article 22 or the procedures established by the Rules of Court.

(2)    In the cases given in the preceding paragraph, a recused commissioned judge or the recused individual judge of a district court, or the recused judge of a family court or summary court, may dismiss the recusal.

Article 25    An immediate appeal against a ruling of dismissal of a recusal may be filed.

Article 26    The provisions of this chapter apply mutatis mutandis to court clerks except for the provisions of Article 20, item (vii).

(2)    The court to which the court clerk is assigned must make the ruling; provided, however, that in cases prescribed in Article 24, paragraph (1), the commissioned judge to whom the court clerk is assigned may make the ruling to dismiss the recusal.

### Chapter III Competence to Stand Trial

Article 27    When the accused or the suspect is a legal person, its representative represents it with regard to a procedural action.

(2)    When a legal person is represented by two or more persons jointly, each person represents it with regard to a procedural action.

Article 28    When the accused or the suspect lacks mental capacity regarding a case to which the provisions of Article 39 or 41 of the Penal Code (Act No. 45 of 1907) do not apply, said person's legal representative (when there are two or more legal representative, respectively; the same applies hereinafter) represents said person with regard to procedural actions..

Article 29    When, pursuant to the provisions of the preceding two Articles, there is no one to represent the accused, the court must, upon the request of a public prosecutor or ex officio, appoint a special representative.

(2)    When, pursuant to the provisions of the preceding two Articles, there is no one to represent the suspect, the court must, upon the request of a public prosecutor, judicial police officer or an interested party, appoint a special representative.

(3)    The special representative carries out the relevant duties until another person is able to represent the accused or the suspect with regard to procedural actions.

Chapter IV Counsel and Assistants

Article 30    The accused or the suspect may appoint defense counsel at any time.

(2)    The legal representative, curator, spouse, lineal relative, sibling of the accused or suspect may independently appoint defense counsel.

Article 31    A defense counsel must be appointed from among attorneys.

(2)    In a summary court or district court, any person who is not an attorney may, with the permission of the court, be appointed to be a defense counsel; provided, however, that in a district court this applies only when there is another defense counsel appointed from among attorneys.

Article 31-2    The accused or suspect who intends to appoint defense counsel may make a request to the bar association for the appointment of defense counsel.

(2)    If the bar association has been requested as prescribed in the preceding paragraph, it must promptly introduce prospective defense counsel from among the attorneys belonging to the bar association.

(3)    If there are no prospective defense counsel as prescribed in the preceding paragraph, the bar association must promptly notify the person who made the request to such effect. The same also applies when the attorney who was introduced as prescribed in the preceding paragraph refuses the request for appointment of defense counsel made by the accused or suspect.

Article 32    The appointment of defense counsel made prior to the institution of prosecution has its effect also in the trial of first instance.

(2)    The appointment of defense counsel after the institution of prosecution must be made at each instance.

Article 33    If there is more than one defense counsel for the accused, a chief defense counsel must be designated pursuant to the Rules of Court.

Article 34    The judicial power of the chief defense counsel prescribed in the preceding Article is provided by the Rules of Court.

Article 35    The court may limit the number of defense counsel of the accused or the suspect pursuant to the Rules of Court; provided, however, that with regard to the defense counsel for the accused, this applies only when special circumstances exist.

Article 36    When the accused is unable to appoint defense counsel due to indigency or other reasons, the court must appoint defense counsel for the accused upon request; provided, however, that this

does not apply when defense counsel has been appointed by a person other than the accused.

Article 36-2　Except in cases requiring defense counsel as set forth pursuant to this Code, when making the request as prescribed in the preceding Article, the accused must submit a report on personal financial resources (meaning the total amount of cash, savings and other assets equivalent thereto provided for by Cabinet Order of such person (hereinafter referred to as "Financial Resources") and a document reporting the breakdown of said Financial Resources; the same applies hereinafter).

Article 36-3　Except in cases requiring defense counsel as set forth pursuant to this Code, where the accused, whose Financial Resources are equal to or more than the base amount (meaning the amount provided for by Cabinet Order as an amount generally sufficient enough to cover the remuneration and expenses of the defense counsel after taking into account the average necessary cost of living; the same applies hereinafter), is to make the request set forth in Article 36, said accused must first have made the request set forth in Article 31-2, paragraph (1) to the bar association within the jurisdictional district of the district court which has jurisdiction over the place where the court to which the request is to be made is located.

(2)　Where the bar association, which received the request set forth in Article 31-2, paragraph (1) pursuant to the provisions of the preceding paragraph, has given the notification under the provisions of paragraph (3) of the same Article, it must notify the district court set forth in the preceding paragraph or the court where the case is pending to such effect.

Article 37　The court may appoint defense counsel ex-officio if there is no defense counsel for the accused when:

(i)　the accused is a minor;

(ii)　the accused is over seventy years of age;

(iii)　the accused is unable to hear or speak;

(iv)　there is the possibility that the accused is insane or has diminished capacity;

(v)　it is deemed necessary for other reasons.

Article 37-2　If a detention warrant is issued against the suspect with regard to a case punishable by the death penalty, life imprisonment, life imprisonment without work, or imprisonment or imprisonment without work whose maximum term is more than three years, and if the suspect is unable to appoint defense counsel due to indigence or any other grounds, the judge must appoint defense counsel for the suspect upon request; provided however, that this does not apply when defense counsel has been appointed by a person other than the suspect, or the suspect has been released.

(2)　The request set forth in the preceding paragraph may also be made by a suspect whose detention has been requested with regard to the cases provided for in the same paragraph.

Article 37-3　A report on personal financial resources must be submitted when making the request set forth in paragraph (1) of the preceding Article.

(2)　If a suspect, whose Financial Resources are equal to or more than the base amount, is to make the request set forth in paragraph (1) of the preceding Article, said suspect must have first made the request set forth in Article 31-2, paragraph (1) to the bar association within the jurisdictional district of the district court which has jurisdiction over the place where the court to which the judge who received the request for detention belongs is located.

(3) Where the bar association, which received the request set forth in Article 31-2, paragraph (1) pursuant to the provisions of the preceding paragraph, has given the notification under the provisions of paragraph (3) of the same Article, it must notify the district court set forth in the preceding paragraph to such effect.

Article 37-4 If a judge has issued a detention warrant for a suspect with regard to the cases provided for in Article 37-2, paragraph (1) and the suspect has no defense counsel, a judge may appoint defense counsel ex officio when deeming it to be necessary with regard to the suspect who is suspected of having difficulty in judging whether or not defense counsel is required due to a mental disability or any other grounds; provided however, that this does not apply when the suspect has been released.

Article 37-5 If the judge is to appoint or has appointed the defense counsel provided for in the provisions of Article 37-2, paragraph (1) or in the preceding Article with regard to a case punishable by the death penalty, life imprisonment, or life imprisonment without work, when said judge deems it to be particularly necessary, said judge may appoint one more defense counsel ex officio; provided however, that this does not apply when the suspect has been released.

Article 38 The defense counsel to be appointed by the court, the presiding judge or a judge based on the provisions of this Code must be appointed from among attorneys.

(2) The defense counsel who is appointed pursuant to the provisions of the preceding paragraph is entitled to travel expenses, a daily allowance, accommodation fees and remuneration.

Article 38-2 The appointment of defense counsel by a judge ceases to be effective if the suspect has been released with regard to the case to which the counsel has been appoint; provided however, that this does not apply if such release is due to suspension of the execution of detention.

Article 38-3 Where the court finds that any of the following items applies, it may dismiss the defense counsel who was appointed by the court, the presiding judge or a judge:

(i) it is no longer necessary to appoint defense counsel due to the fact that defense counsel has been appointed pursuant to the provisions of Article 30 or based on other reasons;

(ii) there is a conflict of interests between the accused and the defense counsel, and it is inappropriate for the defense counsel to continue with its duties;

(iii) the defense counsel is unable to carry out its duties or it has become difficult for the defense counsel to carry out its duties due to a mental or physical disorder or any other reason;

(iv) it is inappropriate to have the defense counsel continue with its duties due to the defense counsel substantially contravening its duties;

(v) it is inappropriate to have the defense counsel continue with its duties due to assault or intimidation towards the defense counsel or some other cause imputable to the accused.

(2) When dismissing the defense counsel, said defense counsel's opinion must be heard in advance.

(3) When dismissing the defense counsel, such dismissal must be conducted so as not to unduly restrict the rights of the accused.

(4) Prior to the institution of prosecution, the dismissal of the defense council appointed by a judge is conducted by a judge. In this case, the provisions of the preceding three paragraphs apply mutatis mutandis.

Article 38-4    Any person who has submitted a report on personal financial resources that contains a false statement with regard to Financial Resources for the purpose of causing the court or the judge to reach a mistaken judgment is punished by a non-criminal fine of not more than 100,000 yen.

Article 39    The accused or the suspect in custody may, without any official being present, have an interview with, or send to or receive documents or articles from defense counsel or prospective defense counsel upon the request of a person entitled to appoint defense counsel (with regard to a person who is not an attorney, this applies only after the permission prescribed in Article 31, paragraph (2) has been obtained).

(2)    With regard to the interview or the sending or receiving of documents or articles prescribed in the preceding paragraph, such measures may be provided by laws and regulations (including the Rules of Court; the same applies hereinafter) as are necessary to prevent the flight of the accused or the suspect, the concealment or destruction of evidence, or the sending or receiving of articles which may hinder safe custody.

(3)    A public prosecutor, public prosecutor's assistant officer or judicial police official ("judicial police official" means both a judicial police officer and a judicial constable; the same applies hereinafter) may, when it is necessary for investigation, designate the date, place and time of the interview or sending or receiving of documents or articles prescribed in paragraph (1) only prior to the institution of prosecution; provided however, that such designation must not unduly restrict the rights of the suspect to prepare for defense.

Article 40    A defense counsel may, after the institution of prosecution, inspect and copy documents and articles of evidence relating to the trial in the court; provided however, that the defense counsel must obtain permission from the presiding judge when copying the articles of evidence.

(2)    Notwithstanding the preceding paragraph, the recording medium prescribed in Article 157-4, paragraph (3) may not be copied.

Article 41    A defense counsel may undertake a procedural action independently only when otherwise provided for in this Code.

Article 42    The legal representative, curator, spouse, lineal relative, sibling of the accused may become an authorized assistant at any time.

(2)    In order to become an authorized assistant, notification must be given at each instance.

(3)    An authorized assistant may undertake a procedural action that the accused is able to undertake insofar as it is not contrary to the intent expressed by the accused; provided however, that this does not apply when otherwise provided for in this Code.

### Chapter V Judicial Decisions

Article 43    Except as otherwise provided for in this Code, judgments must be rendered on the basis of oral arguments.

(2)    Rulings or orders are not necessarily rendered on the basis of the oral arguments.

(3)    A court or a judge may, when it is necessary to make a ruling or an order, conduct an examination of the facts.

(4)    The examination prescribed in the preceding paragraph may be made by a judge who is a member of a panel, or may be delegated to a judge of a district court, family court or summary court.

Article 44    Judicial decisions must be accompanied by the reason thereof.

(2)    A ruling or an order against which no appeal can be filed need not be accompanied by the reason; provided however, that this does not apply to a ruling against which an objection may be filed pursuant to the provisions of Article 428, paragraph (2).

Article 45    A decision other than a judgment may be made by an assistant judge.

Article 46    The accused or any other person concerned in a case may request, at said person's own cost, a transcript or an extract of the written decision or the trial record in which the judicial decision is recorded.

Chapter VI Documents and Service

Article 47    No document relating to a trial may be made public prior to the commencement of the trial; provided however, that this does not apply when it is necessary for the public interest or other reasons, and when it is deemed to be appropriate.

Article 48    Court proceedings on trial dates must be recorded in the trial records.

(2)    Important particulars relating to the trial on trial dates must be recorded in the trial records pursuant to the Rules of Court.

(3)    Trial records must be completed promptly after each trial date, and at the latest, by the time of pronouncement of the judgment; provided however, that the record for the trial date on which the judgment is pronounced need only be completed within 7 days after said trial date, and the record for the trial date need only be completed within 10 days after the trial date if the time period from the trial date to the date of pronouncement of the judgment is less than 10 days (within 7 days after the trial date pronouncing the judgment if the time period up to the date of pronouncement of the judgment is less than three days).

Article 49    If the accused has no defense counsel, said accused may inspect the trial records pursuant to the Rules of Court. When the accused is unable to read or see, said accused may request the trial records to be read aloud.

Article 50    If the trial records have not been completed by the time of the next trial date, the court clerk must, upon the request of a public prosecutor, the accused or the defense counsel, give an outline of the statements given by the witnesses on the previous trial date either on or before the next trial date. In this case, when the public prosecutor, the accused or the defense counsel who has made the request raises an objection to the accuracy of the outline of the statements, such objection must be recorded in the trial records.

(2)    If the trial records of a trial date without the appearance of the accused and defense counsel have not been completed before the next trial date, the court clerk must inform, either on or before the next trial date, the accused or the defense counsel who has appeared of important particulars relating to the trial held on the previous trial date.

Article 51    A public prosecutor, the accused or defense counsel may raise an objection to the accuracy of trial records. If such an objection is raised, said objection must be recorded in the trial records.

(2)    The objection prescribed in the preceding paragraph must be raised within 14 days after the last trial date of that instance at the latest; provided however, that with regard to trial records completed

after the trial date pronouncing the judgment set forth in the provisions of the proviso to Article 48, paragraph (3), objection may be raised within 14 days after completion of the trial records.

Article 52    Court proceedings on the trial dates recorded in trial records can only be certified by the trial records.

Article 53    Any person may inspect case records after conclusion of a case; provided however, that this does not apply when such inspection interferes with the preservation of the case records or the business of the court or the public prosecutor's office.

(2)    Notwithstanding the preceding paragraph, only persons concerned in a case or persons who have justifiable reason and have been specially granted permission by the custodian may inspect the case records in which a prohibition has been imposed on the oral arguments being made open to the public or on case records being inspected owing to the inappropriateness of inspection by the public.

(3)    With regard to the cases prescribed in the provisions of Article 82, paragraph (2) of the Constitution of Japan, case records may not be prohibited for inspection.

(4)    Particulars concerning the keeping of case records and fees for inspection of case records are provided by other acts.

Article 53-2    The provisions of the Act on Access to Information Held by Administrative Organs (Act No. 42 of 1999) and the Act on Access to Information Held by Independent Administrative Agencies (Act No. 40 of 2001) do not apply to documents relating to trials and seized articles.

(2)    The provisions of Chapter IV of the Act on the Protection of Personal Information Held by Administrative Organs (Act No. 58 of 2003) and Chapter IV of the Act on the Protection of Personal Information Held by Independent Administrative Agencies. (Act No. 59 of 2003) do not apply to personal information recorded in documents relating to trials and seized articles.

(3)    The provisions of Chapter II of the Public Records and Archives Management Act (Act No. 66 of 2009) do not apply to documents relating to trials. In this case, with regard to application of the provisions of Chapter IV of the same Act to documents relating to trials, "state organ (except for administrative organs; the same applies hereinafter in this Article)" in the text of Article 14, paragraph (1) of the same Act and the "state organ (except for administrative organs)" in the text of Article 16, paragraph (1), item (iii) of the same Act are "state organ".

(4)    The Public Records and Archives Management Act does not apply to seized articles.

Article 54    Except as otherwise provided for by the Rules of Court, the provisions of laws and regulations concerning civil procedure (excluding the provisions concerning service by public notification) apply mutatis mutandis to the serving of documents.

Chapter VII Time Periods

Article 55    In the calculation of time periods, those that are calculated by hours begin to run immediately, and those that are calculated by days, months or years do not include the first day; provided however, that the first day of a period of statute of limitations is included as one day irrespective of the hours of that day.

(2)    Months and years are calculated in accordance with the calendar.

(3)    When the last day of a time period falls on a Sunday, Saturday, a national holiday prescribed in the Act Concerning National Holidays (Act No. 178 of 1948), January 2nd, January 3rd or December

29th - 3lst, it is not included in the time period; provided however, that this does not apply to the period of statute of limitations.

Article 56    A time period designated by law may be extended pursuant to the Rules of Court in consideration of the distance between the place where the residence or the office of the person who is to undertake a procedural action is located and the place where the court or the public prosecutor's office is located, and the inconvenience of transportation and communication facilities.

(2)    The preceding paragraph does not apply to the period for filing an appeal against a pronounced decision.

### Chapter VIII Summons, Subpoena and Detention of the Accused

Article 57    The court may, setting the reasonable period of suspension prescribed in the Rules of Court, summon the accused.

Article 58    The court may subpoena the accused when:

(i)    the accused has no fixed residence;

(ii)    the accused, without a justifiable reason, disobeys the summons, or poses a risk of disobeying said summons.

Article 59    The subpoenaed accused must be released within twenty-four hours from the time of being brought to the court; provided however, that this does not apply when a detention warrant is issued within the prescribed time.

Article 60    The court may detain the accused when there is probable cause to suspect that the accused has committed a crime and when:

(i)    the accused has no fixed residence;

(ii)    there is probable cause to suspect that the accused may conceal or destroy evidence;

(iii)    the accused has fled or there is probable cause to suspect that the accused may flee.

(2)    The period of detention is two months from the date of institution of prosecution. When it is especially necessary to continue the detention, the period may be extended for additional one-month periods by a ruling with a specific reason,; provided however, that the extension is only allowed once, except as otherwise prescribed in Article 89, item (i), (iii), (iv) or (vi).

(3)    With regard to cases which are punished with a fine of not more than 300,000 yen (with regard to crimes other than those under the Penal Code, the Act on Punishment of Physical Violence and Others (Act No. 60 of 1925), and the Act on Penal Provisions related to Economic Activities (Act No. 4 of 1944), 20,000 yen for the time being), penal detention or a petty fine, the provisions of paragraph (1) of this Article apply only when the accused has no fixed residence.

Article 61    The accused may not be detained unless said accused has been informed of the case and a statement has been taken from the accused; provided however, that this does not apply if the accused has fled.

Article 62    The summons, subpoena or detention of the accused must be executed with the issuance of a summons, subpoena or detention warrant.

Article 63　A summons must contain the name and residence of the accused, the crime, the date, time and location of appearance, a statement that a subpoena may be issued if the accused does not appear without a justifiable reason, and other particulars prescribed in the Rules of Court; and the presiding judge or the commissioned judge must affix their name and seal to it.

Article 64　A subpoena or detention warrant must contain the name and residence of the accused, the crime, an outline of the charged facts, the place where the accused is to be brought or the penal institution where the accused is to be detained, the period of validity and a statement that after expiry of the period of validity the subpoena or detention warrant may not be executed but must be returned, the date of issue, and other particulars prescribed in the Rules of Court; and the presiding judge or the commissioned judge must affix their name and seal to it.

(2)　When the name of the accused is unknown, the accused may be referred to by a description of said accused's face, physique or other features which can identify said accused.

(3)　When the residence of the accused is unknown, it need not be recorded.

Article 65　A summons are served.

(2)　When the accused submits documentation stating that the accused will appear on an appointed trial date, or when the court orally instructs the accused while in court to appear on the next trial date, this has the same effect as a summons being served. When the court orally instructs the accused, this fact must be recorded in the trial records.

(3)　The accused detained at a penal institution near the court may be summoned by notifying an official of the penal institution (meaning the warden of the penal institution or an official of the penal institution designated by the warden; the same applies hereinafter). In this case, a summons is deemed to have been served when the accused is notified by the official of the penal institution.

Article 66　The court may delegate a judge of the district court, family court or summary court of the present place of the accused to subpoena said accused.

(2)　A delegated judge may re-delegate a judge of another district court, family court or summary court, who has the competence to be delegated.

(3)　A delegated judge may, when lacking the competence to handle the delegated particulars, transfer them to a judge of another district court, family court or summary court, who has the competence to handle said delegation.

(4)　A delegated judge or a judge who received a transfer must issue a subpoena.

(5)　The provisions of Article 64 apply mutatis mutandis to the subpoena prescribed in the preceding paragraph. In this case, a statement that the subpoena is issued through delegation must be on the subpoena.

Article 67　In the case of the preceding Article, the judge who has issued a subpoena through delegation must examine the identity of the accused within twenty-four hours from the time the accused is brought before said judge.

(2)　When the identity of the accused is confirmed, the judge must promptly and directly refer said accused to the designated court. In this case, the judge who issued the subpoena through delegation must determine a time period within which the accused is to arrive at the designated court.

(3)　In the case of the preceding paragraph, calculation of the time period prescribed in Article 59 begins from the time when the accused arrives at the designated court.

Article 68    The court may, when it is necessary, order the accused to appear at or to be accompanied to a designated place. When the accused disobeys the order without a justifiable reason, the court may subpoena said person to appear at that place. In this case, calculation of the time period prescribed in Article 59 begins from the time when the accused is brought to said place.

Article 69    The presiding judge may, in cases requiring urgency, take the measures prescribed in Articles 57 to 62, Articles 65 and 66 and the preceding Article, or commission such measures to the judge of a panel.

Article 70    Subpoenas or detention warrants are, under the direction of a public prosecutor, executed by a public prosecutor's assistant officer or a judicial police official; provided however, that in cases requiring urgency, the presiding judge, a commissioned judge or a judge of a district court, family court or summary court may direct its execution.

(2)    A subpoena issued against an accused in a penal institution is executed by an official of the penal institution under the direction of a public prosecutor.

Article 71    A public prosecutor's assistant officer or a judicial police official may, when it is necessary, execute the subpoena or detention warrant outside of said officer's jurisdiction, or request a public prosecutor's assistant officer or a judicial police officer in relevant jurisdiction to execute said subpoena or detention warrant.

Article 72    When the present whereabouts of the accused is unknown, the presiding judge may delegate investigation of the accused and execution of the subpoena or detention warrant to the Superintending Prosecutor.

(2)    The delegated Superintending Prosecutor must order a public prosecutor of the jurisdiction to conduct the procedures of investigation and execution of the subpoena or detention warrant.

Article 73    In the execution of a subpoena, said subpoena must be shown to the accused, and the accused must be brought to the designated court or the designated place directly and as promptly as possible. With regard to execution of the subpoena prescribed in Article 66, paragraph (4), the accused must be brought to the judge who issued it.

(2)    In the execution of a detention warrant, said warrant must be shown to the accused, and the accused must be brought to the designated penal institution directly and as promptly as possible.

(3)    When the subpoena or detention warrant cannot be shown to the accused because it is not in the executing officer's possession, and when in cases requiring urgency, the warrant may, notwithstanding the preceding two paragraphs, be executed after giving an outline of the facts of the charges to the accused and informing the accused that the warrant has been issued; provided however, that the warrant must be shown to the accused as promptly as possible.

