# EXHIBIT C

　この刑事訴訟法の翻訳は、平成十八年法律第三十六号までの改正（平成１８年５月８日施行）について、「法令用語日英標準対訳辞書」（平成１９年３月版）に準拠して作成したものです。
　なお、この法令の翻訳は公定訳ではありません。法的効力を有するのは日本語の法令自体であり、翻訳はあくまでその理解を助けるための参考資料です。この翻訳の利用に伴って発生した問題について、一切の責任を負いかねますので、法律上の問題に関しては、官報に掲載された日本語の法令を参照してください。

This English translation of the Code of Criminal Procedure has been prepared (up to the revisions of Act No. 36 of 2006 (Effective May 8, 2006)) in compliance with the Standard Bilingual Dictionary (March 2007 edition).

This is an unofficial translation. Only the original Japanese texts of laws and regulations have legal effect, and translations are to be used solely as reference material to aid in the understanding of Japanese laws and regulations.

The Government of Japan will not be responsible for the accuracy, reliability or currency of the legislative material provided on this website, or for any consequence resulting from use of the information on this website. For all purposes of interpreting and applying the law to any legal issue or dispute, users should consult the original Japanese texts published in the Official Gazette.

# The Code of Criminal Procedure (Act No. 131 of 1948)

## Part I General Provisions

### Article 1

The purpose of this Code, with regard to criminal cases, is to reveal the true facts of cases and to apply and realize criminal laws and regulations quickly and appropriately, while ensuring the maintenance of public welfare and the guarantee of the fundamental human rights of individuals.

### Chapter I Jurisdiction of the Courts

### Article 2

(1) The territorial jurisdiction of the courts shall be determined by the place where the crime was committed, the place where the domicile or the residence of the accused is located, or the place where the accused is at present.

(2) With respect to a crime committed on board a Japanese vessel while outside Japanese territory, the territorial jurisdiction shall be determined, in addition to the places prescribed in the preceding paragraph, by the place of the port of registry of such vessel or the place of the port of call after the crime was committed.

(3) With respect to a crime committed on a Japanese aircraft outside Japanese territory, the territorial jurisdiction shall be determined, in addition to the places prescribed in paragraph (1), by the place where such aircraft landed (including

landing on water）after the crime was committed.

## Article 3

（1）When two or more cases falling under the subject matter jurisdiction of different courts are related to each other, a higher court may exercise jurisdiction over all of them jointly.

（2）When a case falls under the special jurisdiction of a high court and other cases are related to it, the high court may exercise jurisdiction over all of the cases jointly.

## Article 4

When two or more related cases falling under the subject matter jurisdiction of different courts are pending before a higher court and there is any case which need not be tried jointly by it, the higher court may, by a ruling, transfer such case to a lower court which has jurisdiction over it.

## Article 5

（1）When two or more related cases are separately pending before a higher court and a lower court, the higher court may, by a ruling, regardless of the subject matter jurisdiction, try the case falling under the jurisdiction of the lower court jointly.

（2）When a case falling under the special jurisdiction of a high court is pending before it and a related case is pending before a lower court, the high court may, by a ruling, try the case falling under the jurisdiction of the lower court jointly.

## Article 6

When two or more cases falling under the territorial jurisdiction of different courts are related to each other, any court which has jurisdiction over one of these cases may exercise jurisdiction over the others jointly; provided, however, that such court shall not exercise jurisdiction over a case which falls under the jurisdiction of a particular court pursuant to the provisions of other acts.

## Article 7

When two or more related cases falling under the territorial jurisdiction of different courts are pending before one court and there is any case which need not be tried jointly by it, the court may, by a ruling, transfer such case to another court which has jurisdiction over it.

## Article 8

（1）When two or more related cases are separately pending before different courts

which have the same subject matter jurisdiction, each court may, upon the request of a public prosecutor or the accused, decide by a ruling, that they shall be tried jointly in one court.

(2) When the rulings of several courts as given in the preceding paragraph have not come to an accord, the next higher court common to all of these courts may, upon the request of a public prosecutor or the accused, decide by a ruling, that the cases shall be tried jointly in one court.

## Article 9

(1) Two or more cases shall be deemed to be related when:
　(i) 　One person has committed several crimes;
　(ii) 　Several persons have jointly committed the same crime or several separate crimes;
　(iii) 　Several persons have conspired with one other, and each of them has committed crimes separately.

(2) The crimes of harboring criminals, suppressing evidence, perjury, false expert evidence or interpretation and the crime concerning stolen property on the one hand, and the crime of the principal offender on the other, shall be deemed to have been committed jointly.

## Article 10

(1) When the same case is pending before several courts differing in subject matter jurisdiction, it shall be tried by a higher court.

(2) The higher court may, upon the request of a public prosecutor or the accused, decide by a ruling, that a lower court which has jurisdiction over the case shall try it.

## Article 11

(1) When the same case is pending before several courts which have the same subject matter jurisdiction, it shall be tried by the court in which prosecution was instituted first.

(2) The next higher court common to all of these courts may, upon the request of a public prosecutor or the accused, decide by a ruling, that the case shall be tried by a court in which prosecution was instituted later.

## Article 12

(1) When it is necessary for the purpose of discovering facts, a court may execute its duties outside the district under its jurisdiction.

(2) The provision of the preceding paragraph shall apply mutatis mutandis to a commissioned judge.

- 3 -

**Article 13**

The court proceedings shall not lose their effects by reason of lacking jurisdiction.

**Article 14**

(1) In a case requiring urgency, a court may, even when it has no jurisdiction, take such measures as may be necessary for discovery of facts.

(2) The provision of the preceding paragraph shall apply mutatis mutandis to a commissioned judge.

**Article 15**

A public prosecutor shall request the next higher court common to all of the relevant courts of first instance to designate the court which shall have jurisdiction when:

(i)  The competent court of jurisdiction cannot be determined since the jurisdictional district is not clear;

(ii)  There is no other court with jurisdiction over a case with respect to which a decision has become final that a certain court lacks jurisdiction.

**Article 16**

When there is, by act, no court which has jurisdiction, or when it is impossible to ascertain such court, the Prosecutor-General shall request the Supreme Court to designate the court which is to have jurisdiction.

**Article 17**

(1) A public prosecutor shall request the next higher court of the court concerned to effect a change of jurisdiction when:

(i)  The competent court is unable to exercise its jurisdiction owing to legal reasons or special circumstances;

(ii)  There is the fear that the impartiality of the trial cannot be maintained owing to the general sentiment of the local people in the district, the state of the proceedings or any other circumstances.

(2) In the cases prescribed in each of the items of the preceding paragraph, the accused may also request a change of jurisdiction.

**Article 18**

When, owing to the nature of the crime, the general sentiment of the local people in the district or any other circumstances, there is the fear that public safety will be disrupted if the case were to be tried by the court which has jurisdiction over it, the Prosecutor-General shall request the Supreme Court to effect a change of jurisdiction.

**Article 19**

(1) When a court deems it appropriate, the court may, either upon the request of a public prosecutor or the accused, or ex officio, by a ruling, transfer a case under its jurisdiction to another competent court which has the same subject matter jurisdiction.

(2) The ruling of a transfer shall not be made once examination of the evidence for the case has commenced.

(3) Only when a ruling in favor of a transfer or a ruling dismissing a request for a transfer seriously impairs the interests of a party may an immediate appeal against such ruling be filed by a prima facie showing of such grounds.

## Chapter II Disqualification and Recusal of Court Officials

**Article 20**

A judge shall be disqualified from execution of his/her duty when:

(i)     The judge is the victim;

(ii)    The judge is or was a relative of the accused or the victim;

(iii)   The judge is a legal representative, supervisor of a guardian, curator, supervisor of a curator, assistant, or supervisor of an assistant for the accused or the victim;

(iv)    The judge has become a witness or an expert witness in the case;

(v)     The judge has become a representative, counsel or assistant for the accused in the case;

(vi)    The judge has executed the duty of a public prosecutor or a judicial police officer in the case;

(vii)  With regard to the case, the judge has participated in a ruling, summary order or the decision of the lower court prescribed in item (ii) of Article 266, or in the original judgment of a case which was sent back or transferred pursuant to the provisions of Articles 398 to 400, 412, or 413, or in the examination of evidence which formed the basis of such decisions; provided, however, that this shall not apply when he/she participated as a delegated judge.

**Article 21**

(1) When a judge is to be disqualified from execution of his/her duty, or there is the fear that he/she may make a prejudicial decision, a public prosecutor or the accused may recuse such judge.

(2) The counsel may recuse a judge on behalf of the accused; provided, however, that; provided that such recusal is not contrary to the intent expressed by the accused.

## Article 22

Once a request or a statement has been made with regard to a case, a party shall not recuse a judge on the grounds that there is the fear that he/she may make a prejudicial decision; provided, however, that this shall not apply when the party did not know of the existence of a cause for recusal or when such cause occurred later.

## Article 23

（1） When a judge who is a member of a collegiate panel is recused, the court to which such judge is assigned shall make the ruling. In such case, when the court is a district court or a family court, the ruling shall be made by a collegiate panel.

（2） When an individual judge who is assigned to a district court or family court is recused, a collegiate panel which is assigned to the same district or family court shall make the ruling. When an individual judge who is assigned to a summary court is recused, a collegiate panel which is assigned to the district court which has jurisdiction shall make the ruling; provided, however, that when the recused judge admits that the recusal has cause, such ruling shall be deemed to have been made.

（3） The recused judge shall not participate in the ruling prescribed in the preceding two paragraphs.

（4） When the court is unable to make the ruling because of the withdrawal of the recused judge, the ruling shall be rendered by the next higher court.

## Article 24

（1） When it is clear that the recusal of a judge has been made merely for the purpose of delaying the proceedings, such recusal shall be dismissed by a ruling. Paragraph （3） of the preceding Article shall not apply to such case. The same shall apply to a ruling of dismissal against a recusal which was made in violation of Article 22 or the procedures established by the Rules of Court.

（2） In the cases given in the preceding paragraph, a recused commissioned judge or a recused judge of a district court, family court or summary court, may dismiss the recusal.

## Article 25

An immediate appeal against a ruling of dismissal of a recusal may be filed.

## Article 26

（1） The provisions of this chapter shall apply mutatis mutandis to court clerks except for the provisions of item （vii） of Article 20.

（2） The court to which the court clerk is assigned shall make the ruling; provided, however, that in cases prescribed in paragraph （1） of Article 24, the commissioned

judge to whom the court clerk is assigned may make the ruling to dismiss the recusal.

### Chapter III Competence to Stand Trial

**Article 27**
(1) When the accused or the suspect is a legal person, its representative shall represent it with regard to a procedural action.
(2) When a legal person is represented by two or more persons jointly, each person shall represent it with regard to a procedural action.

**Article 28**
When the accused or the suspect lacks mental capacity regarding a case to which the provisions of Article 39 or 41 of the Penal Code (Act No. 45 of 1907) do not apply, his/her legal representative (when there are two persons who have parental authority, respectively; the same shall apply hereinafter) shall, with regard to a procedural action, represent him/her.

**Article 29**
(1) When, pursuant to the provisions of the preceding two Articles, there is no one to represent the accused, the court shall, upon the request of a public prosecutor or ex officio, appoint a special representative.
(2) When pursuant to the provisions of the preceding two Articles, there is no one to represent the suspect, the court shall, upon the request of a public prosecutor, judicial police officer or an interested person, appoint a special representative.
(3) The special representative shall exercise his/her functions until another person is able to represent the accused or the suspect with regard to procedural actions.

### Chapter IV Counsel and Assistants

**Article 30**
(1) The accused or the suspect may appoint counsel at any time.
(2) The legal representative, curator, spouse, lineal relative, brother or sister of the accused or suspect may independently appoint counsel.

**Article 31**
(1) A counsel shall be appointed from among lawyers.
(2) In a summary court, family court or district court, any person who is not a lawyer may, with the permission of the court, be appointed to be a counsel; provided, however, that this shall apply, in a district court, only when there is

another counsel appointed from among lawyers.

## Article 32
(1) The appointment of counsel made prior to the institution of prosecution shall have its effect also in the trial of first instance.
(2) The appointment of counsel after the institution of prosecution shall be made at each instance.

## Article 33
When there is more than one counsel for the accused, a chief defense counsel shall be designated pursuant to the Rules of Court.

## Article 34
The judicial power of the chief counsel prescribed in the preceding Article shall be provided by the Rules of Court.

## Article 35
The court may limit the number of counsel of the accused or the suspect pursuant to the Rules of Court; provided, however, that with regard to the counsel for the accused, this shall only be when there are special circumstances.

## Article 36
When the accused is unable to appoint counsel because of indigency or other reasons, the court shall appoint counsel for the accused upon his/her request; provided, however, that this shall not apply when counsel has been appointed by a person other than the accused.

## Article 37
The court may appoint counsel ex-officio if there is no counsel for the accused when:
  (i)    The accused is a minor;
  (ii)   The accused is over seventy years of age;
  (iii)  The accused is unable to hear or speak;
  (iv)  There is the possibility that the accused is insane or has diminished capacity;
  (v)   It is deemed necessary for other reasons.

## Article 38
(1) A counsel to be appointed by a court or a presiding judge pursuant to the provisions of this Code shall be appointed from among lawyers.

(2) The counsel who is appointed pursuant to the provision of the preceding paragraph shall be entitled to travel expenses, a daily allowance, accommodation charges and remuneration.

## Article 39

(1) The accused or the suspect in custody may, without any official being present, have an interview with, or send to or receive documents or articles from counsel or prospective counsel upon the request of a person entitled to appoint counsel (with regard to a person who is not a lawyer, this shall apply only after the permission prescribed in paragraph (2) of Article 31 has been obtained).

(2) With regard to the interview or the sending or receiving of documents or articles prescribed in the preceding paragraph, such measures may be provided by laws and regulations (including the Rules of Court; the same shall apply hereinafter) as are necessary to prevent the flight of the accused or the suspect, the concealment or destruction of evidence, or the sending or receiving of articles which may hinder safe custody.

(3) A public prosecutor, public prosecutor's assistant officer or judicial police official ("judicial police official" means both a judicial police officer and a judicial constable; the same shall apply hereinafter) may, when it is necessary for investigation, designate the date, place and time of the interview or sending or receiving of documents or articles prescribed in paragraph (1) only prior to the institution of prosecution; provided, however, that such designation shall not unduly restrict the rights of the suspect to prepare for defense.

## Article 40

(1) A counsel may, after the institution of prosecution, inspect and copy in the court, documents and articles of evidence relating to the trial; provided, however, that the counsel shall obtain permission from the presiding judge when copying the articles of evidence.

(2) Notwithstanding the preceding paragraph, the recording medium prescribed in paragraph (3) of Article 157-4 shall not be copied.

## Article 41

A counsel may undertake a procedural action independently only when especially provided for in this Code.

## Article 42

(1) The legal representative, curator, spouse, lineal relative, brother or sister of the accused may become an authorized assistant at any time.

(2) In order to become an authorized assistant, notification shall be given at each

instance.

(3) An authorized assistant may undertake a procedural action that the accused is able to undertake insofar as it is not contrary to the intent expressed by the accused; provided, however, that this shall not apply when otherwise provided for in this Code.

### Chapter V Decisions

### Article 43

(1) Except as otherwise provided for in this Code, a judgment shall be rendered on the basis of oral arguments.

(2) A ruling or an order shall not necessarily be made on the basis of the oral arguments.

(3) The court or a judge may, when it is necessary to make a ruling or an order, conduct an examination of the facts.

(4) The examination prescribed in the preceding paragraph may be made by a judge who is a member of a collegiate panel, or may be delegated to a judge of a district court, family court or summary court.

### Article 44

(1) A decision shall be accompanied by the reason thereof.

(2) A ruling or an order against which no appeal can be filed need not be accompanied by the reason; provided, however, that this shall not apply to a ruling against which an objection may be filed pursuant to the provision of paragraph (2) of Article 428.

### Article 45

A decision other than a judgment may be made by an assistant judge.

### Article 46

The accused or any other person concerned in the case may request, at his/her own cost, a transcript or an extract of the written decision or the trial record in which the decision is recorded.

### Chapter VI Documents and Service

### Article 47

No document relating to the trial shall be made public prior to the commencement of the trial; provided, however, that this shall not apply when it is necessary for the public interest or other reasons, and when the court believes it to be appropriate.

**Article 48**

(1) The court proceedings on the trial dates shall be recorded in the trial records.

(2) Important matters relating to the trial on the trial dates shall be recorded in the trial records pursuant to the Rules of Court.

(3) The trial records shall be completed promptly after each trial date, and, at the latest, by the time of pronouncement of the judgment; provided, however, that this shall not apply to the trial record for the trial date on which the judgment is pronounced.

**Article 49**

The accused, when he/she has no counsel, may inspect the trial records pursuant to the Rules of Court. When the accused is unable to read or see, he/she may request the trial records to be read out aloud.

**Article 50**

(1) When the trial records have not been completed by the time of the next trial date, the court clerk shall, upon the request of a public prosecutor, the accused or counsel, give either on or before the next trial date, a summary of the statements given by the witnesses in the last trial. In this case, when the public prosecutor, the accused or the counsel who has made the request raises an objection to the accuracy of the summary of the statements, such objection shall be recorded in the trial records.

(2) When the trial records of a trial without the appearance of the accused and counsel have not been completed before the next trial date, the court clerk shall inform, either on or before the next trial date, the accused or the counsel who has appeared of important matters relating to the trial held on the previous trial date.

**Article 51**

(1) A public prosecutor, the accused or counsel may raise an objection to the accuracy of the trial records. When such an objection is raised, it shall be so recorded in the trial records.

(2) The objection prescribed in the preceding paragraph shall be raised, at the latest, within 14 days after the last trial date of that instance; provided, however, that with regard to the trial record for the trial date on which the judgment is pronounced, the objection may be raised within 14 days after completion of the trial records.

**Article 52**

The court proceedings on the trial dates recorded in the trial records shall be

proved only by the trial records.

**Article 53**

（1）Any person may inspect the case records after conclusion of the case; provided, however, that this shall not apply when such inspection interferes with the preservation of the case records or the business of the court or the public prosecutors office.

（2）Notwithstanding the preceding paragraph, only persons concerned in the case or a person who has justifiable reason and has been specially granted permission by the custodian may inspect the case records in which a prohibition has been imposed on the oral arguments being made open to the public or on the case records being inspected owing to the inappropriateness of inspection by the public.

（3）With regard to the cases prescribed in the provision of paragraph（2）of Article 82 of the Constitution of Japan, the case records shall not be prohibited for inspection.

（4）Matters concerning the preservation of the case records and the fees for inspection of the case records shall be provided by other acts.

**Article 53-2**

The provisions of the Law Concerning Access to Information Held by Administrative Organs（Law No. 42 of 1999）shall not apply to documents relating to trials and seized articles.

**Article 54**

Except as otherwise provided for by the Rules of Court, the provisions of laws and regulations concerning civil procedure（excluding the provisions concerning service by public notification）shall apply mutatis mutandis to the service of documents.

**Chapter VII Periods**

**Article 55**

（1）In the calculation of periods, those that are calculated by hours shall begin to run immediately, and those that are calculated by days, months or years shall not include the first day; provided, however, that the first day of a period of prescription shall be included as one day irrespective of the hours of that day.

（2）Months and years shall be calculated in accordance with the calendar

（3）When the last day of a period falls on a Sunday, Saturday, a national holiday prescribed in the Act on National Holidays（Act No. 178 of 1948）, January 2nd, January 3rd or December 29th‐31st, it shall not be included in the period; provided, however, that this shall not apply to the period of prescription.

**Article 56**

(1)  A period specified by act may be extended pursuant to the Rules of Court in consideration of the distance between the place where the residence or the office of the person who is to undertake a procedural action is located and the place where the court or the public prosecutors office is located, and the inconvenience of transportation and communication facilities.

(2)  The preceding paragraph shall not apply to the period for filing an appeal against a pronounced decision.

### Chapter VIII  Summons, Subpoena and Detention of the Accused

**Article 57**

The court may, setting the reasonable period of suspension prescribed in the Rules of Court, summon the accused.

**Article 58**

The court may subpoena the accused when:

(i)  The accused has no fixed residence;

(ii)  The accused disobeys the summons without justifiable reason, or poses a risk that he/she would do so.

**Article 59**

The subpoenaed accused shall be released within twenty-four hours from the time when he/she was brought to the court; provided, however, that this shall not apply when a detention warrant is issued within the prescribed time.

