UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREGORY GREENE, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| MARK KARPELES, an individual, | ) ) ) |
| Defendant. | ) |

Case No. 14-cv-01437

Hon. Gary Feinerman
Magistrate Judge Susan Cox

**DEFENDANT MARK KARPELES' SUR-REPLY TO PLAINTIFF'S REPLY
IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS
RESPONSIVE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR DOCUMENTS**

Defendant Mark Karpeles, by and through his undersigned counsel, hereby submits his sur-reply to Plaintiff Gregory Greene's ("Plaintiff") Reply in Support of Motion to Compel.

Plaintiff made certain factual claims in his Reply in Support of Motion to Compel [Dkt. No. 442] and supporting declaration [Dkt. No. 443] that were not initially raised in his Motion to Compel [Dkt. No. 437]. Specifically, Plaintiff: 1 raised doubts that Mr. Karpeles complied with the bankruptcy trustee's instructions to turn over all data and materials related to Mt. Gox and delete all copies; 2. stated that Mr. Karpeles still had access to @tibanne.com and @mtgox.com e-mail accounts; and 3. raised the issue that Mr. Karpeles generated statistics related to how many individuals in Illinois were members of Mt. Gox to support his motion to dismiss. (Reply at 3-6.) The first two points are not true. The third, while accurate, does not alter the criminal liability that could arise under Japanese law from turning over the Mt. Gox user database.

First, Mr. Karpeles did comply with the bankruptcy trustee's instructions. Mt. Gox went into Japanese bankruptcy in early 2014 (Exhibit A, Declaration of Mark Karpeles ¶ 2.) In early 2015, Tibanne KK, which is the majority shareholder of Mt. Gox, also entered into Japanese

bankruptcy proceedings. (*Id.* ¶ 3.) In early 2014, the trustee for Mt. Gox's Japanese bankruptcy told Mr. Karpeles, and all other Mt. Gox employees, to confirm that he had sent the trustee all relevant data, to provide the trustee with any remaining documents, and to erase any remaining data. (*Id.* ¶ 4.) Mr. Karpeles complied with those instructions and erased all Mr. Gox related data, including e-mails from the @tibanne.com and @mtgox.com accounts he used to conduct Mt. Gox business. (*Id.* ¶¶ 5-6.) As of today, the Mt. Gox exchange database is in the possession of the Mt. Gox trustee and Japanese law enforcement, e-mails related to Mt. Gox are also in the possession of the Mt. Gox trustee and Japanese law enforcement, and e-mails related to Tibanne KK are in the possession of the Tibanne KK trustee and Japanese law enforcement. (*Id.* ¶¶ 7-8.)

At the time of Mr. Karpeles arrest on August 1, 2015, he did not have any documents or materials related to Mt. Gox or Tibanne KK in his possession. (*Id.* ¶¶ 9-10.) Japanese prosecutors provided him with certain of those documents and materials in order to put on his defense in his criminal trial. (*Id.* ¶ 10.) Additionally, in 2016, the bankruptcy trustee for Tibanne gave Mr. Karpeles temporary, limited access to the mark@tibanne.com account in order to gather materials for his defense. (*Id.* ¶ 12.) Any documents or materials related to Mt. Gox that are currently in Mr. Karpeles' possession were provided to him by the Japanese authorities in the context of providing materials for his defense. (*Id.* ¶ 21.)

Second, the claim that Mr. Karpeles still has access to the mark@tibanne.com account is not accurate. Mr. Karpeles deleted e-mails that he sent from the e-mail accounts he used to conduct Mt. Gox business, including mark@tibanne.com. (*Id.* ¶ 6.) Japanese prosecutors returned e-mails from @tibanne.com and @mtgox.com in physical form, which Mr. Karpeles then scanned and saved as pdfs in his personal Google account. (*Id.* ¶ 11.) Additionally, the Tibanne bankruptcy trustee gave Mr. Karpeles temporary, limited access to the

mark@tibanne.com account in order to gather materials for his defense in 2016. (*Id.* ¶ 12.) Mr. Karpeles no longer has access to his @tibanne.com or @mtgox.com accounts. (*Id.* ¶ 20.)

Plaintiff points to a certain e-mail Mr. Karpeles sent to Edelson PC on October 18, 2016 as a supposed proverbial smoking gun demonstrating Mr. Karpeles still has access to those accounts. [*See* Dkt. 277-3.] As an initial matter, at the time Mr. Karpeles provided materials to Edelson PC, Mr. Karpeles was not aware that sharing those materials was illegal under Japanese law. (Ex. A, ¶ 17.) The October 18, 2016 e-mail from Mr. Karpeles to Mr. Thomassen of Edelson PC has four e-mails attached as pdf documents. [*See* Dkt. 277-3 at 2.] Mr. Karpeles had access to mark@tibanne.com account e-mails due to the bankruptcy trustee for Tibanne returning temporary and limited access to in 2016 in order for Mr. Karpeles to prepare his criminal defense. (Ex. A, ¶ 19.) While Mr. Karpeles had limited access to that account in 2016, Mr. Karpeles simply does not have access to his former @tibanne.com and @mtgox.com accounts now and any e-mails in his possession from those accounts were given to him by the Japanese prosecutors. (Ex. A, ¶¶ 12, 20.)

Finally, Mr. Karpeles has never denied that he has access to the Mt. Gox database. However, the Mt. Gox database was also returned to Mr. Karpeles by the Japanese prosecutors. (Ex. A. ¶ 14) Generating statistics from the Mt. Gox user database is one thing; turning over the information contained in the database is another. It is Mr. Karpeles's understanding that while he can generate statistics from the Mt. Gox user database, he cannot turn over the database or direct information from it itself under Japanese law. (*Id.* ¶ 15.) Mr. Karpeles is not engaged in "truth garbling" or selective disclosure, he is simply attempting to defend himself with the limited information and materials available to him while complying with Japanese law.

Mr. Karpeles' fear of criminal prosecution is not remote or unlikely. As described more fully in Mr. Karpeles's Response, (Resp. at 7-8), disclosure of materials that the Japanese prosecutors returned to him could lead to criminal liability. Mr. Karpeles' disclosure of materials to Edelson PC was made before he knew that doing so is precluded by Japanese law and before Mr. Karpeles was found not guilty on embezzlement charges in a country were the conviction rate is over 99%. Transmitting the requested documents to Plaintiff may lead to Mr. Karpeles being arrested and kept in solitary confinement once again. Under the relevant factors as set forth by the United States Supreme Court in *Societe Nationale Industrielle Aerospatiale v. United States Dist. Court for S. Dist.*, 482 U.S. 522, 546 (1987) and the Restatement (Third) of the Law of Foreign Relations, Mr. Karpeles should not be forced to comply with requests for document production that could lead to criminal liability.

WHEREFORE, for all of the reasons set forth above, as well as the reasons set for in his Response to Plaintiff's Motion to Compel, Defendant Mark Karpeles respectfully requests that this Court (i) deny Plaintiff's Motion to Compel Production of Documents Responsive to Plaintiff's First Set of Requests for Documents and (ii) grant all other just relief.

Dated: October 29, 2019

Respectfully submitted,

Mark Karpeles

By: /s/ Bevin Brennan
     One of His Attorneys

Bevin Brennan
Matthew Schmidt
PEDERSEN & HOUPT
161 North Clark Street, Suite 2700
Chicago, Illinois 60601
(312) 641-6888
bbrennan@pedersenhoupt.com
mschmidt@pedersenhoupt.com

*Attorneys for Defendant Mark Karpeles*