## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY GREENE, individually and on behalf of all others similarly situated, | ) ) ) | Case No. 14-cv-01437 |
| | ) | Hon. Gary Feinerman |
| Plaintiff, | ) ) | |
| | ) | Magistrate Judge Susan Cox |
| v. | ) | |
| | ) | |
| MARK KARPELES, an individual, | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT MARK KARPELES' MOTION FOR SUMMARY JUDGMENT

Defendant Mark Karpeles, ("Karpeles"), by and through his attorneys, move for summary judgment in his favor and against Plaintiff Gregory Greene ("Plaintiff"), pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1. In support of his Motion, Mr. Karpeles submits his Local Rule 56.1(a)(3) Statement of Facts and Memorandum of Law and respectfully states as follows:

1.    Mr. Karpeles was President and CEO of Mt. Gox KK.

2.    The Mt. Gox Bitcoin Exchange ("Mt. Gox") was a bitcoin exchange that operated from 2010-2014.

3.    At the time Mt. Gox went dark in February 2014, Plaintiff Gregory Greene had 42.97104 BTC and $2.66 USD in his Mt. Gox account.

4.    Mr. Greene filed his original Complaint in this lawsuit on February 27, 2014. [Dkt. No. 1.] Mr. Green filed three subsequent amended complaints on March 17, 2014, April 17, 2015 and April 4, 2016. [Dkt. Nos. 37, 146 and 205.] Mr. Greene filed his Fourth Amended

Complaint on March 7, 2017, which remains the operative complaint.  In the Fourth Amended Complaint, Mr. Greene asserts the following three claims against Mr. Karpeles:  Count I for conversion/trespass to chattels; Count II for negligence in the alternative to conversion/trespass to chattels; Count III for a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (the "ICFA"), 815 ILCS 505/1, *et seq.*  [Dkt. 245.]

5.     Mr. Karpeles is entitled to summary judgment as a matter of law on all counts because:  (1) Mr. Greene has produced no evidence to support conversion (Count I); (2) Mr. Greene has produced no evidence that Mr. Karpeles was negligent and cannot recover solely economic loss under an Illinois negligence claim (Count II); and (3) Mr. Greene has contradicted his own allegations and cannot establish about misrepresentations that amount to any purported consumer fraud, cannot prove that Mr. Karpeles owed him any duty that could sustain any claim based on a concealment of a fact, cannot establish that there was a concealment of any material fact, and/or cannot prove the requisite proximate cause under the ICFA (Count III).

6.     The bases for Mr. Karpeles Motion for Summary Judgment are set forth more fully in the accompanying Local Rule 56.1(a)(3) Statement of Facts and the accompanying Memorandum of Law in Support of Motion for Summary Judgment, which is incorporated herein by reference.

WHEREFORE, Defendant Mark Karpeles respectfully request that this Court enter an Order granting summary judgment in his favor and against Plaintiff on Counts I, II and III of the Fourth Amended Complaint, and that Mr. Karpeles be awarded such other relief as the Court deems just and proper.

Dated: January 7, 2020

Bevin Brennan
Matthew Schmidt
PEDERSEN & HOUPT
161 North Clark Street, Suite 2700
Chicago, Illinois 60601
(312) 641-6888
bbrennan@pedersenhoupt.com
mschmidt@pedersenhoupt.com

Attorneys for Defendant Mark Karpeles

Respectfully submitted,
Mark Karpeles,


By:____/s/ Bevin Brennan_____
       One of His Attorneys