# Exhibit AE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREGORY GREENE and ANTHONY MOTTO, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>MARK KARPELES, an individual,<br><br>*Defendant*. | Case No. 1:14-cv-01437<br><br>Hon. Gary Feinerman<br><br>Magistrate Judge Susan Cox |

**PLAINTIFF GREGORY GREENE'S FIRST SUPPLEMENTAL ANSWERS TO DEFENDANT MARK KARPELES'S FIRST SET OF INTERROGATORIES**

Plaintiff Gregory Greene ("Plaintiff"), by and through his undersigned counsel, hereby provides the following supplemental answers to Defendant Mizuho Bank, Ltd.'s ("Defendant") First Set of Interrogatories. All responses contained herein are based only upon such information and documents presently available to Plaintiff. Further discovery, investigation, research, and analysis may supply additional facts and/or meaning to known facts. Moreover, the responses below are given without prejudice to Plaintiff's right to later produce additional information.

\*   \*   \*   \*

**INTERROGATORY NO. 12**: Identify all facts and basis that support the allegations contained in Paragraph 19 of the Fourth Amended Complaint that that "As President, CEO, and majority shareholder of Mt. Gox, Karpeles controlled all aspects of Mt. Gox's business from the ground up. In fact, Karpeles was involved in nearly every detail of the Exchange, from the technical (Karpeles wrote and designed the software used to run Mt. Gox) to the operational (Karpeles handled all of Mt. Gox's third party negotiations and contracts)."

1

Doc ID: 39856e910a84487ea89b28f4dafb4869228f0855

**RESPONSE:** Plaintiff objects that this interrogatory seeks information outside of Plaintiff's knowledge, custody, or control. Plaintiff will answer based on his and his attorneys' present knowledge. Plaintiff anticipates that discovery will reveal additionally responsive facts. Plaintiff further objects that there are many articles and other writings online that generally detail Mr. Karpeles's involvement with and control over the Mt. Gox exchange, which are equally accessible to Defendant. Plaintiff's identification of every single one of these documents would be unduly burdensome. Finally, Plaintiff objects to the extent that this request seeks the production of information protected by the attorney work product doctrine and/or attorney-client privilege.

Subject to and without waiving the foregoing objections, and in addition to the factual allegations set forth in his class action complaint, Plaintiff directs Karpeles to the declaration he submitted in support of his Rule 12(b)(1) motion to dismiss, which admits many of the facts alleged in the identified paragraph. Plaintiff additionally states that his attorney conducted interviews with Mr. Gonzague Gay-Bouchery on two occasions, wherein Mr. Gay-Bouchery generally confirmed the level of control Mr. Karpeles exercised over the Mt. Exchange, including that Karpeles was the primary individual responsible for (a) overseeing the Mt. Gox website, including the terms of use and any press releases; (b) signing paperwork related to banking relationships with Mizuho; and (c) controlling all business conducted by Mt. Gox and Tibanne. Mr. Gay-Bouchery also confirmed that Mr. Karpeles was aware of bitcoins that had been lost on the Mt. Gox exchange as of January 2014, but publicly framed transactional delays as technical issues to which he was responding. Mr. Gay-Bouchery also stated that Mr. Karpeles sought and received input from Baker & McKenzie at many points, including with respect to Mt. Gox's decision to file for bankruptcy and the loss of funds from Mt. Gox. Finally, Plaintiff notes that Karpeles communicated directly with attorneys at Edelson PC about many of these same topics, including via Skype and email. The statements and responses made therein (which are equally accessible to Karpeles) provide additional support for many of the allegations in the referenced paragraph. Plaintiff believes that discovery will

Doc ID: 39856e910a84487ea89b28f4dafb4869228f0855

reveal additional information and sources that support the referenced paragraph and reserves the right to supplement his answer to this Interrogatory as additional information becomes known to him.

