# EXHIBIT A

| | |
|---|---|
| **From:** | Ben Thomassen [bthomassen@edelson.com] |
| **Sent:** | 10/18/2019 1:10:41 PM |
| **To:** | Brennan, Bevin; Schmidt, Matthew |
| **Cc:** | Aaron Lawson |
| **Subject:** | Greene v. Karpeles |
| **Attachments:** | Greene-Karpeles - Notice of McCaleb Subpoena.pdf; |

Bevin:

Please see attached.

Thanks,
Ben

--
Ben Thomassen | Edelson PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois  60654
312.572.7208 (direct) | 312.589.6370 (firm) | 312.589.6378 (fax)
bthomassen@edelson.com | www.edelson.com



Please consider the environment before printing this e-mail.

CONFIDENTIALITY AND LIABILITY FOR MISUSE.

The information contained in this communication is the property of Edelson PC.  It is confidential, may be attorney work product, attorney-client privileged or otherwise exempt from disclosure under applicable law, and is intended only for the use of the addressee(s).  Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited.  If you have received this communication in error, please notify Edelson PC immediately by return e-mail and destroy this communication and all copies thereof, including all attachments.

Pursuant to requirements related to practice before the U.S. Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREGORY GREENE, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>MARK KARPELES, an individual,<br><br>*Defendant*. | No. 1:14-cv-01437<br><br>Hon. Gary Feinerman<br><br>Magistrate Judge Susan Cox |

### NOTICE OF SUBPOENA

PLEASE TAKE NOTICE that, in accordance with Rule 45 of the Federal Rules of Civil Procedure, Plaintiff Gregory Greene, by and through his undersigned attorneys, will serve the attached subpoena on Jed McCaleb through his counsel. The subpoena calls for the production of the documents identified in the attached Rider that are in the possession, custody or control of Jed McCaleb at the location, date, and time indicated, or at some other location, date, and time agreed upon by the parties. The subpoena further calls for Mr. McCaleb's testimony at the date, time, and location indicated.

Dated: October 18, 2019

**GREGORY GREENE**, individually and on behalf of a class of similarly situated individuals,

By: /s/ Benjamin S. Thomassen
     One of Plaintiff's Attorneys

*Counsel for Plaintiff and the putative Class*

Benjamin S. Thomassen
bthomassen@edelson.com
Edelson PC
350 North LaSalle Street, 14th Floor

1

Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

J. Aaron Lawson
alawson@edelson.com
Edelson PC
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: 415.212.9300
Fax: 415.373.9495

*Counsel for Plaintiff and the putative class*

3

## CERTIFICATE OF SERVICE

I, Benjamin S. Thomassen, an attorney, hereby certify that on October 18, 2019, I served the above and foregoing Notice of Subpoena and related subpoena form and rider by causing a true and accurate copy of such paper to be filed and served on Mark Karpeles's counsel of record via email.

/s/ Benjamin S. Thomassen

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| | |
|---|---|
| Gregory Greene | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 14-cv-1437 |
| Mark Karpeles | ) |
| *Defendant* | ) |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Jed McCaleb

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Edelson PC<br>123 Townsend Street, Suite 100<br>San Francisco, California 94017 | Date and Time:<br>November 13, 2019, 9:30 a.m. |
|---|---|

The deposition will be recorded by this method: Stenographically

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See attached rider

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: Oct. 18, 2019

| *CLERK OF COURT* | OR | *[signature]* |
|---|---|---|
| Signature of Clerk or Deputy Clerk | | Attorney's signature |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Gregory Greene , who issues or requests this subpoena, are:

Aaron Lawson, Edelson PC, 123 Townsend St. #100, San Francisco CA 94017, (415) 212-9300, alawson@edelson.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 14-cv-1437

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREGORY GREENE, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>MARK KARPELES, an individual,<br><br>*Defendant*. | No. 1:14-cv-01437<br><br>Hon. Gary Feinerman<br><br>Magistrate Judge Susan Cox |

## RIDER TO SUBPOENA TO JED MCCALEB

Pursuant to Federal Rules of Civil Procedure 45, Plaintiff Gregory Greene requests that Jed McCaleb ("McCaleb") cause to be delivered all of the following Documents that are in his possession, custody, or control to one of the following locations by November 7, 2019 at 5:00 p.m. Pacific Standard Time.

| | |
|---|---|
| J. Aaron Lawson<br>EDELSON PC<br>123 Townsend Street, Suite 100<br>San Francisco, California 94107<br>Tel: 415.212.9300<br>alawson@edelson.com | Office of the Clerk<br>United States District Court<br>Phillip Burton Federal Building<br>& United States Courthouse<br>450 Golden Gate Avenue<br>San Francisco, CA 94102 |

## DEFINITIONS

1. "Communication" means or refers to the transmittal of information expressed by any means.

2. "Document" or "Documents" includes all documents, Communications, information, or tangible things within the scope of Federal Rules of Civil Procedure 26 and 34, including ESI, and all versions and drafts of documents.

