**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

GREGORY GREENE, individually and on
behalf of all others similarly situated,

*Plaintiff*,

v.

MARK KARPELES, an individual,

*Defendant*.

Case No. 1:14-cv-01437

Hon. Gary Feinerman

Magistrate Judge Susan Cox

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO CERTIFY ORDERS
FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**

Defendant Mark Karpeles's Motion to Certify Orders for Interlocutory Appeal (dkt. 491, the "Motion") is right about one thing: His earlier motions to dismiss this case for lack of personal jurisdiction and for summary judgment on Plaintiff Gregory Greene's claim for fraud would have—if granted—ended this litigation. But the after considering the relevant facts and applying the relevant law, the Court found that both motions lacked merit. Karpeles now asks the Court to certify both orders for interlocutory review pursuant to 28 U.S.C. § 1292(b).

"Interlocutory appeals are frowned on in the federal judicial system." *Sterk v. Redbox Automated Retail, LLC*, 672 F.3d 535, 536 (7th Cir. 2012). While some cases may present the "extraordinary circumstances" warranting immediate review, *Nat. Res. Def. Counsel v. Illinois Power Res., LLC*, No. 113CV01181JBMTSH, 2016 WL 9650981, at *3 (C.D. Ill. Nov. 2, 2016) (citing *Sterk*, 672 F.3d at 536), those circumstances are not present here because Karpeles does not identify a "pure" or contestable issue of law required for an interlocutory appeal. The Motion is also untimely with respect to the Court's order on Karpeles's Rule 12(b)(2) motion to dismiss. It should be denied.

## BACKGROUND

The Court is more than familiar with the procedural record in this case. On August 24, 2019, Karpeles moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(2), arguing that he was not subject to personal jurisdiction in the state of Illinois. (Dkt. 390.) In briefing the motion, Karpeles offered an affidavit where he attested to a number of factual matters that, he said, supported his dismissal from the case. (Dkt. 392-1.) Plaintiffs Gregory Greene and Anthony Motto, in turn, opposed the motion by pointing to their own allegations and other evidence that had been adduced over the course of the litigation. (Dkt 393.) In resolving the motion, the Court considered the interaction of these bodies of factual allegations and evidence. (Dkt. 410 at 3–7.) Based on the factual record, the Court denied Karpeles's motion, holding that (i) Karpeles had sufficient minimum contacts with Illinois, (ii) the assertion of personal jurisdiction over Karpeles would not offend "traditional notions of fair play and substantial justice," and (iii) Karpeles argument that he was protected by the "fiduciary shield doctrine" lacked merit. (*Id.* at 9–25.)

On January 7, 2020, Karpeles moved for summary judgment. (Dkt. 452.) With respect to Plaintiff Gregory Greene's claim for fraud, Karpeles argued that there was a fatal disconnect between the theory of fraud Greene pursued at summary judgment and the theory of fraud pleaded by Greene in the Fourth Amended Complaint. (Dkt. 474-1 at 10–11.) The parties each discussed whether and how the available evidence either had lacked a basis in the pleadings (as Karpeles argued) or expanded on the allegations and theory already alleged by Greene (as Plaintiff argued). (*See* dkts. 460 at 19; 465 at 18–22; 474-1 at 6–16.) Resolving this aspect of Karpeles's motion was fact intensive. As a threshold issue, the Court first considered whether the evidence supported Greene's claim that he relied on the Mt. Gox terms of use, which was presented as a centerpiece for his overall theory of fraud. That determination required, *inter alia*,

2

a comparison between a declaration submitted by Mr. Greene and his deposition testimony. (Dkt. 490 at 5–6 (discussing and applying "sham affidavit rule").) After determining that Mr. Greene's declaration was fair game, the Court went on to compare the allegations in the Fourth Amended Complaint against the evidence and theory of fraud presented by Greene in his summary judgment papers. (*Id.* at 4–10.) Based on this comparison, the Court held the theory of fraud presented at summary judgment, along with the facts submitted in support of that theory, "merely added detail [to Greene's pleaded claim] with the aid of discovery" and denied Karpeles's motion as a result. (*Id*. at 10.)

## ARGUMENT

"There are four statutory criteria for the grant of a section 1292(b) petition to guide the district court: there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation." *Ahrenholz v. Bd. of Trustees of Univ. of Illinois*, 219 F.3d 674, 675 (7th Cir. 2000) (emphasis in original). A motion under 1292(b) must also be "filed in the district court within a *reasonable time* after the order sought to be appealed." *Id.* (citing *Richardson Elecs., Ltd. v. Panache Broad. of Pa., Inc.*, 202 F.3d 957, 958 (7th Cir. 2000) (emphasis in original)).

