UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY GREENE, individually and on behalf of all others similarly situated, | ) ) ) | Case No. 14-cv-01437 |
| Plaintiff, | ) ) ) | Hon. Gary Feinerman |
| v. | ) ) | Magistrate Judge Susan Cox |
| MARK KARPELES, an individual, | ) ) ) | |
| Defendant. | ) | |

**DEFENDANT MARK KARPELES' REPLY MEMORANDUM
IN SUPPORT OF HIS MOTION TO CERTIFY ORDERS FOR
INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**

In seeking to put off consideration on appeal of two major issues in this case, either one of which would immediately terminate this litigation in its entirety, Plaintiff Gregory Greene goes out of his way to try to convince this Court that there is no grey area in the law, particularly with respect to the Federal Rules of Civil Procedure. Accepting Mr. Greene's position would mean that the law with respect to pleading standards for fraud and to establish personal jurisdiction are complete. Given the number of Seventh Circuit and Supreme Court cases that frequently address and provide further guidance on these topics, this position is unfounded. Mr. Karpeles has presented the following controlling, contestable questions of law that he seeks to have certified for interlocutory appeal within a reasonable time: (1) whether Mr. Greene pled his common law fraud claim with sufficient particularity pursuant to Federal Rule of Civil Procedure 9(b) and common law pleading doctrines to withstand summary judgment and to proceed to trial on the theories included in his opposition to summary judgment and in his proposed expert's report; and (2) whether an individual foreign defendant's alleged operation of a company that runs a website that allows for users worldwide to open accounts and trade currencies, by itself,

constitutes sufficient purposefully directed contacts with the forum state for the Court to exercise jurisdiction over that defendant.

The parties agree on the Seventh Circuit criteria to be considered to grant certification of an interlocutory appeal under 28 U.S.C. § 1292(b): "there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation . . . [and] the petition must be filed in the district court within a *reasonable time* after the order sought to be appealed." *Ahrenholz v. Bd. of Trustees of Univ. of Illinois*, 219 F.3d 674, 675 (7th Cir. 2000) (emphasis in original). (Mot. at 2; Resp. at 3.) The parties even agree (or at least Mr. Greene does not contest) that the two issues that Mr. Karpeles seeks to have certified raise controlling questions. With respect to certifying the question related to the requirements of Rule 9(b) and summary judgment, the parties agree that Mr. Karpeles raised that issue within a reasonable time.

The only elements at issue, therefore, are whether Mr. Karpeles raised questions of law, whether they are contestable, and whether Mr. Karpeles' request to have the Court's decision on his motion to dismiss for lack of personal jurisdiction was brought within a reasonable time. The answer to each of these three issues is undoubtedly yes.

I. **Mr. Greene Takes an Unduly Narrow View of What Constitutes a "Question of Law" and Concedes that the Issues Are Controlling.**

Mr. Greene argues that Mr. Karpeles' Motion does not seek a review of questions of law but "takes issue with the Court's application of settled law to the facts of this case." (Resp. at 4). This is a curious argument, because even if the Court accepts Mr. Greene's position, his own argument provides a well-established basis to satisfy the requirement that the issue be a controlling question of law. The Seventh Circuit has expressly held that "[d]ecisions holding that the application of a legal standard is a controlling question of law within the meaning of

2

section 1292(b) are numerous." *In re Text Messaging Antitrust Litig.*, 630 F.3d 622, 626 (7th Cir. 2010), citing *Portis v. City of Chicago*, 613 F.3d 702 (7th Cir. 2010); *Armstrong v. LaSalle Bank Nat'l Ass'n*, 552 F.3d 613, 615-16 (7th Cir. 2009); *Florence v. Board of Chosen*, 621 F.3d 296, 301 (3d Cir. 2010); *Weintraub v. Board of Educ. of City School Dist.*, 593 F.3d 196, 200-01 (2d Cir. 2010); *Brabham v. A.G. Edwards & Sons Inc.*, 376 F.3d 377, 380 (5th Cir. 2004); *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783-84 (8th Cir. 1998); *Kirkpatrick v. J.C. Bradford & Co.*, 827 F.2d 718, 720-21 (11th Cir. 1987).

Mr. Greene goes on to argue that questions of law in the context of Section 1292(b) "typically involve contests not about what occurred, or why an action was taken or omitted, but disputes about the substance and clarity of pre-existing law." (Resp. at 3-4, quoting *Brown v. Smith*, 827 F.3d 609, 613.) That is exactly what Mr. Karpeles seeks to have certified here: he is not seeking leave to appeal based on the underlying facts of this case, but about the "substance and clarity of pre-existing law," namely the level of specificity needed to plead a fraud claim under Rule 9(b) to survive a motion for summary judgment, and further clarification about the Court's exercise of personal jurisdiction over an individual based solely on the individual's association with a particular website.

