**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| GREGORY GREENE, individually and on behalf of all others similarly situated, | ) ) ) | Case No. 14-cv-01437 |
| Plaintiff, | ) ) | Hon. Gary Feinerman |
| v. | ) ) | Magistrate Judge Susan Cox |
| MARK KARPELES, an individual, | ) ) | |
| Defendant. | ) ) | |

**DEFENDANT MARK KARPELES' MOTION TO EXCLUDE THE REPORT
AND OPINION TESTIMONY OF PLAINTIFF'S EXPERT PROFESSOR CAROL
GOFORTH PURSUANT TO FEDERAL RULE OF EVIDENCE 702**

Defendant Mark Karpeles, pursuant to Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), hereby moves to exclude the report and opinion testimony of Plaintiff's proposed expert Carol Goforth. In support, he states as follows:

1.     The opinions Professor Carol Goforth seeks to offer in this case are primarily nothing more than a narrative cobbled together from the internet and Mr. Karpeles' deposition testimony, which is inadmissible. Professor Goforth has created a story that does not rely on any accepted methodology, experience or expertise at all. In the few instances where she ostensibly has formed an opinion, she even admits that these opinions are not proper expert testimony, going so far as to say that an opinion is based on "common sense" or are legal opinions.

2.     Federal Rule of Evidence 702 governs the admissibility of expert testimony. It provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

     (a)    the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

     (b)    the testimony is based on sufficient facts or data;

     (c)    the testimony is the product of reliable principles and methods; and

     (d)    the expert has reliably applied the principles and methods to the facts of the case.

3.    Courts have summarized these requirements as involving three considerations. For a witness to provide expert testimony, the testimony must (i) be relevant to the issues in the case and (ii) assist the trier of fact, and (iii) the expert must be qualified in the area of the testimony. *See Lapsley v. Xtek, Inc.*, 689 F.3d 802, 809 (7th Cir. 2012)

4.    Applying the standards of Rule 702, *Daubert*, and its progeny, all of Professor Goforth's proposed testimony should be excluded for three reasons.[1]

5.    First, Professor Goforth cannot testify to hearsay she gathered from the internet and juxtaposed with deposition testimony and other record evidence to form a factual narrative. (Declaration of Carol Goforth ("Declaration" or "Decl.") at ¶¶ 11-44, 46-47, 49-50, 52-53, and 55-62.)

6.    Second, Professor Goforth cannot opine about what Mt. Gox users purportedly "would have" understood and what they "would have done" if they had known certain information. Professor Goforth has no expertise in, conducted no research about, and has no basis to make these speculative "opinions." (*Id.* ¶¶ 43, 45-48, 51, 63.)

7.    Third, the remaining portions of Professor Goforth's Declaration and proposed testimony are statements or determinations of law properly left to the Court and the jury. (*Id.* ¶¶ 54.)

---

[1] Mr. Karpeles filed a prior Motion to Strike Expert Disclosure of and Preclude Expert Testimony from Carol R. Goforth to preclude Professor Goforth's proposed testimony as irrelevant to the issues raised in the operative Fourth Amended Complaint. [Dkt. No. 457.] The Court denied that motion on June 16, 2020. [Dkt. No. 489.] Mr. Karpeles maintains and does not waive his position that Professor Goforth's proposed testimony is irrelevant to the issues in this case with only a single count remaining for common law fraud.

8.     The only remaining paragraphs of the Declaration contain Professor Goforth's background, qualifications, the materials upon which she relied and her attestation pursuant to 28 U.S.C. § 1746. (*See* Decl. ¶¶ 1-10; 64.)

9.     There is nothing for which Professor Goforth can testify pursuant to Rule 702. Her proposed testimony is nothing more than an effort to try to use an "expert" to get hearsay and legal conclusions in evidence.  This is improper.  The Court should not allow Professor Goforth to testify and her Declaration should be stricken, excluded and not used in any capacity by this Court.

WHEREFORE, for the reasons stated in this Motion, the accompanying Memorandum in Support, and any further briefing and arguments to the Court, Defendant Mark Karpeles respectfully requests that this Honorable Court grant his Motion to Exclude Plaintiff's Expert Carol Goforth's Report and Opinion Testimony and for such other and further relief as this Court deems just in Mr. Karpeles' favor.

Dated: October 6, 2020                                    Respectfully submitted,

                                                          Mark Karpeles

                                              *By:*   /s/ *Bevin Brennan*
                                                      _____
                                                          One of His Attorneys

Bevin Brennan
Matthew Schmidt
PEDERSEN & HOUPT
161 North Clark Street, Suite 2700
Chicago, Illinois 60601
(312) 641-6888
bbrennan@pedersenhoupt.com
mschmidt@pedersenhoupt.com
*Attorneys for Defendant Mark Karpeles*