# Exhibit B



Mark Karpeles
EXHIBIT 1
DATE Nov 5 2019
REPORTER MA
Planet Depos, LLC

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREGORY GREENE and ANTHONY MOTTO, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> MARK KARPELES, an individual, <br><br> Defendant. | Case No. 14-cv-01437 <br><br> Hon. Gary Feinerman <br><br> Magistrate Judge Susan Cox |

**DEFENDANT MARK KARPELES' RESPONSES AND OBJECTIONS
TO PLAINTIFF GREGORY GREENE'S FIRST SET OF INTERROGATORIES**

NOW COMES Defendant, MARK KARPELES, by and through his attorneys, PEDERSEN & HOUPT and in response to Plaintiff Gregory Green's First Set of Interrogatories submits his objections and responses as follows:

**INTERROGATORIES**

1. Identify the name, address, and occupation of all persons who participated in responding to these Interrogatories and Plaintiffs Requests for the Production of Documents. For each person so identified, state the person's employer and their position or title, describe their knowledge relevant to these proceedings, and, if applicable, identify the Interrogatories and/or Requests for Production of Documents.

**OBJECTION**: Karpeles objects to the definition of "Identify" as overly broad and unduly burdensome. Karpeles also objects to this interrogatory as not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE**: Subject to its Objection, Karpeles states that he participated in responding to these Interrogatories and Plaintiff's Requests for Production of Documents with the assistance of counsel.

2. Identify your current residential and mailing address.

01115428v1

**OBJECTION**: Karpeles objects to the request for his current residential address as he has received death threats and his residential address is not relevant to this case.

**RESPONSE**: Karpeles' current mailing address is at Ogata Law Office, Sanshi Kaikan 7F, 9-4 Yurakucho 1-Chome, 100-0006 Chiyoda-ku, Tokyo, Japan. Additionally, because a Japanese bankruptcy action was filed against Karpeles on November 10, 2015, under Japanese law, notices of liabilities, including lawsuits, must be sent to the bankruptcy trustee and correspondence related to this case must be addressed to the bankruptcy trustee as published on mtgox.com.

3. Identify all former employees and agents of Mt. Gox, including by providing each individual's name, job title at Mt. Gox (e.g., "President and CEO"), last known mailing address, last known phone number, and last known email address.

**OBJECTION**: Karpeles objects to the definition of "Describe" as overly broad and unduly burdensome. Karpeles further objects that fully answering this interrogatory requires access to documents held by Mt. Gox KK, of which Karpeles does not have possession, custody or control.

**RESPONSE**: Subject to its Objection, Karpeles states that some of the former employees and agents of Mt. Gox KK were:

    a. Amulya Infotech, a company located in India

Karpeles's investigation continues and he will timely supplement this answer.

4. Identify all email addresses (e.g., "magicaltux+mk@gmail.com") and usernames (e.g., u/MagicalTux on Reddit.com) you have used to communicate about Mt. Gox in any capacity.

**RESPONSE**: Karpeles has used the following e-mail addresses and usernames to communicate about Mt. Gox KK:

    a. magicaltux+mk@gmail.com

    b. mark@tibanne.com

  c. admin@mtgox.com

  d. karpeles@ookoo.org

  e. mark@hell.ne.jp

  f. MagicalTux on Github.com

  g. MagicalTux on bitcointalk.org

  h. mark@tibanne.com on support.mtgox.com

 5. Identify all facts supporting your contention that "Mt. Gox observed all corporate formalities and kept corporate records." (Dkt. 392-1 ,¶ 20.)

**OBJECTION**: Karpeles objects to this interrogatory as vague, overly broad and unduly burdensome.

**RESPONSE:** Subject to his Objection, Karpeles states that MTGOX Co., Ltd./MTGOX KK ("Mt. Gox KK") is a Japanese corporation with two shareholders: Jed McCaleb and TIBANNE Co., Ltd./TIBANNE KK ("Tibanne KK"). As a corporation, Mt. Gox KK has complied with the requirements of corporations under Japanese law.

 6. Describe your relationship with Mt. Gox, including by identifying any relevant contracts, agreements, or written or oral understandings and by identifying and describing whether your relationship with Mt. Gox changed over time.

