# Exhibit M

# JURY INSTRUCTIONS: FRAUD
## 50 State Survey[1]

## <u>ALABAMA</u>

**APJI 18.00 Introduction [PL]**

Plaintiff (name of plaintiff) says that (he/she) was harmed by the false statements of defendant (name of defendant). A false statement may be spoken, written or other conduct. (Name of plaintiff) says the false statement is (describe claim). (Name of defendant) denies (describe defense).

1 Ala. Pattern Jury Instr. Civ. 18.00 (3d ed.)

**APJI 18.01 Intentional False Statement [PL]**

Plaintiff (name of plaintiff) says that defendant (name of defendant) intentionally made a false statement that harmed (him/her/it). To recover damages on this claim, (name of plaintiff) must prove to your reasonable satisfaction all of the following:

1. That (name of defendant) intentionally stated to (name of plaintiff) that a present or past important fact was true;

2. That (name of defendant)'s statement was false;

3. That (name of defendant) knew that the statement was false when (he/she/it) made it and (name of plaintiff) did not know it was false;

4. That (name of defendant) intended that (name of plaintiff) rely on the statement;

5. That (name of plaintiff) reasonably relied on the statement; and

6. That (name of plaintiff) (acted/did not act) and was harmed.

If (name of plaintiff) proves all these things, you must find for (him/her/it) and then you must determine what amount of money to award (him/her/it) for the harm. If (name of plaintiff) does not prove all these things, you must find for (name of defendant).

1 Ala. Pattern Jury Instr. Civ. 18.01 (3d ed.)

---

[1] These instructions are compiled from Westlaw/LexisNexis or the website of the relevant state court system. Where instructions were not freely available, the elements of the tort as established by the courts of the state are included.

# <u>ALASKA</u>

**17.01 INTENTIONAL MISREPRESENTATION**

The plaintiff claims that [he][she] was harmed because the defendant made an intentional misrepresentation to the plaintiff. In order to win on this claim, the plaintiff must prove it is more likely true than not true that:

1. the defendant made a false or misleading statement to the plaintiff;

2. the defendant knew the statement was false or misleading when [he] [she] made it;

3. the defendant intended or had reason to expect that the plaintiff would rely on the statement;

4. the plaintiff justifiably relied on the statement;

5. the plaintiff suffered a monetary loss; and

6. the plaintiff's reliance on the statement was a substantial factor in causing the plaintiff's loss.

AK Pattern Jury Instr. Civ. 17.01

# <u>ARIZONA</u>

**COMMERCIAL TORTS 24 Common Law Fraud**

[Name of plaintiff] claims that [name of defendant] defrauded [name of plaintiff]. To establish this claim, [name of plaintiff] must prove by clear and convincing evidence:

1. [*Name of defendant*] made a representation to [*name of plaintiff*];

2. The representation was false;

3. The representation was material, which means that it was sufficiently important to influence [*name of plaintiff*]'s [a reasonable person's] . . . actions;

4. [*Name of defendant*] knew that the representation was false;

5. [*Name of defendant*] intended that [*name of plaintiff*] would act upon the representation in the manner reasonably contemplated by [*name of defendant*];

6. [*Name of plaintiff*] did not know that the representation was false;

7. [*Name of plaintiff*] relied on the truth of the representation;

8. [*Name of plaintiff*]'s reliance was reasonable and justified under the circumstances; and

9. As a result, [*name of plaintiff*] was damaged.

RAJI (CIVIL) 6th Commercial Torts 24

# **ARKANSAS**

**AMI 402 Issues—Claim for Damages Based Upon Deceit—Burden of Proof**

(Plaintiff) claims damages from (defendant) for deceit and has the burden of proving each of the following five essential propositions:

First, that *[he][she]* has sustained damages;

Second, that a false representation of a material fact was made by (defendant);

Third, that (defendant)*[either][knew or believed that the representation was false]*, *[or]* [*(he)(she)* knew or believed that *(he)(she)* did not have a sufficient basis of information to make the representation]

Fourth, that (defendant) intended to induce (plaintiff)*[to act][or][to refrain from acting]* in reliance upon the misrepresentation; and

Fifth, that (plaintiff) justifiably relied upon the representation in *[acting][or][refraining from acting]* and as a result sustained damages.

A fact or statement of fact is material if it was a substantial factor in influencing (plaintiff)'s decision. It is not necessary, however, that it be the paramount or decisive factor, but only one that a reasonable person would attach importance to in making a decision.

[If you find from the evidence in this case that each of these propositions has been proved, then your verdict should be for (plaintiff) (against the party or parties who made the false representation); but if, on the other hand, you find from the evidence that any of these propositions has not been proved, then your verdict should be for (defendant).]

Ark. Model Jury Instr., Civil AMI 402

# **CALIFORNIA**

**1900 Intentional Misrepresentation**

[*Name of plaintiff*] claims that [*name of defendant*] made a false representation that harmed [him/her/*nonbinary pronoun*/it]. To establish this claim, [*name of plaintiff*] must prove all of the following:

1. That [*name of defendant*] represented to [*name of plaintiff*] that a fact was true;

2. That [*name of defendant*]'s representation was false;

3. That [*name of defendant*] knew that the representation was false when [he/she/*nonbinary pronoun*] made it, or that [he/she/*nonbinary pronoun*] made the representation recklessly and without regard for its truth;

4. That [*name of defendant*] intended that [*name of plaintiff*] rely on the representation;

5. That [*name of plaintiff*] reasonably relied on [*name of defendant*]'s representation;

6. That [*name of plaintiff*] was harmed; and

7. That [*name of plaintiff*]'s reliance on [*name of defendant*]'s representation was a substantial factor in causing [his/her/*nonbinary pronoun*/its] harm.

Judicial Council of California Civil Jury Instruction 1900

**1907 Reliance**

[*Name of plaintiff*] relied on [*name of defendant*]'s [misrepresentation/concealment/false promise] if:

1. The [misrepresentation/concealment/false promise] substantially influenced [him/her/*nonbinary pronoun*/it] to [*insert brief description of the action, e.g., "buy the house"*]; and

2. [He/She/*Nonbinary pronoun*/It] would probably not have [*e.g., bought the house*] without the [misrepresentation/concealment/false promise].

It is not necessary for a [misrepresentation/concealment/false promise] to be the only reason for [*name of plaintiff*]'s conduct.

Judicial Council of California Civil Jury Instruction 1907

# COLORADO

## 19:1 FALSE REPRESENTATION – ELEMENTS of LIABILITY

For the plaintiff, *(name)*, to recover from the defendant, *(name)*, on (his) (her) claim of deceit based on fraud, you must find all of the following have been proved by a preponderance of the evidence:

1. The defendant made a false representation of a past or present fact;

2. The fact was material;

3. At the time the representation was made, the defendant:
   a. knew the representation was false; or
   b. was aware that (he) (she) did not know whether the representation was true or false;

4. The defendant made the representation with the intent that (the plaintiff) (a group of persons of which the plaintiff was a member) would rely on the representation;

5. The plaintiff relied on the representation;

6. The plaintiff's reliance was justified; and

7. This reliance caused (injuries) (damages) (losses) to the plaintiff.

If you find that any one or more of these *(number)* statements has not been proved, then your verdict must be for the defendant.

On the other hand, if you find that all of these *(number)* statements have been proved, (then your verdict must be for the plaintiff) (then you must consider the defendant's affirmative defense(s) of *[insert any affirmative defense that would be a complete defense to plaintiff's claim]*).

If you find that (this affirmative defense has) (any one or more of these affirmative defenses have) been proved by a preponderance of the evidence, then your verdict must be for the defendant.

However, if you find that (this affirmative defense has not) (none of these affirmative defenses have) been proved, then your verdict must be for the plaintiff.

Colorado Suggested Pattern Jury Instr. Civil 19:1

# CONNECTICUT

**3.16-2 Fraud or Intentional Misrepresentation**

The plaintiff claims that the defendant committed fraud when (he/she/it) *<insert relevant facts>*.

> First, the plaintiff must prove that the defendant made a false representation as a statement of fact.
>
> Second, the plaintiff must prove that the statement was untrue and known to be untrue by the defendant or that the defendant made the statement with reckless disregard for the truth of the matter.
>
> Third, the plaintiff must prove that the defendant made the statement to induce the plaintiff to act on it.
>
> Fourth, the plaintiff must prove that the plaintiff did act on the statement to (his/her/its) injury.

The plaintiff must prove the first three elements by clear and convincing evidence and the fourth element by a preponderance of the evidence.

[Note:] If the alleged fraud is based on an omission to state a material fact when the defendant has a duty to speak, the instruction needs to be revised.

Conn. Pattern Jury Instr. Civ. 3.16-2

# DELAWARE

**Fraud Defined § 16.1**

Fraud consists of the following five elements:

1. the false representation of a fact that is important to another;

2. the knowledge or belief that this representation was false, or was made with reckless indifference to the truth, or [___had a special duty to know whether the representation was false___];

3. the intent to induce [*plaintiff's name*] to act on the false representation, or to decline to act;

4. the fact that [*Plaintiff's name*] acted, or declined to act, in justifiable reliance on the false representation; and

5. damage to [*Plaintiff's name*] as a result of this reliance.

A false representation may be asserted by words or by conduct. A fact is important if it would cause a reasonable person to decide to act in a particular way, or if the maker of the misrepresentation knew another person would regard it as important.

