UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY GREENE, individually and on behalf of all others similarly situated, | ) ) ) | Case No. 14-cv-01437 |
| Plaintiffs, | ) ) ) | Hon. Gary Feinerman |
| v. | ) ) ) | Magistrate Judge Susan Cox |
| MARK KARPELES, an individual, | ) ) ) | |
| Defendant. | ) | |

**DEFENDANT MARK KARPELES' RULE 37 MOTION TO STRIKE AND EXCLUDE EXHIBITS D AND G TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

Defendant Mark Karpeles hereby moves this Court pursuant to Federal Rule of Civil Procedure 37 to strike and exclude Exhibits D and G attached to the Declaration of Benjamin Thomassen [Dkt. No. 510], which was filed in connection with the Plaintiff's Motion for Class Certification, as the Plaintiff failed to produce these documents during discovery, identify them as information upon which he may rely in his disclosures submitted pursuant to Federal Rule of Civil Procedure 26, and did not identify them in any written discovery responses. In support of this Motion, Mr. Karpeles states as follows:

1. On October 30, 2020, Plaintiff Gregory Greene filed his Motion for Class Certification [Dkt. No. 508] and supporting Memorandum [Dkt. No. 509]. He also filed the Declaration of Benjamin Thomassen [Dkt. No. 510], which attaches exhibits that Mr. Greene asks this Court to consider when deciding his Motion for Class Certification.

2. Two of those exhibits, however, were not produced or identified during discovery in this case and should be stricken and excluded, namely Exhibit D, a post on a chat forum on the internet from 2012 [Dkt. No. 510-4] and Exhibit G, a 2011 press release also apparently taken

from the internet on October 29, 2020 -- a day before filing the Motion for Class Certification. [Dkt. No. 510-7.] Neither of these documents should be considered by the Court; both should be stricken and excluded from any use in this case.

3. As this Court knows from the briefing on Mr. Karpeles' Summary Judgment Motion, Mr. Karpeles' position is that Mr. Greene has impermissibly completely shifted the basis of his common law fraud claim.

4. In his Combined Reply in Support of His Motion for Summary Judgment Pursuant to Federal Rule of Civil Procedure 56 and His Motion to Strike Expert Disclosure and Preclude Expert Testimony from Carol R. Goforth, Mr. Karpeles explained that nine of 31 exhibits that Mr. Greene had included in his opposition to the motion for summary judgment had never been produced or identified during discovery. [Dkt. No. 478 at 11-13.] Mr. Karpeles explained why the Court should not consider those exhibits. [*Id.*]

5. This Court made no express ruling on that request. In its Order on Mr. Karpeles' Motion for Summary Judgment, this Court stated only that it made its ruling "[e]ven disregarding the unproduced and assertedly inadmissible documents." [Dkt. No. 490 at 8.]

6. Mr. Greene has included one of those documents that Mr. Karpeles previously identified as never having been produced or identified and attached it as Exhibit D to Mr. Thomassen's Declaration in support of his Motion for Class Certification. This same screenshot of a post dated September 10, 2012 was Exhibit G to Mr. Greene's opposition to summary judgment. [Dkt. No. 467-7.]

7. Mr. Greene has now added a second new document that was never identified or produced in discovery, namely a 2011 press release from Mt. Gox that he obtained from the internet and attached as Exhibit G to Mr. Thomassen's Declaration.

8. Neither of these documents should be considered by the Court, and they should be stricken and excluded in their entirety from any use in this case. The history of discovery and disclosures in this case shows that these documents were never disclosed, identified or produced.

9. On June 11, 2019, after numerous meet-and-confer discussions, Plaintiff Gregory Greene and former co-Plaintiff Anthony Motto served Plaintiffs' Second Amended Rule 26(a)(1) Initial Disclosures. (A true and correct copy of these Rule 26 Disclosures is attached hereto as Exhibit A.)

10. In response to the requirement of Rule 26(a)(1)(ii), which requires a party to provide "A copy -- or description by category and location -- of all documents, electronically stored information and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment," Mr. Greene identified only four categories of documents:

"(1) Documents confirming the transfer of funds into his Mt. Gox account;"

"(2) Communications with Mt. Gox's customer service;"

"(3) Documents relating to the last known balance in his Mt. Gox account;" and

"(4) Documents relating to the Japanese bankruptcy and civil rehabilitation proceedings"

(*Id.* at 6.)

11. This is the sum total of Mr. Greene's Rule 26 document disclosures. He never identified these two documents at issue nor are they part of any of these categories.

12. Notably, he also does not even include the Terms of Use, to which his claim has now pivoted (impermissibly in Mr. Karpeles' view, as raised in his Motion for Summary Judgment).

13. The same is true for Mr. Greene's responses to written discovery requests, as there is no mention of either of these documents.

14. Plaintiff Gregory Greene's First Answers to Defendant Mark Karpeles's First Set of Request for Production lack any mention of these documents. Mr. Greene responded to the relevant requests as follows on May 29, 2019 (putting aside prefatory and boilerplate objections):

- Request No. 6: All Documents including, but not limited to, terms of services, advertisements or press releases, which you reviewed, studied or considered before investing via Mt. Gox.

    Response: Subject to and without waiving the foregoing objections, Plaintiff has no responsive documents.

- Request No. 24: All Documents that You may use at any stage of this proceeding to support any causes of action.

