# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREGORY GREENE and ANTHONY MOTTO, individually and on behalf of all others similarly situated,<br><br>     *Plaintiffs*,<br><br>v.<br><br>MARK KARPELES, an individual,<br><br>     *Defendant*. | Case No. 1:14-cv-01437<br><br>[Hon. Gary Feinerman]<br><br>Magistrate Judge Susan Cox |

**PLAINTIFFS' SECOND AMENDED RULE 26(a)(1) INITIAL DISCLOSURES**

Plaintiff Gregory Greene and Anthony Motto ("Plaintiffs") hereby make the following disclosures pursuant to Fed. R. Civ. P. 26(a)(1).

*I. Prefatory Statement*

Plaintiffs' investigation in this action continues, and these disclosures reflect only the current status of their knowledge. Plaintiffs reserve the right to supplement and amend these disclosures as additional information becomes known to them.

Rule 26(a)(1) does not require the production of any information or documents protected by the attorney-client privilege, the attorney work-product doctrine, or any other privilege or applicable doctrine. The inadvertent disclosure of any information or documents shall not constitute a waiver of any available privilege.

This Prefatory Statement is incorporated in its entirety into each of the following disclosures. It shall be deemed continuing as to each disclosure, and it is not waived, or in any way limited, by the following disclosures.

*II. Disclosures*

***(i)*** ***The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.***

Based on current information, the individuals identified below are believed to be the most likely to have discoverable information relating to the claims asserted by Plaintiffs in this case. In addition to those individuals named below, other individuals or entities that appear in documents produced by any party or former party in this case may be likely to have relevant discoverable information that Plaintiffs may use to support their claims. Plaintiffs reserve the right to rely on discoverable information from any source, including sources identified in any party or former party's initial disclosures.

(1) **Plaintiff Gregory Greene.** Mr. Greene may be contacted only through his counsel, Benjamin S. Thomassen, Edelson PC, 350 North LaSalle Street, Suite 1400, Chicago, Illinois 60654; Tel: (312) 572-7208.

Mr. Greene has knowledge of the matters alleged in the Complaint ("Complaint"), including but not limited to: (i) the circumstances surrounding his registration and usage of the Mt. Gox service from 2012 to 2014; (ii) his communications with Mt. Gox's customer service regarding his inability to withdraw bitcoins from his Mt. Gox account; (iii) the "verification" of his Mt. Gox account; (iv) his subsequent inability to access his Mt. Gox account (and the bitcoins contained in his account) after Mt. Gox shut down in February 2014; and (v) his submissions to the Japanese Mt. Gox bankruptcy and civil rehabilitation proceedings.

(2) **Plaintiff Anthony Motto.** Mr. Motto may be contacted only through his counsel, Benjamin S. Thomassen, Edelson PC, 350 North LaSalle Street, Suite 1400, Chicago, Illinois 60654; Tel: (312) 572-7208.

Mr. Motto has knowledge of the matters alleged in the Complaint, including but not limited to: (i) the circumstances surrounding his registration and usage of the Mt. Gox service from in 2014; (ii) his communications with Mt. Gox's customer service; (iii) the "verification" of his Mt. Gox account; and (iv) his subsequent inability to access his Mt. Gox account (and the money he deposited to his account) after Mt. Gox shut down in February 2014.

(3) **Agents and former employees of Mt. Gox KK ("Mt. Gox").** Agents and former employees of Mt. Gox have knowledge of the matters alleged in the Complaint, including, but not limited to: (i) the operation of the Mt. Gox exchange from 2011 to 2014, (ii) Mt. Gox's customer service communications, (iii) Mt. Gox's public statements and representations; (iv) Mt. Gox's banking relationships, including those with Mizuho Bank, Ltd.; (v) Mt. Gox's accounting procedures; (vi) the deposit and withdrawal of bitcoins and funds from Mt. Gox's customer accounts, (vii) the technical security of the Mt. Gox exchange, (viii) the circumstances surrounding the loss or theft of customer assets from the Mt. Gox exchange; and (ix) the circumstances surrounding the shutdown and bankruptcy of the Mt. Gox exchange.

For clarity purposes, Plaintiffs states that the following individuals may have discoverable information relating to the topics above:

- Gonzague Gay-Bouchery. Plaintiffs have contacted Mr. Gay-Bouchery through Mr. Dan Fumagalli, Mr. Gay-Bouchery's former counsel in the *Greene* matter. Mr. Gay-Bouchery has information relating to Karpeles's relationship with and control over the Mt. Gox bitcoin exchange.

- Dylan David Davies-Bramley Tanaka

- Ashley Barr, a.k.a. "Adam Turner"

- Laurent Blanes

3

- Sireeon Kanasuta
- Momoko Asai
- Jasmine Meichsner
- Marion Derouinau
- Aki Utaki
- Hisayo Takamura
- Laetitia
- Mr. Kaneko
- Li-Wei
- Thomas
- Jan Olschina
- Mr. Hatta
- Noriko Minowa
- Théo Da Costa
- Tomomi Yamashita
- Nils Artishdad
- Christophe Robin
- Jean-Denis Marx (jean-denis.marx@bakermckenzie.com)
- Satoru Ishikawa
- Jed McCaleb: Jed McCaleb may have knowledge of certain discoverable information relevant to the allegations in the Complaint, including but not limited to the operation of the Mt. Gox exchange and Karpeles's role with respect to the Mt. Gox exchange. Plaitniffs have contacted Jed McCaleb through the attorneys

4

previously representing him in the *Greene* matter.

