# **EXHIBIT C**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREGORY GREENE and ANTHONY MOTTO, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>MARK KARPELES, an individual,<br><br>*Defendant*. | Case No. 1:14-cv-01437<br><br>Hon. Gary Feinerman<br><br>Magistrate Judge Susan Cox |

**PLAINTIFF GREGORY GREENE'S FIRST ANSWERS TO
DEFENDANT MARK KARPELES'S FIRST SET OF INTERROGATORIES**

Plaintiff Gregory Greene ("Plaintiff"), by and through his undersigned counsel, hereby provides the following answers to Defendant Mizuho Bank, Ltd.'s ("Defendant") First Set of Interrogatories. All responses contained herein are based only upon such information and documents presently available to Plaintiff. Further discovery, investigation, research, and analysis may supply additional facts and/or meaning to known facts. Moreover, the responses below are given without prejudice to Plaintiff's right to later produce additional information.

\*     \*     \*     \*

**INTERROGATORY NO. 1:** Describe in detail all damages you claim in this lawsuit, including but not limited to amounts that you claim to have lost via your purchase of Cryptocurrency through Mt. Gox individually and amounts you claim to represent on behalf of a class.

**RESPONSE:** Plaintiff objects to this interrogatory as both premature and ambiguous as to the request that Plaintiff identify the "amounts [he] claim[s] to represent on behalf of a class." Plaintiff will answer

1

with respect to the categories of damages of class members but, as this stage, cannot answer as to the "amounts" of class members' damages.

Subject to and without waiving the foregoing objections, Plaintiff refers the damages computation set forth in his Rule 26(a)(1) initial disclosures and further states that he seeks to recover all pre-judgment interest on the losses stated therein.

\* \* \* \*

**INTERROGATORY NO. 2:** Describe, in detail, all efforts You have made to recover the alleged value of Cryptocurrency or Fiat Currency that you claim to have lost by Mt. Gox.

**RESPONSE:** Plaintiff states that (i) he filed this lawsuit; (ii) filed a claim in the Mt. Gox bankruptcy proceedings; and (iii) filed a claim in the Mt. Gox civil rehabilitation proceedings.

\* \* \* \*

**INTERROGATORY NO. 3:** Identify all communications by You with any of the Creditors Groups in the Japanese Proceedings.

**RESPONSE:** Plaintiff objects that this request is beyond the scope of permissible discovery, as it seeks the identification of "all communications" without regard to subject matter. Plaintiff also objects that this interrogatory is vague and ambiguous by seeking the identification of communications "in the Japanese Proceedings." Plaintiff assumes Defendant seeks communications between himself and the Creditor Groups relating to the Japanese Proceedings.

Subject to and without waiving the foregoing objections, Plaintiff states that he has not communicated with any Creditor Groups in any capacity.

\* \* \* \*

**INTERROGATORY NO. 4**: Identify all participation by You with any of the Creditors Groups in the Japanese Proceedings.

**RESPONSE**: Plaintiff states that he has not participated with any of the Creditors Groups in the Japanese Proceedings.

\*   \*   \*   \*

**INTERROGATORY NO. 5**: Identify every claim You have submitted in the Japanese Proceedings, including the date of the claim, the amount of the claim, and the method in which the claim was submitted. If you have not submitted a claim in the Japanese Proceedings, explain the reason for not submitting a claim in the Japanese Proceedings.

**RESPONSE**: Plaintiff states that he submitted timely claims in both the bankruptcy and civil rehabilitation Japanese Proceedings. In both cases, Plaintiff made claims for the full amount of the bitcoin and cash balance reflected in his Mt. Gox account at the time of the exchange's collapse (42.97104 BTC and 2.66 USD, respectively), plus any "delay damages" permitted by the claims processes (totaling 0.68 USD in the civil rehabilitation proceedings). Plaintiff submitted both claims online and, thus, does not know the exact date each claim was submitted. That information should be known by the Rehabilitation Trustee.

\*   \*   \*   \*

**INTERROGATORY NO. 6**: Identify the specific determination made by the Trustee in the Japanese Proceedings for each claim You have submitted in the Japanese Proceedings, including: whether the claim was approved or denied; the amount of the claim that was approved or denied; and when the claim was approved or denied.

**RESPONSE**: Plaintiff states that claims he submitted in the Mt. Gox bankruptcy and civil rehabilitation proceedings were approved in full in the normal course.

\*   \*   \*   \*

**INTERROGATORY NO. 7**: For any claim that you submitted in the Japanese Proceedings that was denied, explain all bases provided for the denial.

3

**RESPONSE**: Plaintiff states that each of his claims were approved in full.

    \*      \*      \*      \*

**INTERROGATORY NO. 8**: Identify all Documents including, but not limited to, advertisements, press releases and terms of services agreements relating to Mt. Gox, you reviewed prior to purchasing Cryptocurrency via Mt. Gox, and the dates You reviewed each Document for the first time.

