# EXHIBIT C



Pedersen & Houpt

June 3, 2019

Bevin Brennan
Attorney at Law
312 261 2186
Fax 312 261 1186
bbrennan@pedersenhoupt.com

**VIA EMAIL**

Ben Thomassen
Edelson PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654

Re: *Gregory Greene v. Mark Karpeles*
Case No. 14-cv-01437

Dear Ben:

I write in order to provide some direction on the issues that I intend to raise on behalf of Defendant Karpeles during our conference tomorrow to attempt to resolve each party's issues with the other's discovery responses.

## I. ISSUES AFFECTING MULTIPLE RESPONSES

### A. Litany of Objections

For numerous responses, Plaintiff Gregory Greene has included lengthy objections. Due to these repetitive and often seemingly unnecessary objections (*see, e.g.,* a claim of privilege for previously produced documents (Resp. to Req. for Production No. 12)), it is impossible to determine whether any documents have been withheld on the basis of any particular objection. This applies to Request for Production Responses Nos. 1-5, 7-12 and 19-23 and Interrogatory Nos. 12-15, and 17.

### B. Objection Regarding Public Documents

It is not sufficient for a party to merely generally reference documents that are purportedly in the "public domain." If there are particular responsive public documents, then Plaintiff Greene must at least identify them. This applies to Request for Production Responses Nos. 1-5, 7-11, 16, and 18-21.


Pedersen & Houpt

June 3, 2019
Page 2

### C. Objection Regarding Documents Allegedly in Mr. Karpeles' Possession

A party cannot refuse to produce documents based on an allegation that they are already in the other party's possession. Please produce all documents withheld on this basis. This applies to Request for Production Responses Nos. 1-5, 7-11, 16, and 18-21.

### D. Vague Objection With Respect to Fed. R. Civ. P. 26(b)(1)

In almost every Response to Request for Production, Plaintiff Greene includes a vague and apparently boilerplate objection that "Plaintiff will limit his production to documents within the scope of Fed. R. Civ. P. 26(b)(1)." (*See* Responses to Requests for Production Nos. 1-12, and 18-23.) Defendant Karpeles has no indication of what Plaintiff Greene intends by this objection, or what he believes to be outside the scope of Fed. R. Civ. P. 26(b)(1) with respect to any particular request. This objection is improper, and any documents withheld on this basis must be produced.

### E. Objection to Phrase "All Documents"

Plaintiff Greene has included another generic objection to the phrases "all documents" and "all communications and correspondences" as overly broad and unduly burdensome, claiming they "would sweep in any number of documents unrelated to any claim or defense in this matter." (*See* Responses to Requests for Productions Nos. 1-5, 7-11, 18-24; Response to Interrogatory No. 3.) This objection is not well-taken, given that Plaintiff Greene used the very same terms in his own requests to Defendant Karpeles. If anything is being withheld on this basis, it must be produced.

### F. "Relevant Time Period"

Plaintiff Greene has objected to producing documents and information for what he views to be outside the "relevant time period." Please provide what he believes to be the "relevant time period," so that we can further evaluate the merits of this objection. (*See* Response to Request for Production No. 11; Interrogatory Response Nos. 10-11.)

### G. Objection to "Articles and Other Writings Online"

When asked for the facts and bases for numerous allegations, Plaintiff Greene objects that his identification of "articles and other writings online" would be "unduly burdensome."


**Pedersen**
Pedersen & Houpt

June 3, 2019
Page 3

(Response to Request for Production Nos. 12-15, and 17.) This is not a proper objection. Contention interrogatories are accepted and routine, and Plaintiff Greene must provide the non-privileged information (which includes all online articles and writings) in response.

## II. ISSUES WITH INDIVIDUAL RESPONSES

### A. Scope of Request for Production No. 6

This request is intended for Plaintiff Greene to produce all documents that he considered, reviewed, studied, or relied upon in making his decision to purchase bitcoin and before doing so via Mt. Gox. Please confirm with that, with that explanation, Plaintiff Greene still maintains that he has no responsive documents.

