UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY GREENE, individually and on behalf of all others similarly situated, | ) ) ) | |
| | ) | 14 C 1437 |
| Plaintiff, | ) ) | Judge Gary Feinerman |
| vs. | ) ) | |
| MARK KARPELES, | ) ) | |
| Defendant. | ) | |

### ORDER

For the reasons set forth below, Defendant's motion to certify orders for interlocutory appeal [491] is denied.

### STATEMENT

Defendant Mark Karpeles moves the court to certify two orders for interlocutory appeal under 28 U.S.C. § 1292(b): the order denying his motion for summary judgment on Plaintiff Gregory Greene's fraud claim, Docs. 489-490 (reported at 2020 WL 3250715 (N.D. Ill. June 16, 2020)); and the order denying his motion to dismiss for lack of personal jurisdiction, Docs. 409-410 (reported at 2019 WL 1125796 (N.D. Ill. Mar. 12, 2019)). As to the personal jurisdiction order, Karpeles's § 1292(b) motion is untimely, having been filed more than fifteen months after the court entered that order. *See Ahrenholz v. Bd. of Trs. of the Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000) ("[T]he petition must be filed in the district court within a *reasonable time* after the order sought to be appealed."); *Richardson Elecs., Ltd. v. Panache Broad. of Pa., Inc.*, 202 F.3d 957, 958 (7th Cir. 2000) (holding that a two-month delay between the court's order and the party's § 1292(b) motion was too long). In any event, the § 1292(b) motion fails to satisfy the standards for an interlocutory appeal as to both orders.

A district court may certify an order for an interlocutory appeal only if it determines that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "There are four statutory criteria for the grant of a section 1292(b) petition to guide the district court: there must be a question of law, it must be controlling, it must be contestable, and its resolution must promise to speed up the litigation." *Ahrenholz*, 219 F.3d at 675 (emphasis omitted). "Unless all these criteria are satisfied, the district court may not and should not certify its order … for an immediate appeal under section 1292(b)." *Id*. at 676 (emphasis omitted). Pertinent here, the question of law must be a "pure" question of law, "something the court of appeals could decide quickly and cleanly without having to study the record," such as "a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine." *Id*. at 676-77. As demonstrated

by the court's opinion denying Karpeles's motion to dismiss, applying the precedents governing personal jurisdiction to the pertinent facts requires a case-specific and fact-intensive analysis. The same holds for the court's opinion denying Karpeles's summary judgment motion, which required a fact-intensive examination of a complex record against the backdrop of the Illinois law of common law fraud. Under these circumstances, the Seventh Circuit could not decide an appeal of either order "quickly and cleanly without having to study the record." *Id*. at 677.

The Seventh Circuit's decision in *In re Text Messaging Antitrust Litigation*, 630 F.3d 622 (7th Cir. 2010), is not to the contrary. That decision authorized an appeal under § 1292(b) to consider whether a complaint plausibly alleged antitrust violations under the standard announced in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), even though the appeal required "apply[ing] a legal standard … to a set of factual allegations." *Text Messaging*, 630 F.3d at 625, 627. The Seventh Circuit distinguished *Ahrenholz* on the ground that *Twombly* was "a recent decision, and its scope unsettled," leaving "[p]leading standards in federal litigation … in ferment." *Id*. at 626-27. As a result, the Seventh Circuit explained, an early appeal could potentially "head off protracted litigation." *Id*. at 627. In so holding, the Seventh Circuit reiterated the general rule that "routine applications of well-settled legal standards to facts alleged in a complaint are [in]appropriate for interlocutory appeal." *Id*. at 626.

This court's decisions denying Karpeles's motions to dismiss and for summary judgment fall squarely within the general rule established by *Ahrenholz* and do not qualify for the narrow exception recognized in *Text Messaging*. The scope and application of the standards governing personal jurisdiction and summary judgment are well settled, and no other recent, thinly interpreted Supreme Court decision potentially controls the issues presented by either motion. An interlocutory appeal of the court's denials of those motions would therefore be inappropriate.

December 22, 2020

United States District Judge