UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREGORY GREENE, individually and on behalf of all others similarly situated, | ) ) ) |
| | Case No. 14-cv-01437 |
| Plaintiff, | ) ) ) |
| | Hon. Gary Feinerman |
| v. | ) ) ) |
| | Magistrate Judge Susan Cox |
| MARK KARPELES, an individual, | ) ) ) |
| Defendant. | ) |

**DEFENDANT MARK KARPELES' REPLY IN SUPPORT
OF HIS RULE 37 MOTION TO STRIKE AND EXCLUDE
EXHIBITS D AND G TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

"Perhaps."

That is Mr. Greene's view of his Rule 26 disclosure obligations. "Perhaps" he should have complied. (Opp. at 1.) He then spends 14 pages pointing fingers at Mr. Karpeles for his own failure to comply and disclose all documents he was required to disclose without a single request from Mr. Karpeles. At some point, Mr. Greene doth protest too much. Nothing in his Opposition justifies this continued shifting of theories and late disclosures.

The only remaining claim in this case is a common law fraud claim, a claim that must be pled with particularly for a reason pursuant to Federal Rule of Civil Procedure 9(b). It is not a defendant's obligation to divine which of his or her many statements over years is supposedly fraudulent. It is the plaintiff's obligation to identify with specificity exactly what the alleged misrepresentations are at issue. At every stage of this litigation, Mr. Greene's theory changes, and Mr. Karpeles is continually prejudiced. Litigation is a not supposed to be a game of guess and catchup.

In this latest turn, Mr. Greene now at the class certification stage attempts to introduce two new documents that ostensibly support his fraud claim. Yet he unabashedly admits that he never disclosed these documents as required by Rule 26, in discovery or in his allegations in any Complaint or elsewhere. Presumably, under Mr. Greene's theory, his counsel can continue to search the internet and find statements that they like for their current theory, with all such documents fair game right up until and at trial. This guts the entire mandatory disclosure process.

Mr. Greene does not cite a specific disclosure of Exhibits D and G in support of his Motion for Class Certification in answers to written discovery or pursuant to Rule 26(a). Nor does Mr. Greene contest that the documents attached as Exhibits D and G required disclosure pursuant to Rule 26(a). He waffles on whether they are responsive to several of Mr. Karpeles' written discovery requests. Only Mr. Greene knows what statements he supposedly saw and relied upon. The question is not whether Mr. Karpeles was generally aware that he had made statements regarding Mt. Gox over the course of several years. The question is whether Mr. Greene has an obligation to specifically disclose the particular statements that he will rely upon to support his fraud claim. Rule 26 mandates that. Exhibits D and G should be stricken (and no such documents allowed in the future either).

**Argument**

Mr. Greene points to no specific disclosure of Exhibits D and G in support of his Motion for Class Certification in answers to written discovery or pursuant to Rule 26(a). Instead, Mr. Greene argues that Mr. Karpeles "effectively produced" Exhibit G when Mr. Karpeles acknowledged that he posted under the username "MagicalTux" on various internet forums. (Opp. at 6.) Mr. Greene also argues that Exhibit G was identified by Prof. Goforth when she

referenced the document in her expert report. (*Id.*)¹ Both of these arguments are irrelevant to Mr. Greene's duty to produce or identify the particular statements upon which he was or is basing his fraud claims.

Mr. Greene does not contest that he was obligated to identify and produce the exhibits at issue pursuant to Rule 26(a). Indeed, Mr. Greene begins his opposition by admitting that "perhaps" he should have updated his Rule 26(a) disclosures after he generically identified Mr. Karpeles' public statements regarding Mt. Gox during a three-year period. (Opp. at 1.) Under Federal Rule of Civil Procedure 26(a)(1)(A)(ii), Mr. Greene was required to furnish "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(ii). "Supplementation of disclosures is a duty, not a right." *G&G Closed Circuit Events, LLC v. Castillo*, No. 14 C 2073, 2016 U.S. Dist. LEXIS 85454, at *23 (N.D. Ill. June 30, 2016). However, as stated in the Motion, Mr. Greene failed to disclose these particular statements pursuant to Rule 26(a) and failed to supplement his written answers to Mr. Karpeles' discovery requests which called for the same information. (*See* Mot. at 3-5.)

There is no real dispute that Mr. Greene is now using a Mt. Gox press release, Exhibit G, and a post on bitcoinforumtalk.org, Exhibit D, in support of his claims despite not having disclosed them in response to written discovery requests or in his initial, or supplementary disclosures, pursuant to Rule 26(a). And what Professor Goforth cites in her report is totally unrelated to Mr. Greene's disclosure obligations. Citation to a document in an expert report has

---

1 Mr. Greene produced Professor Goforth's report on December 26, 2019, two weeks after the close of fact discovery on December 12, 2019. [Dkt. No. 432.]

no bearing on whether a party has to disclosure factual documents in accordance with Rule 26 and discovery obligations.

