# Exhibit 3

```
                      *** HIGHLY CONFIDENTIAL ***
 1              IN THE UNITED STATES DISTRICT COURT

 2                 NORTHERN DISTRICT OF ILLINOIS

 3                      EASTERN DIVISION

 4

 5   GREGORY GREENE, JOSEPH LACK,        )

 6   ANTHONY MOTTO, and GREGORY PEARCE,)

 7   individually and on behalf of all )

 8   others similarly situated,         )

 9           Plaintiffs,                 )

10      vs.                              ) No. 14 CV 1437

11   MIZUHO BANK, LTD., a Japanese       )

12   financial institution, and MARK    )

13   KARPELES, an individual,            )

14           Defendants.                 )

15

16           The ** CONFIDENTIAL ** videotaped

17   deposition of ANTHONY PATRICK MOTTO, called for

18   examination, taken pursuant to the Federal Rules of

19   Civil Procedure of the United States District Courts

20   pertaining to the taking of depositions, taken before

21   DINA G. MANCILLAS, a Certified Shorthand Reporter

22   within and for the State of Illinois, CSR No. 84-3400

23   of said state, at Suite 2200, Two North LaSalle

24   Street, Chicago, Illinois, on July 26, 2017, at

25   9:00 a.m.
```

Page 2

```
1   PRESENT:
2       EDELSON PC
3       350 North LaSalle Street, Suite 1300
4       Chicago, Illinois  60654
5
6       BEN THOMASSEN, ESQ.
7
8           appeared on behalf of the Plaintiffs
9
10      SHEARMAN & STERLING LLP
11      599 Lexington Avenue
12      New York, New York  10022-6069
13
14      JEFFREY J. RESETARITS, ESQ.
15
16          appeared on behalf of Defendant
17          Mizuho Bank, Ltd.
18
19  ALSO PRESENT:
20      Mr. Lenny Parsons, Legal Videographer,
21          US Legal Support, Inc.
22
23  REPORTED BY:
24      DINA G. MANCILLAS, CSR, RPR, CRR, CLR
25      CSR No. 84-3400
```

Page 3

```
1            I N D E X
2   WITNESS                    EXAMINATION
3   ANTHONY PATRICK MOTTO
4       By Mr. Resetarits          7
5
6          E X H I B I T S
7   NUMBER                         PAGE
8   Motto Deposition Exhibit 1, Fourth Amended    18
9       Class Action Complaint.
10  Motto Deposition Exhibit 2, Bates      79
11      No. Motto-000934.
12  Motto Deposition Exhibit 3, Bates      82
13      Nos. Motto 000201 through Motto 000203.
14  Motto Deposition Exhibit 4, Bates      84
15      Nos. MIZ_0003847 through MIZ_0003848.
16  Motto Deposition Exhibit 5, Bates      87
17      Nos. Motto 000614 through Motto 000615.
18  Motto Deposition Exhibit 6, Bates      92
19      No. Motto-000919.
20  Motto Deposition Exhibit 7, Bates      92
21      No. Motto-000910.
22  Motto Deposition Exhibit 8, Bates      96
23      Nos. Motto-000959 through Motto-000961.
24  Motto Deposition Exhibit 9, Bates      96
25      Nos. Motto-000965 through Motto-000970.
```

Page 4

```
1          I N D E X  (Continued)
2
3          E X H I B I T S
4   NUMBER                         PAGE
5   Motto Deposition Exhibit 10, Document    105
6       labeled Group Exhibit B, with
7       attachments.
8   Motto Deposition Exhibit 11, Document    143
9       entitled "MTGOX Online Bankruptcy Claim
10      Filing System."
11  Motto Deposition Exhibit 12, Plaintiff   147
12      Anthony Motto's Answers to Defendant
13      Mizuho Bank Ltd.,'s Second Set of
14      Interrogatories.
15  Motto Deposition Exhibit 13, Printout    150
16      from the Mt. Gox website.
17  Motto Deposition Exhibit 14, Bates       157
18      Nos. Motto 000075 through Motto 000076.
19  Motto Deposition Exhibit 15, Bates       160
20      No. Motto 000089.
21  Motto Deposition Exhibit 16, Bates       167
22      Nos. Motto-001047 through Motto-001048.
23  Motto Deposition Exhibit 17, Bates       170
24      Nos. Motto-001210 through Motto-001211.
25
```

