**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GREGORY GREENE,<br>individually and on behalf of<br>all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MARK KARPELES, an individual,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 14-cv-01437<br><br>Hon. Gary Feinerman<br><br>Magistrate Judge Susan Cox |

**DEFENDANT MARK KARPELES' SECOND SUPPLEMENT TO HIS**
**OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

Defendant Mark Karpeles, by and through his undersigned counsel, hereby submits this second supplement to his Opposition to Plaintiff's Motion for Class Certification [Dkt. 526] ("Opposition") and states as follow:

1.      The parties last appeared before this Court on January 6, 2021 for oral argument on Plaintiff's fully-briefed Motion for Class Certification.

2.      At that hearing, the Court requested to be apprised of any additional developments in the rehabilitation proceedings of Mt. Gox in Japan following the Japanese Rehabilitation Trustee's filing of a draft rehabilitation plan on December 15, 2020.

3.      On February 25, 2021, there was a public announcement regarding an Order to Refer Draft Rehabilitation Plan to Resolution.  (A true and correct copy of that February 25, 2021 announcement is attached hereto as Exhibit A.)

4.      The February 25, 2021 announcement states that the Rehabilitation Trustee filed a revised draft rehabilitation plan on February 15, 2021 and a written revision to schedules to that plan on February 19, 2021.  (*Id.* at 1.)

5.      Also according to the announcement, the examiner filed a report with the Tokyo District Court on February 16, 2021, stating that there were no grounds for disapproving the draft rehabilitation plan under a certain provision of the Japanese Civil Rehabilitation Act and that there "were no other unreasonable grounds." (*Id.*)

6.      On February 22, the Tokyo District Court made an order to refer the draft rehabilitation plan to resolution, and creditors will be asked to vote on the plan. (*Id.*)

7.      The Tokyo District Court set the following schedule:

   a. Record date for determining voting rights holders:  March 24, 2021

   b. Deadline for notice of non-uniform exercise of voting rights:  September 10, 2021

   c. Deadline for online voting and voting by mail:  October 8, 2021

   d. Creditors' meeting for resolution of the draft rehabilitation plan:  October 20, 2021

(*Id.*)

8.      Although there are reports in the media and on the internet, the plan itself is not publicly available and is not allowed to be made public.  One website has attempted to summarize its understanding of the plan.  (*See* https://blog.wizsec.jp/2021/02/mtgox-claim-calculator.html#calculator, dated February 9, 2021.  A copy of this article is attached hereto as Exhibit B.)

9.      The WizSec blog is one cited by Plaintiff's proposed expert.  (*See* Exhibit A to Motion to Strike Expert Disclosure of and Preclude Testimony from Carol R. Goforth [Dkt. No. 457-1] at ¶ 43.)

10.     At the time of the closing of Mt. Gox, Mr. Greene had 42.97104 bitcoins and $2.66 in fiat currency, for which he has a fully approved claim in the rehabilitation proceedings.

(Plaintiff Greene's Response to Defendant Mark Karpeles's Local Rule 56.1(a)(3) Statement of Facts ¶¶ 39, 42 [Dkt. 466].)

11.     Mr. Greene's claim in this case is for "the value of the bitcoin and the currency that he lost when Mt. Gox went offline in February 2014." (*Id.* ¶ 40.) Mr. Greene contends that his bitcoins were worth approximately $25,000 at the time that Mt. Gox shut down. (Fourth Amended Class Action Complaint ¶ 57 [Dkt. No. 245].) The value per bitcoin at that time was a bit under $600.

12.     According to the admittedly unofficial calculator put together by persons at the WizSec blog, as of the morning of the date of this filing, under the terms of the plan and choosing the more conservative of the two options (a guaranteed early payment rather than a later payment with potential upside but also risks), if the plan is approved, Mr. Greene's claim in is estimated to be valued at $347,083.74 (not including the $2.66 in fiat). (*See* Ex. B at 11.)

13.     Payments to creditors will be paid in a combination of bitcoin, bitcoin cash and yen. The value, therefore, is dependent upon the value of bitcoin. As of the morning of the date of this filing, Bitcoin was valued at over $50,000 per coin. According to the calculator, again as of the morning of this filing, if he were to choose the early payment option, Mr. Greene is likely to receive approximately 6.33 bitcoins, 6.39 bitcoin cash and over 2,400,000 yen. (*Id.*) The yen alone is valued at over $22,000 at current conversion rates. (*See* Conversion attached hereto as Exhibit C.)

14.     Choosing the later payment option may allow for an even greater recovery, but a claimant would also run the risk of a potentially smaller recovery. The later recovery could increase the amount to be distributed pending the resolution of one large outstanding claim.

15.     As such, a class action is not the superior method to address these claims where class members can vote and recover through the Japanese civil rehabilitation proceedings. (Opposition § II.B.1 at 25-30.)

Dated:  March 9, 2021                                    Respectfully submitted,

                                                         Mark Karpeles

                                                         By:   /s/  Bevin Brennan
                                                                One of His Attorneys

Bevin Brennan
PEDERSEN & HOUPT
161 North Clark Street, Suite 2700
Chicago, Illinois 60601
(312) 641-6888
bbrennan@pedersenhoupt.com

*Attorneys for Defendant Mark Karpeles*