Article 74    When escorting the accused under execution of a subpoena or detention warrant, if it is necessary, the accused may be detained temporarily at the nearest penal institution.

Article 75    When bringing the accused to the court or designated place under execution of a subpoena, if it is necessary, the accused may be detained at a penal institution.

Article 76    If the accused has been subpoenaed, the accused must be immediately notified of an outline of the charged facts, that the accused has the right to appoint defense counsel, and that when unable to personally appoint defense counsel because of indigence or other reasons, the accused is entitled to

request the court to appoint defense counsel instead; provided however, that if defense counsel has been appointed for the accused, only an outline of the charged facts need be given to the accused.

(2)   A judge of a panel or a court clerk may be commissioned to give the notification in the preceding paragraph.

(3)   If a subpoena has been issued in accordance with Article 66, paragraph (4), the notification in paragraph (1) of this Article must be given by the judge who issued the subpoena; provided however, that the judge may commission a court clerk to give said notification.

Article 77   If the accused is to be detained, except when detained just after being arrested or subpoenaed, the accused must be immediately notified that the accused has the right to appoint defense counsel, and that when unable to personally appoint defense counsel because of indigence or other reasons, the accused is entitled to request the court to appoint defense counsel instead; provided however, that this does not apply when defense counsel has been appointed for the accused.

(2)   In cases of the proviso of Article 61, immediately after detention of the accused, the accused must be notified of an outline of the charged facts in addition to the particulars prescribed in the preceding paragraph; provided however, that if of.

(3)   The provisions of paragraph (2) of the preceding Article apply mutatis mutandis to the notification prescribed in the preceding two paragraphs.

Article 78   The accused under subpoena or detention may make a request to the court, the penal institution warden or said warden's deputy for appointment of defense counsel, specifying an attorney, legal professional corporation or bar association; provided however, that this does not apply when defense counsel has been appointed for the accused.

(2)   The court, the penal institution warden or said warden's deputy requested by the accused as prescribed in the preceding paragraph must immediately notify the attorney, legal professional corporation or bar association specified by the accused of the request. When the accused has specified two or more attorneys or two or more legal professional corporations or bar associations and made the request as so prescribed in the preceding paragraph, the court, the penal institution warden or said warden's deputy need only notify one of them.

Article 79   If the accused has been detained, the defense counsel must be notified immediately. When no defense counsel has been appointed for the accused, notification must be given to the person who has been specified by the accused from among the legal representative, curator, spouse, lineal relatives and siblings of the accused.

Article 80   The accused under detention may, subject to relevant laws and regulations, have an interview with, or send to or receive documents or articles from persons other than those prescribed in Article 39, paragraph (1). The same applies to an accused who is detained at a penal institution through a subpoena.

Article 81   The court may, when there is probable cause to suspect that the accused under detention may flee or conceal or destroy evidence, upon the request of a public prosecutor or ex officio, prohibit the accused from having an interview with persons other than those prescribed in Article 39, paragraph (1), or censor the documents or articles sent or received by the accused, prohibit the sending or receiving of said documents or articles, or seize said documents or articles; provided however, that the court may not prohibit the sending or receiving of food, nor seize food.

Article 82　　The accused under detention may request the court to disclose the grounds for detention.

(2)　The defense counsel, legal representative, curator, spouse, lineal relative, sibling or other interested party of the accused under detention may also request the disclosure prescribed in the preceding paragraph.

(3)　The requests prescribed in the preceding two paragraphs lose their effect when bail is granted or execution of detention is suspended or rescinded or when the detention warrant becomes ineffective.

Article 83　　Grounds for detention must be disclosed in an open court.

(2)　The court is convened in the presence of a judge and a court clerk.

(3)　The court may not be convened without the presence of the accused and the defense counsel of the accused; provided however, that this does not apply when the accused cannot personally attend the court because of illness or other unavoidable reasons and has no objection, or when the accused has no objection to defense counsel not appearing.

Article 84　　The presiding judge must give the grounds for detention in court.

(2)　The public prosecutor, the accused or the defense counsel, and other requesting persons may state their opinions; provided however, that the presiding judge may, when finding it appropriate, order them to submit written opinions in lieu of oral statements.

Article 85　　A judge of a panel may be commissioned to disclose the grounds for detention.

Article 86　　When more than one request prescribed in Article 82 has been made with respect to the same detention, the grounds for detention are disclosed with regard to the first request. The other requests must be dismissed by a ruling after disclosure of the grounds for detention.

Article 87　　When the grounds for or necessity of detention no longer exist, the court must, upon the request of a public prosecutor, the accused under detention, the defense counsel of the accused, legal representative, curator, spouse, lineal relative or sibling or ex officio, make a ruling to rescind the detention.

(2)　The provisions of Article 82, paragraph (3) apply mutatis mutandis to the request prescribed in the preceding paragraph.

Article 88　　The accused under detention or the defense counsel of the accused, legal representative, curator, spouse, lineal relative or sibling may request bail.

(2)　The provisions of Article 82, paragraph (3) apply mutatis mutandis to the request prescribed in the preceding paragraph.

Article 89　　The request for bail must be granted, except when:

(i)　the accused has allegedly committed a crime which is punishable by the death penalty, life imprisonment, life imprisonment without work, or a sentence of imprisonment or imprisonment without work whose minimum term is one year or more;

(ii)　the accused was previously found guilty of a crime punishable by the death penalty, life imprisonment, life imprisonment without work, or a sentence of imprisonment or imprisonment without work whose maximum term was in excess of ten years;

(iii)　the accused allegedly habitually committed a crime punishable by imprisonment or imprisonment without work whose maximum term was three years or more ;

(iv)   there is probable cause to suspect that the accused may conceal or destroy evidence;

(v)   there is probable cause to suspect that the accused may harm the body or property of the victim or any other person who is deemed to have knowledge essential to the trial of the case or the relatives of such persons or may threaten them;

(vi)   the name or residence of the accused is unknown.

Article 90   The court may, when it deems it appropriate, grant bail ex officio.

Article 91   When confinement through detention has been unduly long, the court must, upon the request of the person prescribed in Article 88 or ex officio, make a ruling to rescind the detention or grant bail.

(2)   The provisions of Article 82, paragraph (3) apply mutatis mutandis to the request prescribed in the preceding paragraph.

Article 92   The court must, when making a ruling to grant or dismiss bail, hear the opinion of the public prosecutor.

(2)   The provisions of the preceding paragraph apply when the court makes a ruling to rescind detention, except when it is so requested by a public prosecutor; provided however, that this does not apply in any case requiring urgency.

Article 93   The court must, when granting bail, set the amount of the bail bond.

(2)   The amount of the bail bond must be set at a sufficient level to ensure the appearance of the accused, in consideration of the nature and circumstances of the crime, the probative value of the evidence, and the character and the property of the accused.

(3)   When the court grants bail, it may specify the residence of the accused or add other appropriate conditions to the bail.

Article 94   A ruling to grant bail may not be executed before payment of the bail bond.

(2)   The court may let a person other than the person requesting bail pay the bail bond.

(3)   The court may permit the bail bond to be paid in securities or with a written guarantee issued by an appropriate person other than the accused, in place of cash.

Article 95   The court may, when it deems it to be appropriate, entrust the accused under detention to a relative, shelter organization or other person, or specify the residence of the accused, and make a ruling to suspend the execution of detention.

Article 96   The court may, upon the request of a public prosecutor or ex officio, make a ruling to rescind the bail or suspension of the execution of detention when:

(i)   the accused has been summoned but does not appear without a justifiable reason;

(ii)   the accused has fled or there is probable cause to suspect that the accused may flee;

(iii)   the accused has concealed or destroyed evidence or there is probable cause to suspect that the accused may conceal or destroy evidence;

(iv)   the accused has harmed or tried to harm the body or property of the victim, any other person who is deemed to have knowledge essential to the trial of the case or the relatives of such persons or has threatened them; or

(v)   the accused has violated the conditions set by the court such as restrictions on the place of residence.

(2)   If the court rescinds bail, it may make a ruling to sequester the whole or part of the bail bond.

(3)   When an accused on bail has been found guilty, and the sentence has become final and binding, and said accused has subsequently been summoned for the execution of said sentence but does not appear in court without a justifiable reason or flees, the court must, upon the request of a public prosecutor, make a ruling to sequester the whole or part of the bail bond.

Article 97    With respect to cases where the time limit for filing an appeal has not yet expired and an appeal has not yet been filed, rulings to renew the period of detention, rescind the detention, bail the accused, suspend the execution of detention, or rescind the bail or the suspension of execution of detention must be made by the original court.

(2)   With respect to cases where an appeal has been filed but the case records have not arrived at the appellate court, the court that is to make a ruling in the preceding paragraph is as provided by the Rules of Court.

(3)   The provisions of the preceding two paragraphs apply mutatis mutandis to the disclosure of the grounds for detention.

Article 98    If a ruling to rescind bail or the suspension of execution of detention has been made, or if the term of suspension of detention has expired, a public prosecutor's assistant officer, judicial police official or an official of the penal institution must, under the direction of a public prosecutor, commit the accused in an penal institution after showing said accused a transcript of the detention warrant and a transcript of the written ruling rescinding bail or the suspension of execution of detention or a transcript of the written ruling on suspension for a designated term of execution of detention.

(2)   When said officer or official is unable to show the documents in the preceding paragraph to the accused because said person does not have the documents in their possession and in cases requiring urgency, said person may, notwithstanding the preceding paragraph and under the direction of a public prosecutor, commit the accused in penal institution immediately after notifying the accused that the ruling to grant bail or to suspend the execution of detention has been rescinded, or that the term of suspension of execution of detention has expired; provided however, that the documents must be shown as promptly as possible.

(3)   The provisions of Article 71 apply mutatis mutandis to the commitment in the preceding two paragraphs.

Chapter IX Search and Seizure

Article 99    The court may, when it is necessary, seize articles of evidence or articles which it is considered should be confiscated; provided however, that this does not apply when so provided otherwise.

(2)   If the article to be seized is a computer, and with regard to a recording medium connected via telecommunication lines to such computer, it may be reasonably supposed that such recording medium was used to retain electronic or magnetic records which have been made or altered using such computer, or electronic or magnetic records which can be altered or erased using such computer, the computer or other recording medium may be seized after such electronic or magnetic records have been copied onto such computer or other recording medium.

(3)　The court may specify the articles to be seized and order the owner, possessor or custodian to submit them.

Article 99-2　The court may, when it is necessary, seize records created under a record copying order (meaning having a custodian of electronic or magnetic records or a person with the authority to access electronic or magnetic records copy the necessary electronic or magnetic records onto a recording medium or print said records out, and seize said recording medium; the same applies hereinafter).

Article 100　The court may seize or order the submission of postal items, items of correspondence or documents sent by telegraph sent to or from the accused which, based on the provisions of laws and regulations are held in the custody of or are in the possession of a person who handles communications.

(2)　The postal items, items of correspondence or documents sent by telegraph sent to or from the accused which, based on the provisions of laws and regulations are held in the custody of or are in the possession of a person who handles communications, but are not subject to the preceding paragraph, may be seized or their submission ordered only when they can be reasonably supposed to be related to the case charged to the court.

(3)　When the court has made the disposition in the preceding two paragraphs, the sender or recipient must be so notified; provided however, that this does not apply when there is a concern that such notification would obstruct court proceedings.

Article 101　Articles which the accused or another person has left behind or which the owner, possessor or custodian has submitted voluntarily may be retained.

Article 102　The court may, when it is necessary, search the body, articles, residence or any other place of the accused.

(2)　The body, articles, residence or any other place of a person other than the accused may be searched only when it can be reasonably supposed that articles which should be seized exist.

Article 103　Articles retained or possessed by a government employee or an ex-government employee may not be seized without the consent of said employee's supervisory public agency, when said employee or the public agency asserts that the articles pertain to official confidential information; provided however, that the supervisory public agency may not refuse consent except where the seizure may harm important national interests.

Article 104　When the persons prescribed in the following items make an assertion as prescribed in the preceding Article, the articles may not be seized without the consent of the House with regard to the person prescribed in item (i), or the consent of the Cabinet with regard to the person prescribed in item (ii):

(i)　a Member or ex-Member of the House of Representatives or the House of Councillors;

(ii)　the Prime Minister, other Ministers of State or ex-Ministers of State.

(2)　In the cases prescribed in the preceding paragraph, the House of Representatives, the House of Councillors and the Cabinet may not refuse consent except where the seizure may harm important national interests.

Code of Criminal Procedure

Article 105    A physician, dentist, midwife, nurse, attorney (including a foreign lawyer registered in Japan), patent attorney, notary public or a person engaged in a religious occupation, or any other person who was formerly engaged in any of these professions may refuse the seizure of articles containing the confidential information of others with which said person has been entrusted, and retains or possesses in the course of said person's duties; provided however, that this does not apply when the person in question has given consent, when the refusal is deemed to be an abuse of rights exclusively for the interests of the accused (unless said person is the accused), or where there exist other circumstances provided for by the Rules of Court.

Article 106    Searches, seizures or seizures of records created under a record copying order outside of the court must be executed on the issuance of a search warrant, seizure warrant or warrant ordering the seizure of records created under a record copying order.

Article 107    Search warrants, seizure warrants or warrants ordering the seizure of records created under a record copying order must contain the name of the accused, the charged offense, the articles to be seized, details of the electronic or magnetic records to be recorded or to be printed out, the name of person who is to record them or print them out, or the place, body or articles to be searched, the period of validity and a statement to the effect that after said period of validity expires searches or seizures may not be executed and said warrant must be returned, as well as the date of issue and other particulars prescribed in the Rules of Court; and the name and seal of the presiding judge must be affixed to said warrants.

(2)    When making the ruling provided for in Article 99, paragraph (2), in addition to the particulars prescribed in the preceding paragraph, the seizure warrants set forth in the preceding paragraph must contain the range of recording medium to which the electronic or magnetic records are to be copied and which is connected via telecommunication lines to the computer to be seized.

(3)    The provisions of Article 64, paragraph (2) apply mutatis mutandis to the search warrant, seizure warrant or warrant ordering the seizure of records created under a record copying order set forth in paragraph (1).

Article 108    The search warrant, seizure warrant, or warrant ordering the seizure of records created under a record copying order is executed by a public prosecutor's assistant officer or a judicial police official under the direction of a public prosecutor; provided however, that when the court deems it necessary for the protection of the accused, the presiding judge may order a court clerk or a judicial police official to execute said warrant.

(2)    The court may, with regard to the execution of a search warrant, seizure warrant or warrant ordering the seizure of records created under a record copying order, give an endorsement in writing to the person who executes it that such execution is appropriate.

(3)    The endorsement in the preceding paragraph may be given by a judge of a panel.

(4)    The provisions of Article 71 apply mutatis mutandis to the execution of a search warrant, seizure warrant or warrant ordering the seizure of records created under a record copying order.

Article 109    The public prosecutor's assistant officer or court clerk may, when it is necessary to execute a search warrant, seizure warrant or warrant ordering the seizure of records created under a record copying order, request a judicial police official for assistance.

Article 110    The search warrant, seizure warrant or warrant ordering the seizure of records created under a record copying order must be shown to the person who is to be subject to said disposition.

Article 110-2　If the article to be seized is a recording medium containing electronic or magnetic records, the person executing the seizure warrant may execute the measures prescribed in the following items in lieu of said seizure. The same applies to a seizure in court:

(i)　the person may copy the electronic or magnetic records recorded on the recording medium which is to be seized onto some other recording medium, print them out or transfer them, and may then seize said other recording medium;

(ii)　the person may have the person subject to the seizure copy the electronic or magnetic records recorded on the recording medium which is to be seized onto some other recording medium, print them out or transfer them, and may then seize said other recording medium.

Article 111　In the execution of a search warrant, seizure warrant or warrant ordering the seizure of records created under a record copying order, necessary measures such as the unlocking or unsealing of relevant articles may be taken. The same applies to searches, seizures and seizures of records created under a record copying order in court.

(2)　The measures in the preceding paragraph may be taken regarding seized articles.

Article 111-2　Where the article to be seized is a recording medium containing electronic or magnetic records, the person executing the search warrant or the seizure warrant may ask the person subject to the measure to operate the computer, or for some other form of cooperation. The same applies to a search or seizure in court.

Article 112　Any person who lacks permission from the executing officer may be prohibited from entering or leaving the subject place during execution of a search warrant, seizure warrant or warrant ordering the seizure of records created under a record copying order.

(2)　A person who disobeys the prohibition in the preceding paragraph may be made to leave or be placed under guard until completion of said execution.

Article 113　The public prosecutor and the accused or the defense counsel may attend the execution of a search warrant, seizure warrant or warrant ordering the seizure of records created under a record copying order; provided however, that this does not apply to an accused who is in custody.

(2)　The executing officer of the search warrant, seizure warrant or warrant ordering the seizure of records created under a record copying order must, notify persons who may attend in advance, pursuant to the provisions of the preceding paragraph, of the date, time and location of the execution of the warrant; provided however, that this does not apply when such persons declare to the court in advance their intention not to attend said execution, or in cases requiring urgency.

(3)　The court may, when it is necessary to execute a search warrant or seizure warrant, have the accused attend said warrant execution.

Article 114　In executing a search warrant, seizure warrant or warrant ordering the seizure of records created under a record copying order in a public office, the executing officer must notify the head of the office or the deputy of the execution, and have said head or deputy attend it.

(2)　Except for the cases pursuant to the provisions of the preceding paragraph, in executing the search warrant, seizure warrant or warrant ordering the seizure of records created under a record copying order in the residence of a person, or on the premises, in a building or a vessel guarded by a person, the executing officer must have the head of the household, the guard or the deputy of said head or

guard attend its execution. When such person is unable to do so, the executing officer must have a neighbor or an official of the local government attend said execution.

Article 115   In executing a search warrant when searching the body of a female, the executing officer must have a female adult attend the execution of said warrant; provided however, that this does not apply in cases requiring urgency.

Article 116   The executing officer may not enter the residence of a person, or premises, building or vessel guarded by a person to execute a search warrant, seizure warrant or warrant ordering the seizure of records created under a record copying order before sunrise or after sunset, unless the warrant contains a written statement to the effect that execution during the night is permitted.

(2)   When the execution of the search warrant, seizure warrant or warrant ordering the seizure of records created under a record copying order starts before sunset, the execution of said warrant may continue after sunset.

Article 117   The execution of a search warrant or seizure warrant need not be restricted as prescribed in paragraph (1) of the preceding Article in the following places:

(i)   places recognized as being frequently used for gambling, private lotteries or acts damaging to public morality;

(ii)   hotels, restaurants or other places where the public are able to enter and leave at night; provided however, that this applies only to searches and seizures executed during the hours when said places are open to the public.

Article 118   The executing officer may, when suspending execution of the search warrant, if it is necessary, seizure warrant or warrant ordering the seizure of records created under a record copying order, shut down the place under execution or put said place under guard until the execution has been completed.

Article 119   If no article of evidence or article requiring confiscation has been found in a search, the executing officer must, upon the request of the person who is subject to the search, issue a certificate certifying said fact.

Article 120   If articles have been seized, the executing officer must make an inventory and deliver it to the owner, possessor, custodian of the articles (including the person subject to the measure pursuant to the provisions of Article 110-2) or said person's deputy.

Article 121   Seized articles which are inconvenient for transportation or retention may be put under guard, or the owner or another person may be made to retain said articles after receiving consent to do so.

(2)   Seized articles which are likely to be dangerous may be disposed of.

(3)   The measures provided in the preceding two paragraphs may be taken by the executing officer of the seizure warrant except when otherwise specially directed by the court.

Article 122   Seized articles which may be confiscated, and for which there is a concern that they may be easily lost or damaged, or articles which are inconvenient to retain, may be sold and their proceeds may be retained.

Article 123　Seized articles which do not necessitate custody must, notwithstanding the conclusion of the case, be returned by a ruling.

(2)　Seized articles may be ruled to be provisionally returned, upon the request of the owner, possessor, custodian or the person who submitted them.

(3)　When the seized article is a recording medium which was seized after transferring electronic or magnetic records or having the electronic or magnetic records transferred pursuant to the provisions of Article 110-2 and does not need to be placed in custody, and when the person who underwent the seizure and the owner, possessor or custodian of such recording medium differ, said recording medium must be delivered to the person who underwent the seizure, or the copying of the electronic or magnetic records must be allowed by a ruling, notwithstanding the conclusion of the case.

(4)　When making the ruling prescribed in the preceding three paragraphs, the court must hear the opinions of the public prosecutor and the accused or the defense counsel.

Article 124　Seized property obtained through a property crime which does not need to be placed in custody must be ruled to be returned to the victim, only when the reason necessitating return to the victim is clear, notwithstanding the conclusion of the case and after hearing the opinions of the public prosecutor and the accused or the defense counsel.

(2)　The provisions of the preceding paragraph do not prevent interested parties from claiming their rights in accordance with the procedures of civil actions.

Article 125　Searches or seizures may be commissioned to a judge of a panel, or may be delegated to a judge of the district court, family court or summary court in the district where the search or seizure is to be executed.

(2)　A delegated judge may re-delegate a judge of another district court, family court or summary court, who has the competence to be delegated.

(3)　A delegated judge may, when lacking the competence to handle the delegated particulars, transfer them to a judge of another district court, family court or summary court, who has the competence to handle said delegation.

(4)　The provisions pertaining to the searches or seizures by the court apply mutatis mutandis to searches or seizures by a commissioned judge or delegated judge; provided however, that the notification prescribed in Article 100, paragraph (3) must be made by the court.

Article 126　A public prosecutor's assistant officer or a judicial police official may, when executing a subpoena or detention warrant, if it is necessary, enter the residence of a person, or premises, building or vessel guarded by a person and search for the accused. In this case, a search warrant need not be obtained.

Article 127　The provisions of Articles 111, 112, 114 and 118 apply mutatis mutandis to the search by a public prosecutor's assistant officer or a judicial police official as prescribed in the preceding Article; provided however, that in cases requiring urgency, the search need not be in accordance with Article 114, paragraph (2).

Chapter X Inspections

Article 128　The court may, when it is necessary for fact-finding, conduct an inspection.

Article 129　The court may conduct inspections and examinations of persons, autopsies, grave excavations, and may destroy objects and take other necessary measures in the inspection.

Article 130　The court may not enter the residence of a person, or premises, building or vessel guarded by a person for inspection before sunrise or after sunset without the consent of the head of the household, the guard or deputy; provided however, that this does not apply when there is the concern that an inspection after sunrise may not fulfill the purpose of inspection.

(2)　When an inspection starts before sunset, it may continue after sunset.

(3)　Inspections in the places prescribed in Article 117 need not be restricted as prescribed in paragraph (1) of this Article.