**Article 60**

(1)  The court may detain the accused when there is probable cause to suspect that he/she has committed a crime and when:

(i)  The accused has no fixed residence;

(ii)  There is probable cause to suspect that he/she may conceal or destroy evidence;

(iii)  The accused has fled or there is probable cause to suspect that he/she may flee.

(2)  The period of detention shall be two months from the date of institution of prosecution. In cases where it is especially necessary to continue the detention, the period may, by a ruling with a specific reason, be extended for additional one-month periods; provided, however, that the extension shall only be allowed once, except as otherwise prescribed in item (i), (iii), (iv) or (vi) of Article 89.

(3) With regard to cases which shall be punished with a fine of not more than 300,000 yen (with regard to crimes other than those under the Penal Code, the Act on Punishment of Physical Violence and Others (Act No. 60 of 1925), and the Act on Penal Provisions related to Economic Activities (Act No. 4 of 1944), 20,000 yen for the time being), a misdemeanor detention or petty fine, the provision of paragraph (1) of this Article shall apply only when the accused has no fixed residence.

## Article 61

The accused may not be detained unless he/she has been informed of the case and a statement has been taken from him/her; provided, however, that this shall not apply when he/she has fled.

## Article 62

The summons, subpoena or detention of the accused shall not be executed without the issuance of a summons, subpoena or detention warrant.

## Article 63

A summons shall contain the name and residence of the accused, the crime, the date, time and location of appearance, a statement that a subpoena may be issued when he/she does not appear without justifiable reason, and other matters prescribed in the Rules of Court; and the presiding judge or the commissioned judge shall affix his/her name and seal to it.

## Article 64

(1) A subpoena or detention warrant shall contain the name and residence of the accused, the crime, a summary of the charged facts, the place where the accused is to be brought or the prison where he/she is to be detained, the valid period and a statement that after expiry of the valid period the subpoena or detention warrant shall not be executed but shall be returned, the date of issue, and other matters prescribed in the Court Rules; and the presiding judge or the commissioned judge shall affix his/her name and seal to it.

(2) When the name of the accused is unknown, he/she may be referred to by a description of his/her face, physique or other features which can identify him/her.

(3) When the residence of the accused is unknown, it need not be written down.

## Article 65

(1) A summons shall be served.

(2) When the accused has submitted a document stating that he/she will appear on the trial date, or when the court has orally instructed the accused in court to

appear on the next trial date, it shall have the same effect as a summons being served. When the court has orally instructed the accused, it shall be so recorded in the trial records.

（3）The accused detained in a prison near the court may be summoned by notifying a prison official. In this case, a summons shall be deemed to have been served when the accused is notified by the prison official.

### Article 66

（1）The court may delegate a judge of the district court, family court or summary court of the present place of the accused to subpoena him/her.

（2）The delegated judge may re-delegate a judge of another district court, family court or summary court, who has the competence to be delegated.

（3）The delegated judge may, when he/she lacks the competence for the delegated matters, transfer them to a judge of another district court, family court or summary court, who has the competence to be delegated.

（4）The delegated judge or the judge who received the transfer shall issue a subpoena.

（5）The provision of Article 64 shall apply mutatis mutandis to the subpoena prescribed in the preceding paragraph. In this case, a statement that the warrant is issued through delegation shall be on the warrant.

### Article 67

（1）In the case of the preceding Article, the judge who has issued a subpoena through delegation shall, within twenty-four hours from the time the accused is brought before him/her, examine his/her identity.

（2）When the identity of the accused has been confirmed, the judge shall promptly and directly refer him/her to the designated court. In such case, the judge who issued the subpoena through delegation shall determine a period within which the accused is to arrive at the designated court.

（3）In the case of the preceding paragraph, calculation of the period prescribed in Article 59 shall begin from the time when the accused arrived at the designated court.

### Article 68

The court may, when it believes it to be necessary, order the accused to appear or to be accompanied to a designated place. When the accused disobeys the order without justifiable reason, the court may subpoena him/her to that place. In such case, calculation of the period prescribed in Article 59 shall begin from the time when the accused was brought to the place.

## Article 69

The presiding judge may, in a case requiring urgency, take the measures prescribed in Articles 57 to 62, Articles 65 and 66 and the preceding Article, or commission such measures to the judge of a collegiate panel.

## Article 70

（1） A subpoena or detention warrant shall, under the direction of a public prosecutor, be executed by a public prosecutor's assistant officer or a judicial police official; provided, however, that in a case requiring urgency, the presiding judge, a commissioned judge or a judge of a district court, family court or summary court may direct its execution.

（2） A subpoena issued for an accused in prison shall be executed by a prison official under the direction of a public prosecutor.

## Article 71

A public prosecutor's assistant officer or a judicial police officer may, when he/she believes it to be necessary, execute the subpoena or detention warrant outside of his/her jurisdiction, or request a public prosecutor's assistant officer or a judicial police officer in the jurisdiction to execute it.

## Article 72

（1） When the present place of the accused is unknown, the presiding judge may delegate investigation of the accused and execution of the subpoena or detention warrant to the Superintending Prosecutor.

（2） The delegated Superintending Prosecutor shall order a public prosecutor of the jurisdiction to conduct the procedures of investigation and execution of the subpoena or detention warrant.

## Article 73

（1） In the execution of the subpoena, the subpoena shall be shown to the accused, and the accused shall be brought to the court or the designated place directly and as soon as possible. With regard to execution of the subpoena prescribed in paragraph （4） of Article 66, the accused shall be brought to the judge who issued it.

（2） In the execution of the detention warrant, the warrant shall be shown to the accused, and the accused shall be brought to the designated prison directly and as soon as possible.

（3） When the subpoena or detention warrant cannot be shown to the accused because it is not in the executing officer's possession, and when there is urgent need, the warrant may, notwithstanding the preceding two paragraphs, be

executed after giving the accused a summary of the charged facts and informing him/her that the warrant has been issued; provided, however, that the warrant shall be shown as soon as possible after that.

### Article 74

When it is necessary to escort the accused under execution of a subpoena or detention warrant, the accused may be detained temporarily in the nearest prison.

### Article 75

When it is necessary to bring the accused to the court or designated place under execution of a detention warrant, the accused may be detained in a prison.

### Article 76

(1) When the accused has been subpoenaed, the accused shall immediately be notified of a summary of the charged facts, that he/she has the right to appoint counsel, and that, when he/she is unable to appoint counsel him/herself because of indigence or other reasons, he/she is entitled to request the court to appoint counsel instead; provided, however, that when counsel has been appointed for the accused, only a summary of the charged facts need be given.

(2) A judge of a collegiate panel or a court clerk may be commissioned to give the notification in the preceding paragraph.

(3) When the subpoena has been issued in accordance with paragraph (4) of Article 66, the notification in paragraph (1) of this Article shall be given by the judge who issued the warrant; provided, however, that the judge may commission a court clerk to give the notification.

### Article 77

(1) When the accused is to be detained, except when detained just after being arrested or subpoenaed, the accused shall immediately be notified that he/she is entitled to appoint counsel and that, when he/she is unable to appoint counsel him/herself because of indigence or other reasons, he/she is entitled to request the court to appoint counsel instead; provided, however, that this shall not apply when counsel has been appointed for the accused.

(2) In cases of the proviso of Article 61, immediately after detention of the accused, the accused shall be given a summary of the charged facts in addition to the matters prescribed in the preceding paragraph; provided, however, that when counsel has been appointed for the accused, only a summary of the charged facts need be given.

(3) The provision of paragraph (2) of the preceding Article shall apply mutatis mutandis to the notification prescribed in the preceding two paragraphs.

## Article 78

(1) The accused under subpoena or detention may make a request to the court, the prison warden or his/her deputy for appointment of counsel, specifying an attorney, legal professional corporation or bar association; provided, however, that this shall not apply when the accused already has counsel.

(2) The court, the prison warden or his/her deputy requested by the accused as prescribed in the preceding paragraph shall immediately notify the attorney, legal professional corporation or bar association specified by the accused of the request. When the accused has specified two or more attorneys, legal professional corporations or bar associations and made the request as so prescribed in the preceding paragraph, the court, the prison warden or his/her deputy need only notify one of them.

## Article 79

When the accused has been detained, his or her counsel shall be notified immediately. When no counsel has been appointed for the accused, notification shall be given to the person who has been specified by the accused from among his/her legal representative, curator, spouse, lineal relatives and siblings.

## Article 80

The accused under detention may, subject to relevant laws and regulations, have an interview with, or send to or receive documents or articles from persons other than those prescribed in paragraph (1) of Article 39. The same shall apply to an accused who is detained in a prison by a subpoena.

## Article 81

The court may, when there is probable cause to suspect that the accused under detention may flee or conceal or destroy evidence, upon the request of a public prosecutor or ex officio, prohibit the accused from having an interview with persons other than those prescribed in paragraph (1) of Article 39, or censor the documents or articles sent or received by the accused, prohibit the sending or receiving of them or seize them; provided, however, that food may not be subject to the prohibition on sending or receiving or seizure.

## Article 82

(1) The accused under detention may request the court to disclose the grounds for detention.

(2) The defense counsel, legal representative, curator, spouse, lineal relative, sibling or other interested person of the accused under detention may also request the

disclosure prescribed in the preceding paragraph.

（3） The requests prescribed in the preceding two paragraphs shall, when bail is granted or execution of detention is suspended or rescinded or when the detention warrant becomes ineffective, lose their effect.

## Article 83

（1） The grounds for detention shall be disclosed in an open court.

（2） The court shall be convened in the presence of a judge and court clerks.

（3） The court may not be convened without the presence of the accused and his/her counsel; provided, however, that this shall not apply when the accused him/herself cannot attend the court because of illness or other unavoidable reasons and he/she has no objection, or when the accused has no objection to his/her counsel not appearing.

## Article 84

（1） The presiding judge shall give the grounds for detention in court.

（2） The public prosecutor, the accused or his/her counsel, and other requesting persons may state their opinions; provided, however, that the presiding judge may, when he/she believes it to be appropriate, order them to submit written opinions in lieu of oral statements.

## Article 85

A judge of a collegiate panel may be commissioned to disclose the grounds for detention.

## Article 86

When more than one request prescribed in Article 82 has been made with respect to the same detention, the grounds for detention shall be disclosed with regard to the first request. The other requests shall be dismissed by a ruling after disclosure of the grounds for detention.

## Article 87

（1） When the grounds or necessity of detention no longer exist, the court shall, upon the request of a public prosecutor, the accused under detention, his/her counsel, legal representative, curator, spouse, lineal relative or sibling or ex officio, rescind the detention by a ruling.

（2） The provision of paragraph （3） of Article 82 shall apply mutatis mutandis to the request prescribed in the preceding paragraph.

## Article 88

（1）The accused under detention or his/her counsel, legal representative, curator, spouse, lineal relative or sibling may request bail.

（2）The provision of paragraph（3）of Article 82 shall apply mutatis mutandis to the request prescribed in the preceding paragraph.

## Article 89

The request for bail shall be granted, except when:

(i)　The accused has allegedly committed a crime which is punishable by the death penalty, life imprisonment with or without work or a sentence of imprisonment with or without work whose minimum term of imprisonment is one year or more;

(ii)　The accused was previously found guilty of a crime punishable by the death penalty, life imprisonment with or without work or a sentence of imprisonment with or without work whose maximum term of imprisonment was in excess of ten years;

(iii)　The accused allegedly habitually committed a crime punishable by imprisonment with or without work whose maximum term of imprisonment was in excess of three years;

(iv)　There is probable cause to suspect that the accused may conceal or destroy evidence;

(v)　There is probable cause to suspect that the accused may harm or threaten the body or property of the victim or any other person who is deemed to have essential knowledge for the trial of the case or the relatives of such persons;

(vi)　The name or residence of the accused is unknown.

## Article 90

The court may, when it finds it appropriate, grant bail ex officio.

## Article 91

（1）When the confinement of detention has been unduly long, the court shall, upon the request of the person prescribed in Article 88 or ex officio, rescind the detention or grant bail by a ruling.

（2）The provision of paragraph（3）of Article 82 shall apply mutatis mutandis to the request prescribed in the preceding paragraph.

## Article 92

（1）The court shall, when making a ruling to grant or dismiss bail, hear the opinion of the public prosecutor.

（2）The provision of the preceding paragraph shall apply when the court makes a ruling to rescind detention, except when it is so requested by a public prosecutor;

provided, however, that this shall not apply in a case requiring urgency.

## Article 93

（1） The court shall, when granting bail, set the amount of the bail bond.

（2） The amount of the bail bond shall, in consideration of the nature and circumstances of the crime, the probative value of the evidence, and the character and the property of the accused, be set at a sufficient level to ensure the appearance of the accused.

（3） When the court grants bail, it may specify the residence of the accused or add other appropriate conditions to the bail.

## Article 94

（1） The ruling of release on bail shall not be executed before payment of the bail bond.

（2） The court may let a person other than the person requesting bail pay the bail bond.

（3） The court may permit the bail bond to be paid in securities or with a written guarantee issued by an appropriate person other than the accused, in place of cash.

## Article 95

The court may, when it believes it to be appropriate, entrust the accused under detention to a relative, shelter organization or other person or specify the residence of the accused, and suspend the execution of detention by a ruling.

## Article 96

The court may, upon the request of a public prosecutor or ex officio, rescind the bail or suspension of the execution of detention by a ruling when:

（i） The accused has been summoned but does not appear without justifiable reason;

（ii） The accused has fled or there is probable cause to suspect that he/she may flee;

（iii） The accused has concealed or destroyed evidence or there is probable cause to suspect that the accused may conceal or destroy evidence;

（iv） The accused has harmed or tried to harm the body or property of the victim, any other person who is deemed to have essential knowledge for the trial of the case or the relatives of such persons or has threatened them; or

（v） The accused has violated the conditions set by the court such as the specification of the residence.

（2） When the court rescinds the bail, it may sequester the whole or part of the bail bond by a ruling.

(3) When the accused on bail has been found guilty and the judgment has become final and binding, and he/she has subsequently been summoned for its execution but does not appear in court without justifiable reason or flees, the court shall, upon the request of a public prosecutor, sequester the whole or part of the bail bond by a ruling.

## Article 97

(1) With respect to a case where the time limit for instituting an appeal has not yet expired and an appeal has not yet been instituted, the rulings to renew the period of detention, suspend bail or the execution of detention, and rescind bail or the suspension of execution of detention shall be made by the original court.

(2) With respect to a case where the appeal has been instituted but the case records have not arrived at the appellate court, the court to make the rulings in the preceding paragraph shall be as provided by the Rules of Court.

(3) The provisions of the preceding two paragraphs shall apply mutatis mutandis to the disclosure of the grounds for detention.

## Article 98

(1) When the ruling to rescind bail or the suspension of execution of detention has been made, or when the term of suspension of detention has expired, a public prosecutor's assistant officer, judicial police official or prison official shall, under the direction of a public prosecutor, imprison the accused after showing him/her a transcript of the detention warrant and a transcript of the written ruling rescinding bail or the suspension of execution of detention or a transcript of the written ruling on suspension for a designated term of execution of detention.

(2) When the person is unable to show the documents in the preceding paragraph to the accused because he/she does not have the documents in his/her possession and when there is urgent need, he/she may, notwithstanding the preceding paragraph, under the direction of a public prosecutor, imprison the accused immediately after notifying the accused that the ruling to grant bail or to suspend the execution of detention has been rescinded, or that the term of suspension of execution of detention has expired; provided, however, that the documents shall be shown to the accused as soon as possible.

(3) The provision of Article 71 shall apply mutatis mutandis to the imprisonment in the preceding two paragraphs.

## Chapter IX Search and Seizure

## Article 99

(1) The court may, when it believes it to be necessary, seize articles of evidence or

articles which are considered to require confiscation; provided, however, that this shall not apply when otherwise so provided.

(2) The court may specify the articles to be seized and order the owner, possessor or custodian to submit them.

## Article 100

(1) The court may seize or order submission of postal items or telegram documents sent to or by the accused which are retained or possessed by a public agency of communications or other persons.

(2) The postal items or telegram documents sent to or by the accused which are retained or possessed by a public agency of communications or other persons but are not subject to the preceding paragraph may be seized or ordered for submission only when they are reasonably supposed to be related to the case.

(3) When the court has made the disposition in the preceding two paragraphs, the sender or recipient shall be so notified; provided, however, that this shall not apply when there is the fear that such notification would obstruct court proceedings.

## Article 101

Articles which the accused or another person has left behind or which the owner, possessor or custodian has submitted voluntarily may be retained.

## Article 102

(1) The court may, when it is necessary, search the body, articles, residence or any other place of the accused.

(2) The body, articles, residence or any other place of a person other than the accused may be searched only when it is reasonably supposed that articles which should be seized exist.

## Article 103

Articles retained or possessed by a public officer or ex-public officer may not be seized without the consent of his/her supervisory public agency, when he/she or the public agency asserts that the articles pertain to official confidential information; provided, however, that the supervisory public agency may not refuse consent except where the seizure may harm important national interests.

## Article 104

(1) When the person prescribed in the following items makes an assertion as prescribed in the preceding Article, the articles may not be seized without the consent of the House with regard to the person prescribed in item (i), or the consent of the Cabinet with regard to the person prescribed in item (ii).

(i)  A Member or ex-Member of the House of Representatives or the House of Councillors

(ii)  The Prime Minister, other Ministers of State or ex-Ministers of State.

（2）  In the cases prescribed in the preceding paragraph, the House of Representatives, the House of Councillors and the Cabinet may not refuse consent except where the seizure may harm important national interests.

## Article 105

A physician, dentist, midwife, nurse, attorney （including a foreign lawyer registered in Japan）, patent attorney, notary public or a person engaged in a religious occupation, or any other person who was formerly engaged in any of these professions, may refuse the seizure of articles containing the confidential information of others which he/she has been entrusted with and retains or possesses in the course of his/her duties; provided, however, that this shall not apply when the person in question has given consent, when the refusal is deemed to be an abuse of rights wholly for the interests of the accused （unless the person is the accused）, or where there exist other circumstances provided for by the Rules of Court.

## Article 106

Search or seizure outside the court shall be executed on issuance of a search warrant or seizure warrant.

## Article 107

(1) The search warrant or seizure warrant shall contain the name of the accused, the crime, the articles to be seized or the place, body or articles to be searched, the valid period and a statement that search or seizure shall not be executed and the warrant shall be returned after expiry of the period, the date of issue, and other matters prescribed in the Rules of Court; and the presiding judge shall affix his/her name and seal to it.

(2) The provision of paragraph （2） of Article 64 shall apply mutatis mutandis to the search warrant or seizure warrant in the preceding paragraph.

## Article 108

(1) The search warrant or seizure warrant shall, under the direction of a public prosecutor, be executed by a public prosecutor's assistant officer or a judicial police official; provided, however, that when the court finds it necessary for protection of the accused, the presiding judge may order a court clerk or a judicial police official to execute it.

(2) The court may, with regard to the execution of a search warrant or seizure warrant, give a direction in writing to the person who executes it that such

execution is appropriate.

(3) The direction in the preceding paragraph may be given by a judge of a collegiate panel.

(4) The provision of Article 71 shall apply mutatis mutandis to the execution of a search warrant or seizure warrant.

## Article 109

The public prosecutor's assistant officer or court clerk may, when it is necessary to execute a search warrant or seizure warrant, request a judicial police official for assistance.

## Article 110

The search warrant or seizure warrant shall be shown to the person who is to undergo the measure.

## Article 111

(1) In the execution of a search warrant or seizure warrant, such necessary measures as unlocking or unsealing may be taken. The same shall apply to search and seizure in court.

(2) The measures in the preceding paragraph may be taken against seized articles.

## Article 112

(1) Any person, who lacks permission from the executing officer, may be prohibited from entering the place under execution during execution of the search warrant or seizure warrant.

(2) A person who disobeys the prohibition in the preceding paragraph may be made to leave or be placed under guard until completion of the execution.

## Article 113

(1) The public prosecutor and the accused or his/her counsel may attend the execution of a search warrant or seizure warrant; provided, however, that this shall not apply to an accused in custody.

(2) The executing officer of the search warrant or seizure warrant shall, in advance, notify the persons who may attend pursuant to the preceding paragraph of the date, time and location of execution of the warrant; provided, however, that this shall not apply when such persons declare in advance their intent of not attending the execution, or in a case requiring urgency.

(3) The court may, when it is necessary to execute a search warrant or seizure warrant, have the accused attend the execution.

## Article 114

（1）In executing a search warrant or seizure warrant in a public office, the executing officer shall notify the head of the office or his/her deputy of the execution, and have him/her attend it.