**SUPPLEMENTAL RESPONSE:** Plaintiff additionally states that the following sources detail facts responsive to this request:

- "Mark Karpeles on the Collapse of Mt. Gox," What Bitcoin Did, Feb. 16, 2019 interview, https://www.whatbitcoindid.com/podcast/mark-karpels-on-the-collapse-of-mt-gox
- "Bitcoin Big Bang - The Unbelievable Story of Mark Karpeles," available at https://www.youtube.com/watch?v=1ivWSLQRQp0

This list is not intended to be exhaustive, as there are many other sources reporting on this and similar topics, which are still available online.

*     *     *     *

**INTERROGATORY NO. 13**: Identify all facts and basis that support the allegations contained in Paragraph 20 of the Fourth Amended Complaint that "Karpeles likewise directed the drafting and dissemination of Mt. Gox's public statements and representations (including those made through its Terms of Use), as well the statements made through Mt. Gox's customer service department. In addition, Karpeles handled all aspects of Mt. Gox's accounting (including its maintenance of user and operational accounts) and banking affairs—personally representing Mt. Gox in its negotiations and discussions with banks and third-party payment processors."

**RESPONSE:** Plaintiff objects that this interrogatory seeks information outside of Plaintiff's knowledge, custody, or control. Plaintiff will answer based on his and his attorneys' present knowledge. Plaintiff anticipates that discovery will reveal additionally responsive facts. Plaintiff further objects that there are many articles and other writings online that generally detail Mr. Karpeles's involvement with and control over the Mt. Gox exchange, which are equally accessible to Defendant. Plaintiff's identification of every single one of these documents would be unduly burdensome. Finally, Plaintiff objects to the extent that

Doc ID: 39856e910a84487ea89b28f4dafb4869228f0855

this request seeks the production of information protected by the attorney work product doctrine and/or attorney-client privilege.

Subject to and without waiving the foregoing objections, Plaintiff incorporates his response to Interrogatory 12. In addition, Plaintiff states that documents and information produced by former party Mizuho Bank, Ltd. provide additional support for the allegations regarding Karpeles's involvement in Mt. Gox's banking affairs. Generally speaking, those documents detail and report on the many meetings that Karpeles had with officers and employees at Mizuho Bank, along with Mizuho Bank's attempts to negotiate with Karpeles to alter the exchange's relationship with the Bank. The same is true with respect to the Rule 30(b)(6) deposition of Mizuho Bank, which also addressed Karpeles's involvement in Mt. Gox's banking affairs.

**SUPPLEMENTAL RESPONSE:** Plaintiff further identifies the following documents as responsive to this request: MIZ_0000001-58, MIZ_0002593, MIZ_0003025, MIZ_0003055, MIZ_0003108-10, MIZ_0003467, MIZ_0003457, MIZ_0003361-62, MIZ_0003377. Plaintiff also incorporates his response to Mizuho Bank Ltd.'s Third Set of Interrogatories, which provides additional detail to the response given in Greene's response to Karpeles's Interrogatory No. 12.

\* \* \* \*

**INTERROGATORY NO. 14**: Identify all facts and basis that support the allegations contained in Paragraph 22 of the Fourth Amended Complaint that "On information and belief, Karpeles exploited the security bugs on the Exchange to steal his users' bitcoins."

**RESPONSE**: Plaintiff objects that this interrogatory seeks information outside of Plaintiff's knowledge, custody, or control. Plaintiff will answer based on his and his attorneys' present knowledge. Plaintiff anticipates that discovery will reveal additionally responsive facts. Plaintiff further objects that there are many articles and other writings online that generally detail Mr. Karpeles's involvement with and control over the Mt. Gox exchange, which are equally accessible to Defendant. Plaintiff's identification of every

Doc ID: 39856e910a84487ea89b28f4dafb4869228f0855

single one of these documents would be unduly burdensome. Finally, Plaintiff objects to the extent that this request seeks the production of information protected by the attorney work product doctrine and/or attorney-client privilege.

Subject to and without waiving the foregoing objections, Plaintiff incorporates his response to Interrogatory 12. Plaintiff further states that the report of Emin Gun Sirer (filed at dkt. 57-4 in this case) provides further support for the allegations in paragraph 22.