1

3. "ESI" or "Electronically Stored Information" means or refers to information that is stored in electronic media, regardless of the media or whether it is in the original format in which it was created, and that is retrievable in perceivable form and includes metadata, system data, deleted data, and fragmented data.

4. "Mt. Gox" or "Exchange" means or refers to the Mt. Gox bitcoin exchange.

5. "Person" or "Persons" means or refers to any natural person, corporation, partnership, association, organization, joint ventures, or other entity of any type or nature, including any business, governmental entity, or association.

6. "Plaintiff" means or refers to Gregory Greene.

7. "Relevant Time Period" means or refers to February 27, 2010 through the present.

8. "You," "Your," or "McCaleb" means or refers to Jed McCaleb.

## INSTRUCTIONS

1. Please call the attorney issuing this Subpoena, J. Aaron Lawson, at 415-212-9300, or email him at alawson@edelson.com at your earliest convenience. The intent is to avoid or minimize unnecessary expenses or burdens on the respondent.

2. Unless otherwise specified, these requests seek Documents from the Relevant Time Period. If any request is objected to on the basis that the time period covered by the request is irrelevant, burdensome, or otherwise inappropriate, state what time period You consider proper for that request and answer the request for that time period, preserving Your objection to the remainder of the time period.

3. Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary definition except where such words have a specific custom and usage definition in a particular trade or industry, in which case

they shall be interpreted in accordance with such usual custom and usage definition of which you are aware.

4. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests any information which might otherwise be construed to be outside of their scope. Singular and plural words should be read so as to bring within the scope of these requests any information which might otherwise be construed to be outside their scope. "Each" shall encompass "every."

5. In responding to these requests, furnish all information, however obtained, including hearsay that is available to You and any information known by You, in Your possession, or appearing in Your records.

6. It is intended by this set of requests to elicit information not merely within Your knowledge, but obtainable by You or on Your behalf.

7. If You claim privilege as grounds for failing to produce any Document requested:

   (i) Identify the author or originator of the Document, the date authored or originated, the identity of each Person to whom an original or a copy was addressed or delivered, the identity of each Person known or reasonably believed by You to have present possession, custody, or control thereof;

   (ii) Discuss the factual basis for Your claim of privilege in sufficient detail to permit the court to adjudicate the validity of that claim; and

   (iii) Produce so much of each such Document that does not contain privileged information or Communications.

8. If You cannot respond to a request in full after exercising due diligence to secure the full information needed to do so, so state and respond to the extent possible, specifying Your

inability to respond to the remainder, stating whatever information or knowledge You have concerning the unresponded portion, and detailing what You did in attempting to secure the unknown information.

9. Attachments. Email attachments and embedded files must be mapped to their parent by the Document or production number. If attachments and embedded files are combined with their parent Documents, then "BeginAttach" and "EndAttach" fields listing the unique beginning and end number for each attachment or embedded Document must be included.

10. Bates Numbering. Each page of a produced Document, or Media upon which ESI in native format is produced, shall have a legible, unique page identifier "Bates Number" electronically "burned" onto or associated with the Media, or imaged in such a manner that information from the source Document is not obliterated, concealed, or interfered with. There shall be no other legend or stamp placed on the Document image unless a Document qualifies for confidential treatment pursuant to the terms of the Protective Order entered in this litigation or has been redacted in accordance with applicable law or Court order. In the case of confidential materials as defined in the Protective Order, a designation may be "burned" onto or otherwise associated with the Document's image at a location that does not obliterate or obscure any information from the source Document. For redacted material, the word "Redacted" will be burned onto the Document image over the protected information. To the extent native files are produced, the producing party will name the native file with the Bates Number.

11. For any term used herein, which is not otherwise specifically defined, the common and usual meaning of such term is intended. Any ambiguity in these requests shall be resolved so as to construe these requests as broadly as possible.

## **DOCUMENTS REQUESTED**

1. All Communications between You and Mark Karpeles relating to Mt. Gox.

2. All Communications between You and any Mt. Gox employees or agents, including Gonzague Gay-Bouchery, relating to Mt. Gox.

3. All Documents relating to the sale of Mt. Gox.

4. All Documents relating to the loss of bitcoin or currency on Mt. Gox, including losses resulting from hacks or other unauthorized activity on the Mt. Gox Exchange.

5. All Documents relating to the use of automated bots on Mt. Gox.

6. All Documents relating to the solvency or insolvency of Mt. Gox.

7. All Documents relating to security measures used on or by Mt. Gox.

8. All Documents relating to Mt. Gox's servers, such as server images or architectures.

9. All Documents relating to Plaintiff.

    \*      \*      \*

Dated: October 18, 2019

**GREGORY GREENE**, individually and on behalf of a class of similarly situated individuals,

By: /s/ J. Aaron Lawson
   One of Plaintiff's Attorneys

*Counsel for Plaintiff and the putative Class*

Benjamin S. Thomassen
bthomassen@edelson.com
Edelson PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

J. Aaron Lawson
alawson@edelson.com
Edelson PC
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: 415.212.9300
Fax: 415.373.9495

*Counsel for Plaintiff and the putative class*