Here, the Motion should be denied because it fails to identify a "pure" or contestable question of law. It is also untimely with respect to the Court's order denying Karpeles's motion to dismiss.

## I. The Motion Does Not Present a "Pure" Question of Law.

Section 1292(b)'s reference to a "question of law" refers "to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine[.]" *Ahrenholz*, 219 F.3d at 676. Such questions of law "typically involve contests not about what occurred, or why

an action was taken or omitted, but disputes about the substance and clarity of pre-existing law[.]" *Brown v. Smith*, 827 F.3d 609, 613 (7th Cir. 2016) (quoting *Ortiz v. Jordan*, 562 U.S. 180, 190 (2011)) (internal quotations omitted). Questions about whether a district court correctly applied a settled legal standard to a given set of facts, on the other hand, are "precisely what *Ahrenholz* determined to be improper for certification." *Doe v. Cty. of Milwaukee*, No. 14-CV-200-JPS, 2017 WL 4126190, at *2 (E.D. Wis. Mar. 6, 2017). Courts routinely deny section 1292(b) motions on this basis. *See, e.g.*, *id.*; *Snap-On Inc. v. Robert Bosch, LLC*, No. 09 C 6914, 2013 WL 12313328, at *2 (N.D. Ill. Sept. 6, 2013) ("Bosch's main contention involves this Court's application of the facts to the applicable law, which is not considered a question of law."); *Chicago Reg'l Council of Carpenters v. Prate Installations, Inc.*, No. 10 C 5431, 2011 WL 13210099, at *2 (N.D. Ill. July 13, 2011) (citing *Marseilles Hydro Power, LLC v. Marseilles Land & Water Co.*, 518 F.3d 459, 463 (7th Cir. 2008)) ("[B]ecause Prate seeks to appeal the Court's application of the relevant facts to the law of claim preclusion, Prate's claim does not fit the standard under [s]ection 1292(b).").

Here, the Motion fails because it does not seek interlocutory review of any "pure" or "abstract" issue of law but, instead, takes issue with the Court's application of settled law to the facts of this case. *See In re E. Livestock Co., LLC*, No. 4:12-CV-00126-TWP, 2013 WL 4479080, at *6 (S.D. Ind. Aug. 20, 2013) (denying section 1292(b) motion where "the parties do not differ as to what controlling law applies; they simply disagree on the [Court's] application of the law to the specific facts in this case."). With respect to Karpeles's motion to dismiss, the parties agreed that the long-established "minimum contacts" analysis governed whether Karpeles was subject to specific personal jurisdiction in Illinois. (*Compare* dkt. 392 at 3, 5 *with* dkt. 393 at 5.) They also agreed as to the proper minimum contacts analysis for intentional torts. (*Compare*

dkt. 392 at 5 *with* dkt. 393 at 5.) The Court, in turn, referenced and applied these same criteria in its memorandum opinion denying Karpeles's motion. (*See* dkt. 410 at 11.) The same is true for Karpeles's motion for summary judgment: the parties agreed that, consistent with the pleading standards provided by Fed. R. Civ. P. 9(b), a plaintiff may not "switch to 'completely new' theories of a defendant's fraud" at summary judgment, but may offer "evidence relevant to [his] initial claims." (Dkt. 465 at 19 (quoting *Samuels v. Wilder*, 871 F.2d 1346, 1350 (7th Cir. 1989); *United States ex rel. Landis v. Tailwind Sports Corp.*, 234 F. Supp. 3d 180, 196 n.9 (D.D.C. 2017)).) (*See also* dkt. 474-1 at 11 (quoting *Kostovetsky v. Ambit Energy Holdings, LLC*, 242 F. Supp. 3d 708, 719 (N.D. Ill. 2017) ("A plaintiff may 'refine and develop his legal and factual theories based on the record that emerges in discovery.'").) The Court relied upon these same legal standards when addressing Karpeles's motions. (Dkt. 490 at 8–9.) Accordingly, because there is no disagreement between Plaintiff, Karpeles, and the Court as to which standards of law applied to Karpeles's motions to dismiss and for summary judgment, there is no question of law presented here to support a section 1292(b) interlocutory appeal. *See, e.g.*, *Snap-On Inc.*, 2013 WL 12313328, at *2 (denying section 1292(b) motion relating to ruling on motion to dismiss for lack of personal jurisdiction based on movant's failure to identify a question of law). *See also Burton v. Am. Cyanamid*, No. 07-CV-0303, 2016 WL 311286, at *3 (E.D. Wis. Jan. 26, 2016) (citing *Ahrenholz*, 219 F.3d at 677) ("I also note that even if I were to consider certifying this issue for immediate appeal, it is unlikely that I would grant the request because the purposeful availment inquiry requires the application of facts to a legal standard and thus is not a pure question of law.").