Mr. Greene then argues that the application of a legal standard only serves as the basis for an interlocutory appeal where the law is new or unsettled. (Resp. at 7.) Mr. Greene erroneously contends that the existence of general pleading and jurisdictional standards means that those entire areas of law are completely settled with no room for further interpretation or additional legal questions regarding their application. Yet both of these areas of law are continuously evolving with respect to specifics, which allows for certification of these issues under this prong. For instance, one court, when certifying a question for interlocutory appeal, held that the

3

application of a particular doctrine regarding arbitration "involves a question of law for purposes of section 1292(b) in that it concerns the application of a legal rule to an essentially undisputed set of facts." *A.D. v. Credit One Bank, N.A.*, No. 14 C 10106, 2016 U.S. Dist. LEXIS 193448, at *3 (N.D. Ill. Dec. 11, 2016). In making this holding, the *A.D.* court cited *In re Text Messaging Antitrust Litig.*, 630 F.3d 622, 626 (7th Cir. 2010) -- the same case that Mr. Karpeles cited in his opening memorandum for this very principle (Mot. at 3-4) and that Mr. Greene desperately tries to distinguish by calling Mr. Karpeles' citation "overly simplistic." (Resp. at 6.) Another court in this District agreed with Mr. Karpeles' apparently overly simplistic reading of Seventh Circuit authority. *A.D.* also undermines Mr. Greene's argument (Resp. at 6) that certification of an appeal would be improper if the underlying facts were not disputed. *See also Bayer Healthcare, LLC v. Norbrook Labs., Ltd.*, No. 08-C-0953, 2010 U.S. Dist. LEXIS 4805, at *11 (E.D. Wis. Jan. 20, 2010) (granting motion for certification of interlocutory appeal and holding that the question of whether the plaintiff could maintain its claim "based on the pleadings in this action is a pure question of law").

In any event, contrary to Mr. Greene's assertions, should the Court accept that the law must be "unsettled" to constitute a question of law to certify a question for interlocutory appeal, Mr. Karpeles has satisfied that standard. Mr. Greene cites no authority regarding the interaction between Rule 9(b)'s requirement that a party allege fraud with particularity and that party's ability to cite new facts in response to a summary judgment motion that would render the issue unsettled. (*Id.*) While Mr. Karpeles and Mr. Greene cited cases regarding general concepts of when a party can raise new facts at the summary judgment stage, they cited entirely different authority on the specific issue of what new facts a party can raise at the summary judgment stage where the claims at issue are fraud claims that must be pled with particularity under Rule 9(b).

4

As discussed in the Motion, Mr. Karpeles cited multiple District Court cases regarding Rule 9(b)'s preclusion of introducing new facts or theories in response to a summary judgment motion. (*See* Mot. at 6-9.) In contrast, Mr. Greene cited *Dyson, Inc. v. Syncreon Tech. (Am.), Inc.*, No. 17 C 6285, 2019 U.S. Dist. LEXIS 114960 (N.D. Ill. July 11, 2019), for the proposition that Rule 9(b) is a pleading rule that has no effect on evidence at the summary judgment stage. [Dkt. 465 at 18-19.] In its ruling, the Court cited none of these cases or *Samuels v. Wilder*, 871 F.2d 1346 (7th Cir. 1989), the only Seventh Circuit case that directly addresses the interaction between Rule 9(b) and summary judgment.

The issue of what needs to be pled in order for a fraud claim to survive a motion for summary judgment is a question of law, as held by the Seventh Circuit for purposes of interlocutory appeals. (Mot. at 3, citing *In re Text Messaging*, 630 F.3d at 626 (expressly holding that a question of law exists for "the federal common law doctrine of pleading").) This is quite different from *CMB Exp., LLC v. Atteberry*, No. 4:13-cv-04051-SLD-JEH, 2017 U.S. Dist. LEXIS 98010, at *7-8 (C.D. Ill. June 26, 2017) cited by Mr. Greene (Resp. at 6-7), where the parties were addressing a discovery dispute about the relevance of the requested discovery, over which a judge has wide discretion and an interlocutory appeal was not appropriate.