**OBJECTION**: Karpeles objects to this interrogatory as vague, overly broad and unduly burdensome.

**RESPONSE:** Subject to his Objection, Karpeles was the Chief Executive officer of Mt. Gox KK and Tibanne KK and the sole shareholder of Tibanne KK. Tibanne KK was the majority shareholder of Mt. Gox KK. Karpeles does not have any contracts or agreements with Mt. Gox KK.

 7. Describe the process through which class members could request to withdraw, deposit, or transfer bitcoin or fiat currency from their Mt. Gox accounts, including by identifying and describing any changes to relevant polices, processes, procedures, or requirements made during the relevant time period.

**OBJECTION**: Karpeles objects to the definition of "Describe" as overly broad and unduly burdensome. Karpeles further objects to this interrogatory as overly broad, unduly burdensome and vague.

**RESPONSE:** Subject to his Objection, Karpeles states as follows: Persons who wanted to buy and sell bitcoin through Mt. Gox were required to sign up for an account at www.mtgox.com and agree to Mt. Gox's Terms of Use that were applicable at the time the user created an account. Users could then transfer Bitcoins into their accounts or deposit cash into their accounts by wiring money to Mt. Gox's account at one of Mt. Gox's banking partners. To withdraw or transfer bitcoin, users could send a request to withdraw Bitcoin from the Exchange which would include the destination Bitcoin address.

To withdraw fiat currency, users could send a request to withdraw cash from the Exchange, which would include information sufficient to process the requested transfer from an account. Mt. Gox would send transfer requests to one of its partners, some of which would then issue a wire transfer from Mt. Gox's account to the user's account.

At the end of 2013 or in early 2014, Mizuho Bank limited the number and amount of Mt. Gox customer withdrawals that it would process on a weekly or monthly basis due to Mizuho Bank's inability to handle the volume of Mt. Gox customer withdrawals. In mid-2013, Mizuho Bank refused to process certain international wire transfer requests. Mt. Gox had banking partners other than Mizuho Bank.

Different policies, processes, procedures and/or requirements existed depending on the user's country of residence, financial provider, and other parameters which are known to Mt. Gox and details of which are held by the Mt. Gox KK trustee.

8. Identify and describe all steps, policies, procedures, or actions you approved, facilitated, or arranged, or had approved, facilitated or arranged, to notify class members that their ability to make withdrawals from Mt. Gox had changed in or after June 2013.

**OBJECTION**: Karpeles objects to the definitions of "Identify" and "Describe" as overly broad and unduly burdensome. Karpeles further objects to the vague terms "approved" "facilitated" and "arranged."

**RESPONSE**: Subject to his Objection, Karpeles states that any statements by Mt. Gox were drafted by the Mt. Gox support team and reviewed by the Mt. Gox legal team. Karpeles states that he may have reviewed some statements but cannot identify which ones without documents held by Mt. Gox KK, of which Karpeles does not have possession, custody or control.

9. Identify and describe all withdrawals you approved, facilitated, or arranged, or had approved, facilitated or arranged, from Mt. Gox during the months of June 2013 through March 2014, including the persons, account names, or account numbers to which such withdrawals were made and whether such withdrawals included the withdrawal of bitcoins, fiat currency, or both.

**OBJECTION**: Karpeles objects to the definitions of "Identify" and "Describe" as overly broad and unduly burdensome. Karpeles further objects to the vague terms "approved" "facilitated" and "arranged." Karpeles objects to this interrogatory as it is vague, overly broad and unduly burdensome.

**RESPONSE**: Subject to his Objection, Karpeles states that he facilitated or arranged some withdrawals from Mt. Gox by individual users from June 2013 through March 2014 in instances Mt. Gox customer support could not solve certain specific issues. Karpeles also states that he processed withdrawals from customers located in the European Union. Karpeles further states that the documents necessary to respond to this interrogatory in part are in the hands of Mt. Gox KK's civil rehabilitation trustee, and therefore Karpeles is unable to respond to the remaining portion of this interrogatory, as answering this interrogatory requires access to

documents held by Mt. Gox KK, of which Karpeles does not have possession, custody or control.

10. Identify and describe the fiat currency and bitcoin balances of all class members at the time that Mt. Gox went offline in February 2014.

**OBJECTION**: Karpeles objects to the definitions of "Identify" and "Describe" as overly broad and unduly burdensome. Karpeles objects to this interrogatory as overly broad and unduly burdensome. Karpeles further objects to the term "class members," as no class has been certified in this case.