If you find that [*plaintiff's name*] has proved all of the above elements by a preponderance of the evidence, then [*defendant's name*] is liable for fraud.

Del. P.J.I. Civ. § 16.1 (2000)

# DISTRICT OF COLUMBIA

## § 20.01 FRAUDULENT MISREPRESENTATION—ELEMENTS OF THE CLAIM

**[1] Instruction 20-1**

**Fraudulent Misrepresentation—Elements of the Claim (D.C. Std. Civ. Jury Instr. No. 20-1)**

The plaintiff [name] has alleged that the defendant [name] committed fraudulent misrepresentation. To receive damages for fraudulent misrepresentation, the plaintiff must prove each of the following elements of the claim:

1. that the defendant made a false representation of a material fact;

2. that the defendant either made the representation knowing that the representation was false, or made the representation recklessly without knowing if it was true;

3. that the defendant made the representation with the intent to deceive the plaintiff;

4. [that the plaintiff justifiably relied on the representation]; and

5. that the plaintiff suffered damages as a result of [his] [her] reliance on the representation.

1 Civil Jury Instructions for DC §20.01

## § 20.02 FRAUDULENT MISREPRESENTATION—ELEMENTS DEFINED

**[1] Instruction 20-2**

**Fraudulent Misrepresentation—Elements Defined (D.C. Std. Civ. Jury Instr. No. 20-2)**

A.     A person can make a fraudulent misrepresentation by written or spoken words, or by conduct amounting to an assertion. Words or acts asserting the existence of a fact constitute a misrepresentation if the fact does not exist. A statement that is literally true may still be a fraudulent misrepresentation if the person makes it to create a false impression. If a person owes a duty to disclose a material fact, the failure to disclose that fact may be a fraudulent misrepresentation.

B.     To be fraudulent, a misrepresentation must be of a material fact. A fact is material if it would influence a reasonable person to act or not to act. A fact is material if it is a fact that the maker of the representation knew would likely be important to the person to whom it is made, even if a reasonable person would not think that fact it was important.

9

C.      For the maker of a statement to be liable for fraud, the maker must have known or believed that the statement was false. If the maker of a representation makes it recklessly without knowledge of its truth, then the maker is deemed to have known it was false.

D.      Intent to deceive means that the maker of the statement must have specifically intended that the representation be made, that it be made to the person to who actually received it, that it should convey a certain meaning, that it be believed by the person to whom it was made, and that it be acted upon in a certain way by the person to whom it was made. Intent means that a person had the purpose to do something. In other words, to do an act with intent means to do it consciously and voluntarily and not inadvertently or accidentally. Intent ordinarily cannot be proved directly, because there is no way to look inside another person's mind, but you may infer intent from the surrounding circumstances. You may consider any statement made, or act done or omitted, by the person making the representation, and all other evidence which indicates his state of mind. You may assume that a person ordinarily intends the kinds of likely results following from that person's knowing actions or inaction.

E.      A person who receives a false representation can receive damages from its maker for harm caused by his reliance upon it only if his reliance is justifiable. A person is not justified in relying upon a false representation if he knows it is false, if its falsity is obvious to him, or if he had no confidence in the representation. For a person's reliance to be justified, his conduct must not be so unreasonable, in light of all of the information available to him and the circumstances of the transaction, that it is proper to decide that his loss is his own responsibility.

F.      For the maker of the misrepresentation to be liable for damages, the fraudulent misrepresentation must directly cause damage to the person who justifiably relies on it. For damages to be the direct result of a false representation, it must be shown that the misrepresentation caused the person to act or not to act, thus causing his loss.

1 Civil Jury Instructions for DC §20.02

# **FLORIDA**

## 409.7 ISSUES ON PLAINTIFF'S CLAIM — FRAUDULENT MISREPRESENTATION

The issues for you to decide on (claimant's) claim [for fraudulent misrepresentation] are:

*The bracketed language should be used for clarity when there are also claims for negligent misrepresentation and/or negligently supplying false information for the guidance of others.*

First, whether (defendant) [intentionally]* made a false statement concerning a material fact;

*\*The word "intentionally" should be used for clarity when there is also a claim for negligent misrepresentation.*

Second, whether (defendant) knew the statement was false when [he] [she] [it] made it or made the statement knowing [he] [she] [it] did not know whether it was true or false;

Third, whether (defendant) intended that another would rely on the false statement;

Fourth, whether (claimant) relied on the false statement; and, if so,

Fifth, whether the false statement was a legal cause of [loss] [injury] [or] [damage] to (claimant).

[On this claim for fraudulent misrepresentation, the]** (claimant) may rely on a false statement, even though its falsity could have been discovered if (claimant) had made an investigation. However, (claimant) may not rely on a false statement if [he] [she] [it] knew it was false or its falsity was obvious to [him] [her] [it].

*\*\*The bracketed language should be used for clarity when there is also a claim for negligent misrepresentation.*

JICIV FL-CLE 400-1

# **GEORGIA**

**26.010 Fraud and Deceit; Definitions; Presumption and Proof**

A person commits fraud when that person makes a misrepresentation that is intended to deceive and that does deceive.

[Fraud may be actual or constructive. Actual fraud consists of any method by which another is deceived. Constructive fraud consists of any act done (or not done that should have been done) contrary to legal or equitable duty, trust, or confidence upon which another person relies to the injury of that person. Actual fraud implies moral guilt, while constructive fraud may be consistent with innocence.] *(Give bracketed paragraph only when constructive fraud is alleged.)*

Fraud may not be presumed, but slight circumstances may be enough to prove its existence. To prove fraud, the following elements are required:

1) a false representation,

2) intent to deceive,

3) an intention to induce the plaintiff to act or refrain from acting in reliance on the false representation,

4) justifiable reliance by the plaintiff on the false representation, and

5) damage to the plaintiff.

Georgia Suggested Pattern Jury Instr. Civil 26.010 (citations omitted)

**26.040 Fraud and Deceit; Misrepresentation and Concealment**

Misrepresentation of a material fact, if acted on by the opposite party, constitutes legal fraud, whether the misrepresentation was intentional or not.

If there is a willful misrepresentation of a material fact, which was made to induce another person to act and causes that person to act and the person is injured, then the person who is injured has a right of action. Mere concealment of a fact, unless done in a manner to deceive and mislead, will not support an action.

In all cases of deceit, knowledge of the falsehood constitutes an essential element. However, fraudulent or reckless misrepresentation of facts as true, which the party may not know to be false, if intended to deceive, is equivalent to a knowledge of the falsehood.

Georgia Suggested Pattern Jury Instructions Civil 26.040

# __HAWAII__

The elements of fraud are:

1. false representations made by the defendant;
2. with knowledge of their falsity (or without knowledge of their truth or falsity);
3. in contemplation of plaintiff's reliance upon them; and
4. plaintiff's detrimental reliance.

*Miyashiro v. Roehrig, Roehrig, Wilson & Hara*, 228 P.3d 341, 362–63 (Haw. Ct. App. 2010).

# IDAHO

**IDJI 4.60 – Fraud - issues**

The plaintiff has the burden of proving each of the following propositions by clear and convincing evidence:

1. That the defendant stated a fact to the plaintiff;

2. The statement was false;

3. The statement was material;

4. The defendant either knew the statement was false or was unaware of whether the statement was true at the time the statement was made.

5. The plaintiff did not know that the statement was false;

6. The defendant intended for the plaintiff to rely upon the statement and act upon it in a manner reasonably contemplated;

7. The plaintiff did rely upon the truth of the statement;

8. The plaintiff's reliance was reasonable under all the circumstances;

9. The plaintiff suffered damages proximately caused by reliance on the false statement.

10. The nature and extent of the damages to the plaintiff, and the amount thereof.

If you find from your consideration of all the evidence that the elements of fraud have been proved by clear and convincing evidence, then your verdict should be for the plaintiff on this issue. If you find from your consideration of all the evidence that any of the foregoing propositions has not been proved by clear and convincing evidence, then your verdict should be for the defendant.

Idaho Model Civ. Jury Instr. 3.16-2

# ILLINOIS

**800.01 Fraud and Deceit–Fraudulent Misrepresentation–Issues Made by the Pleadings–Fraud–One Defendant**

The plaintiff claims that the defendant made the following statement[s]:

[*Here insert or paraphrase the allegedly fraudulent statement or statements that the defendant is claimed to have made.*]

The plaintiff further claims that the statement[s] [was a] [were] false statement[s] of material fact[s].

The plaintiff further claims that the defendant [knew the statement(s) (was) (were) false] [or] [believed the statement(s) to be false] [or] [made the statement(s) in reckless disregard of whether (it was) (they were) true or false].

The plaintiff further claims that the defendant made the statement[s] with the intent to induce the plaintiff to [act] [describe what the plaintiff did, e.g., "buy the farm"].

The plaintiff further claims that he reasonably believed the statement[s] and [acted] [describe what the plaintiff did, e.g., "bought the farm"] in justifiable reliance on the truth of the statement[s].

The plaintiff further claims that he sustained damages as the result of his reliance.

The defendant [denies that he made (a) false statement(s) of (a) fact(s),] [denies that any (claimed) statement(s) (was) (were) material,] [denies that he (knew) (or) (believed) the (claimed) statement(s) to be false,] [denies that any (claimed) statement(s) (was) (were) made in reckless disregard of the statement('s) (s') truth or falsity,] [denies that he intended to induce the plaintiff to act (describe what the plaintiff did, e.g., "buy the farm"),] [denies that the plaintiff reasonably believed the claimed) statement(s) or (acted) (describe what the plaintiff did, e.g., "bought the farm" in justifiable reliance on the truth of the statement(s),] [and] [denies that damage resulted to the plaintiff from his reliance].