    Response: Plaintiff reserves the right to use all documents produced by any party or non-party in this case, along with any other documents that are later produced by any party or non-party.

(A true and correct copy of Plaintiff Gregory Greene's First Answers to Defendant Mark Karpeles's First Set of Request for Production is attached hereto as Exhibit B.)

15. In response to a similar corresponding interrogatory, which asked Mr. Greene to "Identify all Documents that you may use at any stage of this proceeding to support any causes of action," Mr. Greene gave the same response as to Document Request No. 24: "Plaintiff reserves the right to use all documents produced by any party or non-party in this case, along with any other documents that are later produced by any party or non-party." (*See* Plaintiff Gregory Greene's First Answers to Defendant Mark Karpeles's First Set of Interrogatories No. 18, attached hereto as Exhibit C.)

4

16. In response to Interrogatory No. 8 of that same first set of interrogatories, Mr. Greene never identified either of these two exhibits in response to the request to "Identify all Documents including, but not limited to, advertisements, press releases and terms of services agreements relating to Mt. Gox, you reviewed prior to purchasing Cryptocurrency via Mt. Gox, and the dates You reviewed each Documents for the first time. (Ex. C at 4.)

17. In response, Mr. Greene only generically stated, *inter alia*, that he "generally reviewed content posted on the online forums hosted at bitcointalk.org" and "recalls reading information that was posted on the Mt. Gox.com website." (*Id.*)

18. Fact discovery in this case closed on December 12, 2019. [Dkt. No 432.] No party produced either of the documents attached as Exhibits D and G to Mr. Thomassen's Declaration. Exhibit D only first surfaced in opposition to summary judgment; Exhibit G is brand new for the Motion for Class Certification.

19. "[I]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "[T]he sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003), *quoting Salgado v. Gen. Motors. Corp.*, 150 F.3d 735, 742 (7th Cir. 1998).

20. Rule 26 "requires parties to disclose to their opposing parties all documents and evidence that a party may use to support its claims or defenses." *Ty Inc. v. Softbelly's Inc.*, No. 00 C 5230, 2006 U.S. Dist. 100736, at *30 (N.D. Ill. Apr. 7, 2006). The fact that an opposing party "may have been aware of the existence of some of these documents" or that an opposing

5

party "produced these documents in other cases does not alter [a party's] obligations in this case to disclose the materials to [the opposing party]." *Id.* at *31.

21. Mr. Greene had an obligation to produce or identify any documents upon which may rely to support his claims or defenses. It is no defense for his failure to produce or identify these documents if he were to claim that these documents are statements of Mt. Gox or Mr. Karpeles that exist on the internet. Awareness of the existence of documents -- particularly on the internet, where there are innumerable documents -- does not exonerate Mr. Greene from failing to disclose, identify or produced them in either his Rule 26 disclosures or in his discovery responses.

22. Mr. Greene's failure to produce or identify these documents is not justified and is not harmless. Mr. Karpeles understands the Court's ruling on his Motion for Summary Judgment and does not seek to relitigate that here, as he has a pending motion relating to that decision as part of the process to pursue an interlocutory appeal. But this is another example of shifting allegations and changing theories.

23. Like the Terms of Use and Mr. Greene's current fraud theory, neither of these documents was ever identified in discovery as the basis of or as something that Mr. Greene may use to support his claims. Mr. Karpeles engaged in discovery based on the fraud claims as pled, as they were required to be pled with particularly. It would be unfair to Mr. Karpeles' defense to allow Mr. Greene to now cite to additional documents, additional statements, additional theories after the close of discovery, and particularly at the crucial class certification stage.

24. Mr. Greene had no justifiable basis to withhold these two documents. This is not harmless: Mr. Karpeles was unable to engage in discovery about these documents or on any theories or issues raised by them.

25. Mr. Greene cannot just introduce new information from almost a decade ago that he now pulls off of the internet and state that it supports his claims, at this point almost a year after discovery closed. Mr. Karpeles has the right to defend himself fairly according to the well-established Federal Rules of Civil Procedure, which includes disclosure of information relating to the claims asserted against him.

26. Allowing Mr. Greene to introduce and rely on Exhibits D and G would be fundamentally unfair to Mr. Karpeles and contravene the basic rules and purposes of discovery.

27. Pursuant to Rule 37, therefore, Exhibits D and G should be stricken and excluded from any further consideration in this case at any point.

WHEREFORE, Defendant Mark Karpeles respectfully requests that this Court (i) grant this Motion; (ii) strike and exclude the documents included as Exhibits D and G attached to the Declaration of Benjamin Thomassen [Dkt. No. 510] in their entirety; (iii) exclude those documents from any further consideration in this case; and (iv) grant all other just relief.

Dated: November 25, 2020 　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　Mark Karpeles

　　　　　　　　　　　　　　　　　　　　　　　　By:  /s/ Bevin Brennan
　　　　　　　　　　　　　　　　　　　　　　　　　　　　One of His Attorneys

Bevin Brennan
Matthew Schmidt
PEDERSEN & HOUPT
161 North Clark Street, Suite 2700
Chicago, Illinois 60601
(312) 641-6888
bbrennan@pedersenhoupt.com
mschmidt@pedersenhoupt.com

*Attorneys for Defendant Mark Karpeles*