(4) **Agents and employees of Mizuho Bank, Ltd. ("Mizuho").** Agents and employees of Mizuho have knowledge of the matters alleged in the Complaint, including, but not limited to: (i) Mizuho's banking relationship with and the services it provided to Mt. Gox, (ii) the account(s) that Mizuho held on behalf of Mt. Gox, (iii) the deposit and withdrawal of customer funds from Mt. Gox's account(s), (iv) Mizuho's communications with Mark Karpeles and Mt. Gox; (v) the receipt of wired funds from Plaintiff Motto; and (vi) the circumstances surrounding the shutdown and bankruptcy of the Mt. Gox exchange.

For clarity purposes, Plaintiffs states that the following individuals may have discoverable information relating to the topics above:

- Yasuo Imaizumi, along with the other specific individuals identified in Mizuho Bank's Rule 26(a)(1) initial disclosures in this case. Mr. Imaizumi, along with the other individuals identified by former defendant Mizuho, can be contacted through Mizuho's counsel at Sherman and Sterling, who previously represented Mizuho in the *Greene* matter. These individuals have information relating to Karpeles's relationship and interactions with Mizuho Bank.

- Individuals identified in Mizuho's document production at MIZ_0003792-93, MIZ_0003457, MIZ_0003348, MIZ_0003347, MIZ_0003361-62, MIZ_000346-68, MIZ_0003441-42, MIZ_0003363-64, MIZ_0003343. These documents are marked "CONFIDENTIAL" under the applicable protective order and will be produced once Karpeles enters into an identical order. These individuals have information relating to Karpeles's relationship and interactions with Mizuho Bank.

(5)     **Mark Karpeles**: Mark Karpeles may have knowledge of certain discoverable information relevant to the allegations in the Complaint, including but not limited to: (i) the operation of the Mt. Gox exchange from 2011 to 2014, (ii) Mt. Gox's customer service communications, (iii) Mt. Gox's public statements and representations; (iv) Mt. Gox's banking relationships, including those with Mizuho Bank, Ltd.; (v) Mt. Gox's accounting procedures; (vi) the deposit and withdrawal of bitcoins and funds from Mt. Gox's customer accounts, (vii) the technical security of the Mt. Gox exchange, (viii) the circumstances surrounding the loss or theft of customer assets from the Mt. Gox exchange; and (ix) the circumstances surrounding the shutdown and bankruptcy of the Mt. Gox exchange.

(6)     **Agents and employees of Deutsche Bank**: Deutsche Bank has knowledge of certain discoverable information relevant to the allegations in the Complaint, including records of money transfers from Mt. Gox to customers in the United States.

(7)     **Individuals identified in Karpeles's Rule 26(a)(1) disclosures.**

*(ii)    A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.*

Plaintiff Greene has in his possession, custody, or control the following documents that he may use to support his claims or defenses:

(1)     Documents confirming the transfer of funds into his Mt. Gox account;

(2)     Communications with Mt. Gox's customer service; and

(3)     Documents relating to the last known balance in his Mt. Gox account.

(4)     Documents relating to the Japanese bankruptcy and civil rehabilitation proceedings.

Plaintiff Motto has in his possession, custody, or control the following documents that he

6

may use to support his claims or defenses:

    (1)    Documents confirming the transfer of funds into his Mt. Gox account; and

    (2)    Communications with Mt. Gox's customer service.

*(iii)   A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.*

Plaintiffs, on behalf of themselves and the putative classes, seek to recover: (1) the economic injury and other damages suffered as a result of Defendant Karpeles' unlawful conduct, including in the form of the price of the bitcoins and Fiat Currency that were in their Mt. Gox accounts at the time it went dark; (2) actual damages in the form of the price of the bitcoins and Fiat Currency that were misplaced, stolen, lost, or misused by Mark Karpeles; (3) an award of reasonable attorneys' fees and costs, and (4) any further relief the Court deems reasonable and just.

*(iv)   For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.*

Plaintiffs do not have any insurance related to this action.

                  \*                  \*                  \*

                  **GREGORY GREENE and ANTHONY MOTTO,** individually and on behalf of all others similarly situated,

Dated: June 11, 2019        By: /s/ Benjamin S. Thomassen
                                        One of Plaintiffs' Attorneys

                                        Benjamin S. Thomassen
                                        bthomassen@edelson.com
                                        EDELSON PC

350 North LaSalle Street, Suite 1400
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

J. Aaron Lawson
alawson@edelson.com
Edelson PC
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: 415.212.9300
Fax: 415.373.9495

*Counsel for Plaintiffs and the Putative Classes*

**CERTIFICATE OF SERVICE**

   I, Benjamin S. Thomassen, an attorney, hereby certify that on June 11, 2019, I served the above and foregoing document by causing true and accurate copies of such paper to be transmitted via electronic mail to the persons shown below.

Bevin Brennan (bbrennan@pedersenhoupt.com)
Matthew Schmidt (mschmidt@pedersenhoupt.com)
PEDERSEN & HOUPT
161 North Clark Street, Suite 2700
Chicago, Illinois 60601

Attorneys for Defendant Mark Karpeles

                /s/ Benjamin S. Thomassen