**RESPONSE**: Plaintiff objects that this request is beyond the scope of permissible discovery, as it seeks the identification of "all Documents" Plaintiff has ever reviewed since the beginning of time until he purchased Cryptocurrency via Mt. Gox. Plaintiff will limit his answer to documents he reviewed during the identified time period that pertained to Mt. Gox.

  Subject to and without waiving the foregoing objections, Plaintiff states that before investing in Mt. Gox (i.e., between 2011 and 2012), he recalls reviewing an article posted on Wired.com entitled "The Rise and Fall of Bitcoin" (still located online at https://www.wired.com/2011/11/mf-bitcoin/); and also generally reviewed content posted on the online forums hosted at bitcointalk.org. When initially obtaining bitcoin on Mt. Gox, Plaintiff reviewed information online about BitInstant and ZipZap, which were the companies that Plaintiff used to acquire bitcoin and wire currency for his initial bitcoin purchase on Mt. Gox. Plaintiff also recalls reading information that was posted on the MtGox.com website during the same time period.

    \*      \*      \*      \*

**INTERROGATORY NO. 9**: Identify all transactions between You and Mt. Gox including, but not limited to, all deposits, withdrawals and trades, including the nature of the transaction; the amount of the transaction; and the date of the transaction.

**RESPONSE**: Plaintiff objects that this same information is in Defendant's control and is therefore more easily obtainable from his own records or records in his control.

Subject to and without waiving the foregoing objections, Plaintiff states he initially purchased bitcoin on Mt. Gox in 2012, using BitInstant (to purchase bitcoins using USD) and ZipZap (to wire currency for the bitcoin purchase). Subsequent to this initial purchase, Plaintiff withdrew some bitcoin off the exchange and held it in a personal bitcoin wallet. Plaintiff made no additional bitcoin transactions on Mt. Gox. The bitcoin balance in his Mt. Gox account at the time of Mt. Gox's bankruptcy was 42.97104 BTC. Plaintiff also refers to the document produced at GREENE_000014-16, which shows additional communications he had with Mt. Gox.

*   *   *   *

**INTERROGATORY NO. 10**: Identify all Cryptocurrencies You own or have owned, including for each the type of Cryptocurrency; the amount of Cryptocurrency; where the Cryptocurrency was purchased and for how much; how the Cryptocurrency was purchased; when the Cryptocurrency was purchased; and the current value of the Cryptocurrency.

**RESPONSE**: Plaintiff objects that this interrogatory seeks information that is not related to any party's claim or defense, and is therefore outside the permissible bounds of discovery. Plaintiff's bitcoin activity following Mt. Gox's bankruptcy has absolutely no relevance to this case. Plaintiff will limit his response to his Cryptocurrency transactions that occurred before Mt. Gox's bankruptcy.

Subject to and without waiving the foregoing objections, Plaintiff states that after purchasing bitcoin on the Mt. Gox exchange, he transferred some of his bitcoin holdings off of Mt. Gox and into a personal wallet, but otherwise did not own or trade Cryptocurrencies during the relevant time period.

*   *   *   *

**INTERROGATORY NO. 11**: If You have sold any Cryptocurrency, specify when the sale was completed, how the sale was completed and the amount of each such sale.

**RESPONSE:** Plaintiff objects that this interrogatory seeks information that is not related to any party's claim or defense, and is therefore outside the permissible bounds of discovery. Plaintiff's bitcoin activity

5

following Mt. Gox's bankruptcy has absolutely no relevance to this case. Plaintiff will limit his response to his Cryptocurrency transactions that occurred before Mt. Gox's bankruptcy.

Subject to and without waiving the foregoing objections, Plaintiff states that he did not sell any Cryptocurrency during the relevant time period.

\*     \*     \*     \*

**INTERROGATORY NO. 12**: Identify all facts and basis that support the allegations contained in Paragraph 19 of the Fourth Amended Complaint that that "As President, CEO, and majority shareholder of Mt. Gox, Karpeles controlled all aspects of Mt. Gox's business from the ground up. In fact, Karpeles was involved in nearly every detail of the Exchange, from the technical (Karpeles wrote and designed the software used to run Mt. Gox) to the operational (Karpeles handled all of Mt. Gox's third party negotiations and contracts)."

**RESPONSE:** Plaintiff objects that this interrogatory seeks information outside of Plaintiff's knowledge, custody, or control. Plaintiff will answer based on his and his attorneys' present knowledge. Plaintiff anticipates that discovery will reveal additionally responsive facts. Plaintiff further objects that there are many articles and other writings online that generally detail Mr. Karpeles's involvement with and control over the Mt. Gox exchange, which are equally accessible to Defendant. Plaintiff's identification of every single one of these documents would be unduly burdensome. Finally, Plaintiff objects to the extent that this request seeks the production of information protected by the attorney work product doctrine and/or attorney-client privilege.