### B. Request For Production No. 12

To clarify any issue regarding the phrase "informal or voluntary," Defendant Karpeles is just seeking copies of all previously produced documents. We included that language to clarify that we request production of any documents produced by a third party via an agreement or without a request, meaning there was no formal subpoena or document request. The objection that this request "could be construed to cover a number of documents that are not relevant to any party's claim or defense" is not well-taken, since the request specifically seeks documents "related to this litigation." If there is any further confusion, or anything being withheld on the basis of an objection to the term "informal or voluntary," please inform us so that we can take appropriate steps to alleviate the issue.

### C. Response to Request for Production No. 16

Plaintiff Greene has included only objections, with no corresponding statement that he has no responsive documents. (*See* Response to Request for Production No. 16.) Please confirm that Plaintiff Greene does in fact have responsive documents but that he objects to producing any of them based on an objection, so that we can discuss whether he should be compelled to produce those documents. If that is the case, please identify specifically which objection applies.

### D. Request for Production No. 17

The terms of the settlement with Mizuho Bank are relevant with respect to any setoff. Please provide responsive documents.


Pedersen & Houpt

June 3, 2019
Page 4

  **E.**  **Request for Production Nos. 22-23**

  For these two responses, Plaintiff Greene has ended his objection with his boilerplate language that "Plaintiff will limit his production to documents within the scope of Fed. R. Civ. P. 26(b)(1)." But for these, unlike prior responses, Plaintiff Greene has not indicated that he will produce documents or that he has no responsive documents. Please clarify.

  **F.**  **Interrogatory No. 8**

  Plaintiff has identified generically some "content" and "information" in response, with no specificity other than one particular article posted on Wired.com. Please confirm that is all the information that Plaintiff Greene can provide. If there is anything else more specific (such as a particular author, date, aspect of the Mt. Gox website, etc.), please supplement this answer.

  **G.**  **Interrogatory No. 9**

  Please provide specific dates and amounts for all transactions between Plaintiff Greene and Mt. Gox. The answer provided does not provide all of the requested information. By his own allegations (Fourth Amended Complaint ¶ 52), there are purportedly multiple transactions. Please provide all such information.

  **H.**  **Interrogatory No. 13**

  While a party may refer to documents in response to an interrogatory, it must identify those documents with specificity. Please provide the bates-numbers for documents referenced in response to Interrogatory No. 13.

  **I.**  **Interrogatory Nos. 14 and 15**

  In response to interrogatories regarding security bugs and alleged concealment of them (*see* Response to Interrogatories Nos. 14-15), please explain how the portion of the response with respect to Defendant Karpeles' alleged control of Mt. Gox is responsive (namely, incorporating the response to Interrogatory No. 12). In addition, Plaintiff Greene references the Report of Emin Gun Sirer [Dkt. No. 57-4]. That report was filed on April 8, 2014 -- over five years ago and just 5 weeks after this lawsuit was filed. Much activity has occurred in this case and publicly. Certainly Plaintiff Greene has more updated information to justify such severe and serious allegations. Please provide all additional responsive information.



Pedersen & Houpt

June 3, 2019
Page 5

### III. Protective Order

I have already informed you that Defendant Karpeles is agreeable to the terms of the protective order entered into by Plaintiffs and Mizuho Bank. I have yet to hear back on that. Please provide a version that includes Plaintiff Karpeles. Until that is executed and Plaintiff Greene produces the documents that he states that he will once a protective order including Defendant Karpeles is entered, we reserve the right to contest any withholding of documents or information on the basis of a need for a protective order. (*See* Responses to Request for Production Nos. 12-14, 18 21.)

These highlight many of the issues I intend to discuss with you tomorrow. There may be others. There are also may be other issues in the future, as we have yet to receive any production documents. We reserve the right to raise any additional issues with Plaintiff Greene's discovery responses. I hope that this letter will help guide our discussion tomorrow from Defendant Karpeles' perspective.

Sincerely,

Bevin Brennan
BB/jr

Enclosure
cc: (via e-mail only):  Aaron Lawson
                        Matthew J. Schmidt