The question is whether those exhibits should be excluded, unless the non-moving party can provide a sufficient basis to overcome this "automatic and mandatory" standard. *See Karum Holdings LLC v. Lowe's Cos.*, 895 F.3d 944, 951 (7th Cir. 2018) ("[t]he exclusion of nondisclosed evidence is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless."). In determining whether a failure to disclose was justified or harmless, a court weighs the following factors: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Uncommon, LLC v. Spigen, Inc.*, 926 F.3d 409, 417 (7th Cir. 2019).

Mr. Karpeles has been both prejudiced and surprised by the non-disclosure of these particular statements. Mr. Greene argues that there is no surprise because Mr. Karpeles knew that Mr. Greene intended to use public statements generally. (Opp. at 7-8.) There is no such disclosure at all in his Rule 26 disclosures; there is not a peep about public statements. (Mot. ¶ 10.) In addition, Mr. Greene had to disclose these documents available on the internet. *See Shott v. Rush Univ. Med. Ctr.*, No. 11 CV 50253, 2014 U.S. Dist. LEXIS 179667, at **4-5, 14-15 (N.D. Ill. Nov. 6, 2014) (denying motion to strike documents in defendant's actual possession but granting motion to strike documents that were not produced because they were "publicly-available").

Even assuming that the exhibits were in Mr. Karpeles' personal possession, that does not change Mr. Greene's obligation. Neither of these particular statements were disclosed as one of the bases of Mr. Greene's fraud claims. Only Mr. Greene knows what statements he saw or

4

heard and relied upon.  Mr. Greene's argument that Mr. Karpeles should have pursued particular documents in Mr. Greene's deposition is disingenuous.  (Opp. at 9.)  While Mr. Greene generally raised the issue of Mr. Karpeles' posts on bitcointalk.org, he did not remember any specific posts.  [Dkt. No. 528-5 at 8:9-10:5.][2]  Mr. Karpeles specifically asked about bitcointalk.org forum posts, but Mr. Greene could not identify any particular post to pursue.[3]  Apparently Mr. Greene believes that it was Mr. Karpeles' obligation to search the entire internet and guess which statements were important to Mr. Greene.  This is the exact opposite of what is required by Rule 9(b) pleading obligations for fraud, Rule 26 and the rules of discovery.

Mr. Greene also did not identify any particular press release or statement by Mt. Gox in his deposition.  This is not a case where Mr. Karpeles had the documents and simply failed to ask Mr. Greene about the specific topic.  *See Palar v. Blackhawk Bancorp.*, 2013 U.S. Dist. LEXIS 58082, *17-18, 2013 WL 1704302 (C.D. Ill. March 18, 2013) (refusing to strike pay stubs issued by defendant where the defendant "was free to question [plaintiff] about the pay he received compared to the pay he thought he deserved").  Nor were these two documents obviously relevant at the time of Mr. Greene's deposition.  (Opp. at 3, 9.)  The operative Complaint and Mr. Greene's discovery responses do not mention any specific press releases or any posts on bitcointalk.org.  [Dkt. No. 245.]  Trying to blame Mr. Karpeles' counsel for not guessing what statements to ask about at a deposition is completely unfounded and contrary to all of the discovery rules.

---

[2] Mr. Greene also affirmatively stated that he reviewed the posts on bitcointalk.org *before* purchasing Bitcoin, [Dkt. No. 528-5 at 11:10-12], which makes his current argument that he could not have reviewed Exhibit D prior to purchasing Bitcoin curious (*See* Opp. at 10 ("Karpeles posted it on September 10, 2012, which was *after* Greene moved bitcoin onto the Exchange" (emphasis in original))).  This also raises questions as to why the document is even relevant at all.

[3] Notably, Mr. Greene's attorney also did not ask Mr. Karpeles about any bitcointalk.org forum posts or any particular Mt. Gox press release or statement, including the exhibits at issue.