Page 5

```
1          I N D E X  (Continued)
2
3          E X H I B I T S
4   NUMBER                         PAGE
5   Motto Deposition Exhibit 18, Bates       172
6       Nos. Motto 000372 through Motto 000373.
7   Motto Deposition Exhibit 19, Bates       194
8       Nos. Motto 000515 through Motto 000552.
9   Motto Deposition Exhibit 20, Bates       199
10      Nos. Motto 000169 through Motto 000172.
11  Motto Deposition Exhibit 21, Plaintiff   210
12      Anthony Motto's Answers to Defendant
13      Mizuho Bank Ltd.,'s First Set of
14      Interrogatories.
15  Motto Deposition Exhibit 22, Plaintiff   231
16      Anthony Motto's First Supplemental
17      Answers to Defendant Mizuho Bank
18      Ltd.,'s First Set of Interrogatories.
19  Motto Deposition Exhibit 23, Bates       236
20      Nos. Motto 000145 through Motto 000146.
21
```

Page 6

```
 1              THE VIDEOGRAPHER:  Good morning.  We
 2   are on the record.
 3              This is the videotaped deposition
 4   of Anthony Motto in the matter of Gregory
 5   Greene, et al., versus Mizuho Bank, Ltd.,
 6   et al., Case No. 14 CV 1437.
 7              This deposition is taking place
 8   at 2 North LaSalle Street, Chicago, Illinois,
 9   on July 26th, 2017, at 9:06 a.m.
10              My name is Lenny Parsons.  I'm
11   the videographer with US Legal Support.
12   Video and audio recording will be taking
13   place unless all counsel have agreed to go
14   off the record.
15              Will all present please identify
16   themselves, beginning with the witness.
17         MR. THOMASSEN:  That's you.
18         THE WITNESS:  I'm sorry.  What's that?
19         THE VIDEOGRAPHER:  Identify yourself,
20   please.
21         THE WITNESS:  I'm Anthony Motto.
22         MR. THOMASSEN:  And -- sorry.  I'm Ben
23   Thomassen, counsel for Mr. Motto.
24         MR. RESETARITS:  Jeff Resetarits with
25   Shearman & Sterling for Mizuho Bank.
```

Page 7

```
 1              THE VIDEOGRAPHER:  The certified court
 2   reporter is Dina Mancillas.
 3              Please swear in the witness.
 4              (The witness was duly sworn.)
 5         MR. RESETARITS:  Good morning,
 6   Mr. Motto.
 7         THE WITNESS:  Good morning.
 8         MR. RESETARITS:  Before we get started,
 9   I just wanted to put one statement on the
10   record.
11              Mizuho Bank does not believe that
12   the Court has jurisdiction over Mizuho.
13   Mizuho filed a motion to dismiss for lack of
14   personal jurisdiction in this case, but the
15   Court denied it.
16              Mizuho continues to contest that
17   the Court has jurisdiction over Mizuho.
18              ANTHONY PATRICK MOTTO,
19   called as a witness herein, having been first duly
20   sworn, was examined and testified as follows:
21              EXAMINATION
22   BY MR. RESETARITS:
23         Q.   Mr. Motto, could you state your full
24   name and address for the record?
25         A.   Anthony Patrick Motto, 121 Crestwood
```

Page 8

```
 1   Drive, Streamwood, Illinois, 60107.
 2         Q.   Mr. Motto, have you ever been deposed
 3   before?
 4         A.   No.
 5         Q.   I want to explain some basic rules that
 6   will help guide today.
 7              If you don't understand a question that
 8   I ask you, could you please let me know?
 9         A.   Sure.
10         Q.   The court reporter is taking down
11   everything that -- that you and I say and that
12   your counsel says.
13              It's important that when you give a
14   response, you give a verbal response, rather than
15   a head nod because the head nod is difficult for
16   the court reporter to take down.
17         A.   Okay.
18         Q.   Could you please wait until I'm done
19   asking a question before you provide a response?
20              And I'll do the same for you.  If we
21   talk over each other, it's harder for the court
22   reporter to -- to get an accurate transcript.
23         A.   No problem.
24         Q.   And finally, if you need a bla- -- a
25   break, could you please -- please let me know?
```