Article 131　An inspection and examination of a person, taking into account the sex, physical condition and other circumstances of a person undergoing said inspection and examination, must be executed with due care given especially to the manner of the inspection and examination, so as not to harm the dignity of the person being inspected and examined.

(2)　In cases of the inspections and examinations of females, the court must have a physician or a female adult attend the inspection and examination.

Article 132　The court may summon a person other than the accused to the court or a designated place for an inspection and examination of a person.

Article 133　When the person who was summoned in accordance with the provisions of the preceding Article does not appear without a justifiable reason, the court may punish said person by making a ruling for a non-criminal fine of not more than 100,000 yen and order said person to compensate for the expenses incurred due to said absence.

(2)　An immediate appeal against the ruling prescribed in the preceding paragraph may be filed.

Article 134　Any person who has been summoned in accordance with the provisions of Article 132 but does not appear without a justifiable reason is punished by a fine of not more than 100,000 yen or penal detention.

(2)　The court may, taking into account the circumstances, punish a person who commits the crime prescribed in the preceding paragraph by cumulative imposition of both a fine and penal detention.

Article 135　When any person disobeys the summons prescribed in the provisions of Article 132, the court may re-summon or subpoena said person.

Article 136　The provisions of Articles 62, 63 and 65 apply mutatis mutandis to the summons prescribed in the provisions of Article 132 and the preceding Article, and the provisions of Articles 62, 64, 66, 67, 70, 71 and Article 73, paragraph (1) apply mutatis mutandis to the subpoena prescribed in the preceding Article.

Article 137　When the accused or a person other than the accused refuses an inspection and examination of the person without a justifiable reason, the court may punish said person by making a ruling for a non-criminal fine of not more than 100,000 yen and order said person to compensate for the expenses incurred due to said refusal.

(2)　An immediate appeal against the ruling prescribed in the preceding paragraph may be filed.

Article 138    Any person who refuses an inspection and examination of the person without a justifiable reason is punished by a fine of not more than 100,000 yen or penal detention.

(2)    The court may, taking into account the circumstances, punish a person who commits the crime prescribed in the preceding paragraph by cumulative imposition of both a fine and penal detention.

Article 139    The court may, if it deems that a non-criminal fine or criminal punishment will have no effect on the person refusing the inspection and examination of the person, execute the inspection and examination compulsorily.

Article 140    The court must, when it is going to punish a person by a non-criminal fine in accordance with Article 137, or execute an inspection and examination of the person in accordance with the preceding Article, hear the opinion of the public prosecutor in advance, and endeavor to ascertain the reason for the objection of a person who is to undergo an inspection and examination of the person.

Article 141    The court may, when it is necessary for the inspection, have a judicial police official assist.

Article 142    Articles 111-2 to 114, 118 and 125 apply mutatis mutandis to the inspection.

Chapter XI Examination of Witnesses

Article 143    The court may, except as otherwise provided in this Code, examine any person as a witness.

Article 144    The court may not examine, without the consent of the supervisory public agency, a government employee or an ex-government employee on particulars which said person has come to know, when the officer or the public office asserts that the knowledge of the government employee or ex-government employee pertains to official confidential information; provided however, that the supervisory public agency may not refuse to give consent except where such examination may harm important national interests.

Article 145    When the persons prescribed in the following items make an assertion as prescribed in the preceding Article, the court may not examine said person as a witness without the consent of the House with regard to the person prescribed in item (i), or the consent of the Cabinet with regard to the person prescribed in item (ii):

(i)    a Member or ex-Member of the House of Representatives or the House of Councillors;

(ii)    the Prime Minister, other Ministers of State or ex-Ministers of State.

(2)    In the cases prescribed in the preceding paragraph, the House of Representatives, the House of Councillors and the Cabinet may not refuse to give consent except where such examination may harm important national interests.

Article 146    Any person may refuse to give testimony when there is a concern that such testimony may result in said person's criminal prosecution or conviction.

Article 147    Any person may refuse to give testimony when there is a concern that such testimony may result in criminal prosecution or conviction against:

(i)    said person's spouse, blood relatives within the third degree of kinship or relatives by affinity within the second degree of kinship or a person who formerly had such relationship with said

person;

(ii)    said person's guardian, the supervisor of said person's guardian or said person's curator;

(iii)   a person for whom said person is a guardian, supervisor of a guardian or a curator.

Article 148    A person who has the relationship prescribed in the preceding Article with one or more of the accomplices or co-defendants may not refuse to give testimony on particulars relating only to the other accomplices or co-defendants.

Article 149    A physician, dentist, midwife, nurse, attorney (including a foreign lawyer registered in Japan), patent attorney, notary public or a person engaged in a religious occupation, or any other person who was formerly engaged in any of these professions may refuse to give testimony on particulars pertaining to the confidential information that said person came to know through entrusted professional conduct; provided however, that this does not apply when the person in question has given consent, when the refusal is deemed to be an abuse of rights exclusively for the interests of the accused (unless said person is the accused), or where there exist other circumstances provided for by the Rules of Court.

Article 150    When the summoned witness does not appear without a justifiable reason, the court may punish said witness by making a ruling for a non-criminal fine of not more than 100,000 yen and order said person to compensate for the expenses incurred due to said absence.

(2)    An immediate appeal against the ruling prescribed in the preceding paragraph may be filed.

Article 151    Any person summoned as a witness who does not appear without a justifiable reason is punished by a fine of not more than 100,000 yen or penal detention.

(2)    The court may, taking into account the circumstances, punish the person who has committed the crime prescribed in the preceding paragraph by cumulative imposition of both a fine and penal detention.

Article 152    If a witness fails to obey a summons, the court may re-summon or subpoena said person.

Article 153    The provisions of Articles 62, 63 and 65 apply mutatis mutandis to the summons of a witness. The provisions of Articles 62, 64, 66, 67, 70, 71 and Article 73, paragraph (1) apply mutatis mutandis to the subpoena of a witness.

Article 153-2    When escorting or bringing a witness to the designated court or the designated place on execution of a subpoena, if it is necessary, said witness may be temporarily detained at the nearest police station or any other appropriate place.

Article 154    The court must, except as otherwise provided in this Code, have witnesses swear an oath.

Article 155    The court must, with regard to a witness unable to understand the meaning of an oath, examine said person without the oath.

(2)    Even if the witness prescribed in the preceding paragraph has sworn an oath, the admissibility of said witness's statement as testimony is not denied or its effect lessened.

Article 156    The court may have a witness testify on particulars inferred from the things which said witness has actually experienced.

(2)　The admissibility of the testimony prescribed in the preceding paragraph is not denied or its effect lessened even if the testimony contains expert evidence.

Article 157　The public prosecutor and the accused or the defense counsel may attend the examination of a witness.

(2)　Those who are entitled to attend the examination in accordance with the preceding paragraph must be notified in advance of the date, time and location of the witness examination; provided however, that this does not apply when any of these persons declares in advance to the court their intent of not attending.

(3)　The person prescribed in paragraph (1) of this Article may, when attending the examination, personally examine said witness after notifying the presiding judge of this intent.

Article 157-2　In the examination of a witness, if, taking into account the witness's age, mental or physical condition or other circumstances, it is found that the witness is likely to feel extreme anxiety or tension, the court may, after hearing the opinions of the public prosecutor and the accused or the defense counsel, have the witness accompanied during testimony by those who are suitable for easing the witness's anxiety or tension, and are unlikely to disturb examination by a judge or persons concerned in the case or the testimony of the witness, and are unlikely to unduly influence the content of the testimony.

(2)　The person accompanying the witness in accordance with the preceding paragraph must not behave in any manner, during the testimony of the witness, which may disturb examination by a judge or persons concerned in the case or the testimony of the witness, or which may unduly influence the content of the testimony.

Article 157-3　In the examination of a witness, the court may, after hearing the opinions of the public prosecutor and the accused or the defense counsel, when taking into account the nature of the crime, the witness's age, mental or physical condition, the relationship with the accused, or due to other circumstances, it is found that the pressure which the witness is under is likely to negatively affect said witness's mental wellbeing while testifying in the presence of the accused (including cases using the method provided in paragraph (1) of the following Article) and when the court finds it appropriate, take measures so that the accused and the witness cannot be aware of each other's presence either from one side or from both sides; provided however, that measures to make it impossible for the accused to be aware of the presence the witness may only be taken when defense counsel is present.

(2)　In the examination of a witness, when the court finds it appropriate, taking into account the nature of the crime, the witness's age, mental or physical condition or the effect on said person's reputation or other circumstances, the court may, after hearing the opinions of the public prosecutor and the accused or the defense counsel, take measures so that court observers and the witness cannot be aware of each other's presence.

Article 157-4　In the examination of a witness prescribed in the following items, the court may, when the court finds it appropriate, after hearing the opinions of the public prosecutor and the accused or the defense counsel, have the witness be present in a place other than the place where the judge and persons concerned in the case are present for examination of the witness (limited to the same premises), and examine the witness via means that allow for recognition of each other's presence and communication through the transmission of visual images and sound:

    (i)   the victim of the crimes or attempted crimes provided for in Articles 176 to 178-2, or 181, Articles 225 or Article 226-2, paragraph (3) (limited to cases with the purpose of indecency or marriage; the same applies in this item hereinafter), Article 227, paragraph (1) (limited to cases with the purpose of accessory to a person who commits the crime provided for in Article 225 or Article 226-2, paragraph (3)) or paragraph (3) (limited to cases with the purpose of indecency), or the first sentence of Article 241 of the Penal Code;

    (ii)   the victim of the crimes provided for in Article 60, paragraph (1) or in paragraph (2) of the same Article pertaining to Article 34, paragraph (1), item (ix) of the Child Welfare Act (Act No. 164, 1947), or Articles 4 to 8 of the Act on Punishing Activities Relating to Child Prostitution and Child Pornography, and the Protection of Children (Act No. 512, 1999);

    (iii)   in addition to those prescribed in the preceding two items, a person who, taking into account the nature of the crime, said person's age, mental or physical condition, the relationship with the accused, or due to other circumstances, is likely to be under pressure and whose mental wellbeing would be negatively affected while testifying at the place where the judge and persons concerned in the case are present for examination of the witness.

(2)   In the examination of a witness using the measures prescribed in the preceding paragraph, the court may, when it is supposed that the witness will be requested to testify on the same facts again in another criminal procedure, after hearing the opinions of the public prosecutor and the accused or the defense counsel and with the consent of the witness, record the examination, the testimony and the circumstances surrounding the witness on a recording medium (limited to that which is able to record images and sound simultaneously).

(3)   The recording medium on which the examination, the testimony and the circumstances surrounding the witness are recorded in accordance with the preceding paragraph is attached to the case records as part of the written statements.

Article 158   The court may, after hearing the opinions of the public prosecutor and the accused or the defense counsel, and when the court deems it to be necessary, taking into account the importance of the witness, said witness's age, occupation, physical condition and other circumstances and the gravity of the factual background, summon a witness for examination to a place outside of the court or examine said person at said person's present location.

(2)   In the case prescribed in the preceding paragraph, the court must give the public prosecutor, the accused and the defense counsel an opportunity to know in advance of the particulars to be examined.

(3)   The public prosecutor and the accused or the defense counsel may request the court to examine other necessary particulars in addition to the particulars for examination prescribed in the preceding paragraph.

Article 159   The court must, when the public prosecutor, the accused or the defense counsel was absent from the examination prescribed in the preceding Article, give said person an opportunity to know of the details of the testimony of the witness.

(2)   When the testimony of the witness prescribed in the preceding paragraph is unexpected and extremely disadvantageous to the accused, the accused or the defense counsel may request the court to examine other necessary additional particulars.

(3)   If the request prescribed in the preceding paragraph is deemed to be without good reason, the court may dismiss said request.

Article 160   When a witness refuses to swear an oath or testify without a justifiable reason, the court may punish said person by making a ruling for a non-criminal fine of not more than 100,000 yen and order said person to compensate for the expenses incurred due to said refusal.

(2)   An immediate appeal against the ruling prescribed in the preceding paragraph may be filed.

Article 161   Any person who refuses to swear an oath or testify without a justifiable reason is punished by a fine of not more than 100,000 yen or penal detention.

(2)   The court may, taking into account the circumstances, punish the person who has committed the crime prescribed in the preceding paragraph by cumulative imposition of both a fine and penal detention.

Article 162   The court may, when it is necessary, order the witness to be accompanied to a designated place by making a ruling. If said witness disobeys the order without a justifiable reason, the court may subpoena said witness.

Article 163   When a witness is to be examined outside the court, the court may commission a judge of a panel to examine said witness, or delegate questioning to a judge of the district court, family court or summary court of the present location of said witness.

(2)   A delegated judge may re-delegate a judge of another district court, family court or summary court who has the competence to be delegated to.

(3)   A delegated judge may, when lacking the competence to handle delegated particulars, transfer them to a judge of another district court, family court or summary court who has the competence to be delegated to.

(4)   A commissioned or delegated judge may, with respect to examination of a witness, take the measures belonging to a court or a presiding judge; provided however, that the court also may render the rulings prescribed in Articles 150 and 160.

(5)   The proceedings provided in Article 158, paragraphs (2) and (3) and Article 159 must, notwithstanding the provisions of the preceding paragraph, be exercised by the court.

Article 164   A witness may request travel expenses, a daily allowance and accommodation fees; provided however, that this does not apply when said witness refuses to swear an oath or testify without a justifiable reason.

(2)   If a witness has received payment of travel expenses, a daily allowance or accommodation fees in advance, but does not appear in court or refuses to swear an oath or testify without a justifiable reason, said witness must return all received expenses.

### Chapter XII Expert Evidence

Article 165   The court may order expert examination from a person with relevant knowledge and experience.

Article 166   The court must have expert witnesses swear an oath.

Article 167   When it is necessary to have an expert witness examine the mental or physical condition of the accused, the court may detain the accused at a hospital or any other appropriate place, and determine a time period for the detaining.

(2)   The detention in the preceding paragraph must not be executed without a detention warrant for expert examination.

(3)   When it is necessary for the detention prescribed in paragraph (1) of this Article, the court may, upon a proposal from the custodian of the hospital or other place accommodating the accused or ex officio, order a judicial police official to guard the accused.

(4)   The court may, when it is necessary, extend or shorten a period of detention.

(5)   The provisions pertaining to detention apply mutatis mutandis to the detention for expert examination prescribed in paragraph (1) of this Article except as otherwise provided in this Code; provided however, that the provisions pertaining to bail do not apply.

(6)   The detention prescribed in paragraph (1) of this Article is deemed as detention with regard to the inclusion of the number of pre-sentencing detention days.

Article 167-2   When a detention warrant for expert examination is executed against an accused under detention, the execution of detention is deemed to be suspended while said accused is under detention for expert examination.

(2)   In the case of the preceding paragraph, when the disposition prescribed in paragraph (1) of the preceding Article has been rescinded or the period of detention has expired, the provisions of Article 98 apply mutatis mutandis.

Article 168   Expert witnesses may, upon the permission of the court and when it is necessary for expert examination, enter a person's residence, or premises, building or vessel guarded by a person, or conduct inspections and examinations of persons, perform autopsies, excavate graves or break objects.

(2)   The court must, when it gives permission as prescribed in the preceding paragraph, issue a written permit which contains the name of the accused, the crime, and the place to be entered, the body to be inspected and examined, the corpse to be autopsied, the grave to be excavated, the object to be destroyed and the name of the expert witness and other particulars provided for by the Rules of Court.

(3)   The court may add appropriate conditions to inspections and examinations of persons.

(4)   Expert witnesses must show a written permit to the relevant persons subject to the measures prescribed in paragraph (1) of this Article.

(5)   The provisions of the preceding three paragraphs do not apply to the measures prescribed in paragraph (1) of this Article taken by an expert witness in a public court.

(6)   The provisions of Articles 131, 137, 138 and 140 apply mutatis mutandis to inspections and examinations of persons by an expert witness in accordance with the provisions of paragraph (1) of this Article.

Article 169   The court may have a judge of a panel take necessary dispositions for expert examination; provided however, that this does not apply to the disposition provided for in Article 167, paragraph (1).

Article 170   A public prosecutor or defense counsel may attend expert examination. In this case, the provisions of Article 157, paragraph (2) apply mutatis mutandis.

Article 171   The provisions of the preceding Chapter, except those pertaining to a subpoena, apply mutatis mutandis to expert examination.

Article 172　When a person who is to undergo an inspection and examination of a person refuses to be inspected and examined by an expert witness prescribed in Article 168, paragraph (1), said expert witness may request a judge to conduct said inspection and examination of the person.

(2)　The judge who is requested as prescribed in the preceding paragraph may inspect and examine a person in accordance with the provisions of Chapter X.

Article 173　Expert witnesses may request expert examination fees in addition to travel expenses, a daily allowance and accommodation fees, and receive payment or reimbursement of the expenses necessary for said expert examination.

(2)　If an expert witness receives the payment of expenses necessary for expert examination in advance but does not appear in court or refuses to swear an oath or perform said examination without a justifiable reason, said expert witness must return said received expenses.

Article 174　With regard to examinations pertaining to past facts which have come to be known through special knowledge, the provisions of the preceding Chapter apply instead of the provisions of this Chapter.

Chapter XIII Interpretation and Translation

Article 175　If the court has a person who is not proficient in Japanese make a statement, it must have an interpreter interpret said statement.

Article 176　If the court has a person who is unable to hear or speak make a statement, it may have an interpreter interpret said statement.

Article 177　The court may have letters or marks written in languages other than Japanese translated.

Article 178　The provisions of the preceding Chapter apply mutatis mutandis to interpretation and translation.

Chapter XIV Preservation of Evidence

Article 179　The accused, suspect, or the defense counsel may request of a judge a disposition on a seizure, search, inspection, witness examination or expert examination, only before the first trial date, and when there are circumstances which suggest that it will be difficult to use the evidence unless it is preserved in advance.

(2)　The judge who has been so requested as prescribed in the preceding paragraph has the same authority as that of a court or a presiding judge with regard to a disposition.

Article 180　The public prosecutor and the defense counsel may inspect and copy the documents and articles of evidence pertaining to the dispositions prescribed in paragraph (1) of the preceding Article in court; provided however, that defense counsel must receive permission from the judge to copy the articles of evidence.

(2)　Notwithstanding the provisions of the preceding paragraph, the recording medium prescribed in the provisions of Article 157-4, paragraph (3) may not be copied.

(3)　The accused or suspect may inspect the documents and articles of evidence prescribed in the paragraph (1) in court with the permission of the judge; provided however, that this does not apply when defense counsel is assigned to the accused or suspect.

Chapter XV Court Costs

Article 181    When the court renders a sentence, it must have the accused bear all or part of court costs; provided however, that this does not apply when it is clear that the accused cannot afford court costs because of indigence.

(2)    The court may, even if it does not render a sentence, have the accused bear costs which have arisen from a cause imputable to the accused.

(3)    When only a public prosecutor has filed an appeal and the appeal has been dismissed or withdrawn, the court may not have the accused bear court costs in the appellate procedure; provided however, that this does not apply to costs which have arisen from a cause imputable to the accused.

(4)    If prosecution has not been instituted, the court may have the suspect bear costs which have arisen from a cause imputable to the suspect.

Article 182    The court may have the court costs of co-defendants be borne by said co-defendants jointly and severally.

Article 183    If the accused has been acquitted or barred further prosecution in cases where prosecution arose from a criminal complaint, accusation or claim, and if there was intent or gross negligence on the part of the person filing the criminal complaint, accusation or claim, the court may have the person who filed said claim bear court costs.

(2)    The same applies as in the preceding paragraph if prosecution was not instituted with regard to cases where there was a criminal complaint, accusation or claim, and if there was also intent or gross negligence on the part of the person filing the criminal complaint, accusation or claim.

Article 184    When a person other than a public prosecutor withdraws a claim for an appeal, retrial or a formal trial, the court may have said person bear costs of the appeal, retrial or claim for a formal trial.

Article 185    When court proceedings are concluded by a judgment and court costs are to be borne by the accused, the court must make the judgment ex officio. An appeal against this judgment may only be made in the case of an appeal against a judgment of merit.

Article 186    When court proceedings are concluded by a judgment and court costs are to be borne by a person other than the accused, the court must make a ruling ex officio and separately. An immediate appeal against this ruling may be filed.

Article 187    When court proceedings are concluded without a judgment and court costs are to be borne, a ruling must be made ex officio by the court where the case was last pending. An immediate appeal against this ruling may be filed.

Article 187-2    When prosecution is not instituted and court costs are to be borne, the court makes a ruling on such matter upon the request of a public prosecutor. An immediate appeal against this ruling may be filed.

Article 188    If the court does not indicate the amount of the costs in the judgment ordering the bearing of court costs, the public prosecutor who is to direct execution of the judgment calculates said costs.

Chapter XVI Compensation of Costs

Code of Criminal Procedure

Article 188-2　　When an acquittal becomes final and binding, the State compensates the person who was the accused in the case for the expenses which were needed for the trial; provided however, that the State may not be required to compensate expenses which arose from a cause imputable to the person who was the accused.

(2)　　When it is deemed that the person who was the accused made a false confession or fabricated other evidence of guilt for the purpose of misleading the investigation or the trial, which subsequently led to prosecution being instituted against said person, the State may not be required to compensate all or part of the expenses prescribed in the preceding paragraph.

(3)　　When compensation in accordance with the provisions of Article 188-5, paragraph (1) is requested, the State does not compensate the expenses that will be compensated by the provisions of Article 188-4 as prescribed in paragraph (1) of this Article.

Article 188-3　　The compensation prescribed in the preceding paragraph is made by a ruling of the court which rendered the acquittal, upon the request of the person who was the accused.

(2)　　The request prescribed in the preceding paragraph must be made within six months after the acquittal becomes final and binding.

(3)　　An immediate appeal against a ruling on compensation may be filed.

Article 188-4　　When only a public prosecutor has filed an appeal and the appeal has been dismissed or withdrawn and the original judgment becomes final and binding, except when an acquittal becomes final and binding by a dismissal or withdrawal, the State compensates the accused or the person who was the accused in the case for the expenses caused by the appeal in the court of instance; provided however, that the State may not be required to compensate the accused or the person who was the accused for expenses which have arisen from a cause imputable to said person.

Article 188-5　　The compensation prescribed in the preceding Article is made by a ruling of the Supreme Court or of the high court as the appellate court of that case, upon the request of the accused or the person who was the accused.

(2)　　The request prescribed in the preceding paragraph must be made within two months after the original judgment becomes final and binding.

(3)　　The objection prescribed in Article 428, paragraph (2) may be filed against the ruling of compensation made by the high court. The provisions pertaining to an immediate appeal against rulings also apply mutatis mutandis to this case.