(2) Except for the cases provided in the preceding paragraph, in executing the search warrant or seizure warrant in the residence of a person, or on the premises, in a building or a vessel guarded by a person, the executing officer shall have the head of the household, the guard or his/her deputy attend its execution. When such person is unable to do so, the executing officer shall have a neighbor or an official of the local government attend the execution.

## Article 115

In executing a search warrant on the body of a female, the executing officer shall have a female adult attend the execution; provided, however, that this shall not apply in a case requiring urgency.

## Article 116

(1) The executing officer shall not enter the residence of a person, or premises, building or vessel guarded by a person to execute a search warrant or seizure warrant before sunrise or after sunset unless the warrant contains a written statement that execution during the night is permitted.

(2) When the execution of the search warrant or seizure warrant starts before sunset, it may continue after sunset.

## Article 117

The execution of a search warrant or seizure warrant need not be restricted as prescribed in paragraph （1）of the preceding Article in the following places:

　　(i)　　Places considered to be habitually used for gambling, private lotteries or acts prejudicial to public morals;

　　(ii)　　Hotels, restaurants or other places where the public are able to enter and leave at night; provided, however, that this shall apply only to search and seizure executed during the hours when the places are open to the public.

## Article 118

The executing officer may, when it is necessary in suspending execution of the search warrant or seizure warrant, close up the place under execution or put the place under guard until execution has been completed.

## Article 119

When no article of evidence or article requiring confiscation has been found in a

search, the executing officer shall, upon the request of the person who is undergoing the search, issue a certificate certifying as such.

## Article 120

When articles have been seized, the executing officer shall make an inventory and deliver it to the owner, possessor, custodian of the articles or his/her deputy.

## Article 121

（1） Seized articles which are inconvenient for transportation or retention may be put under guard or the owner or another person, after giving consent, may be made to retain them.

（2） Seized articles which are likely to cause danger may be disposed of.

（3） The measures provided in the preceding two paragraphs may be taken by the executing officer of the seizure warrant except when otherwise specially directed by the court.

## Article 122

Seized articles which may be confiscated, and for which there is the fear that they may be easily lost or damaged or articles, which are inconvenient for retention, may be sold and their proceeds may be retained.

## Article 123

（1） Seized articles which do not necessitate custody shall, notwithstanding the conclusion of the case, be returned by a ruling.

（2） Seized articles may, upon the request of the owner, possessor, custodian or the person who submitted them, be provisionally returned by a ruling.

（3） When making the ruling prescribed in the preceding two paragraphs, the court shall hear the opinions of the public prosecutor and the accused or his/her counsel.

## Article 124

（1） Seized property which has been obtained through a crime against property and which does not need to be placed in custody shall, only when the reason necessitating return to the victim is clear, notwithstanding the conclusion of the case and after hearing the opinions of the public prosecutor and the accused or his/her counsel, be returned to the victim by a ruling.

（2） The provision of the preceding paragraph does not prevent interested persons from claiming their rights in accordance with the procedures of civil actions.

## Article 125

（1） Search or seizure may be commissioned to a judge of a collegiate panel, or may

be delegated to a judge of the district court, family court or summary court in the district where the search or seizure is to be executed.

(2) The delegated judge may re-delegate a judge of another district court, family court or summary court, who has the competence to be delegated.

(3) The delegated judge may, when he/she lacks the competence for the delegated matters, transfer them to a judge of another district court, family court or summary court, who has the competence to be delegated.

(4) The provisions pertaining to the search or seizure by the court shall apply mutatis mutandis to the search or seizure by a commissioned judge or delegated judge; provided, however, that the notification prescribed in paragraph (3) of Article 100 shall be made by the court.

## Article 126

The public prosecutor's assistant officer or judicial police official may, when it is necessary to execute a subpoena or detention warrant, enter the residence of a person, or premises, building or vessel guarded by a person and search there for the accused. In such case, a search warrant need not be in his/her possession.

## Article 127

The provisions of Articles 111, 112, 114 and 118 shall apply mutatis mutandis to the search by a public prosecutor's assistant officer or a judicial police official as prescribed in the preceding Article; provided, however, that in a case requiring urgency, the search need not be in accordance with paragraph (2) of Article 114.

### Chapter X Inspection

## Article 128

The court may, when it is necessary for fact-finding, conduct an inspection.

## Article 129

The court may conduct a body search, autopsy, grave excavation, destruction of objects and other necessary measures in the inspection.

## Article 130

(1) The court shall not enter the residence of a person, or premises, building or vessel guarded by a person for inspection before sunrise or after sunset without the consent of the head of the household, the guard or his/her deputy; provided, however, that this shall not apply when there is the fear that an inspection after sunrise may not fulfill the purpose of inspection.

(2) When an inspection starts before sunset, it may continue after sunset.

(3) Inspection in the places prescribed in Article 117 need not be restricted as prescribed in paragraph （1） of this Article.

### Article 131

(1) A body search, taking into account the sex, physical condition and other circumstances of the person undergoing it, shall be executed with due care given especially to the manner of the search, so as not to harm the honor of the person being searched.

(2) In the case of the body search of a female, the court shall have a physician or a female adult attend the search.

### Article 132

The court may summon a person other than the accused to the court or a designated place for a body search.

### Article 133

(1) When the person who was summoned in accordance with the provision of the preceding Article does not appear without justifiable reason, the court may punish him/her by a ruling of a civil fine of not more than 100,000 yen and order him/her to compensate for the expenses caused by the absence.

(2) An immediate appeal against the ruling prescribed in the preceding paragraph may be filed.

### Article 134

(1) Any person who has been summoned in accordance with the provision of Article 132 but does not appear without justifiable reason shall be punished by a fine of not more than 100,000 yen or a misdemeanor detention.

(2) The court may, taking into account his/her circumstances, punish the person who commits the crime prescribed in the preceding paragraph by cumulative imposition of both a fine and misdemeanor detention.

### Article 135

When any person disobeys the summons prescribed in the provision of Article 132, the court may re-summon or subpoena him/her.

### Article 136

The provisions of Articles 62, 63 and 65 shall apply mutatis mutandis to the summons prescribed in the provisions of Article 132 and the preceding Article, and the provisions of Articles 62, 64, 66, 67, 70, 71 and paragraph （1） of Article 73 shall apply mutatis mutandis to the subpoena prescribed in the preceding Article.

## Article 137

(1) When the accused or a person other than the accused refuses a body search without justifiable reason, the court may punish him/her by a ruling of a civil fine of not more than 100,000 yen and order him/her to compensate for the expenses caused by the refusal.

(2) An immediate appeal against the ruling prescribed in the preceding paragraph may be filed.

## Article 138

(1) Any person who refuses a body search without justifiable reason shall be punished by a fine of not more than 100,000 yen or a misdemeanor detention.

(2) The court may, taking into account his/her circumstances, punish the person who commits the crime prescribed in the preceding paragraph by cumulative imposition of both a fine and misdemeanor detention.

## Article 139

The court may, when it deems that a civil fine or criminal punishment has no effect on the person refusing the body search, execute the search compulsorily.

## Article 140

The court shall, when it is going to punish a person by a civil fine in accordance with Article 137, or execute a body search in accordance with the preceding Article, hear the opinion of the public prosecutor in advance, and endeavor fully to ascertain the reason for the objection of the person to undergo a body search.

## Article 141

The court may, when it is necessary for the search, have a judicial police official assist.

## Article 142

Articles 112 to 114, 118 and 125 shall apply mutatis mutandis to the search.

## Chapter XI Examination of Witnesses

## Article 143

The court may, except as otherwise provided in this Code, examine any person as a witness.

## Article 144

The court shall not examine, without the consent of the supervisory public agency, a public officer or ex-public officer on matters which he/she has come to know, when the officer or the public office asserts that the knowledge of the public officer or ex-public officer pertains to official confidential information; provided, however, that the supervisory public agency may not refuse to give consent except where such examination may harm important national interests.

### Article 145

(1) When the person prescribed in the following items asserts as prescribed in the preceding Article, the court may not examine him/her as a witness without the consent of the House with regard to the person prescribed in item (i), or the consent of the Cabinet with regard to the person prescribed in item (ii).
  (i)    A Member or ex-Member of the House of Representatives or the House of Councillors
  (ii)   The Prime Minister, other Ministers of State or ex-Ministers of State.
(2) In the cases prescribed in the preceding paragraph, the House of Representatives, the House of Councillors and the Cabinet may not refuse to give consent except where such examination may harm important national interests.

### Article 146

Any person may refuse to give testimony when there is the fear that such testimony may result in his/her criminal prosecution or conviction.

### Article 147

Any person may refuse to give testimony when there is the fear that such testimony may result in criminal prosecution or conviction against:
  (i) His/her spouse, blood relatives within the third degree of kinship or relatives by affinity within the second degree of kinship or a person who formerly had such relative relationships with him/her;
  (ii) His/her guardian, the supervisor of his/her guardian or a curator
  (iii) A person for whom he/she is a guardian, supervisor of a guardian or a curator

### Article 148

A person who has the relationship prescribed in the preceding Article with one or more of the accomplices or co-defendants may not refuse to give testimony on matters relating only to the other accomplices or co-defendants.

### Article 149

A physician, dentist, midwife, nurse, attorney (including a foreign lawyer registered in Japan), patent attorney, notary public or a person engaged in a

religious occupation, or any other person who was formerly engaged in any of these professions may refuse to give testimony on matters pertaining to the confidential information of others which he/she came to know through entrusted professional conduct; provided, however, that this shall not apply when the person in question has given consent, when the refusal is deemed to be an abuse of rights wholly for the interests of the accused (unless the person is the accused), or where there exist other circumstances provided for by the Rules of Court.

### Article 150

(1) When the summoned witness does not appear without justifiable reason, the court may punish him/her by a ruling of a civil fine of not more than 100,000 yen and order him/her to compensate for the expenses caused by the absence.

(2) An immediate appeal against the ruling prescribed in the preceding paragraph may be filed.

### Article 151

(1) Any person summoned as a witness who does not appear without justifiable reason shall be punished by a fine of not more than 100,000 yen or a misdemeanor detention.

(2) The court may, taking into account his/her circumstances, punish the person who has committed the crime prescribed in the preceding paragraph by cumulative imposition of both a fine and misdemeanor detention.

### Article 152

When the witness fails to obey the summons, the court may re-summon or subpoena him/her.

### Article 153

The provisions of Articles 62, 63 and 65 shall apply mutatis mutandis to the summons of a witness. The provisions of Articles 62, 64, 66, 67, 70, 71 and paragraph (1) of Article 73 shall apply mutatis mutandis to the subpoena of a witness.

### Article 153-2

When it is necessary to escort or bring a witness to the designated place on execution of a subpoena, the court may temporarily detain him/her at the nearest police station or any other appropriate place.

### Article 154

The court shall, except as otherwise provided in this Code, have a witness swear an oath.

## Article 155

(1) The court shall, with regard to a witness unable to understand the meaning of an oath, examine him/her without the oath.

(2) Even if the witness prescribed in the preceding paragraph has sworn an oath, the admissibility of his/her statement as testimony shall not be denied or weakened.

## Article 156

(1) The court may have a witness testify on matters inferred from the things which he/she has actually experienced.

(2) The admissibility of the testimony prescribed in the preceding paragraph shall not be denied or weakened even if the testimony contains an expert opinion.

## Article 157

(1) The public prosecutor and the accused or his/her counsel may attend the examination of a witness.

(2) The date, time and location of the witness examination shall be notified in advance to those who are entitled to attend the examination in accordance with the preceding paragraph; provided, however, that this shall not apply when any of these persons declares in advance to the court their intent of not attending.

(3) The person prescribed in paragraph (1) of this Article may, when he/she attends the examination, examine the witness him/herself after notifying the presiding judge of his intent.

## Article 157-2

(1) In the examination of a witness the court may, after hearing the opinions of the public prosecutor and the accused or his/her counsel, when, taking into account the witness's age, mental or physical condition or other circumstances, the witness is likely to feel extreme anxiety or tension, have the witness accompanied during the testimony of the witness by those who are appropriate in easing the witness's anxiety or tension, and are unlikely to disturb examination by a judge or persons concerned in the case or the testimony of the witness, and are unlikely to unduly influence the contents of the testimony.

(2) The person accompanying the witness in accordance with the preceding paragraph shall not behave in any manner, during the testimony of the witness, which may disturb examination by a judge or persons concerned in the case or the testimony of the witness, or which may unduly influence the contents of the testimony.

## Article 157-3

(1)  In the examination of a witness the court may, after hearing the opinions of the public prosecutor and the accused or his/her counsel, when, taking into account the nature of the crime, the witness's age, mental or physical condition, relationship with the accused or other circumstances that the witness is likely to feel pressure and his/her peace of mind is likely to be seriously harmed while testifying in the presence of the accused (including cases with the method provided in paragraph (1) of the following Article) and when the court believes it to be appropriate, take measures so that the accused and the witness cannot discern the state of the other either from one side or from both sides; provided, however, that measures to make it impossible for the accused to discern the state of the witness may only be taken when counsel is present.

(2)  In the examination of a witness, the court may, after hearing the opinions of the public prosecutor and the accused or his/her counsel, when it believes it to be appropriate, taking into account the nature of the crime, the witness's age, mental or physical condition or effects upon his/her honor or other circumstances, take measures so that the spectators and the witness cannot discern the state of the other.

## Article 157-4

(1)  In the examination of a witness prescribed in the following items, the court may, when it believes it to be appropriate, after hearing the opinions of the public prosecutor and the accused or his/her counsel, have the witness be present in a place other than the place where the judge and other persons concerned in the case are present for examination of the witness (limited to the same premises), and examine the witness in a way using devices that allow recognition of the state of the other and communication by transmission of visual images and sound:

(i)   The victim of the crimes or attempts of the crimes provided for in Articles 176 to 178, 181, 225 (limited to cases with the purpose of indecency or marriage; the same shall apply in this item hereinafter), paragraph (1) (limited to cases with the purpose of accessory to the person who commits the crime provided for in Article 225) or paragraph (3) (limited to cases with the purpose of indecency) of Article 227, or the first sentence of Article 241 of the Penal Code.

(ii)  The victim of the crimes provided for in paragraph (1) of Article 60 or in paragraph (2) pertaining to item (ix) of paragraph (1) of Article 34 of the Child Welfare Act (Act No. 164, 1947), or Articles 4 to 8 of the Act on Punishing Activities Relating to Child Prostitution and Child Pornography and the Protection of Children (Act No. 512, 1999).

(iii) In addition to those prescribed in the preceding two items, a person who, taking into account the nature of the crime, his/her age, mental or physical

- 34 -

condition, the relationship with the accused or other circumstances, is likely to feel pressure and whose peace of mind would be seriously harmed while testifying at the place where the judge and persons concerned in the case are present for examination of the witness.

(2) In the examination of a witness with the measure prescribed in the preceding paragraph, the court may, when it is supposed that the witness will be requested to testify on the same facts again in another criminal procedure, after hearing the opinions of the public prosecutor and the accused or his/her counsel and with the consent of the witness, record the examination, the testimony and the circumstances of the witness on a recording medium (which is able to record images and sound simultaneously; the same shall apply hereinafter).

(3) The recording medium on which the examination, the testimony and the circumstances of the witness are recorded in accordance with the preceding paragraph shall be attached to the case records as part of the trial records.

## Article 158

(1) The court may, after hearing the opinions of the public prosecutor and the accused or his/her counsel, and when the court believes it to be necessary, taking into account the importance of the witness, his/her age, occupation, physical condition and other circumstances and the gravity of the case, summon a witness for examination to a place outside of the court or examine him/her at his/her present place.

(2) In the case prescribed in the preceding paragraph, the court shall give the public prosecutor and the accused or his/her counsel an opportunity to know in advance of the matters to be examined.

(3) The public prosecutor and the accused or his/her counsel may request the court to examine other necessary matters in addition to the matters for examination prescribed in the preceding paragraph.

## Article 159

(1) The court shall, when the public prosecutor, the accused or his/her counsel was absent from the examination prescribed in the preceding Article, give him/her an opportunity to know of the contents of the testimony of the witness.

(2) When the testimony of the witness prescribed in the preceding paragraph is unexpected and extremely disadvantageous to the accused, the accused or his/her counsel may request the court to examine other additional necessary matters.

(3) The court may, when it is deemed to be without good reason, dismiss the request prescribed in the preceding paragraph.

## Article 160

(1) When a witness refuses to swear an oath or testify without justifiable reason, the court may punish him/her by a ruling of a civil fine of not more than 100,000 yen and order him/her to compensate for the expenses caused by his/her refusal.

(2) An immediate appeal against the ruling prescribed in the preceding paragraph may be filed.

## Article 161

(1) Any person who refuses to swear an oath or testify without justifiable reason shall be punished by a fine of not more than 100,000 yen or a misdemeanor detention.

(2) The court may, taking into account his/her circumstances, punish the person who has committed the crime prescribed in the preceding paragraph by cumulative imposition of both a fine and misdemeanor detention.

## Article 162

The court may, when it is necessary, order the witness to be accompanied to a designated place by a ruling. When he/she disobeys the order without justifiable reason, the court may subpoena him/her.

## Article 163

(1) When a witness is to be examined outside the court, the court may commission a judge of a collegiate panel to examine him/her, or delegate examination to a judge of the district court, family court or summary court of the present place of the accused.

(2) The delegated judge may re-delegate a judge of another district court, family court or summary court, who has the competence to be delegated.

(3) The delegated judge may, when he/she lacks the competence for the delegated matters, transfer them to a judge of another district court, family court or summary court, who has the competence to be delegated.

(4) The commissioned or delegated judge may, with respect to examination of a witness, take the measures belonging to a court or a presiding judge; provided, however, that the court also may render the rulings prescribed in Articles 150 and 160.

(5) The proceedings provided in paragraphs (2) and (3) of Article 158 and Article 159 shall, notwithstanding the provision of the preceding paragraph, be exercised by the court.

## Article 164

(1) A witness may request travel expenses, a daily allowance and accommodation charges; provided, however, that this shall not apply when he/she refuses to swear

an oath or testify without justifiable reason.

（2）When a witness has received payment of travel expenses, a daily allowance or accommodation charges in advance, but does not appear in court or refuses to swear an oath or testify without justifiable reason, he/she shall return the expenses which he/she received.

### Chapter XII Expert Evidence

### Article 165

The court may order expert examination from a person with relevant knowledge and experience.

### Article 166

The court shall have an expert witness swear an oath.

### Article 167

（1）When it is necessary to have the expert witness examine the mental or physical condition of the accused, the court may, determining a period, detain the accused in a hospital or any other appropriate place.

（2）The detention in the preceding paragraph shall not be executed without a detention warrant for expert examination.

（3）When it is necessary for the detention prescribed in paragraph（1）of this Article, the court may, upon a proposal from the custodian of the hospital or other place accommodating the accused or ex officio, order a judicial police official to guard the accused.

（4）The court may, when it is necessary, extend or shorten the period of detention.

（5）The provisions pertaining to the detention shall, except as otherwise provided in this Code, apply mutatis mutandis to the detention for expert examination prescribed in paragraph（1）of this Article; provided, however, that the provision pertaining to bail shall not apply.

（6）The detention prescribed in paragraph（1）of this Article shall be deemed as detention with regard to the inclusion of the number of pre-sentencing detention days.

### Article 167-2

（1）When a detention warrant for expert examination is executed against an accused under detention, the execution of detention shall be deemed to be suspended while he/she is under detention for expert examination.

（2）In the case of the preceding paragraph, when the disposition prescribed in paragraph（1）of the preceding Article has been rescinded or the period of

detention has expired, the provision of Article 98 shall apply mutatis mutandis.

**Article 168**

(1) The expert witness may, upon the permission of the court, when it is necessary for expert examination, enter the residence of a person, or premises, building or vessel guarded by a person, or conduct a body search, perform an autopsy, excavate a grave or destroy objects.

(2) The court shall, when it gives permission as prescribed in the preceding paragraph, issue a written permit which contains the name of the accused, the crime, and the place to be entered, the body to be searched, the corpse to be autopsied, the tomb to be excavated, the object to be destroyed and the name of the expert witness and other matters provided for by the Rules of Court.

(3) The court may add appropriate conditions to the body search.

(4) The expert witness shall show the written permit to the person who will undergo the measure prescribed in paragraph (1) of this Article.

(5) The provisions of the preceding three paragraphs shall not apply to the measures prescribed in paragraph (1) of this Article taken by an expert witness in a public court.

(6) The provisions of Articles 131, 137, 138 and 140 shall apply mutatis mutandis to the body search by an expert witness in accordance with the provisions of paragraph (1) of this Article.