**SUPPLEMENTAL RESPONSE:** Plaintiff additionally states that the following sources detail facts responsive to this request:

- "The Man Who Solved Bitcoin's Most Notorious Heist," Wall Street Journal, https://www.wsj.com/articles/the-man-who-solved-bitcoins-most-notorious-heist-1533917805

- "Mt. Gox Trial Update: Karpeles Admits 'Willy Bot' Existence," Cointelegraph, https://cointelegraph.com/news/mt-gox-trial-update-karpeles-admits-willy-bot-existence

- "The Willy Report," https://willyreport.wordpress.com/2014/05/25/the-willy-report-proof-of-massive-fraudulent-trading-activity-at-mt-gox-and-how-it-has-affected-the-price-of-bitcoin/

- "Mark Karpeles on the Collapse of Mt. Gox," What Bitcoin Did, Feb. 16, 2019 interview, https://www.whatbitcoindid.com/podcast/mark-karpels-on-the-collapse-of-mt-gox

- "Bitcoin Big Bang - The Unbelievable Story of Mark Karpeles," available at https://www.youtube.com/watch?v=1ivWSLQRQp0

This list is not intended to be exhaustive, as there are many other sources reporting on this and similar topics, which are still available online.

\*    \*    \*    \*

**INTERROGATORY NO. 15**: Identify all facts and basis that support the allegations contained in Paragraph 23 of the Fourth Amended Complaint that "In the alternative, rather than correcting the security bugs (or informing users of their existence), Karpeles knowingly concealed the defects from the public and falsely assured users that their bitcoins and money were safe in their accounts."

5

**RESPONSE**: Plaintiff objects that this interrogatory seeks information outside of Plaintiff's knowledge, custody, or control. Plaintiff will answer based on his and his attorneys' present knowledge. Plaintiff anticipates that discovery will reveal additionally responsive facts. Plaintiff further objects that there are many articles and other writings online that generally detail Mr. Karpeles's involvement with and control over the Mt. Gox exchange, which are equally accessible to Defendant. Plaintiff's identification of every single one of these documents would be unduly burdensome. Finally, Plaintiff objects to the extent that this request seeks the production of information protected by the attorney work product doctrine and/or attorney-client privilege.

Subject to and without waiving the foregoing objections, Plaintiff incorporates his response to Interrogatory 12. Plaintiff further states that the report of Emin Gun Sirer (filed at dkt. 57-4 in this case) provides further support for the allegations in paragraph 23.

**SUPPLEMENTAL RESPONSE:** Plaintiff incorporates his supplemental response to Interrogatory 14.

Doc ID: 39856e910a84487ea89b28f4dafb4869228f0855

*As to Objections:*

**Edelson PC,**

Dated: July 24, 2019                     By: /s/ Benjamin S. Thomassen
                                                                  One of Plaintiffs' Attorneys

Benjamin S. Thomassen
bthomassen@edelson.com
Edelson PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

J. Aaron Lawson
alawson@edelson.com
Edelson PC
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: 415.212.9300
Fax: 415.373.9495

*Counsel for Plaintiff and the Putative Class*

Doc ID: 39856e910a84487ea89b28f4dafb4869228f0855

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.

As to Answers,

Gregory Greene

Date: 07/24/2019

Doc ID: 39856e910a84487ea89b28f4dafb4869228f0855

## CERTIFICATE OF SERVICE

I hereby certify that on July 26, 2019, I served the above and foregoing document by causing a true and accurate copy of such paper to be delivered to the persons shown below via electronic mail:

**Bevin Megan Brennan**
Pedersen & Houpt, P.C.
161 N. Clark Street
Suite 2700
Chicago, IL 60601
(312) 261-2186
Not a member (fax)
bbrennan@pedersenhoupt.com

**Matthew J. Schmidt**
Pedersen & Houpt
161 N. Clark Street
Suite 2700
Chicago, IL 60601
(312) 261-2281
Not a member (fax)
mschmidt@pedersenhoupt.com

/s/ Benjamin S. Thomassen

Doc ID: 39856e910a84487ea89b28f4dafb4869228f0855