Karpeles cites *In re Text Messaging Antitrust Litigation* for the proposition that interlocutory review is appropriate "where a case involves applying a common law doctrine . . .

and does not involve hunting through the record or the analysis of a complicated contract." (Mot. at 3 (citing 630 F.3d 622, 626 (7th Cir. 2010).) But Karpeles's reading of *In re Text Messaging* is overly simplistic and, if accurate, would make every decision on a Rule 12 motion to dismiss, or any decision on a motion for summary judgment where a would-be appellant does not dispute a district court's factual findings, a candidate for interlocutory review. *880 S. Rohlwing Rd., LLC v. T&C Gymnastics, LLC*, No. 16-CV-07650, 2017 WL 264504, at *6 (N.D. Ill. Jan. 19, 2017) (quoting *In re Livemercial Aviation Holding, LLC*, No. 2:14cv187, 2014 WL 3611348 at *2 (N.D. Ind. July 21, 2014) (internal quotations omitted) ("If a mere disagreement in how the law is applied to the facts of a particular case was all that was needed for an interlocutory appeal . . . every single denial of a motion to dismiss would present grounds for interlocutory appeal.").

*In re Text Messaging* involved an interlocutory appeal from an order denying a defendant's motion to dismiss. And while it was true that the underlying order concerned the application of law to pleaded—and uncontested—factual allegations, the order was accepted for interlocutory review because it involved the application of *Twombly*'s pleading standard, which, at that time, "[was] a recent decision . . . [whose] scope [was] unsettled." *In re Text Messaging*, 630 F.3d at 626. *See also id.* at 627 ("Pleading standards in federal litigation are in ferment after *Twombly* and *Iqbal,* and therefore an appeal seeking a clarifying decision that might head off protracted litigation is within the scope of section 1292(b)."). Indeed, the court cautioned against the overextension of the opinion, emphasizing that "routine applications of well-settled legal standards to facts alleged in a complaint are [not] appropriate for interlocutory appeal." *Id.* at 626. District courts have heeded this advice when reconciling *Ahrenholz* and *In re Text Messaging*:

> While the criteria of § 1292(b) "are not as crystalline as they might be," . . . the rule is clear: a question of law is a question about "the meaning of a statutory or

> constitutional provision, regulation, or common law doctrine," . . . rather than merely a question about whether a party has met a burden prescribed by established law, or made a showing required by a longstanding and settled rule. . . . Only if a question arises as to whether such a burden has been met or showing made *because of* an uncertainty about the meaning of the rule applied does a party seeking interlocutory appeal successfully address himself to a "question of law."

*CMB Exp., LLC v. Atteberry*, No. 413CV04051SLDJEH, 2017 WL 2766440, at *2 (C.D. Ill. June 26, 2017) (citing, among other cases, *Ahrenholz*, 219 F.3d at 676–77; *In re Text Messaging*, 630 F.3d at 626) (emphasis in original and internal citations omitted).

Here, and as noted above, no aspect of the Motion addresses new or unsettled legal principles. Rather, the parties and the Court all cited and relied on the same standards that have been on the books for years, and then applied those standards to the facts at issue here. As such, immediate review of the Court's application of the rules regarding personal jurisdiction standards to the "unique, nonrecurring set of particular facts" at issue in this litigation would do nothing to clarify the long-settled issues of law presented by the Motion. *See In re Text Messaging*, 630 F.3d at 625.

Finally, even if Karpeles were correct that a case need only involve the application of a legal rule or common law doctrine to be eligible for a section 1292(b) appeal, the Motion should still be denied because Karpeles fails to identify a question of law untethered from the Court's fact-finding. *Schultheis v. Cmty. Health Sys., Inc.*, No. 11-0435-DRH, 2012 WL 2017975, at *2 (S.D. Ill. June 5, 2012) (motion did not present "pure" question of law where an appeal would "require the Seventh Circuit to look at evidence, facts and affidavits"). For example, when determining what facts would control when deciding Karpeles's Rule 12(b)(2) motion to dismiss, the Court analyzed and weighed the interactions between the complaint, evidence submitted by Karpeles, and evidence submitted by Plaintiffs. (Dkt. 410 at 1–3 (reviewing and applying standards governing the interplay between pleadings and evidence for Rule 12(b)(2) motions).)