The law regarding the burden for demonstrating personal jurisdiction over an individual who is alleged to run a foreign website also has significant room for debate. Mr. Greene's argument that the "parties agreed that the long-established 'minimum contacts' analysis" governed jurisdiction and "agreed as to the proper minimum contacts analysis for intentional torts" misstates the parties' arguments. (Resp. at 4-5.) As Mr. Karpeles pointed out in his reply brief in support of his motion to dismiss for lack of personal jurisdiction, Mr. Greene failed to address most of Mr. Karpeles' cited authority regarding specific jurisdiction. [Dkt. 394 at 5.]

5

Again, the specific requirements for personal jurisdiction over an individual who merely runs a website are in dispute. *See Walden v. Fiore*, 571 U.S. 277, 290 n.9 (2014) ("We leave questions about virtual contacts for another day."). The test for virtual presence in a forum is uncertain, and therefore it is uncertain whether Mr. Greene met his burden in demonstrating that personal jurisdiction over Mr. Karpeles exists. *See CMB Exp., LLC*, 2017 U.S. Dist. LEXIS 98010 at *7-8 (holding question of law exists where there is a question "as to whether such a burden has been met or showing made *because* of an uncertainty about the meaning of the rule applied" (emphasis in original)).

Mr. Greene's revisionist history is also unfounded, as he tries to make these issues ones requiring "fact intensive" inquiry. (Resp. at 2.) That is not the case. The issues sought to be certified for appeal are not fact intensive and are quite narrow: did Mr. Greene sufficiently plead his fraud theories as now claimed to withstand a motion for summary judgment? And are his allegations in the complaint sufficient to establish personal jurisdiction over Mr. Karpeles? The existence of a factual record does not mean that the issues are necessarily fact-dependent; certification of an interlocutory appeal would still be appropriate for questions of law. *See, e.g., Sterk v. Path*, No. 13 CV 2330, 2014 U.S. Dist. LEXIS 183878, at *5 (N.D. Ill. Aug. 8, 2014) (certifying issue for interlocutory appeal where "[t]here is a factual record, but these summary judgment motions are not fact-dependent," and did "not present a factual contest").

Neither of Mr. Karpeles' two proposed issues for appeal would require an intensive review of the factual record. Mr. Greene's cited cases are distinguishable, as they all involve cases that would without a doubt require undertaking fact-intensive reviews of the record, involve areas of the law governed by directly on-point binding authority, or address issues other than a Section 1292 inquiry. (Resp. at 3-5, citing *Marseilles Hydro Power, LLC v. Marseilles*

6

*Land & Water Co.*, 518 F.3d 459, 463 (7th Cir. 2011) (not addressing an interlocutory appeal and stating that the reference to Section 1292(b) must have been "a slip of the pen"); *Doe v. Cty. of Milwaukee*, No. 14-CV-200-JPS, 2017 U.S. Dist. LEXIS 31220, at *1-4 (E.D. Wis. Mar. 6, 2017) (holding that the plaintiff "had raised issues of material fact" on the issue of whether the defendant's alleged sexual contact with the plaintiff was outside the scope of his employment); *880 S. Rohlwing Rd., LLC v. T&C Gymnastics, LLC*, No. 16-cv-07650, 2017 U.S. Dist. LEXIS 8271, *14-22 (N.D. Ill. Jan. 19, 2017) (finding that the appeal was a "fact-based challenge" and that one aspect of the appeal regarding the authority of the bankruptcy court was definitively settled by a Supreme Court ruling); *Burton v. Am. Cyanamid*, 2016 U.S. Dist. LEXIS 9596, at *128-30 (E.D. Wis. Jan. 26, 2016 (denying motion for certification of interlocutory appeal of personal jurisdiction ruling over company that conducted much business in the United States, and not involving more current and less clear questions of personal jurisdiction relating to websites); *Snap-On Inc. v. Bosch*, No. 09 C 6914, 2013 U.S. Dist. LEXIS 204933, at *5-6 (N.D. Ill. Sep. 6, 2013) (same); *CPA Warehouse v. Freeland (In re Livemercial Aviation Holding, LLC)*, No. 2:14cv187, 2014 U.S. Dist. LEXIS 99065, at * 6-7 (N.D. Ind. July 21, 2014) (denying certification of interlocutory appeal asking to review the facts of the case in connection with the doctrine of equitable tolling, not the law with respect to equitable tolling); *In re E. Livestock Co., LLC*, No. 4:12-CV-00126-TWP-WGH, 2013 U.S. Dist. LEXIS 117444, at *19 (S.D. Ind. Aug. 20, 2013) (holding that a "decision to remove a bankruptcy trustee is not an abstract issue of law" and that the appellants "are asking [the court] to review the factual evidence to determine" whether the bankruptcy court exercised it "sound discretion"); *Schultheis v. Cmty. Health Sys.*, No. 11-0435-DRH, 2012 U.S. Dist. LEXIS 77436, at *5-7 (S.D. Ill. June 5, 2012) (holding that the requested inquiry regarding the exercise of personal jurisdiction would require looking at the