**RESPONSE**: Subject to his Objection, Karpeles states that the documents necessary to respond to this interrogatory are in the hands of Mt. Gox KK's civil rehabilitation trustee, and therefore Karpeles is unable to respond to this interrogatory, as answering this interrogatory requires access to documents held by Mt. Gox KK, of which Karpeles does not have possession, custody or control.

11. Identify and describe any transactions or sales made, approved, facilitated, or otherwise arranged by you involving bitcoins, including the exchange of bitcoins for fiat currency or cash.

**OBJECTION**: Karpeles objects to the definitions of "Identify" and "Describe" as overly broad and unduly burdensome. Karpeles further objects to the vague terms "approved" "facilitated" and "arranged." Karpeles objects to this interrogatory as overly broad and unduly burdensome and not reasonably likely to lead to the discovery of admissible evidence. Specifically, the request seeks information unrelated to Mt. Gox or the exchange in any way.

**RESPONSE:** Subject to his Objection, Karpeles refers Plaintiffs to his responses to Interrogatories Nos. 9 and 10.

12. Identify and describe all facts supporting your contention, if any, that the bitcoins or fiat currency of class members were lost due to a hack, transaction malleability, a computer bug, or through any other method.

**OBJECTION**: Karpeles objects to the definitions of "Identify" and "Describe" as overly broad and unduly burdensome. Karpeles further objects to this interrogatory as vague, overly broad and unduly burdensome. Specifically, the request seeks information relating to a broad conclusion that cannot be answered in full in an interrogatory response. Karpeles also objects that answering this interrogatory requires access to documents held by Mt. Gox, of which Karpeles does not have possession, custody or control. Karpeles further objects that answering this interrogatory would rely on documents that he believes are precluded from disclosure under Japanese law applicable to criminal proceedings.

**RESPONSE**: Subject to his Objection, Karpeles directs Plaintiffs to the Superseding Indictment of Alexander Vinnik in the District Court for the Northern District of California in case number CR 16-00227 SI, specifically paragraphs 51-56.

13. Identify any bitcoin addresses or wallets used or accessed by you, including by identifying relevant block chain transactions.

**OBJECTION**: Karpeles objects to the definition of "Identify" as overly broad and unduly burdensome. Karpeles further objects to this interrogatory as overly broad and unduly burdensome and not reasonably likely to lead to the discovery of admissible evidence.

14. Identify all facts supporting any affirmative defense asserted by you in this litigation.

**OBJECTION**: Karpeles objects to the definition of "Identify" as overly broad and unduly burdensome.

**RESPONSE**: Subject to his Objection, Karpeles directs Plaintiffs to his Answer and Defenses to Plaintiffs' Fourth Amended Class Action Complaint [Dkt. 412] and documents related to Karpeles' affirmative defenses of payment, satisfaction and accord, mootness, and failure to mitigate on the Mt. Gox KK civil rehabilitation website located at https://www.mtgox.com/. Karpeles further directs Plaintiffs to his Motion to Dismiss for lack of

Personal Jurisdiction and Memorandum in support of that motion [Dkts. 390, 392], his September 25, 2018 declaration [Dkt. 392-1], and his Reply in support of that motion [Dkt. 394].

| | |
|---|---|
| Dated: May 29, 2019 | Respectfully submitted, |
| | Mark Karpeles |
| | By: /s/ Bevin Brennan |
| | One of His Attorneys |

Bevin Brennan
Matthew Schmidt
PEDERSEN & HOUPT
161 North Clark Street, Suite 2700
Chicago, Illinois 60601
(312) 641-6888
bbrennan@pedersenhoupt.com
mschmidt@pedersenhoupt.com

*Attorneys for Defendant Mark Karpeles*

## CERTIFICATE OF SERVICE

I, Bevin Brennan, an attorney, on oath state that I caused copies of the foregoing **DEFENDANT MARK KARPELES' RESPONSES AND OBJECTIONS TO PLAINTIFF GREGORY GREENE'S FIRST SET OF INTERROGATORIES** to be served upon the following via e-mail on May 29, 2019:

Benjamin S. Thomassen
Aaron Lawson
EDELSON PC
350 North LaSalle Street,
13th Floor Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378
bthomassen@edelson.com
alawson@edelson.com

/s/ Bevin Brennan
Bevin Brennan