Ill. Pattern Jury Instr.-Civ. 800.01

**800.04 Fraud and Deceit—Material Fact—Definition**

When I use the word "material" I mean the [misrepresented] [concealed] [withheld] fact[s] must have been an essential element to the transaction, and had the plaintiff been aware of the truth, he would have acted differently.

Ill. Pattern Jury Instr.-Civ. 800.04

# INDIANA

**3103 Fraud--Definition**

Fraud is an act, course of action, omission, or concealment by which a person cheats or deceives another person.

"Omission" means leaving out.

**"Concealment" means hiding.**

Ind. Model Civ. Jury Inst. 3103

**3105 Fraud--Elements--Burden of Proof**

To recover damages for fraud, [plaintiff] must prove by the greater weight of the evidence that:

1. [*defendant*] made false statement[s] of material past or existing fact[s];

2. [*defendant*] knew the statement[s] were false, or made them recklessly without knowing whether they were true or false;

3. [*defendant*] made the statement[s] to cause [*plaintiff*] to act upon it/ [them];

4. [*plaintiff*] justifiably or reasonably relied and acted upon the statement [s]; and

5. [*plaintiff*] was damaged as a result.

Ind. Model Civ. Jury Inst. 3105

**3109 Fraud--Reliance**

[*Plaintiff*] must use reasonable care in guarding against fraud.

Reasonable care means being careful and using good judgment and common sense.

Ind. Model Civ. Jury Inst. 3109

# IOWA

**810.1 Fraudulent Misrepresentation - Essentials For Recovery.**

The plaintiff must prove the following propositions by a preponderance of clear, satisfactory and convincing evidence:

1. The defendant on or about the _____ day of _____, 20___, made a representation to [plaintiff] [plaintiff as one of a class of persons] that [set forth the representation made].

2. The representation was false.

3. The representation was material.

4. The defendant knew the representation was false.

5. The defendant intended to deceive [plaintiff] [plaintiff as one of a class of persons].

6. The plaintiff acted in reliance on the truth of the representation and was justified in relying on the representation.

7. The representation was a cause of the plaintiff's damage.

8. The amount of damage.

If the plaintiff has failed to prove any of these propositions, the plaintiff cannot recover damages. If the plaintiff has proved all of these propositions, the plaintiff is entitled to recover damages in some amount. [If an affirmative defense is submitted, delete the second sentence and insert the following: If the plaintiff has proved all of these propositions, you will consider the defense of _____, as explained in Instruction No. _____.]

 Iowa Model Civ. Jury Instr. 810.1

**810.3 Fraudulent Misrepresentation - Definition Of Representation.**

Concerning proposition no. 1 of Instruction No. [810.1], "a representation" is any word or conduct asserting the existence of a fact. [It may include silence if the defendant fails to disclose information which the defendant has a duty to disclose and which the (plaintiff) (plaintiff as one of a class) has reason to believe will be disclosed.] [A seller's statement of the amount of (land) (goods) being sold is representation of fact, even if the words "more or less" are used. The words "more or less" indicate that the amount of (land) (goods) being sold is substantially the same as stated by the seller.] [A representation of fact includes an opinion expressed for the deliberate purpose of deceiving another.] [A representation of fact includes a promise to perform a future act.]

17

A representation also includes an opinion. An opinion is a statement of a person's belief that a fact exists or their judgment as to quality, value, authenticity, or similar matter. A representation of fact implies that the maker has definite knowledge or information supporting their statement; a representation of opinion does not. You must consider all of the surrounding circumstances, including the exact words used, in deciding whether a representation is one of fact or opinion.

 Iowa Model Civ. Jury Instr. 810.3

**810.8 Fraudulent Misrepresentation - Reliance - Generally.**

Concerning proposition [No. 6 of Instruction No. [810.1]] [No. 7 of Instruction No. [810.2]], the plaintiff must rely on the representation and the reliance must be justified.

It is not necessary that the representation be the only reason for the plaintiff's action. It is enough if the representation was a substantial factor in bringing about the action.

Whether reliance is justified depends on what the plaintiff can reasonably be expected to do in light of their own information and intelligence. Reliance is not justified if the representation is of an unimportant fact or is obviously false.

 Iowa Model Civ. Jury Instr. 810.8

# KANSAS

**127.40 Fraud–Elements**

The essential elements required to sustain an action for fraud are:

1. That false or untrue representations were made as a statement of existing and material fact.

2. That the representations were known to be false or untrue by the party making them, or were recklessly made without knowledge concerning them.

3. That the representations were intentionally made for the purpose of inducing another party to act upon them.

4. That the other party reasonably relied and acted upon the representations made.

5. That the other party sustained damage by relying upon them.

A representation is material when it relates to some matter that is so substantial as to influence the party to whom it was made.

Pattern Inst. Kan. Civil 127.40

# **KENTUCKY**

In a Kentucky action for fraud, the party claiming harm must establish six elements of fraud by clear and convincing evidence as follows:

    a) material representation
    b) which is false
    c) known to be false or made recklessly
    d) made with inducement to be acted upon
    e) acted in reliance thereon and
    f) causing injury.

*United Parcel Serv. Co. v. Rickert*, 996 S.W.2d 464, 468 (Ky. 1999).

# **LOUISIANA**

Fraud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction.

La. Civ. Code Ann. art. 1953

Fraud need only be proved by a preponderance of the evidence and may be established by circumstantial evidence.

La. Civ. Code Ann. art. 1957

There are two elements necessary to prove legal fraud: an intent to defraud and a resulting damage.

*Lomont v. Bennett*, 2014-2483 (La. 6/30/15), 172 So. 3d 620, 629.

Moreover, for fraud or deceit to have caused plaintiff's damage, he must at least be able to say that had he known the truth, he would not have acted as he did to his detriment. Whether this element is labeled reliance, inducement, or causation, it is an element of a plaintiff's case for fraud.

*Sun Drilling Prod. Corp. v. Rayborn*, 2000-1884 (La. App. 4 Cir. 10/3/01), 798 So. 2d 1141, 1153, *writ denied*, 2001-2939 (La. 1/25/02), 807 So. 2d 840.

# <u>MAINE</u>

**§ 7-30 Fraud Elements. Instruction.**

[ _____ The plaintiff] is claiming damages for fraud [ _____ fraudulent misrepresentation]. To prevail in this action for fraud [ _____ fraudulent misrepresentation] [ _____ the plaintiff] must prove the following facts by clear and convincing evidence:

1. [ _____ the defendant] made a false representation;
2. of a material fact;
3. with knowledge of its falsity or with reckless disregard of whether it was true or false;
4. for the purpose of inducing [ _____ the plaintiff] to act or to refrain from acting in reliance on the representation; and
5. [ _____ the plaintiff] justifiably relied on the representation as true and acted on it, causing [ _____ him] economic loss.

A plaintiff may justifiably rely on the fraudulent misrepresentation of a defendant without investigating the truth or falsity of the representation. Reliance by the plaintiff is unjustified only if the plaintiff knows the representation is false or its falsity is obvious to him.

[A material fact is a fact that, if correctly stated, would influence a person's decision to act, or to refrain from acting, regarding the transaction at issue.]

The burden is on [ _____ the plaintiff] to show that [ _____ he] was actually harmed and that [ _____ his] economic loss was caused by [ _____ his] reliance on the alleged misrepresentation of [ _____ the defendant].

If you find that [ _____ the plaintiff] has proven each of these elements, by clear and convincing evidence, you shall award a verdict to [ _____ the plaintiff].

If you find that [ _____ the plaintiff] has failed to establish any one or more of these elements by clear and convincing evidence, you must find for [ _____ the defendant].

1-7 Maine Jury Instruction Manual § 7-30

22

# <u>MARYLAND</u>

**MPJI-Cv 11:1 FRAUD OR DECEIT**

To recover damages for deceit, it must be shown that:

1. the defendant made a false representation of a material fact;

2. the defendant knew of its falsity or made it with such reckless indifference to the truth that it would be reasonable to charge the defendant with knowledge of its falsity;

3. the defendant intended that the plaintiff would act in reliance on such statements;

4. plaintiff did justifiably rely on the representations of the defendant; and

5. plaintiff suffered damages as a result of that reliance.

MPJI-Cv 11:1

**MPJI-Cv 11:3 FALSE REPRESENTATION--DEFINED**

A false representation is a statement, conduct, or act by which one intentionally misleads another person about a material fact.

A statement of opinion, judgment, prediction of a future event, or promise may constitute false representation of a material fact.

A promise to do something may be a false representation if the person did not intend to do the promised act when the promise was made.

MPJI-Cv 11:3

# <u>MASSACHUSETTS</u>

## § 20.1 INTENTIONAL MISREPRESENTATION (FRAUD/DECEIT)—ELEMENTS

In this case, the plaintiff claims that the defendant intentionally misrepresented an important fact, and as a result, the plaintiff [insert relevant facts], which the plaintiff says [he/she] would not have done if [he/she] had known the true state of affairs. The defendant denies that [he/she] misrepresented any important fact to the plaintiff.