Subject to and without waiving the foregoing objections, and in addition to the factual allegations set forth in his class action complaint, Plaintiff directs Karpeles to the declaration he submitted in support of his Rule 12(b)(1) motion to dismiss, which admits many of the facts alleged in the identified paragraph. Plaintiff additionally states that his attorney conducted interviews with Mr. Gonzague Gay-Bouchery on two occasions, wherein Mr. Gay-Bouchery generally confirmed the level of control Mr.

6

Karpeles exercised over the Mt. Exchange, including that Karpeles was the primary individual responsible for (a) overseeing the Mt. Gox website, including the terms of use and any press releases; (b) signing paperwork related to banking relationships with Mizuho; and (c) controlling all business conducted by Mt. Gox and Tibanne. Mr. Gay-Bouchery also confirmed that Mr. Karpeles was aware of bitcoins that had been lost on the Mt. Gox exchange as of January 2014, but publicly framed transactional delays as technical issues to which he was responding. Mr. Gay-Bouchery also stated that Mr. Karpeles sought and received input from Baker & McKenzie at many points, including with respect to Mt. Gox's decision to file for bankruptcy and the loss of funds from Mt. Gox. Finally, Plaintiff notes that Karpeles communicated directly with attorneys at Edelson PC about many of these same topics, including via Skype and email. The statements and responses made therein (which are equally accessible to Karpeles) provide additional support for many of the allegations in the referenced paragraph. Plaintiff believes that discovery will reveal additional information and sources that support the referenced paragraph and reserves the right to supplement his answer to this Interrogatory as additional information becomes known to him.

* * * *

**INTERROGATORY NO. 13**: Identify all facts and basis that support the allegations contained in Paragraph 20 of the Fourth Amended Complaint that "Karpeles likewise directed the drafting and dissemination of Mt. Gox's public statements and representations (including those made through its Terms of Use), as well the statements made through Mt. Gox's customer service department. In addition, Karpeles handled all aspects of Mt. Gox's accounting (including its maintenance of user and operational accounts) and banking affairs—personally representing Mt. Gox in its negotiations and discussions with banks and third-party payment processors."

**RESPONSE:** Plaintiff objects that this interrogatory seeks information outside of Plaintiff's knowledge, custody, or control. Plaintiff will answer based on his and his attorneys' present knowledge. Plaintiff

anticipates that discovery will reveal additionally responsive facts. Plaintiff further objects that there are many articles and other writings online that generally detail Mr. Karpeles's involvement with and control over the Mt. Gox exchange, which are equally accessible to Defendant. Plaintiff's identification of every single one of these documents would be unduly burdensome. Finally, Plaintiff objects to the extent that this request seeks the production of information protected by the attorney work product doctrine and/or attorney-client privilege.

Subject to and without waiving the foregoing objections, Plaintiff incorporates his response to Interrogatory 12. In addition, Plaintiff states that documents and information produced by former party Mizuho Bank, Ltd. provide additional support for the allegations regarding Karpeles's involvement in Mt. Gox's banking affairs. Generally speaking, those documents detail and report on the many meetings that Karpeles had with officers and employees at Mizuho Bank, along with Mizuho Bank's attempts to negotiate with Karpeles to alter the exchange's relationship with the Bank. The same is true with respect to the Rule 30(b)(6) deposition of Mizuho Bank, which also addressed Karpeles's involvement in Mt. Gox's banking affairs.

*     *     *     *

**INTERROGATORY NO. 14**: Identify all facts and basis that support the allegations contained in Paragraph 22 of the Fourth Amended Complaint that "On information and belief, Karpeles exploited the security bugs on the Exchange to steal his users' bitcoins."

**RESPONSE**: Plaintiff objects that this interrogatory seeks information outside of Plaintiff's knowledge, custody, or control. Plaintiff will answer based on his and his attorneys' present knowledge. Plaintiff anticipates that discovery will reveal additionally responsive facts. Plaintiff further objects that there are many articles and other writings online that generally detail Mr. Karpeles's involvement with and control over the Mt. Gox exchange, which are equally accessible to Defendant. Plaintiff's identification of every single one of these documents would be unduly burdensome. Finally, Plaintiff objects to the extent that

this request seeks the production of information protected by the attorney work product doctrine and/or attorney-client privilege.

Subject to and without waiving the foregoing objections, Plaintiff incorporates his response to Interrogatory 12. Plaintiff further states that the report of Emin Gun Sirer (filed at dkt. 57-4 in this case) provides further support for the allegations in paragraph 22.