Mr. Karpeles' general awareness of making statements regarding Mt. Gox does not constitute "all the information he could possibly need." (Opp. at 8.) Mr. Greene's common law fraud claim requires that he, and the proposed class, have read (or heard) and relied on particular misstatements. *See, e.g., Slep-Tone Entm't Corp. v. Kalamata, Inc.*, 75 F. Supp. 3d 898, 906 (N.D. Ill. 2014). The particular statements that Mr. Greene supposedly heard and relied on keeps changing. It is impossible for Mr. Karpeles to respond to the specific statements that Mr. Greene intends to use in support of his fraud claim when Mr. Karpeles has no idea what those specific statements are.[4]

It is also unclear whether Mr. Greene believes that the documents are even relevant. According to Mr. Greene, the exhibits are like the Schrödinger's cat. At the same time, it is both clear that Mr. Greene intended to rely on the exhibits (Opp. at 7 ("there is no surprise because Karpeles has known . . . that Greene sought to use Karpeles' public statements about Mt. Gox")) and somehow, at the same time, the exhibits are irrelevant to any discovery request (*See* Opp. at 10 (Exhibit D "never would have been responsive" and Mr. Greene "wouldn't have reviewed [Exhibit G] anyway")). Unlike Schrödinger's cat, both cannot be true at the same time.

Mr. Greene next argues that it was Mr. Karpeles' obligation to move to compel these documents. (Opp. at 11-12.) But the case he cites have no bearing here: in those cases the party either knew specifically about the document, or the document came into existence after discovery closed, or the Court required discovery to be reopened for certain expert topics. (*Id.*, citing *Uncommon*, 926 F.3d at 418-19 (motion to strike inappropriate where plaintiff knew about the document at issue and made no effort to conduct further discovery); *Corcoran v. CHG-Meridian U.S. Fin., Ltd.*, No. 5:11-cv-1462 (MAD/DEP), 2014 U.S. Dist. LEXIS 66765, at *17

---

[4] Of course, all of this belated searching and production only further shows that there can be no class for a common law fraud claim, as it is unclear who read and saw what and relied upon what.

(N.D.N.Y. May 15, 2014) (motion to preclude plaintiff from offering mitigation evidence denied where "Plaintiff could not have disclosed during discovery what transpired after discovery had closed"); *SEC v. Huff*, No. 08-60315-CIV-ROSENBAUM, 2010 U.S. Dist. LEXIS 6916, at *9 (S.D. Fla. Jan. 13, 2010) (refusing to strike expert testimony and reopening discovery for deposition of expert as to certain topics); *Fenje v. Feld*, 301 F. Supp. 2d 781, 814 (N.D. Ill. 2003) (refusing to strike affidavits where witnesses were involved in panel decision that terminated plaintiff from a residency program and panel decision came after plaintiff amended his interrogatory answers).)

The situation here is unlike any of these cases. At the time of filing his complaint, Mr. Greene knew which of Mr. Karpeles' statements he read and relied upon. Those should have been disclosed, and there is no reason for them to keep changing. Failing to disclose what he actually read and relied upon, and trying instead to keep a generic fraud claim open by globally stating he may cite to every public statement Mr. Karpeles ever made about Mt. Gox, is insufficient under the Federal Rules. Mr. Karpeles is not a mind-reader and Mr. Greene cannot continue to disclose supposed misstatements as the case goes along. "Litigation is adversarial, not a game of gotcha." *Uncommon, LLC*, 926 F.3d at 419.

In addition, Mr. Greene's counsel gives an inaccurate depiction of the parties' conferences regarding Mr. Greene's discovery responses. (Opp. at 4.) Mr. Karpeles' counsel repeatedly raised this question. Mr. Greene's counsel assured Mr. Karpeles' counsel during a telephone conference that he would in fact produce publicly available statements upon which he would base any claim before the close of discovery – hence why Mr. Karpeles did not feel the need to file a motion to compel. Had he not received that assurance, Mr. Karpeles certainly

7

would have. Mr. Greene cannot now backtrack and fault Mr. Karpeles again. Nor does any of that alter Mr. Greene's disclosure obligations.

Mr. Greene's continually changing set of relevant statements is both prejudicial and a surprise. Under Rule 26, Mr. Karpeles is entitled to know what particular statements that Mr. Greene is going to use to support his fraud claim. Mr. Greene has not provided a justification for his failure to provide the specific statements. He just keeps trying to say essentially that Mr. Karpeles should have known that he might cite to pretty much anything Mr. Karpeles ever posted on the internet dating back almost a decade. This is absurd.

The remaining factors, ability to cure the prejudice, likelihood of disruption, and bad faith or wilfulness, also weigh in favor of striking the exhibits.

First, there is no ability to cure. Discovery is closed and Mr. Greene failed to identify the statements he plans to use to support his fraud theory. As discussed above, there is prejudice to Mr. Karpeles is not knowing what statements he has to defend against, so Mr. Greene's argument that no cure is necessary is wrong. (Opp. at 13.) The cure is also not, as Mr. Greene claims, Mr. Karpeles identifying every statement that he has made about Mt. Gox. (*Id.*) Under Rule 26, Mr. Greene must identify the particular statements he is going to use to support his claim. Again, only Mr. Greene knows what particular statements he saw or heard and relied upon. This constant trying to shift Mr. Greene's disclosure and discovery burden onto Mr. Karpeles is unjustified.