Page 9

```
 1              And as long as a question isn't
 2   pending, I'm happy to accommodate you.  Is that
 3   okay?
 4         A.   Thank you.
 5         Q.   Could you -- I wanted to get a little
 6   bit of background.
 7              Could you tell me the highest level of
 8   education that you've attained?
 9         A.   I would say a sophomore in high school.
10         Q.   Okay.  In what year did you stop
11   attending school?
12         A.   Oh, I'd have to do the math of when
13   that was.  Late '80s --
14         Q.   Okay.
15         A.   -- I believe.  '87 maybe.
16         Q.   Okay.  Any -- any vocational training
17   or GED or anything like that?
18         A.   No official GED or anything like that.
19              When I left high school, I actually
20   went into CAD, computer-aided design, and teaching
21   people out of college.
22         Q.   Uh-huh.
23         A.   So I actually left the public school --
24   it was not benefiting me -- and moved into a more
25   active professional field to make money.
```

Page 130

1    Q.    You filed the lawsuit.  I'm asking you
2  what the facts are that support this lawsuit.
3    A.    My facts are theories of:  I sent money
4  to Mizuho, and it disappeared.  Mt. Gox was under
5  duress.  From what I hear, the bank stopped
6  servicing them, and to me, that's a red flag that
7  if -- if they couldn't operate, they're going to
8  fail.
9    Q.    Why don't we go back to the contract.
10 Could you point out the other provisions that you
11 believe that Mizuho interfered with?
12         MR. THOMASSEN:  Objection; form, legal
13     conclusion, assumes facts.
14 BY THE WITNESS:
15   A.    Yes, further down, "A fixed commission
16 of 2 points -- platform transaction, processes for
17 conversion transactions.  A fixed commission of 2
18 and a half ce- -- percent shall apply to
19 conversion transactions and shall be deducted
20 directly from the account converted."
21         Once again, by Mizuho taking the action
22 that they did, it affected that part of the
23 market.
24 BY MR. RESETARITS:
25   Q.    Mr. Motto, I need you to be more

Page 131

1  specific.  You said, "Once again, by Mizuho taking
2  the action they did, it affected that part of the
3  market."
4    A.    Right.  Delaying --
5    Q.    What -- what -- what acts --
6    A.    -- deposits --
7         MR. THOMASSEN:  Let -- let him --
8     let --
9  BY THE WITNESS:
10   A.    -- or withdrawals.
11        MR. THOMASSEN:  Just let him finish.
12 BY MR. RESETARITS:
13   Q.    Let's -- let's break down each part of
14 that sentence.
15        What action did Mizuho take?
16   A.    I would have to ask Mt. Gox, Mark
17 Karpeles, and Mizuho what -- what they did
18 internally.
19        I can only see from the outside that my
20 terms were violated because all the time frames in
21 here and the am- -- the commission amounts and
22 everything in the terms falls apart when I can no
23 longer get funds in or out under these terms.
24        And to me, that is -- whatever reason
25 that this terms and agreement fell apart is -- is

Page 132

1  a problem.
2  BY MR. RESETARITS:
3    Q.    Did you try to get funds out?
4    A.    Yes.
5    Q.    When?
6    A.    I called up Mizuho Bank that I
7  mentioned earlier, and I did not record it or --
8  or document it, but it was just a general inquiry.
9  They said that they could not help me, that I
10 would have to contact Mt. Gox directly.
11   Q.    And what was the purpose of that call?
12   A.    I was just checking where the funds
13 were because I no longer got a response from
14 Mt. Gox themselves.
15   Q.    Isn't the reason why you don't have
16 your money right now because Mt. Gox went
17 bankrupt?
18        MR. THOMASSEN:  Object to form.
19 BY THE WITNESS:
20   A.    I think that there are many different
21 forms of bankruptcy like you asked earlier, and
22 there are many avenues to take to rectify a -- a
23 financial situation like that.
24        I don't know what type of bankruptcy
25 they took, but it seemed like it was liquidated.