Article 188-6　　The scope of the expenses to be compensated as prescribed in Article 188-2, paragraph (1) or Article 188-4 is limited to travel expenses, daily allowances and accommodation fees which were necessary for the accused or the person who was the accused or the person who was formerly the defense counsel to appear for trial preparation or the trial date and remuneration for the person who was the defense counsel, and with regard to said amounts, the provisions in the Act on Criminal Court Costs which pertain to a witness apply mutatis mutandis to the accused or the person who was the accused, and the provisions which pertain to the defense counsel apply mutatis mutandis to the person who was the defense counsel.

(2)　　When two or more defense counsels have appeared for the trial preparation or trial date, the court may, taking into account the nature of the case, the proceedings of the trial and other circumstances, limit the travel expenses, daily allowance and accommodation fees to be paid to the person who was

the defense counsel as prescribed in the preceding paragraph, to expenses paid to the chief defense counsel and some of the other defense counsel.

Article 188-7　Requests and other procedures concerning compensation, the correlation between compensation and compensation for damages provided for by other acts, the assignment or the civil seizure of the obligation-right of compensation; and compensation towards the heirs of the accused or the person who was the accused are governed by Article 1 of the Criminal Compensation Act (Act No. l, 1950), except as otherwise provided by this Code.

　　Part II First Instance
　　　Chapter I Inquiry and Investigation

Article 189　A police official performs its duties as a judicial police official pursuant to the provisions of other acts, or pursuant to the regulations of the National Public Safety Commission or Prefectural Public Safety Commission.

(2)　A judicial police official is to, when said judicial police official deems that an offense has been committed, investigate the offender and evidence thereof.

Article 190　Those who are to carry out the duties of a judicial police official with regard to forestry, railways or other special particulars, and the scope of their functions are provided by other acts.

Article 191　A public prosecutor may, if said prosecutor deems it necessary, personally investigate an offense.

(2)　A public prosecutor's assistant officer must investigate an offense under the orders of a public prosecutor.

Article 192　There must be mutual cooperation and coordination on the part of public prosecutors and the Prefectural Public Safety Commission and judicial police officials regarding an investigation.

Article 193　A public prosecutor may, within said prosecutor's jurisdiction, give necessary general instructions to judicial police officials regarding their investigation. Such instructions are to be given by setting forth general standards for a fair investigation and other particulars necessary for prosecuting.

(2)　A public prosecutor may, within said prosecutor's jurisdiction, also issue to judicial police officials general orders necessary for them to cooperate in investigations.

(3)　A public prosecutor may, when the prosecutor personally investigates an offense, if it is necessary, issue orders to judicial police officials and have them assist in the investigation.

(4)　In the case of the preceding three paragraphs, judicial police officials must follow the instructions and orders of the public prosecutor.

Article 194　The Prosecutor-General, Superintending Prosecutor of the High Public Prosecutors Office or Chief of the District Public Prosecutors Office may, if deeming it necessary when judicial police officials fail to follow the instructions and orders of public prosecutors without a justifiable reason, file charges for disciplinary action against them or for their removal, either with the National Public Safety Commission or Prefectural Public Safety Commission in the case of judicial police officials who are police officials, or with the person who has the authority of disciplinary action or removal where they are judicial police officials other than police officials.

(2)    The National Public Safety Commission, the Prefectural Public Safety Commission, or the person who has the authority to file disciplinary action or remove judicial police officials other than police officials must, when it deems the charges given in the preceding paragraph to be well-founded, take disciplinary action against the persons charged or remove them, as prescribed by other acts.

Article 195    A public prosecutor and a public prosecutor's assistant officer may, when it is necessary for the investigation, execute their duties outside their jurisdiction.

Article 196    A public prosecutor, public prosecutor's assistant officer, judicial police official, defense counsel and any other persons whose duties are related to the investigation are required to take due care not to harm the reputation of the suspect or other persons, and due care not to interfere with administration of the investigation.

Article 197    With regard to investigations, examination necessary to achieve the objective of said investigation may be conducted; provided however, that compulsory dispositions may not be applied unless special provisions have been established in this Code.

(2)    Public offices or public or private organizations may be asked to make a report on necessary particulars relating to the investigation.

(3)    When a public prosecutor, a public prosecutor's assistant officer or a judicial police officer finds it necessary to execute a seizure or seize records created under a record copying order, said person may specify the necessary electronic or magnetic records out of the electronic or magnetic records pertaining to the transmission source, the transmission destination, the date and time of the transmission and other transmission history of electronic communications which are recorded in the course of business, may determine a time period not exceeding 30 days, and may request in writing a person engaged in the business of providing facilities for conducting electronic communications for use in the communications of other persons or a person establishing facilities for conducting electronic communications capable of acting as an intermediary for the transmissions of many, unspecified persons for the purpose of said person's own business not to erase said history. In this case, if it is deemed no longer necessary to execute the seizure or seize records created under a record copying order with regard to said electronic or magnetic records, said person must revoke such request.

(4)    The time period of which the request that the history not be erased pursuant to the provisions of the preceding paragraph applies may be extended within limits not exceeding 30 days when it is particularly necessary; provided however, that the total time period of which the request that the history not be erased applies may not exceed 60 days.

(5)    When a request pursuant to the provisions of paragraph (2) or paragraph (3) is to be made, if it is necessary, a request may be made that the particulars relating to such request not be divulged without reason.

Article 198    A public prosecutor, public prosecutor's assistant officer or judicial police official may ask any suspect to appear in their offices and interrogate said person when it is necessary for the investigation of a crime; provided however, that the suspect may, except in cases where said person is under arrest or under detention, refuse to appear or after said person has appeared, may withdraw at any time.

(2)    In the case of the interrogation set forth in the preceding paragraph, the suspect must be notified in advance that said person is not required to make a statement against said person's will.

Code of Criminal Procedure

(3)　The statement of the suspect may be recorded as a written statement.

(4)　The written statement set forth in the preceding paragraph must be inspected by the suspect or read to said person for verification, and if said person makes a motion for any addition, removal or alteration, said person's remarks must be entered in the written statement.

(5)　If the suspect affirms that the contents of the written statement are correct, said suspect may be asked to attach a signature and seal to it; provided however, that this does not apply when the suspect refuses to do so.

Article 199　When there exists sufficient probable cause to suspect that an offense has been committed by a suspect, a public prosecutor, public prosecutor's assistant officer or judicial police official may arrest said person upon an arrest warrant being issued in advance by a judge; provided however, that with regard to offenses punishable with a fine of not more than 300,000 yen (20,000 yen for the time being for offenses other than those under the Penal Code, the Act on Punishment of Physical Violence and Others and the Act on Penal Provisions related to Economic Activities), penal detention or a petty fine, the suspect may only be arrested if the suspect has no fixed dwelling or if said suspect fails, without a justifiable reason, to make the appearance provided for in the preceding Article.

(2)　If a judge deems that there exists sufficient probable cause to suspect that the suspect has committed an offense, said judge issues the arrest warrant set forth in the preceding paragraph, upon the request of a public prosecutor or a judicial police officer (in the case of a judicial police officer who is a police official, only a person designated by the National Public Safety Commission or the Prefectural Public Safety Commission and who ranks as equal to or above chief inspector; the same applies hereinafter in this Article); provided however, that this does not apply if the judge deems that it is clearly not necessary to arrest the suspect.

(3)　When asking for the arrest warrant set forth in paragraph (1), a public prosecutor or judicial police officer must inform the court of all requests or issuances of arrest warrants, if any, that have previously been made against the same suspect for the same offense.

Article 200　Arrest warrants must contain the name and residence of the suspect, the charged offense, an outline of the alleged facts of the crime, the public office or other place where the suspect is to be brought, the period of validity and a statement that after expiry of the period of validity the arrest warrant may not be executed but must be returned, the date of issue, and other particulars as prescribed in the Rules of Court; and the judge must affix their name and seal to it.

(2)　The provisions of Article 64, paragraphs (2) and (3) apply mutatis mutandis to the arrest warrant.

Article 201　If a suspect is arrested through an arrest warrant, the arrest warrant must be shown to the suspect.

(2)　The provisions of Article 73, paragraph (3) apply mutatis mutandis to cases where the suspect is arrested through an arrest warrant.

Article 202　If a public prosecutor's assistant officer or a judicial police constable has arrested a suspect through an arrest warrant, the former must immediately bring the suspect to a public prosecutor and the latter to a judicial police officer.

Article 203　When a judicial police officer has arrested a suspect through an arrest warrant or has received a suspect who was arrested through an arrest warrant, said officer must immediately inform the suspect of the outline of the suspected crime and the fact that the suspect may appoint a defense counsel and then, giving the suspect an opportunity for explanation, said officer must immediately

release the suspect when believing that it is not necessary to detain the suspect, or must carry out the procedure of referring the suspect together with the documents and articles of evidence to a public prosecutor within 48 hours of the suspect being placed under physical restraint when believing that it is necessary to detain the suspect.

(2)　In the case of the preceding paragraph, if the judicial police officer asks the suspect whether or not the suspect has defense counsel, and if the suspect has defense counsel, said officer is not required to inform the suspect of the fact that the suspect may appoint a defense counsel.

(3)　When a judicial police officer informs a suspect of the fact that the suspect may appoint defense counsel in accordance with the provisions of paragraph (1) for the case provided for in Article 37-2, paragraph (1), the judicial police officer must also inform the suspect that, if a request for further detention of the suspect is made, the suspect may request the judge to appoint defense counsel when the suspect is unable to personally appoint defense counsel because of indigence or other reasons and that when requesting the judge for appointment of defense counsel the suspect must submit a report on personal financial resources; and if the suspect's Financial Resources are equal to or above the base amount, the suspect must have first requested a bar association (the bar association to which the request of Article 31-2, paragraph (1) in accordance with Article 37-3, paragraph (2) is to be made) to appoint defense counsel.

(4)　When the suspect is not referred within the time limitation as provided for in paragraph (1), the suspect must be released immediately.

Article 204　When a public prosecutor has arrested a suspect through an arrest warrant or has received a suspect who was arrested upon an arrest warrant (excluding such suspect as is referred in accordance with the preceding Article), prosecutor must immediately inform the suspect of the outline of the suspected crime and the fact that the suspect may appoint defense counsel and then, giving the suspect an opportunity for explanation, said prosecutor must immediately release the suspect when believing that it is not necessary to detain the suspect, or must request a judge to detain the suspect within 48 hours of the suspect being placed under physical restraint when believing that it is necessary to detain the suspect; provided however, that if the public prosecutor has instituted prosecution during the time limitation, said prosecutor does not be required to request detention.

(2)　When a public prosecutor informs a suspect of the fact that the suspect may appoint defense counsel in accordance with the provisions of the preceding paragraph for the case provided for in Article 37-2, paragraph (1), said prosecutor must also inform the suspect that, if a request for further detention of the suspect is made, the suspect may request the judge to appoint defense counsel when the suspect is unable to personally appoint defense counsel because of indigence or other reasons and that when requesting the judge for appointment of defense counsel the suspect must submit a report on personal financial resources; and if the suspect's Financial Resources are equal to or above the base amount, the suspect must have first requested a bar association (the bar association to which the request of Article 31-2, paragraph (1) in accordance with Article 37-3, paragraph (2) is to be made) to appoint defense counsel.

(3)　If a public prosecutor does not request detention or institute prosecution within the time limitation set forth in paragraph (1), said prosecutor must release the suspect immediately.

(4)　The provisions of paragraph (2) of the preceding Article apply mutatis mutandis to the case of paragraph (1).

Article 205　When a public prosecutor has received a suspect referred pursuant to the provisions of Article 203, said prosecutor must give the suspect an opportunity for explanation and must

immediately release the suspect when believing that it is not necessary to detain the suspect, or must request a judge to detain the suspect within 24 hours of receiving the suspect when believing that it is necessary to detain the suspect.

(2)   The time limitation set forth in the preceding paragraph may not exceed 72 hours of the suspect being placed under physical restraint.

(3)   When prosecution is instituted during the time limitation set forth in the preceding two paragraphs, the public prosecutor is not required to make a request for detention.

(4)   When the public prosecutor does not make a request for detention or institute prosecution within the time limitation set forth in paragraphs (1) and (2), said prosecutor must immediately release the suspect.

(5)   The provisions of paragraph (2) of the preceding Article apply mutatis mutandis to cases where a public prosecutor gives an opportunity for explanation to a suspect who has been arrested regarding a case other than the case provided for in Article 37-2, paragraph (1) and was referred regarding a case provided for in the same paragraph in accordance with the provisions of Article 203; provided however, that this does not apply when the suspect already has a defense counsel.

Article 206   When unavoidable circumstances prevent a public prosecutor or a judicial police officer from complying with the time limitations set forth in the preceding three Articles, a public prosecutor may, showing prima facie evidence, request a judge to detain the suspect.

(2)   The judge who has been requested as provided in the preceding paragraph may not issue a detention warrant, unless said judge deems the delay is justifiable and based upon unavoidable circumstances.

Article 207   The judge who has been requested for detention pursuant to the provisions of the preceding three Articles has the same authority as a court or a presiding judge regarding the disposition thereof; provided however, that this does not apply to bail.

(2)   When informing the suspect whose detention has been required with regard to the case provided for in Article 37-2, paragraph (1) of the alleged facts of the crime, the judge set forth in the preceding paragraph must inform the suspect that the suspect may appoint defense counsel and that when the suspect is unable to personally appoint defense counsel because of indigence or other reasons, the suspect may request that defense counsel be appointed for said person; provided however, that this does not apply when the suspect already has defense counsel.

(3)   When a judge informs a suspect of the fact that the suspect may request that defense counsel be appointed for said person in accordance with the provisions of the preceding paragraph, said judge must also inform the suspect of the fact that the suspect must submit a report on personal financial resources when requesting that defense counsel be appointed; and if the suspect's Financial Resources are equal to or are above the base amount, the suspect must have first requested a bar association (the bar association to which the request of Article 31-2, paragraph (1) in accordance with the provisions of Article 37-3, paragraph (2) is to be made) to appoint defense counsel.

(4)   If a judge has received the request for detention set forth in paragraph (1), said judge must promptly issue a detention warrant; provided however, that when the judge deems that there are no grounds for detention or when a detention warrant cannot be issued pursuant to the provisions of paragraph (2) of the preceding Article, said judge must immediately order the release of the suspect without issuing a detention warrant.

Article 208    When a public prosecutor has not instituted prosecution against a suspect regarding a case in which the suspect was detained pursuant to the provisions of the preceding Article within ten days of the request for detention, said prosecutor must immediately release the suspect.

(2)    When a judge deems unavoidable circumstances to exist, said judge may extend the time period set forth in the preceding paragraph upon the request of a public prosecutor. The total period of such extensions must not exceed ten days.

Article 208-2    A judge may, upon the request of a public prosecutor, further extend the period extended pursuant to the provisions of paragraph (2) of the preceding Article with regard to cases involving crimes provided for in Part II, Chapters II to IV or VIII of the Penal Code. The total time period of such extensions must not exceed five days.

Article 209    The provisions of Articles 74, 75 and 78 apply mutatis mutandis to an arrest upon an arrest warrant.

Article 210    When there are sufficient grounds to suspect the committing of an offense punishable by the death penalty, life imprisonment, life imprisonment without work, or imprisonment or imprisonment without work whose maximum term is three years or more, and in addition, because of urgency an arrest warrant from a judge cannot be obtained, public prosecutors, public prosecutor's assistant officers or judicial police officials may arrest the suspect after notifying the suspect of the reasons therefor. In this case, the procedures for obtaining an arrest warrant from a judge must be taken immediately. Where an arrest warrant is not issued, the suspect must be released immediately.

(2)    The provisions of Article 200 apply mutatis mutandis to the arrest warrant set forth in the preceding paragraph.

Article 211    When a suspect has been arrested pursuant to the provisions of the preceding Article, the provisions for cases where the suspect is arrested pursuant to the provisions of Article 199 apply mutatis mutandis.

Article 212    A person who is caught in the act of committing or is caught having just committed an offense is an offender caught in the act.

(2)    Where any person who falls under one of the following items is clearly found to have committed an offense a short time beforehand, said person is deemed as an offender caught in the act:

(i)    a person being engaged in fresh pursuit;

(ii)    a person carrying property obtained through a property crime, or carrying a dangerous weapon or other things which are believed to have been used in the commission of a criminal act;

(iii)    a person with visible traces of the offense on said person's body or clothing;

(iv)    A person who attempts to run away when challenged.

Article 213    Any person may arrest an offender caught in the act without an arrest warrant.

Article 214    When any person other than public prosecutors, public prosecutor's assistant officers or judicial police officials has arrested an offender caught in the act, the arrester must immediately deliver said person to a public prosecutor of a district or local public prosecutor's office or to a judicial police official.

Article 215    If a judicial police constable has received an offender caught in the act, the judicial police constable must promptly bring said person to a judicial police officer.

(2)    If a judicial police constable has received an offender caught in the act, said constable must ascertain the name and residence of the arrester and the reason for the arrest. When it is necessary, said constable may require the arrester to accompany said constable to a public agency.

Article 216    The provisions with regard to a case where a suspect has been arrested pursuant to the provisions of Article 199 apply mutatis mutandis to a case where an offender caught in the act has been arrested.

Article 217    The provisions of Articles 213 to 216 apply only when the residence or name of the offender is unknown or when the offender poses a risk of flight with regard to an offender caught in the act punishable with a fine of not more than 300,000 yen (20,000 yen, for the time being for offenses other than those under the Penal Code, the Act on Punishment of Physical Violence and Others and the Act on Penal Provisions related to Economic Activities), penal detention or a petty fine.

Article 218    Public prosecutors, public prosecutor's assistant officers or judicial police officials may, when it is necessary for the investigation of an offense, conduct a search, seizure, seizure of records created under a record copying order, or inspection upon a warrant issued by a judge. In this case, the inspection and examination of a person must be conducted upon a warrant for physical examination.

(2)    Where the article to be seized is a computer, and with regard to a recording medium connected via telecommunication lines to such computer, it may be reasonably supposed that such recording medium was used to retain electronic or magnetic records, which have been made or altered using such computer or electronic or magnetic records which may be altered or erased using such computer, the computer or other recording medium may be seized after such electronic or magnetic records have been copied onto such computer or other recording medium.

(3)    When a suspect is placed under physical restraint, said suspect's fingerprints or a print of their feet may be taken, said suspect's height or weight may be measured and photographs of said suspect may be taken without the warrant set forth in the paragraph (1), only when said suspect is not stripped naked.

(4)    The warrant set forth in paragraph (1) is issued upon the request of a public prosecutor, a public prosecutor's assistant officer or a judicial police officer.

(5)    When a public prosecutor, a public prosecutor's assistant officer or a judicial police officer requests a warrant for an inspection and examination of a person, said public prosecutor, public prosecutor's assistant officer or judicial police officer must indicate the reason for the necessity of the inspection and examination, the sex and physical condition of the person to be inspected and examined and other particulars as provided in the Rules of Court.

(6)    A judge may provide conditions that said judge deems appropriate for the inspection and examination of a person.

Article 219    The warrant set forth in the preceding Article must contain the name of the suspect or accused, the charged offense, the articles to be seized, the electronic or magnetic records to be recorded or to be printed out, the person who is to record them or print them out, or the place, body or articles to be searched, the place or articles to be inspected, or the person to be inspected and examined and conditions regarding the inspection and examination of a person, the period of validity,

Code of Criminal Procedure

a statement to the effect that the search, seizure, seizure of records created under a record copying order, or inspection of evidence may not be commenced in any way after the lapse of such period and that in this case the warrant must be returned to the court, the date of issue, and other particulars as prescribed in the Rules of Court; and the judge must affix said judge's name and seal to it.

(2)　In cases of paragraph (2) of the preceding Article, in addition to the particulars prescribed in the preceding paragraph, the warrant set forth in the preceding Article must contain the scope to be copied out of the electronic or magnetic records with regard to the recording medium connected via telecommunication lines to the computer which is to be seized.

(3)　The provisions of Article 64, paragraph (2) apply mutatis mutandis to the warrant set forth in the preceding Article.

Article 220　When public prosecutors, public prosecutor's assistant officers or judicial police officials arrests a suspect pursuant to the provisions of Article 199 or arrests an offender caught in the act, said person may, when it is necessary, take the following measures. The same applies, when it is necessary, to cases where the suspect is arrested pursuant to the provisions of Article 210:

(i)　entry into the residence of another person, or the premises, buildings or vessels guarded by another person to search for a suspect;

(ii)　search, seizure or inspection on the spot at the arrest of a suspect.

(2)　The seized materials must be returned immediately when an arrest warrant is not obtained in the case set forth in the second sentence of the preceding paragraph. The provisions of Article 123, paragraph (3) apply mutatis mutandis in this case.

(3)　For the measures set forth in paragraph (1), a warrant need not be obtained.

(4)　The provisions of paragraph (1), item (ii) and the preceding paragraph apply mutatis mutandis to cases where a public prosecutor's assistant officer or a judicial police official executes a subpoena or detention warrant. The provisions of paragraph (1), item (i) also apply mutatis mutandis to cases where the subpoena or detention warrant issued against a suspect is executed.

Article 221　Public prosecutors, public prosecutor's assistant officers or judicial police officials may retain articles which have been left behind by a suspect or other persons, or those which have been voluntarily produced by their owner, possessor or custodian.

Article 222　The provisions of Article 99, paragraph (1), Article 100, Articles 102 through 105, Articles 110 through 112, Article 114, Article 115 and Articles 118 through 124 apply mutatis mutandis to a search and seizure conducted by a public prosecutor, public prosecutor's assistant officer or a judicial police official pursuant to the provisions of Article 218, Article 220 and the preceding Article, and the provisions of Article 110, Article 111-2, Article 112, Article 114, Article 118, Article 129, Article 131 and Articles 137 through 140 apply mutatis mutandis to the inspection conducted by a public prosecutor, public prosecutor's assistant officer or a judicial police official pursuant to the provisions of Article 218 or Article 220; provided however, that the dispositions prescribed in Articles 122 through 124 may not be executed by a judicial constable.

(2)　Where searching the suspect pursuant to the provisions of Article 220 requires urgency, the provisions of Article 114, paragraph (2) does not require compliance.

(3)　The provisions of Article 116 and Article 117 apply mutatis mutandis to searches, seizures or seizures of records created under a record copying order conducted by a public prosecutor, public prosecutor's assistant officer or a judicial police official pursuant to the provisions of Article 218.

Code of Criminal Procedure

(4)  Public prosecutors, public prosecutor's assistant officers or judicial police officials may not enter, before sunrise or after sunset, the residence of a person, or premises, buildings or vessel guarded by a person for the purpose of inspection pursuant to the provisions of Article 218, unless the warrant contains a written statement that inspection during the night is permitted; provided however, that this does not apply to the places prescribed in Article 117.