**Article 169**

The court may have a judge of a collegiate panel take necessary dispositions for expert examination; provided, however, that this shall not apply to the disposition provided for in paragraph (1) of Article 167.

**Article 170**

The public prosecutor or counsel may attend the expert examination. In this case, the provisions of paragraph (2) of Article 157 shall apply mutatis mutandis.

**Article 171**

The provisions of the preceding Chapter, except those pertaining to a subpoena, shall apply mutatis mutandis to expert evidence.

**Article 172**

(1) When a person who is to undergo a body search refuses the body search of an expert witness prescribed in paragraph (1) of Article 168, the expert witness may request a judge for the body search.

(2) The judge who is requested as prescribed in the preceding paragraph may search

the body of a person in accordance with the provisions of Chapter X.

## Article 173

（1） The expert witness may request expert examination fees in addition to travel expenses, a daily allowance and accommodation charges, and receive payment or reimbursement of the expenses necessary for expert examination.

（2） The expert witness shall, when he/she has received the payment of expenses necessary for expert examination in advance but does not appear in court or refuses to swear an oath or perform the examination without justifiable reason, return the expenses which he/she received.

## Article 174

With regard to examination pertaining to past facts which have come to be known through special knowledge, the provisions of the preceding Chapter shall apply instead of the provisions of this Chapter.

### Chapter XIII Interpretation and Translation

## Article 175

When the court has a person who is not proficient in the national language make a statement, it shall have an interpreter interpret it.

## Article 176

When the court has a person who is unable to hear or speak make a statement, it may have an interpreter interpret it.

## Article 177

The court may have letters or marks written in languages other than the national language translated.

## Article 178

The provisions of the preceding Chapter shall apply mutatis mutandis to interpretation and translation.

### Chapter XIV Preservation of Evidence

## Article 179

（1） The accused, suspect, or his/her counsel may, only before the first trial date, and when there are circumstances which suggest that it will be difficult to use the evidence unless it is preserved in advance, request a judge for a disposition on

seizure, search, inspection, witness examination or expert examination.

(2) The judge who has been so requested as prescribed in the preceding paragraph has the same authority as that of a court or a presiding judge with regard to the disposition.

## Article 180

(1) The public prosecutor and the counsel may inspect and copy the documents and articles of evidence pertaining to the dispositions prescribed in paragraph (1) of the preceding Article in court; provided, however, that counsel shall receive permission from the judge to copy the articles of evidence.

(2) Notwithstanding the provision of the preceding paragraph, the recording medium prescribed in the provision of paragraph (3) of Article 157-4 shall not be copied.

(3) The accused or suspect may inspect the documents and articles of evidence prescribed in the preceding paragraph in court with the permission of the judge; provided, however, that this shall not apply when counsel is assigned to the accused or suspect.

### Chapter XV Court Costs

## Article 181

(1) When the court renders punishment, it shall have the accused bear all or part of the court costs; provided, however, that this shall not apply when it is clear that the accused can not afford the court costs because of indigence.

(2) The court may, even if it does not render a punishment, have the accused bear the court costs which have arisen from a cause imputable to the accused him/herself.

(3) When only a public prosecutor has filed an appeal and the appeal has been dismissed or withdrawn, the court may not have the accused bear the court costs in the appellate procedure; provided, however, that this shall not apply to costs which have arisen from a cause imputable to the accused him/herself.

## Article 182

The court may have the court costs of co-defendants be borne by the co-defendants jointly and severally.

## Article 183

When the accused has been rendered an acquittal or a dismissal in cases where the prosecution arose from a complaint, accusation or claim and when there was intent or gross negligence on the part of the person filing the complaint, accusation

or claim, the court may have the person who filed it bear the court costs.

## Article 184

When a person other than a public prosecutor withdraws an appeal, retrial or a claim for a formal trial, the court may have him/her bear the court costs of the appeal, retrial or claim for a formal trial.

## Article 185

When the court proceeding is concluded by a judgment and the court costs are to be borne by the accused, the court shall make the judgment ex officio. An appeal against this judgment shall only be made in the case of an appeal against a judgment of merit.

## Article 186

When the court proceeding is concluded by a judgment and the court costs are to be borne by a person other than the accused, the court shall make a ruling ex officio and separately. An immediate appeal against this ruling may be filed.

## Article 187

When the court proceeding is concluded without a judgment and the court costs are to be borne, the ruling shall be made ex officio by the court where the case was last pending. An immediate appeal against this ruling may be filed.

## Article 188

When the court does not indicate the amount of the costs in the judgment ordering the bearing of court costs, the public prosecutor who is to direct execution of the judgment shall calculate it.

### Chapter XVI Compensation of Costs

## Article 188-2

(1) When an acquittal becomes final and binding, the State shall compensate the person who was the accused of the case for the expenses which were needed for the trial; provided, however, that the State shall not be required to compensate expenses which arose from a cause imputable to the person who was the accused.

(2) When it is deemed that the person who was the accused made a false confession or fabricated other evidence of guilt for the purpose of misleading the investigation or the trial, which subsequently led to prosecution being instituted against him/her, the State shall not be required to compensate all or part of the expenses prescribed in the preceding paragraph.

（3）When the compensation in accordance with the provision of paragraph（1）of Article 188-5 is requested, the State shall not compensate the expenses that will be compensated by the provision of Article 188-4 as prescribed in paragraph（1）of this Article.

## Article 188-3

（1）The compensation prescribed in the preceding paragraph shall, upon the request of the person who was the accused, be made by a ruling of the court which rendered the acquittal.

（2）The request prescribed in the preceding paragraph shall be made within six months after the acquittal becomes final and binding.

（3）An immediate appeal against the ruling on compensation may be filed.

## Article 188-4

When only a public prosecutor has filed an appeal and the appeal has been dismissed or withdrawn and the original judgment becomes final and binding, except when an acquittal becomes final and binding by a dismissal or withdrawal, the State shall compensate the accused or the person who was the accused of the case for the expenses caused by the appeal in the court of instance; provided, however, that the State shall not be required to compensate the accused or the person who was the accused for expenses which have arisen from a cause imputable to him/herself.

## Article 188-5

（1）The compensation prescribed in the preceding Article shall, upon the request of the accused or the person who was the accused, be made by a ruling of the Supreme Court or of the high court as the appellate court of that case.

（2）The request prescribed in the preceding paragraph shall be made within two months after the original judgment becomes final and binding.

（3）The objection prescribed in paragraph（2）of Article 428 against the ruling of compensation made by the high court, may be filed. The provisions pertaining to an immediate appeal against rulings shall also apply mutatis mutandis to this case.

## Article 188-6

（1）The scope of the expenses to be compensated as prescribed in paragraph（1）of Article 188-2 or Article 188-4 shall be limited to the travel expenses, daily allowance and accommodation charges which were necessary for the accused or the person who was the accused or his/her counsel to appear for trial preparation or for the trial date and remuneration for the person who was the counsel, and, with regard to the amount, the provisions in the Act on Criminal Court Costs pertaining

to a witness shall apply mutatis mutandis to the accused or the person who was the accused, and the provisions pertaining to the counsel shall apply mutatis mutandis to the person who was the counsel.

(2) When two or more counsels have appeared for the trial preparation or trial date, the court may, taking into account the nature of the case, the proceedings of the trial and other circumstances, limit the travel expenses, daily allowance and accommodation charges to be paid to the person who was the counsel as prescribed in the preceding paragraph, to expenses paid to the chief counsel and some of the other counsels.

### Article 188-7

Requests and other procedures concerning compensation, the correlation between compensation and compensation for damages provided for by other acts, the assignment or the civil seizure of the obligation-right of compensation; and compensation towards the heirs of the accused or the person who was the accused shall be governed by Article 1 of the Criminal Compensation Act (Act No. l, 1950), except as otherwise provided by this Code.

### Part II First Instance

#### Chapter I Inquiry and Investigation

### Article 189

(1) A police official shall perform his/her duties as a judicial police official pursuant to the provisions of other acts, or pursuant to the regulations of the National Public Safety Commission or Prefectural Public Safety Commission.

(2) A judicial police official shall, when he/she deems that an offense has been committed, investigate the offender and evidence thereof.

### Article 190

Those who are to exercise the functions of a judicial police official with regard to forestry, railways or other special matters, and the scope of their functions shall be provided by other acts.

### Article 191

(1) A public prosecutor may, if he/she deems it necessary, investigate an offense him/herself.

(2) A public prosecutor's assistant officer shall investigate an offense under the orders of a public prosecutor.

## Article 192

There shall be mutual cooperation and coordination on the part of public prosecutors and the Prefectural Public Safety Commission and judicial police officials regarding the investigation.

## Article 193

(1) A public prosecutor may, within his/her jurisdiction, give necessary general instructions to judicial police officials regarding their investigation. Such instructions shall be given by setting forth general standards for a fair investigation and other matters necessary for the fulfillment of prosecution.

(2) A public prosecutor may, within his/her jurisdiction, also issue to judicial police officials such general orders as are necessary for them to cooperate in investigations.

(3) A public prosecutor may, when it is necessary for the prosecutor him/herself to investigate an offense, issue orders to judicial police officials and have them assist in the investigation.

(4) In the case of the preceding three paragraphs, judicial police officials shall follow the instructions and orders of the public prosecutor.

## Article 194

(1) The Prosecutor-General, Superintending Prosecutor of the High Public Prosecutors Office or Chief of the District Public Prosecutors Office may, when he/she deems it necessary in cases where judicial police officials fail to follow the instructions and orders of public prosecutors without justifiable grounds, file charges for disciplinary action against them or for their removal, either with the National Public Safety Commission or Prefectural Public Safety Commission in the case of judicial police officials who are police officials, or with the person who has the authority of disciplinary action or removal where they are judicial police officials other than police officials.

(2) The National Public Safety Commission, the Prefectural Public Safety Commission, or the person who has the authority to institute disciplinary action or remove judicial police officials other than police officials shall, when it deems the charges given in the preceding paragraph to be well-founded, take disciplinary action against the persons charged or remove them, as prescribed by other acts.

## Article 195

A public prosecutor and public prosecutor's assistant officer may, when it is necessary for the investigation, execute their duties outside their jurisdiction.

## Article 196

A public prosecutor, public prosecutor's assistant officer, judicial police official, defense counsel and any other persons whose duties are related to the criminal investigation are required to take due care not to harm the reputation of the suspect or other persons, and due care not to interfere with administration of the criminal investigation.

## Article 197

(1) With regard to investigation, such examination as is necessary to achieve its objective may be conducted; provided, however, that compulsory dispositions shall not be applied unless special provisions have been established in this Code.

(2) Public offices or public or private organizations may be asked to make a report on necessary matters relating to the investigation.

## Article 198

(1) A public prosecutor, public prosecutor's assistant officer or judicial police official may ask any suspect to appear in their offices and interrogate him/her if it is necessary for the investigation of a crime; provided, however, that the suspect may, except in cases where he/she is under arrest or under detention, refuse to appear or after he/she has appeared, may withdraw at any time.

(2) In the case of the interrogation set forth in the preceding paragraph, the suspect shall, in advance, be notified that he/she is not required to make a statement against his/her will.

(3) The statement of the suspect may be recorded in a written statement.

(4) The written statement set forth in the preceding paragraph shall be inspected by the suspect or read to him/her for verification, and if he/she makes a motion for any addition, removal or alteration, his/her remarks shall be entered in the written statement.

(5) If the suspect affirms that the contents of the written statement are correct, he/she may be asked to attach his/her signature and seal to it; provided, however, that this shall not apply when the suspect refuses to do so.

## Article 199

(1) When there exists sufficient probable cause to suspect that an offense has been committed by a suspect, a public prosecutor, public prosecutor's assistant officer or judicial police official may arrest him/her upon an arrest warrant issued in advance by a judge; provided, however, that with respect to offenses punishable with a fine not exceeding 300,000 yen (20,000 yen as a temporary measure for offenses other than those prescribed in the Penal Code, the Act on Punishment of Physical Violence and Others and the Act on Penal Provisions related to Economic Activities), misdemeanor imprisonment without work or a petty fine, the suspect

may only be arrested in cases where the suspect has no fixed dwelling or where he/she fails, without justifiable grounds, to make the appearance provided for in the preceding Article.

（2）In cases where a judge deems that there exists sufficient probable cause to suspect that the suspect has committed an offense, he/she shall issue the arrest warrant set forth in the preceding paragraph, upon the request of a public prosecutor or a judicial police officer（in the case of a judicial police officer who is a police official, only a person designated by the National Public Safety Commission or the Prefectural Public Safety Commission and who ranks as equal to or above police inspector; the same shall apply hereinafter in this Article）; provided, however, that this shall not apply in cases where the judge deems that there is clearly no necessity to arrest the suspect.

（3）When asking for the arrest warrant set forth in paragraph （1）, a public prosecutor or judicial police official shall inform the court of all requests or issuances of arrest warrants, if any, that have been made previously against the same suspect for the same offense.

## Article 200

（1）An arrest warrant shall contain the name and residence of the suspect, the charged offense, a gist of the alleged facts of the crime, the public office or other place where  the suspect is to be brought, the valid period and a statement that after expiry of the valid period the arrest warrant shall not be executed but shall be returned, the date of issue, and other matters as prescribed in the Rules of Court; and the judge shall affix his/her name and seal to it.

（2）The provisions of paragraphs （2）and （3）of Article 64 shall apply mutatis mutandis to the arrest warrant.

## Article 201

（1）When a suspect is arrested upon an arrest warrant, the arrest warrant shall be shown to the suspect.

（2）The provision of paragraph （3）of Article 73 shall apply mutatis mutandis to cases where the suspect is arrested upon an arrest warrant.

## Article 202

When a public prosecutor's assistant officer or a judicial police constable has arrested a suspect upon an arrest warrant, the former shall immediately bring the suspect to a public prosecutor and the latter to a judicial police officer.

## Article 203

（1）When a judicial police officer has arrested a suspect upon an arrest warrant or

has received a suspect who was arrested upon an arrest warrant, he/she shall immediately inform the suspect of the essential facts of the suspected crime and the fact that the suspect may appoint defense counsel and then, giving the suspect an opportunity for explanation, he/she shall immediately release the suspect when he/she believes that it is not necessary to detain the suspect, or shall carry out the procedure of referring the suspect together with the documents and articles of evidence to a public prosecutor within 48 hours of the suspect being placed under physical restraint when he/she believes that it is necessary to detain the suspect.

(2) In the case of the preceding paragraph, the judicial police officer shall ask the suspect whether or not the suspect has defense counsel and if the suspect does have defense counsel, he/she shall not be required to inform the suspect of the fact that the suspect may appoint defense counsel.

(3) When the judicial police officer informs the suspect of the fact that the suspect may appoint defense counsel in accordance with the provision of paragraph（1）for the case provided for in paragraph（1）of Article 37-2, the judicial police officer shall also enlighten the suspect that, in cases where a request for further detention of the suspect is made, the suspect may request the judge to appoint defense counsel when the suspect is unable to appoint defense counsel him/herself because of indigence or other reasons and that when requesting the judge for appointment of defense counsel the suspect must submit a report of financial resources; or if the suspect's resources are equal to or above the base amount, the suspect must have first requested a bar association（the bar association to which the request of paragraph（1）of Article 31-2 in accordance with paragraph（2）of Article 37-3 is to be made）to appoint defense counsel.

(4) When the suspect is not referred within the time limitation as provided for in paragraph（1）, the suspect shall be released immediately.

## Article 204

（1）When a public prosecutor has arrested a suspect upon an arrest warrant or has received a suspect who was arrested upon an arrest warrant（excluding such suspect as is referred in accordance with the preceding Article）, he/she shall immediately inform the suspect of the essential facts of the suspected crime and the fact that the suspect may appoint defense counsel and then, giving the suspect an opportunity for explanation, he/she shall immediately release the suspect when he/she believes that it is not necessary to detain the suspect, or shall request a judge to detain the suspect within 48 hours of the suspect being placed under physical restraint when he/she believes that it is necessary to detain the suspect; provided, however, that when the public prosecutor has instituted prosecution during the time limitation, he/she shall not be required to request detention.

（2）When the public prosecutor informs the suspect of the fact that the suspect may

appoint defense counsel in accordance with the provision of the preceding paragraph for the case provided for in paragraph（1）of Article 37-2, he/she shall also enlighten the suspect that, in cases where a request for further detention of the suspect is made, the suspect may request the judge to appoint defense counsel when the suspect is unable to appoint defense counsel him/herself because of indigence or other reasons and that when requesting the judge for appointment of defense counsel the suspect must submit a report of financial resources; or if the suspect's resources are equal to or above the base amount, the suspect must have first requested a bar association（the bar association to which the request of paragraph（1）of Article 31-2 in accordance with paragraph（2）of Article 37-3 is to be made）to appoint defense counsel.

（3）When a public prosecutor does not request detention or institute prosecution during the time limitation, he/she shall release the suspect immediately.

（4）The provision of paragraph（2）of the preceding Article shall apply mutatis mutandis to the case of paragraph（1）.

## Article 205

（1）When a public prosecutor has received a suspect referred pursuant to the provision of Article 203, he/she shall give the suspect an opportunity for explanation and shall immediately release the suspect when he/she believes that it is not necessary to detain the suspect, or shall request a judge to detain the suspect within 24 hours of receiving the suspect when he/she believes that it is necessary to detain the suspect.

（2）The time limitation set forth in the preceding paragraph shall not exceed 72 hours of the suspect being placed under physical restraint.

（3）When prosecution is instituted during the time limitation set forth in the preceding two paragraphs, the public prosecutor shall not be required to make a request for detention.

（4）When the public prosecutor does not make a request for detention or institute prosecution within the time limitation set forth in paragraphs（1）and（2）, he/she shall immediately release the suspect.

（5）The provision of paragraph（2）of the preceding Article shall apply mutatis mutandis to cases where the public prosecutor gives an opportunity for explanation to a suspect who has been arrested regarding a case other than the case provided for in paragraph（1）of Article 37-2 and was referred regarding a case provided for in the same paragraph in accordance with the provision of Article 203; provided, however, that this shall not apply when the suspect already has defense counsel.

## Article 206

（1）When unavoidable circumstances prevent a public prosecutor or a judicial police

officer from complying with the time limitations set forth in the preceding three Articles, a public prosecutor may, showing prima facie evidence, request a judge to detain the suspect.

(2)  The judge who has been requested as provided in the preceding paragraph shall not issue a detention warrant, unless he/she deems the delay is based upon unavoidable circumstances.

## Article 207

(1)  The judge who has been requested detention pursuant to the provision of the preceding three Articles shall have the same authority as a court or a presiding judge regarding the disposition thereof; provided, however, that this shall not apply to bail.

(2)  When informing the suspect of the alleged facts of the crime in a case provided for in paragraph (1) of Article 37-2, the judge set forth in the preceding paragraph shall inform the suspect that the suspect may appoint defense counsel and that, when the suspect is unable to appoint defense counsel him/herself because of indigence or other reasons, he/she may request that defense counsel be appointed for him/her; provided, however, that this shall not apply when the suspect already has defense counsel.

(3)  When a judge informs the suspect of the fact that the suspect may request that defense counsel be appointed for him/her in accordance with the provisions of the preceding paragraph, he/she shall also enlighten the suspect of the fact that the suspect must submit a report of financial resources when requesting that defense counsel be appointed; or if the suspect's resources are equal to or are above the base amount, the suspect must have first requested a bar association (the bar association to which the request of paragraph (1) of Article 31-2 in accordance with the provisions of paragraph (2) of Article 37-3 is to be made) to appoint defense counsel.

(4)  When a judge has received the request for detention set forth in paragraph (1), he/she shall promptly issue a detention warrant; provided, however, that when the judge deems that there are no grounds for detention or when a detention warrant cannot be issued pursuant to the provisions of paragraph (2) of the preceding Article, he/she shall immediately order the release of the suspect without issuing a detention warrant.

## Article 208

(1)  When a public prosecutor has not instituted prosecution against a suspect regarding a case in which the suspect was detained pursuant to the provisions of the preceding Article within ten days of the request for detention, he/she shall immediately release the suspect.

(2) When a judge deems unavoidable circumstances exist, he/she may extend the period set forth in the preceding paragraph upon the request of a public prosecutor. The total period of such extensions shall not exceed ten days.

## Article 208-2

A judge may, upon the request of a public prosecutor, further extend the period extended pursuant to the provision of paragraph (2) of the preceding Article with regard to cases involving crimes provided for in Part II, Chapters II to IV or VIII of the Penal Code. The total period of such extensions shall not exceed five days.