Similar concerns were at issue for Karpeles's motion for summary judgment. Determining the theory pleaded by Greene in opposition to the motion—i.e., whether he did or did not rely on the Mt. Gox terms of use—first required the Court to compare and analyze Greene's deposition transcript (where Karpeles claimed Greene disavowed any reliance on Mt. Gox's terms of use) and Greene's declaration (where Greene swore that he did in fact rely upon Mt. Gox's terms of use when deciding to maintain his Mt. Gox account). (Dkt. 490 at 4–6 (discussing and applying "sham affidavit rule").) In both instances, then, any review of this Court's ultimate legal findings—regarding personal jurisdiction or any preclusive effect of Rule 9(b) on the fraud theory offered by Greene at summary judgment—would require review of the Court's predicate factual findings. That goes outside the boundaries of a section 1292(b) appeal.

## II.     Karpeles Does Not Satisfy the Contestability Prong.

An issue is contestable where there is a "difficult central question of law which is not settled by controlling authority." *In re Brand Name Prescription Drugs Antitrust Litigation*, 878 F. Supp. 1078, 1081 (N.D. Ill. 1995) (internal quotation omitted). As Karpeles acknowledges, a contestable issue exists where "question requires the interpretation, and not merely the application, of a legal standard," (Mot. at 5 (quoting *In re Text Messaging*, 630 F.3d at 625)), or where "there are defensible, competing interpretations [of a legal standard] and no binding precedent[,]" (*id.* (citing *Dahlstrom v. Sun-Times Media, LLC*, 39 F. Supp. 3d 998, 1002 (N.D. Ill. 2014))).

Because Karpeles identifies no legal standards requiring interpretation, he fails to present any contestable issue for the purposes of a section 1292(b) appeal. In the Motion—and as in his motions to dismiss and for summary judgment—Karpeles *does* identify several applicable legal standards: there is the requirement of minimal contacts for personal jurisdiction, the particularity

requirements imposed by Rule 9(b), and the rules preventing a party from switching legal theories midstream. (*See*, *e.g.*, Mot. at 4, 6–7, 12.) But as addressed above, none of these legal standards are new, unsettled, or unaddressed by the Seventh Circuit.

Clearly Karpeles disagrees with the Court's *application* of these standards to the facts and allegations presented in this case. Indeed, the majority of Karpeles's brief—and the entirety of his contestability analysis—rehashes (and even expands upon) arguments that he has already made and the Court has already considered.[1] (*See* Mot. at 5–13.) But while Karpeles reiterates that the parties disagreed as to the application of these legal standards to the facts and evidence submitted in connection with his motions to dismiss and for summary judgment, he identifies no difficult or interpretative issues with respect to the legal standards themselves. He therefore fails to present any contestable legal issue suitable for interlocutory review.

### III. The Motion to Certify the Court's Order on Karpeles's Motion to Dismiss Is Not Timely.

Section 1292(b) motions have a timeliness requirement. *Ahrenholz*, 219 F.3d at 675. Generally, motions filed within 35 days of an order are considered timely, whereas later-filed motions are not. *Boim v. Quranic Literacy Inst. & Holy Land Found. For Relief And Dev.*, 291 F.3d 1000, 1008 (7th Cir. 2002) (finding that motions for certificates of appealability were timely when filed 35 and 36 days after applicable order). *See also Republic Bank of Chicago v. Desmond*, No. 13 C 6835, 2015 WL 4397781, at *3 (N.D. Ill. July 17, 2015) (14-month delay in filing motion not timely); *Abrams v. Van Kampen Funds, Inc.*, No. 01 C 7538, 2002 WL

---

[1] To the extent the Court construes Karpeles motion as inviting the Court's reconsideration of its prior orders—which is what Karpeles seems to want here—Greene incorporates and reiterates the arguments and evidence he already presented in connection with Karpeles's motions to dismiss and for summary judgment. (*See* dkts. 393, 465, 466.) And of course, should the Court want even more briefing on any issue related to Karpeles's attempt to resuscitate the merits of his already-denied motions, Greene is happy to provide it.

1989401, at *1 (N.D. Ill. Aug. 27, 2002) (two-month delay in filing motion "may be considered inexcusably dilatory").

Here, while there is no reason to certify the Court's orders on Karpeles's motions to dismiss and for summary judgment, Karpeles's request that the Court certify its order on the motion to dismiss—which was issued over 16 months ago—is not timely. It can be denied on that basis as well.

## CONCLUSION

Karpeles's Motion should be denied.

Dated: July 15, 2020

GREGORY GREENE, individually and on behalf of a class of similarly situated individuals,

By: /s/Benjamin S. Thomassen
    One of Plaintiff's Attorneys

Jay Edelson
jedelson@edelson.com
Benjamin S. Thomassen
bthomassen@edelson.com
Edelson PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Rafey S. Balabanian
rbalabanian@edelson.com
J. Aaron Lawson
alawson@edelson.com
Edelson PC
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: 415.212.9300
Fax: 415.373.9495

*Counsel for Plaintiff and the putative class*