7

evidence, facts and affidavits after finding that the defendants did business in Illinois and was not based on internet contacts); *Chi. Reg'l Council of Carpenters v. Prate Installations*, No. 10 C 5431, 2011 U.S. Dist. LEXIS 169204, at *6 (N.D. Ill. July 13, 2011) (denying a request for an interlocutory appeal where "the Seventh Circuit would have to look through the record of this case and the record of the parties' prior lawsuit, . . . to decide whether the Court should have granted the Union's Rule 12(c) motion for judgment on the pleadings.").)

Mr. Greene's argument that Mr. Karpeles "fails to identify a question of law untethered from the Court's fact-finding" is inaccurate. (Resp. at 7.) Whether Mr. Greene can raise entirely new factual allegations as predicates for his fraud claim is not dependent on the Court's fact-finding. Mr. Greene does not contest that his complaint alleged his fraud claim based on specific supposed misrepresentations and omissions related to Mizuho Bank's limitations on transfers, Mr. Greene's ability to make cash withdrawals, a "transaction malleability" bug that Mt. Gox had supposedly known about since 2011, and Mt. Gox's plan to declare bankruptcy. [*See* Fourth Amend. Compl. ¶ 58.] The question is whether Mr. Greene can raise new factual predicates at the summary judgment stage (and in an expert report after the close of fact discovery) in order to create an issue of material fact. That does not require reliance on the Court's fact-finding. That is a legal question. Similarly, the question of the standard for exercising jurisdiction over an individual who allegedly ran a web-based currency exchange in a foreign country is not tethered to the Court's fact-finding but again tethered to the law on personal jurisdiction.

In this case, Mr. Karpeles seeks to appeal issues that are questions of law: (i) whether a plaintiff can raise new factual predicates for a fraud claim at the summary judgment stage and in conjunction with the requirements of Rule 9(b); and (ii) what contacts are necessary to establish personal jurisdiction over an individual where a plaintiff alleges contacts by the current and

former plaintiffs solely with a corporate website. Mr. Greene concedes that both of these issues are controlling. Neither of the questions here requires a detailed look at the facts of the case. Both of these issues are questions of controlling law.

## II. Mr. Greene Has Forfeited Most of His Arguments Regarding Contestability, and His Blanket Attempt to Dispute Contestability Falls Far Short.

The Court's orders denying Mr. Karpeles' motion to dismiss based on the lack of personal jurisdiction and motion for summary judgment are both contestable. (Mot. at 5-13.) Mr. Greene's meager and incorrect defense on this point is that Mr. Karpeles fails to identify a legal standard requiring interpretation and, therefore, there is no contestable issue. (Resp. at 8.) As discussed above, Mr. Karpeles absolutely has identified the legal standards requiring interpretation for both of the orders at issue: the parameters and requirements of the legal standards required by Rule 9(b) for a fraud claim at the summary judgment stage, and the legal standards in the area of personal jurisdiction based solely on internet contacts. Mr. Greene fails to address any of Mr. Karpeles' cited authority and arguments as to the contestability of those orders and has therefore forfeited any opposition to those points. *See Greene v. Karpeles*, No. 14 C 1437, 2020 U.S. Dist. LEXIS 104788, at *17 (N.D. Ill. June 16, 2020) (finding Karpeles' failure to address "half-truth" statements or make argument "forfeit[ed] any such argument").

Mr. Karpeles is not rehashing his prior argument to the Court or seeking reconsideration here. (Resp. at 9.) Mr. Karpeles is doing exactly what he should in support of his request to have issues certified for interlocutory appeal: explain why the Court's decision is contestable. That necessarily involves discussing the issues and case law previously addressed and cited. It would be impossible to satisfy the contestability requirement without an explanation of the competing positions. Mr. Greene only provides a summary sort of dismissal of Mr. Karpeles' position, but provides no express binding authority that would allow this Court to find that

9

neither of Mr. Karpeles' proposed issues to be certified for appeal are contestable. (Resp. at 8-9.) As explained in his Motion, by addressing the case law previously cited, including the case law included in the Court's decisions, Mr. Karpeles has shown that these are contestable questions of law. (Mot. at 5-13.)