The plaintiff may recover money damages from the defendant if and only if [he/she] proves the following by a preponderance of the credible evidence:

1. that the defendant made a false statement to the plaintiff, and that statement concerned some fact that a reasonable person would consider important, or material, to the decision that the plaintiff was about to make;

2. that when the defendant made the statement, the defendant either knew that the statement was false, or recklessly made the statement by willfully disregarding its truth or falsity;

3. that the defendant made the false statement with the intention that the plaintiff would rely on that statement in making [his/her] decision;

4. that in making the plaintiff's decision, [he/she] did in fact rely on the defendant's statement as true, and that [his/ her] reliance was reasonable under the circumstances; and

5. that plaintiff suffered some financial loss as a result of relying on the defendant's false statement.

If the plaintiff has proved these five things by a preponderance of the credible evidence, your verdict will be for the plaintiff, and you must then go on to determine the amount of money damages to be awarded to the plaintiff. If the plaintiff has failed to prove any one of these five things, then your verdict must be for the defendant.

CIVJI MA-CLE 20-1

## § 20.1.1 Subject of Misrepresentation—False Statement of Fact

The defendant can be held responsible for an intentional misrepresentation about an existing fact. . . . A fact, as opposed to an opinion, estimate, or intention, is a statement whose truth or falsity can be determined with certainty. Generally, the defendant cannot be held responsible for a statement about a future event, . . . although there is an exception to that rule if the defendant had greater expertise about the particular future event that was being discussed. . . . The defendant can also be held responsible for intentionally misrepresenting what the law is if [he/she] used [his/her] superior knowledge to take advantage of the plaintiff's relative ignorance of the law. . . . Fraud may be perpetrated by an implied as well as an express representation.

### § 20.1.3 Subject of Misrepresentation—Materiality of Statement

A "material" fact is one to which a reasonable person would attribute importance for his or her decision in the transaction at issue. It must be one of the principal grounds, but not necessarily the sole ground, causing the plaintiff's decision.

*Id.*

# <u>MICHIGAN</u>

**M Civ JI 128.01 Fraud Based on False Representation**

Plaintiff claims that defendant defrauded [him / her / it]. To establish fraud, plaintiff has the burden of proving by clear and convincing evidence:

(a) that defendant made a representation of [a material fact / material facts].
(b) that the representation was false when it was made.
(c) that defendant knew the representation was false when [he / she / it] made it, or defendant made it recklessly, that is, without knowing whether it was true.
(d) that defendant made the representation with the intent that plaintiff rely on it.
(e) that plaintiff relied on the representation.
(f) that plaintiff was damaged as a result of [his / her / its] reliance.

Your verdict will be for the plaintiff if the plaintiff has proved all of those elements by clear and convincing evidence.

Your verdict will be for the defendant if the plaintiff has failed to prove any one of those elements by clear and convincing evidence.

M Civ JI 128.01

**M Civ JI 128.10 Material Fact – Definition**

A material fact cannot be an opinion, belief, speculation or prediction. It must relate to something past or present that can be proved or disproved.

A material fact must be of enough importance in the matter that a reasonable person would be likely to rely on it.

M Civ JI 128.10

**M Civ JI 128.11 Reliance--Definition**

When I use the word relied, I mean that plaintiff would not have [entered into the contract / [*describe other action*]] if defendant had not made the [representation / false impression / promise], even if the [representation / false impression / promise] was not the only reason for plaintiff's action.

M Civ JI 128.11

# <u>MINNESOTA</u>

**CIVJIG 57.10 Fraud and Misrepresentation**

Fraud by misrepresentation must include all five of these elements:

**False representation**

1. *(Defendant)* falsely represented a past or present material fact to *(plaintiff)*.

   A fact is "material" if it would have influenced the other person's judgment or decision had *(he)(she)* known about it.

   *[The fact must be something that is knowable. This means it must be possible to discover the fact.]*

**Knowledge**

2. At the time the false representations were made, *(defendant)*

   a. *[Knew the representations were false]*

   b. *[Represented that (he) (she) knew about these facts when (he) (she) did not know if they were true or false.]*

**Intent**

3. The false representations were made by *(defendant)* intending that *(plaintiff)* would rely on them.

**Reliance**

4. *(Plaintiff)* relied and acted on the false representations.

**Harm occurred**

5. *(Plaintiff)* was harmed as a direct result of relying on the false representations.

4 Minn. Prac., Jury Instr. Guides Civil CIVJIG 57.10 (6th ed.)

# MISSISSIPPI

**§ 20:5. Fraud—Elements**

If you find by clear and convincing evidence in this case that:

1. *[Name of defendant]* represented *[description of representation]*;

2. That the representation was false;

3. That the representation was material;

4. That *[name of defendant]* did know that the representation was false or was ignorant of its truth;

5. That *[name of defendant]* did intend that the representation should be acted upon by *[name of plaintiff]*;

6. That *[name of plaintiff* did not know that the representation was false;

7. That *[name of plaintiff]* did rely on the representation's truth;

8. That *[name of plaintiff]* did have a right to rely on the representation; and

9. That *[name of plaintiff]* suffered damages as a result of *[his/her]* reliance on the representation,

then your verdict shall be for the Plaintiff.

However, if you believe that the plaintiff has failed to show any one of the above elements by a preponderance of the evidence in this case, then your verdict shall be for the defendant.

Miss. Prac. Model Jury Instr. Civil § 20:5 (2d ed.)

# **MISSOURI**

**23.05 [2007 Revision] Fraudulent Misrepresentations—Pecuniary Loss**

Your verdict must be for plaintiff if you believe:

> First, defendant *(describe act such as "represented to plaintiff that the motor vehicle was never in an accident")*, and

> Second, such representation was made by defendant with the intent that plaintiff rely on such representation in *(purchasing the motor vehicle)*, and

> Third, the representation was false, and

> Fourth, [defendant knew that it was false] [defendant knew that it was false at the time the representation was made] [defendant made the representation without knowing whether it was true or false] and

> Fifth, the representation was material to the *(purchase of the motor vehicle)*, and

> Sixth, plaintiff relied on the representation in *(making the purchase)*, and such reliance was reasonable under the circumstances, and

> Seventh, as a direct result of such representation, plaintiff sustained damage.

* [unless you believe plaintiff is not entitled to recover by reason of Instruction Number *(here insert number of affirmative defense instruction)*].

Mo. Approved Jury Instr. (Civil) 23.05 (8th ed)

29

# **MONTANA**

A party asserting a claim of actual fraud must establish the following elements:

1. a representation;

2. the falsity of that representation;

3. the materiality of the representation;

4. the speaker's knowledge of the representation's falsity or ignorance of its truth;

5. the speaker's intent that the representation should be acted upon by the person and in the manner reasonably contemplated;

6. the hearer's ignorance of the representation's falsity;

7. the hearer's reliance upon the truth of the representation;

8. the hearer's right to rely upon the representation; and

9. the hearer's consequent and proximate injury or damages caused by their reliance on the representation.

*Morrow v. Bank of Am., N.A.*, 324 P.3d 1167, 1182 (Mont. 2014).

# **NEBRASKA**

**NJI2d Civ. 9.01 Fraudulent Misrepresentation**

Before the plaintiff can recover against the defendant [on *(his, her, its)* claim of *(misrepresentation, fraudulent misrepresentation, false representation, deceit)*], the plaintiff must prove, by the greater weight of the evidence, each and all of the following:

1. That the defendant made the claimed representation;

2. That the representation was false;

3. That the representation was made fraudulently;

4. That, when *(he, she, it)* made the representation, the defendant intended that the plaintiff would rely on it;

5. That the plaintiff did rely on the representation;

6. That the plaintiff's reliance on the representation was reasonable;

7. That this representation was a proximate cause of some damage to the plaintiff; and

8. The nature and extent of that damage.

NJI2d Civ. 9.01

**NJI2d Civ. 9.03 Definition of Material Fact**

A material fact is one that is either:

1. Likely to change a reasonable person's mind regarding entering into a contract; or

2. For some reason known to the defendant, likely to change the plaintiff's mind regarding entering into a contract.

NJI2d Civ. 9.03

# **NEVADA**

**10.1: Fraudulent Misrepresentation: Introductory Instruction**

The plaintiff seeks to recover damages based upon a claim of fraud. Conduct may be fraudulent if any of the following occur:

1. An intentional misrepresentation;

2. A false promise;

3. The concealment of information (where there is a duty not to conceal);

4. A failure to disclose information (where there is a duty to disclose).

1 Nevada Pattern Jury Instructions Civil 10.1

**10.9: Justifiable Reliance**

The plaintiff must show by clear and convincing evidence that [he] [she] [it] justifiably relied on a misrepresentation or false promise in order to recover under a claim of fraud.

In order for the plaintiff to establish that [he] [she] [it] justifiably relied on the false representation or promise, the plaintiff must show:

1. The representation or promise played a substantial and material part in influencing the plaintiff's course of action; and

2. None of the facts surrounding the transaction would serve as a danger signal indicating a falsehood to a normal person of the plaintiff's intelligence and experience;

3. The misrepresentation or promise need not be the sole cause of the plaintiff's actions if it appears that the reliance upon the representation or promise substantially influenced the party's action, even though other influences operated as well; and

4. The plaintiff does not have a duty to investigate if there are no facts in the surrounding circumstances that should alert the plaintiff of potential fraud.