\*          \*          \*          \*

**INTERROGATORY NO. 15**: Identify all facts and basis that support the allegations contained in Paragraph 23 of the Fourth Amended Complaint that "In the alternative, rather than correcting the security bugs (or informing users of their existence), Karpeles knowingly concealed the defects from the public and falsely assured users that their bitcoins and money were safe in their accounts."

**RESPONSE**: Plaintiff objects that this interrogatory seeks information outside of Plaintiff's knowledge, custody, or control. Plaintiff will answer based on his and his attorneys' present knowledge. Plaintiff anticipates that discovery will reveal additionally responsive facts. Plaintiff further objects that there are many articles and other writings online that generally detail Mr. Karpeles's involvement with and control over the Mt. Gox exchange, which are equally accessible to Defendant. Plaintiff's identification of every single one of these documents would be unduly burdensome. Finally, Plaintiff objects to the extent that this request seeks the production of information protected by the attorney work product doctrine and/or attorney-client privilege.

Subject to and without waiving the foregoing objections, Plaintiff incorporates his response to Interrogatory 12. Plaintiff further states that the report of Emin Gun Sirer (filed at dkt. 57-4 in this case) provides further support for the allegations in paragraph 23.

\*          \*          \*          \*

**INTERROGATORY NO. 16**: Describe the terms of the settlement of this lawsuit with Jed McCaleb.

**RESPONSE**: Plaintiff objects that this interrogatory seeks information that is not relevant to any party's claims or defenses and therefore seeks information outside the bounds of permissible discovery. The terms of any settlement relating to Jed McCaleb has no relevance to the claims asserted against Mr. Karpeles, or any defense that Mr. Karpeles has or may assert in this matter.

Subject to and without waiving the foregoing objections, Plaintiff states of the terms of his settlement with Jed McCaleb and Gonzague Gay-Bouchery are posted on the public docket (dkt. 79-2).

\*          \*          \*          \*

**INTERROGATORY NO. 17**: Identify all facts and basis that support the allegations contained in Paragraph 54 of the Fourth Amended Complaint; specifically identify the allegations that Mt. Gox customer service responded to You "at Karpeles' direction."

**RESPONSE**: Plaintiff objects that this interrogatory seeks information outside of Plaintiff's knowledge, custody, or control. Plaintiff will answer based on his and his attorneys' present knowledge. Plaintiff anticipates that discovery will reveal additionally responsive facts. Plaintiff further objects that there are many articles and other writings online that generally detail Mr. Karpeles's involvement with and control over the Mt. Gox exchange, which are equally accessible to Defendant. Plaintiff's identification of every single one of these documents would be unduly burdensome. Finally, Plaintiff objects to the extent that this request seeks the production of information protected by the attorney work product doctrine and/or attorney-client privilege.

Subject to and without waiving the foregoing objections, Plaintiff incorporates his response to Interrogatory 12.

\*          \*          \*          \*

**INTERROGATORY NO. 18**: Identify all Documents that you may use at any stage of this proceeding to support any causes of action.

**RESPONSE**: Plaintiff objects to the extent that this request seeks the production of information protected by the attorney work product doctrine and/or attorney-client privilege. Plaintiff additionally objects that the Interrogatory is incredibly overbroad, as the Documents that Plaintiff "may use at any stage of this proceeding" has no limit whatsoever. Plaintiff reserves the right to use all documents produced by any party or non-party in this case, along with any other documents that are later produced by any party or non-party.

*As to Objections:*

**Edelson PC,**

Dated: May 29, 2019 By: /s/ Benjamin S. Thomassen
    One of Plaintiffs' Attorneys

Benjamin S. Thomassen
bthomassen@edelson.com
Edelson PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

J. Aaron Lawson
alawson@edelson.com
Edelson PC
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: 415.212.9300
Fax: 415.373.9495

*Counsel for Plaintiff and the Putative Class*

12

## VERIFICATION

  Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.

            As to Answers,

            Gregory Greene

Date: May 29, 2019

13

Doc ID: c3cfd6ee00360af720542e36f51612b9ccd14e34

## CERTIFICATE OF SERVICE

   I hereby certify that on May 29, 2019, I served the above and foregoing document by causing a true and accurate copy of such paper to be delivered to the persons shown below via electronic mail:

**Bevin Megan Brennan**
Pedersen & Houpt, P.C.
161 N. Clark Street
Suite 2700
Chicago, IL 60601
(312) 261-2186
Not a member (fax)
bbrennan@pedersenhoupt.com

**Matthew J. Schmidt**
Pedersen & Houpt
161 N. Clark Street
Suite 2700
Chicago, IL 60601
(312) 261-2281
Not a member (fax)
mschmidt@pedersenhoupt.com

                /s/ Benjamin S. Thomassen