Second, there is a definite risk to disruption of a trial where Mr. Greene continually uses undisclosed statements to support his fraud claim. New and previously undisclosed evidence seems to be arising at every stage of this proceeding and could easily do so again at any trial. Mr. Greene's argument that there is no chance of disruption because Mr. Karpeles was able to

8

respond to his Motion for Class Certification is irrelevant. To the extent that they have any bearing upon each other, Mr. Karpeles' Motion to Strike and his Opposition to the Motion for Class Certification both point out the common problem of identifying which statements Mr. Greene, and the purported class members, actually read and relied upon. Nailing this down is something that Mr. Greene himself seems to find problematic. (*See*, *e.g.*, footnote 2 *supra*.)

For the last factor, "there is an element of willfulness in defendants' failure to disclose" the evidence and comply with the rules of discovery. *Tribble v. Evangelides*, 670 F.3d 753, 760 (7th Cir. 2012). Mr. Greene fully admits that "perhaps" he should have amended his disclosures. (Opp. at 1.) Mr. Greene has sole knowledge as to what specific statements he read or saw and relied upon. His failure to disclose those specific statements is willful and apparent gamesmanship (a word often overused by litigants but unfortunately appropriate here). Even now, Mr. Greene still feels no need to provide Mr. Karpeles with all of the support for his claim if his argument is taken to its logical conclusion. He could continue to look for more statements on the internet – apparently regardless of whether he had ever read or considered them in the past – and cite to them in the guise of what a proposed class may have done.

Each of the four factors prejudice, ability to cure, potential disruption to trial, and willfulness weighs in favor of striking the exhibits.

To the extent relevant (and Mr. Karpeles does not believe it is), Mr. Greene's inaccurate discussion of the history of discovery in this case largely focuses on Mr. Karpeles' inability to produce relevant documents. Mr. Karpeles was unable to produce documents that are not in his control (*i.e.* the documents in control of the Japanese bankruptcy trustees) or which he is precluded from producing by Japanese law (*i.e.* the documents provided to Mr. Karpeles by the Japanese prosecutors). On October 20, 2019, the Court ordered Mr. Karpeles to produce

responsive documents in his possession that he had received from the Japanese bankruptcy trustees. [Dkt. No. 446.] Mr. Karpeles did so. On November 11, 2019, the Court ordered Mr. Karpeles to make a good faith effort to secure permission from the Japanese public prosecutor to disclose documents received from the prosecutor to Mr. Greene. [Dkt. No. 447.] Mr. Karpeles did so. [Dkt. No. 450.] Japanese law forbids Mr. Karpeles from turning over documents received from the Japanese prosecutor and other relevant documents are in the possession of the bankruptcy trustees. These circumstances should not be held against Mr. Karpeles, especially where the relevant issue is whether Mr. Greene should have disclosed the particular statements he plans to use to support his fraud claim.

**Conclusion**

Mr. Greene concedes that he never disclosed Exhibits D and G in support of Mr. Greene's Motion for Class Certification in answers to written discovery or pursuant to Rule 26(a). His protestations of why he did not cite specific statements fall far short of his mandatory pleading obligation pursuant to Rule 9(b), his disclosure obligations pursuant to Rule 26 and his failure to identify them during discovery. Mr. Greene's failure to disclose which of Mr. Karpeles' particular statements he plans to use to support his claim is highly prejudicial to Mr. Karpeles' ability to present a defense, there is no ability to cure as discovery is closed, new and undisclosed statements at trial would be highly disruptive, and Mr. Greene's failure to disclose something solely in his knowledge is willful.

WHEREFORE, Defendant Mark Karpeles respectfully requests that this Honorable Court grant his Motion to Strike and Exclude Exhibits D and G to Plaintiff's Motion for Class Certification MOTION TO STRIKE AND EXCLUDE and for such other and further relief as this Court deems just in Mr. Karpeles' favor.

Dated: January 4, 2021                                   Respectfully submitted,

                                                    Mark Karpeles

                                                    By:  /s/ Bevin Brennan
                                                            One of His Attorneys

Bevin Brennan
Matthew Schmidt
PEDERSEN & HOUPT
161 North Clark Street, Suite 2700
Chicago, Illinois 60601
(312) 641-6888
bbrennan@pedersenhoupt.com
mschmidt@pedersenhoupt.com

*Attorneys for Defendant Mark Karpeles*