Page 133

1  And I think that that's wrong.  I think they
2  should have tracked down the problems and
3  corrected them instead of liquidating and running
4  and hiding.
5  BY MR. RESETARITS:
6    Q.    So you've pointed -- you've pointed to
7  two provisions in this contract that you say
8  Mizuho tortiously interfered with.  Can you point
9  to the other ones?
10        MR. THOMASSEN:  Object; form, legal
11     conclusion, assumes facts.  Oh, and misstates
12     testimony.  I'm sorry.
13 BY MR. RESETARITS:
14   Q.    Mr. Motto -- Mr. Motto, I -- I don't
15 want to misstate your testimony.  If I've
16 misstated your testimony, will you clarify it?
17   A.    Yes.
18   Q.    Thank you.
19   A.    I am having issues with trying to
20 interpret all the different ways that Mizuho has
21 tortuously affected the situation, I think is how
22 you refer it.
23        I would have to have my legal help help
24 me through this because I keep seeing more and
25 more things that I bring up, and I don't know if

Page 134

```
 1   they're factually correct or not.  And I keep
 2   assuming things.  And I feel like I'm just running
 3   in a circle here.
 4          I mean, every time I look down, I see
 5   something.  "Suspension of an account has
 6   consequences."  You know, it's like thing after
 7   thing.  It -- it's all affected by Mt. Gox and
 8   their -- their association affiliates.
 9      Q.   Can you point to any other provisions
10   that -- that -- that you allege Mizuho interfered
11   with?
12          MR. THOMASSEN:  Same objections.
13   BY THE WITNESS:
14      A.   Not at this time.
15   BY MR. RESETARITS:
16      Q.   Are -- are the two that you pointed out
17   the only ones you want to point out?
18          MR. THOMASSEN:  Okay.  So, same
19      objections; misstates the testimony.
20      We've -- we've gone over a number of things
21      on Pages 1 and 2.
22          Mr. Motto says he -- he has
23      difficulty going through the rest of the
24      document.  If we want to spend time going on
25      each and every page, we can certainly keep
```

Page 135

```
 1      going through that process.
 2          MR. RESETARITS:  Yup.
 3          THE WITNESS:  I would --
 4          MR. RESETARITS:  We can.
 5          THE WITNESS:  I would --
 6   BY MR. RESETARITS:
 7      Q.   It -- it -- I would like you to do that
 8   because it's important for Mizuho to understand
 9   what they interfered with.  It's never been stated
10   in your complaint.  So now is the opportunity.
11   BY THE WITNESS:
12      A.   Okay.  This, as I go through it, would
13   probably have a lot of legal meaning -- meaning to
14   you guys that if it were sift through, it could be
15   extracted.
16          From my layman terms, as I read this,
17   it becomes a jumbled summary of the terms, and
18   when I look at that, there are two things that
19   stand out in that summary.
20          And that is that obviously the exchange
21   was under duress, but by Mizuho interfering with
22   the funds and for whichever party of not
23   describing the problem was the interference.  Is
24   that clear enough?
25
```

Page 136

```
 1   BY MR. RESETARITS:
 2      Q.   It -- it's not clear.  What's not clear
 3   is the last part.  "Mizuho interfering with the
 4   funds."
 5          What does that mean?
 6      A.   Did Mizuho stop deposits and
 7   withdrawals to Mt. Gox and its customers?
 8      Q.   Is that a question?
 9      A.   Yes.
10      Q.   You can't ask me questions here.
11   You're --
12      A.   Okay.
13      Q.   -- you're here to answer questions.
14      A.   Then I can't -- I can't answer that
15   because I do not know.
16      Q.   Could you try again with your -- with
17   your summary of the --
18      A.   Sure.
19      Q.   -- the problem?
20      A.   The -- a stock market or exchange is --
21   is very --
22      Q.   No.  I -- I don't need stock market or
23   exchange.  I need -- I need you to say
24   specifically how Mizuho interfered with your
25   contract with Mt. Gox.
```

Page 137

```
 1          You were -- you were -- you provided
 2   some sort of summary.  You can provide that --
 3      A.   Yeah.
 4      Q.   -- again or be more specific, but --
 5      A.   I can try.
 6          MR. THOMASSEN:  Hold -- hold on.  Go
 7      ahead.  Is that it?
 8          MR. RESETARITS:  That's it.
 9   BY MR. RESETARITS:
10      Q.   I -- I don't want to hear about some
11   exchange.
12      A.   Okay.
13      Q.   Let's be specific to Mt. Gox.
14      A.   This particular exchange --
15          MR. THOMASSEN:  Same -- same -- same
16      objections that I've inserted throughout
17      here.
18          Please go ahead.
19          MR. RESETARITS:  Yeah.  Thank you.
20   BY THE WITNESS:
21      A.   This particular exchange, market value
22   for the bitcoins plummeted and -- and went crazy
23   because of Mizuho's -- Mizuho and Mark Karpeles'
24   inability to move funds and not being clear on
25   what was going on was what was harmful.
```