(5)  When an inspection starts before sunset, it may continue even after sunset.

(6)  Public prosecutors, public prosecutor's assistant officers or judicial police officials may, when it is necessary to conduct a search, seizure or inspection pursuant to the provisions of Article 218, have the suspect attend it.

(7)  When any person who refuses an inspection and examination of a person is to be imposed a non-criminal fine or to be ordered to compensate for expenses in accordance with the provisions of paragraph (1), the request for such dispositions must be made to the court.

Article 222-2    Compulsory measures for the interception of electronic communications without the consent of either party are to be executed based upon other acts.

Article 223    Public prosecutors, public prosecutor's assistant officers or judicial police officials may ask any person other than a suspect to appear in their office, interrogate said person or request said person to be examined, translate or interpret if it is necessary for the investigation of a crime.

(2)  The proviso of Article 198, paragraph (1) and the provisions of paragraphs (3) to (5) of the same Article apply mutatis mutandis to the case set forth in the preceding paragraph.

Article 224    When the measures prescribed in Article 167, paragraph (1) are necessary in cases where a request is made for an expert examination pursuant to the provisions of paragraph (1) of the preceding Article, public prosecutors, public prosecutor's assistant officers or judicial police officers must request a judge for the measures mentioned above.

(2)  When the judge finds the request set forth in the preceding paragraph reasonable, said judge must carry out the measures as in the case of Article 167. In this case, the provisions of Article 167-2 apply mutatis mutandis.

Article 225    A person who has been requested for an expert examination pursuant to the provisions of Article 223, paragraph (1) may carry out the measures prescribed in Article 168, paragraph (1) with the permission of the judge.

(2)  The request for the permission set forth in the preceding paragraph must be made by a public prosecutor, a public prosecutor's assistant officer or a judicial police officer.

(3)  Where a judge finds the request set forth in the preceding paragraph reasonable, said judge must issue a permit.

(4)  The provisions of Article 168, paragraphs (2) to (4) and (6) apply mutatis mutandis to the permit set forth in the preceding paragraph.

Article 226    Where a person who apparently possesses information essential to the investigation of a crime refuses to appear or make a statement voluntarily at the interrogation pursuant to the provisions of Article 223, paragraph (1), a public prosecutor may, only before the first trial date, request a judge to examine said person as a witness.

Article 227    When a person who has made a voluntary statement to a public prosecutor, a public prosecutor's assistant officer or a judicial police official pursuant to the provisions of Article 223, paragraph (1) is likely to make a statement on the trial date that differs from the previous statement, and the statement of the person is deemed essential in proving a fact constituting the crime, the public prosecutor may, only before the first trial date, request the judge to examine said person as a witness.

(2)    When making the request set forth in the preceding paragraph, a public prosecutor must show prima facie evidence of the reasons for the necessity of such examination and that such examination is essential in proving a fact constituting the crime.

Article 228    A judge who receives the request set forth in the preceding two Articles has the same authority as a court or a presiding judge.

(2)    The judge may, if said judge deems there is no fear of interference with the criminal investigation, have the accused, the suspect or the defense counsel be present at the examination set forth in the preceding paragraph.

Article 229    If a person dies an unnatural death or the body of a person who is suspected to have died an unnatural death has been found, a public prosecutor of a district or local public prosecutor's office, which has jurisdiction over the place where the body was found, must perform a coroner's inspection.

(2)    A public prosecutor may have a public prosecutor's assistant officer or a judicial police officer execute the disposition set forth in the preceding paragraph.

Article 230    A person who has been injured by an offense may file a criminal complaint.

Article 231    A statutory representative of a victim may file a criminal complaint independently.

(2)    When a victim has died, said victim's spouse, a lineal relative, sibling may file a criminal complaint, but not when this is against the express wishes of the victim.

Article 232    Where the statutory representative of a victim is the suspect, the spouse of the suspect, a blood relative within the fourth degree of kinship or a relative by affinity within the third degree of kinship of the suspect, then a relative of the victim may file a criminal complaint independently.

Article 233    With respect to the offense of defamation of a deceased person, said person's relatives or descendants may file a criminal complaint.

(2)    The provisions of the preceding paragraph apply also where, with respect to the offense of defamation, the victim has died without filing a criminal complaint, but not when this is against the express wishes of the victim.

Article 234    Where there is no person who can file a criminal complaint with regard to an offense prosecutable upon a criminal complaint, a public prosecutor may, upon the application of an interested party, designate a person who can file a criminal complaint.

Article 235    With respect to an offense prosecutable upon a criminal complaint, no criminal complaint may be made after the lapse of six months from the day on which the complainant knew the offender; provided however, that this does not apply to the following:

(i)    a criminal complaint concerning the offenses proscribed in Articles 176 to 178, 225 or Article 227, paragraph (1) (limited to offenses committed for the purpose of assisting the person who

committed the offense of Article 225) or paragraph (3) of the Penal Code, or a criminal complaint with regard to attempts of these offenses;

(ii)   a criminal complaint made by the representative of a foreign power pursuant to the provisions of Article 232, paragraph (2) of the Penal Code or a criminal complaint made with regard to an offense against a foreign mission sent to Japan as prescribed in Article 230 or 231 of the Penal Code, by such mission.

(2)   A criminal complaint in the case prescribed in the proviso to Article 229 of the Penal Code may not be valid unless it is made within six months from the day on which a decision declaring the marriage void or annulling it became final.

Article 236   Where there are two or more persons entitled to file a criminal complaint, failure by one of them to observe the time period for complaint does not affect the others.

Article 237   A criminal complaint may be withdrawn at any time before the institution of prosecution.

(2)   A person who has withdrawn a criminal complaint may not file the criminal complaint again.

(3)   The provisions of the preceding two paragraphs apply mutatis mutandis to a claim regarding a case which is to be accepted on a claim.

Article 238   A criminal complaint made against one or more accomplices in an offense prosecutable upon a criminal complaint or the withdrawal thereof has effect with respect to the other accomplices.

(2)   The provisions of the preceding paragraph apply mutatis mutandis to an accusation or claim, or the withdrawal thereof, regarding a case which is to be received upon an accusation or claim.

Article 239   Any person who believes that an offense has been committed may file an accusation.

(2)   A government official or local government official must file an accusation when they believe an offense has been committed.

Article 240   A criminal complaint may be made by a representative. The same applies to the withdrawal of a criminal complaint.

Article 241   A criminal complaint or an accusation must be filed with a public prosecutor or a judicial police officer in writing or orally.

(2)   A public prosecutor or judicial police officer must make a written statement when they have received an oral criminal complaint or accusation.

Article 242   A judicial police officer must, when they have received a criminal complaint or accusation, send the document and articles of evidence regarding the complaint or the accusation to a public prosecutor promptly.

Article 243   The provisions of the preceding two Articles apply mutatis mutandis to the withdrawal of a criminal complaint or accusation.

Article 244   A criminal complaint or withdrawal thereof made by the representative of a foreign country pursuant to the provisions of Article 232, paragraph (2) of the Penal Code may be filed with the Minister for Foreign Affairs notwithstanding the provisions of Article 241 and the preceding Article. The same applies to a criminal complaint or withdrawal thereof regarding an offense against a foreign mission sent to Japan as prescribed in Article 230 or 231 of the Penal Code, made by such mission.

Article 245    The provisions of Article 241 and 242 apply mutatis mutandis to surrender.

Article 246    Except as otherwise provided in this Code, a judicial police officer must, when said police officer has conducted the investigation of an offense, send the case together with the documents and articles of evidence to a public prosecutor promptly; provided however, that this does not apply to cases which have been specially designated by a public prosecutor.

Chapter II Prosecution

Article 247    Prosecution is filed by a public prosecutor.

Article 248    Where prosecution is deemed unnecessary owing to the character, age, and environment of the offender, the gravity of the offense, and the circumstances or situation after the offense, prosecution need not be instituted.

Article 249    Prosecution does not take effect against a person other than the accused specified by a public prosecutor.

Article 250    The statute of limitations is completed upon the lapse of the following time periods with regard to crimes causing the death of a person and punishable with imprisonment without work or a greater punishment (except for those punishable by the death penalty):

(i)    30 years for crimes punishable with life imprisonment or life imprisonment without work;

(ii)    20 years for crimes punishable with imprisonment or imprisonment without work whose maximum term is 20 years;

(iii)    10 years for crimes other than the crimes provided for in the preceding two items.

(2)    The statute of limitations is completed upon the lapse of the following time periods with regard to crimes other than crimes causing the death of a person and punishable with imprisonment without work or a greater punishment:

(i)    25 years for offenses punishable by the death penalty;

(ii)    15 years for offenses punishable with life imprisonment or life imprisonment without work;

(iii)    10 years for offenses punishable with imprisonment or imprisonment without work whose maximum term is 15 years or more;

(iv)    7 years for offenses punishable with imprisonment or imprisonment without work whose maximum term is less than 15 years;

(v)    5 years for offenses punishable with imprisonment or imprisonment without work whose maximum term is less than 10 years;

(vi)    3 years for offenses punishable with imprisonment or imprisonment without work whose maximum term is less than 5 years or with a fine;

(vii)    1 year for offenses punishable with penal detention or with a petty fine.

Article 251    Regarding offenses punishable by concurrent imposition of two or more principal punishments or by the imposition of one of two or more principal punishments, the provisions of the preceding Article apply with reference to the heaviest punishment.

Article 252    When a punishment is to be increased or reduced pursuant to the Penal Code, the provisions of Article 250 apply with reference to the punishment which has not been increased or

Code of Criminal Procedure

reduced.

Article 253    The statute of limitations runs from the time that the criminal act ceased.

(2)    Regarding cases of complicity, the statute of limitations, with respect to all accomplices, runs from the time when the final act ceased.

Article 254    The statute of limitations ceases to run on the institution of prosecution against the case concerned, and begins to run when a decision notifying jurisdictional incompetence or dismissing the prosecution has become final and binding.

(2)    The suspension of the statute of limitations because of the institution of prosecution against one of the accomplices takes effect against the other accomplices. In this case, the suspended period runs from when the decision on the case has become final and binding.

Article 255    If an offender is outside Japan or said offender is in hiding, making it is impossible to serve a transcript of the charging sheet or notify the summary order, the statute of limitations is suspended during the period when the offender is outside Japan or is in hiding.

(2)    Provisions are laid down in the Rules of Court for the particulars necessary in proving the absence of the offender from Japan or said offender being in hiding, which made the service of the transcript of charging sheet or notification of the summary order impossible.

Article 256    Prosecution must be instituted by submitting the charging sheet to the court.

(2)    The charging sheet must contain:

    (i)    the name of the accused and other particulars necessary to specify the accused;

    (ii)    the charged facts;

    (iii)    the charged offense.

(3)    The charged facts must be described with clarified counts. To clarify the counts, the time, place and method of offense must be specified as far as possible.

(4)    The charged offense must be described with applicable penal statutes; provided however, that errors in the enumeration of such statutes do not affect the validity of institution of prosecution as long as there is no fear that they may create any substantial disadvantage to the defense of the accused.

(5)    Several counts and applicable penal statutes may be entered in a conjunctive or alternative way.

(6)    No documents or other articles which may cause the judge to be prejudiced are to be attached or referred to in the charging sheet.

Article 257    Prosecution may be withdrawn up until the judgment of the first instance is rendered.

Article 258    Where a public prosecutor considers that the case does not come within the jurisdiction of the court corresponding to the public prosecutor's office, such case must be sent to a public prosecutor of the public prosecutor's office corresponding to the competent court together with the documents and articles of evidence.

Article 259    If a public prosecutor has made a disposition not to institute prosecution, the public prosecutor must promptly notify the suspect of this upon said suspect's request.

Code of Criminal Procedure

Article 260    If a public prosecutor has instituted prosecution or made a disposition not to institute prosecution regarding a case with respect to which a criminal complaint, accusation or claim has been filed, the public prosecutor must notify the person who filed the criminal complaint, accusation or claim promptly. This also applies to cases where a public prosecutor has withdrawn the prosecution or has sent the case to a public prosecutor of another public prosecutor's office.

Article 261    If a public prosecutor has made a disposition not to institute prosecution regarding a case with respect to which a criminal complaint, accusation or claim has been filed, the public prosecutor must promptly notify the reason for the disposition upon the request of the person who filed the criminal complaint, accusation or claim.

Article 262    If a person who has filed a criminal complaint or accusation regarding an offense set forth in Articles 193 to 196 of the Penal Code, Article 45 of the Subversive Activities Prevention Act (Act No. 240 of 1952), or Article 42 or 43 of the Act on Regulation of Organizations Which Have Committed Indiscriminate Mass Murder (Act No. 147 of 1999) is dissatisfied with the disposition not to institute prosecution made by a public prosecutor, the complainant or accuser may request the district court which has jurisdiction over the location of the public prosecutor's office to which that public prosecutor belongs to commit the case to a court for trial.

(2)    The request set forth in the preceding paragraph must be made by submitting an application to the public prosecutor who made the disposition not to institute prosecution within 7 days from the day on which the notice set forth in Article 260 was received.

Article 263    The request set forth in paragraph (1) of the preceding Article may be withdrawn up until the decision set forth in Article 266 is rendered.

(2)    The person who made the withdrawal set forth in the preceding paragraph may not make any request set forth in paragraph (1) of the preceding Article regarding the same case.

Article 264    A public prosecutor must institute prosecution when said prosecutor deems the request set forth in Article 262, paragraph (1) to be reasonable.

Article 265    A trial and decision regarding the request set forth in Article 262, paragraph (1) must be conducted and rendered by a panel.

(2)    The court may, when it is necessary, requisition a judge of a panel to investigate the facts, or commission a judge of a district or summary court to do so. In this case, an authorized judge or a commissioned judge has the same authority as a court or a presiding judge.

Article 266    A court must render a ruling according to the following classifications when it receives a claim set forth in Article 266:

(i)    where the claim has been made contrary to the form provided in laws and regulations, or has been made after loss of the right to the claim or is groundless, it is dismissed;

(ii)    where the request is well-grounded, the case is committed to the competent district court for trial.

Article 267    Where the decision set forth in paragraph (2) of the preceding Article has been rendered, prosecution regarding the case is deemed to have been instituted.

Article 267-2    Where a court has rendered the decision set forth in Article 266, item (ii), notice to this effect must be given to the Committee for Inquest of Prosecution which is to conduct the inquest prescribed in Article 2, paragraph (1), item (i) of the Act on Committee for Inquest of Prosecution

(Act No. 147 of 1948) or the Committee for Inquest of Prosecution which made the decision for institution of prosecution under Article 41-6, paragraph (1) of the same Act (after appointment of a person who is to be responsible for institution and maintenance of prosecution, to such person), where there exists such a committee.

Article 268    Where a case has been committed to trial pursuant to the provisions of Article 266, item (ii), the court must appoint one attorney who maintains the prosecution of such case from among the attorneys.

(2)    The attorney appointed as prescribed in the preceding paragraph exercises the same function as a public prosecutor in order to maintain the prosecution until the decision has become final and binding; provided however, that with regard to issuing orders to a public prosecutor's assistant officer or a judicial police official for investigation the appointed attorney must do so by commissioning a public prosecutor.

(3)    The attorney who exercises the same function as a public prosecutor pursuant to the provisions of the preceding paragraph is deemed to be an official engaged in public service in accordance with laws and regulations.

(4)    The court may cancel the appointment of the attorney set forth in paragraph (1) at any time if it finds that the attorney is not qualified to exercise its duties or there are any other special circumstances.

(5)    The attorney appointed as set forth in paragraph (1) is given an allowance as provided in a Cabinet Order.

Article 269    The court may, where the request set forth in Article 262, paragraph (1) is dismissed or withdrawn, order the person who made the request to compensate the whole or part of the costs arising from the procedures regarding the request on a ruling. An immediate appeal may be filed against such ruling.

Article 270    A public prosecutor may inspect and copy the documents and articles of evidence regarding the case after prosecution has been instituted.

(2)    Notwithstanding the preceding paragraph, the recording media provided in Article 157-4, paragraph (3) may not be copied.

Chapter III Public Trials
    Section 1 Trial Preparation and Trial Proceedings

Article 271    The court must, when prosecution has been instituted, serve a transcript of the charging sheet on the accused without delay.

(2)    When the transcript of the charging sheet is not served on the accused within two months after the date of institution of prosecution, the institution of prosecution loses its effect retroactively.

Article 272    The court must, when prosecution has been instituted, inform the accused without delay that the accused may appoint defense counsel and that when the accused is unable to personally appoint defense counsel because of indigence or other reasons, said accused may request the court to appoint defense counsel for said accused; provided however, that this does not apply when the accused already has defense counsel.

Code of Criminal Procedure

(2)　　The court must, when notifying the accused that said accused may appoint defense counsel pursuant to the preceding paragraph, inform the accused that said accused must submit a report on personal financial resources, and if the accused's Financial Resources are equal to or exceed the base amount, the accused must have first requested a bar association (the bar association to which the request under Article 31-2, paragraph (1) in accordance with Article 36-3, paragraph (1) is to be made) to appoint defense counsel except in cases where a defense counsel is required under this Code.

Article 273　　The presiding judge must set the trial dates.

(2)　　The accused must be summoned to the trial dates.

(3)　　The public prosecutor, defense counsel and assistant in court must be notified of the trial dates.

Article 274　　When the trial dates are notified to an accused who is within the courthouse grounds, this notification has the same effect as a summons having been served.

Article 275　　A period of suspension must be specified in the Rules of Court between the first trial date and service of the writ of summons on the accused.

Article 276　　The court may change the trial dates, upon the request of the public prosecutor, the accused or the defense counsel, or ex officio.

(2)　　The court must in advance, hear the opinion of the public prosecutor, and the accused or the defense counsel pursuant to the Rules of Court in order to change the trial dates; provided however, that this does not apply in a case requiring urgency.

(3)　　In the case prescribed in the proviso of the preceding paragraph, the court must give the public prosecutor, and the accused or the defense counsel an opportunity to raise an objection on the changed trial date.

Article 277　　If a court has changed a trial date in abuse of its powers, the persons concerned in the case may request the taking of judicial administrative measures pursuant to the Rules or the Instructions of the Supreme Court.

Article 278　　If a person who has been summoned on a trial date cannot appear on the trial date because of illness or other reasons, said person must submit to the court a medical certificate or other materials pursuant to the Rules of Court.

Article 278-2　　The court may, when it deems it necessary, have the public prosecutor or defense counsel appear for the trial preparation or trial date and order said person to be present during these proceedings or to be present in court.

(2)　　The presiding judge may, in a case requiring urgency, give the order set forth in the provisions of the preceding paragraph or may delegate the order to a judge who is a member of a panel.

(3)　　If the public prosecutor or defense counsel, who is subject to an order pursuant to the provisions of the preceding two paragraphs, disobeys the order without a justifiable reason, the court may punish said person by making a ruling for a non-criminal fine of not more than 100,000 yen and order said person to compensate for the expenses incurred due to disobeying said order.

(4)　　An immediate appeal against the ruling prescribed in the preceding paragraph may be filed.

(5)　　If the court has rendered the ruling set forth in paragraph (3), it must notify the person with the authority to direct and supervise the public prosecutor with regard to such prosecutor and the bar

association to which the attorney belongs or the Japan Federation of Bar Associations with regard to the attorney who is acting as defense counsel, and must request that appropriate measures be taken.

(6)    The person who has received the request pursuant to the provisions of the preceding paragraph must notify the court of the measures that were taken.

Article 279    The court may, upon the request of the public prosecutor, the accused or the defense counsel, or ex officio, ask public offices or public or private organizations for reports on particulars necessary for the trial.

Article 280    From the institution of prosecution to the first trial date, a judge takes charge of the disposition concerning detention.

(2)    If a suspect who has been arrested pursuant to Article 199 or 210, or has been arrested as an offender caught in the act and has not yet been detained is prosecuted during the time limitations prescribed in Articles 204 or 205, the judge must promptly notify the accused of the facts charged, hear the accused's statement and, unless issuing a detention warrant, must order release of the accused immediately.

(3)    The judge prescribed in the preceding two paragraphs has the same authority as the court or the presiding judge regarding the proceedings thereof.

Article 281    If the court deems it necessary after considering the particulars prescribed in Article 158 and hearing the opinions of the public prosecutor and the accused or the defense counsel, the court may examine the witness on a day other than the trial date.

Article 281-2    The court may dismiss the accused during examination of the witness on a day other than the trial date, upon hearing the opinions of the public prosecutor and the defense counsel, when there is the fear that the witness may feel pressure and will be unable to give sufficient testimony in the presence of the accused (including cases where the measures prescribed in Article 157-3, paragraph (1) or the means prescribed in Article 157-4, paragraph (1) are taken), and only when the defense counsel is present. In this case, the court must give the accused an outline of the testimony after the witness has testified, and give the accused an opportunity to examine the witness.

Article 281-3    The defense counsel must appropriately keep safe custody of the copies of evidence (copies and materials which accurately record all or part of the evidence), which the public prosecutor has given the opportunity to inspect or copy for the preparation of the trial, and may not entrust custody to others without reason.

Article 281-4    The accused or the defense counsel (including the defense counsel provided for in Article 440) or those who were formerly in such position must not deliver, present or send by telecommunication lines to others copies and other materials which the public prosecutor has given the opportunity to inspect or copy for the preparation of the proceedings of a case charged to the court, unless for the intention of use in the following procedures or for the preparation thereof:

(i)    proceedings of said case charged to the court or other proceedings for a trial related to said case charged to the court;

(ii)    the following procedures related to said case charged to the court:

(a)    procedures for the compensation of expenses provided in Book I, Chapter XVI;

(b)    a hearing on the request of Article 349, paragraph (1);

(c)   procedures for the request of Article 350;

(d)   procedures for request for recovery of the right of appeal;

(e)   procedures for request for a retrial;

(f)   procedures for an extraordinary appeal to the court of last resort;

(g)   procedures for the petition in Article 500, paragraph (1);

(h)   procedures for the filing of the objection in Article 502;

(i)   procedures for the request for compensation under the Criminal Compensation Act.

(2)   When taking measures for violation of the provisions in the preceding paragraph, the court is to consider the contents of the copies and other materials, the intent and mode of the violation, whether or not the reputation of the related persons has been damaged, if the privacy or the affairs of the related persons have been violated, whether or not the copies and other materials have been examined on the trial date, the method of examination and any other related particulars taking into account the right to defense of the accused.

Article 281-5    An accused or a person who was formerly an accused, who delivers, presents or sends by telecommunication lines to others copies and other materials which the public prosecutor has given the opportunity to inspect or copy for a purpose other than for use in the procedures or trial preparations prescribed in the items of paragraph (1) of the preceding Article is punished by imprisonment for not more than a year or a fine of not more than 500,000 yen.