## Article 209

The provisions of Articles 74, 75 and 78 shall apply mutatis mutandis to an arrest upon an arrest warrant.

## Article 210

(1) When there are sufficient grounds to suspect the commission of an offense punishable by death, or life imprisonment with or without work or for a maximum period of three years or more, and in addition, because of urgency an arrest warrant from a judge cannot be obtained, a public prosecutor, a public prosecutor's assistant officer or a judicial police official may arrest the suspect after notifying the suspect of the reasons therefor. In such cases, the procedure of obtaining an arrest warrant from a judge shall be taken immediately. Where an arrest warrant is not issued, the suspect shall be released immediately.

(2) The provisions of Article 200 shall apply mutatis mutandis to the arrest warrant set forth in the preceding paragraph.

## Article 211

When the suspect has been arrested pursuant to the provision of the preceding Article, the provisions for cases where the suspect is arrested pursuant to the provision of Article 199 shall apply mutatis mutandis.

## Article 212

(1) A person who is in the very act of committing or has just committed an offense is a flagrant offender.

(2) Where any person who falls under one of the following items is clearly deemed to have committed an offense a short time before, he/she shall be deemed a flagrant offender;

(i) A person being engaged in fresh pursuit;

(ii) A person carrying with him/her goods obtained through an offense against property or a dangerous weapon or other things which are manifestly believed to

have been used in the commission of a criminal act;

(iii) A person with visible traces of the offense on his/her body;

(iv) A person who attempts to run away when challenged.

## Article 213

Any person may arrest a flagrant offender without an arrest warrant.

## Article 214

When any person other than a public prosecutor, a public prosecutor's assistant officer or a judicial police official has arrested a flagrant offender, the arrester shall immediately deliver him/her to a public prosecutor of a district or local public prosecutors office or to a judicial police official.

## Article 215

(1) When a judicial police constable has received a flagrant offender, the judicial police constable shall promptly bring him/her to a judicial police officer.

(2) In cases where a judicial police constable has received a flagrant offender, he/she shall ascertain the name and residence of the arrester and the reason for the arrest. If necessary, he/she may require the arrester to accompany him/her to a public agency.

## Article 216

The provisions with regard to a case where a suspect has been arrested pursuant to the provision of Article 199 shall apply mutatis mutandis to a case where a flagrant offender has been arrested.

## Article 217

The provisions of Articles 213 to 216 shall apply only when the residence or name of the offender is unknown or when the offender poses a risk of flight with regard to a flagrant offender punishable with a fine of not more than 300,000 yen（20,000 yen, for the time being for offenses other than those violating the Penal Code, the Act on Punishment of Physical Violence and Others and the Act on Penal Provisions related to Economic Activities）, misdemeanor imprisonment without work or a petty fine.

## Article 218

(1) A public prosecutor, a public prosecutor's assistant officer or a judicial police official may, if necessary for investigation of an offense, conduct search, seizure or inspection upon a warrant issued by a judge. In such cases, the inspection and examination of a person shall be conducted upon a warrant for physical examination.

(2) In cases where a suspect is placed under physical restraint, his/her fingerprints or footprints may be taken, his/her height or weight may be measured and his/her photographs may be taken without the warrant set forth in the preceding paragraph, only when he/she is not stripped naked.

(3) The warrant set forth in paragraph (1) shall be issued upon the request of a public prosecutor, a public prosecutor's assistant officer or a judicial police officer.

(4) When a public prosecutor, a public prosecutor's assistant officer or a judicial police officer requests a warrant for physical examination, he/she shall indicate the reason for the necessity of the examination, the sex and physical condition of the person to be examined and other matters as provided in the Rules of Court.

(5) A judge may provide conditions that he/she deems appropriate for the inspection and examination of a person.

## Article 219

(1) The warrant set forth in the preceding Article, shall contain the name of the suspect or accused, the charged offense, the articles to be seized or the place, body or articles to be searched, the place or articles to be inspected, the person to be inspected and examined and conditions regarding the inspection and examination, the valid period, a statement to the effect that the search, seizure or inspection of evidence shall not be commenced in any way after the lapse of such period and that in such case the warrant shall be returned to the court, the date of issue, and other matters as prescribed in the Rules of Court; and the judge shall affix his/her name and seal to it.

(2) The provision of paragraph (2) of Article 64 shall apply mutatis mutandis to the warrant set forth in the preceding Article.

## Article 220

(1) When a public prosecutor, a public prosecutor's assistant officer or a judicial police official arrests a suspect pursuant to the provision of Article 199 or arrests a flagrant offender, he/she may, if necessary, take the following measures. The same shall apply, if necessary, to cases where the suspect is arrested pursuant to the provision of Article 210:

  (i) Entry into the residence of another person, or the premises, buildings or vessels guarded by another person to search for the suspect;

  (ii) Search, seizure or inspection on the spot at the arrest.

(2) The seized materials shall be returned immediately when an arrest warrant is unable to be obtained in the case set forth in the second sentence of the preceding paragraph.

(3) For the measures set forth in paragraph (1), a warrant need not be obtained.

(4) The provisions of item (ii) of paragraph (1) and the preceding paragraph shall

apply mutatis mutandis to cases where a public prosecutor's assistant officer or a judicial police official executes a subpoena or detention warrant. The provision of item (i) of paragraph (1) shall also apply mutatis mutandis to cases where the subpoena or detention warrant issued against a suspect is executed.

### Article 221

A public prosecutor, a public prosecutor's assistant officer or a judicial police official may retain articles which have been left behind by a suspect or other persons, or those which have been voluntarily produced by their owner, possessor or custodian.

### Article 222

(1) The provisions of Articles 99, 100, 102 to 105, 110 to 112, 114, 115 and 118 to 124 shall apply mutatis mutandis to the search and seizure conducted by a public prosecutor, public prosecutor's assistant officer or a judicial police official pursuant to the provisions of Articles 218, 220 and 221. The provisions of Articles 110, 112, 114, 118, 129, 131 and 137 to 140 shall apply mutatis mutandis to the inspection conducted by a public prosecutor, public prosecutor's assistant officer or a judicial police official pursuant to the provisions of Article 218 or 220; provided, however, that the dispositions prescribed in Articles 122 to 124 shall not be executed by a judicial constable.

(2) Where searching the suspect pursuant to the provision of Article 220 requires urgency, the provision of paragraph (2) of Article 114 does not require compliance.

(3) The provisions of Articles 116 and 117 shall apply mutatis mutandis to the search or seizure conducted by a public prosecutor, public prosecutor's assistant officer or a judicial police official pursuant to the provisions of Article 218.

(4) A public prosecutor, a public prosecutor's assistant officer or a judicial police official shall not enter, before sunrise or after sunset, the residence of a person, or premises, buildings or vessel guarded by a person for the purpose of inspection pursuant to the provisions of Article 218, unless the warrant contains a written statement that inspection during the night is permitted; provided, however, that this shall not apply to the places prescribed in Article 117.

(5) When the inspection starts before sunset, it may continue even after sunset.

(6) A public prosecutor, a public prosecutor's assistant officer or a judicial police official may, when it is necessary to conduct search, seizure or inspection pursuant to the provisions of Article 218, have the suspect attend it.

(7) In cases where any person who refuses a physical examination is to be imposed a non-penal fine or to be ordered to compensate for expenses in accordance with the provisions of the first paragraph, the request for such dispositions shall be made to the court.

### Article 222-2

Compulsory measures for the interception of electronic communications without the consent of either party shall be executed based upon other acts.

### Article 223

(1) A public prosecutor, a public prosecutor's assistant officer or a judicial police official may ask any person other than the suspect to appear in their office, interrogate him/her or request him/her to appraise, translate or interpret if it is necessary for the investigation of a crime.

(2) The proviso of paragraph (1) of Article 198 and paragraphs (3) to (5) of the same Article shall apply mutatis mutandis to the case set forth in the preceding paragraph.

### Article 224

(1) When the measures prescribed in paragraph (1) of Article 167 are necessary in cases where a request is made for expert examination pursuant to the provision of paragraph (1) of the preceding Article, a public prosecutor, a public prosecutor's assistant officer or a judicial police official shall request a judge for the measures mentioned above.

(2) When the judge deems the request set forth in the preceding paragraph to be reasonable, he/she shall carry out the measures as in the case of Article 167. In this case, the provision of Article 167-2 shall apply mutatis mutandis.

### Article 225

(1) A person who has been requested to form an appraisal pursuant to the provision of paragraph (1) of Article 223 may carry out the measures prescribed in paragraph (1) of Article 168 with the permission of the judge.

(2) The request for the permission set forth in the preceding paragraph shall be made by a public prosecutor, a public prosecutor's assistant officer or a judicial police officer.

(3) Where a judge deems the request set forth in the preceding paragraph to be reasonable, he/she shall issue a permit.

(4) The provisions of paragraphs (2) to (4) and (6) of Article 168 shall apply mutatis mutandis to the permit set forth in the preceding paragraph.

### Article 226

Where a person who apparently possesses information essential to the investigation of a crime refuses to appear or make a statement voluntarily at the interrogation pursuant to the provision of paragraph (1) of Article 223, a public prosecutor may, only before the first trial date, request a judge to examine him/her

as a witness.

## Article 227

（1） When a person who has made a voluntary statement to a public prosecutor, a public prosecutor's assistant officer or a judicial police official pursuant to the provision of paragraph （1） of Article 223 is likely to make a statement at trial that differs from the previous statement and the statement of the person is deemed essential to prove a fact constituting the crime, the public prosecutor may request the judge to examine the witness, only before the first trial date.

（2） When making the request set forth in the preceding paragraph, a public prosecutor shall show prima facie evidence of the reasons for the necessity of such examination and that such examination is essential to prove a fact constituting the crime.

## Article 228

（1） A judge who receives the request set forth in the preceding two Articles shall have the same authority as a court or a presiding judge.

（2） The judge may, if he/she deems there is no fear of interference with the criminal investigation, have the accused, the suspect or the defense counsel be present at the examination set forth in the preceding paragraph.

## Article 229

（1） When a person who died an unnatural death or the body of a person who is suspected to have died an unnatural death has been found, a public prosecutor of a district or local public prosecutors office, which has jurisdiction over the place where the body was found, shall perform a postmortem inspection.

（2） A public prosecutor may have a public prosecutor's assistant officer or a judicial police officer execute the disposition set forth in the preceding paragraph.

## Article 230

A person who has been injured by an offense may file a complaint.

## Article 231

（1） A statutory representative of a victim may file a complaint independently.

（2） When a victim has died, his/her spouse, a lineal relative, brother or sister may file a complaint, but not when this is against the express wishes of the victim.

## Article 232

Where the statutory representative of a victim is the suspect, the spouse of the suspect, a relative by blood within the fourth degree of kinship or a relative by

affinity within the third degree of kinship of the suspect, then a relative of the victim may file a complaint independently.

### Article 233

(1) With respect to the offense of defamation of a deceased person, his/her relatives or descendants may file a complaint.

(2) The provision of the preceding paragraph shall apply also where, with respect to the offense of defamation, the victim has died without filing a complaint, but not when this goes against the express wishes of the victim.

### Article 234

Where there is no person who can file a complaint with regard to an offense prosecutable upon a complaint, a public prosecutor may, upon the application of an interested person, designate a person who can file a complaint.

### Article 235

(1) With respect to an offense prosecutable upon a complaint, no complaint shall be made after the lapse of six months from the day on which the complainant knew the offender; provided, however, that this shall not apply to the following:

(i) A complaint concerning the offenses proscribed in Articles 176 to 178, 225 or paragraph (1) of Article 227 (limited to offenses committed for the purpose of assisting the person who committed the offense of Article 225) or paragraph (3) of the Penal Code, or a complaint to be made with regard to attempts of these offenses;

(ii) A complaint to be made by the representative of a foreign power pursuant to the provision of paragraph (2) of Article 232 of the Penal Code or a complaint to be made with regard to an offense against a foreign mission sent to Japan as prescribed in Article 230 or 231 of the Penal Code, by such mission.

(2) A complaint in the case prescribed in the proviso to Article 229 of the Penal Code shall not be valid unless it is made within six months from the day on which a decision declaring the marriage void or annulling it became final.

### Article 236

Where there are two or more persons entitled to file a complaint, failure by one of them to observe the period for complaint shall not affect the others.

### Article 237

(1) A complaint may be withdrawn at any time before the institution of prosecution.

(2) A person who has withdrawn his/her complaint may not file the complaint again.

(3) The provision of the preceding two paragraphs shall apply mutatis mutandis to a

claim regarding a case which is to be accepted on a claim.

## Article 238

（1）A complaint made against one or more accomplices in an offense prosecutable upon a complaint or the withdrawal thereof shall have effect with respect to the other accomplices.

（2）The provision of the preceding paragraph shall apply mutatis mutandis to an accusation or claim, or the withdrawal thereof, regarding a case which is to be received upon an accusation or claim.

## Article 239

（1）Any person who believes that an offense has been committed may file an accusation.

（2）A government official or local government official shall file an accusation when they believe an offense has been committed.

## Article 240

A complaint may be made by a representative. The same shall apply to the withdrawal of a complaint.

## Article 241

（1）A complaint or an accusation shall be filed with a public prosecutor or a judicial police official in writing or orally.

（2）A public prosecutor or judicial police official shall make a written statement when they have received an oral complaint or accusation.

## Article 242

A judicial police official shall, when they have received a complaint or accusation, send the document and articles of evidence regarding the complaint or the accusation to a public prosecutor immediately.

## Article 243

The provision of the preceding two Articles shall apply mutatis mutandis to the withdrawal of a complaint or accusation.

## Article 244

A complaint or withdrawal thereof to be made by the representative of a foreign country pursuant to the provisions of paragraph（2）of Article 232 may be filed with the Minister for Foreign Affairs notwithstanding the provisions of Article 241 and the preceding Article. The same shall apply to a complaint or withdrawal thereof

regarding an offense against a foreign mission sent to Japan as prescribed in Article 230 or 231 of the Penal Code, to be made by such mission.

## Article 245

The provisions of Article 241 and 242 shall apply mutatis mutandis to surrender.

## Article 246

Except as otherwise provided in this Code, the judicial police official shall, when he/she has conducted the investigation of an offense, send the case together with the documents and articles of evidence to a public prosecutor promptly; provided, however, that this shall not apply to cases which have been specially designated by a public prosecutor.

### Chapter II Prosecution

## Article 247

Prosecution shall be instituted by a public prosecutor.

## Article 248

Where prosecution is deemed unnecessary owing to the character, age, environment, gravity of the offense, circumstances or situation after the offense, prosecution need not be instituted.

## Article 249

Prosecution shall not take effect against a person other than the accused specified by a public prosecutor.

## Article 250

The statute of limitations shall be completed upon the lapse of:
(i)  25 years for offenses punishable with death;
(ii)  15 years for offenses punishable with life imprisonment with or without work;
(iii)  10 years for offenses punishable with imprisonment with or without work for a long term of 15 years or more.
(iv)  7 years for offenses punishable with imprisonment with or without work for a long term of less than 15 years;
(v)  5 years for offenses punishable with imprisonment with or without work for a long term of less than 10 years;
(vi)  3 years for offenses punishable with imprisonment with or without work for a long term of less than 5 years or with a fine;
(vii)  1 year for offenses punishable with misdemeanor imprisonment without work

or with a petty fine.

## Article 251

Regarding offenses punishable by concurrent imposition of two or more principal punishments or by the imposition of one of two or more principal punishments, the provisions of the preceding Article shall apply with reference to the heaviest punishment.

## Article 252

When a punishment is to be aggravated or reduced pursuant to the Penal Code, the provision of Article 250 shall apply with reference to the punishment which has not been aggravated or reduced.

## Article 253

(1) The statute of limitations shall commence to run at the time when the criminal act has ceased.

(2) Regarding a case of complicity, the statute of limitations shall, with respect to all accomplices, commence to run at the time when the final act ceased.

## Article 254

(1) The statute of limitations shall cease to run on the institution of prosecution against the case concerned, and shall begin to run when a decision notifying jurisdictional incompetence or dismissing the prosecution has become final.

(2) The suspension of the statute of limitations because of the institution of prosecution against one of the accomplices shall take effect against the other accomplices. In such case, the suspended period shall commence to run when the decision on the case has become final and binding.

## Article 255

(1) Where the offender is outside Japan or he/she conceals him/herself so that it is impossible to serve a transcript of the charging sheet or notification of the summary order, the statute of limitations shall be suspended during the period when the offender is outside Japan or conceals him/herself.

(2) Provisions shall be laid down in the Rules of Court for the matters necessary in proving the absence of the offender from Japan or the concealment which made the service of the charging sheet or notification of the summary order impossible.

## Article 256

(1) Prosecution shall be instituted by submitting the charging sheet to the court.

(2) The charging sheet shall contain:

(i)  The name of the accused and other matters necessary to specify the accused;

(ii)  The charged facts;

(iii)  The charged offense.

(3)  The charged facts shall be described with clarified counts. To clarify the count, the time, place and method of offense must be specified as far as possible.

(4)  The charged offense shall be described with applicable penal statutes; provided, however, that errors in the enumeration of such statutes shall not affect the validity of institution of prosecution as long as there is no fear that they may create any substantial disadvantage to the defense of the accused.

(5)  Several counts and applicable penal statutes may be entered in a conjunctive or alternative way.

(6)  No documents or other articles which may cause the judge to be prejudiced are to be attached or referred to in the charging sheet.

## Article 257

Prosecution may be withdrawn up until the judgment of the first instance is rendered.

## Article 258

Where a public prosecutor considers that the case does not come within the jurisdiction of the court corresponding to the public prosecutors office, such case shall be sent to a public prosecutor of the public prosecutors office corresponding to the competent court together with the documents and articles of evidence.

## Article 259

Where a public prosecutor has made a disposition not to institute prosecution, the public prosecutor shall promptly notify the suspect of such upon his/her request.

## Article 260

Where a public prosecutor has instituted prosecution or made a disposition not to institute prosecution regarding a case with respect to which a complaint, accusation or claim has been filed, the public prosecutor shall notify the person who filed the complaint, accusation or claim promptly. This shall also apply to cases where a public prosecutor has withdrawn the prosecution or has sent the case to a public prosecutor of another public prosecutors office.

## Article 261

Where a public prosecutor has made a disposition not to institute prosecution regarding a case with respect to which a complaint, accusation or claim has been filed, the public prosecutor shall promptly notify the reason for the disposition upon

the request of the person who filed the complaint, accusation or claim.

**Article 262**

（1）Where a person who has filed a complaint or accusation regarding an offense set forth in Articles 193 to 196 of the Penal Code, Article 45 of the Subversive Activities Prevention Act（Act No. 240 of 1952）, or Article 42 or 43 of the Act on Regulation of Organizations Which Have Committed Indiscriminate Mass Murder （Act No. 147 of 1999）is dissatisfied with the disposition not to institute prosecution made by a public prosecutor, the complainant or accuser may request the district court which has jurisdiction over the location of the public prosecutors office to which that public prosecutor belongs to commit the case to a court for trial.

（2）The request set forth in the preceding paragraph shall be made by submitting an application to the public prosecutor who made the disposition not to institute prosecution within 7 days from the day on which the notice set forth in Article 260 was received.

**Article 263**

（1）The request set forth in paragraph （1）of the preceding Article may be withdrawn up until the decision set forth in Article 266 is rendered.

（2）The person who made the withdrawal set forth in the preceding paragraph shall not make any request set forth in paragraph （1）of the preceding Article regarding the same case.

**Article 264**

The public prosecutor shall institute prosecution when he/she considers the request set forth in paragraph （1）of Article 262 to be reasonable.

**Article 265**

（1）A trial and decision regarding the request set forth in paragraph （1）of Article 262 shall be conducted and rendered by a collegiate panel.

（2）The court may, if it deems necessary, requisition a judge of a collegiate panel to investigate the facts, or commission a judge of a district or summary court to do so. In this case, an authorized judge or a commissioned judge shall have the same authority as a court or a presiding judge.

**Article 266**

A court shall render a ruling according to the following classifications when it receives a claim set forth in Article 266;

（ⅰ）Where the claim has been made contrary to the form provided in laws and regulations, or has been made after loss of the right to the claim or is groundless,

it shall be dismissed.

(ii) Where the request is well-grounded, the case shall be committed to the competent district court for trial.

## Article 267

Where the decision set forth in paragraph (2) of the preceding Article has been rendered, prosecution regarding the case shall be deemed to have been instituted.