Mr. Greene's sole blanket attempt to argue that Mr. Karpeles has not satisfied the contestability prong does not show that these issues are not contestable. (Resp. at 8-9.) The mere existence in the law of basic principles of "minimal contacts," "the particularity requirements imposed by Rule 9(b)," and "the rules preventing a party from switching theories midstream" does not render issues relating to them uncontestable. (*Id.*) Their interpretation and scope are quite often contested. Mr. Karpeles cites almost no case law in this section, and certainly no binding authority that expressly controls either of these issues. In fact, as found in the *A.D.* case, there can be "a substantial ground of difference of opinion" where there are "contours" of the existing standard or doctrine "in the Seventh Circuit [that] are unclear," making an issue contestable for purposes of an interlocutory appeal. *A.D.*, 2016 U.S. Dist. LEXIS 193448, at *3.

Mr. Karpeles explained in great detail why both of these issues are contestable questions of law. (Mot. at 5-13.) Mr. Greene does almost nothing to dispute that, and he has forfeited his ability to challenge many of Mr. Karpeles' points. The issues sought to be certified for appeal are contestable.

### III. Mr. Greene Concedes that Resolution of Either or Both of These Issues Would Speed Up the Litigation.

Resolution of an appeal of either or both of the personal jurisdiction and the summary judgment orders in Mr. Karpeles' favor would speed up the litigation by ending it in full. (Mot. at 13-14.) Mr. Greene fails to address Mr. Karpeles' cited authority and arguments as to this

issue and has, therefore, forfeited any argument as to whether resolution would speed up the litigation. *See Greene*, 2020 U.S. Dist. LEXIS 104788 at *17. Mr. Greene has conceded this element in favor of granting the request for certification of the issues for interlocutory appeal.

### IV. There is No Dispute that the Request is Timely Regarding Summary Judgment, and Certifying Both Orders is Judicially Efficient.

Mr. Greene does not contest the timeliness of Mr. Karpeles' request to certify for an interlocutory appeal the issue raised by the ruling on Mr. Karpeles' motion for summary, namely the pleading issue for a fraud claim. (Resp. at 9-10.) Mr. Greene argues only that the request to certify the Court's order on Mr. Karpeles' motion to dismiss for lack of personal jurisdiction is not timely. (*Id.*) "There is no time limit in the statute or in any applicable rules for seeking the district judge's permission to appeal under 1292(b)." *Richardson Elecs., Ltd. v. Panache Broad. of Pa., Inc.*, 202 F.3d 957, 958 (7th Cir. 2000). A court should not grant an "inexcusably dilatory request." *Id.* There is no hard and fast rule about timeliness.

In this case, Mr. Karpeles seeks certification of the personal jurisdiction issue now in an effort to be judicially efficient. *See SEC v. Buntrock*, No. 02 C 2180, 2003 U.S. Dist. LEXIS 1636, at *9 (N.D. Ill. Jan. 29, 2003). If the Court were to certify the issue of the pleading requirements for a fraud claim at the summary judgment stage, it would be most judicially efficient, and cost-effective for the parties, to include the personal jurisdiction issue as well. The timeliness of the inclusion of this second issue is therefore tied to the request relating to the ruling on Mr. Karpeles' motion for summary judgment.

Of course, the Court can certify only the issue relating to the summary judgment decision for appeal, which the parties agree is timely, having been filed within four business days of the decision. In that case, the issue of personal jurisdiction would await appeal, if necessary, for the end of the litigation. Mr. Karpeles includes a request to certify both issues for appeal now in

11

order to conserve resources for all parties should the Court grant the request to certify the issues relating to the fraud claim, which would seem to be in everybody's interest.

Granting an interlocutory appeal as to both these issues advances concerns of judicial economy. If the Court believes that the request to certify the issue relating to personal jurisdiction is untimely, Mr. Karpeles requests that the Court certify solely the first proposed issue (relating to the pleading standards for a fraud claim) for an interlocutory appeal.

## CONCLUSION

For all of these reasons, and for all of the reasons identified in Mr. Karpeles' Motion to Certify Orders for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) and any future oral argument, Mr. Karpeles respectfully requests that the Court certify the issues raised in his Motion for Summary Judgment and his Motion to Dismiss for Lack of Personal Jurisdiction and decided by the Court in its rulings on those motions as described above and in Mr. Karpeles' opening Motion for an interlocutory appeal.

Dated: July 27, 2020

Respectfully submitted,

Mark Karpeles

By: /s/ Bevin Brennan
One of His Attorneys

Bevin Brennan
Matthew Schmidt
PEDERSEN & HOUPT
161 North Clark Street, Suite 2700
Chicago, Illinois 60601
(312) 641-6888
bbrennan@pedersenhoupt.com
mschmidt@pedersenhoupt.com

*Attorneys for Defendant Mark Karpeles*