The plaintiff may not recover for fraud if the defense can show:

1. The plaintiff was aware that the statements were false at the time of making [his] [her] [its] decision; or

2. The plaintiff was unaware that the statement was false, but [he] [she] [it] was not influenced by it in any way and [he] [she] [it] would have done the same thing without the false statement for other reasons.

1 Nevada Pattern Jury Instructions Civil 10.9

# NEW HAMPSHIRE

## 22.1 Fraudulent Misrepresentation

In order to recover for fraudulent misrepresentation or deceit, the plaintiff must prove by clear and convincing evidence all of the following:

1.  The defendant misrepresented a material fact to the plaintiff;

2.  With a fraudulent intent;

3.  That the plaintiff relied upon it;

4.  That the plaintiff, honestly believing the misrepresentation, justifiably relied upon it; and

5.  As a result of the plaintiff's reliance upon the misrepresentation he/she sustained damages.

1 New Hampshire Civil Jury Instruction 22.1

## 22.3 Material Fact

The misrepresentation also must be of a material fact about character or quality. A material fact is one of importance to a person in plaintiff's position, and by which he/she would be expected to be influenced.

1 New Hampshire Civil Jury Instruction 22.3

## 22.4 Reliance

You must decide whether plaintiff or someone acting for its benefit and guidance justifiably relied on the representation and was damaged as a result. In other words, you will have to decide if plaintiff or someone acting on its behalf acted on the issues in question because of an express misrepresentation about character or quality and if they were justified in relying on those statements. If plaintiff, in your view, has not introduced clear and convincing evidence of such justifiable reliance because he/she has not met his/her burden of proof, you must find in favor of the defendant.

1-22 New Hampshire Civil Jury Instruction 22.4

# <u>NEW JERSEY</u>

## 3.30E FRAUD — DECEIT

Plaintiff seeks to recover damages which he/she claims he/she sustained as a result of a misrepresentation made to him/her by the defendant. One who represents as true that which is false with the intent to deceive the person to whom the representation is made is liable to that person if he/she, believing the representation to be true (acts, refrains from acting) in justifiable reliance upon it and suffers damage as a result.

The burden of proof is on the plaintiff to establish by clear and convincing evidence each of the following elements. First, that defendant made a false representation of fact to him/her. Second, that defendant knew or believed it to be false. Third, that defendant intended to deceive plaintiff. Fourth, that plaintiff believed and justifiably relied upon the statement and was induced by it to (action taken or omitted). Fifth, that as a result of plaintiff's reliance upon the statement, he/she sustained damage.

The first question for you to determine is what defendant said to the plaintiff. If it was a statement of opinion rather than a statement of fact, defendant cannot be held responsible, for opinions are matters of judgment for which under the circumstances of this case, the law does not impose liability and your verdict will be for the defendant. If on the other hand you find that defendant stated in words or substance that (recite the representations claimed) your finding will be that defendant made a representation of fact.

If you find that defendant made a representation of fact, you will next consider whether that representation was true or false. If you find it was true, your verdict will be for the defendant. If you find it was false, you will then determine whether defendant knew or believed it was false and made the representation with intent to deceive the plaintiff. A false statement is made with intent to deceive if it is made with knowledge that it is false.

Whether the plaintiff was justified in relying on the representation depends upon whether the fact represented is one that a reasonable man would consider important in reaching a decision in the transaction in question. Even though it is not such an important fact, reliance may be justified if the defendant in making the representation knew that the plaintiff considered it important and would rely upon it.

If you ultimately conclude that there was no justifiable reliance by the plaintiff or even if there was not a substantial factor in plaintiff's decision to enter into the transaction, your verdict will be for the defendant.

If you find that a reasonable person would have considered the representation important in deciding whether to proceed with the transaction or that defendant knew that plaintiff considered the fact important and would rely on it, and you find that plaintiff's belief of the representation was a substantial factor in his/her decision to engage in the transaction, your verdict would be for the plaintiff and your attention would then turn to the nature and extent of plaintiff's damage.

NJ J.I. CIV 3.30E

# NEW MEXICO

**UJI 13-1633. FRAUD**

A party is liable for damages proximately caused by [his] [her] fraudulent misrepresentation.

To prove fraud, _____ (*party claiming fraud*) must prove:

> First, a representation of fact was made which was not true;
>
> Second, either the falsity of the representation was known to the party making it or the representation was recklessly made;
>
> Third, the representation was made with the intent to deceive and to induce _____ (*party claiming fraud*) to rely on the representation; and
>
> Fourth, _____ (*party claiming fraud*) did in fact rely on the representation.

Each of these elements must be proved by clear and convincing evidence.

NMRA, Rule 13-1633

# <u>NEW YORK</u>

**PJI 3:20 Intentional Torts—Fraud And Deceit**

As you have heard, the plaintiff AB seeks to recover damages that (he, she, it) claims were caused by a fraud committed by the defendant CD. Specifically, AB claims that [*state AB's claims*]. CD denies that (he, she, it) committed fraud and contends that [*state CD's contentions*].

In order to recover for fraud, AB must prove by clear and convincing evidence that

1.   CD made a statement of material fact;

2.   the statement was false;

3.   CD either knew that the statement was false or made the statement recklessly without regard to whether it was true or false;

4.   CD made the statement to convince AB to rely upon it;

5.   AB did rely on CD's statement;

6.   AB's reliance on CD's statement was justifiable; and

7.   AB sustained damages because of (his, her, its) reliance on CD's statement.

Clear and convincing evidence means evidence that satisfies you that there is a high degree of probability that there was fraud as I have defined it for you. To decide for AB by clear and convincing evidence, it is not enough to find that the evidence supporting (his, her, its) case more nearly represents what actually happened than the evidence that is opposed to it. AB must satisfy you that the evidence makes it highly probable that what (he, she) claims is what actually happened.

If, upon all the evidence, you are satisfied that there is a high probability that there was fraud, you must decide for AB. If you are not satisfied that there is such a high probability, you must decide for CD.

The first question you will be asked to decide is whether CD stated [*state representation on which AB's claim is based*]. If you decide that CD did not state [*state representation on which AB's claim is based*], you need proceed no further on the claim of fraud. If you decide that CD did state [*state representation on which AB's claim is based*], the next question you must decide is whether that statement was material. A statement of fact is material if a reasonable person would consider it important. If you decide that CD's statement was not material, you need proceed no further on the claim of fraud. If you decide that CD's statement was material, you must next decide whether the statement was false.

The next question you will be asked to decide is whether CD's statement was false. A statement is false if, taken as a whole, it communicates something that is untrue when considered from the viewpoint of an ordinary person. If you decide that the statement was true, you need proceed no further on the claim of fraud. If you decide that the statement was false, you must next decide whether CD either knew it was false or made the statement recklessly without regard to whether it was true or false. A statement is made recklessly if it is made when the person making it does not have an honest and reasonable belief in its truth.

If you decide that CD did not know that the statement was false and that CD did not make the statement recklessly, you need proceed no further on the claim of fraud. If you decide that CD did know that the statement was false or that CD acted recklessly in making the statement, you must next decide whether the statement was made to convince AB to [*state action taken or omitted*].

If you decide that CD did not make the statement in order to convince AB to [*state action taken or omitted*], you need proceed no further on the claim of fraud. If you decide that CD did make the statement in order to convince AB to [*state action taken or omitted*], you must next decide whether AB relied on the statement.

The next question you will be asked to decide is whether AB relied on CD's statement in [*state action taken or omitted*]. If you decide that AB did not rely on CD's statement in [*state action taken or omitted*], you need proceed no further on the claim of fraud. If you decide that CD did rely on CD's statement in [*state action taken or omitted*], you must next decide whether AB was justified in relying on the statement.

Whether a person is justified in relying on a statement depends on whether a reasonable person would [*state action taken or omitted*] without further effort to determine the truth or accuracy of the statement. If you decide that AB was not justified in relying on CD's statement, you need proceed no further on the claim of fraud. If you decide that AB was justified in relying on the statement, you must next decide whether AB sustained damages because (he, she, it) relied on CD's statement.

If you decide that AB did not sustain any damage as a result of the fraud, you will find for CD on the claim of fraud. If you decide that AB did sustain damage as a result of the fraud, you must next decide the actual monetary loss sustained. In determining the amount of damages AB sustained, you should consider only the actual amounts that AB spent [*state where appropriate*: or incurred] in reliance on CD's false statement [*substitute where appropriate*: the difference between the actual amounts that AB spent in reliance on CD's false statement and the value, if any, of the (*state benefit or property plaintiff received*) at the time AB received it]. You should not consider any lost profits or other amounts that AB may have expected to, but did not, receive because CD's statement was false.

N.Y. Pattern Jury Instr. Civil 3:20

# NORTH CAROLINA

**800.00 FRAUD**

The (*state number*) issue reads:

"Was the plaintiff damaged by the fraud of the defendant?"

On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by the greater weight of the evidence, six things:

<u>First</u>, that the defendant [made a false representation of] [concealed] a material past or existing fact.

(A statement of opinion, belief, recommendation, future prospects or a promise ordinarily is not a representation of fact. However, a promise can be a false representation of fact if, at the time it is made, the person making the promise has no intention of carrying it out.)

(A concealment occurs when a person fails to disclose that which, under the circumstances, he should disclose. A person has a duty to disclose all facts material to a transaction or event when [*he* is a fiduciary] [*he* has made a partial or incomplete representation] [*he* is specifically questioned about them] [in an arm's length transaction, *he* has taken affirmative steps to conceal material facts from the other party] [*state any other situation where a duty to disclose is imposed by law*]).