Page 250

```
 1        A.      Providing as much information as I can,
 2   factual evidence, critical testimony, depositions.
 3        Q.      Anything else?
 4        A.      Well, I would hope that I'm bringing an
 5   upstanding person to the case that will help.
 6        Q.      Have you -- have you retained all
 7   documents and records that are relevant to this
 8   case?
 9        A.      I tried --
10               MR. THOMASSEN:  Object --
11   BY THE WITNESS:
12        A.      I tried to.
13               MR. THOMASSEN:  -- to form.  Go ahead.
14   BY THE WITNESS:
15        A.      I tried to.
16   BY MR. RESETARITS:
17        Q.      Did your -- did your attorneys instruct
18   you to retain all relevant information to this
19   case?
20        A.      No.
21        Q.      They --
22        A.      Yeah.  You know what?  They -- they
23   did.  They told me not to delete, you know, like
24   my history of information, anything -- evidence
25   for the case, don't delete kind of thing.
```

Page 251

```
 1        Q.      Okay.  Anything else that they told you
 2   about retaining documents relevant to this case?
 3        A.      No.  I just -- I just naturally do
 4   that.  If it's something I'm dealing with, I
 5   want...
 6        Q.      Are you aware of any -- any documents
 7   that are relevant to this case that have been lost
 8   or destroyed?
 9        A.      Well, we were talking about the
10   website.  You know, there's information that I
11   can't verify its validity or its falseness.
12        Q.      Yeah.
13               MR. RESETARITS:  I think that's all I
14   have.
15               MR. THOMASSEN:  Okay.
16               THE VIDEOGRAPHER:  Okay.  The time is
17   3:08 p.m., and we are off the record.
18                    (WHEREUPON, the videotaped
19                     deposition was concluded at
20                     3:08 p.m.)
21
22
23
24
25
```

Page 252

```
 1               IN THE UNITED STATES DISTRICT COURT
 2                  NORTHERN DISTRICT OF ILLINOIS
 3                        EASTERN DIVISION
 4
 5   GREGORY GREENE, et al.,          )
 6            Plaintiffs,             )
 7       vs.                          ) No. 14 CV 1437
 8   MIZUHO BANK, LTD., et al.,       )
 9            Defendants.             )
10
11            I hereby certify that I have read the
12   foregoing transcript of my videotaped deposition
13   given at the time and place aforesaid, and I do again
14   subscribe and make oath that the same is a true,
15   correct and complete transcript of my deposition so
16   given as aforesaid, and includes changes, if any, so
17   made by me.
18
19
20
21                       ANTHONY PATRICK MOTTO
22   SUBSCRIBED AND SWORN TO before me
23   this      day of            , A.D. 2017.
24
25   NOTARY PUBLIC
```

Page 253

```
 1                      CERTIFICATE
 2                          OF
 3                   SHORTHAND REPORTER
 4
 5            I, DINA G. MANCILLAS, a Certified
 6   Shorthand Reporter of the State of Illinois,
 7   CSR License No. 084-003400, do hereby certify:
 8            That previous to the commencement of the
 9   examination of the aforesaid witness, the witness was
10   duly sworn and/or duly affirmed by me to testify the
11   whole truth concerning matters herein;
12            That the foregoing deposition transcript
13   was stenographically reported by me and was
14   thereafter reduced to typewriting under my personal
15   direction and constitutes a true and accurate record
16   of the testimony given and the proceedings had at the
17   aforesaid deposition;
18            That the said deposition was taken before
19   me at the time and place specified;
20            That I am not a relative or employee or
21   attorney or counsel for any of the parties herein,
22   nor a relative or employee of such attorney or
23   counsel for any of the parties hereto, nor am I
24   interested directly or indirectly in the outcome of
25   this action.
```

Page 254

1          IN WITNESS WHEREOF, I do hereunto set my

2     hand at Chicago, Illinois, this 8th day of August, 2017.

3

4

5

6

7     _____

8     DINA G. MANCILLAS, CSR, RPR, CRR, CLR

9     CSR LICENSE NO. 084-003400

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25