(2)   The same applies when a defense counsel (including the defense counsel provided for in Article 440, hereinafter the same applies in this paragraph) or a person who was formerly a defense counsel delivers, presents or sends by telecommunication lines to others for the purpose of property profits or other profits, copies and other materials which the public prosecutor has given the opportunity to inspect or copy.

Article 281-6    The court must, insofar as possible, hold a trial on successive days in cases which require several days for the proceedings.

(2)   Persons concerned in the case must observe the trial dates strictly and must not interfere with the proceedings.

Article 282    Examinations on a trial date is to be conducted in open court.

(2)   The open court is to be convened in the assembled presence of judges, court clerks and public prosecutors.

Article 283    When the accused is a corporation, it may have a representative appear at the trial.

Article 284    The accused does not be required to appear on the trial date in cases which are punishable with a fine of no more than 500,000 yen (50,000 yen for the time being in cases other than violation of the Penal Code, the Act on Punishment of Physical Violence and Others and the Act on Penal Provisions related to Economic Activities) or with a petty fine; provided however, that the accused may have a representative appear on the trial date.

Article 285    The accused must appear on the trial date when judgment is to be pronounced for cases in which penal detention is applicable. The court may permit the accused not to appear on the other trial dates when the court deems that the attendance of the accused is not important for defense of the rights of the accused.

(2)    The accused must appear on the trial date if said accused is liable for punishment of imprisonment or imprisonment without work whose maximum term is not more than three years, or a fine of more than 500,000 yen (50,000 yen for the time being in cases other than violation of the Penal Code, the Act on Punishment of Physical Violence and Others and the Act on Penal Provisions related to Economic Activities) during the proceedings prescribed in Article 291 and the sentencing. The other trial dates are to be governed by the second sentence of the preceding paragraph.

Article 286    A trial may not, except in the cases prescribed in the preceding three Articles, be convened when the accused does not appear on the trial date.

Article 286-2    When the court cannot be convened without the appearance of the accused, and the accused, who is under detention has been summoned for the trial date but refuses to appear without a justifiable reason, and it is extremely difficult for the officials of the penal institution to bring the accused to the court, the court may commence the proceedings of the trial without the appearance of the accused.

Article 287    The accused must not be restrained during the trial; provided however, that this does not apply when the accused employs violence or attempts to escape.

(2)    Even when the accused is not restrained, guards may be assigned to guard the accused.

Article 288    The accused may not leave the court without the permission of the presiding judge.

(2)    The presiding judge may take appropriate dispositions to ensure the appearance of the accused at the court and to maintain the order of the court.

Article 289    When a case is punishable by the death penalty, life imprisonment, life imprisonment without work, or imprisonment or imprisonment without work whose maximum term is more than three years, the trial may not be convened without the attendance of defense counsel.

(2)    If the court may not be convened without defense counsel, and the defense counsel has not appeared at court or is no longer present in court, or defense counsel has not been appointed, the presiding judge must appoint defense counsel ex officio.

(3)    If the court may not be convened without defense counsel, and there is the risk that the defense counsel will not appear at court, the court may appoint defense counsel ex officio.

Article 290    If the defense counsel does not appear at the trial in the cases prescribed in the items of Article 37, the court may, ex officio, appoint defense counsel for the accused.

Article 290-2    In handling the following cases, if a request is made by the victim or others of such case (meaning the victim or if the victim has died or suffers from a serious physical or mental disorder, said victim's spouse, a lineal relative, sibling; the same applies hereinafter), the legal representative for such victim or an attorney who has been entrusted by such persons, and when the court finds it appropriate after hearing the opinions of the accused or the defense counsel, it may render a ruling to such effect that particulars identifying the victim (meaning the name and address of the victim or other particulars which will identify the victim of such case; the same applies hereinafter) not be disclosed in an open court:

(i)    cases involving the crimes provided for under Articles 176 through 178-2 or Article 181 of the Penal Code, the crimes provided for under Article 225 or Article 226-2, paragraph (3) of the same Code (limited to cases with the purpose of indecency or marriage; the same applies in this item

hereinafter) or the crimes provided for under Article 227, paragraph (1) (limited to cases with the purpose of accessory to the person who commits the offense provided for under Article 225 or Article 226-2, paragraph (3)) or paragraph (3) (limited to cases with the purpose of indecency), or Article 241 of the same Code or attempts of these crimes;

 (ii) cases involving the crimes provided for in Article 60, paragraph (1) of the Child Welfare Act or the crimes provided for in Article 60, paragraph (2) of the same Act as it relates to Article 34, paragraph (1), item (ix) of the same Act, or the crimes provided for in Articles 4 through 8 of the Act on Punishment of Activities Relating to Child Prostitution and Child Pornography, and the Protection of Children;

 (iii) in addition to the cases given in the preceding two items, cases where it is deemed that there is the risk that the reputation or the peaceful social life of the victim or others will be seriously harmed through particulars identifying the victim being disclosed in an open court in the form of the mode of the crime, the state of the damage, and due to other circumstances.

(2) The request set forth in the preceding paragraph must be made to the public prosecutor in advance. In this case, the public prosecutor is to notify this to the court together with the prosecutor's opinion.

(3) In addition to the particulars prescribed in paragraph (1), in handling a case where the court finds a risk of physical or property harm, threat to or confusion of the victim or victim's relatives through disclosing in an open court the mode of the crime, the state of the damage, and due to other circumstances, when it finds it appropriate after hearing the opinions of the public prosecutor and the accused or the defense counsel, it may render a ruling to such effect that particulars identifying the victim not be disclosed in an open court.

(4) Where the court comes to find that it is inappropriate for particulars identifying the victim not to be disclosed in an open court with regard to a case where the ruling set forth in paragraph (1) or the preceding paragraph was rendered, that the case no longer comes under the cases given in paragraph (1), item (i) or item (ii) owing to the applicable penal statute being withdrawn or altered pursuant to the provisions of Article 312 or that the case no longer comes under the cases given in item (iii) of the same paragraph or the cases provided for in the preceding paragraph, it must rule to rescind the ruling set forth in paragraph (1) or the preceding paragraph.

Article 291 The public prosecutor must first read out the charging sheet.

(2) Where the ruling set forth under paragraph (1) or paragraph (3) of the preceding Article has been rendered, the reading of the charging sheet set forth in the preceding paragraph is to be performed by a method whereby particulars that identify the victim are not disclosed. In this case, the public prosecutor must show the charging sheet to the accused.

(3) The presiding judge must, after the charging sheet has been read out, notify the accused that said accused may remain silent at all times or may refuse to answer particular questions, and other necessary particulars provided for in the Rules of Court to protect the rights of the accused, and must afford the accused and the defense counsel an opportunity to make a statement concerning the case.

Article 291-2 When the accused has entered a guilty plea for the charging sheet during the proceedings prescribed in paragraph (3) of the preceding Article, the court may, upon hearing the opinions of the public prosecutor, the accused and the defense counsel, rule to try the case by a summary criminal trial only with regard to the counts for which the accused has entered a guilty plea; provided however, that this does not apply to cases punishable by the death penalty, life imprisonment, life imprisonment

without work, or imprisonment or imprisonment without work whose minimum term is not less than one year.

Article 291-3    The court must, when the ruling of the preceding Article has been made for a case but the court deems it impossible or inappropriate for the case to be tried by a summary criminal trial, rescind that ruling.

Article 292    Evidence is examined after the proceeding prescribed in Article 291; provided however, that this does not apply to the proceeding to be conducted for the arrangement of issues and evidence in the pretrial arrangement proceeding provided for in Subsection 1 of the following Section.

Article 292-2    The court is to, when a request is made by the victim or others, or the legal representative of such victim to state an opinion on the sentiments or other opinions relating to the case, have them state their opinions on the trial date.

(2)    A request for the statement of opinions prescribed in the preceding paragraph must be made to the public prosecutor in advance. In this case, the public prosecutor is to notify this to the court together with the prosecutor's opinion.

(3)    The presiding judge or the associate judges may, after the victim or others, or the legal representative of such victim have stated their opinions, question them in order to clarify the purport of the statements.

(4)    The persons concerned in the case may, after the victim or others, or the legal representative of such victim have stated their opinions, question them in order to clarify the purport of their statements, with notification to the presiding judge.

(5)    The presiding judge may place restrictions on statements of opinion by the victim or others, or the legal representative of such victim or questions to be asked by persons concerned in the case to the victim or others, or legal representatives of such victim which overlap with previous statements or questions, or which are irrelevant to the case, or are otherwise inappropriate.

(6)    The provisions of Article 157-2, Article 157-3 and Article 157-4, paragraph (1) apply mutatis mutandis to the statement of opinion under the provisions of paragraph (1).

(7)    The court may, when it deems it inappropriate, considering the state of the proceedings and other circumstances, have the victim or others, or the legal representative of such victim submit written opinions in lieu of oral statements, or prohibit the stating of opinions.

(8)    When a document has been submitted under the provisions of the preceding paragraph, the presiding judge must make this clear on the trial date. In this case, the presiding judge may, when said judge finds it appropriate, read out the document or give an outline thereof.

(9)    The statement pursuant to the provisions of paragraph (1) or the document pursuant to the provisions of paragraph (7) may not be used as evidence for fact finding of the crime.

Article 293    After the examination of evidence, the public prosecutor must state opinions on the finding of facts and the application of law.

(2)    The accused and the defense counsel may state their opinions.

Article 294    The presiding judge has control over the trial proceedings on the trial date.

Article 295    The presiding judge may limit any questions or statements by persons concerned in the case when their questions or statements overlap with previous questions or statements, are irrelevant to

the case, or are otherwise inappropriate, insofar as this does not violate the essential rights of those persons. The same applies when the accused is questioned by persons concerned in the case.

(2)　When examining a witness, an expert witness, an interpreter or a translator, if the presiding judge finds that there is a risk that the body or property of these persons or their relatives may be harmed, threatened or confused and that the witness, expert witness, interpreter or translator will not be able to give full testimony if said person's address or work place or other particulars specifying the ordinary whereabouts of these persons are disclosed, the presiding judge may limit the questions concerning these particulars; provided however, that this does not apply when limitations on the public prosecutor's examination may interfere considerably with proving the case, or when limitations on the examination by the accused or the defense counsel may substantially harm the defense of the accused.

(3)　The presiding judge may limit any questions or statements, if the ruling set forth under Article 290-2, paragraph (1) or paragraph (3) has been rendered, and the questions or statements by persons concerned in the case lead to particulars identifying the victim except in cases where placing restrictions may interfere considerably with proving the case or may substantially harm the defense of the accused. The same applies when the accused is questioned by persons concerned in the case.

(4)　Where the public prosecutor or attorney acting as defense counsel, who is subject to an order pursuant to the provisions of the preceding three paragraphs, disobeys the order, the court may notify the person with the authority to direct and supervise the public prosecutor with regard to such prosecutor and the bar association to which the attorney belongs or the Japan Federation of Bar Associations with regard to the attorney who is acting as defense counsel, and may request that appropriate measures be taken.

(5)　The person who has received the request pursuant to the provisions of the preceding paragraph must notify the court of the measures that were taken.

Article 296　At the beginning of the examination of evidence, the public prosecutor must state the facts that said prosecutor intends to prove through evidence; provided however, that said prosecutor may not make any statements from which prejudice or a preconception of the case is likely to arise based on materials which are not qualified for evidence or which are not intended to be requested for examination in the court.

Article 297　The court may, upon hearing the opinions of the public prosecutor and the accused or the defense counsel, determine the scope, order and method of the examination of evidence.

(2)　The court may have one of its collegiate members carry out the proceeding prescribed in the preceding paragraph.

(3)　The court may, at any time when it finds appropriate, upon hearing the opinions of the public prosecutor and the accused or the defense counsel, change the scope, order or method of the examination of evidence determined pursuant to paragraph (1).

Article 298　The public prosecutor, the accused or the defense counsel may request examination of evidence.

(2)　The court may, when it finds necessary, examine evidence ex officio.

Article 299　When requesting examination of a witness, expert witness, interpreter or translator, the public prosecutor, the accused or the defense counsel must give the opponent an opportunity to learn of the name and address of that person in advance. When requesting examination of documentary or material evidence, the public prosecutor, the accused or the counsel of the accused must give the

opponent an opportunity to inspect the evidence in advance; provided however, that this does not apply when the opponent has no objection.

(2)　When the court rules to examine evidence ex officio, it must hear the opinion of the public prosecutor and the accused or the defense counsel.

Article 299-2　When providing the opportunity to learn of the name and address of a witness, expert witness, interpreter or translator, or the opportunity to inspect documentary or material evidence, pursuant to the provisions of paragraph (1) of the preceding Article, the public prosecutor or the defense counsel may, when they find a risk of physical or property harm, threat or confusion to the witness, expert witness, interpreter, translator, those whose names appear on the documentary or material evidence, or relatives of such persons, notify the opponent of such risk and request particular care be taken so that the address, work place and ordinary whereabouts of these persons are not disclosed to those involved in the case (including the accused) and that the safety of such persons is not otherwise threatened, unless such particulars are necessary for proof of the offense or the criminal investigation, or for the defense of the accused.

Article 299-3　When providing the opportunity to learn of the name and address of a witness, or the opportunity to inspect documentary or material evidence, pursuant to the provisions of Article 299, paragraph (1), if it is deemed that there is the risk that the reputation or the peaceful social life of the victim or others will be seriously harmed or the risk of physical or property harm, threat or confusion to the victim or victim's relatives through particulars identifying the victim being disclosed, the public prosecutor may notify the defense counsel to such effect and request that such particulars not be disclosed to the accused or other persons involved in the case, unless the particulars identifying the victim are necessary for the defense of the accused; provided however, that when requesting that the particulars not be disclosed to the accused, of the particulars identifying the victim, these particulars are limited to those other than the particulars given in the charging sheet.

Article 300　The public prosecutor must request the examination of documents admissible pursuant to the provisions of the latter part of Article 321, paragraph (1), item (ii).

Article 301　When the statement of an accused admissible pursuant to the provisions of Article 322 and Article 324, paragraph (1) is a confession, its examination may not be requested until after the other evidence for fact finding constituting the offense has been examined.

Article 302　When the documents admissible pursuant to the provisions of Articles 321 to 323 or Article 326 are part of the investigation records, the public prosecutor must, insofar as possible, have them separated from the other records, and request examination.

Article 303　The court must examine documents which contain the results of the examination of witnesses or other persons, results of inspections, searches or seizures, and objects seized in the course of trial preparation as documentary or material evidence on the trial date.

Article 304　Witnesses, expert witnesses, interpreters or translators are first examined by the presiding judge or an associate judge.

(2)　The public prosecutor, the accused or the defense counsel, by notifying the presiding judge, examine the witness, expert witness, interpreter or translator after the examination prescribed in the preceding paragraph. In this case, when the examination of the witness, expert witness, interpreter or

translator pertains to the request of the public prosecutor, the accused or the defense counsel, the one who made the request examines them first.

(3)　The court may, if it deems it appropriate, change the order of the examination prescribed in the preceding two paragraphs, upon hearing the opinions of the public prosecutor and the accused or the defense counsel.

Article 304-2　When examining a witness and finding that the witness is unable to testify sufficiently owing to the pressure of being in the presence of the accused (including cases where the measures prescribed in Article 157-3, paragraph (1) or the means prescribed in Article 157-4, paragraph (1) are taken), the court may have the accused leave the courtroom during the testimony of the witness after hearing the opinions of the public prosecutor and the defense counsel, only when defense counsel is present. After the witness has testified, the court must let the accused enter the courtroom, give the accused an outline of the testimony and give said person the opportunity to examine the witness.

Article 305　When examining documentary evidence upon the request of the public prosecutor, the accused or the defense counsel, the presiding judge must order the person who has made the request to read the documents out loud; provided however, that the presiding judge may personally read them out, or have an associate judge or court clerk do so.

(2)　When the court examines documentary evidence ex officio, the presiding judge must personally read out the documents, or have an associate judge or court clerk to do.

(3)　Where the ruling set forth under Article 290-2, paragraph (1) or paragraph (3) has been rendered, the reading of the documentary evidence set forth in the provisions of the preceding two paragraphs is to be performed by a method whereby particulars that identify the victim are not disclosed.

(4)　When examining a written statement, part of which contains a recording medium pursuant to the provisions of Article 157-4, paragraph (3), the medium is to be played in lieu of being read out as prescribed in paragraph (1) or (2); provided however, that the presiding judge may, when said judge finds it appropriate after hearing the opinions of the public prosecutor and the accused or the defense counsel, order said person who has requested the examination of that written statement, an associate judge or court clerk to state the contents of the document, or may personally state the contents, instead of playing the recording medium.

(5)　The court may, when playing the medium prescribed in Article 157-4, paragraph (3) under the provisions of the preceding paragraph, and when finding it necessary, take the measures prescribed in Article 157-3 after hearing the opinions of the public prosecutor and the accused or the defense counsel.

Article 306　When examining material evidence upon the request of the public prosecutor, the accused or the defense counsel, the presiding judge must order the person who has made that request to display it; provided however, that the presiding judge may personally display the evidence, or order an associate judge or court clerk to do so.

(2)　When examining material evidence ex officio, the presiding judge must personally display the evidence to the persons concerned in the case or order an associate judge or court clerk to do so.

Article 307　Material evidence whose purport serves as evidence is examined pursuant to the preceding Article and Article 305.

Article 307-2　The provisions of Articles 296, 297, 300 to 302, and 304 to the preceding Article do not apply to cases in which the ruling prescribed in Article 291-2 has been made, and the evidence may be

examined by an appropriate method on the trial date.

Article 308　　The court must provide sufficient opportunity for the public prosecutor and the accused or the defense counsel to challenge the probative value of the evidence.

Article 309　　The public prosecutor, the accused or the defense counsel may raise objections regarding the examination of evidence.

(2)　　The public prosecutor, the accused or the defense counsel may, in addition to the objections prescribed in the preceding paragraph, raise objections to the dispositions of the presiding judge.

(3)　　The court must make a ruling on the objections raised under the preceding two paragraphs.

Article 310　　Documentary or material evidence must be submitted to the court without delay after the examination of said evidence; provided however, that a transcript may be submitted instead of the original with the permission of the court.

Article 311　　The accused may remain silent at all times or may refuse to answer particular questions.

(2)　　If the accused makes a statement voluntarily, the presiding judge may ask the accused any necessary questions at any time.

(3)　　The associate judge, the public prosecutor, the defense counsel, the codefendant or the defense counsel of said codefendant may, by notifying the presiding judge, also ask questions as prescribed in the preceding paragraph.

Article 312　　The court must, upon the public prosecutor's request, allow the addition, withdrawal or alteration of the counts or applicable penal statutes in the charging sheet so far as this does not modify the identity of the charged facts.

(2)　　The court may order the public prosecutor to add or alter a count or applicable penal statute when the court deems it appropriate during the course of the proceedings.

(3)　　The court must, when a count or applicable penal statute has been added, withdrawn or altered, notify the accused of the part added, withdrawn or altered promptly.

(4)　　The court must, when it deems the addition or alteration in the count or the applicable penal statute may cause substantial disadvantage to the defense of the accused, rule to suspend the trial for a period necessary for the accused to prepare for a sufficient defense, upon the request of the accused or the defense counsel.

Article 313　　The court may, when it deems it appropriate, upon the request of the public prosecutor, the accused, the defense counsel or ex officio, rule to separate or consolidate the proceedings, or reopen proceedings which have been concluded.

(2)　　The court must, when it is necessary to protect the rights of the accused, rule to separate the proceedings pursuant to the Rules of Court.

Article 313-2　　The appointment of defense counsel by the court, presiding judge or a judge pursuant to the provisions of this Code remains in force even if the proceedings have been consolidated; provided however, that this does not apply if the court renders a different ruling.

(2)　　When rendering the ruling set forth under the proviso to the preceding paragraph, the court must first hear the opinions of the public prosecutor and the accused or the defense counsel.

Code of Criminal Procedure

Article 314　When the accused is in a state of insanity, the proceedings must be suspended while the accused is in such state, after hearing the opinions of the public prosecutor and the defense counsel; provided however, that when the court clearly finds that the accused is not guilty or should be barred further persecution, or that the case should be dismissed by reason of absolute discharge or dismissal of prosecution, the court may immediately render these judgments without the appearance of the accused.

(2)　When the accused is unable to appear at the trial due to illness, the proceedings must, upon hearing the opinions of the public prosecutor and the defense counsel, be ruled to be suspended until it becomes possible for the accused to appear; provided however, that this does not apply when a representative appears pursuant to the provisions of Articles 284 and 285.

(3)　When a witness essential to fact finding cannot appear on the trial date due to illness, the court must suspend the proceedings until it becomes possible for the witness to appear, except when the court deems it appropriate to examine the witness on a day other than the trial date.

(4)　Prior to suspending the trial pursuant to the preceding three paragraphs, the court must hear the opinion of a medical doctor.

Article 315　When one of the judges has been changed after the trial has been convened, the court proceedings must be renewed; provided however, that this does not apply when the court pronounces a judgment.

Article 315-2　If the ruling prescribed in Article 291-2 has been rescinded, the proceeding must be renewed; provided however, that this does not apply when there is no objection from the public prosecutor and the accused or the defense counsel.

Article 316　The proceedings conducted by a single judge of a district court remain in force, even if the case should have been tried by a panel.

Section 2 Proceedings for Arranging Issues and Evidence

Subsection 1 Pretrial Arrangement Proceedings

Division 1 General Rules

Article 316-2　When the court deems it necessary to conduct productive proceedings of a trial consecutively, systematically and speedily, the court may, after hearing the opinions of the public prosecutor and the accused or the defense counsel and prior to the first trial date, order on a ruling that the case be subject to a pretrial arrangement proceeding as trial preparation for arrangement of the issues and evidence of the case.

(2)　A pretrial arrangement proceeding is to, pursuant to the provisions of this subsection, be conducted by means of letting the persons concerned in the case appear and make a statement or letting them produce documents.

Article 316-3　The court must endeavor to ensure sufficient preparation in the pretrial arrangement proceeding and, insofar as possible, have speedy conclusion of the proceeding in order to conduct productive proceedings of the trial consecutively, systematically and speedily.

(2)　In order to have productive proceedings which are conducted consecutively, systematically and speedily, the persons concerned in the case must, in a pretrial arrangement proceeding, cooperate with one another and also must cooperate with the court willingly in the conduct of the proceeding.

Article 316-4    A pretrial arrangement proceeding may not be conducted when there is no defense counsel for the accused.

(2)    If there is no defense counsel for the accused in a pretrial arrangement proceeding, the presiding judge must appoint defense counsel ex officio.