## Article 267-2

Where a court has rendered the decision set forth in item (ii) of Article 266, notice to this effect shall be given to the Committee for Inquest of Prosecution which is to conduct the inquest prescribed in item (i) of paragraph (1) of Article 2 of the Act on the Committee for Inquest of Prosecution (Act No. 147 of 1948) or the Committee for Inquest of Prosecution which made the decision for institution of prosecution under paragraph (1) of Article 41-6 of the same Act (after appointment of a person who is to be responsible for institution and maintenance of prosecution, to such person), where there exists such a Committee.

## Article 268

(1) Where a case has been committed to trial pursuant to the provision of item (ii) of Article 266, the court shall appoint one attorney who shall maintain the prosecution of such case from among the attorneys.

(2) The attorney appointed as prescribed in the preceding Article shall exercise the same function as a public prosecutor in order to maintain the prosecution until the decision has become final and binding; provided, however, that with regard to issuing orders to a public prosecutor's assistant officer or a judicial police official for investigation the appointed attorney shall do so by commissioning a public prosecutor.

(3) The attorney who exercises the same function as a public prosecutor pursuant to the provision of the preceding paragraph shall be deemed to be an official engaged in public service in accordance with laws and regulations.

(4) The court may cancel the appointment of the attorney set forth in paragraph (1) at any time if it finds that the attorney is not qualified to exercise the duties or there are any other special circumstances.

(5) The attorney appointed as set forth in paragraph (1) shall be given an allowance as provided in a Cabinet order.

## Article 269

The court may, where the request set forth in paragraph (1) of Article 262 is dismissed or withdrawn, order the person who made the request to compensate the

whole or part of the costs arising from the procedures regarding the request on a ruling. An immediate appeal may be filed against such ruling.

## Article 270

(1) A public prosecutor may inspect and copy the documents and articles of evidence regarding the case after prosecution has been instituted.

(2) Notwithstanding the preceding paragraph, the recording media provided in paragraph (3) of Article 157-4 may not be copied.

### Chapter III Public Trial

#### Section 1 Trial Preparation and Trial Procedure

## Article 271

(1) The court shall, when prosecution has been instituted, serve a transcript of the charging sheet on the accused without delay.

(2) When the transcript of the charging sheet fails to be served on the accused within two months after the date of institution of prosecution, the prosecution shall lose its effect retroactively.

## Article 272

(1) The court shall, when prosecution has been instituted, inform the accused without delay that the accused may appoint defense counsel and that when the accused is unable to appoint counsel him/herself because of indigence or other reasons, he/she may request the court to appoint defense counsel for him/her; provided, however, that this shall not apply when the accused already has counsel.

(2) The court shall, when notifying the accused that he/she may appoint counsel pursuant to the preceding paragraph, inform the accused that he/she must submit a report of financial resources, or if the resources of the accused are equal to or exceed the base amount, the accused must have first appointed defense counsel from a bar association (the bar association to which the request under paragraph (1) of Article 31-2 in accordance with paragraph (1) of Article 36-3 paragraph (1) is to be made) except in cases where an attorney is required under this Code.

## Article 273

(1) The presiding judge shall set the trial dates.

(2) The accused shall be summoned to the trial.

(3) The public prosecutor, counsel and assistant in court shall be notified of the trial dates.

## Article 274

When the trial dates are notified to an accused who is within the court precincts, this notification shall have the same effect as a summons having been served.

## Article 275

A period of suspension shall be specified in the Rules of Court between the first trial date and service of the writ of summons on the accused.

## Article 276

(1) The court may change the trial dates, upon the request of the public prosecutor, the accused or his/her counsel, or ex officio.

(2) The court shall, in advance, hear the opinion of the public prosecutor, and the accused or his/her counsel pursuant to the Rules of Court in order to change the trial dates; provided, however, that this shall not apply in a case requiring urgency.

(3) In the case prescribed in the proviso of the preceding paragraph, the court shall give the public prosecutor, and the accused or his/her counsel an opportunity to raise an objection at the commencement of the trial.

## Article 277

When a court has changed a trial date in abuse of its powers, the persons concerned in the case may request the taking of judicial administrative measures pursuant to the Rules or the Instructions of Court.

## Article 278

When a person who has been summoned to the trial cannot appear at the trial because of illness or other reasons, he/she shall submit to the court a medical certificate or other materials pursuant to the Rules of Court.

## Article 279

The court may, upon the request of the public prosecutor, the accused or his/her counsel, or ex officio, ask public offices or public or private organizations for reports on matters necessary for the trial.

## Article 280

(1) From the institution of prosecution to the first trial date, the judge shall take charge of the disposition concerning detention.

(2) When a suspect who has been arrested pursuant to Article 199 or 210, or has been arrested as a flagrant offender and has not yet been detained is prosecuted during the time limitations prescribed in Articles 204 and 205, the judge shall immediately notify the accused of the facts charged, hear his/her statement, and,

unless issuing a detention warrant, shall order release of the accused immediately.

（3） The judge prescribed in the preceding two paragraphs has the same authority as the court or the presiding judge regarding the proceedings thereof.

## Article 281

When the court deems it necessary after considering the matters prescribed in Article 158 and hearing the opinions of the public prosecutor and the accused or his/her counsel, the court may examine the witness on a day other than the trial date.

## Article 281-2

The court may, upon hearing the opinions of the public prosecutor and the accused or his/her counsel, when there is the fear that the witness may feel pressure and will be unable to give sufficient testimony in the presence of the accused （including cases with the measure prescribed in paragraph （1） of Article 157-3 or the method prescribed in paragraph （1） of Article 157-4）, and when his/her counsel is present, dismiss the accused during examination of the witness on a day other than the trial date. In this case, the court shall give the accused a summary of the testimony after the witness has testified, and give the accused an opportunity to examine the witness.

## Article 281-3

The defense counsel shall appropriately keep safe custody of the copies of evidence （copies and materials which accurately record all or part of the evidence）, which the public prosecutor has been given the opportunity to inspect or copy for the preparation of the trial, and may not entrust custody to others without reason.

## Article 281-4

（1） The accused and his/her counsel （including the counsel provided for in Article 440） or those who were formerly in such position shall not deliver, present or send by telecommunication lines to others copies and other materials which the public prosecutor was given the opportunity to inspect or copy unless for the intention of use in the following procedures or for the preparation thereof:

（i） Proceedings of the case charged to the court or other proceedings for a trial related to the case charged to the court

（ii） The following procedures related to the case charged to the court

（a） Procedures for the compensation of expenses provided in Part I, Chapter XVI

（b） A hearing on the request of paragraph （1） of Article 349

（c） Procedures for the request of Article 350

（d） Procedures for demand for recovery of the right of appeal

（e） Procedures for a retrial

    (f) Procedures for an extraordinary appeal to the court of last resort

    (g) Procedures for the petition in paragraph （1） of Article 500

    (h) Procedures for the filing of the objection in Article 502

    (i) Procedures for application of the Criminal Compensation Law

（2） When taking measures for violation of the provisions in the preceding paragraph, the court shall consider the contents of the copies and other materials, the intent and mode of the violation, whether or not the honor, privacy or the affairs of the related persons have been violated, whether or not the copies and other materials have been examined in the trial, the method of examination and any other related matters taking into account the right to defense of the accused.

## Article 281-5

（1） An accused or a person who was formerly an accused, who delivers, presents or sends by telecommunication lines to others copies and other materials which the public prosecutor was given the opportunity to inspect or copy for a purpose other than for use in the procedures or trial preparations prescribed in the items of paragraph （1） of the preceding Article shall be punished by imprisonment with work for not more than a year or a fine of not more than 500,000 yen.

（2） The same shall apply when a counsel （including the counsel provided for in Article 440, hereinafter the same shall apply in this paragraph） or a person who was formerly a counsel delivers, presents or sends by telecommunication lines to others for the purpose of property profits or other profits, copies and other materials which the public prosecutor was given the opportunity to inspect or copy.

## Article 281-6

（1） The court shall, insofar as possible, hold the trial on successive days in cases which require several days for the proceedings.

（2） Persons concerned in the case shall observe the trial dates strictly and shall not interfere with the proceedings.

## Article 282

（1） Examinations in the trial are to be conducted in open court.

（2） The open court is to be convened in the assembled presence of judges, court clerks and public prosecutors.

## Article 283

When the accused is a juridical person, it may have a representative appear at the trial.

## Article 284

The accused shall not be required to appear at the trial in cases which are punishable with a fine of no more than 500,000 yen（50,000 yen for the time being in cases other than violation of the Penal Code, the Act on Punishment of Physical Violence and Others and the Act on Penal Provisions related to Economic Activities or with a minor fine; provided, however, that the accused may have a representative appear at the trial.

### Article 285

（1） The accused shall appear at the trial on the date when the judgment is to be pronounced for cases in which misdemeanor imprisonment without work is applicable. The court may permit the accused not to appear on the other trial dates when the court deems that the attendance of the accused is not important for defense of his/her rights.

（2） The accused shall appear at the trial in cases where he/she is liable for punishment of imprisonment with or without work for not more than three years or a fine of more than 500,000 yen（50,000 yen for the time being in cases other than violation of the Penal Code, the Act on Punishment of Physical Violence and Others and the Act on Penal Provisions related to Economic Activities）during the proceedings prescribed in Article 291 and the sentencing. The other trial dates are to be governed by the second sentence of the preceding paragraph.

### Article 286

The trial may not, except in the cases prescribed in the preceding three Articles, be convened when the accused does not appear at the trial.

### Article 286-2

When the court cannot be convened without the appearance of the accused, and the accused, who is under detention has been summoned to the trial but refuses to appear without justifiable reason, and it is extremely difficult for the officials of the penal institution to bring the accused to the court, the court may commence the proceedings of the trial without the appearance of the accused.

### Article 287

（1） The accused shall not be subject to restraints during the trial; provided, however, that this shall not apply when the accused employs violence or attempts to escape.

（2） Even when the accused is not subject to restraints, guards may be assigned to guard the accused.

### Article 288

（1） The accused may not leave the court without the permission of the presiding

judge.

(2) The presiding judge may take appropriate dispositions to ensure the appearance of the accused at the court and to maintain the order of the court.

## Article 289

(1) When the case is punishable with the death penalty, life imprisonment, or imprisonment with or without work for more than three years, the trial may not be convened without the attendance of counsel.

(2) In cases where the attendance of counsel is required to convene a trial, and the counsel does not appear at the court or counsel has not been appointed, the presiding judge shall appoint counsel for the accused ex officio.

## Article 290

When the counsel does not appear at the trial in the cases prescribed in the items of Article 37, the court may, ex officio, appoint counsel for the accused.

## Article 291

(1) The public prosecutor shall first read out the charging sheet.

(2) The presiding judge shall, after the charging sheet has been read out, notify the accused that he/she may remain silent at all times or may refuse to answer particular questions, and other necessary matters provided for in the Rules of Court to protect the rights of the accused, and shall afford the accused and his/her counsel an opportunity to make a statement concerning the case.

## Article 291-2

When the accused has entered a guilty plea for the charging sheet during the proceedings prescribed in paragraph (2) of the preceding Article, the court may, upon hearing the opinions of the public prosecutor, the accused and his/her counsel, rule to try the case by a summary criminal trial only with regard to the counts for which the accused has entered a guilty plea; provided, however, that this shall not apply to cases punishable with the death penalty, life imprisonment or imprisonment with or without work for not less than one year.

## Article 291-3

The court shall, when the ruling of the preceding Article has been made for a case but the court finds it impossible or inappropriate for the case to be tried by a summary criminal trial, rescind that ruling.

## Article 292

Evidence shall be examined after the proceeding prescribed in Article 291.

## Article 292-2

（1）The court shall, when the victim or his/her legal representative, （the victim's spouse, lineal relative, brother or sister in cases where the victim has died, hereinafter referred to as "victim and others" in this Article）requests to state an opinion such as their sentiments, have the victim and others state their opinions at the trial.

（2）A request for the statement of opinion prescribed in the preceding paragraph shall be made to the public prosecutor in advance. In such case, the public prosecutor shall notify as such to the court together with the prosecutor's opinion.

（3）The presiding judge or the associate judges may, after the victim or others have stated their opinion, question them in order to clarify the purport of the statements.

（4）The persons concerned in the case may, after the victim and others have stated their opinions, question them to clarify their statements, with notification to the presiding judge.

（5）The presiding judge may place restrictions on the statement of opinion by the victim and others or questions to the victim and others by concerned persons that overlap with prior statements or questions, or which are otherwise irrelevant to the case.

（6）The provisions of Article 157-2, 157-3 and paragraph （1）of 157-4 shall apply mutatis mutandis to the statement of opinion under the provisions of paragraph （1）.

（7）The court may, when it deems it inappropriate, considering the state of the proceedings and other circumstances, have the victim and others submit written opinions in lieu of oral statements, or prohibit the stating of opinions.

（8）When a document has been submitted under the provisions of the preceding paragraph, the presiding judge shall make this clear at the trial. In this case, the presiding judge may, when he/she deems it appropriate, read out the document or give a summary thereof.

（9）The statement pursuant to the provisions of paragraph （1）or the document pursuant to the provision of paragraph （7）may not be used as evidence for fact finding of the crime.

## Article 293

（1）After the examination of evidence, the public prosecutor shall state his/her opinion on the finding of facts and the application of law.

（2）The accused and his/her counsel may state their opinion.

## Article 294

The presiding judge shall have control over the trial proceedings during the trial.

## Article 295

（1）The presiding judge may limit any questions or statements by persons concerned with the trial when their questions or statements overlap with previous questions or statements, are irrelevant to the case, or are otherwise inappropriate, insofar as this does not violate the essential rights of those persons. The same shall apply when the accused is questioned by persons concerned in the trial.

（2）　When examining a witness, an expert witness, an interpreter or a translator, if the presiding judge finds that there is a risk that the body or property of these persons or their relatives may be harmed, threatened or confused and that the witness, expert witness, interpreter or translator will not be able to give full testimony if his/her address or work place or other matters specifying the ordinary whereabouts of these persons are disclosed, the presiding judge may place limitations on questions concerning these matters; provided, however, that this shall not apply when limitations on the public prosecutor's examination may interfere considerably with proving the case, or when limitations on the examination by the accused or his/her counsel may substantially harm the defense of the accused.

## Article 296

At the beginning of the examination of evidence, the public prosecutor shall state the facts that he/she intends to prove through evidence; provided, however, that he/she may not make any statements from which prejudice or a preconception of the case is likely to arise based on materials which are not qualified for evidence or which are not intended to be requested for examination in the court.

## Article 297

（1）The court may, upon hearing the opinion of the public prosecutor and the accused or his/her counsel, determine the scope, order and method of the examination of evidence.

（2）The court may have one of its collegiate members carry out the proceeding prescribed in the preceding paragraph.

（3）The court may, at any time when it finds appropriate, upon hearing the opinion of the public prosecutor and the accused or his/her counsel, change the scope, order or method of the examination of evidence determined pursuant to paragraph（1）.

## Article 298

（1）The public prosecutor, the accused or his/her counsel may request examination of evidence.

（2）The court may, when it finds necessary, examine evidence ex officio.

## Article 299

（1）When requesting examination of a witness, expert witness, interpreter or translator, the public prosecutor, the accused or his/her counsel shall give his/her opponent an opportunity to know the name and address of that person in advance. When requesting examination of documentary or material evidence, the public prosecutor, the accused or his/her counsel shall give his/her opponent an opportunity to inspect the evidence in advance; provided, however, that this shall not apply when the opponent has no objection.

（2）When the court rules to examine evidence ex officio, it shall hear the opinion of the public prosecutor and the accused or his/her counsel.

## Article 299-2

When providing the opportunity to know the name and address of a witness, expert witness, interpreter or translator, or the opportunity to inspect documentary or material evidence, pursuant to the provision of the preceding paragraph, the public prosecutor and the counsel may, when they find a risk of physical or property harm, or threat or confusion to the witness, expert witness, interpreter, translator, those whose names appear on the documentary or material evidence, or relatives of such persons, notify the opponent of such risk and request particular care to be taken so that the address, work place and ordinary whereabouts of these persons are not disclosed to those concerned（including the accused）, unless such matters are necessary for proof of the offense or the criminal investigation, or for the defense of the accused.

## Article 300

The public prosecutor shall request the examination of documents admissible pursuant to the provision of the latter part of item（ii）of Article 321, paragraph（1）.

## Article 301

When the statement of the accused admissible pursuant to the provisions of Article 322 and Article 324, paragraph（1）is a confession, its examination may not be requested until after the other evidence for fact finding constituting the offense has been examined.

## Article 302

When the documents admissible pursuant to the provisions of Article 321 to 323 or Article 326 are part of the investigation records, the public prosecutor shall, insofar as possible have them separated from the other records, and request examination.

**Article 303**

The court shall examine documents which contain the results of the examination of witnesses or other persons, results of inspections, search or seizure, and objects seized in the course of trial preparation as documentary or material evidence at the trial.

**Article 304**

（1）The witness, expert witness, interpreter or translator shall first be examined by the presiding judge or an associate judge.

（2）The public prosecutor, the accused or his/her counsel may, by notifying the presiding judge, examine the witness, expert witness, interpreter or translator after the examination prescribed in the preceding paragraph. In this case, when the examination of the witness, expert witness, interpreter or translator pertains to the request of the public prosecutor, the accused or his/her counsel, the one who made the request shall examine them first.

（3）The court may, if it deems it appropriate, change the order of the examination prescribed in the preceding two paragraphs, upon hearing the opinions of the public prosecutor and the accused or his/her counsel.

**Article 304-2**

The court may, when examining a witness and finding that the witness is unable to testify sufficiently owing to the pressure of being in the presence of the accused （including cases where the measures prescribed in paragraph（1）of Article 157-3 or paragraph（1）of Article 157-4 are taken）have the accused leave the courtroom during the testimony of the witness after hearing the opinions of the public prosecutor and the counsel, only when counsel is present. After the witness has testified, the court shall let the accused enter the courtroom, give the accused a summary of the testimony and give him/her the opportunity to examine the witness.

**Article 305**

（1）When examining documentary evidence upon the request of the public prosecutor, the accused or the counsel, the presiding judge shall order the person who has made the request to read the documents out loud; provided, however, that the presiding judge may read them out himself/herself, or have an associate judge or court clerk do so.

（2）When the court examines documentary evidence ex officio, the presiding judge shall read out the documents, or have an associate judge or court clerk to do.

（3）When examining a written statement, part of which contains a recording medium pursuant to the provisions of paragraph（3）of Article 157-4, the medium shall be played in lieu of being read out as prescribed in the preceding paragraph

（2）；provided, however, that the presiding judge may, when he/she finds it appropriate after hearing the opinions of the public prosecutor and the accused, or his/her counsel, order the party who has requested the examination of that written statement, an associate judge or court clerk to state the contents of the document, or may state the contents himself/herself, instead of playing the recording medium.

（4）The court may, when playing the medium prescribed in paragraph（3）of Article 157-4 under the provisions of the preceding paragraph, and when finding it necessary, take the measures prescribed in Article 157-3 after hearing the opinions of the public prosecutor and the accused or his/her counsel.

## Article 306

（1）When examining material evidence upon the request of the public prosecutor, the accused or his/her counsel, the presiding judge shall order the party who has made that request to display it; provided, however, that the presiding judge may display the evidence by himself/herself, or order an associate judge or court clerk to do.

（2）When examining material evidence ex officio, the presiding judge shall display the evidence to the persons concerned in the trial or order an associate judge or court clerk to do so.

## Article 307

Material evidence whose purport serves as evidence shall be examined pursuant to the preceding Article and Article 305.

## Article 307-2

The provisions of Articles 296, 297, 300 to 302, and 304 to the preceding Article shall not apply to cases in which the ruling prescribed in Article 291-2 has been made, and the evidence may be examined by an appropriate method at the trial.

## Article 308

The court shall provide sufficient opportunity for the public prosecutor and the accused or his/her counsel to challenge the probative value of the evidence.

## Article 309

（1）The public prosecutor, the accused or his/her counsel may raise objections regarding the examination of evidence.

（2）The public prosecutor, the accused and his/her counsel may, in addition to the objections prescribed in the preceding paragraph, raise objections to the dispositions of the presiding judge.

（3）The court shall make a ruling on the objections raised under the preceding two

paragraphs.

## Article 310

Documentary or material evidence shall be submitted to the court without delay after its examination; provided, however, that a transcript may be submitted instead of the original with the permission of the court.

## Article 311

(1) The accused may remain silent at all times or may refuse to answer particular questions.

(2) When the accused makes a statement voluntarily, the presiding judge may ask the accused any necessary questions at any time.

(3) The associate judge, the public prosecutor, the counsel, the codefendant or his/her counsel may, by notifying the presiding judge, also ask questions as prescribed in the preceding paragraph.