<u>Second</u>, that the [false representation] [concealment] was reasonably calculated to deceive. [A representation is calculated to deceive when the person who makes it knows it to be false, or makes it recklessly, without any knowledge of its truth or falsity, as a positive assertion.] [A concealment is calculated to deceive when the person who makes it knows there is a duty to disclose, or is recklessly indifferent to a duty to disclose].

<u>Third</u>, that the [false representation was made] [concealment was done] with the intent to deceive and with the intent that it be acted upon.

<u>Fourth</u>, that the plaintiff was, in fact, deceived by the [false representation] [concealment] and acted upon it.

<u>Fifth</u>, that the plaintiff's reliance upon the [false representation] [concealment] was reasonable. The plaintiff's reliance would be reasonable if, under the same or similar circumstances, a reasonable person, in the exercise of ordinary care for his own welfare, [would have relied on the false representation] [would not have discovered the concealment].

And <u>Sixth</u>, that the plaintiff suffered damages proximately caused by the defendant's [false representation] [concealment].

Proximate cause is a cause which in a natural and continuous sequence produces a person's damage, and is a cause which a reasonable and prudent person could have foreseen would probably produce such damage or some similar injurious result.

There may be more than one proximate cause of damage. Therefore, the plaintiff need not prove that the defendant's [false representation] [concealment] was the sole proximate cause of the plaintiff's damages. The plaintiff must prove, by the greater weight of the evidence, only that the defendant's [false representation] [concealment] was a proximate cause.

Finally, as to the (*state number*) issue on which the plaintiff has the burden of proof, if you find by the greater weight of the evidence that the defendant [made a false representation of] [concealed] a past or existing material fact, that the [false representation] [concealment] was reasonably calculated to deceive, that the [false representation was made] [concealment was done] with the intent to deceive and with the intent that it be acted upon, that the plaintiff was deceived by the [false representation] [concealment] and acted upon it, that the plaintiff's reliance upon the [false representation] [concealment] was reasonable, and that the plaintiff suffered damages proximately caused by the [false representation] [concealment], then it would be your duty to answer this issue "Yes" in favor of the plaintiff.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the defendant.

800.00 Fraud. (Adopted June 2018), N.C.P.I.-CIVIL 800.00

# <u>NORTH DAKOTA</u>

**C – 8.00 Deceit**

One who willfully deceives another person with intent to induce that person to alter [his] [her] position to that person's injury or risk is liable for any damage the person thereby suffers.

As used in these instructions, a "deceit" is: 1) The suggestion as a fact of that which is not true by one who does not believe it to be true; 2) The assertion as a fact of that which is not true by one who has no reasonable ground for believing it to be true; 3) The suppression of a fact by one who is bound to disclose it, or who gives information of other facts that are likely to mislead for want of communication of that fact; or 4) A promise made without any intention of performing.

N.D. Cent. Code § C – 8.00

**§ 9-10-02. Deceit--Definition**

A deceit within the meaning of section 9-10-03 is:

1.  The suggestion as a fact of that which is not true by one who does not believe it to be true;

2.  The assertion as a fact of that which is not true by one who has no reasonable ground for believing it to be true;

3.  The suppression of a fact by one who is bound to disclose it, or who gives information of other facts which are likely to mislead for want of communication of that fact; or

4.  A promise made without any intention of performing.

N.D. Cent. Code § 9-10-02

**§ 9-10-03. Damages for deceit**

One who willfully deceives another with intent to induce that person to alter that person's position to that person's injury or risk is liable for any damage which that person thereby suffers.

N.D. Cent. Code § 9-10-03

# OHIO

**CV 449.01 Introduction; fraud defined**

1.  INTRODUCTION. The plaintiff claims that the defendant(s) committed certain fraudulent acts against the plaintiff, upon which plaintiff relied to his damage.

Specifically, the plaintiff claims (*describe*): _____

The defendant (denies) (claims) (*describe*): _____

2.  FRAUD DEFINED. Fraud is a civil wrong. It is a deception practiced with a view to gaining an unlawful or unfair advantage

1 CV Ohio Jury Instructions 449.01

**CV 449.03 Elements of fraud**

1.  ELEMENTS. The plaintiff must prove by the greater weight of the evidence each of the following elements:

    (***Use appropriate alternative***)
    (A)(1) A false representation of fact was made with knowledge of its falsity or with utter disregard and recklessness about its falsity that knowledge may be (concluded) (found).
    (***or***)
    (A)(2) A knowing concealment of fact which was done (when) (where) there was a duty to disclose.
    (***and***)
    (B) The (representation) (concealment) was material to the transaction.
    (C) The (representation) (concealment) was made with the intent of misleading plaintiff into relying upon it.
    (D) The plaintiff was justified in relying on the (representation) (concealment), and did, in fact, so rely.
    (E) The plaintiff was injured and the injury was (proximately) (directly) caused by his reliance on the (representation) (concealment).

2.  MATERIAL REPRESENTATION. The representation must be material; that is, it must be important, necessary or having influence on the transaction. It must be so substantial and important that it influenced the person (to whom it was made) (from whom it was concealed).

3.  FALSE. A representation is false when it is not substantially true. The truth or falsity of a representation depends on the natural and obvious meanings of the words taking into consideration all the surrounding circumstances.

4.  KNOWLEDGE. A person knows a representation is false when he is aware it is not substantially true.

5.  RECKLESS. A representation is made with utter disregard and recklessness when the person who makes the representation is (totally) (completely) careless or indifferent to the consequences or the risk that the representation will cause the person to whom it is made to do or not do certain things. If a person has no knowledge of fact, but asserted it as true when it was false, you may find that he made the representation with utter disregard and recklessness. A representation recklessly made without knowledge of the truth is the same as a false representation knowingly made.

6.  [. . .]

7.  INTENT TO MISLEAD. A person intends to mislead another to rely on a representation when it is his purpose to mislead. A person's intent is known only to himself unless he expresses it to others or indicates it by his conduct. Intent is determined from the way in which the representation is made, the means used and all the facts and circumstances in evidence.

8.  JUSTIFIABLE RELIANCE. There is a justifiable reliance in a (representation) (concealment) when a person of ordinary care would rely on it under the same or similar circumstances.

9.  RESULTING DAMAGE. The plaintiff must be directly damaged by the reliance on the (representation) (concealment). This means that the damage was caused by the (representation) (concealment) in a natural and continuous sequence and without which the damage would not have occurred.

1 CV Ohio Jury Instructions 449.03

# OKLAHOMA

**Instruction No. 18.1 False Representation–Elements of Liability**

In order for [**Plaintiff**] to recover from [**Defendant**] on [**his/her**] claim of deceit, you must find that all of the following have been established by clear and convincing evidence:

1. That [**Defendant**] made a material representation;

2. That it was false;

3. That [**Defendant**] made it when [**he/she**] knew it was false, or made it as a positive assertion recklessly, without any knowledge of its truth;

4. That [**Defendant**] made it with the intention that it should be acted upon by [**Plaintiff**];

5. That [**Plaintiff**] acted in reliance upon it; and

6. That [**Plaintiff**] thereby suffered injury.

Vernon's Okla. Forms 2d, OUJI-CIV 18.1 (2d ed.)

**Instruction No. 18.3 False Representation–Defined**

A false representation of a past or present fact is any words or conduct which create an untrue or misleading impression of the actual past or present fact in the mind of another.

[Words that are literally true, or words or conduct that are reasonably capable of creating both a true and a false impression, do not constitute a false representation of a past or present fact. However, if a false impression of a past or present fact was created by such words or conduct and the person making the representation knew the false impression had been created, or [*he/she*] intended to create it, then such words or conduct do constitute a false representation of a past or present fact.]

Vernon's Okla. Forms 2d, OUJI-CIV 18.3 (2d ed.)

**Instruction No. 18.4 Material Fact–Defined**

A fact is material if a reasonably careful person under the circumstances would attach importance to it in determining [*his/her*] course of action.

A fact may also be material even though a reasonably careful person might not regard it as important, if [*(the person stating it knows)/(a person conceals it knowing)*] the person with whom [*he/she*] is dealing will very likely regard it as important in determining [*his/her*] course of action.

Vernon's Okla. Forms 2d, OUJI-CIV 18.4 (2d ed.)

**Instruction No. 18.6 Deceit Defined and Classified**

A deceit is either

1. The suggestion, as a fact, of that which is not true by one who does not believe it to be true, or;

2. The assertion, as a fact, of that which is not true, by one who has no reasonable ground for believing it to be true, or;

3. The suppression of a fact by one who is bound to disclose it, or who gives information of other facts that are likely to mislead for want of communication of that fact, or;

4. A promise made without any intention of performing.

Vernon's Okla. Forms 2d, OUJI-CIV 18.6 (2d ed.)

# **OREGON**

## **42.01 FRAUDULENT MISREPRESENTATION/DECEIT/FRAUD--GENERAL**

To prevail on a claim of [fraudulent misrepresentation / deceit / fraud], the plaintiff must prove all of the following:

1. The defendant made a false representation of a material matter;

2. The defendant [knew that the representation was false / recklessly made the representation without knowing if it was true or false];

3. The defendant [intended to mislead the plaintiff / knew that (he / she) was misleading the plaintiff / recklessly disregarded whether (he / she) was misleading the plaintiff];

4. The plaintiff reasonably relied on the representation; and

5. The plaintiff was damaged as a direct result of [his / her] reliance on the representation.

UCJI No. 42.01

## **42.02 FRAUDULENT MISREPRESENTATION--MATERIAL**

A false representation of a material matter is one that would be likely to affect the conduct of a reasonable person with regard to a transaction with another person.