Article 316-5    In a pretrial arrangement proceeding, the following actions may be taken:

(i)    clarification of the counts or applicable penal statutes;

(ii)    permission for addition, withdrawal or alteration of the counts or applicable penal statutes;

(iii)    arrangement of the issues of the case by having the allegation, which is planned to be given on the trial date, disclosed;

(iv)    having a request for examination of evidence made;

(v)    disclosure of the facts to be proved, the particulars to be examined and other particulars relating to the evidence requested pursuant to the provisions of the preceding item;

(vi)    confirmation of the opinion concerning the request for examination of evidence (including whether or not to give the consent prescribed in Article 326 for the documentary evidence);

(vii)    rendering of a ruling to examine the evidence or dismiss the request for examination of evidence;

(viii)    decision on the order and method of examining the evidence for which a ruling for examination has been made;

(ix)    rendering of a ruling on the filing of an objection against the examination of evidence;

(x)    rendering of a ruling on the disclosure of evidence pursuant to the provisions of division 3;

(xi)    rendering of a ruling on a request to participate in the proceedings of the case pursuant to the provisions of Article 316-33, paragraph (1), or a ruling to revoke such ruling;

(xii)    setting or changing of the trial dates and a decision on other necessary particulars for the proceedings of the trial.

Article 316-6    The presiding judge must set the date of the pretrial arrangement proceeding when said judge is to have persons concerned in the case appear.

(2)    The date of the pretrial arrangement proceeding must be notified to the public prosecutor, the accused and the defense counsel.

(3)    The presiding judge may change the date of the pretrial arrangement proceeding upon the request of the public prosecutor, the accused or the defense counsel or ex officio. In this case, the presiding judge must hear the opinions of the public prosecutor and the accused or the defense counsel in advance pursuant to the Rules of Court.

Article 316-7    When the public prosecutor or the defense counsel does not appear on the date of the pretrial arrangement proceeding, the proceedings on that date may not be conducted.

Article 316-8    When the defense counsel does not appear on the date of the pretrial arrangement proceeding or when said defense counsel leaves the proceeding, the presiding judge must appoint defense counsel ex officio.

(2)    When there is a risk that the defense counsel will not appear on the date of the pretrial arrangement proceeding, the court may appoint defense counsel ex officio.

Article 316-9    The accused may appear on the date of the pretrial arrangement proceeding.

(2)    When the court deems it to be necessary, it may ask the accused to appear on the date of the pretrial arrangement proceeding.

(3)    When the accused is to appear at the pretrial arrangement proceeding, the presiding judge must, on the first date that the accused is to appear, begin by giving notification to the accused that said person may remain silent at all times or may refuse to answer particular questions.

Article 316-10    When the court deems it necessary to confirm the intention of the accused for a statement given by the defense counsel or a document to be submitted by the defense counsel, the court may, on the date of the pretrial arrangement proceeding, ask the accused questions and have the defense counsel submit a document which is signed jointly by the accused.

Article 316-11    The court may (excluding the provisions of Article 316-5, items (ii), (vii), and (ix) to (xi)) order a member of a panel to put the case into a pretrial arrangement proceeding. In this case, the authorized judge has the same authority as the court or the presiding judge.

Article 316-12    A court clerk must attend on the date of the pretrial arrangement proceeding.

(2)    The court proceedings on the dates of the pretrial arrangement proceeding must be recorded in the records of the pretrial arrangement proceeding pursuant to the Rules of Court.

Division 2 Arrangement of Issues and Evidence

Article 316-13    When a case is put into a pretrial arrangement proceeding, the public prosecutor must submit documents in which facts planned to be proven are described ("facts planned to be proven" means the facts which are planned to be proven by evidence on the trial date; the same applies hereinafter) to the court and must also send them to the accused or the defense counsel. In this case, the public prosecutor may not describe any item from which prejudice or a preconception of the case is likely to arise based on materials which are not qualified for evidence or which are not intended to be requested for examination in court, described in the documents.

(2)    The public prosecutor must request the examination of evidence which is to be used to prove facts planned to be proven prescribed in the preceding paragraph.

(3)    Article 299, paragraph (1) does not apply to the request for the examination of evidence prescribed in the preceding paragraph.

(4)    The court is to, upon hearing the opinions of the public prosecutor and the accused or the defense counsel, set a deadline for the submission and delivery of the documents prescribed in paragraph (1) and the request prescribed in paragraph (2).

Article 316-14    The public prosecutor must promptly disclose the evidence which said prosecutor has requested to be examined pursuant to the provisions of paragraph (2) of the preceding Article (hereinafter referred to as an "Evidence for Examination Requested by the Public Prosecutor") to the accused or the defense counsel by the following means according to each category:

(i)    in the case of documentary evidence or articles of evidence, an opportunity is given to inspect (inspect and copy for the defense counsel) the documentary evidence or the articles of evidence;

(ii)    in the case of a witness, expert witness, interpreter or translator, an opportunity is given to learn of their names and addresses and to inspect (inspect and copy for the defense counsel) their recorded statement documents ("recorded statement documents" means a written statement, or a statement which has been recorded and taken down in writing and has the signature or seal of the person making the statement or a recording medium which is able to record images or sound and on which the statement

has been recorded; the same applies hereinafter) which reveal the content of that which they are supposed to state on the trial date (documents which contain an outline of the content that they are supposed to state on the trial date when there are no such recorded statement documents or when such materials are deemed inappropriate for inspection).

Article 316-15    With regard to evidence other than that which has been disclosed pursuant to the provisions of the preceding Article, belonging to any category of evidence provided in the following items and which is deemed to be important to judge the credibility of particular Evidence for Examination Requested by the Public Prosecutor, the public prosecutor must, upon the request of disclosure by the accused or the defense counsel, promptly disclose it by the means prescribed in item (i) of the same Article when said prosecutor finds it appropriate considering the extent of the importance, other necessities for disclosure in order to prepare for the defense of the accused and the contents and the extent of possible harmful effects of disclosure. In this case, the public prosecutor may, if deeming it necessary, designate the time or means of disclosure or set appropriate conditions for said disclosure:

(i)    articles of evidence;

(ii)    documents describing the results of the inspection by the court or the judge prescribed in Article 321, paragraph (2);

(iii)    documents prescribed in Article 321, paragraph (3) or equivalent documents;

(iv)    documents prescribed in Article 321, paragraph (4) or related documents;

(v)    recorded statement documents of:

    (a)    any person whom the public prosecutor has requested for examination as a witness;

    (b)    any person who has made a statement in the recorded statement documents, which the public prosecutor requested for examination, and whom the public prosecutor intends to request for examination as a witness if the recorded statement documents are not given the consent for examination prescribed in Article 326;

(vi)    in addition to those provided in the preceding items, the documents of recorded statements of a person other than the accused which contains a statement relating to the existence of a fact which the public prosecutor plans to prove directly by the particular Evidence for Examination Requested by the Public Prosecutor;

(vii)    documents of recorded statements of the accused;

(viii)    a document which a public prosecutor, a public prosecutor's assistant officer or a judicial police official is obliged to make officially in accordance with the rules relating to the interrogation records and which contains the date, time, place and other details of the interrogation of the person in custody (limited to those relating to the accused).

(2)    If the accused or the defense counsel requests the disclosure prescribed in the preceding paragraph, said person must clearly indicate the following:

(i)    a category of evidence as provided in each item of the preceding paragraph and particulars to identify the evidence which said person is requesting for disclosure;

(ii)    the importance of the evidence which is requested for disclosure in judging the credibility of the particular Evidence for Examination Requested by the Public Prosecutor and other reasons why the disclosure is necessary for preparation of the defense of the accused according to the context of the factual background, facts planned to be proven by said particular Evidence for Examination Requested by the Public Prosecutor, the connection between the evidence which is requested for disclosure and said particular Evidence for Examination Requested by the Public Prosecutor and other facts.

Article 316-16   When the accused or the defense counsel receives the documents prescribed in Article 316-13, paragraph (1) and said person has received the disclosure of evidence which should be disclosed pursuant to the provisions of Article 316-14 and paragraph (1) of the preceding Article, with regard to the Evidence for Examination Requested by the Public Prosecutor, the accused or the counsel of the accused must clearly indicate their opinion on whether said person will consent pursuant to the provisions of Article 326 or whether said person has no objection relating to the request of examination.

(2)   The court may, upon hearing the opinions of the public prosecutor and the accused or the defense counsel, set a deadline for the clarification of the opinion prescribed in the preceding paragraph.

Article 316-17   When the accused or the defense counsel receives the documents prescribed in Article 316-13, paragraph (1) and said person is disclosed evidence that should be disclosed pursuant to the provisions of Article 316-14 and Article 316-15, paragraph (1) and when said person plans to prove certain facts or intends to put forth other factual or legal allegations on the trial date, said person must clearly reveal them. In this case, the provisions of the second sentence of Article 316-13, paragraph (1) apply mutatis mutandis.

(2)   When the accused or the defense counsel plans to prove certain facts as prescribed in the preceding paragraph, said person must request examination of the evidence for use in proving the facts. In this case, the provisions of Article 316-13, paragraph (3) apply mutatis mutandis.

(3)   The court may, upon hearing the opinions of the public prosecutor and the accused or the defense counsel, set a deadline for clarification of the allegation prescribed in paragraph (1) and the request prescribed in the preceding paragraph.

Article 316-18   The accused or the defense counsel must promptly disclose the evidence which said person has requested to be examined pursuant to the provisions of paragraph (2) of the preceding Article to the public prosecutor by the following means according to each category of evidence:

(i)   in the case of documentary evidence or articles of evidence, an opportunity is given to inspect and copy the documentary evidence or the articles of evidence;

(ii)   in the case of a witness, expert witness, interpreter or translator, an opportunity is given to learn of their names and addresses and to inspect and copy their recorded statement documents which reveal the content of that which they are supposed to state on the trial date (documents which contain an outline of the content that they are supposed to state on the trial date when there are no such recorded statement documents or when such materials are deemed inappropriate for inspection).

Article 316-19   If the public prosecutor is disclosed evidence which should be disclosed pursuant to the provisions of the preceding Article, with regard to the evidence for examination requested by the accused or the defense counsel pursuant to the provisions of Article 316-17, paragraph (2), the public prosecutor must clearly indicate their opinion on whether said prosecutor will consent pursuant to the provisions of Article 326 or whether said prosecutor has no objection relating to the request for examination.

(2)   The court may, after hearing the opinions of the public prosecutor and the accused or the defense counsel, set a deadline for clarification of the opinion prescribed in the preceding paragraph.

Article 316-20   With regard to evidence other than that which has been disclosed pursuant to the provisions of Article 316-14 and Article 316-15, paragraph (1) and which is deemed to be connected to the allegation prescribed in Article 316-17, paragraph (1), the public prosecutor must, upon the request of disclosure by the accused or the defense counsel, promptly disclose it by the means prescribed in Article 316-14, item (i) when said prosecutor finds it appropriate considering the extent of the

connection, other necessities for disclosure in order to prepare for the defense of the accused, and the contents and the extent of possible harmful effects of disclosure. In this case, the public prosecutor may, if deeming it necessary, designate the time or means of disclosure or set appropriate conditions for said disclosure.

(2)　　When the accused or the defense counsel requests the disclosure prescribed in the preceding paragraph, said person must clearly indicate:

(i)　　particulars to identify the evidence which said person is requesting for disclosure;

(ii)　　the connection between the allegation prescribed in Article 316-17, paragraph (1) and the evidence which is requested for disclosure and other reasons why said disclosure is necessary to prepare for the defense of the accused.

Article 316-21　　If the public prosecutor deems it necessary to add or alter facts planned to be proven after the proceedings prescribed in Articles 316-13 to 316-20 have been completed, said prosecutor must promptly submit a document in which the addition or alteration in the facts to be proved are described to the court and send it to the accused or the defense counsel. In this case, the provisions of the second sentence of Article 316-13, paragraph (1) apply mutatis mutandis.

(2)　　When the public prosecutor deems it necessary to add a request for examination of evidence which will be used to prove facts planned to be proven, said prosecutor must promptly request examination of the evidence to be added. In this case, the provisions of Article 316-13, paragraph (3) apply mutatis mutandis.

(3)　　The court may, after hearing the opinions of the public prosecutor and the accused or the defense counsel, set deadlines for the submission and delivery of the document prescribed in paragraph (1) and the request prescribed in the preceding paragraph.

(4)　　The provisions of Article 316-14 to 316-16 apply mutatis mutandis to the evidence which is requested for examination by the public prosecutor pursuant to the provisions of paragraph (2).

Article 316-22　　If the accused or the defense counsel deems it necessary to add or alter the allegations prescribed in Article 316-17, paragraph (1) after the proceedings prescribed in Articles 316-13 to 316-20 have been completed, said person must promptly clearly indicate the court and the public prosecutor of the addition or alteration in the allegations. In this case, the provisions of the second sentence of Article 316-13, paragraph (1) apply mutatis mutandis.

(2)　　When the accused or the defense counsel deems it necessary to add a request for examination of evidence which will be used to prove facts planned to be proven, said person must promptly request examination of the evidence to be added. In this case, the provisions of Article 316-13, paragraph (3) apply mutatis mutandis.

(3)　　The court may, upon hearing the opinions of the public prosecutor and the accused or the defense counsel, set deadlines for clarification of the allegation prescribed in paragraph (1) and the request prescribed in the preceding paragraph.

(4)　　The provisions of Article 316-18 and 316-19 apply mutatis mutandis to the evidence which is requested for examination by the accused or the defense counsel pursuant to the provisions of paragraph (2).

(5)　　The provisions of Article 316-20 apply mutatis mutandis to the evidence which is deemed to be connected to the allegation to which an addition or alteration should be made pursuant to the provisions of paragraph (1).

Article 316-23   The cvovisions of Article 299-2 and 299-3 apply mutatis mutandis to cases in which the public prosecutor or the defense counsel discloses evidence pursuant to the provisions of this Division.

Article 316-24   In concluding the pretrial arrangement proceeding, the court must confirm the results of the arrangement of issues and evidence of the case with the public prosecutor and the accused or the defense counsel.

Division 3 Ruling Relating to the Disclosure of Evidence

Article 316-25   When the court deems it necessary according to the extent of necessity for the disclosure of evidence, the possible harmful effects of disclosure and other factors, it may designate the time or the means of the disclosure of evidence or set appropriate conditions for the disclosure, upon the request of the public prosecutor for evidence which should be disclosed pursuant to the provisions of Article 316-14 (including cases to which these provisions apply mutatis mutandis pursuant to the provisions of Article 316-21, paragraph (4)) and upon the request of the accused or the defense counsel for evidence which should be disclosed pursuant to the provisions of Article 316-18 (including cases to which these provisions apply mutatis mutandis pursuant to the provisions of Article 316-22, paragraph (4)) on a ruling.

(2)    If the court makes a ruling for the request prescribed in the preceding paragraph, it must hear the opinion of the opponent.

(3)    An immediate appeal against the ruling prescribed in paragraph (1) may be filed.

Article 316-26   When the court deems that the public prosecutor has not disclosed the evidence which was to be disclosed pursuant to the provisions of Article 316-14, Article 316-15, paragraph (1) (including cases in which these provisions apply mutatis mutandis pursuant to the provisions of Article 316-21, paragraph (4)) or the provisions of Article 316-20, paragraph (1) (including cases in which these provisions apply mutatis mutandis pursuant to the provisions of Article 316-22, paragraph (5)) or that the accused or the defense counsel has not disclosed the evidence which was to be disclosed pursuant to the provisions of Article 316-18 (including cases in which these provisions apply mutatis mutandis pursuant to the provisions of Article 316-22, paragraph (4)), it must, upon the request of the opponent, order the disclosure of evidence on a ruling. In this case, the court may designate the time or the means of the disclosure of evidence or set appropriate conditions for the disclosure.

(2)    If the court makes a ruling for the request prescribed in the preceding paragraph, it must hear the opinion of the opponent.

(3)    An immediate appeal against the ruling prescribed in paragraph (1) may be filed.

Article 316-27   If the court deems it necessary in making a ruling for the request prescribed in Article 316-25, paragraph (1) or paragraph (1) of the preceding Article, it may order the public prosecutor, the accused or the defense counsel to present the evidence which is requested. In this case, the court may not let anyone inspect or copy the evidence.

(2)    If the court deems it necessary in making a ruling for the request made by the accused or the defense counsel prescribed in paragraph (1) of the preceding Article, it may order the public prosecutor to present a list of the evidence that said prosecutor holds which falls within the range specified by the court. In this case, the court may not let anyone inspect or copy the list.

(3)    The provisions of paragraph (1) apply mutatis mutandis to the court where the immediate appeal prescribed in the provisions of Article 316-25, paragraph (3) or paragraph (3) of the preceding Article is

pending and the provisions of the preceding paragraph apply mutatis mutandis to the court where the immediate appeal prescribed in the provisions of paragraph (3) of the same Article is pending.

### Subsection 2 Inter-trial Arrangement Proceedings

Article 316-28    If the court deems it necessary during the course of the proceedings, the court may, after hearing the opinions of the public prosecutor and the accused or the defense counsel and after the first trial date, order on a ruling that the case be subject to an inter-trial arrangement proceeding as trial preparation for arrangement of the issues and evidence of the case.

(2)    The provisions of the preceding Subsection (excluding the provisions of Article 316-2, paragraph (1) and Article 316-9, paragraph (3)) apply mutatis mutandis to the inter-trial arrangement proceeding. In this case, the evidence that the public prosecutor, the accused or the defense counsel requested to be examined before the ruling prescribed in the preceding paragraph is deemed to be the evidence that was requested to be examined in the inter-trial arrangement proceeding and the words "the date of the pretrial arrangement proceeding" prescribed in Articles 316-6 to 316-10 and 316-12 are deemed to be "the date of the inter-trial arrangement proceeding" and the word "the records of the pretrial arrangement proceeding" prescribed in paragraph (2) of the same Article is deemed to be "the records of the inter-trial arrangement proceeding."

### Subsection 3 Special Provisions for Trial Proceedings

Article 316-29    When a case has been placed into a pretrial arrangement proceeding or an inter-trial arrangement proceeding, the court may not be convened without the presence of the defense counsel even if it is not the case prescribed in Article 289, paragraph (1).

Article 316-30    With regard to a case which has been placed in a pretrial arrangement proceeding, when the accused or the defense counsel has facts which must be proved by evidence or any other factual or legal allegations, said person must clearly reveal them after the proceeding prescribed in Article 296. In this case, the provisions of the proviso of the same Article apply mutatis mutandis.

Article 316-31    With regard to a case which has been placed in a pretrial arrangement proceeding, the court must, pursuant to the Rules of Court, reveal the results of the proceeding on the trial date after the proceeding prescribed in the preceding Article.

(2)    With regard to a case which has been placed in an inter-trial arrangement proceeding, the court must, pursuant to the Rules of Court, reveal the results of the proceeding on the trial date after the proceeding.

Article 316-32    With regard to a case which has been placed in a pretrial arrangement proceeding or an inter-trial arrangement proceeding, notwithstanding the provisions of Article 298, paragraph (1), the public prosecutor and the accused or the defense counsel may not request examination of evidence after the end of the pretrial arrangement proceeding or the inter-trial arrangement proceeding, except evidence that was not able to be requested in the proceeding because of unavoidable reasons.

(2)    The provisions of the preceding paragraph do not prevent the court from examining evidence ex officio when the court deems it to be necessary.

### Section 3 Victim Participation

Article 316-33    The court may, when it finds appropriate, make a ruling to allow the victim or others, or the legal representative of said victim to participate in the proceedings of the case after hearing the

opinions of the accused or the defense counsel and taking the nature of the crime, the relationship with the accused and other circumstances into consideration if the victim or others concerned in the case involving the following crimes, or the legal representative of said victim or an attorney who has been entrusted by said persons makes a request to participate in the proceedings of the case:

(i)    crimes causing death or injury to a person through an intentional criminal act;

(ii)    crimes provided for in Articles 176 through 178, Article 211, Article 220 or Articles 224 through 227 of the Penal Code;

(iii)    in addition to the crimes given in the preceding item, crimes where the criminal acts include criminal acts of these crimes (except for the crimes given in item (i));

(iv)    attempts of the crimes given in the preceding three items.

(2)    The request set forth under the preceding paragraph must be made to the public prosecutor in advance. In this case, the public prosecutor is to notify this to the court together with the prosecutor's opinion.

(3)    The court must, when it has become clear that the person allowed to participate in the proceedings of the case pursuant to the provisions of paragraph (1) (hereinafter referred to as the "Participating Victim") was not or no longer is the victim or others, or legal representative of said victim in said case, or where said case no longer falls under the category of a case that involves a crime given in any of the items of the same paragraph owing to the applicable penal statute being withdrawn or altered pursuant to the provisions of Article 312, rule to revoke the ruling set forth under the same paragraph. The same applies when it is deemed inappropriate to allow participation in the proceedings of the case taking into account the nature of the crime, the relationship with the accused and other circumstances.

Article 316-34    The Participating Victim or the entrusted attorney may appear on the trial dates.

(2)    The Participating Victim must be notified of the trial dates.

(3)    Where there are a large number of Participating Victims or entrusted attorneys, the court may request all or some of said persons to select a representative from among themselves to appear on the trial dates when it deems it to be so necessary.

(4)    The court may, taking into consideration the state of the proceedings, the number of Participating Victims or entrusted attorneys or other circumstances and when it deems it to be inappropriate, decide not to permit appearance on all or some of the trial dates.

(5)    The provisions of each of the preceding paragraphs apply mutatis mutandis to cases where witnesses are to be examined or inspection is to be conducted in the trial preparation.

Article 316-35    The Participating Victim or the entrusted attorney may state an opinion to the public prosecutor relating to the authority exercised by the public prosecutor pursuant to the provisions of this Code with regard to the case. In this case, if the public prosecutor exercises or does not exercise their authority, where necessary, said prosecutor must explain the reason for this to the person who stated such opinion.

Article 316-36    In examining witnesses, if the Participating Victim or the entrusted attorney makes a request to examine a witness, the court is to hear the opinion of the accused or the defense counsel and, taking into consideration the state of the proceedings, the content of the particulars of the request for examination, the number of persons making the request and other circumstances, permit the person who made the request to examine the witness on particulars necessary to challenge the probative value

of the statements of the witness with regard to the particulars relating to the circumstances (except for particulars relating to fact-finding) when it finds appropriate.

(2)    The request set forth under the preceding paragraph must be made to the public prosecutor clarifying the particulars to be examined immediately after conclusion of the examination by the public prosecutor (where the prosecutor does not conduct an examination, after the examination by the accused or the defense counsel). In this case, the public prosecutor must notify this to the court together with the prosecutor's opinion except in cases where said prosecutor is to personally examine said particulars.