## Article 312

(1) The court shall, upon the public prosecutor's request, allow the addition, withdrawal or alteration of the counts or applicable penal statutes in the charging sheet so far as this does not modify the identity of the charged facts.

(2) The court may order the public prosecutor to add or alter a count or applicable penal statute when the court finds it appropriate during the course of the proceedings.

(3) The court shall, when a count or applicable penal statute has been added, withdrawn or altered, notify the accused of the part added, withdrawn or altered without delay.

(4) The court shall, when it deems the addition or alteration in the count or the applicable penal statute may cause substantial disadvantage to the defense of the accused, rule to suspend the trial for a period necessary for the accused to prepare for a sufficient defense, upon the request of the accused or his/her counsel.

## Article 313

(1) The court may, when it deems it appropriate, upon the request of the public prosecutor, the accused, his/her counsel or ex officio, rule to separate or consolidate the proceedings, or reopen proceedings which have been concluded.

(2) The court shall, when it deems it necessary to protect the rights of the accused, rule to separate the proceedings pursuant to the Rules of Court.

## Article 314

(1) When the accused is in a state of insanity, the proceedings shall be suspended

while the accused is in such state, after hearing the opinions of the public prosecutor and the counsel; provided, however, that when the court clearly finds that the accused is not guilty or that the case should be a dismissal for judicial bar, remission of punishment or dismissal of prosecution, the court may immediately render these judgments without the appearance of the accused.

(2) When the accused is unable to appear at the trial due to illness, the proceedings shall, upon hearing the opinions of the public prosecutor and the counsel, be ruled to be suspended until it becomes possible for the accused to appear; provided, however, that this shall not apply when a representative appears pursuant to the provisions of Articles 284 and 285.

(3) When a witness essential to fact finding cannot appear at the trial due to illness, the court shall suspend the proceedings until it becomes possible for the witness to appear, except when the court finds it appropriate to examine the witness on a day other than the trial date.

(4) Prior to suspending the trial pursuant to the preceding three paragraphs, the court shall hear the opinion of a medical doctor.

## Article 315

When one of the judges has been changed after the trial has been convened, the court proceedings shall be renewed; provided, however, that this shall not apply when the court pronounces a judgment.

## Article 315-2

When the ruling prescribed in Article 291-2 has been rescinded, the proceeding shall be renewed; provided, however, that this shall not apply when there is no objection from the public prosecutor and the accused or his/her counsel.

## Article 316

The proceedings conducted by a single judge of a district court or a family court shall remain in force, even if the case should have been tried by a collegiate panel.

### Section 1-2 Proceeding for Arranging Issues and Evidence

#### Subsection 1 Pretrial Arrangement Proceeding

##### Division 1 General Rules

## Article 316-2

(1) When the court deems it necessary to conduct productive proceedings of a trial consecutively, systematically and speedily, the court may, after hearing the

opinions of the public prosecutor and the accused or his/her counsel and prior to the first trial date, order on a ruling that the case be subject to a pretrial arrangement proceeding as trial preparation for arrangement of the issues and evidence of the case.

(2) The pretrial arrangement proceeding shall, pursuant to the provisions of this subsection, be conducted by means of letting the persons concerned in the case appear in court and make a statement or letting them produce documents.

## Article 316-3

(1) The court shall endeavor to ensure sufficient preparation in the pretrial arrangement proceeding and, insofar as possible, have speedy conclusion of the proceeding in order to conduct productive proceedings of the trial consecutively, systematically and speedily.

(2) In the pretrial arrangement proceeding, the persons concerned in the case shall cooperate with one another in order to have productive proceedings which are conducted consecutively, systematically and speedily and they shall also cooperate with the court willingly in the conduct of the proceeding.

## Article 316-4

(1) The pretrial arrangement proceeding may not be conducted when there is no counsel for the accused.

(2) When there is no counsel for the accused in the pretrial arrangement proceeding, the presiding judge shall appoint counsel ex officio.

## Article 316-5

In the pretrial arrangement proceeding, the following actions may be taken.

(i) Clarification of the counts or applicable penal statutes

(ii) Permission for addition, revocation or alteration of the counts or applicable penal statutes

(iii) Arrangement of the issues of the case by having the allegation, which is planned to be given on the trial date, disclosed

(iv) Having a request for examination of evidence made

(v) Disclosure of the facts to be proved, the matters to be examined and other matters relating to the evidence requested pursuant to the provision of the preceding item

(vi) Confirmation of the opinion concerning the request for examination of evidence (including whether or not to give the consent prescribed in Article 326 for the documentary evidence)

(vii) Rendering of a ruling to examine the evidence or dismiss the request for examination of evidence

(viii) Decision on the order and method of examining the evidence for which a ruling for examination has been made

(ix) Rendering of a ruling on the filing of an objection against the examination of evidence

(x) Rendering of a ruling on the disclosure of evidence pursuant to the provisions of item (iii)

(xi) Setting or changing of the trial dates and a decision on other necessary matters for the proceedings of the trial

## Article 316-6

(1) The presiding judge shall set the date of the pretrial arrangement proceeding when he/she is to have persons concerned in the case appear in court.

(2) The date of the pretrial arrangement proceeding shall be notified to the public prosecutor, the accused and his/her counsel.

(3) The presiding judge may change the date of the pretrial arrangement proceeding upon the request of the public prosecutor, the accused or his/her counsel or ex officio. In this case, the presiding judge shall hear the opinions of the public prosecutor and the accused or his/her counsel in advance pursuant to the Rules of Court.

## Article 316-7

When the public prosecutor or the defense counsel does not appear on the date of the pretrial arrangement proceeding, the proceedings on that date may not be conducted.

## Article 316-8

(1) When there is a risk that the defense counsel will not appear on the date of the pretrial arrangement proceeding or when he/she leaves the proceeding, the presiding judge shall appoint defense counsel ex officio.

(2) When the defense counsel is likely not to appear on the date of the pretrial arrangement proceeding, the court may appoint defense counsel ex officio.

## Article 316-9

(1) The accused may appear on the date of the pretrial arrangement proceeding.

(2) When the court deems it to be necessary, it may ask the accused to appear on the date of the pretrial arrangement proceeding.

(3) When the accused is to appear at the pretrial arrangement proceeding, the presiding judge shall, on the first date that the accused is to appear, begin by giving notification to the accused that he/she may remain silent at all times or may refuse to answer particular questions.

## Article 316-10

When the court deems it necessary to confirm the intention of the accused for a statement given by the counsel or a document to be submitted by the counsel, the court may, on the date of the pretrial arrangement proceeding, ask the accused questions and have the counsel submit a document which is signed jointly by the accused.

## Article 316-11

The court may (excluding the provisions of items (ii), (vii), (ix) and (x) of Article 316-5) order a member of a collegiate panel to put the case into a pretrial arrangement proceeding. In this case, the authorized judge shall have the same authority as the court or the presiding judge.

## Article 316-12

(1) A court clerk shall attend on the date of the pretrial arrangement proceeding.

(2) The court proceedings on the dates of the pretrial arrangement proceeding shall be recorded in the records of the pretrial arrangement proceeding pursuant to the Rules of Court.

### Division 2 Arrangement of Issues and Evidence

## Article 316-13

(1) When the case is put into the pretrial arrangement proceeding, the public prosecutor shall submit documents in which the facts planned to be proved are described ("the facts planned to be proved" means the facts which are planned to be proved by evidence at the trial; the same shall apply hereinafter) to the court and shall also send them to the accused or his/her counsel. In this case, the public prosecutor shall not describe any item that may raise prejudice or preconception of the case based on materials which are not qualified for evidence or which are not intended to be requested for examination in court, described in the documents.

(2) The public prosecutor shall request the examination of evidence which is to be used to prove the facts planned to be proved prescribed in the preceding paragraph.

(3) paragraph (1) of Article 299 shall not apply to the request for the examination of evidence prescribed in the preceding paragraph.

(4) The court shall, upon hearing the opinions of the public prosecutor and the accused or his/her counsel, set a deadline for the submission and delivery of the documents prescribed in paragraph (1) and the request prescribed in paragraph (2).

**Article 316-14**

The public prosecutor shall promptly disclose the evidence which he/she has requested to be examined (hereinafter referred to as "the evidence for examination requested by the public prosecutor") to the accused or his/her counsel by the following means according to each category.

(i) In the case of documentary evidence or articles of evidence, an opportunity shall be given to inspect (inspect and copy for the defense counsel) the documentary evidence or the articles of evidence.

(ii) In the case of a witness, expert witness, interpreter or translator, an opportunity shall be given to know their names and addresses and to inspect (inspect and copy for the defense counsel) their recorded statement documents ("recorded statement documents" means a written statement, or a statement which has been recorded and taken down in writing and has the signature or seal of the person making the statement or a recording medium which is able to record images or sound and on which the statement has been recorded; the same shall apply hereinafter) which reveal the contents of that which they are supposed to state at the trial (documents which contain a gist of the contents that they are supposed to state at the trial when there are no such recorded statement documents or when such materials are deemed inappropriate for inspection).

**Article 316-15**

(1) With regard to evidence other than that which has been disclosed pursuant to the provision of the preceding Article, belonging to any category of evidence provided in the following items and which is deemed to be important to judge the credibility of particular evidence for examination requested by the public prosecutor, the public prosecutor shall, upon the request of disclosure by the defendant or his/her counsel, promptly disclose it by the means prescribed in item (i) of the same Article when he/she deems it appropriate considering the extent of the importance, other necessities for disclosure in order to prepare for the defense of the accused and the contents and extent of abuse which is feared will be caused by the disclosure. In this case, the public prosecutor may, when he/she deems it necessary, designate the time or method of disclosure or set appropriate conditions for disclosure.

(i) Articles of evidence

(ii) Documents describing the results of the inspection by the court or the judge prescribed in paragraph (2) of Article 321

(iii) Documents prescribed in paragraph (3) of Article 321 or equivalent documents

(iv) Documents prescribed in paragraph (4) of Article 321 or related documents

  (vi)  Recorded statement documents of:

    (a)  Any person whom the public prosecutor has requested for examination as a witness

    (b)  Any person who has made a statement in the recorded statement documents, which the public prosecutor requested for examination, and whom the public prosecutor intends to request for examination as a witness if the recorded statement documents are not given the consent for examination prescribed in Article 326

  (vi)  In addition to those provided in the preceding items, the recorded statement documents of a person other than the accused which contains a statement relating to the existence of a fact which the public prosecutor plans to prove directly by the particular evidence for examination requested by the public prosecutor

  (vii)  Recorded statement documents of the accused

  (viii)  A document which a public prosecutor, an assistant officer to a prosecutor or a judicial police official is obliged to make officially in accordance with the rules relating to the interrogation records and which contains the date, time, place and other details of the interrogation of the person in custody (limited to those relating to the accused)

(2)  When the accused or his/her counsel requests the disclosure prescribed in the preceding paragraph, he/she shall clearly indicate the following:

  (i)  A category of evidence as provided in each item of the preceding paragraph and matters to identify the evidence which he/she is requesting for disclosure;

  (ii)  The importance of the evidence which is requested for disclosure in judging the credibility of the evidence for examination requested by the public prosecutor and other reasons why the disclosure is necessary for preparation of the defense of the accused according to the context of the case, the facts planned to be proved by the particular evidence for examination requested by the public prosecutor, the connection between the evidence which is requested for disclosure and the evidence for examination requested by the public prosecutor and other facts.

## Article 316-16

(1)  When the accused or his/her counsel receives the documents prescribed in paragraph (1) of Article 316-13 and he/she has received the disclosure of evidence which should be disclosed pursuant to the provisions of Article 316-14 and paragraph (1) of the preceding Article, with regard to the evidence for examination requested by the public prosecutor, the accused or his/her counsel shall clearly indicate his/her opinion on whether he/she will consent pursuant to the provision of Article 326 or whether he/she has no objection relating to the request of examination.

(2) The court may, upon hearing the opinions of the public prosecutor and the accused or his/her counsel, set a deadline for the clarification of the opinion prescribed in the preceding paragraph.

## Article 316-17

(1) When the accused or his/her counsel receives the documents prescribed in paragraph （1） of Article 316-13 and he/she receives the disclosure of evidence that should be disclosed pursuant to the provisions of Article 316-14 and paragraph （1） of Article 316-15 and when he/she has facts planned to be proved or other factual or legal allegations intended to be put forth at the trial, he/she shall clearly reveal them. In this case, the provision of the second sentence of paragraph （1） of Article 316-13 shall apply mutatis mutandis.

(2) When the accused or his/her counsel has facts planned to be proved as prescribed in the preceding paragraph, he/she shall request examination of the evidence for use in proving the facts. In this case, the provision of paragraph （3） of Article 316-13 shall apply mutatis mutandis.

(3) The court may, after hearing the opinions of the public prosecutor and the accused or his/her counsel, set a deadline for revealing the allegation prescribed in paragraph （1） and for the request prescribed in the preceding paragraph.

## Article 316-18

The accused or his/her counsel shall promptly disclose the evidence which he/she has requested to be examined pursuant to the provision of paragraph （2） of the preceding Article to the public prosecutor by the following means according to each category of evidence.

(i) In the case of documentary evidence or articles of evidence, an opportunity shall be given to inspect or copy the documentary evidence or the articles of evidence

(ii) In the case of a witness, expert witness, interpreter or translator, an opportunity shall be given to know their names and addresses and to inspect and copy their recorded statement documents which reveal the contents of that which they are supposed to state at the trial （documents which contain a gist of the contents that they are supposed to state at the trial when there are no such recorded statement documents or when such materials are deemed inappropriate for inspection）

## Article 316-19

(1) When the public prosecutor receives the disclosure of evidence which should be disclosed pursuant to the provision of the preceding Article, with regard to the evidence for examination requested by the accused or his/her counsel pursuant to

the provision of paragraph （2） of Article 316-17, the public prosecutor shall clearly indicate his/her opinion on whether he/she will consent pursuant to the provision of Article 326 or whether he/she has no objection relating to the request for examination.

（2） The court may, after hearing the opinions of the public prosecutor and the accused or his/her counsel, set a deadline for clarification of the opinion prescribed in the preceding paragraph.

## Article 316-20

（1） With regard to evidence other than that which has been disclosed pursuant to the provisions of Article 316-14 and paragraph （1） of Article 316-15 and which is deemed to be connected to the allegation prescribed in paragraph （1） of Article 316-17, the public prosecutor shall, upon the request of disclosure by the defendant or his/her counsel, promptly disclose it by the means prescribed in item （i） of Article 316-14 when he/she deems it appropriate considering the extent of the connection, other necessities for disclosure in order to prepare for the defense of the accused, and the contents and the extent of possible harmful effects of disclosure. In this case, the public prosecutor may, when he/she deems it necessary, designate the time or method of disclosure or set appropriate conditions for the disclosure.

（2） When the accused or his/her counsel requests the disclosure prescribed in the preceding paragraph, he/she shall clearly indicate:

 （i） Matters to identify the evidence which he/she is requesting for disclosure;

 （ii） The connection between the allegation prescribed in paragraph （1） of Article 316-17 and the evidence which is requested for disclosure and other reasons why the disclosure is necessary to prepare for the defense of the accused.

## Article 316-21

（1） When the public prosecutor deems it necessary to add or alter the facts planned to be proved after the proceedings prescribed in Articles 316-13 to 316-20 have been completed, he/she shall promptly submit a document in which the addition or alteration in the facts to be proved are described to the court and send it to the accused or his/her counsel. In this case, the provision of the second sentence of paragraph （1） of Article 316-13 shall apply mutatis mutandis.

（2） When the public prosecutor deems it necessary to add a request for examination of evidence which will be used to prove the facts planned to be proved, he/she shall promptly request examination of the evidence to be added. In this case, the provision of paragraph （3） of Article 316-13 shall apply mutatis mutandis.

（3） The court may, after hearing the opinions of the public prosecutor and the accused or his/her counsel, set deadlines for the submission and delivery of the

document prescribed in paragraph（1）and the request prescribed in the preceding paragraph.

（4）The provisions of Article 316-14 to 316-16 shall apply mutatis mutandis to the evidence which is requested for examination by the public prosecutor pursuant to the provision of paragraph（2）.

## Article 316-22

（1）When the accused or his/her counsel deems it necessary to add or alter the allegations prescribed in paragraph（1）of Article 316-17 after the proceedings prescribed in Articles 316-13 to 316-20 have been completed, he/she shall promptly notify the court and the public prosecutor of the addition or alteration in the allegations. In this case, the provision of the second sentence of paragraph（1）of Article 316-13 shall apply mutatis mutandis.

（2）When the accused or his/her counsel deems it necessary to add a request for examination of evidence which will be used to prove the facts planned to be proved, he/she shall promptly request examination of the evidence to be added. In this case, the provision of paragraph（3）of Article 316-13 shall apply mutatis mutandis.

（3）The court may, upon hearing the opinions of the public prosecutor and the accused or his/her counsel, set deadlines for clarification of the allegation prescribed in paragraph（1）and the request prescribed in the preceding paragraph.

（4）The provisions of Article 316-18 and 316-19 shall apply mutatis mutandis to the evidence which is requested for examination by the accused or his/her counsel pursuant to the provision of paragraph（2）.

（5）The provision of Article 316-20 shall apply mutatis mutandis to the evidence which is deemed to be connected to the allegation to which an addition or alteration should be made pursuant to the provision of paragraph（1）.

## Article 316-23

The provision of Article 299-2 shall apply mutatis mutandis to cases in which the public prosecutor or the defense counsel discloses evidence pursuant to the provisions of this Division.

## Article 316-24

In completing the pretrial arrangement proceeding, the court shall confirm the results of the arrangement of issues and evidence of the case with the public prosecutor and the accused or his/her counsel.

### Division 3 Ruling Relating to the Disclosure of Evidence

**Article 316-25**

（1）When the court deems it necessary according to the degree of necessity for the disclosure of evidence, the possible harmful effects of disclosure and other factors, it may, upon the request of the public prosecutor for evidence which should be disclosed pursuant to the provision of Article 316-14（including cases to which this provision applies mutatis mutandis pursuant to the provision of paragraph（4）of Article 316-21）and upon the request of the accused or his/her counsel for evidence which should be disclosed pursuant to the provision of Article 316-18（including cases to which this provision applies mutatis mutandis pursuant to the provision of paragraph（4）of Article 316-21）on a ruling, designate the time or the means of the disclosure of evidence or set appropriate conditions for the disclosure.

（2）When the court makes a ruling for the request prescribed in the preceding paragraph, it shall hear the opinion of the opponent.

（3）An immediate appeal against the ruling prescribed in paragraph（1）may be filed.

**Article 316-26**

（1）When the court deems that the public prosecutor has not disclosed the evidence which was to be disclosed pursuant to Article 316-14, paragraph（1）of Article 316-15（including cases in which these provisions apply mutatis mutandis pursuant to the provision of paragraph（4）of Article 316-21）or paragraph（1）of Article 316-20（including cases in which this provision applies mutatis mutandis pursuant to the provision of paragraph（5）of Article 316-22）or that the accused or his/her counsel has not disclosed the evidence which was to be disclosed pursuant to Article 316-18（including cases in which this provision applies mutatis mutandis pursuant to the provision of paragraph（4）of Article 316-22）, it shall, upon the request of the opponent, order the disclosure of evidence on a ruling. In this case, the court may, on a ruling, designate the time or the means of disclosure of the evidence or set appropriate conditions for the disclosure.

（2）When the court makes a ruling for the request prescribed in the preceding paragraph, it shall hear the opinion of the opponent.

（3）An immediate appeal against the ruling prescribed in paragraph（1）may be filed.

**Article 316-27**

（1）When the court deems it necessary in making a ruling for the request prescribed in paragraph（1）of Article 316-25 or paragraph（1）of the preceding Article, it may order the public prosecutor, the accused or his/her counsel to present the evidence which is requested. In this case, the court shall not let anyone inspect or copy the evidence.

(2) When the court deems it necessary in making a ruling for the request made by the accused or his/her counsel prescribed in paragraph（1）of the preceding Article, it may order the public prosecutor to present a list of the evidence that he/she holds which falls within the range specified by the court. In this case, the court shall not let anyone inspect or copy the list.

(3) The provision of Article 1 shall apply mutatis mutandis to the court where the immediate appeal prescribed in the provision of paragraph（3）of Article 316-25 of paragraph（1）of the preceding Article is pending and the provision of the preceding paragraph shall apply mutatis mutandis to the court where the immediate appeal prescribed in the provision of paragraph（3）of the same Article is pending.