UCJI No. 42.02

## **42.06 FRAUDULENT MISREPRESENTATION--REASONABLE RELIANCE**

In determining whether the plaintiff's reliance on the statements of the defendant was reasonable, you must consider the totality of the parties' circumstances and conduct. In doing so, you may consider factors such as:

1. Any information known or obvious to the plaintiff to confirm or refute the defendant's statement;

2. The relative status, knowledge, and experience of the plaintiff and the defendant;

3. The previous experience of the plaintiff and the defendant in similar transactions;

4. Whether the statement was specific or general; and

5. Whether the statement was a statement of fact or the expression of an opinion.

UCJI No. 42.06

# <u>PENNSYLVANIA</u>

**17.240 (Civ) Fraud**

1. A person who makes a fraudulent misrepresentation of material fact to another person is responsible for all injuries resulting from that other person's reliance on the fraudulent misrepresentation. In order for [*name of plaintiff*] to recover against [*name of defendant*], you must find:

   a) that [*name of defendant*] made a misrepresentation to [*name of plaintiff*],
   b) that the misrepresentation made by [*name of defendant*] to [*name of plaintiff*]was fraudulent,
   c) that the misrepresentation was of a material fact,
   d) that [[[*name of defendant*] intended that [*name of plaintiff*] rely on [*name of defendant*]'s misrepresentation,
   e) that [*name of plaintiff*] relied on [*name of defendant*]'s misrepresentation, and
   f) that [*name of plaintiff*]'s reliance on [[[*name of defendant*]'s misrepresentation was a factual cause of the harm suffered by [*name of plaintiff*].

2. A misrepresentation is any assertion, by words or conduct, that is not in accordance with the facts. An assertion by words may, for example, arise from statements contained in the labeling or in the advertising of a product. An assertion by conduct may, for example, arise from a usage of trade or a course of dealing. A usage of trade is any practice or method of dealing that has been regularly observed among persons in a particular place, trade, or vocation. Because a usage of trade is so regularly observed, a buyer may justifiably expect it to be observed by the seller in any sale. A course of dealing arises from the previous conduct between the buyer and seller. The course of dealing establishes a common basis for understanding each other's expressions or conduct. An assertion by conduct may also arise when the seller knows the particular purpose for which the user or consumer requires the goods or product, and the seller furnishes the goods or product for that particular purpose.

3. A misrepresentation is fraudulent when the person making the misrepresentation

   a) knows that it is untrue, or
   b) does not believe it is true or is indifferent as to whether it is true, or
   c) by reason of special circumstance has a duty to know whether it is true.

4. A fact is material if it is one that would be of importance to a reasonable person in determining a choice of action. A material fact need not be the sole or even a substantial factor in inducing or influencing a reasonable person's decision. A fact is also material if the maker of the misrepresentation knows that the person to whom it is made is likely to regard it as important even though a reasonable person would not regard it as important.

"Reliance" means a person would not have acted (or would not have failed to act) as they did unless they considered the misrepresentation to be true.

Pa. SSJI (Civ), §17.240 (2020)

# RHODE ISLAND

**2501.1 Elements of Fraud**

In this case the plaintiff has made a claim for fraudulent misrepresentation. Specifically, the plaintiff alleges that the defendant [detail the allegations concerning the specific misrepresentation and the conduct alleged to be fraudulent]. In order to prevail on this claim the plaintiff must prove certain elements.

The plaintiff must prove that the defendant made a false representation about a material fact concerning the contract/transaction/existing circumstances, that the defendant knew his/her representation was false when made, that the defendant intended to deceive the plaintiff by inducing the plaintiff to rely on the false representation in [entering into the contract/transaction] [engaging in the activity], that the plaintiff did rely on the false representation, that the plaintiff's reliance on the false representation was reasonable under the circumstances, and that the plaintiff suffered some loss or harm as a proximate result of the defendant's representation.

RI Jury Instructions Civil § 2501.1

# <u>SOUTH CAROLINA</u>

### § 18-1 Fraud - Defined

Fraud has been defined as an intentional perversion of truth for the purpose of inducing another in reliance upon it to part with some valuable thing belonging to him or to surrender a legal right. Fraud is a false representation of a matter of fact, whether by words or by conduct, by false or misleading allegations, or by concealment of that which should have been disclosed, which deceives and is intended to deceive another so that he shall act upon it to his legal injury.

Actual fraud consists of deceit, artifice, trick, design, some direct and active operation of the mind. It includes cases of the intentional and successful employment of any cunning, deception or artifice used to circumvent or cheat another. It is something said, done, or omitted by a person with the design of perpetrating what he knows to be a cheat or deception.

Fraud occurs where one person or party intentionally deceives another by word or conduct for the purpose of inducing that other party to part with some property or surrender some legal right and the party thereby accomplishes his purpose. It involves the elements of dishonesty and deceit. Fraud involves deceitful practices in depriving or endeavoring to deprive another of his known rights by means of some artful device or plan contrary to the plain rules of common honesty.

Fraud, in its general sense, comprises anything calculated to deceive, including all acts, omissions and concealments involving a breach of legal or equitable duty, trust, or confidence justly reposed and resulting in damage to another.

Anderson, S.C. Requests to Charge Civil, 18-1

### § 18-2 Fraud - Elements

To establish fraud [sometimes referred to as a cause of action for fraud and deceit], the plaintiff must prove the following nine elements:

1. a representation;

2. the falsity of the representation;

3. the materiality of the representation;

4. the speaker's knowledge of its falsity or a reckless disregard for its truth or falsity;

5. the speaker's intent that the representation be acted upon by the person hearing the representation;

6. the hearer's ignorance of its falsity;

7.  the hearer's reliance on its truth;

8.  the hearer's right to rely thereon; and

9.  the hearer's consequent and proximate injury.

Each and every one of these elements must be proven by clear, cogent, and convincing evidence. The failure to prove any element of fraud is fatal to recovery. Fraud is never presumed in the law.

Were the representations made which the plaintiff claims? The defendants say they were not. If you find that no statements or representations were made to the plaintiff, you need not consider the case further. There would be no basis for fraud.

To establish actionable fraud, there must first be a false representation. The representation must be a statement or a set of actions which concerns an existing or pre-existing fact. The false representation must be one of fact as distinguished from the mere expression of an opinion. The false representation must be predicated upon misstatements of fact rather than upon an expression of opinion, an expression of intention, or an expression of confidence that a bargain will be satisfactory. The distinction between a matter of fact and a matter of opinion is generally characterized by what is susceptible of exact knowledge when the statement is made. Statements of opinion, predictions of future events, mere puffing, sales talk, and broken promises normally do not amount to fraud. As a general rule, fraud cannot be predicated on a statement that constitutes an expression of an intention. An exception to the general rule is recognized for unfulfilled promises which were made by a party who never intended to fulfill the promise and only made it to induce the performance of another party.

An actionable representation cannot consist of a mere broken promise, even if a party acts in reliance on the promise. An action in fraud, however, can be based on an unfulfilled promise to perform in the future made with a present undisclosed intention not to perform, which is made for the purpose of inducing one to sign a paper or do some other act.

The representation must be false. A fraudulent act is characterized by dishonesty in fact, unfair dealing, or unlawful appropriation of another's property by design. Bad faith is the test of fraud. Nondisclosure, or silence, becomes fraudulent when it is the duty of the party having knowledge of the facts to uncover them to the other. The truth or falsity of a representation must be determined as of the time it was made or acted on and not at some later date.

The representation must be material. If an objective, reasonable person using the misrepresentation would have viewed the representation as sufficiently important and significant that it would have played a role in the decision to enter into a contractual relationship, the representation may be deemed material. The matter is material if:

1.  a reasonable person would attach importance to its existence or nonexistence in determining his choice of action in the transaction in question; or

53

2. the maker of the representation knows or has reason to know that its recipient regards or is likely to regard the matter as important in determining his choice of action, although a reasonable man would not so regard it.

The knowledge of falsity extends to statements made in reckless disregard of the truth. Reckless disregard exists where one makes a statement and knows he lacks the knowledge necessary to be confident that the statement is true.

A defendant may be held liable for misrepresentations made to the persons or class of persons whom he intends or has reason to expect to act or to refrain from action in reliance upon the fraudulent misrepresentation.

To recover for fraud, the plaintiff must have relied on the misrepresentation. If the plaintiff knew the misrepresentation was false, there is no cause of action because there could not have been any reliance on the truth of the statement. A victim of fraud has a right to rely on a misrepresentation so long as his reliance is not reckless or grossly negligent. The legitimacy of the plaintiff's reliance on the misrepresentation is an issue to be decided by you, the jury.

There is no cause of action for a fraudulent statement unless the plaintiff is injured.

Anderson, S.C. Requests to Charge Civil, 18-2

## § 18-5 Fraud - Right to Rely

The right to rely on the representation is a necessary element that must be proved in a fraud action. The right to rely must be determined in light of the plaintiff's duty to use reasonable prudence and diligence under the circumstances in ascertaining the truth with respect to the representations made to him.