(3)    Other than the cases provided for in Article 295, paragraph (1) to paragraph (3), the presiding judge may place restrictions on the examination if the examination by the Participating Victim or entrusted attorney leads to particulars other than the particulars provided for in paragraph (1).

Article 316-37    The court is to, when the Participating Victim or the entrusted attorney has made a request to ask the accused questions seeking the statement set forth in Article 311, paragraph (2), hear the opinion of the accused or the defense counsel and when it deems it necessary for the purpose of the Participating Victim or entrusted attorney stating an opinion pursuant to the provisions of this Code, it is to permit the person who made the request to ask the accused questions when it finds appropriate, taking into consideration the state of the proceedings, the content of the particulars to be asked subject to the request, the number of persons making the request and other circumstances.

(2)    The request set forth in the preceding paragraph must be made to the public prosecutor clarifying the particulars to be asked in advance. In this case, the public prosecutor is to notify the court of this, together with the prosecutor's opinion except in cases where said prosecutor is to personally request a statement on such particulars.

(3)    Other than the cases provided for in Article 295, paragraph (1) and paragraph (3), the presiding judge may place restrictions on the questions if the questions to be asked by the Participating Victim or entrusted attorney are particulars which are irrelevant for the purpose of the statement of opinion provided for in paragraph (1).

Article 316-38    The court is to, when the Participating Victim or the entrusted attorney makes a request to state an opinion on the finding of facts or the application of law, if it finds appropriate, permit the person who made the request to state an opinion on the trial date within the scope of facts specified as counts after the public prosecutor has stated an opinion pursuant to the provisions of Article 293, paragraph (1), taking into consideration the state of the proceedings, the number of persons making the request and other circumstances.

(2)    The request set forth in the preceding paragraph must be made to the public prosecutor giving an outline of the opinion to be stated in advance. In this case, the public prosecutor is to notify the court of this together with the prosecutor's opinion.

(3)    Other than the cases provided for in Article 295, paragraph (1) and paragraph (3), the presiding judge may place restrictions on the statement of opinion if the opinion stated by the Participating Victim or entrusted attorney is outside the scope of the provisions of paragraph (1).

(4)    The statement pursuant to the provisions of paragraph (1) is not to constitute evidence.

Article 316-39    If the Participating Victim appears on the trial date or in the trial preparation pursuant to the provisions of Article 316-34, paragraph (1) (including cases to which these provisions apply mutatis mutandis pursuant to the provisions of paragraph (5) of the same Article; the same applies hereinafter in paragraph (4)), when, taking into account the Participating Victim's age, mental or

physical condition or other circumstances, the Participating Victim is likely to feel extreme anxiety or tension, the court may, after hearing the opinions of the public prosecutor and the accused or the defense counsel, have the Participating Victim accompanied by a person who is appropriate for easing the Participating Victim's anxiety or tension, and is unlikely to disturb the examination of the witness by a judge or persons concerned in the case or an act seeking a statement from the accused, or the statement of persons concerned in the case, or is unlikely to unduly influence the content of the statements.

(2)　　The person accompanying the Participating Victim pursuant to the provisions of the preceding paragraph must not behave in any manner which may disturb examination of the witness by a judge or persons concerned in the case or an act seeking a statement from the accused, or the statement of persons concerned in the case, or which will unduly influence the content of the statements.

(3)　　Where the court deems that the person permitted to accompany the Participating Victim pursuant to the provisions of paragraph (1) is likely to disturb examination of the witness by a judge or persons concerned in the case or an act seeking a statement from the accused, or the statement of persons concerned in the case, or is likely to unduly influence the contents of the statements, or otherwise deems that it is inappropriate to have the person accompany the Participating Victim, it may rule to revoke the ruling set forth in the same paragraph.

(4)　　The court may take measures between the accused and the Participating Victim so that the accused is unable to discern the presence of the Participating Victim limited to only when defense counsel is present, if the Participating Victim appears on the trial date or in the trial preparation pursuant to the provisions of Article 316-34, paragraph (1), after hearing the opinions of the public prosecutor and the accused or the defense counsel, when the pressure which the Participating Victim is under is likely to negatively affect their mental wellbeing while being present, being examined, questioned or testifying in the presence of the accused and finding it appropriate, taking into account the nature of the crime, the Participating Victim's age, mental or physical condition, relationship with the accused, or due to other circumstances.

(5)　　The court may take measures so that the spectators and the Participating Victim cannot be aware of each other's presence, if the Participating Victim appears on the trial date pursuant to the provisions of Article 316-34, paragraph (1), after hearing the opinions of the public prosecutor and the accused or the defense counsel, when it finds appropriate, taking into account the nature of the crime, the Participating Victim's age, mental or physical condition or effects upon said Participating Victim's reputation or other circumstances,.

Section 4 Evidence

Article 317　　Facts are established on the basis of evidence.

Article 318　　The probative value of evidence is left to the free discretion of the judge.

Article 319　　Confession under coercion, torture, threats, after unduly prolonged detention or when there is doubt about said confession being voluntary may not be admitted as evidence.

(2)　　The accused may not be convicted when the confession, whether it was made in open court or not, is the only piece of incriminating evidence.

(3)　　The confession prescribed in the preceding two paragraphs includes admission of guilt regarding the charged offense.

Article 320    No document nor statement of another person made on a day other than the trial date may be used as evidence in lieu of a statement made on the trial date, unless as otherwise prescribed in Articles 321 to 328.

(2)    When the ruling prescribed in Article 291-2 has been rendered, the provisions of the preceding paragraph do not apply to the evidence; provided however, that this does not apply to evidence to which the public prosecutor, the accused or the defense counsel raises an objection.

Article 321    A written statement made by a person other than the accused, or a written statement recording the statement of that person and with the signature of or the seal affixed by said person may be used as evidence only in the following circumstances:

(i)    with regard to a document which contains a statement given before a judge (including those through the methods prescribed in Article 157-4, paragraph (1)), when the person who has made that statement is unable to testify on the trial date or in the trial preparation, due to death, a mental or physical disorder, their whereabouts being unknown or being out of the country, or when the person has given testimony on the trial date or in trial preparation that is inconsistent with a previous statement;

(ii)    with regard to a document which contains a statement given before a public prosecutor, when the person who has made that statement is unable to testify on the trial date or in the trial preparation, due to death, a mental or physical disorder, their whereabouts being unknown or being out of the country, or when the person has given testimony on the trial date or in the trial preparation that conflicts with or substantially differs from a previous statement; provided however, that this is limited to cases where the previous statement was made under special circumstances that afford a previous statement more credible than the statement given at the trial or in the trial preparation;

(iii)    with regard to a document other than those prescribed in the preceding two items, when the person who has given the statement is unable to testify on the trial date or in the trial preparation, due to death, their whereabouts being unknown or being out of the country, and the statement is essential to prove or disprove the facts of the crime; provided however, that this is limited to cases in which the previous statement was made under circumstances that afford special credibility.

(2)    A document which contains statements given by a person other than the accused on the trial date or in the trial preparation, or which contains the results of an inspection by a court or a judge may be used as evidence, notwithstanding the provisions of the preceding paragraph.

(3)    A document which contains the results of an inspection by a public prosecutor, a public prosecutor's assistant officer or a judicial police official may be used as evidence notwithstanding the provisions of paragraph (1), if the inspector attends the trial as a witness on the trial date and verifies upon examination the authenticity of the document that was prepared.

(4)    The provisions of the preceding paragraph are applied to a document made by an expert which describes the process and conclusion of the expert examination.

Article 321-2    A written statement, part of which is accompanied with a medium on which the examination and the testimony of a witness using the measures prescribed in Article 157-4, paragraph (1) conducted during criminal proceedings other than the trial date or the trial preparation or during other criminal proceedings, and the circumstances surrounding the witness are recorded may be used as evidence notwithstanding the provisions of paragraph (1) of the preceding Article. In this case, the court must give the persons concerned in the case an opportunity to examine those who have made statements as witnesses, after examination of the written statement.

(2)　When the court examines the written statement pursuant to the provisions of the preceding paragraph, the provisions of the proviso to Article 305, paragraph (4) do not apply.

(3)　The statement recorded in the written statement examined pursuant to the provisions of paragraph (1) of this Article is deemed to have been made on the trial date of the case under public prosecution, when applying the first part of Article 295, paragraph (1), and paragraph (1), item (i) and item (ii) of the preceding Article.

Article 322　A written statement made by the accused or a written statement recording the statement of the accused which has the accused's signature or seal affixed by said person may be used as evidence, when the statement contains an admission of a disadvantageous fact, or is made under circumstances that afford special credibility; provided however, that even if the admission is not a confession, a document which contains an admission of a disadvantageous fact may not be used as evidence when there is doubt about it being voluntary as prescribed in Article 319.

(2)　A written statement which records the statement of the accused on the trial date or in the trial preparation may be used as evidence when the statement is deemed to have been made voluntarily.

Article 323　A document other than those prescribed in the preceding three Articles may be used as evidence if the document is:

(i)　a transcript of a family register, a transcript of a notarized deed or other documents on facts which a government employee (including an officer of a foreign government) may certify and which is made by that government employee;

(ii)　an account book, a log book and other documents prepared in ordinary social activities;

(iii)　a document other than those prescribed in the preceding two items made under circumstances that afford special credibility.

Article 324　With regard to a statement made by a person other than the accused on a trial date or in a trial preparation and which contains the statement of the accused, the provisions of Article 322 apply mutatis mutandis to it.

(2)　With regard to a statement made by a person other than the accused on a trial date or in a trial preparation which contains the statement of a person other than the accused, the provisions of Article 321, paragraph (1), item (iii) apply mutatis mutandis to it.

Article 325　The court may not use a document or statement which can be used pursuant to the provisions of Article 321 to the preceding Article as evidence unless the court has examined whether the statement in the document or in the statement of other persons on the trial date or in the trial preparation has been made voluntarily.

Article 326　A document or statement that the public prosecutor or the accused has consented for use as evidence may be used as evidence notwithstanding the provisions of Articles 321 to 325 only when the court deems it appropriate considering the circumstances in which the document or statement was made.

(2)　In cases when evidence may be examined without the appearance of the accused, it is deemed that the accused has given the consent prescribed in the preceding paragraph when said accused does not appear at the trial; provided however, that this does not apply when the representative or the defense counsel appears at the trial.

Article 327    The court may, when the public prosecutor and the accused or the defense counsel have agreed to write down the content of a statement that contain the content of a certain document or a certain statement that a witness would testify to on the trial date and have submitted such written statement to the court, use it as evidence without examining the original or the witness. However, the probative value of the document may be challenged regardless.

Article 328    A document or a statement, which cannot be used as evidence pursuant to the provisions of Articles 321 to 324, may be used to challenge the probative value of the statement of the accused, the witness or other persons on the trial date or in the trial preparation.

Section 5 Decisions in Trials

Article 329    When a court has no jurisdiction over a case under public prosecution, it must render a decision of lack of jurisdiction by a judgment; provided however, that it may not render such decision on a case which has been committed to a district court for trial pursuant to the provisions of Article 266, item (ii).

Article 330    When there is an institution of prosecution for a case falling under the special jurisdiction of a high court and the high court finds the case falls under the jurisdiction of a lower court, the high court must, on a ruling, transfer the case to the court with jurisdiction notwithstanding the provisions of the preceding Article.

Article 331    A court may not render a decision of lack of territorial jurisdiction without the petition of the accused.

(2)    A petition for lack of jurisdiction may not be made after the commencement of examination of evidence on a case under public prosecution.

Article 332    When a summary court finds it reasonable for the case to be tried by a district court, it must, on a ruling, transfer the case to the district court with jurisdiction.

Article 333    When a case under public prosecution has been proven to be a crime, the court must render punishment by a judgment, except as otherwise prescribed in Article 334.

(2)    The suspended execution of a sentence must be rendered by a judgment at the same time as rendition of the punishment. The same applies to placing the person under probation pursuant to the provisions of Article 25-2, item (i) of the Penal Code.

Article 334    Exculpation of a person under public prosecution must be rendered by a judgment.

Article 335    When pronouncing a sentence, the court must signify the facts constituting the crime, the list of evidence, and the application of laws and regulations.

(2)    When it is being argued that there are legal grounds to prevent the State from establishing that a crime has been committed, or that there are grounds to increase or reduce the punishment, the court must render its judgment on this.

Article 336    When a case under public prosecution does not constitute a crime or has not been proven to be a crime, the court must render a verdict of not guilty in its judgment.

Article 337    The court must bar further prosecution through a judgment if:

(i)    a final and binding judgment has been reached in a case;

(ii)   the punishment is repealed by laws and regulations established after the crime;

(iii)  there is a general pardon;

(iv)  the statute of limitations expires.

Article 338　　The court must make a judgment to render a dismissal of prosecution when:

(i)   it has no national jurisdiction over the accused;

(ii)   the prosecution has been instituted in violation of Article 340;

(iii)  there is an institution of prosecution for the same case in the same court;

(iv)  the procedure of the institution of prosecution is ineffective because of violation of the provisions.

Article 339　　The court must, render a dismissal of prosecution on a ruling when:

(i)   the institution of prosecution ceases to be effective in accordance with the provisions of Article 271, paragraph (2);

(ii)   the facts written in the charging sheet, although they may be true, do not include any facts constituting a crime;

(iii)  the prosecution has been revoked;

(iv)  the accused is deceased or a corporation which is the accused ceases to exist;

(v)   the case may not be tried in accordance with the provisions of Article 10 or 11.

(2)   An immediate appeal against the ruling prescribed in the preceding paragraph may be filed.

Article 340　　When a ruling of dismissal of prosecution based on revocation of the prosecution becomes final and binding, prosecution for the same case may be instituted again only when there is the new discovery of an important fact.

Article 341　　When the accused does not make any statement, and said person leaves the court without permission, or is ordered to leave the court by the presiding judge for the sake of maintenance of order, the court may render a judgment without hearing said person's statement.

Article 342　　Notice of judgments is given by being pronounced in open court.

Article 343　　When a judgment to impose imprisonment without work or a greater punishment is pronounced, the bail or suspension of execution of detention loses its effect. In this case, the provisions of Article 98 apply mutatis mutandis only when there is no new ruling of bail or suspension of execution of detention.

Article 344　　The provisions of the proviso to Article 60, paragraph (2) and Article 89 do not apply after a judgment to impose imprisonment without work or a greater punishment has been pronounced.

Article 345　　When there is a notification of a decision of acquittal, bar on further prosecution, absolute discharge, suspended execution of a sentence, dismissal of prosecution (except as otherwise prescribed in Article 338, item (iv)), a fine or petty fine, the detention warrant loses its effect.

Article 346　　When there is no rendition for the confiscating of seized objects, the decision to release the seizure is deemed to have been rendered.

Article 347   The court must order the return of seized property obtained through a property crime when the reason necessitating return to the victim is clear.

(2)   The preceding paragraph applies when there is a request by a victim for delivery of an object which has been received in exchange for property obtained through a property crime.

(3)   When there is no particular rendition on a provisionally returned object, an order for return is deemed to have been rendered.

(4)   The provisions of the preceding three paragraphs do not prevent interested parties from claiming their rights in accordance with the procedures of civil actions.

Article 348   If the court, in rendering a fine, petty fine or collection of a sum of equivalent value, deems that it will be impossible or difficult to execute the judgment should there be a delay until the judgment becomes final and binding, the court may, upon a request by the public prosecutor or ex officio, order the accused to provisionally pay an amount equal to the fine, petty fine or collection of a sum of equivalent value.

(2)   An order of provisional payment must be rendered at the same time as the rendition of punishment by a judgment.

(3)   A sentence for provisional payment may be executed immediately.

Article 349   When a rendition to suspend an execution of the sentence is to be revoked, a public prosecutor must make a request for the revocation to the district, family or summary court which has jurisdiction over the present place or the last domicile of the person who has been sentenced to punishment.

(2)   When a rendition to suspend the execution of the sentence is to be revoked pursuant to Article 26-2, item (ii) of the Penal Code, the request prescribed in the preceding paragraph must be made based on a petition by the director of the probation office.

Article 349-2   When the request prescribed in the preceding Article has been made, a court must make a decision after hearing the opinion of the person who has been rendered suspension of execution or said person's representative.

(2)   In the case of the preceding paragraph, when the request is for the revoking of a rendition of suspended execution of the sentence pursuant to the provisions of Article 26-2, item (ii) of the Penal Code and when there is a request by the person who has been rendered the suspension, the proceeding must undergo an oral argument.

(3)   When it comes to undergoing an oral argument to make the ruling prescribed in paragraph (1), a person who has been rendered suspended execution of a sentence is entitled to appoint defense counsel.

(4)   When it comes to undergoing an oral argument to make the ruling prescribed in paragraph (1), the public prosecutor may, with the permission of the court, have a probation officer state their opinion.

(5)   An immediate appeal against the ruling prescribed in paragraph (1) may be filed.

Article 350   If a punishment is to be determined pursuant to the provisions of Article 52 of the Penal Code, the public prosecutor must request the court which rendered the final judgment to do so. In this case, the provisions of paragraphs (1) and (5) of the preceding Article apply mutatis mutandis.

Chapter IV Expedited Trial Proceedings

Section 1 Petitions for Expedited Trial Proceedings

Article 350-2    If a public prosecutor deems it appropriate in a case in which said prosecutor intends to institute prosecution, and the details of the factual background of the case are clear and the case is minor, and the examination of evidence is expected to be completed promptly, along with taking into account other circumstances, when it finds appropriate, upon institution of persecution, said public prosecutor may make a petition for expedited trial proceedings in writing; provided however, that this does not apply to cases which are punishable by the death penalty, life imprisonment, life imprisonment without work, or imprisonment or imprisonment without work whose minimum term is not less than one year.

(2)    A public prosecutor may not make the petition prescribed in the preceding paragraph without consent from the suspect in cases to be tried by expedited trial proceedings.

(3)    When a public prosecutor is confirming whether or not the suspect gives the consent prescribed in the preceding paragraph, said prosecutor must do so in writing. In this case, the public prosecutor must explain to the suspect the facts which are necessary to have said person understand the expedited trial proceedings (including the fact that, if said suspect does not have defense counsel, said suspect may appoint one pursuant to the provisions of the following Article) and notify said person that they may be tried pursuant to the provisions of regular rules.

(4)    When there is defense counsel for the suspect, the petition prescribed in paragraph (1) may be made only when the suspect gives the consent prescribed in paragraph (2) and when the defense counsel also gives consent or reserves giving consent to the case being tried by expedited trial proceedings.

(5)    When the suspect gives the consent prescribed in paragraph (2), and when the defense counsel gives or reserves giving the consent prescribed in the preceding paragraph, such opinions must be declared in writing.

(6)    The documents prescribed in the preceding paragraph must be attached to the documents prescribed in paragraph (1).

Article 350-3    If a suspect, who is asked for the confirmation prescribed in paragraph (3) of the preceding Article, is going to declare whether they will consent to being tried by an expedited trial proceeding and if the suspect is unable to appoint defense counsel because of indigence or other reasons, the judge must appoint defense counsel for the suspect upon the request of the accused; provided however, that this does not apply when defense counsel has been appointed by a person other than the suspect.

(2)    The provisions of Article 37-3 apply mutatis mutandis when the suspect makes the request prescribed in the preceding paragraph.

Section 2 Special Measures for Trial Preparations and Trial Proceedings

Article 350-4    When there is a petition for expedited trial proceedings and there is no defense counsel for the accused, the presiding judge must appoint defense counsel ex officio as promptly as possible.

Article 350-5    In a case in which expedited trial proceedings have been petitioned, when the public prosecutor is to give an opportunity to the accused or the defense counsel to inspect the documentary evidence or other opportunity pursuant to the provisions of Article 299, paragraph (1), the public prosecutor must give said opportunity as promptly as possible.

Article 350-6    In a case in which expedited trial proceedings have been petitioned, when the defense counsel reserves giving consent for expedited trial proceedings or when the defense counsel was appointed after the petition for the expedited trial proceedings was made, the court must ask the

defense counsel for confirmation as to whether or not consent is given to the proceedings as promptly as possible.

(2)    When the defense counsel gives the consent prescribed in the preceding paragraph, such an opinion must be declared in writing.

Article 350-7    When a petition for expedited trial proceedings has been made, the presiding judge must, after hearing the opinions of the public prosecutor and the accused or the defense counsel, set a trial date after the petition (after the consent prescribed in paragraph (1) of the preceding Article in the case referred to in the paragraph) as early as possible.

Article 350-8    In a case in which expedited trial proceeding have been petitioned, the court must decide, on a ruling, that the case is to be tried by an expedited trial proceeding when the accused states that they are guilty for the count written in the charging sheet during the proceedings prescribed in Article 291, paragraph (3), except when:

(i)    the consent prescribed in Article 350-2, paragraph (2) or (4) has been revoked;

(ii)    consent has not been given or has been revoked in the case prescribed in Article 350-6, paragraph (1);

(iii)    in addition to the cases prescribed in the preceding two items, the court deems that the case cannot be tried by expedited trial proceedings;

(iv)    the court deems the case inappropriate for expedited trial proceedings.

Article 350-9    When there is no defense counsel, the trial date for the procedure prescribed in the preceding Article and for expedited trial proceedings may not be convened.

Article 350-10    The provisions of Articles 284, 285, 296, 297, 300 to 302 and 304 to 307 do not apply to the proceedings for the ruling prescribed in Article 350-8 and trials subject to expedited trial proceedings.

(2)    In expedited trial proceedings, the evidence may be examined by means which are deemed to be appropriate at the trial date.

Article 350-11    In cases in which the ruling of Article 350-8 has been made, the court must revoke the ruling when:

(i)    the accused or the defense counsel revokes consent for expedited trial proceedings before the judgment;

(ii)    the accused revokes the statement that the accused is guilty for the count written in the charging sheet before the judgment;

(iii)    in addition to the cases prescribed in the preceding two items, the court deems that the case cannot be tried by expedited trial proceedings;

(iv)    the court deems the case to be inappropriate for expedited trial proceedings.

(2)    If the ruling prescribed in Article 350-8 is revoked pursuant to the provisions of the preceding paragraph, the trial proceeding must be renewed; provided however, that this does not apply when there is no objection from the public prosecutor, and the accused or the defense counsel.

Section 3 Special Measures for Evidence

Article 350-12　　The provisions of Article 320, paragraph (1) do not apply to evidence in cases for which the ruling provided by Article 350-8 has been made; provided however, that this does not apply when the public prosecutor, the accused or the defense counsel files an objection against the qualification.

Section 4 Special Measures for Judicial Decisions in Trials

Article 350-13　　With regard to cases for which the ruling provided for in Article 350-8 has been made, the court must render a judgment, insofar as possible, within one day.

Article 350-14　　If a court renders a judgment of imprisonment or imprisonment without work in expedited trial proceedings, it must render suspended execution of the sentence.