## Subsection 2 Inter-trial Arrangement Proceeding

### Article 316-28

(1) When the court considers it necessary during the course of the proceedings, the court may, after hearing the opinions of the public prosecutor and the accused or his/her counsel and after the first trial date, put the case, on a ruling, into an inter-trial arrangement proceeding as preparation for the trial to arrange the issues and evidence of the case.

(2) The provisions of the preceding Subsection（excluding the provisions of paragraph（1）of Article 316-2 and paragraph（3）of Article 316-9）shall apply mutatis mutandis to the inter-trial arrangement proceeding. In this case, the evidence that the public prosecutor, the accused or his/her counsel requested to be examined before the ruling prescribed in the preceding paragraph shall be deemed to be the evidence that was requested to be investigated in the inter-trial arrangement proceeding and the words "the date of the pretrial arrangement proceeding" prescribed in Articles 316-6 to 316-10 and 316-12 shall be deemed to be "the date of the inter-trial arrangement proceeding" and the word "the records of the pretrial arrangement proceeding" prescribed in paragraph（2）of the same Article shall be deemed to be "the records of the inter-trial arrangement proceeding."

## Subsection 3 Special Provisions for the Trial Procedure

### Article 316-29

When the case has been placed into a pretrial arrangement proceeding or an inter-trial arrangement proceeding, the court may not be convened without the presence of the counsel of the accused even if it is not the case prescribed in paragraph（1）of Article 289.

## Article 316-30

With regard to a case which has been placed in a pretrial arrangement proceeding, when the accused or his/her counsel has facts to be proved by evidence or any other factual or legal allegations, he/she shall clearly reveal them after the proceeding prescribed in Article 296. In this case, the proviso of the same Article shall apply mutatis mutandis.

## Article 316-31

（1）With regard to a case that has gone through the pretrial arrangement proceeding, the court shall, pursuant to the Rules of Court, reveal the results of the proceeding on the trial date after the proceeding prescribed in the preceding Article.

（2）With regard to a case that has gone through the inter-trial arrangement proceeding, the court shall, pursuant to the Rules of Court, reveal the results of the proceeding on the trial date after the proceeding.

## Article 316-32

（1）After the end of a pretrial arrangement proceeding or an inter-trial arrangement proceeding, notwithstanding the provision of paragraph （1）of Article 298, the public prosecutor and the accused or his/her counsel may not request examination of evidence except such evidence that was not able to be requested in the proceeding because of unavoidable reasons.

（2）The provision of the preceding paragraph does not prevent the court from examining evidence ex officio when the court believes it to be necessary.

### Section 2 Evidence

## Article 317

Facts shall be found on the basis of evidence.

## Article 318

The probative value of evidence shall be left to the free discretion of the judge.

## Article 319

（1）Confession under compulsion, torture, threat, after unduly prolonged detention or when there is doubt about it being voluntary may not be admitted as evidence.

（2）The accused shall not be convicted when the confession, whether it was made in open court or not, is the only piece of incriminating evidence.

（3）The confession prescribed in the preceding two paragraphs includes admission of guilt regarding the offense charged.

## Article 320

(1) No document nor statement of another person made outside of the trial may be used as evidence in lieu of a statement made at the trial, unless as otherwise prescribed in Articles 321 to 328.

(2) When the ruling prescribed in Article 291-2 has been rendered, the provision of the preceding paragraph shall not apply to the evidence; provided, however, that this shall not apply to evidence to which the public prosecutor, accused or his/her counsel raises an objection for use.

## Article 321

(1) A written statement made by a person other than the accused, or a written statement recording the statement of that person and with the signature or the seal affixed by that person may be used as evidence only in the following circumstances:

  (i) With regard to a document which contains a statement given before a judge (including the methods prescribed in Article 157-4), when the person who has made that statement is unable to testify at the trial or in the trial preparation, owing to death, mental or physical disorder, being non est or out of the country, or when the person has given testimony at the trial or trial preparation that is inconsistent with a prior statement.

  (ii) With regard to a document which contains a statement given before a public prosecutor, when the person who has made that statement is unable to testify at the trial or in the trial preparation, owing to death, mental or physical disorder, being non est or out of the country, or when the person has given testimony at the trial or trial preparation that conflicts or substantially differs from a previous statement; provided, however, that this shall be limited to cases where the previous statement was made under circumstances that afford a statement more credible than the testimony given at the trial or in the trial preparation.

  (iii) With regard to a document other than those prescribed in the preceding two items, when the person who has given the statement is unable to testify at the trial or in the trial preparation, owing to death, mental or physical disorder, being non est or out of the country, and the statement is essential to prove or disprove the facts of the crime; provided, however, that this shall be limited to cases in which the previous statement was made under circumstances that afford special credibility.

(2) A document which contains statements given by a person other than the accused at the trial or in the trial preparation, or which contains the results of an inspection by a court or a judge may be used as evidence, notwithstanding the provisions of the preceding paragraph.

(3) A document which contains the results of an inspection by a public prosecutor, an assistant officer of a prosecutor or a judicial police official may be used as evidence notwithstanding the provision of the first paragraph, if the inspector attends the trial as a witness and verifies upon examination the authenticity of the document that was prepared.

(4) The provision of the preceding paragraph shall be applied to a document made by an expert which describes the process and conclusion of the expert examination.

**Article 321-2**

(1) A written statement, part of which is attached with a medium that has recorded the examination, testimony or the proceedings of the examination pursuant to the provision of paragraph (1) of Article 157-4 conducted during criminal proceedings other than the trial or the trial preparation or during other criminal proceedings may be used as evidence notwithstanding the provision of paragraph (1) of the preceding Article. In this case, the court shall give the persons concerned in the case an opportunity to examine those who have made statements as witnesses, after examination of the written statement.

(2) When the court examines the written statement pursuant to the provision of the preceding paragraph, the proviso to paragraph (3) of Article 305 may not be applied.

(3) The statement recorded in the written statement examined pursuant to the provision of paragraph (1) of this Article shall be deemed to have been made at the trial of the case under public prosecution, when applying the first part of paragraph (1) of Article 295, and paragraph (1), item (i) and item (ii) of the preceding Article.

**Article 322**

(1) A written statement made by the accused or a written statement recording the statement of the accused and which has his/her signature and seal affixed by him/her may be used as evidence, when the statement contains an admission of a disadvantageous fact, or is made under circumstances that afford special credibility; provided, however, that even if the admission is not a confession, a document which contains an admission of a disadvantageous fact may not be used as evidence when there is doubt about it being voluntary as prescribed in Article 319.

(2) A written statement which records the statement of the accused at the trial or in the trial preparation may be used as evidence when the statement is deemed to have been made voluntarily.

**Article 323**

A document other than those prescribed in the preceding three Articles may be used as evidence if the document is:

　(i) A transcript of a family register, a transcript of a notarized deed or other documents on facts which a public officer（including an officer of a foreign government）may certify and which is made by that public officer.

　(ii) An account book, a log book and other documents prepared in ordinary social activities.

　(iii) A document other than those prescribed in the preceding two items made under circumstances that afford special credibility.

## Article 324

(1) With regard to the statement made by a person other than the accused at the trial or in the trial preparation and which contains the statement of the accused, the provision of Article 322 shall be applied.

(2) With regard to the statement made by a person other than the accused at the trial or in the trial preparation which contains the statement of a person other than the accused, the provision of item（iii）, paragraph（1）of Article 321 shall be applied.

## Article 325

The court may not use a document or written statement which can be used pursuant to the provision of Article 321 up to the preceding Article as evidence unless the court has examined whether the statement in the document or in the statement of other persons at the trial or in the trial preparation has been made voluntarily.

## Article 326

(1) A document or statement that the public prosecutor or the accused has consented for use as evidence may be used as evidence notwithstanding the provisions of Articles 321 to 325 when the court finds it appropriate considering the circumstances in which the document or statement was made.

(2) In cases when evidence may be examined without the appearance of the accused, it shall be deemed that the accused has given the consent prescribed in the preceding paragraph when he/she does not appear at the trial; provided, however, that this shall not apply when his/her agent or his/her counsel appears at the trial.

## Article 327

The court may, when the public prosecutor and the accused or his/her counsel have agreed to write down the contents of a statement that contain the contents of a certain document or a certain statement that a witness would testify to at the trial

and have submitted such written statement to the court, use it as evidence without examining the original or the witness. However, the probative value of the document may be challenged regardless.

## Article 328

A document or a statement, which cannot be used as evidence pursuant to the provisions of Articles 321 to 324 may be used to challenge the probative value of the statement of the accused, the witness or other persons at the trial or in the trial preparation.

### Section 3 Decisions in the Trial

## Article 329

When a court has no jurisdiction over a case under public prosecution, it shall render, by a judgment, a decision of lack of jurisdiction; provided, however, that it may not render such decision on a case which has been committed to a district court for trial pursuant to the provision of item（ii）of Article 266.

## Article 330

When there is an institution of prosecution for a case falling under the special jurisdiction of a high court and the high court finds the case falls under the jurisdiction of a lower court, the high court shall, on a ruling, transfer the case to the court with jurisdiction notwithstanding the provision of the preceding Article.

## Article 331

（1）A court shall not render a decision of lack of territorial jurisdiction without the petition of the accused.

（2）The petition for lack of jurisdiction may not be made after the commencement of examination of evidence on a case under public prosecution.

## Article 332

When the summary court deems it reasonable for the case to be tried by a district court, it shall, on a ruling, transfer the case to the district court with jurisdiction.

## Article 333

（1）When the case under public prosecution has been proven to be a crime, the court shall render punishment by a judgment, except as otherwise prescribed in Article 334.

（2）The suspension of execution of the sentence shall be rendered by a judgment at the same time as rendition of the punishment. The same shall apply to placing the

person under probation pursuant to the provision of item（i）of Article 25-2.

## Article 334

Exculpation of a person under public prosecution shall be rendered by a judgment.

## Article 335

（1）When pronouncing a sentence, the court shall signify the facts constituting the crime, the list of evidence, and the application of laws and regulations.

（2）When a reason to preclude establishment of the crime by act or grounds for aggravation or reduction of the punishment have been argued, the court shall render an opinion on it.

## Article 336

When the case under public prosecution does not constitute a crime or has not been proven to be a crime, the court shall render a not guilty verdict in the judgment.

## Article 337

The court shall, by a judgment, render a dismissal for judicial bar when:

（i）The case has gone through a final and binding judgment;

（ii）The punishment is repealed by laws and regulations established after the crime;

（iii）There is a general pardon;

（iv）There is a lapse of the statue of limitations.

## Article 338

The court shall, by a judgment, render a dismissal of prosecution when:

（i）It has no national jurisdiction over the accused;

（ii）The prosecution has been instituted in violation of Article 340;

（iii）There is an institution of prosecution for the same case in the same court;

（iv）The procedure of the institution of prosecution is ineffective because of violation of the provisions.

## Article 339

（1）The court shall, on a ruling, render a dismissal of prosecution when:

（i）The institution of prosecution ceases to be effective in accordance with the provision of paragraph（2）of Article 271;

（ii）The facts written in the charging sheet, although they may be true, do not include any facts constituting a crime;

（iii）The prosecution has been revoked;

（iv）The accused is deceased or a juridical person which is the accused ceases to

exist;

(v) The case may not be tried in accordance with the provision of Article 10 or 11;

(2) An immediate appeal against the ruling prescribed in the preceding paragraph may be filed.

## Article 340

When a ruling of dismissal of prosecution based on revocation of the prosecution becomes final and binding, prosecution for the same case shall not be instituted again unless there is the new discovery of an important fact.

## Article 341

When the accused does not make any statement, and he/she leaves the court without permission, or is ordered to leave the court by the presiding judge for the sake of maintenance of order, the court may render a judgment without hearing his/her statement.

## Article 342

The judgment shall be notified by being pronounced in open court.

## Article 343

When a judgment to impose imprisonment without work or a greater punishment is pronounced, the bail or suspension of execution of detention loses its effect. In this case, only when there is no new ruling of bail or suspension of execution of detention, the provision of Article 98 shall apply mutatis mutandis.

## Article 344

The provisions of the proviso to paragraph (2) of Article 60 and Article 89 shall not apply after a judgment to impose imprisonment without work or a greater punishment has been pronounced.

## Article 345

When there is a notification of a decision of acquittal, dismissal, exculpation, suspension of execution, dismissal of prosecution (except as otherwise prescribed in item (iv) of Article 338), a fine or petty fine, the detention warrant shall lose its effect.

## Article 346

When there is no rendition for the confiscating of seized objects, the decision to release the seizure shall be deemed to have been rendered.

## Article 347

(1) With regard to seized property which has been obtained through a crime and of which the reason necessitating return to the victim is clear, a decision to return such property to the victim shall be rendered.

(2) The same shall apply when there is a request by the victim for delivery of an object which has been received in exchange for property obtained through a crime.

(3) When there is no particular rendition on a provisionally returned object, the decision for return shall be deemed to have been rendered.

(4) The provisions of the preceding three paragraphs do not prevent interested persons from claiming their rights in accordance with the procedures of civil actions.

## Article 348

(1) When the court, in rendering a fine, petty fine or collection of a sum of equivalent value, deems that it will be impossible or difficult to execute the judgment should there be a delay until the judgment becomes final and binding, the court may, upon a request by the public prosecutor or ex officio, order the accused to provisionally pay an amount equal to the fine, petty fine or collection of sum of equivalent value.

(2) The decision of provisional payment shall be rendered at the same time as the rendition of punishment by a judgment.

(3) The decision of provisional payment may be executed immediately.

## Article 349

(1) When a rendition to suspend an execution of punishment is to be revoked, a public prosecutor shall make a request for the revocation to the district, family or summary court which has jurisdiction over the present place or the last domicile of the person who has been sentenced to punishment.

(2) When a rendition to suspend the execution of punishment is to be revoked pursuant to item（ii）of Article 26-2, the request prescribed in the preceding paragraph shall be made based on a petition by the director of the probation office.

## Article 349-2

(1) When the request prescribed in the preceding Article has been made, a court shall, after hearing the opinion of the person who has been rendered suspension of execution or his/her representative, make a decision.

(2) In the case of the preceding paragraph, when the request is for the revoking of a rendition of suspending execution pursuant to the provision of item（ii）of Article 26-2 of the Penal Code and when there is a request by the person who has been rendered the suspension, the proceeding shall undergo an oral argument.

(3) When it comes to undergoing an oral argument to make the ruling prescribed in paragraph（1）, a person who has been rendered suspension of execution is entitled to appoint defense counsel.

(4) When it comes to undergoing an oral argument to make the ruling prescribed in paragraph（1）, the public prosecutor may, with the permission of the court, have a probation officer state his/her opinion.

(5) An immediate appeal against the ruling prescribed in paragraph（1）may be filed.

## Article 350

When a punishment is to be determined pursuant to the provision of Article 52 of the Penal Code, the public prosecutor shall request the court which rendered the final judgment to do so. In this case, the provisions of paragraphs（1）and（5）of the preceding Article shall apply mutatis mutandis.

### Chapter IV Speedy Trial Procedure

### Section 1 Petition for the Speedy Trial Procedure

## Article 350-2

(1) When a public prosecutor deems it appropriate, considering a case in which he/she is intending to institute prosecution to be clear and minor and where the examination of evidence is expected to be completed promptly as well as other circumstances, he/she may make a petition for a speedy trial procedure in writing; provided, however, that this shall not apply to cases which are punishable by the death penalty, life imprisonment or imprisonment with or without work for not less than one year.

(2) A public prosecutor shall not make the petition prescribed in the preceding paragraph without consent from the suspect for the case to be tried by a speedy trial procedure.

(3) When a public prosecutor is confirming whether or not the suspect gives the consent prescribed in the preceding paragraph, he/she shall do so in writing. In this case, the public prosecutor shall explain, to the suspect, the facts which are necessary to make him/her understand the speedy trial procedure（including the fact that, if he/she does not have defense counsel, he/she may appoint one pursuant to the provision of the following Article）and notify him/her that he/she may be tried pursuant to the provisions of regular rules.

(4) When there is counsel for the suspect, the petition prescribed in paragraph（1）may be made only when the suspect gives the consent prescribed in paragraph（2）and when his/her counsel also gives consent or reserves giving consent to the case

being tried by a speedy trial procedure.

（5）When the suspect gives the consent prescribed in paragraph（2）, and when his/her counsel gives or reserves giving the consent prescribed in the preceding paragraph, such opinions shall be declared in writing.

（6）The documents prescribed in the preceding paragraph shall be attached to the documents prescribed in paragraph（1）.

## Article 350-3

（1）When a suspect, who is asked for the confirmation prescribed in paragraph（3）of the preceding Article, is going to declare whether he/she will consent to be tried by a speedy trial procedure and when the accused is unable to appoint defense counsel because of indigence or other reasons, the judge shall appoint counsel for the accused upon his/her request; provided, however, that this shall not apply when defense counsel has been appointed by a person other than the accused.

（2）The provision of Article 37-3 shall apply mutatis mutandis when the suspect makes the request prescribed in the preceding paragraph.

## Section 2 Special Measures for Trial Preparation and Trial Procedure

## Article 350-4

When there is a petition for a speedy trial procedure and there is no defense counsel for the accused, the presiding judge shall appoint counsel ex officio as promptly as possible.

## Article 350-5

In a case in which a speedy trial procedure has been petitioned, when the public prosecutor is giving an opportunity to the accused or his/her counsel to inspect the documentary evidence or other opportunity pursuant to the provisions of paragraph（1）of Article 299, the public prosecutor shall give the opportunity as promptly as possible.

## Article 350-6

（1）In a case in which a speedy trial procedure has been petitioned, when the defense counsel reserves giving consent for a speedy trial procedure or when he/she was appointed after the petition for the speedy trial procedure was made, the court shall ask the defense counsel for confirmation as to whether or not consent is given to the procedure as promptly as possible.

（2）When the defense counsel gives the consent prescribed in the preceding paragraph, such an opinion shall be declared in writing.

### Article 350-7

When a petition for the speedy trial procedure has been made, the presiding judge shall, after hearing the opinions of the public prosecutor and the accused or his/her counsel, set a trial date after the petition (after the consent prescribed in paragraph （1） of the preceding Article in the case referred to in the paragraph) which is as early as possible.

### Article 350-8

In a case which is petitioned to be tried by a speedy trial procedure, the court shall decide, on a ruling, that the case is to be tried by a speedy trial procedure when the accused states that he/she is guilty for the count written in the charging sheet, except when:

（i） The consent prescribed in paragraph （2） or （4） of Article 350-2 has been revoked;

(ii) Consent has not been given or has been revoked in the case prescribed in paragraph （1） of Article 350;

(iii) In addition to the cases prescribed in the preceding two items, the court considers that the case cannot be tried by a speedy trial procedure;

(iv) The court considers the case inappropriate for a speedy trial procedure.

### Article 350-9

When there is no defense counsel, the trial for the procedure prescribed in the preceding Article and for the speedy trial procedure shall not be convened.

### Article 350-10

（1） The provisions of Articles 284, 285, 296, 297, 300 to 302 and 304 to 307 shall not apply to the proceedings for the ruling prescribed in Article 350-8 and trials undergoing the speedy trial procedure.

（2） In speedy trial procedures, the evidence may be examined by means which are considered to be appropriate at the trial.

### Article 350-11

（1） In cases in which the ruling of Article 350-8 has been made, the court shall revoke the ruling when:

(i) The accused or his/her counsel revokes consent to the speedy trial procedure before the judgment;

(ii) The accused revokes the statement that he/she is guilty for the count written in the charging sheet before the judgment;

(iii) In addition to the cases prescribed in the preceding two items, the court considers that the case cannot be tried by a speedy trial procedure;

（ⅳ） The court considers the case to be inappropriate for the speedy trial procedure.
（2） When the ruling prescribed in Article 350-8 is revoked pursuant to the provision of the preceding paragraph, the trial procedure shall be renewed; provided, however, that this shall not apply when there is no objection from the public prosecutor, the accused or his/her counsel.

### Section 3  Special Measures for Evidence

**Article 350-12**

The provision of paragraph （1） of Article 320 shall not apply to evidence in cases for which the ruling provided by Article 350-8 has been made; provided, however, that this shall not apply when the public prosecutor, the accused or the counsel files an objection against the qualification.

### Section 4 Special Measures for Decisions in the Trial

**Article 350-13**

With regard to cases for which the ruling provided for by Article 350-8 has been made, the court shall render a judgment, insofar as possible, within one day.

**Article 350-14**

When a court renders a judgment of imprisonment in a speedy trial procedure, it shall render suspension of execution of the sentence.


Only the Part I and Part II have been published.