The principle of the right of reliance upon representations is closely bound up with a duty on the part of the plaintiff to use some measure of protection and precaution to safeguard his own interest. With respect to the right to rely upon representations, every person must use reasonable diligence for his own protection. In other words, a plaintiff must exercise reasonable prudence for his own protection even if the defendant made representations that were false and fraudulent. The plaintiff cannot rely on the misstatement of fact if the truth is easily within his reach.

There is no right to rely, as required to establish fraud, where there is no confidential or fiduciary relationship and there is an arm's length transaction between mature, educated people. This is especially true in circumstances where one should have utilized precaution and protection to safeguard one's interests.

If you find that the plaintiff relied upon the statements, you must determine:

1. whether reliance upon the representation was justifiable or excusable;

2. what constitutes reasonable prudence and diligence with respect to such reliance; and

54

3. what conduct constitutes a reckless or conscious failure to exercise such prudence.

In making these determinations, you may take into consideration:

1. the form and materiality of the representation;

2. the respective intelligence, experience, age, mental and physical conditions of the parties; and

3. the relation and respective knowledge and means of knowledge of the parties.

If you find from the testimony that the defendant committed fraud, but then you also find the plaintiff failed to exercise ordinary diligence or due care in protecting himself, the plaintiff would not be permitted to recover. Every person must use reasonable prudence and diligence for his own protection.

Anderson, S.C. Requests to Charge Civil, 18-5

# SOUTH DAKOTA

[T]he elements of actionable fraud . . . are:

That a representation was made as a statement of fact, which was untrue and known to be untrue by the party making it, or else recklessly made; that it was made with intent to deceive and for the purpose of inducing the other party to act upon it; and that he did in fact rely on it and was induced thereby to act to his injury or damage.

*See Stabler v. First State Bank of Roscoe*, 2015 SD 44, ¶ 19.
.

# **TENNESSEE**

**T.P.I.—CIVIL 8.36 Intentional Misrepresentation**

1. The defendant made a representation of a present or past material fact; and

2. The representation was false; and

3. The defendant knew that the representation was false when it was made *[or the defendant made the representation recklessly without knowing whether it was true or false]*; and

4. The defendant intended that the plaintiff rely upon the representation and act or not act in reliance on it; and

5. The plaintiff did not know that the representation was false and was justified in relying upon the truth of the representation; and

6. As a result of plaintiff's reliance upon the truth of the representation, the plaintiff sustained damage.

8 Tenn. Prac. Pattern Jury Instr. T.P.I. Civil 8.36 (2020 ed.)

**T.P.I.—CIVIL 8.45 Persons to Whom Representations Made**

[A person who makes a representation intending to defraud the public or a particular class of persons, is considered in law to have intended to defraud every individual in the same category who was actually misled by the representation.]

8 Tenn. Prac. Pattern Jury Instr. T.P.I. Civil 8.45 (2020 ed.)

**T.P.I.—CIVIL 8.46 Reliance**

A party seeking recovery for *[intentional][negligent]* misrepresentation must have relied upon the representation. In other words, the plaintiff would not have entered into the transaction without the representation. You must determine whether reliance upon the representation substantially influenced the party's action, even though other influences operated as well.

Reliance upon a representation may be shown by direct evidence or may be inferred from the circumstances.

8 Tenn. Prac. Pattern Jury Instr. T.P.I. Civil 8.46 (2020 ed.)

**T.P.I.—CIVIL 8.47 Right to Rely**

A person claiming to have been damaged by a false representation must not only have acted in reliance on the representation but must have been justified in that reliance. That is, it must be reasonable for the person, in the light of the circumstances and that person's intelligence, experience, and knowledge, to accept the representation without making an independent inquiry or investigation.

8 Tenn. Prac. Pattern Jury Instr. T.P.I. Civil 8.47 (2020 ed.)

# <u>TEXAS</u>

**PJC 105.2 Instruction on Common-Law Fraud--Intentional Misrepresentation**

Fraud occurs when—

1. a party makes a material misrepresentation, and

2. the misrepresentation is made with knowledge of its falsity or made recklessly without any knowledge of the truth and as a positive assertion, and

3. the misrepresentation is made with the intention that it should be acted on by the other party, and

4. the other party relies on the misrepresentation and thereby suffers injury.

"Misrepresentation" means—
*[Insert appropriate definitions from PJC 105.3A-105.3E.]*

PJC 105.2

# UTAH

**CV1801 Elements of fraud.**

[Name of plaintiff] claims that [name of defendant] defrauded [him] by making a false [oral/written], statement of fact that caused [him] harm. To succeed in this claim, [name of plaintiff] must prove each of the following by clear and convincing evidence:

1. [name of defendant] made a false statement about an important fact; and

2. either [name of defendant] made the statement knowing it was false, or [he] made the statement recklessly and without regard for its truth; and

3. [name of defendant] intended that [name of plaintiff] would rely on the statement; and

4. [name of plaintiff] reasonably relied on the statement; and

5. [name of plaintiff] suffered damages as a result of relying on the statement.

MUJI 2d CV CV1801

**CV1806 Important statement of fact.**

A statement of fact is important if knowing that it is false would influence a reasonable person's judgment, or [his] decision to act or not to act.

MUJI 2d CV CV1806

**CV1808 Intent to induce reliance.**

You must decide whether [name of defendant] intended [name of plaintiff] to rely on a false statement, even though [name of defendant] did not make it directly to [name of plaintiff].

[Name of defendant] intended [name of plaintiff] to rely on the false statement if

[(1) [Name of defendant] made the statement to a group of people that included [name of plaintiff]].

[(2) [Name of defendant] made the statement to another person, with the intent or the belief that it would be communicated to [name of plaintiff]].

MUJI 2d CV CV1808

**CV1809 Intent.**

Intent ordinarily cannot be proved directly because there is no way to read people's minds. However, you may determine intent from the surrounding circumstances and find that [name of defendant] intended the natural and probable consequences of acts done knowingly. You may consider any statement made or acts done by [name of defendant] and all other facts and circumstances that may show intent.

MUJI 2d CV CV1809

**CV1810 Reasonable reliance.**

In deciding whether [name of plaintiff]'s reliance on the false statement was reasonable, you must take into account all relevant circumstances, such as [his] age, mental capacity, knowledge, experience, and [his] relationship to [name of defendant].

MUJI 2d CV CV1810

# **VERMONT**

An action for fraud and deceit will lie upon an intentional misrepresentation of existing fact, affecting the essence of the transaction, so long as the misrepresentation was false when made and known to be false by the maker, was not open to the defrauded party's knowledge, and was relied on by the defrauded party to his damage.

*Bennington Hous. Auth. v. Bush*, 933 A.2d 207, 210–11 (Vt. 2007) (quoting *Union Bank v. Jones*, 411 A.2d 1338, 1342 (Vt. 1980)).

# **VIRGINIA**

**§ 53:1. Elements—Actual Fraud**

If you believe by clear and convincing evidence that

1. *[Specification of alleged fraudulent statement]* made by *[name of defendant]* to *[name of plaintiff]* was

    A false representation of a material fact,

    Made intentionally and knowingly by *[name of defendant]*,

    With the intention to mislead *[name of plaintiff]* into taking action based on the representation, and

2. *[Name of plaintiff]* took action, or forbore to take action, in reliance on the representation, and

3. *[Name of plaintiff]*'s reliance on the representation caused *[name of plaintiff]* damage,

then you shall return your verdict in favor of the plaintiff.

Va. Prac. Jury Instruction § 53:1

# **WASHINGTON**

**WPI 160.01 Elements of Fraud**

There are nine elements of fraud. They are:

1. Representation of an existing fact;

2. Materiality of the representation;

3. Falsity of the representation;

4. The speaker's knowledge of its falsity;

5. The speaker's intent that it be acted upon by the plaintiff;

6. Plaintiff's ignorance of the falsity;

7. Plaintiff's reliance on the truth of the representation;

8. Plaintiff's right to rely upon it; and

9. Resulting damage.

6A Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 160.01 (7th ed.)

# <u>WEST VIRGINIA</u>

The essential elements in an action for fraud are:

1. that the act claimed to be fraudulent was the act of the defendant or induced by him;

2. that it was material and false; that plaintiff relied upon it and was justified under the circumstances in relying upon it; and

3. that he was damaged because he relied on it.

*Gaddy Eng'g Co. v. Bowles Rice McDavid Graff & Love, LLP*, 746 S.E.2d 568, 576 (W. Va. 2013).

# **WISCONSIN**

All misrepresentation claims share the following required elements:

(1) the defendant must have made a representation of fact to the plaintiff;

(2) the representation of fact must be false;

(3) the plaintiff must have believed and relied on the misrepresentation to his detriment or damage[;]

(4) the defendant must have made the misrepresentation with knowledge that it was false or recklessly without caring whether it was true or false; and

(5) the defendant must have made the misrepresentation with intent to deceive and to induce the plaintiff to act on it to his detriment or damage.

*Tietsworth v. Harley-Davidson, Inc.*, 677 N.W.2d 233, 239 (Wis. 2004).

# <u>WYOMING</u>

The elements of fraud are:

1.  the defendant made a false representation intended to induce action by the plaintiff;

2.  the plaintiff reasonably believed the representation to be true; and

3.  the plaintiff relied on the false representation and suffered damages.

*Singer v. Lajaunie*, 339 P.3d 277, 285 (Wyo. 2014).